## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**IN RE: ZANTAC (RANITIDINE)**      **MDL NO. 2924**
**PRODUCTS LIABILITY**        **20-MD-2924**
**LITIGATION**

            **JUDGE ROBIN L. ROSENBERG**
     **MAGISTRATE JUDGE BRUCE E. REINHART**

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

### PRETRIAL ORDER #1
### Setting Initial Conference

It appearing that civil actions listed on Schedule A, attached hereto, which were transferred to this Court by order of the Judicial Panel on Multi District Litigation pursuant to its order of February 6, 2020 merit special attention as complex litigation, the following Order is issued:

1.  INTRODUCTION—The Court recognizes the competence and experience needed to litigate a case of this nature. However, the highest levels of competence and experience alone will not necessarily result in a just and efficient resolution of this litigation. The manner in which the attorneys comport themselves by remaining professional and courteous at all times is imperative; the attorneys likely will be working together for some time in the future with work becoming progressively more complicated and exacting. The Manual for Complex Litigation recognizes that judicial involvement in managing complex litigation does not lessen the duties and responsibilities of the attorneys. To the contrary, the added demands and burdens of this type of litigation place a premium on professionalism and require counsel to fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and the Court.

2.      APPLICABILITY OF ORDER—Prior to the Initial Conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the Judicial Panel on Multi District Litigation pursuant to its order of February 6, 2020. This Order also applies to all related cases filed in all sections of the Southern District of Florida and will also apply to any "tag-along actions" filed in, removed to, or transferred to this Court.

3.      CONSOLIDATION—The civil actions listed on Schedule A are consolidated for pretrial purposes. Any "tag-along actions" filed in, removed to, or transferred to this Court, or directly filed in the Southern District of Florida, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

4.      DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE— Matters relating to pretrial and discovery proceedings in these cases will be addressed at an Initial Conference to be held on **March 20, 2020 at 9:00 a.m.** in Courtroom 1, Paul G. Rogers United States Courthouse, 701 Clematis Street, West Palm Beach, Florida. Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth ("MCL 4th") and be prepared at the Initial Conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. The items listed in MCL 4th Sections 22.6, 22.61, 22.62, and 22.63 shall, to the extent applicable, constitute a tentative agenda for the Initial Conference. Counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan, amendment of pleadings, consideration

2

of any class action allegations, and motions, and be prepared to discuss the mode of trial. If the parties have any suggestions as to any case management orders or additional agenda items, these shall be filed in this case as a "Notice of Filing Suggested Case Management Orders and/or Additional Agenda Items" on or before **March 6, 2020**.

5.        INITIAL CENSUS—The Court is interested in generating an initial census in this litigation in helping to manage the case from the outset. In the interest of seeking a useful census as soon as possible, the parties shall confer in advance of the Initial Conference and be prepared to discuss their joint proposal for the content and timing of the initial census in this litigation. The Court will form a very small Initial Census Team, comprised of individuals with unique insights on how best to organize and implement data analytics in this case. Any person interested in serving on the Initial Census Team on behalf of the plaintiffs shall file a one-page application, including the person's role in the case and the reasons for wanting to serve on the Initial Census Team specifically (as opposed to leadership more generally), as a "Notice of Filing Application to Serve on Initial Census Team" by no later than **February 20, 2020**. The Court will endeavor to make its selections promptly upon receipt of the applications. The Court has requested the assistance of Jaime Dodge, Director of the Institute for Complex Litigation and Mass Claims at Emory Law School, in facilitating this process, including convening the discussions of the Initial Census Team and creating a data analytics architecture for this MDL. The parties may authorize conversations with other counsel or stakeholders that Professor Dodge may find helpful, discuss litigation ideas or strategies, and/or share any written records or documents with her. No communications or sharing of materials with Professor Dodge in this context will be deemed a waiver of privilege, the protection afforded by the work place doctrine, the protection afforded material prepared for litigation, or violation of HIPAA or other law limiting the sharing of information. This protection

is retroactive and covers all prior conversations and communications between Professor Dodge and either side related to this litigation. The Initial Census Team should file its draft proposal for an initial census in this case as a "Notice of Filing Draft Initial Census Proposals" on or before **March 16, 2020**.

6.       POSITION STATEMENT—Plaintiffs and defendants shall submit to the Court by email in Word Format to Rosenberg@flsd.uscourts.gov on or before **March 6, 2020** a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. These statements will not be filed, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings. A copy of the statement shall also be provided to Professor Dodge. The parties' statements shall list all pending motions, as well as all related cases pending in state or federal court, together with their current status, including any discovery taken to date, to the extent known. The parties shall be limited to one such submission for all plaintiffs and one such submission for all defendants. In addition, the parties shall identify no more than two expert witnesses (and include their CV), who will be available within the next several months to participate in a Science Day to educate the Court as to the scientific issues raised in the claims alleged in this MDL; again, this is without prejudice to changes, if needed.

7.       APPEARANCE AT INITIAL CONFERENCE—Each party represented by counsel shall appear at the Initial Conference through their attorney who will have primary responsibility for the party's interest in this litigation. To minimize costs and facilitate a manageable Initial Conference, parties with similar interests may agree, to the extent practicable, to have an appearing attorney represent their interests at the Initial Conference. A party, by designating an attorney to represent the party's interest at the Initial Conference, will not be

4

precluded from personally participating or selecting other representation during the future course of this litigation, nor will appearance at the conference waive objections to jurisdiction, venue, or service. Parties not represented by counsel may appear themselves or through an authorized and responsible agent. The Court will make available a telephone line to permit counsel and unrepresented parties or their agents who do not attend the Initial Conference in person to listen to the conference proceedings.  However, to facilitate a manageable Initial Conference, no person attending by telephone will be permitted to speak at the conference.  All counsel seeking a leadership position shall attend the Initial Conference in person.

Instructions for appearing via telephone are as follows:

1.      Please call five (5) minutes prior to the Initial Conference.

2.      The toll-free number is: 1 (877) 873-8018.

3.      The access code is: 9890482.

4.      The security code is: 4008.

The Court's telephone conference system has a maximum capacity of 200 calls.  The parties should take this into account when determining whether to appear in person or by telephone.

8.      SERVICE—Prior to the Initial Conference, service of all papers, including this Order, shall be made by the Initial Census Team on each of the attorneys on the Panel Attorney Service List attached hereto and designated as Schedule B. Counsel on this list are requested to forward a copy of this Order to other attorneys who should be notified of the Initial Conference. Any attorney who wishes to have his or her name added to or deleted from such Panel Attorney Service List may do so by filing a notice with the Court seeking to be added to or removed from the Service List. Persons who are not named as parties in this litigation but may later be joined as parties or who are parties in related litigation pending in other federal or state courts are invited to

5

appear at the Initial Conference. Liaison counsel for the parties, if appointed before the Initial Conference, shall file prior to the Initial Conference the most up-to-date list of all attorneys in the case and their office addresses, phone and fax numbers, and email addresses.

9.      EXTENSION AND STAY—Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court. Pending the Initial Conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated.

10.      MASTER DOCKET FILE—Any pleading or document which is to be filed in any of these actions shall be filed with the Clerk of this Court and not in the transferor court. The Clerk of this Court will maintain a master docket case file under the style "In Re: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION" and the identification "MDL No. 2924, 20-MD-2924." When a pleading is intended to be applicable to all actions, this shall be indicated in the caption of the pleading by the words: "This Document Relates to All Cases." When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the pleading relates shall appear immediately after the words "This Document Relates to" in the caption of the pleading. The following is a sample of the pleading caption:

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE: ZANTAC (RANITIDINE)                           MDL NO. 2924
PRODUCTS LIABILITY                                     20-MD-2924
LITIGATION

                                    JUDGE ROBIN L. ROSENBERG
                         MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO:**

    11.    FILING—All documents filed in this Court must be filed electronically pursuant to Local Rule 5.1(b) and this Court's Administrative Procedures for Electronic Filing. Information on electronic filing can be found on the Court's website at: https://www.flsd.uscourts.gov/policies-procedures.

    Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court.

    Attorneys not admitted to practice in the United States District Court for the Southern District of Florida and who have not obtained local counsel shall be allowed electronic filing privileges and permitted to file and receive service of documents electronically according to this Court's CM/ECF Administrative Procedures, notwithstanding language to the contrary in Special Rule 4 of the Local Rules of the United States District Court for the Southern District of Florida. Such attorneys shall file the Certificate of Understanding attached at Schedule C. The Court directs the Court Administrator-Clerk of Court to assign CM/ECF usernames and passwords to such attorneys following the receipt by the Clerk of Court of properly executed Certificates of Understanding.

7

An attorney who, due to exceptional circumstances, is unable to comply with the requirements of electronic filing, may apply to the Court for an order granting an exemption. The application shall be in writing and shall state the reason for the attorney's inability to comply.

*Pro se* litigants shall file their pleadings with the Clerk of this Court on paper.

12.     DOCKETING—When an action that properly belongs as part of *In Re: Zantac (Ranitidine) Products Liability Litigation* is hereinafter filed in the Southern District of Florida or transferred here from another court, the Clerk of this Court shall:

    a.   File a copy of this Order in the separate file for such action;

    b.   Make an appropriate entry on the master docket sheet;

    c.   Forward to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;

    d.   Upon the first appearance of any new defendant, forward to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

13.     PRESERVATION OF EVIDENCE—All parties and their counsel are directed to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in possession, custody, and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, email, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks

statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Preservation includes the obligation not to alter any such thing as to its form, content, or manner of filing. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation. Each counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties, of the contents of this paragraph. Failure to comply may lead to dismissal of claims, striking of defenses, imposition of adverse inferences, or other dire consequences.

Before any devices, tangible things, documents, and other records which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved. If counsel are unable to agree, any party may apply to this Court for clarification or relief from this Order upon reasonable notice.

14.     FILING OF DISCOVERY REQUESTS—In accordance with Local Rule 26.1(b), discovery requests and responses are not to be filed nor sent to the Judge's Chambers, except when specifically ordered by the Court to the extent needed in connection with a motion.

15.     LIAISON COUNSEL—The Court will consider the appointment of liaison counsel for the parties. Prior to the Initial Conference, counsel for the plaintiffs and counsel for defendants shall, to the extent they have not already done so, confer and seek consensus on the selection of a

candidate for the position of liaison counsel for each group who will be charged with essentially administrative matters. For example, liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group, and pending further orders of the Court, shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multi District Litigation pursuant to Rule 4.1(d) of the Panel's Rules of Procedure or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. Plaintiffs' liaison counsel shall coordinate the establishment of a document depository, real or virtual, to be available to all participating plaintiffs' counsel. The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison's group in a manner agreeable to the parties or set by the Court failing such agreement. The parties, if they have agreed upon the selection of a candidate for the position of liaison counsel for each group, shall file with the Court on or before **March 6, 2020**, a 'Notice of Agreed Upon Liaison Counsel" and include the identity and contact information for the liaison counsel agreed upon by the parties. If the parties are unable to agree upon the selection of a candidate for the position of liaison counsel for each group, applications and/or nominations for the designation of liaison counsel must be filed on or before **March 6, 2020**. The applications and/or nominations must also be served upon counsel named in Schedule B. No submissions longer than three (3) pages will be considered. Appointment of liaison counsel will be made by the Court after full consideration of the proposals. At the Initial

Conference, liaison counsel, if appointed, and/or the parties should be prepared to discuss any additional needs for an organizational and leadership structure or any additional matters consistent with the efficient handling of this matter. Henceforth, liaison counsel for all parties shall meet and confer prior to the Court conferences; prepare agendas for the conferences and submit them to the Court three days before the conference; and report at the conference regarding the status of the case. The designation of liaison counsel is made without either prejudice or advantage to any other leadership role by that attorney.

16.     PLAINTIFFS' STEERING COMMITTEE—The Court will consider the appointment of a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage of this litigation with the defendants' representatives or committee. The Court recognizes that plaintiffs will need substantial human and capital resources to pursue this litigation and the importance of a PSC in that endeavor, but also the downsides of creating an unnecessarily large leadership structure. The Court is aware of the benefits of a smaller leadership team, but will look forward to the initial census in providing useful information about the likely size and nature of the MDL before making a final decision about the size and structure, including but not limited to the need for either co-leads or an executive committee. Applications and/or nominations for the leadership positions must be filed on or before **March 6, 2020**. The applications and/or nominations must also be served upon counsel named in Schedule B. The main criteria for individual membership in the PSC will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; (c) professional experience in this type of litigation; and (d) willingness to commit the necessary resources to pursue this matter. Collectively, the Court seeks a PSC that is diverse and experienced, but also has a diversity of experiences – the leadership team should represent different skill sets, expertise, life experiences,

11

and prior MDLs, so that together they can bring together a multiplicity of approaches to select the best ideas for moving this matter forward. The Court recognizes the value of both seasoned leadership and energetic attorneys with new ideas. Applications and/or nominations should succinctly address each of the above criteria as well as any other relevant matters. No submissions longer than three (3) pages plus an appendix will be considered. The Court will only consider attorneys who have filed a civil action in this litigation. Appendix A to the application and/or nomination shall include a list of all state and federal Zantac cases in which the attorney appears as counsel. State cases shall be listed separately from federal cases, and the list of state cases shall include the court in which the case is pending, the court file number, the name of the presiding judge, and the presiding judge's telephone number. Appendix B shall include a list or chart of the other MDLs in which the attorney has performed work, including the presiding judge, the presiding judge's telephone number, the position (if any) held, the nature of the MDL (drug, device, antitrust, etc.), a phrase describing the nature of the work performed (e-discovery, science, depositions, etc.), and the extent of ongoing time commitment to that MDL. Attorneys may include specific non-MDL matters that they believe are highly relevant, but counsel are reminded that brevity and judgment are valuable traits in leadership counsel. Attorneys may include an optional Appendix C listing other attorneys whom they believe would be beneficial to leadership, in lieu of a separate nomination, with a single sentence explaining what unique expertise the individual brings as part of the proposed collective group.

Counsel are reminded that the Court intends to create an efficient leadership team at this phase of the litigation, and thus suggestions of large leadership teams will not be as helpful to the Court as smaller proposals.

Objections in writing may be made to the appointment of a proposed applicant and/or nominee. These must be filed on or before **March 11, 2020**. The objections must not be longer than three (3) pages and must be supported by necessary documentation. As with the application and/or nomination, any objection must be served on all counsel appearing on Schedule B.

The PSC will have the following responsibilities:

Discovery:

1. Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multidistrict litigation.

2. Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

3. Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial discovery of relevant issues. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney to assist him or her in the preparation of the pretrial stages of his or her client's particular claims.

4. Conduct all discovery in a coordinated, efficient, and consolidated manner on behalf and for the benefit of all plaintiffs. No attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings. Such attorney may suggest questions to be posed to deponents through the designated PSC members, provided that such questions are not repetitious.

<u>Hearings and Meetings</u>:

1. Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matters pertaining to pretrial proceedings.

2. Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

3. Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

<u>Miscellaneous</u>:

1. Submit and argue any verbal or written motions presented to the Court on behalf of the PSC as well as oppose any motions submitted by the defendants.

2. Negotiate and enter into stipulations with defendants. All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until approved by the Court. Any attorney not in agreement with a non-administrative stipulation shall file a written objection thereto within ten (10) days after he or she knows or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

3. Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed.

4. Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys.

5. Prepare periodic status reports summarizing the PSC's work and progress. These reports shall be submitted to the plaintiffs' liaison counsel who will promptly distribute copies to the other plaintiffs' attorneys.

6. Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders.

7. Perform such other functions as may be expressly authorized by further orders of this Court.

8. Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

17. DEFENDANTS' STEERING COMMITTEE—The Court will consider the recommendations of the defendants for membership on the Defendants' Steering Committee. Defendants' Steering Committee will have the duties and responsibilities described in Paragraph 16 of this Order as it pertains to this respective group.

18. MDL 2924 WEBSITE—A website particular to MDL 2924 has been created and can be accessed by going to this Court's website located at www.flsd.uscourts.gov and clicking on "Multi-District Litigation (MDL)" under "Case Info," and then clicking on the link to "Zantac (Ranitidine) Products Liability Litigation, MDL 2924 (Hon. Robin L. Rosenberg)."

19. COMMUNICATION WITH THE COURT—Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing

counsel. Nevertheless, the Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 14th day of February, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Attachments

IN RE: ZANTAC (RANITIDINE)      MDL No. 2924
PRODUCTS LIABILITY LITIGATION     20-MD-2924

## SCHEDULE A

Eastern District of California

HANSEN v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET
 AL., C.A. No. 2:19-02069

Northern District of California

BALISTRERI v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL.,
 C.A. No. 3:19-07226
GARZA, ET AL. v. SANOFI-AVENTIS U.S. LLC, ET AL., C.A. No. 5:19-05772

District of Colorado

BLAKE v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET
 AL., C.A. No. 1:19-02991

District of Connecticut

DIMESKY, ET AL. v. SANOFI-AVENTIS U.S. LLC, ET AL., C.A. No. 3:19-01517
CRAVENS, ET AL. v. BOEHRINGER INGELHEIM PHARMACEUTICALS,
 INC., ET AL., C.A. No. 3:19-01683

Southern District of Florida

LOPEZ FLORES v. SANOFI US SERVICES INC., ET AL., C.A. No. 0:19-62313
KERZER v. SANOFI-AVENTIS U.S. LLC., ET AL., C.A. No. 1:19-24092
GALIMIDI v. SANOFI US SERVICES INC., ET AL., C.A. No. 1:19-24395

Southern District of Illinois

SOBIESZCZYK v. BOEHRINGER INGELHEIM PHARMACEUTICALS,
 INC., ET AL., C.A. No. 3:19-01200

District of New Jersey

SANTORELLA, ET AL. v. SANOFI-AVENTIS U.S. LLC, ET
 AL., C.A. No. 3:19-18146
PINALES v. SANOFI S.A., ET AL., C.A. No. 3:19-19324

CRAVENS, ET AL. v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL., C.A. No. 3:19-19368

Eastern District of New York

DE LUCA v. SANOFI-AVENTIS U.S. LLC, ET AL., C.A. No. 1:19-06160

Southern District of New York

RODRIGUEZ v. SANOFI U.S. LLC, ET AL., C.A. No. 1:19-09527

## SCHEDULE B

**Plaintiffs' Counsel**

Robert Brent Wisner
Pedram Esfandiary
Bijan Esfandiari
Michael L. Baum
Adam Foster
Cara Luther
Nicole K.H. Maldonado
BAUM HEDLUND ARISTEI & GOLDMAN
10940 Wilshire Blvd. 17th Floor
Los Angeles, CA 90024
rbwisner@baumhedlundlaw.com
PEsfandiary@BaumHedlundLaw.com
**Plaintiffs**: Walter H. Hansen, Joseph John Balistreri, Mark Allan Blake, Keith Sobieszczyk,
Shawn Lorenzo Francis, Kerri L. Brest-Landry


Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Ave., Suite 2000
Seattle, WA 98101
steve@hbsslaw.com
**Plaintiffs:** Dennis Diamante, Carole Perone, Dawn M. Alviar, George Baker, Doris Bean, Lena
Marie Bell, April Michelle Bryant, Susan Carbagal, Trula B. Davis, Sharon Dawson, David W.
Everett, Angela Michelle Green, Deborah Haskins, Brenda Johnson, Bobby Jordan, Lynda Liem,
Monica Linson, Christina Loubriel, Betty Lutz, Linda Maceachern, Tammie Mae Mackley,
Robin Marable, The Estate of Flory L. Perone, Loretta Wynn


James E. Cecchi
Donald A. Ecklund
Mark M. Makhail
Chirali V. Patel
CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07069
jcecchi@carellabyrne.com
**Plaintiffs:** Herbert Souza, Dennis Diamante, Carol Perone, Dawn M. Alviar, Sherry Arias,
George Baker, Juan Bazan, Doris Bean, Lena Marie Bell, Steven Wayne Bice, Jason Boekholt,
Susan Carbagal, Larry Conquest, Trula B. Davis, Sharon Dawson, David W. Everett, David
Gawlick, Angela Michelle Green, Deborah Haskins, Lawrence W. Jacquet, Brenda Johnson,
Bobby Jordan, Virgil Kiger, Lynda Liem, Monica Linson, Christina Loubriel, Betty Lutz, Linda
Maceachern, Tammie Mae Mackley, Robin Marable,  Timothy Mccann, Anthony K. Micle, Sr.,

William Molina, James Lee Moors, Warner Pinkney, Marisa Roessler, Mary Sue Rose, Olga Rutherford, Edward Joseph Simon, The Estate of Flory L. Perone, Juanita Wilkerson, Loretta Wynn, Rozanne Zacek


Robert C. Hilliard
Kimberly Beck
HILLIARD MARTINEZ CONZALES, LLP
719 S. Shoreline Blvd.
Corpus Christi, Texas 78401
bobh@hmglawfirm.com
kbeck@hmglawfirm.com
**Plaintiffs:** George Cravens, Dennis Diamante, Carol Perone, Dawn M. Alviar, Sherry Arias, George Baker, Juan Bazan, Doris Bean, Lena Marie Bell, Steven Wayne Bice, Jason Boekholt, April Michelle Bryant, Susan Carbagal, Larry Conquest, Trula B. Davis, Sharon Dawson, David W. Everett, David Gawlick, Angela Michelle Green, Deborah Haskins, Lawrence W. Jacquet, Brenda Johnson, Bobby Jordan, Virgil Kiger, Lynda Liem, Monica Linson, Christina Loubriel, Betty Lutz, Linda Maceachern, Tammie Mae Mackley, Robin Marable, Timothy Mccann, Anthony K. Micle, Sr., William Molina, James Lee Moors, Warner Pinkney, Marisa Roessler, Mary Sue Rose, Olga Rutherford, Edward Joseph Simon, The Estate of Flory L. Perone, Juanita Wilkerson, Loretta Wynn, Rozanne Zacek


Jason A. Zweig
Zoran Tasić
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
jasonz@hbsslaw.com
zorant@hbsslaw.com
**Plaintiffs:** Christina Garza, Jonathan Dimesky, Mary Santorella, Dennis Diamante, Carole Perone, Dawn M. Alviar, George Baker, Doris Bean, Lena Marie Bell, April Michelle Bryant, Susan Carbagal, Trula B. Davis, Sharon Dawson, David W. Everett, Angela Michelle Green, Deborah Haskins, Brenda Johnson, Bobby Jordan, Lynda Liem, Monica Linson, Christina Loubriel, Betty Lutz, Linda Maceachern, Tammie Mae Mackley, Robin Marable, The Estate of Flory L. Perone, Loretta Wynn


Daniel A. Nigh
Michael M. Weinkowitz
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
RAFFERTY & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
dnigh@levinlaw.com
**Plaintiffs:** Phillip McDonald, Joan Chase

James L. Ferraro, Jr.
The FERRARO LAW FIRM, P.A.
600 Brickell Avenue, Suite 600
Miami, Florida 33131
jjr@ferrarolaw.com
**Plaintiffs:** Edward Lee Brown, James Fritz, Sendin, Sturgill, Robert Baker, Michael Carroll,
Mike A. Carroll, Michael C. Konn, Sandra Payne, Gregory Vavra, Thomas A. Wells, Gary C.
Will


Charles E. Whorton
RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard Suite 1000
Coral Gables, FL 33134
cwhorton@riveromestre.com
**Plaintiff:** MSP Recovery Claims, Series LLC


Yechezkel Rodal
RODAL LAW, P.A.
5300 N.W. 33rd Ave Suite 219
Ft. Lauderdale, FL 33309
chezky@rodallaw.com
**Plaintiff:** Nancy E. Lopez Flores


Francisco Raul Maderal, Jr.
COLSON, HICKS, EIDSON
255 Alhambra Circle
Coral Gables, FL 33134
frank@colson.com
**Plaintiff:** Steven Kerzer


Michael Abraham Citron
MAC LEGAL, PA
3100 N. 29th Court Suite 100
Hollywood, FL 33020
Michael@maclegalpa.com
**Plaintiff:** Joseph Galimidi


Tina Wolfson
Ruhandy Glezakos
Bradley K. King
AHDOOT & WOLFSON, PC

10728 Lindbrook Drive
Los Angeles, CA 90024
twolfson@ahdootwolfson.com
**Plaintiffs:** Michelle Coggins, Sandra R. Weeks

Shanon J. Carson
Jeffrey L. Osterwise
Jacob M. Polakoff
Amanda R. Trask
BERGER MONTAGUE PC
1818 Market Street, Suite 3600,
Philadelphia, PA 19103
scarson@bm.net
josterwise@bm.net
**Plaintiff:** Carmen Colon

John Gerard Albanese
E. Michelle Drake
BERGER & MONTAGUE PC
43 S.E. Main Street
Suite 505
Minneapolis, MN 55414
jalbanese@bm.net
**Plaintiff:** Carmen Colon

Lori G. Kier
Joseph G. Sauder
Matthew D. Schelkopf
SAUDER SCHELKOPF LLC
555 Lancaster Avenue
Berwyn, PA 19312
**Plaintiff:** Carmen Colon

Mitchell M. Breit
SIMMONS HANLY CONROY LLC
112 Madison Avenue
7th Floor
New York, NY 10016-7416
mbreit@simmonsfirm.com
**Plaintiff:** Carmen Colon

Lee Albert
Brian P. Murray
GLANCY PRONGAY & MURRAY LLP
230 Park Avenue, Suite 530
New York, NY 10169
lalbert@glancylaw.com
**Plaintiff:** Francis Neary


Christopher A. Seeger
David Tawil
SEEGAR WEISS
55 Challenger Road, Suite 600
Ridgefield Park, NJ 07660
cseegar@seegarweiss.com
**Plaintiffs:** Michael Combs, Deborah Combs


Asim M. Badaruzzaman
Jeffrey S. Grand
Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street, 8th Floor
Nw York, NY 10005
abadaruzzaman@seegerweiss.com
**Plaintiffs:** Deborah Combs, Michael Combs


David R Buchanan
SEEGER WEISS LLP
1515 Market Street
Suite 1380
Philadelphia, PA 19102
dbuchanan@seegerweiss.com
**Plaintiffs:** Deborah Combs, Michael Combs


Andrew Joseph Obergfell
Joseph I Marchese
BURSOR & FISHA PA
888 Seventh Avenue
New York, NY 10106
aobergfell@bursor.com
**Plaintiffs:** Alfonso Pinales, Glorimar Rodriquez, Stacey Koppell, Dan Zhovtis, Dana Viola

Neal J. Deckant
BURSOR & FISHER, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
ndeckant@bursor.com
**Plaintiff:** Stacey Koppell


Neal J Deckant
BURSOR & FISHER PA
2665 S. Bayshore Drive Suite 220
Miami, FL 33133
ndeckant@bursor.com
**Plaintiffs:** Stacey Koppell, Dan Zhovatis


T. Roe Frazer II
FRAZER PLC
30 Burton Hills Blvd. Ste 450
Nashville, TN 37215
roe@frazer.law
**Plaintiff:** Mary Anthony


Spencer Humphrey Hoisington
CAMPBELL & ASSOCIATES
P.O. Box 31666 Charlotte, NC 28231
**Plaintiff:** Mary Anthony


Jennifer A. Moore
Ashton R. Smith
MOORE LAW GROUP, PLLC
1473 South 4th Street
Louisville, KY 40208
jennifer@moorelawgroup.com
**Plaintiffs:** Howell Franklin, Gary Campu, Gary Hart, Ronald Johnson, Christopher Wamble


Antonio Vozzolo
VOZZOLO LLC
345 Route 17 South
Upper Saddle River, NJ 07458
**Plaintiffs:** Richard Froehlich, Amanda Swearingen

Aimee Wagstaff
Kathryn M. Forgie
David J. Wood
ANDRUS WAGSTAFF, PC
7171 W. Alaska Drive
Lakewood, Colorado 80226
aimee.wagstaff@andruswagstaff.com
kathryn.forgie@andruswagstaff.com
david.wool@andruswagstaff.com
**Plaintiff:** Kerry L. Brest-Landry


Marcus J. Susen
Justin R. Parafinczuk
PARAFINCZUK WOLF SUSEN
110 East Broward Boulevard, Suite 1630
Fort Lauderdale, Florida 33301
msusen@pwslawfirm.com
jparafinczuk@pwslawfirm.com
**Plaintiffs:** Shriece Franks, Gloria Wilson


Elizabeth A. Fegan
FEGAN SCOTT, LLC
150 S. Wacker Drive 24th Floor
Chicago, IL 60606
beth@feganscott.com
**Plaintiffs:** Lynn White, Nataliya Birman, Reva Hodges, Marishia Qualls, Karl D. Stursberg,
Gregory Alan Wayland


Lynn A. Ellenberger
FEGAN SCOTT, LLC
500 Grant Street Suite 2900
Pittsburg, PA 15219
**Plaintiffs:** Lynn White, Nataliya Birman, Reva Hodges, Marishia Qualls, Karl D. Stursberg,
Gregory Alan Wayland

Todd C. Werts
Bradford B. Lear
LEAR WERTS LLP
2003 West Broadway, Suite 107
Columbia, Missouri 65203
lear@learwerts.com
werts@learwerts.com
**Plaintiff:** Tim Rosenaeur


Zahra Dean
Zahra R. Dsouza
Craig William Hillwig
William E. Hoese
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
zdean@kohnswift.com
zdsouza@kohnswift.com
chillwig@kohnswift.com
whoese@kohnswift.com
**Plaintiff:** Yesenia Melillo


Kevin P. Fitzpatrick
MARSCHHAUSEN & FITZPATRICK, P.C.
835 Old Country Road
Westbury, NY 11590
kfitzpatrick@marschfitz.com
**Plaintiff:** Patrick A. De Luca


James L. Ferraro
John Martin Murphy
Brian R. Herberth
Joyce C. Reichard
KELLEY & FERRARO, LLP
Ernst & Young Tower
950 Main Avenue
Suite 1300 Cleveland, OH 44113
brherberth@kelley-ferraro.com
jmurphy@kelley-ferraro.com
jreichard@kelley-ferraro.com
**Plaintiffs:** Gary C. Will, Sandra Payne, Gregory Vavra, Robert Baker, Michael Carroll, Mike A.
Carroll, Michael C. Konn, Thomas A. Wells

John R. Davis
SLACK DAVIS SANGER, LLP
2705 Bee Cave Road, Suite 220
Austin, TX 78746
**Plaintiffs:** Jennifer Bond, Renee Chatman, Eric Ragis, Lisa Ragis, Ronald Ragis, Herbert Souza, Sara Souzsa


Steven A. Bredice
THE LAW OFFICE OF STEVEN A. BREDICE
17 GW Tatro Drive
P.O. Box 519
Jeffersonville, VT 05464-0519
**Plaintiffs:** Eric Ragis, Lisa Ragis, Ronald Ragis


Stephen H. Galebach
GALEBACH LAW OFFICE
9-11 Touro Avenue
Medford, MA 02155
steve@galebachlaw.com
**Plaintiffs:** Jennifer Bond, Eric Ragis, Lisa Ragis, Ronald Ragis


Marlene J. Goldenberg
Noah C. Lauricella
GOLDENBERGLAW, PLLC
800 LaSalle Avenue
Suite 2150
Minneapolis, MN 55402
mjgoldenberg@goldenberglaw.com
**Plaintiffs:** Jennifer Bond, Renee Chatman, Eric Ragis, Lisa Ragis, Ronald Ragis, Herbert Souza, Sara Souzsa


Reuben Honik
David J. Stanoch
GOLOMB & HONIK
1835 Market Street, Suite 2900
Philadelphia, PA 19103
rhonik@golombhonik.com
**Plaintiffs:** Jennifer Bond, Renee Chatman, Eric Ragis, Lisa Ragis, Ronald Ragis, Herbert Souza, Sara Souzsa

Allan Kanner
Conlee S. Whiteley
Layne C. Hilton
Annemieke M. Tennis
KANNER & WHITELEY LLC
701 Camp Street
New Orleans, LA 70130
A.Kanner@kanner-law.com
**Plaintiffs:** Jennifer Bond, Renee Chatman, Eric Ragis, Lisa Ragis, Ronald Ragis, Herbert Souza, Sara Souzsa


Behram V Parekh
KIRTLAND AND PACKARD LLP
1638 S. Pacific Coast Highway
Redondo Beach, CA 90277
**Plaintiffs**: Sara Souzsa


Georgiana Boss
Daniel C. Burke
Morris S. Dweck
BERNSTEIN LIEBHARD LLP
10 East 40th Street
New York, NY 10016.
gboss@bernlieb.com
**Plaintiffs:** Joseph E. Chille, Sonja O'Neal


Joseph H. Saunders
Nicola Larmond-Harvey
SAUNDERS & WALKER PA
3491 Gandy Boulevard North
Suite 200
P.O. Box 1637
Pinellas Park, FL 33780-1637
joe@saunderslawyers.com
**Plaintiffs:** Suzanne Drescher, Thomas John Harris


Steven C. Babin
BABIN LAW, LLC
1320 Dublin Road
Suite 100
Columbus, OH 43215
steven.babin@babinlaws.com

**Plaintiffs:** Sammy Bryson, Antoine Dodson, Johnny Duyn, Joletta Jordan, Tabatha Lafferty, Ronnie Lawrence, Carrie Lupien, Darlene Maphis, Connie McCartney, Anthony Miliner, Thelma Myles, Ronald Ragan, Chris Troyan

Adam W. Krause
KRAUSE & KINSMAN LLC
4717 Grand Avenue
Suite 250
Kansas City, MO 64112
**Plaintiffs:** Sammy Bryson, Antoine Dodson, Johnny Duyn, Joletta Jordan, Tabatha Lafferty, Ronnie Lawrence, Carrie Lupien, Darlene Maphis, Connie McCartney, Anthony Miliner, Thelma Myles, Ronald Ragan, Chris Troyan

Paige Boldt
WATTS GUERRA LLP
4 Dominion Drive
Building 3
Suite 100
San Antonio, TX 78257
**Plaintiffs:** Sherri Pellegrene, The Estate of Edward Pellegrene

Mike C Watts
WATTS GUERRA LLP
5726 W. Hausman Rd., Ste. 119
San Antonio, TX 78249
**Plaintiffs:** Sherri Pellegrene, The Estate of Edward Pellegrene

Yvonne M. Flaherty
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401-2159
**Plaintiffs:** Ryan Dahl, Brad Hoag, John Scholl

Daniel E Gustafson
Eric S. Taubel
Amanda M. Williams
GUSTAFSON GLUEK PLLC
120 South Sixth Street
Suite 2600
Minneapolis, MN 55402
**Plaintiffs:** Ryan Dahl, Brad Hoag, John Scholl


James X. Bormes
Catherine P. Sons
LAW OFFICE OF JAMES X. BORMES
8 South Michigan Avenue Suite 2600
Chicago, IL 60603
**Plaintiff:** Denise Guy


Kasif Khowaja
THE KHOWAKA LAW, LLC
8 South Michigan Avenue Suite 2600
Chicago, IL 60603
**Plaintiff:** Denise Guy


Patrick J Howard
Simon B. Paris
SALTZ MONGELUZZI BARRETT & BENDESKY PC
1650 Market Street
One Liberty Place, 52nd Floor
Philadelphia, PA 19103
**Plaintiffs:** Ryan Dahl, Brad Hoag, John Scholl


Christopher Marlborough
THE MARLBOROUGH LAW FIRM PC
445 Broad Hollow Road
Suite 400
Melville, NY 11747-3669
**Plaintiff:** Edith Massiah

Trevor Bruce Rockstad
DAVIS & CRUMP PC
2601 14th Street
Gulfport, MS 39501
**Plaintiff:** David McAnally


Raymond C Silverman
Harrison M. Biggs
Christopher C. Oxx
PARKER WAICHMAN LLP
6 Harbor Park Dr
Port Washington, NY 11050
**Plaintiff:** Vanessa Epting, Christopher Wamble


Steven Cohn
Roopal P. Luhana
CHAFFIN LUHANA LLP
600 Third Avenue
12th Floor
New York, NY 10016
**Plaintiff:** Suzanne Finer

**Defendants' Counsel**

Richard M. Barnes
GOODELL DEVRIES LEECH & DANN LLP
One South Street
Suite 2000
Baltimore, MD 21202
rmb@gdldlaw.com
**Defendants:** Perrigo Company PLC, Perrigo Research & Development Company


Jordan S. Cohen
WICKER SMITH
515 E Las Olas Blvd Ste 1400
Fort Lauderdale, Fl 33301
jcohen@wickersmith.com
**Defendant:** Boehringer Ingelheim Pharmaceuticals, Inc.


Ruth Dapper
DLA PIPER LLP (US)
401 B Street
Ste 1700
San Diego, CA 92101
Ruth.dapper@dlapiper.com
**Defendants:** Boehringer Ingelheim Pharmaceuticals, Inc., Chattem, Inc., Sanofi, Sanofi U.S.
Services Inc., Sanofi-Aventis U.S. LLC


Christopher Strongoksy
DLA PIPER LLP
1251 Avenue of the Americas
27th Floor
New York, NY 10020
Christopher.strongosky@dlapiper.com
**Defendants:** Chattem, Inc., Sanofi U.S. Services Inc., Sanofi-Aventis U.S. LLC


Mark S. Cheffo
Jonathan S. Tam
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Mark.cheffo@dechert.com

**Defendants:** GlaxoSmithKline, LLC, GlaxoSmithKline PLC, GlaxoSmithKline Finance PLC, GlaxoSmithKline Holdings (Americas) Inc., GlaxoSmithKline Holdings Limited, GlaxoSmithKline plc, an English limited company
Ursula M. Henninger
KING & SPALDING LLP
100 North Tryon Street, Suite 3900
Charlotte, NC 28202
uhenninger@kslaw.com
**Defendant:** Boehringer Ingelheim Pharmaceuticals, Inc.


Paul W. Schmidt
Kevin Michael Kelly
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
pschmidt@cov.com
**Defendants:** Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, Boehringer Ingelheim USA Corporation, Chattem, Inc., SANOFI, SANOFI US SERVICES INC.


Andrew T. Bayman
Mark A Sentenac
KING AND SPALDING LLP
1180 Peachtree Stree NE
Atlanta, GA 30309
abayman@kslaw.com
**Defendants:** Boehringer Ingelheim Corporation, Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim USA Corporation


Eric F Gladbach
KING & SPALDING LLP
1185 Avenue of the Americas 34th Floor
New York, NY 10036
egladbach@kslaw.com
**Defendants:** Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, Boehringer Ingelheim USA Corporation

Jordan Scott Joachim
COVINGTON & BURLING
620 8th Ave., 42nd Floor, #4204A
New York, NY 10018
jjoachim@cov.com
**Defendants:** Boehringer Ingelheim Corporation, Boehringer Ingelheim Pharmaceuticals, Inc.,
Boehringer Ingelheim USA Corporation


Amy Lynn O'Neill
KING & SPALDING LLP
621 Capitol Mall
Suite 1500
Sacramento, CA 95814
aoneill@kslaw.com
**Defendants:** Boehringer Ingelheim Corporation, Boehringer Ingelheim Pharmaceuticals, Inc.,
Boehringer Ingelheim USA Corporation


Cheryl A Sabnis
KING & SPALDING LLP
101 Second Street Ste 2300
San Francisco, CA 94105
csabnis@kslaw.com
**Defendant:** Boehringer Ingelheim Pharmaceuticals, Inc.


Lindsey C Barnhart
COVINGTON AND BURLING LLP
One Front Street 35th Floor
San Francisco, CA 94111-5356
lbarnhart@cov.com
**Defendants:** Boehringer Ingelheim Corporation, Boehringer Ingelheim Pharmaceuticals, Inc.,
Boehringer Ingelheim USA Corporation


Joseph G. Petrosinelli
Haley Wasserman
Stephen D. Raber
WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005
jpetrosinelli@wc.com
**Defendant:** Pfizer, Inc.

Anand Agneshwar
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
anand.agneshwar@arnoldporter.com
**Defendants:** Chattem Inc., Chatten, Inc., SANOFI, SANOFI AVENTIS U.S. LLC, SANOFI
SA, Sanofi U.S. Services Inc., Sanofi-Aventis US Services


Oluoma Nkechinyere Kas-Osoka
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center Fl 10
San Francisco, CA 94111
oluoma.kas-osoka@arnoldporter.com
**Defendants:** Chattem, Inc., Sanofi, Sanofi U.S. Services Inc.


Mahnu V. Davar
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave Nw
Washington, Dc 20001
mahnu.davar@arnoldporter.com
**Defendants:** Chattem, Inc., SANOFI, SANOFI US SERVICES INC.

**SCHEDULE C**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE: ZANTAC (RANITIDINE) PRODUCTS                    MDL NO. 2924
LIABILITY LITIGATION                                             20-MD-2924

JUDGE ROBIN L. ROSENBERG

MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**CERTIFICATE OF UNDERSTANDING REGARDING**
**ELECTRONIC FILING IN THE SOUTHERN DISTRICT OF FLORIDA**

I, the undersigned, do hereby certify that:

1.       I am a member of good standing of the Bar of _____.

2.       I have studied, understand, and will abide by the Local Rules for the Southern District of Florida.

3.       I have studied, understand, and will abide by the Administrative Procedures governing CM/ECF procedures in the Southern District of Florida.

4.       I will only use this electronic filing privilege in the matter captioned above and in no other case in the Southern District of Florida, even if I have been granted *pro hac vice* status in another case in the Southern District of Florida.

5.       I understand and agree that any misuse of this electronic filing privilege will be brought to the attention of the Honorable Robin L. Rosenberg and that this privilege may be revoked at any time without notice.

6.       If any of the information below changes during the course of this action, I shall file a notice of such change in the MDL action, and I shall update my CM/ECF user account pursuant to the Administrative Procedures.

        Name
        State Bar Number
        Firm Name
        Mailing Address
        Telephone Number
        Email Address

Attorney Signature: _____          Date: _____.