UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL CASES | MDL No. 2924<br>Case No.: 20-md-02924-RLR-BER<br><br>**AMENDED APPLICATION OF MIKAL C. WATTS FOR LEADERSHIP POSITION** |

COMES NOW Mikal C. Watts, and submits his Application for Leadership Position, succinctly providing the information requested by this Court in Pretrial Order #1.

**A.   WILLINGNESS AND AVAILABLITY TO COMMIT TO A TIME-CONSUMING PROJECT**

I have spent much of the last two years (1) working as a liaison between hundreds of state court litigants, the Plaintiffs' Executive Committee, the state Attorney Generals and the defendants to achieve opioids settlements, which have now are imminent; and (2) representing approximately 18,000 victims of the North Bay Fires in October of 2017 and the Camp Fire in November of 2018 in their litigation against California's largest utility, PG&E. PG&E took bankruptcy in January of 2019, and Judge Dennis Montali has shepherded the case through bankruptcy, achieving an exit plan being voted on this month, which will conclude that litigation. Therefore, I now have the ability to immediately commit to this time-consuming litigation, and am willing to do so. For example, since this Court entered Pretrial Order #4 on January 24, 2020, I have been honored to serve as a member of this Court's Practices and Procedures Team in *Zantac* (MDL 2924).

**B.   ABILITY TO WORK COOPERATIVELY WITH OTHERS**

I have spoken to, and am familiar with, the leaders of this litigation, and have and will continue to work cooperatively with them. Specifically, I have participated in pre-MDL organizational meetings in Los Angeles and Austin, and since this Court's appointment, applied to serve on its Census Committee, and since being appointed to its Policy & Procedures

1

Committee, have worked well with members of both committees under the leadership of Professor Jaime Lynne Dodge in preparation for this Court's initial hearing on March 20, 2020.

C.     **PROFESSIONAL EXPERIENCE IN THIS TYPE OF LITIGATION**

My professional experience in this type of mass tort litigation involves handling thousands of MDL claims, trying first in the nation bellwether trials, serving on many MDL leadership committees, and pursuing exit solutions on court-appointed settlement committees, as follows:

*(1) Mass Tort Litigation Experience*

From 1991-2011, I participated in the Attorneys Information Exchange Group ("AIEG"), sharing information on automotive and tire defect mass torts. On both its Board and its Executive Committee, I worked to marshal the collective talents of others in an effort to efficiently litigate and settle key automotive product liability cases, including the Pinto-type fire litigation against Ford, the C/K pick-up fuel tank litigation against GM, the minivan liftgate latch litigation against Chrysler, and the tire failure litigation against Ford and Firestone. Since 2001, I have focused on litigating numerous pharmaceutical and medical device cases in state and federal MDLs. I have taken many key MDL depositions, typically those of defense experts and top company witnesses. I have practiced in federal courts since 1990, handling Rule 26 and Rule 16 conferences, negotiating orders concerning confidentiality, case management, bellwether selection and trial. My firm has roughly 100 employees and 25 attorneys, enabling it to process massive quantities of data collected for tens of thousands of clients at once. Our proprietary database allowed us to file individual state court suits for 69,608 plaintiffs achieving a settlement in *In re Trans Union Corp. Privacy Litigation* (MDL 1350), over 30,000 plaintiffs in *In re: FEMA Formaldehyde* (MDL 1873) (98% achieved a settlement), and over 57,000 plaintiffs in *In re: Syngenta AG MIR 162 Corn Litigation* (MDL 2591) (94% achieved a settlement). These successes followed supplying almost 50,000 court-ordered Plaintiff Fact Sheets in *Syngenta Corn*, and completing 30,000 in *FEMA*. Furthermore, with Brown Greer as Settlement Administrator, we supplied more settlement claim forms in *Syngenta Corn* than any other firm, and have supplied more than 18,000 PG&E bankruptcy fire claim forms, far more than any other firm. Most recently, we supplied thousands of census forms in *In Re Juul Labs* (MDL 2913), and are working to do so here in *Zantac*.

*(2) MDL Leadership Experience*

A list of the other MDLs in which I have performed work is attached hereto in Appendix B.

*(3)  Mass Tort Trial Experience*

2

I personally have tried as lead trial counsel the "first in the nation" trial cases for major litigations with MDLs, including trial of the first *Ford/Firestone* tire lawsuit (see MDL 1373); the first *Rezulin* plaintiffs' verdict (see MDL 1348); the only plaintiffs' verdict in *Sulzer* hip implants (see MDL 1401); trial of first *Baycol* case (see MDL 1431); trial of first welding rods case during MDL 1525; trial of two bellwether cases during *In re Vioxx* (see MDL 1657); the first FEMA trial (see MDL 1873), the only Plaintiffs' verdict during *In Re: Levaquin* (see MDL 1943), and the only state court *Syngenta corn* trial in the country, which two weeks in, caused a nationwide class action settlement of $1.5 billion.

In total, I have begun the trial of approximately 100 cases as lead counsel, and settled more than 50 such cases during trial, with 39 achieving a plaintiff's verdict. My firm's verdicts total more than $1.6 billion. I served as lead trial counsel in cases resulting in four 9-figure verdicts, 23 exceeding $10 million and 35 exceeding $1 million, with 11 resulting in defense verdicts, and had only 4 of my 39 plaintiff's verdicts reversed on appeal.

### (4) *Mass Tort Settlement Experience*

By court order, I have led settlement negotiations that achieved some of the largest mass tort settlements in the United States. In 2019, retired bankruptcy judge Randall Newsome, the court-appointed mediator, in *In Re: PG&E Corp.*, Bankruptcy Case No. 19-30088, appointed me to the four-person Plaintiffs' Negotiating Team that secured a $13.5 billion settlement with PG&E for more 70,000 wildfire victims. In 2017, Judge John W. Lungstrum, D. Kanas, appointed me to the four-person Plaintiffs' negotiating team in *In Re: Syngenta Corn*, that achieved a $1.5 billion settlement for more than 200,000 farmers across the United States. In 2014, Judge David Herndon of the Southern District of Illinois appointed me to the Plaintiffs' Negotiating Team in *In Re: Pradaxa*, where we achieved a $650 million settlement before the first bellwether trial in just twenty months following the formation of MDL 2385.

### D.   WILLINGNESS TO COMMIT THE NECESSARY RESOURCES TO PURSUE THIS MATTER

With the fees earned from the settlements achieved above, and with a $100 million credit facility, my firm has access to the resources needed to prosecute the litigation in a timely manner. Thousands of Zantac users have hired us to pursue their claims, and we intend to access our resources to do so in this Court. I would be pleased to serve as Plaintiffs' Co-Lead Counsel, as a member of this Court's Plaintiffs' Steering Committee and/or on whatever committees this Court appoints me to serve.

Respectfully submitted,

WATTS GUERRA LLP
Four Dominion Drive, Bldg. Three, Ste. 100
San Antonio, Texas 78257
Phone: (210) 447-0500
Fax:     (210) 447-0501

*/s/ Mikal C. Watts*
Mikal C. Watts
Texas State Bar No. 20981820
mcwatts@wattsguerra.com

## CERTIFICATE OF SERVICE

I do hereby certify that on March 6, 2020, a true and correct copy of the foregoing was served on all counsel listed on Schedule B of the Pretrial Order No. 1 in accordance with the email addresses provided.

 /S/ MIKAL C. WATTS
Mikal C Watts
**WATTS GUERRA LLP**
5726 W. Hausman Rd., Ste. 119
San Antonio, Texas 78249
Direct: (210) 447-0500
Facsimile: (210) 447-0501
mcwatts@wattsguerra.com

4