UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION  _____/ | MDL NO. 2924 20-MD-2924  JUDGE ROBIN L. ROSENBERG MAGISTRATE JUDGE BRUCE E. REINHART |

THIS DOCUMENT RELATES TO:

All Cases

**KOHN, SWIFT & GRAF, P.C.'S AND BERGER MONTAGUE P.C.'S PETITION TO NOMINATE HAGENS BERMAN SOBEL SHAPIRO LLP AND STEVEN W. BERMAN FOR A LEADERSHIP POSITION IN THE ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION—MDL NO. 2924**

The undersigned respectfully submit this petition to nominate Hagens Berman Sobel Shapiro LLC ("Hagens Berman") and Steven W. Berman for a leadership position in the *Zantac (Ranitidine) Products Liability Litigation*—MDL No. 2924.

We nominate Hagens Berman and Steve Berman in accordance with Section 16 of Pretrial Order #1 in Case 9:20-md-02924-RLR (Doc. 13) on the basis of merit. In Pretrial Order #1, the Court identified specific criteria that should be addressed by firms seeking a leadership position, as well as any other relevant matters. We explain below why Hagens Berman and Steve Berman meet all the requirements the Court listed in its Order. However, there is another relevant matter that we feel should be addressed first with respect to Hagens Berman's suitability for a leadership position in this case.

Specifically, one important factor in selecting a firm or an individual for a leadership position is the applicant's "efforts in researching and investigating the claims before the court." *Manual for Complex Litigation (Fourth)* §22.62 at 406. Analogously, if Hagens Berman were seeking an appointment as lead class counsel, one of the factors the Court would consider is "the

{00209310 }     1

work counsel has done in identifying or investigating potential claims in the action." Fed. Rule Civ. P. 23(g)(1)(A)(i).

On this score Hagens Berman deserves a leadership position in this case. Our understanding is that Hagens Berman developed and filed the first Zantac (Ranitidine) case, which likely sparked the filing of the other cases—both consumer protection and personal injury. Here, no other law firm can make the claim that it was the progenitor of this case. That fact, coupled with the quality of Hagens Berman's work to date, establishes the firm's *bona fides* for a leadership position.

Hagens Berman also checks off the other relevant boxes for a leadership position. Based on our firms' experience working with Hagens Berman in many complex class action cases, Hagens Berman firm undoubtedly will commit the human and financial capital required to represent the plaintiffs (and classes) in the case. Order #1, §16(a); *see also* Fed. Rule Civ. P. 23(g)(1)(A)(iii). With respect to the criteria in §16(b) and (c) of Order #1, Hagens Berman has been a national presence for years in complex, multi-party, class and individual litigation, and has had a very successful track record. The firm, and Steve Berman personally, has the experience in handling mass tort and class and individual actions (of all varieties) (*see* Fed. Rule Civ. P. 23(g)(1)(A)(ii)), and they are well-versed in the applicable law (*see* Fed. Rule Civ. P. 23(g)(1)(A)(iii)). If the firm and its attorneys were not able to work cooperatively with others (as Hagens Berman has with our firms in many cases), it is extremely unlikely that it would have achieved the leadership positions that it has during the last quarter century. In sum, Hagens Berman has the competence, experience, and professionalism needed to litigate a case of this nature to a just and efficient resolution.

It is also important to have a firm in a leadership position to represent the class actions. The class action procedure will be in addition to litigating the merits of the underlying cases and will likely have its own schedule. Settlement is another area that will require separate representation. Therefore, having Hagens Berman and Steve Berman occupy that role would avoid any potential conflicts.

Kohn Swift and Berger Montague have worked cooperatively with Hagens Berman in this litigation since the beginning of this case. Kohn Swift filed a consumer class action in the Eastern District of New York on November 12, 2019 (*Melillo v. Sanofi-Aventis U.S. L.L.C., et al.*, Case 1:19-cv-06376 (E.D.N.Y)), and Berger Montague filed a consumer class action in the District of New Jersey on November 9, 2019 (*Colon v. Sanofi-Aventis U.S. LLC, et al.*, No. 3:19-cv-20023 (D.N.J.)). The attorneys at Hagens Berman, including Steve Berman and Jason Zweig, have been helpful in keeping us up-to-date regarding the litigation, and our firms have been cooperating and intend to continue to do so regarding the class actions in this MDL as the litigation proceeds. Our law firms have also worked with Hagens Berman over the years on other matters—as varied as human rights claims against Japanese companies for their use of forced-labor during World War Two, claims arising from the No-Gun-Ri massacre in the Korean War, claims arising from defective vehicles, and many large antitrust class action cases.

Kohn Swift and Berger Montague are MDL veterans. Over the past 50 years, our firms have been appointed by federal judges as lead or co-lead counsel in dozens of large MDLs and hundreds of major class action cases, and have achieved successful results for our clients and the classes they have represented. While we are not seeking specific leadership positions in this case, we believe that our firms can offer assistance to the firms appointed to leadership, and strongly advocate that Hagens Berman be appointed as co-lead counsel.

Dated: March 6, 2020                                    Respectfully submitted,

/s/ *William E. Hoese*
William E. Hoese
Craig W. Hillwig
Zahra R. Dean
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 238-1700
whoese@kohnswift.com
chillwig@kohnswift.com
zdean@kohnswift.com

Shanon J. Carson
BERGER MONTAGUE P.C.
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
scarson@bm.net