UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE ZANTAC (RANITIDINE)<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924 |
| This Document Relates to All Cases.<br>_____ / | JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

## NOTICE OF FILING APPLICATION TO SERVE
## ON THE PLAINTIFFS' STEERING COMMITTEE

Pursuant to the Court's Pretrial Order No. 1 [ECF No. 13], the undersigned respectfully submits the attached application of Mark J. Dearman to serve on the Plaintiffs' Steering Committee.

DATED: March 6, 2020

ROBBINS GELLER RUDMAN
& DOWD LLP

*s/ Mark J. Dearman*
MARK J. DEARMAN
Florida Bar No. 0982407

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
mdearman@rgrdlaw.com

*Counsel for Plaintiffs*

**ROBBINS GELLER**
**Rudman & Dowd** LLP

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Mark J. Dearman
mdearman@rgrdlaw.com

March 6, 2020

The Honorable Robin L. Rosenberg                                                                    VIA ECF
Paul G. Rogers Federal Building & Courthouse

      Re:    *In re Zantac (Ranitidine) Products Liability Litigation*
              MDL No. 2924, 20-MD-2924 (S.D. Fla.)

Dear Judge Rosenberg:

      I respectfully seek appointment as a member of the Plaintiffs' Steering Committee, or Executive Committee should one be established. I am a partner in the Palm Beach County office of Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), which is not only the largest plaintiffs' side multi-district litigation ("MDL"), aggregate litigation, and class action law firm in Palm Beach County, but the largest such law firm in the world. With over 200 lawyers in nine offices, our *raison d'etre* is simple: to represent the aggrieved and level the playing field against wealthy corporations and their big-firm lawyers. In doing so, we have recovered well in excess of $50 billion for the consumers and classes we are privileged to represent. And our historic success continues today. Although it is only March, in the first 60 days of 2020 alone, we have already recovered over $3 billion.[1]

      Set forth below are my responses to the categories of inquiry set forth in Pretrial Order #1 [ECF 13].

           **A.**    **Willingness and Availability to Commit to a Time-Consuming Project**

      Without equivocation, my firm and I are willing, able, and eager to commit to a time-consuming process. We are fully cognizant of the time, effort, and expenditures required to litigate a case of this magnitude, because large and complex federal litigation is the backbone of our practice. While my appointment would cement my personal commitment, accountability, and the substantial resources of my firm, *this commitment would also include my and my firm's sincere commitment to diversity, the advancement of younger lawyers, and the critical recognition that different backgrounds and experiences offer different and valuable perspectives*. Our team would include outstanding women such as Rachel Jensen, a *National Law Journal* "Trailblazer" who has received commendation for her human rights work and was one of the lead attorneys who secured an historic recovery on behalf of "Trump University" students nationwide, and Christopher Chagas Gold, who, as a teenager being raised by a single mother from Brazil, met one of our founding partners while teaching Brazilian Jiu Jitsu, and worked his way up from a file room clerk to an exceptional partner in our firm.

---

[1]    The settlements, some still subject to court approval, include cases against Valeant Pharmaceuticals International, Inc. ($1.2 billion); the real estate investment trust VERIET, Inc. ($1 billion); Facebook, Inc. concerning its violation of a biometrics privacy statute ($550 million); and a securities class action against First Solar, Inc. ($350 million). This is in addition to the publicly announced multi-billion dollar, pre-arranged bankruptcy settlements in the national opioids MDL litigation in which we are intimately involved.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Robin L. Rosenberg
March 6, 2020
Page 2

### B. Ability to Work Cooperatively with Others

I take great pride in my ability to work collaboratively and cooperatively with others. Virtually all of my cases require working synergistically with co-counsel. To me, being a skilled litigator is only half the battle; those who succeed must not only roll up their sleeves, but must also work with civility, respect, candor, and professionalism towards the courts, co-counsel, and opposing counsel. I place a very high value and regard on my positive working relationships. Over the years, I have worked exceptionally well with the many lawyers who are seeking positions in this litigation, and, as my colleagues can attest, I strive to be a consummate team player in every case I handle.

### C. Professional Experience in This Type of Litigation

Appendix B lists a sampling of relevant MDL and class action cases in which my firm and I have been involved. It bears mentioning that not all "experience" is necessarily successful experience. I am, therefore, proud of the fact that my firm and I are not merely experienced in this type of litigation, but we have obtained the ***largest ever*** recoveries on behalf of our clients in multiple genres of complex MDLs and class action litigation. *See, e.g.*, *In re Payment Card Interchange Fee & Merchant Disc. Antitrust Litig.*, MDL No. 1720 (E.D.N.Y.) (one of three co-lead counsel, recovered over $5.5 billion – the largest ever private antitrust resolution, final approval pending); *Jaffe v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.) (as sole lead counsel, obtained a jury verdict and $2.45 billion judgment for a class of investors – the largest judgment following a fraud class action trial in history); *In re Enron Corp. Sec. Litig.*, No. H-01-3624 (S.D. Texas) (as sole lead counsel, recovered over $7 billion for a class of injured shareholders – the largest recovery ever obtained in any shareholder action in history); *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 06-cv-016910-JMR-FLN (D. Minn.) (recovered $925.5 million on behalf of a class of investors in options backdating action – an amount five times larger than the next largest options backdating recovery); *In re Volkswagen "Clean Diesel" Mktg. Sales Practices & Prods. Liab. Litig.*, MDL No. 2672 (N.D. Cal.) (largest consumer class recovery); *In re Facebook Biometric Info. Privacy Litig.*, No. 3:15-cv-03747-JD (N.D. Cal.) (largest privacy cash fund, pending approval).

My personal background is also relevant to this litigation. I began my practice defending class actions and MDLs at Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., which was, at the time, the largest law firm in Broward County, Florida. Indeed, up until the time I joined Robbins Geller in 2010, I focused a significant amount of my time defending Fortune 500 companies in catastrophic personal injury and product liability actions. As a firmly entrenched plaintiffs' lawyer now, I am able to use my prior experience and perspective as a defense lawyer in litigating my cases, which include some of the largest MDLs in history. For example, I am intimately involved in *In re National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio), where my partner, Paul Geller, is a member of the leadership structure. I am also Chair of the Plaintiffs' Executive Committee in *In re Apple Inc. Device Performance Litigation*, MDL No. 2827 (N.D. Cal.), where preliminary approval of a maximum of $500 million settlement is pending.[2] As evidence of my acumen in successfully prosecuting complex

---

[2] My firm's broad MDL and class action expertise includes nuanced and *sui generis* class settlement issues. Besides handling class-related issues in many large MDLs (like the record-breaking *Payment Card*

**Robbins Geller Rudman & Dowd LLP**

The Honorable Robin L. Rosenberg
March 6, 2020
Page 3

MDLs like this one, I was a member of the faculty of the inaugural Mass Torts MDL Certificate Program at the Bolch Judicial Institute of Duke Law School (March 2019) and will be speaking at the upcoming 2020 MDL Program.

### D. Willingness to Commit the Necessary Resources to Pursue This Matter

Our willingness and ability to commit the resources necessary to successfully prosecute a case such as this is not just something we say; it is evidenced by cases such as *Jaffe*, where Robbins Geller prosecuted a complex fraud case in Chicago for 14 years, trying it to a jury in 2009, only to have the verdict and $2.75 billion judgment reversed, in part, by the Seventh Circuit in 2015. Rather than give up, we sent over a dozen lawyers and support staff to Chicago for several weeks, spending substantial resources (in total, the firm laid out $35 million in actual, out-of-pocket expenses, with absolutely no outside or third-party litigation funding of any sort) to prepare for and try the case a second time. It was not until the morning that the second trial was to begin that a record-breaking $1.575 billion settlement was reached.

Besides our substantial human and capital resources, Robbins Geller has among the most extensive technological resources of any plaintiffs' law firm in the country. Our technological capabilities boast an unparalleled high-speed disk system that is highly scalable and can host, onsite, a nearly limitless amount of data. The firm also uses the most advanced document review platforms. Combined with Robbins Geller's disk storage capabilities, the firm is able to host extremely large document productions and dramatically reduce the cost paid to outside vendors, especially when many millions of documents will be produced. With such extensive resources at its disposal, the firm can most effectively and efficiently advance this litigation, and, with my appointment, those resources will be brought to bear on behalf of the plaintiffs.

It would be my privilege to serve in a leadership capacity in this case. My firm and I are committed, without reservation or delay, to bring to bear our substantial resources – a diversified team, financial strength, and technological capabilities, along with professionalism and an eager and collaborative attitude – to best ensure a timely, efficient, and successful result in this case.

Very truly yours,

*[signature]*

MARK J. DEARMAN

---

*Interchange* MDL), including when other firms serve as Lead Counsel (as in *Volkswagen "Clean Diesel"* litigation under Elizabeth Cabraser and *In re Checking Account Overdraft Litigation*, MDL No. 2036 (S.D. Fla.), under Robert Gilbert) my firm is one of the "architects" of the novel "Negotiation Class" certified by Judge Polster in the *National Prescription Opiate* MDL (certification on appeal). And, on January 24, 2020, Paul Geller spoke on a panel with Judge Polster and defense counsel Sheila Birnbaum about the Negotiation Class and other cutting-edge MDL issues at the University of Miami Class Action & Complex Litigation Forum.

# APPENDIX A

## Zantac Actions in Which Mark J. Dearman Appears as Counsel

*Armstrong v. Sanofi-Aventis U.S. LLC* (Class Action)
Case No. 9:20-cv-80369 (S.D. Fla.)

*Tillman v. Sanofi-Aventis U.S. LLC*
Case No. 9:20-cv-80233 (S.D. Fla.)

*Thibodeaux v. Sanofi-Aventis U.S. LLC*
Case No. 9:20-cv-80240 (S.D. Fla.)

## APPENDIX B

**Other MDLs in Which Mark J. Dearman Has Performed Work**

| CASE | JUDGE / JUDGE'S PHONE | POSITION | NATURE OF MDL | WORK PERFORMED | ONGOING TIME COMMITMENT |
|---|---|---|---|---|---|
| *In re Nat'l Prescription Opiate Litig.* MDL No. 2804 (N.D. Ohio) | Judge Dan Aaron Polster (216) 357-7000 | Plaintiffs' Executive Committee | Pharmaceutical | E-Discovery; Law and Briefing; Depositions; Plaintiff Fact Sheets | Moderate with flexibility to delegate within firm as necessary |
| *In re Epipen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.* MDL No. 2785 (D. Kan.) | Judge Daniel D. Crabtree (913) 907-1420 | Co-Lead Counsel | Drug Device | E-Discovery; Law and Briefing | Light |
| *In re Invokana (Canagliflozin) Prods. Liab. Litig.* MDL No. 2750 (D.N.J) | Judge Brian R. Martinotti (609) 989-0502 | Law and Briefing; Discovery; Document Review | Pharmaceutical | E-Discovery; Document Review | Resolved |
| *In re Valeant Pharm. Int'l, Inc. Sec. Litig.* No. 3:15-cv-07658 (D.N.J.) | Judge Michael A. Shipp (609) 989-2009 | Lead Counsel | Securities | E-Discovery; Law and Briefing | Light (Preliminary Approval Granted; Final Approval Hearing Scheduled for May 27, 2020) |

| CASE | JUDGE / JUDGE'S PHONE | POSITION | NATURE OF MDL | WORK PERFORMED | ONGOING TIME COMMITMENT |
|---|---|---|---|---|---|
| *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.* MDL No. 2672 (N.D. Cal.) | Judge Charles R. Breyer (415) 522-2062 | Plaintiffs' Steering Committee | Consumer | E-Discovery; Law and Briefing; Rule 23 Issues; Damage and Liability Experts; Settlement | Resolved |
| *In re Apple Inc. Device Performance Litig.* MDL No. 2827 (N.D. Cal.) | Judge Edward J. Davila (408) 535-5454 | Chair of Plaintiffs' Executive Committee | Consumer | Chair of PEC, E-Discovery, Law and Briefing; Time and Expense Management | Light (Motion For Preliminary Approval filed on February 28, 2020) |
| *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.* MDL No 2905 (C.D. Cal.) | Judge John A. Kronstadt (213) 894-2156 | Plaintiffs' Steering Committee | Consumer; Personal Injury | Plaintiff Vetting; Complaint Drafting | Light |
| *In re Liquid Aluminum Sulfate Antitrust Litig.* MDL No. 2687 (D.N.J.) | Judge Madeline Cox Arleo (973) 297-4903 (Courtroom Deputy – Amy Anderson) | Plaintiffs' Steering Committee | Antitrust | Law and Briefing; Damage Experts; Settlement | Resolved |
| *In re FieldTurf Artificial Turf Mktg. & Sales Practices Litig.* MDL No. 2779 (D.N.J.) | Judge Michael A. Shipp (609) 989-2009 | Plaintiffs' Steering Committee | Consumer | Law and Briefing; Discovery | Light |

| CASE | JUDGE / JUDGE'S PHONE | POSITION | NATURE OF MDL | WORK PERFORMED | ONGOING TIME COMMITMENT |
|---|---|---|---|---|---|
| *Jaffe v. Household Int'l, Inc.* No. 1:02-cv-05893 (N.D. Ill.) | Judge Jorge L. Alonso (312) 435-6044 | Sole Lead Counsel | Securities | Trial Preparation | Resolved |
| *In re Facebook Biometric Info. Privacy Litig.* No. 3:15-cv-03747 (N.D. Cal.) | Judge James Donato (415) 522-2066 (Courtroom Deputy – Lisa Clark) | Co-Lead Counsel | Privacy | Law and Briefing; Discovery | Light |
| *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.* MDL No. 1720 (E.D.N.Y.) | Judge Margo K. Brodie (718) 613-2140 | Co-Lead Counsel | Antitrust | Law and Briefing; Discovery | Resolved |
| *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.* MDL No. 2904 (D.N.J.) | Judge Madeline Cox Arleo (973) 297-4903 (Courtroom Deputy – Amy Anderson) | LabCorp Track – Co-Lead Counsel | Data Breach | Law and Briefing | Light |

| CASE | JUDGE / JUDGE'S PHONE | POSITION | NATURE OF MDL | WORK PERFORMED | ONGOING TIME COMMITMENT |
|---|---|---|---|---|---|
| *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.* MDL No. 2879 (D. Md.) | Judge Paul W. Grimm (301) 344-0670 | Financial Institution Plaintiffs' Steering Committee/ Financial Institution Coordinating Discovery Counsel | Data Breach | Law and Briefing | Light |
| *In re Intel Corp. CPU Mktg., Sales Practices & Prods. Liab. Litig.* MDL No. 2828 (D. Or.) | Judge Michael H. Simon (503) 326-8380 | Plaintiffs' Steering Committee | Consumer | Law and Briefing | Light |
| *In re Yahoo! Inc. Customer Data Sec. Breach Litig.* MDL No. 2752 (N.D. Cal.) | Judge Lucy H. Koh (408) 535-5346 (Courtroom Deputy – Kassandra Dibble) | Plaintiffs' Steering Committee | Data Breach | Law and Briefing; Discovery | Resolved |
| *In re Nat'l Hockey League Players' Concussion Injury Litig.* MDL No. 2551 (D. Minn.) | Judge Susan Richard Nelson (651) 848-1970 | Co-Lead Counsel | Personal Injury | Law and Briefing; Discovery; Depositions; Damage and Liability Experts; Settlement | Resolved |

| CASE | JUDGE / JUDGE'S PHONE | POSITION | NATURE OF MDL | WORK PERFORMED | ONGOING TIME COMMITMENT |
|---|---|---|---|---|---|
| *In re Ford Fusion and C-MAX Fuel Econ. Litig.* MDL No. 2450 (S.D.N.Y) | Judge Kenneth M. Karas (914) 390-4145 | Co-Lead Counsel | Consumer | Law and Briefing; Depositions; Damage and Liability Experts; Discovery; Settlement | Resolved |
| *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.* MDL No. 2258 (S.D. Cal.) | Judge Anthony J. Battaglia (619) 557-3446 | Co-Lead Counsel | Data Beach | Law and Briefing; Discovery | Resolved |
| *In re POM Wonderful LLC Mktg. & Sales Practices Litig.* MDL No. 2199 (C.D. Cal.) | Judge Dean D. Pregerson (213) 894-2309 (Courtroom Deputy – Patricia Gomez) | Plaintiffs' Steering Committee | Consumer | Law and Briefing; Depositions; Damage and Liability Experts; Discovery | Resolved |
| *In re Checking Account Overdraft Litig.* MDL No. 2036 (S.D. Fla.) | Judge James L. King (305) 523-5000 | Class Certification Committee | Consumer | Law and Briefing; Rule 23 Issues | Resolved |

# APPENDIX C

## Attorneys Who Mark J. Dearman Believes
## Would Be Beneficial to Leadership

Undersigned agrees with the Court's observations that any leadership structure must have the necessary resources, experience, and diversity of perspectives to successfully prosecute this MDL, but, importantly, it must be lean and efficient. While I am proud of my ability to work well with others and my team approach and philosophy, I have specifically not engaged in an effort to solicit support from others, nor have I "promised" my support to anyone. The only conversations that I have engaged in are with the lawyers on the complaints on which I appear. In following the Court's directive, I offer the following suggestions:

1.  Robert Gilbert, Kopelowitz Ostrow Ferguson Weiselberg Gilbert: Mr. Gilbert, with whom I have successfully collaborated on several large class action litigations, is an experienced MDL lawyer who has the ability to take complex cases through trial and who consistently exhibits the integrity and professionalism necessary to serve as Lead Counsel or Co-Lead Counsel, and as part of a Plaintiffs' Steering Committee.

2.  Christopher Seeger, Seeger Weiss LLP: I believe Mr. Seeger, who I have had the pleasure of working with collaboratively, effectively, and efficiently in several MDLs, has as much relevant experience in cases of this nature, and success in resolving them, as any lawyer in the nation, and I would be honored to work alongside him in any capacity the Court deems appropriate.

3.  Although I do not know Ricardo M. Martinez-Cid personally, I am well familiar with his firm, Podhurst Orseck, P.A., and many of his partners, including Peter Prieto and Steven Marks, with whom I have an excellent professional relationship, and would welcome the opportunity to work with Mr. Martinez-Cid.

4.  Although I do not know Francisco R. Maderal personally, I am well familiar with his firm, Colson Hicks Eidson, and many of his partners, including Julie Braman Kane, with whom I have an excellent professional relationship, and would welcome the opportunity to work with Mr. Maderal.