# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION** | **MDL No. 2924**<br>**20-MD-2924**<br><br>**Hon. Robin L. Rosenberg**<br>**Hon. Bruce E. Reinhart** |

**THIS DOCUMENT RELATED TO: ALL CASES**

## NOTICE OF FILING APPLICATION
## TO SERVE ON PLAINTIFFS' STEERING COMMITTEE

Yechezkel Rodal, of Levin Citron Rodal, PLLC, respectfully submits the following Application to Serve on Plaintiffs' Steering Committee, pursuant to the Court's Pretrial Order #1, entered on February 14, 2020 [D.E. 13].

Respectfully Submitted,

Levin Citron Rodal, PLLC
5300 N.W. 33rd Ave., Ste. 219
Ft. Lauderdale, Florida 33309
Telephone: (954) 807-9269
Facsimile: (954) 900-1208

*/s/ Yechezkel Rodal*
Yechezkel Rodal, Esq.
Florida Bar No. 91210
yrodal@levincitronrodal.com

As an "energetic attorney[] with new ideas," I would be a valuable addition to Plaintiffs' Steering Committee. [D.E. 13 at 12.] Additionally, my life experiences, background, and skill sets nicely conform to the diversity element the Court seeks. My early involvement and passion for this litigation speak for itself. I look forward to the Court affording me the opportunity to prove myself in the MDL arena and to bring over the success and skills I have developed in other areas of practice.

I begin with a short personal background so the Court can better appreciate how I will assist in bringing "together a multiplicity of approaches" to best assist the Plaintiffs in this litigation. I was raised in a Hasidic Jewish home in Pittsburgh, Pennsylvania, and I was the first in my family to attend college. I am hoping to be what I believe is the first ever Hasidic lawyer appointed to a Plaintiff's Steering Committee in a pharmaceutical MDL. Law is my second career, following a 10-year stint in the food industry. I owned one of only two Glatt-Kosher Thai restaurants in the United Stated, located in Sunrise, Florida. I realized a better use of my time and skills was to assist others in opening and running their own restaurants, and I began consulting for various restaurant owners. Something I learned early on in my own ownership experience was the power of data. Data is critical to sales, marketing, budget, and accountability. Data is power, and the ability to understand and adapt data is an incredible advantage. At that time, point of sale systems were in the very early stages, and I was an early adopter of the technology now ubiquitous. I also developed and adapted software for efficiently and effectively translating the raw data into useful instruction. This appreciation for the power of data has been a great influence on my legal career. The experience of running my own business has instilled in me the responsibility, work ethic, and real-world experience that years in the best business school could not provide.

With a wealth of knowledge and experience under my belt, I decided to attend law school. With a wife and two children, I had to attend night classes at Florida International University College of Law while working full time at a personal injury law firm where I became mesmerized with civil litigation. I loaded up on courses and took extra summer classes to finish the 4-year program in just under 3 years. Since then, I have represented thousands of plaintiffs in federal and state courts throughout the country. I have litigated hundreds of cases in the Southern District of Florida, including many cases before this Court.

    a) **Willingness and Availability to Commit to a Time-Consuming Project**

Recognizing from day one the breadth and scope this case was likely to involve, I teamed up with two dear friends and together, we pooled our resources and manpower to form Levin

2

Citron Rodal, PLLC, with the goal of being a leader in the Zantac litigation. I am well aware of the time commitments required by the position and I do not take it lightly. I have been involved in complex litigation where I have hired and managed dozens of document reviewers. I have in the past year been winding down many of my "smaller" cases so that I may more fully dedicate my time to projects such as this PSC. My office is in Ft. Lauderdale, which will make it very convenient to attend all Court hearings and local meetings.

b) **Ability to Work Cooperatively with Others**

I have been meeting and working with several of the leaders of this litigation for many months and look forward to continuing the relationships. From my days as a restaurant owner, consultant, and lawyer—the ability to work cooperatively has been a tremendous asset for me. Knowing that I do not need the limelight or the credit has enabled me to work very well with others. As of the filing of this Application, I have also been listed on the "Appendix C" of multiple other attorneys, demonstrating the reputation I have with others involved in this litigation.

c) **Professional Experience in This Type of Litigation**

As this Court noted, "the highest levels of competence and experience alone will not necessarily result in a just and efficient resolution of this litigation." [D.E. 13 at 12.] What I lack in MDL leadership experience, I more than make up for in creativity, work ethic, professionalism, tenacity, and other relevant experience.

Recognizing the Court's expectations and to be best prepared, I have enrolled in Duke Law School's intensive 3-day Mass-Tort MDL Certificate Program, scheduled for March 11-13, 2020—just a few days after this application is being submitted. "The 2020 program will feature courses taught by experienced MDL judges, preeminent lead counsel, and MDL committee chairs, and it will offer unparalleled access to the leaders in the MDL world. The program is designed for both plaintiff and defense lawyers looking to transition into the tort and consumer mass-tort field who would like to enhance their ability to compete for MDL committee appointments, and for those more experienced attorneys focused on refining their skills in the field[1]."

Clearly, the Court needs a PSC comprised of experienced MDL attorneys who will run an efficient case. However, there must also be a place for newcomers to carry on the torch, to present new ideas, and to supplement the experience already present. I would make a great addition to the PSC as a fresh perspective—in conjunction with the experience and expertise of the other team members—will be a valuable asset in assisting this Court.

---

[1] https://judicialstudies.duke.edu/mass-tort-mdl-certificate-program-2020/.

3

**Levin Citron Rodal PLLC**
5300 N.W. 33rd. Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 807-9269 ● Facsimile (954) 900-1208
www.LevinCitronRodal.com

In short, I have been at the forefront of all aspects of this litigation. I was the first attorney to file a case alleging a link between Zantac, NDMA, and cancer—just a few hours after Valisure's Citizen Petition to the FDA was released. *Galimidi v. Sanofi U.S. Services Inc., et al.,* Case No. 1:19-cv-24395-RAR[2]. I was the first attorney to file a personal injury case in federal court[3]. Importantly, I was the first attorney—and to my knowledge, the only attorney—to file any Zantac related case that relied upon a peer-reviewed scientific study, completely independent of the Valisure Petition[4]. I was also the first attorney to file a class action for medical monitoring[5]. I am also on the forefront of the science behind this case, and, uniquely, the science behind the link between Zantac and birth defects and other pregnancy-related injuries. I presented on this topic at HarrisMartin's Zantac MDL Conference in Tampa on January 29, 2020. This goes directly to an important factor and highlights my "efforts in researching and investigating the claims before the court." *Manual for Complex Litigation (Fourth)* §22.62 at 406.

I have filed and litigated cases in other MDLs, although not in any leadership capacity. I also bring the added benefit of having a class action and numerous personal injury cases already filed, so that I can make sure all interests are properly accounted for. I have been in regular contact with many of the plaintiffs' attorneys and have developed good working and personal relationships with them. I have filed and litigated class actions—national and Florida only—and have been appointed as class counsel in four cases, three of which were as lead counsel. I was privileged to have this Court deny Wal-Mart's motion to dismiss in a putative national class action I brought alleging negligent bike assembly procedures. *Johnson v. Wal-Mart Stores, Inc.*, Case No. 9:17-cv-80943-RLR. Many of the other applicants sit on executive committees or other groups together in other cases which is very beneficial. However, to the extent that other attorneys may feel left out of this "club"—I will bring the proverbial outsider's perspective with an eye towards inclusion and true consensus—owing favors to none.

d) **Willingness to Commit the Necessary Resources to Pursue This Matter**

As stated above, our consolidated firm is now in the position to contribute any resources needed for this case. We have already spent a substantial amount of money on marketing and infrastructure and intend to file upwards of 800 cases. In addition, I have secured a line of credit, should the unlikely need so arise.

---

[2] *Galimidi v. Sanofi U.S. Services Inc., et al.* was originally filed in Miami-Dade County Circuit Court and later removed to the Southern District of Florida and assigned Case No. 1:19-cv-24395-BB.
[3] *Lopez Flores v. Sanofi US Services Inc. et al.*, Case No. 0:19-cv-62313-RLR.
[4] *Goldstein v. Sanofi US Services, Inc. et al,* Case No. 9:19-cv-81607-RLR (originally assigned to this Court).
[5] *Egozi et al v. Sanofi US Services, Inc. et al*, Case No. 19-cv-62948-RLR.

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and served using the CM/ECF system.

                                      Respectfully submitted,

                                      */s/ Yechezkel Rodal*
                                      Yechezkel Rodal, Esq.
                                      Florida Bar No. 91210
                                      yrodal@levincitronrodal.com

**Levin Citron Rodal PLLC**
5300 N.W. 33rd. Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 807-9269 ● Facsimile (954) 900-1208
www.LevinCitronRodal.com