# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2924<br><br>Civil Action No. 9:20-md-2924<br><br>JUDGE ROBIN L. ROSENBERG |

**THIS DOCUMENT RELATES TO: ALL CASES**

### NOTICE OF FILING OF APPLICATION TO APPOINT MICHAEL L. McGLAMRY TO PLAINTIFFS' LEADERSHIP

    Attorney Michael L. McGlamry submits the following application for appointment to the Plaintiffs' Leadership.

Dated: March 6, 2020

Respectfully submitted,

POPE McGLAMRY, P.C.

*/s/ Michael L. McGlamry*
Michael L. McGlamry
3391 Peachtree Road, NE, Suite 300
Atlanta, GA 30326
Ph: (404) 523-7706
Fx: (404) 524-1648
efile@pmkm.com

## APPLICATION TO APPOINT MICHAEL L. McGLAMRY
## TO PLAINTIFFS' LEADERSHIP

Pursuant to Pretrial Order No. 1, I respectfully apply to serve on the PSC and as a Co-Lead for this litigation. I am a Shareholder, Officer and Director of the law firm of Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. (Pope McGlamry). I graduated from Wake Forest University in 1978 and the University of Georgia School of Law in 1982. I have practiced continually since 1982 in state and federal courts around the country. I have had extensive involvement in mass tort and class action litigation in numerous capacities, including serving in leadership roles in multiple MDLs and state-court consolidations. *See* Appendix B. In addition to my work in mass tort litigation, I have been appointed class counsel in 53 state and federal court class actions that have resulted in over $1 billion in settlements or verdicts. My experience demonstrates both my abilities to work cooperatively with others and to exercise the judgment and discretion required for effective MDL leadership.

This Court identified the "main criteria" for leadership appointment as: (1) willingness and availability to commit to a time-consuming project; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) willingness to commit the necessary resources to pursue this matter. (ECF 13 at 11.) The Manual for Complex Litigation lists overlapping and additional factors for consideration in selecting and appointing lead counsel in complex actions, including: resources, commitment, qualifications, and competence of designated counsel; whether there has been full disclosure of agreements among counsel; the existence of clear guidelines for compensation and reimbursement and whether arrangements among counsel are fair, reasonable and efficient; whether counsel fairly represents the various interests in the litigation; and counsels' ability to command the respect of their colleagues and work cooperatively with opposing counsel. *See* Manual for Complex Litigation (Fourth)("MCL"), § 10.224.

This is a unique litigation in that the use of Zantac/Ranitidine is wide-spread and has occurred over an extended time period, making this MDL potentially the largest ever pharmaceutical drug case. The success of Plaintiffs' leadership will depend, in large part, upon the dynamics and synergies among Plaintiffs' counsel, counsel for the various drug manufacturers, and the court-appointed facilitator, Professor Jaime Dodge. As disclosed in my Initial Census Team application, I have worked extensively with Professor Dodge and Emory's Institute for Complex Litigation and Mass Claims on various practical and legal issues involving mass claims, participating in numerous Institute events and conferences, including, for example:

- Federal Judicial Center & JPML Complex Litigation Settlements Conference, Emory University School of Law, Dec. 14-16, 2016
- MDL Conference, Washington, D.C., Oct. 2, 2018
- MDL Roundtable, Boston, MA, May 9, 2019

In addition, I have managed and conducted extensive discovery against large corporate defendants in substantial MDLs and class actions. As a result, I was appointed to and served on the Committee on E-Discovery Rules for the Northern District of Georgia and the Georgia State Bar Judicial Procedures Committee. In addition, I have worked closely for years with several of the lead defense counsel in this litigation.

My involvement in other MDL litigations means that I understand this complex, time-consuming and expensive litigation, requiring commitment and dedication. My firm and I are committed both financially and in terms of manpower, to litigate, from the outset to the very end of MDL-2924. Pope McGlamry is an 18-attorney civil trial law firm. Since its inception in 1985, the firm has represented thousands of clients in personal injury, products and pharmaceutical liability, mass torts and class actions. The firm has also represented both plaintiffs and defendants in individual complex litigation matters. Pope McGlamry's long history of success in mass tort and class action work demonstrate its ability and resources to efficiently and effectively litigate large-scale cases involving substantial discovery, data processing and the development of expert witnesses.

I propose that the PSC be a manageable size with strong leadership, talent at the appropriate positions (legal, science, discovery, trial, administration, data collection, etc.), with the resources and time to commit fully to this MDL. I believe that there should be Co-Leads, a small Plaintiff's Executive Committee (PEC) and a reasonable number of PSC members, perhaps approximately 15. I would rather start with a smaller, more manageable number, which I believe to be more efficient and less duplicative. If necessary, later additions can fill in gaps or provide additional strength. Otherwise, the PSC risks spending as much time organizing and administrating as it does litigating. The key is commitment because with it, a smaller group can be more organized, focused, practical and flexible.

Finally, because several cases in this MDL were filed as class actions, I would recommend that Liaison and Co-Lead Counsel also be designated as Co-Interim Class Counsel pursuant to Rule 23(g) to "act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Federal Rule 23(g) provides similar criteria for the appointment of interim class counsel as is outlined in the MCL (and listed above). *See* Fed. R. Civ. P. 23(g)(1)(A)(i-iv) & (B).

I submit this application, having made no agreements or arrangements with any other counsel, except for the promise to work cooperatively with any and all counsel appointed to leadership. While I appreciate the significance of a consortium of lawyers who have committed to working together, I also believe it is just as critical to have independent, unattached and experienced judgment, thoughts and ideas at the table. When it comes to litigation like this, although experience in MDLs and class actions is critical – and I have plenty – actual complex case management and trial experience is equally crucial. I have tried dozens of cases to a verdict, including the Wright Medical MDL-2329 bellwether, *Robyn Christiansen v. Wright Medical Technology, Inc*. Furthermore, in the Wright Medical MDL and JCCP, I personally negotiated the settlement. I further participated in the settlement negotiations for the Stryker hip consolidations. These experiences, beyond just general leadership or filing cases in an MDL, qualify me to serve as a Co-Lead.

Since my appointment by the Court to the Initial Census Team, I have dedicated much of my time to this litigation. Although I do maintain leadership roles in other MDLs, as evidenced by Appendix B, the majority of those commitments are coming to a close. The Wright Medical and WellNx MDLs are closed; my involvement in the NFL, Rejuvenate, and Biomet PSCs has ended; and Stryker LFIT has already had one round of settlement and any additional rounds of

settlement will not require significant time commitments. I therefore have the capacity to commit fully to this litigation, and I intend to do so should I be appointed to leadership.

      The Initial Census Committee (Tracy Finken, Adam Pulaski, Daniel Nigh and myself) have worked closely together and already made considerable progress toward: (1) a robust, practical and meaningful census program that we believe will benefit the Court and the parties in the identification of injury and usage data and trends; (2) development and execution of a proportionate discovery plan; (3) selection and trial of Bellwether cases and effective resolution. I have met with and communicated with defense counsel, several of whom I have known and worked with for years. I believe that these relationships will inure to the benfit of all plaintiffs and the Court in this litigation.

      I further commit to generating buy-in and input amongst plaintiffs' counsel for all filed and unfiled cases; putting Pope McGlamry's cases on a registry and ultimately filing all cases our firm intakes and to comply with the Court's request for data. I would be honored to continue to work with this Court and appreciate the Court's consideration.

      Respectfully submitted,

*/s/ Michael L. McGlamry*
Michael L. McGlamry
POPE McGLAMRY, P.C.
3391 Peachtree Road, NE, Suite 300
Atlanta, GA  30326
Ph: (404) 523-7706
Fx: (404) 524-1648
efile@pmkm.com

CERTIFICATE OF SERVICE

I do hereby certify that on March 6, 2020, a true and correct copy of the foregoing was served on all counsel listed on Schedule B of the Pretrial Order No. 1 in accordance with the email addresses provided.

*/s/ Michael L. McGlamry*
Michael L. McGlamry
POPE McGLAMRY, P.C.
3391 Peachtree Road, NE, Suite 300
Atlanta, GA  30326
Ph: (404) 523-7706
Fx: (404) 524-1648
efile@pmkm.com

# APPENDIX A

*Breannon Hochberger, as Personal Representative for the Estate of Anson Noell, deceased, v. Sanofi-Aventis U.S. LLC.; Sanofi US Services Inc.; Sanofi S.A.; Chattem, Inc.; and Boehringer Ingelheim Pharmaceuticals, Inc*., Case No. 1:20-cv-00797, United States District Court for the Northern District of Georgia before Hon. William M. Ray, II (404-215-1480).

*Kathy McMillian v. Sanofi-Aventis U.S. LLC, et al.*, Case No. 1:20-cv-141, United States District Court for the Southern District of Alabama

*Luis Torres v. Boehringer Ingelheim Pharmaceuticals, Inc., et al*., Case No. 5:20-cv-98-Oc-30PRL, United States District Court for the Middle District of Florida before Hon. James S. Moody, Jr.

*Dennis Williams v. Boehringer Ingelheim Pharmaceuticals, Inc.,* Case No. 2:20-cv-161-WC, United States District Court for the Middle District of Alabama before Chief Magistrate Judge Wallace Capel, Jr.

*Marilyn Williams v. Boehringer Ingelheim Pharmaceuticals, Inc*., Case No. 2:20-cv-160-SMD, United States District Court for the Middle District of Alabama before Magistrate Judge Stephen M. Doyle

# APPENDIX B

## *MDL Experience*

| MDL No. | Nature of the MDL | Leadership Role Held | Presiding Judge | Nature of Work Performed | Ongoing Time Commitment |
|---|---|---|---|---|---|
| 2329 | Wright Medical Technology, Inc. Conserve Hip Implants (Medical device) | Co-Lead Counsel | Hon. Thomas Thrash 404-215-1550 | Lead with the Court; all phases of discovery, including vendors; trial team; lead settlement negotiations; settlement administration | None – MDL closed |
| 2323 | NFL Players' Concussion Litigation (Personal injury) | Plaintiffs' Steering Committee; Discovery Committee; Communications Committee | Hon. Anita Brody 215-597-3978 | Communications; Discovery Committee; Legal Committee | None – PSC dissolved by Court |
| 2391 | Biomet M2a Magnum Hip Implants (Medical device) | Plaintiffs' Steering Committee | Hon. Robert Miller 574-246-8080 | Involved in discovery and retention of experts | None – PSC involvement ended. |
| 1861 | WellNx Marketing and Sales Practices Litigation (Deceptive advertising) | Plaintiffs' Steering Committee | Hon. Richard Stearns 617-748-9812 | Leadership decisions; discovery; settlement negotiations | None – MDL closed |

## *State Court Consolidations*

| MCL/JCCP No. | Nature of the Litigation | Leadership Role Held | Presiding Judge | Nature of Work Performed | Ongoing Time Commitment |
|---|---|---|---|---|---|
| JCCP 4710 | Wright Hip Systems (Medical device) | Co-Lead Counsel | Hon. Ann Jones 213-310-7011 | Lead with the Court; all phases of discovery, including vendors; trial team; lead settlement negotiations; settlement administration | Minimal – in the process of final resolution |
| BER-L-2073-16 | Stryker LFIT CoCr V40 Hip Implant (Medical device) | Plaintiffs' Executive Committee | Hon. Rachelle Harz 201-221-0700 | Leadership decisions; settlement negotiations; preparation and administration | Minimal – pending 2nd round of settlement |

| BER-L-936-13 | Stryker Rejuvenate & ABG II Hip Stems (Medical device) | Plaintiffs' Steering Committee | Hon. Rachelle Harz 201-221-0700 | Leadership, settlement | None |

**APPENDIX C**

I have appreciated the opportunity to serve on the Initial Census ("IC") Committee, and we have worked diligently and in coordination with the Practices and Procedures Committee. The IC Committee has quickly accomplished a great deal to prepare for efficient MDL prosecution to the benefit of this litigation – for the parties and the Court. The IC Committee has worked closely with the Practices and Procedures Committee to develop and promote a consistent and unified Plaintiffs' position.

These committees' members represent a microcosm of the potential leadership. There is experience, wisdom and thoughtfulness, as well as youth and energy. There is diversity of gender, demographics, law practice, skill sets and temperaments. I believe this group and ultimately the permanent PSC has the talent, resources and energy to represent our respective clients professionally and competently. But it will need the proper leadership, a cohesive Co-Lead structure that provides experience, thoughtfulness, judgment and the ability to see and direct the big picture, and more importantly, work cooperatively and effectively with opposing counsel and the Court. I believe that I should be one of those leaders.

I have varying degrees of knowledge concerning and experience with the IC and Practices and Procedures Committee members. But, based on our positive work, as a coalescing team over the past several weeks, I endorse each of them for a permanent leadership position:

I will start with **Bobby Gilbert**. I have been incredibly impressed by Bobby's leadership qualities as he commands respect, but in an honest and thoughtful way; he has a stellar reputation and a long track record of excellence and integrity; and veteran experience. He is someone I would be pleased to serve as a Co-Lead with in this MDL.

**Adam Pulaski** is a great leadership asset and a critical representative of someone with a substantial case inventory that will be solid; based on my experience with him, he will be instrumental in bringing others into the MDL. I would likewise be pleased to serve as a Co-Lead with Adam in this MDL.

**Tracy Finken** is incredibly committed to her clients; vets and prepares each of her cases as if it's the only one; and has great experience and knowledge of the science in this litigation because of her specific knowledge and involvement in other similar pharma MDLs.

**Daniel Nigh**, a young superstar, brings a considerable inventory of cases to the MDL; a strong work ethic; and substantial expertise on the product and cancer science applicable in this litigation.

**Brent Wisner** is energetic and committed and he intuitively understands and will be critical for putting together the science for Plaintiffs.

**Roopal Luhana** is also energetic and committed and, although I do not know her well, her background and experience show that she is a rising star in the MDL world. **Mikal Watts**, also highly regarded, is an MDL veteran who will aggressively champion this litigation.

Beyond our two committees, there are so many talented and deserving applicants that singling out others is difficult. At least two additional applicants deserve the Court's consideration: **Ricardo Martinez Cid** and **Jennifer Moore**. I have known and worked with Ricardo for 10 years and know him as a brilliant, detailed lawyer, who is both practical and reasonable; every PSC member will admire and respect Ricardo.

Although I do not have a long track record with Jennifer, it is not hard to appreciate her abilities as demonstrated by her involvement in leadership and trial-lawyer capacities in other MDLs. .