UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) : | |
| PRODUCTS LIABILITY LITIGATION : | 9:20-MD-2924-RLR |

**ROBERT C. HILLIARD**
**APPLICATION FOR LEADERSHIP APPOINTMENT**

### I. INTRODUCTION

A 37-year litigation career and a proven track record of successful leadership in multidistrict litigation reflect my dedication to professionalism, reasonableness, and a leadership style that emphasizes cooperation. My diverse[1] team is solution-focused, collaborative, and maintains positive relationships with courts and counsel. If appointed, I will apply that cooperation-based approach and unequivocally commit my own time and my firm's substantial resources to this MDL. With 34 cases (see Appx. A) and over 10,000 additional clients, including 154 wrongful deaths, I am committed to aggressively and meritoriously pursuing the claims in this MDL.

### II. THE WORK I HAVE DONE AND CONTINUE TO DO FOR THE BENEFIT OF THE ZANTAC MDL

We are working directly with Professor William Mitch and Valisure CEO, David Light, to fully integrate their landmark studies into the Zantac litigation.[2] I have engaged additional scientists to further evaluate and explain these studies, as well as Sanofi's and the FDA's public comments about them.

Upon invitation, my team and I made presentations at two Harris Martin Conferences and a Mass Torts Made Perfect Conference. We developed and continue to refine data analytics of our clients, including an analysis of the amount of time a person is typically exposed to N-nitrosodimethylamine ("NDMA") before developing various kinds of cancers, and an investigation of the relationship of age, race, and background to the development of cancer.

My firm employs attorneys with significant experience with complex cases involving the FDA, and its applicable regulations concerning Good Manufacturing Practices, pharmacovigilance, and pharmacokinetics, all of which will likely be at issue in this case.

### III. JUDICIALLY-RECOGNIZED PROFESSIONALISM AND EFFICACY AS LEAD COUNSEL

One of the difficulties for an MDL Court in reviewing many qualified leadership applications is to predict the future relationships and trust between various counsel and the Court. In 2014, I was appointed one of three co-lead counsel in the massive GM Ignition Switch MDL, involving thousands of plaintiffs and over 200 law firms.[3] The Honorable Jesse M. Furman appointed me lead counsel with "primary responsibility for personal injury and wrongful death cases."[4] At the height of the GM MDL, I oversaw 3,700 wrongful death and personal injury cases (in addition to

---

[1] Diversity is of utmost importance to my practice. HMG is 66% female, 67% Hispanic/Latina/Latino/African-American, and 7% LGBTQ+.
[2] Zeng, T., *Oral intake of ranitidine increases urinary excretion of N-nitrosodimethylamine.* PubMed Carcinogenesis, 2016 Jun; 37(6):625-634; Light, David, "Valisure Citizen Petition on Ranitidine." 9 Sept. 2019.
[3] *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 1:14-md-2543, (S.D.N.Y. Aug. 15, 2014) DE 249 p. 3.
[4] *Id.*

1

coordinating thousands of filed and unfiled state cases) resulting in over 2,900 settlements, 760 dismissals, and a current docket of only 40 remaining cases. We also actively participated in bankruptcy proceedings in front of Judge Martin Glenn and handled two appeals to the Second Circuit. Judge Furman noted, "I think counsel has done a remarkable job of leading this incredibly complicated litigation in general and especially given the demanding schedule…." I was also the lead trial lawyer for the first GM bellwether jury trial, at the conclusion of which Judge Furman recognized "both sides did a terrific job in zealously representing their clients and proved that your reputations for excellence as trial lawyers are well deserved, in my opinion."[5]

Judge Furman praised our efficiency in discovery and motion practice. We "accomplished a massive amount in a relatively short amount of time," including taking or defending "over three hundred depositions…review[ing] millions of pages of documents" and briefing "close to fifty *in limine,* summary judgment, and *Daubert* motions."[6] During one of the bellwether trials, Judge Furman again noted that my team and I "conducted a tremendous amount of discovery in less than a year and a half."[7] As lead counsel, we led pretrial and/or trial proceedings for thirteen bellwether trials. As stated by Judge Furman: "***These contributions have been tremendously valuable to individuals with claims against GM. Indeed, no doubt as a result in part of these efforts, the vast majority of claims against New GM have been settled.***"[8]

More recently, in the Gilead pharmaceutical product liability litigation, Judge Jon S. Tigar recognized the value of our creative and efficient solutions to manage large-scale litigation by granting our request for non-binding summary jury trials, enabling the parties to test numerous cases and issues in advance of, or in lieu of, more expensive and burdensome bellwether trials.[9] My team will bring to this litigation the same efficiency and creativity noted by Judges Furman and Tigar.

### IV. EXPERIENCED LEADER IN PHARMACEUTICAL AND MEDICAL DEVICE CASES

My roles and successes in pharmaceutical and medical device litigation include:

- ***Holley v. Gilead Sciences, Inc.*** **(Cases consolidated per Northern District of California LR 3-12(a)):** My firm is currently leading the litigation against Gilead in the Northern District of California, where we have 758 pending cases. The claims relate to bone and kidney injuries caused by Gilead's five tenofovir-containing drugs indicated for the treatment or prevention of HIV, and to Gilead's conduct in withholding safer versions of the medications to maximize profits at the expense of patients.

- ***Dukes v. Bristol Myers-Squibb Co., et al.,*** **Bexar County, Texas, Cause No. 2012-C1-15223 (2013):** I successfully settled a suit involving 15 patients killed or injured by Bristol-Myers Squibb's experimental drug for the treatment of Hepatitis C for $80 million. I led filings, pre-trial matters, and negotiations.

- ***In re Risperdal Litigation*** **(2013):** I successfully settled over 1,500 cases after trying a number of the cases and taking the deposition of Johnson & Johnson's C.E.O., Alex Gorsky.

---

[5] *Id.* at 1303:24-1304:1.
[6] *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 1:14-md-2543, (S.D.N.Y. Apr. 12, 2016) DE. 2743 p. 1.
[7] *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 1:14-md-2543, (S.D.N.Y. Nov. 8, 2019) DE. 7377 pp. 3-4.
[8] *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 1:14-md-2543, (S.D.N.Y. Nov. 20, 2015) Tr. 3:3-9.
[9] *Holley v. Gilead Sciences, Inc.,* No. 4:18-cv-06972-JST (N.D. Cal. Jan. 17, 2020) DE 160.

- ***In re Guidant Corp. Implantable Defibrillators Products Liability Litigation* (2007):** I filed the first case in the country against Guidant Corporation for defective heart defibrillators and drafted and argued countless motions. My deposition of Guidant's CEO, Fred McCoy, played a critical role in resolving the national MDL regarding defective defibrillators.
- ***In re Bendectin Litigation* (1990s):** I represented plaintiffs (and obtained a $33 million verdict for an individual plaintiff) at trial and at the Texas Supreme Court in *Havner v. Merrill Dow Pharmaceuticals,* 953 S.W.2d 706 (Tex. 1996), which became the benchmark case for admissibility of expert testimony in Texas, equivalent to *Daubert*. Over one thousand court decisions have relied upon the *Havner* analysis. *See e.g. Bostic v. Georgia-Pacific Corp.,* 439 S.W.3d 332, 347 (Tex. 2014) ("*Havner* is a foundational part of our jurisprudence.").

Other leadership appointments and significant roles in large-scale litigation are listed in Appx. B.

## V. ADDITIONAL CONSIDERATIONS

For me, the practice of law is personal. I believe in doing the right thing for the sake of doing the right thing. Money and success are ancillary benefits of the relentless pursuit of justice, but nothing compares to the feeling that comes with actually saving lives, correcting corrupt corporate practices, and changing the nation for the better. I once fought, *pro bono*, to release an imprisoned Hmong refugee who was three years in to an eight-year jail sentence for vehicular homicide. Over a four-day evidentiary hearing, I proved his Toyota experienced a sudden unintended acceleration. At the conclusion of evidence, the Minnesota court who sentenced him, ordered his immediate, permanent release from prison. Although freeing Koua was reward enough, for that representation, the Innocence Project of Minnesota presented me with the 2011 Never Forgotten Award, and I was named a Public Justice National Trial Lawyer of the Year Finalist.

I also represent the parents of a 15-year old Mexican national who was shot and killed in Mexico by a U.S. border patrol agent who fired the fatal shot from U.S. soil. The first phase of our thus-far 10-year legal odyssey (including two Fifth Circuit *en banc* arguments and my successful argument to the Supreme Court on a qualified-immunity issue) just ended with a 5-4 decision from the United States Supreme Court holding that the family has no *Bivens* claim. Justice Ginsburg articulated a powerful, poignant dissent, and I share her sentiment that doing "nothing" is not the answer.  We will tee up the next phase of this case in international forums to address the United States' violations of international treaties and customary international law.

I was recognized as the National Law Journal's 2016 Elite Trial Lawyer of the Year in both Products Liability and in Motor Vehicles. I am board certified in Personal Injury Trial Law (1990) and Civil Trial Law (1992); an Advocate in the American Board of Trial Advocates (ABOTA) (which requires 50 jury trials to verdict as lead counsel); a member of the American Association for Justice (formerly ATLA); have served as Co-Chairman of its National Ethics Committee from 1992-1995; and am a former instructor for the Gerry Spence Trial Lawyers College, WY (1997-2000). I am one of only 3,500 Fellows in the Litigation Council of America (LCA) and have been a Texas "Super Lawyer" for 17 years.

I am prepared to bring my time, talent, and effort to assist this Court and other counsel in justly and efficiently resolving this MDL. I thus seek a leadership appointment for Plaintiffs.

                                                  */s/ Robert C. Hilliard*_____
                                                  Robert C. Hilliard

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March 2020, I caused the foregoing to be filed via the Court's CM/ECF system and that system will serve this document on all counsel of record.

*/s/ Robert C. Hilliard*
Robert C. Hilliard

# APPENDIX A

## LIST OF MR. HILLIARD'S FILED ZANTAC CASES

| Case Caption | MDL Case No. | Date Filed/ Transferor Court/ Case No. | Date Transferred |
|---|---|---|---|
| *Alviar v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | | January 2, 2020 (D. New Jersey) 3:20-cv-00029 | |
| *Arias v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80321 | December 12, 2019 (D. New Jersey) 3:19-cv-21324 | February 27, 2020 |
| *Bazan v. Chattem, Inc., et al.* | 9:20-cv-80310 | December 12,2019 (D. New Jersey) 3:19-cv-21199 | February 27, 2020 |
| *Bean v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80327 | December 18, 2019 (D. New Jersey) 3:19-cv-21514 | February 27, 2020 |
| *Baker v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80325 | December 18, 2019 (D. New Jersey) 3:19-cv-21512 | February 27, 2020 |
| *Bell v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | | January 2, 2020 (D. New Jersey) 3:20-cv-00039 | |
| *Bice v. Chattem Inc., et al.* | 9:20-cv-80308 | December 6, 2019 (D. New Jersey) 3:19-cv-21142 | February 26, 2020 |
| *Bryant v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | | January 3, 2020 (D. New Jersey) 3:20-cv-00057 | |
| *Boekholt v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80300 | November 22, 2019 (D. New Jersey) 3:19-cv-20649 | February 26, 2020 |
| *Carbagal v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | | January 3, 2020 (D. New Jersey) 3:20-cv-00067 | |
| *Cravens, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80201 | Oct. 25, 2019 (D. Conn.) 3:19-cv-01683 | February 7, 2020 |
| *Cravens, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80201 | Oct. 25, 2019 (D. New Jersey) 3:19-cv-19368 | February 7, 2020 |
| *Conquest v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80322 | December 12, 2019 (D. New Jersey) 3:19-cv-21326 | February 27, 2020 |

| Case Caption | MDL Case No. | Date Filed/ Transferor Court/ Case No. | Date Transferred |
|---|---|---|---|
| *Davis v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | | January 3, 2020 (D. New Jersey) 3:20-cv-00068 | |
| *Dawson v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | | January 3, 2020 (D. New Jersey) 3:20-cv-00079 | |
| *Everett v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80328 | December 18, 2019 (D. New Jersey) 3:19-cv-21517 | February 27, 2020 |
| *Gawlick v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80323 | December 12, 2020 (D. New Jersey) 3:19-cv-21332 | February 27, 2020 |
| *Green v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80329 | December 18, 2019 (D. New Jersey) 3:19-cv-21518 | February 27, 2020 |
| *Haskins v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | | January 3, 2020 (D. New Jersey) 3:20-cv-00105 | |
| *Jacquet v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80324 | December 12, 2019 (D. New Jersey) 3:19-cv-21334 | February 27, 2020 |
| *Johnson v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | | January 3, 2020 (D. New Jersey) 3:20-cv-00117 | |
| *Jordan v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80316 | December 19, 2019 (D. New Jersey) 3:19-cv-21206 | February 27, 2020 |
| *Kiger v. Chattem Inc., et al.* | 9:20-cv-80305 | December 2, 2019 (D. New Jersey) 3:19-cv-20908 | February 26, 2020 |
| *Liem v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | | January 3, 2020 (D. New Jersey) 3:20-cv-00125 | |
| *Linson v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80348 | December 18, 2019 (D. New Jersey) 3:19-cv-21525 | March 2, 2020 |

| Case Caption | MDL Case No. | Date Filed/ Transferor Court/ Case No. | Date Transferred |
|---|---|---|---|
| *Loubriel v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | | January 3, 2020 (D. New Jersey) 3:20-cv-00131 | |
| *Lutz v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | | January 3, 2020 (D. New Jersey) 3:20-cv-00134 | |
| *Mackley v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | | January 3, 2020 (D. New Jersey) 3:20-cv-00136 | |
| *Marable v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | | January 3, 2020 (D. New Jersey) 3:20-cv-00140 | |
| *MacEachern v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80345 | December 18, 2019 (D. New Jersey) 3:19-cv-21519 | March 2, 2020 |
| *McCann v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80303 | November 22, 2019 (D. New Jersey) 3:19-cv-20651 | February 26, 2020 |
| *Micle, Sr. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80318 | December 9, 2019 (D. New Jersey) 3:19-cv-21210 | February 27, 2020 |
| *Molina v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80306 | December 2, 2019 (D. New Jersey) 3:19-cv-20910 | February 27, 2020 |
| *Moors v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80317 | December 9, 2019 (D. New Jersey) 3:19-cv-21207 | February 27, 2020 |
| *Pinkney v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80301 | November 22, 2019 (D. New Jersey) 3:19-cv-20650 | February 27, 2020 |
| *Rossler v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | | January 6, 2020 (D. New Jersey) 3:20-cv-00167 | |
| *Rose v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | | January 6, 2020 (D. New Jersey) 3:20-cv-00171 | |
| *Rutherford v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80307 | December 2, 2019 (D. New Jersey) 3:19-cv-20911 | February 26, 2020 |
| *Simon v. GlaxoSmithKline LLC, et al.* | 9:20-cv-80319 | December 12, 2019 (D. New Jersey) 3:19-cv-21323 | February 27, 2020 |

| Case Caption | MDL Case No. | Date Filed/ Transferor Court/ Case No. | Date Transferred |
|---|---|---|---|
| *Taylor v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | | January 28, 2020 (S.D. Florida) 9:20-cv-80132 | |
| *Tedford v. GlaxoSmithKline LLC, et al.* | | February 13, 2020 (E.D. Texas) 6:20-cv-00068 | |
| *Wilkerson v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | | January 6, 2020 (D. New Jersey) 3:20-cv-00176 | |
| *Wynn v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | 9:20-cv-80346 | December 18, 2019 (D. New Jersey) 3:19-cv-21521 | March 2, 2020 |
| *Zacek v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* | | January 6, 2020 (D. New Jersey) 3:20-cv-00178 | |

## APPENDIX B

**CHART OF MULTI-DISTRICT LITIGATION AND ADDITIONAL COMPLEX LITIGATION IN WHICH MR. HILLIARD'S FIRM PLAYED A LEADING ROLE[10]**

| Year, Case Caption and Jurisdiction | Presiding Judge and Telephone Number | Position Held | Nature of MDL | Nature of Work Performed and Description of Ongoing Work Performed |
|---|---|---|---|---|
| 2019<br><br>*Holley v. Gilead Sciences, Inc.*, No. 3:18-cv-06972-JST (N.D. Cal.)<br><br>U.S. District Court, Northern District of California | The Honorable Judge Jon S. Tigar<br>(510) 637-3547 | No leadership has been appointed, but HMG leads the litigation | Pharmaceutical | Negotiates Plaintiff Fact Sheet and Defendant Fact Sheet, takes all discovery, negotiates reasonable resolution regarding document production disputes, manages litigation for 758 filed plaintiffs with thousands more to be filed. |
| 2015<br><br>*In re: General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF) (S.D.N.Y.)<br><br>U.S. District Court, Southern District of New York | The Honorable Judge Jesse M. Furman<br>(212) 805-0282 | Co-Lead Counsel on behalf of personal injury plaintiffs | Product Liability | Oversaw pretrial and trial activities for thirteen (13) bellwether trials; extensive motion practice involving discovery disputes, motions *in limine*, *Daubert* and summary judgment briefings; overall case management of nearly 4,000 MDL plaintiffs. |
| 2014<br><br>*In re Actos End Payor Antitrust Litig.*, No. 13-CV-9244 (RA) (S.D.N.Y.)<br><br>U.S. District Court, Southern District of New York | The Honorable Judge Ronnie Abrams<br>(212) 805-0162 | Partner to Interim Co-Lead Counsel on behalf of consumer class plaintiffs | Antitrust | Representing consumers and third-party payors in pharmaceutical antitrust class-action litigation involving scheme to suppress the introduction of lower priced generic equivalents. Leading every aspect of litigation, including drafting oppositions to dispositive motions, appellate briefing, and oral arguments. |

---

[10] This chart includes information regarding Ben Crump, who is of counsel with HMG, as well as Steve Shadowen, who is a partner with Hilliard Shadowen LLP.

| Year, Case Caption and Jurisdiction | Presiding Judge and Telephone Number | Position Held | Nature of MDL | Nature of Work Performed and Description of Ongoing Work Performed |
|---|---|---|---|---|
| 2014<br><br>*In re Aggrenox Antitrust Litig.*, No. 3:14-MD-2516 (SRU) (D. Conn.)<br><br>U.S. District Court, District of Connecticut | The Honorable Judge Stefan R. Underhill (203) 579-5714 | Partner to Interim Co-Lead Counsel on behalf of consumer class plaintiffs | Antitrust | Represented consumers and third-party payors in antitrust class-action litigation involving a scheme that delayed lower priced generic equivalents. Led all aspects of discovery and motion practice, successfully settled the case. |
| 2014<br><br>*Loestrin 24 Fe Antitrust Litig.*, No. 1:13-MD-02472-S (D.R.I.)<br><br>U.S. District Court, District of Rhode Island | The Honorable Judge William E. Smith (401) 752-7200 | Partner to Co-Lead Counsel on behalf of third-party payor class plaintiffs | Antitrust | Class counsel for third-party payors in litigation involving a multifaceted scheme to delay generic equivalents in entering the market. Led litigation, including drafting of dispositive motions and appellate briefing, oral arguments, propounding written discovery, conducting depositions, leading document review teams, successfully obtaining class certification, preparing for trial, and negotiating the settlement. |
| 2013<br><br>*In re: Risperdal Litig.*, A.B. v. Ortho-McNeil-Janssen Pharmaceuticals Inc., et al., No. 100100649, Philadelphia County Court of Common Pleas, Pennsylvania | The Honorable Judge Mark I. Bernstein (215) 686-7335 | Trial Counsel | Pharmaceutical | Served as trial counsel in all respects; negotiated settlement of over 1,500 cases, following the deposition of Johnson & Johnsons' CEO, Alex Gorsky. |

| Year, Case Caption and Jurisdiction | Presiding Judge and Telephone Number | Position Held | Nature of MDL | Nature of Work Performed and Description of Ongoing Work Performed |
|---|---|---|---|---|
| 2013<br><br>*In re Nexium (Esomeprazole) Antitrust Litig.*, No. 1:12-MD-02409-WGY (D. Mass.)<br><br>U.S. District Court, District of Massachusetts | The Honorable Judge William G. Young (617) 748-9156 | Partner to Co-Lead Counsel on behalf of consumer class plaintiffs | Antitrust | Represented consumers and third-party payors in pharmaceutical antitrust class-action litigation involving a "pay-for-delay" scheme that delayed lower priced generic equivalents. Led all aspects of litigation through verdict. |
| 2013<br><br>*In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litig.*, No. 2:13-MD-02445-MSG (E.D. Pa.)<br><br>U.S. District Court, Eastern District of Pennsylvania | The Honorable Judge Mitchell S. Goldberg (267) 299-7500 | Partner to Interim Co-Lead Counsel on behalf of consumer class plaintiffs | Antitrust | Serving as class counsel for consumers and third-party payors in pharmaceutical antitrust class-action litigation. Taken lead roles in development of the legal theory, drafting responses to dispositive motions, leading document review teams, and successfully obtaining class certification. |
| 2011<br><br>*In re: FEMA Trailer Product Liability Litig.*, MDL No. 07-1873 (E.D. La.)<br><br>U.S. District Court, Eastern District of Louisiana | The Honorable Judge Kurt Engelhardt (504) 310-8311 | Plaintiffs' Steering Committee Member | Toxic Tort | Represented approximately 30,000 FEMA Plaintiffs, 98% of whom accepted the proposed settlement. Mr. Hilliard was one of the trial lawyers in the first bellwether case, *Alexander, et al. v. Gulf Stream Coach, Inc., In Re FEMA Trailer Product Liability Litigation*, MDL No. 1873 (E.D. La.). |

| Year, Case Caption and Jurisdiction | Presiding Judge and Telephone Number | Position Held | Nature of MDL | Nature of Work Performed and Description of Ongoing Work Performed |
|---|---|---|---|---|
| 2010<br><br>*In re Unintended Acceleration Litig.*, No. 2010-46354, 152nd Judicial District, Harris County, Texas | The Honorable Judge Robert Schaffer (832) 927-2425 | Liaison Counsel | Personal Injury (Automotive Defect) | Coordinated with attorneys involved in the Texas and the national *Unintended Acceleration Litig.* cases against Toyota Motor Corp.; brought case against Toyota to trial and received $11 million jury verdict for wrongfully convicted plaintiff Koua Fong Lee in connection with his 2006 automotive accident involving unintended acceleration in a 1996 Toyota Camry (*Trice, et al. v. Toyota Motor Corp., et al.*, No. 0:10-cv-02804 (D. Minn.)). |
| 2008<br><br>*In re: Black Farmers Discrimination Litig.*, No. 1:08-mc-511 (D.D.C.)<br><br>U.S. District Court, District of Columbia | The Honorable Judge Paul L. Friedman (202) 354-3490 | Lead Attorney for over 5,000 plaintiffs | Discrimination | Managed over 5,000 plaintiffs. |
| 2007<br><br>*In re: Guidant Corp. Implantable Defibrillators Products Liability Litig.*, *Hinojosa v. Guidant Corp., et al.*, No. 05-3658-A, Nueces County, Texas | The Honorable Judge Jack Hunter (retired) | Lead Attorney | Medical Device | Conducted all aspects of discovery, including deposition of company of Guidant's CEO, Fred McCoy; played a key role in settlement; worked on team to negotiate settlement. |

| Year, Case Caption and Jurisdiction | Presiding Judge and Telephone Number | Position Held | Nature of MDL | Nature of Work Performed and Description of Ongoing Work Performed |
|---|---|---|---|---|
| 2007<br><br>*In re: Ocwen Loan Servicing, LLC Mortgage Servicing Litig.*, Texas MDL No. 07-0037, 95th District Court of Dallas County, Texas | The Honorable Judge Karen Gren Scholer (formerly Karen Johnson) (214) 753-2342 | Liaison Counsel | Consumer Fraud | Represented plaintiffs in all aspects of litigation through jury verdict. |
| 2003<br><br>*Haese, et al. v. H&R Block, Inc., et al.*, No. 96-423, 105th District Court, Kleberg County, Texas | The Honorable Judge Manuel Banales (retired) (361) 726-9430 | Co-Lead Texas Class Counsel | Consumer Fraud | Served as counsel for several hundred thousand consumers; negotiated settlement. |
| 1980s and 1990:<br><br>*In re: Bendectin Litig.*, No. 13-92-540-CV, 214th District Court, Nueces County, Texas | The Honorable Judge Michael J. Westergren (361) 765-6828 | Lead Attorney | Pharmaceutical | Represented plaintiffs through trial, appeal, and ultimately to the Texas Supreme Court. |

## APPENDIX C

### LIST OF OTHER ATTORNEYS WHOM MR. HILLIARD RECOMMENDS FOR LEADERSHIP

**Steve Berman:** For years, I have personally witnessed Steve harness all of the power of his coast-to-coast firm, urging them to bring their "A game" daily, to assist in the very complex litigations that he leads. Steve is astute, with a firm handle on all evolving issues, is an experienced leader, and capable of accomplishing anything that needs to get done.

**Ricardo Cid-Martinez**: Ricardo was on my executive committee in GM, where I saw, first-hand, his tireless dedication to the litigation. He always completed—and exceeded—tasks with a razor-sharp and creative legal mind, while maintaining his good and giving spirit despite countless sleepless nights and challenging legal issues.

**Mikal Watts**: Mikal may very well be the smartest person in the room, in any room, yet, he never comes across as such because his goal is not to exercise intellectual ego, but is, as I learned through the 30 years that I have known and shared leadership roles with him, to create an impenetrable machine of litigation success in every type of mass tort case, utilizing and deploying all team members' talents in the best way.