**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2924**<br>**20-MD-2924**<br><br>**JUDGE ROBIN L. ROSENBERG**<br>**MAGISTRATE JUDGE BRUCE E. REINHART** |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | |

**NOTICE OF FILING APPLICATION FOR LEADERSHIP COMMITTEE POSITION**
**(ADAM WILLIAM KRAUSE)**

COMES NOW Adam Krause, and submits his Application for Leadership Position, pursuant to Pretrial Order #1.

**INTRODUCTION**

I jointly filed what I am to believe is the largest nationwide medical monitoring class action on behalf of consumers that took Zantac but have yet to be diagnosed with cancer. I have been actively involved in this litigation for months, including participating in strategy meetings and presenting at legal seminars. Additionally, I will be speaking at Harris Martin's Zantac Litigation Conference on March 19, 2020. Moreover, I was one of 8 lawyers that presented oral arguments at the JPML hearing in Tampa, Florida. I advocated for consolidation and venue to be in this Court.

Although I filed the nationwide medical monitoring litigation, I also represent hundreds of clients who took Zantac and developed cancer. My team has now screened nearly 1,000 potential clients who developed cancer as a result of taking Zantac. As set forth below, I appreciate the chance to devote my time, knowledge, experience, and resources to this righteous litigation.

**A) WILLINGNESS AND AVAILABILITY TO COMMIT TO A TIME-CONSUMING PROJECT**

When I co-founded our firm, we wanted to be regarded as a firm with a tireless work ethic that our clients and co-counseling attorneys could depend on. I personally will devote nearly all my professional time to this litigation. I currently have been working in the 2:18-md-2846 — *IN RE: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation* in various roles on the Discovery Committee, Science Committee, and Law & Briefing Committee. I have been assisting in the taking of sales rep, district sales rep, and other marketing depositions.  I have also assisted in preparing Daubert Motions and Responses. These are now complete. Our firm takes a strategic approach in deciding what cases to work on because we believe the litigation teams we form deserve our highest quality of work for a successful outcome. I have already been working hundreds of hours on this litigation and will continue to do so.

B)  **ABILITY TO WORK COOPERATIVELY WITH OTHERS**

I have worked closely with nearly every attorney and firm that has led this litigation up until this point in time. We have attended seminars, strategy sessions, and other events to progress the litigation on behalf of the thousands of clients that have been affected by these pharmaceuticals.  Much of my work this past year has been in mass tort litigations where I was not on leadership. The teams needed expertise and I was more than happy to provide the help.  I have worked cooperatively with lawyers from both plaintiff and defense counsel, all of whom would likely view me as team-oriented. In this case, with the multitude of claims, defendants, and robust scope, I understand the importance of working cohesively to advance the litigation.

C)  **PROFESSIONAL EXPERIENCE IN THIS TYPE OF LITIGATION**

My practice is focused on pharmaceutical and medical device litigation. My experience in this field predates my career as an attorney. Prior to law school, I was a pharmaceutical sales representative at Eli Lilly and Company. The types of doctors I worked with are the same type of doctors that prescribe Zantac. In fact, Sanofi was one of my largest competitors. I oversaw training, hiring, formulary, detailing, and data conditions—all of which will be at issue in this very case, especially in the failure

to warn claims. Since becoming an attorney, my expertise in those areas has been helpful in a variety of mass tort litigations. I recently finished taking depositions of area directors and district sales reps in 2:18-md-2846 — *IN RE: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*. Inevitably, depositions of sales representatives and other marketing officials will be taken in this case. Discovery will also be directed to employees of the Defendants who oversaw branding, marketing, messaging, training, and package insert warnings—all of which I have experience as both a pharmaceutical company employee and as an attorney.

My degree is in Human Biology. I have also taken post graduate courses in pharmacokinetics, organic chemistry, and pathology. I have worked as a pathology assistant biopsying tissue and bodily fluids for the diagnoses of cancer. I have served on the expert witness team in 2:18-md-2846 — *IN RE: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation* and MCL 630: *IN RE PROCEED MESH LITIGATION (Proceed® Surgical Mesh and Proceed® Ventral Patch Hernia Mesh*). One of the points of contention in this case will be whether ranitidine ingestion leads to NDMA exposure. My educational background, practical background, and my experience working on various science teams within steering committees will assist in producing experts to prove that ranitidine breakdown/reformation leads to NDMA exposure.

**D) WILLINGNESS TO COMMIT THE NECESSARY RESOURCES TO PURSUE THIS MATTER**

My firm has never failed to make a capital contribution to an MDL or state court consolidation in which we have been appointed as leadership. We have hired additional staff to solely work on Zantac. We can deploy more resources as necessary to successfully prosecute this litigation. We have capital reserves and a robust traditional line of business credit that can be increased as this litigation requires. I am happy to serve in any capacity that this Court sees fit and appropriate.

Dated: March 6, 2020

Respectfully Submitted:

**KRAUSE AND KINSMAN, LLC**

_____
Adam William Krause (Mo. 67462)
adam@krauseandkinsman.com
4717 Grand Ave., Suite 250
Kansas City, Missouri 64112
Telephone: (816) 760-2700
Fax: (816) 760-2800

## CERTIFICATE OF SERVICE

I do hereby certify that on March 6, 2020, a true and correct copy of the foregoing was served on all counsel listed on Schedule B of the Pretrial Order No. 1 in accordance with the email addresses provided.

*/s/ Adam W. Krause*