UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)           MDL No. 2924
PRODUCTS LIABILITY                  20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO:**
**ALL ACTIONS**
_____/

In accordance with the Court's Pretrial Order #1 [D.E. 13], Scott P. Schlesinger submits his Application for a Leadership Position.

Respectfully submitted,

By:    /s/ Scott P. Schlesinger

Scott P. Schlesinger
Florida Bar No. 444952
SCHLESINGER LAW OFFICES, P.A.
1212 S.E. 3rd Ave.
Fort Lauderdale, FL 33316
E-mail: Scott@schlesingerlaw.com
Phone: 954.467.8800
Fax: 954.320.9509

1

**CERTIFICATE OF SERVICE**

      I certify that on March 6, 2020, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF and via e-mail to all counsel of record listed on Schedule B of this Court's Order dated February 14, 2020.

                                                                         /s/Scott P. Schlesinger
                                                                          Scott P. Schlesinger



March 6, 2020

The Honorable Robin L. Rosenberg
United States District Court Judge
Southern District of Florida
701 Clematis Street
West Palm Beach, FL 33401

      **Re: *In re: Zantac (Ranitidine) Products Liability Litigation***
         **MDL No. 2924**

Dear Judge Rosenberg:

    Please allow this to serve as my application for the Plaintiffs' Steering Committee in the *Zantac* MDL.

### **I Am Knowledgeable and Experienced in Litigating Complex Product Liability Actions**

    My law firm, Schlesinger Law Offices, P.A., of which I am the principal partner, has helped shape tort law through trials and appellate arguments, federally and in many states, at every judicial level, including the United States Supreme Court. For over 30 years I have represented plaintiffs injured or killed by the wrongful conduct of corporations and have personally tried over 75 complex injury and death cases, including many product liability cases.

    Since 1956, my firm has been at the forefront in prosecuting complex cases involving some of the most egregious corporate misconduct. For example, we achieved the nation's first plaintiff's verdict against Toyota, and we recovered one of the highest judgments General Motors paid for knowingly failing to fix their vehicles' susceptibility to fuel-fed fires. My firm helped make the State of Florida whole in an $11 billion settlement with the tobacco industry. We also regularly obtain large compensatory and punitive damages verdicts against tobacco companies on behalf of individuals injured or killed by tobacco-related illnesses in what are called *Engle* progeny cases. During the past several years, for example, I obtained verdicts of $157 Million, $75 Million, $38 Million, and $35 Million in *Engle* progeny cases.

*In re Zantac (Ranitidine)*
March 6, 2020
Page **2** of **3**

The Court indicated its desire for a diverse Plaintiffs' Steering Committee with attorneys who possess different skill sets, expertise, and life experiences in order to bring together a multiplicity of approaches.

My extensive work in litigating against the major tobacco companies makes me and my firm well-qualified to help steer this case. The central questions at issue here are whether Zantac can cause cancer and whether it specifically caused a plaintiff's cancer. Proving to a jury that a cancer was caused by toxic exposure is precisely the type of work I have excelled in. Like cigarettes, Zantac is linked to multiple cancers such as esophageal, laryngeal, bladder, stomach and lung cancer. My firm and I are well versed in understanding the etiology of these diseases and have developed relationships with leading experts in these respective fields. We routinely work with epidemiologists, toxicologists, biostatisticians and physicians. We are extremely effective at explaining complex, scientific issues to juries and cross-examining expert witnesses at deposition and trial. Overall, my and my firm's experience match the needs of the plaintiffs in this litigation.

### MDL and Complex Litigation Experience

My MDL and complex litigation experience is substantial. I was recently appointed to be the lead trial counsel in the Juul-JCCP. *Juul Labs Product Cases*, JCCP No. 5052. I am lead counsel in the Sante Fe Natural Cigarette MDL. *In re Santa Fe Natural Prods. Liab. Litig.*, MDL No. 2695 (D.N.M.). I am lead counsel in a toxic tort where I represent over 700 Florida residents harmed by groundwater pollution. *Adinolfe v. United Tech. Corps.*, No. 10-cv-80840-KLR (S.D. Fla.). I obtained class certification for a Florida based class that was settled as a national class against Toyota for defective airbags in the 2007 Lexus ES 350. *Rosen v. J.M. Auto, Inc.*, No. 07-61234-WPD (S.D. Fla.).

My firm and I are heavily involved in drug and device MDLs. We were co-lead counsel in an MDL where we represented over 1,000 plaintiffs injured by defective pharmaceuticals. *In re Factor VIII or IX Concentrate Blood Prods. Liab. Litig.*, MDL No. 986 (N.D. Ill.). My firm was part of the Accutane Litigation Group where we represented over 400 individuals in that consolidated litigation. *In re Accutane Litig.*, Case No. 271 (N.J. Super. Ct.).

My firm is trial counsel for many plaintiffs in several other MDLs, such as *Pelvic Repair System, Prod. Liab. Litig.*, MDL Nos. 2187, 2325, 2326, 2327, 2387; *Metal on Metal Hip Litig.,* MDL Nos. 2197, 224, 2391, 2329; *Zofran Prod. Litig.,* MDL No. 2657 (D. Mass.); *3M Combat Arms Earplug Prod. Liab. Litig.*, MDL No 2885; *Roundup Prod. Liab. Litig.*, MDL No. 2741.

### I am Willing and Able to Work Cooperatively with Counsel

Plaintiffs' counsel must be able to work cooperatively in complex multi-party litigation. My firm would not have the success it enjoys without its demonstrated willingness and ability to work well with co-counsel and opposing counsel. My appointment to various leadership positions in other complex cases confirms the point. I know many of the attorneys and firms that are participating in this litigation. I have also come to know and appreciate the efforts of Professor

*In re Zantac (Ranitidine)*
March 6, 2020
Page **3** of **3**

Dodge through our work on the steering committee in the JUUL MDL pending before Judge Orrick.

### I am Willing and Able to Commit to this Time-Consuming Litigation, and Have the Resources to Prosecute the Litigation

I am mindful of the significant expense required. My firm will commit the financial resources necessary to prosecute this litigation in a timely and effective manner. We would fund this MDL directly, and not rely on investors. I lead a talented group of lawyers who are also passionate about this subject and are ready and willing to commit themselves to this litigation. My firm also has the skilled trial attorneys, legal experience, and support staff needed to diligently prosecute this significant litigation. My substantial experience in complex litigation and class actions allows me to appreciate the amount of time that must be committed to this case to lead it effectively. The enormity of this litigation demands leadership who will commit to transparency, efficiency, and cost-effectiveness. I am ready to make the necessary commitment.

In short, if appointed to the steering committee, I will bring the experience, vigor, resources and leadership needed to effectively assist in the prosecution of this complex, multi-district litigation to a successful conclusion on behalf of all the plaintiffs. I will be happy to discuss my and my firm's qualifications at the March 20, 2020, initial conference.

Respectfully submitted,

Scott P. Schlesinger