UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE:  ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |
| _____/ | |

**APPLICATION OF KRISTINE K. KRAFT
FOR A POSITION ON THE PLAINTIFFS' STEERING COMMITTEE**

Pursuant to Pretrial Order #1, Kristine K. Kraft submits this application to become a member of the Plaintiffs' Steering Committee.

*Willingness and Availability to Commit to a Time-Consuming Project*

Both my firm and I understand the demands of a PSC appointment and we are committed to this litigation. I currently have one other PSC appointment in the *In re JUUL Labs, Inc.* MDL. I do have the time to commit to this litigation and given my experience level, I am confident in my capabilities to be a substantial contributor to the *Zantac* litigation given my other responsibilities.

*Ability to Work Cooperatively with Others*

I work cooperatively with the courts, defense counsel, and plaintiffs' attorneys. I am a team player who works diligently toward advancing the litigation in a supportive and respectful manner with leadership. I have also handled discovery issues and settlement negotiations with certain defense firms in MDLs and have done so in a professional and well-respected manner.

*Professional Experience in this Type of Litigation*

Since 2006, I have consistently served in many MDL roles, including as Co-Lead Counsel, Liaison Counsel, and several PSC appointments, as well as on Science, Discovery, and Bellwether Committees. I began my MDL career by making an impression in the *In Re: Ortho Evra Products*

1

*Liability Litigation*, where my extensive involvement in working up the science and discovery aspects of the case gained the attention of lead counsel. My hard work resulted in increased responsibilities throughout the litigation that allowed me to become a relied-upon contributor, even though our firm did not have a PSC role. Thereafter, I gradually built relationships with many experienced MDL attorneys who welcomed me to committees and PSC roles in subsequent MDLs.

I am skilled at focusing on core issues and practicalities that advance the litigation. I overcome challenges associated with sorting through the millions of pages of discovery produced in these litigations and can distill it down to the themes and issues to address with witnesses in deposition. My experience is well-rounded in that I have handled nearly every aspect of an MDL, having previously served as lead counsel and liaison counsel.

Most recently, I was appointed to the **PSC** in *In Re: Juul Labs, Inc.* (MDL No. 2913), in which I have been and will continue to be committed. I have taken a lead part in drafting and negotiating the Plaintiff Fact Sheet, Defendant Fact Sheet, and have also contributed substantially in other respects. As **Co-Lead and Liaison Counsel** in *In Re NuvaRing* (MDL No. 1964), I was instrumental in negotiating a successful resolution on behalf of approximately 3,800 plaintiffs. I handled nearly every aspect of that litigation and was a primary point-person for plaintiffs' counsel, the court, and defense counsel. As **Liaison Counsel** in *In Re: Just for Men Mass Tort Litigation,* I developed the theories of liability and regularly presented to the Court at status conferences. In *In Re: Proton Pump Inhibitor Products Liability Litigation (No. II) (PPI)* (MDL No.2789), I have worked with Co-Lead Counsel in the context of my assignment to the science and discovery committees. Among other things, I have analyzed clinical trials, assisted lead counsel with deposition preparation, and reviewed potential bellwether cases. Similarly, in *In Re Xarelto* (MDL No. 2592), I worked with experts, took depositions, and worked up bellwether

cases. I served as the **Co-Chair of the Science Committee** in *In re Pradaxa Products Liability Litigation* (MDL No. 2385) and in *In Re Yasmin and Yaz* (MDL No. 2100) I was extensively involved in discovery and science and preparing the first case for trial.

In addition, I have a lead role in a complex toxic tort case involving approximately 1,500 children exposed to lead (not an MDL). *See A.O.A., et al v. Doe Run Resources Corp.,* 4:11-cv-00044 (Judge Catherine Perry, E.D.Mo.). Discovery in this litigation is set to close in June 2020. I have handled all aspects of discovery, including being the lead deposition examiner of most of the defendants' executive level fact witnesses.

Finally, before becoming a member of the plaintiffs' bar in 2006, I began my litigation career as a defense attorney in 1990. Among other things, I served as regional counsel in complex asbestos cases in which our clients were primary targets, thereby allowing me the opportunity to be in substantive lead roles. This experience provides me with a unique perspective to evaluate litigations from the views of both plaintiffs' counsel and defense counsel.

### *Willingness to Commit the Necessary Resources to Pursue this Matter*

Our firm has the financial resources to advance this litigation. We have highly experienced attorneys who will contribute substantially, including Scott Morgan, a seasoned and experienced litigator who is also committed to the *Zantac* litigation. Our firm is equipped to take on significant responsibility as part of the leadership team.

Respectfully submitted,

**SCHLICHTER, BOGARD & DENTON, LLP**

/s/ *Kristine K. Kraft*
Kristine K. Kraft
kkraft@uselaws.com
100 South 4th Street, Suite 1200
St. Louis, Missouri 63012
(314) 621-6115; (314) 621-6151 (fax)

3

## CERTIFICATE OF SERVICE

A copy of the foregoing, with its appendices, was served on all counsel listed on Schedule B of Pretrial Order #1 in accordance with the email addresses provided.

/s/ *Kristine K. Kraft*