UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

THIS DOCUMENT RELATES TO ALL CASES

### APPLICATION FOR LEADERSHIP POSITION
### (KRISTIAN RASMUSSEN)

COMES NOW Kristian Rasmussen, pursuant to Pretrial Order No. 1 [ECF 13], respectfully submitting this Application for Leadership Position for consideration by the Court.

**A. WILLINGNESS AND AVAILABLITY TO COMMIT TO A TIME-CONSUMING PROJECT.**

I would be honored to serve this litigation in any capacity the Court deems appropriate. I am willing to commit the time and resources necessary to prosecute the claims to ensure a just resolution is reached swiftly and efficiently. Based on my first-hand experience serving on other court-appointed to litigation committees which is detailed in Appendix B, I fully appreciate the amount of time, effort, energy, and money involved in making litigation like this MDL successful.

Regarding my availability, I have the time and energy to devote as four large MDLs have recently resolved; i.e., *In Re: Abilify*, *In Re: Xarelto*; *In Re: Benicar,* and *In Re: Invokana*. Additionally, on a personal note, two of my three children will be away from home for college in a few months.

B.  **ABILITY TO WORK COOPERATIVELY WITH OTHERS AND PROFESSIONAL EXPERIENCE IN THIS TYPE OF LITIGATION**.

My practice is specialized in representing individuals who have been harmed by dangerous pharmaceutical drugs or medical devices, particularly mass tort products liability litigation.  I have worked hard to earn a reputation as a skilled advocate and someone who practices with the highest degree of integrity. I have outlined some of my professional experience below whish highlights my ability to work cooperatively with the Court and parties (plaintiffs and defendants) in this type of litigation.

*In Re: Abilify (Aripirazole) Products Liability Litigation*, MDL No. 2734. I believe my leadership and organizational skills were most recently demonstrated in this litigation. Specifically, I worked toward and achieved consensus among all counsel, both plaintiffs and defendants, in filing a joint petition with the JPML seeking centralization in the Northern District of Florida. Regardless of whether I am appointed as Plaintiffs' Co-Lead Counsel, or some other position of leadership, I will uphold the duties delineated by the Court including coordinating the responsibilities of the Plaintiffs' Steering Committee, assisting in discovery, developing experts, and other related matters to prepare cases for trial, and overall management of the litigation.

*In Re: Viagra (Slidenafil Citrate) Products Liability Litigation*, MDL No. 2691. I was appointed to serve as a member of the Plaintiffs Executive Committee by U.S. District Judge Richard Seeborg in the Northern District of California. *In Re: Viagra (Slidenafil Citrate) Products Liability Litigation*, MDL No. 2691. My contributions include: <u>Leadership and Case Management</u>: Auxiliary to Lead Counsel, hosting and coordinating weekly conference calls, drafting and negotiating various pretrial orders and case management orders, etc. <u>Discovery</u>: Co-chair of discovery committee, including negotiating with document hosting vendor, training others regarding document review and management, negotiating all aspects of discovery, and most recently oral arguments regarding technology assisted review (TAR), predictive coding, and other aspects of ESI discovery.

*In Re: Chantix (Varenicline) Products Liability Litigation*, MDL No. 2092. I worked to build consensus with other firms involved in the litigation. More than a dozen (12) firms filed interested party responses supporting the venue I requested. Ultimately, the JMPL agreed with the venue we requested. The first status conference was held in January 2010 and we resolved 80% of the litigation a little more than three years later. All remaining cases resolved and the MDL was closed within four years.  Judge Johnson appointed me to serve as a member of the Plaintiffs' Executive Committee. I played instrumental roles in the following

areas: <u>Settlement</u>: In 2013, I worked side-by-side with U.S. District Judge Inge Johnson and Fern Singer (the appointed special master) in working to facilitate settlement which included four days of mediation to resolve the remaining approximate 400 cases (represented by 7 firms).  The global settlement included approximately 3,000 cases and was valued at approximately $305 million. <u>Discovery</u>: I was co-chair of the discovery committee and played integral roles in every aspect of discovery throughout the litigation; e.g., ESI protocol, document hosting, training and review, negotiating and litigation discrete discovery issues, etc.  <u>Experts</u>: I deposed many of the defendant's experts, both general causation and case specific, including deposing the only expert that Judge Johnson excluded from testifying. <u>Bellwether</u>: Not only was I the lead attorney for five bellwether cases represented by my firm, but several firms asked me to take the lead role when their respective cases were selected into the discovery pool and/or trial pool as potential bellwether cases.

*In Re: Fresenius GranuFlo/Naturalyte Dialysate Products Liability Litigation*, MDL No. 2428. I filed a petition seeking centralization in the Southern District of Mississippi. The majority of Interested Party Responses filed with the JPML (19 of 26) supported the venue I initially requested. I was active in this litigation prior to and after the JMPL centralized the litigation. I was lead attorney in three bellwether cases. Additionally, I was tasked with leading various discovery sub-committees, working with general causation experts, and various other matters. More than 11,000 lawsuits were filed in both federal and state courts across the country.  The settlement has been finalized and the claims process has begun. The global settlement is valued at $250 million.

*In Re: High Sulfur Content Gasoline Products Liability Litigation*, MDL No. 1632. A settlement valued at $102 million was reached and the MDL was closed within two years. ("It does appear to me that class counsel performed excellent work to obtain in excess of $ 99 million for the class." *Id.* at 517 F.3d 220 (5th Cir. 2008).) In that litigation, I was appointed by U.S. District Judge Ivan Lemelle to serve as co-lead trial counsel and a member of the Plaintiffs Steering Committee. This settlement was cited in an order approving common benefit fees and costs by U.S. District Judge Eldon Fallon. *In Re Vioxx Prods. Liab. Litig.*, 760 F. Supp. 2d 640, 655; 2010 U.S. Dist. LEXIS 139917 (E.D. La. 2010).

*In Re: Bextra and Celebrex Unfair Sales Practices and Product Liability Litigation*, MDL No. 1699. The global settlement included claims for more than 3,000 individuals valued at $894 million dollars. I was appointed by U.S. District Judge Charles Breyer to serve as a member of the Plaintiffs Steering Committee. I was Chair of the discovery committee, responsible for coordinating all aspects of discovery including hosting a bimonthly conference call attended my 30-70 attorneys.

My experiences on the macro and micro level, both good and bad, have given me the background to manage litigation efficiently while effectively prosecuting the claims on behalf of my clients. I am willing and fully capable of working cooperatively with others on both sides of docket to handle tasks at all levels of leadership in order to advance the Zantac litigation towards an expeditious, economical, and just resolution.

I appreciate the Court's consideration and respectfully request the court appoint me to a leadership position in this MDL.

Respectfully submitted this the 6th day of March, 2020.

/s/

Kristian Rasmussen
FL Bar #: 0229430
Rasmussen Law Firm, LLC
2343 River Grand Drive
Birmingham, AL 35243
Telephone: (205) 529-1559
Email: Krasmussen@KRfirm.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on March 6, 2020, a true and correct copy of the forgoing was served via the Court's ECF system and on all counsel listed on Schedule B pursuant to Pretrial Order No. 1.

/s/

Kristian Rasmussen