UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924 <br> 20-MD-2924 <br><br> JUDGE ROBIN L. ROSENBERG <br> MAGISTRATE JUDGE BRUCE E. REINHART |

_____

**THIS DOCUMENT RELATES TO: ALL CASES**

     Attorney R. Brent Wisner submits the following application for Plaintiffs' leadership pursuant to the Court's Pretrial Order #1 [Doc. 13], entered February 14, 2020.

     Respectfully submitted,

Dated: March 6, 2020     **BAUM HEDLUND ARISTEI & GOLDMAN, P.C.**

                                      _/s/ R. Brent Wisner_
                                  R. Brent Wisner (Cal. SBN: 276023)
                                  rbwisner@baumhedlundlaw.com
                                  10940 Wilshire Blvd., 17th Floor
                                  Los Angeles, CA 90024
                                  Telephone: (310) 207-3233
                                  Facsimile: (310) 820-7444

# R. Brent Wisner's
# Leadership Application

I respectfully request appointment to the Plaintiffs' Steering Committee to serve as a Co-Lead or a member of a Plaintiffs' Executive Committee.

## (A)   Willingness and Availability to Commit to a Time-Consuming Project

With the *Roundup* litigation resolving, my current leadership obligations are light. I am almost exclusively focused on litigating this case (along with four additional attorneys and dozens of staff at my firm). I have been working extensively on this case for over six months (as discussed below) and have every intention of continuing to do so.

## (B)   Ability to Work Cooperatively with Others

I lead through engagement, collaboration, and action. From the beginning, I have done everything in my power to bring Plaintiffs' counsel together to work cooperatively—getting people to set aside ego and bravado to actually get something done. I have also stressed and valued diversity, in both experience and skill. For the most part, that effort has been successful. Whether in the context of the Court-appointed interim teams, or the hundreds of discussions I have had with Plaintiffs' counsel, there is already a strong spirit of cooperation and collaboration in this case. I, with a handful of others, cultivated and built that ethos by bringing people together, listening, and leading them to decisions designed to best help our clients.

### 1.   Work Before Appointment to Practices and Procedures Team

- Before Valisure citizen's petition was publicly released, I retained several highly-esteemed experts in epidemiology, animal toxicology, oncology, bio-chemistry, FDA regulation, and ADME (absorption, distribution, metabolization, and excretion) to examine the ranitidine to NDMA to cancer link. Insights from those experts have helped me provide guidance to hundreds of Plaintiffs' counsel about which cases are worth pursing, collecting, and filing—all with the aim of ensuring that any case ending up in an MDL are meritorious. These experts are actively working-up the science and will be invaluable as we move forward.

- Before any MDL petition was filed, I (along with Jennifer Moore and Aimee Wagstaff) organized and hosted a meeting in my Los Angeles office, attended by over 50 attorneys from all over the United States. We workshopped issues, developed case criteria supported by the science, and organized a strategy in anticipation of an MDL petition.

- After the meeting, we created an email list and began sending out updates, created a central repository of all filed complaints and encouraged counsel to use a model complaint I had prepared, and made dozens of scientific journal articles available that relate to the core scientific issues in the case.

- I (again along with Ms. Moore) organized and hosted a second meeting in Austin, Texas to coincide with the JPML hearing on December 5, 2019. That meeting brought more interested counsel together to help align a coherent and viable litigation strategy.

- I, along with four other counsel, founded and co-chair the American Association of Justice

1

Zantac Litigation Group.  I have presented to hundreds of plaintiffs' counsel who are part of AAJ and, again, focused on the emerging science in the case.

- I have presented on the science of this case at over seven conferences or meetings, urging Plaintiffs' counsel to use the science to guide case collection and vetting.  And, while "presenting at conferences" hardly, itself, qualifies someone for leadership, it does demonstrate my commitment to leading this litigation through collaboration and engagement.

- When the JPML panel hear oral argument about this MDL, I, with several other attorneys, were able to build a near-consensus around supporting centralization in the Southern District of Florida and to have Ms. Moore speak for that point of view at oral argument.  That near-consensus likely played a role in the JPML's decision to centralize before this Court.

- I have also been working and coordinating with Tracy Finken, and others, to study documents obtained from the FDA through a Freedom of Information Act request, and have uncovered important early scientific issues that will guide future discovery.  I have been sharing this information with counsel to, again, help steer the course of this litigation toward solid, valid, science.

- After the Court issued Pretrial Order # 1, following Ms. Moore's lead, I helped figure out and secure a consensus pick for Plaintiffs' Liaison Counsel.

   2. **Work after Appointment to Practices and Procedures Team**

- I have taken the lead in preparing the Plaintiffs' Position Statement.  I drafted the brief, solicited redlines from dozens of counsel, and worked with the Practices & Procedures and Census Teams, Plaintiffs' Liaison, and Ms. Moore to get a final statement.

- I have taken the lead in preparing a proposed direct-filing order and an proposed order directing the preliminary production of documents and information from the defendants.

- I have taken the lead, in conjunction with Roopal Luhana, in organizing a science presentation for the Court during the March 20, 2020 status conference.

- Coordinating with Professor Dodge, I have been working to build consensus among the various teams to facilitate meeting and conferring with defense counsel.

**(C)   Professional Experience in this Type of Litigation**

As the youngest attorney to have obtained a billion-dollar verdict in a mass tort—involving cancer—I have gained some recognition within the Plaintiffs' bar.  In 2019, I was awarded the "Civil Plaintiffs Trial Lawyer of the Year" by the National Trial Lawyers Association and was named one of "America's 50 Most Influential Trial Lawyers" by Trial Lawyer Magazine and The National Law Journal.  I am recognized as a "Titan of the Plaintiffs Bar" by Law360, and one of the "Top Plaintiffs Lawyers in California" by the Daily Journal.

# R. Brent Wisner's
# Leadership Application

In the *Roundup* litigation, I serve as Co-Lead of the Judicial Council Coordinated Proceedings in Alameda California and Liaison Counsel to the ongoing Roundup MDL. I was co-lead trial counsel in the first Roundup trial, which resulted in a $289 million verdict against Monsanto. I was on the trial team for the second Roundup trial (co-led by Ms. Moore) in the federal MDL, which resulted in an $80 million verdict. And, I was co-lead trial counsel in the third Roundup trial, which resulted in a $2.05 billion verdict. Now, with over 100,000 cases likely collected throughout the United States, I have worked closely with counsel to secure some form of resolution—likely to result in one the largest mass tort settlements in recent history.

My experience in Roundup translates directly to my work in Zantac. Both cases involve the difficult and highly-specialized practice of proving that a substance caused a specific person's cancer. Both cases involve hotly-contested science. Both cases require the leadership to vet and ensure prosecution of meritorious claims. And, both cases will likely involve tens of thousands of cases—if not hundreds of thousands. The experience I gained in navigating and prosecuting this type of case in Roundup, and the relationships I have cultivated in the Plaintiffs' and Defense bar, and among experts, will transfer directly into this case. I will be able to bring the energy, creativity, and determination I demonstrated in Roundup and help lead the Plaintiffs, in this case, to success.

I also have specialized experience in one of the thornier legal issues in this case—the imposition of liability against a brand name manufacturer for injuries caused by ingestion of a generic (referred to by the defense bar as "Innovator Liability" and by myself as "Brand Name Immunity"). I was lead counsel in one of the few cases to reject Brand Name Immunity and impose liability against a brand name maker, and the only case to successfully take such a claim to trial. *See Dolin v. SmithKline Beecham Corp.*, 62 F. Supp. 3d 705, 722 (N.D. Ill. 2014), *rev'd on other grounds Dolin v. GlaxoSmithKline LLC*, 901 F.3d 803 (7th Cir. 2018). I have unique familiarity with this issue, especially as it relates to Defendant GlaxoSmithKline, the original innovator of Zantac.

Finally, I have considerable class experience in third-party payer and consumer claims against drug manufacturers. *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.*, 943 F.3d 1243 (9th Cir. 2019) (briefed and argued); *In re Celexa & Lexapro Mktg. & Sales Practices Litig.*, 915 F.3d 1, 5 (1st Cir. 2019) (briefed and argued). Indeed, I have served as class counsel in administering a class settlement to consumers who sought recovery for monies paid for a prescription drug. *In re Celexa & Lexapro Mktg. & Sales Practices Litig.*, No. MDL 09-2067-NMG, 2014 WL 4446464 (Mass. Sept. 8, 2014). Additionally, I personally represent the only third-party payer in this lawsuit, the MSP Recovery group in many cases throughout the United States. I have a close connection with the MSP plaintiffs, so I am capable of organizing and helping that aspect of the class cases as well.

**(D)   Willingness to Commit the Necessary Resources to Pursue this Matter**

My firm is financially secure and is willing and prepared to invest whatever resources are necessary to successfully prosecute this case. With thousands of clients already, we have already invested considerable sums in working up five experts and organizing Plaintiffs' counsel.

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2020, a true and correct copy of the foregoing was served via the Court's ECF system and on all counsel listed on Schedule B of the Court's Pretrial Order No. 1 in accordance with the email addresses provided therein.

*/s/ R. Brent Wisner*
R. Brent Wisner