UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)            MDL NO. 2924
PRODUCTS LIABILITY                  20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

Pursuant to the Court's Pretrial Order #1 [Dkt. 13] entered February 14, 2020, I respectfully submit this application for appointment as Co-Lead Counsel of MDL 2924: *In Re Zantac (Ranitidine) Products Liability Litigation.*

Dated: March 6, 2020                Respectfully submitted,

*/s/ Jennifer A. Moore*
Jennifer A. Moore
MOORE LAW GROUP, PLLC
1473 South 4th Street
Louisville, KY 40208
T: (502) 717-4080
F: (502) 717-4086
jennifer@moorelawgroup.com

**CERTIFICATE OF SERVICE**

I certify that March 6, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties to this action, including those identified on Schedule B of Pretrial Order No. 1 [Dkt. 13] pursuant to this Court's Order.

*/s/ Jennifer A. Moore*
Jennifer A. Moore

## LEADERSHIP APPLICATION OF JENNIFER A. MOORE

**I.      Willingness and Availability to Commit to a Time-Consuming Project**

I carefully select how to spend my time and resources, and after weighing the needs of my clients and my current case load, I am willing and able to focus as much time as necessary to this MDL if the Court should ask me to serve. I started investigating Zantac cases shortly after reviewing the Valisure Citizen Petition in September 2019, and since that time have devoted an incredible amount of time and resources to working collaboratively with other plaintiffs' attorneys around the country, sharing ideas, case criteria, and pleadings, developing experts, researching and studying the science, and organizing and hosting multiple meetings including a diverse array of attorneys from both the personal injury and class side of the case.

Over the last few years, I have been heavily involved in two other MDLs, *In Re Onglyza (Saxagliptin) and Kombiglyze XR (Saxagliptin and Metformin) Products Liability Litigation* ("Onglyza MDL") and *In Re Roundup Products Liability Litigation* ("Roundup MDL"). While I serve as court-appointed Co-Lead Counsel in the Onglyza MDL, the number of cases total only 263, allowing me to devote considerable time and resources to another leadership position. Moreover, my litigation work in the Roundup MDL is very limited at this stage as the bellwether case I successfully tried in the MDL is on appeal. Thus, I am able to commit my time and resources exclusively to this MDL.

**II.     Ability to Work Cooperatively with Others**

Building consensus is a goal I strive to achieve. Below are some of the ways I have worked to bring plaintiffs' attorneys together for the benefit of the entire litigation:

- Over the past five months, I have collaborated with other plaintiffs' attorneys, including organizing and co-hosting the first meeting of plaintiffs' attorneys in November 2019 with Brent Wisner and Aimee Wagstaff.
- To bring together more plaintiffs' attorneys, I, along with Mr. Wisner, co-hosted

1

- additional meetings each month thereafter to continue to keep others apprised of the litigation and developments including the testing of the drug, the FDA's position, and the multiple recalls.
- In between meetings, I continued communications with other plaintiffs' attorneys by sharing information such as case criteria and a form complaint I helped draft.
- I have also organized and/or spoken at multiple conferences to educate and share with others information about the litigation, regulatory history of Zantac, case criteria, key issues, and the underlying science. This work provides an opportunity to assemble a group of attorneys to work together and also ensure that knowledge of the science and case criteria is being shared so that the claims with merit are being filed.
- In order to include more attorneys in this process, especially women, people of color, and attorneys new to mass torts, I, along with Mr. Wisner, Daniel Nigh, Marlene Goldenberg, and George Williamson, founded a litigation group exclusively focused on the Zantac litigation with the American Association for Justice.  As part of this leadership role, I have created a packet for attorneys to use that will benefit all plaintiffs and help streamline the litigation.
- I have worked with Mr. Wisner to develop expert witnesses in a variety of areas needed to prove the case for all plaintiffs.
- Prior to the JPML hearing I worked with multiple attorneys to strategize about the MDL and reached a national consensus that the litigation should be transferred to this district.  I was then honored to be selected by my peers to present this consensus to the JPML panel.
- Following this Court's entry of PTO #1, I spoke with over 60 different law firms to inquire as to who would be the best fit to serve as liaison counsel and after receiving consensus filed the "Notice of Agreed Upon Liaison Counsel" asking this Court to appoint Frank Maderal of Colson Hicks Eidson.
- I also communicate regularly with Professor Jaime Dodge, Director of the Institute for Complex Litigation and Mass Claims, to collaborate, share ideas, and provide information to assist in the early organization of this MDL for the betterment of all parties.
- After the Court's appointment of the Initial Census and Practices and Procedures Team, I reached out to both teams to offer assistance and provided the initial draft direct filing order and waiver of formal service order.  I also assisted with the drafting of the Plaintiffs' Position Statement (primarily drafted by Mr. Wisner) and worked to assemble input from all.
- The Practices and Procedures Team has now asked that I draft a Master Complaint, which I will complete after soliciting input from all involved.

This is how I approach everything I do; I prepare, study, listen, recruit others, especially women attorneys who may be overlooked in our profession, and surround myself with others dedicated to their clients so we can obtain the justice our clients deserve.

### III. Professional Experience In This Type of Litigation

My work and experience in the Roundup MDL lays the perfect foundation for me to serve in a leadership role in this MDL. Roundup also involved a cancer-causing product with a long history on the market and multiple types of experts needed to prove the case. As co-lead trial counsel for the only bellwether federal court Roundup case, I know what it takes to get a case of this magnitude ready for trial and win. In Roundup, I did just that despite having a bifurcated trial with a tight timeframe and won an $80 million verdict for my client. As one of the largest mass torts with close to 50,000 filed cases, this experience has prepared me well to manage and lead a litigation like this, which will likely outnumber Roundup. Having the experience investigating and organizing a litigation involving a cancer-causing product, reviewing discovery dating back 40 years, working with experts, successfully trying the bellwether case, and taking the lead negotiating settlement with the defense firms (defense firms coincidentally involved in this MDL), I am ready for the task at hand. Dating back to my days as a clerk for the Honorable Boyce F. Martin, Jr., Chief Judge of the U.S. Court of Appeals for the Sixth Circuit, I have great respect for our civil justice system and I welcome the opportunity to serve as the Court sees fit.

### IV. Willingness to Commit the Necessary Resources to Pursue this Matter

I am proud to successfully operate a woman-owned business, devoted to helping injured individuals, and am willing and able to commit the resources, financially and otherwise, that are necessary to efficiently lead this litigation. I greatly appreciate the Court's consideration of my application.