UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                    MDL NO. 2924
PRODUCTS LIABILITY                          20-MD-2924
LITIGATION

**JUDGE ROBIN L. ROSENBERG**
**MAGISTRATE JUDGE BRUCE E. REINHART**

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

**PRETRIAL ORDER #9**
**Order Cancelling Initial Conference**

This matter comes before the Court *sua sponte*. The Court currently has scheduled its Initial Conference to be held on March 20, 2020, at 9:00 a.m., pursuant to the Court's Pretrial Order #1. The Court had also indicated its intent to schedule interviews of applicants to the plaintiffs' leadership team, to be conducted on March 19, 2020. In light of the ongoing developments with the spread of COVID-19 (coronavirus), the Court cancels the Initial Conference and will not schedule plaintiffs' leadership presentations for March 19, 2020. The Court will issue an order rescheduling the Initial Conference and leadership presentations at a time as soon as practicable that accounts for the health and safety of all prospective participants. The Court recognizes that many of the prospective participants at the Initial Conference must travel by plane in order to attend the conference and that the prospective participants, in large part, desire to appear in person. The Court will endeavor to reschedule the Initial Conference at a time when all prospective participants can attend in person. However, in light of the fact that the Court cannot predict the duration of time that the coronavirus situation may continue, the Court may have to reschedule the conference at a time and in a manner that provides for attendance by alternative means, such as videoconferencing. Should the Court have to provide for such alternative means of attendance, the Court requests that the parties, through

counsel, begin to work together to agree upon a workable situation whereby a more limited group of representatives of the parties may be able to appear by videoconferencing, while others can appear by telephone to listen to the conference, but not actively participate. This will ensure a more efficiently-run conference that will lessen the likelihood of technological difficulties and interruptions.

The Court recognizes the unusual and somewhat unprecedented situation in which the parties and counsel, as well as the Court, are functioning. The Court will continue to be responsive to the situation, but wants to ensure that to the greatest extent possible the litigation continues to move forward. In the intervening weeks, the parties should work together to identify areas in which they agree as to how this case can most efficiently be litigated by the parties and managed by the Court and begin working toward making meaningful progress in those areas. Similarly, this time also provides the parties with the opportunity to identify those areas in which they do not agree and spend time working through those disagreements to find areas of common ground. The Court appreciates the work of Professor Dodge in facilitating this collaboration thus far, and looks forward to continued joint problem-solving by counsel over the coming weeks. The Court further takes this moment to commend counsel on both sides for the tremendous amount of work that has already been accomplished, and equally (if not more) important to the Court, the professionalism and collegiality which counsel have demonstrated in their work. It is incumbent upon all counsel to work collaboratively and professionally to advance the interests of their individual clients while ensuring the efficient management of the litigation as a whole.

All deadlines that the Court has put in place through the Orders it has issued remain in place with the exception of the deadlines set in Pretrial Order #8 that required the submission of an agreed, proposed agenda by noon on March 16, 2020, and the submission of all materials to be presented at the conference by noon on March 18, 2020. In lieu of those requirements, the Court orders that by

no later than 4:30 p.m. on March 18, 2020, the parties email to Rosenberg@flsd.uscourts.gov a joint letter, setting forth the parties' proposal for the work to be done between now and May 1, 2020. This letter should include, but is not limited to, the issues the parties intend to jointly work on (whether these will be completed or only in process by the conference), as well as any additional deliverables that are anticipated to be completed by the Initial Conference. In addition, the plaintiffs shall identify any additional categories of work for the common benefit of the MDL, for which they seek Court authorization. Mr. Gilbert shall represent plaintiffs with respect to this joint letter.

Upon receipt of the proposed orders and joint letter, the Court will consider the submissions and issue additional orders as appropriate. In the interim, the Initial Census Team and Practices and Procedures Team shall continue their previously designated work. Specifically, the proposed orders due to this Court next week shall be drafted and approved by these teams on behalf of the plaintiffs. Mr. McGlamry is hereby directed to be responsible for any plaintiff filings by the Initial Census Team, and Mr. Gilbert is responsible for any plaintiff filings by the Practices and Procedures Team.

In order to advance the census and the commencement of discovery, the Court recognizes the need for the plaintiffs to have vendors in place to facilitate the work of plaintiffs' counsel. Mr. Pulaski is authorized to negotiate and execute contracts on behalf of the plaintiffs' Initial Census and Practices and Procedures Teams, as prudent and beneficial to the census and discovery processes, for collection and entry of census data, retrieval of medical records, and creation and maintenance of a census platform. Recognizing the impending commencement of discovery in this matter, Ms. Finken is authorized to negotiate and sign contracts with ESI/ document repository vendors. Mr. Pulaski and Ms. Finken are directed to consult with the other members of the Initial Census and Practices and Procedures Teams on these bids and further obtain authorization from those teams before signing any contract on behalf of the plaintiffs.

The Court takes the obligations of leadership very seriously. It expects those appointed to represent plaintiffs, including during this interim period, to act in the best interests of the collective plaintiffs in this MDL, not their own self-interests. The Court also highly values transparency. In light of these guiding principles, the Court also requires that all vendors that are contracted pursuant to the foregoing authorizations of Mr. Pulaski and Ms. Finken sign an affidavit indicating whether the vendor corporation is owned directly or indirectly (e.g. through a corporation, trust, immediate family member etc.) in whole or in any part by any lawyer or firm in this litigation, by any lawyer or firm within the MDL bar, or any major pharmaceutical corporation or its board of directors. In lieu of this affidavit, publicly traded corporations shall simply state their public status. In addition, all corporations shall indicate whether they have any other financial relationship with counsel or parties in this litigation (directly or indirectly, including alternate vehicles such as loans), other than a vendor contract in other litigation. Finally, the vendor shall disclose any other relationship or fact that it believes, if known, would be material to the Court with respect to both the appearance of and actual conflicts of interest. The Court intends this disclosure obligation to be capaciously interpreted. Mr. Pulaski, Ms. Finken, and defense counsel shall confer with each other and Professor Dodge regarding the disclosures in the affidavits. Mr. Pulaski, Ms. Finken, and defense counsel shall provide a joint statement to the Court via email at Rosenberg@flsd.uscourts.gov, regarding whether they believe any conflict of interest exists and attaching to the statement copies of the affidavits. The statement should be filed as soon as practicable during the process of negotiating with and securing third party vendors.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of March, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE