**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

**THIS DOCUMENT RELATES TO:  ALL CASES**

**PRETRIAL ORDER # 11**
**Stipulated Order Setting Forth Procedures for Direct Filed Personal Injury Cases**

**I.      SCOPE OF THE ORDER**

This stipulated Order shall govern the direct filing of actions in *In re Zantac (Ranitidine) Products Liability Litigation*, MDL No. 2924, in the Southern District of Florida and applies only to personal injury claims brought by Plaintiffs based on usage or purchase of Zantac or ranitidine in the United States.

**II.     DIRECT FILING OF CASES INTO MDL NO. 2924**

1.      To eliminate delays associated with the transfer to this Court of cases filed in or removed to other federal district courts and to promote judicial efficiency, any plaintiff whose case would be subject to transfer to MDL No. 2924 may file his or her complaint against all Defendants directly in MDL No. 2924 in the United States District Court for the Southern District of Florida.[1]

2.      Any complaint that is filed directly in the Southern District of Florida pursuant to this Order shall be deemed directly filed in MDL No. 2924 and filed as a new civil action through the Court's electronic filing system.  At the time of filing, the complaint shall bear the caption set

---

[1] This Order shall apply to any complaints filed directly in the Southern District of Florida on or after February 20, 2020.

forth in Paragraph 13 of this Order and be accompanied by a civil cover sheet and summons. The civil cover sheet shall specify under the "Related Case(s)" section that the case is related to MDL No. 2924. Once the case is filed, it shall be assigned a civil case number. After review by the Clerk of Court's office, the case will be automatically consolidated in MDL No. 2924.

The process for direct filing will be as follows. Attorneys who are subject to the Local Rules of this District must file the complaint in accordance with the Local Rules.[2] Attorneys who are not admitted to practice in the United States District Court for the Southern District of Florida and who have not obtained local counsel shall be allowed electronic filing privileges and permitted to file and receive service of documents electronically according to this Court's CM/ECF Administrative Procedures, notwithstanding language to the contrary in Special Rule 4 of the Local Rules of the United States District Court for the Southern District of Florida. Such attorneys shall file the Certificate of Understanding attached at Schedule C. The Court directs the Court Administrator-Clerk of Court to assign CM/ECF usernames and passwords to such attorneys following the receipt by the Clerk of Court of properly executed Certificates of Understanding.

3. With the exception of any complaints that include plaintiffs who solely assert derivative claims, no multi-plaintiff complaints may be directly filed in MDL No. 2924.

4. Each case filed directly in MDL No. 2924 that emanates from a district outside the Southern District of Florida will be filed in MDL No. 2924 for pretrial proceedings only, consistent with the Judicial Panel on Multidistrict Litigation's February 6, 2020, Transfer Order (DE 1).

5. In any complaint directly filed in the Southern District of Florida pursuant to this Order, Plaintiff shall identify his or her federal district of residence in which the action otherwise

---

[2] Pursuant to Rule 1 of the Rules Governing Admission in this District, an attorney is eligible for admissions if the attorney is currently a member in good standing with the Florida Bar. Pursuant to Rule 4, attorneys who reside within this District and practice before this Court are expected to be members of the bar of this Court.

would have been filed absent the direct filing procedure. Upon completion of all pretrial proceedings applicable to a case directly filed in this Court, pursuant to 28 U.S.C. § 1404(a), this Court will transfer each case to the identified federal district of residence unless the parties jointly advise the Court that a case should be transferred to another district in which venue is proper.

6. Nothing contained in this Order shall preclude the parties from agreeing, at a future date, to try cases filed pursuant to this Order in the Southern District of Florida.

7. All Defendants stipulate and agree that they will not assert any objection of improper venue pursuant to Fed. R. Civ. P. 12(b) as to any ranitidine-related cases filed directly in the Southern District of Florida that emanate from districts outside the Southern District of Florida and that are filed in this multidistrict litigation for pretrial proceedings.

8. The inclusion of any action in this MDL No. 2924, whether such action was or will be filed originally or directly in the Southern District of Florida, shall not constitute a determination by this Court that venue is proper in this district. Likewise, nothing in this Order shall be construed as a waiver of personal jurisdiction by any named Defendant, served or unserved.

9. Filing an action directly into MDL No. 2924 shall not constitute, for any party, a waiver pursuant to *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

10. All parties stipulate and agree that a case that was filed directly in MDL No. 2924 pursuant to this Order will have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

11. All Defendants stipulate and agree that the filing of a complaint directly in MDL No. 2924 pursuant to this Order shall stop the running of any statute of limitations or prescriptive or preemptive period as if the complaint had been filed in an appropriate venue.

12. The references to "all Defendants" herein shall not constitute an appearance by or for any Defendant not properly served.

13. The caption for any complaint that is directly filed in MDL No. 2924 before this Court shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2924** <br> **20-MD-2924** |
| _____, | **JUDGE ROBIN L. ROSENBERG** <br> **MAGISTRATE JUDGE BRUCE E. REINHART** |
| Plaintiff(s), | COMPLAINT [& JURY DEMAND] |
| vs. | CIVIL ACTION NO. _____ |
| _____, <br> Defendants. | |
| _____/ | |

**THIS DOCUMENT RELATES TO:** *CASE NAME*

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 20th day of March, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

5