UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924 20-MD-2924 |
| | JUDGE ROBIN L. ROSENBERG MAGISTRATE JUDGE BRUCE E. REINHART |
| _____/ | |

THIS DOCUMENT RELATES TO: ALL CASES

**PRETRIAL ORDER #12**
**Stipulated Order Appointing Special Master**

It appearing that preparation of specific policies and procedures for management of this MDL will benefit the parties and the Court, the Court hereby, on recommendation of and with the consent of the parties, ORDERS:

1. Appointment: Professor Jaime Dodge, Director of the Institute for Complex Litigation and Mass Claims at Emory Law School, is appointed under Federal Rule of Civil Procedure 53 for the purpose of establishing practices and procedures that will assist with and facilitate the just and efficient early management of this litigation through the negotiation and implementation of initial case management procedures and related matters including data collection and analytics and other early case management issues identified by the parties.

2. Responsibilities and Authority: Consistent with Fed. R. Civ. P. 53 and the currently anticipated needs of the Court, as well as the parties' consent, the Court directs that Professor Dodge shall have the authority to (1) meet separately and together with various groups to facilitate communications between and amongst the parties and the Court; (2) encourage the submission of recommendations for procedures that will ensure the efficient management and administration of this litigation; (3) provide recommendations to the

   Court as to the establishment of such practices and procedures; and (4) facilitate discussions between the parties, with the consent of the parties or as requested by the Court, with respect to the establishment of discovery procedures or protocols.  Professor Dodge shall act only as a facilitator and shall not have the authority to issue reports and recommendations or orders on substantive issues of law, to decide discovery disputes, to conduct evidentiary hearings, or to impose sanctions.

3. *Ex Parte* Communications:  Professor Dodge may communicate *ex parte* with any party's attorneys for the purpose of fulfilling her role.  She may use the information gained to advise the Court with respect to any procedural or scheduling matters, but shall not use *ex parte* communications to advise the Court on substantive issues of law, discovery disputes, evidentiary hearings or other substantive matters.  No communications or sharing of materials with Professor Dodge in the context of this Appointment will be deemed a waiver of any privilege, the protection afforded by the work product doctrine, the protection afforded to material prepared for litigation, or violation of HIPAA or other law limiting sharing of information.  This protection is retroactive and covers all prior conversations and communications between Professor Dodge and either side related to this litigation.  The parties will treat Professor Dodge's communications with any party or the Court as privileged and those communications will not be subject to discovery by any party.

4. Records:  Professor Dodge shall maintain billing records of the time spent on this matter, with descriptions of the activities and matters worked upon which shall be submitted to the parties on a periodic basis for review and payment.

5. Fees and Expenses:  Compensation, at rates mutually agreeable to Professor Dodge and the parties, shall be paid to Professor Dodge on a periodic basis by the parties, along with

reimbursement for reasonable expenses incurred. Those fees and expenses shall be divided, with Defendants bearing 50% of this cost and Plaintiffs bearing 50% of this cost. Professor Dodge shall incur only such fees and expenses as may be reasonably necessary to fulfill her duties under this Order.

6. Reasonable Diligence: As required by Fed. R. Civ. P. 53(b)(2), the Court directs Professor Dodge to proceed with all reasonable diligence.

7. Disqualification Affidavit: Pursuant to Fed. R. Civ. P. 53(b)(3), before this Order shall take effect, Professor Dodge must file an affidavit disclosing whether there is ground for disqualification under 28 U.S.C. § 455. If any ground is disclosed, this Order shall take effect only if the parties, with the Court's approval, waive disqualification.

8. Pacer: The parties consent to Professor's Dodge addition to the Pacer service list. She will have access to Pacer free of charge.

9. Amendment: Pursuant to Fed. R. Civ. P. 53(b)(4), the Court may amend this Order at any time after notice to the parties and an opportunity to be heard.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 20th day of March, 2020

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

3