UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)          MDL NO. 2924
PRODUCTS LIABILITY          20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

## PRETRIAL ORDER # 13
### Stipulated Order Setting Forth Service of Process Procedures on Certain Defendants

**I. SCOPE OF THE ORDER**

This stipulated Order shall govern (1) cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of February 6, 2020; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.1 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this Court or transferred or removed to this Court. The Order applies only to claims brought by Plaintiffs based on usage or purchase of Zantac or ranitidine in the United States.

**II. STREAMLINED SERVICE OF PROCESS AS TO DEFENDANTS BOEHRINGER, SANOFI, AND GSK**

Defendants Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, and Boehringer Ingelheim USA Corporation (collectively, "Boehringer"); Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc. (collectively, "Sanofi"); and GlaxoSmithKline LLC ("GSK") agree to waive formal service of process under Federal Rule of Civil Procedure 4 and accept service of Zantac (Ranitidine) cases that are properly commenced in,

removed to, or transferred to this MDL.[1] No summons is required. By waiving formal service of process, Boehringer, Sanofi, and GSK do not waive any defenses available to them, including arguments that any defendant is not properly named or not a proper party to an action.

    A.    These procedures for informal service of process are not available in cases in which the plaintiff seeks remand to state court unless and until remand is denied. For a plaintiff seeking remand, all deadlines set forth in this Order run from the date on which remand is denied.

    B.    Plaintiffs whose Complaints are not subject to Paragraph A above and who have not already served Boehringer, Sanofi, or GSK shall have sixty (60) days to serve the Complaint. For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from the entry of this Order. Other plaintiffs shall have 60 days from the docketing of their Complaint in the MDL. The file-stamped Complaint shall be served by electronic mail to the following email address: ZantacComplaints@arnoldporter.com.[2]

    C.    The sending of a Complaint to the email address in Section B, if compliant with the additional requirements in this Section and Section D, shall constitute service on Boehringer, Sanofi, and GSK. Each email sent to the above email address shall contain only one Complaint, and the subject line of each email shall state the plaintiff's first and last name as well as the originating court. The body of each email must also include contact information for the plaintiff's counsel of record and specify the Defendant(s) being served.

    D.    A plaintiff serving a Complaint shall receive an automatic reply from the above email address when a Complaint is served. If no such reply is received within twenty-four (24)

---

[1] "Defendants" as used in Section 2 of this Order refers only to Boehringer, Sanofi, and GSK and not to any other entities that may be named as defendants in cases filed in this MDL.

[2] Defendants shall ensure that this email address is active within thirty (30) days of the date of the entry of this Order and will confirm to Plaintiffs' liaison counsel once that is so.

hours, the plaintiff shall re-serve the Complaint one additional time pursuant to the terms of this Order. If no reply is received within twenty-four (24) hours of the second attempted service email, the plaintiff shall contact counsel for Sanofi to resolve the issue. Upon successful service by electronic mail, the date of the initial effort to serve the Complaint via email shall be deemed the date of service.

E. Service will be effective only if made in accordance with these procedures. General mailing or use of other methods of transmission, including but not limited to Federal Express and electronic mail to email addresses other than that outlined above, will not be deemed sufficient to effect service. Defendants who have consented to streamlined service under this Order agree to provide thirty (30) days' notice before moving to dismiss any Complaint based on a technical defect in the service process described in this Order. Defendants may provide such notice to the submitting plaintiff's counsel via the contact email address provided in the service email pursuant to Section C above. Failure to serve a Complaint within 60 days will be subject to the standards set forth in Fed. R. Civ. P. 4(m).

F. In accordance with Pretrial Order #1 (DE 13), Defendants are not required to respond to Complaints in accordance with this Order until a date to be set by the Court. Other than those based on formal service of process, Defendants reserve all rights and defenses available to them under federal or state law and applicable treaties and conventions.

### III. SERVICE OF PROCESS AS TO DEFENDANT PFIZER

A. Without waiver of any defenses, Pfizer agrees that Plaintiffs may effect service of process pursuant to the provisions of Fed. R. Civ. P. 4 by sending a copy of the summons and complaint by certified mail to Pfizer's registered agent for service of process at the following address: The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801. Service

shall be deemed effective on the day that the summons and complaint are sent to Pfizer as set forth above. Plaintiffs shall be responsible for filing a return of service with the Court.

B. Within thirty (30) days of the entry of this Order, counsel for Pfizer will provide plaintiffs' liaison counsel with an email address for service by electronic mail. At such time as an email address is provided, Pfizer will accept service by electronic mail to that email address, consistent with the procedures and provisions outlined in Sections II.A through II.E above.

C. General mailing to Pfizer or its counsel (except as provided above) or use of other methods of transmission (e.g., electronic transmission, Federal Express, or DHL) to Pfizer or its counsel will not be sufficient to effect service. This Order does not prevent any plaintiff from effecting service pursuant to any other method authorized under the Federal Rules of Civil Procedure.

D. In accordance with Pretrial Order #1 (DE 13), Pfizer is not required to respond to Complaints in accordance with this Order until a date to be set by the Court. Other than those based on formal service of process, Pfizer reserves all rights and defenses available to it under federal or state law and under applicable treaties and conventions.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 20th day of March, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE