**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE: ZANTAC (RANITIDINE)                          MDL NO. 2924
PRODUCTS LIABILITY                                   20-MD-2924
LITIGATION

                                                JUDGE ROBIN L. ROSENBERG
                                    MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

PRETRIAL ORDER # 22
Order Establishing the Defense Leadership Structure,
Appointing Leadership Members and Designating Leadership Duties
and Responsibilities

In PTO #20, the Court appointed Plaintiffs' leadership counsel.  In PTO #21, the Court

directed defense counsel interested in serving as defense leadership to submit their applications

to the Court.  The Court, having reviewed all of the submissions by counsel, including all

applications for leadership positions and all disclosures submitted pursuant to PTO #21, issues

this Order to, among other things, (1) establish the Defendants' leadership structure; (2) designate

the defense leadership's duties and responsibilities; and (3) appoint the defense leadership

members.

I.      **DEFENSE LEADERSHIP**

        The Court is grateful to all counsel who had the interest in and took the time to apply for

leadership positions through their written submissions and also to those counsel who have served

in an interim capacity.

        As the Court noted in PTO #21, the Defendants indicated at the Initial Status Conference

that they had reached a consensus on the proposed leadership structure; this proposed structure

would mirror the structure the Court created on an interim basis.  *See* PTO #10 and 17.   The

Court additionally directed the Defendants to consider what mechanisms would best facilitate a leadership team that includes both seasoned counsel and energetic attorneys with new ideas.

The Defendants have submitted a consensus slate to the Court, in which the four existing interim co-leads continue in their roles, and the three existing liaisons maintain their roles in representing the generic manufacturer Defendants and the retailer Defendants.

The brand manufacturer Defendants have also proposed the creation of a Defense Steering Committee. The Court recognizes that the development challenges on the defense side are different than those on the Plaintiffs' side. For example, while defense firms often have mentoring programs for younger counsel that enable them to do work within an MDL, there may be difficulty later in one's career in obtaining the opportunities necessary to move into a lead counsel role in an MDL. The Court recognizes that the addition of a Steering Committee may be helpful in allowing these already very experienced counsel to more clearly showcase their skills and talents.

The brand manufacturer Defendants have also proposed a Defense Leadership Development Committee to provide an opportunity for additional lawyers who have been actively participating in the MDL to be recognized for their valuable work and to give them insight into the leadership of an MDL—paralleling the structure established for the Plaintiffs in PTO #20.

The disclosures submitted by the leadership applicants provided the Court with the necessary added assurance that the applicants did not have any conflicts that would compromise their ability to carry out the important role of serving in a leadership role in this litigation. The Court did not seek to supersede the judgment of their respective clients as to conflicts, but instead to ensure that there were no undisclosed issues that might raise questions about the ability of

these counsel to serve the interests of all Defendants as part of a leadership team—particularly those appointed to liaison roles.  It was in anticipation of this somewhat unique defense leadership structure that the Court requested these disclosures to further the goal of instilling transparency in the overall process of managing this MDL and, thereby, promote confidence in the attorneys selected to act on behalf of the many Defendants.  The Court found no issues involving any actual or perceived conflicts from the disclosures.

II.      **DEFENSE LEADERSHIP STRUCTURE**

The Court puts the following leadership structure in place based on all of the available information that the Court has at this time.  The Court has concluded that it is appropriate to proceed with the adoption of a structure for leadership, and to appoint counsel to those positions, notwithstanding the evolving contours of this litigation through additional cases being filed or transferred to the MDL, the collection of census registry data, and/or motion practice, to name just a few considerations.  The Court recognizes that it may need to revisit or modify the structure of leadership and/or specific appointments as the litigation continues to develop.

The organization of defense counsel, like Plaintiffs' counsel, for pretrial proceedings is not intended to constitute any waiver of rights or privileges.  Rather cooperation is an essential component of the orderly and expeditious resolution of this litigation.  The communication of information among and between defense counsel (or defense counsel with the Special Master) shall not be deemed a waiver of the attorney-client privilege and/or the attorney work product doctrine, if the privilege or doctrine is otherwise applicable, and all of said persons shall maintain the confidentiality of said communications.  This provision does not limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.  Nor does this provision expand or create a protection or privilege that the party does not otherwise already enjoy.

a) **Lead Counsel**

The Court appoints four (4) Co-Lead Counsel to represent the Defendants in this litigation. Co-Lead Counsel are vested by the Court with the authority and duty to coordinate and oversee the responsibilities of the Defense Steering Committee; to schedule meetings; to appear on behalf of Defendants at periodic court-noticed status conferences and hearings; to sign and file pleadings relating to all actions; and to bind the Defendants in scheduling depositions, setting agendas, entering into stipulations, and in all other necessary interactions with Plaintiffs' counsel. These counsel shall also be responsible for reporting to the Court in response to inquiries on particular topics or procedures or convening meetings of counsel to the extent needed.

Co-Lead Counsel are ultimately responsible for directing the completion of the following tasks:

a. Discovery: Initiating, coordinating, and conducting all pretrial discovery on behalf of the Defendants in the MDL proceedings and, to the extent possible, coordinating with any state court actions to avoid duplicative depositions or other inefficient discovery, to the extent MDL counsel believe it prudent to do so; developing and proposing to the Court schedules for the commencement, execution and completion of all discovery on behalf of all Defendants; causing to be issued in the name of all Defendants the necessary discovery requests, motions and subpoenas pertaining to any witnesses and documents required to prepare properly for exploration of relevant issues found in the pleadings of this litigation, as well as any additional discovery deemed prudent upon the request of non-appointed counsel; and conducting all discovery in a coordinated and consolidated manner on behalf, and for the benefit, of all Defendants.

b.  Hearings & Meetings: Calling meetings of counsel for Defendants for any appropriate purpose, including coordinating responses to questions of parties or the Court; initiating proposals, suggestions, schedules, joint briefs and any other appropriate matters pertaining to pretrial proceedings; examining witnesses and introducing evidence at hearings on behalf of Defendants; and acting as a spokesperson for all Defendants at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any Defendant's counsel to present non-repetitive individual or different positions.  In this regard, appointed counsel may submit and argue any verbal or written motions presented to the Court on behalf of the Defendants, as well as oppose when necessary any motions submitted by the Plaintiffs or other parties that involve matters within the sphere of the Co-Leads' responsibilities.

c.  Work with Defense Leadership and other Defense Counsel: Assigning tasks to the Liaison Counsel, Steering Committee and Leadership Development Committee, and directing such work performed by the appointed counsel as well as any others assigned responsibility for these tasks; and providing mentoring and opportunities that further develop the skills and talents of appointed counsel.

d.   Other Tasks: Performing any other tasks necessary and proper to accomplishing these responsibilities.

Any pleading or other paper filed on behalf of all Defendants shall be signed by one of the Co-Lead Counsel.

**b)  Liaison Counsel**

The liaison counsel are tasked with working with the Coordinating Counsel, as set forth in III.A., to create processes for ensuring that the Defendants they represent are kept apprised of

developments in the litigation on a timely basis. Liaison counsel shall be responsible for providing coordinated feedback to the Co-Lead Counsel or their designees as to any pending filings or other matters representing the composite comments of the Defendants they represent, in a timely and efficient fashion.

### c) Steering Committee

Members of the Steering Committee shall consult with and operate under the direction of Co-Lead Counsel in the prosecution of any work within the scope of the Co-Lead Counsel's authority, which the Co-Lead Counsel deem it prudent to delegate to the Steering Committee.

### d) Leadership Development Committee

This Court is keenly aware of the concerns raised in recent years about the challenges faced by less experienced attorneys in obtaining leadership appointments in MDL proceedings. While this Order is not the time or place for an exhaustive discussion of this issue, suffice it to say that this Court is sensitive to these concerns, as well as the need to have more experienced MDL practitioners lead and populate steering committees to adequately represent the interests of parties in large, complex and costly MDL matters. The Court views these concerns as complimentary, rather than as mutually exclusive. In an attempt to balance the needs of this MDL, as set forth below, this Court hereby establishes a Defense Leadership Development Committee (LDC).

The Court also directs that Special Master Dodge shall meet periodically with LDC members individually, to ensure that they are receiving appropriate opportunities for their ability and skills, including the opportunity to present before this Court. To the extent that any Order of this Court conflicts with the ability of the LDC to effectuate the Court's intent in this regard — for example, limitations that may be imposed upon the number of presenters at hearings — Co-Lead

Counsel may request individual waiver of these restrictions, which the Special Master is hereby granted authority to approve in her discretion without the need for future Order of this Court.

## III.  **DEFENSE LEADERSHIP APPOINTMENTS**

The Court makes the following appointments:

### A.  **Lead Counsel**

Anand Agneshwar
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Email: anand.agneshwar@arnoldporter.com

Andrew T. Bayman
KING & SPALDING LLP
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Email: abayman@kslaw.com

Mark S. Cheffo
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Email: mark.cheffo@dechert.com

Joseph G. Petrosinelli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Telephone: (202) 434-5000
Email: jpetrosinelli@wc.com

Mr. Petrosinelli was previously designated by this Court as the liaison between the interim co-lead counsel and the interim liaison counsel for the generic and retailer Defendants, and the Court readopts that appointment.  The Court believes it is important to have a single individual with the ultimate responsibility for creating processes which ensure that there is a structure in place

7

which keeps the non-brand Defendants apprised of developments in the case and affords an opportunity for input to the extent practicable, but which is ultimately efficient and timely.  While the need for such coordination is already apparent, the Court anticipates that this role will become more important as the litigation advances, particularly if additional Defendants enter the litigation as is anticipated.  This individual will be primarily responsible for ensuring that a coordinated process exists for how any particular work will be negotiated/prepared/completed given these considerations, conferring with the Co-Lead Counsel as to which individuals should be responsible for particular coordinated defense projects, and ensuring that the designated counsels' process for completing the work is efficient with respect to both time and resources.  The Court encourages the consideration of the creation of periodic meetings via Zoom or other platforms to ensure all counsel are updated on case developments, if the number of Defendants increases further, in addition to the traditional mechanisms.  Such presentations may also afford an opportunity for Steering Committee or Leadership Development Committee counsel to present updates on particular issues or topics.  For the sake of clarity, the Court now designates this position as "Coordinating Counsel" rather than "liaison to the liaisons".

###### B.    Generic & Retailer Defendants' Liaison Counsel

For the generic manufacturers:

Richard M. Barnes
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
Telephone: (410) 783-4000
Email: rmb@gdldlaw.com

Thomas J. Yoo
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: (213) 896-2400
Email: thomas.yoo@hklaw.com

   For the retailer Defendants

Sarah E. Johnston
BARNES & THORNBURG LLP
2029 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 284-3798
Email: sarah.johnston@btlaw.com

   **C.**  **Steering Committee**

Daniel S. Pariser
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 942-5000
Email: daniel.pariser@arnoldporter.com

Paige H. Sharpe
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 942-5000
Email: paige.sharpe@arnoldporter.com

Judy L. Leone
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Email: judy.leone@dechert.com

Will W. Sachse
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Email: will.sachse@dechert.com

Ilana H. Eisenstein
DLA PIPER LLP
1650 Market Street, Suite 5000
Philadelphia, PA 91903
Telephone: (215) 656-3300
Email: ilana.eisenstein@dlapiper.com

Matthew A. Holian
DLA PIPER LLP
33 Arch Street, 26th Floor
Boston, MA 02110
Telephone: (617) 406-6000
Email: matt.holian@dlapiper.com

Robert B. Friedman
KING & SPALDING LLP
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Email: rfriedman@kslaw.com

Eva Canaan
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 556-2100
Email: ecanaan@kslaw.com

Michael B. Shortnacy
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Email: mshortnacy@kslaw.com

Thomas J. Sheehan
PHILLIPS LYTLE LLP
One Canalside
125 Main Street
Buffalo, NY 14203
Telephone: (716) 847-8400
Email: tsheehan@phillipslytle.com

Patrick L. Oot
SHOOK HARDY & BACON
1800 K Street NW, Suite 1000
Washington, DC 20006
Telephone: (202) 783-8400
Email: oot@shb.com

M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Telephone: (202) 434-5000
Email: ehorn@wc.com

Jessica B. Rydstrom
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Telephone: (202) 434-5000
Email: jrydstrom@wc.com

### D.    Leadership Development Committee:

Tommy Huynh
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Email: tommy.huynh@arnoldporter.com

Lindsey B. Cohan
DECHERT LLP
300 West 6th Street, Suite 2010
Austin, TX 78701
Telephone: (512) 394-3000
Email; lindsey.cohan@dechert.com

Caroline Power
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Email: caroline.power@dechert.com

Jonathan S. Tam
DECHERT LLP
One Bush Street, Suite 1600
San Francisco, CA 94104
Telephone: (415) 262-4500
Email: jonathan.tam@dechert.com

Katherine W. Insogna
DLA PIPER LLP
33 Arch Street, 26th Floor
Boston, MA 02110
Telephone: (617) 406-6000
Email: katie.insogna@dlapiper.com

Leeanne S. Mancari
DLA PIPER LLP
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067
Telephone: (310) 595-3000
Email: leeanne.mancari@dlapiper.com

Mark A. Sentenac
KING & SPALDING LLP
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Email: msentenac@kslaw.com

Julia Zousmer
KING & SPALDING LLP
353 North Clark Street, 12th Floor
Chicago, IL 60654
Telephone: (312) 995-6333
Email: jzousmer@kslaw.com

Hope E. Daily
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Telephone: (202) 434-5000
Email: hdaily@wc.com

Michelle L. Hood
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Telephone: (202) 434-5000
Email: mhood@wc.com

Annie E. Schowalter
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Telephone: (202) 434-5000
Email: ashowalter@wc.com

All of the foregoing appointments are personal in nature. That is, although the Court expects that appointees will draw on the resources of their firms, their co-counsel, and their co-counsel's firms, each appointee is personally responsible for the duties and responsibilities that he or she assumes. However, if any counsel appointed to a leadership position leaves his or her firm during the course of this litigation, counsel must immediately notify the Court, at which time the Court may reassess counsel's role in a leadership position. In addition, if any counsel appointed ceases to represent the party he/she presently represents, counsel must immediately notify the Court, at which time the Court may reassess counsel's role in a leadership position.

The Court will consider a process for periodically evaluating leadership appointees' performance and commitment to the tasks assigned, as well as the ongoing needs of the litigation.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 22nd day of May, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE