UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

THIS DOCUMENT RELATES TO: ALL CASES

**PRETRIAL ORDER # 24**
Order Relating to Initial Status Conference, Setting Forth General Case Management Matters and Coordinated Filing Protocols, and Appointing Interim *Pro Se* Litigant Liaison

On May 12 and 13, 2020, this Court convened the Initial Conference and Preliminary Discovery Conference pursuant to Pretrial Order # 16 ("PTO # 16") (DE # 557). The proceedings were conducted via Zoom as a result of COVID-19 restrictions. The proceedings were open to the public, provided that attendees registered in advance as a reasonable security precaution to prevent interruption with the electronic transmission. As directed in PTO # 16, the parties made presentations on "foundational topics" and "key concepts in this case" to assist the Court in learning about some of the factual, legal and scientific issues the parties anticipate will be developed during the course of this MDL proceeding.

PTO # 16 also directed the parties to address case management issues that the parties have been discussing and working on over the past couple of months, and the parties provided the Court with a summary of their discussions. The parties also advised the Court of their agreement to a case management schedule that includes: full non-bifurcated discovery that opens on the latter of June 1, 2020, or the date of entry of Orders relating to Confidentiality, Privilege, Electronically Stored Information ("ESI"), and Preservation; a discovery period that continues for 18 months,

culminating in the filing of *Daubert* motions relating to general causation, as well as motions for class certification; and, as necessary, a subsequent period for bellwether selection and case-specific bellwether discovery in the personal injury cases, with the timeframe for completion of case-specific bellwether discovery to be negotiated and submitted to the Court within 30 days of the Court's general causation *Daubert* rulings. As contemplated by Pretrial Order # 15 (DE # 547), the parties will begin discussing the methods and process for bellwether case selection and will work toward reducing the bellwether pool during the 18-month discovery period preceding the filing of *Daubert* motions and up to the Court's rulings on the *Daubert* motions.

The Court and the parties further discussed the entry of additional orders to advance the proceedings in this MDL, as reflected below. In addition, the Court directed the parties to address any additional "housekeeping" matters in this Order that would facilitate the efficient administration of this MDL.

Based on the presentations by and recommendations of counsel regarding these case management issues and other matters, the Court **ORDERS and ADJUDGES** as follows:

1. The Court adopts the parties' proposed schedule that a hearing on *Daubert* challenges on general causation will precede bellwether selection, and general causation *Daubert* motions shall be filed 18 months following the initiation of discovery. Plaintiffs shall complete all fact discovery of Defendants, including document discovery and fact depositions, and the parties shall complete expert discovery necessary to prepare general causation *Daubert* motions, within that 18-month period. Plaintiffs' motions for class certification shall also be filed 18 months following the initiation of discovery. During that 18-month period, the parties shall engage in all fact discovery, including document discovery and depositions, to prepare for the filing of the class certification motions. All discovery referenced in this Order shall be subject to and consistent with

Federal Rule of Civil Procedure 26.  Nothing in this Order precludes the parties from reaching agreements regarding the scope and timing of this discovery to fit the needs of the case and/or the respective roles of the parties in the supply chain.

2. By June 1, 2020, the parties shall email in WORD format to the Court at zantac_mdl@flsd.uscourts.gov proposed Agreed Orders addressing Confidentiality, Privilege, ESI, and Preservation, or, in the event the parties are unable to reach agreement on any or all such proposed Orders, the parties shall notify the Special Master.  The Court may promptly schedule a hearing to resolve the disputed issues.  The 18-month discovery periods referenced in paragraph 1 above shall begin upon the entry of these four Orders.

3. The parties are continuing to work to finalize proposed Orders regarding Document Authenticity, In Extremis Depositions, Streamlined Service/Process, and Master Pleadings, and shall either submit such Orders as agreed upon, or notify the Special Master that an agreement is unlikely, on or before June 1, 2020.  The Court may at an appropriate time schedule a hearing to resolve the disputed issues if such need exists.  All proposed Orders shall be emailed in WORD format to the Court at  zantac_mdl@flsd.uscourts.gov.

4. By June 1, 2020, the parties shall submit their proposed Agreed Scheduling Order for this MDL proceeding from the opening of discovery as defined above through *Daubert* motions relating to general causation, as well as Plaintiffs' motions for class certification.  In the event the parties are unable to reach agreement on any portion of the proposed Agreed Scheduling Order, they shall notify the Special Master by June 1, 2020.  The Court may promptly schedule a hearing to resolve the disputed issues if such need exists.  The Agreed Scheduling Order shall be emailed in WORD format to the Court at zantac_mdl.flsd.uscourts.gov.

5. By June 1, 2020, Plaintiffs' Co-Lead Counsel shall submit an updated proposed Protocol for Common Benefit Work and Expenses. The Protocol shall be emailed in WORD format to the Court at zantac_mdl.flsd.uscourts.gov.

6. By June 22, 2020, Plaintiffs shall file their Master Personal Injury Complaint and Master Class Action Complaints.

7. The first Case Management Conference following the Initial Conference will be scheduled for early July 2020. By separate order, the Court will communicate the date and means of attendance, which the Court anticipates will likely be through Zoom videoconference, given the continuing COVID-19 situation.

8. At the July Case Management Conference, the parties are directed to make a recommendation to the Court with respect to a mechanism for keeping the Court and the parties' Co-Lead Counsel apprised of state court filings relating to the subject matter of this MDL. In the interim period, all Plaintiffs' counsel appointed to leadership under Pretrial Order # 20 shall promptly notify Plaintiffs' Co-Lead Counsel and Plaintiffs' Liaison Counsel (Frank Maderal) if they file a case in state court, or if a case is filed in state court on behalf of one of their retained clients. Likewise, all Defendants are directed to promptly notify Defendants' Liaison Counsel (Joanne O'Connor) of any state court filings regarding Zantac and/or ranitidine that are sufficiently similar to the claims in this MDL that if they were filed in federal court they would be susceptible to transfer to this Court. Plaintiffs' Co-Lead Counsel and Defendants' Liaison Counsel are directed to provide a weekly update to the Special Master, who is directed to keep the Court appropriately apprised of these developments. The Court expects that Plaintiffs' Co-Lead Counsel and Defendants' Liaison Counsel will use this interim period to explore the best methods to collect,

manage, and disseminate data, which will help inform a more complete and tested recommendation to the Court on how to manage state/federal case tracking going forward.

9. The Court further directs Plaintiffs' Co-Lead Counsel to make recommendations to the Court with respect to ensuring that *pro se* litigants are kept reasonably informed in the MDL. Mr. Maderal shall serve as the interim *pro se* litigant liaison until such permanent liaison(s) are selected, if deemed necessary. Nothing in this Order shall prevent Plaintiffs' Co-Lead Counsel from assigning another attorney to serve as the individual point of contact for a particular *pro se* litigant.

10. Given the nature and size of this MDL, the Court seeks to utilize a procedure for the filing of motions that will enable the Court to efficiently manage the case and the filings (since the Transfer Order was issued on February 6, this case has generated over 760 docket entries). At the same time, the Court is mindful of the importance of providing every party with access to the Court. Thus, the Court implements the following procedure for the filing of motions to facilitate such access and, at the same time, streamline and coordinate the filings. The Court does not anticipate, expect, or encourage filings from any Plaintiff or Plaintiffs' counsel other than Plaintiffs' Co-Lead Counsel, or any filings from any Defendant or Defendant's counsel other than Co-Lead Defense Counsel. Absent further Order of this Court, any Plaintiff or Plaintiff's counsel seeking to file a motion in this proceeding must first confer with Plaintiffs' Co-Lead Counsel to determine whether Plaintiffs' Co-Lead Counsel consents to the filing of said motion. Any Defendant or Defendant's counsel seeking to file a motion must first confer with Co-Lead Defense Counsel to determine whether Co-Lead Defense Counsel consents to the filing of said motion. Leadership and the moving party shall work in good faith to resolve any concerns regarding the proposed motion. If Co-Lead Counsel consents to the filing of the motion, the

moving party shall include in the motion an affirmation confirming such consent. If Co-Lead Counsel does not consent to the filing of the motion, the moving party must confer with the Special Master in advance concerning the appropriateness of the motion, and may file the motion only after submitting a motion for leave of Court to file it. The motion for leave to file shall set forth the reasons why the underlying motion is necessary or appropriate at that time and shall include a copy of the underlying motion as an attachment. The underlying motion may be filed only upon entry of an Order by the Court granting permission to file said motion. The procedure set forth in this paragraph does not apply to any motion signed by Co-Lead Counsel.

11. Any pleading or other paper filed on behalf of all Plaintiffs shall be signed by one of the Plaintiffs' Co-Lead Counsel. Any pleading or other paper filed on behalf of all Defendants shall be signed by one of the Co-Lead Defense Counsel.

12. If a motion is signed by Co-Lead Counsel and raises issues common to more than one case pending in this MDL, the motion must be filed on behalf of all pending cases that have the common issue.

13. All counsel shall comply with Rule 7.1 of the Local Rules for the Southern District of Florida when filing motions.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 28th day of May, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE