**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE:  ZANTAC (RANITIDINE)                                         MDL NO. 2924
PRODUCTS LIABILITY                                                      20-MD-2924
LITIGATION
                                                                 **JUDGE ROBIN L. ROSENBERG**
                                          **MAGISTRATE JUDGE BRUCE E. REINHART**

_____/

**THIS DOCUMENT RELATES TO:  ALL CASES**

**PRETRIAL ORDER # 26**
**Confidentiality Order**

A.    **INTRODUCTION**

1.    The Court issues the following Confidentiality Order relating to the parties' alleged

proprietary and confidential information to be produced herein that may be subject to protection

pursuant to Fed. R. Civ. P. 26(c).

2.    Discovery in this Litigation, including any appeal, may involve the production of

information containing trade secrets, proprietary commercial or business information, financial

information, personal identifying or personal health related information, information subject to

one or more U.S. or foreign data privacy laws or regulations, and/or other sensitive and confidential

information for which special protection from public disclosure and from use for any purpose other

than this proceeding is warranted.

3.    This Order shall govern all hard copy and electronic documents, the information

contained therein, and all other information produced or disclosed during this Litigation, whether

revealed in a document, deposition, other testimony, discovery responses or otherwise.

4.      Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Order and thereby become a Producing or Receiving Party for purposes of this Confidentiality Order.

5.      The entry of this Order does not prevent any party from seeking a further order of this Court pursuant to Federal Rules of Civil Procedure 26(c) or 37(a).

6.      Nothing in this Order shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony or other evidence.

7.      Nothing contained in this Order shall preclude any Producing Party from using its own Confidential Information or Highly Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

8.      It is expressly understood by and among the parties that in producing Confidential Information and/or Highly Confidential Information in this proceeding, the parties shall be relying upon the terms and conditions of this Order.

**B.      DEFINITIONS**

1.      This "Litigation," as used herein, means MDL No. 2924, any actions remanded therefrom, and any appeals thereof.

2.      "Document," as used herein, shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

3.      "Producing Party," as used herein, means any party to this Litigation or any nonparty who produces or provides materials or testimony containing Confidential Information and/or Highly Confidential Information.

4.      "Receiving Party," as used herein, means any party to the Litigation or any nonparty to whom the Producing Party produces materials or testimony containing Confidential Information and/or Highly Confidential Information.

5.      "Third Party," as used herein, covered by this Order is intended to include third parties who respond to discovery requests initiated by the parties or the Court.

6.      "Confidential Information," as used herein, means information of any type, kind or character that the Producing Party believes in good faith constitutes, reflects, discloses, or contains: (1) information that the Producing Party reasonably believes constitutes a trade secret under applicable statutory and case law; or (2) information that the Producing Party reasonably believes constitutes such highly sensitive technical or proprietary business information of such Producing Party that its disclosure might result in an unfair competitive, financial or commercial advantage to the Receiving Party or competitors or disadvantage to the Producing Party; or (3) Protected Health Information, as defined herein; or (4) personal identifying information, personal data, sensitive personal data, or other data a party believes in good faith to be subject to federal, state, or foreign data protection laws; or (5) any other sensitive information or tangible things (regardless of how they are generated, stored or maintained) that requires protection under Federal Rule of Civil Procedure 26(c).[1]  "Confidential Information" can apply to information contained within a document, revealed during a deposition or other testimony, revealed in a written discovery response, or otherwise revealed.  Any transcript of an *in camera* hearing shall be treated as confidential pursuant to this Order.  This Order shall be understood to encompass not only those items or things that are expressly designated as Confidential, but also Confidential Information

---

[1] Nothing herein shall be construed to limit or expand the definition of Confidential Information as defined by Fed. R. Civ. P. 26(c) and applicable caselaw.

contained in copies, excerpts, and summaries thereof, testimony, oral communications, and other work product.

7.     "Highly Confidential Information," including "Highly Confidential Information – Outside Counsel's Eyes Only," (collectively referred to as "Highly Confidential Information" unless specifically states otherwise) as used herein, means Confidential Information that the Producing Party believes in good faith would, if disclosed, cause a substantial risk of a significant competitive or commercial disadvantage to the Producing Party, including but not limited to information that reflects: the Producing Party's competitiveness in the market; sales or marketing strategies; research and development materials; or non-public dealings with or internal deliberations concerning any regulatory body such as the FDA or other authority.

8.     "Protected Health Information," as used herein, shall have the same definition as set forth in 45 CFR § 160.103.

9.     "Competitor," as used herein, means, with regard to any Defendant, any current manufacturer or seller of ranitidine-containing products other than the Producing Party, which may include, but is not limited to, other Defendants in this Litigation.

## C.    DESIGNATION PROCESS

1.     In designating materials as "Confidential Information" or "Highly Confidential Information" the Producing Party shall do so in good faith, consistent with the provisions of this Order.  Nothing contained herein shall be construed to allow global designations of all materials or documents as "Confidential Information" or "Highly Confidential Information."

2.     Specific documents and discovery responses produced by a Producing Party may be designated as containing Confidential Information by marking each page of the documents with the words "Confidential Information – Subject to Protective Order," "Highly Confidential

4

Information – Attorneys' Eyes Only – Subject to Protective Order," or "Highly Confidential Information – Outside Counsel's Eyes Only – Subject to Protective Order," as appropriate (hereinafter, collectively "Confidentiality Designation"), without obscuring any part of the text, where reasonably practicable.  Such Confidentiality Designation shall subject the document and its contents to this Order.  In lieu of marking the original of a document, the Producing Party may mark the copies that are produced or exchanged.

3.      To the extent that information stored or recorded in the form of electronic or other media is produced in such form, the Producing Party may designate such information as Confidential Information or Highly Confidential Information by cover letter generally referring to such information, or by including "Confidential" or "Highly Confidential," as appropriate, in the file or directory name, or by affixing the appropriate Confidentiality Designation to the media containing the information (e.g., CD-ROM, DVD, Hard Drive).

4.      The Receiving Party shall mark any storage medium containing such Confidential Information or Highly Confidential Information with the appropriate Confidentiality Designation as designated by the Producing Party.  Whenever any Receiving Party reduces any such information to hard copy form and intends to use that hard copy in this Litigation (subject to the terms of this Order), the receiving party must prominently mark the hard copy form with the appropriate Confidentiality Designation as designated by the Producing Party.

5.      No person shall attend depositions (or portions of depositions) during which Confidential or Highly Confidential Information is disclosed unless such person is authorized under the terms of this Protective Order.  If, during the course of a deposition, the response to a question would require the disclosure of Confidential or Highly Confidential Information, the witness may refuse to answer or the Producing Party or Party whose Confidential or Highly

Confidential Information would be disclosed may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive Confidential or Highly Confidential Information leave the room.  If all persons in the room are authorized to receive Confidential or Highly Confidential Information, no objection shall be interposed at deposition directing a party not to answer based on the fact that an answer would elicit Confidential or Highly Confidential Information.  At the time of deposition or within thirty (30) days after receipt of the final (signed or unsigned) deposition transcript from the Court reporter, a party may designate as Confidential or Highly Confidential Information specific portions of the transcript that contain confidential matters under the standards set forth above.  This designation shall be in writing and served upon all counsel present for the deposition and all Liaison counsel.  Transcripts will be treated as confidential until the expiration of this time period.  Any portions of a transcript designated Confidential or Highly Confidential shall thereafter be treated as confidential in accordance with this Order.  The original and all copies of transcripts containing Confidential or Highly Confidential Information shall be marked with the appropriate Confidentiality Designation.

6.      This Order is HIPAA-compliant pursuant to 45 C.F.R. § 164.512 (e)(1)(v).  The parties agree that a Receiving Party (or any other person who receives Confidential Information or Highly Confidential Information from a Receiving Party) may use Confidential Information and Highly Confidential Information only for the purposes of the Litigation, including documents that contain Protected Health Information (PHI) and individually identifiable health information that is protected from unauthorized disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), codified in 45 C.F.R. §§ 160, 164.  The Receiving Party must return or destroy all documents containing Protected Health Information to the Producing Party (including all copies made) at the end of the Litigation pursuant to Section K of this Order.

**D.**    **PERMISSIBLE USE AND DISCLOSURE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION**

1.    Except with the prior written consent of the Producing Party, Confidential Information or Highly Confidential Information, or any portion thereof, may not be disclosed to any person or entity, except as set forth below.

2.    Any document or other material that is designated Confidential Information or Highly Confidential Information, or the contents thereof, may be disclosed and used as necessary only for the purpose of this Litigation, or appeal therefrom.

3.    Information designated as Confidential Information pursuant to this Order may be shown and delivered to the following people within this Litigation as necessary:

    i.    a party to the Litigation, or an officer, director, employee, partner, conservator, guardian, trustee or executor of a party;

    ii.    inside and outside counsel for a party, including counsel's clerical, secretarial, and other staff employed or retained by such counsel;

    iii.    judges, court reporters, court personnel, special masters, referees, other court-appointed officials, or videographers present at trial, conferences, hearings, arguments, or depositions held in this Litigation, including any appeals related thereto;

    iv.    insurers, reinsurers, auditors or other third parties who may view or inspect a party's files or records in the ordinary course of that party's business;

    v.    employees of third-party contractors retained by a party or outside counsel for a party, involved in one or more aspects of discovery tasks, copying, organizing, filing, coding, converting, storing, reviewing or retrieving data

or designating programs for handling data connected with the Litigation, including the performance of such duties in relation to a computerized litigation support system;

    vi.  a Receiving Party, to the extent they are not a named party to the Litigation, and any corresponding support staff, including eDiscovery vendors, trial/jury consultants, and graphics/visual-effect vendors;

    vii.  testifying or consulting experts retained by a party to this Litigation for purposes of assisting the party and its attorneys of record in the preparation and/or presentation of its claims or defenses;

    viii.  any deponent, provided: (1) the Receiving Party has a good-faith basis to believe the witness authored (in whole or in part), received, or had authorized access to the Confidential Information or Highly Confidential Information prior to the deposition; and (2) the witness agrees to be bound by the terms of this Confidentiality Order on the record at deposition; and

    ix.  any other person, if consented to in writing in advance by the Producing Party, or by court order.

4.     Notwithstanding the foregoing, counsel may disclose Confidential or Highly Confidential Information while on the record during a deposition provided that: (i) counsel believes in good faith that the witness has knowledge of or relevant testimony related to the matters contained in the Confidential or Highly Confidential Information; and (ii) counsel in good faith deems it necessary for the prosecution or defense of the action to show the Confidential or Highly Confidential Information to the deponent.  The deponent shall sign the "Attestation" attached this Order before the Highly Confidential Information is disclosed.  Prior to presenting the Highly

Confidential Information to the deponent, the party wishing to use the information shall show the information to counsel for the Producing Party.  If a dispute arises, the counsel present at the deposition shall meet and confer in an attempt to resolve the dispute.  If the parties are unable to resolve the dispute, the Highly Confidential Information shall not be disclosed to the deponent until such time that the Court, or its designee, can resolve the dispute.

5.     If a deponent has not authored (in whole or in part), received, or had authorized access to Confidential Information or Highly Confidential Information and refuses to be bound to this Confidentiality Order, the party seeking to use the Confidential Information or Highly Confidential Information with the deponent may seek relief from the Court by:

a.  Filing a motion with the Court, not to exceed five (5) pages, specifying the deponent, the date of the deposition (if scheduled), the purpose of the deposition, identity of the Confidential Information or Highly Confidential Information, why the use of Confidential Information or Highly Confidential Information is needed for the deposition, and whether the deponent should be subjected to the terms of the Confidentiality Order.  The Confidential Information or Highly Confidential Information intended to be used with the deponent shall be attached to the motion and submitted *in camera*.  The motion shall be served on the Defendants and the deponent, but the Confidential Information or Highly Confidential Information intended to be used at the deposition will only be disclosed to the Court.  If the motion contains Confidential Information or Highly Confidential, or portions thereof, the motion will be filed under seal in accordance with the local rules.

b.  The Defendants and/or the Deponent will have seven (7) days to respond to the motion in a brief not to exceed five (5) pages.

9

      c.   No replies will be permitted without leave of the Court.

      d.   The Court will rule on the motion and either proscribe the use of Confidential Information or Highly Confidential Information at the deposition or order that the deponent will be subjected to the terms of this Confidentiality Order.

6.      Information designated as Highly Confidential Information pursuant to this Order may be shared only with the persons listed in paragraphs 3(ii)-(ix) above.

7.      Information specifically designated as "Highly Confidential Information – Outside Counsel's Eyes Only – Subject to Protective Order" may be shared only with (i) Plaintiffs' attorneys of record in the Litigation, including clerical, secretarial, and other staff employed or retained by Plaintiffs' counsel, (ii) outside counsel for a party, including counsel's clerical, secretarial, and other staff employed or retained by such counsel and (iii) the persons listed in paragraphs 3(iii)-(ix) above.

8.      Persons listed in paragraphs 3(i), (v)-(ix) above, to whom sharing or disclosure of Confidential Information or Highly Confidential Information (if appropriate) is made, must sign the Attestation attached hereto as Exhibit A unless such permission for such disclosure has been granted by the Court.  Counsel providing access to Confidential Information or Highly Confidential Information shall retain copies of the executed Attestation(s) and provide them to another party as requested.

9.      Counsel for a party may give advice and opinions to his or her client solely relating to the Action based on his or her evaluation of Highly Confidential material, provided that such advice and opinions shall not reveal the content of such Highly Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

10.     This Order shall not affect or modify any Defendant's ability to review and report produced information to any applicable regulatory agencies.

11.     The terms of this Order shall in no way affect the right of any person to withhold production of privileged information or information subject to the work product protection.

E.     **NON-PRIVILEGE REDACTION**

1.     Any Producing Party may redact from the documents and information it produces any matter that the Producing Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity.   The following information may also be redacted:

    i.     information about other non-competing products or compounds not at issue in this Litigation to the extent that information is not relevant to the Litigation[2];

    ii.     information about competing products when not used in comparison to ranitidine;

    iii.     notwithstanding Section C.6, Protected Health Information ("PHI"), including information presented in adverse event reports, product experience reports, consumer complaints, and other similar data;

    iv.     personal identifying information, personal data, sensitive personal data, or other data a party believes in good faith to be subject to federal, state, or foreign data protection laws[3]; and

---

[2] This provision does not permit the redaction of references to other H2 blockers or products that directly competed with ranitidine (i.e., proton-pump inhibitors) or any Nitrosamine (of which N-Nitrosodimethylamine is one) that otherwise appear in a responsive document.

[3] Defendants have indicated that they do not intend to redact such information at the outset, but

      v.    such other redactions as may now or hereafter be provided for by law or permitted by Order of this Court.

2.    The producing party shall clearly note when a document has been redacted for the above reasons only, what information has been redacted, and provide the basis for the redaction.  The basis for each redaction may be specified either on the face of the document, in the metadata, or in a log.  Redactions based on privilege will be governed by the governing privilege order.

## F.    <u>INADVERTENT FAILURE TO MAKE CONFIDENTIALITY DESIGNATION</u>

1.    Inadvertent production, mistaken production, or *in camera* review of any document or information without the appropriate Confidentiality Designation, or with the incorrect Confidentiality Designation, will not be deemed to waive a later claim to its Confidential or Highly Confidential nature or preclude the Producing Party from designating said document or information as Confidential Information or Highly Confidential Information at a later date.

2.    A Producing Party may designate as Confidential Information or Highly Confidential Information or withdraw such a designation from any material that it has produced by serving written notice to the Receiving Party within thirty (30) days following the discovery of the inadvertent production with incorrect designation or without designation.  The Producing Party shall produce corrected versions of the materials to conform the document to the appropriate designation within fourteen (14) days of the date they notified the Receiving Party of the inadvertent production.  Upon receipt of the notice, the Receiving Party shall: treat such document or information with the noticed level of protection from the date such notice is received as

---

nothing in this Order shall limit their right to redact, if necessary or appropriate, in situations where redaction would not interrupt the understanding of the context of the document.

Confidential or Highly Confidential pursuant to the terms of this Order; take reasonable steps to notify any persons known to have possession of such material of such re-designation under this Order; promptly endeavor to procure all copies of such materials from persons known to have possession of such material who are not entitled to receipt of it pursuant to this Order; and destroy or return any copies of the undesignated or incorrectly designated materials.  It is understood that the Receiving Party's good faith efforts to procure all copies may not result in the actual return of all copies of such materials.

      3.     The production of any unredacted information that would otherwise be subject to redaction under this Order shall not be deemed a waiver, in whole or in part, of any party's claim to the Confidential or Highly Confidential nature of such information.  To the extent any party discovers the production of such information subject to redaction, the provisions of Paragraph F and G shall apply.

      4.     The inadvertent production of attorney-client privileged information, or information subject to the work product protection, or other privilege will be governed by a separate pretrial order.

## G.     <u>CHALLENGE TO CONFIDENTIALITY DESIGNATION</u>

      1.     A Receiving Party may challenge a Producing Party's designation of Confidential Information or Highly Confidential Information by notifying the Producing Party, in writing, of its good faith belief that the designation was not proper.  The written notification shall specifically identify each designated document or other material that is the subject of the Receiving Party's challenge.

      2.     After receipt of this written notification, the Producing Party will have an opportunity to review the designated material, to reconsider the circumstances, and, if no change

in designation is offered, to explain, in writing within twenty-one (21) days of receiving such a challenge, the basis of the designation.

3.      If that does not resolve the dispute over the designation:

a.   The Receiving Party must file a Notice of Challenged Information with the Court identifying by Bates number the specific documents being challenged, with a short description of the document.  The challenging party will use its best efforts to consolidate challenges into as few motions as practicable to save resources both for the Parties and the Court.

b.   Within fourteen (14) days of the Notice of Challenged Information, the Producing Party must file a Motion to Protect Confidentiality and specify, if appropriate, which documents are no longer being maintained as confidential.  This motion will be filed as a discovery motion and will be governed by any procedures governing discovery motions within this MDL.

c.   Within seven (7) days of the Motion for Protect Confidentiality, the Receiving Party must file an opposition and specify, if appropriate, which documents are no longer being challenged as confidential.

d.   Within seven (7) days, the Producing Party must file a reply and specify, if appropriate, which documents are no longer being maintained as confidential.

4.      This procedure shall also govern any challenges to related to whether Highly Confidential Information should be designated Confidential Information.

5.      The burden of proof as to a designation of Confidential Information or Highly Confidential Information rests on the Producing Party to demonstrate that such designation is

14

proper.  The document or information that is subject of the filing shall be treated as originally designated pending resolution of the dispute.

**H.**     **CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION OFFERED AS EVIDENCE**

1.     The use of Confidential Information or Highly Confidential Information at trial or other proceeding shall not be governed by this Confidentiality Order.  *See* Local Rule 5.4(a).  Prior to trial, the Court will establish a protocol for publication of Confidential Information or Highly Confidential Information during trial.

2.     A party who seeks to introduce Confidential Information or Highly Confidential Information at a hearing shall advise the Producing Party prior to publishing the information in Court.  If the Producing Party requests the protection be continued, the Court will review the information, *in camera*, to determine if the information is entitled to continued protection.

3.     Any pleading, brief, memorandum, motion, letter, affidavit, exhibit, or other document filed with the Court that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Information or Highly Confidential Information must be filed with the Court under seal, in accordance with Local Rules for the Southern District of Florida, including Rule 5.4.  If any party fails to file Confidential or Highly Confidential material under seal, any party, including the designating party or third party, may request that the Court place such filing under seal.

4.     The provisions of this Section should be interpreted consistent with 11th Circuit law.

I.      **SUBPOENA BY OTHER COURTS OR AGENCIES**

If another court or an administrative agency subpoenas or otherwise orders production of materials containing Confidential Information or Highly Confidential Information that a person has obtained under the terms of this Order, the person to whom the subpoena or other process is directed shall promptly notify the Producing Party in writing by providing a copy of the subpoena. Confidential Information or Highly Confidential Information should not be produced prior to the receipt of written notice by the Producing Party and a reasonable opportunity to object unless otherwise compelled by law or court order.

J.      **STORAGE OF CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION AND DATA SECURITY**

1.      The recipient of any Confidential Information or Highly Confidential Information that is provided under this Order shall maintain such information in a reasonably secure and safe manner, including reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such information against unauthorized access and any other reasonably anticipated threats or hazards, and that ensures that access is limited to the persons authorized under this Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

2.      Confidential Information or Highly Confidential Information in electronic form shall be maintained in a secure litigation support site that applies standard industry practices regarding data security, including but not limited to, application of access control rights to those persons entitled to access the information under this Order.  A list of current and former authorized

16

users of the Receiving Party's litigation support site shall be maintained while this Litigation, including any appeal, is pending.

3.        Confidential Information or Highly Confidential Information downloaded from the litigation support site in electronic format shall be stored or shipped only on devices or media (e.g., laptop, tablet, smartphone, USB drive) that are encrypted with access limited to persons entitled to access any information subject to this Order.

4.        Confidential Information or Highly Confidential Information in paper format shall be maintained in the Receiving Party's counsel's law offices or comparably secure location, with access reasonably limited to persons entitled to access the information under this Order.

5.        Electronic delivery of Confidential Information or Highly Confidential Information shall be by secure File Transfer Protocol or encrypted email addressed only to persons entitled to access the information under this Order.

6.        Physical shipments of Confidential Information or Highly Confidential Information shall be securely sealed and addressed only to persons entitled to access the information under this Order.

7.        If a Receiving Party or authorized recipient discovers any loss of Confidential Information or Highly Confidential Information or a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential Information or Highly Confidential Information, the Receiving Party or authorized recipient shall: (1) promptly provide written notice to Producing Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide Producing Party with assurances reasonably satisfactory to Producing Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope

of the breach. The Receiving Party or authorized recipient agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident. In any event, the Receiving Party or authorized recipient shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

## K.     DISPOSITION OF MATERIALS AFTER LITIGATION

1.      The provisions of this Order shall not terminate at the conclusion of this Litigation. This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of the United States District Court for the Southern District of Florida, for the purposes of enforcement of the confidentiality terms of this Order.

2.      Within forty-five (45) days after conclusion of this Litigation, including any appeals related thereto, at the written request of the Producing Party, such attorney and any person to whom he/she disclosed Confidential Information and/or Highly Confidential Information shall, including any experts and consultants, at the Receiving Party's option, either (a) destroy or (b) return and surrender all Confidential Information and/or Highly Confidential Information produced pursuant to this Order, to the Producing Party. If returning the materials, such persons shall return any Confidential Information and/or Highly Confidential Information and any and all copies (electronic or otherwise), summaries, notes, compilations, and memoranda related thereto (excluding privileged communications, attorney work product, and documents filed with the Court, but such documents shall remain subject to the terms of this Order). Upon the return of all such Confidential Information and/or Highly Confidential Information the Receiving Party shall certify in writing that reasonable, good faith efforts were made to assure that all such Confidential Information and/or Highly Confidential Information and any and all copies (electronic or otherwise), summaries, notes, compilations and memoranda related thereto have been delivered to

18

the Producing Party in accordance with the terms of this Order.  In lieu of returning the materials described in this paragraph (including copies, summaries, notes, compilations and memoranda related thereto) the Receiving Party may destroy the materials in a manner that will protect the Confidential Information and/or Highly Confidential Information and the destroying party shall certify by affidavit that it has done so.

**L.      VIOLATION OF ORDER**

In the event a Producing Party reasonably anticipates that its Confidential Information or Highly Confidential Information may be improperly disclosed, it may apply to the Court to obtain appropriate relief.  In the event that the aggrieved Producing Party seeks injunctive relief, it must petition the Court for such relief, which may be granted at the sole discretion of the Court.  Any intentional violation of this Order shall constitute contempt of Court, shall be punishable as such, and shall subject any offending parties to such sanctions and remedies as the Court may deem appropriate.  The parties and any other persons subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.

**M.      MODIFICATION OF PROTECTIVE ORDER**

Upon motion and Order of this Court, the terms of this Order may be modified.  This Order shall continue in force until amended or superseded by express order of the Court, and shall survive and remain in effect after the termination of this proceeding.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 1st day of June, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IN RE:  ZANTAC (RANITIDINE)                                    MDL NO. 2924
PRODUCTS LIABILITY                                            20-MD-2924
LITIGATION

                                              JUDGE ROBIN L. ROSENBERG
                                    MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO:  ALL CASES**

## <u>CONFIDENTIALITY ORDER:</u>

### ATTESTATION

I, _____, hereby attest to my understanding that information or documents designated Confidential Information  or Highly Confidential Information are provided to me subject to the Confidentiality Order ("Order") dated June 1, 2020, entered by the Court in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms.  I also understand that my execution of this Attestation to the Confidentiality Order, indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated as Confidential Information or Highly Confidential Information pursuant to the Order.

I further agree that I shall not disclose to others, except in accord with the Order, any Confidential Information or Highly Confidential Information, in any form whatsoever, and that such Confidential Information or Highly Confidential Information and the information contained therein may be used only for the purposes authorized by the Order.

I further agree to return all copies of any documents or information containing Confidential Information or Highly Confidential Information I have received to counsel who provided them to

20

me upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Information or Highly Confidential Information material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure.  I agree to be subject to the jurisdiction of the United States District Court for the Southern District of Florida, for the purposes of any proceedings relating to enforcement of the Order, even if such enforcement proceedings occur after termination of this action.

I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Attestation.

Date:  _____

Printed Name: _____

Signature: _____