UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)     MDL NO. 2924
PRODUCTS LIABILITY     20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

## PRETRIAL ORDER # 28
### Preservation Order

This Order governs the preservation of relevant documents, data, and tangible things in MDL No. 2924.

**I. GENERAL**

1. This Preservation Order applies to all Parties to this multidistrict litigation ("MDL").

2. Nothing in this Order is intended to limit the duty of a non-Party (including but not limited to a claimant in the Registry or any retained client not yet in the Registry) to preserve evidence as otherwise required by law. *See, e.g.*, *Point Blank Sols., Inc. v. Toyobo Am., Inc.*, 09-61166-CIV, 2011 WL 1456029, at *11 (S.D. Fla. Apr. 5, 2011).

3. The Court expects that, for purposes of determining what materials will be preserved in fulfillment of the duty to preserve discoverable material in anticipation of litigation, the Parties will agree to preservation parameters that are reasonable and consistent with the factors set forth in Fed. R. Civ. P. 26 and the Local Rules for the United States District Court for the Southern District of Florida.

4. Any conferral or notice required by this Order shall be accomplished through Plaintiffs' Lead Counsel and Defendants' Lead Counsel, or their designees. Written notice may be provided by email.

## II.    DEFINITIONS

As used herein, the following terms shall have the following definitions:

1. The terms "Documents," "Data," "Electronically Stored Information" ("ESI"), and "Tangible Things" (collectively "Potential Discovery Material" for purposes of this Order) shall be interpreted to have the meaning contemplated by Federal Rule of Civil Procedure 34(a)(1), and shall include, but not be limited to, computer-generated information or data, stored in or on any storage media located on hard drives, USB or thumb drives, databases, computers, disks, CD-ROM, magnetic tape, optical disks, or other devices for digital data storage or transmittal; as well as writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, E-mail, telephone message records, hard drives, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, PowerPoints or other demonstrative media, graphic presentations, drawings, films, charts, digital or chemical process photographs, histopathology, cytopathology, biopsy, tissue specimens or slides, video, phonographic, tape or digital records and any transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material, or other real or virtualized devices or media. Information which serves to identify or locate such material, such as file inventories, file folders, indices, and metadata, are also included in this definition.

2. The term "Tangible Things" shall include Zantac or ranitidine products (including pills, tablets, or any other formulation) and labels, bottles, product packaging, and containers in Plaintiffs' or Defendants' possession.

3. The term "Party" or "Parties" means any person, business organization, or legal entity that is a named Plaintiff or Defendant in any case filed in, consolidated in and/or transferred into this MDL.

4. The term "Zantac®" means Defendants' histamine-2 blocker product containing ranitidine marketed under the trade name Zantac® or any other trade name that is or will be used.

5. The term "Individual Plaintiff" means a Plaintiff who is not a business organization or legal entity.

6. The term "Individual Personal Injury Plaintiff" means an Individual Plaintiff who is asserting a legal claim based upon allegedly having suffered a personal injury caused by Zantac.

7. The term "Entity Party or Parties" means a Party that is a business organization or legal entity.

## III.   GENERAL PRESERVATION OBLIGATIONS

1. As used herein, and consistent with the factors set forth in Rule 26, preservation shall be reasonably interpreted to accomplish the goal of maintaining the integrity of Potential Discovery Material relevant to claims or defenses in this MDL and shall include taking reasonable steps to prevent the partial or full destruction, alteration, shredding, or deletion of such materials.

2. All Parties shall take reasonable steps to preserve all Potential Discovery Material that could reasonably be considered to be within the scope of discovery under Fed. R. Civ, P. 26(b)(1).  The obligation may include halting processes that destroy Potential Discovery Material, including but not limited to, data destruction procedures (manual or automatic).  The Parties shall disable any auto-delete features in use as to any system or device to the extent reasonably known

and necessary to preserve materials subject to this Preservation Order. Entity Parties shall terminate or indefinitely suspend deletion policies and schedules for all employees likely to possess information relating to Zantac defenses and the claims at issue in this litigation to the extent necessary to preserve materials subject to this Order.

3. Entity Parties shall disseminate Legal Hold Notices to employees reasonably believed to possess Potential Discovery Material. Further, Defendant Entity Parties shall notify any non-Parties (including independent contractors) who such Entity Parties are aware have custody and control over relevant information of the preservation obligations, or alternatively shall provide notice to the Plaintiffs' Steering Committee ("PSC") so that appropriate subpoenas may be issued. The PSC shall first provide to Defendants a list with reasonably specific descriptions of the subject matters as to which Defendants will investigate to determine the identity of such non-Parties or independent contractors.

4. Individual Personal Injury Plaintiffs shall notify Defendants of any non-Parties (other than medical providers identified in the Census process) who are reasonably believed to possess relevant materials and the Parties will further meet and confer regarding Individual Personal Injury Plaintiffs' obligations regarding these third parties.

5. Plaintiffs shall preserve Zantac or ranitidine products (including pills, tablets, or any other formulation) in their possession or control.

6. Defendants are not obligated to preserve materials relating to any products other than Zantac, except for the following: a) materials within the custody or control of Defendants relating to any product, device, method and/or assay, that is manufactured, designed, developed and/or discussed by any entity, including, but not limited to the Defendants, that is used, intended and/or designed to evaluate and/or measure (quantitatively and/or qualitatively) the concentration of N-nitroso dimethylamine in Zantac or a ranitidine treated patient and/or the effect(s) of N-

nitroso dimethylamine in a ranitidine treated patient; and b) materials relating to market research, comparative or competitive research or analysis, market or scientific comparison or market surveillance (including the tracking, review and analysis of medical or scientific literature) of other products believed to contain N-nitroso dimethylamine to the extent such data was created or collected in connection with Zantac.

7. Nothing in in this Preservation Order shall relieve a Party from the obligation to preserve data sources accessed in the ordinary course of business, including disaster recovery media and systems used for archival purposes, where such data source is the unique source of that data.

8. Electronic documents and data will be maintained and preserved in their native format, except as authorized by Section V below. To the extent a Party may desire to change the format of preserved materials, other than format changes effected in the normal course of business or operations, where the change would affect the usability or accessibility of the materials in this litigation, such party will consult with the opposing Lead Counsel before making any change. Approval to proceed with such change shall be confirmed in writing.

9. Should a Party determine that any Potential Discovery Material subject to this order has been lost, deleted, destroyed, damaged, altered, corrupted, or otherwise affected such that preservation of such evidence either at all or in its original form has been hindered, that Party shall notify opposing Lead Counsel in writing, with a copy to the Special Master.

10. Each Party shall exercise reasonable efforts to identify and notify non-Parties under the control of that Party, that are likely to hold relevant data, of the contents of this Preservation Order.

11. The Parties' preservation obligations extend not just to evidence generated on or after the date of this Order but also includes evidence in existence on this date no matter when created.

12. In order to not unduly interfere with an Entity Party's needs relating to the replacement or upgrade of equipment, no Entity Party is obligated to preserve hardware on which data that is required to be preserved resides, so long as such data and associated metadata has first been preserved in an accessible form on another hardware device. Individual Personal Injury Plaintiff's obligations and options as to retention of hardware are set forth in Section IV.

13. The Individual Plaintiffs shall make a good faith attempt at substantial compliance with the requirements of this Order. To the extent an Individual Plaintiff's preservation format does not reasonably comply with Section III or Section IV (if applicable), such good faith failure will not be the sole basis of a motion to dismiss or other possible sanctions, but may be considered in determining adequacy of proposed class representation or bellwether selection.

14. To foster compliance with the obligations imposed by this Order, existing law, and Fed. R. Civ. P. 37(e), the Parties shall reach a later agreement on examples of reasonable preservation steps that Plaintiffs' counsel will provide to Individual Plaintiffs, Registry claimants, and any retained clients not yet in the Registry (*e.g.*, identifying the various locations of relevant information that includes social media sites (such as Facebook, Twitter and Nextdoor) and e-mail accounts (such as cloud-based accounts, Gmail, Hotmail, Yahoo!, or AOL), and the reasonable steps required to preserve relevant information in these sources.

### IV. OBLIGATIONS FOR INDIVIDUAL PERSONAL INJURY PLAINTIFFS

In addition to the General Preservation Obligations set forth above, the following additional preservation activities set forth in this section shall fully satisfy the preservation obligations of the Individual Personal Injury Plaintiffs:

1. Preserve all potentially relevant documents, data, and tangible things in their possession or control concerning Zantac, including but not limited to all Zantac labels, bottles, product packaging, and containers, of any kind and Zantac or ranitidine products, regardless of formulation.

2. Preserve any documents, data, and tangible things relating to the Plaintiffs' use of Zantac or his or her alleged injuries, including claims and defenses at issue in this litigation, that are stored on the hard drive of a computer owned or controlled by the Plaintiff. Individual plaintiffs should not discard, destroy or recycle a computer or device with relevant information that is not replicated elsewhere during the required preservation period.

3. Preserve any documents relating to Plaintiff's use of Zantac or their alleged injuries, including claims and defenses at issue in this litigation, that are stored on any removable media owned or controlled by the Plaintiff. This obligation does not require a Plaintiff to copy or create a duplicate image of the media. Plaintiff's obligation is fulfilled if the relevant documents or data are retained on the media.

4. Preserve all medical and pharmacy records in their possession or control and records of medical expenses allegedly incurred in connection with use of Zantac.

V. **ACCEPTABLE METHODS OF PRESERVATION**

In addition to the General Preservation Obligations set forth above, the following additional preservation obligations apply to the Entity Parties and to any other business organization or legal entity when it becomes a Party to this litigation in the future. Individual Personal Injury Plaintiffs' obligations are governed by Paragraph IV, above, and this section is not applicable to such Plaintiffs. An Entity Party may select any of the alternative methods set forth under each sub-section (a.) through (c.) as the means to preserve Documents or Data and the decision as to which method to use is at the sole judgment of the Entity Party.

1. E-mail

Entity Parties, shall preserve e-mail communications, including all associated metadata and associated attachments relevant to claims or defenses in this litigation (1) by maintaining such email files on a server or within an electronic archive that is not subject to a deletion schedule, or (2) by creating an electronic snapshot of implicated email on servers, as long as the snapshot of data preserves native form, dynamic nature of data and respective relationships, or (3) by maintaining one set of backup for implicated email servers.

2. Databases

Entity Parties shall preserve data relevant to claims or defenses and held in databases (1) by maintaining such data in accessible electronic systems that are not subject to a deletion schedule, or (2) by creating an electronic snapshot of relevant database servers or an export of relevant data on database servers, as long as snapshot or export preserves native form and dynamic nature of the data, or (3) by maintaining one set of backup for relevant database servers.

3. Electronic Documents Contained in Shared or Home Directories

Where electronic documents relevant to claims or defenses in this litigation and located in shared or home directories (e.g., word processing documents, spreadsheets, and PowerPoint presentations) are subject to a deletion schedule, the Entity Parties shall preserve such documents by (1) maintaining such directories and files contained therein in accessible electronic systems that are not subject to a deletion schedule, or (2) by creating an electronic snapshot of relevant shared drive or home directory servers, or (3) by maintaining one set of backup for relevant servers.

**VI.    CONTINUING CONFERRAL**

1. The Parties shall continue to meet and confer regarding Potential Discovery Material in Defendants' possession concerning N-nitroso dimethylamine levels in other products the Defendants sell, and thus any resulting preservation or production obligations.

      2.      The Parties shall continue to meet and confer regarding the obligation on all Parties to preserve voicemail, instant messages sent or received on an instant messaging system, or text messages sent or received on a cellular phone, smartphone, tablet or other mobile device.  The Parties shall continue to meet and confer regarding the obligations of any Defendant to preserve Zantac or ranitidine products in that Defendant's possession or control.  Each Defendant with Zantac or ranitidine products in its possession or control will continue to preserve such products until the Parties reach agreement regarding further preservation or until the Court orders otherwise.

## VII.   RESERVATION OF RIGHTS

Nothing herein represents a determination by the Court that any of the information subject to this Preservation Order is discoverable, relevant, or admissible.  The Parties reserve the right to challenge any specific discovery request concerning any such information. The Parties also reserve the right to challenge the competency, relevance, materiality, privilege, and/or admissibility into evidence of such documents, information, or material in these or any subsequent proceedings or at the trial of these or any other actions, in this or any other jurisdiction.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 11th day of June, 2020.

                                                          ROBIN L. ROSENBERG
                                                          UNITED STATES DISTRICT JUDGE