**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **IN RE:  ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2924<br>20-MD-2924**<br>**JUDGE ROBIN L. ROSENBERG**<br>**MAGISTRATE JUDGE BRUCE E. REINHART** |

_____/

**THIS DOCUMENT RELATES TO:  ALL CASES**

<u>**PRETRIAL ORDER # 30**</u>
**Stipulated Discovery and Case Management Schedule**

The Court enters the following Order based on the parties' stipulation regarding discovery and the case management schedule in this multidistrict litigation ("MDL").  This Order applies to all cases pending in MDL No. 2924 and to all actions transferred to or directly filed in MDL No. 2924 after the date of this Order.

**I.      INITIAL DISCLOSURE OBLIGATIONS.**

The Parties have worked together successfully to create a framework for exchanging information, which prioritizes the most valuable information to each side, recognizes the unusual exigencies of the ongoing pandemic, and incorporates alternative sources of information available in this MDL (including the census and registry, as set forth in PTO # 15).  Pursuant to the Parties' stipulation, the Parties are deemed to be in compliance with Federal Rule of Civil Procedure 26(a)(1). This compliance does not waive the right of the Parties to seek the specific information articulated in Rule 26(a)(1) through the discovery process – including but not limited to new Parties that may subsequently file a notice of appearance in this MDL – rather this provision simply waives the timing obligations set forth in Federal Rule of Civil Procedure 26.  The Parties are further directed to continue to meet and confer regarding additional information exchanges in the future.

## II. CASE MANAGEMENT SCHEDULE.

Consistent with Pretrial Order # 24 (D.E. 767), this Order governs this MDL proceeding from the opening of discovery through *Daubert* motions relating to general causation, as well as Plaintiffs' motions for class certification. The Court will enter a subsequent scheduling order as necessary following its rulings on those motions.

| Deadline | Event |
|---|---|
| June 15, 2020 | Opening of fact discovery. |
| June 22, 2020 | Filing of Master Personal Injury Complaint and Master Class Action Complaints. |
| August 23, 2020 | Answers to Master Complaints or Rule 12 motions to dismiss Master Complaints, in whole or in part. Pursuant to Pretrial Order # 31 (the Court's Procedures for Master Pleadings), these motions will be consolidated in part, delineated by the nature of the Defendants as more fully set forth in the Procedures for Master Pleadings. |
| October 22, 2020 | Oppositions to Rule 12 motions to dismiss Master Complaints, in whole or in part. |
| November 21, 2020 | Replies in support of Rule 12 motions to dismiss Master Complaints, in whole or in part. |
| January 8, 2021 | Plaintiffs' disclosure of types of cancer for which they will provide expert reports to proceed to the general causation *Daubert* hearing in the MDL; Plaintiffs may amend these disclosures upon a showing of good cause. The parties shall meet and confer about the format of these disclosures. |
| May 14, 2021 | Parties meet and confer concerning any outstanding general causation discovery.<br><br>Parties begin discussions regarding process for selection of potential bellwether personal injury cases. |
| June 2, 2021 | Plaintiffs' disclosures of disciplines and specializations of general causation experts, and areas of expertise relevant to each expert's general causation expert report. The parties shall meet and confer about the format of these disclosures. |
| July 2, 2021 | Defendants' disclosures of disciplines and specializations of general causation experts, and areas of expertise relevant to each expert's general causation expert report. The parties shall meet and confer about the format of these disclosures. |
| July 16, 2021 | Plaintiffs' supplemental disclosures, if any, of disciplines and specializations of general causation experts, and areas of expertise relevant to each expert's general causation expert |

| | |
|---|---|
| | report, based on Defendants' disclosures. The parties shall meet and confer about the format of these disclosures. |
| August 2, 2021 | Completion of fact discovery of Defendants on issues related to general causation.<br><br>Plaintiffs' expert reports on general causation and provision of three (3) dates on which each expert is available for deposition. |
| August 16, 2021 | Completion of process and plan for selecting potential bellwether personal injury cases, to be refined and amended for good cause as appropriate until final bellwether selection following the Court's general causation *Daubert* ruling. |
| September 21, 2021 | Defendants' expert reports on general causation and provision of three (3) dates on which each expert is available for deposition. |
| October 12, 2021 | Plaintiffs' rebuttal reports, if any, on general causation. |
| December 13, 2021 | Completion of expert depositions on general causation. |
| December 20, 2021 | Completion of all fact discovery of Defendants and fact discovery related to class certification.<br><br>*Daubert* motions on general causation and Plaintiffs' class certification motions and expert reports. |
| February 4, 2022 | Completion of depositions of Plaintiffs' class certification experts. |
| March 21, 2022 | Oppositions to *Daubert* motions on general causation.<br><br>Defendants' Oppositions to Plaintiffs' class certification motions and expert reports.<br><br>Defendants' *Daubert* motions directed to Plaintiffs' class certification experts. |
| April 21, 2022 | Replies in support of *Daubert* motions on general causation.<br><br>Completion of depositions of Defendants' class certification experts. |
| 14 days after General Causation Daubert ruling | The Parties will submit final Bellwether Selection Plan to the Court. |

| | |
|---|---|
| June 4, 2022 | Plaintiffs' replies in support of class certification motions and rebuttal expert reports, if any, on class certification.<br><br>Plaintiffs' Oppositions to Defendants' *Daubert* motions directed to Plaintiffs' class certification experts.<br><br>Plaintiffs' *Daubert* motions directed to Defendants' class certification experts. |
| July 5, 2022 | Defendants' Oppositions to Plaintiffs' *Daubert* motions directed to Defendants' class certification experts.<br><br>Defendants' replies in support of *Daubert* motions directed to Plaintiffs' class certification experts. |
| August 3, 2022 | Plaintiffs' replies in support of *Daubert* motions directed to Defendants' class certification experts. |

## III.  CLASS CERTIFICATION.

The schedule set forth in this Order was the result of extensive negotiating and bargaining between these Parties.[1] The Parties considered that concurrent briefing of general causation *Daubert* and class certification, rather than briefing class certification after the Court issued its *Daubert* ruling, necessarily means that the Parties will not have the benefit of the Court's ruling when drafting their class certification briefs.  The Parties also considered the risk that completing expert discovery only one week before and completing fact discovery the day of the filing deadlines for both general causation *Daubert* and class certification motions, could mean that the Parties do not have sufficient time to incorporate information that is timely provided into these briefs.  The Parties have indicated that they understood these risks when they proposed this schedule to the Court.

The Parties have further agreed and represented to the Court that no motion either to seek additional discovery (including but not limited to additional or supplemental experts or expert reports) on or to modify, supplement or otherwise re-brief class certification based upon the *Daubert* order shall

---

[1] The background information describing the Parties' negotiations and agreements was communicated to the Court in a teleconference meeting via Zoom (pursuant to the parties' consent) on June 15, 2020.

5

be sought unless the moving party can demonstrate that the *Daubert* Order is based upon information that was not presented in the expert reports and *Daubert* briefing of general causation, and that it therefore was not reasonably foreseeable to the Parties at the time of the class certification briefing.

### IV. MEET AND CONFER OBLIGATIONS.

Nothing in this Order is intended to limit the ongoing meet and confer obligations of the Parties. The Court directs the Parties to continue to meet and confer as to discovery issues, and to continue to apprise the Special Master of any issues as soon as they arise. The Court also directs Lead Counsel to continue to confer with the Special Master with regard to the ongoing implementation of the Registry and resulting data analytics (as set forth in PTO # 15) as needed, but in no event less frequently than monthly. The Special Master is also directed to facilitate periodic conversations between the Parties with respect to the developing state of the science in advance of the January 8, 2021 disclosures.

### V. FILING OF DISPOSITIVE MOTIONS.

Nothing in this Order is intended to preclude Defendants from filing any dispositive motion they believe is timely and would efficiently advance this MDL.

### VI. AGREED EXTENSION OF DISCOVERY DEADLINES.

Nothing in this Order shall be interpreted to restrict the ability of the parties to stipulate in writing to an extension of discovery deadlines or to move for an extension of discovery deadlines as permitted by the Rules. If any discovery extension would adversely impact non-discovery deadlines in this case, the parties must obtain Court approval.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 18th day of June, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE