UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                  MDL NO. 2924
PRODUCTS LIABILITY LITIGATION              20-MD-2924

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER # 31**
**Procedures for Master Pleadings in Personal Injury Cases**

**I.     SCOPE OF ORDER**

This Order applies to all personal injury cases already pending in MDL No. 2924, and to all personal injury actions transferred to or directly filed in MDL No. 2924 after the date of this Order or otherwise expressly identified herein.

**II.    MASTER PLEADINGS**

In light of the number of complaints filed to date and likely to be filed in or transferred to MDL No. 2924, and the inefficiencies of drafting unique complaints and individual answers to those complaints, the Parties have agreed to the following procedures for the use of master pleadings in personal injury cases. Nothing in this Order is intended to (or does) alter the applicable provisions of the Federal Rules of Civil Procedure or the Local Rules of this Court, except as otherwise provided herein or in any subsequent Order.

### A.   MASTER COMPLAINT

1. **Timing**.  By June 22, 2020, Plaintiffs shall file a Master Personal Injury Complaint on behalf of all Plaintiffs asserting personal injury claims in MDL No. 2924.

2. **Effect of Master Personal Injury Complaint**.  All claims pleaded in the Master Personal Injury Complaint will supersede and replace all claims pleaded in any complaint previously filed in or transferred to MDL No. 2924, to the extent applicable under the procedural and substantive law that applies to previously filed actions, including this Order.  Nothing in this Order shall preclude Plaintiffs from seeking leave to amend the Master Personal Injury Complaint as provided in the Federal Rules of Civil Procedure.

### B.   SHORT FORM COMPLAINT

3. At the time of filing of the Master Personal Injury Complaint, Plaintiffs will attach as an exhibit thereto the Master Short Form Complaint (the "Short Form Complaint") for use in personal injury cases in MDL No. 2924.

4. The Short Form Complaint shall adopt the Master Personal Injury Complaint by reference and shall contain, at a minimum, for each individual case:

   a. The name of the person alleging injury;

   b. Whether the claim is being brought by the person alleging injury or on behalf of someone else;

   c. The name of any loss of consortium Plaintiff;

   d. The city or county and state in which the person alleging injury currently resides (if the product user is deceased, where the user resided at the time of death);

   e. If the case is filed directly into MDL No. 2924, identification of the federal district of residence in which the action otherwise would have been filed absent the direct filing procedure, pursuant to Pretrial Order # 11 (D.E. 422);

    f. If the case was originally filed in or removed to another federal district court and transferred to MDL No. 2924, the federal district court and division in which the action was originally filed or to which it was removed;

    g. Whether the Zantac or ranitidine product(s) used was obtained by prescription or over the counter;

    h. The approximate dates the medication was used;

    i. The injury or injuries Plaintiff(s) alleges resulted from Zantac or ranitidine use;

    j. The dates of diagnosis of the alleged injury or injuries;

    k. If applicable, the date of death of the Zantac/ranitidine user;

    l. The specific Defendant(s) against whom the Plaintiff(s) asserts claims;

    m. As to each Defendant, the causes of action in the Master Personal Injury Complaint the Plaintiff(s) adopts (including whether any Plaintiff(s) is asserting a claim for loss of consortium, survival, or wrongful death), indicated by checking the applicable box on the Short Form Complaint;

    n. Additional allegations or causes of action not pleaded in the Master Personal Injury Complaint, if any; and

    o. Whether Plaintiff(s) demands a jury trial.

5. For each action directly filed in or transferred to MDL No. 2924 subject to this Order, the Master Personal Injury Complaint together with the Short Form Complaint shall be deemed the operative Complaint.

6. **<u>Timing and Effect of Filing Short Form Complaints</u>**:

    a. <u>Complaints Filed or Transferred Before Date of Master Personal Injury Complaint</u>. Any Plaintiff who filed (or files) a complaint in MDL No. 2924 or had (or has)

3

a Complaint transferred to MDL 2924 before the date of filing of the Master Personal Injury Complaint must file a Short Form Complaint in his or her case within sixty (60) days of the date on which the Master Personal Injury Complaint is filed.

    b. <u>Complaints Filed on or after Date of Master Personal Injury Complaint</u>.  Any Plaintiff who files directly in MDL No. 2924 must file his or her complaint as a Short Form Complaint.  Any Plaintiff who files a complaint that is transferred into MDL No. 2924 on or after the date of filing of Master Personal Injury Complaint must file a Short Form Complaint.  In the event a complaint is directly filed in MDL 2924 on or after the date of the Master Personal Injury Complaint, Plaintiff(s) must file a Short Form Complaint within sixty (60) days.  In the event a complaint is transferred to MDL No. 2924 on or after the date of the Master Personal Injury Complaint, Plaintiff(s) must file a Short Form Complaint within sixty (60) days of the date of transfer (which shall be the date this Court posts the Transfer Order on its docket).  For purposes of statutes of limitations and statutes of repose, any such Plaintiff shall be deemed to have filed his or her complaint as of the date he or she filed his or her original complaint and not the date of the Master Complaint or the date he or she filed his or her Short Form Complaint, taking into account, as applicable, the tolling provisions set forth in Pretrial Order # 15 (D.E. 547).

    c. <u>No Multi-Plaintiff Complaints</u>.  Each Plaintiff must have an individual complaint on file.  Any Plaintiff who asserts claims in a multi-plaintiff complaint that is pending or that is subsequently filed, removed, or transferred to MDL No. 2924 must file an individual Short Form Complaint within sixty (60) days of the date of the filing of the Master Personal Injury Complaint or within sixty (60) days of the date of filing or transfer, whichever is later.  This provision does not apply to Plaintiffs who solely assert derivative claims.

    d.   <u>Amended Short Form Complaints</u>.  A Plaintiff may file an amended Short Form Complaint at any time during the pendency of MDL No. 2924 without seeking leave of court, unless the Court orders otherwise or unless the effect of the amendment would be to destroy diversity, in which case leave of court is required.

**C.     MASTER ANSWER**

7.  By August 23, 2020, each Defendant shall file a Master Answer to the Master Personal Injury Complaint or shall file a consolidated Rule 12 motion to dismiss the Master Personal Injury Complaint, in whole or in part, as set forth in the Stipulated Discovery and Case Management Schedule (Pretrial Order # 30).  To the extent Defendants file Rule 12 motions to dismiss the Master Personal Injury Complaint, whether in whole or in part, Defendants will file one consolidated motion per category of defendant—e.g., the generic defendants will file a single motion, the retailer defendants will file a single motion, and the brand defendants will file a single motion.

8.  If any Defendant files a motion to dismiss the Master Personal Injury Complaint and such motion does not result in the dismissal of the Master Personal Injury Complaint in its entirety, that Defendant shall file a Master Answer within forty-five (45) days of the date on which the Court issues a ruling as to its motion to dismiss, provided that the Court does not grant Plaintiffs leave to amend the Master Personal Injury Complaint.  If the Court grants Plaintiffs leave to amend the Master Personal Injury Complaint, within thirty (30) days of such Order, Plaintiffs shall file an Amended Master Personal Injury Complaint.  Defendants shall file a Master Answer or motion to dismiss the Amended Master Personal Injury Complaint, in whole or in part, within thirty (30) days after the date of filing the Amended Master Personal Injury Complaint.

9. Each Defendant's Master Answer shall be deemed to be that Defendant's Answer to all properly served complaints in which that Defendant is named, whether a Short Form Complaint or otherwise, in any case now or in the future pending in MDL No. 2924, including those cases filed directly in MDL No. 2924 as authorized by this Court, transferred to MDL No. 292 pursuant to 28 U.S.C. §1407, or removed to this Court and included in MDL No. 2924.  Defendants are hereby relieved of the obligation to file any further Answer to any Short Form Complaint filed in MDL No. 2924, or in any case transferred to MDL No. 2924, unless or until otherwise ordered by this Court.

10. To the extent that a Plaintiff asserts in a Short Form Complaint any additional allegations or causes of action not pleaded in the Master Personal Injury Complaint, as provided in Paragraph 4n above, any Defendant as to which such allegation or cause of action is pleaded shall not file a Rule 12 motion to dismiss until such later date as permitted or required by the Court, absent good cause shown and upon leave of Court, as set forth in Pretrial Order # 30.

11. Each Defendant's adoption of the Master Answer in each case in which that Defendant is named is without prejudice to any Defendant later moving to dismiss certain counts alleged in the Master Personal Injury Complaint (at the appropriate time in any individual Plaintiff's action), asserting any affirmative defenses, filing an amended answer to address specifically any individual complaints, or otherwise challenging the sufficiency of any claim or cause of action in any complaint under the applicable state's law in cases that may be selected for inclusion in a discovery pool or bellwether trial pool.  Any proposed Order submitted to this Court for a process of selecting cases for inclusion in a discovery pool or bellwether trial pool must include a proposed procedure for the filing of dispositive motions and/or specific answers applicable to those cases.

12. By agreeing to the procedures for filing the Master Personal Injury Complaint and the

Short Form Complaint, no Defendant has agreed to or admitted the allegations set forth in those documents, nor has any Defendant conceded or waived its rights to dispute the legal validity of the claims alleged therein.

13. Nothing in this Order shall limit any Defendant's right to amend its Master Answer as provided in the Federal Rules of Civil Procedure.

### D. VOLUNTARY DISMISSALS

14. Federal Rule of Civil Procedure 41 shall govern a Plaintiff's dismissal of an action.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 18th day of June, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE