UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)     MDL NO. 2924
PRODUCTS LIABILITY     20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

<u>**PRETRIAL ORDER # 32**</u>
Order Concerning the Discovery Process and Dispute Resolution

**SCOPE OF THE ORDER**

To assist the Court and the parties in this multidistrict litigation proceeding accomplish and timely complete pretrial discovery efficiently and without undue delay and unnecessary expense, the Court intends to refer certain discovery disputes to Magistrate Judge Bruce E. Reinhart, as set forth in greater detail below.

    **I.**    **GENERAL DISCOVERY PRINCIPLES**

        **A.**    **RULE 26(b)(1) - Relevance and Proportionality**

Federal Rule of Civil Procedure 26(b)(1), as amended on December 1, 2015, defines the scope of permissible discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Therefore, an objection that a discovery request is not reasonably calculated to lead to

admissible evidence is based upon an outdated discovery standard. Such an objection will be found meritless by the Court. An objection based on relevance or proportionality must include a specific explanation describing why the request lacks relevance and/or why the requested discovery is disproportionate in light of the factors listed in Rule 26(b)(1).

### B.    Rule 26(c) - Protective Orders

Federal Rule of Civil Procedure 26(c) permits the Court to enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A motion seeking relief under Rule 26(c) must include a specific explanation, supported by facts, demonstrating how complying with the discovery request would cause annoyance, embarrassment, oppression, or undue burden or cost. The Court will reject a conclusory unsupported statement that Rule 26(c) relief is warranted. *See* S.D. Fla. L.R. 26.1(g)(3).

### C.    Non-Waiver

Discovery is a dynamic process. What is relevant or proportionate or cumulative or unduly burdensome can change as a case moves forward. The Court recognizes that a party may be unwilling to compromise its position on a particular discovery request because of a concern that the concession will be deemed to waive a future objection or a future demand for related discovery. To eliminate this concern, the Court evaluates all discovery requests and responses individually. Therefore, by responding, in whole or in part, to a discovery request, a party does not waive any objection to a future request. Likewise, by agreeing to limit the scope of a discovery demand, a requesting party does not waive its right to seek additional discovery in the future on the same or a related subject. Parties need not serve a response or objection that specifically reserves their rights or disavows a waiver.

### D.    Rule 26(g) Certification

Federal Rule of Civil Procedure 26(g) requires, a lawyer or party requesting discovery,

responding to a discovery request, or objecting to a discovery request to sign the relevant request, disclosure, response, or objection. The signature "certifies that to the best of the person's knowledge, information, and belief *formed after a reasonable inquiry*" that (1) any response to a discovery request is complete and correct and (2) any request, response, or objection is not for an improper purpose, such as delay or needless increase in litigation cost or otherwise unreasonable "considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." Further, Rule 26(g) imposes an affirmative duty on counsel to conduct a reasonable inquiry prior to promulgating discovery or objecting to discovery and to conform discovery to what is reasonably necessary to the case at hand. The procedures outlined in this Order are designed to help counsel ensure that their Rule 26(g) certifications are accurate, and to provide the Court with a complete and accurate record to assess discovery behavior, including requests for sanctions based on discovery violations.

## II.  DISCOVERY OBJECTIONS

### A.  Boilerplate or General Objections

The parties shall not make nonspecific, boilerplate objections in response to written discovery requests. *See*, *e.g.*, Local Rule 26.1(e)(2)(A) ("Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds."). The parties also shall not make General Objections that are not tied to a particular discovery request. Such objections will be found meritless by the Court.

### B.  Vague. Overly Broad, and Unduly Burdensome

An objection that a discovery request is "vague, overly broad, or unduly burdensome," standing alone, is meaningless, and will be found meritless by the Court. If a party believes that a request or a term is vague, that party shall attempt to obtain clarification from opposing counsel

prior to objecting on vagueness grounds. An objection that a discovery request is "overbroad" is ambiguous because it lacks a clear explanation of the legal basis for the objection. Instead, if the objecting party asserts that the request seeks materials that are not relevant, the objection should so state. Alternatively, if a party objects on the ground that the request seeks materials that are relevant but excessive or cumulative, the objection should state that the request is disproportionate.

If a party believes a discovery request seeks irrelevant information, is disproportionate, or is unduly burdensome, that party shall confer in good faith with opposing counsel to narrow the scope of the request before asserting these objections. The objecting party nevertheless shall respond as to those matters for which the scope or burden is not contested. For example, if there is an objection based upon the scope of the request, such as time frame or geographic location, discovery should be provided as to the time period or locations that are not disputed. Thus, if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the State of Florida is appropriate, the responding party shall provide responsive discovery falling within the five- year period as to the State of Florida.

A party objecting on any of these grounds must explain the specific and particular way in which a request is vague, seeks irrelevant information, is disproportionate, or is unduly burdensome. *See* Fed. R. Civ. P. 33 (b)(4) and 34 (b)(2)(B); *see also Democratic Republic of Congo v. Air Capital Grp., LLC*, No. 12-CIV-20607, 2018 WL 324976, at *3 (S.D. Fla. Jan. 8, 2018) (citing *Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012) ("A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome.")).

    **C.**    **Formulaic Objections Followed by an Answer**

A party shall not recite a formulaic objection followed by an answer to the request. It has become common practice for a party to object to a discovery request, and then state that "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such a response preserves nothing. Further, it leaves the requesting party uncertain as to whether the discovery request (as propounded) has actually been fully answered, whether the response relates only to the request as unilaterally narrowed by the responding party, and whether the responding party is withholding any responsive materials or information.

The proper practice is to state (1) whether documents are being provided in response to the request and provide identifying information as to those documents, and (2) whether any responsive documents or information are being withheld subject to an objection, and, if so, the specific legal basis for that objection. *See* Fed. R. Civ. P. 34(b)(2)(C) (objection must "state whether any responsive materials are being withheld on the basis of that objection."); Local Rule 26.1(e)(6) ("Each page of any document produced in a non-electronic format must be individually identified by a sequential number that will allow the document to be identified but that does not impair review of the document."). Samples of proper objections include:

Defendant is providing documents marked as Defense 1 - 250, as well as a USB drive containing emails for the following custodians in native format _____. Defendant has identified other documents which are responsive to the request as propounded, but Defendant asserts that those additional documents are irrelevant to the claims and defenses in this matter because _____.

Plaintiff is providing documents marked as Plaintiff 1-100. Plaintiff has identified other documents which are responsive to the request as propounded, but Plaintiff asserts that production of those materials would be disproportionate to the needs of the case because the burden and expense of the proposed discovery outweighs its likely benefit for the following reasons: _____.

D. **Production at an Indeterminate Time**

5

It has also become a common practice to respond to Requests for Production by saying that the party will either produce responsive materials, or make those materials available for inspection, at an indeterminate future date.  Such a response is not a response and only serves to delay the discovery process.  Federal Rule of Civil Procedure 34(b)(2)(B) states that a production must be "completed no later than the time for inspection specified in the request or another reasonable time specified in the response."  Hence, unless otherwise agreed between the interested parties,  and unless all unobjectionable materials are being produced contemporaneously with the written response, the response must specify a date by which production will be completed; the respondent may adopt the date proposed in the request or may propose its own reasonable time, after consultation with opposing counsel.

Absent compelling circumstances, the Court expects the parties to engage in the rolling production of documents.  The parties shall confer about a production schedule, including the order in which categories of documents will be produced, and a good faith estimate of the date by which production will be completed.  The parties will be in the best position to assess the timing of discovery in a particular case.  Therefore, the parties may agree to a longer period for production than what is stated in the Federal Rules or Local Rules, without leave of Court.

In the absence of an alternative agreement among the parties, within 30 days of receipt by service of a discovery request, the responding party shall serve a written status report on the opposing party, providing an update on the status of production by category and a proposed schedule for completing the production.  The opposing party shall respond within 72 hours.  In the event the parties do not agree to a production schedule, the matter shall be presented to the Court pursuant to the procedures set forth in this Order.

      **E.**      **Objections Based upon Privilege - Requests for Production and Interrogatories**

Generalized objections asserting attorney-client privilege or work product doctrine also do not comply with the Local Rules.  Local Rule 26.1(e)(2)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as, inter alia, the nature and subject matter of the communication at issue and the sender and receiver of the communication and their relationship to each other.  The parties are instructed to review Local Rule 26.1(e)(2)(B) and (C).  If a general objection of privilege is made without providing a proper privilege log, the objection of privilege may be deemed waived.  The production of non-privileged materials should not be delayed while a party is preparing a privilege log.  The Producing Party shall produce a privilege log within forty-five (45) days after the production of documents category from which the documents being logged were withheld based on an assertion of privilege.

F.     **Objections Based upon Privilege – Depositions**

In general, it is improper for a party to object to a noticed deposition with a blanket assertion of privilege.  See *S.E.C. v. Merkin*, 283 F.R.D. 689, 698 (S.D. Fla. 2012) (J. Goodman). Rather, assertions of privilege during a deposition should be raised on a question-by-question basis, thus providing the Court with a record from which it can determine whether each assertion of privilege was proper.

Similarly, the Court typically will decline to rule on objections made in advance of a Rule 30(b)(6) deposition of a corporate representative.  "In situations where a particular [Rule 30(b)(6)] noticed topic is alleged to be outside the scope of Rule 26 discovery ... the remedy . . . does not involve this Court preemptively reviewing arguments on relevance or overbreadth." *Balu v. Costa Crociere S.P.A.*, No. 11-60031-CIV, 2011 WL 3359681, at *3 (S.D. Fla. Aug. 3, 2011) (J. Torres) (emphasis in original) (noting that "the Rule is intended to be self-executing and must operate extrajudicially") (quoting *New World Network Ltd. v. M/V Norwegian Sea*, 2007 WL 1068124, at *2-3 (S.D. Fla. Apr.6, 2007)).  Rather than the court intervening prior to the scheduled deposition,

"the better procedure to follow" is for a corporate deponent to object to a topic as the questions are being posed, and for the opposing party to move to compel additional answers, if necessary, after the deposition. *Balu*, 2011 WL 3359681, at *4. This procedure "will give the Court a factual record with which to judge whether a particular topic or question asked should be compelled or not." *Id*. In sum, while a lawyer can object to a deposition question and instruct a Rule 30(b)(6) witness not to answer on relevance grounds, the lawyer does so at his/her own risk.

### G. Instructions to the Responding Party

A party propounding discovery cannot impose legal obligations on the respondent through the use of Instructions. Discovery is governed by the rules of Court, which cannot be unilaterally supplemented by a party. Any Instruction that purports to impose a duty not otherwise mandated by the Federal Rules of Civil Procedure or the Local Rules of this Court has no legal effect and only serves to waste the time and resources of the Court and the parties.

## III. PROCEDURES FOR DISCOVERY DISPUTES

### H. Pre-hearing Communication

The Parties are encouraged to continue to meet and confer and engage in a reasonable compromise in a genuine effort to resolve their discovery disputes. If the Parties are unable to resolve the dispute, they must meet and confer (via videoconference) with the Special Master in a final attempt to resolve the dispute without the need for Court intervention.

### I. Hearing Procedures

If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, the parties may request a discovery hearing by sending an email to Zantac_MDL@flsd.uscourts.gov, with a cc to the Special Master. The subject line of the email shall be "Request for Discovery Hearing". The email shall provide the Court with **three afternoons in the following ten business days where all parties directly involved in the discovery dispute are**

8

**available**. The email shall state the amount of time that the parties anticipate needing for the hearing. The email shall also attach a <u>joint</u> discovery memorandum of five pages or less (1) specifying the substance of the discovery matter to be heard, and (2) stating with specificity the relief being requested. The memorandum should include attachments of copies of all source materials relevant to the discovery dispute (e.g., if the dispute concerns interrogatories, the interrogatories at issue and any responses thereto shall be provided to Chambers). A sample discovery memorandum is attached as Appendix 1 to this Order. Only issues addressed in the joint discovery memorandum may be raised at the discovery hearing.

The email shall be **copied to counsel for all parties directly involved in the dispute**, and shall certify that the party seeking a hearing (or where the hearing is jointly requested, the party sending the email) has conferred with opposing counsel and **confirmed opposing counsel's availability on the proposed dates**.

Unless otherwise ordered by the Court, all Discovery Hearings will be conducted telephonically or by video conference, whether the hearing is set before Judge Rosenberg or Judge Reinhart. The parties shall disclose any exhibits, slides, handouts, or other materials to be used at a discovery hearing at least 24 hours in advance of the hearing.

The procedures in this Section do not apply to objections to third-party subpoenas.

**J.     Encouraging Participation by Less-Experienced Lawyers**

The Court has a strong commitment to supporting the development of our next generation of lawyers. The Court encourages parties and senior attorneys to allow less-experienced practitioners the opportunity to argue in court. A party should advise the Court prior to the beginning of the hearing if a lawyer who has 7 or fewer years of experience or has been appointed to the Leadership Development Committee will be arguing a discovery matter. In that event, the Court will allow multiple lawyers to argue; otherwise, only one lawyer will be permitted to argue for each

side.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 18th day of June, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

**APPENDIX 1**

The parties certify that they have complied with the requirements for pre-hearing consultation contained in Pretrial Order # 32.  Despite good faith efforts to resolve their differences, the following issues require resolution by the Court

1. The parties dispute the appropriate time frame for Plaintiffs' Interrogatory Nos. 1, 5, 6-9. Defendant asserts that the time frame should be limited to _____ because [legal basis for position, such as relevance, undue burden, disproportionate].  Plaintiff believes the proper time frame is _____.  Plaintiff asks the Court to compel better answers to Interrogatories 1, 5, 6-9.

2. Defendant objects to Request for Production 3.  Defendant has produced _____in response to the Request, believes that additional responsive documents exist, but objects to the production of those documents because_____.   Plaintiff believes that all the materials sought by the Requests are [relevant/proportional/not unduly burdensome] because _____.  Plaintiff asks the Court to compel production of the withheld documents.

3. Plaintiff objects to Request for Production 9, which calls for production of voluminous documents/electronic communications.  Plaintiff asserts that it will be unduly burdensome and costly to conduct searches to identify if responsive documents exist.  Defendant asserts that, to minimize cost and burden, it has proposed to limit the time frame of the request and has offered search terms as follows: _____.

4. Plaintiff objects to Interrogatory 7 because it would require disclosure of communications and materials protected by the attorney-client/work product privilege.  Defendant asserts that no privilege exists because _____.

Copies of the relevant discovery requests and related pleadings are attached, as follows:

1. Plaintiffs First Interrogatories and Defendant's Response and Objections
2. Defendant's Request for Production and Plaintiffs Objections

11