UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)          MDL No. 2924
PRODUCTS LIABILITY               20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

**PRETRIAL ORDER # 34**
**Order Regarding Initial Discovery of Generic Manufacturers**

Since the Initial Status Conference, the Plaintiff Co-Leads have met and conferred, pursuant to PTO # 16, with the first six generic manufacturer defendants against whom suit was brought in this MDL[1] concerning initial production of relevant documents those defendants could reasonably produce in the near term, taking into account the limitations currently in effect due to COVID-19 restrictions, and a timeline for production of documents that it is agreed should be produced but which are not readily obtainable. Those parties have now informed the Court that they have reached agreement on certain discovery deadlines and scope of initial production ("Core Discovery Agreement"). This Agreement establishes a process for the production of specified categories of documents.

Numerous additional generic manufacturer defendants have been added as parties to this MDL in recent weeks. Any generic manufacturer defendant that has agreed to tolling pursuant to PTO #'s 15 and 27 may elect to participate in the Core Discovery Agreement. A copy of the Core

---

[1] Apotex Corp., Strides Pharma, Inc., L. Perrigo Company, Glenmark Pharmaceuticals Inc., USA, Amneal Pharmaceuticals LLC/Amneal Pharmaceuticals of New York, LLC, and Dr. Reddy's Laboratories, Inc.

Discovery Agreement shall be provided to all generic defendants by their liaison counsel. The Court encourages all other present and future generic manufacturer defendants to adopt the Core Discovery Agreement and to work collaboratively with Plaintiffs through the meet and confer process to accomplish an initial document production consistent with the Core Discovery Agreement without the necessity of formal discovery requests.

Any generic manufacturer defendant that has entered a Notice of Appearance ("Existing Defendant") shall have 10 days from the date of this Order to notify Plaintiffs' Co-Lead counsel and the Special Master by email of its desire to be bound by and benefit from the Core Discovery Agreement. For Existing Defendants that agree to the Core Discovery Agreement pursuant to this paragraph,[2] the calculation of deadlines in the Core Discovery Agreement shall be calculated from the date of this Order.

For any generic manufacturer defendant that has not yet entered a Notice of Appearance ("New Defendants"), the defendant shall provide its election on both tolling and the Core Discovery Agreement within 21 days of service (as set forth in PTO # 27), unless this is less than 10 days from the date of this Order, in which case the defendant shall have the full 10 days to make the discovery election. For New Defendants, the calculation of deadlines in the Core Discovery Agreement shall be calculated from the date the Notice of Appearance is filed.

Parties that agree to the Core Discovery Agreement ("Participating Defendants") shall be deemed to be in compliance with Federal Rule of Civil Procedure 26(a)(1) but not to have waived their rights with respect to subsequent discovery, as set forth in PTO # 30. The Plaintiffs have

---

[2] The original six generic manufacturer defendants are bound by the deadlines agreed to and contained in the Core Discovery Agreement.

agreed to meet and confer as to any additional non-custodial discovery before serving any formal discovery requests.

Participating Defendants shall begin producing the specified discovery as soon as practicable, but no later than set forth in the Core Discovery Agreement, and shall engage in a significant rolling production.  If a Participating Defendant anticipates undue delay in its ability to timely produce materials, it shall notify the Plaintiffs and the Special Master so that an expeditious conferral can occur.  If the Plaintiffs believe that any Participating Defendant is not making meaningful progress toward the timely production contemplated by the Core Discovery Agreement, they shall notify the Participating Defendant and the Special Master, then meet and confer.  If the matter is not resolved, the Plaintiffs may request a determination by the Court that meaningful progress is not being made and request dissolution of the Core Discovery Agreement and permission to proceed with service of formal discovery under the Federal Rules and the prior orders of this Court as to that defendant.  Participating Defendants shall complete the discovery specified in the Core Discovery Agreement on or before December 31, 2020.

Under the Core Discovery Agreement, the Plaintiffs and Participating Defendants will confer toward the end of the year and take the necessary steps precedent to the timely commencement of custodial searching.  The Agreement contemplates that the Plaintiffs may begin formal service of custodial discovery requests no sooner than January 2, 2021.

If a generic manufacturer defendant is not eligible for participation in or does not agree to be bound by the Core Discovery Agreement within the specified election period, discovery as to that defendant may immediately commence consistent with Federal Rule of Civil Procedure 26 and the prior orders issued in this MDL.

The Special Master shall be included in the meet and confer process to the extent possible. The Special Master shall have the authorization to extend any deadline with respect to tolling or this Order for only a limited period and only with consent of counsel, in order to facilitate the meet and confer process. Nothing in this PTO shall be construed to limit a party's ability to seek relief from the Court pursuant to PTO # 32.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of July, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE