UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:  ZANTAC
(RANITIDINE)
PRODUCTS LIABILITY
LITIGATION

MDL DOCKET NO. 2924

Civil Action No. 9:20-md-2924

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

THIS DOCUMENT RELATES TO:  ALL CASES

PRETRIAL ORDER #35
Order Regarding Core Discovery of Retailer Defendants

Since the Initial Status Conference and pursuant to PTO #16, Plaintiffs' Co-Leads and Retailer Liaison Counsel advise that they have met and conferred on multiple occasions concerning which categories of documents the Retailer Defendants could reasonably produce in the near term. The parties' communicated goal for these discussions was to prioritize discovery to move the case forward in a manner consistent with prior Orders entered by this Court, including the Census Registry outlined in PTO #15.  The parties have now informed the Court that they have reached agreement on discovery deadlines, the scope of discovery presently contemplated, and the intention to defer any additional formal discovery until after this Court's first ruling on a Rule 12 Motion to Dismiss by the Retailer Defendants (or January 1, 2021, if this Court's Order has not yet issued by that date).  The agreement negotiated between the Retailer Liaison and the Plaintiffs' Co-Leads is memorialized in the "Core Discovery Agreement – Retailer Defendants", hereafter referred to as the "Core Discovery Agreement."  The terms of this PTO, like PTO # 34, offer all Retailer Defendants the opportunity to participate in the Core Discovery Agreement.[1]

---

[1]   For the sake of clarity, the Court notes that this Order sets forth the Core Discovery Agreement between Plaintiffs and the Retailer Defendants.  At the last Status Conference, the

The Court recognizes that numerous additional Retailer Defendants have been added as parties to this MDL in recent weeks.  Pursuant to the terms of the Core Discovery Agreement, any Retailer Defendant that has agreed to tolling pursuant to PTO #15 and 27 may elect to participate in the Core Discovery Agreement.  A copy of the Core Discovery Agreement shall be provided to all Retailer Defendants by their Liaison Counsel.  While the Court recognizes that adoption of the tolling provision in PTO No. #15 is subject to individual Retailer Defendant's decision, the Court encourages all present and future Retailer Defendants to adopt the Core Discovery Agreement and to work collaboratively with Plaintiffs through the meet and confer process to accomplish document production consistent with the Core Discovery Agreement without the necessity of formal discovery requests.

Any Retailer Defendant that has entered a Notice of Appearance ("Existing Defendant") shall have 10 days from the date of this Order to notify Plaintiffs' Co-Lead counsel, Retailer Liaison Counsel, and the Special Master, by email, of its desire to be bound by the Core Discovery Agreement.

If a Retailer Defendant does not agree to be bound by the tolling provisions of PTO #15 or does not agree to be bound by the Core Discovery Agreement within the specified election period,

---

parties represented to the Court that a proposed PTO would be provided in the coming weeks, setting forth the additional information required from each type of defendant with respect to product identification and other information helpful to the Registry (the "Registry PTO").  (As an example, the parties indicated that the Registry PTO might request the dates of production and sale for each ANDA by each of the generic manufacturers, as contrasted with the production of the ANDAs under the generic manufacturers' core discovery agreement.)  Given the timing of this PTO, to avoid any confusion, the Court notes that this Order is not the Registry PTO, but instead merely the analog to PTO # 34 as to Retailer Defendants' core discovery obligations.  As with PTO # 34, this Order does not bind non-parties to the Retailer Defendants' Core Discovery Agreement, nor does it supersede the forthcoming Registry PTO.

discovery as to that Retailer Defendant may immediately commence consistent with Federal Rule of Civil Procedure 26 and the prior orders issued in this MDL.

For any Retailer Defendant that has not yet entered a Notice of Appearance ("New Defendants"), the defendant shall provide its election on both tolling and the Core Discovery Agreement within 21 days of service (as set forth in PTO #27), unless this is less than 10 days from the date of this Order, in which case the defendant shall have the full 10 days to make the discovery election (the Notice of Appearance and tolling election shall still be due within 21 days of service).

The Special Master shall be included in the meet and confer process to the extent possible. The Special Master shall have the authorization to extend any deadline with respect to tolling or this Order for only a limited period and only with consent of counsel, in order to facilitate the meet and confer process.

**DONE** and **ORDERED** in Chambers, West Palm Beach, Florida, this 27th day of July, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

3