# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

IN RE:  ZANTAC (RANITIDINE)
PRODUCTS LIABILITY
LITIGATION

MDL NO. 2924
20-MD-2924

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO:  ALL CASES**

## PRETRIAL ORDER #36
### Order on Schedule for Rule 12 Motions to Dismiss

At the Court's suggestion during the July 9, 2020 status conference, Co-Lead Counsel for Plaintiffs and Defendants conferred to develop an approach to forthcoming Rule 12 motions to dismiss directed at Plaintiffs' Master Personal Injury Complaint ("Master PI Complaint"), Consolidated Consumer Class Complaint and Consolidated Third Party Payor Class Complaint (collectively, the "Master Complaints").

The parties previously had agreed on a schedule for briefing Rule 12 motions to dismiss, which the Court entered as part of PTO #30, with those motions due on August 23, 2020.  PTO #30, however, was entered prior to the filing of Plaintiffs' Master Complaints, and therefore did not consider whether, in light of those filings, the sequencing of Rule 12 motions would aid the parties and the Court in most effectively managing the motion practice and further the goal of ensuring that the parties can adhere to the case management schedule set forth in PTO #30, including the completion of all fact discovery and the filing of Daubert motions by December 20, 2021.  The Court requested that the parties confer and try to reach consensus as to the most effective proposals for accomplishing these goals.  After consideration of the parties' respective proposals on the issue, the number of Plaintiffs and Defendants named in the Master Complaints,

the number of claims asserted, and the anticipated grounds for Defendants' Rule 12 motions as discussed at the July 9 conference, the Court concludes that a sequenced approach to such motions will allow the Court to consider threshold pleading issues in an efficient and orderly fashion.  Therefore, the Court **ORDERS and ADJUDGES** as follows:

　　　　1.　　The following structure and schedule shall apply to Defendants' anticipated Rule 12 motions to dismiss directed to the Master Complaints:

| Deadline | Event |
| --- | --- |
| August 24, 2020 | <u>Motions</u>:<br><br>Defendants' Rule 12 Motions to Dismiss Consolidated Consumer and Third-Party Payor Class Action Complaints on grounds of (1) preemption, (2) lack of Article III standing, and (3) shotgun pleading.<br><br>Defendants' Rule 12 Motions to Dismiss Master PI Complaint on grounds of (1) preemption, (2) shotgun pleading, and (3) innovator liability (failure to state a claim).<br><br>　<br><br><u>Structure of Briefing</u>:<br><br>*Standing/Shotgun Pleading*:  All Defendants collectively may file one Memorandum of Law of up to 30 pages seeking dismissal based on Article III standing and shotgun pleading arguments applicable to the Consolidated Class Action Complaints.<br><br>All Defendants collectively may file one Memorandum of Law of up to 20 pages seeking dismissal based on shotgun pleading arguments applicable to the Master PI Complaint.<br><br>*Preemption*:  Each of the brand, retailer, and distributor Defendant groups may file one Memorandum of Law of up to 35 pages, and the generic and repackager Defendant groups collectively may file one Memorandum of Law of up to 35 pages, seeking dismissal based on any preemption argument applicable to any of the three Master Complaints.  The Defendant groups shall endeavor to coordinate their briefing on these issues and avoid duplication. |

| | |
|---|---|
| | *Innovator Liability*:  Defendants collectively may file one Memorandum of Law of up to 20 pages seeking dismissal of Plaintiffs' innovator liability theory applicable to the Master PI Complaint. |
| October 1, 2020 | Plaintiffs' Oppositions to Defendants' Rule 12 Motions filed on August 24, 2020.  Plaintiffs' may file opposition Memoranda of Law as to each separate defense Memorandum, with the same page limits as set forth above. |
| October 8, 2020 | <u>Motions</u>:<br><br>Retailer Defendants' Rule 12 Motions to Dismiss Master PI Complaint and Consolidated Consumer Class Action Complaint on the following grounds: (i) pharmacies are not subject to claims involving faultless liability under state laws; and (ii) as pass-through entities, retailers have state common law and statutory protections as to various causes of action, or state law otherwise does not recognize such claims.<br><br>Distributor Defendants' Rule 12 Motions to Dismiss Master PI Complaint and Consolidated Consumer Class Action Complaint on the following grounds: (i) as pass-through entities, distributors have state common law and statutory protections as to various causes of action; (ii) unjust enrichment cause of action fails to state a claim.<br><br>Generic Manufacturer and Repackager Defendants' Rule 12 Motions to Dismiss Consolidated Consumer and Third-Party Payor Class Action Complaints on the following grounds: (i) negligence claims are barred by the economic loss doctrine; (ii) Plaintiffs cannot allege a personal injury nor have they alleged a cognizable economic injury; and (iii) Plaintiffs' request for injunctive relief as to medical monitoring and defendants that no longer sell ranitidine-containing products is improper.<br><br>Non-US Defendants' Rule 12 Motions to Dismiss for Lack of Personal Jurisdiction (if there is no agreement with Plaintiffs on dismissal of such defendants without prejudice)<br><br><u>Structure of Briefing</u>:<br><br>The Generic Manufacturer Defendants, Retailer Defendants, and Distributor Defendants may each file one Memorandum of Law of up to 25 pages seeking dismissal based on the above-listed grounds.<br><br>*Personal Jurisdiction*:  All non-US Defendants collectively may file one Memorandum of Law seeking dismissal based on lack of personal |

|  | jurisdiction. The Memorandum of Law may include up to 15 pages setting forth the applicable law on personal jurisdiction and there may be up to an additional 7 pages per each non-US Defendant to explain how the law applies to that Defendant.<br><br>Adoption by Reference:<br><br>Any Defendant may adopt by reference any of the arguments made in the Retailer, Distributor, and/or Generic/Repackager Defendants' motions listed above.[1] To the extent that a Defendant adopts by reference any of the arguments of other Defendants, the Defendant shall state with specificity which arguments are adopted by reference and how these arguments apply to that Defendant. |
|---|---|
| October 20, 2020 | Defendants' Replies in support of any Rule 12 Motions filed on August 24, 2020.  A Reply Memorandum may be up to half the length of the corresponding opening Memorandum. |
| November 9, 2020 | Plaintiffs' Oppositions to Defendants' Rule 12 Motions filed on October 8, 2020.  Plaintiffs may file opposition Memoranda as to each separate defense Memorandum, with the same page limits as set forth above. |
| November 23, 2020 | Defendants' Replies in support of any Rule 12 Motions filed on October 8, 2020.  A Reply Memorandum may be up to half the length of the corresponding opening Memorandum. |

2.      If the Court grants in whole or in part any Defendant's August 24, 2020 motion to dismiss directed to Article III standing and shotgun pleading and directs or permits Plaintiffs to re-plead their Master Complaint(s), then the following schedule shall apply:

| 30 days after Court's Order on Article III Standing | Plaintiffs' Amended Master Complaint(s) filed |
|---|---|

---

[1] This PTO was entered based upon input from the Generic, Retailer and acting Distributor liaison counsel. However, the Court understands that there are a number of other Defendants that are just now entering the litigation and therefore the above list of Rule 12 issues is without prejudice to these Defendants submitting a proposed PTO as to any additional Rule 12 issues at an appropriate time and affording Plaintiffs the opportunity to be heard as these issues.

| 30 days later | Defendants' Rule 12 motions directed to Amended Master Complaint(s) (page limits TBD based on content of complaints) |
|---|---|
| 30 days later | Plaintiffs' Oppositions to Defendants' Rule 12 motions to dismiss |
| 14 days later | Defendants' Replies in support of their Rule 12 motions to dismiss |

If the Court denies in full all Defendants' August 24, 2020 motions to dismiss directed to Article III standing and shotgun pleading, such that no re-pleading is required, then Defendants' motions to dismiss the Master Complaints on all remaining Rule 12 bases not included in the August 24 or October 8 motions described above will be due 30 days after the Court's Order on Article III standing and shotgun pleading, with Plaintiffs' oppositions due 30 days later, and Defendants' replies due 14 days after oppositions.

3. By filing motions to dismiss in accordance with the above structure and schedule, Defendants do not waive, and expressly preserve, the right to raise any additional defenses in subsequent motions relating to the Master Complaints or amended versions thereof, or in this litigation as a whole, including but not limited to personal jurisdiction, venue, or defenses specific to particular claims. Defendants also do not waive any of their *Lexecon* rights.

**DONE** and **ORDERED** in Chambers, West Palm Beach, Florida, this 30th day of July, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE