UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)          MDL NO. 2924
PRODUCTS LIABILITY                 20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

### ORDER DENYING WITHOUT PREJUDICE
### PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Leave to File Motion at docket entry 1205. Defendants filed a Response at docket entry 1367. Plaintiffs filed a Reply at docket entry 1388.[1] For the reasons set forth below, the Motion is denied without prejudice.

Plaintiffs, California citizens, filed[2] approximately forty-two cases in California state court. Plaintiffs brought a variety of claims against companies that manufactured and sold Zantac—the drug at the center of this MDL. Plaintiffs named as a Defendant a California-based retailer. Defendants removed the cases to federal court, arguing that the California-based retailer had been fraudulently joined in an effort to destroy diversity jurisdiction.

After removal, Plaintiffs filed a motion to remand in which Plaintiffs contend that they had not fraudulently joined any party to the case. When Plaintiffs' cases were transferred to this Court and consolidated into this MDL, the Court denied Plaintiffs' motion to remand without prejudice for Plaintiffs to comply with Amended Pretrial Order Number 24 which requires any counsel (other than Lead Counsel) to file a motion for leave to file a motion. Plaintiffs subsequently complied with the requirements outlined in Amended Pretrial Order Number 24 and, as a result, Plaintiffs' request to file a renewed motion to remand is properly raised before the Court.

---

[1] Plaintiffs' Reply was filed pursuant to the Court's paperless order at docket entry 1381.
[2] A full list of the cases at issue may be found at docket entry 1205, pages 1 through 2.

Plaintiffs argue that because they did not fraudulently join a California-based Defendant, this Court lacks subject matter jurisdiction over their cases.  Defendants argue that the forthcoming motions to dismiss, set forth in PTO #36, will address the issue of whether Plaintiffs' state-law claims are preempted by federal law and, through a ruling on these motions, the Court will decide whether Plaintiffs fraudulently joined a party.  As a result, Defendants request that the Court defer briefing on a motion to remand until after the Court rules on the motions to dismiss.  Plaintiffs appear to concede to a deferral, to an extent, by noting that some of their claims (claims that do not sound in negligence) are, as a matter of efficiency, best addressed in the Court's ruling on Defendants' forthcoming motions to dismiss.  *See* DE 1205 at 7 ("Plaintiffs have agreed to table preemption for now.").  Plaintiffs do not concede, however, that their claims based upon negligence would be impacted by the Court's ruling on Defendants' motions to dismiss; those claims, according to Plaintiffs, should be the immediate focus of briefing in a renewed motion to remand.  In Response to this point, Defendants represent that the Court's ruling on the motions to dismiss *will* dispose of all of Plaintiffs' claims against the non-diverse Defendants, including Plaintiffs' negligence claims.  Finally, in their Reply, Plaintiffs contend that if they must wait to file a motion to remand, the delay would be too long—many months.

The Court therefore has two competing views of the impact that the Court's forthcoming decisions on Defendants' motions to dismiss may have on the Plaintiffs' motion to remand; but, at present, no motion to dismiss has been filed.  The Court cannot fully evaluate the parties' respective arguments in the context of hypothetical motions.  Additionally, the parties cite to two potentially competing principles.  On the one hand, it is well known that the Court should resolve questions of subject matter jurisdiction at the "earliest state in a proceeding."  *Am Civil Liberties*

2

*Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017). On the other hand, this Court must exercise its "great[] discretion to organize, coordinate, and adjudicate its [MDL] proceedings" in a manner that is beneficial to *all* of the Plaintiffs in this case, not just the California-based Plaintiffs who have filed the instant Motion. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007).

      The Court resolves these competing viewpoints and principles as follows. Defendants' motions to dismiss will be filed soon. The Court already has set a briefing schedule for the motions in PTO #36 and will endeavor to rule on the motions promptly. If Defendants' representations are accurate—the motions to dismiss will address the subject matter jurisdiction of this Court and resolve Plaintiffs' request for a remand—then the Court will have addressed Plaintiffs' requested relief at an early juncture in the litigation, with the benefit of full briefing from all parties on the proffered issues to be raised in the motion to remand. If it becomes apparent to the Court, once the Court reviews the motions to dismiss, that the Defendants' representations are inaccurate and the Court's rulings will not address Plaintiffs' request for a remand, the Court may grant Plaintiffs leave to file their motion to remand at that time. Otherwise, immediately upon the Courts' rulings on the Defendants' motions to dismiss, if the Plaintiffs are of the view that issues remain for the Court's determination on whether the cases should be remanded to California state court, they shall notify the Court and, pursuant to Court Order, the Plaintiffs will be permitted to file their motion to remand. In setting forth the following sequence of motion practice, the Court is exercising its discretion to manage this MDL in the manner that is most efficient and equitable. Plaintiffs and Defendants may avoid unnecessary motion practice, the Court may avoid unnecessary expenditure of judicial labor, and the Court will address the subject matter jurisdiction issues in this case as

soon as practicable.  In no way does this Order deny Plaintiffs the right to file their motion to remand; rather, the most efficient and equitable way to address Plaintiffs' concerns is for the Court to follow the briefing sequence set forth in this Order.

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' Motion for Leave to File Motion [DE 1205] is **DENIED WITHOUT PREJUDICE** to be renewed, if necessary, as more fully specified in this Order.

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, this 7th day of August, 2020.

                                                          _____
                                                          ROBIN L. ROSENBERG

Copies furnished to Counsel of Record        UNITED STATES DISTRICT JUDGE