UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

THIS DOCUMENT RELATES TO:  ALL CASES

## JOINT STIPULATION RELATING TO SANOFI DEFENDANTS

Plaintiffs Co-Lead Counsel in the above-captioned matter and Defendants Sanofi, Sanofi-Aventis U.S. LLC and Sanofi US Services Inc., by and through their undersigned counsel, hereby stipulate:

1. Sanofi-Aventis U.S. LLC and Sanofi US Services Inc. (collectively, "Sanofi US") stipulate that all discovery directed to them by Plaintiffs' Co-Lead Counsel in this MDL shall be deemed to encompass and include Sanofi (incorrectly designated as Sanofi S.A.) ("Sanofi France") in the Master Personal Injury Complaint ("Master PI Complaint"), Consolidated Consumer Class Action Complaint and Consolidated Third-Party Payor Class Action Complaint (collectively, the "Class Complaints") filed in MDL 2924, and Sanofi US shall produce all responsive and discoverable facts, documents, information, materials, ESI, including custodial files, and witnesses, including 30(b)(6) depositions within the possession, custody or control of Sanofi France as if they are within the possession, custody or control of Sanofi US.  Sanofi US shall not object to such discovery requests on the basis that the information requested is within the possession, custody, or control of Sanofi France.  Notwithstanding the foregoing, Sanofi US reserves the right to object to requests for discovery on all other grounds including, but not limited

1

to, undue burden, relevance, lack of proportionality and privacy restrictions or concerns, within the appropriate time for raising such objections.  Sanofi France agrees that the terms of any MDL PTO regarding authenticity of documents will apply to all documents, information, including ESI, and materials produced by Sanofi US on behalf of Sanofi France.  Such productions shall be made in accordance with and shall be subject to the terms of PTO 25 (Privilege and Work Product), PTO 26 (Confidentiality) and PTO 29 (ESI Protocol).  Nothing in this stipulation obligates Sanofi US or Sanofi France to violate any foreign law requirements with regard to discovery, but Sanofi US and Sanofi France shall cooperate in good faith with Plaintiffs to fulfill discovery obligations under U.S. law in a manner that avoids or minimizes any such conflict, including the use of PTO 26 (Confidentiality).

2. Sanofi France acknowledges its ongoing preservation obligations in this MDL and agrees to abide by the terms of PTO 28.

3. Sanofi US stipulates that all requests for deposition directed by Plaintiffs' Co-Lead Counsel to its current and former employees shall be deemed to encompass and include current and former employees of Sanofi France ("Sanofi France Witnesses") located outside of the United States, and shall not object to such notices of deposition for Sanofi France Witnesses on the basis that they are or were employed by Sanofi France outside of the United States.  Sanofi US reserves the right to object to such notices of deposition on all grounds other than the location of the Sanofi France Witness including, but not limited to undue burden, relevance, or lack of proportionality. For any deposition of a Sanofi France Witness located outside the United States, the parties agree to meet and confer to select a deposition location most convenient to the witness, taking into consideration any rules or regulations that govern the permissible locations for a deposition in the jurisdiction where the witness resides.  Sanofi France will in good faith seek agreement of any

former employee whose deposition is requested to be bound by this paragraph.  This paragraph shall not apply to any former employee who declines such agreement despite Sanofi France's good faith efforts, and Sanofi US and Sanofi France agree not to furnish legal representation to such person in connection with such deposition unless legally obligated to do so.  To the extent that Sanofi US or Sanofi France undertake representation of a former or current employee for purposes of this litigation, Sanofi US and Sanofi France agree that any deposition that takes place will be governed by the forthcoming Deposition Protocol to be entered in this MDL.

4.     The parties further agree to meet and confer in good faith to establish reasonable limitations on the number of document custodians and depositions for Sanofi France Witnesses located outside the United States.  To the extent agreement cannot be reached between counsel on such limits, such dispute will be decided by the MDL Court.

5.     Sanofi US stipulates that it will not object to deposition testimony of Sanofi France Witnesses or Sanofi France documents, including ESI, produced by Sanofi France, being considered an admission of a party opponent pursuant to FRE 801(d)(2), provided such testimony and documents would otherwise be considered an admission of a party if Sanofi France were still a party in this action.

6.     Sanofi US stipulates that Sanofi France is an affiliated company; that Sanofi US is the proper party in interest for purposes of all claims asserted against Sanofi France in this litigation; and that Sanofi US shall not argue that Sanofi France is at fault instead of Sanofi US.

7.     Sanofi France agrees that in the event that Plaintiffs' Co-Lead Counsel join or add Sanofi France to the MDL litigation pursuant to paragraph 9 below, such addition or joinder shall relate back, for statute of limitations purposes, as though Sanofi France had not been dismissed from the Master PI Complaint and the Class Complaints.

8.      Sanofi US and Sanofi France represent that Sanofi US has the financial ability to satisfy any future judgment in this matter.  Sanofi US shall furnish documents or information sufficient to show that it is adequately capitalized to satisfy any such judgment.  In the event that Sanofi US cannot furnish such proof, the provisions of paragraph 9 below shall apply.  For avoidance of doubt, paragraph 9 below shall be the exclusive remedy in case of a breach of this paragraph, and nothing in this stipulation shall create any duty or obligation on the part of Sanofi France to fund or satisfy any judgments against Sanofi US.

9.      Sanofi US and Sanofi France agree that Plaintiffs' Co-Lead Counsel retain the right to join or add Sanofi France to the litigation in the future in the event Plaintiffs' Co-Lead Counsel believe reasonably and in good faith that Sanofi France or Sanofi US have not complied with the terms of this Stipulation.  In such event, service on Sanofi France must be made in accordance with the Federal Rules of Civil Procedure, and Sanofi France specifically reserves the right to raise personal jurisdiction and/or venue defenses.

10.     In consideration of Sanofi France's agreement to the terms of paragraphs 1 - 9 above, Plaintiffs' Co-Lead Counsel stipulate and agree to the following:

  a.   This stipulation is the product of arm's length negotiations between Plaintiffs' Co-Lead Counsel and counsel for Sanofi US and Sanofi France.

  b.   Sanofi France shall promptly be dismissed from the Master PI Complaint and the Class Complaints without prejudice to its later addition or joinder pursuant to paragraph 9 above.  All dismissals of Sanofi France pursuant to this Stipulation shall be effected by an unopposed or joint motion to drop Sanofi France as a party under Federal Rule of Civil Procedure 21, rather than Federal Rule of Civil Procedure 41, so as to preserve the finality for appellate purposes of any judgments later entered as to any remaining parties.

      c.      This stipulation applies to all cases transferred to and/or directly filed in this MDL, including currently pending cases and future cases that are directly filed in and/or transferred to this MDL.  Plaintiffs' Co-Lead Counsel shall use their best efforts to ensure that all Plaintiffs' counsel in the MDL shall voluntary dismiss Sanofi France without prejudice from all actions currently pending in MDL 2924.  Plaintiffs' Co-Lead Counsel shall use their best efforts to ensure that the dismissals occur within 30 days of the date of this stipulation.

      d.      In the event a Plaintiff in an action pending in MDL 2924 does not stipulate to entry of an Order dismissing Sanofi France without prejudice, Sanofi France may seek relief from the Court.  In seeking relief from the Court, Sanofi France may submit this stipulation in support of its motion for relief.

      e.      All Plaintiffs' counsel appointed to a leadership role in this MDL agree they shall not name Sanofi France as a defendant in any future action directly filed in and/or transferred to MDL 2924.  If any other MDL Plaintiffs' counsel desires an exemption from the terms of this stipulation, said counsel shall file a motion requesting such exemption and seek a ruling from this Court that Sanofi France may be added to the complaint.  Such motion shall be made prior to Sanofi France being named in the complaint, and must establish good cause for an exemption from the terms of this stipulation.

      f.      In the event any Plaintiff obtains an exemption to name Sanofi France in a complaint, that Plaintiff may not avail himself or herself of the terms of this stipulation, and service on Sanofi France must be made in accordance with the Federal Rules of Civil Procedure and the Hague Convention.  In addition, discovery taken of Sanofi France pursuant to this stipulation shall not be provided to or usable by such Plaintiff unless Sanofi France consents to such use.

      g.      Upon request by counsel for Sanofi US or Sanofi France, Co-Lead Counsel

for Plaintiffs agree to use their good-faith efforts to coordinate with and encourage the entry of this stipulation in any state court litigation, if possible. Nothing in this stipulation shall act as a waiver of Sanofi France's jurisdictional defenses.

h. This stipulation has been agreed to in the interests of resolving disputes in this MDL proceeding only, and does not constitute any admission on the part of Sanofi France or Sanofi US as to jurisdiction over Sanofi France or its amenability to discovery in U.S. Courts.

**IT IS SO STIPULATED**, this 12th day of August 2020.

/s/ Robert C. Gilbert
Robert C. Gilbert
FBN 561861
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (305) 384-7270
gilbert@kolawyers.com

Tracy A. Finken
**ANAPOL WEISS**
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-1130
tfinken@anapolweiss.com

Michael L. McGlamry
**POPE McGLAMRY, P.C.**
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706
efile@pmkm.com

Adam Pulaski
**PULASKI KHERKHER, PLLC**
2925 Richmond Avenue, Suite 1725
Houston, TX 77098

/s/ Anand Agneshwar
Anand Agneshwar
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
anand.agneshwar@arnoldporter.com

Daniel S. Pariser
Paige H. Sharpe
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
daniel.pariser@arnoldporter.com
paige.sharpe@arnoldporter.com

Loren Brown
Christopher Strongosky
**DLA PIPER LLP**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 884-8543
loren.brown@us.dlapiper.com
christopher.strongosky@dlapiper.com

<div style="display: flex;">

Tel: (713) 664-4555
adam@pulaskilawfirm.com

*Plaintiffs' Co-Lead Counsel*

Matthew A. Holian
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Tel: (617) 406-6009
Fax: (617) 406-6109
matt.holian@us.dlapiper.com

*Attorneys for Sanofi, Sanofi US Services Inc., and Sanofi-Aventis U.S. LLP*

</div>