UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)        MDL NO. 2924
PRODUCTS LIABILITY               20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____

**THIS DOCUMENT RELATES TO:**
**ALL CASES**

## JOINT STIPULATION RELATING TO GLAXOSMITHKLINE PLC

GlaxoSmithKline plc ("GSK plc") has been named as a defendant in Complaints pending in the Zantac MDL as parent company to GlaxoSmithKline LLC ("GSK LLC"). The parties have met and conferred regarding GSK plc's objections to the Court's jurisdiction based on the allegations of the Complaints and Plaintiffs' discovery demands relating to discovery that may be in the possession, custody, or control of GSK plc. In order to avoid unnecessary motion practice concerning these jurisdictional issues, the parties have agreed to the following:

1. GSK LLC stipulates that all discovery directed to it by Plaintiffs' Co-Lead Counsel in this MDL shall be deemed to encompass and include GSK plc named in the Master Personal Injury Complaint ("Master PI Complaint"), Consolidated Consumer Class Action Complaint and Consolidated Third-Party Payor Class Action Complaint (collectively, the "Class Complaints") filed in MDL 2924, and GSK LLC shall produce all responsive and discoverable facts, documents, information, materials, ESI, including custodial files, and witnesses, including 30(b)(6) depositions within the possession, custody or control of GSK plc as if they are within the possession, custody or control of GSK LLC. GSK LLC shall not object to such discovery requests

on the basis that the information requested is within the possession, custody, or control of GSK plc. Notwithstanding the foregoing, GSK LLC reserves the right to object to requests for discovery on all other grounds including, but not limited to, undue burden, relevance, lack of proportionality, and privacy restrictions or concerns, within the appropriate time for raising such objections. GSK plc agrees that the terms of any PTO regarding authenticity of documents will apply to all documents, information, including ESI, and materials produced by GSK LLC on behalf of GSK plc. Such productions shall be made in accordance with and shall be subject to the terms of PTO 25 (Privilege and Work Product), PTO 26 (Confidentiality) and PTO 29 (ESI Protocol). Nothing in this stipulation obligates GSK LLC or GSK plc to violate any foreign law requirements with regard to discovery, but GSK LLC and GSK plc shall cooperate in good faith with Plaintiffs to fulfill discovery obligations under U.S. law in a manner that avoids or minimizes any such conflict, including the use of PTO 26 (Confidentiality).

2. GSK plc acknowledges its ongoing preservation obligations in this MDL and agrees to abide by the terms of PTO 28.

3. GSK LLC stipulates that all requests for deposition directed by Plaintiffs' Co-Lead Counsel to its current and former employees shall be deemed to encompass and include current and former employees of GSK plc ("GSK plc Witnesses") located outside of the United States, and shall not object to such notices of deposition for GSK plc Witnesses on the basis that they are or were employed by GSK plc outside of the United States. GSK LLC reserves the right to object to such notices of deposition on all grounds other than the location of the GSK plc Witness including, but not limited to undue burden, relevance, or lack of proportionality. Any deposition of a GSK plc Witness based in the UK will occur in the UK, unless otherwise agreed by the parties and the attorney for the witness. For any other deposition of a GSK plc Witness based anywhere

outside of the United States or the UK, the parties agree to meet and confer to select a deposition location most convenient to the witness, taking into consideration any rules or regulations that govern the permissible locations for a deposition in the jurisdiction where the witness resides. GSK plc will in good faith seek agreement of any former employee whose deposition is requested to be bound by this paragraph. This paragraph shall not apply to any former employee who declines such agreement despite GSK plc's good faith efforts, and GSK LLC and GSK plc agree not to furnish legal representation to such person in connection with such deposition unless legally obligated to do so. To the extent that GSK LLC or GSK plc undertake representation of a former or current employee for purposes of this litigation, GSK LLC and GSK plc agree that any deposition that takes place will be governed by the forthcoming Deposition Protocol to be entered in this MDL.

4. The parties further agree to meet and confer in good faith to establish reasonable limitations on the number of document custodians and depositions for GSK plc Witnesses located outside the United States. To the extent agreement cannot be reached between counsel on such limits, such dispute will be decided by the MDL Court.

5. GSK LLC stipulates that it will not object to deposition testimony of GSK plc Witnesses or GSK plc documents, including ESI, produced by GSK plc, being considered an admission of a party opponent pursuant to FRE 801(d)(2), provided such testimony and documents would otherwise be considered an admission of a party if GSK plc were still a party in this action.

6. GSK LLC stipulates that GSK plc is an affiliated company; that GSK LLC is the proper party in interest for purposes of all claims asserted against GSK plc in this litigation; and that GSK LLC shall not argue that GSK plc is at fault instead of GSK LLC.

7. GSK plc agrees that in the event that Plaintiffs' Co-Lead Counsel join or add GSK plc to the MDL litigation pursuant to paragraph 9 below, such addition or joinder shall relate back, for statute of limitations purposes, as though GSK plc had not been dismissed from the Master PI Complaint and Class Complaints.

8. GSK LLC and GSK plc represent that GSK LLC has the financial ability to satisfy any future settlement or judgment in this matter. GSK LLC shall furnish documents or information sufficient to show that it is adequately capitalized to satisfy any such settlement or judgment. In the event that GSK LLC cannot furnish such proof, the provisions of paragraph 9 below shall apply. For avoidance of doubt, paragraph 9 below shall be the exclusive remedy in case of a breach of this paragraph, and nothing in this stipulation shall create any duty or obligation on the part of GSK plc to fund or satisfy any judgments against GSK LLC.

9. GSK LLC and GSK plc agree that Plaintiffs' Co-Lead Counsel retain the right to join or add GSK plc to the litigation in the future in the event that Plaintiffs' Co-Lead Counsel believe reasonably and in good faith that GSK plc or GSK LLC have not complied with the terms of this Stipulation. In such event, service on GSK plc must be made in accordance with the Federal Rules of Civil Procedure, and GSK plc specifically reserves the right to raise personal jurisdiction and/or venue defenses.

10. In consideration of GSK plc's agreement to the terms of paragraphs 1 - 9 above, Plaintiffs' Co-Lead Counsel stipulate and agree to the following:

    a. This stipulation is the product of arm's length negotiations between Plaintiffs' Co-Lead Counsel and counsel for GSK plc and GSK LLC.

    b. GSK plc shall promptly be dismissed from the Master PI Complaint and the Class Complaints without prejudice to its later addition or joinder pursuant to paragraph 9 above.

All dismissals of GSK plc pursuant to this Stipulation shall be effected by an unopposed or joint motion to drop GSK plc as a party under Federal Rule of Civil Procedure 21, rather than Federal Rule of Civil Procedure 41, so as to preserve the finality for appellate purposes of any judgments later entered as to any remaining parties.

      c.      This stipulation applies to all cases transferred to and/or directly filed in this MDL, including currently pending cases and future cases that are directly filed in and/or transferred to this MDL.  Plaintiffs' Co-Lead Counsel shall use their best efforts to ensure that all Plaintiffs' counsel in the MDL shall voluntary dismiss GSK plc without prejudice from all actions currently pending in MDL 2924.  Plaintiffs' Co-Lead Counsel shall use their best efforts to ensure that the dismissals occur within 30 days of the date of this stipulation.

      d.      In the event a Plaintiff in an action listed in an action pending in MDL 2924 does not stipulate to entry of an Order dismissing GSK plc without prejudice, GSK plc may seek relief from the Court.  GSK plc may submit this stipulation in support of its motion for relief to the Court.

      e.      All Plaintiffs' counsel appointed to a leadership role in this MDL agree they shall not name GSK plc as a defendant in any future action filed in and/or transferred to MDL 2924.  If any other Plaintiffs' counsel desires an exemption from this stipulation, said counsel shall file a motion requesting such exemption and seek a ruling from this Court that GSK plc may be added to the complaint.  Such motion shall be made prior to GSK plc being named in the complaint, and must establish good cause for an exemption from the terms of this stipulation.

      f.      In the event any Plaintiff obtains an exemption to name GSK plc in a complaint, that Plaintiff may not avail himself or herself of the terms of this stipulation, and service on GSK plc must be made in accordance with the Federal Rules of Civil Procedure and the Hague

Convention. In addition, discovery taken of GSK plc pursuant to this stipulation shall not be provided to or usable by such Plaintiff unless GSK plc consents to such use.

g. Upon request by Counsel for GSK LLC or GSK plc, Co-Lead Counsel for Plaintiffs agree to use their good-faith efforts to coordinate with and encourage entry of this stipulation in any state court litigation, if possible. Nothing in this stipulation shall act as a waiver of GSK plc's jurisdictional defenses.

h. This stipulation has been agreed to in the interests of resolving disputes in this MDL proceeding only, and does not constitute any admission on the part of GSK plc or GSK LLC as to jurisdiction over GSK plc or its amenability to discovery in U.S. Courts.

Dated: August 13, 2020

*/s/ Robert C. Gilbert*
Robert C. Gilbert
FBN 561861
**KOPELOWITZ OSTROW**
**FERGUSON**
**WEISELBERG GILBERT**
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (305) 384-7270
gilbert@kolawyers.com


Tracy A. Finken
**ANAPOL WEISS**
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-1130
tfinken@anapolweiss.com

*/s/ Mark Cheffo*
Mark Cheffo
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10019
Tel: (212) 689-3500
Fax: (212) 689-3590
mark.cheffo@dechert.com

Judy L. Leone
Will W. Sachse
**DECHERT LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Phone: (215) 994-2496
Fax: (215) 665-2496
Judy.leone@dechert.com
will.sachse@dechert.com

*Attorneys for GlaxoSmithKline LLC and GlaxoSmithKline plc*

6

Michael L. McGlamry
**POPE McGLAMRY, P.C.**
3391 Peachtree Road NE, Suite 300 Atlanta, GA 30326
Tel: (404) 523-7706
efile@pmkm.com


Adam Pulaski
**PULASKI KHERKHER, PLLC**
2925 Richmond Avenue, Suite 1725
Houston, TX 77098
Tel: (713) 664-4555
adam@pulaskilawfirm.com

*Plaintiffs' Co-Lead Counsel*