UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

THIS DOCUMENT RELATES TO: ALL CASES

**JOINT STIPULATION RELATING TO BOEHRINGER INGELHEIM DEFENDANTS**

Plaintiffs Co-Lead Counsel in the above-captioned matter and Defendants Boehringer Ingelheim International GmbH ("BII"), Boehringer Ingelheim Promeco, S.A. de C.v. ("BI Promeco") (collectively and individually, "BI Foreign Defendants"), and Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), by and through their undersigned counsel, hereby stipulate:

1. BIPI stipulates that all discovery directed to it by Plaintiffs' Co-Lead Counsel in this MDL shall be deemed to encompass and include the BI Foreign Defendants in the Master Personal Injury Complaint ("Master PI Complaint"), Consolidated Consumer Class Action Complaint and Consolidated Third-Party Payor Class Action Complaint (collectively, the "Class Complaints") filed in MDL 2924, and BIPI shall produce all responsive and discoverable facts, documents, information, materials, ESI, including custodial files, and witnesses, including 30(b)(6) depositions within the possession, custody or control of the BI Foreign Defendants. BIPI shall not object to such discovery requests on the basis that the information requested is within the possession, custody, or control of the BI Foreign Defendants. Notwithstanding the foregoing, BIPI reserves the right to object to requests for discovery on all other grounds including, but not limited to, undue burden, relevance, lack of proportionality and privacy restrictions or concerns, within

the appropriate time for raising such objections. The BI Foreign Defendants agree that the terms of any MDL PTO regarding authenticity of documents will apply to all documents, information, including ESI, and materials produced by BIPI on behalf of the BI Foreign Defendants. Such productions shall be made in accordance with and shall be subject to the terms of PTO 25 (Privilege and Work Product), PTO 26 (Confidentiality) and PTO 29 (ESI Protocol). Nothing in this stipulation obligates BIPI or the BI Foreign Defendants to violate any foreign law requirements with regard to discovery, but BIPI and the BI Foreign Defendants shall cooperate in good faith with Plaintiffs to fulfill discovery obligations under U.S. law in a manner that avoids or minimizes any such conflict, including the use of PTO 26 (Confidentiality).

2. The BI Foreign Defendants acknowledge their ongoing preservation obligations in this MDL and agree to abide by the terms of PTO 28.

3. BIPI stipulates that all requests for deposition directed by Plaintiffs' Co-Lead Counsel to its current and former employees shall be deemed to encompass and include current and former employees of the BI Foreign Defendants ("BI Foreign Defendants Witnesses") located outside of the United States, and shall not object to such notices of deposition for BI Foreign Defendants Witnesses on the basis that they are or were employed by the BI Foreign Defendants outside of the United States. BIPI reserves the right to object to such notices of deposition on all grounds other than that the witness is or was an employee of the BI Foreign Defendants Witness including, but not limited to undue burden, relevance, or lack of proportionality. For any deposition of a BI Foreign Defendants Witness located outside the United States, the parties agree to meet and confer to select a deposition location most convenient to the witness, taking into consideration any rules or regulations that govern the permissible locations for a deposition in the jurisdiction where the witness resides. The BI Foreign Defendants will in good faith seek agreement of any

former employee whose deposition is requested to be bound by this paragraph. This paragraph shall not apply to any former employee who declines such agreement despite the BI Foreign Defendants' good faith efforts, and BIPI and the BI Foreign Defendants agree not to furnish legal representation to such person in connection with such deposition unless legally obligated to do so. To the extent that BIPI or the BI Foreign Defendants undertake representation of a former or current employee for purposes of this litigation, BIPI and the BI Foreign Defendants agree that any deposition that takes place will be governed by the forthcoming Deposition Protocol to be entered in this MDL.

4.  The parties further agree to meet and confer in good faith to establish reasonable limitations on the number of document custodians and depositions for BI Foreign Defendants Witnesses located outside the United States. To the extent agreement cannot be reached between counsel on such limits, such dispute will be decided by the MDL Court.

5.  BIPI stipulates that it will not object to deposition testimony of BI Foreign Defendants Witnesses or BI Foreign Defendants documents, including ESI, produced by BIPI, being considered an admission of a party opponent pursuant to FRE 801(d)(2), provided such testimony and documents would otherwise be considered an admission of a party if the BI Foreign Defendants were still a party in this action.

6.  BIPI stipulates that the BI Foreign Defendants are affiliated companies; that BIPI is the proper party in interest for purposes of all claims asserted against the BI Foreign Defendants in this litigation; and that BIPI shall not argue that the BI Foreign Defendants are at fault instead of BIPI.

7.  The BI Foreign Defendants agree that in the event that Plaintiffs' Co-Lead Counsel join or add the BI Foreign Defendants to the MDL litigation pursuant to paragraph 9 below, such

addition or joinder shall relate back, for statute of limitations purposes, as though the BI Foreign Defendants had not been dismissed from the Master PI Complaint and the Class Complaints.

8. BIPI and the BI Foreign Defendants represent that BIPI has the financial ability to satisfy any future judgment in this matter. BIPI shall furnish documents or information sufficient to show that it is adequately capitalized to satisfy any such judgment. In the event that BIPI cannot furnish such proof, the provisions of paragraph 9 below shall apply. For avoidance of doubt, paragraph 9 below shall be the exclusive remedy in case of a breach of this paragraph, and nothing in this stipulation shall create any duty or obligation on the part of the BI Foreign Defendants to fund or satisfy any judgments against BIPI.

9. BIPI and the BI Foreign Defendants agree that Plaintiffs' Co-Lead Counsel retain the right to join or add the BI Foreign Defendants to the litigation in the future in the event Plaintiffs' Co-Lead Counsel believe reasonably and in good faith that the BI Foreign Defendants or BIPI have not complied with the terms of this Stipulation. In such event, service on the BI Foreign Defendants must be made in accordance with the Federal Rules of Civil Procedure, and the BI Foreign Defendants specifically reserve the right to raise personal jurisdiction and/or venue defenses.

10. In consideration of the BI Foreign Defendants' agreement to the terms of paragraphs 1 - 9 above, Plaintiffs' Co-Lead Counsel stipulate and agree to the following:

    a. This stipulation is the product of arm's length negotiations between Plaintiffs' Co-Lead Counsel and counsel for BIPI and the BI Foreign Defendants.

    b. The BI Foreign Defendants shall promptly be dismissed from the Master PI Complaint and the Class Complaints without prejudice to later addition or joinder pursuant to paragraph 9 above. All dismissals of the BI Foreign Defendants pursuant to this Stipulation shall

be effected by an unopposed or joint motion to drop the BI Foreign Defendants as parties under Federal Rule of Civil Procedure 21, rather than Federal Rule of Civil Procedure 41, so as to preserve the finality for appellate purposes of any judgments later entered as to any remaining parties.

      c.      This stipulation applies to all cases transferred to and/or directly filed in this MDL, including currently pending cases and future cases that are directly filed in and/or transferred to this MDL.  Plaintiffs' Co-Lead Counsel shall use their best efforts to ensure that all Plaintiffs' counsel in the MDL shall voluntary dismiss the BI Foreign Defendants without prejudice from all actions currently pending in MDL 2924.  Plaintiffs' Co-Lead Counsel shall use their best efforts to ensure that the dismissals occur within 30 days of the date of this stipulation.

      d.      In the event a Plaintiff in an action pending in MDL 2924 does not stipulate to entry of an Order dismissing the BI Foreign Defendants without prejudice, the BI Foreign Defendants may seek relief from the Court.  In seeking relief from the Court, the BI Foreign Defendants may submit this stipulation in support of their motion for relief.

      e.      All Plaintiffs' counsel appointed to a leadership role in this MDL agree they shall not name the BI Foreign Defendants as defendants in any future action directly filed in and/or transferred to MDL 2924.  If any other MDL Plaintiffs' counsel desires an exemption from the terms of this stipulation, said counsel shall file a motion requesting such exemption and seek a ruling from this Court that the BI Foreign Defendants may be added to the complaint.  Such motion shall be made prior to the BI Foreign Defendants being named in the complaint, and must establish good cause for an exemption from the terms of this stipulation.

      f.      In the event any Plaintiff obtains an exemption to name the BI Foreign Defendants in a complaint, that Plaintiff may not avail himself or herself of the terms of this

stipulation, and service on the BI Foreign Defendants must be made in accordance with the Federal Rules of Civil Procedure and the Hague Convention. In addition, discovery taken of the BI Foreign Defendants pursuant to this stipulation shall not be provided to or usable by such Plaintiff unless the BI Foreign Defendants consent to such use.

    g.  Upon request by counsel for BIPI or the BI Foreign Defendants, Co-Lead Counsel for Plaintiffs agree to use their good-faith efforts to coordinate with and encourage the entry of this stipulation in any state court litigation, if possible. Nothing in this stipulation shall act as a waiver of the BI Foreign Defendants' jurisdictional defenses.

    h.  This stipulation has been agreed to in the interests of resolving disputes in this MDL proceeding only, and does not constitute any admission on the part of the BI Foreign Defendants or BIPI as to jurisdiction over the BI Foreign Defendants or its amenability to discovery in U.S. Courts.

    **IT IS SO STIPULATED**, this 14th day of August 2020.


*/s/Robert C. Gilbert*
Robert C. Gilbert
FBN 561861
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (305) 384-7270
gilbert@kolawyers.com

Tracy A. Finken
**ANAPOL WEISS**
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-1130
tfinken@anapolweiss.com

*/s/ Andrew T. Bayman*
Andrew T. Bayman
Robert B. Friedman
**KING & SPALDING**
1180 Peachtree Street
Atlanta, GA 30309
Tel: (404) 572-4600
abayman@kslaw.com

*Attorneys for Defendants*
*Boehringer Ingelheim International GmbH,*
*Boehringer Ingelheim Promeco, S.A. de C.v., and Boehringer Ingelheim Pharmaceuticals, Inc.*

Michael L. McGlamry
**POPE McGLAMRY, P.C.**
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706
efile@pmkm.com

Adam Pulaski
**PULASKI KHERKHER, PLLC**
2925 Richmond Avenue, Suite 1725
Houston, TX 77098
Tel: (713) 664-4555
adam@pulaskilawfirm.com

*Plaintiffs' Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of August, 2020, I filed the foregoing JOINT STIPULATION RELATING TO BOEHRINGER INGELHEIM DEFENDANTS electronically through the CM/ECF system, which will provide automatic notification to all CM/ECF participants.

*/s/ Andrew T. Bayman*
Andrew T. Bayman