UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924 20-MD-2924 <br><br>JUDGE ROBIN L. ROSENBERG <br>MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

THIS DOCUMENT RELATES TO: ALL CASES

**PRETRIAL ORDER #38**
**First Census Implementation Order:**
**Deadlines and Census Plus Form Deficiencies**

In PTO # 15, this Court ordered all plaintiffs asserting personal injury or medical monitoring claims to complete a Census Plus Form (CPF). The same PTO also created a Registry, designed to permit individuals who may have potential claims related to the subject matter of this MDL to submit their potential claims to the Registry for further investigation. PTO # 15 contemplated that the Court would issue future Orders regarding implementation of the census process and the Registry, and this is the first such Order. This Order sets forth procedures for addressing delinquencies or deficiencies in CPFs from Filed Plaintiffs and other issues. Subsequent Census Implementation Orders will address additional information to be provided by all defendants to facilitate resulting product identification, the protocol for delinquencies and deficiency processing for Registry Claimants, access to Registry information, and implementation of the product identification process, among other issues.

I.   **Filed Plaintiffs**

PTO # 23 required that any Filed Plaintiff whose case was filed on or before May 31, 2020 submit a CPF no later than July 21, 2020. PTO # 15 prescribes the potential remedies for non-

compliance with these requirements, reading, in pertinent part, "Any Plaintiff in a filed case who does not timely cure an important deficiency, absent good cause shown, may be subject to sanctions, up to and including dismissal of the case." As contemplated by PTO # 15, page 9, paragraph 5, the Court now provides a process for resolving delinquencies or deficiencies in CPFs from Filed Plaintiffs.

Delinquencies. Filed Plaintiffs who fail to submit any CPF at all by the deadlines set forth in PTO # 23 shall be given notice by email to their counsel from LMI, and shall have fourteen (14) days from such notice to submit a complete and verified CPF. For CPFs that were due by July 21, 2020, the Court understands such notices already have been provided.[1]

Deficiencies. Filed Plaintiffs who fail to provide a complete and verified CPF by the deadlines set forth in PTO # 23, or by the deadline set forth in paragraph 1 above, shall be given notice by email to their counsel (or if *pro se*, to the Plaintiff by email or regular mail) from LMI, and shall have twenty-eight (28) days to cure any important deficiency.

If a Filed Plaintiff does not timely cure a delinquency or important deficiency (as set forth in the preceding two paragraphs), Plaintiffs' counsel shall meet and confer with Defendants' Co-Lead Counsel or Defense Liaison Counsel within three (3) days about why there was a failure to cure. If Defendants' Co-Lead Counsel or Defense Liaison Counsel do not believe good cause has been shown for the delinquency or important deficiency through the meet and confer process, they may move the Court for an Order seeking sanctions, up to and including dismissal of such Plaintiff's Complaint. Such motion shall not exceed three (3) pages. Plaintiff shall have fourteen (14) days from the date of Defendants' motion to file a response either (1) certifying that Plaintiff

---

[1] For pro se plaintiffs, the notice shall be sent by LMI to the Plaintiff via email or regular mail, and the Plaintiff shall have twenty-eight (28) days from such notice to submit a complete and verified CPF.

has submitted to LMI a completed and verified CPF, and including his/her LMI Plaintiff Identification Number in such response, or (2) opposing Defendants' motion. Such response shall not exceed three (3) pages. If the Plaintiff files a response certifying the completed and verified CPF has been submitted to LMI, Defendant's Co-Lead Counsel or Defense Liaison counsel shall review for completion and withdraw their motion if in fact Plaintiff has complied. If the Plaintiff does not file a response to the motion, absent good cause shown, his or her Complaint is subject to sanction, up to and including dismissal. If the Plaintiff files an opposition to the motion, the moving party may file a reply brief of no more than two (2) pages, within four (4) days. Thereupon, the Court will decide the motion.[2]

Since the entry of PTO # 15, Lead Counsel have reached agreement on a discovery process for named plaintiffs in the Consolidated Consumer Class Action Complaint filed on June 22, 2020 who allege medical monitoring claims. In order to avoid duplicative production of information by those named plaintiffs, this discovery will be provided in lieu of the CPFs for these named plaintiffs. At a future date, the parties will provide CPFs for these plaintiffs to LMI in order to ensure that the data analytics run on the LMI data are as accurate as possible.

## II.     Registry Claimants

PTO # 23 required any Claimant who retained counsel on or before June 30, 2020 (but has not filed a lawsuit in any court on the subject matter of this MDL) and who sought to participate in the Registry to file a CPF by August 17, 2020. The Court understands from Plaintiffs' Lead Counsel that a significant number of CPFs have been submitted and that the Registry vendor, LMI, is beginning its review of these CPFs.

---

[2] Nothing herein limits or restricts the right of any Filed Plaintiff to voluntarily dismiss his/her case without prejudice, and without leave of Court, at any time in this process prior to the Court entering an Order of Dismissal.

However, the Court understands that some law firms contracted with another vendor (Cerner) to assist in the submission of CPFs on behalf of their clients. The Court has been further advised that prior to August 1, 2020 a technology error occurred impacting the data collected by Cerner prior to its transfer to LMI—through no fault of the Claimants or their counsel—which resulted in the loss of substantial data provided to Cerner and which requires re-creating the impacted data in a significant number of CPFs. As a result, the Court understands these CPFs may not be able to be submitted to the Registry by August 17. With the consent of Lead Counsel, the Court extends the deadline for the submission of the CPFs for 14 days, until August 31, 2020 – but only for those would-be Claimants whose data was provided by their counsel to Cerner on or before August 7, 2020. This extension therefore does not apply to Claimants who are filing their CPFs directly with LMI (and thus were not impacted by the Cerner issue), nor to any Claimant whose information was provided to Cerner after August 7, 2020.

The Special Master is authorized to extend any deadline related to the CPFs for Registry Claimants and/or the Registry in her sole discretion, for good cause shown.

**DONE** and **ORDERED** in Chambers, West Palm Beach, Florida, this 16th day of August, 2020.

*(signature)*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE