UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |
| _____/ | |

THIS DOCUMENT RELATES TO: ALL CASES

### PRETRIAL ORDER # 39
Protocol for Voluntarily Dismissing Short-Form or
Individual Long-Form[1] Complaints in Their Entirety, for
Dismissing Particular Claims, and/or for Dropping Particular Defendants

Co-Lead Counsel for Plaintiffs and Defendants have, at the Court's request, conferred to formulate a census process to assist in effective case management and the orderly progression of this MDL. *See generally* Pretrial Order # 15. Among the case management objectives the census process serves is the voluntary refinement of claims brought by individual Plaintiffs, accomplished by the voluntary dismissal of particular claims or the dropping of particular Defendants. This Pretrial Order will streamline the process for voluntary dismissal of Short-Form Complaints and of Individual Long-Form Complaints, be it in their entirety or with respect only to dismissing certain claims or dropping certain Defendants.

Filings made pursuant to this Pretrial Order are exempt from the requirement in Amended Pretrial Order # 24 that "[a]bsent further Order of this Court, any Plaintiff or Plaintiff's counsel seeking to file a motion in this proceeding must first confer with Plaintiffs' Co-Lead Counsel to determine whether Plaintiffs' Co-Lead Counsel consents to the filing of said motion." Dkt. No.

---

[1] This Pretrial Order addresses Short-Form Complaints as well as Individual Long-Form Complaints (*i.e.*, complaints filed by individual Plaintiffs in the MDL before the complaints process in Pretrial Order # 31 was instituted or complaints in cases transferred to the MDL after the complaints process in Pretrial Order # 31 was instituted). Amendments to Master Complaints are addressed in Pretrial Order # 40.

1194 at ¶ 10.  Notice to Plaintiffs' Co-Lead Counsel is not a necessary predicate to any filing hereunder.  Filings made pursuant this Pretrial Order are further exempt from any prior order of consolidation directing the parties "to submit all filings in the MDL action."  Except as detailed below, any filing made pursuant to this Pretrial Order must appear on the docket for the underlying member (*i.e.*, individual) case and shall not appear on the master MDL docket.

If a Plaintiff dismisses his or her member (*i.e.*, individual) case in its entirety and counsel elects to stop receiving notices of electronic filing for the MDL,[2] counsel must file a notice entitled: "Notice of Removal from Service List."  The Notice of Removal from Service List must be filed in both the member case and on the master MDL docket.  The Notice of Removal from Service List must not include a proposed order and must clearly list the e-mail addresses to be removed from the service list.

**Dismissing Particular Claims and/or Dropping Particular Defendants**:  In *Perry v. Schumacher Group of Louisiana*, 891 F.3d 954 (11th Cir. 2018), the Eleventh Circuit held that the stipulation of dismissal provided under Federal Rule of Civil Procedure 41(a)(1), which addresses voluntary dismissal, "may be used to dismiss only an 'action' *in its entirety*."  *Id.* at 958 (emphasis added). Pursuant to *Perry*, a permissible way to effectuate a partial dismissal is to file an amended complaint.  *Id.*  This Court has already granted Plaintiffs the right to unilaterally amend, at any time, a Short-Form Complaint.  *See* Amended Pretrial Order # 31 at 5.  Therefore, any Plaintiff seeking to dismiss claims and/or drop Defendants named in a Short-Form Complaint shall file an

---

[2] Counsel may file a Notice of Removal from Service List prior to dismissing an individual case in its entirety, but the Notice will only be effective (and will only be acted on by the Clerk of the Court) if, at the time of filing, another attorney of record is registered to receive filings for the related plaintiff.

amended Short-Form Complaint in the Plaintiff's individual member case.[3] All amendments to Short-Form Complaints shall comply with paragraph 6.d of Amended Pretrial Order # 31.

**Dismissing Entire Actions**: If a Plaintiff elects to voluntarily dismiss his or her case in its entirety, he or she may do so by notice or by stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1) which, as the Eleventh Circuit confirmed in *Perry*, is the appropriate procedural vehicle for voluntarily dismissing an entire action. *See Perry*, 891 F.3d at 957-58. If voluntary dismissal is sought "before the opposing party serves either an answer or a motion for summary judgment," the Plaintiff shall use the form notice attached hereto as **Exhibit A**[4] consistent with Federal Rule of Civil Procedure 41(a)(1)(A)(i). If voluntary dismissal is sought at a later time, the Plaintiff shall use the form stipulation attached hereto as **Exhibit B** consistent with Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Under the language of Federal Rule of Civil Procedure 41(a)(1)(A), a court order is not needed to effectuate such a dismissal. The Court may periodically enter Orders deconsolidating member (*i.e.*, individual) cases from the MDL that have been dismissed in their entirety.

Liaison counsel shall at regular intervals assess the dismissals to date and inform the parties of the advancements with respect to the dismissal of actions, claims, or Defendants.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 18th day of August, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[3] In the event a member case contains more than one Short-Form Complaint (being a multi-Plaintiff case) and one or more Plaintiff(s) elects to drop all claims (leaving, however, one or more active Plaintiff(s) in the case), counsel may file a notice for each dropped Plaintiff stating that all claims have been dropped via amendment.

[4] Exhibits A and B hereto each contain the term "***WITH[OUT]* PREJUDICE**" in the title and in the body. Plaintiff shall appropriately edit that language to reflect whether he or she requests dismissal with or without prejudice.

3

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **IN RE: ZANTAC (RANITIDINE)** | **MDL NO. 2924** |
| **PRODUCTS LIABILITY** | **20-MD-2924** |
| **LITIGATION** | |
| | **JUDGE ROBIN L. ROSENBERG** |
| | **MAGISTRATE JUDGE BRUCE E. REINHART** |
| _____/ | |

**THIS DOCUMENT RELATES TO: [*INSERT MEMBER CASE NAME & NO.*]**

## NOTICE OF VOLUNTARY DISMISSAL *WITH[OUT]* PREJUDICE

Pursuant to Pretrial Order # 39, Plaintiff **[*INSERT NAME*]**, who instituted the above-captioned action, a member case in *In Re Zantac Products Liability Litigation*, MDL. No. 2924 (S.D. Fla.), hereby provides notice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) that the case is **DISMISSED *WITH[OUT]* PREJUDICE**.

By filing this notice, undersigned counsel certifies that no answer or motion for summary judgment has previously been served in response to the Short-Form Complaint or Individual Long-Form Complaint to which this notice applies.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>**JUDGE ROBIN L. ROSENBERG**<br>**MAGISTRATE JUDGE BRUCE E. REINHART** |
| _____/ | |

**THIS DOCUMENT RELATES TO: [*INSERT MEMBER CASE NAME & NO.*]**

**STIPULATION OF VOLUNTARY DISMISSAL *WITH[OUT]* PREJUDICE**

Pursuant to Pretrial Order # 39, Plaintiff **[*INSERT NAME*]**, who instituted the above-captioned action, a member case in *In Re Zantac Products Liability Litigation*, MDL. No. 2924 (S.D. Fla.), hereby stipulates together with the undersigned Defendant(s) **[*INSERT NAME(S)*]** pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) that the case is **DISMISSED *WITH[OUT]* PREJUDICE**.

5