UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)  MDL NO. 2924
PRODUCTS LIABILITY  20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

**PRETRIAL ORDER # 40**
Protocol for Modifying Particular Defendants in the Master Complaints

Co-Lead Counsel for Plaintiffs and Defendants have, at the Court's request, conferred to formulate a census process to assist in effective case management and the orderly progression of this MDL.  *See generally* Pretrial Order # 15.  At the July 9, 2020 status conference, the parties updated the Court with respect to their ongoing efforts to modify particular Defendants named in the Master Complaints.  This Pretrial Order provides the parties a streamlined mechanism for modifying particular Defendants named in the Master Complaints.[1]  This Pretrial Order does not apply to substantive amendments to the Master Complaints (*i.e.*, changes to the factual averments or claims asserted) and will be deemed to have no effect with respect to the timing and authority to amend pleadings under Federal Rule of Civil Procedure 15 and this Court's Orders.

**Dropping Particular Defendants from the Master Complaints**:  In *Perry v. Schumacher Group of Louisiana*, 891 F.3d 954 (11th Cir. 2018), the Eleventh Circuit held that the stipulation of dismissal provided under Federal Rule of Civil Procedure 41(a)(1), which addresses voluntary dismissal, "may be used to dismiss only an 'action' *in its entirety*."  *Id.* at 958 (emphasis added).

---

[1] Master Complaints as used in this Pretrial Order refers to the Master Personal Injury Complaint (Dkt. No. 887), the Consolidated Consumer Class Action Complaint (Dkt. No. 889), and the Consolidated Third Party Payor Class Complaint (Dkt. No. 888).

Thus, to properly effect a partial dismissal of particular Defendants, Plaintiffs must file (and the Court must rule upon), a motion under the Federal Rules of Civil Procedure.

**Modifying Defendants in the Master Complaints:** The Court is aware that the parties may wish to make certain modifications to Defendants currently named in the Master Complaints, including substituting a different corporate entity for a currently named Defendant or adjusting the classification of a Defendant within the categories of Defendants named in the Master Complaints (*i.e.*, Brand-Name Manufacturers, Generic Manufacturers, Distributors, Retailers, and Repackagers). At this stage of the proceedings, such modifications will be most efficiently managed through a motion under the Federal Rules of Civil Procedure.

**Process for Modifications to the Defendants in the Master Complaints:** Any motion to add, drop, or dismiss Defendants from the Master Complaints or to amend the Master Complaints by interlineation to reclassify a Defendant shall set forth the specific paragraph numbers in the Master Complaints that are affected by the proposed modification, including identifying each Defendant to be dropped or modified as well as any language being removed and the language that will replace it.

Liaison counsel shall at regular intervals assess the changes made to the Master Complaints pursuant to this procedure and inform the parties of the advancements with respect to the dropping or modifying of Defendants.  In the event amended Master Complaints are filed, Plaintiffs shall incorporate all modifications to the pleadings submitted pursuant to the above process.  Any amended Master Complaint shall specify in its title the version of the amended complaint (*i.e.*, "First Amended Master Personal Injury Complaint").

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 18th day of August, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE