UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924 20-MD-2924 <br><br> JUDGE ROBIN L. ROSENBERG <br> MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

THIS DOCUMENT RELATES TO: ALL CASES

**PRETRIAL ORDER # 41**
Protocol For *In Extremis* Depositions

Plaintiffs in the personal injury cases in these proceedings have alleged that they suffer from cancer. Should counsel for any party become aware that a Plaintiff's health has deteriorated to the point that his/her competency or survival is at risk, they may arrange to preserve testimony using the procedures set forth in this Order.

A.  **SCOPE OF THIS ORDER**

This Order shall apply to all cases in which Plaintiffs allege personal injury that are currently pending in MDL No. 2924 and to all such related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned hereto as "MDL" cases (collectively, "the MDL proceedings"). This Order is binding on all parties and their counsel in all cases currently pending or subsequently made part of these proceedings and shall govern each case in these MDL proceedings. In the event that a Census Registry Claimant believes that it is necessary to preserve his/her testimony, Lead Counsel shall meet and confer regarding the issue. This Order is not intended to interfere with, undermine, or contradict the procedures established in Rule 27(a) of the Federal Rules of Civil Procedure.

### B. *IN EXTREMIS*

This Court intends to ensure that all parties are given a fair opportunity to take perpetuation or preservation deposition testimony where it is reasonably practicable to do so. For purposes of this Order, a Plaintiff will be considered "*in extremis*" when, based on medical evidence or affidavits by a physician or the Plaintiff, he/she:

- Has reached, or is expected to reach within the next six (6) months, the state or condition of being no longer capable of testifying competently in a deposition; or

- Is not expected to survive beyond the next twelve months.

### C. NOTICE

Counsel shall give notice to opposing Lead Counsel as soon as possible upon learning of a Plaintiff's *in extremis* condition. The notice must be made in writing with a certification by noticing counsel as to the nature of the Plaintiff's *in extremis* condition. The notice shall be accompanied by a letter from the treating physician or an affidavit signed by the Plaintiff briefly describing the condition and the medical circumstances necessitating an expedited preservation deposition. The notice also shall contain a suggested date, time, and location for the Plaintiff's *in extremis* deposition, which will serve as the starting point for negotiations between counsel for the parties.

### D. SCHEDULING

Upon receiving notice of a Plaintiff's *in extremis* condition and competency to testify, the parties shall meet and confer in good faith to confirm the date, time, and location of the deposition. Counsel who elects to take the deposition shall be responsible for securing and providing a court reporter and, if desired, a videographer for the deposition.

**E.      OBJECTIONS**

1.      If Plaintiff's counsel follows the procedures set forth in this Order, Plaintiff's counsel need not notice an emergency hearing in order to proceed with a Plaintiff's *in extremis* deposition.  Should the non-noticing party have a good faith objection to the deposition, however, counsel shall notify opposing counsel in writing of their objection within seven (7) days of receipt of the notice and shall promptly meet and confer in good faith in an attempt to resolve the dispute.

2.      If the parties are unable to resolve the dispute after meeting and conferring, any objection(s) shall be brought to the Court's attention as soon as practicable, but, in any event, no more than fourteen (14) days following receipt of the notice.  If the objection(s) are overruled, the deposition shall proceed at a date, time, and location mutually agreed upon by the parties.

**F.      PROCEDURES**

1.      The following must be provided to defense counsel at least thirty (30) days[1] before the *in extremis* deposition:

   a. Any available medical records within Plaintiff's possession not already produced to Defendants;

   b. Any available records within Plaintiff's possession relating to damages claims;

   c. A completed version of any Plaintiff Fact Sheet, standard interrogatories, or other written discovery that Plaintiffs are required to produce in this litigation, including any documents required to be produced therewith, if not already provided to Defendants; and

---

[1] It is recognized by the parties that there are circumstances where a Plaintiff's medical condition may warrant a more expedited schedule than is contemplated herein.  In these instances, the parties shall agree on a mutually convenient date as soon as possible after such notice.

        d. Executed records authorizations and documents required by any Order in this litigation or by any of Plaintiff's medical providers.

2. Upon Defendant's request, a discovery deposition may be conducted at the time that a trial preservation deposition is taken. If a discovery deposition is noticed, it shall occur the day before the trial preservation deposition, or at some other time prior to the *in extremis* deposition to which the parties mutually agree. The discovery deposition is limited to five (5) hours on the record. The *in extremis* deposition is limited to five (5) hours on the record, and the time is to be split by the parties 50/50. If a Plaintiff is unable to physically sit for the full duration of the allotted time for the deposition, the parties will meet and confer in advance of the deposition and agree to split the time 50/50.

3. If a Plaintiff terminates an *in extremis* deposition before Defendants have completed the cross-examination, the parties will meet and confer regarding the continuation of the cross-examination at a later date. If the deposition terminates due to a Plaintiff's inability to physically continue and/or deteriorating medical condition, and the Plaintiff is unable to complete the deposition at a later date, the parties will meet and confer regarding the use of the deposition at trial.

4. Notwithstanding the fact that the discovery deposition will occur prior to the *in extremis* deposition, should the case proceed to trial and should the Plaintiff wish to play any portion of the *in extremis* deposition during his/her case-in-chief, the discovery deposition may not be played to the jury prior to the *in extremis* deposition. Nothing in this Order is intended to limit a Defendant's ability to present any portion of the discovery or *in extremis* deposition in its case-in-chief, nor to request that any portion of either deposition be presented during the Plaintiff's case-in-chief following the presentation of the *in extremis* deposition.

5. If Defendants seek to take a subsequent deposition of a Plaintiff prior to trial in the event that a Plaintiff's condition or prognosis improves subsequent to an *in extremis* deposition, the parties shall meet and confer on the necessity and scope of any additional deposition testimony and any objections thereto.

**G.     ASSISTANCE**

This Court is aware of, and sensitive to, the emotional difficulties that attend circumstances such as those discussed in this Order and does not intend to force counsel to exacerbate those difficulties. In the event that counsel finds that the terms of this Order create insurmountable barriers to proceeding as this Court expects, counsel are encouraged to contact this Court for assistance in achieving the goals described herein.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 26th day of August, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE