# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

THIS DOCUMENT RELATES TO:  ALL CASES

## JOINT STIPULATION RELATING TO STRIDES DEFENDANTS

Plaintiffs Co-Lead Counsel in the above-captioned matter and Defendants Strides Pharma, Inc., Strides Pharma Science Ltd. and Strides Global Pte Ltd., by and through their undersigned counsel, hereby stipulate:

1. Strides Pharma, Inc. ("SPI") stipulates that all discovery directed to it by Plaintiffs' Co-Lead Counsel in this MDL shall be deemed to encompass and include Strides Pharma Science Ltd. and Strides Global Pte Ltd. (collectively, the "Strides Affiliates") in the Master Personal Injury Complaint ("Master PI Complaint"), Consolidated Consumer Class Action Complaint and Consolidated Third-Party Payor Class Action Complaint (collectively, the "Class Complaints") filed in MDL 2924, and SPI shall produce all responsive and discoverable facts, documents, information, materials, ESI, including custodial files, and witnesses, including 30(b)(6) depositions within the possession, custody or control of the Strides Affiliates as if they are within the possession, custody or control of SPI.  SPI shall not object to such discovery requests on the basis that the information requested is within the possession, custody or control of the Strides Affiliates.  Notwithstanding the foregoing, SPI reserves the right to object to requests for discovery on all other grounds including, but not limited to, undue burden, relevance, lack of proportionality

and privacy restrictions or concerns, within the appropriate time for raising such objections. The Strides Affiliates agree that the terms of any MDL PTO regarding the authenticity of documents will apply to all documents, information, including ESI, and materials produced by SPI on behalf of the Strides Affiliates. Such productions shall be made in accordance with and shall be subject to the terms of PTO 25 (Privilege and Work Product), PTO 26 (Confidentiality), and PTO 29 (ESI Protocol). Nothing in this stipulation obligates SPI or the Strides Affiliates to violate any foreign law requirements with regard to discovery, but SPI and the Strides Affiliates shall cooperate in good faith with Plaintiffs to fulfill discovery obligations under U.S. law in a manner that avoids or minimizes any such conflict, including the use of PTO 26 (Confidentiality).

2. The Strides Affiliates acknowledge their ongoing preservation obligations in this MDL and agree to abide by the terms of PTO 28.

3. SPI stipulates that all requests for deposition directed by Plaintiffs' Co-Lead Counsel to its current and former employees shall be deemed to encompass and include current and former employees of the Strides Affiliates located outside of the United States, and shall not object to such notices of deposition for these witnesses on the bases that they are or were employed by the Strides Affiliates outside of the United States. SPI reserves the right to object to such notices of deposition on all grounds other than the location of the Strides Affiliate witnesses including, but not limited to undue burden, relevance, or lack of proportionality. For any deposition of a Strides Affiliate witness located outside the United States, the parties agree to meet and confer to select a deposition location most convenient to the witness, taking into consideration any rules or regulations that govern the permissible locations for a deposition in the jurisdiction in which the witness resides. The Strides Affiliates will in good faith seek agreement of any former employee whose deposition is requested to be bound by this paragraph. This paragraph shall not

apply to any former employee who declines such agreement despite the Strides Affiliates' good faith efforts, and SPI and the Strides Affiliates agree not to furnish legal representation to such person in connection with such deposition unless legally obligated to do so.  To the extent that SPI or the Strides Affiliates undertake representation of a former or current employee for purposes of this litigation, SPI and the Strides Affiliates agree that any deposition that takes place will be governed by the forthcoming Deposition Protocol to be entered in this MDL.

4. The parties further agree to meet and confer in good faith to establish reasonable limitations on the number of document custodians and depositions for the Strides Affiliate witnesses located outside the United States.  To the extent agreement cannot be reached between counsel on such limits, such dispute will be decided by the MDL Court.

5. SPI stipulates that it will not object to deposition testimony of the Strides Affiliate witnesses or the Strides Affiliate documents, including ESI, produced on behalf of the Strides Affiliates, being considered an admission of a party opponent pursuant to FRE 801(d)(2), provided such testimony and documents would otherwise be considered an admission of a party if the Strides Affiliates were still a party in this action.

6. SPI stipulates that the Strides Affiliates are affiliated companies; that SPI is the proper party in interest for purposes of all claims asserted against the Strides Affiliates in this litigation; and that SPI shall not argue that the Strides Affiliates are at fault instead of SPI.

7. The Strides Affiliates agrees that in the event that Plaintiffs' Co-Lead Counsel join or add the Strides Affiliates to the MDL litigation pursuant to paragraph 9 below, such addition or joinder shall relate back, for statute of limitations purposes, as though the Strides Affiliates had not been dismissed from the Master PI Complaint and the Class Complaints.

8. SPI and the Strides Affiliates represent that SPI has the financial ability to satisfy any future judgment in this matter. SPI shall furnish documents or information sufficient to show that it is adequately capitalized to satisfy any such judgment. In the event that SPI cannot furnish such proof, the provisions of paragraph 9 below shall apply. For avoidance of doubt, paragraph 9 below shall be the exclusive remedy in case of a breach of this paragraph, and nothing in this stipulation shall create any duty or obligation on the part of the Strides Affiliates to fund or satisfy any judgments against SPI.

9. SPI and the Strides Affiliates agree that Plaintiffs' Co-Lead Counsel retain the right to join or add the Strides Affiliates to the litigation in the future in the event Plaintiffs' Co-Lead Counsel believe reasonably and in good faith that the Strides Affiliates or SPI have not complied with the terms of this Stipulation. In such event, service on the Strides Affiliates must be made in accordance with the Federal Rules of Civil Procedure, and the Strides Affiliates specifically reserve the right to raise personal jurisdiction and/or venue defenses.

10. In consideration of the Strides Affiliates' agreement to the terms of paragraphs 1-9 above, Plaintiffs' Co-Lead Counsel stipulate and agree to the following:

    a. This stipulation is the product of arm's length negotiations between Plaintiffs' Co-Lead Counsel and counsel for SPI and the Strides Affiliates.

    b. The Strides Affiliates shall promptly be dismissed from the Master PI Complaint and the Class Complaints without prejudice to their later addition or joinder pursuant to paragraph 9 above. All dismissals of the Strides Affiliates pursuant to this Stipulation shall be effected by an unopposed or joint motion to drop the Strides Affiliates as parties under Federal Rule of Civil Procedure 21, rather than Federal Rule of Civil Procedure 41, so as to preserve the finality for appellate purposes of any judgments later entered as to any remaining parties.

c. This stipulation applies to all cases transferred to and/or directly filed in this MDL, including currently pending cases and future cases that are directly filed in and/or transferred to this MDL. Plaintiffs' Co-Lead Counsel shall use their best efforts to ensure that all Plaintiffs' counsel in the MDL shall voluntarily dismiss the Strides Affiliates, Strides Arcolab International Ltd.,[1] and any other affiliates of SPI without prejudice from all actions currently pending in MDL 2924. Plaintiffs' Co-Lead Counsel shall use their best efforts to ensure that the dismissals occur within 30 days of the date of this stipulation.

d. In the event a Plaintiff in an action pending in MDL 2924 does not stipulate to entry of an Order dismissing the Strides Affiliates without prejudice, the Strides Affiliates may seek relief from the Court. In seeking relief from the Court, the Strides Affiliates may submit this stipulation in support of its motion for relief.

e. All Plaintiffs' counsel appointed to a leadership role in the MDL agree they shall not name the Strides Affiliates as a defendant in any future action directly filed in and/or transferred to MDL 2924. If any other MDL Plaintiffs' counsel desires an exemption from the terms of this stipulation, said counsel shall file a motion requesting such exemption and seek a ruling from this Court that the Strides Affiliates may be added to the complaint. Such motion shall be made prior to the Strides Affiliates being named in the complaint, and must establish good cause for an exemption from the terms of this stipulation.

f. In the event any Plaintiff obtains an exemption to name the Strides Affiliates in a complaint, that Plaintiff may not avail himself or herself of the terms of this stipulation, and

---

[1] While Strides Arcolab International Ltd. was not named as a party to the Master PI Complaint or the Class Complaints, Strides Arcolab International Ltd. was named as a defendant in the Short Form Complaint in *Fugate v. Boehringer Ingelheim Pharmaceuticals,* Case No. 20-cv-80957 (S.D. Fla. June 17, 2020).

5

service of the Strides Affiliates must be made in accordance with the Federal Rules of Civil Procedure and the Hague Convention. In addition, discovery taken of the Strides Affiliates pursuant to this stipulation shall not be provided to or be usable by such Plaintiff unless the Strides Affiliates consents to such use.

      g.     Upon request by counsel for SPI or the Strides Affiliates, Co-Lead Counsel for Plaintiffs agree to use their good faith efforts to coordinate with and encourage the entry of this stipulation in any state court litigation, if possible. Nothing in this stipulation shall act as a waiver of the Strides Affiliates' jurisdictional or other defenses. In addition, discovery taken of the Strides Affiliates pursuant to this stipulation shall not be provided to or be usable by such Plaintiff unless the Strides Affiliates consents to such use.

      h.     This stipulation has been agreed to in the interests of resolving disputes in this MDL proceeding only, and does not constitute any admission on the party of SPI or the Strides Affiliates as to jurisdiction over the Strides Affiliates or its amenability to discovery in U.S. Courts.

**IT IS SO STIPULATED,** this 27th day of August 2020.

| | |
|---|---|
| /s/ *Robert C. Gilbert* | */s/Douglas Tween* |
| Robert C. Gilbert | Douglas Tween |
| FBN 561861 | John Eichlin |
| KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT | LINKLATERS LLP |
| 2800 Ponce de Leon Boulevard, Suite 1100 | 1345 Avenue of the Americas |
| Coral Gables, FL 33134 | New York, NY 10105 |
| Tel: (305) 384-7270 | Tel: 212-903-9000 |
| gilbert@kolawyers.com | douglas.tween@linklaters.com |
| | john.eichlin@linklaters.com |
| Tracy A. Finken | *Attorneys for Strides Pharma, Inc., Strides Pharma Science Ltd., and Strides Global Pte Ltd.* |
| ANAPOL WEISS | |
| One Logan Square | |
| 130 North 18th Street, Suite 1600 | |
| Philadelphia, PA 19103 | |
| Tel: (215) 735-1130 | |
| Email: tfinken@anapolweiss.com | |

6

Michael L. McGlamry
POPE McGLAMRY, P.C.
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706
Email: efile@pmkm.com

Adam Pulaski
PULASKI KHERKHER, PLLC
2925 Richmond Avenue, Suite 1725
Houston, TX 77098
Tel: (713) 664-4555
Email: adam@pulaskilawfirm.com

***Plaintiffs' Co-Lead Counsel***

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

/s/ *Robert C. Gilbert*
Robert C. Gilbert