UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)
PRODUCTS LIABILITY
LITIGATION

MDL NO. 2924
20-MD-2924

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

**PRETRIAL ORDER # 42**
Second Census Implementation Order:
Temporary Census Plus Form Extension Due to Vendor Data Issue

In PTO # 38, this Court issued a brief extension due to a data problem that occurred with Cerner, the company retained by most plaintiffs' firms to assist in the processing of their census plus forms (CPFs). At that time, Cerner represented to this Court that the data issue had been corrected and that a two-week extension would be sufficient to correct the resulting errors. Since then, it has become clear that the problems were more widespread and complex, and as a result thousands of would-be Registry participants would not be able to complete their CPFs by August 31, 2020—and thus would be barred from participating in the Registry.

The parties and this Court have repeatedly indicated that the Registry presents a unique and beneficial tool for both sides in this MDL, superior for most parties to the option of filing litigation—as evidenced by the rate of adoption of PTO # 15 by defendants and the high percentage of potential plaintiffs opting to file in the Registry relative to the small number of filed cases in this MDL.

The Court understands that there are certain would-be claimants who are still unable to access their CPF through the self-service portal in Cerner, but that more broadly Cerner has

continued to experience delays throughout the CPF process from on-boarding and client outreach to technical support and reporting, due to the high volume of claims that remain outstanding. As a result, a number of law firms were advised that they should not utilize Cerner or should attempt to complete their clients' CPFs directly or through a different vendor, and thus some affected claimants are not presently Cerner clients.

The co-lead counsel for plaintiffs and defendants, together with the Special Master, have jointly recommended that this Court enter this Order. The deadline to upload a CPF to LMI is hereby extended to September 30, 2020 for any client who, before August 1, 2020, had retained a law firm that has, on or before August 27, 2020, either already submitted CPFs for some of their clients or executed a Registry Consent form. Put simply, firms that had already indicated a desire to participate in the Registry may participate in this extension, to the extent that the claimant is one who had retained that firm prior to August 1.

PTO # 15 provides for the submission of CPF forms to LMI. The Court understands that, due to the data errors, the Special Master and LMI directed Cerner to halt uploads to LMI to ensure the integrity of the Registry database. Therefore, for any Claimant whose deadline is set by this Order, the date of submission shall be deemed to be the earlier of the date on which Cerner actually uploads to LMI the completed CPF, or the date of this Order. This is intended to allow for maximum flexibility in addressing this problem, allowing counsel to direct upload to LMI, use other vendors, or continue to use Cerner. This paragraph shall only apply to a Claimant whose CPF is uploaded, or provided via excel spreadsheet, to LMI on or before September 30, 2020—if the Claimant does not provide a CPF by that date, he/she does not benefit from this Order.

The Court recognizes that, as a result of these delays, all resources are being focused first on these claims—and thus that the next tranche of CPFs (largely those that retained counsel during

the third quarter of 2020), due on October 30, 2020, are being subordinated to the processing of these would-be claimants. As such, the Court also extends the deadline for any client that retained counsel during the third quarter of 2020 to November 30, 2020, in order to avoid further delays or extensions due to this reallocation of resources.

This Order does not shorten the period of time to complete a CPF for any claimant; if the operation of the otherwise existing PTOs would provide a longer period, that timeline shall govern, as this Order is solely intended to extend certain deadlines.

Counsel are reminded that it is ultimately their obligation to ensure timely completion of their clients' CPFs, and thus to strongly consider how they will ensure that these deadlines are satisfied without reliance upon Cerner if the data/intake and capacity issues are not resolved within days, such that they have claimants who still do not have a completed CPF by August 31. The Special Master is authorized to extend any deadline related to the CPFs for Registry Claimants and/or the Registry in her sole discretion, for good cause shown. However, in light of this Order's extension of time, the Court reminds counsel that this will be a very difficult standard to satisfy.

No further extensions shall be provided (including by the Special Master) on the basis of the Cerner data issue or any other problems with Cerner for the claimants whose forms are now due on September 30.

**DONE** and **ORDERED** in Chambers, West Palm Beach, Florida, this 29th day of August, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE