UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)            MDL NO 2924
PRODUCTS LIABILITY                 20-MD-2924
LITIGATION

JUDGE ROBIN L ROSENBERG
MAGISTRATE JUDGE BRUCE REINHART

_____/

**THIS DOCUMENT RELATES TO:**
**ALL CASES**

### PRETRIAL ORDER # 44
Order Authorizing Use of BrownGreer MDL
Centrality Platform for Service of Short Form Complaints

**I.   SCOPE OF THE ORDER**

This Order applies only to personal injury claims brought by Plaintiffs in MDL 2924 (whether they are directly filed in or transferred to the MDL) based on usage or purchase of Zantac or ranitidine in the United States. Pursuant to Amended Pretrial Order # 31, all Plaintiffs bringing actions for personal injuries are required to file a Short Form Complaint. In Pretrial Order #'s 13 and 43, the Court approved streamlined service of process of Short Form Complaints via email on Brand and Non-Brand U.S. Defendants named in the Master Personal Injury Complaint [docket entry 887]. At the request of Plaintiffs' Co-Lead Counsel, the Court enters this Order in an effort to simplify and facilitate the process for generating and serving Short Form Complaints by Plaintiffs' counsel and *pro se* Plaintiffs.

**II.  SERVICE OF SHORT FORM COMPLAINTS THROUGH USE OF BROWNGREER'S MDL CENTRAILY PLATFORM**

A.   All Plaintiffs' counsel wishing to utilize the streamlined service of process procedures set forth in Pretrial Order #'s 13 and 43 to serve Short Form Complaints on Brand and

non-Brand U.S. Defendants named in the Master Personal Injury Complaint [docket entry 887] may use the MDL Centrality System designated and provided by BrownGreer PLC and accessible at www.mdlcentrality.com/zantac to generate and serve Short Form Complaints as follows:

1. Plaintiffs' Co-Lead Counsel, on behalf of the Plaintiffs' Steering Committee, has retained BrownGreer PLC for the benefit of all represented Plaintiffs and *pro se* Plaintiffs in this MDL, and will advance all costs associated with the use of MDL Centrality, subject to reimbursement as a common benefit expense at the conclusion of this litigation.  Thus, no Plaintiff or Plaintiff's counsel shall be required to pay any additional costs associated for using MDL Centrality to generate or serve a Short Form Complaint in MDL 2924;

2. Each Plaintiff who has filed or wishes to file a Complaint or Short Form Complaint in, or has an action transferred to, this MDL may, through counsel or *pro se*, establish a secure online portal in the MDL Centrality online system and obtain authorized user names and secure login passwords to permit use of MDL Centrality by each counsel or *pro se* Plaintiff.  These credentials may be obtained by emailing zantac@browngreer.com.  Except as set forth herein, counsel for a Plaintiff or each *pro se* Plaintiff shall be permitted to view, search, and download on MDL Centrality only those materials submitted by that Plaintiff and by Defendants relating to that Plaintiff, and not materials submitted by or relating to other Plaintiffs;

3. Plaintiffs' Co-Lead Counsel and its designees shall have access to and be able to view, search, and download all materials served by Plaintiffs.  Data entered on MDL Centrality relating to MDL 2924 shall not be available to Defendants;

4. MDL Centrality System may be used to complete, generate, and serve Short Form Complaints and related documents.  In accord with Pretrial Order #'s 13 and 43 and this Order, Short Form Complaints shall be served upon Brand and Non-Brand U.S. Defendants at their designated email addresses, which may occur through an email automatically generated by MDL Centrality;

5. Service of a Short Form Complaint through MDL Centrality shall be deemed to occur on both Brand and non-Brand Defendants when the submitting party has performed each of the steps required by the MDL Centrality System to execute the online submission of the materials, and the submitting party has received the confirmation on screen that the materials have been successfully submitted. Plaintiffs may use an MDL Centrality report demonstrating proof of service. Service of a Short Form Complaint in this manner shall be deemed effective service under Fed. R. Civ. P. 4;

6. Service of a Short Form Complaint through MDL Centrality may not be possible for every Defendant listed by a Plaintiff on a Short Form Complaint.  In that case, a Plaintiff must serve any Defendant who cannot be served via MDL Centrality by service of process authorized under Fed. R. Civ. P. 4; and

7. If a party amends a previously served Short Form Complaint, all subsequent versions must be named accordingly (*i.e.*, "First Amended Short Form Complaint, etc.), and all iterations of a party's Short Form Complaints must remain accessible to all parties to a case through trial, appeal (if any), or other resolution of the litigation.

B. *No impact on privileges or work product protection.* The use of MDL Centrality by Plaintiffs and/or their counsel shall not alter or otherwise waive or affect any attorney-client privilege or work product doctrine protection otherwise available that would otherwise apply to a document in the absence of the use of MDL Centrality. Any notations placed on materials, comments entered, or documents stored or uploaded to MDL Centrality by a user shall be considered to be the work product of such user unless and until the material is served on or purposefully disclosed to the opposing party through the use of MDL Centrality or otherwise. Pursuant to Federal Rules of Evidence 502(d), this Order with respect to privilege and work product doctrine protection applies to any other federal or state proceeding, and the use of MDL Centrality in MDL 2924 shall not constitute a waiver in another federal or state proceeding as to any document.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 25th day of September, 2020.

**ROBIN L. ROSENBERG**
**UNITED STATES DISTRICT JUDGE**