UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)        MDL NO. 2924
PRODUCTS LIABILITY        20-MD-2924
LITIGATION

       JUDGE ROBIN L. ROSENBERG
       MAGISTRATE JUDGE BRUCE E.
       REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

**PRETRIAL ORDER # 47**
**Document Discovery Schedule for Brand Manufacturers**

In PTO # 30, this Court set forth a schedule for motions to dismiss, discovery, motions in limine, motions for summary judgment, class certification, and bellwether trial selection. Over three months have passed since PTO # 30 and the initiation of formal discovery, and while some discovery has been exchanged, Plaintiffs recently suggested that the Court impose a formal schedule for the Brand Defendants to respond to Plaintiffs' pending discovery requests. The basis for Plaintiffs' request stems in large part from the fact that the parties previously agreed to an eighteen-month discovery period—a linchpin in the schedule imposed in PTO # 30. Additionally, the parties have agreed that on January 8, 2021, the Plaintiffs shall disclose the specific types of cancer for which they will provide expert reports for general causation Daubert hearings.

The Court's intervention at this stage is necessary to ensure that the eighteen-month discovery schedule is maintained. The Court sought input from the parties on realistic timelines for discovery. The Court's request was so that the Court could have greater clarity on the parties' vision for completing discovery within the deadlines set forth in PTO # 30. To that

end, the parties submitted detailed spreadsheets containing various proposed timelines for discovery, which the Court has reviewed in great depth.[1]  The Court also held a status conference on September 21, 2020, to permit the parties to explain their respective positions on what a realistic schedule for discovery should look like.

Following the status conference, the Court permitted the parties to engage in discussions to see if an agreement could be reached on a specific schedule for document production.  Two weeks have passed.  Because the parties have been unable to reach an agreement, the Court enters this Order to set concrete deadlines for document production of both custodial and non-custodial documents.  This Order is the Court's best attempt—outside of an agreement between the parties—to balance the Plaintiffs' need for the expeditious production of certain documents with the Defendants' need to have sufficient time to substantially comply with Plaintiffs' requests.

The Court's deadlines vary from the parties' submissions in certain respects.  The Court's schedule contains dates for substantial completion of document production, rather than dates for final completion.  PTO # 30 sets the deadline for final completion of fact discovery, and by setting dates for substantial completion of document production the Court intends to allow ample time for Court intervention.  The Court intentionally has not sought to define "substantial completion" because the Defendants are not similarly situated, and thus the discovery production process may vary based upon the Defendants' differences.  The Court's expectation is that the parties will work together to agree on what constitutes "substantial completion" including, but not limited to, a focus on the prioritization of specific documents in

---

[1] The parties' proposed schedules are attached to this Order as Attachments One through Six.

the production process. Finally, the Court's schedule contains separate deadlines for each Defendant rather than one uniform schedule.

The Court's schedule does not specify dates for individual *categories* of documents to be produced—a core request of Plaintiffs—because the entry of such a detailed discovery order given the fluid process of discovery, especially in the absence of agreement by the parties, could be premature. Nonetheless, the Court recognizes and acknowledges that there are certain types of discovery that Plaintiffs strongly have represented that they need as soon as possible so that Plaintiffs can meet their January 8th cancer disclosure deadline. The Court's schedule thus orders substantial completion of non-custodial files—across Defendants—before the January 8th deadline, and reaffirms the need for each Defendant to make substantial rolling productions as quickly as possible. As Plaintiffs review those files, they can identify custodians, request custodial files, and begin focusing on Defendants' custodial productions. Consistent with Plaintiffs' vision stated during the status conference, this structure allows discovery to progress in a linear fashion, from steppingstone to steppingstone, and in accordance with the deadlines set forth in PTO # 30.

The Court believes that Plaintiffs should seek to obtain the most critical documents as quickly as Defendants are reasonably able to provide the documents. The discovery process outlined in PTO # 32 expressly provides the mechanism by which both parties can seek the Court's intervention should they be unable to accomplish their discovery goals through the meet and conferral process. Recognizing that there are times when the Court must intervene in the discovery process, the Court previously ordered Magistrate Judge Reinhart to set aside time for a hearing on issues that were raised at the status conference. DE 1914. After the Court's order, however, the parties submitted a letter wherein they stated that they were not prepared to utilize

the hearing time set aside by the Court and, as a result, no hearing was held. The Court will set further hearings as necessary to facilitate the overall discovery process for all parties.

As to the Defendants' proposed schedules, the Court has modified several of their proposed deadlines. To the extent the deadlines in this Order are later than the date on which Defendants can provide the documents, the Court's Order is not intended to cause delay—Defendants should provide all documents as soon as practically possible. To the extent the deadlines in this Order are earlier than the dates proposed by Defendants, such modifications are relatively minor and intended to support compliance with the deadlines set forth in PTO # 30. Nothing in this Order precludes the parties from utilizing the process set forth in PTO # 32 to address any issues that warrant the Court's intervention.

With respect to custodial production, the Plaintiffs' schedule proposed that the Plaintiffs provide a list of custodians and also reach agreement on search terms by October 1, 2020, and that the parties would use the PTO # 32 dispute resolution process if agreement was not reached. The Plaintiffs further proposed that Defendants begin a rolling production 45 days later to be completed by December 31, 2020. As the October 1st date has now passed, the Court instead orders that Plaintiffs shall provide the list of custodians and proposed search terms (if not yet provided to Defendants) by October 6, 2020, and that the parties continue to meet and confer daily on the search terms and the number/identity of custodians until October 8, 2020. If they cannot reach agreement by October 8, 2020, they shall submit their dispute to the Court pursuant to PTO # 32 by no later than 3:00 pm on October 9, 2020.

It is the Court's intent that this first tranche of custodians will focus upon those individuals whom the Plaintiffs believe will be most helpful to advancing their investigation, and with the expectation that this will be the first—not the only—tranche. The Court therefore

4

encourages the parties to consider what a reasonable number of custodians for this first tranche is, in light of the timelines set forth below, and what custodians should be deferred to any subsequent tranches of custodial production, if any.

After careful consideration, the Court **ORDERS** the parties to comply with the following timelines:

### A. BOEHRINGER INGELHEIM DISCOVERY TIMELINE

| Event | Initial Production | Substantial Completion |
|---|---|---|
| Non-custodial document production | In progress | December 31, 2020 |
| First tranche of custodial document production | November 24, 2020 | December 31, 2020 |

### B. SANOFI DISCOVERY TIMELINE

| Event | Initial Production | Substantial Completion |
|---|---|---|
| Non-custodial document production | In progress | December 20, 2020 |
| First tranche of custodial document production | November 24, 2020 | December 31, 2020 |

### C. PFIZER TIMELINE

| Event | Initial Production | Substantial Completion |
|---|---|---|
| Non-custodial document production | In progress | October 30, 2020 |
| First tranche of custodial document production | November 24, 2020 | December 31, 2020 |

### D.  GSK TIMELINE

| Event | Initial Production | Substantial Completion |
|---|---|---|
| Non-custodial document production | In progress | December 31, 2020 |
| First tranche of custodial document production | November 24, 2020 | March 15, 2021[2] |

Finally, the Court **REFERS** to Judge Reinhart the authority to set deadlines for specific categories of document production and subsequent tranches of custodial productions if requested, pursuant to PTO # 32.

**DONE** and **ORDERED** in Chambers, West Palm Beach, Florida, this 2nd day of October, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[2] GSK's proposed schedule contained deadlines for specific categories of documents. The Court refers to Judge Reinhart the authority to hold a hearing, if needed, in order to set interim deadlines for those specific categories.