UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

THIS DOCUMENT RELATES TO: ALL CASES

**PRETRIAL ORDER # 48**
Remote Deposition Guidelines

This Order shall govern the conduct of Remote Depositions, as defined herein, of all witnesses in all cases filed in or transferred to this MDL. MDL Counsel conferred to formulate this Remote Deposition protocol to assist in discovery during the COVID-19 global pandemic. The Plaintiffs and Defendants (the "Parties") agree that the preference is to return to traditional in-person depositions where and when appropriate under applicable federal, state, and local orders or guidance, but given that conditions may vary for some time, the following provisions will govern until otherwise agreed between the Plaintiffs' Co-Lead Counsel and Defendants' Co-Lead Counsel or lifted or modified by the Court. The Court and Parties may revisit these procedures, and the Parties shall continue to meet and confer based on developments in the conditions applicable to particular depositions.

Accordingly, pursuant to Federal Rule of Civil Procedure 30(b)(4), this Court hereby issues the following protocol to govern any depositions taken in *In re: Zantac (Ranitidine) Products Liability Litigation* where all, or most, of the primary participants, including the court reporter and videographer, are attending remotely ("Remote Deposition"). For the purpose of this Order, "primary participants" means the deponent, deponent's counsel, counsel for noticing party, lead

MDL counsel (or designee), opposing counsel for noticing party, counsel for party affiliated with deponent (if different than deponent's counsel), the court reporter, the videographer, and translator for the witness (if required). The unique circumstances that have led to this Order are evolving, and the Court may revisit this issue periodically and make any necessary adjustments.

This Order applies solely to the procedures for conducting Remote Depositions. The Court may, at a future time, enter an Order that establishes more general deposition guidelines.[1]

1. Subject to all of the conditions below, depositions for cases filed in *In re: Zantac (Ranitidine) Products Liability Litigation*, Case No. 20-md-2924, may be noticed to take place remotely via video or internet video conference technology. A deposition that is noticed to take place remotely without advance agreement that the witness is able to proceed remotely shall be deemed void and unenforceable *ab initio*, and no motion shall be necessary to quash such a notice. Any disagreements regarding the availability of the witness shall be resolved by the Court.

2. The protocols in this Order shall apply to depositions of fact witnesses. This Order shall not apply to expert depositions.

3. Remote Depositions shall be recorded by stenographic means consistent with the requirements of Federal Rule of Civil Procedure 30(b)(3), but, given the COVID-19 pandemic, the court reporter may not be physically present with the deponent. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent is located at the time of the deposition.

---

[1] In the proposed version of this Order that the parties submitted to the Court for approval, the parties included language referencing a forthcoming Order that would establish general deposition guidelines. To date, the Court has not received the parties' proposal for that Order. The Court encourages the parties to continue to work together to come to an agreement on and submit proposed deposition guidelines as soon as practicable, as the guidelines will be an important procedural tool for managing discovery in this MDL. *See* Manual for Complex Litigation § 11.45 (4th ed. 2004); Bolch Jud. Inst., Duke Law Sch., Guidelines and Best Practices for Large and Mass-Tort MDLs 8-9 (2d ed. 2018).

4. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. The videographer will simultaneously videotape the deposition and preserve the video recording. With the exception of the court reporter and videographer, the deposition may not otherwise be recorded electronically.

5. The court reporter may be given a copy of the video recording of the deposition and may review such video recording to improve the accuracy of any written transcript.

6. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference.

7. The Party that noticed the deposition shall provide the court reporter with a copy of this Order at least 24 hours in advance of the deposition.

8. At the beginning of each deposition, consistent with Federal Rule of Civil Procedure 30(b)(5)(A), the videographer shall begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; (v) the examining attorney for the deposition; and (vi) a statement on the record that all persons attending the deposition will be identified in the final stenographic transcript.

9. At the beginning of each segment of the deposition, consistent with Federal Rule of Civil Procedure 30(b)(5)(B), the videographer shall begin that segment of the Remote Deposition by reciting: (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

10. All deposition notices must identify the company that will host and record the Remote Deposition (the "Remote Deposition Vendor") and contain a general description of how those attending may access the remote connection being utilized (*e.g.*, GoToMeeting, Zoom, WebEx). The party noticing the deposition shall make best efforts to provide the witness and all other Attendees with detailed instructions regarding how to participate in the Remote Deposition at least seven calendar days before the deposition. The Parties agree that the party noticing the Remote Deposition may select the service and platform for the remote deposition.

11. To host a Remote Deposition, a Remote Deposition Vendor must have implemented adequate security measures to ensure the confidentiality of the Remote Deposition (*e.g.*, video and audio feeds, exhibits). These security measures include using tools such as a "virtual waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition and disabling the "record" feature in the Remote Deposition Technology for the witness and attending attorneys. In addition, to prevent confidential documents from being downloaded by witnesses, electronic exhibits may only be shared with the witness through the Remote Deposition Technology via a hyperlink to file sharing software (to be agreed upon in advance) with the download function disabled.

12. No later than 48 hours in advance of a deposition, the Parties shall provide names of all planned Participants and Attendees to the vendor retained to facilitate the deposition. Attendees other than Participants shall place their microphones on "mute" during the deposition except when needed to assert an objection. Attendees appearing remotely other than Participants shall also turn off their camera, such that they are not visible on screen to other Participants. Any individual that is physically present with the deponent during the deposition shall turn on their camera, such that they are always visible on screen to the other Participants. To the extent a

party's designated Attendee is unable to attend the deposition for any reason within the final 24-hour period, that party may designate a new Attendee. Upon notice to all parties, that new Attendee may use the credentials and/or password provided to the original Attendee.

13. The noticing party and/or its vendor must ensure that only registered Participants and Attendees are sent a link to join the deposition; no link should be posted on a website or otherwise made publicly available. The vendor facilitating the deposition shall allow only authorized Attendees to access the deposition by using features such as a "waiting room." The vendor shall maintain a list of all Participants and Attendees.

14. The vendor shall provide a real-time transcript during the deposition that shall be available to all Participants and Named Attendees, upon request, via a feed that can be accessed through the same device on which the video feed is being viewed or via a second device.

15. The deponent must have sufficient internet connectivity and bandwidth to support a video deposition. Such capacity shall be sufficient to ensure that, when used with the deposition platform, there will be (a) high-quality video upload (from the deponent) and download (to other Participants), (b) no material time discrepancy between audio and video, and (c) consistent connectivity, with no material disruptions. The available internet connection must be a Broadband connection (cable or satellite) of at least 10Mbps or better.

16. At least 24 hours before the Remote Deposition is scheduled to start, defending counsel, the witness, and the Remote Deposition Vendor shall conduct tests of the system and equipment that will be used to conduct the Remote Deposition (the "Remote Deposition Technology"). If a witness noticed for a Remote Deposition does not have a webcam-equipped tablet, desktop, or laptop computer that can be used during the deposition, counsel who noticed the deposition shall provide the deponent with agreed-upon equipment containing the audio,

webcam, and Wi-Fi connectivity needed to participate in the deposition. The witness must receive such equipment no later than 48 hours before the deposition.

17. All Remote Depositions shall be conducted during normal business hours within the witness's local time zone. Parties are expected to grant reasonable accommodations on scheduling and timing of depositions. The deposition shall be subject to any aggregate time limitations set forth in any future Order providing deposition guidelines.

18. At the time of the deposition, the witness, all attorneys, and all support staff shall advise the court reporter of his or her physical location.

19. The witness should endeavor to participate in the deposition from a quiet, well-lit, indoor location, while seated in front of a neutral background, and facing the camera being used to record the witness.

20. Other than the application required to conduct the deposition, the witness shall not have any other applications open or running on the electronic device being used for the deposition. To confirm that no prohibited applications are open or running on the witness's electronic device, the Remote Deposition Vendor shall permit the witness to share the screen of the witness's electronic device.

21. Only the witness's counsel and in-house counsel for the Party affiliated with the witness is/are permitted to be in the same location as the witness during a Remote Deposition, at the sole discretion of the witness.

22. If any counsel for the witness attends the deposition in person, all in attendance shall also log into the Remote Deposition Videoconference so that all Participants can see and hear the counsel for the witness or otherwise maintain a camera view showing both the witness and counsel (or any other persons assisting in the deposition, such as a paralegal or legal assistant).

Both counsel and the witness shall also comply with any government law, regulation, or guidance regarding public health and safety during the COVID-19 pandemic.

23. To avoid any potential disruptions of a Remote Deposition, those attending shall enable "do not disturb" settings for applications not in use, including but not limited to Skype, instant messaging, and/or e-mail notifications. The Court recognizes that the microphones for certain Attendees (such as the witness, the court reporter, the attorney taking the deposition, and the attorney defending the deposition) must remain on when the deposition is on the record. Other Attendees should mute microphones when not speaking. The participating attorneys must be visible to all other Participants during the deposition.

24. A videographer employed by the Remote Deposition Vendor will record the witness's deposition testimony by the best technological means available, including remote video capture/recording. The video recording of the deposition may only be suspended during the deposition upon stipulation by counsel conducting and defending the deposition. With the exception of the videographer and the court reporter, the deposition may not otherwise be recorded electronically without the consent of the Parties. The fact that a deposition was noticed to take place remotely and was recorded remotely shall not, by itself, be a sufficient basis for preventing the Remote Deposition from being admitted at trial with the same effect as a deposition video that was recorded in-person.

25. At least seven days in advance of any Remote Deposition, counsel for the witness shall inform counsel taking the deposition whether he or she will be attending in person or attending remotely and inform counsel taking the deposition of all who plan to attend the deposition in person.

26. For any deposition exhibit that exceeds 100 pages, counsel taking the deposition shall provide a hard copy for (i) the witness, and (ii) the witness's attorney (only if that attorney is attending in person). If a witness has individual circumstances relating to the use of electronic or hard copies of exhibits, the Parties shall confer on a reasonable accommodation for the witness. If the witness's attorney is attending remotely, that attorney will be provided with electronic copies of the exhibits which are identical to the hard copy and electronic exhibits provided to the witness. All exhibits less than 100 pages shall be provided to the witness and counsel electronically, as described herein. If defending counsel will be attending remotely, hard copies of exhibits will be shipped in boxes to the witness's location so as to arrive at least one (1) day prior to the deposition. If defending counsel will be attending in person, both sets of hard copy exhibits will be shipped to a location identified by the defending attorney so as to arrive at least one (1) day prior to the deposition. Within the box each exhibit may be sealed in its own envelope. Neither the box nor an envelope may be opened by the witness or attorney until instructed to by the examining attorney and both the box and envelopes will be opened on camera. This provision shall not preclude the examining attorney from utilizing electronic versions of unanticipated exhibits where reasonably necessary. Following the deposition, it shall be the defending attorney's responsibility to ensure that any hard copy documents sent to the witness are destroyed in accordance with the Confidentiality Order (Pretrial Order # 26).

27. A witness may be required to use a keyboard, mouse, or other similar means to open and/or advance the pages of an exhibit. The fact that a witness was provided with an electronic copy of an exhibit will be an insufficient basis to object to the admissibility of that exhibit at trial. During the deposition, the Remote Deposition Technology must allow counsel to

display and annotate exhibits for the witness, add and remove exhibits, and change the order in which the exhibits are presented to the witness.

28. If an unusual circumstance arises where counsel conducting the witness examination could not have anticipated using an exhibit and therefore could not provide a hard copy of the exhibit in advance of the deposition, that counsel may present the exhibit electronically using a shared screen. An exhibit provided only electronically in this manner must be made available to the deponent to review in its entirety, the witness must be afforded the independent ability to review the exhibit in its entirety, and the witness must be afforded the independent ability to control manipulation of the document (scrolling, etc.) to facilitate that review. Full electronic copies of the exhibit must be transmitted to all Participants, and received by them, before questioning begins on the exhibit. The attorney using the exhibit will be responsible for providing the marked original to the court reporter.

29. Following completion of the deposition, the deponent will secure the exhibits that were used in the deposition in an envelope or box immediately following the deposition and will not alter any exhibit (mark up, remove pages, etc.) after the conclusion of the deposition. Participants shall store the exhibits in a secure location that protects confidentiality. Counsel for the deponent—or, in the case of an unrepresented deponent, noticing counsel—shall arrange for the delivery of the official set of exhibits from the deponent to the court reporter. To preserve confidentiality, unused exhibits in the possession of the deponent shall be returned or destroyed as the noticing party directs.

30. If privileged information is disclosed during the deposition due to a technical disruption, or to the extent any privileged conversation between a deponent and the deponent's

counsel is captured by a video conferencing or other recording device, such disclosure shall not be deemed a waiver of privilege.

31.     During the deposition examination, no person attending the deposition shall be permitted to communicate with the witness by any means not recorded in the same manner as the deposition itself (*e.g.*, no notes, text, or email exchanges with the witness).  In the event counsel intends to initiate a private communication with any deponent for the purpose of determining whether a privilege should be asserted, counsel shall state his or her intention on the record before initiating such communication.  However, during deposition breaks, the witness's counsel may communicate with the witness, including telephonically, by other electronic means, or directly if he or she is present with the witness, consistent with Federal Rule of Civil Procedure 30(c)(l).

32.     Provided the court reporter provides a breakout room option, during breaks in the deposition, the Parties may use the breakout room feature provided by the videoconferencing platform, which simulates a live breakout room through videoconference.  Conversations in the breakout rooms shall not be recorded.  The breakout rooms shall be established by the court reporter prior to the deposition and controlled by the court reporter.  If an Attendee has entered or has been inadvertently placed in the breakout room of another party or Participant Attendee, the misplaced attendee shall identify himself or herself and leave the breakout room.  The presence of the misplaced attendee shall not result in the waiver of attorney-client privilege.

33.     Technical difficulties, including but not limited to pauses, lags, and/or interruptions in Internet connection, shall be addressed as they would be in any in-person deposition.  The parties shall go off the record and attempt to resolve the issue.  Technical difficulties shall not result in waiver of objections by any party.  If any pauses, lags, and/or disruptions are persistent or prolonged, the Parties should consider rescheduling the Remote Deposition for a later date.

34.     Any Remote Depositions conducted in accordance with these protocols may be admitted at trial with the same effect and pursuant to the same evidentiary rules as one recorded in-person.  The "Confidentiality" or "Highly Confidential" designation of all or portions of Remote Depositions will be governed by the provisions of the MDL Protective Order and, in addition, may be addressed in a future Order.

35.     In the event that a party proceeds with a Remote Deposition of a witness pursuant to the terms of this Order, then that party shall not be allowed to re-depose the witness for a second time absent a showing of good cause and obtaining leave of Court or agreement of the Parties.

36.     The Parties acknowledge that Remote Depositions may take longer to complete than an in-person deposition due to logistical challenges beyond anyone's control and because it may take time for everyone to adjust to the technology.  While the Parties will endeavor in good faith to comply with the time limits set forth in any applicable deposition protocol, there may be circumstances under which depositions may need to exceed time limits on deposition days.  The Parties will be respectful and collaborative under these circumstances and will make good faith efforts to make reasonable accommodations to allow all Parties adequate additional time to conduct a fair examination.  This section refers only to the concluding time of a deposition and not to the presumptive length of record time.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 5th day of October, 2020.

*[signature]*
**ROBIN L. ROSENBERG**
**UNITED STATES DISTRICT JUDGE**