UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                         MDL NO 2924
PRODUCTS LIABILITY                               20-MD-2924
LITIGATION

JUDGE ROBIN L ROSENBERG
MAGISTRATE JUDGE BRUCE REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

### ORDER GRANTING UNOPPOSED MOTION OF UNSERVED FOREIGN DEFENDANTS FOR EXTENSION OF TIME TO FILE MOTIONS CONTESTING PERSONAL JURISDICTION

THIS MATTER comes before the Court on the Unopposed Motion by Specially Appearing Foreign Defendants Teva Pharmaceuticals Industries Ltd., Granules India, Ltd., Emcure Pharmaceuticals Ltd., Mylan Laboratories Ltd., and Sun Pharmaceutical Industries Ltd. (collectively "the Specially Appearing Defendants") for an extension of time to file Motions to Dismiss contesting personal jurisdiction until after they are served with process in this action. DE 2031.

On September 11, 2020, this Court denied a Motion for Alternative Service filed by Plaintiffs and requested that Plaintiffs first attempt service on any remaining unserved Foreign Defendants via The Hague Service Convention, stating "Here, the deadline driving Plaintiffs' request (the October 8, 2020 deadline to file motions contesting personal jurisdiction) is within the discretion of the Court—if necessary and upon proper motion, the court would consider extending that deadline for a later-served Defendant." DE 1740. Specially Appearing Defendants assert they have not yet been served with process but may intend to file motions contesting personal jurisdiction

if and when they are later served, and request the extension referenced in the Court's September 11, 2020 Order.

The Court having reviewed the Motion, and noting that Plaintiffs do not oppose the relief requested herein, it is hereby **ORDERED and ADJUDGED** that the Motion [DE 2031] is **GRANTED**. It is further ordered that:

1. Upon notification of valid service after the date of entry of this Order by any Specially Appearing Defendant via The Hague Service Convention, counsel for such Specially Appearing Defendant will promptly notify Robert C. Gilbert, Plaintiffs' Co-Lead Counsel, via email of service on that Specially Appearing Defendant.

2. Upon notification and good-faith belief that valid service has been completed on any Specially Appearing Defendant via The Hague Service Convention after the date of entry of this Order, Plaintiffs' Co-Lead Counsel will notify counsel for such Specially Appearing Defendant via email that service appears to have been completed on that Specially Appearing Defendant.

3. Following notification by either party of service having been completed on a Specially Appearing Defendant, Plaintiffs' Co-Lead Counsel shall file with the Court a Notice indicating that the Specially Appearing Defendant has been served on a particular date and, therefore, that Specially Appearing Defendant's Motion to Dismiss for lack of personal jurisdiction shall be filed within 21 days of the filing of the Notice with the Court, and shall specify that deadline by date in the Notice to be filed.

4. In addition to filing the aforementioned Notice of service on the docket, Plaintiffs' Co-Lead Counsel will email a copy of that Notice to the Zantac email address

(zantac_mdl@flsd.uscourts.gov) to alert the Court to the deadline for such Motion to be filed by that Specially Appearing Defendant.

5. Any Specially Appearing Defendant who is served after the date of entry of this Order shall have 21 days from the date of filing of a Notice of service upon it in which to file a joinder or adoption of some or all of the legal argument(s) contained in the Motion to Dismiss for lack of personal jurisdiction anticipated to be filed on October 8, 2020 by one or more defendants in this MDL, and may include up to 7 pages of supplemental briefing specific to that Specially Appearing Defendant, consistent with Pretrial Order # 36 [DE 1346] outlining page limits for Motions to Dismiss.[1]

6. Nothing in this Order or the filing of or lack of opposition to the Motion for Extension of Time shall waive or prejudice Plaintiffs' right or ability to file a Renewed Motion for Alternative Service if circumstances warrant, or Specially Appearing Defendants' right or ability to either oppose such a motion, if filed, or to later assert defenses including lack of personal jurisdiction or failure of service of process.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 8th day of October, 2020.

**ROBIN L. ROSENBERG**
**UNITED STATES DISTRICT JUDGE**

---

[1] If no Motion to Dismiss for lack of personal jurisdiction is filed on October 8, 2020, a Specially Appearing Defendant shall file its own Motion to Dismiss for lack of personal jurisdiction within 21 days from the date of filing of a Notice of service upon it.