**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE: ZANTAC (RANITIDINE)       MDL NO. 2924
PRODUCTS LIABILITY          20-MD-2924
LITIGATION

             **JUDGE ROBIN L. ROSENBERG**
         **MAGISTRATE JUDGE BRUCE E. REINHART**

_____/

**THIS DOCUMENT RELATES TO ALL CASES**

_____

**SPECIALLY-APPEARING NON-U.S. GENERIC MANUFACTURER
DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

_____

# TABLE OF CONTENTS

Page

I.    FACTUAL AND PROCEDURAL BACKGROUND..........................................................1

      A.    Procedural Status ...............................................................................................1

      B.    The Foreign Defendants......................................................................................2

II.   LEGAL STANDARD..................................................................................................4

III.  ARGUMENT ...............................................................................................................6

      A.    The Foreign Defendants Are Not Subject to General Personal Jurisdiction in the
            United States. ......................................................................................................6

            1.    The Foreign Defendants are not "at home" in the United States.................6

            2.    Neither an agency nor subsidiary relationship with a U.S. entity allows this
                  Court to exercise general jurisdiction ........................................................7

      B.    The Foreign Defendants are not Subject to Specific Personal Jurisdiction in the
            United States ......................................................................................................9

      C.    The Exercise of Personal Jurisdiction Would Violate Traditional Notions Of Fair
            Play And Substantial Justice and Would Be Inconsistent With The Constitutional
            Requirements of Due Process ...............................................................................13

IV.   CONCLUSION..............................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Accurate Ins. Grp., Corp. v. Accurate Ins. Servs. Inc.*,
  2015 WL 11233072 (S.D. Fla. Mar. 2, 2015) .......................................................................12

*Aronson v. Celebrity Cruises, Inc.*,
  30 F. Supp. 3d 1379 (S.D. Fla. 2014) ...............................................................................7, 8

*Askue v. Aurora Corp. of Am.*,
  2012 WL 843939 (N.D. Ga. Mar. 12, 2012).........................................................................13

*BNSF Ry. Co. v. Tyrrell*,
  137 S. Ct. 1549 (2017)............................................................................................................7

*Bristol-Myers Squibb Co. v. Super. Ct. of California, San Francisco County*,
  137 S. Ct. 1773 (2017)...................................................................................................6, 9, 10

*Bulpit, LLC v. DeCanio*,
  2013 WL 12126313 (S.D. Fla. June 7, 2013) .......................................................................12

*Cannon Manufacturing Co. v. Cudahy Packing Co.*,
  267 U.S. 333 (1925)................................................................................................................8

*Canty v. Fry's Elecs., Inc.*,
  736 F. Supp. 2d 1352 (N.D. Ga. 2010) ................................................................................12

*Castillo v. Allegro Resort Mktg.*,
  603 F. App'x 913 (11th Cir. 2015) (per curiam) .................................................................12

*Consol. Dev. Corp. v. Sherritt, Inc.*,
  216 F.3d 1286 (11th Cir. 2000) ....................................................................................5, 8, 9

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014).......................................................................................................*passim*

*D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*,
  566 F.3d 94 (3d Cir. 2009).....................................................................................................10

*FN Herstal, S.A. v. Clyde Armory, Inc.*,
  2012 WL 12977880 (E.D. Va. May 30, 2012) .....................................................................13

*Garcia v. Wells Fargo Bank Northwest NA Trustee*,
  No. 1:10-CV-20383-JLK, 2011 WL 3439530 (S.D. Fla. Aug. 5, 2011) ...............................14

*Goodyear Dunlop v. Brown*,
    564 U.S. 915 (2011)...................................................................................5, 6, 7, 9

*Hanson v. Denckla*,
    357 U.S. 235 (1958)...................................................................................15

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984)...................................................................................8

*In re Takata Airbag Prod. Liab. Litig.*,
    396 F. Supp. 3d 1101 (S.D. Fla. 2019) ...................................................12, 14

*Internet Sols. Corp. v. Marshall*,
    557 F.3d 1293 (11th Cir. 2009) ...............................................................5

*J. McIntyre Machinery, Ltd. v. Nicastro*,
    564 U.S. 873 (2011)................................................................... *passim*

*Koziol v. Bombardier-Rotax GmbH*,
    No. 02-61807-CIV, 2004 WL 5563674 (S.D. Fla. Mar. 23, 2004), *aff'd sub*
    *nom. Kozial v. Bombardier-Rotax GmbH*, 129 F. App'x 543 (11th Cir. 2005) ....................14

*Leon v. Cont'l AG*,
    301 F. Supp. 3d 1203 (S.D. Fla. 2017) .............................................10, 12

*Louis Vuitton Malletier, S.A. v. Mosseri*,
    736 F.3d 1339 (11th Cir. 2013) ............................................... *passim*

*Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*,
    288 F.3d 1264 (11th Cir. 2002) ...............................................................5

*Miller v. Gizmodo Media Grp.*,
    LLC, 383 F. Supp. 3d 1365 (S.D. Fla. 2019)........................................5, 14

*Oldfield v. Pubelo de Bahia Lora, S.A.*,
    558 F.3d 1210 (11th Cir. 2009) ...............................................................14

*Oticon, Inc. v. Sebotek Hearing Sys., LLC*,
    865 F. Supp. 2d 501 (D.N.J. 2011) .........................................................11

*Peterson v. HVM LLC*,
    2016 WL 845144 (D.N.J. Mar. 3, 2016).................................................13

*Shuker v. Smith & Nephew, PLC*,
    885 F.3d 760 (3d Cir. 2018).....................................................................10

*Smith-Russo v. NCL (Bahamas) Ltd.*,
    No. 16-23821-CIV, 2017 WL 5565613 (S.D. Fla. July 26, 2017) ...........................8

*Thompson v. Carnival Corp.*,
  174 F. Supp. 3d 1327 (M.D. Fla. 2016) ................................................................5

*United Techs. Corp. v. Mazer*,
  556 F.3d 1260 (11th Cir. 2009) ...........................................................................4

*Vision Int'l Prod. Inc. v. Liteco S.R.L.*,
  2007 WL 9700539 (S.D. Fla. Aug. 8, 2007) .......................................................12

*Waite v. All Acquisition Corp.*,
  901 F.3d 1307 (11th Cir. 2018) ...........................................................................8

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014) ................................................................................ *passim*

*Williams v. Romarm, SA*,
  756 F.3d 777 (D.C. Cir. 2014) ...........................................................................10

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) ...........................................................................................15

*Zanakis v. Scanreco, Inc.*,
  No. 18-cv-21813, 2019 U.S. Dist. LEXIS 89210 (S.D. Fla. Feb. 5, 2019) ...........15

**Other Authorities**

Fed. R. Civ. P. § 12(b)(2) ..............................................................................................1, 4

Pursuant to this Court's Pretrial Order #36 and Rule 12(b)(2) of the Federal Rules of Civil Procedure, by special appearance and only for purposes of challenging personal jurisdiction Non-U.S. Manufacturer Defendants, Apotex Inc., Wockhardt Ltd., Ajanta Pharma Ltd., Aurobindo Pharma Ltd., ACIC Pharmaceuticals Inc. (incorrectly identified in the Master Personal Injury Complaint at ACIC Pharmaceuticals, Inc.), and Cadila Healthcare Ltd. [together, "Foreign Defendants"], submit this memorandum of law in support of their Motion to Dismiss For Lack of Personal Jurisdiction.[1]  This motion is supported by the affidavits or declarations of each of the respective Foreign Defendants.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Procedural Status

Plaintiffs named the Foreign Defendants along with their U.S. counterparts[2] as defendants in one or all of the Master Personal Injury Complaint [Dkt. 887, the "Personal Injury Complaint"], Consolidated Consumer Class Action Complaint [Dkt. 889, the "Consumer Complaint"], and Consolidated Third party Payor Class Complaint [Dkt. 888, the "TPP Complaint"] [together, "Complaints"] that together comprise this multi-district litigation.  As to those non-U.S. defendants sued in the TPP Complaint, Plaintiffs also submitted a Statement Concerning Personal Jurisdiction, Venue, and Direct-Filing of Consolidated Third-Party Payor Class Action Complaint ["Jurisdiction Statement"] incorrectly asserting that the Foreign Defendants would be subject to

---

[1] Amneal Pharmaceuticals, Inc., a U.S.-based company, expressly preserves and does not waive its personal jurisdiction defense. Amneal Pharmaceuticals, Inc., is a holding company, and it does not manufacture, market, distribute, or sell ranitidine products anywhere in the United States. Pursuant to Pretrial Order #36, Amneal Pharmaceuticals, Inc. is not permitted to join this motion, but intends to assert its personal jurisdiction defense during the segment of motions that includes briefing on all remaining Rule 12 bases not included in the August 24 or October 8 motions.

[2] With the exception of Defendant ACIC Pharmaceuticals Inc., all of the Foreign Defendants are foreign affiliates of U.S. entities.

jurisdiction in various federal districts identified in each Plaintiff's Short-Form Complaint.  Dkt. 894 and Dkt. 894-1.  In their Complaints, Plaintiffs assert claims against all Generic Manufacturers, including the Foreign Defendants, related to prescription and/or over-the-counter ranitidine-containing products in states and territories in the United States from 1997 to April 1, 2020.  *See*, *e.g.*, PI Compl. p. 9, ¶ 13; pp. 14-31, ¶¶ 33-144, pp. 48-53, ¶ 251, p. 59, ¶ 301.[3]

Plaintiffs allege that each Foreign Defendant has significant contacts with each of the States and territories of the United States identified in Plaintiffs' Short-Form Complaints or received some financial benefit from their sale of the ranitidine-containing products within each of the States and territories of the United States.  *See*, *e.g.*, Personal Injury Compl. p. 43 ¶ 220; Consumer Compl. p. 43 ¶ 18; TPP Compl. p. 14 ¶ 17.  Plaintiffs are incorrect.  No Court can exercise personal jurisdiction over the Foreign Defendants in any State or United States territory.

### B.      The Foreign Defendants

Apotex Inc. is a corporation formed under Canadian laws with its headquarters in Toronto, Ontario.  Apotex Inc. manufactured ranitidine finished drug product at its facilities and administrative offices located in Canada and other countries.  Apotex Inc. has not directly sold or otherwise commercialized any ranitidine-containing products in the United States.  Apotex Corp. (a Delaware corporation with its headquarters in Florida) decides which of Apotex Inc.'s approved products it will market and did so with respect to ranitidine.  Apotex Corp. imports ranitidine drug products from Canada and independently determines its distribution in the Unites States.

Ajanta Pharma Ltd. is a company formed under Indian laws with its headquarters in Mumbai, India.  Ajanta Pharma Ltd. has not directly sold or otherwise commercialized any

---

[3] Page citations are to the page numbers in the official Pacer version on the upper right-hand corner of the page.

2

products – including ranitidine products – in the United States.  Ajanta Pharma Ltd. has a U.S.-based subsidiary, Ajanta Pharma USA Inc., that is headquartered in New Jersey, which is the entity that imports all ranitidine products to the U.S. and independently determines sales and distribution.

Aurobindo Pharma Ltd. is a corporation organized and existing under the laws of the Republic of India, having its principal place of business in Hyderabad, Telangana, India.  Aurobindo Pharma Ltd. has never been incorporated under Florida law or under the laws of any state within the United States, nor has it maintained its principal place of business anywhere in the United States at any time.  Aurobindo Pharma Ltd. manufactures certain ranitidine medications at its facilities in India.  Aurobindo Pharma Ltd. has not directly sold or otherwise commercialized any ranitidine products in the United States, nor has it sold any of its ranitidine (or any other) products directly to any physician or end-user anywhere in the United States.  Aurobindo Pharma USA, Inc., and Aurohealth LLC, both of which are separate entities from Aurobindo Pharma Ltd. and both of which are parties to cases pending in this MDL, distributed the ranitidine finished products within the United States.  Aurobindo Pharma Ltd. has never manufactured, sold, or otherwise distributed any ranitidine (or any other) products directly into the United States.

ACIC Pharmaceuticals Inc. is a Canadian corporation, incorporated in Ontario, Canada, with its principal place of business in Ontario, Canada. ACIC is an importer and broker of active pharmaceutical ingredients (API) to pharmaceutical companies in Canada and the United States. ACIC is not a generic manufacturer of prescription or over-the-counter drugs, and has never designed, manufactured, tested, marketed, labeled, packaged, handled, distributed, stored and/or sold any ranitidine-containing product in any State or Territory in the United States. Although

ACIC formerly held an Abbreviated New Drug Application for ranitidine tablets, ACIC never launched or commercialized the product under that ANDA.

Cadila Healthcare Ltd. is a company organized under the laws of India with its headquarters in Gujarat, India. Cadila manufactured ranitidine-containing drug products at its facilities located in Liva and Moraiya, India. Cadila did not directly sell, distribute or otherwise commercialize any ranitidine drug products in the United States. Cadila has a U.S.-based subsidiary, Zydus Pharmaceuticals USA Inc. that is headquartered in New Jersey, which is the entity that imports all ranitidine products to the U.S. and independently determines sales, marketing and distribution within the U.S., without any direction or control from Cadila.

Wockhardt Ltd. is a company organized under the laws of India with its headquarters in Mumbai, India. Wockhardt Ltd. manufactured finished ranitidine drug products at its facilities located in India. Wockhardt Ltd. did not market or distribute any ranitidine drug products throughout the United States. Wockhardt Ltd. supplied the ranitidine finished drug products to its indirect subsidiary, Wockhardt USA LLC, a Delaware company with headquarters in New Jersey, and other third-party pharmaceutical companies. Wockhardt USA LLC and those entities independently determined the sales, marketing and distribution of the ranitidine drug products in the United States.

## II.   <u>LEGAL STANDARD</u>

A defendant may move to dismiss an action if the court lacks personal jurisdiction over that defendant. *See* Fed. R. Civ. Pro. 12(b)(2). Once a jurisdictional defense has been raised, Plaintiffs bear the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between Defendants and the forum to support jurisdiction, and to satisfy this burden, Plaintiffs must establish either specific or general jurisdiction. *Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v.*

*Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009)).   General jurisdiction is based on a defendant's substantial activity in [a state] without regard to where the cause of action arose."   *Id.* at 1352 (alterations added; citations omitted).   Specific jurisdiction, on the other hand, "depends on an affiliatio[n] between the forum and the underlying controversy (i.e., an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)."   *Walden v. Fiore*, 134 S. Ct. 1115, 1121 n.6 (2014) (internal quotations omitted).

The burden is on the Plaintiffs to establish a *prima facie* case of personal jurisdiction over the nonresident Defendants.   *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000).   If a plaintiff pleads sufficient facts to support the exercise of personal jurisdiction, the burden shifts to the defendant to make a *prima facie* showing that the court lacks specific personal jurisdiction.   *Miller v. Gizmodo Media Grp.*, LLC, 383 F. Supp. 3d 1365, 1370 (S.D. Fla. 2019).   The defendant then must "raise, through affidavits, documents or testimony, a meritorious challenge to personal jurisdiction."   *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293 (11th Cir. 2009).   "If the defendant does so, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents."   *Id.* at 1295; *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.,* 288 F.3d 1264, 1269 (11th Cir. 2002).

As "[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons," plaintiffs must satisfy the forum state's requirements for personal jurisdiction.   *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).   Courts in Florida may exercise personal jurisdiction over a defendant only to the extent that doing so is consistent with due process.   *See Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1333 (M.D. Fla. 2016) (quoting *Louis Vuitton*, 736 F.3d at 1350).   "The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant."   *Goodyear*

*Dunlop v. Brown*, 564 U.S. 915, 923 (2011); *see also Bristol-Myers Squibb Co. v. Super. Ct. of California, San Francisco County*, 137 S. Ct. 1773, 1779 (2017) ("[I]t has long been established that the Fourteenth Amendment limits the personal jurisdiction of state courts."). Analysis of the due process factors makes it clear that the Court cannot exercise jurisdiction over the Foreign Defendants.

## III.   <u>ARGUMENT</u>

It would offend all notions of fair play and substantial justice for this Court to exercise personal jurisdiction over the Foreign Defendants because they do not have sufficient contacts in this or any United States forum. The Foreign Defendants are not at home and conduct no business anywhere in the United States connected to Plaintiffs' claims and, thus, are not subject to the jurisdiction of United States courts in these cases. *See Bristol-Myers*, 137 S. Ct. 1773; *Daimler*, 571 U.S. 117; *Walden*, 134 S. Ct. 1115; *Goodyear*, 564 U.S. 915; *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873 (2011). Plaintiffs have failed to properly plead that the Court may exercise either general or specific jurisdiction over any of the Foreign Defendants.

### A.   **The Foreign Defendants Are Not Subject to General Personal Jurisdiction in the United States.**

#### 1.   **The Foreign Defendants are not "at home" in the United States.**

This Court cannot exercise general personal jurisdiction over the Foreign Defendants because none incorporated nor maintain a headquarters or principal place of business in the United States. Where the cause of action does not arise out of the defendant's contacts with the forum, the plaintiff must establish general jurisdiction. General jurisdiction is based on "a forum connection unrelated to the underlying suit . . . ." *Walden*, 134 S. Ct. at 1121 n.6 (internal quotations omitted). None of the Foreign Defendants are "at home" in Florida or anywhere in the United States.

Due Process requires a defendant subject to general jurisdiction to have such "continuous and systematic" affiliations with the forum State that the defendant is "essentially at home in the forum State." *Goodyear*, 564 U.S. at 919.  A corporation is not subject to general jurisdiction in every state where it engages in a substantial, continuous, and systematic course of business. *Daimler,* 571 U.S. at 138; *See also BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017).  Unless there is an "exceptional case," a defendant is at home only in its place of incorporation and principal place of business.  *Daimler,* 571 U.S. at n.19.  Thus, for any of the Foreign Defendants to be subject to the general personal jurisdiction of this or any other court in the United States, they must have their "domicile, place of incorporation, [or] principal place of business" in that State.  *Goodyear*, 564 U.S. at 924.  Indeed, "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter."  *J. McIntyre*, 564 U.S. at 881.

The Foreign Defendants were formed under the laws of foreign countries and maintain their headquarters outside of the United States.[4]  Because the Foreign Defendants are not "at home" in Florida or anywhere else in the United States, this Court cannot exercise general personal jurisdiction over them.

### 2.    Neither an agency nor subsidiary relationship with a U.S. entity allows this Court to exercise general jurisdiction

A foreign corporation is not subject to general personal jurisdiction based on its subsidiaries' contacts unless the parent itself is "at home" in the jurisdiction.  *Daimler*, 571 U.S. at 134-35 (quoting *Goodyear*, 564 U.S. at 919); *see also Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1386 (S.D. Fla. 2014).  "It is well established that as long as a parent and a

---

[4] Each Foreign Defendant filed with their supplemental motion to dismiss a declaration or affidavit supporting their motion setting out facts related country of incorporation and headquarters.

subsidiary are separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other." *Consol. Dev. Corp.*, 216 F.3d at 1293 (citing *Cannon Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333, 337 (1925)). Thus, "a foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there." *Id.*

Plaintiffs' vague, shotgun allegations do not allow this Court to exercise general personal jurisdiction over any of the Foreign Defendants. Both the Supreme Court and the Eleventh Circuit have found general jurisdiction lacking for defendants with far greater contacts than the Foreign Defendants have here. *See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984) (finding no general jurisdiction where defendants received money from bank accounts located in, held meetings in, sent employees to train in, and bought goods from the forum state, but did not maintain an office, sell goods, own property, maintain records or solicit business there); *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1316 (11th Cir. 2018) (finding no general jurisdiction although the defendant conducted significant business in Florida and had registered to do business and maintained an agent for service of process in Florida); *Aronson* 30 F. Supp. 3d at 1386-87 (finding no general jurisdiction although the foreign defendant marketed and advertised on Florida websites, contracted with Florida-based cruise lines, was paid from Florida banks, purchased supplies and insurance in Florida, and agreed to personal jurisdiction in Florida through its contracts); *Smith-Russo v. NCL (Bahamas) Ltd.*, No. 16-23821-CIV, 2017 WL 5565613, at *4 (S.D. Fla. July 26, 2017), report and recommendation adopted, No. 16-23821-CIV, 2017 WL 5591639 (S.D. Fla. Aug. 22, 2017) (finding no general jurisdiction where defendant's CEO conducted business in an office in Florida and the defendant derived 100% of its business through sales directed at the State of Florida).

Here, Plaintiffs acknowledge in their Complaints that the Foreign Defendants are organized and exist under the laws of foreign countries and that their principal places of business are outside of the United States, which Foreign Defendants confirm in their supplemental papers. Therefore, Plaintiffs' own pleadings establish that none of the Foreign Defendants is "at home" in Florida or anywhere else in the United States and that they are not subject to general jurisdiction under United States Supreme Court precedent in this or any other court in the United States.

**B.      The Foreign Defendants are not Subject to Specific Personal Jurisdiction in the United States**

The Court also lacks specific personal jurisdiction over the Foreign Defendants.  To meet due process requirements under the United States Constitution a plaintiff must establish both that a defendant purposefully directed its activities at the forum state and that the cause of action arises out of or relates to the defendant's forum-related activities.  *J. McIntyre*, 564 U.S. at 882.  "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the [s]tate."  *Bristol-Myers*, 137 S. Ct. at 1780-81 (citation omitted).  A defendant must maintain such a connection with the forum state "that [he] should reasonably anticipate being haled into court in the forum."  *Louis Vuitton*, 736 F.3d at 1357; *Walden*, 134 S. Ct. at 1123.

"Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint."  *Consol. Dev. Corp.*, 216 F.3d at 1291.  Specific jurisdiction arises only if the defendant's activities were "purposefully" directed to the forum *and* the litigation involves injuries that allegedly "arise out of or relate to those activities."  *Daimler*, 571 U.S. at 126; *see also Walden*, 134 S. Ct. at 1122; *Goodyear*, 564 U.S. at 924; *J. McIntyre*, 564 U.S. at 880.  Without a showing that the cause of action arose from acts of the Foreign Defendants within a particular forum state, Plaintiffs cannot establish specific jurisdiction.

9

Because the activities of the Foreign Defendants relating to ranitidine-containing products took place exclusively on foreign soil, it is important to remember that for the Court to exercise jurisdiction, Plaintiffs must show more than the ranitidine-containing product landed on our shores. The "transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum state." *J. McIntyre*, 131 S. Ct. at 2788. *See also Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) ("We perceive no merit in [plaintiffs'] stream-of-commerce theory of personal jurisdiction."). Efforts to exploit a national market which necessarily includes a forum state are insufficient. *Shuker*, 885 F.3d at 780. There must be a relationship between the Foreign Defendant, the forum, and the litigation, and it must be the Foreign Defendant, not the plaintiff or third parties, who creates the suit-related contact with the forum State. *Walden*, 134 S. Ct. at 1126; *Bristol-Myers,* 137 S. Ct. at 1783.

Purposeful availment of the United States does not equal purposeful availment in any specific state. *J. McIntyre,* 564 U.S. at 891 (Breyer, J., concurring); *Williams v. Romarm, SA,* 756 F.3d 777, 785, (D.C. Cir. 2014) ("*Nicastro* makes clear that a manufacturer's broad desire to target the United States through a distributor will not suffice" and thus, "Appellants' argu[ment] [that] their burden is met here because they alleged [Defendant] sold its products to an American distributor, fully aware the distributor would sell these products in the United States" was insufficient to constitute purposeful availment of Washington D.C.) (emphasis added); *see also Leon v. Cont'l AG,* 301 F. Supp. 3d 1203, 1228 (S.D. Fla. 2017) ("The Complaint alleges only that Airbag Manufacturer Defendants distributed their respective products 'in the United States,' which is insufficient to confer personal jurisdiction [in Florida]."); *see also D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.,* 566 F.3d 94, 104 (3d Cir. 2009) ("[Defendant's] efforts to

10

exploit a national market necessarily included Pennsylvania as a target, but those efforts simply do not constitute the type of deliberate contacts within Pennsylvania that could amount to purposeful availment of the privilege of conducting activities in that state. Rather, any connection of [Defendant] to Pennsylvania merely was a derivative benefit of its successful attempt to exploit the United States as a national market.") (emphasis added); *Oticon, Inc. v. Sebotek Hearing Sys., LLC,* 865 F. Supp. 2d 501, 515 (D.N.J. 2011) ("Plaintiff further points to a strategic alliance agreement . . . to help develop and market Sebotek's products to the United States markets . . . .The problem with Plaintiff's reliance on this agreement, however, is that it makes no reference to New Jersey. Thus, it fails to demonstrate any purposeful availment of the New Jersey forum.").

    In specific personal jurisdiction cases, the Eleventh Circuit applies a three-part due process test examining whether: (1) the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thereby invoking the benefit of the forum state's laws; and (3) the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. *Louis Vuitton,* 736 F.3d at 1355. The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, a defendant must show that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice.

    Plaintiffs fail to allege that any Foreign Defendant purposefully availed itself of the laws or engaged in specific suit-related activities in any of the states identified in their Jurisdiction Supplement, or in any of the states (or federal districts) alleged in their Short Form Complaints. Because Plaintiffs fail to identify any forum specific, suit-related conduct, this Court cannot exercise specific personal jurisdiction over any Foreign Defendant. The Foreign Defendants

address Plaintiffs' inability to make these necessary allegations in their contemporaneously-filed supplemental papers.

Plaintiffs also have not pled any facts in their Complaints to establish purposeful availment as to any Foreign Defendant.  Generalized allegations that a foreign entity, or foreign entity with a domestic affiliate, engages in business activities itself or in furtherance of the interests of the foreign entity are devoid of specificity and fail to establish that foreign defendants purposefully availed themselves of the privileges of conducting activity in states.  *In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1149 (S.D. Fla. 2019); *see also Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 916 (11th Cir. 2015) (per curiam) (affirming district court's dismissal for lack of personal jurisdiction where plaintiff "made no specific factual allegations of [defendant's] contacts" with Florida); *Leon v. Cont'l AG*, 301 F. Supp. 3d 1203, 1216 & n.6 (S.D. Fla. 2017) (rejecting "generalized statements" that were "devoid of specificity" as failing to establish specific jurisdiction under the Florida long-arm statute); *Accurate Ins. Grp., Corp. v. Accurate Ins. Servs. Inc.*, 2015 WL 11233072, at *2 (S.D. Fla. Mar. 2, 2015) (rejecting "vague and conclusory allegations . . . [as] wholly insufficient to establish personal jurisdiction over Defendant under Florida's long-arm statute"); *Bulpit, LLC v. DeCanio*, 2013 WL 12126313, at *4 (S.D. Fla. June 7, 2013) (finding "no basis" to exercise specific jurisdiction under Florida long-arm statute based on generalized allegations); *Vision Int'l Prod. Inc. v. Liteco S.R.L.*, 2007 WL 9700539, at *4 (S.D. Fla. Aug. 8, 2007) (rejecting "formulaic conclusory averments" as "insufficient" to establish specific jurisdiction under Florida long-arm statute); *Canty v. Fry's Elecs., Inc.*, 736 F. Supp. 2d 1352, 1369 (N.D. Ga. 2010) (finding specific jurisdiction lacking where plaintiff "generally allege[d] that the harm he suffered as a result of [the nonresident defendant's] alleged actions were caused by an act or omission outside Georgia"); *Zelma v. Burke*, 2017 WL 58581, at *3 (D.N.J.

12

Jan. 4, 2017) ("Plaintiffs' speculative and conclusory allegations against the [nonresident] Defendants are insufficient to meet their burden to prove a prima facia case of specific jurisdiction with reasonable particularity."); *Peterson v. HVM LLC*, 2016 WL 845144, at *4 (D.N.J. Mar. 3, 2016) ("Other than ...basic descriptors, the complaint is devoid of allegations relating to the investors. These allegations are insufficient to establish general or specific jurisdiction over the investors."); *FN Herstal, S.A. v. Clyde Armory, Inc.*, 2012 WL 12977880, at *3 & n.3 (E.D. Va. May 30, 2012) (finding allegations that nonresident defendants "transact[ed] business in this district, or offer[ed] to sell their products or [made] their products available or [promoted] the infringing mark to prospective purchasers within this district" insufficient to establish a prima facie case of general or specific jurisdiction); *Askue v. Aurora Corp. of Am.*, 2012 WL 843939, at *4 (N.D. Ga. Mar. 12, 2012) (finding allegations that a defendant manufacturer that sold products in a market "undoubtedly derived substantial revenue from the sale of these products," and "engaged in a persistent course of conduct in Georgia by engaging a distributor to sell its products in this market," were "wholly conclusory and insufficient to sustain a finding of jurisdiction under the long-arm statute").

Plaintiffs have not met their burden to establish specific personal jurisdiction and this Court cannot exercising specific personal jurisdiction over any of the Foreign Defendants.

### C.   The Exercise of Personal Jurisdiction Would Violate Traditional Notions Of Fair Play And Substantial Justice and Would Be Inconsistent With The Constitutional Requirements of Due Process

Aside from a lack of contacts between the Foreign Defendants and the forum, or individual states at issue, this Court's exercise of personal jurisdiction over the Foreign Defendants would offend traditional notions of fair play and substantial justice.  The Due Process clause of the United States Constitution permits courts to exercise personal jurisdiction only if doing so does not offend traditional notions of "fair play and substantial justice."  *Walden*, 134 S. Ct. at 1121 (quoting

13

*International Shoe*, 326 U.S. at 316); *see also Oldfield v. Pubelo de Bahia Lora, S.A.*, 558 F.3d 1210, 1221 (11th Cir. 2009) (explaining that fair play and substantial justice must be established even if there are sufficient "minimum contacts").   To satisfy that requirement, the relationship between the defendant and the forum state must be such that it is reasonable to require the corporation to defend the particular suit.   *Walden*, 571 U.S. at 1123; *Louis Vuitton*, 736 F.3d at 1357.   "The Court looks to five factors in evaluating whether exercising jurisdiction comports with fair play and substantial justice: the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of several states in advancing fundamental substantive social policies."   *Miller*, 383 F. Supp. 3d at 1375; *Garcia v. Wells Fargo Bank Northwest NA Trustee*, No. 1:10-CV-20383-JLK, 2011 WL 3439530, at *6 (S.D. Fla. Aug. 5, 2011) (weighing each of these factors and determining that the plaintiff had failed to provide adequate evidence that would confer jurisdiction over the defendant).

In making assessments of reasonableness, fair play, and substantial justice, the Supreme Court has emphasized that the exercise of personal jurisdiction over a foreign defendant must be made cautiously.   *In re Takata*, 396 F. Supp. 3d at 1147.   Courts should be very hesitant to conclude that "serious burdens on an alien defendant [are] outweighed by minimal interests on the part of the plaintiff or the forum State."   *Koziol v. Bombardier-Rotax GmbH*, No. 02-61807-CIV, 2004 WL 5563674, at *1 (S.D. Fla. Mar. 23, 2004), *aff'd sub nom. Kozial v. Bombardier-Rotax GmbH*, 129 F. App'x 543 (11th Cir. 2005).   A state's interest in "protecting its citizens from defective products" by providing a forum "cannot supersede either the mandate of the Due Process Clause

or the limits on judicial authority that Clause ensures." *McIntyre*, 564 U.S. at 886–87 (internal quotation marks omitted).

"Even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980) (citing *Hanson v. Denckla*, 357 U.S. 235, 251, 254 (1958)). And here it would violate the due process clause to subject Foreign Defendants to jurisdiction where the Foreign Defendants had no control over where their products would eventually land. *Zanakis v. Scanreco, Inc*., No. 18-cv-21813, 2019 U.S. Dist. LEXIS 89210 at *52-53 (S.D. Fla. Feb. 5, 2019). Where the product did not enter the forum at the Foreign Defendants' direction, but through an attenuated chain of distribution, the exercise of personal jurisdiction fails to meet the minimum requirements of fair play and substantial justice. *Id.*

## IV. <u>CONCLUSION</u>

For the above stated reasons, the Foreign Defendants respectfully ask that the Court dismiss ACIC Pharmaceuticals Inc., Ajanta Pharma Ltd., Apotex Inc., Aurobindo Pharma Ltd., Cadila Healthcare Ltd., and Wockhardt Ltd. due to lack of personal jurisdiction. As a further independent basis for dismissal, the Foreign Defendants incorporate the arguments and authorities set forth in the Rule 12 Motions to Dismiss based on Preemption filed by the Generic Manufacturers' and Repackager Defendants [DE 1582] and the Branded Defendants [DE 1580].

Dated: October 8, 2020                                Respectfully submitted,

*/s/  Frederick J. Fein*
Frederick J. Fein (Fla. Bar No. 813699)
fred.fein@clydeco.us
Stephanie G. Kolman (Fla. Bar. No. 958130)
stephanie.kolman@clydeco.us
**CLYDE & CO US LLP**
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Telephone: (305) 446-2646

*Attorneys for Defendant ACIC*
*Pharmaceuticals Inc.*

*/s/ Terry M. Henry*
Terry M. Henry
**BLANK ROME LLP**
One Logan Square
130 North 18th Street
Philadelphia, PA  19103
Tel: (215) 569-5644
THenry@BlankRome.com

Jane Thomas
**BLANK ROME LLP**
1825 Eye Street NW
Washington, D.C. 20006
Tel: (202) 420-2577
JThomas@BlankRome.com

*Attorneys for Defendant Apotex Inc.*

*/s/ Neil Merkl*
Neil Merkl
Clifford E. Katz
Sojin Yoon
**KELLEY DRYE & WARREN LLP**
101 Park Avenue
New York, NY 10178
Tel: 212-808-7811
nmerkl@kelleydrye.com
ckatz@kelleydrye.com
syoon@kelleydrye.com

*Attorneys for Wockhardt Ltd.*

*/s/ Neal Seth*
Neal Seth
Corey Weinstein
**WILEY REIN LLP**
1776 K Street NW
Washington, DC 20006
Tel:  202.719.4179
nseth@wiley.law
cweinstein@wiley.law

*Attorneys for Ajanta Pharma Ltd.*

*/s/ Joshua A. Klarfeld*
Joshua A. Klarfeld
**ULMER & BERNE LLP**
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113
Tel: 216-583-7000
jklarfeld@ulmer.com

Kevin M. Bandy
**ULMER & BERNE LLP**
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
Tel: (513) 698-5166
Email: kbandy@ulmer.com

*Attorney for Defendants Aurobindo*
*Pharma Ltd.*

*/s/ Arthur J. Liederman*
Arthur J. Liederman
Nicole Battisti
**MORRISON MAHONEY LLP**
88 Pine Street
Suite 1900
New York, NY  10005
Tel: 212- 825-1212
aliederman@morrisonmahoney.com
nbattisti@morrisonmahoney.com

16

Nichole M. Mooney
**DEAN, MEAD, EGERTON,**
**BLOODWORTH, CAPOUANO &**
**BOZARTH, P.A**.
Florida Bar No. 057908
Post Office Box 2346
Orlando, Florida 32802-2346
Tel: 407-841-1200
nmooney@deanmead.com

*Attorneys for Defendant Cadila*
*Healthcare Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 8, 2020, I electronically filed the foregoing **SPECIALLY-APPEARING NON-U.S. GENERIC MANUFACTURER DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** with the Clerk of Court using the CM/ECF system, which will provide automatic notification to all counsel of record.


*/s/ Terry M. Henry*
Terry M. Henry

18