# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2924**<br>**20-MD-2924**<br><br>**JUDGE ROBIN L. ROSENBERG**<br>**MAGISTRATE JUDGE BRUCE E. REINHART** |
| _____/ | |

THIS DOCUMENT RELATES TO:   ALL CASES

**DECLARATION OF CHRISTOPHER H. CALENTI**
**(Defendant, ACIC Pharmaceuticals Inc.)**

I, Christopher H. Calenti, declare as follows:

1. My name is Christopher H. Calenti. I am over the age of twenty-one (21), I have the use of reason, I understand the nature of an oath, and I am capable and competent to testify to the matters stated herein. The facts stated in this Declaration are true and correct and based on my own personal knowledge and investigation of this matter.

2. This Declaration is submitted in support of Specially-Appearing Defendant ACIC Pharmaceuticals Inc.'s ("ACIC") (incorrectly identified in the Master Personal Injury Complaint as ACIC Pharmaceuticals, Inc.) Motion to Dismiss for Lack of Personal Jurisdiction and I have been authorized by ACIC to execute this Declaration for this purpose.

3. I am currently a Director and the Secretary and Treasurer of ACIC. In this capacity, I am familiar with all of ACIC's business dealings, including the nature of the products ACIC markets and distributes.

4. ACIC is a Canadian corporation, incorporated in Canada, with its principal place of business in Brantford, Ontario, Canada.

5. ACIC is not licensed or registered to do business in any State in the United States. ACIC is registered with the New Jersey Department of Health as required for a corporation engaging in the "wholesale distribution of drugs." *See* New Jersey Registration of Wholesale Distributors of Drugs, Section 8:21-3A, N.J. Stat. Ann.

6. ACIC does not have a registered agent for service of process, pursuant to any corporate registration statutes, in any State in the United States. ACIC designated an agent in New Jersey pursuant to the statute governing Registration of Wholesale Distributors of Drugs, which states that: "If an applicant's business is not to be conducted within the State, the application shall give the name and address of an agent resident of the State on whom process against the applicant may be served." *See* Section 8:21-4(b)(4).

7. ACIC has never consented to jurisdiction in any State in the United States.

8. ACIC does not have any corporate offices in any State in the United States.

9. ACIC's finance, human resources, and corporate records are all kept in Ontario, Canada.

10. ACIC has never held a board of directors, board of officers, or other official meeting in any State in the United States

11. ACIC has never paid income or property taxes in any State in the United States.

12. ACIC has never distributed print advertising, aired a radio or TV commercial, or otherwise advertised directly in any State in the United States.

13. ACIC has never maintained any bank accounts, business records or telephone listings in any State in the United States. ACIC sometimes makes use of the mailing address of a sister company in Coral Springs, Florida, maintained, in part, pursuant to 21 C.F.R. § 207.69(b),

as required for purposes of facilitating communications with the FDA with regard to an Abbreviated New Drug Application ("ANDA").

14. ACIC has never had any offices, warehouses, or other regular and established place of business in any State in the United States.

15. ACIC has no employees, officers, business agents, directors or representatives residing in or assigned to duty in any State in the United States. ACIC formerly had one long-term employee, who worked from home, in Celebration, Florida.

16. Plaintiffs' Master Personal Injury Complaint lists ACIC as a party under the designation "Generic Manufacturer Defendants," at paragraph 39. Specifically, Plaintiffs allege in paragraph 144 that: "At all relevant times, the Generic Manufacturer Defendants have conducted business and derived substantial revenue from their design, manufacture, testing, marketing, labeling packaging, handling, distribution, storage, and/or sale of ranitidine-containing products within each of the States and Territories of the United States."

17. Plaintiffs' Master Personal Injury Complaint contains broad general allegations relating to Jurisdiction over all Defendants at paragraphs 220 through 223. Paragraph 220, states: "Defendants have significant contacts with the federal judicial district identified in each Plaintiff's SFC [Short Form Complaint] such that they are subject to the personal jurisdiction of the courts in each of those districts." Paragraph 221 states: "At all relevant times, Defendants designed, manufactured, tested, marketed, labeled, packaged, handled, distributed, stored, and/or sold ranitidine-containing products within the judicial district listed in the SFCs and targeted the consumer market within those districts." Paragraph 222 states: "At all times alleged herein, Defendants were authorized to conduct or engage in business within each of the States and Territories of the United States and supplied ranitidine-containing products within each of the

States and Territories of the United States. Defendants received financial benefit and profits as a result of designing, manufacturing, testing, marketing, labeling, packaging, handling, distributing, storing, and/or selling ranitidine-containing products within each of the States and Territories of the United States." Finally, paragraph 223 states: "Defendants each have significant contacts in each of the States and Territories of the United States, such that personal jurisdiction would be proper in any of them. Defendants have derived revenue from the sale of their ranitidine-containing products in each of the States and Territories of the United States."

18. ACIC is an importer and broker of active pharmaceutical ingredients ("API") to pharmaceutical companies in Canada and the United States. As such, ACIC brokered the sale of API ranitidine between a foreign manufacturer of API and four generic manufacturers in the United States. However, contrary to the allegations of Plaintiffs' Complaint, ACIC is not a "Generic Manufacturer" of prescription or over-the-counter drugs. ACIC has never "designed, manufactured, tested, marketed, labeled, packaged, handled, distributed, stored, and/or sold ranitidine-containing products" in any State or Territory in the United States.

19. ACIC filed an Abbreviated New Drug Application ("ANDA") for 150mg and 300mg ranitidine tablets (a generic version of Zantac) that was ultimately approved on November 30, 2017 by the U.S. Food and Drug Administration ("FDA"), ANDA No. 203694. However, the product was never launched or otherwise commercialized by ACIC under this ANDA.

20. Because ACIC has never manufactured any finished product containing ranitidine, it did not and could not manufacture, sell, distribute or authorize distribution of any ranitidine-containing product in any State in the United States.

21. Because ACIC has never manufactured any finished product containing ranitidine, it did not ship any ranitidine-containing product to any State in the United States, or advertise any ranitidine-containing product in any State in the United States.

22. Because ACIC never manufactured any finished product containing ranitidine, it has never sold any ranitidine-containing product directly to any consumer, wholesaler or retailer in any State in the United States.

23. Because ACIC never manufactured or sold any finished product containing ranitidine in any State in the United States, it has never received and could never receive any revenue from the sale of any ranitidine-containing product in any State in the United States.

I declare under penalty of perjury under the laws of the United States of America and under the laws of the individual States that the foregoing is true and correct.

Executed this 8th day of October, 2020.

By: _____
Christopher Calenti
Secretary and Treasurer