UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                MDL NO. 2924
PRODUCTS LIABILITY                     20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE REINHART

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

<u>PRETRIAL ORDER # 51</u>
**Fourth Census Implementation Order:**
**Product Identification Collections for Filed Cases By Retailer and Pharmacy Defendants**

The Court has entered a number of prior Pretrial Orders creating (Pretrial Order # 15) and implementing (Pretrial Order #'s 38 and 42) the Census Registry. In Pretrial Order # 50, the Court set forth the obligations of Generic Manufacturer Defendants to provide certain information to further the data analytics objectives of the Census Registry. This Order sets forth parallel obligations for the Retailer and Pharmacy Defendants ("RPDs") to provide certain prescription and customer loyalty card purchase information. As explained in this Order, this Order only governs Filed Plaintiffs; the Court anticipates that a future Order will be entered in December 2020 governing Unfiled Registry Claimants, consistent with Pretrial Order # 15.

This Order was jointly submitted by the parties, through Coordinating Counsel, with the consent of each of the Liaison Counsel for the RPDs as well as Plaintiffs' Co-Lead Counsel (collectively, the "Parties"). The Parties recognize that product identification information regarding the purchase and dispensation of prescription and over-the-counter ("OTC") branded Zantac and generic ranitidine is an important component to the execution of Pretrial Order # 15 and the Census Registry. This Order provides a process by which the RPDs will search for, collect, and produce certain Prescription and Loyalty Card Records reflecting the purchase and

dispensation of prescription and OTC branded Zantac and generic ranitidine, subject to information provided by Plaintiffs and subject to the provisions set forth below in sections B-D.

However, the Parties recognize that, given the potential volume of Claimants in the Census Registry, it is important that the process be rolled out first using a representative sample to ensure the workability of the process for the remainder of the Census Registry participants, so as to allow for any necessary modifications in the process prior to its expansion to the entire Census Registry. Therefore, the RPDs have agreed to undertake an initial collection of Prescription and Loyalty Card Records for filed cases in the MDL, subject to the provisions herein. It is for this reason that the Unfiled Registry Claimants' records will be addressed in a future Pretrial Order.

**A.      Applicability and Scope of Order.**

This Order applies only to the RPDs that have agreed to be bound by the tolling provisions of Pretrial Order # 15, and which have entered into the Core Discovery Agreement referenced in Pretrial Order # 35.

This Order shall apply only to those Filed Plaintiffs who have (i) filed cases prior to October 1, 2020; (ii) submitted a Census Plus Form ("CPF") containing all information responsive to Section C of the CPF ("Zantac Usage Information") prior to October 1, 2020; and (iii) provided all the necessary information, outlined below, for the respective RPD(s) identified in the Filed Plaintiff's Short Form Complaint (or other operative complaint) from which the Plaintiff seeks records.

Following the initial collection and production of records for filed cases in December 2020 and evaluation of the process and the underlying data collected, the Parties have indicated to the Court that they anticipate submitting an Order in December outlining the process for subsequent collections and productions of Prescription and Loyalty Card Records, with any necessary modifications to be applied across the remaining pool of Claimants participating in the Census

Registry. If a Filed Plaintiff either filed his/her Complaint on or after October 1, 2020, or does not submit the information required on the timeline set forth herein, he or she may subsequently enter this information, but will be included in the next tranche of records pulled and will be subject to any modifications in the process outlined in the December Order.

**B.** **General Provisions.**

1. Filed Plaintiffs and their counsel are responsible for obtaining and providing certain information in addition to that which is required in the CPF, which is necessary for each RPD to identify and verify the identity of the Filed Plaintiff, and to ensure against inadvertent disclosure of protected health and/or personal information of non-parties. This information will vary depending on the specific requirements of each RPD, but generally is referred to herein as the "Required Identifiers" for each RPD.

2. The Parties have been working with the Census Registry platform vendor, Litigation Management, Inc. ("LMI") to develop a portal for entry of the Required Identifiers by Filed Plaintiffs and/or Filed Plaintiffs' counsel (the "LMI Portal"), available at www.lmi-med.com.

3. All Required Identifiers, HIPAA authorizations, and necessary certifications by Filed Plaintiffs/counsel must be submitted via the LMI Portal, rather than directly to counsel or via direct request to the RPDs.

4. Required Identifiers for collection of Prescription Records will vary by RPD, but generally include, at a minimum, the information contained in Section B of the CPF ("Zantac User Information").

5. Required Identifiers for collection of Loyalty Card Records will vary by RPD, but generally include, at a minimum, the Filed Plaintiff's name and Loyalty Card

3

    number. Instructions for obtaining a Filed Plaintiff's Loyalty Card number can be found at the LMI Portal at www.lmi-med.com.

6.  The Parties recognize that the RPDs' collection of these records depends on the accuracy of the information submitted by Filed Plaintiffs. Therefore, upon receipt of this information and any Required Identifiers from Filed Plaintiffs, an RPD shall search for Prescription Records and/or Loyalty Card Records only once (for one Loyalty Card number per Filed Plaintiff per Loyalty Card program) and advise if no records exist reflecting the purchase or dispensation of Zantac/ranitidine.

7.  RPDs do not have an obligation to undertake the burden of collecting and producing records reflecting the absence of any Zantac/ranitidine purchase. RPDs will advise in writing in an agreed-upon form if no records exist reflecting a Zantac/ranitidine purchase for a Filed Plaintiff identifying that RPD.

C. **Initial Collection and Production of Prescription Records and Loyalty Card Data for Filed Cases.**

1.  Subject to the provisions set forth herein, each identified RPD shall produce Zantac and/or ranitidine[1] dispensing records for each qualifying Filed Plaintiffs who certifies that he/she was dispensed prescription Zantac and/or ranitidine by that particular RPD.

2.  Subject to the provisions set forth herein, each identified RPD shall produce Loyalty Card Records for OTC Zantac and/or ranitidine purchases for each Filed

---

[1] The phrase "Zantac and/or ranitidine" as used herein refers to all forms of branded and generic, prescription and over-the-counter ("OTC") ranitidine.

4

    Plaintiff that certifies that he/she purchased OTC Zantac and/or ranitidine using a Loyalty Card program[2] associated with that RPD.

3. Prescription Records shall only be collected for those Filed Plaintiffs who have:

  a. identified a specific RPD as having dispensed the prescription Zantac and/or ranitidine to the Filed Plaintiff;

  b. submitted a CPF, including the information requested in Section C of the CPF ("Zantac Usage Information");

  c. filed a Short Form Complaint ("SFC"), identifying a particular RPD;

  d. provided a signed HIPAA authorization for the release of the Filed Plaintiff's Prescription Records; and

  e. provided any additional necessary identifiers for a particular RPD's search.

4. Loyalty Card Records shall only be collected for those Filed Plaintiffs who have:

  a. identified a specific RPD and certified in the CPF that the Filed Plaintiff purchased OTC Zantac and/or ranitidine;

  b. submitted a CPF, including the information requested in Section C of the CPF ("Zantac Usage Information");

  c. filed an SFC, identifying a particular RPD; and

  d. provided any additional necessary identifiers for a particular RPD's search. At a minimum, the Required Identifiers for collection of Loyalty Card Records shall include the Filed Plaintiff's name and Loyalty Card number.

---

[2] The phrase "Loyalty Card program" is defined as a retailer/pharmacy membership program that tracks point of sale data with a unique identifying number issued in a Filed Plaintiff's name, provided that the unique identifying number is provided by the Filed Plaintiff. Loyalty Card program does not include retailer programs that do not track point of sale data and that simply offer the opportunity to receive discounts on purchases.

**D.** **Deadlines.**

1. Filed Plaintiffs and/or their counsel shall submit the Required Identifiers for all RPDs identified in their CPF and SFC into the LMI Portal no later than **November 5, 2020**. Failure to submit the Required Identifiers by this date shall not exclude any Filed Plaintiff from this process; rather, the late-received information may carry over to the next quarter of collections of Prescription and Loyalty Card Records.

2. Upon submission of the Required Identifiers, LMI shall process the data and provide it to the RPDs.

3. The RPDs shall then endeavor to collect and produce the Prescription Records and/or Loyalty Card Records identifying any Zantac and/or ranitidine prescription dispensations and/or OTC Zantac and/or ranitidine purchases to Filed Plaintiffs' counsel and to LMI by **December 11, 2020**, or within thirty (30) days of receipt of the Required Identifiers from LMI, whichever is greater. LMI will include such records as part of the CPF file for each Filed Plaintiff.

**E.** **Delays and Disputes.**

If any RPD anticipates any delay in its ability to timely produce the Prescription Records and/or Loyalty Card Records subject to the provisions set forth above, that RPD shall immediately notify the Plaintiffs' Co-Leads, Coordinating Counsel, and the Special Master to resolve the same.

**DONE** and **ORDERED** in Chambers, West Palm Beach, Florida, this 9th day of October, 2020.

**ROBIN L. ROSENBERG**
**UNITED STATES DISTRICT JUDGE**