UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                                        MDL NO 2924
PRODUCTS LIABILITY                                              20-MD-2924
LITIGATION

JUDGE ROBIN L ROSENBERG
MAGISTRATE JUDGE BRUCE REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

**PRETRIAL ORDER # 52**
**Procedures for Dismissal of Defendants from the**
**Master Complaints and the Individual Personal Injury Cases**

This Order applies to all personal injury and wrongful death cases pending in MDL No. 2924, and to all personal injury and wrongful death actions transferred to or directly filed in MDL No. 2924 after the date of this Order or otherwise expressly identified herein.

**I.     CENSUS REGISTRY AND MASTER PLEADING**

In recognition of the number of complaints the parties anticipated might ultimately be filed in this MDL, the parties, with the assistance of the Special Master, developed procedures for the filing of a Master Complaint for personal injury cases, which included Short Form Complaints for individuals to use in asserting their individual claims. This process was implemented at the suggestion of and agreement by the parties, recognizing the inefficiencies for both sides that are inherent in requiring the filing of, and responding to, full individual complaints in an MDL. The Court implemented the Master Pleading Procedures in Amended Pretrial Order # 31.

The Parties also worked with the Special Master to implement a Census Registry for the purpose of facilitating the joint investigation and vetting of claims, as created in Pretrial Order # 15 and further articulated in Pretrial Order #'s 50 and 51. Through that process, certain

Defendants will begin submitting abstracted data and other information that will help narrow which Defendants could potentially have manufactured, distributed, or sold ranitidine product(s) any individual Filed Plaintiffs allegedly used. Plaintiffs' Co-Lead Counsel have previously represented to this Court that they will synthesize the information provided by Defendants and make it available to the retained counsel representing Filed Plaintiffs and Unfiled Claimants in the Census Registry, in order to assist in this process.

Anticipating that this information exchange would occur and result in a narrowing of Defendants able to be named in filed complaints, this Court has previously entered Pretrial Orders providing a process for the amendment of the Master Complaints (Pretrial Order # 40) and individual complaints (Pretrial Order # 39). Consistent with this expectation, a number of Defendants have now been removed from the Master Personal Injury Complaint.

The MDL is now entering the next phase of the Census Registry process. With the entry of Pretrial Order # 50 the Generic Manufacturer Defendants will later this month begin providing more detailed information about the products they manufactured. This will enable the parties to begin narrowing entire categories of manufacturer Defendants based upon the specific usage patterns alleged by individual Filed Plaintiffs.

Specifically, Filed Plaintiffs are directed to use the information provided to determine which Defendants could not have played a role in manufacturing, distributing, or selling the Zantac/ranitidine allegedly used by the individual Filed Plaintiff. These Defendants should be timely dropped from the Filed Plaintiff's Short Form Complaint, consistent with the procedures set forth in this Order.

This Order does not alter the inherent obligations of each retained counsel and Filed Plaintiff to diligently investigate the Plaintiff's claims prior to filing a Short Form Complaint and

to timely amend such complaint or dismiss Defendants as their investigation continues through the litigation process. However, the parties recognize that, given the information provided in the Short Form Complaint and through the Census Plus Forms, Defendants may be able to assist in determining which complaints should be amended to dismiss certain Defendants. At the same time, if Defendants do not provide this information in a structured manner, it may undercut their goal of timely dismissals where appropriate.

Therefore, to ensure an efficient and smooth process, this Order sets forth a procedure for the Defendants to identify and request dismissal from those Filed Plaintiffs' complaints as to which they believe they could not have manufactured, sold, or distributed the ranitidine product(s) the Plaintiff allegedly used. This Order further establishes a timeline and structure for the parties to meet and confer about these matters, and to invoke the assistance of the Special Master should they be unable to reach resolution. The Court anticipates that, with the capable assistance of Plaintiffs' Co-Lead Counsel and the Special Master, these dismissals will occur through an informal process, without the cost and expense to all parties of an Order to Show Cause or other formal judicial mechanism—and the Court encourages the parties to make full use of these informal mechanisms.

All counsel are directed to comply with the processes set forth in this Order, which is entered at the joint recommendation of the parties, to ensure the orderly and efficient process for dismissals and to avoid overwhelming the resources of either counsel or the clerk's office.

## II.     DISMISSAL PROCEDURE

A.     Beginning on November 2, 2020, and on the first business day of every month thereafter, Defendants through their Liaison Counsel may deliver to Plaintiffs' Co-Lead Counsel and the Special Master, and Plaintiffs' counsel of record in the relevant Short Form Complaints, a list of Defendants who seek to be removed from the Master Personal Injury Complaint and a list

of cases in which one or more seek to be dismissed from a specific Short Form Complaint, specifically laying out the reasons therefore (collectively, "Removal/Dismissal List").

  B. Plaintiffs have an obligation to have a good faith basis for naming a particular Defendant in their complaints.  At the same time, in this Census Registry process, rather than providing full discovery and waiting for Plaintiffs' counsel to review those materials, the Plaintiffs' counsel are relying on abstracted data to remove or dismiss Defendants on a more expedited basis.  The parties have therefore negotiated that, in order to facilitate these dismissals by Plaintiffs in reliance upon that information, each Defendant will either (1) provide an affidavit in support of the data or information provided based upon which they are seeking removal or dismissal, or (2) agree that such removal or dismissal is without prejudice for a Plaintiff to seek later addition or joinder of that Defendant (including, but not limited to, statute of limitations objections) if the information provided by that Defendant is shown to be inaccurate, incomplete, or otherwise erroneous.  It is understood that, if the information provided by a particular Defendant seeking dismissal was not materially accurate or was materially incomplete, and the removal or dismissal of that Defendant would not have occurred but for the inaccuracy or incomplete data, the dismissed or removed Defendant has agreed that the Plaintiff's claim will be tolled with respect to that particular Defendant from the day prior to removal or dismissal. Such tolling shall extend sixty (60) days after the Defendant's disclosure to Plaintiffs' Co-Lead Counsel and the Special Master of the error.

  C. Some requests for removal/dismissal (such as those that are based on a Defendant having sold only prescription or OTC ranitidine products, or only in certain dosages or forms, or the date when a Defendant began or stopped manufacturing or selling ranitidine products) are expected to be resolved expeditiously.  Other requests for removal/dismissal may necessitate a

longer meet and confer process or investigation, or may not be appropriate at this time if the supporting information is insufficient to demonstrate that the Defendant could not have manufactured, distributed, or sold the ranitidine product used by the Plaintiff. As an example, the parties have indicated that, while a Defendant may soon provide its National Drug Codes for prescription products, a request for dismissal would not be appropriate until the prescription records have been obtained (for example, through the retailers pursuant to Pretrial Order # 51, or through the Census Registry's medical records vendor) and Plaintiffs have had sufficient time to review and incorporate this information.

D.   Liaison Counsel are expected to exercise good judgment in managing the number of requests for removal/dismissal, and the types of requests that are included, on the list provided to Plaintiffs each month and to ensure that it is provided in a format tailored to the nature of the requests to simplify the work of the Filed Plaintiffs, Plaintiffs' Co-Leads, and Special Master. Liaison Counsel are encouraged to confer in advance with Adam Pulaski (on behalf of Plaintiffs' Co-Leads) and the Special Master in advance to the extent possible on these formatting issues.

E.   By the twenty-first day of the month following submission of a Removal/ Dismissal List, Plaintiffs' Co-Lead Counsel will either: (i) file a Motion to Drop the Defendant from the Master Personal Injury Complaint, if appropriate, or (ii) provide a basis for refusing to dismiss the requesting Defendant(s).

F.   With respect to individual Filed Plaintiffs, counsel recognized the tremendous volume of individual meet and confers that would result if each Defendant separately conferred with each Filed Plaintiff. As a result, they have jointly recommended a process intended to allow for the consolidated treatment of dismissals to the greatest extent possible. Specifically, by the twenty-first day of the month, each identified Plaintiff will, as to each applicable Defendant's

request, either: (i) file an Amended Short Form Complaint dismissing the requesting Defendants, or (ii) provide a brief response with the basis for refusing to dismiss the Defendant to Adam Pulaski (on behalf of Plaintiffs' Co-Lead Counsel) at Zdismissals@PulaskiLawFirm.com. The Plaintiffs' Co-Lead Counsel will compile these replies and provide them to each Defendant requesting dismissal, with a copy to the Special Master, within three business days. This brief explanation is intended to provide the Special Master and Plaintiffs' Co-Lead Counsel with the opportunity to understand the general basis for the Filed Plaintiff's disagreement, and to create a streamlined process for a meet and confer regarding any remaining disputes. Specifically, the response is intended to help the Special Master and Plaintiffs' Co-Lead Counsel understand whether the Filed Plaintiff will be dismissing the Defendants, alleges use that would suggest the Defendant should not be dismissed at this time and will be amending the Short Form Complaint/Census Plus Form (to the extent this was not clearly stated), or has other individualized issues that should be addressed. The Special Master and Plaintiffs' Co-Lead Counsel are instructed to consider whether there are consolidated ways of addressing these concerns through the meet and confer process— for example, where a number of Defendants all request dismissal on the same factual basis or, conversely, where a number of Filed Plaintiffs are all refusing dismissal of a particular Defendant for the same reason.

G. To the extent that the refusal to dismiss the requesting Defendant is based upon an allegation inconsistent with the operative Short Form Complaint and/or Census Plus Form, these shall be amended by the end of the month. Likewise, if the Filed Plaintiff agrees to dismiss certain Defendants, this shall be completed by the end of the month (*e.g.*, November 30 for the first list provided on November 2, 2020). The Special Master may, in her discretion, extend the deadline

6

to amend to ensure that individual Short Form Complaints are not being updated more than once a month or otherwise placing an unnecessary burden on the Court's clerk.

H.     The parties will have an additional fourteen days to meet and confer to resolve any dispute that remains after the Defendants receive the composite reply from Plaintiffs' Co-Lead Counsel.  The Parties may agree to extend the period to meet and confer, or the Special Master may grant an extension of time for good cause if the parties cannot agree.  A party may request the assistance of the Special Master, if the party does not believe the dispute will be resolved without her assistance.

I.     It is anticipated that, where a Defendant requests removal/dismissal based on information submitted for the first time or unusual factors that require additional time for consideration, the Special Master may grant any necessary extension for good cause.  In addition, as the MDL continues to develop and evolve, it is anticipated that the process for dismissals may also evolve to meet the changing needs of the parties.  The parties are directed to continue to meet and confer from time to time with the Special Master about whether any changes to this process would be useful as the MDL proceeds.

J.     Should the Parties not be able to resolve requested dismissals during the meet and confer process, the Special Master may recommend a procedure to request the assistance of the Court in resolving the dispute.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 9th day of October, 2020.

                                                **ROBIN L. ROSENBERG**
                                                **UNITED STATES DISTRICT JUDGE**