**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2924<br><br>Civil Action No. 9:20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

THIS DOCUMENT RELATES TO: ALL CASES

**PLAINTIFFS' *EXPEDITED* MOTION TO DEFER NOVEMBER 9 DEADLINE TO OPPOSE PERSONAL JURISDICTION MOTIONS OF SIX NON-U.S. DEFENDANTS AND TO AUTHORIZE JURISDICTIONAL DISCOVERY AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs request entry of an Order (i) deferring the November 9, 2020 deadline to file their oppositions to six motions to dismiss for lack of personal jurisdiction filed by non-U.S. Defendants, and (ii) authorizing Plaintiffs to conduct jurisdictional discovery. The parties met and conferred throughout this week, but were unable to agree on the relief requested herein. Plaintiffs seek to move forward without delay in light of the November 9, 2020 deadline and overall case schedule and deadlines. Hence, Plaintiffs respectfully request expedited relief.[1]

**Introduction**

On June 22, 2020, the Plaintiffs' Steering Committee filed the Master Personal Injury Complaint [DE 887], Consolidated Third Party Payor Class Complaint [DE 888], and Consolidated Consumer Class Action Complaint [DE 889] (collectively, the "Master Complaints"). The Master Complaints named as Defendants a number of non-U.S. entities, as well as their respective U.S. subsidiaries or affiliates. The Master Complaints included allegations

---

[1] Pursuant to Local Rule 7.1(d)(2), and for the reasons discussed in this motion, Plaintiffs request that the Court expedite briefing and ruling on this motion.

supporting personal jurisdiction over the non-U.S. entities, as well as their U.S. subsidiaries and affiliates.[2]

On July 30, 2020, the Court entered PTO # 36 – Order on Schedule for Rule 12 Motions to Dismiss – that established deadlines, topics and page limits for rule 12 motions and associated briefing in this multidistrict litigation. [DE 1346]. Relevant here, PTO # 36 set October 8, 2020 as the deadline for personal jurisdiction motions by all non-U.S. Defendants and November 9, 2020 as the deadline for Plaintiffs' oppositions to such motions.[3]

On October 8, 2020, six non-U.S. Defendants, Aurobindo Pharma, Ltd., Apotex, Inc., Ajanta Pharma Ltd., Cadila Healthcare Ltd., Wockhardt Ltd., and Acic Pharmaceuticals, Inc., filed motions to dismiss based on lack personal jurisdiction.[4] [DE 2041, 2042, 2043, 2046, 2047, 2048]. The movants also filed a joint memorandum in support of the six motions. [DE 2040].

All three Master Complaints contain jurisdictional allegations that establish *prima facie* personal jurisdiction over the six non-U.S. Defendants. *See*, *e.g*. DE 887 at ¶¶ 144, 216-223 (alleging jurisdiction exists in federal judicial jurisdictions identified in each Short Form Complaint, as well as in each of the States and Territories of the United States; DE 888 at ¶¶ 15-

---

[2] Plaintiffs also filed separate Statements Concerning Personal Jurisdiction, Venue and Direct-Filing relating to the Third Party Payor and Consumer Class Complaints. [DE 893 & 894].

[3] As we advised the Court during the August 14, 2020 in-chambers conference, the provisions in PTO # 36 relating to the filing and briefing schedule for personal jurisdiction motions by non-U.S. Defendants were included by Defendants' counsel as part of the July 29, 2020 submission without first raising or conferring with Plaintiffs' counsel. As such, the provisions in PTO # 36 relating to personal jurisdiction motions by non-U.S. Defendants and the briefing schedule on such motions were set without input from Plaintiffs' counsel, including provisions for jurisdictional discovery.

[4] On October 7, 2020, five other non-U.S. Defendants filed an *Unopposed* Motion for an Extension of Time to File Motions Contesting Personal Jurisdiction. [DE 2031]. The Court granted that motion the following day. [DE 2033].

18, 121 (alleging personal jurisdiction in each of the States and Territories of the United States including, *inter alia*, because of actions of agents and alter egos, and jurisdiction in remand courts pursuant to 28 U.S.C. §1407(a)); DE 889 at ¶¶ 16-19, 357 (same). The Master Complaints also contain allegations that each "family" of Defendants are "collectively composed of entities that designed, manufactured, marketed, distributed, labeled, packaged, handled, stored, and/or sold ranitidine" [DE 887 at ¶20], including the corporate families of the six non-U.S. Defendants that are currently challenging personal jurisdiction.[5]

The motions filed by the six non-U.S. Defendants raise *factual* challenges to the exercise of personal jurisdiction by attaching separate affidavits from representatives of the corresponding non-U.S. Defendants asserting facts in support of each movant's specific jurisdictional arguments. *See* DE 2041-1, 2042-1, 2043-1, 2046-1, 2047-1, 2048-1. While not identical, the factual assertions in five of the six declarations generally address the following topics:

- the country of incorporation, citizenship and principal place of business are outside the United States;

- the non-U.S. Defendant does not maintain any office, facilities, property, employees, registered agent or bank accounts in the United States;

- the non-U.S. Defendant is not registered to do business in any state in the United States;

- the non-U.S. Defendant obtained one or more ANDAs from the FDA relating to the manufacture of ranitidine containing products;

- the non-U.S. Defendant has one or more U.S. subsidiary(ies) or affiliated entity(ies) that is/are a Defendant(s) in this litigation;

---

[5] Aurobindo Pharma, Ltd. [DE 887 at ¶¶ 60-64; DE 888 at ¶¶ 59-63; DE 889 at ¶¶ 293-297]; Apotex, Inc. [DE 887 at ¶¶ 55-58; DE 888 at ¶¶ 55-58; DE 889 at ¶¶ 289-292]; Ajanta Pharma Ltd. [DE 887 at ¶¶ 41-44; DE 888 at ¶¶ 46-49; DE 889 at ¶¶ 277-280]; Cadila Healthcare Ltd. [DE 887 at ¶¶ 140-143; DE 888 at ¶¶ 117-120; DE 889 at ¶¶ 353-356]; Wockhardt Ltd. [DE 887 at ¶¶ 135-139; DE 888 at ¶¶ 112-116; DE 889 at ¶¶ 348-352]; and Acic Pharmaceuticals, Inc. [DE 887 at ¶¶ 38-40].

- the non-U.S. Defendant engaged its U.S. subsidiary(ies) or affiliate(s) (Defendant(s) in this litigation) as its authorized representative for all matters related to the ANDAs and for purposes of communication with the FDA;

- the non-U.S. Defendant did not manufacture, directly sell, or directly distribute any ranitidine products in the United States;

- the non-U.S. Defendant shipped its ranitidine products to its U.S. subsidiary(ies) or affiliate(s) (Defendant(s) in this litigation) which, in turn, sold and distributed those medications in the United States;

- all decisions about the amounts of finished ranitidine containing product to import, customers, and where it would be distributed, were made by the U.S. subsidiary(ies) or affiliate(s) (Defendant(s) in this litigation), not by the non-U.S. Defendant; and

- the operations of the non-U.S. Defendant are separate from the business operations of the U.S. subsidiary(ies) or affiliate(s), and the non-U.S. Defendant and its U.S. subsidiary(ies) or affiliate(s) observe corporate formalities.

*See generally* DE 2041-1, 2042-1, 2043-1, 2046-1 and 2047-1. The sixth movant's affidavit contains many of the same factual averments and states that, while it never manufactured ranitidine containing products, it imported and brokered the sale of ranitidine between an unnamed foreign manufacturer and four unnamed generic manufacturers in the United States. *See* DE 2048-1.

Because Defendants submitted evidence in support of their motions, Plaintiffs now have the burden to establish personal jurisdiction with evidence and are entitled to discovery of that evidence to prove their theory of personal jurisdiction over these parties. More specifically, Plaintiffs are entitled to serve document requests and interrogatories and take depositions and obtain evidence demonstrating that personal jurisdiction is proper and to counter the movants' factual assertions otherwise. It is axiomatic that such jurisdictional discovery cannot be completed prior to the November 9, 2020 opposition deadline under PTO # 36. Therefore, Plaintiffs respectfully request that this Court defer the November 9, 2020 deadline for their oppositions to the six personal jurisdiction motions and authorize Plaintiffs to proceed with jurisdictional

discovery. Plaintiffs are filing this motion promptly following receipt of the jurisdictional motions so we can be relieved of the November 9 deadline and begin working on jurisdictional discovery.

### Argument

Because the six non-U.S. Defendants launched a factual attack on the Master Complaints' jurisdictional allegations, Plaintiffs are entitled to jurisdictional discovery before responding to the motions challenging personal jurisdiction. Where a defendant challenges personal jurisdiction through evidentiary means, "'the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents.'" *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009) (quoting *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996)). Because the plaintiff bears the burden of proof, the Eleventh Circuit has held "the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984). In this sense, "jurisdictional discovery is not entirely discretionary." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982).[6] "While some circuits allow jurisdictional discovery more freely than others, the Eleventh Circuit has observed that jurisdictional discovery is *highly favored* before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction." *Vorbe v. Morisseau*, No. 14–CV–20751, 2014 WL 3928554, at *3 (S.D. Fla. Aug. 12, 2014) (emphasis in original) (internal quotation marks omitted). Indeed, "Eleventh Circuit precedent indicates that jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction." *S.A.S.B. Corp. v.*

---

[6] *See e.g., Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (a motion to dismiss for lack of personal jurisdiction may require limited discovery so that a meaningful ruling can be made).

*Concordia Pharm.*, No. 16-14108, 2016 2016 WL 10953760, at *2 (S.D. Fla. Aug. 26, 2016) (citing *Eaton*, 692 F.2d at 731).

This is for good reason, as, "[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996), *abrogated on other grounds by Samantar v. Yousuf*, 560 U.S. 305 (2010).

As a result, courts in this district and across the country routinely defer ruling on personal jurisdiction motions until the parties have had an opportunity to conduct jurisdictional discovery. *See Ecomed, LLC v. Asahi Kasei Med. Co.*, No. 17-CV-61360, 2018 WL 6620467, at *1 (S.D. Fla. Nov. 27, 2018) (Rosenberg, J.) (noting, in ruling on motion to dismiss for lack of personal jurisdiction, that the Court had permitted jurisdictional discovery); *McCullough v. Royal Caribbean Cruises, Ltd.*, No. 16-CV-20194, 2017 WL 6372619, at *1 (S.D. Fla. Jan. 11, 2017); *UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings, Inc.*, No. 16-81180-CIV, 2016 WL 8794534, at *2 (S.D. Fla. Dec. 5, 2016); *see also In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 583 (5th Cir. 2014) (case remanded to allow district court to address motion to vacate the default judgment after extensive discovery regarding personal jurisdiction); *Burnett v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86, 97 (D.D.C. 2003); *In re Vitamins Antitrust Litig.*, 120 F. Supp. 2d 58, 64 (D.D.C. 2000).

Plaintiffs are moving for jurisdictional discovery promptly after the six non-U.S. Defendants filed their motions, and well before the November 9 deadline for responding, a fact that favors granting jurisdictional discovery. *See, e.g. Elardi v. I.S. Makinen Oy*, No. 19-22229-Civ, 2019 WL 6003210, at *3 (S.D. Fla. Nov. 14, 2019) (permitting jurisdictional discovery where

plaintiff promptly moved to seek jurisdictional discovery soon after motion to dismiss was filed).[7] On the other hand, courts have denied jurisdictional discovery where plaintiffs were dilatory in moving for discovery or included vague requests for discovery as "alternative relief" in opposing motions to dismiss. *Compare, e.g. Hinkle v. Cirrus Design Corp.*, 775 F. App'x 545, 550 (11th Cir. 2019) (district court did not abuse discretion in denying request for jurisdictional discovery made in an "incidental fashion" as part of motion to dismiss briefing); *United Techs. Corp. v Mazer*, 556 F.3d 1260, 1280-81 (11th Cir. 2009) (upholding denial of jurisdictional discovery request where a party "buried such requests in its briefs" instead of presenting them in a motion); *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1156-58 (S.D. Fla. 2019) (denying jurisdictional discovery request "buried" in opposition to motion to dismiss where case was pending for four years, defendants did not attach any affidavit or declaration evidence to its motion to dismiss, and plaintiffs did not timely move for jurisdictional discovery).

Based on the foregoing, Plaintiffs request that this Court defer the November 9, 2020 deadline for their oppositions and authorize Plaintiffs to conduct jurisdictional discovery regarding the pending motions. Toward that end, Plaintiffs request the following relief:

- defer the November 9, 2020 deadline to respond to the six jurisdictional motions pending the completion of jurisdictional discovery and authorize Plaintiffs to conduct jurisdictional discovery;

- authorize Plaintiffs to serve initial written jurisdictional discovery within ten (10) days following entry of the Order;

- direct the parties to meet and confer following service of the initial written jurisdictional discovery to discuss the scope and schedule for jurisdictional discovery; and

---

[7] *Cf. Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (no error where district court dismissed case before any discovery efforts were made and where only allusion to jurisdictional discovery was on first page of opposition to the motion to dismiss filed five months after the motion to dismiss).

7

- establish a reasonable deadline for the parties to submit a proposed agreed scope and schedule, or competing scopes and schedules, for jurisdictional discovery.

## Conclusion

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order (i) deferring the November 9, 2020 deadline to oppose the six pending personal jurisdiction motions and (ii) authorizing Plaintiffs to engage in personal jurisdiction discovery.

## Local Rule 7.1 Certification

Pursuant to Local Rule 7.1(a)(3), the undersigned certifies that, prior to filing this motion, they met and conferred with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues raised, but the parties have been unable to do so. Specifically, beginning on Monday, October 12, 2020 and continuing through Thursday, October 15, 2020, the parties engaged in multiple meet and confers via email and face-to-face (via Zoom) in an effort to resolve the issues raised herein. While the non-U.S. Defendant movants are agreeable to defer the November 9, 2020 deadline for Plaintiffs' opposition to the six personal jurisdiction motions, they would not agree to Plaintiffs' request to conduct jurisdictional discovery.

DATED: October 16, 2020.

Case 9:20-md-02924-RLR Document 2094 Entered on FLSD Docket 10/16/2020 Page 9 of 12

Respectfully submitted,

/s/ *Tracy A. Finken*
Tracy A. Finken
Email: tfinken@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-1130

By: /s/ *Robert C. Gilbert*
Robert C. Gilbert, FBN 561861
Email: gilbert@kolawyers.com
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (305) 384-7270

/s/ *Michael L. McGlamry*
Michael L. McGlamry
Email: efile@pmkm.com
POPE McGLAMRY, P.C.
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706

/s/ *Adam Pulaski*
Adam Pulaski
Email: adam@pulaskilawfirm.com
PULASKI KHERKHER, PLLC
2925 Richmond Avenue, Suite 1725
Houston, TX 77098
Tel: (713) 664-4555

*Plaintiffs' Co-Lead Counsel*

Rosemarie R. Bogden
Email: Rosemarie.bogdan@1800law1010.com
MARTIN, HARDING & MAZZOTTI
1222 Troy-Schenectady Road
Niskayuna, NY 12309
Tel: (518) 862-1200

Mark J. Dearman, FBN 0982407
Email: mdearman@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel: (561) 750-3000

Elizabeth A. Fegan
Email: beth@feganscott.com
FEGAN SCOTT, LLC
1456 Sycamore Rd.
Yorkville, IL 60560
Tel: (312) 741-1019

Marlene J. Goldenberg
Email: mjgoldenberg@goldenberglaw.com
GOLDENBERG LAW, PLLC
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Tel: (855) 333-4662

Ashley Keller
Email: ack@kellerlenkner.com
KELLER | LENKNER
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
Tel: (312) 741-5222

Roopal P. Luhana
Email:  luhana@chaffinluhana.com
CHAFFIN LUHANA LLP
600 Third Avenue, 12th Floor
New York, NY  10016
Tel: (888) 480-1123

Ricardo M. Martinez-Cid, FBN 383988
Email: RMartinez-Cid@Podhurst.com
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Avenue, Suite 3200
Miami, FL 33130
Tel: (305) 358-2800

Melanie H. Muhlstock
Email: mmuhlstock@yourlawyer.com
PARKER WAICHMAN LLP
9 Evelyn Road
Port Washington, NY 11050
Tel: (516) 723-4629

Carmen S. Scott
Email: cscott@motleyrice.com
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9160

Frederick S. Longer
Email: flonger@lfsblaw.com
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500

Francisco R. Maderal, FBN 0041481
Email: frank@colson.com
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Tel: (305) 476-7400

Lauren S. Miller
Email: lmiller@corywatson.com
CORY WATSON, P.C.
2131 Magnolia Ave S
Birmingham, AL 35205
Tel: (205) 271-7168

Daniel A. Nigh, FBN 30905
Email: dnigh@levinlaw.com
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL  32502
Tel: (888) 435-7001

Mikal C. Watts
Email: mcwatts@wattsguerra.com
WATTS GUERRA LLP
4 Dominion Drive
Building 3, Suite 100
San Antonio, TX  78257
Tel: (800) 294-0055

| | |
|---|---|
| Sarah N. Westcot, FBN 1018272<br>Email: swestcot@bursor.com<br>BURSOR & FISHER, P.A.<br>701 Brickell Ave., Suite 1420<br>Miami, FL 33131-2800<br>Tel: (305) 330-5512 | Conlee S. Whiteley<br>Email: c.whiteley@kanner-law.com<br>KANNER & WHITELEY, L.L.C.<br>701 Camp Street<br>New Orleans, LA 70130<br>Tel: (504) 524-5777 |

Frank Woodson
Email: Frank.Woodson@BeasleyAllen.com
BEASLEY ALLEN LAW FIRM
234 Commerce St
Montgomery, AL 36103
Tel: (334) 269-2343

*Plaintiffs' Steering Committee*
*Plaintiffs' Law and Briefing Committee Co-Chairs*
*Plaintiffs' Liaison Counsel*

| | |
|---|---|
| Paige Boldt<br>Email: pboldt@wattsguerra.com<br>WATTS GUERRA LLP<br>1815 Windsong Circle<br>Keller, TX 76248<br>Tel: (210) 447-1534 | Je Yon Jung<br>Email: JJung@maylightfootlaw.com<br>MAY LIGHTFOOT PLLC<br>2579 N. Avalon Avenue<br>Orange, CA 92867<br>Tel: (202) 506-3591 |
| Adam W. Krause<br>Email: adam@krauseandkinsman.com<br>KRAUSE AND KINSMAN, LLC<br>4717 Grand Avenue, Suite 300<br>Kansas City, MO 64112<br>Tel: (816) 760-2700 | Nicola Larmond-Harvey, FBN 0105312<br>Email: nicola@saunderslawyers.com<br>SAUNDERS & WALKER, P.A.<br>3491 Gandy Boulevard North, Suite 200<br>Pinellas Park, FL 33781<br>Tel: (727) 579-4500 |

Bradford B. Lear
Email: Lear@learwerts.com
LEAR WERTS LLP
103 Ripley Street
Columbia, MO 65203
Tel: (573) 875-1992

*Plaintiffs' Leadership Development Committee*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

/s/ *Robert C. Gilbert*
Robert C. Gilbert