FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                                       MDL NO. 2924
PRODUCTS LIABILITY                                             20-MD-2924
LITIGATION

                                         JUDGE ROBIN L. ROSENBERG
                          MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

---

**THE DISTRIBUTOR DEFENDANTS'
REPLY MEMORANDUM OF LAW IN SUPPORT OF
THEIR RULE 12 MOTION TO DISMISS ON THE GROUND OF PREEMPTION**

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................1

II. ADOPTION OF OTHER GROUPS' ARGUMENTS......................................................2

III. ARGUMENT..........................................................................................................2

    A. Plaintiffs Attempt to Side-Step Their Insufficient Factual Allegations Against Distributors by Improperly Shifting the Burden to Defendants .........................................................................................2

    B. Federal Law Pursuant to *Mensing/Bartlett* Preempts All Claims Against Distributors ...............................................................................3

    C. Plaintiffs Do Not Respond to Distributors' Arguments Under the Drug Security Act, and Misinterpret the Statute When Attempting to Respond to Retailers and Pharmacies' Arguments...........................................4

        1. By Failing to Respond to Distributors' Arguments Under the Drug Security Act, Plaintiffs Have Conceded Those Arguments...............................................................................................4

        2. To the Extent That Plaintiffs' Arguments Can Be Applied to Distributors, Plaintiffs Mischaracterize and Incorrectly Apply the Drug Security Act's Broad Exemption Provision....................5

    D. Plaintiffs Do Not Respond to Distributors' Arguments Related to The Magnuson-Moss Warranty Act, and Thus They Should Be Deemed Conceded .........................................................................................9

IV. CONCLUSION.....................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Branch Banking & Tr. Co.*,
    119 F. Supp. 3d 1328 (S.D. Fla. 2015) ..................................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................2, 3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................2, 3

*Buckman Co. v. Plaintiffs' Legal Committee*,
    531 U.S. 341 (2001) ..................................................................................................................4

*Cipollone v. Liggett Grp., Inc.*,
    505 U.S. 504 (1992) ..................................................................................................................7

*Colgate v. JUUL Labs, Inc.*,
    345 F. Supp. 3d 1178 (N.D. Cal. 2018) ....................................................................................8

*Dapeer v. Neutrogena Corp.*,
    95 F. Supp. 3d 1366 (S.D. Fla. 2015) ........................................................................................3

*In re Fontem US, Inc. Consumer Class Action Litigation*,
    No. SACV 15-01026 JVS (RAOx), 2017 WL 10402988
    (C.D. Cal. Mar. 8, 2017) ............................................................................................................8

*Gilmour v. Gates, McDonald & Co.*,
    382 F.3d 1312 (11th Cir. 2004) ..................................................................................................4

*GVB MD v. Aetna Health Inc.*,
    No. 19-22357-CIV, 2020 WL 1692635 (S.D. Fla. Apr. 7, 2020) ................................................9

*Ileto v. Glock, Inc.*,
    565 F.3d 1126 (9th Cir. 2009) ....................................................................................................8

*Jones v. Bank of Am., N.A.*,
    564 F. App'x 432 (11th Cir. 2014) ..............................................................................................4

*Landgraf v. USI Film Products*,
    511 U.S. 244 (1994) ..................................................................................................................7

*Mutual Pharmaceutical Co. v. Bartlett*,
    570 U.S. 472 (2013) ........................................................................................................2, 3, 4

*PLIVA, Inc. v. Mensing*,
  564 U.S. 604 (2011) ............................................................................................2, 3, 4

*Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*,
  917 F.3d 1249 (11th Cir. 2019) .....................................................................................3

*Sandoval v. PharmaCare US, Inc.*,
  145 F. Supp. 3d 986 (S.D. Cal. 2015) ........................................................................10

*Siegmund v. Xuelian*,
  No. 12-62539-CIV, 2016 WL 3186004 (S.D. Fla. June 8, 2016) ................................9

*Smith v. Teva Pharms. USA, Inc.*,
  437 F. Supp. 3d 1159 (S.D. Fla. 2020) ....................................................................3, 4

*Tamayo v. Blagojevich*,
  526 F.3d 1074 (7th Cir. 2008) ..................................................................................2, 3

**Statutes**

21 U.S.C. §§ 360eee .............................................................................................................1

21 U.S.C. § 360eee-4(a) ...............................................................................................5, 6, 7

**Rules**

Fed. R. Civ. P. 12(b)(6) ....................................................................................................2, 3

## I.  INTRODUCTION

In their Opposition to Distributor, Retailer, and Pharmacy Defendants' Rule 12 Motions to Dismiss on Preemption Grounds, ECF No. 1977, Plaintiffs fail to make any arguments that could justify denying Distributors'[1] Motion to Dismiss on Preemption, ECF No. 1583, ("Distributors' Motion" or "Mot."). Instead, Plaintiffs make striking admissions—about Distributors' inability to design Zantac or generic ranitidine-containing products ("RCPs") or change their labels—that support Distributors' Motion. *See* Opp. at 2 (acknowledging that "[n]o court or legislature expects a [distributor] to detect and fix defects in drugs any more than in Coca-Cola or a lawn mower"). Similarly, Plaintiffs agree that the Drug Supply Chain Security Act, 21 U.S.C. §§ 360eee *et seq.*, (the "Drug Security Act" or the "Act") preempts tracing requirements more stringent to or different than those in the Act, which, instead of rebutting Distributors' arguments, in fact supports them.

Notwithstanding Plaintiffs' concessions and outright admissions undermining their arguments, Plaintiffs suggest that this Court should deny Distributors' Motion to Dismiss based on two overarching and inapposite arguments. First, Plaintiffs contend that Distributors are "absolutely" liable under *state law* and, therefore, *federal* preemption should not apply. Second, Plaintiffs argue that that the Drug Security Act is far more limited in scope than the plain language of the statute indicates. These arguments fail and the Court should dismiss the Complaints with prejudice as to Distributors.

---

[1] The Distributor Defendants are AmerisourceBergen Corporation, Cardinal Health, Inc., and McKesson Corporation (collectively, the "Distributors"). Distributors refer to the Master Personal Injury Complaint ("PI Complaint") and Consolidated Consumer Class Action Complaint "Consumer Complaint" collectively as the "Complaints." Distributors are not named in the Consolidated Third Party Payor Complaint.

## II.     ADOPTION OF OTHER GROUPS' ARGUMENTS

To avoid repeating duplicative arguments, Distributor Defendants adopt and incorporate all arguments in the Generic Manufacturers' and Repackagers' Reply In Support of Their Rule 12 Motion to Dismiss on the Ground of Preemption ("Generics Reply"), Brand Manufacturers' Reply In Support of Their Rule 12 Motion to Dismiss on Preemption ("Brands Reply"), and Retailers' and Pharmacies' Reply In Support of Their Rule 12 Motion to Dismiss on the Ground of Preemption ("Retailers and Pharmacies Reply") that provide grounds for dismissal of Distributor Defendants from Plaintiffs' Complaints.  This specifically includes Generics Reply arguments on preemption of all state law tort claims under *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011) and *Mutual Pharmaceutical Co. v. Bartlett*, 570 U.S. 472 (2013), and the Magnuson-Moss Warranty Act, Brands Reply arguments on preemption under the Food Drug and Cosmetic Act ("FDCA"), and Retailers and Pharmacies Reply arguments on *Mensing*/*Bartlett* conflict preemption and the Drug Security Act.

## III.    ARGUMENT

### A.     Plaintiffs Attempt to Side-Step Their Insufficient Factual Allegations Against Distributors by Improperly Shifting the Burden to Defendants

At the threshold, Plaintiffs proffer a misleading and inaccurate legal standard for a Rule 12 motion to dismiss.  *See* Opp. at 3-4.  Plaintiffs do not cite *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) or *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) —the two seminal Supreme Court cases outlining the appropriate legal standard for a motion to dismiss under Rule 12(b)(6).

Instead, Plaintiffs cite two inapposite cases for the purported proposition that a "defendant must show that a plaintiff 'plead[ed] itself out of court by pleading facts that establish an impenetrable defense to its claims.'"  Opp. at 3 (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008)).  Plaintiffs first rely upon a decision that predates *Iqbal* and *Twombly*

2

by more than twenty years. Plaintiffs then put forth a misleading citation to dicta in an opinion from outside the Eleventh Circuit. The unaltered sentence reads, "Our case law recognizes that a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims." *Tamayo*, 526 F.3d at 1086. To survive a Rule 12(b)(6) motion to dismiss post *Iqbal* and *Twombly*, a complaint must state sufficient facts to state a claim for relief against the specific defendant that is plausible on its face. *Dapeer v. Neutrogena Corp.*, 95 F. Supp. 3d 1366, 1372 (S.D. Fla. 2015) (citing *Iqbal*, 556 U.S. at 678). A complaint must contain sufficient allegations to "state a claim for relief that is plausible, not merely possible." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1260 (11th Cir. 2019). Plaintiffs' misstatement of the long-standing, black letter, and required federal standard for a motion to dismiss is an implicit acknowledgement that their Complaints do not meet—and cannot meet— the actual standard.

      **B.**    **Federal Law Pursuant to *Mensing/Bartlett* Preempts All Claims Against Distributors**

Distributors adopt and incorporate all arguments made in Retailers and Pharmacies Reply at Sections I.A-I.C, which explain in detail why Plaintiffs' arguments that their claims are not preempted fail under the Supreme Court precedent set in *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011) and *Mutual Pharmaceutical Co. v. Bartlett*, 570 U.S. 472 (2013). Plaintiffs name Distributors in the same counts of the PI Complaint and Consumer Complaint as the Retailers and Pharmacies, and thus, the arguments apply equally.

Like Retailers and Pharmacies, the FDCA prohibits Distributors from changing the formulation of or warning labels for the drugs they distribute, which preempts failure to warn claims. *Smith v. Teva Pharms. USA, Inc.*, 437 F. Supp. 3d 1159, 1165-67 (S.D. Fla. 2020) (determining that federal law prohibited distributors from changing labels and, accordingly,

3

failure to warn claims against them were preempted).  Similarly, like Retailers and Pharmacies, design defect claims against Distributors are preempted.  *Id*. (dismissing not only failure to warn claim but also design defect and negligence claims against distributors as preempted).

As explained in Retailers and Pharmacies Reply, Plaintiffs' arguments designed to reframe their failure to warn and design defect allegations as absolute and strict liability and as misbranding do not cure federal preemption of state-law tort claims prohibited under *Mensing* and *Bartlett*, or implied preemption under *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001).  And Plaintiffs cannot amend the Complaints through an opposition to a motion to dismiss.  *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).  Nor does Plaintiffs' attempt to separate their negligence claims from their preempted failure to warn and design defect claims survive Distributors' Motion to Dismiss.  Thus, as each of Retailers and Pharmacies' arguments apply equally to Distributors, the Court should dismiss Plaintiffs' Complaints with prejudice.

### C. Plaintiffs Do Not Respond to Distributors' Arguments Under the Drug Security Act, and Misinterpret the Statute When Attempting to Respond to Retailers and Pharmacies' Arguments

#### 1. By Failing to Respond to Distributors' Arguments Under the Drug Security Act, Plaintiffs Have Conceded Those Arguments

As an initial matter, this Court should deem Distributors' arguments under the Drug Security Act conceded because Plaintiffs failed to respond to Distributors' arguments.  Indeed, Plaintiffs do not cite to Distributors' Motion or arguments related to the Drug Security Act, *see* Opp. at 14-17, which permits the Court to consider any opposition to those arguments abandoned.  *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("[W]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned.") (internal quotation marks and citation omitted); *see also*

*Anderson v. Branch Banking & Tr. Co.*, 119 F. Supp. 3d 1328, 1345 (S.D. Fla. 2015) (collecting cases stating same). Accordingly, this Court should grant Distributors' Motion under the Drug Security Act, and dismiss with prejudice Plaintiffs' claims.

> 2. To the Extent That Plaintiffs' Arguments Can Be Applied to Distributors, Plaintiffs Mischaracterize and Incorrectly Apply the Drug Security Act's Broad Exemption Provision

As explained in Distributors' Motion, the Drug Security Act includes a broad and comprehensive preemption provision to protect entities at various levels of the prescription pharmaceutical supply chain from being subject to a patchwork of differing and, often, conflicting state laws regarding the supply chain. Distributors' Mot. at 8-10; *see also* Retailers and Pharmacies Mot. to Dismiss, ECF No. 1584, at 15-18. The relevant provision expressly preempts claims imposing state requirements that are "inconsistent with, more stringent than, or in addition to" any requirements applicable under the Drug Security Act, including requirements relating to traceability, including investigation, of drug products. 21 U.S.C. § 360eee-4(a). The preemption provision is intentionally broad to protect entities in the supply chain from having to comply with state laws that are more stringent than or not identical to the federal requirements.

Yet, Plaintiffs argue that the clear and broad express preemption language contained in the Drug Security Act somehow fails to insulate Distributors from the claims that Plaintiffs apparently allege against Distributors.[2] Even though Plaintiffs agree that the Drug Security Act

---

[2] Based on Plaintiffs' impermissible shotgun pleadings, it is impossible to identify which claims and assertions Plaintiffs actually allege against Distributors. And because Plaintiffs admit that Distributors merely distribute RCPs, the heart of Plaintiffs' case—"[t]he core liability issue in this case are general causation and knowledge – does Zantac cause cancer and, if so, did [Defendants] know or should have known?"—has nothing to do with Distributors. *See* September 16, 2020 Discovery Order, ECF No. 1841, at 6.

5

preempts claims based on tracing drugs through the supply chain, *see* Opp. at 15, Plaintiffs assert two arguments in response.[3]

*First*, Plaintiffs contend that their claims are not based in product tracing and, therefore are not preempted by the Drug Security Act. Opp. at 16 ("Plaintiffs allege no failure of tracing prescription drugs, and Defendants cannot tie a failure-to-trace to *any* of the asserted claims."). The plain text of the Act, however, contradicts Plaintiffs' assertion, as it expressly defines the "requirements for tracing products" as "any requirements with respect to" (1) "transaction statement[s]," (2) "verification," (3) "investigation," or (4) "recordkeeping." Accordingly, the Act preempts anything inconsistent with or in addition to *any* of the Act's related requirements. 21 U.S.C. § 360eee-4(a). Plaintiffs do not explain how "product tracing" means anything other than the entirety of the Act's requirements.

Recognizing the full scope of the Drug Security Act, Plaintiffs' assertion that they have not alleged a failure to trace are belied by the allegations themselves. Plaintiffs have included numerous allegations that Defendants, including Distributors, "deliberately refused to *investigate*" the alleged dangers in RCPs. *E.g.*, Consumer Compl. ¶¶ 1147, 1246, 3173.[4] Those allegations, and corresponding alleged requirements on Distributors, are precisely what the Act

---

[3] Plaintiffs also assert that this Court would be the first to cite the preemption provision as an apparent argument that this Court should not rely on the express language of the statute. *See* Opp. at 15. While Plaintiffs are correct that courts have not previously cited the provision, it is due only to the recent passage of the Act and, more fundamentally, the fact that courts long ago recognized that Distributors are not subject to faultless liability claims. *See* Distributors Motion to Dismiss on Various Group-Specific Grounds, ECF No. 2045, at 8-19 (identifying jurisdictions that prohibit faultless liability for Distributors). The breadth of the Act's preemption clause is not tied to the number of plaintiffs who have pursued this argument.

[4] Distributors pointed to these allegations in their Motion to Dismiss. Distributors' Mot. at 10. Plaintiffs entirely ignore this point by responding only to the Retailers and Pharmacies Motion to Dismiss.

expressly preempts as they impose more stringent requirements on Distributors than the Drug Security Act does.

*Second*, Plaintiffs seek to limit the scope of the preemption clause by arguing it only preempts claims based on *conduct* occurring after its enactment, not *claims* brought after its enactment relating to prior conduct. Opp. at 16-17. Putting aside that Plaintiffs have not alleged any wrongful conduct on the part of the Distributors—and indeed, admit that the Distributors could not have done anything to make RCPs safer—this argument ignores the express language of the Act, which confirms that "beginning on November 27, 2013," states may not "establish or continue in effect" any more stringent requirements than what the Act proscribes.[5] 21 U.S.C. § 360eee-4(a). Plaintiffs' state law actions, filed years after November 27, 2013, would otherwise be "continu[ing] in effect" requirements upon the Distributors in conflict with those set forth in the Act.

Plaintiffs primarily rely on *Landgraf v. USI Film Products*, 511 U.S. 244 (1994) for their arguments against retroactivity. But *Landgraf* is off-point. First, the *Landgraf* presumption against retroactivity in *punitive* statutes is based on fundamental fairness principles that require individuals to know what the law is and conform their conduct accordingly. *Id*. at 245. The Drug Security Act is the opposite of a punitive statute; it is intended to *shield* entities from potentially more stringent requirements imposed by states. Second, *Landgraf* states that when retroactivity is not expressly stated, a court must carefully evaluate the statutory language. *Id*. at 268 (stating that the determination on retroactivity is not "a simple or mechanical task"). That is precisely what the Court should do here, and the Court should ultimately conclude that any

---

[5] This prohibition includes common-law damages actions. *See Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 521 (1992).

state tort-law obligation placed upon the Distributors is now impermissible under the Drug Security Act.

Indeed, *In re Fontem US, Inc. Consumer Class Action Litigation*, No. SACV 15-01026 JVS (RAOx), 2017 WL 10402988 (C.D. Cal. Mar. 8, 2017) rejects Plaintiffs' arguments. The plaintiffs in *Fontem* made a nearly identical argument to the one made here: that the federal statute at issue does not preclude state-law claims brought after the date of enactment. In clarifying its prior holding that the federal statute—the FDCA—preempted the state requirements at issue, the court in the Central District of California determined that the words "[n]o State . . . may establish or ***continue in effect***" —i.e., precisely the same language included in the Drug Security Act— "demonstrates a clear Congressional intent" to have preemption apply retroactively. *Id*. at *3 (citing *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1138 (9th Cir. 2009)) (emphasis added); *see also Colgate v. JUUL Labs, Inc.*, 345 F. Supp. 3d 1178, 1189 (N.D. Cal. 2018) (agreeing with *Fontem* that the inclusion of "may establish or continue in effect" prohibited the plaintiffs from pursuing claims based on conduct that occurred before the enactment of the statute). The *Fontem* court further held:

> It is clear to this court that this statutory language evinces an intention to prohibit the imposition of new requirements by the States that would differ from or conflict with federal requirements, and *to bar the continuing application of any conflicting State requirements that may have existed before the Preemption Clause came into effect.*

*Fontem*, 2017 WL 10402988, at *5 (emphasis in original).

The situation is the same here, and Plaintiffs' claims related to prescription RCPs must be dismissed as preempted under the plain language of the Drug Security Act.

> D.  **Plaintiffs Do Not Respond to Distributors' Arguments Related to The Magnuson-Moss Warranty Act, and Thus They Should Be Deemed Conceded**

As discussed above, under well-settled precedent, arguments not refuted in response to a motion to dismiss are conceded. *GVB MD v. Aetna Health Inc.*, No. 19-22357-CIV, 2020 WL 1692635, at *4, n.5 (S.D. Fla. Apr. 7, 2020); *see also Siegmund v. Xuelian*, No. 12-62539-CIV, 2016 WL 3186004, at *3 (S.D. Fla. June 8, 2016) (a "party who aspires to oppose a . . . motion must spell out his arguments squarely and distinctly, or else forever hold his peace") (quotation marks and citation omitted) (alteration in original).  Because Plaintiffs did not expressly rebut Distributors' arguments on the Magnuson-Moss Warranty Act ("MMWA"), the Court should find that Plaintiffs have conceded their MMWA claims.

To the extent Plaintiffs intended that their minimal discussion of the MMWA in their Opposition to Generic Manufacturer and Repackager Defendants' Rule 12 Motion to Dismiss on Preemption Grounds would also apply to Distributors, Plaintiffs' arguments fail.[6]  ECF No. 1978 at 33.  Plaintiffs' single-page response is summarized in three points: (1) MMWA claims based on implied warranties survive because *Mensing/Bartlett* conflict preemption does not apply; (2) the MMWA's non-application to FDCA-regulated drug labeling and packaging is not technically preemption and thus should not be addressed now; and (3) the matter should be kicked down the road to the summary judgment stage.  *Id*.

Plaintiffs' Response was more noteworthy in what it *did not say*.  Plaintiffs do not dispute that: (1) a valid state warranty claim must support their MMWA claim; (2) if *Mensing/Bartlett*

---

[6] Plaintiffs do not even attempt to incorporate their paltry arguments in response to the Generics' Motion to Dismiss to Distributors' fulsome argument demonstrating preemption under the MMWA, other than a single line incorporating the Generics Opposition's arguments to refute the Repackager Defendants arguments.  *See* ECF No. 1978 at 34.

9

preemption *does* apply, it disposes of Plaintiffs' implied warranty claims; (3) the MMWA does not apply to FDCA-regulated drug labeling and packaging; and (4) Plaintiffs did not attribute any express warranty to Distributors aside from FDCA-regulated drug labeling and packaging.

First, the Distributors' MMWA arguments relate directly to preemption. If Distributors prevail on their *Mensing/Bartlett* conflict preemption arguments, the Court should also dismiss Count III of the Consumer Complaint.[7] Second, there is no reason to delay dismissing these claims now. Plaintiffs' lone case supporting abatement until summary judgment is distinguishable because the District Court therein determined that the plaintiffs had adequately pled a cause of action. *See* ECF No. 1978 at 33 (citing *Sandoval v. PharmaCare US, Inc.*, 145 F. Supp. 3d 986, 998 (S.D. Cal. 2015) ("When the MMWA claim is premised on borrowed state-law warranty claims, MMWA claims 'stand or fall' with the state-law claims.")). Third, even if Plaintiffs' MMWA claims were not preempted, Distributors' Motion to Dismiss disputed the adequacy of Plaintiffs' allegations, an argument which has gone unrefuted.

Plaintiffs' implied warranty claims are preempted and Plaintiffs have not and cannot allege a Distributor-issued and non-regulated express warranty as to any RCP. Accordingly, the Court should dismiss Count III of the Consumer Complaint pursuant to the MMWA with prejudice.

## IV.   CONCLUSION

For the reasons stated here, and in the arguments incorporated by reference, Distributors request that the Court grant their Rule 12 Motion to Dismiss on the Ground of Preemption and dismiss the PI Complaint and Consumer Complaint with prejudice.

---

[7] To the extent not otherwise clear, Distributors expressly incorporate their *Mensing/Bartlett* conflict preemption arguments here.

<table>
<tr><td>Dated: October 20, 2020</td><td>Respectfully submitted,</td></tr>
<tr><td></td><td><i>Andrew D. Kaplan</i><br>Andrew D. Kaplan<br><i>Acting Liaison Counsel for Distributor Defendants</i></td></tr>
<tr><td>Spencer H. Silverglate<br>Craig Salner<br>Trevor J. Gillum<br>Shannon P. McKenna<br>Clarke Silverglate, P.A.<br>799 Brickell Plaza, 9th Floor<br>Miami, FL 33131<br>(t) (305) 377-0700<br>(f) (305) 377-3001<br>SSilverglate@cspalaw.com<br>CSalner@cspalaw.com<br>SMcKenna@cspalaw.com<br>TGillum@cspalaw.com<br><br><i>Counsel for Defendant McKesson Corporation</i><br><br>Larry R. Wood, Jr.<br>Lauren E. O'Donnell<br>Blank Rome LLP<br>One Logan Square<br>130 North 18th Street<br>Philadelphia, PA 19103-6998<br>(t) (215) 569-5659<br>(f) (215) 832-5735<br>LWood@BlankRome.com<br>ODonnell@BlankRome.com<br><br><i>Counsel for Defendant AmerisourceBergen Corporation</i></td><td>Andrew D. Kaplan<br>Daniel T. Campbell<br>Lyndsay A. Gorton<br>Crowell & Moring LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>(t) (202) 624-2500<br>(f) (202) 628-5116<br>AKaplan@crowell.com<br>DCampbell@crowell.com<br>LGorton@crowell.com<br><br><i>Counsel for Defendant Cardinal Health, Inc.</i></td></tr>
</table>

11

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 20th day of October 2020, a true and correct copy of the foregoing Distributor Defendants' Reply In Support of Their Rule 12 Motion to Dismiss on the Ground of Preemption was filed electronically through the CM/ECF system, which will send notice of filing to all CM/ECF participants.

                                              */s/ Andrew D. Kaplan*
                                              Andrew D. Kaplan