UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2924<br><br>Civil Action No. 9:20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

THIS DOCUMENT RELATES TO: ALL CASES

**PLAINTIFFS' REPLY IN SUPPORT OF *EXPEDITED* MOTION TO DEFER NOVEMBER 9 DEADLINE TO OPPOSE PERSONAL JURISDICTION MOTIONS OF SIX NON-U.S. DEFENDANTS AND TO AUTHORIZE JURISDICTIONAL DISCOVERY**

The Master Complaints allege that non-U.S. Defendants, Aurobindo Pharma, Ltd., Apotex, Inc., Ajanta Pharma Ltd., Cadila Healthcare Ltd., Wockhardt Ltd., and Acic Pharmaceuticals, Inc. manufactured generic ranitidine that was distributed and sold to thousands of individuals in the United States. [*e.g.* DE 887 ("MPIC") ¶¶ 38-40 (Acic), 41-44 (Ajanta), 55-58 (Apotex), 60-64 (Aurobindo), 140-144 (Cadila), 135-139 (Wockhardt)] Five of these six non-U.S. Defendants *directly* submitted abbreviated new drug applications (ANDAs) to the U.S. Food & Drug Administration ("FDA"); the sixth did so by way of its U.S. subsidiary. [MPIC ¶ 251] All six imported and distributed generic ranitidine via co-branded, wholly-owned subsidiaries or affiliates. [MPIC ¶¶ 38-40 (Acic), 41-44 (Ajanta), 55-58 (Apotex), 60-64 (Aurobindo), 140-144 (Cadila), 135-139 (Wockhardt), 251-252 (ANDA and sales information)] But the ANDA holder remains responsible for the safety and efficacy of its medicines.

Despite the six Defendants' protestations, these basic allegations are sufficient to plead both "stream of commerce" personal jurisdiction under the Due Process Clause, as well as the "alter ego" and "agency" doctrines of personal jurisdiction.

To be sure, the six non-U.S. Defendants could have challenged personal jurisdiction solely on the pleadings. But implicitly recognizing that the pleadings, accepted as true, create a plausible inference of jurisdiction, these non-U.S. Defendants chose to rely on—and continue to rely on—outside evidence. Having ventured beyond the pleadings, Plaintiffs are entitled to contest the non-U.S. Defendants' factual submissions. The non-U.S. Defendants' arguments ignore precedent and basic fairness.

1. **The Master Complaints Adequately Plead Facts Establishing Personal Jurisdiction**

The six non-U.S. Defendants fail to acknowledge the obvious *prima facie* case for personal jurisdiction presented by the Master Complaints. These non-U.S. Defendants manufactured the generic ranitidine that was sold to and consumed by the Plaintiffs in the United States. Five of six non-U.S. Defendants hold the ANDAs that make *them*, not their subsidiaries, responsible for the safety and efficacy of their medicines. *See, e.g.,* 21 C.F.R. § 314.80(b), (c) (the applicant is responsible for reviewing and reporting adverse events); 21 C.F.R. § 314.97 (the applicant must comply with regulations for supplementing its application based on information discovered post approval); *Wyeth v. Levine,* 555 U.S. 555, 578-79 (2009) ("The FDA has limited resources to monitor the 11,000 drugs on the market, and manufacturers have superior access to information about their drugs, especially in the postmarketing phase as new risks emerge."). The non-U.S. Defendants distributed those products within the United States directly and/or by way of agent or alter ego subsidiaries and/or affiliates. Plaintiffs' claims arise from the use of those products. These are textbook personal jurisdiction fact patterns. *See, e.g.*, *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ("[I]f the sale of a product of a manufacturer or distributor … is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve *directly or indirectly*, the market for its product in other States, it is not unreasonable to

subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owner or to others.") (emphasis added); *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 112 (1987) ("[C]onduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State … or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State."); *Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014) (noting "agency relationships, we have recognized, may be relevant to the existence of *specific* jurisdiction") (citations omitted). These allegations apply virtually identically to each of the six non-U.S. Defendants. No more is required.

Indeed, the non-U.S. Defendants, recognizing the *prima facie* allegations of personal jurisdiction, submitted affidavits with conclusory counter-assertions: (1) that Defendant did not "*directly*" sell or distribute ranitidine in the U.S., and (2) that Defendants' U.S. affiliates/subsidiaries directly distribute the products in the U.S. and are "*separate entities*" which "*observe corporate formalities*." Defendants offer no more specific facts than these to counter the allegations of "stream of commerce," "agency," and "alter ego."

2. **Non-U.S. Defendants have Raised Evidentiary Disputes**

The non-U.S. Defendants claim to be unaware of the very factual disputes they raise through their affidavits. But their counter-assertions frame the evidentiary dispute squarely as: (1) to what extent did the non-U.S. Defendants purposefully distribute and/or sell ranitidine in the U.S. and (2) to what extent are their U.S. affiliate/subsidiaries their agents/alter egos for purposes of the personal jurisdiction analysis? If there is no *prima facie* case and no genuine dispute, why then the affidavits, and what do they dispute?

3

Moreover, as it stands, the affidavits themselves are conflicting as to personal jurisdiction, when read in the light most favorable to Plaintiffs. S*ee Morris v. SSE, Inc.,* 843 F.2d 489, 492 (11th Cir. 1988) (holding, where no evidentiary hearing is held on personal jurisdiction, "the court must construe all reasonable inferences in favor of the non-movant plaintiff").

For example, non-U.S. Defendant Apotex Inc. testifies that it "holds four ranitidine related ANDAs, which it … obtained by submitting [ANDAs]… to the FDA"; that it "engaged" its "affiliated" and co-branded "Delaware" and "Florida" entity Apotex Corp. to be "its authorized representative for all matters related to ANDAs"; and that Apotex Corp. is the "sole entity to commercialize and distribute the finished ranitidine drug product manufactured by Apotex Inc." approved for sale in the United States. [DE 2042-1] The reasonable inference here is that non-U.S. Defendant Apotex Inc. purposefully manufactured ranitidine intended for the U.S. and then exclusively distributed it in the U.S. through a closely held, co-branded agent—the sole purpose of which was to do so.

As another example, non-U.S. Defendant Ajanta Pharma Ltd. testifies that it "holds the ANDA for generic ranitidine" and has "not directly sold" generic ranitidine in the United States, but claims to have "not purposely direct[ed] any ranitidine-related activities in the United States," which apparently overlooks applying for the ANDA in the first place, and possessing a "subsidiary" named Ajanta Pharma USA, Inc., which "imports ranitidine products in the U.S." [DE 2043-1] The reasonable inference here is that non-U.S. Defendant Ajanta Pharma Ltd. purposefully and *indirectly* sold and distributed ranitidine in the U.S.

Both of these inferences are sufficient under the Due Process Clause, *see World-Wide Volkswagen Corp.,* 444 U.S. at 297; *Asahi Metal*, 480 U.S. at 112; *Daimler AG*, 571 U.S. at 135 n.13, and are more than sufficient to warrant further discovery.

### 3. Personal Jurisdiction Discovery is Within the Court's Discretion and is Appropriate at this Juncture

This Court is well within its discretion to allow reasonable personal jurisdiction discovery. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Resolution of a pretrial motion that turns on findings of fact—for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2)—may require some limited discovery before a meaningful ruling can be made."); *Vorbe v. Morisseau*, 1:14-CV-20751, 2014 WL 3928554, at *3 (S.D. Fla. Aug. 12, 2014) ("Where issues arise as to jurisdiction or venue, discovery is available to ascertain facts bearing on such issues.") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.13 (1978)).

The non-U.S. Defendants' arguments that the Court lacks such discretion or should not exercise it is premised on inapposite authority. Beginning with *Butler v. Sukhoi Co.,* 579 F.3d 1307 (11the Cir. 2009), the non-U.S. Defendants attempt to construct a restrictive view on jurisdictional discovery that does not apply here. The holding in *Butler* was constrained to its pleadings for the simple fact that the defendant was an instrumentality of Russia and the plaintiff's sole conclusory allegation was facially insufficient to "bring the claim within one of the statutorily-enumerated exceptions" of the Foreign Sovereign Immunities Act. *Id*. at 1313. Because of that pleading deficiency, the complaint failed as a matter of law and the court found that any discovery chasing after a defective complaint was improper. *Id.* at 1314. No such infirmity exists here. Similarly, non-U.S. Defendants' suggestion that there is no genuine dispute over jurisdictional facts is fundamentally mistaken.

Likewise, non-U.S. Defendants' contention that Plaintiffs must come forward with separate evidence at this juncture is equally incorrect. Relying on *Peruyero v. Airbus S.A.S.,* 83 F. Supp. 3d 1283 (S.D. Fla. 2014), they posit that Plaintiffs must rebut the non-U.S. Defendants'

5

conclusory (and conflicting) declarations now, before being entitled to any discovery. But *Peruyero* does not support their argument. In that case, the court found that the plaintiff's allegations confirmed his exposure to asbestos only in Cuba during a time which forbade the court to apply Florida's long-arm statute. *Id.* at 1288-89. Moreover, unlike Plaintiffs here, the plaintiff in *Peruyero* responded to the defendant's motion and, only in afterthought, requested jurisdictional discovery in his response, which the court rejected because it found plaintiff's allegations defective as a matter of law. *Id.* at 1289-90. Nothing remotely similar to this authority is presented by this litigation.

Overall, the non-U.S. Defendants confuse Plaintiffs' *ultimate* evidentiary burden to establish jurisdiction and this Court's discretion as to how to resolve the evidentiary dispute (*i.e.*, an evidentiary hearing with findings or a directed-verdict-type ruling on the papers) with this Court's broad discretion as to how much discovery to allow along the way and before whichever form of ruling.

While the sound exercise of discretion might demand heightened scrutiny of discovery for far-fetched personal jurisdiction theories or fact patterns, that is not the case here where the grounds are obvious and theories well-trodden. Plaintiffs have sufficiently alleged personal jurisdiction, and those portions of the non-U.S. Defendants' affidavits that are not mere conclusory counter-assertions create reasonable inferences in support of jurisdiction.

Exercising discretion in favor of permitting jurisdictional discovery is all the more appropriate here, where Plaintiffs are litigating a Master Personal Injury Complaint on behalf of tens of thousands of claimants from various transferee forums for the purpose of creating a common benefit and promoting the "just and efficient conduct" of such pretrial proceedings. *See* 18 U.S.C. § 1407. Indeed, the non-U.S. Defendants purport to apply their Due Process Clause

6

arguments to the individual claims of the "Short Form Complaints." [D.E. 2040, p. 11]  If these issues are not robustly dealt with now, they will continue to be litigated individually as subsequent individuals file personal injury claims that are transferred from various district courts to this Court for coordinated pretrial proceedings.

## Conclusion

Plaintiffs urge this Court to grant their motion to defer the November 9, 2020 deadline and authorize reasonable jurisdictional discovery in accord with the procedure set forth in the motion. Alternatively, should the Court decline to permit jurisdictional discovery at this time, Plaintiffs respectfully request a 60-day extension of the November 9, 2020 deadline to afford Plaintiffs a reasonable opportunity to otherwise develop evidence and respond to the six personal jurisdictional motions.

DATED: October 26, 2020.

Respectfully submitted,

/s/ Tracy A. Finken
Tracy A. Finken
Email: tfinken@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-1130

By: /s/ Robert C. Gilbert
Robert C. Gilbert, FBN 561861
Email: gilbert@kolawyers.com
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (305) 384-7270

/s/ Michael L. McGlamry
Michael L. McGlamry
Email: efile@pmkm.com
POPE McGLAMRY, P.C.
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706

/s/ Adam Pulaski
Adam Pulaski
Email: adam@pulaskilawfirm.com
PULASKI KHERKHER, PLLC
2925 Richmond Avenue, Suite 1725
Houston, TX 77098
Tel: (713) 664-4555

*Plaintiffs' Co-Lead Counsel*

Rosemarie R. Bogdan
Email: Rosemarie.bogdan@1800law1010.com
MARTIN, HARDING & MAZZOTTI
1222 Troy-Schenectady Road
Niskayuna, NY 12309
Tel: (518) 862-1200

Mark J. Dearman, FBN 0982407
Email: mdearman@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel: (561) 750-3000

Elizabeth A. Fegan
Email: beth@feganscott.com
FEGAN SCOTT, LLC
1456 Sycamore Rd.
Yorkville, IL 60560
Tel: (312) 741-1019

Marlene J. Goldenberg
Email: mjgoldenberg@goldenberglaw.com
GOLDENBERG LAW, PLLC
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Tel: (855) 333-4662

Ashley Keller
Email: ack@kellerlenkner.com
KELLER | LENKNER
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
Tel: (312) 741-5222

Roopal P. Luhana
Email: luhana@chaffinluhana.com
CHAFFIN LUHANA LLP
600 Third Avenue, 12th Floor
New York, NY 10016
Tel: (888) 480-1123

Ricardo M. Martinez-Cid, FBN 383988
Email: RMartinez-Cid@Podhurst.com
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Avenue, Suite 3200
Miami, FL 33130
Tel: (305) 358-2800

Melanie H. Muhlstock
Email: mmuhlstock@yourlawyer.com
PARKER WAICHMAN LLP
9 Evelyn Road
Port Washington, NY 11050
Tel: (516) 723-4629

Carmen S. Scott
Email: cscott@motleyrice.com
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9160

Frederick S. Longer
Email: flonger@lfsblaw.com
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500

Francisco R. Maderal, FBN 0041481
Email: frank@colson.com
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Tel: (305) 476-7400

Lauren S. Miller
Email: lmiller@corywatson.com
CORY WATSON, P.C.
2131 Magnolia Ave S
Birmingham, AL 35205
Tel: (205) 271-7168

Daniel A. Nigh, FBN 30905
Email: dnigh@levinlaw.com
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (888) 435-7001

Mikal C. Watts
Email: mcwatts@wattsguerra.com
WATTS GUERRA LLP
4 Dominion Drive
Building 3, Suite 100
San Antonio, TX 78257
Tel: (800) 294-0055

Sarah N. Westcot, FBN 1018272
Email: swestcot@bursor.com
BURSOR & FISHER, P.A.
701 Brickell Ave., Suite 1420
Miami, FL 33131-2800
Tel: (305) 330-5512

Conlee S. Whiteley
Email: c.whiteley@kanner-law.com
KANNER & WHITELEY, L.L.C.
701 Camp Street
New Orleans, LA 70130
Tel: (504) 524-5777

Frank Woodson
Email: Frank.Woodson@BeasleyAllen.com
BEASLEY ALLEN LAW FIRM
234 Commerce St
Montgomery, AL 36103
Tel: (334) 269-2343

*Plaintiffs' Steering Committee*
*Plaintiffs' Law and Briefing Committee Co-Chairs*
*Plaintiffs' Liaison Counsel*

Paige Boldt
Email: pboldt@wattsguerra.com
WATTS GUERRA LLP
1815 Windsong Circle
Keller, TX 76248
Tel: (210) 447-1534

Je Yon Jung
Email: JJung@maylightfootlaw.com
MAY LIGHTFOOT PLLC
2579 N. Avalon Avenue
Orange, CA 92867
Tel: (202) 506-3591

Adam W. Krause
Email: adam@krauseandkinsman.com
KRAUSE AND KINSMAN, LLC
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel: (816) 760-2700

Nicola Larmond-Harvey, FBN 0105312
Email: nicola@saunderslawyers.com
SAUNDERS & WALKER, P.A.
3491 Gandy Boulevard North, Suite 200
Pinellas Park, FL 33781
Tel: (727) 579-4500

Bradford B. Lear
Email: Lear@learwerts.com
LEAR WERTS LLP
103 Ripley Street
Columbia, MO 65203
Tel: (573) 875-1992

*Plaintiffs' Leadership Development Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

/s/ *Robert C. Gilbert*
Robert C. Gilbert