# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION

MDL NO. 2924
20-MD-2924

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO:**

| | |
|---|---|
| *Ralph Dudley v. GlaxoSmithKline, et al.* | 9:20-cv-81056-RLR |
| *Kalmeta Salvatore v. GlaxoSmithKline, et al.* | 9:20-cv-81059-RLR |
| *Allen Brittner v. GlaxoSmithKline, et al.* | 9:20-cv-81061-RLR |
| *John Cash v. GlaxoSmithKline, et al.* | 9:20-cv-81065-RLR |
| *Jose Flores v. GlaxoSmithKline, et al.* | 9:20-cv-81068-RLR |
| *Joseph Gregory Jr. v. GlaxoSmithKline, et al.* | 9:20-cv-81072-RLR |
| *Roy Williams v. GlaxoSmithKline, et al.* | 9:20-cv-81073-RLR |
| *Mark Hernandez v. GlaxoSmithKline, et al.* | 9:20-cv-81074-RLR |
| *Michael White v. GlaxoSmithKline, et al.* | 9:20-cv-81075-RLR |
| *Ryan Ortega v. GlaxoSmithKline, et al.* | 9:20-cv-81077-RLR |
| *Oliver Reynolds v. GlaxoSmithKline, et al.* | 9:20-cv-81078-RLR |
| *Grag Amelino v. GlaxoSmithKline, et al.* | 9:20-cv-81087-RLR |
| *Matthew Yedlin v. GlaxoSmithKline, et al.* | 9:20-cv-81089-RLR |
| *Armando Becerril v. GlaxoSmithKline, et al.* | 9:20-cv-81090-RLR |
| *Lynn Smith v. GlaxoSmithKline, et al.* | 9:20-cv-81092-RLR |
| *Chris Ives v. GlaxoSmithKline, et al.* | 9:20-cv-81093-RLR |
| *James Newton v. GlaxoSmithKline, et al.* | 9:20-cv-81094-RLR |
| *Michael Jerde v. GlaxoSmithKline, et al.* | 9:20-cv-81096-RLR |
| *Albert Muesse v. GlaxoSmithKline, et al.* | 9:20-cv-81097-RLR |
| *Reha Ray Karaoz v. GlaxoSmithKline, et al.* | 9:20-cv-81098-RLR |
| *Greg Knell v. GlaxoSmithKline, et al.* | 9:20-cv-81099-RLR |
| *Austin Barnes v. GlaxoSmithKline, et al.* | 9:20-cv-81104-RLR |
| *Michael Caratti v. GlaxoSmithKline, et al.* | 9:20-cv-81105-RLR |
| *Brian Elias v. GlaxoSmithKline, et al.* | 9:20-cv-81106-RLR |
| *Marc Friedland v. GlaxoSmithKline, et al.* | 9:20-cv-81107-RLR |
| *Nathan Gibbons v. GlaxoSmithKline, et al.* | 9:20-cv-81108-RLR |
| *Marc Mitchell v. GlaxoSmithKline, et al.* | 9:20-cv-81109-RLR |
| *Mark Morrison v. GlaxoSmithKline, et al.* | 9:20-cv-81110-RLR |
| *Dwight Norman v. GlaxoSmithKline, et al.* | 9:20-cv-81112-RLR |
| *Brian Wilbur v. GlaxoSmithKline, et al.* | 9:20-cv-81118-RLR |

| | |
|---|---|
| *Velo Wright Jr. v. GlaxoSmithKline, et al.* | 9:20-cv-81119-RLR |
| *Claudia Masouredis v. GlaxoSmithKline, et al.* | 9:20-cv-81121-RLR |
| *Lolita Mills v. GlaxoSmithKline, et al.* | 9:20-cv-81122-RLR |
| *Gary Campbell v. GlaxoSmithKline, et al.* | 9:20-cv-81142-RLR |
| *John Geurin v. GlaxoSmithKline, et al.* | 9:20-cv-81143-RLR |
| *Carbajal, et al. v. GlaxoSmithKline, et al.* | 9:20-cv-81144-RLR |
| *Joseph Gigliello v. GlaxoSmithKline, et al.* | 9:20-cv-81145-RLR |
| *James Goetz v. GlaxoSmithKline, et al.* | 9:20-cv-81152-RLR |
| *Steven Brodie v. GlaxoSmithKline, et al.* | 9:20-cv-81153-RLR |
| *Henry D. Harbaugh v. GlaxoSmithKline, et al.* | 9:20-cv-81154-RLR |
| *John Russell v. GlaxoSmithKline, et al.* | 9:20-cv-81157-RLR |
| *Gilbert Astruc v. GlaxoSmithKline, et al.* | 9:20-cv-81216-RLR |

**PLANTIFFS' REPLY TO PLAINTIFFS' SECOND MOTION TO RECONSIDER COURT'S AUGUST 7, 2020 ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION TO REMAND**

The simple issue before the Court is whether the California Plaintiffs should be granted leave to file a motion to remand, so that their challenge to subject matter jurisdiction can be resolved at the earliest possible stage of the proceedings.[1] In previously denying the California Plaintiffs' original request without prejudice, the Court noted that the Defendants promised to address subject matter jurisdiction for these California Plaintiffs in their various Rule 12 motions to dismiss. However, having seen the Defendants' numerous motions to dismiss, they have not provided any meaningful argument regarding fraudulent joinder or whether this Court has subject matter jurisdiction over the California Plaintiffs. Their motions exclusively address the *merits* of the Master Pleadings in the context of Rule 12. Recognizing this, the Defendants no longer claim their motions to dismiss directly address fraudulent joinder or the California Plaintiffs' jurisdictional challenge. Instead, the Defendants ask that this Court rule on their merits-based Rule 12 motions challenging the master pleadings *before* addressing the Court's subject matter jurisdiction, because this Court's substantive rulings on the merits might inform a future remand motion.[2] But, such a proposition is clear error. The black letter rule in the

---

[1] Plaintiff is the master of her complaint and is "free to avoid federal jurisdiction." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). The presence of a single properly joined, non-diverse defendant destroys diversity jurisdiction. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998).
[2] Indeed, the Defendants have recently demanded that the California Plaintiffs abandon their state court complaints, adopt the MDL's Master Pleadings, and submit Census Plus Forms pursuant to this Court's pretrial rulings.

2

Eleventh Circuit is that "a federal court *must* remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court … because if a federal court reaches the *merits of a pending motion in a removed case where subject matter jurisdiction may be lacking* it deprives a state court of its right under the Constitution to resolve controversies in its own courts" and "'offends fundamental principles of separation of powers[.]'" *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998)) (emphasis added).

The Brand Defendants accuse Plaintiffs of "seek[ing] to prioritize their claims over the broader concerns of efficient and equitable management of this MDL." Opp. at 9. According to the Brand Defendants, asking this Court to address the California Plaintiffs' subject matter challenge is unfair to the other plaintiffs in this MDL. This is complete nonsense, and this Court should have none of it. These Brand Defendants *forced* the California Plaintiffs into this MDL, over their objection. That the California Plaintiffs now want remand is not a function of seeking priority over other plaintiffs, it is a function of correcting the improper use of removal by the Brand Defendants to, as they openly admit, "discourage competing state court litigation." Email to Hon. R. Rosenberg (May 22, 2020). That these Brand Defendants would create the problem and then use the other injured parties in this litigation as leverage to prejudice the California Plaintiffs is simply wrong; especially when the Plaintiffs' Leadership supports the filing of a motion to remand and there is no practical reason why this Court could not rule on this straight-forward motion, like it has done in other cases before, immediately. Nothing would be delayed in the MDL—the California Plaintiffs would just be given an opportunity to finally be heard.

In their opposition, the Defendants cite a four-paragraph, unpublished, out-of-circuit case *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 2:18-mn-2873-RMG, Dkt. 871 (D.S.C. 2020), for the proposition that an MDL court can rule on dispositive motions before addressing remand. Putting aside whether this four-paragraph order should even be considered "authority"—especially in light of the Eleventh Circuit case law mandating that remand be addressed at the earliest possible stage of the proceedings—the order is inapposite. It did not, in any way, deal with a removed case or remand. Rather, the *defendant* (DAI) moved for leave to file a motion to dismiss four specific cases pending in the MDL. The Court denied leave to file the motion to dismiss as to these four cases, explaining there was no prejudice to the defendant if the motions were heard at a later date to allow discovery to proceed, because even if the cases

3

were dismissed, DAI would still have to continue to engage in discovery in the MDL. Allowing the plaintiffs' cases to stay where they were originally filed while discovery continued caused no prejudice or harm to defendants. Conversely here, the California Plaintiffs are clearly prejudiced by not being allowed to litigate in their chosen forum because their cases have been at a standstill for over four months after being improperly removed in the first place.

The Brand Defendants also accuse Plaintiffs of not "address[ing] the cases the Brand Defendants cited in their opposition to Plaintiffs' initial motion for leave to file, in which MDL courts have deferred ruling on remand motions." Opp. at 4 (citing *In re Fluoroquinolone Prods. Liab. Litig.*, No. 15-2642, 2016 WL 4154338, at *2 (D. Minn. Aug. 5, 2016); Order Regarding Remands, *In re Nat'l Prescription Opiate Litig.*, No. 17-2804, ECF No. 130 (N.D. Ohio Feb. 16, 2018); Status Conference Tr., *In re Xarelto Prods. Liab. Litig.*, No. 14-2492, ECF No. 5243, at 16 (E.D. La Jan. 31, 2017)). This is false. In Plaintiffs' Court-ordered Reply in Support of Plaintiffs' Motion for Leave to File a Motion to Remand Forty-Two Cases Improperly Removed from California State Court Pursuant to [Amended] Pretrial Order # 24, the California Plaintiffs squarely addressed these unpersuasive "authorities":

> The out-of-circuit cases cited by Defendants do not alter controlling Eleventh Circuit law. In *In re Fluoroquinolone Prod. Liab. Litig.*, No. MDL 15-2642 (JRT), 2016 WL 4154338, at *2 (D. Minn. Aug. 5, 2016), the MDL court delayed ruling on a motion to remand that was fully briefed because discovery was needed to resolve, factually, whether the California defendant had distributed the drug; it had nothing to do with Rule 12. Defendants also quote Judge Fallon from a hearing in *In re Xarelto Prods. Liab. Litig.*, where he delayed ruling on a remand motion to allow discovery. But, again, this was in the context of whether the California defendant had distributed the drug. *See* Def. Exhibit B at 14:10-15:11. In fact, previously, Judge Fallon rejected a request to delay ruling on a remand motion in that MDL because the motion was "well briefed, and at this phase in the litigation … Plaintiffs may be granted certainty as to their proper forum without prejudicing the discovery timeline of the Xarelto MDL." *In re: Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. 16-1066, 2016 WL 4409555, at *5 (E.D. La. Aug. 19, 2016).

Reply at 2 [Dkt. 1388 at *4]. *Fluoroquine* and *Xarelto* dealt with situations where discovery was required to determine if the diversity-destroying defendant had actually distributed the drug—an issue that does not apply here. And in *In re Nat'l Prescription Opiate Litig.*, the MDL court was inundated with over sixteen motions to remand and issued a moratorium on all motions until the Court could organize itself. It then began allowing motions to remand within a few months.

4

More importantly, the Opiate MDL Court has been the subject of reversals and writs of mandamus for the way it has handled the individual cases within the MDL.  *E.g.*, *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 841 (6th Cir. 2020) (issuing writ of mandamus against MDL Court for refusing to allow a party to file a motion).  Here, there is no glut of motions to remand—just this single request that has been pending for over four months.

Finally, Defendants spend much of their Response brief [Dkt 2149] discussing whether preemption supersedes the issue of subject matter jurisdiction and whether the Eleventh Circuit permits removal based on affirmative defenses.  Putting aside the mountain of case law—including over twenty-five instances wherein these very defendants have lost this very issue in federal courts and MDLs throughout the country[3]—this discussion, itself, evidences exactly *why* Plaintiffs should be granted leave to file a motion for remand.  There is a threshold legal issue that directly impacts whether this Court can even rule on the merits of the Defendants' preemption arguments for these California Plaintiffs, and that legal issue is not briefed or argued in a proper motion to remand.   And, this Court is not permitted to ignore this issue because "[t]he presence of the non-diverse party automatically destroys original jurisdiction: No party need assert the defect. No party can waive the defect or consent. . . **No court can ignore the defect**[.]" *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) (emphasis added).

For these reasons, the California Plaintiffs respectfully request this Court grant them leave to file their motion to remand.

                                                   Respectfully submitted,

                                                   */s/ Jennifer A. Moore*
                                                 Jennifer A. Moore
                                                 Ashton Rose Smith
                                                 MOORE LAW GROUP, PLLC
                                                 1473 South 4th Street
                                                 Louisville, KY 40208

---

[3] Defendants reference *Florence v. Crescent Res., LLC*, for the proposition that affirmative defenses can give rise to removal. 484 F.3d 1293 (11th Cir. 2007). In *Florence*, the Eleventh Circuit unequivocally stated, "[w]e hold that, if there is **any possibility** that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and **remand is necessary**." *Id.* at 1299 (emphasis added). The footnote in *Florence* that is relied upon by Defendants regarding affirmative defenses states that plaintiffs cannot rely on fraudulent concealment to toll the statute of limitations, if plaintiffs did not plead a cause of action for fraudulent concealment. *Florence*, 484 F.3d at 1298 n.3 *citing Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278 (11th Cir. 2006). Such is irrelevant to the issue at hand – whether Plaintiffs should be granted leave to file motions to remand.

>T: (502) 717-4080
>F: (502) 717-4086
>jennifer@moorelawgroup.com
>ashton@moorelawgroup.com
>
>R. Brent Wisner, Esq.
> rbwisner@baumhedlundlaw.com
>BAUM, HEDLUND, ARISTEI &
>GOLDMAN, P.C.
>10940 Wilshire Blvd., 17th Floor
>Los Angeles, CA 90024
>Telephone: (310) 207-3233
>Facsimile: (310) 820-7444
>
>*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2020, I electronically filed the foregoing document with the Clerk of the U.S. District Court, Southern District of Florida, using the CM/ECF system, which will send notification of such filing to all parties.

>*/s/ Jennifer A. Moore*
>Jennifer A. Moore
>Ashton Rose Smith
>MOORE LAW GROUP, PLLC
>1473 South 4th Street
>Louisville, KY 40208
>T: (502) 717-4080
>F: (502) 717-4086
>jennifer@moorelawgroup.com
>ashton@moorelawgroup.com
>
>*Counsel for Plaintiffs*