**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE: ZANTAC (RANITIDINE)                                    MDL NO. 2924
PRODUCTS LIABILITY                                                   20-MD-2924
LITIGATION

                                                        JUDGE ROBIN L. ROSENBERG
                                     MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**ORDER GRANTING IN PART AND RESERVING IN PART**
**PLAINTIFFS' EXPEDITED MOTION TO DEFER NOVEMBER 9**
**DEADLINE TO OPPOSE PERSONAL JURISDICTION MOTIONS OF SIX**
**NON-U.S. DEFENDANTS AND TO AUTHORIZE JURISDICTIONAL DISCOVERY**

This matter comes before the Court on Plaintiffs' Expedited Motion to Defer the November 9 Deadline to Oppose the Personal Jurisdiction Motions of Six Non-U.S. Defendants and to Authorize Jurisdictional Discovery. DE 2094. The Motion has been fully briefed and is ripe for review. For the reasons set forth below, Plaintiffs' Motion is granted in part and reserved in part.

As background, six specially appearing non-U.S. generic manufacturer Defendants ("Moving Defendants") filed a Motion on October 8 for dismissal for lack of personal jurisdiction. DE 2040. Moving Defendants are ACIC Pharmaceuticals Inc., Ajanta Pharma Ltd., Apotex Inc., Aurobindo Pharma Ltd., Cadila Healthcare Ltd., and Wockhardt Ltd. Each Moving Defendant also filed a supplement to the Motion that included one or more declarations. DE 2041-2043, 2046-2048. Plaintiffs' Response to that Motion is due by November 9. *See* DE 1346. In the instant Motion, Plaintiffs contend that they need jurisdictional discovery to permit them to adequately respond to Moving Defendants' personal jurisdiction arguments and declarations, and Plaintiffs seek to defer their Response deadline while jurisdictional discovery occurs.

Moving Defendants respond to the instant Motion by arguing that Plaintiffs are not entitled

to jurisdictional discovery because the Master Complaints [DE 887-889] do not plead a *prima*

*facie* case that any court in the United States has jurisdiction over Moving Defendants.[1]  *See Butler*

*v. Sukhoi Co.*, 579 F.3d 1307, 1313-15 (11th Cir. 2009) (concluding that a complaint failed to

plead a *prima facie* case of subject matter jurisdiction and stating that, "[i]nasmuch as the

complaint was insufficient as a matter of law to establish a *prima face* case that the district court

had jurisdiction, the district court abused its discretion in allowing the case to proceed and granting

discovery on the jurisdictional issue"); *see also Diulus v. Am. Express Travel Related Servs. Co.*,

823 F. App'x 843, 849-50 (11th Cir. 2020) (affirming a district courts' dismissal of a claim for

lack of personal jurisdiction and denial of jurisdictional discovery where plaintiffs "did not meet

their initial burden to allege a prima facie case of personal jurisdiction").  Plaintiffs do not dispute

that they must plead a *prima facie* case of personal jurisdiction to be entitled to jurisdictional

discovery, but they maintain that they have pled such a case.

Specific personal jurisdiction is established when a plaintiff's claims arise out of or relate

to the defendant's contacts with the forum, the defendant purposefully availed himself of the

privilege of conducting activities in the forum, and the exercise of personal jurisdiction comports

with traditional notions of fair play and substantial justice.[2]  *Louis Vuitton Malletier, S.A. v.*

*Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S.

---

[1] ACIC Pharmaceuticals Inc. is named as a Defendant in the Master Personal Injury Complaint and is not named as a Defendant in the Consolidated Third Party Payor Class Complaint or in the Consolidated Consumer Class Action Complaint.  The remaining Moving Defendants are named as Defendants in all three Master Complaints.

[2] Plaintiffs do not contend in the briefing that their allegations establish general personal jurisdiction.  *See Daimler AG v. Bauman*, 571 U.S. 117, 138-39 & n.19 (2014) (explaining that general personal jurisdiction exists when a defendant's affiliations with the forum are so continuous and systematic as to render the defendant essentially at home in the forum and that, absent exceptional circumstances, general personal jurisdiction over a corporation exists only in its place of incorporation and principal place of business).

462 (1985)).  The Court has examined the allegations in the Master Complaints, accepting them

as true, to determine whether Plaintiffs have pled a *prima facie* case of specific personal

jurisdiction.  *See Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988) (stating that a court must

construe the allegations in the complaint as true when determining whether a plaintiff has made a

*prima facie* case of personal jurisdiction).  For the purpose of this Order, the Court focuses on the

allegations in the Master Personal Injury Complaint, in which each Moving Defendant has been

named.  Plaintiffs alleged in the Master Personal Injury Complaint, referring to all Defendants

named in the Complaint collectively, that:

> 220.    Defendants have significant contacts with the federal judicial district
> identified in each Plaintiff's [short form complaint] such that they are subject to the
> personal jurisdiction of the courts in each of those districts.
>
> 221.    At all relevant times, Defendants designed, manufactured, tested,
> marketed, labeled, packaged, handled, distributed, stored, and/or sold ranitidine-
> containing products within the judicial district listed in the [short form complaints]
> and targeted the consumer market within those districts.
>
> 222.    At all times alleged herein, Defendants were authorized to conduct
> or engage in business within each of the States and Territories of the United States
> and supplied ranitidine-containing products within each of the States and
> Territories of the United States.  Defendants received financial benefit and profits
> as a result of designing, manufacturing, testing, marketing, labeling, packaging,
> handling, distributing, storing, and/or selling ranitidine-containing products within
> each of the States and Territories of the United States.
>
> 223.    Defendants each have significant contacts in each of the States and
> Territories of the United States, such that personal jurisdiction would be proper in
> any of them.  Defendants have derived revenue from the sale of their ranitidine-
> containing products in each of the States and Territories of the United States.

DE 887 at 43-44.  Plaintiffs also allege that Defendants categorized as generic manufacturers "have

conducted business and derived substantial revenue from their design, manufacture, testing,

（注）

marketing, labeling, packaging, handling, distribution, storage, and/or sale of ranitidine-containing products within each of the States and Territories of the United States." *Id.* at 31.

These allegations alone do not establish a *prima facie* case of personal jurisdiction because they do not plead facts with any specificity and are not tailored to any of the dozens of Defendants named in the Master Personal Injury Complaint, much less to any Moving Defendant. *See, e.g.*, *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1148-49 (S.D. Fla. 2019) (concluding that plaintiffs failed to establish a *prima facie* case of personal jurisdiction over foreign defendants where the "generalized allegations [were] devoid of specificity, and thereby fail[ed] to establish that the Foreign Defendants 'purposefully availed' themselves of the privileges of conducting activity" in the states at issue).

However, Plaintiffs also allege that five Moving Defendants—ACIC Pharmaceuticals Inc., Ajanta Pharma Ltd., Apotex Inc., Aurobindo Pharma Ltd., and Wockhardt Ltd.—are holders of Abbreviated New Drug Applications ("ANDA") for ranitidine products that are at issue in this litigation. DE 887 at 48-52. Put simply, an ANDA is a filing by which an individual or entity seeks and obtains approval from the U.S. Food and Drug Administration to market a generic version of a drug in the United States. *See* 21 U.S.C. § 355(j). In a dispute over whether a defendant's ANDA infringed on brand-name drug manufacturers' patents, the Federal Circuit Court of Appeals held that filing an ANDA, which evidenced an objective to market the drug within the United States, together with the defendant's intent to market the drug within a particular state established that state's specific personal jurisdiction over the defendant. *Acorda Therapeutics Inc. v. Mylan Pharms. Inc.*, 817 F.3d 755, 759-64 (Fed. Cir. 2016).

The Court is not concluding that holding an ANDA is itself sufficient to establish personal jurisdiction within the United States.  The Court is not ruling on Moving Defendants' Motion to Dismiss at this time.  At this stage, the Court concludes only that Plaintiffs' allegations that five Moving Defendants are ANDA holders, coupled with the remaining allegations as to personal jurisdiction quoted above, establish a *prima facie* case of personal jurisdiction that permits Plaintiffs to engage in limited and narrowly tailored jurisdictional discovery as to those five Moving Defendants to enable Plaintiffs to respond to the challenge to personal jurisdiction. *See Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1380 (N.D. Ga. 2013) (explaining that jurisdictional discovery should not be used as "a fishing expedition in hopes that discovery will sustain the exercise of personal jurisdiction" (quotation marks omitted)).

One Moving Defendant, Cadila Healthcare Ltd., is not alleged to be an ANDA holder.  The Court reserves ruling on Plaintiffs' request to engage in jurisdictional discovery as to Cadila Healthcare Ltd.

Moving Defendants assert that Plaintiffs are not entitled to jurisdictional discovery because they did not support their discovery request with affidavits or other evidence that rebuts the facts in Moving Defendants' declarations.  The cases that Moving Defendants cite to support their position that Plaintiffs must submit such evidence before jurisdictional discovery are procedurally distinguishable.  In each case, the plaintiff or plaintiffs responded to a motion challenging personal jurisdiction and, within the response, requested jurisdictional discovery if the court deemed the response insufficient.  The court in each case stated that the request for jurisdictional discovery, within a response and without a motion, was "procedurally flawed." *Hinkle v. Cont'l Motors, Inc.*, 268 F. Supp. 3d 1312, 1327-28 (M.D. Fla. 2017), *aff'd sub nom. Hinkle v. Cirrus Design Corp.*,

5

775 F. App'x 545 (11th Cir. 2019); *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1289-90 (S.D. Fla. 2014).  Here, Plaintiffs have moved for jurisdictional discovery, which they maintain is necessary to enable them to rebut Moving Defendants' declarations.

Finally, Moving Defendants point out that Plaintiffs have not specifically identified within their Motion what information they will seek through jurisdictional discovery.  The Court, in its discretion, concludes that this is not fatal to Plaintiffs' request for jurisdictional discovery.  The Court orders Plaintiffs to meet and confer with ACIC Pharmaceuticals Inc., Ajanta Pharma Ltd., Apotex Inc., Aurobindo Pharma Ltd., and Wockhardt Ltd. about the scope of discovery and a schedule for discovery, and the Court refers the matter to Magistrate Judge Bruce E. Reinhart for the purpose of overseeing and facilitating jurisdictional discovery, including making any necessary rulings.  The Court also refers to Judge Reinhart the portion of Plaintiffs' Motion that the Court has reserved on, that is, Plaintiffs' request for jurisdictional discovery as to Cadila Healthcare Ltd.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1.      Plaintiffs' Expedited Motion to Defer the November 9 Deadline to Oppose the Personal Jurisdiction Motions of Six Non-U.S. Defendants and to Authorize Jurisdictional Discovery [DE 2094] is **GRANTED IN PART AND RESERVED IN PART**.

2.      The deadline for Plaintiffs to respond to Specially-Appearing Non-U.S. Generic Manufacturer Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [DE 2040] is **STAYED**.  The Court will re-set this deadline when jurisdictional discovery is concluded.

3.      Plaintiffs, ACIC Pharmaceuticals Inc., Ajanta Pharma Ltd., Apotex Inc., Aurobindo Pharma Ltd., and Wockhardt Ltd. shall engage in limited and narrowly tailored jurisdictional

discovery to enable Plaintiffs to respond to the Motion to Dismiss for Lack of Personal Jurisdiction.

4.      Plaintiffs shall meet and confer with ACIC Pharmaceuticals Inc., Ajanta Pharma Ltd., Apotex Inc., Aurobindo Pharma Ltd., and Wockhardt Ltd. about the scope of jurisdictional discovery and a schedule for such discovery.

5.      The Court **REFERS** this matter to Magistrate Judge Bruce E. Reinhart for the purpose of overseeing and facilitating jurisdictional discovery, including making any necessary rulings.  The Court also **REFERS** to Judge Reinhart Plaintiffs' request for jurisdictional discovery as to Cadila Healthcare Ltd.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 30th day of October, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record