UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)  MDL NO. 2924
PRODUCTS LIABILITY  20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

### ORDER OVERRULING PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S DISCOVERY ORDER ON PLAINTIFFS' MOTION TO COMPEL

This matter is before the Court upon Plaintiffs' Objection [DE 1967] to Magistrate Judge's Discovery Order Dated September 16, 2020 Denying Plaintiffs' Motion to Compel [DE 1841]. The Court has carefully considered the Objection, Defendant's Response thereto [DE 2086], and Plaintiffs' Reply [DE 2139] and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiffs' Objection is **OVERRULED**.

### I. BACKGROUND

This case is a consolidated multidistrict products liability action to recover for injuries allegedly sustained as a result of the ingestion of the drug ranitidine (brand-name Zantac). On September 11, 2020, the Parties filed a Joint Notice of Filing Discovery Dispute Memorandum with attachments [DE 1741]. The dispute was regarding Plaintiffs' formal written discovery on GlaxoSmithKline LLC ("GSK"). *See* DE 1741-2. Specifically, GSK objected to the Plaintiffs' Request for Production of Documents ("RPD") No. 54 pertaining to certain government investigations. *See* DE 1741-1. The scope of RPD No. 54 was narrowed after communications between counsel to the following:

I. **With respect to a 2012 investigation of GlaxoSmithKline LLC (GSK) by the U.S. Department of Justice (DOJ) relating to pharmaceuticals other than Zantac:**

1. All civil investigative demands, Grand Jury subpoenas, and administrative subpoenas;
2. All correspondence from the DOJ and all participating federal law enforcement agencies;
3. All correspondence, reports, submissions, and presentations to the DOJ and all participating federal law enforcement agencies;
4. All copies, affidavits, transcripts, notes, recordings, summaries and reports, of any witness interview, testimony, interrogatory response, or statement, including those obtained as part of any internal investigation; and,
5. All documents and items produced in response to any civil investigative demands, grand jury subpoenas, and administrative subpoenas (or, preliminarily, a descriptive log of such documents).

II. **With respect to a Corporate Integrity Agreement (CIA) arising from the same 2012 investigation:**

1. All meeting minutes, resolutions, and reports of any individual, committee, meetings, reports, or reviews required or imposed by the CIA, whether internal or external.

III. **With respect to a 2020 False Claims Act Investigation by the DOJ relating to Zantac:**

1. All civil investigative demands, grand jury subpoenas, and administrative subpoenas;
2. All correspondence from the DOJ and all participating federal law enforcement;
3. All correspondence, reports, submissions, and presentations to the DOJ and all participating federal law enforcement agencies;
4. All copies, affidavits, transcripts, notes, recordings, summaries and reports, of any witness interview, testimony, interrogatory response, or statement, including those obtained as part of any internal investigation; and,
5. All documents and items produced in response to any civil investigative demands, grand jury subpoenas, and administrative subpoenas.

*Id.* GSK objected to these requests. After oral argument, Magistrate Judge Reinhart denied in a written order (the "Discovery Order") Plaintiffs' request to compel production from GSK [DE 1841], which resulted in the instant Objection [DE 1967]. Briefly stated, Judge Reinhart concluded that Plaintiffs' discovery demand was disproportionate to the needs of the case.

2

## IV.     STANDARD OF REVIEW

"A district court reviewing a magistrate judge's discovery order is, in general, limited by statute and rule to reversing that order only if it is 'clearly erroneous or contrary to law.'" *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). "In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *Id.* (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990)).

"Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). "A finding is clearly erroneous when the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Merrett v. Liberty Mut. Ins. Co.*, No. 3:10-CV-1195-J-34MCR, 2013 WL 5330258, at *1 (M.D. Fla. Sept. 23, 2013) (quoting *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007)) (internal quotation marks omitted).

The "clearly erroneous or contrary to law" standard for reviewing a magistrate judge's order "is very different from the *de novo* review and adoption of a Report and Recommendation on a dispositive Order, and more closely resembles an appellate function." *Combs v. Town of Davie*, No. 06-60946-CIV-COHN/SNOW, 2007 WL 676102, at *2 (S.D Fla. Feb. 28, 2007) (citing *Haines v. Liggett Group, Inc.*, 975 F.2d 81 (3d Cir. 1992)).  Furthermore, "[t]he purpose of referring non-dispositive motions to a Magistrate Judge is to increase the efficiency of the system,"

3

and "the 'clearly erroneous' standard of review contemplates a certain amount of deference to the findings of the Magistrate Judge on those matters on which she has the power to make a final determination." *Id.; see also* 12 Wright, Miller & Marcus, Federal Practice & Procedure Civ. 2d § 3069 ("[I]t is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge."). This Court is mindful that "magistrate judges are afforded broad discretion in resolving nondispositive discovery disputes." *Johnston v. Aetna Life Ins. Co.*, 282 F. Supp. 3d 1303, 1312 (S.D. Fla. 2017).

## V.   ANALYSIS

Plaintiffs' objections may be divided into three categories: the respective burdens of the parties, the admissibility of the discovery, and the final result of Judge Reinhart's proportionality analysis. Each category is addressed in turn.

### The Parties' Respective Burdens

Plaintiffs argue that the following passage in the Discovery Order is clearly erroneous:

> Where the objection is based on proportionality factors other than undue burden, the party seeking discovery bears the burden of proving the request is proportional to the needs of the case.

DE 1841 at 4. Plaintiffs argue this is error because Judge Reinhart placed the burden on Plaintiffs—not Defendants—to persuade the Court that their discovery request was proportional to the needs of this case. The relevant subsection of Rule 26, subsection (b)(1), reads as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

4

As to the above-quoted factors, Judge Reinhart placed upon Defendants the burden of persuasion to establish that the discovery request amounts to an undue burden. DE 1841 at 4. As to the remaining proportionality factors, however, Judge Reinhart placed the burden upon Plaintiffs. *Id.* For authority, Judge Reinhart cited to a Advisory Committee Note from 2015, which supports his conclusion: "A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." The logical inference from this Note is that, since the Plaintiffs "should be able to explain the way[] in which" their discovery request is proportional, Plaintiffs bear the burden to so explain. The Notes go on to say that what a court is required to do is consider all of the proportionality information the parties are able to provide and, with that information, make a case-specific determination of the appropriate scope of discovery. *Id.*

Plaintiffs argue that Judge Reinhart erred because, pursuant to the Notes, the party seeking discovery "does not [have] the burden of addressing *all* proportionality considerations." *Id.* (emphasis added). While that is a true statement, Judge Reinhart did not place the burden upon Plaintiffs to argue *all* of the proportionality factors—he placed the burden to establish undue burden upon Defendants, again pursuant to guidance from the Notes.

Next, Plaintiffs cite to two district court decisions, *Carr v. State Farm Mutual Auto Insurance Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) and *William Powell Co. v. National Indemnity Co.*, No. 14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017). Plaintiffs cite to these cases for the proposition that the burden for establishing *all* of the proportionality factors—not just undue burden—lies with the party resisting a discovery request, here the Defendants. The Court has reviewed those cases and agrees with Plaintiffs that the cases stand for

5

Plaintiffs' proposition. For their part, Defendants cite to another district court decision that is inapposite, *Machinery Solutions, Inc. v. Doosan Infracore America Corporation*, 323 F.R.D. 522, 526 (D. S.C. 2018) ("[T]he party seeking discovery has the burden to establish its relevancy ***and*** proportionality.") (emphasis added) (quoting *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012)).

As a threshold matter, the Court notes that neither a party nor the Court's own research has revealed a binding case—not even an appellate case—that addresses the allocation of the burden to prove the proportionality factors. At its core, both Judge Reinhart's allocation of burden and the Notes are rooted in common sense. Suppose, as a hypothetical, that a judge turned to a requesting party and asked: "How will the requested discovery bear on the issues in this case?" In response, suppose the requesting party refused to provide an answer to the question and instead answered: "It isn't our burden to prove that proportionality factor; we need not explain why the discovery is important to the issues." How could such an answer be squared with the Notes' statement that a requesting party "should be able to explain the ways in which the underlying information bears on the issues as that party understands them?" In any event, upon review of the Discovery Order and transcript, Judge Reinhart's reference to Plaintiffs' burden amounted to an expectation that Plaintiffs should be able to explain, at least to the best of their ability, why the requested discovery was important to the needs of the case. It is undisputed that Plaintiffs did so.

Ultimately, however, the issue raised by Plaintiffs did not result in legal error in Judge Reinhart's decision. This is so because what is clear from the text of the Rule, the Notes, and the caselaw cited by all parties is that Judge Reinhart was required to hear all of the available information from the parties on proportionality, consider the proportionality factors, and then rule

6

based upon a consideration of that case-specific information. Upon review of the transcript and the Discovery Order, that is what Judge Reinhart did.

Although not every proportionality factor was important to Judge Reinhart's decision, Judge Reinhart considered all of the factors and all available information. Judge Reinhart did not allocate a specific burden upon Plaintiffs and then, because of Plaintiffs' failure to meet that burden, rule against Plaintiffs; Plaintiffs explained why they believed the discovery was proportional to the needs of the case. Suffice it to say that Judge Reinhart's decision was not a close one—the allocation of burden was not dispositive to his ruling. *E.g.,* DE 1841 at 7 ("The burden of producing the underlying evidentiary basis for conduct lasting 11 years outweighs the limited marginal value of that additional evidence."). Judge Reinhart ruled after a consideration of all of the proportionality factors, just as Rule 26 requires. For these reasons, Plaintiffs' objection on this point is **OVERRULED**.

### The Admissibility of the Requested Discovery

Plaintiffs next argue that Judge Reinhart committed clear error when he stated: "[A]lthough inadmissibility is not a prerequisite to evidence being discoverable, inadmissibility is a factor to be considered in assessing proportionality, particularly 'the importance of the discovery in resolving the issues.'" DE 1841 at 5. First, Judge Reinhart explicitly recognized that inadmissibility does not preclude discoverability. *Id.* Second, Judge Reinhart mentioned inadmissibility as something he could consider as part of a proportionality analysis; this is plainly true and Plaintiffs offer no logical argument or caselaw to the contrary—discovery of largely inadmissible evidence would inherently be less important than resolving issues at trial. Third and finally, Judge Reinhart's analysis does not mention, much less turn on, the admissibility or

7

inadmissibility of any evidence. For these reasons, Plaintiffs' objection is **OVERRULED**.

<u>The Proportionality Factors</u>

Finally, Plaintiffs argue that Judge Reinhart's conclusions were clearly erroneous because, in essence, he should have weighed the various proportionality factors in favor of Plaintiffs—not Defendants. For a magistrate judge's conclusions "[t]o be clearly erroneous, a decision must strike [the reviewing court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *In re Papio Keno Club, Inc.*, 262 F.3d 725, 729 (8th Cir. 2001) (citing *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc*., 866 F.2d 228, 233 (7th Cir. 1988)). The Court has closely reviewed both the Discovery Order and the underlying transcript. Judge Reinhart's conclusions are supported by reasonable, rationale analysis.[1] It is immaterial whether the undersigned would have weighed the proportionality factors differently or even reached a different conclusion; the applicable scope of review is highly deferential. *Holton*, 425 F.3d at 1350. The Court is not "left with a definite and firm conviction" that Judge Reinhart's proportionality analysis was clearly erroneous. *Krys*, 119 F.3d at 1523 (citing *Anderson*, 470 U.S. at 573). For these reasons, the Court's overrules Plaintiffs' objection that Judge Reinhart's conclusions were clearly erroneous.

## VI.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiffs' Appeal and Objections to Magistrate Judge's Discovery Order Dated September 17, 2020 Denying Plaintiffs' Motion to Compel [DE 1741-1] is **OVERRULED** and Judge Reinhart's ruling is **AFFIRMED**.

In the interest of bringing finality to the issues raised on this appeal, the Court reaches one

---

[1] Plaintiffs contend that Judge Reinhart did not consider three proportionality factors, but that contention is not supported by the record. Judge Reinhart merely assigned little to no weight to those factors. DE 1841-1 at 30.

8

last conclusion. Even if the Court were to vacate Judge Reinhart's decision, the Court's conclusions would mirror Judge Reinhart's—even if all burdens were allocated on Defendants, Defendants met that burden and Plaintiffs' requested discovery is not proportional to the needs of this case.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 3rd day of November, 2020.

                                              ROBIN L. ROSENBERG

Copies furnished to Counsel of Record        UNITED STATES DISTRICT JUDGE