UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)            MDL NO. 2924
PRODUCTS LIABILITY                  20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

## ORDER DENYING PLAINTIFFS' SECOND MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court on Plaintiffs' Second Motion for Reconsideration for Leave to File Motion at docket entry 2070. The Motion is ripe for review. For the reasons set forth below, the Motion is denied.

Plaintiffs, California citizens, filed[1] approximately forty-two cases in California state court. Plaintiffs brought a variety of claims against companies that manufactured and sold Zantac—the drug at the center of this MDL. Importantly, Plaintiffs named as a Defendant a California-based retailer and Defendants removed the cases to federal court, arguing that the California-based retailer had been fraudulently joined in an effort to destroy diversity jurisdiction.

After removal, Plaintiffs filed a motion to remand in which Plaintiffs contended that they had not fraudulently joined any party to the case. After Plaintiffs' cases were transferred to this Court and consolidated into this MDL, the Court denied Plaintiffs' motion to remand without prejudice for Plaintiffs to comply with Amended Pretrial Order Number 24 which requires any counsel (other than lead counsel) to file a motion for leave to file a motion. Plaintiffs complied with the requirements outlined in Amended Pretrial Order Number 24 and, as a result, Plaintiffs' request to file a renewed motion to remand was properly before the Court.

Defendants argued that a forthcoming motion to dismiss would address the issue of whether

---

[1] A full list of the cases at issue may be found at docket entry 1205, pages 1 through 2.

Plaintiffs' state-law claims were preempted by federal law and, through such a ruling, would address whether Plaintiffs fraudulently joined a party. As a result, Defendants requested that the Court defer briefing on a motion to remand until after the Court ruled on the motion to dismiss. Plaintiffs did not concede that their claims based upon negligence would be impacted by the Court's ruling on Defendants' motion to dismiss; those claims, according to Plaintiffs, should have been the immediate focus of briefing in a renewed motion to remand. In response, Defendants represented that the Court's ruling on the motion to dismiss *would* dispose of all of Plaintiffs' claims, including Plaintiffs' negligence claims.

The Court recognized that it should resolve questions of subject matter jurisdiction at the "earliest state in a proceeding." *Am Civil Liberties Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017). On the other hand, however, the Court noted that it must exercise its "great[] discretion to organize, coordinate, and adjudicate its [MDL] proceedings" in a manner that is beneficial to *all* of the Plaintiffs in this case, not just the California-based Plaintiffs who filed the motion to remand. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007).

The Court resolved these two competing principles by denying Plaintiffs' motion for leave to file and awaiting Defendants' forthcoming motions to dismiss, however, the Court's denial was without prejudice. The Court informed the Plaintiffs that if the Court's review of the motions to dismiss revealed that the motions would *not* resolve Plaintiffs' proffered motion to remand, the Court may grant Plaintiff permission to file the motion to remand.

Defendants filed their motions to dismiss in two phases. After the first phase, Plaintiffs filed their first motion for reconsideration, arguing that because the motions to dismiss did not address the subject matter of their motion to remand, the Court should grant them leave to file. The Court denied

2

that motion without prejudice because Defendants had not yet filed all of their motions to dismiss—phase two remained. After Defendants filed their remaining motions to dismiss, Plaintiffs filed a second motion for reconsideration, the Motion before the Court. Again, Plaintiffs argue that because the motions to dismiss will not resolve the subject matter of their motion to remand, the Court should immediately grant them leave to file.

If the Court concludes that Plaintiffs' contention is correct—the motions to dismiss will not resolve the proffered motion to remand—the Court may, as it has already said, grant Plaintiffs leave to file their motion to remand. The Court has not reached such a conclusion at this time. The Court is reviewing all motions to dismiss as quickly and thoroughly as it can and has already solicited the earliest-possible dates from counsel for the Court to hold hearings on the motions to dismiss.

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' Second Motion for Reconsideration [DE 2070] is **DENIED**.

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, this 6th day of November, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record