### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

IN RE:  ZANTAC (RANITIDINE)                           MDL NO. 2924
PRODUCTS LIABILITY                                    20-MD-2924
LITIGATION

                                        JUDGE ROBIN L. ROSENBERG
                          MAGISTRATE JUDGE BRUCE E. REINHART

_____/

### PRETRIAL ORDER # 54
**Deposition Protocol for Defendants' Witnesses and Third Parties**

This Order shall govern the conduct of depositions of witnesses who are Defendants' current or former employees and who are under the control of Defendants, and third parties unaffiliated with Plaintiffs.  The Court may, at a future time, enter an Order that applies to depositions of Plaintiffs and Plaintiffs' witnesses.

## A.    GENERAL PROVISIONS AND OBJECTIVES

1.    **Order Applicable to all Cases in MDL Proceeding.**  This Order applies to all cases currently pending in MDL No. 2924 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned hereto (collectively "the MDL Proceeding").  This Order is binding on all parties and their counsel in all cases currently pending in or subsequently made part of the MDL Proceeding and will govern each case in the MDL Proceeding, including claims solely on behalf of individually named Plaintiffs and purported class actions (or class-type representative actions) that are transferred to or filed in this District.

2.    The MDL Proceeding involves Plaintiffs bringing individual and putative class action claims, and many Defendants that are differently situated from each other.  This Protocol was negotiated amongst, and represents compromises by, the many parties based upon the unique facts, circumstances, and needs of the MDL Proceeding, recognizing the diversity and number of

parties in the MDL Proceeding. The Court also expressly emphasizes that in light of these unique circumstances, not only should this Protocol not be taken to bind any party here to these or similar provisions in future litigation, but it cautions that the provisions here were negotiated by the parties in light of the very unique circumstances of the MDL Proceeding and thus may not be well-suited to other litigation.

3.      **Scope.**  This Order shall apply to: (i) all fact depositions of witnesses who are currently or were formerly employees of Defendants, including any depositions pursuant to Rule 30(b)(6); and (ii) all general discovery of party and non-party deponents other than party or non-party deponents whose testimony is relevant only to the claims of a particular Plaintiff, *i.e.* case-specific witnesses.  For the avoidance of doubt, this Order shall not apply to: (i) fact depositions of any Plaintiffs, class representatives, Plaintiffs' representatives, employees, family members, personal acquaintances, healthcare providers, and all other Bellwether trial or case-specific fact witnesses; and (ii) expert depositions.

4.      **Cooperation.**  Counsel are expected to cooperate with and be courteous to each other and to deponents in both scheduling and conducting depositions.  Counsel are reminded that this Court considers depositions to be official court proceedings, and the conduct of all participants in depositions shall be in accordance with the customs and practices expected of lawyers and witnesses appearing before this Court, as if each was appearing personally before the Court at the time of the depositions.  Counsel shall not at any time conduct himself or herself in a manner not becoming an officer of the Court and not in full compliance with the civil rules of practice and all other Orders of the Court.  Neither counsel nor witnesses shall, at any time, engage in conduct that impedes, delays, or frustrates the examination of the witness.  All counsel and the deponent must be treated with civility and respect.

5.      **Disputes.**   Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to Magistrate Judge Bruce E. Reinhart by email at Reinhart@flsd.uscourts.gov.  If the Magistrate Judge is not available, the deposition shall continue with full reservation of rights of the examiner for a ruling at the earliest possible time.  Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to Federal Rule of Civil Procedure 30(d)(3), file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court.  Nor shall anything in this Order preclude a party from seeking relief under Pretrial Order # 32 prior to the deposition commencing.

6.      **Number of Depositions**[1]

    a.   The parties are encouraged to work together to resolve any disputes concerning a request to take depositions in excess of the below presumptive limit to the number of party depositions and the length thereof.  This litigation is complex and involves a considerable number of Defendants, witnesses who have worked for multiple Defendants over the time ranitidine-containing products were sold, causes of action, and allegations of injury.  Should the parties have a dispute concerning the numbers of examining attorneys or the numbers of or length of depositions, MDL Lead Counsel, or their designees for Plaintiffs, shall have the sole authority to meet and confer with counsel for the Defendant(s) affected by the dispute in an attempt

---

[1] For the purpose of this provision, any corporation and its affiliated entities (*e.g.*, subsidiaries, parent companies, etc.) shall be deemed one "Defendant" without regard to whether the Defendant is named in any Complaint in more than one category of Defendants.

to resolve the issue before engaging the Special Master, the Magistrate Judge, or the Court.

b.  The parties have agreed to a "soft cap" presumptive limit on the number of depositions Plaintiffs, as a group, can take of Defendants in this litigation.  These "soft cap" numbers of depositions are subject to the following conditions and agreement between the parties:

1.  The numbers do not include any depositions sought by Plaintiffs related to jurisdictional disputes;

2.  The numbers are soft caps, presumptive numbers subject to discussions between counsel for the parties to allow for additional depositions if there is good cause for such depositions, taking into account discovery already obtained, and whether or not additional depositions would be unreasonably cumulative or duplicative.  The numbers below are not meant to be an absolute cut off of depositions and are intended to allow for the flexibility for additional depositions as dictated by the discovery process generally, including, but not limited to, the scope of discovery, document productions and supplementation thereto, and the ability of Defendants' witnesses to adequately cover the timeframes and issues relevant to this litigation;

3.  In the event a witness is or was employed by more than one Defendant in this litigation, the parties will meet and confer to determine how to allocate the witness's deposition against the soft cap numbers of the Defendants, taking into consideration factors such as who defends the witness, who produces the witness's custodial file, and the focus of the deposition;

4. If a corporate representative for a 30(b)(6) deposition is asked a question thought to be outside the scope of the notice, counsel for the tendering Defendant shall state merely "scope," and the witness shall answer the question. This testimony may later be adjudicated by the Court to be either testimony as the Defendant's corporate representative or as testimony given in the witness's individual capacity. Absent good cause shown, Plaintiffs should not take a subsequent separate individual deposition of a witness designated as a corporate representative for a 30(b)(6) deposition. In the event they do so, the separate individual deposition shall count as an additional deposition for purposes of this section;

5. The numbers in no way affect, limit, restrict, or condition, in any way, the number of custodial files sought by or produced to Plaintiffs;

6. The numbers in Paragraph A.6.c. include 30(b)(6) depositions; however any 30(b)(6) notice of deposition addressing the same subject matter, *i.e.* manufacturing, marketing/sales, regulatory, etc., shall be considered as one deposition, regardless of the numbers of witnesses designated by the respective Defendant in response thereto.

c. Absent agreement of the parties or Order of the Court, Plaintiffs as a group will be limited to the following presumptive number of witnesses:

1. 35 depositions for Defendant GlaxoSmithKline, of which up to 8 may be allocated for depositions limited to issues unique to the class actions; 19 depositions for Defendant Boehringer Ingelheim; 14 depositions for Defendant Pfizer; and 14 depositions for Defendant Sanofi of (i) fact witnesses

currently or formerly employed by the above respective Brand-Name Manufacturer Defendants;[2] and (ii) witnesses designated by these Brand-Name Manufacturer Defendants pursuant to Federal Rule of Civil Procedure 30(b)(6), combined.

2. Absent agreement of the parties or Order of the Court, Plaintiffs as a group will be limited to 5 depositions for each Generic Manufacturer Defendant[3] of (i) fact witnesses currently or formerly employed by the Generic Manufacturer Defendants; and (ii) witnesses designated by the Generic Manufacturer Defendants pursuant to Federal Rule of Civil Procedure 30(b)(6), combined.

3. Regarding depositions of the Retailer Defendants and Distributor Defendants (collectively, the "Non-Manufacturing Defendants")[4] the Plaintiffs and the Non-Manufacturing Defendants agree that Paragraph A.6.b. applies to their depositions, but that there is no presumptive "soft cap" limit of depositions per Defendant. Instead, the parties will meet and confer in good faith before the Plaintiffs issue any deposition notices. Any depositions of Non-Manufacturing Defendants will be requested pursuant to the factors as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

---

[2] The "Brand-Name Manufacturer Defendants" are those Defendants identified as such in the Master Personal Injury Complaint [DE 887], the Consolidated Third Party Payor Class Complaint [DE 888], and the Consolidated Consumer Class Action Complaint [DE 889].

[3] The "Generic Manufacturer Defendants" are those Defendants identified as such in the Master Personal Injury Complaint [DE 887], the Consolidated Third Party Payor Class Complaint [DE 888], and the Consolidated Consumer Class Action Complaint [DE 889].

[4] The "Retailer Defendants" and "Distributor Defendants" are those Defendants identified as such in the Master Personal Injury Complaint [DE 887], the Consolidated Third Party Payor Class Complaint [DE 888], and the Consolidated Consumer Class Action Complaint [DE 889].

B.     **CROSS-NOTICING DEPOSITIONS**

1.     **Cross-Notices.**  The parties and the Court desire to minimize the expense and inconvenience of this litigation by, inter alia, providing for a single deposition of witnesses within the time limits set forth in this Order in all litigations relating to Zantac/ranitidine.  Any witness deposition in this litigation subject to this Order may be cross-noticed by any party in any related action pending in any state or federal court.

2.      **Coordination of Depositions.**  MDL Lead Counsel shall take reasonable steps and engage in good-faith efforts to coordinate the scheduling of depositions to minimize the number of times a witness shall appear for deposition.  The parties wish to minimize the expense and inconvenience of this litigation by minimizing the depositions of any common witness.  To the extent practicable, the parties shall endeavor to allow for the opportunity for participation by state court litigants.  To the extent a state-court litigant has an interest in participating in a cross-noticed deposition, the parties shall meet and confer concerning said participation and the coordination thereof.  The desire to include state-court litigants in a specific deposition will not delay the deposition in the MDL Proceeding.

3.     **Questioning Attorneys.**  For depositions of Defendants' current/former employees or 30(b)(6) designees, the allocated time on the record pursuant to Section E *infra* shall be divided between no more than two examining attorneys for Plaintiffs in the MDL Proceeding ("MDL examiners").  The parties will make good-faith efforts to meet and confer seven (7) days prior to the deposition to discuss the number of MDL examiners and potential categories anticipated to examine the witness.  If more than one MDL examiner or counsel for state-court litigants questions a witness, counsel shall avoid duplicative questions.  Questioning by state-court litigants in a cross-noticed deposition shall not count against the deposition time limits for MDL examiners.

4.      **Subsequent Depositions.**   If a deposition originally noticed in the MDL Proceeding has been cross-noticed in another state court proceeding, then any Plaintiffs' Steering Committee member and any other Plaintiffs' counsel who appear at the deposition may not seek to take a subsequent deposition of the same witness except upon a motion filed in the MDL Proceeding for good cause shown.   If such motion is granted, the scope of the subsequent deposition shall be restricted as permitted by the Court or as stipulated to by the parties.   Any Plaintiffs' Steering Committee member and any other Plaintiffs' counsel who appear at a deposition of a witness in the MDL Proceeding may not subsequently seek to depose the same witness in a state-court proceeding.   Notwithstanding this provision, a witness may voluntarily agree to appear for a subsequent deposition in another proceeding.

C.      **NOTICES/SCHEDULING**

1.      **Content of Notice.**   Each deposition notice and subpoena shall include the name, address, and telephone number of an attorney point of contact designated by the party noticing the deposition (the "Deposition Liaison") as well as the date, time, and place of the deposition.   The Deposition Liaison will be responsible for all logistical issues related to the noticed deposition, including coordinating the time, place, and manner of the deposition with the deponent and other parties, as well as tracking expected attendance for the deposition and ensuring there is adequate space for all attendees.   This Order in its entirety shall be attached to any subpoena or deposition notice that pertains to a third-party witness covered by its terms.

2.      **Cooperation in Scheduling.**   The Deposition Liaison, counsel for the deponent, and where appropriate Lead and Liaison counsel for the parties, shall use best efforts to coordinate in the scheduling and taking of depositions.   Prior to issuing a deposition notice or subpoena, absent extraordinary circumstances, the Deposition Liaison must consult with counsel for the

deponent and designees for all Lead and Liaison Counsel (as listed in Exhibit A to this Order) in an effort to schedule depositions at mutually convenient times and locations.  Counsel are expected to cooperate and coordinate the scheduling of depositions on a good faith basis.

3.      Unless otherwise agreed by the parties or ordered by the Court, depositions may not be taken on Saturdays, Sundays, federal court holidays, or official holidays of the country where the deponent is located.

4.      The parties will make their best effort to schedule no more than one (1) deposition on a given day but recognize that dual track depositions may be necessary in some instances.  In the event multiple tracks become necessary, witnesses affiliated with the same individual Defendant shall not be scheduled for the same day absent Order of this Court.

5.      Each deposition notice shall comply with Federal Rule of Civil Procedure 30(b). In addition to the Deposition Liaison, the notice must include the identity of the deponent, as well as the date, time, and location of the deposition, including whether the deposition shall be taken in-person or by remote means, and the identity of the court reporter designated by the noticing party to record the deposition.[5]  All deposition notices shall also request that no later than fifteen (15) days prior to the date noticed for any deposition, the deponent or his or her representative notify the Deposition Liaison whether an interpreter will be required.

6.      **Location.**  The Court expects counsel to mutually agree upon deposition locations. To the extent reasonably possible, depositions of witnesses located in the United States will take place in the deponent's home district or, if counsel for the deponent agrees, in another district convenient to the deponent, counsel, and the parties.

---

[5] Pretrial Order # 48 governs the procedures for scheduling, noticing, and conducting remote depositions, including any additional information required to be set forth in the notice for any remote deposition.

7.      To the extent foreign witnesses are noticed for deposition, the parties agree that, to the extent possible, and if in compliance with local law, all foreign depositions shall take place in London, England; Brussels, Belgium; Toronto, Canada; New Delhi, Mumbai, or Hyderabad, India; Zurich, Switzerland; or Tel Aviv, Israel.  Upon agreement of the parties, the deposition may occur in another location most convenient to the witness, or in other locations if public health and safety regulations or conditions or local governing law make those locations unsuitable.  Or, such depositions may occur remotely by video conference in accordance with Pretrial Order # 48.  The parties agree to meet and confer in good faith to determine an alternate location as needed or if the foreign deposition shall occur remotely by video conference in accordance with Pretrial Order # 48, taking into account travel restrictions or other exigencies related to Covid-19.  Nothing in this Order shall be construed to abrogate the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida, international law governing the noticing and taking of depositions of foreign nationals, or the laws of the country in which a deposition will be held. Nothing in this Order shall be construed as prohibiting a party from objecting to a Notice, including but not limited to objecting based on violation of international law or the laws of the country in which the proposed deponent resides, or undue burden or harassment.  Nothing in this Order shall prevent the parties from entering separate agreements regarding the deposition location for its foreign deponents.

8.      In the event the parties request or require the attendance of a judicial officer or designee at an international deposition, all travel expenses for that attendee will be shared by Plaintiffs and the Defendant whose witness is deposed.  All rules concerning such depositions will be governed by this Protocol and the Federal Rules of Civil Procedure.

9.      **Third Party Subpoenas.**  Third-party witnesses subpoenaed to produce documents at their oral deposition shall be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition.  The subpoena shall set forth the date and time for production of any records, which in most cases should not be less than ten (10) days prior to the deposition. The Deposition Liaison shall make any records produced in response to the subpoena available in accordance with Pretrial Order # 45 governing Service of Discovery Requests and Responses.

10.      **Adequacy of Notice.**  All deposition notices shall be noticed at least twenty-one (21) days in advance.  If the deponent is requested to bring documents to the deposition or produce them in advance of the deposition, the notice with incorporated request to produce shall be served at least thirty (30) calendar days before a scheduled deposition, unless otherwise agreed to by counsel.  Any request for production of witness custodial files is governed by Section H *infra*.

11.      **Date or Time Change.**  If the date or time of a deposition is changed following the initial service of the Deposition Notice, the noticing party shall serve an amended notice reflecting the revised date, location, and/or means of taking the deposition, as applicable; said notice shall not be filed on the Court docket.  Once the parties have agreed upon the date, time, and location of a deposition, the deposition shall not be postponed or cancelled except for good cause.  A party postponing a deposition shall notify opposing counsel in writing with the reason for the need to do so, and, within a reasonable time following any such notice, provide alternative dates for rescheduling the deposition.  If a cancellation occurs less than three (3) days in advance of the scheduled date, the cancelling party should also contact opposing counsel by telephone and email.

12.      **Remote Participation.**  In the event that a party wishes to participate in a deposition remotely, that is, either by telephone or internet, that party shall notify the Deposition Liaison five (5) days in advance of the start of the deposition.  Any party seeking to participate

remotely must agree to be bound by applicable Protective Orders and shall not re-record the deposition by video or audio means.  The party seeking to participate remotely is responsible for coordinating with the Deposition Liaison and/or court reporter to arrange the necessary telephone lines or internet connections.  Depositions that are noticed as "remote depositions" shall be governed by Pretrial Order # 48.

13. **Means of Recording.**

a. <u>Stenographic Recording</u>.  A certified court reporter shall stenographically record all deposition proceedings and testimony with "real time feed" capabilities.  The court reporter shall administer the oath or affirmation to the deponent.  A written transcript by the court reporter shall constitute the official record of the deposition for purposes of Federal Rule of Civil Procedure 30(e) and similar state-court rules addressing filing, retention, certification, and the like.

b. <u>Videotaping</u>.  The deposition notice or subpoena shall state whether the deposition is to be videotaped.  The notice or subpoena shall state the name, firm, and address of the certified legal videographer firm.  All videotape depositions shall proceed pursuant to the provisions of Section K *infra*.

D. <u>**ATTENDANCE**</u>

1. **Permitted Attendees.**  Unless otherwise agreed to by the parties or ordered under Federal Rule of Civil Procedure 26(c), depositions may be attended only by the parties or the representatives of a party (including in-house counsel), the deponent, the deponent's attorney, attorneys of record in the MDL Proceeding or in cross-noticed state cases, members and employees of their firms, and court reporters and videographers.  Upon application, and for good cause shown,

the Court may permit attendance by a person who does not fall within any of the categories set forth above.

2.  **Pretrial Order # 26 (Confidentiality Order) Applies.**  All Permitted Attendees to any deposition are explicitly bound by the terms of this Order and Pretrial Order # 26 (Confidentiality Order).

3.  **Notice of Intent to Attend by Individuals Not Permitted to View Highly Confidential Documents.**  To the extent that a party seeks to have an individual attend a deposition who is not authorized pursuant to Pretrial Order # 26 or any other Order entered by the Court ("Unauthorized Attendee") to view Highly Confidential materials, the party must notify Plaintiff and Defendants' Lead Counsel of any Unauthorized Attendees at least ten (10) days before the deposition.  Defendants shall work with all Defendants for an agreement allowing any Unauthorized Attendee(s) to attend such deposition and have access to Highly Confidential testimony and documents.  If such agreement cannot be reached prior to the scheduled deposition, such Unauthorized Attendee(s) shall not be allowed to attend the deposition.  If an agreement to allow an Unauthorized Attendee to attend a deposition is reached, the fact that the Unauthorized Attendee may view Confidential or Highly Confidential documents does not constitute a waiver of the confidentiality designations.

4.  **Unnecessary Attendance by Counsel.**  Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court.  Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel may elect not to attend.

5.  **Notice of Intent to Attend a Deposition.**  In order to make arrangements for adequate deposition space and obtain appropriate security clearances (where necessary), any

person who intends to attend a deposition noticed in the MDL Proceeding shall advise the court reporter and the Deposition Liaison identified in the deposition notice of their intent to attend the deposition at least five (5) days prior to the deposition.  Three (3) days prior to the deposition, the Deposition Liaison shall identify the attendees for Plaintiffs and Defendants to MDL Lead Counsel.

6.      **Examination Regarding Confidential and Highly Confidential Documents.** Permitted Attendees, as defined above, in attendance of any deposition or part of any deposition are bound by this Order and Pretrial Order # 26 (Confidentiality Order).  No objection shall be interposed at deposition directing a witness not to answer based on the fact that an answer would elicit, address, or relate to Confidential or Highly Confidential Information.  This subsection applies whether the Permitted Attendee appears at the deposition in-person or by remote means.

E.      <u>**LENGTH OF DEPOSITIONS**</u>

1.      Unless otherwise ordered by the Court or agreed to by the parties and counsel for any deponent, the following provisions shall govern depositions subject to this Order.

2.      A deposition day shall be seven (7) hours of testimony and shall ordinarily commence at 9:00 a.m. and terminate at 5:30 p.m.,[6] including a one-hour break for lunch, a morning break of no more than fifteen minutes, and an afternoon break of no more than fifteen minutes, plus any necessary restroom breaks.  A deposition may continue to 7:30 p.m. only when the long deposition day will make it possible to conclude the deposition in a single day by agreement of the parties.  No breaks shall be taken while a question is pending, except to confer about an issue relating to privilege.  If a witness has a documented medical condition that affects

---

[6] All times refer to the time zone where the deponent will be located during the deposition.

his or her ability to testify for seven (7) consecutive hours, the parties agree to work in good faith to accommodate an alternative schedule for that witness.

3.      The noticing party shall be entitled to utilize 85% of the time allocated for a deposition, with the other parties in the MDL Proceeding having the remaining 15% of the time allocated for a deposition, regardless of the length prescribed or otherwise agreed upon. Otherwise, unless agreed between the parties, each deposition of a current or former party employee witness, 30(b)(6) designee, or non-party witness shall last no longer than seven (7) hours on the record.

4.      In the event that the deposition involves a translator, the maximum length of the deposition shall be increased as is reasonably necessary to conduct the examination, but not to exceed a total of 10.5 hours on the record, absent agreement of the parties.

5.      To the extent responsive documents are produced or custodial documents are identified after the deposition of any witness, a supplemental deposition may be requested, and the parties agree to meet and confer in good faith on the issue.  Any subsequent deposition shall be limited to issues arising from supplemental productions or identification of custodial documents. A party seeking to take a second deposition of a witness shall provide the opposing party its basis for an exception.  This provision does not apply if the noticing counsel has been informed at least five (5) days in advance of the deposition that the production of custodial documents relating to that witness is not yet complete and provides a date certain by which such production will be completed.  If noticing counsel nevertheless elects to proceed with a deposition, the subsequent production of documents shall not be a valid basis for requesting a supplemental deposition.  This provision also does not apply if the noticing counsel serves additional document requests after the witness's deposition that could have reasonably been requested prior to the deposition.

6.      If a Deposition Liaison believes additional time may be necessary to explore the corporate and personal knowledge of a deponent, the Deposition Liaison will meet and confer, pursuant to Paragraph A.5. with the deponent's counsel regarding adding to the length of the deposition to accommodate reasonable additional time.

7.      The above time limits shall be the actual time spent examining the witness.  Time spent on breaks or lunch shall not be counted toward the time limits.

8.      Nothing in this Order is intended to limit the ability of the parties, for good cause shown, to seek, prior to the time of the deposition, a Court Order modifying these time limits for limited key deponents.

## F.    **EXHIBITS**

1.      **Marking of Deposition Exhibits.**  Each document referred to at a deposition shall be referred to by its alpha-numeric production number except in the case of documents that have not yet received production numbering at the time of the deposition.  Documents that are produced in native format shall have the slip sheet with the Bates number affixed to the front of the document.  The court reporter for each deposition will include in each deposition transcript a list of the exhibits referenced in the deposition.  The court reporter shall assign exhibit number blocks for each deposition and shall make sure that duplicative or overlapping exhibit numbers are not assigned.  Counsel shall attempt to use the previously marked exhibit number in subsequent depositions rather than re-marking the same exhibit with different exhibit numbers.

2.      Any document shown to a deponent shall be the complete, unaltered, and free-standing document as it was produced in the MDL Proceeding.  Each email shall be considered such a document.

16

3.     **Copies.**  At the time a document is used, all deposition attendees shall receive copies of the document being used by the examining attorney.

## G.     <u>EXHIBITS: EVIDENTIARY CHALLENGES</u>

1.     **Hearsay and Authenticity Challenges.**  Any Party-Produced Evidence marked as an exhibit in a deposition of that producing party and/or its employees or former employees will be deemed to be a business record of that party within the meaning of Federal Rule of Evidence 803(6) and authentic within the meaning of Federal Rule of Evidence 902(11), subject to the following paragraphs:

2.     "Party-Produced Evidence" is defined as (i) documents other than email that a party produces; and (ii) any email produced by a party that the party and/or its employees or former employees authors or receives and produces.

3.     The exhibit marked at the deposition must bear a production number from that party's production.

4.     The parties may not mark deposition exhibits *en masse* for the sole purpose of bringing those exhibits within the scope of this section.

5.     Within thirty (30) days of receipt of the transcript in which the evidence or a copy of the evidence was first marked as an exhibit in a deposition, the producing party seeking to challenge the business record status or authenticity of an exhibit must provide written notice to the Plaintiffs' Lead Counsel of the specific, non-boilerplate objection(s) to the business record status of the document, specifying the legal and factual basis for the objection.  Any timely objection will be deemed to have been made for all depositions for which the exhibit is subsequently used. Absent good cause, failure to provide written notice of objection within the timeframe listed here constitutes waiver of the objection by the producing party at trial to the business record status

pursuant to Federal Rule of Evidence 803(6) and authenticity of an exhibit within the meaning of Federal Rule of Evidence 902(11).  Once waived, an objection cannot be raised as to that exhibit marked again in a later deposition.

6.     The parties will make a genuine effort to meet and confer to resolve the written objection or undertake discovery solely to cure the objection.

7.     If a dispute remains, MDL Lead Counsel may request an *in limine* hearing on the objections by the producing party.  Absent exigent circumstances or Court Order, *in limine* hearings may only occur every ninety (90) days or after the accumulation of 50 or more unresolved written objections, whichever is sooner.  All objected to exhibits will be presented in one filing per corporate Defendant.  Any ruling shall be treated as any other pre-trial ruling *in limine.*

8.     In the event ninety (90) days has passed from the previous *in limine* hearing or 50 or more written objections have accumulated, MDL Lead Counsel may request an *in limine* hearing by sending an email to Zantac_MDL@flsd.uscourts.gov.  The subject line of the email shall be "Request for *In Limine* Hearing." The email shall provide the Court with three (3) afternoons in the following ten (10) business days where all parties directly involved in the evidentiary dispute are available.  The email shall state the amount of time that the parties anticipate needing for the hearing and the number of pending written objections.  The email shall also attach a joint evidentiary memorandum of two pages or less per written objection (1) specifying the substance of the evidentiary matter to be heard, and (2) stating with specificity the nature of the dispute with citations to the particular subsections of Rules 801-807 and/or 901-903 of the Federal Rules of Evidence at issue.  The memorandum should attach a copy of all deposition exhibits at issue.  Only issues addressed in the joint evidentiary memorandum may be raised at the hearing, and any ruling shall be treated as any other pre-trial ruling *in limine*.

9.      In the event any written objection to the business record status of a document within the meaning of Federal Rule of Evidence 803(6) or authenticity within the meaning of Federal Rule of Evidence 902(11) is made near or after the close of fact discovery, the objecting party agrees to allow for additional discovery for up to thirty (30) days after written objection is received by Plaintiffs' Lead Counsel, regardless of whether the discovery period is closed, for the sole purpose of establishing the business records status or authenticity of documents that are the subject of an objection under this paragraph, including but not limited to additional deposition(s) of appropriate witnesses.

10.     Any additional discovery taken for the purpose of establishing the document's business record status within the meaning of Federal Rule of Evidence 803(6) or authenticity within the meaning of Federal Rule of Evidence 902(11) will not count against any discovery caps including presumptive deposition limits to the number of party depositions.

11.     The parties are reminded that the Court requires the parties to act in good faith and to avoid, to the extent possible, the need for advance rulings from the Court on admissibility of evidence.  It is the parties' expectation that earlier rulings on document admissibility issues will provide guidance to the parties and limit the occurrence of repetitive disputes.

## H.      CUSTODIAL FILES

In the MDL Proceeding, Defendants have begun producing custodial files for certain present and former employees.  In the event that Plaintiffs notify counsel for a Defendant of an intent to depose a present or former employee whose custodial file has not been produced, Defendant will have a reasonable time to produce the custodial file.  In such case, Plaintiffs shall notify counsel for Defendant at least forty-five (45) days in advance of the intended deposition of any of Defendants' present employees or sixty (60) days in advance of the intended deposition of

a former company employee of a Defendant.  For witnesses whose custodial files were previously produced, Defendant will conduct a good-faith reasonable search for supplemental custodial documents if requested.  Custodial documents will be produced subject to the Pretrial Orders in place in this case, including Pretrial Order # 26 (Confidentiality Order).  Defendants will produce custodial files at least fifteen (15) days before the scheduled deposition and will make best efforts to produce custodial files twenty-one (21) days before the scheduled deposition.  Counsel must meet and confer regarding an appropriate deposition date, giving due consideration to the current production schedule and the potential volume of the documents at issue.

**I.**      **TRANSLATION OF DOCUMENTS**

Any document shown to a deponent in a language other than English shall also be translated into English and copies made available to the witness and other counsel pursuant to the provisions of this Order.  Objections as to the accuracy of any translations of deposition exhibits shall be preserved unless a stipulation is reached by the parties in advance of the deposition.

**J.**      **TRANSLATORS**

1.      If a witness indicates his or her intention to respond to questions in a language other than English, neutral translators will be employed to interpret and translate between the foreign language and English.  If the translator is required for an employee of Defendant, then Defendant will engage and pay for the translator.  Each translator will swear under oath or affirm prior to each deposition to provide honest and truthful translations.  A monitor displaying "real time" transcription will be placed in front of the translator to assist in the translation at the Defendant's expense.

2.      Defense counsel will notify the Deposition Liaison at least fifteen (15) days in advance of the deposition of any present or former employee of Defendants whose examination

will require the involvement of a translator.  Subject to being informed of the terms of this Order, counsel for third-party witnesses will notify the Deposition Liaison at least fifteen (15) days in advance of the deposition that the examination will require the involvement of a translator.  In the event the Deposition Liaison receives such notice from a third party or his/her counsel, then the Deposition Liaison shall inform opposing counsel within twenty-four (24) hours of receiving such notice.  The noticing party shall pay for the services of a translator necessary for the deposition of a third-party witness.  When a deposition involves the use of a translator, any other party shall have the right to bring his or her own translator to provide a check on the translation.  Objections as to the accuracy of any translation of deposition testimony should be raised at the time of the deposition; however, if necessary, objections may be asserted within forty-five (45) days of the transcript being published.

### K.    VIDEO RECORDINGS

1.    Any depositions may be videotaped at the request of any party pursuant to the following terms and conditions:

   a.  **Simultaneous Stenographic Recording.**  All videotaped depositions shall be simultaneously stenographically recorded in accordance with Paragraph C.13.a.

   b.  **Videotape Operator.**  The operator(s) of the videotape recording equipment shall be a neutral certified videographer subject to the applicable provisions of Federal Rule of Civil Procedure 28(c) and similar state-court rules.

   c.  **Index.**  The videotape operator shall use a counter on the recording equipment, and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination

resumes, at which exhibits are identified, and at which an interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

d. **Court Reporter To Be Sworn.** At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately. The operator shall produce both video and DVD formats of each deposition.

e. **Appearances.** Each deponent and examining attorney attending the deposition shall be identified on the record at the commencement of the deposition. The videographer will read a statement on the record that all persons attending the deposition will be identified in the final stenographic transcript. Counsel attending the deposition will provide their identifying information to the stenographer in advance of the deposition.

f. **Standards.** Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent. The witness shall appear in ordinary business attire (as opposed to, for instance, a lab coat) and without extraneous objects.

g.  **Additional Cameras.**  Any party, at its own expense and with seventy (72) hours'
notice in advance of the deposition to Deposition Liaison, counsel for the deponent,
and the court reporter may arrange for an additional camera to film the examining
attorney and/or defending attorney.  If more than one camera is employed, the party
arranging for the additional camera shall pay for the expense of synchronization of
the videotapes from the additional camera if the party intends to show videotape
from the additional camera at trial.  Nothing in this Order shall be construed as a
ruling whether the videotapes of the lawyers may be shown at trial.  Counsel's
objections to showing the videotape of counsel at the time of trial are reserved.

h.  **Filing.**  After the deposition is completed, the video operator shall certify on camera
the correctness, completeness, and accuracy of the videotape recording in the same
manner as a stenographic court reporter, and file a true copy of the videotape, the
transcript, and certificate with Liaison Counsel for whomever noticed the
deposition.

i.  **Recording Objections & Instructions Not to Answer.**  Objections and
instructions not to answer at videotape depositions are subject to the provisions
herein.  If the objection involves matters peculiar to the videotaping, a copy of the
videotape and equipment for viewing the tape shall also be provided to the Court.

j.  **Technical Data.**  Technical data such as recording speeds and other information
needed to replay or copy the tape shall be included on copies of the videotaped
deposition.

**L.**     **OBJECTIONS AND DIRECTIONS NOT TO ANSWER**

1.     Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all depositions in this action:

2.     Unless otherwise specified by any Defendant, an objection by a single Defendant shall be deemed an objection by all Defendants without regard to whether the Defendant attended the deposition and, unless otherwise specified by any Plaintiff, an objection by a single Plaintiff shall be deemed an objection by all Plaintiffs.

3.     All objections are reserved until trial or other use of the deposition, except those objections regarding the form of the question or the existence of a privilege.  When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of the communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.  *See* Rule 26.1(f) of the Local Rules of the Southern District of Florida.   Privilege objections must be on a question-by-question basis, consistent with Paragraph II(F) of Pretrial Order # 32 (Order Concerning the Discovery Process and Dispute Resolution).

4.     Counsel shall not direct or request that a witness refuse to answer a question, unless that counsel has objected on the ground that the question seeks privileged information, the question seeks information that the Court has ordered may not be discovered, the question exceeds the scope of the 30(b)(6) notice, or a deponent seeks to present a motion to the Court for termination or limitation of the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass, harass, or oppress the party or deponent.  For non-United

States witnesses, a witness may be instructed not to answer where the question necessarily calls for information governed by the foreign country's data privacy protections.  Unless otherwise specified, an instruction not to answer by one Defendant should not be deemed an instruction not to answer by all Defendants, and an instruction not to answer by one Plaintiff should not be deemed an instruction not to answer by all Plaintiffs at risk for sanctions should he/she instruct a witness in bad faith.

5.      If, during a deposition, a party in good faith intends to present an issue to the Court by email pursuant to Paragraph A,.5., and if the Court is not immediately available, the party may instruct the witness temporarily to defer answering the question until the Court is available to issue a ruling.

6.      Counsel shall refrain from engaging in colloquy during depositions, and counsel shall comply with Federal Rule of Civil Procedure 30(c)(2) concerning objections at depositions. Counsel shall refrain from all comments that could be perceived as instructive to a witness, such as "you can answer if you understand the question" or "you can answer if you know."  The phrase "objection as to form," or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used.  Counsel may ask what specific defect in form is referenced in the objection in order to decide if there is a need to cure the alleged defect.

7.      Private consultations between deponents and their attorneys when a question is pending are improper except for the purpose of determining whether a privilege should be asserted. Unless prohibited by the Court for good cause shown, consultations may be held during normal recesses and adjournments or if there is a break in the normal course of interrogation and no questions are pending.  If a question is pending, the deponent shall answer the question prior to

taking a break or adjournment except to consult regarding whether a privilege protects the testimony.

8.      Objections other than as to form, addressed above, are not waived, and are reserved for later ruling by the trial judge.

9.      **Objections to Documents.**  A party need not object on the record that a deposition exhibit is not relevant or would not be admissible at trial.  All such objections are not waived and are specifically preserved for later ruling by the Court or by the trial judge.  The lack of an obvious connection between a document and a witness shall not prevent a witness from being asked questions about the document at a deposition.

## M.      <u>USE OF DEPOSITIONS</u>

1.      Under the conditions prescribed in Federal Rule of Civil Procedure 32(a) (1)-(4) or as otherwise permitted by the Federal Rules of Evidence, depositions may be used by any party who has submitted, or been found subject, to the jurisdiction of any court in any case covered by this Order who:

   a.   was present or represented at the deposition; or

   b.   had reasonable notice thereof; or

   c.   absent a showing of excusable delay, within thirty (30) days after the deposition is taken or within forty-five (45) days after becoming a party in state actions or the MDL Proceeding fails to file a motion and obtain an Order concluding that just cause exists such that the deposition should not be used in that case.

2.      This Order does not address the admissibility for trial purposes of any testimony taken by deposition.  Determinations on the admissibility of any such testimony shall be made by the trial court.

3.      This Order does not envision that a separate trial preservation deposition must be taken in order for the deposition to be introduced at trial.

**N.      CORRECTING AND SIGNING DEPOSITIONS**

1.      Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature and shall be corrected and signed within thirty (30) days after receiving the final transcript of the completed deposition.

2.      If no corrections are made during this time, the transcript will be presumed accurate.

**O.      FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE**

1.      The Federal Rules of Civil Procedure and Federal Rules of Evidence shall apply in all proceedings unless specifically modified herein.

2.      This Order and the Federal Rules of Civil Procedure and Federal Rules of Evidence shall apply to all depositions taken pursuant to this Order in the MDL Proceeding, including those taken of foreign witnesses or in foreign countries.

**Q.      COSTS AND EXPENSES**

1.      All parties are responsible for their own travel expenses in attending depositions.

2.      The noticing party shall bear the expense of stenographically recording a deposition.  The party requesting that a deposition be videotaped shall bear the expense of videotaping the deposition.

3.      Each party shall bear its own cost in securing copies of a deposition transcript, exhibits, and video recording.  Subject to the terms of the Confidentiality Order entered in these proceedings, any party in the MDL Proceeding may at its own expense obtain a copy of a deposition transcript, exhibits, and video recording by contacting the court reporter.

4.      Nothing in this Order shall preclude a party from seeking reimbursement for deposition-related expenses at the conclusion of the MDL Proceeding, if such reimbursement is otherwise authorized by law.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 11th day of November, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

<u>**EXHIBIT A**</u>

***Plaintiffs' Lead Counsel***

Tracy A. Finken
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Telephone: 215.735.1130
Email: tfinken@anapolweiss.com

Robert C. Gilbert
KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Telephone: 305.384.7269
Email: gilbert@kolawayers.com

Michael L. McGlamry
POPE McGLAMRY, P.C.
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Telephone: 404.523.7706
Email: efile@pmkm.com

Adam Pulaski
PULASKI KHERKHER, PLLC
2925 Richmond Avenue, Suite 1725
Houston, TX 77098
Telephone: 713.664.4555
Email: adam@pulaskilawfirm.com

***Plaintiffs' Liaison Counsel***

Francisco Raul Maderal , Jr.
COLSON HICKS EIDSON
255 Alhambra Circle
Penthouse
Coral Gables, FL 33134
Telephone: 305.476.7400
Email: frank@colson.com

*Plaintiffs' Deposition Liaison Counsel*

Mikal Watts
Regina Carmony
WATTS GUERRA LLP
4 Dominion Dr.
Bld. 3, Suite 100
San Antonio, TX 78257
Telephone: 210.448.0500
Email: mwatts@wattsguerra.com
        rcarmony@wattsguerra.com


*Defendants' Lead Counsel*

Anand Agneshwar
ARNOLD & PORTER KAY SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: 212.836.8000
Email: anand.agneshwar@arnoldporter.com

Andrew T. Bayman
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: 404.572.4600

March S. Cheffo
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone: 212.698.3500
Email: mark.cheffo@dechert.com

Joseph G. Petrosinelli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: 202.434.5000
Email: jpetrosinelli@wc.com

***Generic & Retailer Defendants' Liaison Counsel***

For the generic manufacturers:

Richard M. Barnes
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
Telephone: 410.783.4000
Email: rmb@gdkdlaw.com

Thomas J. Yoo
 HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Email: Thomas.Yoo@hklaw.com

For the retailer defendants:

Sarah E. Johnson
BARNES & THORNBURG, LLP
2029 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: 310.284.3798
Email: sarah.johnston@btlaw.com

For the distributor defendants:

Andrew D. Kaplan
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: 202.624.2699
Email: akaplan@crowell.com

3