UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)            MDL NO 2924
PRODUCTS LIABILITY               20-MD-2924
LITIGATION

JUDGE ROBIN L ROSENBERG
MAGISTRATE JUDGE BRUCE REINHART

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

**PRETRIAL ORDER # 55**
**Sixth Census Implementation Order:**
**Access to Unfiled Claimant Census Plus Forms for Non-Generic Defendants**

In Pretrial Order # 53, the Court set forth a process for allowing access to the individual Filed Plaintiffs' Census Plus Forms (CPFs) as well as reports on aggregated data contained within the Census Registry. This Order now sets forth the process for access to the CPFs completed by individuals as a condition of their entry into the Census Registry as Unfiled Claimants.

**I.  ACCESS TO INDIVIDUAL UNFILED CLAIMANT CPFs**

Any Unfiled Claimant who submits a CPF, and their individual counsel, will have access to the individual's CPF. Other than Plaintiffs' Co-Lead Counsel, no Filed Plaintiff, Unfiled Claimant, or their counsel, may access the CPF submitted by any other individual or counsel, absent authorization delivered to Litigation Management, Inc. (LMI) by Plaintiff/Claimant or his/her counsel. In Pretrial Order # 53, each Defendant was granted the right to access the CPF form corresponding to each filed action in which it was named as a Defendant. Although there is

(by definition) no Short Form Complaint for Unfiled Claimants, the parties recommend a parallel right of access to only those Anticipated Defendants identified in the CPFs of Unfiled Claimants.

Defendants have begun providing information intended to assist Plaintiffs in narrowing the Anticipated Defendants in the CPFs of Unfiled Claimants. As such, the parties have recommended that the Unfiled Claimants have time to incorporate this information and update their CPFs (if needed) before CPF access is granted.

The Generic Manufacturer Defendants have only recently provided the first tranche of information required by Pretrial Order # 50, and will provide the second tranche in December 2020. As such, the parties have recommended that the procedure and timing of addressing Generic Manufacturer Defendant CPF access be treated in a separate, future Order, in order to ensure that the process and timeline set forth is feasible for both the Unfiled Claimants and the Generic Defendants.

Each non-Generic Manufacturer Defendant (including Brands, Retailers/Pharmacies, and Distributors) may begin on February 10, 2021, to request access from LMI as to any or all CPFs in which it is listed as an Anticipated Defendant (hereinafter an "Eligible Defendant").[1]

Individual CPF access is only granted to Eligible Defendants, not to all Defendants in this MDL. Unfiled Claimants are therefore instructed that LMI will use the information as of February 1, 2021, as the basis of determining Anticipated Defendants for purposes of the first tranche of data access. If an Unfiled Claimant seeks to modify the Anticipated Defendants in light of the

---

[1] Nothing in this Order precludes LMI from continuing to provide extracted data to the Brands consistent with the processes put in place prior to entry of this Order. The Special Master shall be copied on any such requests.

information provided by Defendants, these modifications must be published/served in the LMI system prior to February 1, 2021, to be included in this first tranche of data access.[2]

Counsel are reminded that, pursuant to Pretrial Order # 15, Registry benefits—including not only assistance with records but also tolling—are reserved to those Claimants whose CPFs do not have important deficiencies, and thus that any important deficiencies (including but not limited to designation of Anticipated Defendants in a format requested by LMI) should also be cured as soon as possible.

LMI shall begin to grant Eligible Defendants access to any CPF submitted before October 1, 2020, on February 15, 2021. The CPFs submitted on or after October 1, 2020, but before January 1, 2021, shall be made available to Eligible Defendants beginning on March 15, 2021. The parties and the Special Master shall agree upon a rolling schedule for subsequent tranches of CPFs. The Special Master shall have the authority to modify any deadline set in this section, in consultation with LMI, Adam Pulaski (on behalf of Plaintiffs), and Joseph Petrosinelli (on behalf of Defendants).

If any party (including any Unfiled Claimant) believes there is an error in access, the party shall provide LMI with a short description of the discrepancy, including why they believe the access has been granted or denied in error. Plaintiffs' Liaison Counsel and Defense Liaison Counsel shall be copied on these communications.[3] If the matter is not resolved, LMI shall forward

---

[2] To facilitate the identification of Anticipated Defendants, counsel for Unfiled Claimants shall provide this information in the manner directed by LMI, which may include but is not limited to excel or use of an Anticipated Defendants portal, rather than in the CPF itself; however, such designation shall be treated as though it was embedded in the CPF itself for all purposes.

[3] The process set forth herein is not intended to capture substantive/merits disputes, but instead only technological and similar errors.

the correspondence to the Special Master for resolution, in consultation with Adam Pulaski and Joseph Petrosinelli.

## II.     PURCHASE AND MEDICAL RECORDS

The Court recognizes the volume of records that may be obtained through the Census Registry process. It is foreseeable that a single Unfiled Claimant may receive a significant number of pharmacy and medical records on a rolling basis through the coming months through the Registry, and thus it is prudent to set forth an organizational structure for these records.

The parties have agreed upon an initial set of medical and other records that Lexitas will collect for each Unfiled Claimant who has submitted a complete, non-deficient CPF, relating to the Claimant's alleged use of Zantac and/or ranitidine and injury, for which the parties will split the cost of collection (the "Core Records"). In addition, the Retailer and Pharmacy Defendants will be providing certain prescription and customer loyalty card purchase information reflecting the purchase and dispensation of prescription and OTC branded Zantac and generic ranitidine for those Unfiled Claimants who have submitted substantially complete, non-deficient CPFs, which contain all information responsive to Section C of the CPF ("Zantac Usage Information"), and relating to the Unfiled Claimant's alleged use of Zantac and/or ranitidine.

LMI is directed to create a separate file for the pharmacy and medical records for each Unfiled Claimant (or other subfolders as directed by the Special Master, in consultation with Adam Pulaski on behalf of Plaintiffs and Joseph Petrosinelli on behalf of Defendants), which shall contain the Core Records, all records the Unfiled Claimant submitted with the CPF, any other medical records uploaded to LMI, and all pharmacy records relating to the Unfiled Claimant

provided by the Retailer Defendants. Lexitas shall inform LMI when it believes it has received substantially all of the Core Records that it has requested for each individual Unfiled Claimant.

LMI shall provide access to all records in the Unfiled Claimant's file to the Eligible Defendants on a timeline that may be set forth by subsequent Order of this Court. No Defendant shall be permitted access to these records before that time.

Nothing in this Order should be interpreted to delay access of any individual Unfiled Claimant to his or her own records, nor derivatively the access of Plaintiffs' Co-Lead Counsel to such records.

### III. CONFIDENTIALITY OF CPFs

A CPF is considered "protected health information" as defined in Pretrial Order # 26 and 45 C.F.R. § 160.103 and shall be treated as Confidential Information and subject to the provisions relating to confidentiality set forth in Pretrial Order # 26.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 23rd day of November, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE