UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)           MDL NO 2924
PRODUCTS LIABILITY          20-MD-2924
LITIGATION

JUDGE ROBIN L ROSENBERG
MAGISTRATE JUDGE BRUCE REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

**PRETRIAL ORDER # 56**
**Seventh Census Implementation Order:**
**Deficiency Process for Unfiled Claimants**

In Pretrial Order # 38, this Court set forth a process for addressing deficiencies in the Census Plus Forms (CPFs) submitted by Filed Plaintiffs in this MDL. This Order sets forth a parallel process for addressing deficiencies in the CPFs submitted to the Census Registry by Unfiled Claimants—individuals who were investigating potential claims they may have related to the subject matter of this MDL, but have not filed any complaint.

**I.  TREATMENT OF DEFICIENCIES**

In Pretrial Order # 15, the Court created a Registry for Unfiled Claimants. The Order recognized that "registrations must be undertaken in good faith and be complete to be useful for data analytics." At the same time, the Order anticipated that inevitably some incomplete CPFs would be filed. As such, the Order provided that Litigation Management, Inc. (LMI) would provide notice to the Unfiled Claimants of "any incomplete, presumptively erroneous or missing information" to ensure that these be corrected.

The Order implicitly balanced the concern with ensuring that CPFs must be complete to be useful with the concern that inevitable minor missing details should not result in removal from the

Registry. As such, the Court provided that "failure to provide important information . . . absent good cause shown, will result in exclusion of the case from the Registry, and inability to partake in any benefits associated with the Registry including but not limited to tolling of the statute of limitations, cost sharing with respect to obtaining medical records and other documentation, federal court orders facilitating discovery and other benefits" of the Registry.

## II.   DEFICIENCY TIMELINE

### A.   NOTICE OF DEFICIENCIES

LMI is directed to provide to Unfiled Claimants notice of any missing or incomplete information, as provided in Pretrial Order # 15. The Special Master (in consultation with Adam Pulaski for Plaintiffs and Joseph Petrosinelli for Defendants, collectively "Registry Coordinating Counsel") may direct LMI to provide this information in multiple tranches; for example, providing notice of incomplete or missing information first and providing notice of potentially erroneous information at a later date, or addressing missing data first and addressing missing/incomplete documentation at a later date. The Special Master is also given the discretion to determine the timing, method, and content of these notices, in consultation with Registry Coordinating Counsel.

The notice to Unfiled Claimants shall clearly state that notice is being provided that the CPF and/or accompanying documentation is incomplete. It shall state that the missing information (or documentation) is required to be completed, and that if important information remains incomplete or missing ("Important Deficiencies"), absent good cause shown, the case will be excluded from the Registry.

Unfiled Claimants shall have 45 days to correct any missing information from the date the notice is provided by LMI. However, in recognition of the added complexity of the initial tranche of deficiency processing, that it will likely be the largest tranche of CPFs in this MDL, and that such deadline may incorporate both the November and December holidays, Unfiled Claimants

who are in the first tranche of deficiencies only (those notices issued later this month) shall have 60 calendar days to correct the deficiencies.

If Registry Coodinating Counsel cannot agree to an extension of a deadline on a particular matter, the Special Master shall have the authority to extend the deadline as to any particular Unfiled Claimant, in consultation with Registry Coordinating Counsel, upon good cause shown. The Special Master may determine the appropriate format for such extension requests.

### B. FAILURE TO CORRECT IMPORTANT DEFICIENCIES

LMI shall provide notice to any Unfiled Claimant who has an Important Deficiency that has not been cured within the above referenced timeframes that his/her claim will be removed in five (5) days from the Registry. Unfiled Claimants are reminded that tolling will expire ninety (90) days after the date the Claimant exits the Registry. If an Unfiled Claimant files a corrected and substantially complete CPF within those 90 days and either (a) LMI determines the Unfiled Claimant no longer has any missing information, or (b) Registry Coordinating Counsel (and/or the Special Master if needed) determine the Unfiled Claimant has either corrected the Important Deficiency or has good cause for any that remain, then the Unfiled Claimant may re-enter the Registry having cured his/her deficiency.

Unfiled Claimants with Important Deficiencies are not eligible to request medical records through Lexitas, to use the Retailer Portal to request customer loyalty/pharmacy records, or to obtain other Registry benefits until such important deficiency is cured.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 23rd day of November, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE