UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                              MDL NO 2924
PRODUCTS LIABILITY                                    20-MD-2924
LITIGATION

                                                          JUDGE ROBIN L ROSENBERG
                                     MAGISTRATE JUDGE BRUCE REINHART

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

<u>**PRETRIAL ORDER # 58**</u>
**Eighth Census Implementation Order:
Product Identification Collections for Remaining Filed Plaintiffs
and Unfiled Registry Claimants by Retailer and Pharmacy Defendants**

The Court has entered a number of prior Pretrial Orders creating (Pretrial Order # 15) and implementing (Pretrial Orders #'s 38, 42, 50, and 51) the Census Registry. In Pretrial Order # 51, the Court set forth the initial obligations of Retailer and Pharmacy Defendants ("RPDs") to provide certain prescription and customer loyalty card purchase information for Filed Plaintiffs, with the expectation that a subsequent Order would be entered in December 2020 for similar collections for Unfiled Claimants and any Filed Plaintiffs who did not request records as part of the initial tranche. This Pretrial Order was jointly submitted by the Parties and is entered at their request, and outlines the second phase of these product identification collections.

**I.     BACKGROUND AND SCOPE OF ORDER.**

Pretrial Order # 51 set forth the process by which the RPDs would collect an initial set of product identification ("PID") records for Filed Plaintiffs; the RPDs' respective obligations to collect and produce PID records were to be triggered by the delivery of information by counsel for the Filed Plaintiffs in Sections B, C, and D of Pretrial Order # 51, including the "Required Identifiers" defined in Section B.1. of that Order. Pretrial Order # 51 further recognized the

importance of "the [PID records collection] process be[ing] rolled out first using a representative sample to ensure the workability of the process for the remainder of the Census Registry participants, so as to allow for any necessary modifications in the process prior to its expansion to the entire Census Registry," and that subsequent Pretrial Order(s) would address any process improvements and/or modifications the Parties might recommend to this Court for the remaining Unfiled Claimants and/or Filed Plaintiffs.

Since that date, various counsel for Filed Plaintiffs have submitted the necessary information to initiate these collections, and on December 17, 2020, the RPDs provided initial PID records for the Filed Plaintiffs meeting the criteria under Pretrial Order # 51 and pursuant to the deadlines in Section D of that Order.  The Parties likewise have continued to work with Census Registry platform vendor, Litigation Management, Inc. ("LMI"), to make improvements to the "LMI Portal", available at www.lmi-med.com (*see* Pretrial Order # 51, Section B.2.), as well as to make additional modifications and improvements to the manner and format of LMI's PID reports to the RPDs (*see* Pretrial Order # 51, Section D.2.).

Additionally, since the entry of Pretrial Order # 51, the Parties have had the benefit of access to aggregate reporting data from LMI pursuant to Pretrial Order # 53, identifying, among other things, the number of and type of claims and cases against each RPD.  These aggregate reports have provided the Parties with some clarity regarding the potential scope of PID collections that each individual RPD will be asked to undertake.  The LMI aggregate reporting data likewise make clear that the RPDs are not a monolith—rather, certain RPDs are subject to substantially more claims than others, and with that, may face substantially greater obligations for PID collections.  Accordingly, in lieu of an all-purpose Order governing the next stage of PID collection and productions and attendant deadlines, the Parties have agreed to the process outlined below in

order to ensure that the second tranche of collections will permit the Parties to work together to craft workable, individualized timelines for the RPDs as additional Census Plus Forms are submitted and as additional Required Identifiers are submitted through the LMI Portal.

## II. TRANCHE TWO COLLECTION AND PRODUCTION OF PID RECORDS FOR REMAINING FILED PLAINTIFFS AND UNFILED CLAIMANTS.

1. The process outlined in Pretrial Order # 51 will continue to govern the manner in which PID Records are requested from RPDs. This includes submission of Required Identifiers, HIPAA authorizations, and necessary certifications by Filed Plaintiffs/Unfiled Claimants and their counsel, which must be submitted via the LMI Portal, rather than directly to counsel or via direct request to the RPDs.

2. The Parties recognize that as of December 17, 2020, the RPDs have collected and produced PID records for the Filed Plaintiffs meeting the criteria under Pretrial Order # 51, and that there are a limited number of Filed Plaintiffs/Unfiled Claimants who have submitted information via the LMI Portal since the first round of collections began. The next tranche of PID records collections will begin in January 2021, as soon as the Filed Plaintiffs/Unfiled Claimants have submitted and LMI has collected additional data through the LMI Portal to trigger second-round collections.

3. Rather than to outline a rigid schedule for these collections based upon a yet-unknown dataset, the Parties instead have agreed that the second tranche of collections must take into consideration the individualized capabilities and capacities of each RPD, and therefore, that the expectations and schedules for the second tranche of PID record collections will likewise be individualized for each RPD, subject to the following general criteria:

    a. Each RPD shall produce PID records pursuant to the timeline agreed by the Parties in the RPD Core Discovery Agreement.

    b. If any RPD has endeavored in good faith to collect PID records, but is unable to meet the agreed-upon deadline for production under the RPD Core Discovery Agreement, counsel for the RPD shall notify Special Master Dodge, who will grant necessary extensions following consultation with RPD Liaison Counsel and Co-Lead Counsel (Sarah Johnston on behalf of the RPDs, Adam Pulaski as Co-Lead for Plaintiffs, and Joe Petrosinelli as Co-Lead for Defendants). The Parties agree that requests for extension should not be unreasonably denied.

4. The LMI Portal is now open for submission by any remaining Filed Plaintiffs, as well as Unfiled Claimants, subject to the requirements set forth above and in Pretrial Order #51. Collection and production of any requested PID records shall follow the general guidelines of Section 3 above, with attention to the individualized issues and capacities/capabilities of the individual RPDs.

5. Special Master Dodge may direct any necessary modifications to the process, may direct prioritization of certain Census Registry participants, and/or may alter the schedule for deliverables for any RPD following consultation with counsel for that RPD and Co-Lead Counsel for the Parties.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 31st day of December, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE