**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE: ZANTAC (RANITIDINE)                                MDL NO. 2924
PRODUCTS LIABILITY                                           20-MD-2924
LITIGATION

                                              **JUDGE ROBIN L. ROSENBERG**
                                   **MAGISTRATE JUDGE BRUCE E. REINHART**

THIS DOCUMENT RELATES TO:
*State of New Mexico, ex rel.*
*Hector H. Balderas, Attorney General*
*v. GlaxoSmithKline, et al.*
Case No. 20-cv-82312-RLR

**THE STATE OF NEW MEXICO'S MOTION TO REMAND AND**
**INCORPORATED MEMORANDUM OF LAW**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 2

LEGAL STANDARDS ........................................................................................................ 3

ARGUMENT ..................................................................................................................... 4

I.       DEFENDANTS CANNOT OVERCOME THE PRESUMPTION AGAINST REMOVAL
JURISDICTION ........................................................................................................ 4

      A.    The State's Complaint Does Not Necessarily Raise A Substantial Federal Question ........ 5

           1.    The State Has Disavowed Any Federal Claim. ...................................... 7

           2.    The State's NMUPA Claim Does Not Depend Upon Resolution Of
Any Question Of Federal Law. ............................................................ 8

           3.    The State's Public Nuisance Claims Do Not Depend Upon
Resolution Of Any Question Of Federal Law. ..................................... 12

           4.    The State's Negligence Claim Does Not Depend Upon Resolution
Of Any Question Of Federal Law. ....................................................... 12

           5.    None Of The Purported Federal Issues Are Substantial In The
Relevant Sense. .................................................................................. 16

           6.    None Of The Purported Federal Issues Are Capable Of Resolution
In Federal Court Without Disrupting The Federal-State Balance
Approved By Congress. ....................................................................... 18

      B.    Defendants Cannot Clear The Still Higher Hurdle Where The Removal Implicates
State Sovereignty ................................................................................................ 19

CONCLUSION .................................................................................................................. 20

CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(3) .............................................. 22

CERTIFICATE OF SERVICE ............................................................................................ 23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adventure Outdoors, Inc. v. Bloomberg*,
   552 F.3d 1290 (11th Cir. 2008) ...................................................................................3, 9

*City of Arab v. Arab Elec. Co-op, Inc.*,
   No. CV-92-N-0379-M, 1992 WL 695226 (N.D. Ala. July 6, 1992) ........................................4

*In re Avandia*,
   MDL No. 1871, 2012 WL 1137097 (E.D. Pa. April 4, 2012) ...............................................19

*Calkins v. Cox Estates*,
   1990-NMSC-044, 110 N.M. 59, 792 P.2d 36 .......................................................................13

*Caterpillar Inc. v. Williams*,
   482 U.S. 386 (1987).......................................................................................... *passim*

*Christianson v. Colt Indus. Operating Corp.*,
   486 U.S. 800 (1988)..........................................................................................................9

*Commonwealth of Pennsylvania v. Eli Lilly & Co.*,
   511 F. Supp. 2d 576 (E.D. Pa. 2007) .............................................................................14, 20

*Cooper v Int'l Paper Co.*,
   912 F. Supp. 2d 1307 (S.D. Ala. Dec. 14, 2012) ...................................................................17

*Crook-Petite-el v. Bumble Bee Foods L.L.C.*,
   723 Fed. Appx. 974 (11th Cir. 2018)........................................................................................8

*DCH Health Care Authority v. Purdue Pharma L.P.*,
   No. 19-0756-WS-C, 2019 WL 6493932 (S.D. Ala. Dec. 3, 2019)...........................................9

*Earnest v. Great W. Cas. Co.*,
   No. CV416-278, 2017 WL 4326576 (S.D. Ga. Sept. 29, 2017)..............................................18

*Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*,
   463 U.S. 1 (1983)..................................................................................................1, 4, 18, 19

*Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*,
   545 U.S. 308 (2005)......................................................................................... *passim*

*Gunn v. Minton*,
   568 U.S. 251 (2013)......................................................................................... *passim*

*State of Hawaii ex rel. Louie v. Bristol-Myers Squibb Co.*,
    No. CIV. 14-00180, 2014 WL 3427387 (D. Haw. July 15, 2014) ................................. *passim*

*Herrera v. Quality Pontiac*,
    2003-NMSC-018, 134 N.M. 43, 73 P.3d 181 ......................................................................13

*Jackson v. Purdue Pharma Co.*,
    No. 6:02-CV-1428ORL19KRS, 2003 WL 21356783 (M.D. Fla. Apr. 11, 2003)..............8, 10

*Jairath v. Dyer*,
    154 F.3d 1280 (11th Cir. 1998) ...........................................................................................8, 9

*Kokkonen v. Guardian Life Ins. Co.*,
    511 U.S. 375 (1994).................................................................................................................3

*Oregon ex rel. Kroger v. Johnson & Johnson*,
    832 F. Supp. 2d 1250 (D. Or. 2011) ....................................................................................17

*Louisiana v. Pfizer, Inc.*,
    No. 3:13-CV-00727-BAJ-RL, 2014 WL 3541057 (M.D. La. July 17, 2014) ........................13

*Louisville & Nashville R.R. v. Mottley*,
    211 U.S. 149 (1908)..............................................................................................................5, 6

*Cnty. of Santa Clara ex rel. Marquez v. Bristol Myers Squibb Co.*,
    No. 5:12-CV-03256-EJD, 2012 WL 4189126 (N.D. Cal. Sept. 17, 2012).......................13, 14

*Merrell Dow Pharms. Inc. v. Thompson*,
    478 U.S. 804 (1986)...........................................................................................................10, 19

*Meyer v. Health Mgmt. Assocs., Inc.*,
    841 F. Supp. 2d 1262 (S.D. Fla. 2012) ................................................................................17

*Minnesota v. Pharmacia Corp.*,
    No. 05-1394, 2005 WL 2739297 (D. Minn. Oct. 24, 2005) ..................................................20

*State of Mississippi ex rel. Hood v. AstraZeneca Pharms., LP*,
    744 F. Supp. 2d 590 (N.D. Miss. 2010)................................................................................14

*MSOF Corp. v. Exxon Corp.*,
    295 F.3d 485 (5th Cir. 2002) ...............................................................................................10

*Murphy v. Secretary, U.S. Dep't of Army*,
    769 Fed. Appx. 779 (11th Cir. 2019)......................................................................................4

*State of Missouri ex rel. Nixon v. Mylan Labs., Inc.*,
    No. 4:06-cv-603, 2006 WL 1459772 (E.D. Mo. May 23, 2006)......................................14, 20

*State of New Mexico ex rel. Balderas v. Preferred Care, Inc.*,
    158 F. Supp. 3d 1226 (D.N.M. 2015) ....................................................................3, 9, 10, 19

*State of New Mexico ex rel. Balderas v. Purdue Pharma L.P.*,
    323 F. Supp. 3d 1242 (D.N.M. 2018) ..........................................................................9, 10, 19

*State of New Mexico ex rel. King v. Ortho-McNeil-Janssen Pharm., Inc.*,
    No. 08-0779, 2009 WL 8657144 (D.N.M. Jan. 26, 2009) ........................................................10

*State of Nevada v. Bank of Am. Corp.*,
    672 F.3d 661 (9th Cir. 2012) ...............................................................................................4, 10

*Nicodemus v. Union Pac. Corp.*,
    440 F.3d 1227 (10th Cir. 2006) .................................................................................................6

*In re OxyContin Antitrust Litig.*,
    821 F. Supp. 2d 591 (S.D.N.Y. 2011)......................................................................................14

*Pacheco de Perez v. AT&T Co.*,
    139 F.3d 1369 (11th Cir. 1998) ................................................................................................3

*Penelas v. Arms Tech., Inc.*,
    71 F. Supp. 2d 1251 (S.D. Fla. 1999) ..................................................................................5, 11

*PlainsCapital Bank v. Rogers*,
    715 F. App'x 325 (5th Cir. 2017) ............................................................................................10

*Purdue Pharma L.P. v. Kentucky*,
    704 F.3d 208 (2d Cir. 2013)......................................................................................................3

*In re Rezulin Prods. Liab. Litig.*,
    No. 00 Civ. 2843(LAK), 2006 WL 2041474 (S.D.N.Y. July 21, 2006)...................................15

*In re Rezulin Prods. Liab. Litig.*,
    MDL No. 1348, Dkt. No. 3883 (S.D.N.Y. June 27, 2005) ................................................14, 15

*Roberts v. TJX Cos., Inc.*,
    No. 3-14-cv-746-J-39-MCR, 2015 WL 1062331 (M.D. Fla. Jan. 23, 2015)...........................18

*Smith v. Kansas City Title & Tr. Co.*,
    255 U.S. 180 (1921).................................................................................................................17

*South Carolina ex rel. McMaster v. Astra Zeneca Pharms. LP*,
    Civil Action No. 7:09-387-HFF, 2009 WL 1227848 (D. S.C. May 5, 2009)....................19, 20

*State of South Carolina ex rel. McMaster v. Eli Lilly & Co.*,
    No. 7:07-cv-1875, 2007 WL 2261693 (D. S.C. Aug. 3, 2007)....................................14, 19, 20

*South Carolina ex rel. Wilson v. GlaxoSmithKline, LLC*,
   C/A No. 7:11-cv-01475-GRA, 2011 WL 3678166 (D. S.C. July 22, 2011) ..........................19

*Syngenta Crop Prot., Inc. v. Henson*,
   537 U.S. 28 (2002)..............................................................................................................3

*In re Terazosin Hydrochloride Antitrust Litig.*,
   No. 99-MDL-1317-SEITZ/BANDSTRA, 2003 WL 27387399 (S.D. Fla. Jan. 9, 2003)..........4

*Torres v. State*,
   1995-NMSC-025, 119 N.M. 609, 894 P.2d 386 ...................................................................13

*Univ. of S. Alabama v. Am. Tobacco Co*.,
   168 F.3d 405 (11th Cir. 1999) ............................................................................................3, 4

*Utah v. Eli Lilly & Co.*,
   509 F. Supp. 2d 1016 (D. Utah 2007)..............................................................................18, 20

*Vaden v. Discover Bank*,
   556 U.S. 49 (2009)................................................................................................................5

*In re Vioxx Products Liability Litigation*,
   MDL No. 1657, 2010 WL 2649513 (E.D. La. June 29, 2010).........................................15, 16

*State of W. Va. Ex rel. McGraw v. CVS Pharm., Inc.*,
   646 F.3d 169 (4th Cir. 2011) ............................................................................................4, 18

*State of W. Virginia ex rel. Morrisey v. McKesson Corp.*,
   Civil Action No. 16-1772, 2017 WL 357307 (S.D.W. Va. Jan. 24, 2017).......................19, 20

*Wisconsin v. Abbott Labs*.,
   390 F. Supp. 2d 815 (W.D. Wisc. 2005).................................................................................20

**Statutes**

21 U.S.C. § 355................................................................................................................................7

28 U.S.C. § 1331........................................................................................................................1, 11

28 U.S.C. § 1441(a) .........................................................................................................................3

28 U.S.C. § 1447..............................................................................................................................1

Food, Drug, and Cosmetic Act ................................................................................................ *passim*

New Mexico False Advertising Act, NMSA 1978, §§ 57-15-1 to -10............................................2

New Mexico Unfair Practices Act, NMSA 1978, §§ 57-12-1 to -26 ...................................2, 9, 12

New Mexico Public Nuisance Statute, NMSA 1978, NMSA 1978, §§ 30-8-1 to -14 ....................2

**Other Authorities**

21 C.F.R. Part 201.............................................................................................................................8

21 C.F.R. § 314.50............................................................................................................................7

The State of New Mexico, by its Attorney General Hector H. Balderas ("State"), pursuant to 28 U.S.C. § 1447 and 28 U.S.C. § 1331, moves this Court for remand to the First Judicial District Court, County of Santa Fe, because Defendants have failed to show any basis for federal question jurisdiction.

## INTRODUCTION

The State brought this action in New Mexico state court on its own behalf and pursuant to its inherent *parens patriae* authority to remedy Defendants' violations of state law and the harm to its residents caused by Defendants' toxic Zantac/ranitidine products. The State's Complaint seeks no relief under federal law, and in fact, expressly and definitively disavows any claims arising under federal law.[1] Where, as here, a State sues in State court under the laws of that State, the State's sovereign protections against removal protects the State unless a "clear rule demands" removal. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 21 n.22 (1983). Thus, the issue here is whether a clear rule justifies Defendants' removal. The answer is no.

Federal courts adjudicating nearly identical removal arguments, including federal courts in Florida and New Mexico, have held no federal question jurisdiction exists under the facts and controlling law here. Defendants try in vain to fabricate a federal question by characterizing the State's claims as "depend[ing] on the application and construction of federal law" (Notice at pp. 4-10), requiring the State to prove that Defendants violated federal laws and regulations (*Id*. at pp. 10-13), and requiring analysis of the scope of New Mexico's discretion under its Medicaid program. *Id*. at pp. 13-17. Because the State—as the master of its Complaint—has explicitly

---

[1] *See* Case No. 1:20-cv-00833-KWR-LF (D. N.M.) Dkt #1-1 ("Compl.") ¶¶ 7, 8, 156, 157; see also id. ¶¶ 229, 302, 304, 306, 308, 310, 312, 314, 316, 318, 320, 323, 326, 328, 330, 332, 334, 336.

pled only state law claims, Defendants' effort to recast the allegations as federal in nature must fail.  The State respectfully asks this Court to remand this action to state court where it belongs.

## BACKGROUND

The State sued Defendants in state court to recover civil penalties, nuisance abatement, damages, and other relief associated with the extremely unsafe levels of toxic, carcinogenic N-Nitrosodimethylamine ("NDMA") contained in Zantac/ranitidine products that were manufactured, designed, distributed, supplied, marketed, promoted, advertised and/or sold by Defendants for decades to New Mexico residents.  The State also brings this action to remedy Defendants' violations of law and the harm caused to its residents by creating a statewide health monitoring program designed to detect and assess medical disorders associated with use of Zantac/ranitidine.  Compl. ¶¶ 7, 278, 367, 368, 374, 375, 378-381, 384-388.

All of the five causes of action pled in the State's Complaint arise under New Mexico statutory and common law.[2]  Moreover, the Complaint clearly explains that the State is not relying on any federal causes of action or statutes for any claim.  Compl. ¶¶ 8, 157.  In addition, as to each of the Generic Manufacturer Defendants and Store Brand Defendants, the State explains that no claims are asserted based on "the adequacy of [those Defendants'] warnings or the fairness of [their] marketing statements," removing any doubt as to the applicability of federal law defenses with respect to claims against generic pharmaceutical manufacturers.

---

[2] Count I is a cause of action for violations of the New Mexico Unfair Practices Act ("NMUPA"), NMSA 1978, §§ 57-12-1 to -26 against the Brand Manufacturer Defendants; Count II is a cause of action for violations of the New Mexico False Advertising Act ("FAA"), NMSA 1978, §§ 57-15-1 to -10 against the Brand Manufacturer Defendants; Count III is a cause of action for violations of the New Mexico Public Nuisance Statute, NMSA 1978, §§ 30-8-1 to -14 against all Defendants; Count IV is a cause of action for public nuisance pursuant to New Mexico common law against all Defendants; and Count V is a cause of action for negligence under New Mexico common law against all Defendants.  *See* Compl. at pp. 91-105.

Compl. ¶¶ 7, 8, 156, 157; *see also id.* ¶¶ 299, 302, 304, 306, 308, 310, 312, 314, 316, 318, 320, 323, 326, 328, 330, 332, 334, 336.

In short, the Notice of Removal's representations—that "[f]ederal question jurisdiction exists over this claim [Count I] because it facially depends on the resolution of at least two overarching and substantial federal questions (Notice ¶ 17)," and Defendants' arguments as to the existence of federal question jurisdiction over all of the State's claims—are simply wrong.

## LEGAL STANDARDS

Courts presume that federal jurisdiction does not exist over a removed case unless the defendant can affirmatively show otherwise.  "Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute . . . which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citation omitted); *State of New Mexico ex rel. Balderas v. Preferred Care, Inc.*, 158 F. Supp. 3d 1226, 1229 (D.N.M. 2015) (quoting *Gunn v. Minton*, 568 U.S. 251, 256 (2013)); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)(citations omitted) (explaining "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue").  "[I]t is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008).  Removal statutes are strictly construed, and ambiguities must be resolved in favor of remand.  *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (citations omitted); *see also Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1369, 1373 (11th Cir. 1998) (citations omitted).  Simply put, "all doubts about jurisdiction should be resolved in favor of remand to state court."  *Univ. of S. Alabama*, 168 F.3d at 411 (citations omitted).  Because federal courts are courts of limited

jurisdiction, the Eleventh Circuit has ruled that courts must deny such jurisdiction if not affirmatively apparent on the record. *Murphy v. Secretary, U.S. Dep't of Army*, 769 Fed. Appx. 779, 782 (11th Cir. 2019) (citing *United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005)). Defendants seeking removal must establish federal court jurisdiction is proper "by a preponderance of the evidence." *In re Terazosin Hydrochloride Antitrust Litig.*, No. 99-MDL-1317-SEITZ/BANDSTRA, 2003 WL 27387399, at *1 (S.D. Fla. Jan. 9, 2003) (citing *Sierminski v. Transouth Fin'l Corp.*, 216 F.3d 945, 947-48 (11th Cir. 2000)).

These strict restrictions, applicable to all attempts to remove state-court actions to federal court, are heightened where, as here, the action is brought by a State sovereign. In such cases, "considerations of comity make [courts] reluctant to snatch cases which a State has brought from the courts of that State, unless some clear rule demands it." *Franchise Tax Bd.*, 463 U.S. at 21 n.22; *see also State of W. Va. Ex rel. McGraw v. CVS Pharm., Inc.*, 646 F.3d 169, 179 (4th Cir. 2011); *State of Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 676 (9th Cir. 2012)); *City of Arab v. Arab Elec. Co-op, Inc.*, No. CV-92-N-0379-M, 1992 WL 695226, at **1-3 (N.D. Ala. July 6, 1992) (holding the court lacked subject matter jurisdiction over the action where the plaintiff municipalities' claims were based on Alabama law and the plaintiffs had merely anticipated a federal defense). When a state attorney general "alleges only state law causes of action, brought to protect" its state residents, then "the 'claim of sovereign protection from removal arises in its most powerful form.'" *Bank of Am.*, 672 F.3d at 676 (quoting *CVS Pharm.*, 646 F.3d at 178).

## ARGUMENT

## I.   DEFENDANTS CANNOT OVERCOME THE PRESUMPTION AGAINST REMOVAL JURISDICTION

Defendants' removal is based entirely on mischaracterizations of the State's Complaint—a familiar but ineffective tactic that does not carry the heavy burden necessary to justify removal.

Here, Defendants must bear a double burden: they must satisfy the strict removal standard applicable in all cases and also clear the still higher hurdle applicable where, as here, the removal implicates State sovereignty. As a matter of settled, controlling precedent, Defendants must overcome the presumption against removal, demonstrate the propriety of federal removal jurisdiction beyond doubt, *and* identify a "clear rule" overriding New Mexico's sovereignty. Defendants' misconstruction of the causes of action actually pled by the State does not come close to satisfying these removal standards.

The issue presented by this motion is whether Defendants have carried their substantial burden of demonstrating that a clear rule exists such as to dispel any doubt but that the removal is entirely proper. Defendants have failed to carry this burden.

### A. The State's Complaint Does Not Necessarily Raise A Substantial Federal Question

"'[T]he plaintiff is the master of the claim and may prevent removal by choosing not to plead an available federal claim.'" *Penelas v. Arms Tech., Inc*., 71 F. Supp. 2d 1251, 1253 (S.D. Fla. 1999) (quoting *BLAB T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999)). A case arises under federal law, and "thus may be removed based on federal question jurisdiction only when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Id*. This "longstanding" doctrine, known as the "well-pleaded complaint rule," protects against the improper removal of state-law claims to federal court. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Pursuant to the rule, "the plaintiff [is] master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. In *Louisville & Nashville R.R. v. Mottley*, an early-20th century case, the Supreme Court made clear that, "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is

based upon those laws or that Constitution." 211 U.S. 149, 152 (1908). Thus, Defendants'
contention that the State's Complaint should be interpreted to mean the opposite of what it says
is belied by over a century of controlling precedent.

To establish removal jurisdiction under the substantial federal question test, Defendants
must satisfy four criteria: the purported federal issue is "(1) necessarily raised, (2) actually
disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the
federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. The Supreme Court has
emphasized that removal jurisdiction under this standard will exist in "only extremely rare
exceptions," in a "special and small," "slim category" of cases that arise under federal law
without federal law creating the cause of action. *Id.* at 258 (internal quotation omitted).
Relevant here, defense theories that may require analysis or resolution of federal issues
categorically cannot support removal jurisdiction. *Caterpillar*, 482 U.S. at 399.

Defendants concede that removal of state-law claims is only appropriate where such
claims "'*turn on substantial questions of federal law*,'" that is, where "'the plaintiff's right to
relief *necessarily depends on* resolution of a substantial question of federal law.'" Notice ¶ 14
(quoting *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005); *Nicodemus
v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006)) (emphasis added)). Thus, to avoid
remand, Defendants admit they must demonstrate (and not merely allege) that the State's
entitlement to relief necessarily depends upon the resolution of some substantial question of
federal law. Defendants cannot do so. At most, federal laws or regulations may be relevant to
assessing Defendants' compliance (or lack thereof) with New Mexico law, which parallel certain
federal requirements. Therefore, it is not "necessary" to any claim asserted by the State to
resolve any issue of federal law. Even if Defendants could establish the contrary (which they

cannot), they must then satisfy a series of further requirements—including showing that the purported federal questions invoked are important to the federal system as a whole and that the balance of the state and federal interests requires submitting this case to a federal court—to avoid remand.  Defendants cannot make these indispensable additional showings.

In the Notice, Defendants allege the State's Unfair Practices Act ("NMUPA") claim raises federal questions concerning "whether the Defendants' conduct was 'expressly permitted' by the federal government" and "whether the Defendants violated federal law during the Zantac/ranitidine approval process or thereafter in manufacturing, marketing, labeling, storing, distributing, advertising, and/or selling Zantac/ranitidine … to a degree that would have led the federal government to revoke or alter its 'express permission.'"  Notice ¶ 17.  With respect to the State's public nuisance claims, Defendants allege that those claims "depend on resolving whether the Defendants violated federal law during the Zantac/ranitidine approval process or at any point after the medication was approved and available to patients."  *Id.* ¶ 18.  With respect to the State's negligence claim, Defendants allege that it "necessarily depends on the resolution of substantial issues of federal law regarding the scope of New Mexico's discretion under the federal Medicaid program."  *Id.* ¶ 47.  None of these allegations is sufficient to overcome the well-pleaded complaint rule and to show that any of the State's claims raises a substantial federal question.

### 1.     The State Has Disavowed Any Federal Claim.

As a threshold matter, it is undisputed that the State has pleaded no claim directly under any federal statute or regulation, and has expressly disavowed any federal claim.  *See* Compl. ¶¶ 8, 157.  Defendants cite to various federal statutes and regulations, such as the Food, Drug, and Cosmetic Act ("FDCA") and FDA approval regulations (*e.g.*, 21 U.S.C. § 355; 21 C.F.R. § 314.50; 21 C.F.R. Part 201), as supplying the requisite foundation for federal jurisdiction.

Defendants concede that no such federal statute or regulation creates any of the State's causes of action.  Indeed, neither the FDCA nor the various regulations cited by Defendants provide for a right of action at all, rendering any such argument illusory.  *See, e.g.*, *Crook-Petite-el v. Bumble Bee Foods L.L.C.*, 723 Fed. Appx. 974, 974 (11th Cir. 2018)(concluding the district court did not err in dismissing the complaint where it lacked subject matter jurisdiction because the plaintiff and the defendant were citizens of the same state and because the FDCA does not provide for a private cause of action); *Jackson v. Purdue Pharma Co.*, No. 6:02-CV-1428ORL19KRS, 2003 WL 21356783, at *6 & n.6 (M.D. Fla. Apr. 11, 2003) (citing several decisions involving the same corporate defendants and factually similar claims where removal jurisdiction on the federal question basis was denied).  Instead, they maintain only that such federal statutes and regulations constitute an essential element of the State's NMUPA, nuisance, and/or negligence claims, despite the State's own pleading to the contrary.  As shown below, Defendants are incorrect.

> **2.      The State's NMUPA Claim Does Not Depend Upon Resolution Of Any Question Of Federal Law.**

Defendants characterize the purported federal issues at stake in the State's NMUPA claim as whether the conduct at issue was "expressly permitted" by the FDA and whether that conduct violated FDA approval standards.  These issues are not "necessarily raised" as an element of the NMUPA claim.  They are simply defense theories that certain Defendants may elect to raise and cannot support removal jurisdiction.

Where a plaintiff can prevail on a claim by showing that defendants violated state law duties—even where such state law duties parallel federal law duties, and where evidence of breaches of federal duties may be marshalled to support the claim for violations of state law duties—there is no "necessarily raised" federal issue.  *Jairath v. Dyer*, 154 F.3d 1280, 1281-84 (11th Cir. 1998) (citations omitted) (finding no federal question jurisdiction even though federal

statute allegedly created the duty which served as the basis for the state law claim for breach of duty); *DCH Health Care Authority v. Purdue Pharma L.P.*, No. 19-0756-WS-C, 2019 WL 6493932, at *3 (S.D. Ala. Dec. 3, 2019)(citing *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 164 (3d Cir. 2014); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988)); *Adventure Outdoors, Inc.*, 552 F.3d at 1296-97 (with respect to negligence claims, concluding the existence of a legal duty and whether the defendants breached that duty could be resolved without applying federal law).   Potential defenses to a claim cannot give rise to removal jurisdiction.  *Caterpillar*, 482 U.S. at 399.

To prevail on its NMUPA claim, the State must show that Defendants engaged in "unfair or deceptive trade practices" or "unconscionable trade practices."  NMSA 1978, § 57-12-3.  The State may do so by showing that Brand Manufacturer Defendants made statements regarding the safety of their Zantac products that may have, tended to, or actually misled consumers.  NMSA 1978, § 57-12-2(D).  The actionable misrepresentation or omission of facts relating to the safety of the products, and the NDMA contained therein, in marketing communications directed to consumers may be demonstrated without reference to FDA.  To be sure, the Brand Manufacturer Defendants had duties to disclose and report this adverse information to FDA under the FDCA and other regulations.  But their violation of the NMUPA is their use of unfair, deceptive, or unconscionable statements and omissions with respect to New Mexico consumers.   It is hornbook law that the mere fact that federal duties may have evidentiary relevance in establishing breaches of state law duties is not sufficient to "necessarily raise" a substantial federal question.  *See, e.g.*, *Jairath*, 154 F.3d at 1281-84; *State of New Mexico ex rel. Balderas v. Purdue Pharma L.P.*, 323 F. Supp. 3d 1242, 1252 (D.N.M. 2018); *Preferred Care*, 158 F. Supp. 3d at 1234 (no federal question raised by NMUPA claim even where "parallel federal" duties

may be implicated).  As the Supreme Court has instructed, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  *Merrell Dow Pharms. Inc.*, 478 U.S. 804, 813 (1986).  Because federal law violations are only one potential avenue of liability, no federal issue is "necessary."  *See Bank of Am.*, 672 F.3d at 675 (finding no necessary federal question in State plaintiff's state-law causes of action).

Moreover, the mere fact that a federal issue *could* inform a state-law issue is insufficient to support removal jurisdiction.  *See, e.g., Jackson*, 2003 WL 21356783, at *5 (explaining "removal is improper if based on a defense which implicates federal law"); *Purdue Pharma*, 323 F. Supp. 3d at 1252 (although federal law provides criteria for determining pharmaceutical companies' liability, such liability "does not hinge *exclusively* on federal law") (emphasis in original); *State of New Mexico ex rel. King v. Ortho-McNeil-Janssen Pharm., Inc.*, No. 08-0779 BB/WDS, 2009 WL 8657144, at **2-3 (D.N.M. Jan. 26, 2009) (rejecting argument that suit against pharmaceutical companies necessarily raised substantial federal questions under the Medicaid laws or the FDCA); *see also MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) (holding that federal question jurisdiction did not exist where complaint alleged "violation[s] of federal regulations as well as … violation[s] of state and local regulations") (citations omitted); *PlainsCapital Bank v. Rogers*, 715 F. App'x 325, 330 (5th Cir. 2017) ("When state law provides an alternative ground for recovery, the federal issue is not 'necessarily raised.'") (citing *Bank of Am.*, 672 F.3d at 675).

Undeterred, Defendants maintain that removal is appropriate because potential *defenses* to the NMUPA claim may require such analysis.  *See* Notice ¶ 22 (citing NMSA 1978, Section 57-12-7), ¶ 37 (citing NMSA 1978, Section 57-12-2(D)).  Defendants claim that these sections of

the NMUPA necessarily raise federal issues because Defendants intend to defend against the claim on these grounds. Defendants are wrong.

Section 57-12-7 of the NMUPA provides that "actions or transactions expressly permitted under laws administered by a regulatory body of … the United States" fall outside the scope of the statute. Defendants argue that the mere fact that Zantac products and labels were approved by FDA triggers this exemption. However, no statute or regulation (federal or state) "expressly permits" a product manufacturer to make representations or omissions about known safety risks, such as that a product is safe for consumption despite containing dangerous levels of undisclosed carcinogenic substances. Section 57-12-7 has no relevance to this case. But even if it did, it is well-settled that federal issues that may arise by virtue of a defense theory are insufficient to support removal jurisdiction. *Caterpillar*, 482 U.S. at 399 ("Congress has long since decided that federal defenses do not provide a basis for removal."); *see also id.* at 398 ("The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted … does not establish that they are removable to federal court."); *Penelas*, 71 F. Supp. 2d at 1253 (internal citations omitted) (recognizing "even a 'federal defense' is not a basis for removal'").

Section 57-12-2(D) of the NMUPA lends even less support to the Defendants' arguments. That section merely defines an "unfair or deceptive trade practice" as, among other things, an act "specifically declared unlawful pursuant to the [NMUPA]," providing numerous examples of such acts. The NMUPA renders unlawful all "unfair or deceptive trade practices and unconscionable trade practices." NMSA 1978, § 57-12-3. The State has alleged that the Brand Manufacturer Defendants have engaged in certain of the specifically enumerated unlawful acts. *See* Compl. ¶¶ 5, 357-363. Defendants nevertheless maintain that removal is appropriate because they intend to argue that certain federal regulations confer a "presumption of

11

lawfulness" over their conduct.  Notice ¶¶ 40-46.  Like any other defense, this one fails to support removal because no substantial federal question is "necessarily raised" by the State's claim.  *See, e.g.*, *Caterpillar*, 482 U.S. at 399.  Accordingly, the State's NMUPA claim does not necessarily raise any federal issue and removal jurisdiction is lacking.

### 3.    The State's Public Nuisance Claims Do Not Depend Upon Resolution Of Any Question Of Federal Law.

Defendants offer an overlapping, and equally faulty, argument concerning the State's statutory and common law public nuisance claims.  Defendants contend that removal is appropriate because the State must demonstrate that the alleged misconduct was "unlawful" in order to prevail on its public nuisance claims, which, they contend, will in turn require analysis of federal prescription and OTC drug approval requirements and procedures.  Notice ¶¶ 38-39. Of course, this is just another potential defense theory one or more Defendants may elect to raise in response to the State's nuisance claims.  The State may establish that certain Defendants' conduct was unlawful because it violated the NMUPA (Brand Manufacturer Defendants), and/or because such conduct violated New Mexico common law negligence principles or other state-law duties (Generic Manufacturer Defendants and Store Brand Defendants).  The State may, but need not only, utilize federal statutes or regulations in establishing its case in chief on these or any other cause of action.  A mere defense that turns on federal issues, such as the "presumption of lawfulness" defense sketched in the Notice (¶ 43), is insufficient to support removal jurisdiction.  *Caterpillar*, 482 U.S. at 399.

### 4.    The State's Negligence Claim Does Not Depend Upon Resolution Of Any Question Of Federal Law.

Defendants next argue that the State's negligence claim gives rise to removal jurisdiction because it necessarily raises federal issues concerning the scope of the State's discretion under Medicaid regulations.  Notice ¶ 47.  Defendants claim that federal regulations impose constraints

on the State's ability to restrict coverage for Zantac/ranitidine prescriptions for Medicaid beneficiaries because they are (or were) "covered outpatient drugs." *Id.* ¶ 52.  The extent to which Defendants' removal arguments deviate from the elements of a common law negligence claim under New Mexico law is palpable.  A negligence claim requires "the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages." *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 6, 134 N.M. 43, 73 P.3d 181.  Duty "must be decided as a matter of law by the judge, using established legal policy," such as case law, statutes, and other principles of law.  *Calkins v. Cox Estates*, 1990-NMSC-044, ¶ 5, 110 N.M. 59, 792 P.2d 36; *see also Torres v. State*, 1995-NMSC-025, ¶ 9, 119 N.M. 609, 894 P.2d 386.  Defendants argue that they may rely on Medicaid regulations to defend against a portion of the State's negligence claim and seek to limit the State's monetary recovery on the grounds that such regulations restrict the State's discretion in paying for Zantac.  Again, this is merely a potential defense theory certain Defendants may elect to present in litigating the State's negligence claim.  Defenses that turn on federal law are irrelevant and are insufficient to support removal jurisdiction.  *Caterpillar*, 482 U.S. at 399.  Courts assessing similarly spurious removal efforts in actions initiated by state Attorneys General against pharmaceutical companies routinely reject this very argument.[3]

---

[3] *See, e.g.*, *Louisiana v. Pfizer, Inc.*, No. 3:13-CV-00727-BAJ-RL, 2014 WL 3541057, at *7 (M.D. La. July 17, 2014) (finding that, even if federal Medicaid regulations are relevant to a claim, such regulations would merely "serve as background reference for the state law claims"); *State of Hawaii ex rel. Louie v. Bristol-Myers Squibb Co.*, No. CIV. 14-00180 HG-RLP, 2014 WL 3427387, at **12-15 (D. Haw. July 15, 2014) (rejecting, in unfair trade practice suit against pharmaceutical company, argument that Medicaid regulations regarding reimbursement are relevant or essential to determination of liability under state law); *Cnty. of Santa Clara ex rel. Marquez v. Bristol Myers Squibb Co.*, No. 5:12-CV-03256-EJD, 2012 WL 4189126, at *6 (N.D.

13

The State also notes that the U.S. Supreme Court, in *Grable* itself, explained that a negligence claim resting on alleged violations of federal statutes or regulations would be insufficient to transform the claim into one in which a federal court would have jurisdiction. 545 U.S. at 318-19 (observing that, as state law often gives effect of negligence *per se* to violation of federal statutes or regulations, to hold that federal jurisdiction exists simply by virtue of alleged violations of federal statutes or regulations would be to engineer an "enormous shift of traditionally state cases into federal courts" and open the federal floodgates).

To support their argument, Defendants rely upon a patent misrepresentation of a magistrate report filed in multidistrict litigation concerning the drug Rezulin. *See In re Rezulin Prods. Liab. Litig.*, MDL No. 1348, Dkt. No. 3883 (S.D.N.Y. June 27, 2005) (Katz, U.S.M.J.) (attached as Exhibit C to Notice) ("Def. Ex. C"). In that case, the plaintiff had already

---

Cal. Sept. 17, 2012) (rejecting, in false advertising suit against pharmaceutical company, argument that Medicaid regulations regarding reimbursement are relevant or essential to determination of liability under state law); *In re Oxycontin Antitr. Litig.*, 821 F. Supp. 2d 591, 597-98 (S.D.N.Y. 2011) (finding that Attorney General could prevail on state-law claims seeking recovery of Medicaid costs regardless of defense that state discretion to reimburse for prescriptions was limited by federal regulation); *State of Mississippi ex rel. Hood v. AstraZeneca Pharms., LP*, 744 F. Supp. 2d 590, 601 (N.D. Miss. 2010) (finding, in case brought by State alleging pharmaceutical company violated state law by making false statements regarding its drug product, that a substantial federal question was not raised because "Plaintiff's claims … do not focus on the federal aspects of the Medicaid scheme," but "[r]ather, Defendants' liability will depend upon its breach of duties as defined and created by state law."); *State of South Carolina ex rel. McMaster v. Eli Lilly & Co.*, No. 7:07-cv-1875, 2007 WL 2261693, at *2 (D. S.C. Aug. 3, 2007) (finding Medicaid issues that may arise in the litigation "incidental" and concluding that "Lilly's liability will solely depend upon its breach of duties as defined and created by state law"); *Commonwealth of Pennsylvania v. Eli Lilly & Co.*, 511 F. Supp. 2d 576, 581-82 (E.D. Pa. 2007) (finding that while Medicaid regulations may inform the litigation, they present no legitimate federal issue, and that liability will turn on state common law); *State of Missouri ex rel. Nixon v. Mylan Labs., Inc.*, No. 4:06-cv-603, 2006 WL 1459772, at *3 (E.D. Mo. May 23, 2006) (finding, in case seeking recovery of Medicaid costs incurred for covered outpatient drugs, "plaintiffs purely allege violations of state law and the mere fact that some of those claims may tangentially encounter some remote, or vague, connection with federal laws, regulations or contracts does not create federal question jurisdiction").

abandoned or withdrawn its motion to remand, which the court construed as a "concession by Plaintiffs that their claims implicate substantial federal issues in this action which are not overridden by any State interest."  Def. Ex. C at 3-4.  Apart from noting this concession, the *Rezulin* decision provides no substantive discussion of the issues raised by Defendants' removal effort.  To make matters worse, Defendants provide a footnote attempting to distinguish other, far more relevant, far more compelling judicial opinions directly on point (such as *Louisiana v. Pfizer* and *Hawaii v. Bristol-Myers Squibb*), and "submit[] that those cases were wrongly decided or were based on theories different from those at issue in this case, and that Judge Kaplan's reasoning in *In re Rezulin* is the most appropriate to the facts of this case."  Notice, at ¶ 56 n.7.  Defendants are incorrect for a host of reasons.  First, Judge Kaplan merely noted that no party objected to Magistrate Judge Katz's opinion.  *See In re Rezulin Prods. Liab. Litig.*, No. 00 Civ. 2843(LAK), 2006 WL 2041474, at *1 (S.D.N.Y. July 21, 2006) ("The motion to remand is denied for the reasons stated in the report and recommendation dated June 28, 2006 to which no objection has been filed.") (also attached as Exhibit B to Notice).  Second, unless the State were to abandon its remand motion, it is unclear how Magistrate Judge Katz's opinion has *any* bearing on this case.  Third, the *Rezulin* report's perfunctory discussion of the defendants' arguments (which the plaintiffs conceded by abandoning their motion) is simply threadbare, particularly when compared to the lengthy, well-reasoned discussions set forth in the many authoritative cases cited in the preceding paragraphs.  Defendants' reliance on *Rezulin* provides no support for their position.[4]

---

[4] Defendants' reliance on *In re Vioxx Products Liability Litigation*, MDL No. 1657, 2010 WL 2649513, at **9-18 (E.D. La. June 29, 2010), is also misplaced.  That order is a post-trial order setting forth findings of fact and conclusions of law relating to a redhibition claim brought by Louisiana, after a nine-day bench trial.  The court did not consider removal jurisdiction in any

**5.      None Of The Purported Federal Issues Are Substantial In The Relevant Sense.**

The lack of any "necessarily raised" federal issue in any of the State's claims precludes a finding of removal jurisdiction and requires remand of this action to State court.   But Defendants' removal effort is flawed for another reason: none of the three purported federal issues is "substantial" in the relevant sense, *i.e.*, important to the federal system as a whole.

In *Gunn*, the central dispute concerned the experimental-use exception under federal patent law, specifically whether under the facts of the case the plaintiff could have defended a patent using this exception.  568 U.S. at 259.  The Court found both that "resolution of a federal patent question is 'necessary' to" the case and that "[t]he federal issue is also 'actually disputed' and, indeed, the 'central point of dispute.'"  *Id.*  Notwithstanding the central role that federal patent law played in *Gunn*, federal question jurisdiction was lacking.  For the federal question to be "substantial in the relevant sense," it must be important "to the federal system as a whole." *Id.* at 260.  An example of a substantial question of importance to the federal system as a whole is presented in *Grable*, in which the federal government had a direct interest in vindicating its own administrative actions and the IRS's ability to recover delinquent taxes through seizure and sale of property.  A second example is a case in which federal government bonds were alleged to be of no validity, according to plaintiff's theory that the federal government had acted unconstitutionally.  *See id.* at 261 (discussing *Smith v. Kansas City Title & Tr. Co.*, 255 U.S. 180

---

way, and analyzed the unique elements of the redhibition cause of action, a creature of civil law that lives on in Louisiana's mixed legal regime.  As other courts have observed, the potential relevance of federal standards or regulations in analyzing causation under a redhibition theory provides no basis for concluding that other causes of action may raise essential federal issues. *See Hawaii*, 2014 WL 3427387, at *14 ("Here, unlike the *Vioxx* case, there is no cause of action for redhibition.  The causes of action pled in the Complaint do not require interpretation of Medicaid regulations.").

(1921)).  Decisions jeopardizing the validity of IRS tax sales and federal government bonds meet the extremely-rare test because they affect the federal system as a whole.  Without federal system jeopardy along these lines, the case is "poles apart" from satisfying *Grable* and the substantial federal question doctrine.  *See id.* at 262 ("[t]he present case is 'poles apart from *Grable*,' in which a state court's resolution of the federal question 'would be controlling in numerous other cases.'") (quoting *Empire HealthChoice*, 547 U.S. at 700).

Thus, the test for substantiality under *Gunn* is extraordinarily narrow.  Defendants have not and cannot cite *any* decision—much less any post-*Gunn* decision—that deems any federal issue that might arguably arise in the State's case as substantially important to the federal system as a whole.  In fact, the courts that have addressed this issue in the context of State actions against pharmaceutical companies accused of engaging in unfair and deceptive trade practices have concluded that there is no substantial federal question at issue.  *See, e.g.*, *Hawaii*, 2014 WL 3427387, at *15 (observing that federal courts "consistently" conclude that "state law causes of action for unfair trade practices related to pharmaceutical drugs do not raise substantial questions of FDCA regulations") (collecting cases); *Oregon ex rel. Kroger v. Johnson & Johnson*, 832 F. Supp. 2d 1250, 1256-57 (D. Or. 2011) (observing that "application of the FDCA regulatory regime is not a federal interest that requires the experience, solicitude, or uniformity provided by federal courts," and that "there is no need in drug-related consumer protection cases" for the federal judiciary's expertise).

Moreover, federal issues are not substantial where the issues are "fact-bound."  *Cooper v Int'l Paper Co.*, 912 F. Supp. 2d 1307, 1313 (S.D. Ala. Dec. 14, 2012); *Meyer v. Health Mgmt. Assocs., Inc.*, 841 F. Supp. 2d 1262, 1269 (S.D. Fla. 2012).  Here, whether Defendants violated their state-law duties, engaged in unlawful trade practices, or created a nuisance interfering with

17

rights of the New Mexico public will be proven through factual evidence.  The State is not advancing or relying on a "pure issue of law."  Therefore, no issue in this case that might plausibly be described as federal in nature is "substantial" in the relevant sense.

> **6.     None Of The Purported Federal Issues Are Capable Of Resolution In Federal Court Without Disrupting The Federal-State Balance Approved By Congress.**

Exercising federal jurisdiction here would upset the balance between federal and state courts because allowing the Defendants to remove the State's straightforward state law claims "to federal court based on a possibility that their resolution might touch upon federal law would disturb the balance articulated by the Supreme Court by allowing a broad category of traditionally state-law claims to be brought in a federal forum." *Earnest v. Great W. Cas. Co.*, No. CV416-278, 2017 WL 4326576, at *4 (S.D. Ga. Sept. 29, 2017); *Roberts v. TJX Cos., Inc.*, No. 3-14-cv-746-J-39-MCR, 2015 WL 1062331, at *3 (M.D. Fla. Jan. 23, 2015) (remanding where, *inter alia*, "principles of comity weigh in favor of remand as Plaintiff's [compliant] calls for interpretation of state law claims …, which are best suited for adjudication by a state court"). "Comity demands that [federal courts] step most carefully before 'snatch[ing] cases which a State has brought from the courts of that State, unless some clear rule demands it.'" *CVS Pharm.*, 646 F.3d at 179 (quoting *Franchise Tax Bd.*, 463 U.S. at 21 n.22); *see also Utah v. Eli Lilly & Co.*, 509 F. Supp. 2d 1016, 1025 (D. Utah 2007) (quoting same).  Thus in *CVS Pharmacy*, the court determined that where a State filed a case in state court, that State enjoys sovereign protection from "being involuntarily 'dragged' into" federal court.  646 F.3d at 178 (citations omitted).  This protection against removal applies with equal force here, and clearly illustrates that dragging New Mexico into federal court would disrupt the federal-state balance and violate principles of comity.

In reasoning that is equally availing here, the *Preferred Care* court explained that, "whereas *Grable* stemmed from the administrative action of a federal agency, this case is an enforcement suit by a state attorney general, such that principles of comity militate against permitting removal of this case to a federal forum."  158 F. Supp. 3d at 1232 (citing *Franchise Tax Bd.*, 463 U.S. at 21 n.22).

Moreover, as noted above, the federal statutory and regulatory regimes invoked by Defendants in their Notice—including the FDCA and the FDA drug approval processes—supply no right of action.  As the U.S. Supreme Court has explained, "the absence of a federal private right of action" in such statutes and regulations is "evidence" that Congress did not intend to permit claims requiring analysis or interpretation of issues under those statutes and regulations to create federal question jurisdiction.  *Grable*, 545 U.S. at 318 (citing *Merrell Dow*, 478 U.S. at 815-17).  "Under these circumstances, the fact that Congress provided no private right of action in the [FDCA] presents compelling evidence that a finding of federal jurisdiction in the instant case would not be 'consistent with Congressional judgment about the sound division of labor between state and federal courts.'"  *South Carolina*, 2007 WL 2261693, at *3 (quoting *Grable*, 545 U.S. at 313).  Precisely the same reasoning holds here.

**B.    Defendants Cannot Clear The Still Higher Hurdle Where The Removal Implicates State Sovereignty**

Just as in legions of other cases,[5] removal jurisdiction is lacking here because the State brings this action under its *parens patriae* authority and in its complaint alleges "specific state-

---

[5] *Purdue Pharma*, 323 F. Supp. 3d at 1245-53; *State of W. Virginia ex rel. Morrisey v. McKesson Corp.*, Civil Action No. 16-1772, 2017 WL 357307, at *8 (S.D.W. Va. Jan. 24, 2017); *Hawaii*, 2014 WL 3427387, at *1, 3; *In re Avandia*, MDL No. 1871, 2012 WL 1137097, *1-3 (E.D. Pa. April 4, 2012); *South Carolina ex rel. Wilson v. GlaxoSmithKline, LLC*, C/A No. 7:11-cv-01475-GRA, 2011 WL 3678166, at *1-6 & 1 n.1 (D. S.C. July 22, 2011); *South Carolina ex rel. McMaster v. Astra Zeneca Pharms. LP*, Civil Action No. 7:09-387-HFF, 2009 WL 1227848, at

law causes of action" implicating state-law duties.[6]  Moreover, "the delicate balance between federal and state considerations would be disturbed were [this] Court to exercise jurisdiction over this matter. … Clearly, the state interests involved, and the recovery of state funds heavily tilts the balance in favor of state adjudication."[7]  Here, no federal subject matter jurisdiction exists under the facts and controlling law here.  Thus, this case is currently pending in a court lacking jurisdiction and it should be transferred back to State court.

## CONCLUSION

For the foregoing reasons, the State respectfully requests that this Court promptly remand this action to the First Judicial District Court, County of Santa Fe, New Mexico.

Dated: January 25, 2021

Respectfully submitted,

P. Cholla Khoury
Brian McMath
Assistant Attorneys General
ATTORNEY GENERAL OF NEW MEXICO
HECTOR H. BALDERAS
P.O. Drawer 1508
Santa Fe, New Mexico 87504-1508
ckhoury@nmag.gov
bmcmath@nmag.gov
Tel.: 505.717.3500
Fax: (505) 318-1050

GRANT & EISENHOFER P.A.

By:   */s/ Kyle J. McGee*
Kyle J. McGee
Laina M. Herbert
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
kmcgee@gelaw.com
lherbert@gelaw.com

---

*1-6 (D. S.C. May 5, 2009); *Pennsylvania v. Eli Lilly & Co*., Inc., 511 F. Supp. 2d 576, 578-580 (E.D. Pa. 2007); *Mylan Labs.*, 2006 WL 1459772, at *1-4; *Wisconsin v. Abbott Labs*., 390 F. Supp. 2d 815, 818-25 (W.D. Wisc. 2005); *Utah v. Eli Lilly & Co*., 509 F. Supp. 2d 1016, 1019-20 (D. Utah 2007); *Minnesota v. Pharmacia Corp*., No. 05-1394 (PAM/JSM), 2005 WL 2739297, at *1-5 (D. Minn. Oct. 24, 2005).

[6] *Purdue Pharma*, 325 F. Supp. 3d at 1252 (quoting *Morrisey*, 2017 WL 357307, at *8).

[7] *Mylan Labs.*, 2006 WL 1459772, at *3.

Marcus Rael
ROBLES, RAEL & ANAYA
500 Marquette Ave. NW
Suite 700
Albuquerque, New Mexico 87102
Tel: (505) 242-2228
Fax: (505) 242-1106
marcus@roblesrael.com

*Special Counsel for Plaintiff the State of
New Mexico*

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(3)**

Pursuant to Local Rule 7.1(a)(3), the undersigned, on behalf of Plaintiff, conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the Motion and Defendants' Lead Counsel indicated that they do not object to the State filing a Motion to Remand.

Dated: January 25, 2021

Respectfully submitted,

GRANT & EISENHOFER P.A.

P. Cholla Khoury
Brian McMath
Assistant Attorneys General
ATTORNEY GENERAL OF NEW MEXICO
HECTOR H. BALDERAS
P.O. Drawer 1508
Santa Fe, New Mexico 87504-1508
ckhoury@nmag.gov
bmcmath@nmag.gov
Tel.: 505.717.3500
Fax: (505) 318-1050

*By:  /s/ Kyle J. McGee*
Kyle J. McGee
Laina M. Herbert
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
kmcgee@gelaw.com
lherbert@gelaw.com

Marcus Rael
ROBLES, RAEL & ANAYA
500 Marquette Ave. NW
Suite 700
Albuquerque, New Mexico 87102
Tel: (505) 242-2228
Fax: (505) 242-1106
marcus@roblesrael.com

*Special Counsel for Plaintiff the State of New Mexico*

22

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2021, I electronically filed the foregoing **State of New Mexico's Motion to Remand and Incorporated Memorandum of Law** and this **Certificate of Service** using the CM/ECF system, which will send notification of such filings to all counsel of record who have appeared.

Dated: January 25, 2021                    GRANT & EISENHOFER P.A.

                                          */s/ Kyle J. McGee*
                                        Kyle J. McGee
                                        123 Justison Street
                                        Wilmington, DE 19801
                                        Tel: (302) 622-7000
                                        Fax: (302) 622-7100
                                        kmcgee@gelaw.com

                                        *Special Counsel for Plaintiff the State of*
                                        *New Mexico*