UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)            MDL NO. 2924
PRODUCTS LIABILITY                 20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

### ORDER DENYING WITHOUT PREJUDICE THE PLAINTIFFS' MOTION TO AMEND TO CERTIFY A QUESTION FOR INTERLOCUTORY APPEAL

This cause comes before the Court upon the Plaintiffs' Motion to Amend to Certify a Question for Interlocutory Appeal [DE 2693]. The Defendants have not yet filed a response to the Motion. Ordinarily, the Court would, at a minimum, expedite a response before entering an order on the Plaintiffs' Motion, however, the Court notes that the Plaintiffs' deadline for amended pleadings is imminent: February 8th. Because of the close proximity of that deadline and because the premise of the Motion is, in part, the Plaintiffs' understanding of certain of the Court's prior rulings, the Court *sua sponte* clarifies certain of its prior rulings; in light of the clarification, the Court denies the Plaintiffs' Motion without prejudice so that the Plaintiffs may have the benefit, in any renewed motion and in any amended complaints, of the Court's clarification. The Court's ruling is not upon the merits of the Motion, nor is the Court's ruling intended to deprive the parties of an opportunity to be heard on the merits—the Court's ruling is intended to frame any renewed Motion, and any amended complaints, on a correct understanding of the Court's prior rulings.

The Plaintiffs' request for an interlocutory appeal is premised upon the understanding that the Court dismissed certain claims in the CCCAC with prejudice. That understanding—that premise—is wrong for at least two reasons.

First, the Plaintiffs contend that because the Court struck personal injury allegations from the CCCAC (e.g., cellular/subcellular damage) and because the Court ruled that 28 U.S.C. § 379r requires a personal injury, the Plaintiffs cannot replead their CCCAC claims for economic loss. While it is true that the Plaintiffs may not replead claims in the CCCAC that are predicated upon a personal injury, the Court left open the possibility that the Plaintiffs could, in an alternative pleading, replead class claims for economic loss that are based upon personal injury. DE 2515 at 48 ("Thus, the Injury Plaintiffs, without any prejudice to their substantive claims, may seek leave of Court for an alternative pleading to allege their class ***physical injury*** and/or medical monitoring claims." (emphasis added)).  The Court expressed no opinion on the intersection of cellular/subcellular damage and § 379r pre-emption.  Thus, the Plaintiffs' contention that they cannot replead their claims for economic damages—that those claims were dismissed with prejudice—is simply incorrect.  While the Court ruled that the savings clause of § 379r requires a personal injury, the Court did not reach the question of whether the Plaintiffs' allegations of personal injury satisfied the personal injury requirement.

Second, the Court has not precluded the Plaintiffs from repleading their claims in a manner that avoids § 379r pre-emption entirely.  In response to the Brand Defendants' Motion to Dismiss on § 379r pre-emption grounds, the Plaintiffs argued that their claims did not fall under § 379r because of their allegations that ranitidine was misbranded. DE 1976 at 30 ("Plaintiffs' claims are not expressly preempted here because (A) the claims parallel federal law, including misbranding law . . . .").  The Court could not render a final ruling upon this theory because of the shotgun nature of the Plaintiffs' pleadings and because the Court did not have sufficient clarity on what the Plaintiffs' misbranding theory (as applied to § 379r) actually entailed. DE 2532 at 27 ("As the

2

Master Complaints are currently pled, the Court cannot undertake a careful, state-by-state analysis of state-law-based misbranding claims. . . . [F]inally, the Court has found that the Plaintiffs' allegations of misbranding lack clarity and must be repled.  For all of these reasons, the Court rejects the Plaintiffs' misbranding-based arguments as an exception to § 379r pre-emption but will permit the Plaintiffs, in an amended and clarified pleading, to raise the exception anew."). The Court expressly permitted the Plaintiffs to replead this theory and, as a result, the Plaintiffs' claims were not dismissed with prejudice; the Court expressly requested "additional attention and discussion in future briefing" on the issue. *Id.*

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Plaintiffs' Motion to Amend to Certify a Question for Interlocutory Appeal [DE 2693] is **DENIED WITHOUT PREJUDICE**.  Nothing in this Order shall preclude the Plaintiffs from filing a renewed Motion.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 29th day of January, 2021.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record