UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                               MDL NO 2924
PRODUCTS LIABILITY                                     20-MD-2924
LITIGATION

JUDGE ROBIN L ROSENBERG
MAGISTRATE JUDGE BRUCE REINHART

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

**PRETRIAL ORDER # 59**
Ninth Census Implementation Order: Further Timelines
for Registry CPF Deficiency Processing and Other Procedures

The parties are in the process of implementing Pretrial Order # 56 relating to the procedures for addressing deficiencies in the Census Plus Forms ("CPFs") that have been included in the Census Registry. The Court, in consultation with the Special Master and Registry Coordinating Counsel, hereby provides the following guidance and direction to assist in this implementation process.

**I.     TIMELINE FOR ADDRESSING UNCORRECTED DEFICIENCIES**

Pretrial Order # 56 provides that Unfiled Claimants who were scheduled to (and ultimately did) receive deficiency notices on November 30, 2020 had until January 30, 2021 to correct important deficiencies. With that deadline now passed, the Court understands from the Special Master that substantial progress has been made and that many CPFs are no longer deficient. However, the Special Master has also indicated that a significant number of CPFs with important deficiencies still exist. Under Pretrial Order # 56, Litigation Management, Inc. ("LMI") is now to provide notice to Unfiled Claimants with deficient CPFs that their claims will be removed from the Registry within five days from the notice. Given the large number of such Unfiled Claimants,

however, the Special Master, in consultation with Registry Coordinating Counsel, is authorized to formulate a plan and sequence for LMI to provide the required notices, which may include creating tranches of Unfiled Claimants who will receive the notices sequentially. The Special Master may use her sole judgment and discretion in this matter, continuing to address any good cause/technical errors experienced by firms or individual claimants, furthering the efficient processing of the notices, and general enhancement of the Registry's operation and purposes, in consultation with Registry Coordinating Counsel.

## II.     INJURIES NOT DESIGNATED BY PLAINTIFFS' CO-LEAD COUNSEL

Pursuant to Pretrial Order # 30, on January 8, 2021 Plaintiffs' Co-Lead Counsel filed a disclosure [DE 2533] identifying the alleged injuries for which they currently intend to provide expert reports for purposes of the general causation *Daubert* briefing schedule set forth in that Order. The disclosure identified ten types of cancers ("Designated Injuries"). In order to conserve the parties' time and resources as it relates to the Census Registry, Filed Plaintiffs and Unfiled Claimants with deficient CPFs who do not allege any of the Designated Injuries as one of their alleged injuries are not required at this point to correct the deficiencies in their CPFs, and they will not receive a notice of removal from the Registry on that basis. At a future time, the Court may issue a separate Order concerning the process and timeline for addressing such Filed Plaintiffs and Unfiled Claimants. In the meantime, the Registry records collection vendor (Lexitas) will not collect any records for these Filed Plaintiffs and Unfiled Claimants, unless it is at their sole cost.

If, with the Court's permission, Plaintiffs' Co-Lead Counsel amend their list of Designated Injuries to add other cancers or injuries, then Filed Plaintiffs and Unfiled Claimants with deficient CPFs who allege such newly-designated injuries will correct the deficiencies in their CPFs within the greater of forty-five (45) days from the date the CPF entered the Registry or thirty (30) days

2

of the amended designation. If they fail to do so, then the process set forth in Pretrial Order # 56, Paragraph II.B shall apply to them.

## III. ELIGIBLE DEFENDANT ACCESS TO UNFILED CLAIMANT CPFs

Pretrial Order # 55 sets forth a process for granting Eligible Defendants (as defined in that Order) access to Unfiled Claimants' CPFs by various dates, beginning on February 15, 2021. That date was selected to correspond to the January 30, 2021 deadline for Unfiled Claimants to correct important deficiencies in their CPFs. Given the large number of Unfiled Claimant CPFs that remained deficient as of January 30, 2021, the Court clarifies that under Pretrial Order # 55 Eligible Defendants shall be able to access only those Unfiled Claimant CPFs that do not contain an important deficiency as of the access dates set forth in that Order.

Eligible Defendants shall not be able to access CPFs that still contain important deficiencies as of such access dates, unless and until such deficiencies are corrected.

Further, for the same reasons discussed above relating to the Designated Injuries, Eligible Defendants shall not be able to access Unfiled Claimant CPFs that do not allege one of the Designated Injuries, until further Order of the Court.

Finally, Pretrial Order # 55 referred to the date upon which a CPF was "submitted" to LMI. This term has been defined as the date upon which the Unfiled Claimant first provided his/her CPF data file to LMI. It was anticipated that the submission date would determine the required date of the deficiency correction, and thus was the clearest trigger for Defendant access. However, to address a variety of issues, the Special Master directed that certain CPFs be treated in subsequent deficiency tranches rather than delay the issuance of all notices in a particular tranche. The Court

now clarifies that, for purposes of determining deficiency status and defense access, these later-processed CPFs shall be treated with their deficiency notice group.

## IV.   DEADLINE FOR FILING FUTURE CPFs

The Court recognizes that, although the bulk of Unfiled Claimants who intend to participate in the Census Registry likely have already done so by submitting their CPFs, additional CPFs continue to be submitted to LMI. Pretrial Order # 15 (at page 10, paragraph 3(b)) currently requires that Unfiled Claimants seeking to participate in the Registry submit their CPFs to LMI "within thirty (30) days from the end of the quarter within which the Claimant retained counsel." That requirement was essential at the outset of this MDL to enable the Court and the parties to determine at a relatively early stage the number and types of claims likely to be at issue in the MDL, which in turn assisted the Court and the parties in crafting the overall timeline set forth in Pretrial Order # 30 and other related Orders. It was also essential to allowing the parties to understand the types of injuries that might be alleged and patterns of product usage, which the parties have informed the Court have been valuable data points for both sets of lead counsel as they have made decisions about the scope, focus, and direction of this MDL. At this stage of the MDL, however, there does not seem to be a particular need for a deadline for additional claimants to seek to participate in the Registry; they can do so by simply submitting a CPF to LMI if and when they choose. Accordingly, the CPF submission deadline set forth in Pretrial Order # 15, page 10, paragraph 3(b), is suspended until further Order of the Court.

With regard to Unfiled Claimants who previously submitted CPFs pursuant to the deadline in Pretrial Order # 15, page 10, paragraph 3(b), the Court is informed that there may have been some CPFs that were not produced to LMI until more than thirty days after the end of the required quarter, due to technical errors in submission to LMI or issues with Cerner (the vendor that some claimants' counsel retained to process and submit their clients' CPFs). As to any such

circumstance, the Unfiled Claimant's CPF shall be deemed submitted and produced in a timely fashion under Pretrial Order # 15, page 10, paragraph 3(b).

With respect to Unfiled Claimants who previously submitted CPFs but after the deadline set forth in Pretrial Order # 15, page 10, paragraph 3(b), those Unfiled Claimants are deemed properly in the Registry as of the date that their CPFs were submitted to LMI.

The Court understands that the date of submission to LMI will continue to be important to the parties, as it represents the date of entry into the Registry.  LMI is directed to provide a report to each participating law firm of the date on which each of its Unfiled Claimants entered the Registry.  Counsel shall immediately inform LMI of any discrepancy or alleged error in such report. Any dispute about the date of entry into the Registry for an Unfiled Claimant shall be raised with the Special Master, who shall apprise Registry Coordinating Counsel and attempt to resolve the dispute, and with the Court absent such resolution.  In order to ensure a clear record for the Court and parties on this issue, the Special Master is directed (in consultation with Registry Coordinating Counsel) to set interim deadlines for LMI and the parties, culminating in quarterly reporting to the Court.  Such report shall include the date of Unfiled Claimants' entry into the Registry, date of exit (where applicable), and any other information that the Special Master and Registry Coordinating Counsel designate for inclusion.

## V.     FUTURE DEADLINES

The Court anticipates that the removal of the quarterly deadlines for CPF submission will allow for a more efficient deficiency process.  The Special Master is directed to consult with Registry Coordinating Counsel to create a schedule for the processing of future tranches of deficiencies, as well as for subsequent tranches of defense CPF access.  The Special Master is specifically directed to consider, in consultation with Registry Coordinating Counsel and LMI, whether both of these processes should be performed on a monthly basis going forward.  The

Special Master shall have the authority to modify or adjust any deadline relating to the Registry; in the interests of efficiency, she should act in her discretion as relates to any instruction to LMI or any particular claimant/law firm, but shall consult with Registry Coordinating Counsel as to broadly applicable modifications (as identified in prior parts of this Order).

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 12th day of February, 2021.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE