UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)          MDL NO. 2924
PRODUCTS LIABILITY                20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO:**

         9:20-cv-81056-RLR
         9:20-cv-81059-RLR
         9:20-cv-81061-RLR
         9:20-cv-81065-RLR
         9:20-cv-81068-RLR
         9:20-cv-81072-RLR
         9:20-cv-81073-RLR
         9:20-cv-81074-RLR
         9:20-cv-81075-RLR
         9:20-cv-81077-RLR
         9:20-cv-81078-RLR
         9:20-cv-81087-RLR
         9:20-cv-81089-RLR
         9:20-cv-81090-RLR
         9:20-cv-81092-RLR
         9:20-cv-81093-RLR
         9:20-cv-81094-RLR
         9:20-cv-81096-RLR
         9:20-cv-81097-RLR
         9:20-cv-81098-RLR
         9:20-cv-81099-RLR
         9:20-cv-81104-RLR
         9:20-cv-81105-RLR
         9:20-cv-81106-RLR
         9:20-cv-81107-RLR
         9:20-cv-81109-RLR
         9:20-cv-81110-RLR
         9:20-cv-81112-RLR
         9:20-cv-81118-RLR
         9:20-cv-81119-RLR
         9:20-cv-81121-RLR
         9:20-cv-81122-RLR

9:20-cv-81142-RLR
9:20-cv-81143-RLR
9:20-cv-81144-RLR
9:20-cv-81145-RLR
9:20-cv-81152-RLR
9:20-cv-81153-RLR
9:20-cv-81154-RLR
9:20-cv-81157-RLR
9:20-cv-81216-RLR

## ORDER GRANTING THE PLAINTIFFS' MOTION TO REMAND

**THIS CAUSE** is before the Court on the Plaintiffs' Motion to Remand [DE 2569]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

At the center of this MDL is a molecule known as ranitidine. *E.g.*, 20-81056, DE 1 at 11-13. Ranitidine, commonly known as Zantac, alleviates heartburn. *Id.* The Plaintiffs allege that ranitidine is defective—they allege that while ranitidine alleviates heartburn, it also promotes the growth of cancer. *Id.* In this suit, the Plaintiffs name as Defendants the manufacturers and retailers who profited from the sale of ranitidine. *See id.* at 1-5. The Plaintiffs bring various claims against the Defendants, but the Motion before the Court ultimately turns upon a single claim—a claim for ordinary negligence against the Defendants that operated as retailers and sold ranitidine to the public.

The above-referenced cases were filed in California state court. Each Plaintiff is a California citizen. *Id.* at 4. At least one Defendant[1] in each case is also a California citizen—a California-based retailer that sold ranitidine. *Id.* at 5. Thus, the parties are not diverse and, at least as a facial matter, the cases (which are devoid of federal claims) may not be removed to federal court. *E.g.*, *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see also* 28 U.S.C. § 1332(a).

Nonetheless, the Defendants removed these cases to federal court, citing the doctrine of

---

[1] Several different California-based retailers are named as Defendants across the various cases including Safeway, Inc., the Vons Companies, Inc., and Kaiser Permanente International. DE 2702 at 7.

fraudulent joinder. Under that doctrine, a defendant's presence in a suit is ignored for the purpose of determining diversity jurisdiction when there is no "possibility that a state court would find the complaint states a cause of action" against the non-diverse defendant. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th Cir. 2018). Because there is no possibility that the California-based Defendants could be found liable for the sale of ranitidine, the Defendants argue, the California-based Defendants were fraudulently joined. In the absence of the fraudulently-joined Defendants, there would be complete diversity of citizenship—and therefore federal jurisdiction—in this case. Thus, the dispute before the Court centers on whether the California-based Defendants were fraudulently joined.

The burden upon a removing party to establish fraudulent joinder is high. To establish fraudulent joinder, "the removing party has the burden of proving by clear and convincing evidence that … there is no possibility the plaintiff can establish a cause of action." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). Doubts about the Court's jurisdiction over a removed action must be resolved in favor of remand. *Univ. of Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

The claim at issue is ordinary negligence. The Defendants contend that the California-based Defendants were fraudulently joined because (i) those Defendants are all retailers and (ii) under California law, a retailer cannot be negligent for the ordinary sale of ranitidine because (iii) a retailer has no duty to detect defectively-designed or defectively-manufactured drugs. For authority, the Defendants rely upon a single, eighty-year-old case decided in 1941, *Sears Robuck & Co. v. Marhenke*, 121 F.2d 598, 600 (9th Cir. 1941) (applying California law). In *Sears*, the Ninth Circuit stated that "a dealer who purchases and sells an article in common and general use, in the usual course of trade, without knowledge of its dangerous qualities is not under duty to

exercise ordinary care to discover whether it is dangerous or not." *Id.* The Defendants analogize the instant case to *Sears*, arguing that the retailers had no duty to discover whether ranitidine was a defective molecule and, as a result, cannot be held liable for negligence under California law.

*Sears* has no application to the instant case because the Defendants' position mischaracterizes the Plaintiffs' negligence claim. It is not the Plaintiffs' position, as the Defendants contend, that the Defendants should be held liable for "merely stock[ing]" ranitidine. DE 2702 at 11. Similarly, the Court cannot assume that the Plaintiffs' case is *limited* to the contention that the retailers were negligent because they failed to investigate the ranitidine molecule. Instead, under the doctrine of fraudulent joinder, the Court must decide whether the Defendants have established, through clear and convincing evidence, that a negligence claim is impossible. Construing inferences in favor of the Plaintiffs as the Court must, the Plaintiffs have alleged that the Defendants had polices to store ranitidine and the Court may reasonably infer that such a policy would include storing ranitidine according to the temperature requirements on the ranitidine drug's label; the Plaintiffs have alleged that the Defendants violated that policy: "Defendants failed to adhere to and/or follow its established practices and procedures in storing Ranitidine-Containing Drugs supplied to Plaintiff." *E.g.*, 20-81056, DE 1-1 at 64.[2] Another reasonable inference is that the Defendants would have known that it is important to store a drug in accordance with the temperature requirements on the drug's label. The Plaintiffs have alleged

---

[2] It is certainly true that the Plaintiffs could have alleged with greater clarity that ranitidine was stored at temperatures that exceeded the federally-approved temperature range on the ranitidine label. This was a subject the Court focused on in a prior dismissal of the Plaintiffs' negligence claims in an earlier master pleading. DE 2513 at 34-39. The Plaintiffs recently clarified in an amended master pleading that it is indeed their position that ranitidine was stored by retailers at a temperature that exceeded the temperature range required on the ranitidine label. DE 2759 at 441 ("Upon information and belief, Retailer and Distributor Defendants systematically exposed ranitidine to excessive levels of heat and humidity that violated the instructions on the products' labels."). In any event, on a motion to remand federal pleading standards do not apply to the Plaintiffs' Complaints—state pleading standards do—and under California pleading standards, "it is sufficient to allege that an act was negligently done by a defendant and that it caused damage to plaintiff." *Rannard v. Lockheed Aircraft Corp.*, 157 P.2d 1, 4 (Cal. 1945); *Stillwell*, 663 F.3d at 1334.

that if ranitidine is stored at hot temperatures, this can lead to a break down in the ranitidine molecule which in turn can cause cancer. *Id.* at 39-42. It is therefore the Plaintiffs' allegation that the Defendants were *actively* negligent in their storage of the ranitidine molecule and that the Defendants *caused* the injury the Plaintiffs received. This stands in stark contrast to *Sears*.

In *Sears*, the defect at issue was only detectable via expert testimony, and there was no allegation that the retailer-defendant actively did anything improper. *See Sears*, 121 F.3d at 600. Stated simply, if the ranitidine label required storage at 76 degrees,[3] and if a Defendant stored the ranitidine at 77 degrees, the Defendants have provided no authority for the proposition that it would be *impossible* for the Plaintiffs to bring a negligence claim. *C.f. Cabral v. Ralphs Grocery Co.*, 248 P.3d 1170, 1174 (Cal. 2011) ("The general rule in California is … each person has a duty to use ordinary care and is liable for injuries caused by his failure to exercise reasonable care in the circumstances."). Further, the Defendants have provided no authority for the proposition that the duty to exercise ordinary care in California does not include following the temperature storage requirements on a drug's label. Indeed, the Court has already concluded, in a prior order of dismissal, that it may not be impossible for the Plaintiffs to plead such a claim. DE 2513 at 35 ("With respect to the heating theory—that the Defendants should be held liable for storing ranitidine at an elevated temperature prohibited by *both* federal law and state law—the Plaintiffs have leave in an amended complaint to plead this theory because, at this juncture, the Court is not prepared to conclude it would be futile for the Plaintiffs to so plead.").

With respect to the Defendants' heavy burden to establish impossibility, even conclusory allegations in a complaint are sufficient for a Plaintiff to survive a fraudulent joinder challenge. *Stillwell*, 663 F.3d at 1334. All that is necessary is that there is "even a possibility" that a state

---

[3] *See* DE 2759 at 441.

court would sustain a claim. *Id.* If a California-based retailer stored ranitidine at temperatures prohibited by the drug's label, there is at least a possibility that a state court would sustain the Plaintiffs' negligence claims. The burden was upon the Defendants to clearly and convincingly persuade the Court otherwise. This the Defendants have not done. Doubts about jurisdiction must be construed in favor of remand. For all of these reasons, the Plaintiffs' Motion is granted.[4]

The Court addresses one final matter. In the alternative to remand, the Defendants request that the claims against the California-based retailer-Defendants be severed from the diverse Defendants under Rule 21, and that only the severed claims be remanded to state court. Once those claims are severed and remanded, the Defendants contend, the Court will have diversity jurisdiction over the remaining, non-served claims. Putting aside that the Defendants have requested this affirmative relief in a response in lieu of a motion, this request is inapposite with caselaw. Removal was improper in this case—the Court lacked jurisdiction over the Plaintiffs' Complaints at the time they were filed in state court—and, in this context, courts in this District "decline[] the invitation to rewrite [a] Plaintiff's complaint in order to manufacture federal jurisdiction." *Gonzalez v. J.C. Penney Corp.*, No. 05-CV-22254, 2005 WL 5304795, at *3 (S.D. Fla. Nov. 7, 2005). "Federal courts have frowned on using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent." *Brown v. Endo Pharms, Inc.*, 38 F. Supp. 3d 1312, 1326 (S.D. Ala. 2014) (collecting cases in support of the proposition). "It would be an inappropriate extension of Rule 21 to use it to contort the pleadings of a lawsuit merely to confer federal jurisdiction." *Zee Med. Distrib. Ass'n, Inc. v. Zee Med., Inc.*, 23 F. Supp. 2d 1151, 1157 (N.D. Cal. 1998). When a court lacks jurisdiction over a case in the first instance, invoking Rule 21 to manufacture jurisdiction leads to "'confound[ing] circular logic' by which a removing

---

[4] The Court need not reach the viability of the Plaintiffs' other claims, such as strict liability claims.

defendant asks the court to act without jurisdiction as a means to create jurisdiction." *Hampton v. Insys Therapeutics, Inc.*, 319 F. Supp. 3d 1204, 1219 (D. Nev. 2018) (quoting *Lopez v. Pfeffer*, No. 13-CV-03341, 2013 WL 5367723, at *5 (N.D. Cal. Sept. 25, 2013)). In support of their request, the Defendants cite to cases where a court severed and remanded claims in part to state court, but the common theme in the Defendants' cases, such as *M.W. v. Ford Motor Co.*, No. 14-CV-3132, 2015 WL 1311029 (M.D. Fla. Mar. 24, 2015) and *Stone v. Zimmer*, *Inc.*, No. 08-CV-80252, 2009 WL 1809990 (S.D. Fla. June 25, 2009), is that severance is appropriate when a plaintiff engages in fraudulent joinder. But the Court has already concluded that the Plaintiffs did not engage in fraudulent joinder. Consistent with the authority cited by the Court above, the Court will not sever claims to create federal jurisdiction when no federal jurisdiction previously existed, and the Defendants' request to sever claims in this specific context is denied.

Accordingly, it is **ORDERED AND ADJUDGED** that the Plaintiffs' Motion to Remand [DE 2569] is **GRANTED**. The Plaintiffs shall provide a proposed order to the Court to accomplish the removal of the above-referenced cases to the appropriate state courts within three business days of the date of rendition of this Order. The proposed order shall be in Microsoft Word format and shall be sent to rosenberg@flsd.uscourts.gov.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 19th day of February, 2021.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record