UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:  ZANTAC (RANITIDINE)      MDL NO. 2924
PRODUCTS LIABILITY     20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**PRETRIAL ORDER # 60**
Generic Manufacturer Defendant Supplemental Discovery Agreement

This Order shall govern Plaintiffs and Generic Manufacturer Defendants in relation to certain discovery provisions as set forth more fully herein.

**I.  GENERAL PROVISIONS AND OBJECTIVES**

**A.  Order Applicable to all Cases in MDL Proceedings.**

1.  This Order applies to all cases currently pending in MDL No. 2924 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned hereto (collectively "the MDL Proceedings").  Nothing in this Order shall preclude the parties from engaging in additional discovery beyond the scope of this Order at any time between the entry of this Order and the close of fact discovery.

2.  This Order is binding on all Plaintiffs, Generic Manufacturer Defendants, and their counsel in all cases currently pending or subsequently made part of the MDL Proceedings and will govern each case in the MDL Proceedings, including claims solely on behalf of individually named Plaintiffs and purported class actions (or class type presentative actions) that are transferred to or filed in this District.

3.  This Supplemental Discovery Agreement was negotiated amongst, and represents compromises by, the many parties based upon the unique facts, circumstances, and needs of the

MDL Proceedings. The Court expressly emphasizes that, not only should this Supplemental Discovery Agreement not be taken to bind any party here to these or similar provisions in future litigation, but also that the provisions here were negotiated by the parties in light of the very unique circumstances of the MDL Proceedings, and thus may not be well-suited to other litigation.

**B. Scope.**

1. This Order shall apply to Plaintiffs' first set of interrogatories and requests for production of documents and the following three categories of Rule 30(b)(6) depositions of Generic Manufacturer Defendants: 1) manufacturing, 2) pharmacovigilance, and 3) storage and transportation.

2. Certain Generic Manufacturer Defendants have entered into stipulations relating to discovery of foreign affiliates (Dr. Reddy's (DE 2029), Strides (DE 1676), and Perrigo (DE 1555)), which are not limited by this Order. As to all other foreign affiliates who are now or were previously named as Defendants in any Master Complaint in the MDL Proceedings, the parties have indicated to the Court their agreement that the obligations of Generic Manufacturer Defendants with respect to the foreign affiliates shall be treated as though the foreign affiliate was an independent corporation for purposes of this Order. This agreement shall not act as a waiver of Plaintiffs' arguments or position regarding the U.S. entities and foreign affiliates relating to jurisdiction, however in the interest of moving initial discovery and depositions forward, Plaintiffs have agreed to this compromise. Alternatively stated, the existence of an affiliation shall neither expand nor limit the obligations of Generic Manufacturer Defendants under the Federal Rules of Civil Procedure. Thus, to the extent the U.S. entity has responsive documents or information from or about the foreign affiliate within its possession, custody, or control, it will be provided consistent with its obligations to provide responsive information in accordance with the Federal Rules of

Civil Procedure. This agreement is for a limited purpose. Therefore, the agreement and provision extend only to the discovery specified in this Order. The Court adopts this understanding between the parties into this Order to aid in clarifying the obligations of these foreign Generic Manufacturer Defendants

3. For those Generic Manufacturer Defendants that have moved the Court for dismissal for lack of personal jurisdiction, or Generic Manufacturer Defendant entities on whom Plaintiffs have not yet formally served the summons and complaint, the parties have further indicated that, if these foreign Generic Manufacturer Defendants are later determined to be properly within the jurisdiction of this Court, they will be subject to this Order with the exception that the parties will meet and confer with the assistance of the Special Master as to the appropriate timelines for those newly-entering Defendants, recognizing that some dates may have passed or otherwise may not be feasible depending upon the date on which the Defendant is determined to be within the jurisdiction of the Court.

## II. PROCESS AND TIMING OF DISCOVERY

### A. Service and Timing of Responses to Formal Discovery

1. On January 29, 2021, Plaintiffs provided to Generic Manufacturer Defendants their anticipated interrogatories and requests for production of documents. Those interrogatories and requests for production of documents were deemed served as of February 9, 2021, and Generic Manufacturer Defendants' time to provide written responses will be 30 days following service, or March 11, 2021. Generic Manufacturer Defendants will substantively respond to Plaintiffs' interrogatories and requests for production of documents pursuant to Federal Rules of Civil Procedure 33 and 34 and Section II of Pretrial Order # 32 on or before March 11, 2021, and the parties agree to use Pretrial Order # 32 for the Court to resolve any of Generic Manufacturer

Defendants' objections to these requests or interrogatories based on scope, relevance, or proportionality. Pursuant to Pretrial Order # 32, Section II.D., Generic Manufacturer Defendants shall prioritize their document production to produce storage and transportation documents first, followed by manufacturing documents, then pharmacovigilance documents, and then any documents responsive to Plaintiffs' requests for production of documents.

2. On January 29, 2021, Plaintiffs provided to Generic Manufacturer Defendants notices of deposition on the issues of: (i) storage and transportation (in amended form); (ii) manufacturing; and (iii) pharmacovigilance. Those notices were deemed served on February 9, 2021.

3. Deposition dates stated in deposition notices are subject to Section II.C. of this Order. Generic Manufacturer Defendants have agreed and are now ordered to provide deposition dates occurring in April or May, but in no event later than June 15, 2021, for corporate representatives in response to Plaintiffs' notices of Rule 30(b)(6) deposition.

4. Notwithstanding the foregoing provision intended to set forth a timeline for certain depositions, the Court expects the parties to resolve Generic Manufacturer Defendants' objections related to scope, relevance, or proportionality in accordance with Section II.C. of this Order.

**B. Custodial Discovery**

1. Plaintiffs and Generic Manufacturer Defendants through good faith negotiations will agree on one set of search terms for custodial productions, along with designations of custodians in key areas (targeted to the discovery requests and deposition notices), by February 28, 2021.

2. No later than February 28, 2021, all Generic Manufacturer Defendants will provide Plaintiffs a list of proposed initial custodians, which shall include: (a) the custodian's full name,

(b) job title(s), (c) department the custodian worked in, and (d) years employed. This list does not represent a complete list of all custodians for this case but should represent Generic Manufacturer Defendants' proposal for all custodians they deem relevant, taking into account the allegations in the Master Pleadings, the discovery requests at issue, and the three Rule 30(b)(6) deposition notices served to date. Custodians should span the relevant time period in Plaintiffs' requests for production. Generic Manufacturer Defendants will meet and confer with Plaintiffs individually to determine the sufficiency of their custodial lists in light of the amended class pleadings and Defendants' document productions, understanding that Plaintiffs presently do not have sufficient information to identify all relevant custodians from any Generic Manufacturer Defendant.

3. Notwithstanding the parties' agreement on general search terms, or the Court's order setting general search terms, any individual Generic Manufacturer Defendant may advise Plaintiffs that they intend to use technology assisted review ("TAR") to search or prioritize documents for review, or request to modify or delete any search term(s) based upon that individual Generic Manufacturer Defendant's circumstance. For example, if the terms are generating too many unresponsive documents because of specific facts relevant to that particular Generic Manufacturer Defendants, the parties will engage in good faith meet and confer meetings to address those issues.

4. In the absence of agreement, the parties agree to use Pretrial Order # 32 for the Court to resolve the search term and custodian issues.

### C. Scope and Timing of Depositions

1. The parties will engage in good faith meet and confer meetings to work through objections to the deposition notices raised by Defendants. To the extent any disputes remain by

February 28, 2021, the parties agree to use Pretrial Order # 32 for the Court to resolve the issues of scope, relevance, and proportionality.

2.      No later than February 28, 2021, each Generic Manufacturer Defendant will provide to Plaintiffs the number of witnesses it expects to produce for each deposition notice and tentative dates on which it will present each witness for deposition in accordance with the below scheduling requirements, such dates and witnesses being subject to revision up to three days after the Court's order on the Pretrial Order # 32 hearing issues.  Notwithstanding this deadline, this Court encourages Generic Manufacturer Defendants to provide dates as soon as possible in light of the number of depositions to be scheduled and the limited number of depositions that can be scheduled on the same date.

a) Each Generic Manufacturer Defendant will provide a date in April 2021 to produce its witnesses on the issues of storage and transport.

b) Each Generic Manufacturer Defendant will provide a date in May 2021 to produce its witnesses on the issues of manufacturing.

c) Each Generic Manufacturer Defendant will provide a date in May 2021 or prior to June 15, 2021 to produce its witnesses on the issues of pharmacovigilance.

d) All dates provided by Generic Manufacturer Defendants are subject to scheduling issues that may arise on an individual Defendant or witness basis. If a deposition requires rescheduling and the parties cannot agree on a date prior to June 15 on which they can reschedule the deposition, they shall meet and confer with the Special Master, who shall have the sole authority to permit a rescheduled deposition to occur after June 15.

e) Nothing in this agreement precludes Plaintiffs and individual Generic Manufacturer Defendants from agreeing to schedule depositions at an earlier date, in a different sequence, or on a narrower set of topics applicable to the individual Generic Manufacturer Defendant.

### III. COORDINATION ON INDIVIDUAL GENERIC MANUFACTURER DEFENDANT ISSUES

#### A. Generic Manufacturer Defendant Specific Notices

1. The notices served as referenced in Section II.A.2. of this Order, with any changes agreed upon by and between Plaintiffs and Generic Manufacturer Defendants and any rulings made by the Court per Section II.C. herein, will constitute the applicable notice for each of the three depositions referenced in Section I.B.1. herein. However, even after following the procedure set forth in Section II.C.1., a Generic Manufacturer Defendant may have a concern or objection to the scope of the notice as it applies to it.

2. The parties shall meet and confer in good faith at least twenty-one (21 days) in advance of the deposition in accordance with Federal Rule of Civil Procedure 30(b)(6) about these particular matters. The parties will agree upon or have resolved by way of the Pretrial Order # 32 process the scope of these particular depositions no later than fourteen (14) days prior to the scheduled deposition.

#### B. Responding to Notices of Deposition by Written Interrogatory

1. Plaintiffs acknowledge that numerous topics identified in their deposition notices may be addressed more efficiently by use of interrogatories prior to deposition testimony. Plaintiffs will designate topics in their deposition notices that may be answered as interrogatories, and Generic Manufacturer Defendants will have the option of initially answering those topics fully as verified answers to interrogatories pursuant to Federal Rule of Civil Procedure 33 and Section II of Pretrial Order # 32 or by producing a witness to give testimony on the topic.

2.     To the extent a Generic Manufacturer Defendant chooses initially to respond to a designated topic by answering as an interrogatory response, that Generic Manufacturer Defendant will serve its verified answers to those interrogatories no later than fifteen (15) days prior to the related deposition.

3.     Even where a Generic Manufacturer Defendant elects to respond to a notice topic by responding with a verified interrogatory answer pursuant to Federal Rule of Civil Procedure 33 and Section II of Pretrial Order # 32, Plaintiffs may engage in reasonable follow-up inquiry during the subsequent related deposition on the same topic(s).

4.     The limitation on interrogatories set out in Federal Rule of Civil Procedure 33 will not preclude Generic Manufacturer Defendants from voluntarily responding to designated deposition topics as interrogatories.  However, in so responding, a Generic Manufacturer Defendant does not waive the right to object to future interrogatories as duplicative, irrelevant, or not proportional to the needs of this litigation.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 25th day of February, 2021.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE