UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                MDL NO. 2924
PRODUCTS LIABILITY                     20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

THIS DOCUMENT RELATES TO:

*Mayor and City Council of Baltimore
v. GlaxoSmithKline, et al.*
No. 9:21-cv-80245-RLR

**THE MAYOR AND CITY COUNCIL OF BALTIMORE'S UNOPPOSED MOTION FOR LEAVE TO FILE A MOTION TO REMAND PURSUANT TO AMENDED PRETRIAL ORDER # 24**

Plaintiff the Mayor and City Council of Baltimore ("Baltimore" or the "City") respectfully moves this Court for leave to file its Motion to Remand pursuant to Amended Pretrial Order # 24. Counsel for the City has conferred with co-lead counsel for both Plaintiffs and Defendants and confirmed that there is no opposition to this request. Counsel for the City has also notified the Special Master of this Request.

1. The City exercised its chartered authority pursuant to its police power to regulate conduct within the City and its inherent governmental authority by initiating legal action in the Circuit Court of Maryland, based solely on Maryland law, to recover damages and remedy the harm caused to its residents and itself arising from Defendants' conduct in marketing, promoting, advertising, and/or selling ranitidine and/or Zantac ("Zantac/ranitidine") to Baltimore and its residents. The City's Complaint seeks no relief under federal law, and expressly disavows any claims arising under federal law. *See* No. 1:21-cv-00041-GLR (D. Md.), Dkt. 1-1 ("Complaint") ¶¶ 7, 174, 175; *see also id.* ¶¶ 317, 320, 322, 324, 326, 328, 330, 332, 334, 336, 338, 341, 344, 346, 348, 350, 352, 354, 356, 358, 360.

2. Notwithstanding the lack of federal subject matter jurisdiction, Defendants removed the City's case to federal court and invoked diversity jurisdiction and federal question jurisdiction, even though both are absent on the face of the Complaint. The City promptly moved to remand, and the City's motion to remand was fully briefed. On February 1, 2021, the U.S. District Court for the District of Maryland denied without prejudice the City's motion to remand and granted Defendants' motion to stay all proceedings pending transfer to multidistrict litigation (Dkt. 75 in No. 1:21-cv-00041-GLR (D. Md.)). The following day, the City's case was transferred by the JPML to this Court.

3. On February 19, 2021, this Court issued an order granting the California Plaintiffs' Motion to Remand (Order Granting the Plaintiffs' Motion to Remand, Dkt. 2824 in MDL-2924-RLR). In the California Plaintiffs' cases, this Court concluded that "the parties are not diverse and, at least as a facial matter, the cases (which are devoid of federal claims) may not be removed to federal court." Dkt. 2824 in MDL-2924-RLR at 1 (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see also* 28 U.S.C. § 1332(a)).

4. On February 25, 2021, this Court issued an order granting the State of New Mexico's Motion to Remand (Dkt. 2870 in MDL-2924-RLR).[1] In that order, the Court concluded "the Defendants have not met their burden to show (i) that the federal-state balance of cases is satisfied by permitting the removal of cases bringing claims involving federally-regulated products and (ii) that the federal issues in this case are substantial to the federal system as a whole, consistent with binding, controlling precedent decided by the Supreme Court." *Id*. at 11.

---

[1] The following day the Court issued an order granting the State of New Mexico's Motion to Remand to New Mexico State Court (Dkt. 107 in No. 20-cv-82312-RLR).

5. Also on February 25, 2021, following the Court's order remanding New Mexico's case, the City's counsel contacted Defendants' Co-Lead Counsel and requested that they stipulate to remanding the City's case to Maryland state court, since this Court has rejected Defendants' similar efforts to remove state court actions to federal court on both federal question and diversity grounds. The City's counsel also indicated that absent such a stipulation, the City would move for remand and seek reimbursement of attorneys' fees in light of the Defendants' insistence on unnecessary motion practice.

6. On March 1, 2021, Defendants' Co-Lead Counsel indicated their intent to file a notice withdrawing the federal question basis for removal in Baltimore's case, but maintained that diversity jurisdiction is a proper basis for removal of the City's case. On March 4, 2021, Defendant Perrigo Research & Development Company ("Perrigo") filed a notice of partial withdrawal of its notice of removal and withdrew federal question jurisdiction as one of the bases for removal of this action. Dkt. 81 in 9:21-cv-80245-RLR ("Notice"). In its Notice, Perrigo "continues to maintain that jurisdiction is proper over this action on the basis of diversity jurisdiction." *Id*.

7. "Removal is entirely a creature of statute" and the removal statutes "are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson,* 537 U.S. 28, 32 (2002) (citations omitted); *see also Purdue Pharma L.P. v. Kentucky,* 704 F.3d 208, 213 (2d Cir. 2013) ("[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.") (citations and quotations omitted). These strict restrictions, applicable to all attempts to remove state-court actions to federal court, are heightened where, as here, the action is brought pursuant to a governmental plaintiff's police

powers. *See, e.g., Mayor & City Council of Baltimore v. BP P.L.C.*, 388 F. Supp. 3d 538, 571-72 (D. Md. 2019), *as amended* (June 20, 2019), *aff'd*, 952 F.3d 452 (4th Cir. 2020), *cert. granted*, 141 S. Ct. 222 (2020) (rejecting the defendant's argument that removal was proper under 28 U.S.C. § 1452(a) where Baltimore's action on behalf of the public to remedy and prevent environmental damage, punish wrongdoers, and deter illegal activity was an exercise of its police and regulatory powers) (citing cases).

8. Here, as in the California Plaintiffs' cases, which were remanded, the parties are not diverse, and this case should be remanded to state court. Specifically, the City is a Maryland citizen and three defendants are also Maryland citizens, *i.e.* Maryland-based companies that sold their own store-brand ranitidine products. Complaint ¶¶ 8, 142, 159, 162.

9. Thus, the City respectfully requests that this Court grant leave to allow it to file its motion to remand, so that this Court can promptly consider remanding this action back to Maryland state court, where it was originally filed and where it belongs.

10. The City has conferred with Plaintiffs' Co-Lead Counsel concerning this Motion (*see* Amended PTO-24 ¶ 10), and Plaintiffs' Co-Lead Counsel support granting the leave requested. As required by Amended PTO-24, ¶ 10, the City has also notified the Special Master of its intent to file this motion. As required by L.R. 7.1(a)(3), the City consulted with Defendants' Lead Counsel and confirmed that Defendants' Lead Counsel do not object to the City's motion for leave.

WHEREFORE, the City respectfully requests leave to file a Motion for Remand and have it heard and ruled upon as soon as practicable.

<table>
<tr><td>

Dated:  March 5, 2021

**BALTIMORE CITY DEPARTMENT OF LAW**
James L. Shea (No. 00142)
City Solicitor
James.Shea@baltimorecity.gov
Sara Gross (No. 27704)
Chief Solicitor, Litigation
Sara.Gross@baltimorecity.gov
100 N. Holiday Street, Suite 109
Baltimore, MD 21202
Tel.: (410) 396-3947
Fax: (410) 547-1025

</td><td>

RESPECTFULLY SUBMITTED,

**GRANT & EISENHOFER P.A.**

  /s/ Kyle J. McGee
Kyle J. McGee (DE # 5558)
kmcgee@gelaw.com
Laina M. Herbert (DE # 4717)
lherbert@gelaw.com
123 S. Justison Street
Wilmington, DE 19801
Tel.: (302) 622-7000
Fax.: (302) 622-7100

**GORDON WOLF & CARNEY, CHTD.**
Richard S. Gordon (No. 06882)
rgordon@gwcfirm.com
Martin Wolf (No. 09425)
mwolf@gwcfirm.com
Benjamin H. Carney (No. 27984)
bcarney@gwcfirm.com
100 W. Pennsylvania Avenue, Suite 100
Townson, MD 21204
Tel. (410) 825-2300
Fax.: (410) 825-0066

*Attorneys for Plaintiff Mayor & City Council of Baltimore*

</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2021, I filed the foregoing **The Mayor and City Council of Baltimore's Unopposed Motion For Leave to File a Motion to Remand Pursuant to Amended Pretrial Order # 24** and this **Certificate of Service** electronically through the CM/ECF system, which will send notice of filing to all CM/ECF participants.

Dated:  March 5, 2021                                         RESPECTFULLY SUBMITTED,

**GRANT & EISENHOFER P.A.**

 /s/ Kyle J. McGee
Kyle J. McGee (DE # 5558)
kmcgee@gelaw.com
Laina M. Herbert (DE # 4717)
lherbert@gelaw.com
123 S. Justison Street
Wilmington, DE 19801
Tel.: (302) 622-7000
Fax.: (302) 622-7100

*Attorneys for Plaintiff Mayor & City Council of Baltimore*