UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>**JUDGE ROBIN L. ROSENBERG**<br>**MAGISTRATE JUDGE BRUCE E. REINHART** |

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

<u>**PRETRIAL ORDER # 61**</u>
**Order on Second Round of Motions to Dismiss**

On March 1, 2021, the Court issued a paperless Order setting the briefing schedule for responsive motions directed to the Amended Master Personal Injury Complaint ("AMPIC") [DE 2759, 2760], the Consolidated Amended Consumer Economic Loss Class Action Complaint [DE 2835, 2837], and the Consolidated Medical Monitoring Class Action Complaint [DE 2832-1, 2833]. DE 2892. The Court elicited a joint submission from the parties on proposals for page limitations and structure for the responsive motions. The Court has received and reviewed the parties' joint submission, a copy of which is attached to this Order. The Court now enters this Order regarding the next round of responsive motions.

Upon consideration of the parties' respective proposals in the joint submission, the Court adopts Defendants' proposal for the categories of motions to be filed and the page limits for the briefing of each motion. The Court does so for two reasons. First, Defendants are in the best position to know the arguments that they intend make in their motions and the extent of briefing that those arguments will require. Second, the Court notes that, under the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida, a defendant is entitled to file a 20-page responsive motion to a complaint. While Defendants propose more motions and larger page limits than Plaintiffs propose, Defendants' proposal is certainly a more efficient approach than a scenario where Plaintiffs

would be required to respond to and the Court would be required to rule on a 20-page responsive motion from each of the dozens of Defendants named in this litigation.

Therefore, the Court adopts the following approach for the motion categories and page limits:

|  | Motion | Response | Reply |
|---|---|---|---|
| Omnibus motion to dismiss on behalf of all Defendants directed to the AMPIC | 45 pages | 45 pages | 23 pages |
| Omnibus motion to dismiss on behalf of all Defendants directed to the two Master Class Complaints | 40 pages | 40 pages | 20 pages |
| Brand Manufacturer Defendants' collective motion on pre-emption directed to all Master Complaints | 20 pages | 20 pages | 10 pages |
| Brand Manufacturer Defendants' collective motion directed to the RICO claim | 20 pages | 20 pages | 10 pages |
| Brand Manufacturer Defendants' collective motion directed to Plaintiffs' "innovator liability" theory | 20 pages | 20 pages | 10 pages |
| Generic Manufacturer Defendants' collective motion on pre-emption directed to all Master Complaints | 35 pages | 35 pages | 18 pages |
| Retailer Defendants' collective motion to dismiss for failure to state a claim directed to all Master Complaints | 20 pages | 20 pages | 10 pages |
| Distributor Defendants' collective motion to dismiss for failure to state a claim directed to all Master Complaints | 20 pages | 20 pages | 10 pages |

| | | | |
|---|---|---|---|
| Store Brand Defendants' collective motion to dismiss for failure to state a claim directed to all Master Complaints | 20 pages | 20 pages | 10 pages |
| Foreign Defendants' collective motion challenging personal jurisdiction | 20 pages | 20 pages | 10 pages |
| Defendants' collective motion on personal jurisdiction, venue, and *Lexecon* issues[1] | 25 pages | 25 pages | 13 pages |

Under Rule 7.1(c)(2) of the Local Rules for the Southern District of Florida, title pages preceding the first page of text, tables of contents, tables of citations, "request for hearing" sections, signature pages, certificates of good faith conferences, and certificates of services shall not be counted toward the above page limits.

Per the Court's paperless Order at docket entry 2892, the deadline for Defendants to file all of the above responsive motions is **March 24, 2021**. The Court amends its Order regarding the response and reply deadlines as follows: Plaintiffs shall file responses to the following motions by **April 23, 2021**: (1) Brand Manufacturer Defendants' collective motion on pre-emption directed to all Master Complaints; (2) Brand Manufacturer Defendants' collective motion directed to the RICO claim; (3) Brand Manufacturer Defendants' collective motion directed to Plaintiffs' "innovator liability" theory; (4) Generic Manufacturer Defendants' collective motion on pre-emption directed to all Master Complaints; (5) Foreign Defendants' collective motion challenging personal jurisdiction; (6) Defendants' collective motion on personal jurisdiction, venue, and *Lexecon* issues. The deadline for Defendants to file replies to these motions is **May 7, 2021**.

---

[1] The parties have represented to the Court that they continue to negotiate on the issues to be raised in this motion, such that the issues may be resolved and the motion may become unnecessary.

Plaintiffs shall file responses to the following motions by **May 7, 2021**: (1) Omnibus motion to dismiss on behalf of all Defendants directed to the AMPIC; (2) Omnibus motion to dismiss on behalf of all Defendants directed to the two Master Class Complaints; (3) Retailer Defendants' collective motion to dismiss for failure to state a claim directed to all Master Complaints; (4) Distributor Defendants' collective motion to dismiss for failure to state a claim directed to all Master Complaints; (5) Store Brand Defendants' collective motion to dismiss for failure to state a claim directed to all Master Complaints.  The deadline for Defendants to file replies to these motions is **May 21, 2021**.

The motions shall not incorporate by reference briefing from any prior motions, nor shall the motions incorporate by reference briefing in other motions filed in this round of motions.  The parties' briefing shall not be in the form of summary charts or appendices.  Any state-specific analysis shall be contained within the above page limits.

Defendants have represented to the Court that they may not raise all of their state-specific arguments in this round of motions, but rather may focus on certain predominant state-law issues. The parties agree that, to the extent that Defendants elect to brief certain state-specific issues in this round of motions, Plaintiffs need only respond and the Court need only rule on the issues raised.  To the extent that other state-specific issues become relevant at a later stage of the litigation, such as at the bellwether trial stage, the parties agree that they may seek leave of the Court to raise the issues at that time.

**DONE** and **ORDERED** in Chambers, West Palm Beach, Florida, this 5th day of March, 2021.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO 2924<br>20-MD-2924<br><br>JUDGE ROBIN L ROSENBERG<br>MAGISTRATE JUDGE BRUCE REINHART |
| _____/ | |

THIS DOCUMENT RELATES TO:  ALL CASES

## JOINT NOTICE REGARDING PROPOSED STRUCTURE AND PAGE LIMITS FOR RULE 12 MOTIONS TO DISMISS

Pursuant to the Court's paperless Order entered on March 1, 2021 [DE 2892], Plaintiffs' Co-Lead Counsel and Defendants' Co-Lead Counsel respectfully submit their respective positions on the proposed structure and page limitations for the motions to dismiss.  *See* Exhibits A and B. Plaintiffs' Co-Lead Counsel and Defendants' Co-Lead Counsel exchanged our respective proposals and met and conferred thereafter.  While we were unable to reach agreement, the attached submissions outline our respective proposed structures and page limitations and respond to the other side's differing position.  We are available to appear before Your Honor should the Court have any questions or wish to discuss the competing proposals.

| *Plaintiffs' Co-Lead Counsel* | *Co-Lead Defense Counsel* |
|---|---|
| By: */s/ Robert C. Gilbert*<br>Robert C. Gilbert, FBN 561861<br>Email: gilbert@kolawyers.com<br>**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**<br>2800 Ponce de Leon Boulevard, Suite 1100<br>Coral Gables, FL  33134<br>Tel: (305) 384-7270 | */s/ Anand Agneshwar*<br>Anand Agneshwar<br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>250 West 55th Street<br>New York, NY 10019<br>Tel: (212) 836-8000<br>Fax: (212) 836-8689<br>anand.agneshwar@arnoldporter.com<br><br>*Counsel for Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.* |

*/s/ Tracy A. Finken*
Tracy A. Finken
Email: tfinken@anapolweiss.com
**ANAPOL WEISS**
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA  19103
Tel: (215) 735-1130

*/s/ Michael L. McGlamry*
Michael L. McGlamry
Email: efile@pmkm.com
**POPE McGLAMRY, P.C.**
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706

*/s/ Adam Pulaski*
Adam Pulaski
Email: adam@pulaskilawfirm.com
**PULASKI KHERKHER, PLLC**
2925 Richmond Avenue, Suite 1725
Houston, TX 77098
Tel: (713) 664-4555

*/s/ Andrew T. Bayman*
Andrew T. Bayman
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: (404) 572-3583
Fax: (404) 572-5100
abayman@kslaw.com

*Counsel for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*

*/s/ Mark Cheffo*
Mark Cheffo
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10019
Tel.: (212) 689-3500
Fax: (212) 689-3590
mark.cheffo@dechert.com

*Counsel for GlaxoSmithKline LLC*

*/s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
**WILLIAMS & CONNOLLY LLP**
725 12th Street, NW
Washington, DC 20005
Tel.: (202) 434-5000
Fax: (202) 434-5029
jpetrosinelli@wc.com

*Counsel for Defendant Pfizer Inc.*

# EXHIBIT A

## PLAINTIFFS' PROPOSED STRUCTURE AND PAGE LIMITS FOR ROUND 3 MOTIONS TO DISMISS AND RESPONSE TO DEFENDANTS' PROPOSED STRUCTURE AND PAGE LIMITS FOR ROUND 3 MOTIONS TO DISMISS

**Introduction.** In July 2020, following the filing of the initial Master Complaints, Defendants proposed a briefing process for Rule 12 motions, broken into Rounds 1 and 2, with staggered deadlines for motions, oppositions and replies. The Court adopted Defendants' proposal and entered PTO # 36 [DE 1346], under which Defendants were authorized to file seven (7) memoranda on August 24 addressing preemption, Article III standing, and shotgun pleading, plus four (4) additional memoranda 45 days later addressing other issues.[1] The staggered schedule for Rounds 1 and 2 afforded Plaintiffs' law and briefing team adequate time to research and draft oppositions to the issues raised in the 11 complex and lengthy memoranda of law.

**Plaintiffs' Proposed Structure and Page Limits.** Plaintiffs' proposed structure for Round 3 provides for three (3) omnibus Rule 12 motions, plus one (1) omnibus personal jurisdiction motion, as follows:

- Omnibus Rule 12 motion by all Defendants directed against the Amended Master Personal Injury Complaint [DE 2759], raising any and all Rule 12 issues and organized as Defendants decide. Proposed page limit – 50 pages for motion and opposition, and 25 pages for reply;

- Omnibus Rule 12 motion by all Defendants directed against the Consolidated Amended Consumer Economic Loss Class Action Complaint [DE 2835], raising any and all Rule 12 issues and organized as Defendants decide. Proposed page limit – 50 pages for motion and opposition, and 25 pages for reply;

---

[1] The Court subsequently ordered the parties to brief additional issues.

- Omnibus Rule 12 motion by all Defendants directed against the Consolidated Medical Monitoring Class Action Complaint [DE 2832.1], raising any and all Rule 12 issues and organized as Defendants decide.  Proposed page limit – 50 pages for motion and opposition, and 25 pages for reply; and

- Omnibus Rule 12(b)(2) personal jurisdiction motion by non-U.S. Defendants that were previously served and have not entered into stipulations with Plaintiffs, raising any and all Rule 12(b)(2) personal jurisdiction issues and organized as Defendants decide.  Proposed page limit – 20 pages for motion and opposition, and 10 pages for reply.

Plaintiffs' proposed structure would result in a total of 170 pages for motions, 170 pages for oppositions, and 85 pages for replies, for a combined total of 425 pages of briefing.  Plaintiffs' structure is consistent with PTO # 36, which envisioned that Defendants' Rule 12 motions would be directed to Amended Master Complaints, not divided up so Defendants could file multiple motions raising different issues (including issues raised in prior motions).  *See* DE 1346 at 5.  Furthermore, given that several of the issues outlined in Defendants' proposed structure were thoroughly briefed during Rounds 1 and 2, including shotgun pleading, preemption and innovator liability, there is no reason to re-brief the black letter law for those issues during this next round.  Instead, both sides should be permitted to incorporate by reference legal arguments presented during Rounds 1 and 2, where applicable for Round 3 motions.

**Plaintiffs' Response to Defendants' Proposed Structure and Page Limits.**  Defendants' proposed structure for Round 3 involves 10 separate motions filed on the same date, with a total of 260 pages for motions, 260 pages for oppositions, and 130 pages for replies, for a combined total of 650 pages of briefing.  Two (2) motions would be brought on behalf of all Defendants, and

the other eight (8) motions would be brought on behalf of separate groups of Defendants (i.e. Brands, Generics, non-U.S. Defendants, etc.). Defendants contend that separate motions are appropriate because the groups are situated differently and, consequently, need to raise different arguments. There is no reason different Rule 12 arguments cannot be included in a single omnibus motion directed against each of the three Master Complaints. If the Court again allows each Defendant group to file separate Rule 12 motions, Defendants will contend that separate motions and briefing are necessary when it comes to Rules 23 and 56.

In the event the Court adopts Defendants' proposed structure and permits them to file 10 separate motions, Plaintiffs urge the Court to limit each motion to the page limits provided under the S.D. Fla. Local Rules, which would result in 200 pages for motions, 200 pages for oppositions, and 100 pages for replies, for a combined total of 500 pages. Plaintiffs also request that the Court prohibit Defendants from circumventing the page limits by including briefing through charts and appendices.

Finally, while Plaintiffs are confident of our ability to mount an effective opposition to the next round of Rule 12 motions, we respectfully ask the Court to recognize that our human resources are far more limited than the human resources deployed by the dozens of major national firms that represent the Defendants. Thirty (30) days is an insufficient amount of time to adequately respond to 10 complex and lengthy motions. Therefore, in the event the Court adopts Defendants' proposed structure and permits the filing of 10 motions, we request that the Court stagger the deadlines for the filing of Defendants' motions, Plaintiffs' oppositions, and Defendants' replies, similar to the 45-day staggered deadlines used in Rounds 1 and 2, so Plaintiffs are afforded adequate time to address the complex arguments raised in each of the motions.

# EXHIBIT B

### DEFENDANTS' PROPOSAL FOR BRIEFING ON MOTIONS TO DISMISS

Defendants' proposal generally mirrors the same overall structure the Court approved in PTO #36, which governed the prior round of Rule 12 motions. There is no reason to deviate from that structure, because, despite the opportunity to re-plead, there remain substantial defects in the Amended Master Complaints—including claims that fail to adhere to the Court's direction to avoid shotgun pleading, claims that are not viable under various State laws, and/or claims that are preempted. Defendants have sought to avoid duplication and to structure their briefs in the most efficient manner possible, but Plaintiffs have chosen to sue almost 100 Defendants, categorized into five separate Defendant groups, and have included more than 2,900 legal counts pleaded under numerous state laws. Moreover, although some legal issues Defendants propose to raise are similar to those addressed in the last round of motions, that is the result of Plaintiffs' failure to cure those defects, requiring a further round of briefing. And the Court expressly deferred deciding certain legal issues until this round of briefing and directed the parties to provide further briefing on those issues. *See, e.g.*, Dkt. 2513, pp. 38–39; Dkt. 2532, pp. 25–26, 27 n.9. On top of that, there are substantial legal issues (such as a RICO claim) that the parties did not address at all in the prior motions. Plaintiffs' proposal attempts to severely restrain both the number of briefs and page limits for differently-situated Defendants, and would hamstring Defendants' rights to fairly and adequately raise challenges to Plaintiffs' Complaints.

Defendants provide a brief summary of their proposed approach. ***Motions on Behalf of All Defendants.*** Defendants propose to file two "omnibus" motions to dismiss on behalf of all Defendants: one directed to the Amended Master Personal Injury Complaint (the "AMPIC"), and the other collectively addressing both Amended Master Class Complaints. These motions will raise pleading deficiencies—including continued impermissible shotgun pleading, failure to

follow the Court's directives in its 12/31/20 and/or 1/8/21 Orders concerning re-pleading, and *Twombly/Iqbal* deficiencies—and the non-viability of certain claims under various state laws, as well as other applicable defenses. In order to address all of these issues in an "omnibus" fashion, including the state law issues that require individualized treatment, Defendants have requested 45 pages for their omnibus motion addressed to the AMPIC and 40 pages for their omnibus motion addressed to the Amended Master Class Complaints.[1]

In addition, the Amended Master Class Complaints raise issues concerning personal jurisdiction, venue, and *Lexecon* issues. Defendants hope to resolve these issues by agreement with Plaintiffs, but do not wish to invite waiver arguments and request leave to file a single brief of no more than 25 pages on behalf of all Defendants addressing these issues, if necessary.

***Motions on Behalf of Particular Defendant Groups.*** As with the last round of briefing, Defendants also propose to file certain motions that are specific to particular Defendant groups. Each of these groups has unique arguments based on their different involvement with ranitidine, different applicable law, and different claims and allegations asserted against them. These groups should have an opportunity to file individual briefs to protect their separate interests. Defendants believe this organized structure would assist the Court and the parties in addressing these complex, multiple issues. It would be unwieldy and impracticable to require (as Plaintiffs propose) all Defendant-specific issues to be raised in common briefs; such a structure would require those briefs to have page limits far in excess of those proposed above. Defendants therefore propose to file the following briefs on behalf of particular Defendant groups:

- Brand Defendants collectively may file one brief of up to 20 pages on preemption issues across all Amended Master Complaints.

---

[1] As with the prior round of briefing, Defendants request leave to submit reply briefs that do not exceed one-half the length of the corresponding opening brief.

- Brand Defendants collectively may file one brief of up to 20 pages addressed to the RICO count in the Consolidated Amended Consumer Economic Loss Class Action Complaint (which is asserted only against the Brand Defendants).

- Brand Defendants collectively may file one brief of up to 20 pages on the counts in the AMPIC invoking an "innovator liability" theory.

- Generic Manufacturer Defendants collectively may file one brief of up to 35 pages addressing preemption issues across all Amended Master Complaints.

- Each of the Retailer Defendants, Distributor Defendants, and Store Brand Defendants may file one brief of up to 20 pages (*i.e.*, three briefs in total) addressing any Amended Master Complaint's failure to state a claim as to each such Defendant group.

***Personal jurisdiction motions.*** Certain foreign defendants that have been served with process but have not entered into stipulations with Plaintiffs concerning the terms for dismissal intend to file motions challenging personal jurisdiction. Plaintiffs and Defendants have agreed that these parties may file a single consolidated brief of up to 20 pages, with 20 pages for the opposition and 10 pages for the reply.

Finally, Defendants wish to reiterate that—notwithstanding the critical need for separate briefs for differently situated defendants—they will work collaboratively to streamline briefing to the extent possible. For example, as with the last round of briefing, where appropriate, Defendants will cross-reference and/or incorporate by reference arguments raised in other briefs to avoid duplication. Moreover, Defendants welcome the Court's guidance as to whether the use of summary charts or appendices concerning individual state law issues, where feasible, would be appropriate. We thank the Court for its consideration of our proposal.

Dated:  March 3, 2021

**Lead Defense Counsel**

/s/*Anand Agneshwar*
Anand Agneshwar
**ARNOLD & PORTER
KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
anand.agneshwar@arnoldporter.com

*Counsel for Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.*

/s/*Andrew T. Bayman*
Andrew T. Bayman
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: (404) 572-3583
Fax: (404) 572-5100
abayman@kslaw.com

*Counsel for Defendant Boehringer  Ingelheim Pharmaceuticals, Inc.*

/s/*Mark Cheffo*
Mark Cheffo
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10019
Tel.: (212) 689-3500
Fax: (212) 689-3590
mark.cheffo@dechert.com

*Counsel for GlaxoSmithKline LLC*

/s/*Joseph G. Petrosinelli*
Joseph G. Petrosinelli
**WILLIAMS & CONNOLLY LLP**
725 12th Street, NW
Washington, DC 20005

4

Tel.: (202) 434-5000
Fax: (202) 434-5029
jpetrosinelli@wc.com

*Counsel for Defendant Pfizer Inc.*