**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO 2924<br>20-MD-2924<br><br>**JUDGE ROBIN L ROSENBERG**<br>**MAGISTRATE JUDGE BRUCE REINHART** |
| _____/ | |
| **THIS DOCUMENT RELATES TO:**<br><u>JOSEPH R. BREAZIER AND NANCY A. BREAZIER</u> | **JURY TRIAL DEMANDED** |

**SHORT-FORM COMPLAINT – VERSION 2**

The Plaintiff(s) named below, by counsel, file(s) this Short Form Complaint against Defendants named below. Plaintiff(s) incorporate(s) by reference the allegations contained in the Amended Master Personal Injury Complaint ("AMPIC") in *In re: Zantac (Ranitidine) Products Lability Litigation,* MDL No. 2924 (S.D. Fla). Plaintiff(s) file(s) this Short-Form Complaint – Version 2 as permitted by Pretrial Order No. 31 and as modified by the Court's Orders regarding motions to dismiss [DE 2532, 2512, 2513, 2515, and 2016].

Plaintiff(s) select(s) and indicate(s) by completing where requested, the Parties and Causes of Actions specific to this case. Where certain claims require additional pleading or case specific facts and individual information, Plaintiff(s) shall add and include them herein.

Plaintiff(s), by counsel, allege as follows:

### I. PARTIES, JURISDICTION, AND VENUE

**A. PLAINTIFF(S)**

1. Plaintiff(s) <u>Joseph R. Breazier and Nanacy A. Breazier</u> ("Plaintiff(s)") brings this action (check the applicable designation):

    ☒    On behalf of [*himself/herself*];

☐ In representative capacity as the _____, on behalf of the injured party, (Injured Party's Name) _____.

2. Injured Party is currently a resident and citizen of <u>Omaha, Nebraska</u> and claims damages as set forth below.

—OR—

Decedent died on (Month, Day, Year) _____. At the time of Decedent's death, Decedent was a resident and citizen of (City, State) _____.

If any party claims loss of consortium,

3. <u>Nancy A. Breazier</u> ("Consortium Plaintiff") alleges damages for loss of consortium.

4. At the time of the filing of this Short Form Complaint, Consortium Plaintiff is a citizen and resident of <u>Omaha, Nebraska.</u>

5. At the time the alleged injury occurred, Consortium Plaintiff resided in <u>Omaha, Nebraska</u>.

**B. DEFENDANT(S)**

6. Plaintiff(s) name(s) the following Defendants from the Amended Master Personal Injury Complaint in this action:

   **a. Brand-Name Manufacturers:**

   Boehringer Ingelheim Pharmaceuticals, Inc.; Boehringer Ingelheim Corporation; Boehringer Ingelheim USA Corporation; Boehringer Ingelheim International GmbH; Boehgringer Ingelheim Promeco, S.A. de C.V.; GlaxoSmithKline LLC; GlaxoSmithKline (America) Inc.; GlaxoSmithKline plc; Pfizer Inc.; Sanofi-Aventis U.S. LLC; Sanofi U.S. Services Inc.; Sanofi S.A.; Patheon Manufacturing Services LLC.

   **b. Generic Manufacturers:**

   Dr. Reddy's Laboratories, Inc.; Dr. Reddy's Laboratories Ltd.; Dr. Reddy's Laboratories LLC; Dr. Reddy's Laboratories SA.

   **c. Distributors and Repackager:**

   **d. Retailers:**

e. Others Not Named in the AMPIC:

## C. JURISDICTION AND VENUE

7. Identify the Federal District Court in which Plaintiff(s) would have filed this action in the absence of Pretrial Order No. 11 (direct filing) [or, if applicable, the District Court to which their original action was removed]: U.S. District Court for the District of Nebraska.

8. Jurisdiction is proper upon diversity of citizenship.

## II. PRODUCT USE

9. The Injured Party used Zantac and/or generic ranitidine: [*Check all that apply*]

   ☒ By prescription

   ☒ Over the counter

10. The Injured Party used Zantac and/or generic ranitidine from approximately <u>the 1980s</u> to <u>approximately January 2020</u>.

## III. PHYSICAL INJURY

11. As a result of the Injured Party's use of the medications specified above, [*he/she*] was diagnosed with the following specific type of cancer (check all that apply):

| Check all that apply | Cancer Type | Approximate Date of Diagnosis |
|---|---|---|
| ☐ | BLADDER CANCER | |
| ☐ | BREAST CANCER | |
| ☐ | COLORECTAL/INTESTINAL CANCER | |
| ☐ | ESOPHAGEAL CANCER | |
| ☐ | GASTRIC CANCER | |
| ☐ | KIDNEY CANCER | |
| ☐ | LIVER CANCER | |
| ☐ | LUNG CANCER | |
| ☐ | PANCREATIC CANCER | |
| ☒ | PROSTATE CANCER | June 2017 |
| ☐ | OTHER CANCER: _____ | |
| ☐ | DEATH (CAUSED BY CANCER) | |

12. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

## IV. CAUSES OF ACTION ASSERTED

13. The following Causes of Action asserted in the Amended Master Personal Injury Complaint are asserted against the specified defendants in each class of Defendants enumerated therein, and the allegations with regard thereto are adopted in this Short Form Complaint by reference.

14. By checking the appropriate causes of action below, Plaintiff(s) assert these causes of action based upon the law and applicable Sub-Counts of the following state(s):[1]

| Check all that apply | Count | Cause of Action | States for which the cause of action was asserted in the AMPIC |
|---|---|---|---|
| ☒ | I | Strict Products Liability – Failure to Warn through Warnings and Precautions (Against Brand-Name Manufacturer Defendants) | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| ☒ | II | Negligence – Failure to Warn through Warnings and Precautions (Against Brand-Name Manufacturer Defendants) | All States and Territories, **Except** LA, NJ, OH, and WA |
| ☒ | III | Strict Products Liability – Failure to Warn through Proper Expiration Dates (Against Brand-Name and Generic Manufacturer Defendants) | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| ☒ | IV | Negligence – Failure to Warn through Proper Expiration Dates (Against Brand-Name and Generic Manufacturer Defendants) | All States and Territories, **Except** LA, NJ, OH, OK, and WA |
| ☒ | V | Negligence - Failure to Warn Consumers through the FDA (Against Brand-Name and Generic Manufacturer Defendants) | CA, DE, DC, HI, IN, KY, LA, MD, MA, MN, MO, NV, NY, OR, and PA |
| ☒ | VI | Strict Products Liability – Design Defect Due to Warnings and Precautions (Against Brand-Name Manufacturer Defendants) | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| ☒ | VII | Strict Products Liability – Design Defect Due to Improper Expiration Dates (Against Brand-Name | All States and Territories, **Except** |

---

[1] In selecting the relevant states above, Plaintiffs reserve all rights to argue choice of law issues at a later time.

| Check all that apply | Count | Cause of Action | States for which the cause of action was asserted in the AMPIC |
|---|---|---|---|
| | | and Generic Manufacturer Defendants) | DE, IA, MA, NC, PA, and VA |
| ☐ | VIII | Negligent Failure to Test (Against Brand-Name and Generic Manufacturer Defendants) | KS, TX |
| ☒ | IX | Negligent Product Containers: (Against Brand-Name and Generic Manufacturers of pills) | All States and Territories |
| ☒ | X | Negligent Storage and Transportation Outside the Labeled Range (Against All Retailer and Distributor Defendants) | All States and Territories |
| ☒ | XI | Negligent Storage and Transportation Outside the Labeled Range (Against All Brand-Name and Generic Manufacturer Defendants) | All States and Territories |
| ☐ | XII | Negligent Misrepresentation (Against Brand-Name Manufacturers by Generic Consumers in California) | CA only |
| ☐ | XIII | Reckless Misrepresentation (Against Brand-Name Manufacturers by Generic Consumers in Massachusetts) | MA only |
| ☐ | XIV | Unjust Enrichment (Against All Defendants) | All States and Territories |
| ☒ | XV | Loss of Consortium (Against All Defendants) | All States and Territories |
| ☐ | XVI | Wrongful Death (Against All Defendants) | All States and Territories |

If Count XV or Count XVI is alleged, additional facts supporting the claim(s): <u>See Plaintiffs original complaint, attached as Exhibit A and incorporated by reference herein.</u>

## V. JURY DEMAND

15. Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff(s) has/have been damaged as a result of Defendants' actions or inactions and demand(s) judgment against Defendants on each of the above-referenced causes of

action, jointly and severally to the full extent available in law or equity, as requested in the Amended Master Personal Injury Complaint.

        JOSEPH R. BREAZIER and NANCY A. BREAZIER, Plaintiffs
By:

BY:   /s/ *Jordan W. Adam*
Jordan W. Adam, #23723
Katherine A. McNamara, #25172
Brian J. Fahey, #25753
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
(402) 341-6000 (telephone)
(402) 341-8290 (facsimile)
jadam@fraserstryker.com
kmcnamara@fraserstryker.com
bfahey@fraserstryker.com
ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Joseph R. Breazier and Nancy A. Breazier, | ) | Case No. _____ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT AND** |
| Boehringer Ingelheim Pharmaceuticals, Inc.; | ) | **DEMAND FOR JURY TRIAL** |
| Boehringer Ingelheim Corporation; | ) | |
| Boehringer Ingelheim USA Corporation; | ) | |
| Boehringer Ingelheim International GmbH; | ) | |
| Boehgringer Ingelheim Promeco, S.A. de C.V.; | ) | |
| GlaxoSmithKline LLC; GlaxoSmithKline (America) Inc.; GlaxoSmithKline plc; Pfizer Inc.; Sanofi-Aventis U.S. LLC; Sanofi U.S. Services Inc.; Sanofi S.A.; Patheon Manufacturing Services LLC; and John Does; | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

COME NOW Plaintiffs, Joseph R. Breazier and Nancy A. Breazier, by and through their counsel, and for their Complaint against Defendants, Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, Boehringer Ingelheim USA Corporation, Boehringer Ingelheim International GmbH, Boehgringer Ingelheim Promeco, S.A. de C.V., GlaxoSmithKline LLC, GlaxoSmithKline (America) Inc., GlaxoSmithKline plc, Pfizer Inc., Sanofi-Aventis U.S. LLC, Sanofi U.S. Services Inc., Sanofi S.A., Patheon Manufacturing Services LLC, and John Does (collectively, "Defendants"), state and allege as follows:

## **THE PARTIES**

1. Plaintiff, Joseph R. Breazier ("Mr. Breazier"), is a resident of Omaha, Douglas County, Nebraska.

2. Plaintiff, Nancy A. Breazier ("Mrs. Breazier"), is a resident of Omaha, Douglas County, Nebraska.

3. Defendant, Boehringer Ingelheim Pharmaceuticals, Inc., is a Delaware corporation, with its principal place of business located in Ridgefield, Connecticut.


EXHIBIT A

4. Defendant, Boehringer Ingelheim Corporation, is a Nevada corporation, with its principal place of business located in Ridgefield, Connecticut.

5. Defendant, Boehringer Ingelheim USA Corporation, is a Delaware corporation, with its principal place of business located in Ridgefield, Connecticut.

6. Defendant, Boehringer Ingelheim International GmbH, is a limited liability company, with its principal place of business located in Rheinland-Phalz, Germany.

7. Defendant, Boehringer Ingelheim Promeco, S.A. de C.V., is a foreign corporation, with its principal place of business located in Mexico City, Mexico.

8. Defendant, GlaxoSmithKline LLC ("GSK LLC), is a Delaware limited liability company, with its principal place of business located in Philadelphia, Pennsylvania. GSK's sole member is GlaxoSmithKline (America) Inc., a Delaware corporation, with its principal place of business in Delaware.

9. Defendant, GlaxoSmithKline (America) Inc., is a Delaware corporation, with its principal place of business located in Wilmington, Delaware.

10. Defendant, GlaxoSmithKline plc, is a public limited company, is a foreign entity, with its principal place of business located in Brentford, Middlesex XO, United Kingdom.

11. Defendant, Pfizer Inc., is a Delaware corporation, with its principal place of business located in New York, New York.

12. Defendant, Sanofi-Aventis U.S. LLC ("Sanofi U.S."), is a Delaware limited liability company, with its principal place of business located in Bridgewater, New Jersey. Sanofi U.S.'s sole member is Sanofi U.S. Services, Inc., a Delaware corporation, with its principal place of business located in New Jersey.

13. Defendant, Sanofi U.S. Services Inc., is a Delaware corporation, with its principal place of business located in Bridgewater, New Jersey.

14. Defendant, Sanofi S.A., is a foreign corporation, with its principal place of business located in Paris, France.

15. Defendant, Patheon Manufacturing Services LLC ("Patheon Manufacturing"), is Delaware limited liability company, with its principal place of business located in Greenville, North Carolina. Thermo Fisher Scientific, Inc., is the sole

member of Patheon Manufacturing, and it is a Delaware corporation with its principal place of business located in Massachusetts.

16. Defendants, John Does, are any unknown persons or entities who designed, manufactured, labeled, packaged, sold, distributed, or marketed any generic version of Zantac, ranitidine, or ranitidine-containing products.

17. Defendants, Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, Boehringer Ingelheim USA Corporation, Boehringer Ingelheim International GmbH, and Boehringer Ingelheim Promeco, S.A. de C.V., are hereafter collectively referred to as "Boehringer Defendants."

18. Defendants, GlaxoSmithKline LLC, GlaxoSmithKline (America) Inc., and GlaxoSmithKline plc, are hereafter collectively referred to as "Glaxo Defendants."

19. Defendants, Sanofi-Aventis U.S. LLC, Sanofi U.S. Services Inc., and Sanofi S.A., are hereafter collectively referred to as "Sanofi Defendants."

## JURISDICTION AND VENUE

20. This Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.

21. This Court has personal jurisdiction over Defendants pursuant to the Fourteenth Amendment to the Constitution of the United States of America and NEB. REV. STAT. § 25-536.

22. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

23. Some or all of the laws of the State of Nebraska apply to Plaintiffs' causes of actions and claims against Defendants.

## BACKGROUND

24. Ranitidine, commonly known as "Zantac®," is an antacid medication that is used to treat certain stomach and esophagus conditions, including heartburn. Ranitidine and Zantac® are hereafter collectively referred to as "Zantac® medication."

25. At all times material and relevant herein, Defendants designed, manufactured, labeled, packaged, distributed, marketed, and/or sold Zantac® or a generic equivalent of that medication. Such Defendants placed such medication on the market for sale across the United States, including Nebraska.

26. The Glaxo Defendants and/or their agents, employees, and/or predecessors in interest initially designed, developed, manufactured, distributed, and marketed Zantac® and began selling it to the general public in 1983. The Glaxo Defendants and/or their agents, employees, and/or predecessors continued designing, developing, manufacturing, marketing, and selling Zantac® through at least 2017.

27. In approximately 1995, the Glaxo Defendants and/or their agents, employees, and/or predecessors in interest began selling an over-the-counter version of Zantac®.

28. In approximately 2000, Pfizer acquired rights to design, manufacture, distribute, market, and sell over-the-counter Zantac®, and did so through at least 2006.

29. In approximately 2006, the Boehringer Defendants acquired rights to design, manufacture, distribute, market, and sell over-the-counter Zantac®, and did so through at least March 2020.

30. From approximately 2017 through approximately 2019, the Sanofi Defendants designed, developed, manufactured, distributed, marketed, and sold Zantac®.

31. In approximately 1997, the Glaxo Defendants' patent on the prescription form of Zantac® expired, which allowed generic manufacturers to sell ranitidine. The John Does Defendants are persons and/or entities who designed, manufactured, labeled, packaged, distributed, marketed, and/or sold generic version of ranitidine.

32. Ranitidine / Zantac® contains N-Nitrosodimethylamine ("NDMA"), a well-known cancer-causing compound. NDMA can cause certain forms of cancer, including, but not limited to, prostate cancer.

33. The Environmental Protection Agency and the International Agency for Research on Cancer classify NDMA as a probable human carcinogen.

34. On or about September 9, 2019, a pharmacy and testing laboratory known as "Valisure LLC and ValisureRX LLC (collectively, "Valisure") filed a Citizen Petition, calling for the recall of all ranitidine-containing products, including Zantac®, due to high levels of NDMA discovered in ranitidine pills.

35. On or about September 13, 2019, the FDA's Director for Drug Evaluation and Research warned that certain ranitidine medications could contain NDMA.

36. Toward the end of 2019 and the early part of 2020, several manufacturers of ranitidine recalled and removed ranitidine products from the market because they can cause NDMA.

37. On or about April 1, 2020, the Food and Drug Administration ("FDA") recalled ranitidine / Zantac®, stating those products presented a "serious health risk."

38. In or around June 2017, Mr. Breazier was diagnosed with prostate cancer.

39. In or around August 2017, Mr. Breazier had a radical prostatectomy to remove his prostate cancer.

40. Mr. Breazier took prescription and over-the-counter Zantac® for many, many years before June 2017 and continued taking that medication after June 2017.

41. While Mr. Breazier was taking the Zantac® medication, he was not advised, nor did he have any knowledge, that such medication was anything other than a safe product. He did not know that medication caused cancer or contained the cancer-causing agent, NDMA.

42. Had Mr. Breazier known that the Zantac® medication caused cancer or contained NDMA, then he would not have taken that medication.

43. Plaintiffs have suffered damages and injuries due to Mr. Breazier's use of the Zantac® medication.

44. Defendants, through their misrepresentations and/or omissions, including their refusal and/or reckless failures to disclose or report defects and significant events as required by federal and state law, concealed from Mr. Breazier the true and significant risks associated with the Zantac® medication.

45. At all material times, Defendants knew and/or should have known that the Zantac® medication was dangerous, unsafe, and likely to cause cancer.

46. At all material times, Defendants misrepresented and/or intentionally omitted facts and information from the public, including Mr. Breaizer, concerning the dangers of the Zantac® medication and the likelihood that such medication caused cancer.

47. At all material times, Defendants knew of the Zantac® medication's defective and unreasonably dangerous nature, but nevertheless continued to design, engineer, manufacture, market, distribute, and/or sell those products so as to maximize

sales and profits at the expense of the health and safety of the public, including Mr. Breaizer, in conscious and/or reckless disregard of the foreseeable harm caused by that medication.

48. Defendants' intentional and/or reckless failure to disclose the dangers and risks of the Zantac® medication deprived Mr. Breazier of necessary information to enable him to weigh the true risks of using that medication against its benefits.

49. The aforesaid actions and conduct of Defendants was committed with knowing, conscious, and deliberate disregard for the rights and safety of consumers, including Mr. Breaizer, and was wanton and reckless, thereby entitling Mr. Breaizer to punitive damages in an amount appropriate to punish Defendants and deter them from similar conduct in the future.

50. At all times material herein, the Boehringer Defendants, and each of them, were involved in and had control over the ownership, operation, management, and control of each other's businesses (as well as their predecessors-in-interest's businesses), including, but not limited to, their business in designing, engineering, manufacturing, distributing, marketing, and selling the Zantac® medication.

51. At all times material herein, the Boehringer Defendants were engaged in a joint venture, employment, and/or agency relationship with regard to the designing, engineering, manufacturing, distributing, and selling of the Zantac® medication. The actions and/or inactions of the Boehringer Defendants and their employees, agents, and/or joint venturers, which are described in this lawsuit, were committed in the course and scope of such Defendants' joint venture, employment, and/or agency relationship.

52. At all times material herein, the Glaxo Defendants, and each of them, were involved in and had control over the ownership, operation, management, and control of each other's businesses (as well as their predecessors-in-interest's businesses), including, but not limited to, their business in designing, engineering, manufacturing, distributing, marketing, and selling the Zantac® medication.

53. At all times material herein, the Glaxo Defendants were engaged in a joint venture, employment, and/or agency relationship with regard to the designing, engineering, manufacturing, distributing, and selling of the Zantac® medication. The actions and/or inactions of the Glaxo Defendants and their employees, agents, and/or

joint venturers, which are described in this lawsuit, were committed in the course and scope of such Defendants' joint venture, employment, and/or agency relationship.

54. At all times material herein, the Sanofi Defendants, and each of them, were involved in and had control over the ownership, operation, management, and control of each other's businesses (as well as their predecessors-in-interest's businesses), including, but not limited to, their business in designing, engineering, manufacturing, distributing, marketing, and selling the Zantac® medication.

55. At all times material herein, the Sanofi Defendants were engaged in a joint venture, employment, and/or agency relationship with regard to the designing, engineering, manufacturing, distributing, and selling of the Zantac® medication. The actions and/or inactions of the Sanofi Defendants and their employees, agents, and/or joint venturers, which are described in this lawsuit, were committed in the course and scope of such Defendants' joint venture, employment, and/or agency relationship.

## COUNT ONE:
## STRICT LIABILITY DESIGN DEFECT CLAIM

56. Plaintiffs hereby reincorporate Paragraphs 1 through 55 of their Complaint as if fully set forth again.

57. Defendants and their employees, agents, and joint venturers had a duty to, but failed to, use reasonable care to design the Zantac® medication so that they were not in a defective condition or unreasonably dangerous.

58. Due to the actions and/or inactions of Defendants and/or their employees, agents, and/or joint venturers, the Zantac® medication was in a defective condition and was unreasonably dangerous when those products left the control of Defendants and their employees, agents, and/or joint venturers.

59. At all material times, Mr. Breazier used the Zantac® medication as intended and in a way that Defendants and their employees, agents, and/or joint venturers did anticipate or foresee and/or could have reasonably anticipated or foreseen.

60. The design defects in the Zantac® medication were a proximate cause of Plaintiffs' damages and injuries.

## COUNT TWO:
## STRICT LIABILITY MANUFACTURING DEFECT CLAIM

61. Plaintiffs hereby reincorporate Paragraphs 1 through 60 of their Complaint as if fully set forth again.

62. Due to the actions and/or inactions of Defendants and/or their employees, agents, and/or joint venturers, the Zantac® medication (a) departed and/or differed from its intended design, specifications, and/or plan in that one or more of its component parts were defective as manufactured and/or (b) failed to properly perform in the anticipated or specified way in which Defendants and/or their employees, agents, and/or joint venturers intended it to perform.

63. The manufacturing defects in the Zantac® medication was a proximate cause of Plaintiffs' damages and injuries.

## COUNT THREE:
## STRICT LIABILITY FAILURE TO WARN CLAIM

64. Plaintiffs hereby reincorporate Paragraphs 1 through 63 of their Complaint as if fully set forth again.

65. Defendants had a duty to warn users of the Zantac® medication, including Mr. Breazier, about the dangers of those products, including, but not limited to, the danger that those products could cause cancer.

66. Defendants knew and/or had reason to know the Zantac® medication was dangerous and would be dangerous and create an unreasonable risk of harm to users of those products.

67. Defendants sold and/or distributed for sale the Zantac® medication without providing adequate and/or proper warnings and/or instructions to users of those products (including Mr. Breazier) about that medication, including, but not limited to, adequate and/or proper warnings and/or instructions about the dangers of that medication and the danger that such medication could cause cancer.

68. Defendants knew and/or should have reasonably foreseen that these warning and/or instruction defects would cause damage, injuries, and cancer to individuals using the Zantac® medication, including Mr. Breazier.

69. Defendants' failure to warn and/or instruct about the dangers of the Zantac® medication was a proximate cause of Plaintiffs' damages and injuries.

## COUNT FOUR:
## NEGLIGENCE CLAIM

70. Plaintiffs hereby reincorporate Paragraphs 1 through 69 of their Complaint as if fully set forth again.

71. Plaintiffs' damages and injuries were a proximate result of the negligence of Defendants and/or their employees, agents, and/or joint venturers, which consisted of, but is not limited to, one or more of the following actions and/or omissions:

   (a) Failing to use reasonable care to properly and safely design, engineer, manufacture, distribute, supply, and/or deliver the Zantac® medication;

   (b) Failing to use reasonable care to provide adequate and/or proper warnings and/or instructions about the Zantac® medication, including, but not limited to, providing adequate and/or proper warnings and/or instructions about the dangers of that medication, including the danger such medication could cause cancer;

   (c) Failing to warn Mr. Breazier of the dangers of the Zantac® medication, including, but not limited to, the dangers of that medication, including the danger that such medication could cause cancer; and/or

   (d) Failing to otherwise use reasonable care to ensure the Zantac® medication was appropriate, safe, and not dangerous or cancerous.

72. Defendants, and each of them, are vicariously liable for the negligence of their employees, agents, and/or joint venturers, including, but not limited to, under the doctrine of *respondeat superior*, all theories of agency, and/or all theories of joint venture.

73. Defendants, and each of them, are vicariously liable for each other's negligence (as well as the negligence of each other's employees, agents, and/or joint venturers), including, but not limited to, under the doctrine of *respondeat superior*, all theories of agency, and/or all theories of joint venture.

## COUNT FIVE:
## NON-PRODUCT LIABILITY FAILURE TO WARN CLAIM

74. Plaintiffs hereby reincorporate Paragraphs 1 through 73 of their Complaint as if fully set forth again.

75. Plaintiffs' damages and injuries were a proximate result of Defendants', their employees', their agents, and/or their joint venturers' (and each of them) negligent

failure to warn Mr. Breazier about the dangers of the Zantac® medication, including, but not limited to, the danger that such medication could cause cancer.

76. Defendants, and each of them, are vicariously liable for the negligence of their employees, agents, and/or joint venturers, including, but not limited to, under the doctrine of *respondeat superior*, all theories of agency, and/or all theories of joint venture.

77. Defendants, and each of them, are vicariously liable for each other's negligence (as well as the negligence of each other's employees, agents, and/or joint venturers), including, but not limited to, under the doctrine of *respondeat superior*, all theories of agency, and/or all theories of joint venture.

## COUNT SIX:
## BREACH OF EXPRESS WARRANTY CLAIM

78. Plaintiffs hereby reincorporate Paragraphs 1 through 77 of their Complaint as if fully set forth again.

79. Defendants and/or their employees, agents, and/or joint venturers expressly represented, stated, and warranted to Mr. Breazier that the Zantac® medication was safe and fit for its intended purpose for use as an antacid medication.

80. At all material times, Mr. Breazier decided to use the Zantac® medication based upon the statements, representations, and warranties of Defendants, its employees, agents, and/or joint venturers that such medication was safe and fit for its intended purpose for use in patients, including, but not limited to, patients with heartburn and other stomach/esophageal conditions.

81. Mr. Breazier reasonably relied upon the representations, statements, and warranties that the Zantac® medication was safe and fit for its intended purpose for use as an antacid medication.

82. Defendants and/or their employees, agents, and/or joint venturers breached their representations, statements, and warranties to Mr. Breazier by selling and distributing to Mr. Breazier the Zantac® medication, which was dangerous, defective, and likely to cause cancer.

83. Within a reasonable time after Plaintiffs discovered this breach, Plaintiffs gave the Defendants notice of the breach.

84. Defendants' and/or their employees', agents', and/or joint venturers' breach of such express representations, statements, and warranties were a proximate cause of Plaintiffs' damages and injuries.

## COUNT SEVEN:
## BREACH OF IMPLIED WARRANTY OF
## MERCHANTABILITY CLAIM

85. Plaintiffs hereby reincorporate Paragraphs 1 through 84 of their Complaint as if fully set forth again.

86. At all material times, Defendants were a merchant with respect to the Zantac® medication.

87. At the time that Defendants sold and distributed the Zantac® medication to Mr. Breazier, such medication was not merchantable because, among other reasons, it was dangerous, unsafe, and not fit for their ordinary purposes for use as an antacid medication.

88. Within a reasonable time after Plaintiffs discovered Defendants' breach of the implied warranty of merchantability, Plaintiffs gave Defendants notice of the breach.

89. Defendants' breach of the implied warranty of merchantability was a proximate cause of Plaintiffs' damages and injuries.

## COUNT EIGHT:
## BREACH OF IMPLIED WARRANTY OF FITNESS
## FOR PARTICULAR PURPOSE CLAIM

90. Plaintiffs hereby reincorporate Paragraphs 1 through 89 of their Complaint as if fully set forth again.

91. When Mr. Breazier purchased the Zantac® medication, Mr. Breazier purchased that medication for the purpose of using it, among other things, for use as an antacid medication, and Defendants knew or had reason to know about this particular use.

92. When Mr. Breazier purchased the Zantac® medication, Mr. Breazier was relying on Defendants' skill and/or judgment to design, manufacture, and sell an antacid medication that was suitable, safe, and fit for Mr. Breazier's use, and Defendants knew or had reason to know this information.

93. At the time that Defendants sold and distributed the Zantac® medication to Mr. Breazier, that product as not suitable, safe, or fit for Mr. Breazier's use.

94. Within a reasonable time after Plaintiffs discovered that the Zantac® medication was not suitable, safe, or fit for Mr. Breazier's use, Plaintiffs gave Defendants notice of their breach of the implied warranty of fitness for a particular purpose.

95. Defendants' breach of the implied warranty of fitness for a particular purpose was a proximate cause of Plaintiffs' damages and injuries.

### DAMAGES COMMON TO ALL CLAIMS AND LEGAL THEORIES IN COUNTS 1 THROUGH 8 OF PLAINTIFFS' COMPLAINT

96. Plaintiffs hereby reincorporate Paragraphs 1 through 95 of their Complaint as if fully set forth again.

97. As a direct and proximate result of the design, manufacturing, and warning defects with regard to the Zantac® medication, as well as the actions and/or inactions, the negligence, and the breaches of warranties of Defendants and/or their agents, employees, or joint venturers, and each of them, Mr. Breazier received injuries and has incurred or will incur the following damages: (a) past and future lost wages, including loss of future earning capacity; (b) past and future medical expenses; (c) past and future physical and mental pain, suffering, anguish, and emotional distress; (d) past and future disfiguration, embarrassment, humiliation, inconvenience, and loss of enjoyment of life; and (e) temporary and permanent disability and injury.

98. The amount of the damages that Mr. Breazier has sustained exceeds the sum of $75,000, exclusive of interest and costs.

### COUNT NINE: LOSS OF CONSORTIUM CLAIM

99. Plaintiffs hereby reincorporate Paragraphs 1 through 98 of their Complaint as if fully set forth again.

100. At all times material herein, Mr. and Mrs. Breazier were married to each other as husband and wife.

101. Mrs. Breazier has lost, and will continue to lose in the future, the affection, assistance, care, comfort, companionship, love, society, and support of her spouse, Mr. Breazier, as a result of the damages and injuries that Mr. Breazier sustained due to the

aforementioned actions and/or omissions of Defendants and their employees, agents, and joint venturers.

102. The amount of the damages that Mrs. Breazier has sustained exceeds the sum of $75,000, exclusive of interest and costs.

103. Defendants, and each of them, are vicariously liable for the negligence of their employees, agents, and/or joint venturers with regard to Mrs. Breazier's loss of consortium claim, including, but not limited to, under the doctrine of *respondeat superior*, all theories of agency, and/or all theories of joint venture.

104. Defendants, and each of them, are vicariously liable for each other's negligence (as well as the negligence of each other's employees, agents, and/or joint venturers) with regard to Mrs. Breazier's loss of consortium claim, including, but not limited to, under the doctrine of *respondeat superior*, all theories of agency, and/or all theories of joint venture.

WHEREFORE, Plaintiffs pray for Judgment against Defendants, and each of them, on Counts 1 through 9 of their Complaint for the general and special damages that they have sustained and/or will sustain; punitive damages; prejudgment and post-judgment interest thereon at the highest legal rate; attorney fees; the costs of this lawsuit; and such further relief as the Court deems just and equitable.

JOSEPH R. BREAZIER and NANCY A. BREAZIER, Plaintiffs

By: _____
Jordan W. Adam, #23723
Katherine A. McNamara, #25172
Brian J. Fahey, #25753
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
(402) 341-6000 (telephone)
(402) 341-8290 (facsimile)
jadam@fraserstryker.com
kmcnamara@fraserstryker.com
bfahey@fraserstryker.com
ATTORNEYS FOR PLAINTIFFS

20982-61211/2484642