# EXHIBIT D

<u>***In Re* Zantac Case No. 9:20-md-02924- Joint Dispute Resolution Memorandum 9/9/2020***</u>[1]

This dispute involves GSK's redactions of Zantac regulatory documents produced to date. Plaintiffs contend GSK's redactions of Zantac regulatory documents were inappropriate and seek an Order compelling GSK to remove the redactions from the Zantac regulatory documents as set forth below. The parties certify that they have complied with the requirements for pre-hearing consultation contained in PTO # 32. Despite good faith efforts to resolve their differences, the following issue requires resolution by the Court.

***The Dispute: GSK Redacted 81% of its Zantac Regulatory Document Production, Including 49,000+ Documents That Are Completely or Substantially Redacted.***

<u>*Defendant's Objection*</u>: GSK's IND/NDA productions in this case include the documents that comprise GSK's record of submissions to and communications and interactions with FDA regarding Investigational New Drug Applications (INDs) and New Drug Applications (NDAs) related to different formulations of Zantac (ranitidine) and Tritec (ranitidine bismuth citrate). Largely due to the way in which GSK communicated with FDA—often submitting materials for several unrelated products at the same time—the Zantac IND/NDA productions contain materials about other medications that have no relation to this litigation.

GSK complied with agreed Pretrial Order # 26, which permits the redaction of certain categories of information not relevant to the claims and defenses in this case, including:

> i. information about other non-competing products or compounds not at issue in this Litigation to the extent that information is not relevant to the Litigation . . . [and]
>
> ii. information about competing products when not used in comparison to ranitidine . . .

*See* Exhibit E, PTO 26 at ¶ E.1.i –ii. Both PTO 26 generally and the provisions on non-privilege redactions specifically were the product of extensive negotiations between the parties, assisted by Special Master Dodge.

Plaintiffs now take the position that although the PTO expressly allows GSK to make "other product" redactions, GSK must nonetheless un-redact "other-product" documents in its IND/NDA productions. They have offered three reasons. First, Plaintiffs contend that because the "other-product" documents at issue appear in a regulatory file for Zantac, they are "by definition" "Zantac documents." This misinterpretation would eviscerate the other-product redactions permitted by PTO 26; the same logic could apply to ***any*** Zantac-related production in the litigation. There is no basis for the regulatory-file exception to PTO 26 that Plaintiffs propose,

---

[1] GSK informed Plaintiffs on September 11, 2020, that 49,000 of the entirely redacted documents in dispute are product labeling related to other products that were submitted under cover of the Zantac NDA. All of these documents are publicly available and Plaintiffs contend that there was no legitimate basis for these to be redacted.

Page 1 of 6

and none of the PTO's express carve-outs related to "other product" redactions limits GSK's ability to redact "other products" simply because they appear in a regulatory file.

Second, Plaintiffs argue there is no harm if these "other-product" documents are redacted because, as Plaintiffs concede, if the documents relate to other products they are irrelevant. Plaintiffs go even further, contending that GSK should not have produced irrelevant "other-product" documents, despite the fact that they appear in GSK's IND and NDA files for Zantac and Plaintiffs requested a complete production of those files. Plaintiffs' position defeats the purpose of the other-product redaction allowance. Documents about products other than Zantac are not relevant unless they also have something to do with Zantac, and this is a primary reason for inclusion of the other-product redaction provision in PTO 26. Plaintiffs have not moved to amend or modify PTO 26. Instead they simply ask the Court to ignore its express and agreed-upon language allowing redaction of irrelevant other-product information, and to order GSK to remove all such redactions. But there is no reason for the Court to require changes to redactions that are consistent with both the Court's orders and case-law in this district permitting redaction of irrelevant information from responsive documents. *See In re: Takata Airbag Prod. Liab. Litig.*, No. 14-24009-CV, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) (Citing Chief Justice Roberts' Comment on Rule 26(b)(1): "A party is not entitled to every piece of relevant information" the Court ruled that a party is similarly not entitled to every piece of irrelevant information permitting disclosing such information would provide competitors with sensitive information to the ultimate detriment of each Defendant.")

Finally, Plaintiffs contend that the number of other-product redactions is conclusive proof that they were made erroneously and in bad faith. There is no basis for that contention. When Plaintiffs called to GSK's attention the large number of other-product redactions in the IND/NDA productions, GSK investigated and concluded the following, all of which counsel has shared with Plaintiffs' counsel in an attempt to resolve this issue without Court intervention:

1. There are 52,933 total documents in these regulatory productions with some other-product redaction. Of that total, 49,000 are labels for other products. As GSK counsel explained, this high number of other-product labels ended up in the NDA production for Zantac because GSK frequently submitted promotional materials for multiple products in one transmittal. Part of that submission is the product label for each product being marketed. As a result, those labels ended up in the NDA productions, and GSK redacted them as related to "other products" pursuant to PTO 26. Notwithstanding GSK's ability to redact these materials, in a good-faith effort to compromise, GSK offered to un-redact these labels, and to continue working to examine other redacted documents Plaintiffs called to GSK's attention. Plaintiffs declined the offer.

2. Further, the total number of other-product documents is an over-count. Many documents in GSK's production relate to multiple different INDs or NDAs. GSK has produced those documents within each of the related IND and NDA productions, to provide Plaintiffs with GSK's complete regulatory file related to each application. As a result, GSK produced some other-product

documents as many as 5 times. Accounting for these duplicate documents, there are 14,527 unique other-product documents in GSK's production that include other-product redactions.[2]

3. When Plaintiffs have identified specific documents that raise questions, GSK's counsel has promptly investigated and shared their findings in a good-faith effort to resolve this dispute. GSK has reviewed each of the 27 documents including redactions of other-product information identified by Plaintiffs during the meet and confer process. All but one—over 96%—were redactions of documents and information unrelated to ranitidine, consistent with PTO 26. The other document, related to Tritec, was redacted in error and GSK agreed to un-redact it. This admittedly small survey does not support Plaintiffs' narrative of bad-faith redaction practices. Coupled with the fact that GSK has now investigated Plaintiffs' other-product concerns and concluded that 49,000 of the documents are other-product labels that GSK agreed to un-redact in an effort to resolve this dispute, GSK submits there is no reason to order GSK to do anything more than continue to work with Plaintiffs in good faith to resolve any other document-specific issues they may identify.

As Plaintiffs' submission acknowledges, when Plaintiffs have brought an issue to counsel's attention – whether it is confidentiality, personal-information redactions, or other-product redactions—GSK has investigated, shared information, and where appropriate, taken corrective action or otherwise compromised in an effort to resolve issues without involving the Court. GSK submits that the parties should continue to follow this process, aided by Special Master Dodge, and that it is premature to take any other action with respect to other-product redactions at this time.

***Plaintiffs' Position***: This dispute stems from GSK's inappropriate redactions and blanket confidentiality designations[3] on GSK Zantac regulatory documents produced to date. The redacted documents consist of GSK's Zantac New Drug Application ("NDA") and Investigational New Drug ("IND") submissions. Instead of producing its regulatory files in whole, as other Defendants have, GSK redacted the large majority of its regulatory submissions. GSK now wants to require Plaintiffs to challenge *each document*, or worse, require this Court to do the work for it. This is an enormous waste of the parties' and Court's resources.[4] When a defendant has adopted a *policy* of over redacting documents, the remedy is not to require Plaintiffs to challenge each redaction line by line. It is to require defendant to conform its redaction policy with the law: Rule 34 explicitly mandates the production of "documents" in the form they are ordinarily maintained, not just relevant snippets contained within documents. *See, e.g.*, *Orion Power Midwest, L.P. v. Am.*

---

[2] There are 38,406 documents that are duplicate productions of those 14,527 documents, for a total of 52,933 documents redacted for "other products" information within GSK's IND/NDA production.

[3] Upon challenge by Plaintiffs, GSK has now agreed to remove the "Highly Confidential" designations and re-designate the entire production as "Confidential."

[4] GSK has admitted that 49,000 documents were redacted entirely as product labeling for other products. Product labeling is publicly available information. These types of baseless and unnecessary redactions only serve to render the regulatory production largely incomprehensible and impossible to analyze.

*Coal Sales Co.*, No. 2:05-cv-555, 2008 WL 4462301, at *2 (W.D. Pa. Sept. 30, 2008); *see also Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011). The fact that the producing party is not harmed by producing irrelevant information or by providing sensitive information which is subject to a protective order restricting its dissemination and use renders redaction both unnecessary and potentially disruptive to the orderly resolution of the case. *Beverage Distributors, Inc. v. Miller Distributing Co., Inc.,* No. 2:08-cv-827, 2010 WL 1727640, *4 (S.D. Ohio April 28, 2010).

Plaintiffs thus far have identified ***over 47,000*** documents of the 74,000 produced that were ***entirely or substantially redacted; over 1 million pages are completely blank.*** GSK justifies its wholesale redactions by pointing to Pretrial Order (PTO) 26. But PTO 26 was not a permission slip authorizing Defendants to render the majority of a production unusable or unreviewable. The order only allows other-product redactions "to the extent that information is not relevant to the litigation." Where Plaintiffs cannot ascertain what type of documents are redacted or the context for which the documents were submitted as part of the Zantac NDAs or INDs, the redacted information is *plainly* relevant to provide crucial informational context.[5]

It is important to note that GSK identified approximately 73,000 documents in its production as Zantac regulatory documents (Zantac IND and NDA FDA submissions). Despite the clear connection between such documents and the central issues of this litigation, GSK redacted over 60,000 of these documents (approximately 81%) and more than 49,000 are redacted in their entirety such that Plaintiffs cannot ascertain the type of document or why it was submitted as part of a Zantac NDA or IND. See Exhibit "A," Spreadsheet of Zantac MDL – Complete GSK Document Production with Redacted Document Metadata and Exhibit "B," Zantac MDL – GSK Documents Reviewed by Plaintiffs and Identified as Entirely or Substantially Redacted. See Examples attached as Exhibit "C." Initially, GSK did not provide *any* information about its redactions as required by PTO 29 (VII.7.i.). After Plaintiffs challenged this omission, GSK produced metadata codes for these non-privileged redactions, including: (1) Personal Information; (2) PII; (3) Other Products; (4) Costs; and (5) Other Proprietary Information.[6] GSK applied the "Other Products" redaction code to ***52,000 documents*** or 70% of GSK's produced documents. In addition, some partially redacted documents assigned the "Other Products" redaction code are clearly related to Zantac. *See* Exhibit "D," Appendix of Examples. The inability of Plaintiffs to ascertain the type of document or context of its submission to the FDA for more than 49,000 documents renders the production meaningless, thereby threatening a fair and just result. *See e.g., In re Medeva Securities Litig.,* No. 93-4376-KN AJWX, 1995 WL 943468, at *3 (C.D. Ca. May 30, 1995).

---

[5] To the extent a few documents are produced that have information in them about another product and that are arguably not relevant to the claims and defenses in this case, PTO 26 protects GSK completely.

[6] Initially, Plaintiffs challenged Codes 1-4 and GSK agreed to remove thousands of such redactions, except for a very limited agreed upon subset for personal identification and proprietary information exceptions. To date, that reproduction has not been made by GSK.

GSK has failed to logically explain why and how more than half the production, from its Zantac INDs/NDAs and Zantac regulatory files are *entirely* about other products. It strains credulity that GSK's *Zantac-specific* NDA/IND files contain three times as many documents about "Other Products" than they do about Zantac. GSK's conclusory and self-serving rationale is that "the information is rightfully redacted and designated as highly confidential under the PTO because of the great risk of exposing this other product information to a large group of competitors and sophisticated plaintiffs [sic] lawyers." That excuse fails to cohere. Even if *all* of the redactions are to cover up "Other Products," the redactions are improper because they conceal information that is "relevant to this Litigation." PTO 26. *All* of the information the FDA had associated with Zantac is relevant to Plaintiffs' claims and defenses. How a manufacturer regulates itself—its protocols, processes, and safety measures, for instance—are plainly relevant even if GSK mixed and matched this information using Zantac and any other medicines as part of its analysis to FDA.

As importantly, any concerns GSK has are adequately addressed by the Confidentiality Order. *Beverage Distributors, Inc. v. Miller Distributing Co., Inc.,* No. 2:08-cv-827, 2010 WL 1727640, *4 (S.D. Ohio April 28, 2010). Courts routinely order documents produced in unredacted form when the producing party is well-protected from improper disclosure by a confidentiality order. *See In re Atlantic Financial Fed. Sec. Litig.,* No. 89-0645, 1991 WL 153075, *4 (E.D. Pa. Aug. 6, 1991).[7] Courts reject use of extensive redactions, such as those applied by GSK here, especially in such situations when the redactions "tend[] to make documents confusing or difficult to use." *Doe v. Trump*, 329 F.R.D. 262, 276 (W.D. Wash. Dec. 20, 2018) (internal quotations and citation omitted).

GSK's Zantac IND/NDA regulatory documents are central and relevant to this litigation because, by definition, they were submitted to the FDA in connection to Zantac/ranitidine. The fact that these documents may reference another product has no bearing on their relevance. Plaintiffs must know what the FDA knew in order to make their case and defeat Defendants' affirmative defenses. For example, GSK's preemption defense may turn on whether the emerging risks of ranitidine constituted "new information" not before the FDA. Plaintiffs cannot fully address that inquiry without fully knowing what information the FDA had from GSK's entire body of Zantac related submissions. Plaintiffs respectfully request that the Court compel GSK to reproduce the documents without the redactions for "Other Products" as outlined herein. Finally, such an Order would not be a burden for GSK as it has already committed to reproducing the entire regulatory production to correct the confidentiality designations and other redaction issues.

Referenced Documents are attached as follows:

1. Exhibit A: Spreadsheet of GSK Documents Entirely/Substantially Redacted & Metadata
2. Exhibit B: Spreadsheet of Entire GSK Document Production with Redaction Metadata
3. Exhibit C: Appendix of Examples of fully redacted Zantac NDA documents
4. Exhibit D: Appendix of Examples of partially redacted Zantac NDA documents

---

[7] S*ee also WNE Capital Holdings Corp., v. Rockwell Automation, Inc.,* No. CA 09-0733-WS-C, 2011 WL 13254691 (S.D. Al. Aug. 4, 2011); *Beverage Distributors, Inc. v. Miller Distributing Co., Inc.,* No. 2:08-cv-827, 2010 WL 1727640, *4 (S.D. Ohio April 28, 2010); *Hasbro, Inc. v. Mikohn Gaming Corp.,* No. 05-106ML, 2006 WL 8456748 (D. RI March 30, 2006).

# EXHIBITS A-D

# WITHHELD DUE TO CONFIDENTIALITY DESIGNATIONS

# EXHIBIT E

| Date | GSK Production to Date and PSC objections | # of Documents | Resolution of Dispute | Next Steps |
|---|---|---|---|---|
| 6/26/2020 | GSK 1st production NDA/IND Documents | 1207 | | |
| 7/6/2020 | GSK 2nd production | 70,634 | | |
| 7/10/2020 | GSK 3rd production | 213 | | |
| 7/10/2020 | PSC notifies GSK of Missing Metadata and Objections to redactions and Confidentiality designations | | Resolved 7/15/2020 | N/A |
| 7/15/2020 | GSK Produced Overlay of Metadata for Redactions | Applied to 60,068 documents | Resolved 7/15/2020 | N/A |
| 7/17/2020 | GSK 4th production | 62 | | |
| 7/21/2020 | PSC notifies GSK of objection to certain redactions relating to privacy and PII. | | | |
| 7/23/2020 | GSK agreed to reproduce certain documents with privacy and PII redaction in unredacted form | | | |
| 7/28/2020 | PSC notifies GSK of objections to overly broad redactions of the Regulatory Documents (IND and NDA) | | | |
| 7/29/2020 | PSC notifies GSK of Missing Confidentiality Designation Metadata | | Resolved 8/26/2020 | N/A |
| 7/31/2020 | GSK production of documents – annual reports and regulatory | 136 | | |
| 8/12/2020 | PSC notifies GSK of objection to blanket confidentiality of "highly confidential" designations and overly broad redactions for 53,000 documents for "other product" | | Resolved in part 9/11/2020 – GSK notified PSC that approximately 49,000 documents were redacted as other product labels. GSK agreed to unredact these 49,000 other product labels. | GSK will unredact 49,000 other product labels. Approximately 4000 documents still in dispute with redactions for "other products" |

| Date | GSK Production to Date and PSC objections | # of Documents | Resolution of Dispute | Next Steps |
|---|---|---|---|---|
| 8/13/2020 | GSK production of medical information letters | 678 | | |
| 8/14/2020 | GSK produced overlay of Confidentiality Designations Metadata | | Resolved 8/26/2020 | N/A |
| 8/21/2020 | GSK production of additional regulatory documents (NDAs) and SOP's | 669 | | |
| 8/27/2020 | GSK production of corrected 8/21/2020 production due to imaging issues | | | |
| 8/28/2020 | GSK rolling production of SOP's and organizational charts | | | |
| 8/30/2020 | PSC notifies GSK of objection to blanket highly confidential designations and overly broad redactions | | | |
| 9/4/2020 | GSK production of SOP's and organizational charts | | | |
| 9/9/2020 | GSK agrees to re-designate the "highly confidential" designations to "confidential" | | Resolved 9/9/2020 | GSK will reproduce re-designated all documents as "confidential" and remove "highly confidential" designations. |
| 9/11/2020 | GSK notified PSC that approximately 49,000 documents were redacted as other product labels. GSK agreed to unredact these 49,000 other product labels. | | | GSK will unredact 49,000 other product labels. Approximately 4000 documents still in dispute with redactions for "other products" |

| Date | GSK Production to Date and PSC objections | # of Documents | Resolution of Dispute | Next Steps |
|---|---|---|---|---|
| 9/11/2020 | GSK TOTAL production to date | **Total: 75,749**<br>Regulatory: 73,637<br>Other: 2112 | | |
| 9/11/2020 | GSK TOTAL redactions to date | **Total: 60,068**<br>**Reasons:**<br>Other Product only: 52,433<br>PII only: 4878<br>Privacy only: 632<br>PII & others: 6261<br>Privacy & others: 1706 | Resolved Redactions:<br>Other Product: 49,000 (other product labeling)<br>PII and privacy: unknown # | |
| 9/11/2020 | Approximately 4000 documents remain in dispute with "other product" redaction codes | | Unresolved | |