# EXHIBIT F

**Finken, Tracy**

| | |
|---|---|
| **From:** | Finken, Tracy <tfinken@anapolweiss.com> |
| **Sent:** | Thursday, February 4, 2021 6:34 PM |
| **To:** | zantac_mdl@flsd.uscourts.gov |
| **Cc:** | EHorn@wc.com; Sharpe, Paige H.; Will Sachse; Friedman, Robert; DODGE, JAIME LYNNE; gilbert@kolawyers.com; Adam Pulaski; Mike McGlamry; Joe Petrosinelli; Cheffo, Mark; Bayman, Andy; Agneshwar, Anand; Richard Barnes; thomas.yoo@hklaw.com; Johnston, Sarah; Kaplan, Andrew; Finken, Tracy |
| **Subject:** | RE: In re: Zantac (Ranitidine) Products Liability Litigation, Case No. 9:20-md-02924-RLR |
| **Attachments:** | Zantac MDL - GSK Discovery Status Summary (Final Feb. 4 2021).pdf; Plaintiffs Abbreviated Response to GSK's discovery summary Final 2-4-2021.pdf |

Honorable Robin L. Rosenberg
United States District Judge
Southern District of Florida

*In re: Zantac (Ranitidine) Products Liability Litigation, Case No. 9:20-md-02924-RLR*

Dear Judge Rosenberg,

Attached please find GSK's Discovery Status Submission and Plaintiffs' Abbreviated Response.

Respectfully submitted,


Tracy A. Finken, Esquire

**ANAPOL**WEISS

**One Logan Square
130 N. 18th Street
Suite 1600
Philadelphia, PA 19103
(215) 735-1130**
**(215) 735-0773 (Direct Dial)**
**tfinken@anapolweiss.com**

## Plaintiffs' Abbreviated Response to GSK's Discovery Summary

**I.     Non-Custodial Productions**

### a. Regulatory & Labeling

- Plaintiffs seek clarity on whether the complete Regulatory Files for all Zantac/ranitidine products have been produced.

- Plaintiffs were told that the GSK regulatory production was complete months ago however learned in January that additional documents were being produced and that this would affect the ability to take the regulatory 30(b)(6) witness deposition scheduled on January 21st. The deposition was postponed until February 4th as a result. Plaintiffs received yet another 18,000 pages of regulatory production on February 2, two days before the deposition was scheduled. If Regulatory file documents have been withheld or have not been produced, Plaintiffs request specificity relating to those documents that are withheld or have not been produced at this juncture.

### b. Pharmacovigilance (PV)

- Plaintiffs seek clarity on whether the complete PV departmental files have been or will be produced by March 15th. If Defendants have not produced documents relating to the safety or PV of Zantac/ranitidine, Plaintiffs seek identification and specificity as to those documents.

### c. Studies - Clinical/Preclinical/Nonclinical/post-marketing, etc.

- The parties had several meet and confers on this topic and Plaintiffs had requested the clinical study reports for all studies and Defendants did not object. In addition, the parties agreed that if there were underlying study documents that were sought after the receipt and review of the clinical studies (including the clinical study sub-parts), we would meet and confer. **To date, Plaintiffs have not received all clinical study reports.**

- In addition, Plaintiffs have requested production of the studies and underlying documents/data related to two specific studies referenced in the production; studies specifically related to: 1) ranitidine and formation of NDMA; and 2) ranitidine and nitrosation in simulated gastric fluids. **To date, Defendants have produced one of the reports but have not produced any of the data or additional documents related to that study and GSK has not produced any documents at all relating to the second study.** Defendants have indicated on multiple occasions that they have been unable to locate these documents.

- Plaintiffs seek clarity if Defendants have withheld production of study reports or documentation/data relating to any of the studies conducted that relate to NDMA, nitrosation or nitrosamines related to ranitidine.

- Plaintiffs seek clarity if Defendants intend to withhold study reports for any studies conducted on Zantac/ranitidine.

### d. Distribution and Storage & Manufacturing

- While GSK represents that as of Sept. 25, 2020 it has partially produced policies and procedures and distribution and storage documents, Plaintiffs believe very little has been produced but for some standard operating procedures and organizational charts. Plaintiffs would like GSK to clarify its timeline for producing the majority of its Distribution and Storage documents. In addition to the documents GSK has represented it will produce by March 15, 2021, Plaintiffs seek confirmation as to when GSK will produce the actual manufacturing documents related to testing, chromatograms, degradation studies, residual solvent testing or other stability testing related to Zantac/ranitidine manufactured, marketed and/or sold by GSK. Moreover, Plaintiffs request that GSK produce temperature monitoring or temperature mapping data related to shipping and storage of its Zantac/ranitidine products during the time GSK marketed, manufactured and/or sold Zantac/ranitidine.

### e. Marketing

- Plaintiffs seek clarity on the timing of when GSK will produce what seems to be the bulk of the marketing documents. In addition, Plaintiffs requested that GSK identify relevant custodians in areas pertinent to the class issues, including sales and marketing departments. Plaintiffs have not received a response but were told in January that Defendants were working to identify custodians. To date, Plaintiffs have not received this information and seek a timetable for when GSK will produce this information and the remaining documents outlined in GSK's Status Report and responsive to Plaintiffs' discovery requests.

## II. Custodial Files & Depositions

- The parties had an agreement to produce thirty 30 custodial files by December 31st and eight (8) more by January 31st (a total of 38 Tranche 1 custodial files).

- To date, twenty (20) custodial files have been produced in violation of PTO 47.

- On December 17th Defendants advised that five (5) custodians did not have any custodial documents at all (ESI or hard copy).

- On January 11th, Plaintiffs were told that 17 custodial files would be produced by the end of that week. They were not produced. Plaintiffs received a subset of those 17 custodial files on January 26th.

- Plaintiffs have repeatedly followed up to obtain clarity on when the remaining custodial files will be produced.

- To date, we have not received a response as to whether custodial files will be produced or even exist for 13 of the 38 custodians in violation of PTO 47. If custodial files do not exist, it would mean that 18 of the original 38 Tranche 1 custodians do not have files. Plaintiffs seek to substitute custodians for those 18 initial custodians. GSK has denied Plaintiffs' request.

- In addition, we were advised on Monday February 1st, that GSK failed to run certain agreed upon search terms across the custodial files and thus all of the custodial files that have been produced are incomplete. Because of this disclosure, Counsel advised that we should adjourn the deposition of GSK's Regulatory 30b6 witness as this issue impacted that custodian, Leslie Driver, and that there would be another production of her custodial documents likely in excess of the initial production (237 produced, estimated another 300 to produce).

- Plaintiffs agreed to postpone the deposition pending production of the documents.

- Defendants were not able to advise as to how many documents were inadvertently withheld for the remainder of the 19 custodial files that had been produced and that they would advise us as they investigate and have more information.

- Plaintiffs did not agree to adjourn the 30(b)(6) depositions of GSK's PV and Clinical witnesses scheduled in February until the parties have an understanding of the scope of these issues.

### III. Status of Overall Production

- Plaintiffs seek clarity on whether GSK can meet its full, non-bifurcated discovery obligations under PTO 47 as well as PTO 30. Plaintiffs are concerned that GSK'S failure to timely meet their discovery obligations under PTO 47 (regardless of fault or blame) has already disrupted the PTO 30 schedule, depriving Plaintiffs with relevant and agreed upon documents and depositions. Plaintiffs lack confidence that GSK can produce witnesses and documents in a timely manner now; and respectfully request that the Court evaluate how this failure to comply with the Court's Orders affects our schedule.

Document withheld

GSK has designated its submission to the Court on 2-5-21 as Confidential and subject to Protective Order