**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>DISTRICT JUDGE<br>ROBIN L. ROSENBERG |
| This Document Relates to:<br>All Actions | MAGISTRATE JUDGE<br>BRUCE E. REINHART |

**GSK'S REPLY IN SUPPORT OF ITS MOTION TO**
**EXTEND DEADLINES IN PTO #47**

On March 12, GSK moved this Court for relief from the March 15, 2021 deadline to substantially complete production of non-custodial documents. The request came as no surprise to Plaintiffs, for GSK previously had discussed its proposed schedule adjustments with Plaintiffs and Special Master Dodge, and GSK shared the submission with Plaintiffs in advance of filing. After reviewing GSK's proposal and submission, Plaintiffs did not oppose the request for relief. GSK's Mot. at XX (Dk # 3044). In a paperless order issued that same day, the Court found "good cause" to vacate the March 15 deadline and otherwise reserved ruling on GSK's specific requests. (Dk #3045).

On March 17, Plaintiffs filed a response to GSK's request and again confirmed they have no objection to GSK's extension proposal. Pls.' Response at 1 (Dk # 3062). As a result, there is no live dispute between the parties about the appropriateness of the revised interim production deadlines GSK proposes. GSK respectfully requests the Court to approve the following revised schedule, which Plaintiffs do not oppose:

| DATE | DESCRIPTION |
|---|---|
| March 31, 2021 | Substantially complete production of the following:<br>▪ Non-custodial files related to safety and pharmacovigilance, storage/distribution, and marketing; |

1

|  | <ul><li>Additional non-custodial Chemistry, Manufacturing, and Controls materials;</li><li>Non-custodial laboratory notebooks containing non-cumulative information;</li><li>Non-custodial miscellaneous hard copy archive documents;</li><li>Located non-custodial underlying materials for cases included in report from GSK's adverse events system related to ranitidine and specific MedDRA inquiries (cancer/neoplasm); and</li><li>Non-custodial materials related to recent tests conducted in 2020.</li></ul> |
|---|---|
| April 16, 2021 | Substantially complete production of additional non-custodial data related to direct sales, chargebacks, rebates, and pricing from an outside vendor. |
| May 14, 2021 | Substantially complete production of non-custodial pre-clinical/clinical documents. |

GSK submits that these interim GSK production deadlines are the only scheduling issues properly before the Court. Plaintiffs' March 17 response, which proposed an entirely new case management schedule and structure for this MDL, is improper and should be stricken or disregarded for two reasons.

First, in response to GSK's request for modest relief from certain interim discovery deadlines applicable to GSK only, Plaintiffs' filing proposed a radical change to the entire general causation and class certification discovery and briefing schedule[1] set by this Court—with express agreement of Plaintiffs—in PTO #30. The PTO #30 schedule applies to all Defendants, not just GSK. But Plaintiffs did not share their proposal with GSK or any other Defendant before filing. When conferring about GSK's request, counsel for GSK repeatedly asked Plaintiffs' leadership whether they intended to seek relief from the August 2, 2021 general causation expert disclosure deadline based on GSK's request, and if so, how much time Plaintiffs would request. Plaintiffs

---

[1] Plaintiffs' proposed schedules also would radically alter the bellwether process by, for example, setting bellwether trial dates and interim completion dates for "Bellwether Core Discovery" and fact discovery for the "Final First Group Bellwether Trial Cases" (Plaintiffs' Proposals A and B)—concepts the parties have not discussed. All affected parties must have the opportunity to be heard before there could be such a radical overhaul of the MDL structure.

declined to share any proposed schedule adjustments. Plaintiffs' filing therefore came as a complete surprise; it was the first time any Defendant learned that Plaintiffs wanted to overhaul the entire scheduling structure of this MDL. Plaintiffs did not engage in a meet-and-confer process before surprising Defendants, the Special Master, and likely the Court with their proposals, and they made their request—which undeniably would affect *all* parties in this MDL—in a "non-opposition" response to a targeted motion for relief filed by GSK. For this reason, alone, the filing is improper. If Plaintiffs truly wish to propose such a radical revision to the overall schedule and PTO #30, they should comply with proper procedures, meet-and-confer with the Lead and Liaison Counsel for Defendants, and then file a separate motion, to which all Defendants can respond.

Second, Plaintiffs' filing (nominally a response to GSK's targeted request) represents a sprawling rehash of the multiple unfair complaints Plaintiffs have made about the discovery process for the last several months. GSK objects to Plaintiffs' insinuations and mischaracterizations of its discovery efforts. GSK has undertaken reasonable, good-faith and proportional discovery efforts to respond to plaintiffs requests, often times above and beyond what is required by the 26(g) reasonable inquiry standard and more than what is required for the general causation portion of this litigation. At the same time, GSK believes there is little value to relitigating past issues when Plaintiffs agree it is appropriate to extend GSK's deadlines. The question before the Court is not how we got to today, but the path forward.

Throughout this MDL, GSK has worked cooperatively to address discovery issues. Indeed, GSK shared its own draft Motion to Extend Deadlines and its proposed deadline modifications in advance of filing. Plaintiffs declined to extend the same courtesy, perhaps because GSK had conditioned its agreement to Plaintiffs' request for an opportunity to respond to the unopposed motion on the understanding that Plaintiffs' response would contain "no advocacy, bombs, etc."

[Ex. 1]—a standard Plaintiffs' failed to meet. It is also disappointing that in their Response, Plaintiffs did not contain their criticisms to GSK, but mischaracterized other Defendants' discovery efforts, though they were not the subject of the Motion. In doing so, Plaintiffs improperly referenced meet-and-confer and in-chambers discussions and reneged on prior agreements, including the parties' prior agreement (set forth in PTO #30) regarding the timing of bellwether selection.

In sum, Plaintiffs' response is improper. It does not join the issue before the Court—GSK's proposed modest extensions to interim discovery deadlines for GSK—but rather ambushes all Defendants, the Special Master, and this Court with a complete overhaul of the MDL schedule, supported by a one-sided, backward-looking, and misleading narrative of Defendants' considerable discovery efforts to date. The Court should strike or disregard Plaintiffs' response and grant the modest interim schedule adjustments requested by GSK.

Respectfully Submitted,

March 22, 2021

/s/ Mark Cheffo
Mark S. Cheffo
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
(212) 698-3814 phone
(212) 698-3599 fax
mark.cheffo@dechert.com

/s/ Will Sachse
Will W. Sachse
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104-2808

        (215) 994-2496 phone
        (215) 655-2496 fax
        will.sachse@dechert.com

        */s/ Patrick Oot*
        Patrick Oot
        Shook, Hardy & Bacon LLP
        1800 K Street NW
        Suite 1000
        Washington, DC 20006
        (202) 783-8400 phone
        (202) 783-4211 fax
        oot@shb.com

**COUNSEL FOR GLAXOSMITHKLINE, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

*/s/ Patrick Oot*
