UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)     MDL NO. 2924
PRODUCTS LIABILITY     20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

**PRETRIAL ORDER # 62**
Procedures for Direct Filing of Pleadings in Class Action Cases

**I.    SCOPE OF ORDER**

This Order shall govern all putative class action cases (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Transfer Order dated February 6, 2020; (2) any tagalong actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) all class action cases originally filed in this Court, consolidated within the Master Class Action Complaints (as defined herein), or transferred or removed to this Court (collectively, "Class Action Cases").

**II.    DIRECT FILING OF CLASS ACTIONS INTO THE MDL**

A.    <u>Direct Filing of Class Complaints Permitted</u>: To eliminate potential delays associated with transfer to this Court of putative class actions cases filed in or removed to other federal district courts, and to promote judicial efficiency, the Master Class Action Complaints (as defined herein) identified in this Order, having been filed directly in this District as a member case of the MDL, may proceed subject to the provisions set forth below. Nothing in this Order is intended to (or does) alter the applicable provisions of the Federal Rules of Civil Procedure or the Local Rules of this Court, except as otherwise provided herein or in any subsequent Order.

      B.      <u>Master Class Action Complaints</u>:  The Consolidated Amended Consumer Economic Loss Class Action Complaint (Dkt. No. 2835), and the Consolidated Medical Monitoring Class Action Complaint (Dkt. No. 2832-1), which were directly filed in MDL No. 2924, and any amendments thereto filed after the date of this Order, are hereby deemed the "Master Class Action Complaints."  The Master Class Action Complaints shall apply to all pending Class Action Cases and to those subsequently filed in, removed to, or transferred to this Court as part of this proceeding.

      C.      <u>Master Class Action Answers</u>:  Within forty-five (45) days after the Court issues the last of its orders resolving all Rule 12(b) motions in the Master Class Action Complaints, each defendant shall file a Master Answer to the Master Class Action Complaints (to the extent not dismissed). Defendants need not file answers in any other Class Action Cases.

      D.      <u>Venue for Pretrial Purposes Only</u>: The Southern District of Florida shall not be deemed the "transferor court" simply by virtue of the Master Class Action Complaints having been directly filed in MDL No. 2924.  The direct filing of the Master Class Action Complaints in MDL No. 2924 that would otherwise have been filed in other Districts is solely for the purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. § 1407, and the parties submit to this Court's personal jurisdiction and venue in the Southern District of Florida for those purposes only.

      E.      <u>Designated Forum</u>: Within ninety (90) days following all defendants' filing of Master Answers, plaintiffs may file as protective actions the operative Master Class Action Complaints in any federal district where each named defendant is subject to general jurisdiction (the "Designated Forum").  Upon the filing of the Master Class Action Complaints in such federal districts, plaintiffs and defendants shall cooperate to issue a Notice of Tag-Along to effectuate the prompt transfer of such actions to this Court, where such actions shall be stayed pending the conclusion of pretrial proceedings in accord with the provisions set forth herein.

F.      No Lexecon Waiver: For all Class Action Cases, the Parties preserve and do not waive any rights under Lexecon Inc. v. Milberg Weiss, 523 U.S. 26 (1998), to have each case remanded to the Designated Forum for trial.

G.      No Determination Regarding Venue: The inclusion of any putative class action case in MDL No. 2924, whether such case was or will be filed originally or directly in the Southern District of Florida, or transferred or removed to the Southern District of Florida, or consolidated within an existing master pleading, does not constitute a determination by this Court that jurisdiction or venue is proper in this District or any other Designated Forum.  The parties do reserve the right pursuant to 28 U.S.C. §§ 1391 and 1406(a) to oppose and object to any improper venue proposed for trial, including on grounds of forum non conveniens.

H.      No Impact on Choice of Law: The fact that a putative class action case was filed directly in MDL No. 2924 pursuant to this Order, or consolidated within a Master Class Action Complaint, will have no impact on choice of law, including the statute of limitations that otherwise would apply to an individual case had it been filed in another Designated Forum and removed and/or transferred to this Court.

I.      No Waiver of Personal Jurisdiction: The direct filing and consolidation of putative class actions in MDL No. 2924 is solely for the purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. § 1407 and pursuant to the Judicial Panel on Multidistrict Litigation's Transfer Order.  The parties submit to this Court's personal jurisdiction and venue for those purposes only.  Defendants do not waive any personal jurisdiction defenses.

J.      Remand Procedure: Upon completion of all pretrial proceedings applicable to the Master Class Action Complaints, pursuant to 28 U.S.C. § 1404(a) and upon a determination that this action is ripe for remand for the purpose of conducting trial proceedings, the Court will set a procedure to resolve any venue challenges, objections or disputes applicable to that case.  If there is no venue challenge, objection or dispute as to a case, the Court will transfer it to the Designated

Forum, unless the parties jointly advise the Court that the case should be transferred to another district in which venue is proper. Further, at such resolution of venue challenges, objections or disputes, and pursuant to 28 U.S.C § 1404(a), and after giving the parties an opportunity to meet and confer and be heard on the issue, this Court will transfer the case to that federal district court having proper venue as defined by 28 U.S.C. § 1391. Moreover, defendants reserve and do not waive any objection and affirmative defense of improper venue, improper joinder of parties and/or claims, and/or lack of personal jurisdiction as to plaintiffs' designation.

K. <u>Other Putative Class Action Complaints Superseded</u>: All other Class Action Cases originally filed by plaintiffs are hereby superseded by the Master Class Action Complaints. Within 21 days of the date of this Order, Plaintiffs' Co-Lead Counsel are directed to file, or cause to be filed, notices of voluntary dismissal without prejudice of all other Class Action Cases other than the Master Class Action Complaints. In the event Plaintiffs' Co-Lead Counsel is unable to file, or cause to be filed, a notice of voluntary dismissal without prejudice of any other Class Action Case(s) as provided herein, Plaintiffs' Co-Lead Counsel shall notify Defendants' Co-Lead Counsel and the Court of the of the name of such Class Action Case(s) and the reason a notice of voluntary dismissal cannot be filed and, if appropriate, the Court will address such Class Action Cases through separate Order. Plaintiffs may not file further putative class action complaints directly into the MDL without leave of this Court or by agreement of the Parties. Nothing in this Order shall preclude plaintiffs from seeking leave to amend the Master Class Action Complaints as provided in the Federal Rules of Civil Procedure.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 22nd day of March 2021.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE