UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

### DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO INCORPORATE CERTAIN ARGUMENTS IN MOTION TO DISMISS BRIEFING

Pursuant to Pretrial Order No. 61 and the Court's statements at the Discovery Conference on March 10, 2021, Defendants respectfully request that this Court grant leave for the Generic Manufacturer Defendants, Retailer and Pharmacy Defendants, Store Brand Defendants, and Distributor Defendants to incorporate limited arguments from other Parties' briefing in their respective motions to dismiss to be filed on March 24, 2021. Defendants met and conferred with Plaintiffs' counsel who stated that they do not oppose the relief requested in this Motion. In support of this request, Defendants state as follows:

1. On March 5, 2021, the Court issued Pretrial Order No. 61 ("PTO 61"), ECF No. 2968, which provides the briefing schedule and page limitations for Defendants' third set of motions to dismiss to be filed on March 24, 2021. Unlike the prior rounds of motion to dismiss that were briefed in Fall 2020, PTO 61 does not permit Defendants to incorporate by reference arguments drafted by other Defendant groups. PTO 61 at 4.

2. During the Discovery Conference on March 10, 2021, the Court stated that Defendants could file a motion to incorporate limited and specific arguments from other Defendants' motions to dismiss, as necessary to avoid duplication between the briefs.

> [I]f any group of Defendants finds that there is a discrete and very particularized aspect of what another group of Defendants is briefing that

> would be duplicative because the other group of Defendants is going to be saying the exact same thing, no different, it's the exact same argument, the same law you are relying upon, and furthermore, in the 20 pages you are allotted, or the 25 pages you are allotted, to have to duplicate that work is going to be to the detriment of you in being able to put forth independent arguments that are unique to that group of Defendants, then by all means, let the Court know.

Hearing Tr. at 39-40.

3. Defendants have identified certain, limited arguments they would like to incorporate by reference from other Defendants' motions. If Defendants are required to separately brief each of these arguments, the relevant brief sections will be nearly identical in terms of the argument and the legal precedent. The relief requested in this Motion is targeted only as to certain preemption arguments to be briefed by one Defendant group but that apply equally and without change to other Defendant groups. This will decrease duplicative arguments submitted to the Court, and Plaintiffs will not be prejudiced.

4. Accordingly, Defendants respectfully request the following relief:

- The Generic Manufacturer Defendants be granted leave to incorporate Brand Manufacturer Defendants' arguments regarding preemption under 21 U.S.C. § 379r;

- The Retailer and Pharmacy Defendants be granted leave to incorporate the Generic Manufacturer Defendants' preemption arguments related to the storage and transportation negligence counts in the Amended Master Personal Injury Complaint;

- The Distributor Defendants be granted leave to incorporate the Generic Manufacturer Defendants' preemption arguments related to the storage and transportation negligence counts in the Amended Master Personal Injury Complaint; and

- The Store Brand Defendants be granted leave to incorporate the Generic Manufacturer Defendants arguments regarding preemption under 21 U.S.C. § 379r for all counts in the Consolidated Amended Consumer Economic Loss Class Action Complaint and Consolidated Medical Monitoring Class Action Complaint, and Retailer and Pharmacy Defendants' arguments related to the storage and transportation negligence counts in the Amended Master Personal Injury Complaint.

5. The parties further agree that:

- Incorporation as to 21 U.S.C. § 379r express preemption will be without substantive elaboration except to clarify that the argument also applies equally to identical claims brought against the Generic Defendants and Store-Brand Defendants; and

- Incorporation as to other arguments will be without substantive elaboration except as may be necessary to clarify that argument applies equally to identical or similar claims brought against the Retailer Defendants, Distributor Defendants, or Store Brand-Defendants. Nothing in this agreement precludes Retailer Defendants, Distributor Defendants, and/or Store Brand-Defendants from making additional dismissal arguments unique to those defendant groups, including as to implied preemption.

## Local Rule 7.1 Certificate

Pursuant to Local Rule 7.1, counsel for the Generic Manufacturer, Retailer, Store-Brand, and Distributor Defendants have met and conferred with Co-Lead Counsel for Plaintiffs regarding the relief sought herein, and have been authorized to certify that Plaintiffs do not oppose the relief sought herein based on said Defendants' agreement that they will not oppose any reasonable request for additional pages in Plaintiffs' opposition briefs to the motions filed by these Defendants that Plaintiffs may seek from the Court to respond to issues relating to an incorporated argument.

Dated: March 22, 2021

**Lead Counsel**

Respectfully submitted,

/s/ Andrew T. Bayman
Andrew T. Bayman
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Tel: (404) 572-4600
Fax: (404) 572-5100
abayman@kslaw.com

*Counsel for Defendants Boehringer Ingelheim Pharmaceuticals, Inc.*

/s/ Anand Agneshwar
Anand Agneshwar
ARNOLD & PORTER
KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
anand.agneshwar@arnoldporter.com

*Counsel for Defendants Sanofi US Services, Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.*

/s/ Mark S. Cheffo
Mark S. Cheffo
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 698-3500
Fax: (212) 698-3599
mark.cheffo@dechert.com

*Counsel for Defendant GlaxoSmithKline LLC*

/s/ Joseph G. Petrosinelli
Joseph G. Petrosinelli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
jpetrosinelli@wc.com

*Counsel for Defendant Pfizer Inc.*

| | |
|---|---|
| **Liaison Counsel for the Generic Manufacturer Defendants** | /s/ Richard M. Barnes<br>Richard M. Barnes<br>GOODELL, DEVRIES, LEECH & DANN, LLP<br>One South Street, 20th Floor<br>Baltimore, MD 21202<br>Tel: (410) 783-4000<br>rmb@gdldlaw.com |
| | /s/ Thomas J. Yoo<br>Thomas J. Yoo<br>HOLLAND & KNIGHT LLP<br>400 South Hope Street, 8th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 896-2400<br>thomas.yoo@hklaw.com |
| **Liaison Counsel for the Retailer and Pharmacy Defendants** | /s/ Sarah E. Johnston<br>Sarah E. Johnston<br>BARNES & THORNBURG LLP<br>2029 Century Park East, Suite 300<br>Los Angeles, CA 90067<br>Tel: (310) 284-3798<br>sarah.johnston@btlaw.com |
| **Acting Liaison Counsel for the Distributor Defendants** | /s/ Andrew D. Kaplan<br>Andrew D. Kaplan<br>Crowell & Moring LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>(t) (202) 624-2500<br>(f) (202) 628-5116<br>AKaplan@crowell.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of March 2021, a true and correct copy of the foregoing Defendants' Unopposed Motion For Leave to Incorporate Certain Arguments in Motion to Dismiss Briefing was filed electronically through the CM/ECF system, which will send notice of filing to all CM/ECF participants.

/s/ Richard M. Barnes
Richard M. Barnes