## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IN RE:  ZANTAC (RANITIDINE)
PRODUCTS LIABILITY
LITIGATION

MDL NO. 2924
20-MD-2924

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO:

*Mayor and City Council of Baltimore v. GlaxoSmithKline, et al.*      9:21-cv-80245-RLR

## DEFENDANTS' OPPOSITION TO MOTION TO REMAND

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................... 1

BACKGROUND ....................................................................................................................... 2

LEGAL STANDARD ............................................................................................................... 4

ARGUMENT ............................................................................................................................ 5

I.      FEDERAL LAW PREEMPTS THE CITY'S NEGLIGENCE AND PUBLIC
        NUISANCE CLAIMS AGAINST THE LOCAL RETAILER DEFENDANTS .............. 5

II.     IN THE ALTERNATIVE, THE CITY'S NEGLIGENCE AND PUBLIC NUISANCE
        CLAIMS ARE NOT VIABLE UNDER STATE LAW ...................................................... 9

III.    THE CITY IS NOT ENTITLED TO RECOVER ATTORNEY'S FEES AND COSTS. 12

CONCLUSION ........................................................................................................................ 13

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*ACandS, Inc. v. Abate*,
    710 A.2d 944 (Md. Ct. Spec. App. 1998) ........................................................................ 12

*Adventure Outdoors, Inc. v. Bloomberg*,
    552 F.3d 1290 (11th Cir. 2008) .................................................................................. 1, 7

*Berber v. Wells Fargo Bank, N.A.*,
    2018 WL 10436232 (S.D. Fla. May 2, 2018) ................................................................ 7

*Brazil v. Janssen Research & Dev. LLC*,
    196 F. Supp. 3d 1351 (N.D. Ga. 2016) ......................................................................... 5

*Bujanowski v. Kocontes*,
    359 F. App'x 112 (11th Cir. 2009) ............................................................................. 12

*Carnegie-Mellon Univ. v. Cohill*,
    484 U.S. 343 (1988) ...................................................................................................... 5

*City of Arab v. Arab Elec. Co-op, Inc.*,
    1992 WL 695226 (N.D. Ala. July 6, 1992) ................................................................. 5

*Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*,
    591 F.3d 1337 (11th Cir. 2009) ................................................................................... 7

*Crowe v. Coleman*,
    113 F.3d 1536 (11th Cir. 1997) ................................................................................... 4

*Eagle-Picher Indus., Inc. v. Balbos*,
    604 A.2d 445 (Md. 1992) ...................................................................................... 10, 11

*Ferguson v. Easton Tech. Prod., Inc.*,
    2015 WL 9268149 (N.D. Ala. Dec. 21, 2015) ............................................................ 7

*Flaccomio v. Eyesink*,
    129 Md. 367 (1916) .................................................................................................... 10

*Florence v. Crescent Res., LLC*,
    484 F.3d 1293 (11th Cir. 2007) ................................................................................... 6

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*,
    463 U.S. 1 (1983) ......................................................................................................... 4

*Frericks v. Gen. Motors Corp.*,
    336 A.2d 118 (Md. 1975) ........................................................................................... 11

*Frontier Airlines, Inc. v. United Air Lines, Inc.*,
    758 F. Supp. 1399 (D. Colo. 1989)...................................................................... 6

*Greager v. McNeil-PPC, Inc.*,
    414 F. Supp. 3d 1137 (N.D. Ill. 2019) ............................................................... 5

*Henderson v. Goodyear Dunlop Tires N. Am., Ltd.*,
    2011 WL 3503171 (M.D. Ala. Aug. 10, 2011)............................................... 1, 8

*In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*,
    2012 WL 181411 (D.N.J. Jan. 17, 2012) .......................................................... 5

*In re Zantac (Ranitidine) Prod. Liab. Litig.*,
    2020 WL 7864213 (S.D. Fla. Dec. 31, 2020) ................................................... 9

*In re Zantac (Ranitidine) Prod. Liab. Litig.*,
    2020 WL 7864585 (S.D. Fla. Dec. 31, 2020) ......................................... passim

*Johnson v. Am. Towers, LLC*,
    781 F.3d 693 (4th Cir. 2015) ............................................................................. 6

*Legg v. Wyeth*,
    428 F.3d 1317 (11th Cir. 2005) ......................................................................... 4

*Mut. Pharm. Co. v. Bartlett*,
    570 U.S. 472 (2013)........................................................................................... 2

*Nelson v. Whirlpool Corp.*,
    727 F. Supp. 2d 1294 (S.D. Ala. 2010)............................................................ 7

*Nevada v. Bank of Am. Corp.*,
    672 F.3d 661 (9th Cir. 2012) ............................................................................. 5

*Pierik v. GE Healthcare Inc.*,
    2019 WL 4686551 (N.D. Ill. June 18, 2019) .................................................... 5

*PLIVA, Inc. v. Mensing*,
    564 U.S. 604 (2011).......................................................................................... 9

*Smith v. GE Healthcare, Inc.*,
    2019 WL 4565246 (W.D. La. Sept. 4, 2019).................................................... 5

*Smith v. Teva Pharm. USA, Inc.*,
    437 F. Supp. 3d 1159 (S.D. Fla. 2020) ............................................................ 5

*St. John's Deliverance Temple v. Frontier Adjusters*,
    2012 WL 629056 (S.D. Ala. Feb. 27, 2012)..................................................... 7

*State ex rel. Bohon v. Feldstein*,
    207 Md. 20 (1955) ............................................................................................ 10

*State v. ex rel. Bond v. Consol. Gas, Elec. Light & Power Co.*,
    146 Md. 390 (1924) .......................................................................................... 10

*Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*,
    436 F. App'x 888 (11th Cir. 2011) .................................................................... 4

*West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*,
    646 F.3d 169 (4th Cir. 2011) ............................................................................ 5

**Rules**

21 C.F.R. § 314.80 ...................................................................................................... 12

21 C.F.R. § 314.81 ...................................................................................................... 12

**Treatise**

Restatement (Second) of Torts § 12 ........................................................................... 11

## INTRODUCTION

The City's naming of Maryland grocery stores as defendants does not deprive this Court of diversity jurisdiction.[1]  These Local Retailer Defendants did not manufacture, design, or label ranitidine products or hold the New Drug Applications ("NDAs") for ranitidine at any time.  Under this Court's prior preemption ruling, the City thus has no possibility of recovery against the Local Retailer Defendants.  *See In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2020 WL 7864585, at *13 (S.D. Fla. Dec. 31, 2020).  The Local Retailer Defendants are therefore fraudulently joined, and the Court has diversity jurisdiction over the City's claims against the remaining diverse Defendants.

None of the City's arguments defeats removal.  ***First***, there is no merit to the City's argument that its negligence claim could succeed because this Court previously held that other plaintiffs might be able to maintain a negligent "storage and transport claim" against other retailers.  Here, the City has ***not*** alleged any negligent storage and transport claim.  Removal jurisdiction is based on the City's present Complaint, not some future pleading that might present a different claim.  *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294–95 (11th Cir. 2008); *Henderson v. Goodyear Dunlop Tires N. Am., Ltd.*, 2011 WL 3503171, at *2 (M.D. Ala. Aug. 10, 2011).  The City's reliance on the Court's recent remand decision concerning differently-situated California personal injury plaintiffs who ***did*** allege a storage and transport claim is therefore misplaced.  *See* Order Granting Pls.' Mot. to Remand ("California Remand Order"), ECF No. 2824.

---

[1] The Maryland entities at issue are two Maryland grocery store outlets, Shoprite of Perring Parkway and Shoprite of Liberty Heights, and a Maryland grocery chain, Giant of Maryland (collectively, the "Local Retailer Defendants").

**Second**, the City cannot escape preemption by alleging the Local Retailer Defendants sold store-brand products. Because the Local Retailer Defendants never held ranitidine NDAs, they were powerless to change the labeling or design of the product. Nor are they obligated to "stop selling" ranitidine to avoid state law liability. *See Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472, 488 (2013). As a result, the Local Retailer Defendants are situated no differently from any other retailer as to which preemption applies. *See In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2020 WL 7864585, at *13.

**Third**, the City cannot succeed on its claims against the Local Retailer Defendants for an independent reason: because they had no duty under Maryland law to discover and guard against the latent product defect alleged here. The City's argument that the Local Retailer Defendants were obligated to scour the medical literature for publications because they sold store-brand products would apply a heightened standard of care to retailers that Maryland courts have roundly rejected. Removal is therefore also proper because the City's state law claims are not cognizable under state law.

## BACKGROUND

On November 12, 2020, the City filed a Complaint in the Circuit Court of Maryland for Baltimore City. The Complaint asserts claims against various categories of Defendants: Brand Manufacturer Defendants, Generic Manufacturer Defendants, and Store Brand Defendants. Compl. ¶¶ 11–170. Among the "Store Brand Defendants," which include various national supermarket and pharmacy chains, the City names three entities with Maryland citizenship: Giant of Maryland, LLC, and two individual grocery stores located in or near Baltimore, ShopRite of Perring Parkway, LLC, and ShopRite of Liberty Heights, LLC—the Local Retailer Defendants.

The thrust of the Complaint is that Defendants' ranitidine products allegedly contain dangerous levels of N-Nitrosodimethylamine ("NDMA"). It asserts three causes of action:

2

(1) violations of the Maryland Consumer Protection Act ("MCPA"), Md. Code, Com. Law §§ 13-101 *et seq.*, against the Brand Manufacturer Defendants only; (2) public nuisance against all Defendants; and (3) negligence against all Defendants. *Id.* ¶¶ 368–98.

The Complaint does *not* allege that any of the Local Retailer Defendants labeled, manufactured, or designed ranitidine. The Complaint does *not* allege that the Local Retailer Defendants improperly stored or transported ranitidine products under improper temperature or humidity conditions.[2] The City's claims against the Local Retailer Defendants instead are premised solely on their *sale* of ranitidine, including conclusory allegations that they sold "[store] brand ranitidine products in Baltimore during the relevant period." *Id.* ¶¶ 146, 168; *see id.* ¶ 387 ("By selling ranitidine/Zantac products in Baltimore, Defendants created a public nuisance that may be abated by a comprehensive medical monitoring scheme."); *id.* ¶ 392 ("Defendants failed to exercise ordinary care because a reasonably careful company that knew of or learned of the presence of toxic and carcinogenic NDMA in its products would not sell or distribute those products.").

On January 6, 2021, Defendant Perrigo Research ("Perrigo") timely removed this action based on both federal question and diversity jurisdiction.[3] No. 21-cv-80245, ECF No. 1. The action was then transferred to the MDL. After the Court granted the State of New Mexico's motion to remand, finding no federal question jurisdiction, on March 4, 2021, Perrigo withdrew federal question as a ground for removal but maintained fraudulent joinder as a basis for diversity jurisdiction. No. 21-cv-80245, ECF No. 81.

---

[2] The Complaint alleges that the Local Retailer Defendants' products included labeling concerning storage conditions. Compl. ¶¶ 357, 361. But there are no allegations that those defendants failed to adhere to those conditions in shipping or storing the products.

[3] The Complaint alleges that Perrigo (a Michigan company) distributed certain Giant and ShopRite store-brand products. Compl. ¶ 39.

3

On March 5, 2021, the Court granted the City's unopposed motion for leave to file a motion to remand, ECF No. 2967, and this motion followed.

## LEGAL STANDARD

For purposes of determining whether there is diversity jurisdiction, a federal court must disregard the citizenship of a defendant that has been fraudulently joined. *See Legg v. Wyeth*, 428 F.3d 1317, 1322–23 (11th Cir. 2005). A defendant can establish fraudulent joinder by showing that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 890 (11th Cir. 2011); *see Legg*, 428 F.3d at 1323 ("When the Defendants' affidavits are undisputed by the Plaintiffs, the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint.").

The Court has an obligation to protect the right to removal where non-diverse defendants are fraudulently joined. As the Eleventh Circuit explained, "[t]he removal process was created by Congress to protect defendants. . . . [Congress] did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it." *Legg*, 428 F.3d at 1325; *see also id.* (cautioning against "sanction[ing] devices intended to prevent a removal to a Federal court where one has that right" because federal courts "should be equally vigilant to protect the right to proceed in the Federal court"). Nor do the cases the City cites impose a heightened standard for establishing fraudulent joinder when government plaintiffs are involved. [4] Diversity jurisdiction is not

---

[4] *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 22 n.22 (1983) (federal question jurisdiction); *West Virginia ex rel. McGraw v. CVS Pharmacy,*

4

"discretionary": where diversity jurisdiction exists, courts have "no authority to decline to hear the removed case." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988).

## ARGUMENT

### I. FEDERAL LAW PREEMPTS THE CITY'S NEGLIGENCE AND PUBLIC NUISANCE CLAIMS AGAINST THE LOCAL RETAILER DEFENDANTS

The Local Retailer Defendants are fraudulently joined because federal law preempts the City's claims against them. As this Court squarely held, virtually all claims plaintiffs in the MDL asserted against retailers—which have no control over labeling, design, or manufacturing of an FDA-approved medication—are preempted by federal law:

> The [Retailer] Defendants have no ability to alter a label or alter a drug's design; thus, claims against them premised on labeling and design are preempted. Courts have routinely reached this conclusion over the years . . . and the Plaintiffs provide no authority to the contrary.

*See In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2020 WL 7864585, at *13. The Court was not an outlier, but followed a long string of precedent holding that claims against non-manufacturing parties in the chain of distribution of FDA-approved products are preempted.[5]

The Court further held that preemption forecloses any liability theory based on the proposition that a retailer should not have marketed the allegedly dangerous product at all. It explained: "One thing that *Bartlett* made clear is that a 'stop-selling' theory cannot be the basis

---

*Inc.*, 646 F.3d 169, 179 (4th Cir. 2011) (finding Class Action Fairness Act did not apply in *parens patriae* action); *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 676 (9th Cir. 2012) (federal question jurisdiction); *City of Arab v. Arab Elec. Co-op, Inc.*, 1992 WL 695226 (N.D. Ala. July 6, 1992) (same).

[5] *See also, e.g.*, *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, 2012 WL 181411, at *3 (D.N.J. Jan. 17, 2012); *Pierik v. GE Healthcare Inc.*, 2019 WL 4686551, at *1 (N.D. Ill. June 18, 2019); *Smith v. GE Healthcare, Inc.*, 2019 WL 4565246 (W.D. La. Sept. 4, 2019); *Brazil v. Janssen Research & Dev. LLC*, 196 F. Supp. 3d 1351, 1364–65 (N.D. Ga. 2016); *Smith v. Teva Pharm. USA, Inc.*, 437 F. Supp. 3d 1159, 1165–66 (S.D. Fla. 2020); *Greager v. McNeil-PPC, Inc.*, 414 F. Supp. 3d 1137, 1142 (N.D. Ill. 2019).

on which a state law claim survives pre-emption." *In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2020 WL 7864585, at *13.   The City's claims here are premised solely on the Local Retailer Defendants' **sale** of ranitidine products.   *See* Compl. ¶¶ 293, 304.   Because the Court's prior ruling directly forecloses the City's claims, it has no possibility of success against the Local Retailer Defendants.[6]

The City takes no issue with the Court's preemption rulings, but it tries to escape preemption by raising two arguments.   ***First***, the City argues that this Court has carved out from its preemption ruling a "negligent storage and transport" claim against retailers, thereby showing that a negligence claim is "possibl[e]."   Mot. at 11 (citing *In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2020 WL 7864585, at *18).   But the City **pleads no such claim here**.   That is a fundamental distinction between this case and the California personal injury cases the Court recently remanded. In the California cases, the Court held that the plaintiffs did plead such a claim.   *See* California Remand Order, ECF No. 2824, at 4 ("[T]he Plaintiffs have alleged that the Defendants violated that policy [to store ranitidine at room temperature]:  'Defendants failed to adhere to and/or follow its established practices and procedures in storing Ranitidine Containing Drugs supplied to Plaintiff.'" (quoting California Plaintiffs' Complaint, at 64)).   The City does not even argue that it pleads such a storage and transport claim.

---

[6] Without citing any authority, the City argues that the preemption "defense theory[] may be ably considered by the Maryland state court" and therefore "is not relevant to this analysis."   Mot. at 6. But federal courts frequently find fraudulent joinder on the basis of affirmative defenses, including preemption.   *See, e.g.*, *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1298 n.3 (11th Cir. 2007) ("[A]pplication of an affirmative defense can support a finding of fraudulent joinder."); *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 700 (4th Cir. 2015) (finding fraudulent joinder based on preemption by the FCC); *Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399, 1407 (D. Colo. 1989) (finding fraudulent joinder based on FAA preemption).

Instead, the City maintains that it is possible for it to plead such a claim in the future. *See* Mot. at 10–11. This argument runs headlong into the well-established rule in this Circuit that "[t]he existence of federal jurisdiction is tested ***at the time of removal***." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294–95 (11th Cir. 2008) (emphasis added). Under this rule, a plaintiff cannot avoid federal jurisdiction by pointing to future pleadings that might conceivably state a claim:

> [The] determination [of fraudulent joinder] must be based upon the plaintiff's pleadings at the time of removal. . . . [O]nce it is determined that a defendant was fraudulently joined on a remand motion based on the state of the pleadings at removal, a plaintiff cannot amend away the federal court's jurisdiction by attempting to assert a viable claim against that same defendant.

*Berber v. Wells Fargo Bank, N.A.*, 2018 WL 10436232, at *4 (S.D. Fla. May 2, 2018), *report and recommendation adopted*, 2018 WL 10436233 (S.D. Fla. May 9, 2018); *see Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1350 n.9 (11th Cir. 2009) ("Although Plaintiffs reference their amended complaints in their briefs, we consider the original complaints because removal jurisdiction is determined at the time of removal, and 'events occurring after removal . . . do not oust the district court's jurisdiction.'").[7]

---

[7] *See also Nelson v. Whirlpool Corp.*, 727 F. Supp. 2d 1294, 1304 (S.D. Ala. 2010) ("[T]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal. That rule prevents a plaintiff from avoiding a fraudulent joinder determination (thus securing remand) by amending the complaint, before a ruling on the fraudulent joinder issue, to insert a previously excluded viable claim."); *Ferguson v. Easton Tech. Prod., Inc.*, 2015 WL 9268149, at *8 (N.D. Ala. Dec. 21, 2015) (finding fraudulent joinder and noting "post-removal filings may not be considered [ ] when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court"); *St. John's Deliverance Temple v. Frontier Adjusters*, 2012 WL 629056, at 5 n.2 (S.D. Ala. Feb. 27, 2012) (noting that to the extent plaintiff attempted to assert bad faith claim against non-diverse defendants in motion to remand, district court need not determine whether plaintiff had possibility of stating that claim because it did not assert a bad faith claim in its original complaint).

For example, in *Henderson v. Goodyear Dunlop Tires North America, Ltd.*, the plaintiff brought a product liability lawsuit against a motorcycle dealer stemming from a motorcycle accident.  2011 WL 3503171, at *2 (M.D. Ala. Aug. 10, 2011).  The complaint alleged that the motorcycle's tires were defective, but the dealer removed the action on the basis that it had never sold the tires (which had been replaced before the accident by a prior owner).  *Id.* at *2, 4.  The plaintiff then shifted gears, arguing that the motorcycle itself was defective, and hence the dealer was potentially liable.

The court rejected the argument.  It held that "there is no reasonable possibility that an Alabama court would find a viable claim . . . on some other alleged defect of the motorcycle that is not found anywhere in the First Amended Complaint." *Id.*  The court then held that the plaintiff could not escape federal jurisdiction by adding a new claim:  "the law is clear that the determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal." *Id.* at *5.  Here, too, the City cannot escape fraudulent joinder on the basis that it may amend its complaint to plead some future claim against the Local Retailer Defendants that is not preempted.

**Second**, the City tries to avoid this Court's preemption ruling by arguing that the Local Retailer Defendants sold their own store-brand products.  Mot. at 12.  This is a false distinction: the original MDL Master Personal Injury Complaint **also** alleged that retailer defendants sold store-brand products.  *See* Master Personal Injury Compl., ECF No. 887, ¶ 155 ("As described below, many retailers also used their own brand names on relabeled ranitidine-containing products"); *see also, e.g.*, *id.* ¶¶ 165, 182, 192, 201 (alleging CVS, Kroger, Rite Aid, and Walgreens, who are also named as "Store Brand Defendants" here, sold store-brand ranitidine).

Yet the Court still dismissed the claims against those retailers as preempted. *In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2020 WL 7864585, at \*13.

The Court did so because, whether or not they market store-brand products, retailers that do not hold the NDA for a medication have no authority to alter the product's labeling or design without prior FDA approval. *See id.* ("The [Retailer] Defendants have no ability to alter a label or alter a drug's design; thus claims against them premised on labeling and design are preempted.") (citing *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011)). Nor, the Court held, are retailers required to stop selling their ranitidine products to avoid state law liability. *See id.*[8] Likewise here, the Local Retailer Defendants did not hold ranitidine NDAs at any time. Ex. A, ¶ 4; Ex. B, ¶ 4; Ex. C, ¶ 4. They were equally as powerless as any other retailer to change FDA-approved product labeling or design, and they similarly were not obligated to "stop selling" the product as the City claims. The City therefore cannot possibly prevail on its claims against the Local Retailer Defendants.

## II.   IN THE ALTERNATIVE, THE CITY'S NEGLIGENCE AND PUBLIC NUISANCE CLAIMS ARE NOT VIABLE UNDER STATE LAW

As explained, preemption forecloses the City's negligence and public nuisance claims against the Local Retailer Defendants, and therefore supplies sufficient basis to find fraudulent joinder. But the City's claims against the Local Retailer Defendants also fail because those

---

[8] The Court similarly held preempted most claims against the MDL Repackager Defendants, which were alleged to have re-labeled store-brand ranitidine products. *See also In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2020 WL 7864213, at \*14 (S.D. Fla. Dec. 31, 2020) ("Plaintiffs do not contend that the Repackager Defendants could lawfully make product or labeling changes that Generic Manufacturing Defendants could not lawfully make. The same pre-empted claims against Generic Manufacturer Defendants are likewise preempted as against Repackager Defendants."). The Local Retailer Defendants here are not even alleged to have physically repackaged any products themselves. *See* Compl. ¶ 39 (alleging that store-brand products sold by ShopRite and Giant were distributed by Perrigo).

Defendants had no duty under Maryland law to discover and guard against latent defects such as alleged NDMA contamination—thus providing an independent basis for finding fraudulent joinder.

The Maryland Court of Appeals has explained that "when a seller or other nonmanufacturing supplier is nothing more than a conduit between a manufacturer and a customer, the retailer ordinarily ***has no duty*** in negligence to discover the defects or dangers of a particular product." *Eagle-Picher Indus., Inc. v. Balbos*, 604 A.2d 445, 456 (Md. 1992) (emphasis added). In reaching that conclusion, *Eagle Picher* relied on a long line of Maryland cases holding that retailers have no duty to identify unknown defects in products they sell. *See id.* (citing *State ex rel. Bohon v. Feldstein*, 207 Md. 20 (1955) ("allegation that landlord 'should have known' of improper installation of water heater insufficient to state cause of action"); *State v. ex rel. Bond v. Consol. Gas, Elec. Light & Power Co.*, 146 Md. 390 (1924) ("no tort duty owed to third party by retailer of auxiliary gas stove, sold in same condition as received, that leaked carbon monoxide"); *Flaccomio v. Eyesink*, 129 Md. 367 (1916) ("neither liquor wholesaler nor saloonkeeper liable to purchaser of whiskey who was blinded because whiskey contained wood alcohol rather than grain alcohol")). Because they had no duty to discover latent defects, the Local Retailer Defendants cannot be held liable for negligence or public nuisance for the act of selling FDA-approved products. *See id.* Indeed, the City cites ***no*** case law holding a retailer liable in negligence or nuisance for failing to detect a hidden danger in a pharmaceutical product.

The City points to medical studies from the 1980s to suggest that the Local Retailer Defendants "knew or should have known" of the alleged risk of NDMA formation in ranitidine.

*See* Mot. at 13 & n.19, 15.[9]  This argument wrongly presupposes that grocery stores have a legal duty to read and interpret articles in medical journals to discover unknown risks that neither the FDA nor manufacturers had identified while the product was on the market.  Under Maryland law, only a manufacturer "is held to the knowledge of an expert in the field" who "must keep reasonably abreast of scientific knowledge and discoveries touching his product."  *Eagle-Picher*, 604 A.2d at 452.[10]  In contrast, retailers are held to the lesser "reason to know" standard, which does ***not*** impose a duty of investigation.  *See supra* p. 10; *see also* Restatement (Second) of Torts § 12 cmt. a ("'[R]eason to know' implies no duty of knowledge on the part of the actor whereas 'should know' implies the actor owes another the duty of ascertaining the facts in question.").  Indeed, retailers are hardly equipped to undertake scientific evaluation and testing for all of the over-the-counter medicine they stock on their shelves.  For good reason, the law does not impose such a duty.

The City argues that Local Retailer Defendants should be treated differently because they are not mere conduits but sold "their own store-brand ranitidine products."  Mot. at 2, 6, 12.  In other words, the City tries to re-characterize the Local Retailer Defendants as manufacturers.  But the Local Retailer Defendants did ***not*** design, manufacture, or label any ranitidine products.  Ex. A, ¶¶ 5–10; Ex. B, ¶¶ 5–10; Ex. C, ¶ 5; *see also* Compl. ¶¶ 142–47, 157–69.[11]  FDA's

---

[9] The City does not allege any facts that would show the Local Retailer Defendants had actual knowledge of these medical studies.  *See Frericks v. Gen. Motors Corp.*, 336 A.2d 118, 128 (Md. 1975) ("[I]t is necessary that such knowledge [of a defect] be specifically alleged.").

[10] Manufacturing defendants vigorously disagree that the articles at issue put them on notice of any alleged product defect.  That merits question is not at issue on this motion, however.

[11] In *Eagle-Picher*, a supplier was held to the higher "should have known" standard only because it also *installed* the asbestos at issue.  604 A.2d at 457.  No comparable allegations exist here.  The City does not allege that merely by virtue of selling a store-brand product, the grocery stores gained "particular skills, knowledge, or expertise" that would impose a heightened duty to discover

comprehensive regulatory regime imposes significant duties on NDA holders to evaluate the safety of pharmaceutical products, including extensive safety monitoring and reporting. *See, e.g.*, 21 C.F.R. § 314.80; *id.* § 314.81. The City cites no cases suggesting that Maryland law holds a grocery store to the same standard of expertise as a pharmaceutical manufacturer merely because it sells a store-brand product.

## III.   THE CITY IS NOT ENTITLED TO RECOVER ATTORNEY'S FEES AND COSTS

There is no basis to award attorney's fees or costs because Defendants' arguments are not only "objectively reasonable," but are meritorious. *Bujanowski v. Kocontes*, 359 F. App'x 112, 113 (11th Cir. 2009) ("[Fees and costs] should not be awarded when the removing party has an objectively reasonable basis for removal."). But even if the Court grants the City's motion to remand, an award of attorney's fees and costs is wholly unwarranted.

The City's only argument for awarding attorneys' fees and costs is "because this Court, in this very litigation, has already rejected the bases on which Defendants removed the City's case (substantial federal question jurisdiction and diversity jurisdiction based on alleged fraudulent joinder)." Mot. 16. Not so. Defendants acted in good faith and withdrew federal question jurisdiction as one of the bases for removal after the Court's decision granting the State of New Mexico's motion to remand for lack of federal question jurisdiction. *See* No. 21-cv-80245, ECF No. 81. As explained above, however, the Court's California Remand Order addressed issues entirely different from those here because the City does not allege the same "storage and transport" claim against retailers as the California plaintiffs. *See supra* p. 6. The Court therefore should deny the City's request for attorney's fees and costs.

---

defects. *ACandS, Inc. v. Abate*, 710 A.2d 944, 999 (Md. Ct. Spec. App. 1998), *abrogated on other grounds by John Crane, Inc. v. Scribner*, 800 A.2d 727 (Md. 2002).

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny the City's motion to remand and request

for attorney's fees and costs.

Dated:  March 24, 2021                        Respectfully submitted,

**<u>Lead Defense Counsel</u>**

By: */s/ Anand Agneshwar*
Anand Agneshwar
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Tel.: (212) 836-8000
Fax: (212) 836-8689
anand.agneshwar@arnoldporter.com

Daniel S. Pariser
Paige H. Sharpe
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel.: (202) 942-5000
Fax: (202) 942-5999
daniel.pariser@arnoldporter.com
paige.sharpe@arnoldporter.com

*Attorneys for Defendants Sanofi US Services Inc.,
    Sanofi-Aventis U.S. LLC, and Chattem, Inc.*


*/s/ Andrew T. Bayman*
Andrew T. Bayman
Robert B. Friedman
Julia Zousmer
Mark Sentenac
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: (404) 572-3583
Fax: (404) 572-5100
abayman@kslaw.com
rfriedman@kslaw.com
jzousmer@kslaw.com
msentenac@kslaw.com

*Attorneys for Defendant Boehringer Ingelheim
    Pharmaceuticals, Inc.*

13

/s/ Mark Cheffo
Mark Cheffo
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10019
Tel.: (212) 689-3500
Fax: (212) 689-3590
mark.cheffo@dechert.com

Judy Leone
Will Sachse
**DECHERT LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-4000
Fax: (215) 994-2222
judy.leone@dechert.com
will.sachs@dechert.com

*Attorneys for GlaxoSmithKline LLC*

/s/ Joseph G. Petrosinelli
Joseph G. Petrosinelli
M. Elaine Horn
Jessica B. Rydstrom
Michelle L. Hood
**WILLIAMS & CONNOLLY LLP**
725 12th Street, NW
Washington, DC 20005
Tel.: (202) 434-5000
Fax: (202) 434-5029
jpetrosinelli@wc.com
ehorn@wc.com
jrydstrom@wc.com
mhood@wc.com

*Attorneys for Defendant Pfizer Inc.*

**Liaison Counsel for Generic
Manufacturer Defendants**

/s/ Richard M. Barnes
Richard M. Barnes (Bar No. 00669)
Linda S. Woolf (Bar No. 08424)

14

Kamil Ismail (Bar No. 12053)
**Goodell, DeVries, Leech & Dann, LLP**
One South St., Ste. 2000
Baltimore, MD 21202
Phone: 410-783-4000
Fax: 410-783-4040
rmb@gdldlaw.com
lsw@gdldlaw.com
kxi@gdldlaw.com

*Attorneys for Defendant Perrigo Research and Development Company*

**Liaison Counsel for Retailer Defendants**

*/s/ Sarah E. Johnston*
Sarah E. Johnston
sjohnston@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East
Suite 300
Los Angeles, CA 90067
Phone: (310) 284-3798
Fax: (310) 284-3894

*Attorney for Defendants Albertsons Companies, Inc., improperly named as Albertsons Companies; CVS Health Corporation; CVS Pharmacy, Inc.; Rite Aid Hdqtrs. Corp., improperly named as Rite Aid Corporation; Safeway Inc.; ShopRite of Liberty Heights, LLC; ShopRite of Perring Parkway, LLC; Target Corporation; Wakefern Food Corporation Walgreen Co., improperly named as Walgreens Co.; Walgreens Boot Alliance, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of March, 2021, the foregoing Opposition to Plaintiff's Motion to Remand was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

<u>*/s/ Anand Agneshwar*</u>
Anand Agneshwar
