# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) | MDL NO. 2924 |
| PRODUCTS LIABILITY | 20-MD-2924 |
| LITIGATION | |
| | **JUDGE ROBIN L. ROSENBERG** |
| | **MAG. JUDGE BRUCE E. REINHART** |

THIS DOCUMENT RELATES TO ALL CASES

---

**DEFENDANTS NOSTRUM LABORATORIES, INC. AND NOVITIUM PHARMA LLC'S RESPONSE TO THE MARCH 9, 2021, ORDER TO SHOW CAUSE AND INCORPORATED MEMORANDUM OF LAW**

---

11651369v.1

Defendants Nostrum Laboratories, Inc. ("Nostrum") and Novitium Pharma, LLC ("Novitium") (collectively, "Defendants") submit this joint response to the Court's March 9, 2021, *sua sponte* Order to Show Cause, and respectfully show the Court as follows:

As an initial matter, due to the format of the Court's Order, and the hearing transcript from the March 4, 2021 hearing, it is unclear whether Defendants Nostrum and Novitium are subject to this Court's Order. At the hearing on March 4, 2021, Plaintiffs' Counsel represented to the Court that although Defendants' respective PTO 60 submissions were served after the February 28, 2021 deadline, both had served their submissions prior to the hearing on March 4. *See* Hearing Transcript, 8:7-20. Plaintiffs' Counsel further represented to the Court that eight generic defendants had not provided dates for the manufacturing depositions, and two generic defendants had not provided any dates at all as of March 4, 2021. *See* Hearing Transcript, 10:4-20; 11:6-17. The Court ruled from the bench that the order to show cause would be issued as to the ten defendants who had not provided deposition dates. *See* Hearing Transcript, 11:18-21.

The Court's Order identified 13 defendants who had not complied with the deadline in PTO 60 §II(C)(2), which required each Generic Manufacturer Defendant to identify witnesses for each 30(b)(6) deposition notice and provide deposition dates for each witness. The Court's Order identified Defendants Nostrum and Novitium as defendants who had not complied with the deadline in PTO 60 §II(B)(2) requiring Generic Manufacturer Defendants to provide a list of proposed initial custodians by February 28, 2021. Based on the format of the Order, the representations made by Plaintiffs' Counsel at the March 4, 2021 hearing, and the Court's ruling from the bench – which directed inquiry to those defendants who had not proposed 30(b)(6) deposition dates – it is not clear how the Court's March 9, 2021 Order to Show Cause specifically applies to Defendants Nostrum and Novitium.

Out of an abundance of caution, Defendants are submitting this joint response to the Order to Show Cause to address the issue of the timing of their PTO 60 disclosures, respectfully showing the Court that they should not be held in contempt and sanctions are not warranted here based on the timing of their respective PTO 60 disclosures.[1] At the hearing on March 4, 2021, Plaintiffs did not state that Defendants Novitium and Nostrum had failed to comply with the informational requirements of PTO 60. Nor did Plaintiffs contend that they had met and conferred with either Novitium or Nostrum challenging the substance of their respective disclosures. Therefore, Defendants confine this Response to the sole issue raised by Plaintiffs' singular representation to this Court, i.e., that Defendants Nostrum and Novitium served their PTO 60 submissions after the February 28, 2021 deadline.

As presented herein, Defendants did not act in willful or contumacious disregard of PTO 60. Defendants respectfully request that they not be found in contempt of court for a one day and two day late service of PTO 60 submission. Defendants begin by noting that they fully recognize that timely compliance with a court-ordered deadline is of paramount importance. Defendants and their attorneys worked diligently to ascertain and provide all information required in the PTO 60 disclosure by February 28, 2021. Despite their diligence, Defendants had difficulty complying with the deadline, in light of short time constraints and the deadline falling on a Sunday.

In its efforts to comply with PTO 60, Nostrum attempted to identify and verify the identity of witnesses who would be appropriate to provide information about a product that was discontinued over three years ago, even though some of those employees may no longer be with Nostrum and/or do not have availability to speak during day time hours. Nostrum then had to

---

[1] Defendants hereby incorporate by reference herein the factual background contained in the Generic Defendants' Response to Order to Show Cause, which is being filed separately.

ascertain the date availability of witnesses. On Sunday, February 28, 2021, Nostrum was not able to provide *all* of the requested information, despite substantial efforts made over various fronts in the preceding week-and-weekend days.[2] In this regard, Nostrum at all times and in good faith aimed to meet the substantive requirements under PTO 60 and serve its disclosure on or before the deadline. Nostrum simply ran out of time, and needed one additional business day. Indeed, on March 1, 2021, Nostrum served its PTO 60 disclosure.

On February 28, 2021, the PTO 60 deadline, Novitium was continuing to investigate whether each of the topics outlined in the deposition notices were applicable to its manufacture and distribution of ranitidine, and if so, the proper individuals to testify on any applicable topics. Novitium is a small entity and manufactured and distributed ranitidine for less than one year. As such, Novitium ultimately identified a single witness to testify on all three deposition topics in the Plaintiffs' 30(b)(6) deposition notices. Despite its best efforts, and after additional discussion with Counsel, Novitium served its PTO 60 response on March 2, 2021, after the February 28, 2021 deadline.

Given that PTO 60 was entered on Thursday, February 25, 2021, Defendants respectfully submit that it is objectively reasonable to conclude that, unless they had endeavored to seek relief from this Court *before* it was known that they needed an extension, Defendants had no meaningful opportunity to obtain an extension of time from this Court prior to the natural deadline of Sunday, February 28, 2021. Both Nostrum and Novitium are boutique pharmaceutical manufacturers, and both have a relatively small team of employees and attorneys. Both Defendants worked diligently in the days preceding the February 28, 2021 deadline in their attempts to timely serve their

---

[2] Nostrum respectfully declines to divulge attorney-client privileged communications, and attorney work-product, constituting the work performed by Nostrum and its attorneys to obtain, compile, elect and express the substance of Nostrum's PTO 60 disclosure.

11651369v.1

respective PTO 60 disclosures. Late in the evening of February 28, 2021, counsel for both Nostrum and Novitium informed the Generic Defendant's liaison counsel that they both needed an extension of time to serve their PTO 60 disclosures as neither had completely ascertained and assembled all of the information needed for the PTO 60 disclosure.[3] Counsel for both Nostrum and Novitium acknowledge that it would have been appropriate to personally notify Plaintiffs' counsel via email that despite working diligently, they both required additional time to serve their PTO 60 disclosures.

While it is true that Defendants did not request an extension from Plaintiffs' counsel, hindsight demonstrates that a request for an extension under PTO 60 would have been futile. Subsequent to March 1, 2021, Nostrum attempted to obtain an extension from Plaintiffs' counsel in advance of a different PTO 60 deadline, and Plaintiffs' counsel responded that no extensions under PTO 60 would be considered, on the basis that all Defendants had (purportedly) stipulated not to ask for extensions under PTO 60. Nostrum remonstrated by paraphrasing Magistrate Judge Reinhart's remarks previously made in open court, which instructed that agreements reached in high level negotiations that rope-in a large group, are not, by nature, intended to preclude dispensation on an individual basis if so warranted. And so, Nostrum now must seek forgiveness for want of a path to have obtained permission. To be clear, Nostrum does not place any blame on Plaintiffs, and does not argue that Plaintiffs' conduct caused Nostrum to file its PTO 60 disclosure one day late.

Likewise, Novitium identified a single witness to testify regarding all of the deposition topics. Novitium requested that Plaintiffs complete all of the deposition topics on a single day

---

[3] Counsel for Novitium informed Liaison Counsel that it needed an extension of time at 10:03 p.m., and Counsel for Nostrum informed Liaison Counsel that it needed an extension of time at 11:03 p.m. on February 28, 2021.

11651369v.1

because it had identified a single witness, and requested a conference call to discuss the issue further. Plaintiffs' counsel acknowledged that Novitium sold the product for less than one year, and that they would likely be able to get through the deposition topics faster than for other defendants who sold the product for a longer time period, but refused to discuss the issue any further. Plaintiffs' conduct in that regard further evidences that any requests for an extension of time prior to the deadline would have been futile because they steadfastly refused to engage in any subsequent good faith negotiations with Defendants on any other PTO 60 issue.

Defendants contend that sanctions would be inappropriate here, because no prejudice has resulted to Plaintiffs. At the hearing on March 4, 2021, Plaintiffs identified both Nostrum and Novitium's PTO 60 disclosure to establish only that they were served after February 28, 2021.[4] With regard to the 30(b)(6) deposition dates, on March 1, 2021, Nostrum complied by providing three deposition dates for the three requested deposition categories falling within the date parameters ordered in PTO 60. Novitium complied by identifying a witness and providing deposition dates on March 2, 2021. There was absolutely no prejudice to Plaintiffs resulting from Defendants' providing proposed dates for the 30(b)(6) deposition categories after the deadline, as explained more fully below.

First, Plaintiffs would have taken the same path and identified both Nostrum's and Novitium's PTO 60 disclosures to this Court on March 4, 2021, even if they had served a *timely*

---

[4] To the extent that Plaintiffs' submissions prior to the March 4, 2021 hearing included Novitium in a list of Generic Defendants who had refused to provide witnesses for one or more depositions because Novitium still required a second witness or a third deposition date, Plaintiffs did not present any argument to the Court on that point, and the Court's Order does not include any directive with regard to that issue. *See* March 4, 2021 Hearing Transcript, 8:7-20; 11:9-17. Plaintiffs' Counsel explicitly informed the Court that both Novitium and Nostrum had served their PTO 60 submissions prior to the March 4, 2021 hearing. *See* March 4, 2021 Hearing Transcript, 8:11-20.

6

11651369v.1

PTO 60 disclosure. On March 4, 2021, in open court, and in submissions made in advance thereof, Plaintiffs identified by name a list of Generic Defendants who had <u>timely</u> served deposition dates on February 28, 2021. Inexplicably, Plaintiffs identified those Generic Defendants to this Court on the basis that, despite being timely, their respective PTO 60 disclosures were served on February 28, 2021, *the last possible day.* In this curious demonstration, Plaintiffs apparently sought to hold some Generic Defendants accountable for timely compliance with PTO 60. Even though Magistrate Judge Reinhart immediately unraveled this premise, it shows that Plaintiffs would have taken exception and reported both Nostrum and Novitium to this Court even if they had *timely* served a PTO 60 disclosure on February 28, 2021.

Second, Plaintiffs were neither faced with a novel issue, nor required to proceed differently, by virtue of receiving Defendants' 30(b)(6) deposition dates one or two days late. Because PTO 60 required all Generic Defendants to propose deposition dates at substantially the same time, numerous scheduling conflicts were subsequently identified by Plaintiffs, which required a process for resolution. The procedure set forth in PTO 60 anticipated scheduling conflicts, but it did not prescribe the process for resolving them. See PTO 60 §II(C)(2)(d). Encouraging the Generic Defendants to provide deposition dates *before* the PTO 60 deadline was not a solution to, but rather an acknowledgement of, an inherent problem that would manifest. This is confirmed by the fact that Plaintiffs ultimately rejected 30(b)(6) deposition dates that were *timely* provided by other Generic Defendants in compliance with PTO 60. Using the exact same methodology employed by Plaintiffs for reconciling perceived scheduling conflicts among all Generic Defendants, Plaintiffs did not honor all of the deposition dates that either Nostrum or Novitium served on March 1 and March 2, 2021, respectively.

In similar fashion to what transpired with other Generic Defendants, Plaintiffs endeavored to obtain new deposition dates from both Nostrum and Novitium. Nostrum, in turn, timely provided additional deposition dates for all three deposition categories, on several subsequent occasions, at Plaintiffs' request. As a result of Nostrum's continued cooperation during the meet-and-confer process, Nostrum's three 30(b)(6) depositions were eventually set, to Plaintiffs' apparent satisfaction.

Likewise, Novitium attempted to negotiate scheduling all three deposition topics for a single day, given that it manufactured and distributed the product for less than one year, and it identified a single witness for all of the deposition topics. When Plaintiffs' Counsel refused to discuss the potential for a single day of testimony, Novitium cooperated with Plaintiffs' to schedule three separate, mutually convenient dates for each 30(b)(6) deposition. Although the parties tentatively agreed to three alternate dates on March 8, 2021, the parties did not come to a final agreement for three separate dates for the 30(b)(6) depositions until March 11, 2021. Thus, the process and procedure utilized by Plaintiffs to cement the 30(b)(6) deposition calendar for the Generic Defendants as a whole was neither initiated nor caused by the timing of either Nostrum's or Novitium's PTO 60 disclosure.

## **MEMORANDUM OF LAW**

In the Eleventh Circuit, findings of civil contempt require proof by clear and convincing evidence of a "willful disregard of the authority of [the] Court…." *Georgia Power Co. v. NLRB*, 484 F.3d 1288, 1291 (11th Cir. 2007) (citing *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000)); *NLRB v. Crockett-Bradley, Inc.*, 598 F.2d 971, 975 (5th Cir. 1979)). The burden of proof required for a finding of civil contempt "is more exacting than the 'preponderance of the evidence' standard…." *Id*. (quoting *Jordan v. Wilson*, 851 F.2d 1290, 1292 (11th Cir. 1988)). "The

11651369v.1

clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id.* (citing *McGregor*, 206 F.3d at 1383). As the Eleventh Circuit has recognized, "a pattern of delay or a deliberate refusal to comply with court orders…justifies a sanction." *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003); *see also Guimaraes v. NORS*, 366 Fed. Appx. 51, 54 (11th Cir. 2010) (applying same).

Here, there has been no showing of "a pattern of delay" or "a deliberate refusal" to comply with PTO 60 as to either Nostrum or Novitium. Neither Defendant refused to comply or refused to provide a complete PTO 60 disclosure, but rather missed the deadline despite diligent efforts to timely and fully comply. Furthermore, both Nostrum and Novitium timely complied with service of both Phase I and Phase II disclosures made under PTO 50, and timely served their respective PTO 60 formal discovery responses on March 11, 2021.

Defendants did not willfully violate the deadline for PTO 60 disclosures, and have demonstrated diligence and good faith efforts in complying with PTO 60, which warrants a finding of no contempt. Moreover, Plaintiffs did not challenge or otherwise seek sanctions based on Defendants' PTO 60 disclosures. Here, contempt would not be proper, as it "is a severe remedy which should not be resorted to where there is doubt as to the wrongfulness of the defendant's conduct." *Ultimate Combustion Co. v. Fuecotech, Inc.*, 2014 WL 12493339, at *7 (S.D. Fla. May 6, 2014) (citing *Tivo, Inc. v. Echostar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011)), *report and recomm. adopted*, 2014 WL 12495257 (S.D. Fla. June 13, 2014). As demonstrated herein, there is doubt as to the wrongfulness of Defendants' actions. Further, civil contempt would serve no purpose as it would not coerce compliance with PTO 60, nor would there be a need to compensate Plaintiffs for any new injuries; "[t]he purpose of a civil contempt sanction is to coerce compliance

9

with a court order, and to compensate the complainant for losses sustained." *Id*. (citing *EEOC v. Guardian Pools, Inc.*, 828 F.2d 1507, 1515 (11th Cir. 1987)). Defendants' diligence and full compliance mitigates against imposing penalties; "a defendant's diligence and good faith efforts, while not a defense to contempt, may be considered in assessing penalties." *Id*; *see also Smith Barney, Inc. v. Hyland*, 969 F. Supp. 719, 723 (M.D. Fla. 1997), *aff'd*, 148 F.3d 1070 (11th Cir. 1998) ("Generally, conduct that evinces substantial . . . compliance with a court's order may be excused in a contempt proceeding if it was made as part of a good-faith effort at compliance." (citation omitted)).

Defendants did not unreasonably or unnecessarily delay, nor did the delay prevent expeditious resolution of this case. *United States v. Samaniego,* 345 F.3d at 1284 (filing of pre-trial statement three days late not subject to sanctions, did not constitute "'unreasonable delay[,]" and did not interfere with the expeditious resolution of the case").

## CONCLUSION

Based on the foregoing, Defendants Nostrum Laboratories Inc. and Novitium Pharma LLC respectfully show that sanctions are not warranted based on their respective PTO 60 disclosures served shortly after the February 28, 2021 deadline. Neither Defendant willfully disregarded the Court's authority, and both Defendants acted diligently and in good faith to comply with the PTO 60 deadline. Plaintiffs were not prejudiced by any delay, and Defendants have cooperated with Plaintiffs in every respect following their PTO 60 disclosures. Accordingly, there is no evidence, much less clear and convincing evidence, sufficient to warrant imposition of sanctions.

11651369v.1

Dated: March 24, 2021 								Respectfully submitted,

*/s/ Amy L. Baker*
Amy L. Baker
Florida Bar No. 86912
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
111 N Orange Ave., Ste. 1200
Orlando, FL 32801
Tel: 407-203-7599
amy.baker@wilsonelser.com

*Attorney for Defendant*
*Novitium Pharma LLC*


*/s/ Drew M. Levin*
Jonathan C. Abel
Florida Bar No.: 370721
Drew M. Levin
Florida Bar No.: 0048419
CONROY SIMBERG, P.A.
3440 Hollywood Blvd., Second Floor
Hollywood, FL 33021
Telephone: 954-961-1400
Facsimile:  954-967-8577
Primary E-Mail: eservicehwd@conroysimberg.com
Secondary E-Mails:
jabel@conroysimberg.com
saristia@conroysimberg.com

*Counsel for Nostrum Laboratories Inc.*

11651369v.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 24, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide automatic notification to all counsel of record.

                                                     */s/ Drew M. Levin*
                                                     Drew M. Levin