# Exhibit H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)           MDL NO. 2924
PRODUCTS LIABILITY                20-MD-2924
LITIGATION

                                                      JUDGE ROBIN L. ROSENBERG
                                  MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO ALL CASES

**DECLARATION OF RYAN M. DEBSKI, ESQ.
IN SUPPORT OF WOCKHARDT LTD.'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

I, Ryan M. Debski, hereby declare as follows:

       1.       I am General Counsel of Wockhardt USA LLC. Since August 2020, I have been employed by Wockhardt USA LLC, located at 20 Waterview Blvd., Parsippany, New Jersey 07054.

       2.       As a result of my position, I have personal knowledge as to the nature, scope and location of the business and operations of Wockhardt USA LLC, as well as the other matters addressed herein. I make this declaration on the basis of my personal knowledge and based upon my review of certain records regularly maintained by Wockhardt USA LLC in the ordinary course of its business.

       3.       I make this declaration in support of Wockhardt Ltd.'s motion to dismiss this action for lack of personal jurisdiction.

       4.       Wockhardt USA LLC is an indirect subsidiary of Wockhardt Ltd. Wockhardt USA LLC is organized under the laws of Delaware and has a principal place of business in

Parsippany, New Jersey.  Wockhardt USA LLC is a separate legal entity from Wockhardt Ltd. that sells, markets and distributes pharmaceutical products to the U.S. market.

5. Wockhardt Ltd. does not participate in the management of the day-to-day business operations of Wockhardt USA LLC.  The day-to-day business of Wockhardt USA LLC is conducted by Wockhardt USA LLC's own officers and employees.

6. Wockhardt USA LLC is not, and has never been, financially dependent on Wockhardt Ltd.  Wockhardt USA LLC accounts for its own finances, maintains its own books and records, bank accounts, payroll accounts and budgets, and is separately and adequately capitalized.

7. At certain points in time, Wockhardt USA LLC sold, marketed or distributed in the United States ranitidine drug products manufactured by Wockhardt Ltd.  The ranitidine drug products were indirectly supplied by Wockhardt Ltd. to Wockhardt USA LLC through another subsidiary of Wockhardt Ltd., pursuant to Wockhardt USA LLC's purchase orders.

8. Wockhardt USA LLC imported Wockhardt Ltd.'s ranitidine drug products in bulk from India to the warehouse facility of its third-party logistics provider, located in Louisville, Kentucky.  From there, Wockhardt USA LLC directly sold the ranitidine drug products to customers, such as wholesalers and pharmacies, in the United States.

9. Wockhardt USA LLC independently determined the sales, marketing and distribution of the ranitidine drug products in the United States without any direction or control from Wockhardt Ltd.  For example, without any direction or control by Wockhardt Ltd., Wockhardt USA LLC performed the following: (a) negotiated and entered into contracts with customers for the ranitidine drug products; (b) set prices for the ranitidine drug products; (c) calculated and reported prices to state and federal government programs and paid rebates under

those programs; (d) processed and paid rebates, chargebacks, and other discounts to customers; and (e) directed the shipment of ranitidine drug products to direct customers.

I declare under penalty of perjury under 28 U.S.C. § 1746 and the laws of the United States of America that the foregoing is true and correct.

Dated:  October 6, 2020

*Ryan Debski*

RYAN M. DEBSKI