UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924 20-MD-2924 <br><br> JUDGE ROBIN L. ROSENBERG <br> MAGISTRATE JUDGE BRUCE E. REINHART |
| _____/ | |

THIS DOCUMENT RELATES TO: ALL CASES

**PRETRIAL ORDER # 63**
**Supplemental Discovery Schedule for Brand Manufacturers**

In Pretrial Order # 30, the Court adopted the parties' stipulated case management schedule that included deadlines on matters such as the briefing of motions, discovery, and bellwether trial selection. Among other things, the Order set a deadline of August 2, 2021, for the completion of fact discovery of Defendants on issues related to general causation and a deadline of December 20, 2021, for the completion of all fact discovery of Defendants and fact discovery related to class certification and for the filing of *Daubert* motions on general causation and Plaintiffs' class certification motions.

To ensure that the aforementioned deadlines were maintained, the Court entered Pretrial Order # 47 wherein the Court set deadlines for the initial production and substantially completed production of non-custodial documents and first tranche custodial documents for each of the four Brand Manufacturers involved in this litigation.[1] The Court set those deadlines after reviewing detailed spreadsheets containing the parties' proposed discovery timelines and after holding a status conference on the parties' proposals. The Court declined to set more detailed discovery deadlines

---

[1] The four Brand Manufacturers are Boehringer Ingelheim ("BI"), Sanofi, Pfizer, and GlaxoSmithKline ("GSK").

due to the fluidity of the discovery process. The Court also declined to define the phrase "substantial completion," instead encouraging the parties to come to agreement on what would constitute substantial completion.

Subsequent to the entry of Pretrial Order # 47, the Defendants, for the most part, met the deadlines set by the Court. One Defendant, GSK, sought an extension because of, *inter alia*, COVID-19 lockdown restrictions that impacted GSK's ability to obtain and produce documents. For good cause shown, the Court granted GSK's request for an extension. DE 3094.

With the exception of the aforementioned extension, the deadlines in Pretrial Order # 47 have expired. As a result, at the Court's March 25, 2021 case management conference, the Court discussed with the parties potential deadlines for the Brand Manufacturers' upcoming discovery.[2]

The Court has considered the parties' positions as discussed at the March 25 case management conference. Based upon the Court's assessment of those positions, it is hereby **ORDERED AND ADJUDGED** that the parties shall adhere to the following deadlines:

**A. BOEHRINGER INGELHEIM**

| Event | Substantial Completion |
|---|---|
| 30(b)(6) depositions[3] | May 7, 2021 |
| Second tranche of custodial document production | May 31, 2021 |

The Court addresses one additional matter with respect to BI. The Court understands that the parties are in the process of meeting and conferring on the scope of a document request pertaining to documents stored in the Promeco facility. The parties are directed to either (i) notify

---

[2] At the conference, the Court discussed the process for the parties to meet and confer on any proposal to modify PTO # 30. This Order sets forth interim discovery deadlines without prejudice to any such proposal.

[3] This deadline applies only to the Pharmacovigilance, Regulatory, Storage & Transport, Marketing and FDA 483 topics; this deadline is without prejudice to the timing of any additional 30(b)(6) notices issuing in the future.

the Court of an agreement on this issue by **April 16, 2021** or (ii) request by the same date that the Court resolve the issue pursuant to Pretrial Order # 32.

### B. SANOFI

| Event | Substantial Completion |
|---|---|
| 30(b)(6) depositions[4] | April 30, 2021 |
| Remedial[5] production of first tranche of custodial files | April 30, 2021 |
| Second tranche of custodial document production | June 30, 2021 |
| Remedial production of second tranche of custodial files | July 30, 2021 |

### C. PFIZER

| Event | Substantial Completion |
|---|---|
| 30(b)(6) depositions[6] | April 30, 2021 |
| Second tranche of custodial document production | April 30, 2021 |

---

[4] This deadline applies only to the Distribution & Storage, Pharmacovigilance, Regulatory and Marketing topics; this deadline is without prejudice to the timing of any additional 30(b)(6) notices issuing in the future.

[5] Sanofi previously represented to the Court that certain requested records were not retained and therefore were not produced to the Plaintiffs. Without conceding any violation of Fed. R. Civ. P. 37, Sanofi has been engaging in remediation efforts with regard to the production.

[6] This deadline applies only to Pharmacovigilance and Distribution & Storage topics; this deadline is without prejudice to the timing of any additional 30(b)(6) notices issuing in the future.

### D. GSK

| Event | Substantial Completion |
|---|---|
| 30(b)(6) depositions[7] | May 30, 2021 |
| Second tranche of custodial document production | April 30, 2021 |

The Court addresses one additional matter with respect to GSK. The Court understands that the parties are in the process of meeting and conferring on the scope of a document request pertaining to storage and transportation. The parties are directed to either (i) notify the Court of an agreement on this issue by **April 16, 2021** or (ii) submit a joint memorandum by that date for resolution of the matter by the Court pursuant to Pretrial Order # 32.

Brand Defendants are directed to provide a notice to the Plaintiffs, on the substantial completion dates set forth above, with a copy to the Special Master, stating whether all responsive documents have been produced or whether certain discoverable items remain outstanding. To the extent any discoverable items remain outstanding, the notice shall include the estimated volume and status of such production, together with an estimate of when the production will be completed.

Finally, the Court **REFERS** to Judge Reinhart the authority to enter such orders as necessary to enforce and effectuate the deadlines in this Order.

**DONE** and **ORDERED** in Chambers, West Palm Beach, Florida, this 2nd day of April, 2021.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[7] The parties indicated that this will be the substantial completion date for the Regulatory, Safety, Storage & Distribution, and Pre-clinical/Clinical depositions; this deadline is without prejudice to the timing of any additional 30(b)(6) notices issuing in the future.