UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                    MDL NO 2924
PRODUCTS LIABILITY                         20-MD-2924
LITIGATION

                                                 JUDGE ROBIN L ROSENBERG
                                MAGISTRATE JUDGE BRUCE REINHART

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

**PRETRIAL ORDER # 64**
**Tenth Census Implementation Order:**
**Access to Unfiled Claimant Census Plus Forms for Generic Defendants**

In Pretrial Order # 53, the Court set forth a process for allowing access to the individual Filed Plaintiffs' Census Plus Forms ("CPFs"), as well as reports on aggregated data contained within the Census Registry. In Pretrial Order # 55, the Court set forth a process for access to the CPFs completed by individuals as a condition of their entry into the Census Registry as Unfiled Claimants for all Defendants except the Generic Defendants, reserving the timing of such access for the Generic Defendants. This Order sets forth the process and access for Generic Defendants for Unfiled Claimants' CPF data. This Order does not modify the access of Plaintiffs or their counsel, nor of the other (non-Generic) Defendants, from what has been established by prior Order of this Court.

**I.     ACCESS TO INDIVIDUAL UNFILED CLAIMANT CPFs**

Each Generic Manufacturer Defendant may begin on April 15, 2021, to request access from Litigation Management, Inc. ("LMI") as to any or all CPFs in which it is listed through the

defendant mapping process (whether by LMI's matching or manual addition of the Claimant) (hereinafter an "Eligible Defendant").[1]

Individual CPF access is only granted to Eligible Defendants, not to all Defendants in this MDL Proceeding. Thus, if a CPF does not name or map to a particular Generic Defendant (for example, the Defendant only made an injectable in 2017 and the CPF alleges only syrup use, or the CPF alleges injectable use but only in 2015), that Generic Defendant will not be able to request access to that CPF.

Beginning on April 15, 2021, LMI shall begin to grant Eligible Defendants access to any CPF submitted before January 1, 2021. Pursuant to Pretrial Order # 59, this access applies only to Unfiled Claimants whose CPFs do not have an important deficiency and who allege one of the ten cancers identified by Plaintiffs' leadership. *See* DE 2533. No access is granted to any individual CPF with important deficiencies or which alleges an injury other than the ten cancers designated by Plaintiffs' leadership. Adam Pulaski (on behalf of Plaintiffs), Joseph Petrosinelli (on behalf of Defendants) (collectively, "Registry Coordinating Counsel"), and the Special Master shall agree upon a rolling schedule for access to subsequent tranches of CPFs.

If any party (including any Unfiled Claimant) believes there is an error in access, the party shall provide LMI with a short description of the discrepancy, including why they believe the access has been granted or denied in error. Plaintiffs' Liaison Counsel and Defense Liaison Counsel shall be copied on these communications.[2] If the matter is not resolved, LMI shall forward

---

[1] Nothing in this Order precludes LMI from continuing to provide extracted data consistent with the processes put in place prior to entry of this Order. The Special Master shall be copied on any such requests.
[2] The process set forth herein is not intended to capture substantive/merits disputes, but instead only technological and similar errors.

the correspondence to the Special Master for resolution, in consultation with Adam Pulaski and Joseph Petrosinelli.

The Generic Defendants shall receive access to prescription records, purchase records, and medical records in the same manner and timing as provided in Pretrial Order # 55 for the other Defendants.

The Special Master shall have the authority to modify any deadline set in this section, in consultation with LMI and Registry Coordinating Counsel.

**II.     PROCESS FOR CORRECTION OF CPFs**

The Special Master shall have the authority to modify any deadline set in this section, in consultation with LMI and Registry Coordinating Counsel.

**III.    CONFIDENTIALITY OF CPFs**

A CPF is considered "protected health information" as defined in Pretrial Order # 26 and 45 C.F.R. § 160.103 and shall be treated as Confidential Information and subject to the provisions relating to confidentiality set forth in Pretrial Order # 26.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 15th day of April, 2021.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE