**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE: ZANTAC (RANITIDINE)                    MDL NO. 2924
PRODUCTS LIABILITY                            20-MD-2924
LITIGATION

                                    **JUDGE ROBIN L. ROSENBERG**
                          **MAGISTRATE JUDGE BRUCE E. REINHART**
_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

**PLAINTIFFS' OPPOSITION TO GLAXOSMITHKLINE LLC'S**
**EXPEDITED MOTION FOR PROTECTIVE ORDER**
**TO ENFORCE PRETRIAL ORDER 54**

Plaintiffs oppose GSK's expedited motion. Let us make this perfectly clear. This issue is not about notice or timing but GSK's unilateral refusal to allow for an ESI deposition to go forward. Further, this is GSK's bold attempt to prevent Plaintiffs from obtaining testimony under oath from the company about ESI systems, accessibility and retention of documents for narrow topics relating to outstanding discovery issues, including the delayed production of over 60% of the human clinical studies/trials for a drug it manufactured and marketed globally until it was recalled in late 2019 because it contained a known carcinogen.

**INTRODUCTION**

After a year of discussion with GSK counsel and the Special Master about GSK's outstanding document production and existing and legacy systems, Plaintiffs' served GSK on June 16, 2021 with Plaintiffs' Notice of Oral and Video Deposition of GlaxoSmithKline LLC and GlaxoSmithKline PLC Pursuant to Fed R. Civ. P. Rule 30(b)(6) on Electronically Stored Information, Electronic Database(s), Hard Copy Document Repositories, Document Preservation/Restoration, and Raw Data Storage, to take place July 9, 2021 ("ESI Notice") (Attached hereto as Ex. A). This was the third ESI 30(b)(6) notice served on GSK in this

litigation (originally served on June 16, 2020 and then again on September 29, 2020). Each time, GSK's counsel refused to go forward, instead representing that we did not need a deposition and that they would provide us the information we requested informally. Plaintiffs had also previously requested an informal interview with a GSK ESI employee and that was rejected by GSK as well.

This Court is well aware of the discovery issues, both substantive and procedural, the parties have faced in this litigation. The primary issues presently outstanding with GSK have centered around 2 categories of production:

      1. Clinical Studies; and

      2. Electronic systems and data associated with analytical stability, impurity, residual solvent, and degradation testing.

The substantial completion for the production of these 2 categories of production was originally March 15, 2021 (PTO 47); then extended to March 31, 2021 for all non-custodial productions (including No. 2 above) and May 14, 2021 for No. 1 above, per the Court's Order granting GSK's motion for an extension of the PTO 47 deadlines (Order Granting Motion to Extend Deadlines, DE 3094). The productions remain incomplete, particularly as it relates to the Clinical Studies, which have been the subject of many meet and confers with the Special Master and Court hearings with Judge Reinhart. **GSK has still not produced 450 of the 764 human clinical studies GSK has identified and represented to the Plaintiffs and this Court were done by GSK and related to ranitidine-containing products, including Zantac and Tritec (both marketed and sold in the United States)**.

Because the production at issue affects critical science necessary for consideration and preparation of expert reports, the parties, the Special Master and this Court have worked on these production issues for months now, and at every juncture the issues are framed in the context of:

GSK continues to look but at some point either will say Plaintiffs' now have all of the studies and there are no more studies to produce, or that GSK believes that they have done all that they are required under the federal rules, particularly from a proportionality perspective and that they will not look any further. Once we reach that point (which Plaintiffs heard from the Court at the last hearing, June 21, 2021, needs to be soon), either Plaintiffs will have received a complete production of clinical studies, or will need to file a motion to compel and for sanctions, including adverse inferences associated with the loss, destruction, or failure to produce these studies.

It is in furtherance of these issues that Plaintiffs served the ESI Notice. It is critical that Plaintiffs obtain testimony under oath from a GSK employee(s) about their systems and the retention and maintenance of the clinical studies. Such testimony will allow the Plaintiffs and the Court to evaluate GSK's capabilities and any proportionality issues that exist.[1] While Plaintiffs' counsel did not consult with GSK regarding the date of the deposition, it was discussed at a meet and confer that Plaintiffs were willing to be flexible with the date as long as it was scheduled in a timely manner and that the parties would discuss the scope (which was already narrowed to very specific topics and was not a wholesale ESI discovery deposition).

Local Rule 26(h) merely requires a party desiring to take a deposition to provide at least fourteen (14) days notice in writing in advance of the scheduled deposition.  In addition, PTO 54 reads, in pertinent part, "Prior to issuing a deposition notice or subpoena, **absent extraordinary circumstances**, the Deposition Liaison must consult with counsel for the deponent and designees for all Lead and Liaison Counsel (as listed in Exhibit A to this Order) in an effort to schedule

---

[1] It is hard to conceive of how proportionality could be the barrier to this production and discovery since GSK is the innovator and the primary defendant in this litigation, the largest pharmaceutical MDL in U.S. history where as many as 1400 cases have been filed against GSK and over 55,000 registered claimants, with completed CPFs, have identified GSK as at least one of their anticipated defendants.

depositions at mutually convenient times and locations. Counsel are expected to cooperate and coordinate the scheduling of depositions on a good faith basis." (*emphasis* added)[2]

Plaintiffs provided more than fourteen (14) days' notice in accordance with Local Rule 26(h). Moreover, under PTO 54, "exceptional circumstances" exist in that GSK has consistently objected to a 30(b)(6) deposition relating to ESI since June 2020. Given the time constraints in this litigation, it was imperative that the parties reach agreement on a date in July for this 30(b)(6) deposition or Plaintiffs be heard by the Court as quickly as possible. Based on prior experience, Plaintiffs were convinced that GSK would object to the deposition and not provide a date. This has been confirmed in discussions with GSK counsel last week.

As anticipated, GSK urged Plaintiffs to withdraw the ESI Notice and stated that GSK objects to the production of a witness on this topic. Plaintiffs stated that we were willing to withdraw the ESI Notice if GSK provided another date(s), adding that Plaintiffs were amenable to discussing breaking out the notice topics to allow for different witnesses to address different topics (analytical testing, clinical trial, etc.) and stage the deposition to accommodate GSK. Plaintiffs also confirmed that documents were not being requested for the deposition. Plaintiffs agreed to accept any dates in July and then asked GSK counsel to provide a date for the deposition. GSK Counsel responded that even if GSK agreed to allow a deposition to go forward (which GSK had stated unequivocally that it would not voluntarily do), the deposition would have to be in September to allow GSK sufficient time to prep the witness(s).[3] In response,

---

[2] It should be noted that despite the language cited, for an individual deposition of a Defendant witness, all Lead and Liaison Counsel are not consulted and that is recognized by counsel on both sides, without objection.

[3] The reason GSK seeks such an extensive amount of time to prepare a witness is because GSK intends to hire an independent consultant to be trained on the topics and put the unaffiliated witness up as its corporate representative instead of having a GSK employee testify to the systems in place. This would be

Plaintiffs' counsel responded that such a date made no sense because GSK has represented to Plaintiffs and the Court that it had been actively working on the issues relating to clinical trials and manufacturing/analytical testing for almost a year. See McGlamry Email, June 25, 2021, attached hereto as Ex. A.

Because these issues and this deposition are so critical to the prosecution of cases against these defendants, at least 2 cross notices were served by state court litigants: one in state court in Texas and the plaintiffs in the consolidated cases pending in state court in Memphis, Tennessee.

## ARGUMENT

Plaintiffs urge this Court not to fall for the red herring asserted by GSK about the adequacy of the notice or timing.  In its Motion for a Protective Order, GSK cited to everything it could find except the two most authoritative and applicable sources, i.e., PTO 54 and this Court's Local Rules. PTO 54 requires 21 days' notice for a deposition requested without documents (Plaintiffs are not requesting document production here), to wit, "Adequacy of Notice. All deposition notices shall be noticed at least twenty-one (21) days in advance. (DE 2260, PTO 54, p. 11.) This Court's Local Rules are less generous, providing for 14 days' notice per L.R. 26.1 (h).  Plaintiffs' deposition notice complied with PTO 54 and the Local Rules.

In addition, PTO 54 contemplates state court cross notices. In fact, it was the Defendants that insisted on the provisions to accommodate state court actions when drafting proposed PTO 54. This Court's adoption of PTO 54 encourages the coordination of such depositions for efficiency and fairness. This is the perfect opportunity for this principle to be applied. It is in everyone's best interests to get this deposition accomplished now.  This is especially pressing in light of the ongoing delay and issues with GSK's clinical trial production,

---

a gross injustice here and is a clear attempt to limit Plaintiffs' ability to obtain information about the systems, data and discovery at issue.

As set forth herein, Plaintiffs have been and are willing to engage in good faith discussions with GSK, the state court counsel, and the Special Master to reach accord on a date for the deposition. By rule, we are required to meet and confer on scope. See FRCP 30(a)(6). Plaintiffs are prepared to do so.

Additionally, the targeted ESI 30(b)(6) deposition is necessary at this juncture to frame any issues relating to the delayed production of documents from the systems identified in Plaintiffs' Notice.  Plaintiffs have consistently received mixed messages from various GSK counsel on the status of the clinical production, and the accessibility of the documents relating to clinical trials and analytical testing including batch stability, impurity, residual solvent, and degradation testing. A deposition addressing these systems and discovery will provide clarity on the location, accessibility, and any burden associated with production.  It will also streamline any potential discovery disputes that will need to be addressed by the Court.

## CONCLUSION

For the reasons discussed above, Plaintiffs respectfully urge this Court to deny GSK's expedited motion.

Dated:  June 24, 2021.

/s/ Tracy A. Finken
Tracy A. Finken
Email: tfinken@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-1130

By: /s/ Robert C. Gilbert
Robert C. Gilbert, FBN 561861
Email: gilbert@kolawyers.com
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (305) 384-7270

*/s/ Michael L. McGlamry*
Michael L. McGlamry
Email: efile@pmkm.com
POPE McGLAMRY, P.C.
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706

*/s/ Adam Pulaski*
Adam Pulaski
Email: adam@pulaskilawfirm.com
PULASKI KHERKHER, PLLC
2925 Richmond Avenue, Suite 1725
Houston, TX 77098
Tel: (713) 664-4555

*Plaintiffs' Co-Lead Counsel*

Rosemarie R. Bogdan
Email: Rosemarie.bogdan@1800law1010.com
MARTIN, HARDING & MAZZOTTI
1222 Troy-Schenectady Road
Niskayuna, NY 12309
Tel: (518) 862-1200

*/s/ Mark J. Dearman*
Mark J. Dearman, FBN 0982407
Email: mdearman@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel: (561) 750-3000

Elizabeth A. Fegan
Email: beth@feganscott.com
FEGAN SCOTT, LLC
1456 Sycamore Road
Yorkville, IL 60560
Tel: (312) 741-1019

Marlene J. Goldenberg
Email: mjgoldenberg@goldenberglaw.com
GOLDENBERG LAW, PLLC
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Tel: (855) 333-4662

Ashley Keller
Email: ack@kellerlenkner.com
KELLER | LENKNER
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
Tel: (312) 741-5222

Frederick S. Longer
Email: flonger@lfsblaw.com
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500

Roopal P. Luhana
Email: luhana@chaffinluhana.com
CHAFFIN LUHANA LLP
600 Third Avenue, 12th Floor
New York, NY 10016
Tel: (888) 480-1123

Francisco R. Maderal, FBN 0041481
Email: frank@colson.com
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Tel: (305) 476-7400

Ricardo M. Martinez-Cid, FBN 383988
Email: RMartinez-Cid@Podhurst.com
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Avenue, Suite 3200
Miami, FL  33130
Tel: (305) 358-2800

Melanie H. Muhlstock
Email: mmuhlstock@yourlawyer.com
PARKER WAICHMAN LLP
9 Evelyn Road
Port Washington, NY  11050
Tel: (516) 723-4629

Carmen S. Scott
Email: cscott@motleyrice.com
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC  29464
Tel: (843) 216-9160

Sarah N. Westcot, FBN 1018272
Email: swestcot@bursor.com
BURSOR & FISHER, P.A.
701 Brickell Avenue, Suite 1420
Miami, FL  33131-2800
Tel: (305) 330-5512

Frank Woodson
Email: Frank.Woodson@BeasleyAllen.com
BEASLEY ALLEN LAW FIRM
234 Commerce Street
Montgomery, AL  36103
Tel: (334) 269-2343

Lauren S. Miller
Email: lmiller@corywatson.com
CORY WATSON, P.C.
2131 Magnolia Avenue South
Birmingham, AL  35205
Tel: (205) 271-7168

Daniel A. Nigh, FBN 30905
Email: dnigh@levinlaw.com
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL  32502
Tel: (888) 435-7001

Mikal C. Watts
Email: mcwatts@wattsguerra.com
WATTS GUERRA LLP
4 Dominion Drive
Building 3, Suite 100
San Antonio, TX  78257
Tel: (800) 294-0055

Conlee S. Whiteley
Email: c.whiteley@kanner-law.com
KANNER & WHITELEY, L.L.C.
701 Camp Street
New Orleans, LA  70130
Tel: (504) 524-5777

*Plaintiffs' Steering Committee*
*Plaintiffs' Law and Briefing Committee Co-Chairs*
*Plaintiffs' Liaison Counsel*

Paige Boldt
Email: pboldt@wattsguerra.com
WATTS GUERRA LLP
1815 Windsong Circle
Keller, TX  76248
Tel: (210) 447-1534

Adam W. Krause
Email: adam@krauseandkinsman.com
KRAUSE AND KINSMAN, LLC
4717 Grand Avenue, Suite 300
Kansas City, MO  64112
Tel: (816) 760-2700

Bradford B. Lear
Email: Lear@learwerts.com
LEAR WERTS LLP
103 Ripley Street
Columbia, MO  65203
Tel: (573) 875-1992

Je Yon Jung
Email: JJung@maylightfootlaw.com
MAY LIGHTFOOT PLLC
3200 Martin Luther King Jr. Avenue
S.E., 3rd Floor
Washington DC  20032
Tel: (202) 918-1824

Nicola Larmond-Harvey, FBN 0105312
Email: nicola@saunderslawyers.com
SAUNDERS & WALKER, P.A.
3491 Gandy Boulevard North, Suite 200
Pinellas Park, FL  33781
Tel: (727) 579-4500

*Plaintiffs' Leadership Development Committee*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF system on June 29, 2021, which will send notice of filing to all CM/ECF participants.

*/s/ Robert C. Gilbert*

Robert C. Gilbert

10