UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-md-2924

IN RE: ZANTAC (RANITIDINE)
PRODUCT LIABILITY LITIGATION,

_____/

# ORDER ON MOTION TO COMPEL RETURN OR DESTRUCTION OF PRIVILEGED DOCUMENTS [ECF No. 3612]

Defendants Sanofi U.S. Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc. (collectively "Sanofi") want Plaintiffs to return or destroy seven documents that were produced in discovery. *See* Pretrial Order (PTO) #25, § IV(5). Sanofi says that the production was inadvertent. Sanofi further says these documents fall within the attorney-client privilege and/or the work product privilege. Plaintiffs initially said that all the documents are not privileged. They have now withdrawn their objection to returning three of the documents.

I have reviewed Sanofi's Motion to Compel and the Plaintiffs' Response. ECF No. 3698. I also reviewed Sanofi's *ex parte* declarations in support of its privilege claims. *See* ECF Nos. 3613 to 3617 (unredacted declarations filed under seal); 3612-1 to 3612-5 (redacted declarations); ECF No. 3546 (order granting leave to file *ex parte* declarations). I also conducted an *in camera* review of the seven documents, which were attached to the sealed Declaration of Paige Sharpe. ECF No. 3617. I am fully advised and this matter is ripe for decision. For the following reasons, the Motion to

Compel Return or Destruction of Privileged Documents is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

A. *Privileges*

  1. <u>Attorney-Client</u>

  "The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice." *In re Grand Jury Matter No. 91-01386*, 969 F.2d 995, 997 (11th Cir. 1992) (quoting *In re Slaughter*, 694 F.2d 1258, 1260 (11th Cir. 1982)). Thus, in order to claim attorney-client privilege, the proponent of the privilege must prove that what is sought to be protected is (1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client. *Id.; see also MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 582–83 (S.D. Fla. 2013) (J. Hoeveler). " 'Privileged persons' include the client, the attorney(s), and any of their agents that help facilitate attorney-client communications or the legal representation." *In re Teleglobe*, 493 F.3d at 359 (quoting Restatement (Third) of the Law Governing Lawyers § 70 (2000)).

*Diamond Resorts U.S. Collection Dev., LLC v. US Consumer Attorneys, P.A.*, 9:18-CV-80311, 2021 WL 505122, at *4 (S.D. Fla. Feb. 11, 2021) (J. Reinhart)

  2. <u>Work Product</u>

  "The work product doctrine protects from disclosure documents and tangible things prepared in anticipation of litigation by or for a party or by or for that party's attorney acting for his client." *Atriums of Palm Beach Condominium Assn., Inc. v. QBE Insurance, Co.*, 2009 WL 10667478 at *3 (S.D. Fla. 2009) (J. Johnson). Federal Rule of Civil Procedure 26(b)(3) codifies the work product privilege. It states:

> (A) **Documents and Tangible Things.** Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer,

or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

(B) **Protection Against Disclosure.** If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

As the proponents of the privilege, Defendants bear the burden of establishing it by a preponderance of the evidence. *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.,* 295 F.R.D. 550, 584, 620 (S.D. Fla. 2013) (J. Hoeveler); Fed. R. Evid. 104(a). [The party opposing the privilege claim] bears the burden of proving that the privilege has been waived, or that there is a substantial need for disclosure of the disputed materials. *Accord 7–Eleven, Inc. v. George,* 2010 WL 11508171 at *5 (M.D. Fla. 2010) ("Just as the proponent of the privilege has the burden of proof as to facts which give rise to the privilege, the party seeking to abrogate the privilege has the burden to prove facts which would make an exception to the privilege applicable" by "a preponderance of the evidence.") (applying Florida law and quoting *First Union Nat'l Bank v. Turney,* 824 So. 2d 172, 183 n. 9, 184 (Fla. Dist. Ct. App. 2001)).

There are two kinds of work product: (1) fact work product and (2) opinion work product. *Atriums of Palm Beach Condominium Assn., Inc.,* 2009 WL 10667478 at *4 ("Once work product protection attaches, the doctrine is divided into two categories enjoying different degrees of protection."). "[F]act work product may encompass factual material including the result of a factual investigation." *Burrow v. Forjas Taurus S.A.,* 334 F. Supp. 3d 1222, 1229 (S.D. Fla. 2018) (J. Simonton) (quoting *In re Grand Jury Subpoena Dated July 6, 2005,* 510 F.3d 180, 183 (2d Cir. 2007)). Fact work product is discoverable upon a showing of substantial need. "A non-exhaustive list of factors are assessed in determining substantial need including: (1) the importance of the materials to the party seeking them for case preparation, (2) the difficulty the party will have obtaining them by other means, and (3) the

likelihood that the party, even if he obtains the information by independent means, will not have the substantial equivalent of the documents he seeks." *Id.*

Opinion work product is material that reflects an attorney's "mental impressions, conclusions, opinions, or legal theories." *MapleWood Partners, L.P.* 295 F.R.D. at 620-21. "The Eleventh Circuit has held that while the disclosure of fact work-product can be compelled upon a requisite showing, opinion work-product 'enjoys a nearly absolute immunity' and cannot be discovered merely upon a showing of substantial need and an inability to secure the materials by alternate means without undue hardship, i.e., the test under Rule 26(b)(3)(A)(ii), but rather is only discoverable in 'very rare and extraordinary circumstances.' " *Id.* at 620 (quoting *Cox v. Admin. U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994), *modified on other grounds by* 30 F.3d 1347 (11th Cir. 1994)).

*Raymond James Fin. Services, Inc. v. Arijos*, 19-81692-CIV, 2020 WL 1492993, at *2–3 (S.D. Fla. Mar. 27, 2020) (J. Reinhart). Fact work product includes "an exchange of emails between counsel and a witness that is the functional equivalent of a witness interview." *Id.* at *4. Notably, by the plain terms of Rule 26(b)(3), fact work product also includes materials prepared by a party in anticipation of litigation, even without the input of counsel.

B. *The Documents*

**Document 1: Bates No. 245372-73 (Entry 75 in privilege log)[1], ECF No. 3617 at 20:** Sanofi asserts the attorney-client privilege over this document. It is information extracted from a Sanofi database. This document is not a communication, let alone a communication between lawyer and client for the purpose of legal

---

[1] The relevant page of Sanofi's privilege log is filed under seal at ECF No. 3617, page 149.

4

representation. Document 1 was extracted from an archive at counsel's request for purposes of litigation. ECF Nos. 3617 ¶¶6–8 (sealed); 3612-5 ¶¶ 6–8 (redacted).

Sanofi represents that this document has been produced elsewhere in the discovery materials. Sharpe Declaration, ECF No. 3617 ¶10 (under seal); ECF No. 3612-5, ¶10 (redacted). Because Sanofi has voluntarily provided an unredacted copy of Document 1 to Plaintiffs, the privilege claim over this document is DENIED AS MOOT; *see also MapleWood Partners,* 295 F.R.D. at 584 (voluntary disclosure waives attorney-client privilege because "disclosure is inconsistent with the confidentiality requirement of purportedly privileged communications.").

**Document 2: Bates No. 245369-71 (Entry 74 in privilege log), ECF No. 3617 at 12–14:** Sanofi asserts the attorney-client and work product privileges over this document. The document is a chain of three emails among non-lawyers at Sanofi. The first email is on December 16, 2019, at 12:45 p.m. The second is the same day at 2:13 p.m.; it has Document 1 as an attachment. The third is on December 17, 2019, at 1:27 p.m.

The first email schedules a meeting relating to possible litigation related to ranitidine. The second email attaches Document 1 and indicates the topic(s) to be discussed at the meeting. The third email summarizes the information contained in Document 1 and provides additional information about Document 1.

These emails do not fall within the attorney-client privilege. They are not communications between a lawyer and a client, nor are they facilitating an otherwise-privileged attorney-client communication.

5

The first email is not covered by the work product privilege. It does not concern or contain any underlying facts. It is merely a communication about scheduling a meeting. The second email is not fact work product. It merely forwards Document 1, which is not itself privileged. The third email is fact work product. It contains factual information newly collected by Sanofi as part of an investigation related to anticipated litigation over ranitidine.

The claim that the December 16 emails are work product is OVERRULED. The claim that the December 17 email is work product is SUSTAINED.

**Document 3: Bates No. 245366-68 (Entry 73 in privilege log), ECF No. 3617 at 16–18:** Sanofi asserts the attorney-client and work product privileges over this document. The document is identical to Document 2, except that it includes a "reply-all" email on December 17, 2019, at 1:53 p.m. among non-lawyers. The additional email is not privileged. It is not a communication between lawyer and client, nor does it facilitate an attorney-client communication. It does not reveal underlying facts nor does it contain attorney opinion. Therefore, the claim that the email on December 17, 2019, at 1:53 p.m. is covered by the attorney-client or work product privilege is OVERRULED. The claim that the rest of the document is privileged is SUSTAINED IN PART and OVERRULED IN PART for the same reasons as Document 2.

**Document 4: Bates No. 238350-390 (Entry 71 in privilege log), ECF No. 3617 at 23–63.** Sanofi asserts attorney-client and work product privileges over a portion of this document. This document is a draft safety evaluation report authored

6

by a non-lawyer. Each page contains a footer stating "Property of Sanofi group – strictly confidential." Document 4 contains comment bubbles on pages 2, 3, and 36 in German. *Id.* at 24–25, 58. It contains three comment bubbles on page 16 (*Id.* at 38) from outside litigation counsel. Sanofi has voluntarily produced a copy of Document 4 without the comment bubbles on page 16. ECF No. 3612-5 ¶12.

Plaintiffs have withdrawn their objection. ECF No. 3698 at 7. The claim that the comment bubbles are privileged is therefore SUSTAINED.

**Document 5: Bates No. 238391-431 (Entry 72 in privilege log), ECF No. 3617 at 65–105.** Sanofi asserts attorney-client and work product privileges over a portion of this document. This document is a different draft of the safety evaluation report (Document 4). On page 16 (ECF No. 3617 at 80), it contains three comment bubbles containing comments from outside litigation counsel. The content of these comment bubbles is identical to the content of the ones in Document 4. Sanofi has produced a copy of Document 5 without the comment bubbles on page 16. ECF No. 3612-5 ¶12.

Plaintiffs have withdrawn their objection. ECF No. 3698 at 7. The claim that the comment bubbles are privileged is therefore SUSTAINED.

**Document 6: Bates No. 111848-111857 (Entry 86 in privilege log), ECF No. 3617 at 107–16.** Sanofi asserts attorney-client privilege over a portion of this document. This document is an October 13, 2019, draft of internal FAQs for Zantac/Ranitidine. On page 8 (ECF No. 3617 at 114) there is a comment bubble where a non-lawyer says that outside counsel recommended an edit to the document. Sanofi

7

has produced a copy of Document 6 without the comment bubble on page 8. ECF No. 3612-5 ¶13.

Plaintiffs have withdrawn their objection. ECF No. 3698 at 7. The claim that the comment bubble is privileged is therefore SUSTAINED.

**Document 7: Bates No. 103978-103980 (Entry 85 in privilege log), ECF No. 3617 at 130–32: Sharpe Declaration ¶14 ECF 3617 at 5.** Sanofi asserts attorney-client privilege over a portion of this document. This document is an email chain. The oldest email is dated September 20, 2019, at 3:21 p.m. and is between non-lawyers. The next sequential email is on September 23, 2019, at 1:55 p.m. and is also between non-lawyers. The next sequential email is on September 23, 2019, at 3:13 p.m., from the head of one of Sanofi's regulatory affairs divisions to one of Sanofi's Associate General Counsels. It is copied to several non-lawyers, all of whom have a "sanofi.com" email address. It is forwarding the prior two emails. The Associate General Counsel responds on September 23 at 3:52 p.m. with legal advice about making public statements concerning ranitidine. Sanofi's Head of Public Affairs and Policy responds on September 23 at 7:55 p.m. to confirm receiving the legal advice. Sanofi has produced a version of Document 7 that redacts the last two sequential emails – the Associate General Counsel's email and the Head of Public Affairs' response.

Sanofi asserts the attorney-client privilege over the last two sequential emails. These emails contain confidential legal communications between in-house counsel and a senior executive. The only people copied on the communication are Sanofi

8

employees. Even though the underlying document contains information that may not have been intended to remain confidential, the information conveyed by and to counsel was intended to remain confidential from anyone outside of Sanofi. The claim that the emails on September 23, 2019, at 3:52 p.m. and 7:55 p.m. fall within the attorney-client privilege is SUSTAINED.

**WHEREFORE,** Sanofi's Motion to Compel Return or Destruction of Privileged Documents is GRANTED IN PART and DENIED IN PART. For those documents or portions of documents for which a privilege claim was sustained, Plaintiffs shall return or destroy the original production and any copies of that production, and shall file a certification of compliance on or before July 19, 2021.

**DONE and ORDERED** in Chambers this 9th day of July, 2021, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE