UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)  MDL NO. 2924
PRODUCTS LIABILITY  20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

ORDER DENYING THE PLAINTIFFS' MOTION FOR ENTRY OF
JUDGMENT UNDER RULE 58(a) IN DISMISSED MEMBER CASES

This cause comes before the Court upon the Plaintiffs' Motion for Entry of Judgment Under Rule 58(a) in Dismissed Member Cases. DE 3863. The Defendants filed Responses to the Motion [DE 3893, 3894, 3895], and the Plaintiffs filed a Reply [DE 3904]. Thus, the matter is ripe for the Court's review. For the reasons set forth below, the Motion is denied.

The Plaintiffs' Motion seeks the entry of two orders. First, the Plaintiffs ask the Court to enter final judgment in certain Plaintiffs' individual cases (cases brought only against Generic, Distributor, and Retailer Defendants) in which they contend the Court has dismissed all claims with prejudice. Second, the Plaintiffs ask the Court to enter an order dismissing with prejudice and without leave to amend certain "innovator-liability" claims that the Court previously dismissed without prejudice and with leave to amend. The Court addresses in turn the relief sought.

I. The Generic, Distributor, and Retailer Defendants

The Court first addresses the relief sought that concerns the Retailer and Distributor Defendants. As to these Defendants, the premise of the Plaintiffs' Motion is that the Court dismissed the individual Plaintiffs' claims against those Defendants with prejudice. That premise is partially incorrect. The Court dismissed the Plaintiffs' negligence claims *in the Amended Master Personal Injury Complaint* against the Retailer and Distributor Defendants *without leave to amend*

and, as a result of the Court's rulings, the Retailers and Distributors need no longer defend against claims in this MDL through the master complaints. But the Court explained that a basis for its decision was the fact that the Plaintiffs' negligence claims were not suited for litigation in an MDL setting:

> If *individual* stores negligently stored ranitidine at unsafe, heated temperatures, how is that a global, MDL-based issue? This scenario was implicated in the Plaintiffs' hypothetical, discussed at the Hearing, of a rogue truck overheating ranitidine in a desert. That hypothetical appears to the Court to be both individualized and fact-specific and likely would have little, if any, bearing on the broader, more global questions in this MDL. This raises a question as to whether, if a specific truck overheated ranitidine in a desert, such a claim is appropriate in this MDL or should it be severed from the MDL. By way of example, medical malpractice actions are sometimes severed from MDL suits against pharmaceutical companies because the individual questions posed by such claims are best addressed outside of an MDL. This MDL was created for the purposes of efficiency, and there is efficiency in adjudicating the common questions of law and fact stemming from the Plaintiffs' allegations that ranitidine was defectively designed and defectively labeled, together with the related causes of actions that flow from that allegation. However, whether or not a specific truck broke down in a desert, contaminating the drugs contained in the truck, would not appear to be a common question of fact in this MDL.

DE 2513 at 36 (citations omitted). The Court gave the Plaintiffs the opportunity to explain how individualized allegations of negligence (such as a negligently overheated lot/pallet of ranitidine or a store with inadequate air-conditioning) should be adjudicated in an MDL, but the Plaintiffs failed to do so:

> [T]he Court gave the Plaintiffs the opportunity to plead a negligence claim that *some* NDMA in the possession of *some* of the Defendants was overheated, provided the Plaintiffs could explain why such a claim should be resolved globally in this MDL. The Plaintiffs did not do so. In sum, while the Court, consistent with its prior rulings, does not doubt that the Plaintiffs could theoretically plead a negligence claim against a specific Defendant in regards to some specific lot of ranitidine, the Plaintiffs have expressly declined to bring such a claim—the Plaintiffs' desire is to hold *all* Defendants liable in a master pleading for *all* sales of ranitidine *without* a concrete, affirmative allegation of breach of duty; any further

2

> amendment under such a theory would be futile for all of the reasons the Court has previously stated.

DE 3716 at 22.

It would only be appropriate for the Court to grant the Plaintiffs' requested relief and enter a final order of dismissal[1] as to the Retailer and Distributor Defendants in every individual case if the Court intended (through its prior rulings) to preclude the individual Plaintiffs from the future opportunity to bring a negligence claim against the Retailer and Distributor Defendants. That is not what the Court intended. The Plaintiffs sought to impose *global* MDL liability on the Defendants without any concrete, particularized, or individualized allegation of negligence. The Court's dismissal rejected this global theory. Such a theory would be akin to Plaintiffs alleging medical malpractice claims against thousands of doctors who prescribed ranitidine. As with negligence claims, medical malpractice claims are highly individualized, highly case-specific claims that do not necessarily lend themselves easily to resolution in an MDL setting. The Court's dismissal of medical malpractice claims from a master pleading (just as the dismissal of Plaintiffs' negligence claims without leave to amend) would not preclude the individual Plaintiffs from *ever* bringing a medical malpractice claim—they simply could not press such a claim in the MDL.

The Court's ruling is consistent with how it has treated matters unsuitable for global MDL resolution. For example, in Pretrial Order # 61, the Court ordered: "To the extent state-specific issues become relevant at a later stage of the litigation, such as the bellwether trial stage, the parties agree that they may seek leave of the Court to raise the issues at that time." Consistent with that

---

[1] The Court notes that the Plaintiffs have requested entry of a final judgment in lieu of a request for entry of a final order of dismissal. For the purposes of this Order, the Court assumes that a final order of dismissal would satisfy the Plaintiffs' request for relief. If that is not the case, the Plaintiffs shall explain why and provide any legal authority in future filings.

3

Pretrial Order, the Court deferred on many state-specific issues in its rulings at the motion to dismiss stage. *E.g.,* DE 3717 at 24. Outside of this Court presiding over a bellwether trial, such state-specific issues will necessarily need to be addressed upon remand. As much as the state-specific issues of law lend themselves to disposition at a subsequent stage of the litigation because of the vast scope of the state-specific issues raised in this MDL through the master complaints, an individualized, *case-specific issue* such as negligence is even more appropriate for adjudication upon remand.

Upon remand, the individual Plaintiffs should have the option to seek through amendment a negligence claim on case-specific facts, provided an individual Plaintiff has a factual basis to do so. That is a matter for the judge upon remand,[2] and in light of the fact that the Court has not dismissed any individual case, the Court declines to enter a final order of dismissal in individual cases as to claims against Retailer and Distributor Defendants.

The Court does not mean to suggest that this MDL is no longer relevant to the negligence claims against the Retailer and Distributor Defendants. For example, the Court will adjudicate a common issue that is highly relevant to the Plaintiffs' negligence claims—general causation. If the Plaintiffs lose on general causation, they will necessarily lose on every claim, including any individualized negligence claim. Similarly, the Court's *Daubert* rulings may limit the number of cancers that an individual Plaintiff may bring. Should only a subset of cancers survive *Daubert*,

---

2 Nothing in the Court's prior orders of dismissal could bar a judge, upon remand, from permitting a claim for negligence through amendment because, at the time of remand, there is no final judgment. *E.g., Merrett v. Liberty Mut. Ins. Co.*, No., 2013 WL 5289095, at *1 (S.D. Fla. Sept. 19, 2013) ("A court may rescind and reverse an interlocutory or non-final order at any time before entry of final judgment." (citing *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970) and Fed. R. Civ. P. 54(b))).

only some of the individual Plaintiffs could litigate an individualized negligence claim.[3] Should the Plaintiffs survive the Defendants' *Daubert* challenges, then, at the proper time, an individual Plaintiff may seek to pursue his or her individualized negligence claim against a Retailer or Distributor Defendant. They simply cannot do so now for all of the reasons set forth in the Court's orders of dismissal.

Turning to the Generic Defendants, the Court's dismissal was with prejudice and, unlike the Retailer and Distributor Defendants, the Court's dismissal had nothing to do with the need for individualized, case-specific facts. It was therefore the Court's intent that, at the proper time and upon proper motion, the Court could enter a final order of dismissal or a final judgment in an individual case. Even so, the Court has not ascertained just how many individual Plaintiffs have filed Short Form Complaints that name *only* Generic Defendants. After internally surveying hundreds of Short Form Complaints, the Court was only able to locate a single Short Form Complaint naming only Generic Defendants. Indeed, in virtually every Short Form Complaint that the Court reviewed the individual Plaintiff named each Defendant involved in the chain of distribution—the manufacturer, the distributor, and the retailer. Additionally, many Short Form Complaints named both Generic and Brand Defendants. The Plaintiffs have not provided the Court with a list of individual Plaintiffs who sued only a Generic Defendant. Due to this lack of specificity from the Plaintiffs, the Court declines at this juncture to enter a final order of dismissal as to the Generic Defendants. Should the Plaintiffs identify all individual Plaintiffs who have named only a Generic Defendant and seek a final order of dismissal as to those cases, nothing in

---

3 The Plaintiffs emphasize that "consolidation [cannot] prejudice rights to which parties would have been due had consolidation never occurred," DE 3863 at 6 (quoting *Hall v. Hall*, 138 S. Ct. 1118, 1128 (2018)), but the preservation of an individual Plaintiff's negligence claim for remand necessarily means that a judge upon remand could revisit any prior order of the Court. *See footnote* 2.

this Order shall preclude the Plaintiffs from filing a more specific renewed motion; however, the Court notes that a subsequent order on the Defendants' forthcoming request for relief under Rule 54(b) may bear on the merits of any renewed motion.

In conclusion, the Court did not preclude individual Plaintiffs from any future claim for negligence against the Retailer and Distributor Defendants—the Court only held that such claims may not be pursued in this MDL, prior to remand. The Plaintiffs' individual cases remain pending.

## II. The Innovator-Liability Claims

The Amended Master Personal Injury Complaint [DE 2759] included two counts brought by Plaintiffs who consumed generic ranitidine products against Defendants that manufactured brand-name ranitidine products: Count XII for negligent misrepresentation under California law and Count XIII for reckless misrepresentation under Massachusetts law. For convenience, the Court refers to these claims as "innovator-liability claims." The Brand-Name Manufacturer Defendants moved to dismiss the innovator-liability claims, and the Court granted in part and denied in part the motion. DE 3719. With respect to every Defendant named as a Brand-Name Manufacturer except for Patheon Manufacturing Services, LLC ("Patheon"), the Court dismissed the claims brought in California and Massachusetts courts for lack of personal jurisdiction. The Court's dismissal was without prejudice and with leave to amend to enable the Plaintiffs to plead that the Brand-Name Manufacturer Defendants made labeling decisions in California and/or Massachusetts. *Id.* at 31, 35-36. The Court also dismissed without prejudice and with leave to amend Count XII brought in California courts against Patheon for the same reason. *Id.* at 35. However, because the Plaintiffs alleged that Patheon is subject to general personal jurisdiction in Massachusetts and the Court determined that Count XIII stated a claim for relief against Patheon,

the Court ruled that Count XIII may proceed against Patheon. *Id.* at 34-36.  The Court declined to determine whether courts outside of California and Massachusetts might apply California or Massachusetts law to the innovator-liability claims, explaining that such a determination required choice-of-law analysis and consideration of plaintiff-specific facts and as such should be made at a later stage of the litigation. *Id.* at 33.

In the instant Motion, the Plaintiffs state that they do not wish to proceed with Count XIII against Patheon and that they are not able to allege that the remaining Brand-Name Manufacturer Defendants made labeling decisions in California or Massachusetts.  The Plaintiffs therefore ask the Court to enter an order dismissing Counts XII and XIII of the Amended Master Personal Injury Complaint with prejudice and without leave to amend.

The Plaintiffs have provided no legal authority for their request to convert the Court's dismissal without prejudice of the innovator-liability claims brought in California and Massachusetts courts to a dismissal with prejudice because the Plaintiffs believe they are unable to replead their allegations of personal jurisdiction in a manner that is consistent with the Court's order.  The Plaintiffs have provided no legal authority to support dismissing with prejudice the innovator-liability claims brought in other states' courts when the Court declined to determine at this stage of the litigation whether such claims are viable.  The Plaintiffs have provided no legal authority to support dismissing with prejudice Count XIII against Patheon—which the Court determined may proceed—simply because they have now chosen not to pursue the claim.

The Court's order did not preclude the Plaintiffs from repleading their innovator-liability claims either in further amended master complaints or in their individual cases.  Thus, the Court cannot grant the relief that the Plaintiffs seek.

7

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Plaintiffs' Motion for Entry of Judgment Under Rule 58(a) in Dismissed Member Cases [DE 3863] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of August, 2021.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record