# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **IN RE ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION**<br><br>This document relates to:<br><br><u>All cases</u> | MDL No. 2924<br><br>Case No. 20-md-2924<br><br>Hon. Robin L. Rosenberg<br>Magistrate Judge Bruce E. Reinhart |

## ANSWER AND AFFIRMATIVE DEFENSES OF GLAXOSMITHKLINE LLC, GLAXOSMITHKLINE HOLDINGS (AMERICAS) INC., AND GLAXOSMITHKLINE PLC

Defendants GlaxoSmithKline LLC, GlaxoSmithKline Holdings (Americas) Inc.,[1] and GlaxoSmithKline plc (collectively "GSK") respectfully submit this Answer and Affirmative Defenses ("Answer") to Plaintiffs' Second Amended Master Personal Injury Complaint ("Complaint").

## PRELIMINARY STATEMENT

The following matters are incorporated by reference into GSK's responses to each paragraph of the Complaint.

A.      GSK is submitting this Answer only on behalf of itself.  Where allegations are made against "Defendants" as a group, however described, GSK's responses only apply to itself.

B.      The Complaint contains purported references to documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context.  These documents and third-party publications and statements should be considered, if at all, in context and in unmodified form, and GSK respectfully refers the Court to the respective documents for their accurate and complete contents.

C.      The Complaint contains purported scientific conclusions and other characterizations of facts that are more properly left to expert testimony.  GSK denies such conclusions and characterizations and respectfully submits that such matters will be addressed through appropriate scientific, medical, or expert testimony.

D.      Except as otherwise expressly stated herein, GSK expressly denies each and every allegation contained in the Complaint, including without limitation any allegations contained in the preamble, unnumbered paragraphs, headings, subheadings, table of contents, and footnotes of the Complaint, and specifically denies any liability to Plaintiffs.

---

[1] GlaxoSmithKline Holdings (Americas) Inc. is incorrectly referred to in the Complaint as "GlaxoSmithKline (America) Inc."

E.      GSK reserves the right to seek to amend and supplement its answer as may be appropriate or necessary.

**RESPONSE TO PLAINTIFFS' COMPLAINT**

To the extent that the titles, headings, subheadings, paragraphs, and footnotes of the Complaint are intended to be allegations directed to GSK, they are, unless specifically admitted, denied.

The allegations in the paragraph preceding the section titled "Introduction" consist of argument and legal conclusions that are incomplete, vague, and overly broad with respect to governing legal requirements, to which no response is required. GSK denies the allegations in this paragraph to the extent they are directed at GSK and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to other Defendants and therefore denies those allegations.

**RESPONSE TO SECTION TITLED "INTRODUCTION"**

1.      GSK denies each and every allegation in this Paragraph except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. Further, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2.         Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information disseminated by the FDA, which speaks for itself. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

3.         Responding to this Paragraph, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

4.         Responding to this Paragraph, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

5.         GSK denies each and every allegation in this Paragraph as to itself, except that GSK admits only that it initiated a voluntary recall of ranitidine products internationally in 2019.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK admits only that this Paragraph purports to refer to FDA actions, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.

6.         Responding to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

7.        Responding to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

8.        GSK denies each and every allegation in this Paragraph, except that GSK admits only that a predecessor entity of GSK was the innovator of Zantac.

9.        The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

10.       The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

11.       The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

12.       GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to itself and therefore denies those allegations.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

13.       GSK denies each and every allegation in this Paragraph except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, that this Paragraph purports to refer to sales figures, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

14.       GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "PARTIES"

15.       GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

16.       GSK denies each and every allegation in this Paragraph as to itself.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

17.       GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

## RESPONSE TO SECTION TITLED "DEFENDANTS"

18.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks

for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

19.        The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to Defendant Boehringer Ingelheim Pharmaceuticals, Inc. and therefore denies those allegations.

20.        The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to Boehringer Ingelheim Corporation and therefore denies those allegations.

21.        The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to Boehringer Ingelheim USA Corporation and therefore denies those allegations.

22.        The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to Defendant Boehringer Ingelheim International GmbH and therefore denies those allegations.

23.        The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or

information sufficient to form a belief as to the truth of the allegations of this Paragraph as to Boehringer Ingelheim Promeco, S.A. de C.V. and therefore denies those allegations.

24.     The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to Boehringer Ingelheim Pharmaceuticals, Inc. and therefore denies those allegations.

25.     GSK admits only that GlaxoSmithKline LLC is a Delaware limited liability company and that its sole member is GlaxoSmithKline Holdings (Americas) Inc.

26.     GSK admits only that GlaxoSmithKline Holdings (Americas) Inc. is a Delaware corporation and that its principal place of business is in Wilmington, Delaware.

27.     GSK admits only that GlaxoSmithKline plc is a public limited company incorporated in England and that its principal place of business is in the United Kingdom.

28.     GSK admits only that Defendants GlaxoSmithKline LLC and GlaxoSmithKline Holdings (Americas) Inc. are subsidiaries of Defendant GlaxoSmithKline plc.

29.     The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to Defendant Pfizer Inc. and therefore denies those allegations.

30.     The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to Defendant Sanofi-Aventis U.S. LLC and therefore denies those allegations.

31.      The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to Defendant Sanofi US Services Inc. and therefore denies those allegations.

32.      The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to non-party Sanofi SA and therefore denies those allegations.

33.      The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to Defendant Patheon Manufacturing Services LLC and therefore denies those allegations.

34.      The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to Defendant Chattem, Inc. and therefore denies those allegations.

35.      The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to Defendant Chattem, Inc. and therefore denies those allegations.

36.      The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or

information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

37.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States.

### RESPONSE TO SECTION TITLED "JURISDICTION AND VENUE"

38.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 28 U.S.C. § 1332(a), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

39.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

40.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 28 U.S.C. § 1391(a), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

41.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 28 U.S.C. § 1407, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

42.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

43.         GSK denies each and every allegation as to itself and admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States.  Responding further, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

44.         GSK denies each and every allegation as to itself and admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States.  Responding further, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

45.         GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

46.         GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to this Court's PTO No. 11 Setting Forth Procedures for Direct Filed Personal Injury Cases, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

**RESPONSE TO SECTION TITLED "FACTUAL ALLEGATIONS"**

**RESPONSE TO SECTION TITLED "I. THE CREATION OF RANITIDINE-CONTAINING PRODUCTS AND THEIR INTRODUCTION TO THE MARKET"**

47.         GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph as to other Defendants and therefore denies those allegations.

**RESPONSE TO SECTION TITLED "A. GSK DEVELOPS ZANTAC THROUGH A FLURRY OF AGGRESSIVE MARKETING MANEUVERS"**

48.         GSK admits only that ranitidine belongs to a class of medications called histamine H2-receptor antagonists.  Responding further to this Paragraph, GSK states that facts relating to the characteristics, chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

49.         GSK admits only that Tagamet belongs to a class of medications called histamine H2-receptor antagonists.

50.         GSK denies each and every allegation in this Paragraph and corresponding footnote 7 except that GSK admits only that GSK formed as a result of mergers and acquisitions of predecessor entities, that certain of the GSK defendants at relevant times were the innovator of Zantac, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

51.         GSK denies each and every allegation in this Paragraph except that GSK admits only that certain of the GSK defendants at relevant times were the innovator of Zantac.

52.     GSK denies each and every allegation in this Paragraph except that GSK admits only that certain of the GSK defendants at relevant times were the innovator of Zantac and that this Paragraph purports to refer to a Patent awarded by the U.S. Patent and Trademark Office, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

53.     GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that this Paragraph purports to refer to a New Drug Application approval awarded by the FDA and sales figures, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.

54.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that this Paragraph purports to refer to information contained in Bates GSKZAN0000348881 and Bates GSKZAN0000348871 cited in footnote 8, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.

55.     GSK admits only that its FDA-approved prescription Zantac had indications including duodenal ulcers and for treatment of patients with gastroesophageal reflux disease (GERD) as set forth in the FDA-approved full prescribing information, and that this Paragraph purports to refer to an FDA approval for Zantac indications, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

56.     GSK admits only that in 1993 GSK Warner-Lambert formed a joint venture to develop over-the-counter ("OTC") versions of Zantac.  GSK further states that this Paragraph purports to refer to information contained in Bates GSKZAN0000022775 cited in footnote 9 and

FDA approvals of NDAs for certain Zantac dose forms, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.

57.     GSK admits only that GSK and Warner-Lambert ended their joint venture in 1998, that Warner-Lambert retained control of the NDAs for OTC Zantac in the United States, and that this Paragraph purports to refer to partnership agreements, trademark rights, and information contained in Bates PFI00245109 cited in footnote 11, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.

58.     The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

59.     GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that this Paragraph purports to refer to a divestiture and transfer agreement, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.

60.     The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

61.     GSK denies the allegations in this Paragraph and admits only that GSK and Pfizer entered into various agreements relating to the manufacture and supply of certain components of OTC Zantac during the time that Pfizer held the rights to OTC Zantac.

62.      The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK admits only that this Paragraph purports to refer to information contained in Bates PFI00191352 cited in footnote 12, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize them. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph as to other Defendants and therefore denies those allegations.

63.      The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK admits only that this Paragraph purports to refer to a divestiture agreement, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize them. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph as to other Defendants and therefore denies those allegations.

64.      GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that this Paragraph purports to refer to NDAs and an annual report cited in footnote 13, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.

65.      The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK admits only that that this Paragraph purports to refer to an ANDA referenced in footnote 14, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize them.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

66.      The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK admits only that that this Paragraph purports to refer to an asset swap agreement, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize them.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

67.      The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK admits only that that this Paragraph purports to refer to information contained in Bates SANOFI_ZAN_MDL_0000208478 cited in footnote 15, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

68.      The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

69.      The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

70.      The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK admits only that this

Paragraph purports to refer to a Stock Asset Purchase Agreement, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

71.     The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK admits only that this Paragraph purports to refer to a 2016 Asset Purchase Agreement, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

72.     GSK denies each and every allegation in this Paragraph and chart as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing and selling Zantac in the United States.  The remaining allegations in this Paragraph and chart are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and chart as to other Defendants and therefore denies those allegations.

**RESPONSE TO SECTION TITLED "II. NDMA IS A CARCINOGEN WHOSE DANGEROUS PROPERTIES ARE WELL ESTABLISHED"**

73.     GSK admits only that this Paragraph purports to refer to information published by the U.S. Environmental Protection Agency cited in footnote 16 and information published by Jane Brody cited in footnote 17, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.  Responding further, GSK states that facts relating

to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

74.        GSK admits only that this Paragraph purports to refer to information published by the U.S. Environmental Protection Agency and the International Agency for Research on Cancer cited in footnote 18, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize them.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

75.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the International Agency for Research on Cancer cited in footnote 18 which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

76.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the U.S. Environmental Protection Agency cited in footnote 20 or statements made by the American Conference of Governmental Industrial Hygienists, which speak for themselves.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

77.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the U.S. Environmental Protection Agency cited in footnotes 21 and 22 or statements made by the Department of Health and Human Services, which speak for themselves.  Responding further, GSK states that facts relating to the risk factors

and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

78.       GSK admits only that this Paragraph purports to refer to information published by the FDA cited in footnote 24 and information contained in Bates ApotexCorp_0000000786 and Amneal_prod 1_0000002938 cited in footnotes 23 and 25, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them. Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

79.       Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the World Health Organization cited in footnote 26 and International Council for Harmonisation of Technical Requirements for Pharmaceuticals for Human Use cited in footnote 27, which speak for themselves. Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

80.       Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase a regulation promulgated by the state of California which speaks for itself. Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

81.       Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the European Medicines Agency cited in footnote 28 which speaks for itself. Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

82.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the Agency for Toxic Substances and Disease Registry cited in footnote 29 which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

83.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the International Register of Potentially Toxic Chemicals which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

84.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the Occupational Safety and Health Administration cited in footnote 30 which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

85.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that this Paragraph purports to refer to uncited internal documents which speak for themselves but denies any attempt by Plaintiffs to interpret or characterize them. Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

86.       GSK admits only that this Paragraph purports to refer to information contained in Bates GSKZAN0000236640 cited in footnote 31, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

87.       GSK admits only that this Paragraph purports to refer to information contained in Bates GSKZAN0000369506 cited in footnote 32 and GSKZAN0000257640 cited in footnotes 33 and 34, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

88.       GSK admits only that this Paragraph purports to refer to information contained in Bates GSKZAN0000163882 cited in footnote 35, a letter cited in footnote 36, Bates GSKZAN0000178581 cited in footnote 37, and Bates GSKZAN0000172037 cited in footnote 38, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them. Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

89.       GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations, except that GSK admits only that this Paragraph purports to refer to information contained in Bates SANOFI_ZAN_MDL_0000169790 cited in footnote 39 and Bates

SANOFI_ZAN_MDL_0000206858 cited in footnote 40, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

90.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations, except that GSK admits only that this Paragraph purports to refer to information contained in Bates DRLMDL0000077291 cited in footnote 41 and Bates DRLMDL0000070414 cited in footnotes 42 and 43, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

91.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations, except that GSK admits only that this Paragraph purports to refer to information contained in Bates DRLMDL0000069991 cited in footnote 44, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it .  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

92.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations, except that GSK admits only that this Paragraph purports to refer to information contained in Bates ApotexCorp_0000030734 cited in footnote 45, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  Responding further, GSK states that facts relating to the

risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

93.	GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations, except that GSK admits only that this Paragraph purports to refer to information contained in Bates GiantEagle_MDL2924_00000303 cited in footnote 46, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

94.	GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations, except that GSK admits only that this Paragraph purports to refer to information contained in Bates LANNETT0006894 cited in footnote 47, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

95.	GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations, except that GSK admits only that this Paragraph purports to refer to information contained in Bates WOCKHARDT00014477 cited in footnote 48, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

96.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations, except that GSK admits only that this Paragraph purports to refer to information contained in Bates Aurobindo_prod2__0000000668 cited in footnote 49 and Aurobindo_prod2__0000000465 cited in footnotes 50 and 51, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

97.        The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

98.        The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

99.        The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK, except that GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the FDA cited in footnote 52 which speaks for itself.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph therefore denies those allegations.

100.        Responding to this Paragraph, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

101.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the FDA cited in footnote 53 which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

102.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information from uncited animal studies which speak for themselves. Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

103.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information from uncited animal studies which speak for themselves. Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

104.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information from uncited animal studies which speak for themselves. Responding further, GSK states that facts relating to the benefits and potential risks of ranitidine and the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

105.        Responding to this Paragraph, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

106.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the EPA cited in footnote 54 which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

107.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information from uncited *in vitro* studies which speak for themselves. Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

108.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information from uncited animal studies which speak for themselves. Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

109.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the EPA cited in footnote 55 which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

110.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the EPA cited in footnote 56 which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of cancer will be addressed through appropriate scientific, medical, or expert testimony.

111.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information from uncited animal and human studies which speak for themselves.   Responding  further,  GSK  states  that  facts  relating  to  the  risk  factors  and

complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

112.       Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Pobel cited in footnote 57 which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

113.       Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by La Vecchia cited in footnote 58 which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

114.       Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Rogers cited in footnote 59 which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

115.       Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Knekt cited in footnote 60 which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

116.       Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Straif cited in footnote 61 which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

117.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Loh cited in footnote 62 which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

118.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Zhu cited in footnote 63 which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

119.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the World Health Organization cited in footnote 64 and information contained in uncited *in vivo* and *in vitro* studies, which speak for themselves.   Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

120.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information in uncited studies which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

### RESPONSE TO SECTION TITLED "III. NDMA IS DISCOVERED IN RANITIDINE-CONTAINING PRODUCTS, LEADING TO MARKET WITHDRAWAL"

121.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that it initiated a voluntary recall of ranitidine products internationally in 2019.  Responding further to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase a publication by ValisureRX LLC, and FDA statement cited in footnote 65 which

speak for themselves.  Responding further, GSK denies any attempt by Plaintiffs to characterize or paraphrase a Citizen Petition by ValisureRX LLC, and the FDA and EMA statements cited in footnote 65, which speak for themselves.  GSK denies Plaintiffs' attempts to characterize the actions of FDA and/or European authorities.  GSK further denies that any conclusions can be drawn from the Valisure Citizen Petition based on gas chromatography because it is not a method recognized by FDA as an appropriate method for testing NDMA in ranitidine.  GSK denies any attempt by Plaintiffs or Valisure to characterize the facts relating to chemistry, benefits, and potential risks of ranitidine.  GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

122.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information disseminated by the FDA cited in footnote 66 which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

123.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information disseminated by the FDA cited in footnote 67 which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

124.     GSK admits only that this Paragraph purports to refer to information disseminated by the FDA cited in footnote 68 and information published by Apotex cited in

footnote 69, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

125.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations, except that GSK admits only that this Paragraph purports to refer to an announcement by CVS, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

126.      Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information disseminated by the FDA cited in footnote 70 which speaks for itself.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

127.      Responding to this Paragraph, GSK admits only that it initiated a voluntary recall of ranitidine products internationally in 2019, and that this Paragraph purports to refer to information published by the UK Government cited in footnote 71 and information published in Reuters in footnote 72, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.

128.      The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Responding further, GSK admits only that this

Paragraph purports to refer to an announcement by the FDA cited in footnote 73, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

129.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations, except that GSK admits only that this Paragraph purports to refer to an announcement by the FDA cited in footnote 74, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

130.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations, except that GSK admits only that this Paragraph purports to refer to an announcement by the FDA cited in footnote 75, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

131.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations, except that GSK admits only that this Paragraph purports to refer to an announcement by the FDA cited in footnote 76, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

132.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the FDA cited in footnote 77, which speaks for itself.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

133.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the FDA cited in footnote 78 and information published by de Flora in footnote 79, which speak for themselves.  Responding further, GSK states

that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

134.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations, except that GSK admits only that this Paragraph purports to refer to announcements by the FDA cited in footnote 80, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.

135.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Emery Pharma, which speaks for itself. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

136.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Emery Pharma and cited in footnote 81, which speaks for itself. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

137.     GSK admits only that this Paragraph purports to refer to information published by the FDA and cited in footnotes 82-86, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

138.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Emery Pharma and the FDA, which speaks

for itself.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

139.     GSK admits only that this Paragraph purports to refer to information published by Newkirk and Berfield cited in footnote 87, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  Responding further to this Paragraph, GSK denies any attempts by Plaintiffs to interpret or characterize any actions taken or not taken by FDA and other markets and regulators, which speak for themselves

140.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the European Medicines Agency and cited in footnote 88, which speaks for itself.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

141.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the European Medicines Agency and cited in footnote 89, which speaks for itself.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

## RESPONSE TO SECTION TITLED "IV. HOW RANITIDINE TRANSFORMS INTO NDMA"

142.     Responding to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  Responding further to this Paragraph, GSK denies Plaintiffs' characterization and depiction of the ranitidine molecule in Figure 1.

143.        Responding to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

144.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Ogawa cited in footnote 90 and Mitch cited in footnote 91, which speak for themselves.  Responding further, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

145.        Responding to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

### RESPONSE TO SECTION TITLED "A. FORMATION OF NDMA IN THE ENVIRONMENT OF THE HUMAN STOMACH"

146.        Responding to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

147.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by de Flora cited in footnote 92, which speaks for itself.  Responding further to footnote 93 of this Paragraph, GSK denies each and every allegation as to itself, except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information and that this footnote purports to refer to an FDA approval package, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  Responding further to this Paragraph, GSK states that facts relating to the

chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

148.        GSK denies each and every allegation in this Paragraph, and further denies any attempt by Plaintiffs to characterize or paraphrase information published by Brittain cited in footnote 94, which speaks for itself.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

149.        GSK denies each and every allegation in this Paragraph, except that GSK admits only that this Paragraph purports to refer to a publication by Edwards cited in footnote 95, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

150.        GSK denies each and every allegation in this Paragraph, except that GSK admits only that this Paragraph purports to refer to a publication by the Senate Committee on Finance cited in footnote 96, a publication by the U.S. Department of Justice cited in footnote 97, and a Sanofi webpage cited in footnote 98, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.

151.        GSK denies each and every allegation in this Paragraph, except that GSK admits only that this Paragraph purports to refer to information contained in Bates GSKZAN0000050413 cited in footnote 99, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

152.        GSK denies each and every allegation in this Paragraph, except that GSK admits only that this Paragraph purports to refer to information contained in Bates

GSKZNDAA0000071900 cited in footnote 100, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

153.      GSK denies each and every allegation in this Paragraph, except that GSK admits only that this Paragraph purports to refer to a Summary Basis of Approval cited in footnote 101, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

154.      GSK denies each and every allegation in this Paragraph, except that GSK admits only that this Paragraph purports to refer to a Summary Basis of Approval cited in footnote 102, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

155.      GSK denies each and every allegation in this Paragraph.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

156.      GSK denies each and every allegation in this Paragraph, except that GSK admits only that this Paragraph purports to refer to a study by Thomas cited in footnotes 103 and 104, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

157.        GSK denies each and every allegation in this Paragraph, except that GSK admits only that this Paragraph purports to refer to an uncited GSK study, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

158.        GSK denies each and every allegation in this Paragraph, except that GSK admits only that this Paragraph purports to refer to a publication by Maura cited in footnote 105, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

159.        GSK denies each and every allegation in this Paragraph, except that GSK admits only that this Paragraph purports to refer to a publication by de Flora cited in footnote 106, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

160.        GSK denies each and every allegation in this Paragraph as to itself, except that GSK admits only that this Paragraph purports to refer to information contained in uncited Defendant documents and in Bates SANOFI_ZAN_MDL-0000033849- SANOFI_ZAN_MDL_0000033891, at SANOFI_ZAN_MDL_0000033873 cited in footnote 107, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants

and therefore denies those allegations.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

161.    GSK denies each and every allegation in this Paragraph, except that GSK admits only that this Paragraph purports to refer to information contained in Bates GSKZNDAA0000072103-GSKZNDAA0000072128 cited in footnote 108, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

162.    GSK denies each and every allegation in this Paragraph, except that GSK admits only that this Paragraph purports to refer to information contained in Bates GSKZAN0000369313 cited in footnote 109 and Bates GSKZNDAA0000636549 cited in footnote 110, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

163.    Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Le Roux cited in footnote 111, which speaks for itself.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

164.    Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Krawczynski and purportedly contained in Bates GSKZAN0000235261cited in footnote 112, which speaks for itself.  Responding further,

GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

165.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

166.        Responding to this Paragraph, GSK denies that any conclusions can be drawn from the 2016 "Stanford study" because the study authors retracted the study and admitted their testing method was flawed and "that their NDMA measurements are not reliable." *See* Teng Zeng & William A. Mitch, Retraction, Carcinogenesis (May 4, 2021).  GSK otherwise denies the remaining allegations in this Paragraph.

167.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

168.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information or allegations set forth by Valisure, either uncited or cited in footnote 114, and information published by the FDA, cited in footnote 115, which speak for themselves.  GSK further denies that any conclusions can be drawn from the Valisure Citizen Petition based on gas chromatography because it is not a method recognized by FDA as an appropriate method for testing NDMA in ranitidine.  GSK denies any attempt by Plaintiffs or Valisure to characterize the facts relating to chemistry, benefits, and potential risks of ranitidine.

Responding further to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

169.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information or allegations set forth by Valisure, which speak for themselves.  GSK further denies that any conclusions can be drawn from the Valisure Citizen Petition based on gas chromatography because it is not a method recognized by FDA as an appropriate method for testing NDMA in ranitidine.  GSK denies any attempt by Plaintiffs or Valisure to characterize the facts relating to chemistry, benefits, and potential risks of ranitidine. Responding further to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

170.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information or allegations set forth by Valisure, which speak for themselves.  GSK further denies that any conclusions can be drawn from the Valisure Citizen Petition based on gas chromatography because it is not a method recognized by FDA as an appropriate method for testing NDMA in ranitidine.  GSK denies any attempt by Plaintiffs or Valisure to characterize the facts relating to chemistry, benefits, and potential risks of ranitidine. Responding further to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

171.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information or allegations set forth by Valisure, which speak for

themselves.  Responding further, GSK denies any attempt by Plaintiffs or Valisure to characterize the facts relating to chemistry, benefits, and potential risks of ranitidine.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

172.     GSK admits only that this Paragraph purports to refer to information published in marketing materials cited in footnote 116, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

173.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information or allegations set forth by Valisure, uncited and cited in Table 2, which speak for themselves.  Responding further, GSK denies any attempt by Plaintiffs or Valisure to characterize the facts relating to chemistry, benefits, and potential risks of ranitidine. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

174.     GSK denies any attempt by Plaintiffs or Valisure to characterize the facts relating to chemistry, benefits, and potential risks of ranitidine.  GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

175.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the FDA, which speaks for itself.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

176.       Responding to this Paragraph, GSK denies any attempt by Plaintiffs or Valisure to characterize or paraphrase scientific data and literature, which speak for themselves. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

## RESPONSE TO SECTION TITLED "B. FORMATION OF NDMA IN OTHER ORGANS OF THE HUMAN BODY"

177.       Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information or allegations set forth by Valisure, which speak for themselves.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

178.       Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information or allegations set forth by Valisure and information published by Ogawa cited in footnote 117, which speak for themselves.  Responding further, GSK denies any attempt by Plaintiffs or Valisure to characterize the facts relating to chemistry, benefits, and potential risks of ranitidine.  GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

179.       Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Valisure including Figure 2, which speaks for itself.  Responding further, GSK denies any attempt by Plaintiffs or Valisure to characterize the facts relating to chemistry, benefits, and potential risks of ranitidine.  GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

180.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Valisure, which speaks for itself.  Responding further, GSK denies any attempt by Plaintiffs or Valisure to characterize the facts relating to chemistry, benefits, and potential risks of ranitidine.  GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

181.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by the National Center for Biotechnology Information including Figure 3, which speaks for itself.  Responding further, GSK denies any attempt by Plaintiffs or Valisure to characterize the facts relating to chemistry, benefits, and potential risks of ranitidine.  GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

182.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information or allegations set forth by Valisure, or information published by the National Center for Biotechnology Information which speaks for itself.  Responding further, GSK denies any attempt by Plaintiffs or Valisure to characterize the facts relating to chemistry, benefits, and potential risks of ranitidine.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

183.     Responding to this Paragraph, GSK denies that any conclusions can be drawn from the 2016 "Stanford study" because the study authors retracted the study and admitted their testing method was flawed and "that their NDMA measurements are not reliable."  *See* Teng Zeng & William A. Mitch, Retraction, Carcinogenesis (May 4, 2021).  Responding further, GSK

denies any attempt by Plaintiffs or Valisure to characterize the facts relating to chemistry, benefits, and potential risks of ranitidine.  GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

## RESPONSE TO SECTION TITLED "C. FORMATION OF NDMA BY EXPOSURE TO HEAT, MOISTURE, AND/OR TIME"

184.     GSK denies each and every allegation in this Paragraph, except that GSK admits only that this Paragraph purports to characterize or paraphrase an uncited GSK study and an uncited publication by Valisure, which speak for themselves.  GSK further denies that any conclusions can be drawn from the Valisure Citizen Petition based on gas chromatography because it is not a method recognized by FDA as an appropriate method for testing NDMA in ranitidine. Responding further, GSK denies any attempt by Plaintiffs or Valisure to characterize the facts relating to chemistry, benefits, and potential risks of ranitidine.  Responding further to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

185.     Responding to this Paragraph, GSK admits only that this Paragraph purports to characterize or paraphrase information published by the FDA, which speaks for itself. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

186.     Responding to this Paragraph, GSK admits only that this Paragraph purports to characterize or paraphrase information published by Emery Pharma and cited in Figure 4, which speaks for itself.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

187.     Responding to this Paragraph, GSK admits only that this Paragraph purports to characterize or paraphrase information published by Emery Pharma cited in footnote 118, which speaks for itself.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

188.     Responding to this Paragraph, GSK admits only that this Paragraph purports to characterize or paraphrase information published by Emery Pharma, which speaks for itself. Responding further to this paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase FDA actions, which speak for themselves.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  GSK further states that the allegations in this Paragraph are denied.

189.     GSK admits only that this Paragraph purports to refer to a publication by Woodcock cited in footnote 119, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of Zantac and/or ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

190.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Valisure or disseminated by the FDA, which speak for themselves, and denies any attempt by Plaintiffs to characterize any actions taken or not taken by "regulatory authorities throughout the world," which speak for themselves.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of Zantac and/or ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

191.          Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Valisure or disseminated by the FDA, which speak for themselves.  Responding further to this Paragraph, GSK denies each and every allegation in this Paragraph as to itself and admits only that it conducted a root cause analysis of NDMA in ranitidine products.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

192.          GSK denies each and every allegation in this Paragraph, except that GSK admits only that this paragraph purports to refer to information contained in Bates GSKZAN0000052019-GSKZAN0000052127 cited in footnotes 120-122, which speak for themselves, but denies any attempt by Plaintiffs to characterize or paraphrase them.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of Zantac and/or ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

193.          The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to Sanofi and therefore denies those allegations.  Responding further, GSK admits only that this paragraph purports to refer to information contained in Bates SANOFI_ZAN_MDL_0000151458 cited in footnote 123, which speaks for itself, but denies any attempt by Plaintiffs to characterize or paraphrase it.

194.          The allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or

information sufficient to form a belief as to the truth of the allegations of this Paragraph as to Sanofi and therefore denies those allegations.  Responding further, GSK admits only that this paragraph purports to refer to information contained in Bates SANOFI_ZAN_MDL_0000166517-527, at p.11 cited in footnote 124, which speaks for itself, but denies any attempt by Plaintiffs to characterize or paraphrase it.

195.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

196.    GSK denies each and every allegation in this Paragraph as to itself, and further denies any attempt by Plaintiffs to characterize or paraphrase information contained in uncited documents produced by Defendants and information contained in Bates BOE_ZAN_MDL_0000203482,    GSKZAN0000178835,    DRLMDL0000087754,    and DRLMDL0000077957, cited in footnote 125, which speak for themselves.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

## RESPONSE TO SECTION TITLED "V. EVIDENCE DIRECTLY LINKS RANITIDINE EXPOSURE TO CANCER"

197.    Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information in uncited studies, which speak for themselves.

Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

198.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Michaud and cited in footnote 126, which speaks for itself.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

199.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Mathes and cited in footnote 127, which speaks for itself.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

200.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Habel and cited in footnote 128, which speaks for itself.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

201.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Tran and cited in footnote 129, which speaks for itself.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

202.      Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Shao and cited in footnote 130, which speaks for itself.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of H2 blockers will be addressed through appropriate scientific, medical, or expert testimony.

203.      Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Mathes, Ahn, Lai, Poulsen, and Wennerström cited in footnote 131, and Adamson cited in footnote 132, which speak for themselves. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

### RESPONSE TO SECTION TITLED "VI. DEFENDANTS KNEW OR SHOULD HAVE KNOWN OF THE NDMA RISK"

204.      Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by de Flora cited in footnote 133, which speaks for itself.  Responding further to this paragraph, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of Zantac will be addressed through appropriate scientific, medical, or expert testimony.

205.      Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Carey in footnote 134, which speaks for itself.

Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

206.        GSK denies each and every allegation in this Paragraph as to itself. Responding further to this paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by de Flora cited in footnote 135, and uncited information purportedly disseminated by GSK, which speak for themselves.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of Zantac will be addressed through appropriate scientific, medical, or expert testimony.

207.        GSK denies each and every allegation in this Paragraph as to itself. Responding further to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published in allegedly numerous uncited studies and by Thomas cited in footnote 136, and information disseminated by GSK, which speak for themselves, and further denies Plaintiffs' characterization of Thomas as "flawed" and "inadequate."  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of Zantac will be addressed through appropriate scientific, medical, or expert testimony.

**RESPONSE TO SECTION TITLED "THE FEDERAL REGULATORY LANDSCAPE"**

208.          GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

**RESPONSE TO SECTION TITLED "I. MANUFACTURER DEFENDANTS MADE FALSE STATEMENTS IN THE LABELING OF RANITIDINE-CONTAINING PRODUCTS"**

209.          GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 21 C.F.R. § 201.5 cited in footnote 137 and § 201.15 cited in footnote 138, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.

210.          GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 65 Fed. Reg. 14286 cited in footnote 139, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

211.          GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to *United States v. Research Labs.*, 126 F.2d 42, 45 (9th Cir. 1942) cited in footnote 140, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

212.          GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 21 C.F.R. § 211.166(a) cited in footnotes 141 and 142, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

213.          GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 21 C.F.R. § 211.166(a) cited in footnote 143, 21 C.F.R. § 211.137(a) cited in footnote 144 and

21 C.F.R. § 211.137(b) cited in footnote 145, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.

214.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

215.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 43 Fed. Reg. 45059 (Sept. 29, 1978) cited in footnote 146, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

216.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 21 C.F.R. § 211.166(b) cited in footnote 147, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

217.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 21 C.F.R. §§ 211.166(b) cited in footnote 148, and §§ 314.70 and 314.71, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.

218.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 21 C.F.R. § 314.70(b) cited in footnote 149, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

219.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer

to 21 C.F.R. §§ 314.70(c)(3) and (c)(6) cited in footnote 150, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.

220.         GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 21 C.F.R § 314.70(c)(6)(i) cited in footnote 151 and 65 Fed. Reg. 83042 (Dec. 29, 2000) cited in footnote 152, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.

221.         GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 21 C.F.R. § 211.137(a) cited in footnote 153, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

222.         GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 21 C.F.R. §§ 314.70(c)(6)(iii)(A), (C), and (D), cited in footnote 154, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.

223.         GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 21 C.F.R. 314.70 (d)(2)(ix) cited in footnote 155, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

224.         GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 21 C.F.R. §§ 314.70 (d)(2)(vi), (d)(2)(vii), and (d)(2)(x) cited in footnote 156, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.

225.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

226.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

227.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

228.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that at all relevant times, the labeling for GSK's Zantac products contained expiration dates approved by the FDA, which were not shortened.  GSK further denies the allegations of this Paragraph as conclusions of law to which no response is required.  The

remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

229.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

**RESPONSE TO SECTION TITLED "II. FEDERAL LAW REQUIRED THE DEFENDANTS TO NOTIFY THE FDA ABOUT THE PRESENCE OF NDMA IN RANITIDINE-CONTAINING PRODUCTS"**

230.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

231.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

232.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 21 C.F.R. § 314.81(b)(2), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

233.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 21 C.F.R. § 314.81(b)(2)(v), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

234.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

235.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph  are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

236.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize

it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

237.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing and selling Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  Responding further, GSK denies any attempt by Plaintiffs to characterize any decisions made, actions taken, or documents published by FDA, which speak for themselves.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

### RESPONSE TO SECTION TITLED "III. GOOD MANUFACTURING PRACTICES"

238.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 21 U.S.C. § 351(a)(2)(B), cited in footnote 157, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

239.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 21 C.F.R. § 210.1(a), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

240.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Responding further, GSK admits only that this Paragraph purports to refer to 21 C.F.R. § 211.142(b), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

241.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Woodcock cited in footnote 158, information published by the FDA, and a citizen petition from Emery, which speak for themselves.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

242.        GSK denies each and every allegation in this Paragraph except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

## RESPONSE TO SECTION TITLED "PLAINTIFFS' USE OF RANITIDINE-CONTAINING PRODUCTS"

243.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

244.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph regarding Plaintiffs' product usage and therefore denies

those allegations.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

245.       GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

246.       GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

247.       GSK denies each and every allegation in this Paragraph as to itself. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants.

248.       GSK denies each and every allegation in this Paragraph as to itself, except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs.

249.       GSK denies each and every allegation in this Paragraph as to itself, except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the

business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs.

250.     GSK denies each and every allegation in this Paragraph as to itself, except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs.

251.     GSK denies each and every allegation in this Paragraph as to itself, except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  Responding further,

GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs.

252.     GSK denies each and every allegation in this Paragraph as to itself, except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs.

253.     GSK denies each and every allegation in this Paragraph as to itself. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response is required from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs.

254.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response is required from GSK.  To the extent a response is required, GSK lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs.

## RESPONSE TO SECTION TITLED "TOLLING / FRAUDULENT CONCEALMENT"

255.     GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

256.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

257.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

258.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

259.     GSK denies each and every allegation in this Paragraph as to itself.  GSK further denies the allegations of this Paragraph as conclusions of law to which no response is required.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

260.        GSK denies each and every allegation in this Paragraph as to itself.  GSK further denies the allegations of this Paragraph as conclusions of law to which no response is required.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

## RESPONSE TO SECTION TITLED "EXEMPLARY / PUNITIVE DAMAGES ALLEGATIONS"

261.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

262.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

263.       GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "CAUSES OF ACTION"

## RESPONSE TO SECTION TITLED "COUNT I: STRICT PRODUCTS LIABILITY—FAILURE TO WARN THROUGH WARNINGS AND PRECAUTIONS"

264.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

265.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here and admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States.

266.       Responding to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

267.       Responding to this Paragraph, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

268.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize

it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

269.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

270.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

271.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

272.     GSK denies each and every allegation in this Paragraph as to itself. Responding further to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by de Flora, which speaks for itself.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

273.         Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by GSK, which speaks for itself.

274.         Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information disseminated by GSK, which speaks for itself.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

275.         GSK denies each and every allegation in this Paragraph as to itself. Responding further to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information in a study conducted by GSK, which speaks for itself.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

276.         Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information in a study conducted by GSK, which speaks for itself. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

277.         Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information in a study conducted by GSK, which speaks for itself. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

278.         Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information in a study conducted by GSK and information published by the University of Genoa, which speak for themselves.  Responding further, GSK states that

facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

279.      GSK denies each and every allegation in this Paragraph as to itself. Responding further to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by de Flora, which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

280.      Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published in an uncited study, which speaks for itself. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

281.      Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published in an uncited study, which speaks for itself. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

282.      Responding to this Paragraph, GSK denies that any conclusions can be drawn from the 2016 "Stanford study" because the study authors retracted the study and admitted their testing method was flawed and "that their NDMA measurements are not reliable."  *See* Teng Zeng & William A. Mitch, Retraction, Carcinogenesis (May 4, 2021).  GSK otherwise denies the remaining allegations in this Paragraph.

283.      Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Valisure and information published by the FDA cited in footnote 159, which speak for themselves.  GSK further denies that any conclusions

can be drawn from the Valisure Citizen Petition based on gas chromatography because it is not a method recognized by FDA as an appropriate method for testing NDMA in ranitidine.  Responding further, GSK denies any attempt by Plaintiffs or Valisure to characterize the facts relating to chemistry, benefits, and potential risks of ranitidine.  GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

284.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Valisure, which speaks for itself.  GSK further denies that any conclusions can be drawn from the Valisure Citizen Petition based on gas chromatography because it is not a method recognized by FDA as an appropriate method for testing NDMA in ranitidine.  Responding further, GSK denies any attempt by Plaintiffs or Valisure to characterize the facts relating to chemistry, benefits, and potential risks of ranitidine.  GSK states that facts relating to chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

285.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Valisure, which speaks for itself.  GSK further denies that any conclusions can be drawn from the Valisure Citizen Petition based on gas chromatography because it is not a method recognized by FDA as an appropriate method for testing NDMA in ranitidine.  Responding further, GSK denies any attempt by Plaintiffs or Valisure to characterize the facts relating to chemistry, benefits, and potential risks of ranitidine.  GSK states that facts relating to chemistry, benefits, or potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

286.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

287.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

288.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

289.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

290.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

291.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

292.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining

allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

293.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

294.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

295.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

296.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants, Plaintiffs, and their doctors and therefore denies those allegations.

297.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining

allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

298.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.   The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

299.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants, Plaintiffs, and their doctors and therefore denies those allegations.

300.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize

it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

301.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

302.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

303.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

304.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

305.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize

it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

### RESPONSE TO SECTION TITLED "SUB-COUNT I-1 ALABAMA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

306.　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

307.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

308.　　GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

309.　　GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 309, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-2 ALASKA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

310.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

311.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

312.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

313.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 313, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-3 ARIZONA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

314.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

315.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

316.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

317.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 317, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-4 ARKANSAS: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

318.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

319.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

320.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

321.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 321, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-5 CALIFORNIA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

322.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

323.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

324.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

325.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 325, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT I-6 COLORADO: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

326.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

327.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

328.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

329.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 329, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT I-7 CONNECTICUT: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

330.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

331.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to Conn. Gen.

Stat. § 52-572q, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

332.         GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

333.         GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 333, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-8 DISTRICT OF COLUMBIA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

334.         GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

335.         GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

336.         GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

337.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 337, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT I-9 FLORIDA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

338.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

339.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

340.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

341.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 341, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-10 GEORGIA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

342.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

343.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

344.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

345.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 345, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-11 HAWAII: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

346.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

347.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

348.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

349.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 349, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-12 IDAHO: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

350.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

351.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

352.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

353.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 353, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT I-13 ILLINOIS: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

354.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

355.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

356.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

357.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 357, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-14 INDIANA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

358.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

359.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

360.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

361.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 361, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-15 KANSAS: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

362.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

363.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

364.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

365.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 365, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-16 KENTUCKY: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

366.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

367.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

368.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

369.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 369, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT I-17 LOUISIANA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

370.　　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

371.　　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to La. Rev. Stat. § 9:2800.53(9), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

372.　　　GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

373.　　　GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 373, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT I-18 MAINE: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

374.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

375.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to La. Rev. Stat. § 9:2800.53(9), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

376.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

377.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 377, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT I-19 MARYLAND: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

378.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

379.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

380.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

381.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 381, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT I-20 MICHIGAN: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

382.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

383.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

384.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

385.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 385, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-21 MINNESOTA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

386.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

387.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

388.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

389.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 389, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-22 MISSISSIPPI: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

390.         GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

391.         GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

392.         GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

393.         GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 393, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-23 MISSOURI: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

394.         GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

395.         GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

396.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

397.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 397, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT I-24 MONTANA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

398.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

399.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

400.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

401.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 401, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT I-25 NEBRASKA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

402.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

403.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

404.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

405.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 405, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-26 NEVADA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

406.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

407.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

408.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

409.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 409, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-27 NEW HAMPSHIRE: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

410.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

411.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

412.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

413.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 413, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-28 NEW JERSEY: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

414.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

415.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

416.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

417.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 417, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT I-29 NEW MEXICO: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

418.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

419.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to *Serna v. Roche Labs., Div. of Hoffman-LaRoche, Inc.*, 101 N.M. 522, 524 (N.M. Ct. App. 1984), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

420.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

421.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 421, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-30 NEW YORK: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

422.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

423.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

424.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

425.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 425, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-31 NORTH DAKOTA: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

426.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

427.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

428.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

429.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 429, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT I-32 OHIO: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

430.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

431.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

432.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

433.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 433, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT I-33 OKLAHOMA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

434.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

435.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

436.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

437.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 437, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-34 OREGON: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

438.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

439.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

440.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

441.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 441, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-35 PUERTO RICO: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

442.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

443.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

444.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

445.       GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 445, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT I-36 RHODE ISLAND: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

446.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

447.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

448.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

449.       GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 449, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT I-37 SOUTH CAROLINA: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

450.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

451.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

452.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

453.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 453, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-38 SOUTH DAKOTA: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

454.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

455.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

456.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

457.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 457, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-39 TENNESSEE: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

458.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

459.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

460.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

461.       GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 461, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-40 TEXAS: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

462.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

463.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

464.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

465.       GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 465, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-41 UTAH: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

466.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

467.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

468.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

469.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 469, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-42 VERMONT: STRICT
PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH
WARNINGS AND PRECAUTIONS"**

470.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

471.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

472.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

473.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 473, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT I-43 WASHINGTON: STRICT
PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH
WARNINGS AND PRECAUTIONS"**

474.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

475.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to RCW

7.72.030(1)(b), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

476.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

477.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 477, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT I-44 WEST VIRGINIA: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

478.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

479.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

480.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

481.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 481, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT I-45 WISCONSIN: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

482.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

483.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to Wis. Stat. § 895.047(a)(1), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

484.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

485.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 485, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT I-46 WYOMING: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

486.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

487.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

488.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

489.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 489, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "COUNT II: NEGLIGENCE—FAILURE TO WARN THROUGH WARNINGS AND PRECAUTIONS"

490.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as to itself as though fully contained here. The remaining allegations in this Paragraph are not directed at GSK and therefore require no

response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

491.     Responding to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

492.     Responding to this Paragraph, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

493.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

494.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

495.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize

it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

496.       GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

497.       GSK denies each and every allegation in this Paragraph as to itself. Responding further to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by de Flora, which speaks for itself.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

498.       GSK denies each and every allegation in this Paragraph as to itself. Responding further to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by GSK, which speaks for itself.

499.       GSK denies each and every allegation in this Paragraph as to itself. Responding further to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information disseminated by GSK, which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

500.       Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information in a study conducted by GSK, which speaks for itself.

Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

501.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information in a study conducted by GSK, which speaks for itself. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

502.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information in a study conducted by GSK, which speaks for itself. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

503.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information in a study conducted by GSK and information published by the University of Genoa, which speak for themselves.  GSK further denies Plaintiffs' characterization of the GSK's study as "flawed."  Responding further to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

504.     GSK denies each and every allegation in this Paragraph as to itself. Responding further to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by de Flora, which speaks for itself.  Responding further, GSK

states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

505.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published in an uncited study, which speaks for itself. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

506.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published in an uncited study, which speaks for itself. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

507.     Responding to this Paragraph, GSK denies that any conclusions can be drawn from the 2016 "Stanford study" because the study authors retracted the study and admitted their testing method was flawed and "that their NDMA measurements are not reliable." *See* Teng Zeng & William A. Mitch, Retraction, Carcinogenesis (May 4, 2021).  GSK otherwise denies the remaining allegations in this Paragraph.

508.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Valisure, which speaks for itself.  GSK further denies that any conclusions can be drawn from the Valisure Citizen Petition based on gas chromatography because it is not a method recognized by FDA as an appropriate method for testing NDMA in ranitidine.  GSK denies any attempt by Plaintiffs or Valisure to characterize the facts relating to chemistry, benefits, and potential risks of ranitidine.  Responding further to this Paragraph, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

509.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

510.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

511.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

512.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

513.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

514.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

515.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining

allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

516.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

517.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

518.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants, Plaintiffs, and Plaintiffs' doctors and therefore denies those allegations.

519.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

520.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining

allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

521.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

522.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

523.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony. The remaining

allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

524.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

525.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extend a response is required, GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

526.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

527.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

## RESPONSE TO SECTION TITLED "SUB-COUNT II-1 ALABAMA: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

528.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

529.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

530.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

531.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 531, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT II-2 ALASKA: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

532.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

533.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

534.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

535.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 535, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT II-3 ARIZONA: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

536.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

537.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

538.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

539.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 539, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT II-4 ARKANSAS: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

540.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

541.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

542.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

543.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 543, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT II-5 CALIFORNIA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

544.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

545.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

546.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

547.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 547, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT II-6 COLORADO: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

548.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

549.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

550.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

551.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 551, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT II-7 CONNECTICUT: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

552.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

553.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to Conn. Gen. Stat. § 52-572q, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

554.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

555.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 555, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT II-8 DELAWARE: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

556.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

557.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

558.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

559.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 559, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT II-9 DISTRICT OF COLUMBIA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

560.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

561.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

562.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

563.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 563, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT II-10 FLORIDA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

564.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

565.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

566.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

567.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 567, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT II-11 GEORGIA: NEGLIGENCE—
FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

568.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

569.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

570.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

571.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 571, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT II-12 HAWAII: NEGLIGENCE—
FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

572.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

573.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

574.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing

information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

575. GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 575, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT II-13 IDAHO: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

576. GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

577. GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

578. GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

579. GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 579, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT II-14 ILLINOIS: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

580.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

581.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

582.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

583.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 583, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT II-15 INDIANA: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

584.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

585.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

586.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

587.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 587, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT II-16 IOWA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

588.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

589.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

590.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

591.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 591, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT II-17 KANSAS: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

592.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

593.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

594.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

595.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 595, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT II-18 KENTUCKY:
NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND
PRECAUTIONS"**

596.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

597.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

598.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

599.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 599, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint

**RESPONSE TO SECTION TITLED "SUB-COUNT II-19 MAINE: NEGLIGENCE—
FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

600.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

601.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

602.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

603.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 603, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT II-20 MARYLAND: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

604.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

605.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

606.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

607.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 607, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT II-21 MASSACHUSETTS: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

608.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

609.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

610.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

611.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 611, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT II-22 MICHIGAN: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

612.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

613.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

614.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

615.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 615, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT II-23 MINNESOTA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

616.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

617.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

618.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

619.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 619, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT II-24 MISSISSIPPI: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

620.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

621.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

622.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

623.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 623, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT II-25 MISSOURI: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

624.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

625.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

626.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

627.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 627, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT II-26 MONTANA: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

628.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

629.          GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

630.          GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

631.          GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 631, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT II-27 NEBRASKA: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

632.          GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

633.          GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

634.          GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

635.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 635, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT II-28 NEVADA: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

636.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

637.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

638.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

639.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 639, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT II-29 NEW HAMPSHIRE: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

640.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

641.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

642.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

643.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 643, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT II-30 NEW MEXICO: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

644.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

645.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to *Roche Labs.,*

*Div. of Hoffman-LaRoche, Inc.*, 101 N.M. 522, 524 (N.M. Ct. App. 1984), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

646.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

647.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 647, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT II-31 NEW YORK: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

648.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

649.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

650.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

651.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 651, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT II-32 NORTH CAROLINA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

652.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

653.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

654.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

655.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 655, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT II-33 NORTH DAKOTA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

656.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

657.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

658.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

659.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 659, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT II-34 OKLAHOMA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

660.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

661.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

662.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

663.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 663, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT II-35 OREGON: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

664.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

665.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

666.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

667.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 667, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT II-36 PENNSYLVANIA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

668.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

669.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

670.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

671.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 671, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT II-37 PUERTO RICO: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

672.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

673.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

674.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK, To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

675.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 675, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint

**RESPONSE TO SECTION TITLED "SUB-COUNT II-38 RHODE ISLAND: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

676.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

677.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

678.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK, To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

679.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 679, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT II-39 SOUTH CAROLINA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

680.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

681.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

682.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK, To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

683.       GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 683, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT II-40 SOUTH DAKOTA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

684.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

685.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

686.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK, To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

687.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 687, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT II-41 TENNESSEE: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

688.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

689.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

690.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK, To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

691.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 691, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT II-42 TEXAS: NEGLIGENCE—
FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

692.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

693.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

694.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK, To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

695.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 695, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT II-43 UTAH: NEGLIGENCE—
FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

696.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

697.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

698.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK, To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

699.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 699, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT II-44 VERMONT: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

700.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

701.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

702.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK, To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

703.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 703, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT II-45 VIRGINIA: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

704.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

705.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

706.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize

it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK, To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

707.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 707, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT II-46 WEST VIRGINIA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"**

708.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

709.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

710.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK, To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants

and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

711.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 711, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT II-47 WISCONSIN: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS"

712.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

713.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

714.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK, To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

715.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 715, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT II-48 WYOMING: NEGLIGENCE— FAILURE TO WARN CONSUMERS THRO`UGH WARNINGS AND PRECAUTIONS"

716.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

717.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

718.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK, To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

719.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 719, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "COUNT III: STRICT PRODUCTS LIABILITY— FAILURE TO WARN THROUGH PROPER EXPIRATION DATES"

720.　　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as to itself as though fully contained here.

721.　　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as to itself as though fully contained here. GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

722.　　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as to itself as though fully contained here. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations. Further responding, GSK states that facts relating to the

chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

723.     Responding to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

724.     Responding to this Paragraph, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

725.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

726.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants

and therefore denies those allegations. Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

727. GSK denies each and every allegation in this Paragraph as to itself. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

728. GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to 21 C.F.R. § 211.137, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

729. GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to 21 C.F.R. § 211.166, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

730.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that it is aware of regulations applicable to storage conditions and that those regulations speak for themselves.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

731.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

732.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

733.     GSK denies each and every allegation in this Paragraph as to itself except GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

734.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.   The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

735.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony. GSK states that facts relating to the chemistry, risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony   The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

736.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing

information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

737.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

738.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

739.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

740.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

741.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States and that

its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

742.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

743.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

744.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  Further, GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

745.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

746.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing

information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

### RESPONSE TO SECTION TITLED "SUB-COUNT III-1 ALABAMA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

747.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

748.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

749.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations. Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

750.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 750, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT III-2 ALASKA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

751.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

752.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

753.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

754.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 754, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-3 ARIZONA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

755.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

756.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

757.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

758.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 758, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-4 ARKANSAS: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

759.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

760.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

761.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

762.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 762, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint

**RESPONSE TO SECTION TITLED "SUB-COUNT III-5 CALIFORNIA: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

763.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

764.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

765.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize

it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

766.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 766, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT III-6 COLORADO: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

767.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

768.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

769.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

770.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 770, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT III-7 CONNECTICUT: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

771.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

772.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

773.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

774.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 774, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-8 DISTRICT OF COLUMBIA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

775.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

776.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

777.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

778.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 778, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-9 FLORIDA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

779.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

780.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

781.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

782.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 782, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT III-10 GEORGIA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

783.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

784.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

785.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

786.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 786, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT III-11 HAWAII: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

787.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

788.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

789.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

790.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 790, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-12 IDAHO: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

791.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

792.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

793.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

794.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 794, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-13 ILLINOIS: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

795.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

796.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

797.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

798.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 798, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT III-14 INDIANA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

799.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

800.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

801.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

802.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 802, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT III-15 KANSAS: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

803.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

804.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

805.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

806.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 806, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-16 KENTUCKY: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

807.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

808.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

809.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

810.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 810, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-17 LOUISIANA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

811.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

812.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to La. Rev. Stat.

§ 9:2800.53(9), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

813.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

814.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 814, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-18 MAINE: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

815.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

816.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

817.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

818.          GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 818, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT III-19 MARYLAND: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

819.          GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

820.          GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

821.          GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

822.          GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 822, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT III-20 MICHIGAN: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

823.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

824.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

825.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

826.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 826, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT III-21 MINNESOTA: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

827.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

828.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

829.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

830.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 830, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT III-22 MISSISSIPPI: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

831.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

832.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

833.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

834.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 834, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT III-23 MISSOURI: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

835.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

836.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

837.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

838.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 838, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-24 MONTANA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

839.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

840.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

841.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

842.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 842, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-25 NEBRASKA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

843.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

844.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

845.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

846.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 846, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT III-26 NEVADA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

847.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

848.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

849.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

850.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 850, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT III-27 NEW HAMPSHIRE: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

851.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

852.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

853.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

854.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 854, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-28 NEW JERSEY: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

855.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

856.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

857.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

858.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 858, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-29 NEW MEXICO: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

859.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

860.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to *Roche Labs.,*

*Div. of Hoffman-LaRoche, Inc.*, 101 N.M. 522, 524 (N.M. Ct. App. 1984), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

861.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

862.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 862, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-30 NEW YORK: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

863.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

864.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

865.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

866.          GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 866, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-31 NORTH DAKOTA: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

867.          GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

868.          GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

869.          GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

870.          GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 870, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT III-32 OHIO: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

871.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

872.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

873.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

874.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 874, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT III-33 OKLAHOMA: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

875.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

876.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

877.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

878.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 878, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-34 OREGON: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

879.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

880.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

881.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

882.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 882, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT III-35 PUERTO RICO: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

883.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

884.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

885.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

886.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 886, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-36 RHODE ISLAND: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

887.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

888.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

889.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

890.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 890, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-37 SOUTH CAROLINA: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

891.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

892.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

893.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

894.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 894, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT III-38 SOUTH DAKOTA: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

895.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

896.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

897.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

898.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 898, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT III-39 TENNESSEE: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

899.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

900.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

901.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

902.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 902, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-40 TEXAS: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

903.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

904.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

905.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

906.       GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 906, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-41 UTAH: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

907.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

908.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

909.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

910.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 910, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT III-42 VERMONT: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

911.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

912.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

913.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

914.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 914, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT III-43 WASHINGTON: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

915.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

916.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to RCW 7.72.030(1)(b), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

917.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

918.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 918, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-44 WEST VIRGINIA: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

919.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

920.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

921.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

922.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 922, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-45 WISCONSIN: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

923.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

924.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to Wis. Stat. §

895.047(a)(1), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

925.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

926.       GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 926, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT III-46 WYOMING: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

927.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

928.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

929.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

930.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 930, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "COUNT IV: NEGLIGENCE—FAILURE TO WARN THROUGH PROPER EXPIRATION DATES"

931.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as to itself as though fully contained here. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

932.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as to itself as though fully contained here. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

933.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as to itself as though fully contained here. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

934.     Responding to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

935.     Responding to this Paragraph, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

936.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

937.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

938.     GSK denies each and every allegation in this Paragraph as to itself. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

939.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to 21 C.F.R. § 211.137, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

940.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to 21 C.F.R. § 211.166, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

941.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that it is aware of regulations applicable to storage conditions and that those regulations speak for themselves.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

942.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

943.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed

through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

944.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

945.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

946.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

947.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.   The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

948.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.   The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

949.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize

it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants, Plaintiffs, and their doctors and therefore denies those allegations.

950.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

951.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

952.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants, Plaintiffs, and Plaintiffs' physicians and therefore denies those allegations.

953.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

954.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize

it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

955.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

956.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

957.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

958.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

### RESPONSE TO SECTION TITLED "SUB-COUNT IV-1 ALABAMA: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

959.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

960.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

961.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

962.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 962, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-2 ALASKA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

963.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

964.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

965.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

966.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 966, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT IV-3 ARIZONA: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

967.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

968.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

969.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

970.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 970, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-4 ARKANSAS: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

971.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

972.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

973.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

974.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 974, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-5 CALIFORNIA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

975.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

976.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

977.         GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

978.         GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 978, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT IV-6 COLORADO: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

979.         GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

980.         GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

981.         GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

982.         GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 982, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

<strong><u>RESPONSE TO SECTION TITLED "SUB-COUNT IV-7 CONNECTICUT:<br>NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER<br>EXPIRATION DATES"</u></strong>

983.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

984.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to Conn. Gen. Stat. § 52¬572q, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

985.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

986.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 986, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-8 DELAWARE: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

987.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

988.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

989.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

990.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 990, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-9 DISTRICT OF COLUMBIA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

991.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

992.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

993.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

994.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 994, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IV-10 FLORIDA: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

995.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

996.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

997.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

998.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 998, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-11 GEORGIA: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

999.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1000.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1001.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1002.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1002, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-12 HAWAII: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

1003.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1004.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1005.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1006.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1006, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-13 IDAHO: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

1007.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1008.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1009.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1010.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1010, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT IV-14 ILLINOIS: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1011.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1012.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1013.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1014.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1014, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-15 INDIANA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

1015. GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1016. GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1017. GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1018. GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1018, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-16 IOWA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

1019. GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1020. GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1021. GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing

information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1022.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1022, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IV-17 KANSAS: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1023.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1024.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1025.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1026.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1026, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT IV-18 KENTUCKY: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1027.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1028.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1029.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1030.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1030, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT IV-19 MAINE: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1031.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1032.	GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1033.	GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1034.	GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1034, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT IV-20 MARYLAND: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1035.	GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1036.	GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1037.	GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1038.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1038, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IV-21 MASSACHUSETTS: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1039.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1040.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1041.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1042.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1042, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT IV-22 MICHIGAN: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1043.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1044.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1045.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1046.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1046, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT IV-23 MINNESOTA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1047.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1048.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1049.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1050.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1050, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-24 MISSISSIPPI: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

1051.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1052.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1053.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1054.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1054, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-25 MISSOURI: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

1055.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1056.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1057.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1058.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1058, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-26 MONTANA: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES**

1059.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1060.	GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1061.	GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1062.	GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1062, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT IV-27 NEBRASKA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1063.	GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1064.	GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1065.	GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1066.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1066, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT IV-28 NEVADA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1067.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1068.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1069.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1070.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1070, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-29 NEW HAMPSHIRE:**
**NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER**
**EXPIRATION DATES"**

1071.      GSK incorporates by reference all of its responses to each of the allegations

contained in the preceding paragraphs of this Answer as though fully contained here.

1072.      GSK denies the allegations of this Paragraph as conclusions of law to which

no response is required.

1073.      GSK denies each and every allegation in this Paragraph as to itself except

that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing

information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize

it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of this Paragraph and therefore denies those allegations.

1074.      GSK lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1074, GSK respectfully

refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief

sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-30 NEW MEXICO:**
**NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER**
**EXPIRATION DATES"**

1075.      GSK incorporates by reference all of its responses to each of the allegations

contained in the preceding paragraphs of this Answer as though fully contained here.

1076.      GSK denies the allegations of this Paragraph as conclusions of law to which

no response is required and GSK admits only that this Paragraph purports to refer to *Roche Labs.,*

*Div. of Hoffman-LaRoche, Inc.*, 101 N.M. 522, 524 (N.M. Ct. App. 1984), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

1077.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1078.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1078, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IV-31 NEW YORK: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1079.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1080.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1081.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1082.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1082, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT IV-32 NORTH CAROLINA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1083.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1084.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1085.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1086.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1086, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-33 NORTH DAKOTA:**
**NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER**
**EXPIRATION DATES"**

1087.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1088.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1089.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1090.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1090, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-34 OKLAHOMA:**
**NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER**
**EXPIRATION DATES"**

1091.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1092.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1093.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1094.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1094, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-35 OREGON: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

1095.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1096.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1097.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1098.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1098, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IV-36 PENNSYLVANIA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1099.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1100.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1101.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1102.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1102, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-37 PUERTO RICO: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

1103.          GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1104.          GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1105.          GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1106.          GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1106, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-38 RHODE ISLAND: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

1107.          GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1108.          GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1109.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1110.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1110, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT IV-39 SOUTH CAROLINA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1111.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1112.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1113.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1114.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1114, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT IV-40 SOUTH DAKOTA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1115.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1116.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1117.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1118.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1118, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-41 TENNESSEE: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

1119.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1120.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1121.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1122.       GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1122, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IV-42 TEXAS: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"**

1123.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1124.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1125.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1126.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1126, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IV-43 UTAH: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1127.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1128.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1129.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1130.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1130, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IV-44 VERMONT: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1131.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1132.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1133.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1134.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1134, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IV-45 VIRGINIA: NEGLIGENCE— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1135.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1136.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1137.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1138.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1138, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT IV-46 WEST VIRGINIA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1139.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1140.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1141.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1142.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1142, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT IV-47 WISCONSIN: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1143.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1144.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to Wis. Stat. § 895.047(a)(1), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

1145.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1146.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1146, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IV-48 WYOMING: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES"

1147.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1148.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1149.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1150.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1150, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "COUNT V: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1151.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as to itself as though fully contained here. The remaining allegations in this Paragraph are not directed at GSK and therefore require no

response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1152.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as to itself as though fully contained here. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1153.    Responding to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1154.    Responding to this Paragraph, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

1155.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1156.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize

it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1157.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1158.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1159.    Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by de Flora, which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

1160.    Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by GSK, which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

1161.    Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information disseminated by GSK, which speaks for itself.  Responding

further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

1162.    Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information in a study conducted by GSK, which speaks for itself. Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

1163.    Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information in a study conducted by GSK, which speaks for itself. Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

1164.    Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information in a study conducted by GSK, which speaks for itself. Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

1165.    Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information in a study conducted by GSK and information published by the University of Genoa, which speak for themselves.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

1166.    Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by de Flora, which speaks for itself.  Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

1167.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published in an uncited study, which speaks for itself. Responding further, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

1168.        Responding to this Paragraph, GSK denies that any conclusions can be drawn from the 2016 "Stanford study" because the study authors retracted the study and admitted their testing method was flawed and "that their NDMA measurements are not reliable." *See* Teng Zeng & William A. Mitch, Retraction, Carcinogenesis (May 4, 2021).

1169.        Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase information published by Valisure and information published by the FDA, which speak for themselves.  GSK further denies that any conclusions can be drawn from the Valisure Citizen Petition based on gas chromatography because it is not a method recognized by FDA as an appropriate method for testing NDMA in ranitidine.  Responding further, GSK denies any attempt by Plaintiffs or Valisure to characterize the facts relating to chemistry, benefits and potential risks of ranitidine.  GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

1170.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this

Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1171. GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1172. GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1173.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1174.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1175.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks

for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1176.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1177.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1178.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1179.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1180.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize

it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants, Plaintiffs, and Plaintiffs' doctors and therefore denies those allegations.

1181.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

1182.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

1183.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants, Plaintiffs, and Plaintiffs' physicians and therefore denies those allegations.

1184.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1185.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony. The remaining

allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1186.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

1187.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1188.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1189.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

### RESPONSE TO SECTION TITLED "SUB-COUNT V-1 ALABAMA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1190.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1191.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1192.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1193.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1193, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT V-2 ALASKA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1194.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1195.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1196.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1197.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1197, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT V-3 ARIZONA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1198.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1199.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1200.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1201.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1201, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT V-4 ARKANSAS: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1202.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1203.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1204.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1205.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1205, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT V-5 CALIFORNIA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1206.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1207.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1208.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1209.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1209, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT V-6 COLORADO: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1210.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1211.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1212.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1213.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1213, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT V-7 CONNECTICUT: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1214.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1215.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to Conn. Gen. Stat. § 52¬572q, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

1216.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1217.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1217, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT V-8 DISTRICT OF COLUMBIA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1218.　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1219.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1220.　　GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1221.　　GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1221, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT V-9 FLORIDA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1222.　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1223.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1224.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1225.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1225, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT V-10 GEORGIA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"**

1226.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1227.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1228.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1229.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1229, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT V-11 HAWAII: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1230.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1231.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1232.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1233.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1233, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT V-12 IDAHO: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"**

1234.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1235.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1236.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1237.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1237, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT V-13 ILLINOIS: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"**

1238.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1239.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1240.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1241.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1241, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT V-14 INDIANA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1242.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1243.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1244.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1245.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1245, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT V-15 KANSAS: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1246.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1247.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1248.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1249.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1249, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT V-16 KENTUCKY: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"**

1250.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1251.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1252.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1253.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1253, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT V-17 LOUISIANA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"**

1254.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1255.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to La. Rev. Stat.

§ 9:2800.53(9), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

1256.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1257.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1257, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT V-18 MAINE: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1258.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1259.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1260.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1261.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1261, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT V-19 MARYLAND: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1262.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1263.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1264.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1265.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1265, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT V-20 MICHIGAN: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"**

1266.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1267.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1268.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1269.       GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1269, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT V-21 MINNESOTA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"**

1270.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1271.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1272.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1273.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1273, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT V-22 MISSISSIPPI: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1274.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1275.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1276.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1277.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1277, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT V-23 MISSOURI: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1278.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1279.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1280.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1281.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1281, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT V-24 MONTANA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1282.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1283.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1284.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1285.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1285, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT V-25 NEBRASKA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1286.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1287.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1288.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1289.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1289, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT V-26 NEVADA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1290.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1291.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1292.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1293.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1293, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT V-27 NEW HAMPSHIRE: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1294.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1295.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1296.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1297.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1297, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT V-28 NEW JERSEY: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"**

1298.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1299.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1300.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1301.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1301, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT V-29 NEW MEXICO: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"**

1302.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1303.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to *Roche Labs.,*

*Div. of Hoffman-LaRoche, Inc.*, 101 N.M. 522, 524 (N.M. Ct. App. 1984), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

1304.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1305.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1305, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT V-30 NEW YORK: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1306.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1307.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1308.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1309.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1309, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT V-31 NORTH DAKOTA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1310.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1311.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1312.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1313.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1313, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT V-32 OHIO: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"**

1314.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1315.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1316.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1317.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1317, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT V-33 OKLAHOMA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"**

1318.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1319.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1320.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1321.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1321, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT V-34 OREGON: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1322.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1323.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1324.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1325.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1325, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

<u>**RESPONSE TO SECTION TITLED "SUB-COUNT V-35 PUERTO RICO: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"**</u>

1326.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1327.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1328.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1329.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1329, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT V-36 RHODE ISLAND: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"**

1330.　　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1331.　　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1332.　　　GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1333.　　　GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1333, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT V-37 SOUTH CAROLINA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"**

1334.　　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1335.　　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1336.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1337.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1337, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT V-38 SOUTH DAKOTA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1338.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1339.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1340.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1341.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1341, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT V-39 TENNESSEE: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1342.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1343.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1344.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1345.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1345, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT V-40 TEXAS: STRICT PRODUCTS
LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"**

1346.     GSK incorporates by reference all of its responses to each of the allegations
contained in the preceding paragraphs of this Answer as though fully contained here.

1347.     GSK denies the allegations of this Paragraph as conclusions of law to which
no response is required.

1348.     GSK denies each and every allegation in this Paragraph as to itself except
that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing
information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize
it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining
allegations of this Paragraph and therefore denies those allegations.

1349.     GSK lacks knowledge or information sufficient to form a belief as to the
truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1349, GSK respectfully
refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to
Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief
sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT V-41 UTAH: STRICT PRODUCTS
LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"**

1350.     GSK incorporates by reference all of its responses to each of the allegations
contained in the preceding paragraphs of this Answer as though fully contained here.

1351.     GSK denies the allegations of this Paragraph as conclusions of law to which
no response is required.

1352.     GSK denies each and every allegation in this Paragraph as to itself except
that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing

information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1353.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1353, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT V-42 VERMONT: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1354.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1355.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1356.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1357.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1357, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT V-43 WASHINGTON: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1358.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1359.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to RCW 7.72.030(1)(b), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

1360.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1361.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1361, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT V-44 WEST VIRGINIA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"**

1362.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1363.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1364.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1365.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1365, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT V-45 WISCONSIN: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"**

1366.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1367.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to Wis. Stat. §

895.047(a)(1), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

1368.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1369.       GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1369, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT V-46 WYOMING: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS"

1370.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1371.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1372.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1373.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1373, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "COUNT VI: STRICT PRODUCTS LIABILITY – DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1374.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as to itself as though fully contained here. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1375.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as to itself as though fully contained here. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1376.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as to itself as though fully contained here. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1377.      Responding to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1378.      Responding to this Paragraph, GSK states that facts relating to the risk factors and complications of NDMA will be addressed through appropriate scientific, medical, or expert testimony.

1379.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1380.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1381.      GSK denies Plaintiffs' characterization of the state of scientific knowledge more properly left to expert testimony and further denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.   To the extent a response is required, GSK lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1382. GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to 21 C.F.R. § 211.137, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

1383. GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to 21 C.F.R. § 211.166, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

1384. GSK denies each and every allegation in this Paragraph as to itself, except that GSK admits only that it is aware of regulations applicable to storage conditions and that those regulations speak for themselves. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1385. GSK denies each and every allegation in this Paragraph as to itself, except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1386.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1387.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1388.     GSK denies each and every allegation in this Paragraph as to itself, except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1389.     GSK denies each and every allegation in this Paragraph as to itself, except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the

business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1390.      GSK denies each and every allegation in this Paragraph as to itself, except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

1391.      GSK denies each and every allegation in this Paragraph as to itself, except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1392.    GSK denies each and every allegation in this Paragraph as to itself, except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1393.    GSK denies each and every allegation in this Paragraph as to itself, except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

1394.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1395.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1396.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

1397.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

1398.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no

response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

1399.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

1400.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1401.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

## RESPONSE TO SECTION TITLED "SUB-COUNT VI-1 ALABAMA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1402.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1403.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1404.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1405.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1405, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VI-2 ALASKA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1406.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1407.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1408.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1409.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1409, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VI-3 ARIZONA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**

1410.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1411.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1412.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1413.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1413, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VI-4 ARKANSAS: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1414.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1415.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1416.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1417.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1417, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VI-5 CALIFORNIA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**

1418.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1419.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1420.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1421.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1421, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VI-6 COLORADO: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**

1422.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1423.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1424.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1425.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1425, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VI-7 CONNECTICUT: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**

1426.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1427.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to Conn. Gen. Stat. § 52¬572q, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

1428.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1429.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1429, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VI-8 DISTRICT OF COLUMBIA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1430.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1431.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1432.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1433.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1433, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VI-9 FLORIDA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1434.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1435.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1436.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1437.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1437, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VI-10 GEORGIA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1438.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1439.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1440.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1441.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1441, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT VI-11 HAWAII: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1442.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1443.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1444.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1445.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1445, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VI-12 IDAHO: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1446.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1447.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1448.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1449.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1449, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VI-13 ILLINOIS: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**

1450.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1451.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1452.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1453.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1453, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VI-14 INDIANA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**

1454.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1455.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1456.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1457.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1457, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VI-15 KANSAS: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**

1458.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1459.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1460.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it. GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1461.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1461, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VI-16 KENTUCKY: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1462.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1463.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1464.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1465.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1465, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VI-17 LOUISIANA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**

1466.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1467.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to La. Rev. Stat. § 9:2800.53(9), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

1468.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1469.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1469, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VI-18 MAINE: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**

1470.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1471.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1472.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1473.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1473, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VI-19 MARYLAND: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1474.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1475.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1476.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1477.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1477, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VI-20 MICHIGAN: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1478.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1479.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1480.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1481.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1481, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VI-21 MINNESOTA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**

1482.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1483.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1484.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1485.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1485, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VI-22 MISSISSIPPI: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**

1486.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1487.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1488.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1489.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1489, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT VI-23 MISSOURI: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1490.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1491.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1492.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1493.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1493, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT VI-24 MONTANA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1494.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1495.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1496.       GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1497.       GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1497, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VI-25 NEBRASKA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**

1498.          GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1499.          GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1500.          GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1501.          GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1501, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VI-26 NEVADA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**

1502.          GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1503.          GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1504.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1505.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1505, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VI-27 NEW HAMPSHIRE: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**

1506.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1507.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1508.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1509.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1509, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VI-28 NEW JERSEY: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1510.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1511.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1512.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1513.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1513, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VI-29 NEW MEXICO: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**

1514.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1515.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to *Roche Labs., Div. of Hoffman-LaRoche, Inc.*, 101 N.M. 522, 524 (N.M. Ct. App. 1984), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

1516.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1517.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1517, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VI-30 NEW YORK: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**

1518.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1519.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1520.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1521.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1521, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VI-31 NORTH DAKOTA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**

1522.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1523.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1524.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1525.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1525, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VI-32 OHIO: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1526.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1527.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1528.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1529.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1529, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VI-33 OKLAHOMA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**

1530.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1531.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1532.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1533.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1533, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VI-34 OREGON: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**

1534.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1535.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1536.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1537.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1537, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VI-35 PUERTO RICO: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1538.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1539.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1540.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1541.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1541, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VI-36 RHODE ISLAND: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1542.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1543.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1544.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1545.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1545, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VI-37 SOUTH CAROLINA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1546.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1547.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1548.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1549.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1549, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VI-38 SOUTH DAKOTA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1550.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1551.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1552.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1553.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1553, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT VI-39 TENNESSEE: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1554.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1555.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1556.        GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1557.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1557, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VI-40 TEXAS: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1558.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1559.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1560.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1561.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1561, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VI-41 UTAH: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1562.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1563.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1564.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1565.      GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1565, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT VI-42 VERMONT: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1566.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1567.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1568.      GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1569.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1569, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT VI-43 WASHINGTON: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1570.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1571.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required and GSK admits only that this Paragraph purports to refer to RCW 7.72.030(1)(b), which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

1572.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1573.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1573, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

<u>**RESPONSE TO SECTION TITLED "SUB-COUNT VI-44 WEST VIRGINIA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**</u>

1574.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1575.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1576.    GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1577.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1577, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

<u>**RESPONSE TO SECTION TITLED "SUB-COUNT VI-45 WISCONSIN: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"**</u>

1578.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1579.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1580.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1581.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1581, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "`SUB-COUNT VI-46 WYOMING: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES"

1582.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1583.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1584.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies those allegations.

1585.          GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1585, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "COUNT VII: NEGLIGENT FAILURE TO TEST"

1586.          GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as to itself as though fully contained here. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1587.          GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as to itself as though fully contained here. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1588.          GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1589.          GSK denies each and every allegation in this Paragraph as to itself, except that GSK admits only that this Paragraph purports to refer to a publication by Valisure, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining

allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations. GSK further denies that any conclusions can be drawn from the Valisure Citizen Petition based on gas chromatography because it is not a method recognized by FDA as an appropriate method for testing NDMA in ranitidine. Responding further, GSK denies any attempt by Plaintiffs or Valisure to characterize the state of scientific knowledge, literature, and facts relating to chemistry, benefits, and potential risks of ranitidine. GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1590.    GSK denies each and every allegation in this Paragraph as to itself. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1591.    GSK denies each and every allegation in this Paragraph as to itself. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1592.    GSK denies each and every allegation in this Paragraph as to itself. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1593.    GSK denies each and every allegation in this Paragraph as to itself. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and

therefore denies those allegations.  GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1594.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1595.    GSK denies each and every allegation in this Paragraph as to itself and denies any attempt by Plaintiffs to interpret or characterize the referenced studies, which speak for themselves.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1596.    GSK denies each and every allegation in this Paragraph as to itself and denies any attempt by Plaintiffs to interpret or characterize any actions taken or not taken by FDA or the "broader market," which speak for themselves.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of this Paragraph as to other Defendants and therefore denies those allegations. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1597.     GSK denies each and every allegation in this Paragraph as to itself, except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1598.     GSK denies each and every allegation in this Paragraph as to itself and denies any attempt by Plaintiffs to interpret or characterize uncited studies, which speak for themselves. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1599.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Responding further, GSK states that facts relating to the

chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1600.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1601.      GSK denies each and every allegation in this Paragraph as to itself and denies any attempt by Plaintiffs to interpret or characterize any actions taken or not taken by FDA, other manufacturers and laboratories, the medical community, and Defendants, which speak for themselves.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1602.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Responding further, GSK states that facts relating to the

chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1603.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK Defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1604.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1605.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1606.     GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.  GSK further states

that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1607.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1608.     GSK denies each and every allegation in this Paragraph as to itself. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

## RESPONSE TO SECTION TITLED "SUB-COUNT VII-1 KANSAS: NEGLIGENT FAILURE TO TEST"

1609.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1610.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1611.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1612.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient

to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1613.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1614.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1614, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VII-2 TEXAS: NEGLIGENT FAILURE TO TEST"

1615.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1616.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1617.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1618.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1619.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

1620.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 1620, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "COUNT VIII: NEGLIGENT PRODUCT CONTAINERS"

1621.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as to itself as though fully contained here. The remaining allegations in this Paragraph are not directed at GSK and therefore require no

response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1622.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as to itself as though fully contained here. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1623.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1624.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1625.     GSK denies each and every allegation in this Paragraph as to itself. Responding to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1626.     GSK denies each and every allegation in this Paragraph as to itself. Responding further to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1627.     GSK denies each and every allegation in this Paragraph as to itself. Responding further, GSK lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of this Paragraph regarding Plaintiffs' product usage and therefore denies those allegations.

1628.      GSK denies each and every allegation in this Paragraph as to itself. Responding to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1629.      GSK denies each and every allegation in this Paragraph as to itself. Responding to this Paragraph and all its subparts, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1630.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Responding further, GSK admits only that this Paragraph purports to refer to an FDA publication, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.

1631.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.

1632.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient

to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1633.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1634.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-1 ALABAMA: NEGLIGENT PRODUCT CONTAINERS"

1635.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1636.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1637.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1638.         GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1638, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-2 ALASKA: NEGLIGENT PRODUCT CONTAINERS"

1639.         GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1640.         GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1641.         GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1642.         GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response

from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1642, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-3 ARIZONA: NEGLIGENT PRODUCT CONTAINERS"

1643.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1644.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1645.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1646.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and

Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1646, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-4 ARKANSAS: NEGLIGENT PRODUCT CONTAINERS"

1647.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1648.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1649.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1650.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1650, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-5 CALIFORNIA: NEGLIGENT PRODUCT CONTAINERS"

1651.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1652.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1653.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1654.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1654, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-6 COLORADO: NEGLIGENT PRODUCT CONTAINERS"

1655.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1656.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1657.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1658.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1658, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT VIII-7 CONNECTICUT: NEGLIGENT PRODUCT CONTAINERS"

1659.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1660.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1661.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1662.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1662, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-8 DELAWARE: NEGLIGENT PRODUCT CONTAINERS"

1663.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1664.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1665.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1666.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1666, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-9 DISTRICT OF COLUMBIA: NEGLIGENT PRODUCT CONTAINERS"

1667.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1668.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1669.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1670.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1670, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-10 FLORIDA: NEGLIGENT PRODUCT CONTAINERS"

1671.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1672.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1673.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1674.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1674, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-11 GEORGIA: NEGLIGENT PRODUCT CONTAINERS"

1675. GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1676. GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1677. GSK denies each and every allegation in this Paragraph as to itself. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1678. GSK denies each and every allegation in this Paragraph as to itself. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations. Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1678, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-12 HAWAII: NEGLIGENT PRODUCT CONTAINERS"

1679.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1680.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1681.      GSK denies each and every allegation in this Paragraph as to itself. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1682.      GSK denies each and every allegation in this Paragraph as to itself. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations. Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1682, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-13 IDAHO: NEGLIGENT PRODUCT CONTAINERS"

1683.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1684.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1685.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1686.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1686, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-14 ILLINOIS: NEGLIGENT PRODUCT CONTAINERS"

1687.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1688.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1689.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1690.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1690, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-15 INDIANA: NEGLIGENT PRODUCT CONTAINERS"

1691.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1692.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1693.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1694.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1694, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-16 IOWA: NEGLIGENT PRODUCT CONTAINERS"

1695.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1696.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1697.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1698.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1698, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-17 KANSAS: NEGLIGENT PRODUCT CONTAINERS"

1699.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1700.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1701.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1702.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1702, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT VIII-18 KENTUCKY: NEGLIGENT PRODUCT CONTAINERS"

1703.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1704.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1705.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1706.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1706, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-19 LOUISIANA: NEGLIGENT PRODUCT CONTAINERS"

1707.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1708.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1709.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1710.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1710, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-20 MAINE: NEGLIGENT PRODUCT CONTAINERS"

1711.　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1712.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1713.　　GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1714.　　GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1714, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VIII-21 MARYLAND: NEGLIGENT PRODUCT CONTAINERS"**

1715.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1716.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1717.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1718.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1718, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-22 MASSACHUSETTS: NEGLIGENT PRODUCT CONTAINERS"

1719.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1720.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1721.    GSK denies each and every allegation in this Paragraph as to itself. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1722.    GSK denies each and every allegation in this Paragraph as to itself. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations. Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1722, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-23 MICHIGAN: NEGLIGENT PRODUCT CONTAINERS"

1723.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1724.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1725.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1726.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1726, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-24 MINNESOTA: NEGLIGENT PRODUCT CONTAINERS"

1727.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1728.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1729.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1730.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1730, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-25 MISSISSIPPI: NEGLIGENT PRODUCT CONTAINERS"

1731.　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1732.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1733.　　GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1734.　　GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1734, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT VIII-26 MISSOURI: NEGLIGENT PRODUCT CONTAINERS"

1735.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1736.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1737.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1738.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1738, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-27 MONTANA: NEGLIGENT PRODUCT CONTAINERS"

1739.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1740.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1741.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1742.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1742, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-28 NEBRASKA: NEGLIGENT PRODUCT CONTAINERS"

1743.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1744.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1745.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1746.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1746, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-29 NEVADA: NEGLIGENT PRODUCT CONTAINERS"

1747.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1748.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1749.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1750.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1750, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-30 NEW HAMPSHIRE: NEGLIGENT PRODUCT CONTAINERS"

1751.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1752.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1753.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1754.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1754, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-31 NEW JERSEY: NEGLIGENT PRODUCT CONTAINERS"

1755.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1756.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1757.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1758.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1758, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-32 NEW MEXICO: NEGLIGENT PRODUCT CONTAINERS"

1759.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1760.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1761.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1762.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1762, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-33 NEW YORK: NEGLIGENT PRODUCT CONTAINERS"

1763.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1764.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1765.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1766.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1766, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-34 NORTH CAROLINA: NEGLIGENT PRODUCT CONTAINERS"

1767.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1768.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1769.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1770.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1770, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-35 NORTH DAKOTA: NEGLIGENT PRODUCT CONTAINERS"

1771.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1772.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1773.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1774.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1774, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VIII-36 OHIO: NEGLIGENT PRODUCT CONTAINERS"**

1775.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1776.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1777.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1778.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1778, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-37 OKLAHOMA: NEGLIGENT PRODUCT CONTAINERS"

1779.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1780.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1781.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1782.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1782, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT VIII-38 OREGON: NEGLIGENT PRODUCT CONTAINERS"**

1783.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1784.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1785.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1786.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1786, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-39 PENNSYLVANIA: NEGLIGENT PRODUCT CONTAINERS"

1787.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1788.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1789.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1790.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1790, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-40 PUERTO RICO: NEGLIGENT PRODUCT CONTAINERS"

1791.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1792.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1793.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1794.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1794, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT VIII-41 RHODE ISLAND: NEGLIGENT PRODUCT CONTAINERS"

1795.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1796.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1797.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1798.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1798, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-42 SOUTH CAROLINA: NEGLIGENT PRODUCT CONTAINERS"

1799.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1800.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1801.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1802.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1802, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-43 SOUTH DAKOTA: NEGLIGENT PRODUCT CONTAINERS"

1803.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1804.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1805.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1806.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1806, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-44 TENNESSEE: NEGLIGENT PRODUCT CONTAINERS"

1807.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1808.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1809.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1810.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1810, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-45 TEXAS: NEGLIGENT PRODUCT CONTAINERS"

1811.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1812.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1813.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1814.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.     Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1814, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-46 UTAH: NEGLIGENT PRODUCT CONTAINERS"

1815.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1816.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1817.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1818.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1818, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-47 VERMONT: NEGLIGENT PRODUCT CONTAINERS"

1819.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1820.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1821.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1822.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1822, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-48 VIRGINIA: NEGLIGENT PRODUCT CONTAINERS"

1823.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1824.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1825.       GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1826.       GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1826, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-49 WASHINGTON: NEGLIGENT PRODUCT CONTAINERS"

1827.　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1828.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1829.　　GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1830.　　GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1830, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT VIII-50 WEST VIRGINIA: NEGLIGENT PRODUCT CONTAINERS"

1831.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1832.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1833.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1834.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1834, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-51 WISCONSIN: NEGLIGENT PRODUCT CONTAINERS"

1835.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1836.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1837.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1838.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1838, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT VIII-52 WYOMING: NEGLIGENT PRODUCT CONTAINERS"

1839.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1840.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1841.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1842.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.     Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1842, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "COUNT IX: NEGLIGENT STORAGE AND TRANSPORTATION"

1843.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as to itself as though fully contained here. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1844.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as to itself as though fully contained here. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1845.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1846.       GSK denies each and every allegation in this Paragraph as to itself. Responding to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1847.       GSK denies each and every allegation in this Paragraph except that GSK admits only that it is aware of applicable regulations and specifications, which speak for themselves, but denies any attempt by Plaintiffs to characterize or paraphrase such regulations and specifications.  The remaining allegations in this Paragraph are not directed at GSK and therefore

require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations   GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1848.    Responding to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1849.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Responding to this Paragraph, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1850.    Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase regulations published by the FDA, which speak for themselves.  GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1851.     Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase the results of testing in the published literature, by regulatory authorities, and by GSK, using appropriate analytical methods, which have shown variability in amount of NDMA, and such results speak for themselves.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1852.     GSK denies each and every allegation in this Paragraph as to itself and states that the results of testing in the published literature, by regulatory authorities, and by GSK, using appropriate analytical methods, has shown variability in amount of NDMA, and such results speak for themselves.  GSK further states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1853.     GSK denies each and every allegation in this Paragraph as to itself. Responding to this Paragraph, GSK denies any attempt by Plaintiffs to characterize or paraphrase the language of any label for any given formulation at any given point in time, such labels speak for themselves.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1854.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1855.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times sourced and handled API, and that GSK is aware of regulations and specifications governing API, which speak for themselves, GSK denies any attempt by Plaintiffs to interpret or characterize the regulations and specifications.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1856.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient

to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1857.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States and that this Paragraph purports to refer to documents produced by Defendants, which speak for themselves, but denies any attempt by Plaintiffs to interpret or characterize them.  Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1858.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1859.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient

to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1860.       GSK denies each and every allegation in this Paragraph as to itself. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1861.       GSK denies each and every allegation in this Paragraph as to itself. Responding further, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1862.       GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to itself and therefore denies those allegations.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1863.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1864.       GSK denies each and every allegation in this Paragraph as to itself except that GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.   The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1865.       GSK denies each and every allegation in this Paragraph as to itself except that GSK states that facts relating to the chemistry, benefits, and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.   The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1866.       GSK denies each and every allegation in this Paragraph as to itself. Responding to this Paragraph, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

1867.    GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.  Responding to this Paragraph, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

1868.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

1869.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-1 ALABAMA: NEGLIGENT STORAGE AND TRANSPORTATION"

1870.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1871.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1872.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response

from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1873.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1873, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-2 ALASKA: NEGLIGENT STORAGE AND TRANSPORTATION"

1874.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1875.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1876.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient

to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1877.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1877, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT IX-3 ARIZONA: NEGLIGENT STORAGE AND TRANSPORTATION"

1878.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1879.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1880.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1881.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1881, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-4 ARKANSAS: NEGLIGENT STORAGE AND TRANSPORTATION"

1882.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1883.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1884.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1885.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response

from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1885, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-5 CALIFORNIA: NEGLIGENT STORAGE AND TRANSPORTATION"

1886.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1887.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1888.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1889.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and

Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1889, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT IX-6 COLORADO: NEGLIGENT STORAGE AND TRANSPORTATION"

1890.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1891.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1892.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1893.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1893, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IX-7 CONNECTICUT: NEGLIGENT STORAGE AND TRANSPORTATION"**

1894.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1895.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1896.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1897.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1897, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-8 DELAWARE: NEGLIGENT STORAGE AND TRANSPORTATION"

1898.　　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1899.　　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1900.　　　GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1901.　　　GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1901, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-9 DISTRICT OF COLUMBIA: NEGLIGENT STORAGE AND TRANSPORTATION"

1902.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1903.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1904.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1905.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1905, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-10 FLORIDA: NEGLIGENT STORAGE AND TRANSPORTATION"

1906.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1907.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1908.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1909.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1909, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-11 GEORGIA: NEGLIGENT STORAGE AND TRANSPORTATION"

1910.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1911.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1912.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1913.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1913, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IX-12 HAWAII: NEGLIGENT STORAGE AND TRANSPORTATION"**

1914.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1915.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1916.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1917.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1917, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-13 IDAHO: NEGLIGENT STORAGE AND TRANSPORTATION"

1918.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1919.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1920.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1921.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1921, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IX-14 ILLINOIS: NEGLIGENT STORAGE AND TRANSPORTATION"**

1922.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1923.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1924.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1925.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1925, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-15 INDIANA: NEGLIGENT STORAGE AND TRANSPORTATION"

1926.　　　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1927.　　　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1928.　　　　GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1929.　　　　GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1929, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-16 IOWA: NEGLIGENT STORAGE AND TRANSPORTATION"

1930.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1931.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1932.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1933.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1933, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-17 KANSAS: NEGLIGENT STORAGE AND TRANSPORTATION"

1934.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1935.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1936.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1937.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1937, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-18 KENTUCKY: NEGLIGENT STORAGE AND TRANSPORTATION"

1938.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1939.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1940.       GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1941.       GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1941, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IX-19 LOUISIANA: NEGLIGENT STORAGE AND TRANSPORTATION"**

1942.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1943.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1944.       GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1945.       GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1945, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-20 MAINE: NEGLIGENT STORAGE AND TRANSPORTATION"

1946.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1947.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1948.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1949.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1949, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-21 MARYLAND: NEGLIGENT STORAGE AND TRANSPORTATION"

1950.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1951.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1952.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1953.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1953, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-22 MASSACHUSETTS: NEGLIGENT STORAGE AND TRANSPORTATION"

1954.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1955.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1956.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1957.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1957, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-23 MICHIGAN: NEGLIGENT STORAGE AND TRANSPORTATION"

1958.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1959.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1960.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1961.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1961, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IX-24 MINNESOTA: NEGLIGENT STORAGE AND TRANSPORTATION"**

1962.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1963.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1964.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1965.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1965, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-25 MISSISSIPPI: NEGLIGENT STORAGE AND TRANSPORTATION"

1966.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1967.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1968.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1969.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1969, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-26 MISSOURI: NEGLIGENT STORAGE AND TRANSPORTATION"

1970.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1971.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1972.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1973.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1973, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-27 MONTANA: NEGLIGENT STORAGE AND TRANSPORTATION"

1974.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1975.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1976.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1977.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1977, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-28 NEBRASKA: NEGLIGENT STORAGE AND TRANSPORTATION"

1978.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1979.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1980.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1981.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1981, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-29 NEVADA: NEGLIGENT STORAGE AND TRANSPORTATION"

1982.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1983.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1984.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1985.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1985, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-30 NEW HAMPSHIRE: NEGLIGENT STORAGE AND TRANSPORTATION"

1986.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1987.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1988.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1989.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1989, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-31 NEW JERSEY: NEGLIGENT STORAGE AND TRANSPORTATION"

1990.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1991.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1992.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1993.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1993, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-32 NEW MEXICO: NEGLIGENT STORAGE AND TRANSPORTATION"

1994.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1995.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

1996.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

1997.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 1997, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-33 NEW YORK: NEGLIGENT STORAGE AND TRANSPORTATION"

1998.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

1999.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2000.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2001.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2001, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-34 NORTH CAROLINA: NEGLIGENT STORAGE AND TRANSPORTATION"

2002.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2003.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2004.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2005.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2005, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT IX-35 NORTH DAKOTA: NEGLIGENT STORAGE AND TRANSPORTATION"

2006.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2007.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2008.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2009.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2009, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-36 OHIO: NEGLIGENT STORAGE AND TRANSPORTATION"

2010.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2011.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2012.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2013.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2013, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-37 OKLAHOMA: NEGLIGENT STORAGE AND TRANSPORTATION"

2014.  GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2015.  GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2016.  GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2017.  GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2017, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IX-38 OREGON: NEGLIGENT STORAGE AND TRANSPORTATION"**

2018.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2019.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2020.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2021.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2021, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IX-39 PENNSYLVANIA:
NEGLIGENT STORAGE AND TRANSPORTATION"**

2022.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2023.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2024.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2025.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2025, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-40 PUERTO RICO: NEGLIGENT STORAGE AND TRANSPORTATION"

2026.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2027.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2028.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2029.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2029, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-41 RHODE ISLAND: NEGLIGENT STORAGE AND TRANSPORTATION"

2030.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2031.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2032.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2033.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2033, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-42 SOUTH CAROLINA: NEGLIGENT STORAGE AND TRANSPORTATION"

2034.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2035.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2036.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2037.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2037, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-43 SOUTH DAKOTA: NEGLIGENT STORAGE AND TRANSPORTATION"

2038.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2039.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2040.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2041.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2041, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-44 TENNESSEE: NEGLIGENT STORAGE AND TRANSPORTATION"

2042.	GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2043.	GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2044.	GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2045.	GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2045, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-45 TEXAS: NEGLIGENT STORAGE AND TRANSPORTATION"

2046.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2047.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2048.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2049.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2049, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT IX-46 UTAH: NEGLIGENT STORAGE AND TRANSPORTATION"

2050.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2051.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2052.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2053.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2053, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-47 VERMONT: NEGLIGENT STORAGE AND TRANSPORTATION"

2054.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2055.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2056.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2057.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2057, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT IX-48 VIRGINIA: NEGLIGENT STORAGE AND TRANSPORTATION"**

2058.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2059.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2060.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2061.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2061, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-49 WASHINGTON: NEGLIGENT STORAGE AND TRANSPORTATION"

2062.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2063.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2064.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2065.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2065, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-50 WEST VIRGINIA: NEGLIGENT STORAGE AND TRANSPORTATION"

2066.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2067.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2068.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2069.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2069, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-51 WISCONSIN: NEGLIGENT STORAGE AND TRANSPORTATION"

2070.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2071.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2072.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2073.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2073, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT IX-52 WYOMING: NEGLIGENT STORAGE AND TRANSPORTATION"

2074.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2075.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2076.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2077.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

Responding to the unnumbered statement following Paragraph 2077, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "COUNT X: UNJUST ENRICHMENT"**

2078.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2079.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2080.     GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2081.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.   The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.   To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2082.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.   To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

2083.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States.  The remaining allegations in this Paragraph are not directed at GSK

and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

2084.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

2085.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further

responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2086.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself except that GSK admits only that certain of the GSK defendants at relevant times were engaged in the business of manufacturing, marketing, selling, or distributing Zantac in the United States, and that its Zantac products contained FDA-approved labeling and prescribing information, which speaks for itself, but denies any attempt by Plaintiffs to interpret or characterize it.  GSK further denies any attempt by Plaintiffs to interpret or characterize any actions taken or not taken by FDA, which speaks for itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-1 ALABAMA: UNJUST ENRICHMENT"

2087.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2088.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2089.        GSK denies each and every allegation in this Paragraph as to itself. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and

Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2090.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2090, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT X-2 ALASKA: UNJUST ENRICHMENT"

2091.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2092.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2093.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2094.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2094, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT X-3 ARIZONA: UNJUST ENRICHMENT"

2095.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2096.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2097.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2098.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2098, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT X-4 ARKANSAS: UNJUST ENRICHMENT"

2099.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2100.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2101.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2102.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2102, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT X-5 CALIFORNIA: UNJUST ENRICHMENT"

2103.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2104.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2105.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2106.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2106, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-6 COLORADO: UNJUST ENRICHMENT"

2107.　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2108.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2109.　　GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2110.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2110, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-7 CONNECTICUT: UNJUST ENRICHMENT"

2111.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2112.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2113.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2114.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2114, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-8 DELAWARE: UNJUST ENRICHMENT"

2115.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2116.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2117.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2118.         GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2118, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-9 DISTRICT OF COLUMBIA: UNJUST ENRICHMENT"

2119.         GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2120.         GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2121.         GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2122.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2122, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-10 FLORIDA: UNJUST ENRICHMENT"

2123.　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2124.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2125.　　GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2126.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2126, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-11 GEORGIA: UNJUST ENRICHMENT"

2127.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2128.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2129.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2130.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2130, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-12 HAWAII: UNJUST ENRICHMENT"

2131.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2132.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2133.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2134.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2134, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-13 IDAHO: UNJUST ENRICHMENT"

2135.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2136.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2137.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2138.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2138, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-14 ILLINOIS: UNJUST ENRICHMENT"

2139.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2140.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2141.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2142.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2142, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT X-15 INDIANA: UNJUST ENRICHMENT"

2143.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2144.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2145.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2146.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2146, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT X-16 IOWA: UNJUST ENRICHMENT"

2147.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2148.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2149.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2150.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2150, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-17 KANSAS: UNJUST ENRICHMENT"

2151.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2152.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2153.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2154.	GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2154, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-18 KENTUCKY: UNJUST ENRICHMENT"

2155.	GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2156.	GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2157.	GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2158.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2158, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT X-19 LOUISIANA: UNJUST ENRICHMENT"

2159.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2160.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2161.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2162.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2162, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-20 MAINE: UNJUST ENRICHMENT"

2163.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2164.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2165.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2166.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2166, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-21 MARYLAND: UNJUST ENRICHMENT"

2167.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2168.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2169.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2170.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2170, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-22 MASSACHUSETTS: UNJUST ENRICHMENT"

2171.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2172.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2173.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2174.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2174, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT X-23 MICHIGAN: UNJUST ENRICHMENT"

2175.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2176.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2177.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2178.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2178, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-24 MINNESOTA: UNJUST ENRICHMENT"

2179.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2180.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2181.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2182.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2182, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-25 MISSISSIPPI: UNJUST ENRICHMENT"

2183.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2184.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2185.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2186.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2186, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-26 MISSOURI: UNJUST ENRICHMENT"

2187.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2188.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2189.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2190.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2190, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT X-27 MONTANA: UNJUST ENRICHMENT"

2191.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2192.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2193.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2194.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2194, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-28 NEBRASKA: UNJUST ENRICHMENT"

2195.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2196.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2197.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2198.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2198, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT X-29 NEVADA: UNJUST ENRICHMENT"

2199.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2200.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2201.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2202.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2202, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-30 NEW HAMPSHIRE: UNJUST ENRICHMENT"

2203.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2204.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2205.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations. Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2206.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2206, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-31 NEW JERSEY: UNJUST ENRICHMENT"

2207.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2208.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2209.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2210.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2210, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT X-32 NEW MEXICO: UNJUST ENRICHMENT"

2211.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2212.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2213.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2214.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2214, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-33 NEW YORK: UNJUST ENRICHMENT"

2215.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2216.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2217.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2218.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2218, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-34 NORTH CAROLINA: UNJUST ENRICHMENT"

2219.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2220.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2221.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2222.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2222, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-35 NORTH DAKOTA: UNJUST ENRICHMENT"

2223.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2224.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2225.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2226.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2226, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-36 OHIO: UNJUST ENRICHMENT"

2227.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2228.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2229.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2230.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2230, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-37 OKLAHOMA: UNJUST ENRICHMENT"

2231.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2232.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2233.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2234.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2234, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-38 OREGON: UNJUST ENRICHMENT"

2235.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2236.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2237.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2238.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2238, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-39 PENNSYLVANIA: UNJUST ENRICHMENT"

2239.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2240.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2241.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2242.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2242, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-40 PUERTO RICO: UNJUST ENRICHMENT"

2243.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2244.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2245.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2246.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2246, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-41 RHODE ISLAND: UNJUST ENRICHMENT"

2247.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2248.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2249.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2250.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2250, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-42 SOUTH CAROLINA: UNJUST ENRICHMENT"

2251.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2252.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2253.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations. Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2254.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2254, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-43 SOUTH DAKOTA: UNJUST ENRICHMENT"

2255.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2256.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2257.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2258.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2258, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-44 TENNESSEE: UNJUST ENRICHMENT"

2259.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2260.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2261.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2262.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required. To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2262, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT X-45 TEXAS: UNJUST ENRICHMENT"

2263.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2264.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2265.     GSK denies each and every allegation in this Paragraph as to itself. The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK. To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations. Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2266.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2266, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-46 UTAH: UNJUST ENRICHMENT"

2267.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2268.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2269.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2270.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2270, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-47 VERMONT: UNJUST ENRICHMENT"

2271.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2272.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2273.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2274.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2274, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT X-48 VIRGINIA: UNJUST ENRICHMENT"

2275.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2276.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2277.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2278.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2278, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-49 WASHINGTON: UNJUST ENRICHMENT"

2279.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2280.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2281.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2282.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2282, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-50 WEST VIRGINIA: UNJUST ENRICHMENT

2283.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2284.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2285.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2286.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2286, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-51 WISCONSIN: UNJUST ENRICHMENT

2287.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2288.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2289.      GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2290.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2290, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT X-52 WYOMING: UNJUST ENRICHMENT"

2291.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2292.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

2293.    GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.  Further responding, GSK states that facts relating

to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2294.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

Responding to the unnumbered statement following Paragraph 2294, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "COUNT XI: LOSS OF CONSORTIUM"

2295.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs' spouses and/or family members and therefore denies those allegations.

2296.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs' spouses and/or family members and therefore denies those allegations.

2297.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs' spouses and/or family members and therefore denies those allegations.

2298.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs' spouses and/or family members and therefore denies those allegations.

2299.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs' spouses and/or family members and therefore denies those allegations.

2300.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs' spouses and/or family members and therefore denies those allegations.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-1 ALABAMA: LOSS OF CONSORTIUM"

2301.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2302.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2302, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-2 ALASKA: LOSS OF CONSORTIUM"

2303.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2304.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2304, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-3 ARIZONA: LOSS OF CONSORTIUM"

2305.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2306.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2306, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-4 ARKANSAS: LOSS OF CONSORTIUM"

2307.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2308.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2308, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-5 CALIFORNIA: LOSS OF CONSORTIUM"

2309.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2310.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2310, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-6 COLORADO: LOSS OF CONSORTIUM"

2311.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2312.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2312, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-7 CONNECTICUT: LOSS OF CONSORTIUM"

2313.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2314.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2314, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-8 DELAWARE: LOSS OF CONSORTIUM"

2315.　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2316.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2316, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-9 DISTRICT OF COLUMBIA: LOSS OF CONSORTIUM"

2317.　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2318.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2318, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-10 FLORIDA: LOSS OF CONSORTIUM"

2319.　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2320.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2320, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XI-11 GEORGIA: LOSS OF CONSORTIUM"

2321.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2322.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2322, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XI-12 HAWAII: LOSS OF CONSORTIUM"

2323.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2324.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2324, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-13 IDAHO: LOSS OF CONSORTIUM"

2325.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2326.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2326, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-14 ILLINOIS: LOSS OF CONSORTIUM"

2327.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2328.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2328, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XI-15 INDIANA: LOSS OF CONSORTIUM"

2329.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2330.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2330, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XI-16 IOWA: LOSS OF CONSORTIUM"

2331.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2332.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2332, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XI-17 KANSAS: LOSS OF CONSORTIUM"

2333.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2334.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2334, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT XI-18 KENTUCKY: LOSS OF CONSORTIUM"**

2335.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2336.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2336, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT XI-19 LOUISIANA: LOSS OF CONSORTIUM"**

2337.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2338.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2338, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-20 MAINE: LOSS OF CONSORTIUM"

2339.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2340.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2340, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-21 MARYLAND: LOSS OF CONSORTIUM"

2341.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2342.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2342, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-22 MASSACHUSETTS: LOSS OF CONSORTIUM"

2343.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2344.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2344, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-23 MICHIGAN: LOSS OF CONSORTIUM"

2345.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2346.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2346, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-24 MINNESOTA: LOSS OF CONSORTIUM"

2347.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2348.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2348, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-25 MISSISSIPPI: LOSS OF CONSORTIUM"

2349.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2350.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2350, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-26 MISSOURI: LOSS OF CONSORTIUM"

2351.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2352.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2352, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-27 MONTANA: LOSS OF CONSORTIUM"

2353.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2354.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2354, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-28 NEBRASKA: LOSS OF CONSORTIUM"

2355.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2356.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2356, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-29 NEVADA: LOSS OF CONSORTIUM"

2357.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2358.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2358, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-30 NEW HAMPSHIRE: LOSS OF CONSORTIUM"

2359.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2360.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2360, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-31 NEW JERSEY: LOSS OF CONSORTIUM"

2361.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2362.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2362, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-32 NEW MEXICO: LOSS OF CONSORTIUM"

2363.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2364.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2364, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-33 NEW YORK: LOSS OF CONSORTIUM"

2365.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2366.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2366, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-34 NORTH CAROLINA: LOSS OF CONSORTIUM"

2367.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2368.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2368, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-35 NORTH DAKOTA: LOSS OF CONSORTIUM"

2369.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2370.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2370, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT XI-36 OHIO: LOSS OF CONSORTIUM"**

2371.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2372.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2372, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT XI-37 OKLAHOMA: LOSS OF CONSORTIUM"**

2373.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2374.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2374, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT XI-38 OREGON: LOSS OF CONSORTIUM"**

2375.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2376.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2376, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-39 PENNSYLVANIA: LOSS OF CONSORTIUM"

2377.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2378.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2378, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-40 PUERTO RICO: LOSS OF CONSORTIUM"

2379.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2380.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2380, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-41 RHODE ISLAND: LOSS OF CONSORTIUM"

2381. GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2382. GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2382, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-42 SOUTH CAROLINA: LOSS OF CONSORTIUM"

2383. GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2384. GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2384, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-43 SOUTH DAKOTA: LOSS OF CONSORTIUM"

2385.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2386.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2386, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-44 TENNESSEE: LOSS OF CONSORTIUM"

2387.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2388.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2388, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-45 TEXAS: LOSS OF CONSORTIUM"

2389.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2390.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2390, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-46 UTAH: LOSS OF CONSORTIUM"

2391.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2392.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2392, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-47 VERMONT: LOSS OF CONSORTIUM"

2393.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2394.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2394, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XI-48 VIRGINIA: LOSS OF CONSORTIUM"

2395.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2396.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2396, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XI-49 WASHINGTON: LOSS OF CONSORTIUM"

2397.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2398.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2398, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-50 WEST VIRGINIA: LOSS OF CONSORTIUM"

2399.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2400.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2400, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-51 WISCONSIN: LOSS OF CONSORTIUM"

2401.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2402.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2402, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XI-52 WYOMING: LOSS OF CONSORTIUM"

2403.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2404.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2404, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "COUNT XII: SURVIVAL ACTIONS"

2405.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

2406.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

2407.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

2408.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response

from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

2409.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

2410.     GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

2411.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and therefore denies those allegations.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-1 ALABAMA: SURVIVAL ACTION"

2412.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2413.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2413, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-2 ALASKA: SURVIVAL ACTIONS"

2414.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2415.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2415, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-3 ARIZONA: SURVIVAL ACTIONS"

2416.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2417.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2417, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-4 ARKANSAS: SURVIVAL ACTIONS"

2418.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2419.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2419, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-5 CALIFORNIA: SURVIVAL ACTIONS"

2420.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2421.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2421, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-6 COLORADO: SURVIVAL ACTIONS"

2422.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2423.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2423, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-7 CONNECTICUT: SURVIVAL ACTIONS"

2424.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2425.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2425, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-8 DELAWARE: SURVIVAL ACTIONS"

2426.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2427.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2427, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-9 DISTRICT OF COLUMBIA: SURVIVAL ACTIONS"

2428.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2429.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2429, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-10 FLORIDA: SURVIVAL ACTIONS"

2430.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2431.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2431, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-11 GEORGIA: SURVIVAL ACTIONS"

2432.　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2433.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2433, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-12 HAWAII: SURVIVAL ACTIONS"

2434.　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2435.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2435, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-13 IDAHO: SURVIVAL ACTIONS"

2436.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2437.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2437, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-14 ILLINOIS: SURVIVAL ACTIONS"

2438.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2439.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2439, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-15 INDIANA: SURVIVAL ACTIONS"

2440.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2441.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2441, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-16 IOWA: SURVIVAL ACTIONS"

2442.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2443.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2443, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-17 KANSAS: SURVIVAL ACTIONS"

2444.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2445.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2445, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-18 KENTUCKY: SURVIVAL ACTIONS"

2446.　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2447.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2447, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-19 LOUISIANA: SURVIVAL ACTIONS"

2448.　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2449.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2449, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-20 MAINE: SURVIVAL ACTIONS"

2450.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2451.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2451, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-21 MARYLAND: SURVIVAL ACTIONS"

2452.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2453.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2453, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-22 MASSACHUSETTS: SURVIVAL ACTIONS"

2454.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2455.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2455, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-23 MICHIGAN: SURVIVAL ACTIONS"

2456.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2457.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2457, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-24 MINNESOTA: SURVIVAL ACTIONS"

2458.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2459.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2459, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XII-25 MISSISSIPPI: SURVIVAL ACTIONS"

2460.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2461.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2461, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XII-26 MISSOURI: SURVIVAL ACTIONS"

2462.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2463.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2463, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-27 MONTANA: SURVIVAL ACTIONS"

2464.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2465.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2465, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-28 NEBRASKA: SURVIVAL ACTIONS"

2466.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2467.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2467, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-29 NEVADA: SURVIVAL ACTIONS"

2468.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2469.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2469, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-30 NEW HAMPSHIRE: SURVIVAL ACTIONS"

2470.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2471.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2471, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-31 NEW JERSEY: SURVIVAL ACTIONS"

2472.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2473.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2473, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-32 NEW MEXICO: SURVIVAL ACTIONS"

2474.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2475.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2475, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-33 NEW YORK: SURVIVAL ACTIONS"

2476.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2477.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2477, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XII-34 NORTH CAROLINA: SURVIVAL ACTIONS"

2478.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2479.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2479, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XII-35 NORTH DAKOTA: SURVIVAL ACTIONS"

2480.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2481.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2481, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XII-36 OHIO: SURVIVAL ACTIONS"

2482.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2483.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2483, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**<u>RESPONSE TO SECTION TITLED "SUB-COUNT XII-37 OKLAHOMA: SURVIVAL ACTIONS"</u>**

2484.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2485.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2485, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**<u>RESPONSE TO SECTION TITLED "SUB-COUNT XII-38 OREGON: SURVIVAL ACTIONS"</u>**

2486.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2487.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2487, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XII-39 PENNSYLVANIA: SURVIVAL ACTIONS"

2488.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2489.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2489, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XII-40 PUERTO RICO: SURVIVAL ACTIONS"

2490.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2491.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2491, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT XII-41 RHODE ISLAND: SURVIVAL ACTIONS"**

2492.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2493.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2493, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT XII-42 SOUTH CAROLINA: SURVIVAL ACTIONS"**

2494.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2495.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2495, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT XII-43 SOUTH DAKOTA: SURVIVAL ACTIONS"**

2496.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2497.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2497, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-44 TENNESSEE: SURVIVAL ACTIONS"

2498.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2499.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2499, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-45 TEXAS: SURVIVAL ACTIONS"

2500.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2501.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2501, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-46 UTAH: SURVIVAL ACTIONS"

2502.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2503.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2503, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-47 VERMONT: SURVIVAL ACTIONS"

2504.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2505.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2505, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT XII-48 VIRGINIA: SURVIVAL ACTIONS"**

2506.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2507.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2507, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT XII-49 WASHINGTON: SURVIVAL ACTIONS"**

2508.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2509.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2509, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT XII-50 WEST VIRGINIA: SURVIVAL ACTIONS"**

2510.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2511.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2511, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-51 WISCONSIN: SURVIVAL ACTIONS"

2512.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2513.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2513, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XII-52 WYOMING: SURVIVAL ACTIONS"

2514.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2515.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2515, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "COUNT XIII: WRONGFUL DEATH"**

2516.        GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies those allegations.

2517.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Decedents and therefore denies those allegations.  Further responding, GSK states that facts relating to the chemistry, benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.

2518.        GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

2519.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.  To the extent a response is required, GSK denies each and every allegation in this Paragraph as to itself.  The remaining allegations in this Paragraph are not directed at GSK and therefore require no response from GSK.  To the extent a response is required, GSK lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph as to other Defendants and Plaintiffs and therefore denies those allegations.

### RESPONSE TO SECTION TITLED "SUB-COUNT XIII-1 ALABAMA: WRONGFUL DEATH"

2520.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2521.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2521, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XIII-2 ALASKA: WRONGFUL DEATH"

2522.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2523.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2523, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XIII-3 ARIZONA: WRONGFUL DEATH"

2524.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2525.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2525, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-4 ARKANSAS: WRONGFUL DEATH"

2526.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2527.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2527, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-5 CALIFORNIA: WRONGFUL DEATH"

2528.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2529.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2529, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XIII-6 COLORADO: WRONGFUL DEATH"

2530.　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2531.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2531, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XIII-7 CONNECTICUT: WRONGFUL DEATH"

2532.　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2533.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2533, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT XIII-8 DELAWARE: WRONGFUL DEATH"**

2534.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2535.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2535, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT XIII-9 DISTRICT OF COLUMBIA: WRONGFUL DEATH"**

2536.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2537.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2537, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

**RESPONSE TO SECTION TITLED "SUB-COUNT XIII-10 FLORIDA: WRONGFUL DEATH"**

2538.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2539.         GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2539, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-11 GEORGIA: WRONGFUL DEATH"

2540.         GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2541.         GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2541, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-12 HAWAII: WRONGFUL DEATH"

2542.         GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2543.         GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2543, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-13 IDAHO: WRONGFUL DEATH"

2544.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2545.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2545, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-14 ILLINOIS: WRONGFUL DEATH"

2546.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2547.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2547, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-15 INDIANA: WRONGFUL DEATH"

2548.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2549.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2549, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-16 IOWA: WRONGFUL DEATH"

2550.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2551.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2551, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-17 KANSAS: WRONGFUL DEATH"

2552.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2553.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2553, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-18 KENTUCKY: WRONGFUL DEATH"

2554.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2555.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2555, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-19 LOUISIANA: WRONGFUL DEATH"

2556.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2557.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2557, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-20 MAINE: WRONGFUL DEATH"

2558.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2559.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2559, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-21 MARYLAND: WRONGFUL DEATH"

2560.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2561.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2561, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-22 MASSACHUSETTS: WRONGFUL DEATH"

2562.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2563.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2563, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-23 MICHIGAN: WRONGFUL DEATH"

2564.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2565.      GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2565, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-24 MINNESOTA: WRONGFUL DEATH"

2566.      GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2567.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2567, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-25 MISSISSIPPI: WRONGFUL DEATH"

2568.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2569.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2569, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-26 MISSOURI: WRONGFUL DEATH"

2570.        GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2571.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2571, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-27 MONTANA: WRONGFUL DEATH"

2572.　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2573.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2573, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-28 NEBRASKA: WRONGFUL DEATH"

2574.　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2575.　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2575, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-29 NEVADA: WRONGFUL DEATH"

2576.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2577.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2577, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-30 NEW HAMPSHIRE: WRONGFUL DEATH"

2578.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2579.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2579, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-31 NEW JERSEY: WRONGFUL DEATH"

2580.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2581.　　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2581, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-32 NEW MEXICO: WRONGFUL DEATH"

2582.　　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2583.　　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2583, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-33 NEW YORK: WRONGFUL DEATH"

2584.　　　GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2585.　　　GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2585, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XIII-34 NORTH CAROLINA: WRONGFUL DEATH"

2586.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2587.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2587, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XIII-35 NORTH DAKOTA: WRONGFUL DEATH"

2588.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2589.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2589, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-36 OHIO: WRONGFUL DEATH"

2590.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2591.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2591, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-37 OKLAHOMA: WRONGFUL DEATH"

2592.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2593.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2593, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-38 OREGON: WRONGFUL DEATH"

2594.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2595.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2595, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XIII-39 PENNSYLVANIA: WRONGFUL DEATH"

2596.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2597.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2597, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XIII-40 PUERTO RICO: WRONGFUL DEATH"

2598.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2599.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2599, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XIII-41 RHODE ISLAND: WRONGFUL DEATH"

2600.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2601.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2601, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XIII-42 SOUTH CAROLINA: WRONGFUL DEATH"

2602.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2603.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2603, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-43 SOUTH DAKOTA: WRONGFUL DEATH"

2604.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2605.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2605, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-44 TENNESSEE: WRONGFUL DEATH"

2606.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2607.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2607, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-45 TEXAS: WRONGFUL DEATH"

2608.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2609.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2609, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-46 UTAH: WRONGFUL DEATH"

2610.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2611.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2611, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-47 VERMONT: WRONGFUL DEATH"

2612.     GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2613.     GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2613, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to

Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XIII-48 VIRGINIA: WRONGFUL DEATH"

2614.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2615.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2615, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "SUB-COUNT XIII-49 WASHINGTON: WRONGFUL DEATH"

2616.    GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2617.    GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2617, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-50 WEST VIRGINIA: WRONGFUL DEATH"

2618.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2619.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2619, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-51 WISCONSIN: WRONGFUL DEATH"

2620.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2621.       GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2621, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

## RESPONSE TO SECTION TITLED "SUB-COUNT XIII-52 WYOMING: WRONGFUL DEATH"

2622.       GSK incorporates by reference all of its responses to each of the allegations contained in the preceding paragraphs of this Answer as though fully contained here.

2623.        GSK denies the allegations of this Paragraph as conclusions of law to which no response is required.

Responding to the unnumbered statement following Paragraph 2623, GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "JURY TRIAL DEMAND"

2624.        GSK respectfully refers the Court to Plaintiffs' Complaint but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### RESPONSE TO SECTION TITLED "PRAYER FOR RELIEF"

GSK admits that Plaintiffs seek the relief listed in the Prayer for Relief section and all of its subparts but denies that its conduct caused or contributed to Plaintiffs' alleged injuries and denies that it is liable to Plaintiffs for damages or any other relief sought in the Complaint.

### AFFIRMATIVE DEFENSES

By asserting the matters set forth below, GSK does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters.  GSK reserves its rights to seek to amend and supplement these Affirmative Defenses as may be appropriate or necessary.  GSK asserts as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim or cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs cannot proffer any scientifically reliable evidence that the product at issue was defective or unreasonably dangerous.

### THIRD AFFIRMATIVE DEFENSE

Without admitting that the product at issue was manufactured and/or sold by GSK, to the extent GSK had any duty with respect to the sale and/or manufacture of the product, such duty was fully discharged by the giving of adequate instructions and warnings concerning its use.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and/or medical expenses resulted from pre-existing or unrelated medical, psychiatric, genetic, or environmental conditions, diseases, or illnesses.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of federal preemption.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered injuries and damages by reason of operation of nature or idiosyncratic and/or allergic reaction to the product, used whether alone or in combination with any drug, GSK is not liable.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or reduced under the principles of assumption of the risk and/or informed consent.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery, if any, from GSK should be reduced, offset, or barred by the contributory or comparative negligence, fault, responsibility, or causation attributable to Plaintiffs to some third party other than GSK.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries and damages, if any, were caused in whole or in part by an alteration, change, unintended use, or misuse of the product at issue.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries were caused or contributed to be caused by the intervening acts, superseding negligence, and/or subsequent conduct or fault on the part of a person or entity over whom GSK neither had control nor right of control and, therefore, Plaintiffs' claims are barred and/or GSK is entitled to an apportionment of damages accordingly.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were not proximately caused by any act or omission of GSK and/or were caused or proximately caused by some person or third party other than GSK for whom GSK is not legally responsible.

### TWELFTH AFFIRMATIVE DEFENSE

One or more of the claims set forth in Plaintiffs' Complaint are barred in whole or in part by the applicable statutes of limitation and/or statutes of repose.

### THIRTEENTH AFFIRMATIVE DEFENSE

GSK specifically pleads collateral estoppel, res judicata, waiver, laches, and failure to mitigate or minimize damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any acts performed by GSK in the design, manufacture, and marketing of the product at issue were in conformity with the "state of the art" existing at the time of such design, manufacture, and marketing, and public policy should hold that liability not be imposed on GSK for untold risks not known at the time of design, manufacture, and marketing of the product at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject to the limitations set forth in the Restatement (Second) of Torts, section 402A, comment k, and/or the Restatement (Third) of Torts.

## SIXTEENTH AFFIRMATIVE DEFENSE

GSK had no duty to warn of the possible dangers of using the product at issue, the existence of which are denied, that were not known at the time of manufacture or sale of the product.

## SEVENTEENTH AFFIRMATIVE DEFENSE

All of GSK's activities and conduct conformed to all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The methods, standards, and techniques utilized by GSK in designing, formulating, manufacturing, and marketing the product at issue and in issuing warnings and instructions with respect to its use were proper and in conformity with the generally recognized, reasonably available, and reliable state of knowledge in the field at the time the product was manufactured.

## NINETEENTH AFFIRMATIVE DEFENSE

The injuries and/or damages claimed by Plaintiffs were the result of unavoidable circumstances that GSK could not have prevented.

## TWENTIETH AFFIRMATIVE DEFENSE

The injuries and/or damages claimed by Plaintiffs were the result of a pre-existing condition unrelated to any conduct of, or products placed in the stream of commerce by, GSK.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The conduct of GSK in all activities with respect to the product at issue has been and is under the supervision of FDA.  Accordingly, this action is barred by the doctrine of primary jurisdiction.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The alleged negligent or culpable conduct of GSK, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the sophisticated user defense.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The injuries and/or damages claimed by Plaintiffs can be attributed to several causes and, accordingly, should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the use of the product at issue was generally recognized as safe and effective pursuant to conditions established by FDA and applicable regulations, including packaging and labeling regulations.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The public interest, benefit, and availability of the product at issue outweigh the risks, if any, resulting from such activities, which were unavoidable given the state of knowledge at the time those activities were undertaken.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the principles of the learned intermediary and/or experienced user doctrine.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any verdict or judgment rendered against GSK must be reduced by those amounts that have or will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any

past or future claimed economic loss, from any collateral source such as insurance, Social Security, worker's compensation, or employee benefit programs.

<b><u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u></b>

No act or omission of GSK was malicious, willful, wanton, reckless, grossly negligent, or intentional, and therefore any award of punitive damages is barred.

<b><u>THIRTIETH AFFIRMATIVE DEFENSE</u></b>

At the time the product left GSK's control, there was not a practical and technically feasible alternative design that would have prevented the harm without substantially impairing the reasonably anticipated or intended function of the product.

<b><u>THIRTY-FIRST AFFIRMATIVE DEFENSE</u></b>

GSK is not liable for any harm caused because the product at issue contained an adequate warning as evidenced by its approval by FDA under the Federal Food, Drug, and Cosmetic Act.

<b><u>THIRTY-SECOND AFFIRMATIVE DEFENSE</u></b>

Punitive damages are not available to Plaintiffs because the drug at issue was subject to premarket approval or licensure by FDA under the Federal Food, Drug, and Cosmetic Act and was approved or licensed.

<b><u>THIRTY-THIRD AFFIRMATIVE DEFENSE</u></b>

GSK relies upon all defenses contained in any applicable state statute or law.

<b><u>THIRTY-FOURTH AFFIRMATIVE DEFENSE</u></b>

Plaintiffs' claims are barred, in whole or in part, because there was no deceptive act or practice.

<b><u>THIRTY-FIFTH AFFIRMATIVE DEFENSE</u></b>

None of GSK's acts, conduct, omissions, or statements alleged in the Complaint was likely to mislead.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or their prescribing physicians knew, at all times, the characteristics, uses, benefits, standard, and quality of the product at issue and therefore could not have justifiably relied on the alleged misrepresentations or omissions in the Complaint.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The representations and advertising regarding the product at issue are not unlawful because they are not, and were not, in violation of any law or regulation.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The representations and advertising regarding the product at issue were not and are not fraudulent.  No representation or advertisement contains any false or misleading statement or promises intended to deceive the public.  As such, the representations and advertising are not, and were not, fraudulent.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to relief under the statutes and legal theories invoked in their Complaint because Plaintiffs lack standing.

## FORTIETH AFFIRMATIVE DEFENSE

GSK has fully performed any and all contractual, statutory, and other duties, and Plaintiffs are therefore estopped from asserting any cause of action against GSK.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Any award to Plaintiffs in this action would constitute unjust enrichment.

## FORTY-SECOND AFFIRMATIVE DEFENSE

The Complaint and each cause of action therein presented are vague, ambiguous, and uncertain.  GSK reserves the right to add additional defenses as the factual bases for each of Plaintiffs' claims and allegations become known.

## FORTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs purport to seek equitable relief to mandate the specific content of GSK's product labels, Plaintiffs' Complaint violates GSK's right to freedom of speech under the First Amendment of the United States Constitution and the similar provisions in any applicable state constitutions.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

GSK is not liable for injuries or damages caused by any product that GSK did not sell or distribute pursuant to the NDAs that it held for Zantac.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

GSK denies this court has personal jurisdiction over it and hereby alleges lack of personal jurisdiction as a separate affirmative defense.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are in violation of GSK's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and similar provisions in any applicable state constitutions and/or applicable state common law and public polices, and/or applicable statutes and court rules, in the circumstances of the litigation. *See*, *e.g.*, *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are in violation of GSK's rights under the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy

Clause in the Fifth Amendment of the United States Constitution; the Free Speech Clause of the First Amendment of the United States Constitution; the Commerce Clause of Article I, Section 8 of the United States Constitution; the Contracts Clause of Article I, Section 10 of the United States Constitution; similar provisions in any applicable state constitutions and/or applicable state common law and public policies; and/or applicable statutes and court rules, in the circumstances of this litigation.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Because of the lack of clear standards, the imposition of punitive damages against GSK is unconstitutionally vague and/or overbroad.

## FORTY-NINTH AFFIRMATIVE DEFENSE

The Zantac labeling was not false or misleading in any particular, and the product accordingly was not misbranded.

## DEFENSES RESERVED

GSK hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in the case and hereby reserves the right to amend this Answer to assert any such defense.  GSK also reserves the right to assert other and related defenses as may become available upon a determination of the law applicable to the action or any part thereof or claim therein.

## PRAYER FOR RELIEF

WHEREFORE, GSK prays for judgment as follows:

1.      That Plaintiffs take nothing;

2.      That the Court enter judgement in favor of GSK on each remaining cause of action alleged against it in the Second Amended Master Personal Injury Complaint;

3.      That GSK be awarded its costs, expenses, and reasonable attorneys' fees; and

4.      That the Court grant GSK all further legal and equitable relief that it deems just and proper.

## **DEMAND FOR BIFURCATED TRIAL**

If Plaintiffs are permitted to proceed to trial upon any claims for punitive or exemplary damages, such claims, if any, must be bifurcated from the remaining issues.

## **JURY TRIAL DEMANDED**

GSK hereby demands a trial by jury on all claims triable by jury.

Dated: August 23, 2021

Respectfully submitted,

*/s/ Mark S. Cheffo*
Mark S. Cheffo
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500
Mark.Cheffo@dechert.com

*Counsel for Defendants*
*GlaxoSmithKline LLC,*
*GlaxoSmithKline plc, and*
*GlaxoSmithKline Holdings*
*(Americas) Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2021 a copy of the foregoing ANSWER AND

AFFIRMATIVE DEFENSES OF GSK was filed with the Clerk of Court using the CM/ECF

system, which will provide notification to all counsel of record.

*/s/ Mark S. Cheffo*
Mark S. Cheffo