**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

IN RE: ZANTAC (RANITIDINE)
PRODUCTS LIABILITY
LITIGATION

**MDL No. 2924
20-MD-2924**

**JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART**

_____/

**THIS DOCUMENT RELATES TO:  ALL CASES**

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SANOFI US
SERVICES INC., SANOFI-AVENTIS U.S. LLC, AND CHATTEM, INC. TO
PLAINTIFFS' SECOND AMENDED MASTER PERSONAL INJURY COMPLAINT**

Defendants Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc. (collectively, "Sanofi") hereby answer Plaintiffs' Second Amended Master Personal Injury Complaint (the "Complaint").

**PRELIMINARY STATEMENT**

Sanofi submits this Answer on behalf of only itself.  Where allegations are made against "Defendants" as a group, however described, Sanofi's responses apply only to itself.   The Complaint contains purported references to documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context.  These documents and third-party publications and statements should be considered, if at all, in context and in unmodified form, and Sanofi respectfully refers the Court to the respective documents for their accurate and complete contents.  Except as otherwise expressly stated herein, Sanofi expressly denies each and every allegation contained in the Complaint, including without limitation any allegations contained in the title, preamble, unnumbered paragraphs, headings, subheadings, table of contents, and footnotes of the Complaint, and specifically denies any liability to Plaintiffs.  Sanofi reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

**INTRODUCTION[1]**

1.     Answering the allegations in Paragraph 1, Sanofi states that Zantac is the brand name for ranitidine hydrochloride and that the U.S. Food and Drug Administration ("FDA") first approved prescription Zantac in 1983 as a safe and effective medication for the treatment of certain conditions of the stomach and esophagus.  To the extent the remaining allegations in Paragraph 1

---

[1]     Sanofi repeats Plaintiffs' section headings in order to assist the reader.  To the extent the section headings set forth substantive allegations, Sanofi denies each and every one and by repeating them here makes no admission of any sort.  They are included purely for the convenience of the reader.

are intended to summarize allegations set forth in Plaintiffs' Complaint, the allegations are improper and require no response. To the extent a response is deemed necessary, Sanofi admits that Plaintiffs have brought this action but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi otherwise denies the remaining allegations in Paragraph 1.

2.      Answering the allegations in Paragraph 2, Sanofi states that Zantac was widely used for the conditions for which it was FDA-approved and that, on October 18, 2020, Sanofi initiated a precautionary voluntary recall of Zantac OTC in the United States. Responding further, Sanofi states that any scientific studies speak for themselves and any attempt to characterize them is denied. Sanofi denies the remaining allegations in Paragraph 2.

3.      Answering the allegations in Paragraph 3, Sanofi states that N-Nitrosodimethylamine ("NDMA") is an organic chemical that has been classified by the International Agency for Research on Cancer ("IARC") as a probable human carcinogen based on results from laboratory tests in animals. Sanofi further states that NDMA is known to be present in the environment and is found in water and foods, including meats, dairy products, and vegetables. Sanofi denies the remaining allegations in Paragraph 3.

4.      Answering the allegations in Paragraph 4, Sanofi states that FDA has set an acceptable daily intake limit for NDMA at 96 nanograms by extrapolating from rat studies the amount of NDMA that could cause cancer in 1 out of 100,000 humans if that amount was consumed daily for 70 years. Responding further, Sanofi states that facts relating to the potential formation of NDMA in ranitidine will be addressed through appropriate scientific, medical, or expert testimony. Responding further, Sanofi states that certain testing methodology can affect the amount of NDMA in ranitidine and certain test results have been deemed unreliable by FDA. Sanofi denies the remaining allegations in Paragraph 4.

5.     Answering the allegations in Paragraph 5, Sanofi states that on October 18, 2020, Sanofi initiated a precautionary voluntary recall of Zantac OTC in the United States.  Sanofi further states that, on April 1, 2020, FDA announced it was requesting that manufacturers withdraw prescription and OTC ranitidine from the U.S. market.  Responding further, Sanofi states that any statement by FDA speaks for itself and any attempt to characterize it is denied.  Sanofi denies the remaining allegations in Paragraph 5.

6.     Answering the allegations in Paragraph 6, Sanofi states that facts relating to the potential formation of NDMA in ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi otherwise denies the allegations in Paragraph 6.

7.     Sanofi denies the allegations in Paragraph 7.

8.     To the extent the allegations in Paragraph 8 are not directed at Sanofi, those allegations require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi denies the remaining allegations in Paragraph 8.

9.     Answering the allegations in Paragraph 9, Sanofi states that U.S. laws and regulations regarding FDA approval of new drugs speak for themselves, and any attempt to characterize them is denied.  The allegations in Paragraph 9 otherwise consist of improperly overbroad and sweeping generalizations regarding the pharmaceutical industry that do not specifically assert claims as to Sanofi or a product that it marketed and to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the remaining allegations in Paragraph 9.

10.     The allegations in Paragraph 10 consist of improperly overbroad and sweeping generalizations regarding the pharmaceutical industry that do not specifically assert claims as to

Sanofi or a product that it marketed and to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

11.     The allegations in Paragraph 11 consist of improperly overbroad and sweeping generalizations regarding the pharmaceutical industry that do not specifically assert claims as to Sanofi or a product that it marketed and to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

12.     The allegations in Paragraph 12 consist of improperly overbroad and sweeping generalizations regarding the pharmaceutical industry that do not specifically assert claims as to Sanofi or a product that it marketed and to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

13.     To the extent the allegations in Paragraph 13 are not directed at Sanofi, those allegations require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi denies the remaining allegations in Paragraph 13.

14.     To the extent the allegations in Paragraph 14 are intended to summarize allegations set forth in Plaintiffs' Complaint, the allegations are improper and require no response.  To the extent a response is deemed necessary, Sanofi admits that Plaintiffs have brought this action but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations in Paragraph 14.

## PARTIES

### PLAINTIFFS

15.     To the extent the allegations in Paragraph 15 are intended to summarize allegations set forth in Plaintiffs' Complaint, the allegations are improper and require no response.  To the extent a response is deemed necessary, Sanofi admits that Plaintiffs have brought this action but

denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations in Paragraph 15.

16.     To the extent the allegations in Paragraph 16 are not directed at Sanofi, those allegations require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  To the extent the allegations in Paragraph 16 allege any wrongdoing by Sanofi or that Sanofi is liable to Plaintiffs, Sanofi denies the allegations. Sanofi otherwise lacks knowledge or information as to the allegations in Paragraph 16 and therefore denies the same.

17.     Answering the allegations in Paragraph 17, Sanofi denies that ranitidine has caused any Plaintiff's cancer.  Sanofi otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 and therefore denies the same.

## DEFENDANTS

18.     Answering the allegations in Paragraph 18, Sanofi states that Sanofi marketed, distributed, and sold OTC Zantac in the United States from January 1, 2017 until it voluntarily withdrew Zantac from the market in October 2019 as a precautionary measure.  Sanofi further states that, for part of the time period in which Sanofi distributed OTC Zantac in the United States, Sanofi packaged the product at its Chattem facilities in Chattanooga, Tennessee.  Sanofi denies that Sanofi designed or manufactured Zantac and states that UNION QUIMICO FARMACEUTICA SA ("Uquifa") manufactured the active pharmaceutical ingredient and Boehringer Ingelheim Promeco, S.A. de C.V. ("BI Promeco") and Patheon Manufacturing Services LLC ("Patheon") manufactured the finished drug product for all Zantac that Sanofi sold in the United States.  To the extent the remaining allegations in Paragraph 18 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 18.

**Boehringer Ingelheim (BI)**

19.     The allegations in Paragraph 19 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 and therefore denies the same.

20.     The allegations in Paragraph 20 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 and therefore denies the same.

21.     The allegations in Paragraph 21 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 and therefore denies the same.

22.     The allegations in Paragraph 22 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 and therefore denies the same.

23.     The allegations in Paragraph 23 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 and therefore denies the same.

24.     The allegations in Paragraph 24 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations in Paragraph 24 and therefore denies the same.

## GlaxoSmithKline (GSK)

25.     The allegations in Paragraph 25 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 and therefore denies the same.

26.     The allegations in Paragraph 26 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 26 and therefore denies the same.

27.     The allegations in Paragraph 27 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 and therefore denies the same.

28.     The allegations in Paragraph 28 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 and therefore denies the same.

## Pfizer

29.     The allegations in Paragraph 29 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 and therefore denies the same.

**Sanofi**

30.     Answering the allegations in Paragraph 30, Sanofi states that Sanofi-Aventis U.S. LLC is a Delaware limited liability company that maintains its headquarters at 55 Corporate Drive, Bridgewater, New Jersey 08807, and that the sole member of Sanofi-Aventis U.S. LLC is Sanofi US Services Inc., a Delaware corporation that maintains its headquarters at 55 Corporate Drive, Bridgewater, New Jersey 08807.   The remaining allegation of Paragraph 30 states a legal conclusion to which no response is required.

31.     Answering the allegations in Paragraph 31, Sanofi states that Sanofi US Services Inc. is a Delaware corporation that maintains its headquarters at 55 Corporate Drive, Bridgewater, New Jersey 08807.  The remaining allegation of Paragraph 31 states a legal conclusion to which no response is required.

32.     Answering the allegations in Paragraph 32, Sanofi states that the French pharmaceutical company Sanofi is a non-party société anonyme that maintains its headquarters at 54 Rue La Boétie in Paris, France.  The remaining allegation of Paragraph 32 states a legal conclusion to which no response is required.

33.     The allegations in Paragraph 33 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 and therefore denies the same.

34.     Answering the allegations in Paragraph 34, Sanofi states that Chattem, Inc. is a Tennessee corporation that maintains its headquarters as 1715 West 38th Street, Chattanooga, Tennessee 37409.  Sanofi further states that Chattem, Inc. is a wholly owned indirect subsidiary of the French pharmaceutical company Sanofi.  The remaining allegation of Paragraph 34 states a legal conclusion to which no response is required.

35. Answering the allegations in Paragraph 35, Sanofi states that, for part of the time period in which Sanofi distributed OTC Zantac in the United States, Sanofi packaged the product at its Chattem facilities in Chattanooga, Tennessee. Sanofi further states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. Sanofi denies the remaining allegations in Paragraph 35.

36. Answering the allegations in Paragraph 36, Sanofi states that Sanofi-Aventis U.S. LLC and Sanofi US Services Inc. are wholly owned indirect subsidiaries of the French pharmaceutical company Sanofi. Sanofi further states that BI Promeco and Patheon manufactured the finished drug product for all OTC Zantac that Sanofi sold in the United States and that BI Promeco and Patheon packaged OTC Zantac for part of the time period in which Sanofi distributed OTC Zantac in the United States. Sanofi admits that Plaintiffs refer to "Sanofi" as including BI Promeco and Patheon but denies that either BI Promeco or Patheon is a subsidiary or affiliate of any Sanofi entity. Sanofi denies the remaining allegations in Paragraph 36.

\*     \*     \*

37. Answering the allegations in Paragraph 37, Sanofi states that Sanofi marketed, distributed, and sold OTC Zantac in the United States from January 1, 2017 until it voluntarily withdrew Zantac from the market in October 2019 as a precautionary measure. Sanofi further states that, for part of the time period in which Sanofi distributed OTC Zantac in the United States, Sanofi packaged the product at its Chattem facilities in Chattanooga, Tennessee. Sanofi denies that Sanofi designed or manufactured Zantac and states that Uquifa manufactured the active pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States. To the extent the remaining allegations in Paragraph 37 are directed to other Defendants, Sanofi lacks knowledge or information sufficient

to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 37.

## JURISDICTION & VENUE

38.     The allegations in Paragraph 38 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

39.     Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 39 and therefore denies the same.

40.     The allegations in Paragraph 40 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

41.     The allegations in Paragraph 41 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

42.     The allegations in Paragraph 42 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

43.     Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 43 and therefore denies the same.

44.     Answering the allegations in Paragraph 44, Sanofi states that Sanofi marketed, distributed, and sold OTC Zantac in the United States from January 1, 2017 until it voluntarily withdrew Zantac from the market in October 2019 as a precautionary measure.  Sanofi further states that, for part of the time period in which Sanofi distributed OTC Zantac in the United States, Sanofi packaged the product at its Chattem facilities in Chattanooga, Tennessee.  Sanofi denies that Sanofi designed or manufactured Zantac and states that Uquifa manufactured the active pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States.  To the extent the remaining allegations in Paragraph 44 are directed to other Defendants, Sanofi lacks knowledge or information sufficient

to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 44.

45.     Answering the allegations in Paragraph 45, Sanofi states that Sanofi marketed, distributed, and sold OTC Zantac in the United States from January 1, 2017 until it voluntarily withdrew Zantac from the market in October 2019 as a precautionary measure.  To the extent Paragraph 45 alleges the states and territories as to which personal jurisdiction would be proper as to Sanofi, Paragraph 45 states a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.  To the extent the remaining allegations in Paragraph 45 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 45.

46.     Answering the allegations in Paragraph 46, Sanofi states that PTO No. 11 speaks for itself and any attempt to characterize it is denied.  The allegations in Paragraph 46 otherwise assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

## FACTUAL ALLEGATIONS

## I.     THE CREATION OF RANITIDINE-CONTAINING PRODUCTS AND THEIR INTRODUCTION TO THE MARKET

47.     Answering the allegations in Paragraph 47, Sanofi states that Sanofi marketed, distributed, and sold OTC Zantac in the United States from January 1, 2017 until it voluntarily withdrew Zantac from the market in October 2019 as a precautionary measure.  Sanofi further states that, for part of the time period in which Sanofi distributed OTC Zantac in the United States, Sanofi packaged the product at its Chattem facilities in Chattanooga, Tennessee.  Sanofi denies that Sanofi designed or manufactured Zantac and states that Uquifa manufactured the active

pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States. To the extent the remaining allegations in Paragraph 47 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 47.

A.      **GSK Develops Zantac Through a Flurry of Aggressive Marketing Maneuvers**

48.      Answering the allegations in Paragraph 48, Sanofi states that ranitidine is an H2 (histamine-2) blocker that decreases the amount of acid created by the stomach. Sanofi further states that other H2 blockers include cimetidine, famotidine, and nizatidine, which are sold under various brand names. Sanofi denies the remaining allegations in Paragraph 48.

49.      The allegations in Paragraph 49 are not directed at Sanofi and therefore require no response from Sanofi. To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 49 and therefore denies the same.

50.      The allegations in Paragraph 50 are not directed at Sanofi and therefore require no response from Sanofi. To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 50 and therefore denies the same.

51.      The allegations in Paragraph 51 are not directed at Sanofi and therefore require no response from Sanofi. To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 and therefore denies the same.

52.      The allegations in Paragraph 52 are not directed at Sanofi and therefore require no response from Sanofi. To the extent a response is deemed necessary, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations in Paragraph 52 and therefore denies the same.

53.     Answering the allegations in Paragraph 53, Sanofi states that FDA first approved a New Drug Application ("NDA") for prescription Zantac in 1983.  Sanofi otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 53 and therefore denies the same.

54.     The allegations in Paragraph 54 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 54 and therefore denies the same.

55.     Answering the allegations in Paragraph 55, Sanofi states that FDA has approved Zantac for maintenance therapy for duodenal ulcer patients at reduced dosage after healing of acute ulcers and for treatment of gastroesophageal reflux disease ("GERD").  Sanofi denies the remaining allegations in Paragraph 55.

56.     Answering the allegations in Paragraph 56, Sanofi states that FDA first approved OTC Zantac 75mg tablets through NDA 20-520 in 1995.  Responding further, Sanofi states that, in 1998, FDA approved OTC Zantac 75 mg effervescent tablets through NDA 20-745.  The remaining allegations in Paragraph 56 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 56 and therefore denies the same.

57.     The allegations in Paragraph 57 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations in Paragraph 57 and therefore denies the same.

58.     The allegations in Paragraph 58 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 58 and therefore denies the same.

59.     The allegations in Paragraph 59 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 59 and therefore denies the same.

60.     Answering the allegations in Paragraph 60, Sanofi states that FDA first approved OTC Zantac 150 through NDA 21-698 in 2004.  The remaining allegations in Paragraph 60 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 60 and therefore denies the same.

61.     The allegations in Paragraph 61 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 61 and therefore denies the same.

62.     The allegations in Paragraph 62 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 62 and therefore denies the same.

63.     The allegations in Paragraph 63 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 63 and therefore denies the same.

64.     The allegations in Paragraph 64 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 64 and therefore denies the same.

65.     The allegations in Paragraph 65 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 65 and therefore denies the same.

66.     Answering the allegations in Paragraph 66, Sanofi states that Sanofi acquired the rights to market and distribute OTC Zantac in the United States through an agreement with Boehringer Ingelheim International GmbH ("BI") dated June 26, 2016 by which it acquired BI's consumer health care business (the "Sale and Purchase Agreement").  Sanofi further states that Sanofi US Services Inc. acquired and currently holds NDA 20-520 for OTC Zantac 75 and NDA 21-698 for OTC Zantac 150.  Sanofi further states that Sanofi and BI entered into a CHC Global Manufacturing and Supply Agreement (the "MSA") that applies to the manufacturing of products subject to the Sale and Purchase Agreement, including OTC Zantac.  Sanofi further states that Uquifa manufactured the active pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States.  Sanofi denies the remaining allegations in Paragraph 66.

67.     Answering the allegations in Paragraph 67, Sanofi states that Sanofi marketed, distributed, and sold OTC Zantac in the United States from January 1, 2017 until it voluntarily withdrew Zantac from the market in October 2019 as a precautionary measure.  Responding further, Sanofi states that any document Sanofi has produced in this litigation speaks for itself, and any attempt to characterize it is denied.  Sanofi denies the remaining allegations in Paragraph 67.

68.     Answering the allegations in Paragraph 68, Sanofi states that BI Promeco and Patheon manufactured the finished drug product for all OTC Zantac that Sanofi sold in the United States.  Sanofi denies the remaining allegations in Paragraph 68.

69.     Answering the allegations in Paragraph 69, Sanofi states that, on October 18, 2020, Sanofi initiated a precautionary voluntary recall of Zantac OTC in the United States.

70.     The allegations in Paragraph 70 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 70 and therefore denies the same.

71.     Answering the allegations in Paragraph 71, Sanofi denies that Sanofi has made a demand for indemnification against J&J with regard to Zantac OTC in the United States.

## II.     NDMA IS A CARCINOGEN WHOSE DANGEROUS PROPERTIES ARE WELL ESTABLISHED

72.     Answering the allegations in Paragraph 72, Sanofi states that Sanofi marketed, distributed, and sold OTC Zantac in the United States from January 1, 2017 until it voluntarily withdrew Zantac from the market in October 2019 as a precautionary measure.  Sanofi denies that Sanofi manufactured Zantac and states that Uquifa manufactured the active pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States.  To the extent the remaining allegations in Paragraph 72 are

17

directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 72.

73.     Answering the allegations in Paragraph 73, Sanofi states that any document issued by the U.S. Environmental Protection Agency ("EPA") and any media articles speak for themselves, and any attempt to characterize them is denied.  Responding further, Sanofi states that facts relating to the risk factors and complications of cancer and/or NDMA will be addressed through appropriate scientific, medical, or expert testimony.   Sanofi otherwise denies the allegations in Paragraph 73.

74.     Answering the allegations in Paragraph 74, Sanofi states that NDMA is an organic chemical that has been classified by EPA and IARC as a probable human carcinogen based on results from laboratory tests in animals.  Sanofi denies the remaining allegations in Paragraph 74.

75.     Answering the allegations in Paragraph 75, Sanofi states that any document issued by IARC speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 75.

76.     Answering the allegations in Paragraph 76, Sanofi states that any document issued by the EPA speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 76.

77.     Answering the allegations in Paragraph 77, Sanofi states that any document issued by the Department of Health and Human Services ("DHHS") speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 77.

78.     Answering the allegations in Paragraph 78, Sanofi states that any document issued by FDA speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 78.

79.     Answering the allegations in Paragraph 79, Sanofi states that any document issued by the World Health Organization ("WHO") speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 79.

80.     Answering the allegations in Paragraph 80, Sanofi states that the California Code of Regulations and California's Safe Drinking Water and Toxic Enforcement Act of 1986 speak for themselves and any attempt to characterize them is denied.  Sanofi otherwise denies the allegations in Paragraph 80.

81.     Answering the allegations in Paragraph 81, Sanofi states that any document issued by the European Medicines Agency ("EMA") speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 81.

82.     Answering the allegations in Paragraph 82, Sanofi states that any document issued by the Agency for Toxic Substances and Disease Registry ("ATSDR") speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 82.

83.     Answering the allegations in Paragraph 83, Sanofi states that any document issued by the International Register of Potentially Toxic Chemicals speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 83.

84.     Answering the allegations in Paragraph 84, Sanofi states that the Code of Federal Regulations and the Federal Register speak for themselves and any attempt to characterize them is denied.  Sanofi otherwise denies the allegations in Paragraph 84.

85.     Answering the allegations in Paragraph 85, Sanofi states that any documents Sanofi or other Defendants produced in this litigation speak for themselves, and any attempt to characterize them is denied.  Sanofi otherwise denies the allegations in Paragraph 85.

86.     Answering the allegations in Paragraph 86, Sanofi states that any documents produced in this litigation speak for themselves, and any attempt to characterize them is denied. Sanofi otherwise denies the allegations in Paragraph 86.

87.     Answering the allegations in Paragraph 87, Sanofi states that any documents produced in this litigation speak for themselves, and any attempt to characterize them is denied. Sanofi otherwise denies the allegations in Paragraph 87.

88.     Answering the allegations in Paragraph 88, Sanofi states that any documents produced in this litigation speak for themselves, and any attempt to characterize them is denied. Sanofi denies the remaining allegations in Paragraph 88.

89.     Answering the allegations in Paragraph 89, Sanofi states that any documents Sanofi produced in this litigation speak for themselves, and any attempt to characterize them is denied. Responding further, Sanofi states that regulatory agencies consider NDMA to be a carcinogen for practical purposes of assessing theoretical risk based primarily on animal studies.  Sanofi denies the remaining allegations in Paragraph 89.

90.     Answering the allegations in Paragraph 90, Sanofi states that any documents produced in this litigation speak for themselves, and any attempt to characterize them is denied. Sanofi otherwise denies the allegations in Paragraph 90.

91.     Answering the allegations in Paragraph 91, Sanofi states that any documents produced in this litigation speak for themselves, and any attempt to characterize them is denied. Sanofi otherwise denies the allegations in Paragraph 91.

92.     Answering the allegations in Paragraph 92, Sanofi states that any documents produced in this litigation speak for themselves, and any attempt to characterize them is denied. Sanofi otherwise denies the allegations in Paragraph 92.

93.     Answering the allegations in Paragraph 93, Sanofi states that any documents produced in this litigation speak for themselves, and any attempt to characterize them is denied. Sanofi otherwise denies the allegations in Paragraph 93.

94.     Answering the allegations in Paragraph 94, Sanofi states that any documents produced in this litigation speak for themselves, and any attempt to characterize them is denied. Sanofi otherwise denies the allegations in Paragraph 94.

95.     Answering the allegations in Paragraph 95, Sanofi states that any documents produced in this litigation speak for themselves, and any attempt to characterize them is denied. Sanofi otherwise denies the allegations in Paragraph 95.

96.     Answering the allegations in Paragraph 96, Sanofi states that any documents produced in this litigation speak for themselves, and any attempt to characterize them is denied. Sanofi otherwise denies the allegations in Paragraph 96.

97.     Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 97 and therefore denies the same.

98.     Answering the allegations in Paragraph 98, Sanofi states that, based on publicly available information, certain pharmaceutical companies have recalled from the U.S. market certain drug products containing the active pharmaceutical ingredients valsartan, losartan, and irbesartan after nitrosamine impurities were found in the recalled products.  Sanofi otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 98 and therefore denies the same.

99.     Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 99 and therefore denies the same.

100.    Answering the allegations in Paragraph 100, Sanofi states that facts relating to the risk factors and complications of cancer and/or NDMA will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi otherwise denies the allegations in Paragraph 100.

101.    Answering the allegations in Paragraph 101, Sanofi states that FDA has set an acceptable daily intake limit for NDMA at 96 nanograms by extrapolating from rat studies the amount of NDMA that could cause cancer in 1 out of 100,000 humans if that amount was consumed daily for 70 years.  Responding further, Sanofi states that facts relating to the potential formation of NDMA in ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi denies the remaining allegations in Paragraph 101.

102.    Answering the allegations in Paragraph 102, Sanofi states that any studies speak for themselves, and any attempt to characterize them is denied.  Responding further, Sanofi states that facts relating to the risk factors and complications of cancer and/or NDMA will be addressed through appropriate scientific, medical, or expert testimony.   Sanofi otherwise denies the allegations in Paragraph 102.

103.    Answering the allegations in Paragraph 103, Sanofi states that any studies speak for themselves, and any attempt to characterize them is denied.  Responding further, Sanofi states that facts relating to the risk factors and complications of cancer and/or NDMA will be addressed through appropriate scientific, medical, or expert testimony.   Sanofi otherwise denies the allegations in Paragraph 103.

104.    Answering the allegations in Paragraph 104, Sanofi states that facts relating to the risk factors and complications of cancer and/or NDMA and the benefits and potential risks of

ranitidine will be addressed through appropriate scientific, medical, or expert testimony. Sanofi otherwise denies the allegations in Paragraph 104.

105. Answering the allegations in Paragraph 105, Sanofi states that facts relating to the risk factors and complications of cancer and/or NDMA and the benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony. Sanofi otherwise denies the allegations in Paragraph 105.

106. Answering the allegations in Paragraph 106, Sanofi states that any document issued by EPA speaks for itself, and any attempt to characterize it is denied. Responding further, Sanofi states that facts relating to the risk factors and complications of cancer and/or NDMA will be addressed through appropriate scientific, medical, or expert testimony. Sanofi denies the remaining allegations in Paragraph 106.

107. Answering the allegations in Paragraph 107, Sanofi states that any studies speak for themselves, and any attempt to characterize them is denied. Responding further, Sanofi states that facts relating to the risk factors and complications of cancer and/or NDMA will be addressed through appropriate scientific, medical, or expert testimony. Sanofi otherwise denies the allegations in Paragraph 107.

108. Answering the allegations in Paragraph 108, Sanofi states that any animal data speak for themselves, and any attempt to characterize them is denied. Responding further, Sanofi states that facts relating to the risk factors and complications of cancer and/or NDMA will be addressed through appropriate scientific, medical, or expert testimony. Sanofi otherwise denies the allegations in Paragraph 108.

109.     Answering the allegations in Paragraph 109, Sanofi states that any document issued by EPA speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 109.

110.     Answering the allegations in Paragraph 110, Sanofi states that any document issued by EPA speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 110.

111.     Answering the allegations in Paragraph 111, Sanofi states that any studies speak for themselves, and any attempt to characterize them is denied.  Responding further, Sanofi states that facts relating to the risk factors and complications of cancer and/or NDMA will be addressed through appropriate scientific, medical, or expert testimony.   Sanofi otherwise denies the allegations in Paragraph 111.

112.     Answering the allegations in Paragraph 112, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 112.

113.     Answering the allegations in Paragraph 113, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Responding further, Sanofi states that facts relating to the risk factors and complications of cancer and/or NDMA will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi denies the remaining allegations in Paragraph 113.

114.     Answering the allegations in Paragraph 114, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Responding further, Sanofi states that facts relating to the risk factors and complications of cancer and/or NDMA will be addressed through

appropriate scientific, medical, or expert testimony.  Sanofi denies the remaining allegations in Paragraph 114.

115.     Answering the allegations in Paragraph 115, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 115.

116.     Answering the allegations in Paragraph 116, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 116.

117.     Answering the allegations in Paragraph 117, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 117.

118.     Answering the allegations in Paragraph 118, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 118.

119.     Answering the allegations in Paragraph 119, Sanofi states that any studies and any document issued by WHO speak for themselves, and any attempt to characterize them is denied. Responding further, Sanofi states that facts relating to the risk factors and complications of cancer and/or NDMA will be addressed through appropriate scientific, medical, or expert testimony. Sanofi otherwise denies the allegations in Paragraph 119.

120.     Answering the allegations in Paragraph 120, Sanofi states that any studies and research speak for themselves, and any attempt to characterize them is denied.  Responding further, Sanofi states that facts relating to the risk factors and complications of cancer and/or NDMA will

be addressed through appropriate scientific, medical, or expert testimony. Sanofi otherwise denies the allegations in Paragraph 120.

## III. NDMA IS DISCOVERED IN RANITIDINE-CONTAINING PRODUCTS, LEADING TO MARKET WITHDRAWL

121. Answering the allegations in Paragraph 121, Sanofi states that Valisure LLC submitted a "Valisure Citizen Petition on Ranitidine" (the "Valisure Citizen Petition") dated September 9, 2019 to FDA's Division of Dockets Management. Sanofi denies that any conclusions can be drawn from the Valisure Citizen Petition because it used a method that was not recommended by FDA as an appropriate method for testing NDMA in ranitidine. Responding further, Sanofi states that any press releases or statements issued by FDA and European regulators speak for themselves, and any attempt to characterize them is denied. Sanofi denies the remaining allegations in Paragraph 121.

122. Answering the allegations in Paragraph 122, Sanofi states that any statement issued by FDA speaks for itself, and any attempt to characterize it is denied. Sanofi otherwise denies the allegations in Paragraph 122.

123. Answering the allegations in Paragraph 123, Sanofi states any statement issued by FDA speaks for itself, and any attempt to characterize it is denied. Sanofi otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 123 and therefore denies the same.

124. Answering the allegations in Paragraph 124, Sanofi states any statement issued by FDA speaks for itself, and any attempt to characterize it is denied. Sanofi otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 124 and therefore denies the same.

125.     Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 125 and therefore denies the same.

126.     Answering the allegations in Paragraph 126, Sanofi states that any statement issued by FDA speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 126.

127.     Answering the allegations in Paragraph 127, Sanofi states that any media articles speak for themselves, and any attempt to characterize them is denied.  Sanofi otherwise denies the allegations in Paragraph 127.

128.     Answering the allegations in Paragraph 128, Sanofi states that, on October 18, 2020, Sanofi initiated a precautionary voluntary recall of Zantac OTC in the United States.  Sanofi further states that any statement issued by FDA speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 128 and therefore denies the same.

129.     Answering the allegations in Paragraph 129, Sanofi states that any statement issued by FDA speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 129 and therefore denies the same.

130.     Answering the allegations in Paragraph 130, Sanofi states that any media statement speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 130 and therefore denies the same.

131.     Answering the allegations in Paragraph 131, Sanofi states that any media statement speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise lacks knowledge

or information sufficient to form a belief as to the allegations in Paragraph 131 and therefore denies the same.

132.     Answering the allegations in Paragraph 132, Sanofi states that any statement issued by FDA speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 132.

133.     Answering the allegations in Paragraph 133, Sanofi states any statement issued by FDA and any study speak for themselves, and any attempt to characterize them is denied.  Sanofi otherwise denies the allegations in Paragraph 133.

134.     Answering the allegations in Paragraph 134, Sanofi states that any statement issued by FDA speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 134 and therefore denies the same.

135.     Answering the allegations in Paragraph 135, Sanofi states that Emery Pharma submitted an "Emery Pharma Citizen Petition" (the "Emery Citizen Petition") dated January 2, 2020 to FDA's Division of Dockets Management.  Sanofi denies the validity of the test results reported in the Emery Citizen Petition and states that Emery is an expert for Plaintiffs.  Responding further, Sanofi states that facts relating to the potential formation of NDMA in ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi denies the remaining allegations in Paragraph 135.

136.     Answering the allegations in Paragraph 136, Sanofi denies the validity of the test results reported in the Emery Citizen Petition and states that Emery is an expert for Plaintiffs.  Sanofi denies the remaining allegations in Paragraph 136.

137.     Answering the allegations in Paragraph 137, Sanofi states that any letter issued by FDA speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 137.

138.     Answering the allegations in Paragraph 138, Sanofi states that any test results by FDA speak for themselves, and any attempt to characterize them is denied.  Sanofi further denies any attempt to characterize FDA's interpretation of its own test results.  Sanofi denies the remaining allegations in Paragraph 138.

139.     Answering the allegations in Paragraph 139, Sanofi states that any media article speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 139 and therefore denies the same.

140.     Answering the allegations in Paragraph 140, Sanofi states that any document issued by EMA speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 140.

141.     Answering the allegations in Paragraph 141, Sanofi states that any document issued by EMA speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 141 and therefore denies the same.

## IV.   HOW RANITIDINE TRANSFORMS INTO NDMA

142.     Answering the allegations in Paragraph 142, Sanofi states that facts relating to the potential formation of NDMA in ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi otherwise denies the allegations in Paragraph 142.

143.     Answering the allegations in Paragraph 143, Sanofi states that facts relating to the potential formation of NDMA in ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi otherwise denies the allegations in Paragraph 143.

144.     Answering the allegations in Paragraph 144, Sanofi states that the scientific literature speaks for itself, and any attempt to characterize it is denied.  Responding further, Sanofi states that facts relating to the potential formation of NDMA in ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi otherwise denies the allegations in Paragraph 144.

145.     Answering the allegations in Paragraph 145, Sanofi states that facts relating to the potential formation of NDMA in ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi otherwise denies the allegations in Paragraph 145.

### A.     Formation of NDMA in the Environment of the Human Stomach

146.     Answering the allegations in Paragraph 146, Sanofi states that facts relating to the potential formation of NDMA in ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi otherwise denies the allegations in Paragraph 146.

147.     Answering the allegations in Paragraph 147, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 147.

148.     Answering the allegations in Paragraph 148, Sanofi states that any statement by GSK speaks for itself, and any attempt to characterize it is denied.  The remaining allegations in Paragraph 148 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 148 and therefore denies the same.

149.    Answering the allegations in Paragraph 149, Sanofi states that any media article speaks for itself, and any attempt to characterize it is denied.  The remaining allegations in Paragraph 149 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 149 and therefore denies the same.

150.    Answering the allegations in Paragraph 150, Sanofi states that any Senate report, news articles, and investor statements speak for themselves, and any attempt to characterize them is denied.  Sanofi further states that Sanofi received a Notice of False Claims Act Investigation and Request for Information dated June 6, 2020 from the Department of Justice.  The remaining allegations in Paragraph 150 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 150 and therefore denies the same.

151.    The allegations in Paragraph 151 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 151 and therefore denies the same.

152.    Answering the allegations in Paragraph 152, Sanofi states that any document produced in this litigation speaks for itself, and any attempt to characterize it is denied.  The remaining allegations in Paragraph 152 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 152 and therefore denies the same.

153.    Answering the allegations in Paragraph 153, Sanofi states that any submission to the FDA speaks for itself, and any attempt to characterize it is denied.  The remaining allegations in Paragraph 153 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 153 and therefore denies the same.

154.    Answering the allegations in Paragraph 154, Sanofi states that any submission to the FDA speaks for itself, and any attempt to characterize it is denied.  The remaining allegations in Paragraph 154 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 154 and therefore denies the same.

155.    The allegations in Paragraph 155 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 155 and therefore denies the same.

156.    Answering the allegations in Paragraph 156, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  The remaining allegations in Paragraph 156 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 156 and therefore denies the same.

157.    The allegations in Paragraph 157 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 157 and therefore denies the same.

158.     Answering the allegations in Paragraph 158, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 158.

159.     Answering the allegations in Paragraph 159, Sanofi states that any studies speak for themselves, and any attempt to characterize them is denied.  Sanofi otherwise denies the allegations in Paragraph 159.

160.     Answering the allegations in Paragraph 160, Sanofi states that any documents produced in this litigation and submitted to regulatory authorities speak for themselves, and any attempt to characterize them is denied.  Sanofi otherwise denies the allegations in Paragraph 160.

161.     Answering the allegations in Paragraph 161, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.   The remaining allegations in Paragraph 161 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 161 and therefore denies the same.

162.     Answering the allegations in Paragraph 162, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  The remaining allegations in Paragraph 162 are not directed at Sanofi and therefore require no response from Sanofi.  To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 162 and therefore denies the same.

163.     Answering the allegations in Paragraph 163, Sanofi states that any studies speak for themselves, and any attempt to characterize them is denied.  Responding further, Sanofi states that facts relating to the potential formation of NDMA in ranitidine will be addressed through

appropriate scientific, medical, or expert testimony. Sanofi otherwise denies the allegations in Paragraph 163.

164. Answering the allegations in Paragraph 164, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied. Sanofi otherwise denies the allegations in Paragraph 164.

165. To the extent the allegations in Paragraph 165 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 165.

166. Answering the allegations in Paragraph 166, Sanofi denies that any conclusions can be drawn from the 2016 "Stanford study" because the study authors retracted the study and admitted their testing method was flawed and "that their NDMA measurements are not reliable." *See* Teng Zeng & William A. Mitch, Retraction, Carcinogenesis (May 4, 2021). Sanofi otherwise denies the allegations in Paragraph 166.

167. Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 167 and therefore denies the same.

168. Answering the allegations in Paragraph 168, Sanofi denies that any conclusions can be drawn from the Valisure Citizen Petition because it used a method that is not recommended by FDA as an appropriate method for testing NDMA in ranitidine. Sanofi denies the remaining allegations in Paragraph 168.

169. Sanofi denies the allegations in Paragraph 169.

170. Answering the allegations in Paragraph 170, Sanofi denies that any conclusions can be drawn from the Valisure Citizen Petition because it used a method that is not recommended by

FDA as an appropriate method for testing NDMA in ranitidine. Sanofi denies the remaining allegations in Paragraph 170.

171.    Answering the allegations in Paragraph 171, Sanofi denies that any conclusions can be drawn from the Valisure Citizen Petition because it used a method that is not recommended by FDA as an appropriate method for testing NDMA in ranitidine. Sanofi denies the remaining allegations in Paragraph 171.

172.    Answering the allegations in Paragraph 172, Sanofi states that any Zantac marketing materials speak for themselves, and any attempt to characterize them is denied. Sanofi otherwise denies the allegations in Paragraph 172.

173.    Answering the allegations in Paragraph 173, Sanofi denies that any conclusions can be drawn from the Valisure Citizen Petition because it used a method that is not recommended by FDA as an appropriate method for testing NDMA in ranitidine. Sanofi denies the remaining allegations in Paragraph 173.

174.    Answering the allegations in Paragraph 174, Sanofi denies that any conclusions can be drawn from the Valisure Citizen Petition because it used a method that is not recommended by FDA as an appropriate method for testing NDMA in ranitidine. Responding further, Sanofi states that facts relating to the potential formation of NDMA in ranitidine will be addressed through appropriate scientific, medical, or expert testimony. Sanofi denies the remaining allegations in Paragraph 174.

175.    Answering the allegations in Paragraph 175, Sanofi states that any statements issued by FDA and testing done by FDA speak for themselves, and any attempt to characterize them is denied. Sanofi otherwise denies the allegations in Paragraph 175.

176.    Sanofi denies the allegations in Paragraph 176.

**B.**     **Formation of NDMA in Other Organs of the Human Body**

177.     Answering the allegations in Paragraph 177, Sanofi denies that any conclusions can
be drawn from the Valisure Citizen Petition given its flawed methodology and lack of scientific
support in the medical literature.  Sanofi denies the remaining allegations in Paragraph 177.

178.     Answering the allegations in Paragraph 178, Sanofi states that any study speaks for
itself, and any attempt to characterize it is denied.  Sanofi denies that any conclusions can be drawn
from the Valisure Citizen Petition given its flawed methodology and lack of scientific support in
the medical literature.  Sanofi denies the remaining allegations in Paragraph 178.

179.     Answering the allegations in Paragraph 179, Sanofi denies that any conclusions can
be drawn from the Valisure Citizen Petition given its flawed methodology and lack of scientific
support in the medical literature.  Sanofi denies the remaining allegations in Paragraph 179.

180.     Answering the allegations in Paragraph 180, Sanofi denies that any conclusions can
be drawn from the Valisure Citizen Petition given its flawed methodology and lack of scientific
support in the medical literature.  Sanofi denies the remaining allegations in Paragraph 180.

181.     Answering the allegations in Paragraph 181, Sanofi states that facts relating to the
potential formation of NDMA in ranitidine will be addressed through appropriate scientific,
medical, or expert testimony.  Sanofi otherwise lacks knowledge or information sufficient to form
a belief as to the allegations in Paragraph 181 and therefore denies the same.

182.     Answering the allegations in Paragraph 182, Sanofi denies that any conclusions can
be drawn from the Valisure Citizen Petition given its flawed methodology and lack of scientific
support in the medical literature.  Responding further, Sanofi states that facts relating to the
potential formation of NDMA in ranitidine will be addressed through appropriate scientific,
medical, or expert testimony.  Sanofi denies the remaining allegations in Paragraph 182.

183.     Answering the allegations in Paragraph 183, Sanofi denies that any conclusions can be drawn from the 2016 "Stanford study" because the study authors retracted the study and admitted their testing method was flawed and "that their NDMA measurements are not reliable." *See* Teng Zeng & William A. Mitch, Retraction, Carcinogenesis (May 4, 2021).   Responding further, Sanofi states that facts relating to the potential formation of NDMA in ranitidine will be addressed through appropriate scientific, medical, or expert testimony.   Sanofi otherwise denies the allegations in Paragraph 183.

### C.     Formation of NDMA by Exposure to Heat, Moisture, and/or Time

184.     Answering the allegations in Paragraph 184, Sanofi states that any studies speak for themselves, and any attempt to characterize them is denied.   Responding further, Sanofi denies that any conclusions can be drawn from the Valisure Citizen Petition because it used a method that is not recommended by FDA as an appropriate method for testing NDMA in ranitidine.   Sanofi denies the remaining allegations in Paragraph 184.

185.     Answering the allegations in Paragraph 185, Sanofi states that any statement issued by FDA speaks for itself, and any attempt to characterize it is denied.   Sanofi denies the remaining allegations in Paragraph 185.

186.     Answering the allegations in Paragraph 186, Sanofi denies the validity of the test results reported in the Emery Citizen Petition and states that Emery is an expert for Plaintiffs. Sanofi denies the remaining allegations in Paragraph 186.

187.     Answering the allegations in Paragraph 187, Sanofi denies the validity of the test results reported in the Emery Citizen Petition and states that Emery is an expert for Plaintiffs. Sanofi denies the remaining allegations in Paragraph 187.

188.     Answering the allegations in Paragraph 188, Sanofi denies the validity of the test results reported in the Emery Citizen Petition and states that Emery is an expert for Plaintiffs.

Responding further, Sanofi states that facts relating to the potential formation of NDMA in ranitidine will be addressed through appropriate scientific, medical, or expert testimony. Sanofi denies the remaining allegations in Paragraph 188.

189.    Answering the allegations in Paragraph 189, Sanofi states that any statement issued by FDA speaks for itself, and any attempt to characterize it is denied. Sanofi otherwise denies the allegations in Paragraph 189.

190.    Answering the allegations in Paragraph 190, Sanofi states that, after the release of the Valisure Citizen Petition on September 13, 2019, regulatory health authorities requested that Sanofi test US OTC Zantac for the presence of NDMA. Responding further, Sanofi states that on October 18, 2020, Sanofi initiated a precautionary voluntary recall of Zantac OTC in the United States. Sanofi further states that, on April 1, 2020, FDA announced it was requesting that manufacturers withdraw prescription and OTC ranitidine from the U.S. market. To the extent the remaining allegations in Paragraph 190 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 190.

191.    The allegations in Paragraph 191 are not directed at Sanofi and therefore require no response from Sanofi. To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 191 and therefore denies the same.

192.    Answering the allegations in Paragraph 192, Sanofi states that any document produced in this litigation speaks for itself, and any attempt to characterize it is denied. The remaining allegations in Paragraph 192 are not directed at Sanofi and therefore require no response from Sanofi. To the extent a response is deemed necessary, Sanofi lacks knowledge or information

sufficient to form a belief as to the remaining allegations in Paragraph 192 and therefore denies the same.

193.    Answering the allegations in Paragraph 193, Sanofi states that it conducted testing of Zantac for the potential presence of NDMA and conducted root cause analyses of possible NDMA formation in Zantac.  Sanofi further states that any documents Sanofi produced in this litigation speak for themselves, and any attempt to characterize them is denied.  Sanofi denies the remaining allegations in Paragraph 193.

194.    Answering the allegations in Paragraph 194, Sanofi denies that Sanofi manufactured Zantac and states that Uquifa manufactured the active pharmaceutical ingredient for all Zantac that Sanofi sold in the United States.  Sanofi further states that Uquifa undertook a root cause analysis of possible NDMA formation in Zantac.  Sanofi further states that any documents Sanofi produced in this litigation speak for themselves, and any attempt to characterize them is denied.  Sanofi denies the remaining allegations in Paragraph 194.

195.    Answering the allegations in Paragraph 195, Sanofi states that Uquifa manufactured the active pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States.   Responding further, Sanofi states that Uquifa transported the active pharmaceutical ingredient to BI Promeco and Patheon pursuant to contractual agreements to which Sanofi was not a party.  Sanofi further states that any labeling requirements speak for themselves, and any attempt to characterize them is denied.  To the extent the remaining allegations in Paragraph 195 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 195.

196.     Answering the allegations in Paragraph 196, Sanofi states that any documents produced in this litigation speak for themselves, and any attempt to characterize them is denied. To the extent the allegations in Paragraph 196 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 196.

## V.     EVIDENCE DIRECTLY LINKS RANITIDINE EXPOSURE TO CANCER

197.     Answering the allegations in Paragraph 197, Sanofi states that any studies speak for themselves, and any attempt to characterize them is denied.  Sanofi otherwise denies the allegations in Paragraph 197.

198.     Answering the allegations in Paragraph 198, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 198.

199.     Answering the allegations in Paragraph 199, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 199.

200.     Answering the allegations in Paragraph 200, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 200.

201.     Answering the allegations in Paragraph 201, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 201.

202.     Answering the allegations in Paragraph 202, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 202.

203.     Answering the allegations in Paragraph 203, Sanofi states that any studies speak for themselves, and any attempt to characterize them is denied.  Sanofi otherwise denies the allegations in Paragraph 203.

## VI.     DEFENDANTS KNEW OR SHOULD HAVE KNOWN OF THE NDMA RISK

204.     Answering the allegations in Paragraph 204, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 204 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 204.

205.     Answering the allegations in Paragraph 205, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 205 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 205.

206.     Answering the allegations in Paragraph 206, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 206 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 206.

207.     Answering the allegations in Paragraph 207, Sanofi states that any studies speak for themselves, and any attempt to characterize them is denied.  To the extent the remaining allegations in Paragraph 207 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 207.

## THE FEDERAL REGULATORY LANDSCAPE

208.    The allegations in Paragraph 208 require no response.

## I.    DEFENDANTS MADE FALSE STATEMENTS IN THE LABELING OF RANITIDINE-CONTAINING PRODUCTS

209.    Answering the allegations in Paragraph 209, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 209.

210.    Answering the allegations in Paragraph 210, Sanofi states that the Code of Federal Regulations and the Federal Register speak for themselves and any attempt to characterize them is denied.  Sanofi otherwise denies the allegations in Paragraph 210.

211.    Answering the allegations in Paragraph 211, Sanofi states that the any case law speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 211.

212.    Answering the allegations in Paragraph 212, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 212.

213.    Answering the allegations in Paragraph 213, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 213.

214.    Answering the allegations in Paragraph 214, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 214.

215.     Answering the allegations in Paragraph 215, Sanofi states that the Federal Register speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 215.

216.     Answering the allegations in Paragraph 216, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 216.

217.     Answering the allegations in Paragraph 217, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 217.

218.     Answering the allegations in Paragraph 218, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 218.

219.     Answering the allegations in Paragraph 219, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 219.

220.     Answering the allegations in Paragraph 220, Sanofi states that the Code of Federal Regulations and the Federal Register speak for themselves and any attempt to characterize them is denied.  Sanofi otherwise denies the allegations in Paragraph 220.

221.     Answering the allegations in Paragraph 221, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 221.

222.    Answering the allegations in Paragraph 222, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 222.

223.    Answering the allegations in Paragraph 223, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi denies the remaining allegations in Paragraph 223.

224.    Answering the allegations in Paragraph 224, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 224.

225.    Answering the allegations in Paragraph 225, Sanofi states that the FDA-approved Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 225 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 225.

226.    Answering the allegations in Paragraph 226, Sanofi states that the FDA-approved Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 226 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 226.

227.    To the extent the allegations in Paragraph 227 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 227.

228.    Answering the allegations in Paragraph 228, Sanofi states that the Zantac labeling sets forth the expiration dating periods for US OTC Zantac and that those expiration dating periods are approved by FDA based on testing required under federal regulations.   To the extent the remaining allegations in Paragraph 228 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the remaining allegations in Paragraph 228.

229.    Answering the allegations in Paragraph 229, Sanofi states that the Zantac labeling sets forth the expiration dating periods for US OTC Zantac and that those expiration dating periods are approved by FDA based on testing required under federal regulations.   To the extent the remaining allegations in Paragraph 229 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the remaining allegations in Paragraph 229.

## II.    FEDERAL LAW REQUIRED THE DEFENDANTS TO NOTIFY THE FDA ABOUT THE PRESENCE OF NDMA IN RANITIDINE-CONTAINING PRODUCTS

230.    Answering the allegations in Paragraph 230, Sanofi denies that Sanofi manufactured Zantac and states that Uquifa manufactured the active pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States.   To the extent the allegations in Paragraph 230 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 230.

231.    To the extent the allegations in Paragraph 231 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 231.

232.     Answering the allegations in Paragraph 232, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 232.

233.     Answering the allegations in Paragraph 233, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 233.

234.     To the extent the allegations in Paragraph 234 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 234.

235.     To the extent the allegations in Paragraph 235 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 235.

236.     To the extent the allegations in Paragraph 236 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 236.

237.     Answering the allegations in Paragraph 237, Sanofi states that on April 1, 2020, FDA announced it was requesting that manufacturers withdraw prescription and OTC ranitidine from the U.S. market.  To the extent the remaining allegations in Paragraph 237 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 237.

## III.    GOOD MANUFACTURING PRACTICES

238.    Answering the allegations in Paragraph 238, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 238.

239.    Answering the allegations in Paragraph 239, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 239.

240.    Answering the allegations in Paragraph 240, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 240.

241.    Answering the allegations in Paragraph 241, Sanofi states that any conclusions and testing of FDA speak for themselves and any attempt to characterize them is denied.  Sanofi denies the remaining allegations in Paragraph 241.

242.    To the extent the allegations in Paragraph 242 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 242.

### PLAINTIFFS' USE OF RANITIDINE-CONTAINING PRODUCTS

243.    Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 243 and therefore denies the same.

244.    Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 244 concerning Plaintiffs' claimed use of ranitidine-containing products and therefore denies the same.  Sanofi denies the remaining allegations in Paragraph 244.

245.    Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 245 and therefore denies the same.

246.     Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 246 and therefore denies the same.

247.     Sanofi denies the allegations in Paragraph 247.

248.     Answering the allegations in Paragraph 248, Sanofi states that Sanofi marketed, distributed, and sold OTC Zantac in the United States from January 1, 2017 until it voluntarily withdrew Zantac from the market in October 2019 as a precautionary measure.  Sanofi further states that, for part of the time period in which Sanofi distributed OTC Zantac in the United States, Sanofi packaged the product at its Chattem facilities in Chattanooga, Tennessee.  Sanofi denies that Sanofi designed or manufactured Zantac and states that Uquifa manufactured the active pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States.  To the extent the remaining allegations in Paragraph 248 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 248.

249.     To the extent the allegations in Paragraph 249 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 249.

250.     To the extent Paragraph 250 alleges what Plaintiffs' prescribing physicians would have done, and to the extent the allegations in Paragraph 250 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 250.

251.     To the extent Paragraph 251 alleges of what Plaintiffs' prescribing physicians were aware or what they would have done, Sanofi lacks knowledge or information sufficient to form a

belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 251.

252.    To the extent Paragraph 252 alleges what Plaintiffs would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 252.

253.    To the extent Paragraph 253 alleges that Plaintiffs suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 253 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  To the extent the allegations in Paragraph 253 allege any wrongdoing by Sanofi or that Sanofi is liable to Plaintiffs, Sanofi denies the allegations. Sanofi otherwise denies the allegations in Paragraph 253.

254.    To the extent the allegations in Paragraph 254 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 254.

## TOLLING / FRAUDULENT CONCEALMENT

255.    To the extent the allegations in Paragraph 255 are intended to summarize allegations set forth in Plaintiffs' Complaint, the allegations are improper and require no response. To the extent a response is deemed necessary, Sanofi denies the same.

256.    The allegations in Paragraph 256 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

257.    The allegations in Paragraph 257 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

258.    The allegations in Paragraph 258 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

259.    The allegations in Paragraph 259 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.  To the extent the remaining allegations in Paragraph 259 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 259.

260.    The allegations in Paragraph 260 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

### EXEMPLARY / PUNITIVE DAMAGES ALLEGATIONS

261.    To the extent the allegations in Paragraph 261 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 261.

262.    To the extent the allegations in Paragraph 262 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 262.

263.    Answering the allegations in Paragraph 263, Sanofi admits that Plaintiffs request punitive damages but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations in Paragraph 263.

### CAUSES OF ACTION

### COUNT I:    STRICT    PRODUCTS    LIABILITY—FAILURE    TO    WARN THROUGH WARNINGS AND PRECAUTIONS

264.    Answering the allegations in Paragraph 264, Sanofi incorporates by reference its responses to Paragraphs 18-37, 121-141, 146-183, 184-196, 204-207, and 243-254 as if fully set forth herein.

265.     Answering the allegations in Paragraph 265, Sanofi incorporates by reference its response set forth in Paragraph 72.

266.     Answering the allegations in Paragraph 266, Sanofi states that facts relating to the benefits and potential risks of ranitidine and the potential for NDMA to form in ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi otherwise denies the allegations in Paragraph 266.

267.     Sanofi denies the allegations in Paragraph 267.

268.     Answering the allegations in Paragraph 268, Sanofi states that the FDA-approved Zantac labeling speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 268.

269.     Answering the allegations in Paragraph 269, Sanofi states that the FDA-approved Zantac labeling speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 269.

270.     Answering the allegations in Paragraph 270, Sanofi states that the FDA-approved Zantac labeling speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 270.

271.     To the extent the allegations in Paragraph 271 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 271.

272.     Answering the allegations in Paragraph 272, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 272.

273.     Answering the allegations in Paragraph 273, Sanofi states that any information disseminated by GSK speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 273 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 273.

274.     Answering the allegations in Paragraph 274, Sanofi states that any submission to FDA speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 274.

275.     Answering the allegations in Paragraph 275, Sanofi states that any studies speak for themselves, and any attempt to characterize them is denied.   Sanofi otherwise denies the allegations in Paragraph 275.

276.     Answering the allegations in Paragraph 276, Sanofi states that any studies speak for themselves, and any attempt to characterize them is denied.  To the extent the remaining allegations in Paragraph 276 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 276.

277.     Answering the allegations in Paragraph 277, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 277 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the remaining allegations in Paragraph 277.

278.     Answering the allegations in Paragraph 278, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 278.

279.     Answering the allegations in Paragraph 279, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 279 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 279.

280.     Answering the allegations in Paragraph 280, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 280.

281.     Answering the allegations in Paragraph 281, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 281.

282.     Answering the allegations in Paragraph 282, Sanofi denies that any conclusions can be drawn from the 2016 "Stanford University study" because the study authors retracted the study and admitted their testing method was flawed and "that their NDMA measurements are not reliable."  *See* Teng Zeng & William A. Mitch, Retraction, Carcinogenesis (May 4, 2021).  Sanofi denies the remaining allegations in Paragraph 282.

283.     Answering the allegations in Paragraph 283, Sanofi denies that any conclusions can be drawn from the Valisure Citizen Petition because it used a method that is not recommended by FDA as an appropriate method for testing NDMA in ranitidine.  Sanofi denies the remaining allegations in Paragraph 283.

284.     Sanofi denies the allegations in Paragraph 284.

285.     Answering the allegations in Paragraph 285, Sanofi denies that any conclusions can be drawn from the Valisure Citizen Petition because it used a method that is not recommended by FDA as an appropriate method for testing NDMA in ranitidine.  To the extent the remaining allegations in Paragraph 285 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 285.

286.     Answering the allegations in Paragraph 286, Sanofi states that it acquired the rights to market and distribute OTC Zantac in the United States through an agreement with Boehringer Ingelheim International GmbH dated June 26, 2016.  Sanofi further states that Sanofi US Services Inc. currently holds NDA 20-520 for OTC Zantac 75 and NDA 21-698 for OTC Zantac 150. Sanofi denies that Sanofi manufactured Zantac and states that Uquifa manufactured the active pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States.  To the extent the remaining allegations in Paragraph 286 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 286.

287.     Answering the allegations in Paragraph 287, Sanofi states that Sanofi marketed, distributed, and sold OTC Zantac in the United States from January 1, 2017 until it voluntarily withdrew Zantac from the market in October 2019 as a precautionary measure.  Sanofi further states that, for part of the time period in which Sanofi distributed OTC Zantac in the United States, Sanofi packaged the product at its Chattem facilities in Chattanooga, Tennessee.  Sanofi denies that Sanofi designed or manufactured Zantac and states that Uquifa manufactured the active

pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States.  Responding further, Sanofi states that its legal duties are governed by applicable laws and regulations.  To the extent the remaining allegations in Paragraph 287 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 287.

288.    The allegations in Paragraph 288 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  To the extent the allegations in Paragraph 288 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 288.

289.    The allegations in Paragraph 289 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  To the extent the allegations in Paragraph 289 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 289.

290.    To the extent the allegations in Paragraph 290 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 290.

291.     To the extent the allegations in Paragraph 291 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 291.

292.     To the extent the allegations in Paragraph 292 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 292.

293.     To the extent the allegations in Paragraph 293 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 293.

294.     To the extent the allegations in Paragraph 294 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 294.

295.     Answering the allegations in Paragraph 295, Sanofi states that the FDA-approved Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 295 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 295.

296.     To the extent Paragraph 296 alleges what happened to Zantac after it left Sanofi's control and to the extent the allegations in Paragraph 296 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 296.

297.     To the extent Paragraph 297 alleges to what Plaintiffs were exposed or what Plaintiffs knew, Sanofi lacks knowledge or information sufficient to form a belief as to the

allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 297.

298.    To the extent Paragraph 298 alleges what Plaintiffs used or to what Plaintiffs were exposed, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 298.

299.    To the extent Paragraph 299 alleges what Plaintiffs could have discovered or upon what Plaintiffs relied, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 299.

300.    To the extent the allegations in Paragraph 300 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 300.

301.    To the extent the allegations in Paragraph 301 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 301.

302.    To the extent the allegations in Paragraph 302 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 302.

303.    To the extent the allegations in Paragraph 303 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 303.

304.    To the extent Paragraph 304 alleges that Plaintiffs suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 304 are directed to other Defendants,

Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 304.

305.    To the extent Paragraph 305 alleges that Plaintiffs suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 305 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 305.

### SUB-COUNT I-1 ALABAMA:   STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

306.    Answering the allegations in Paragraph 306, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

307.    The allegations in Paragraph 307 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 307.

308.    Answering the allegations in Paragraph 308, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 308 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 308.

309.    To the extent Paragraph 309 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 309.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-2 ALASKA:  STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

310.    Answering the allegations in Paragraph 310, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

311.    The allegations in Paragraph 311 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

312.    Answering the allegations in Paragraph 312, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 312 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 312.

313.    To the extent Paragraph 313 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 313.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-3 ARIZONA:    STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

314.    Answering the allegations in Paragraph 314, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

315.    The allegations in Paragraph 315 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

316.    Answering the allegations in Paragraph 316, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 316 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 316.

317.    To the extent Paragraph 317 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 317.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-4 ARKANSAS:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

318.    Answering the allegations in Paragraph 318, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

319.    The allegations in Paragraph 319 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

320.    Answering the allegations in Paragraph 320, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 320 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 320.

321.     To the extent Paragraph 321 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 321.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-5 CALIFORNIA:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

322.     Answering the allegations in Paragraph 322, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

323.     The allegations in Paragraph 323 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

324.     Answering the allegations in Paragraph 324, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 324 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 324.

325.     To the extent Paragraph 325 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 325.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT I-6 COLORADO:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

326.    Answering the allegations in Paragraph 326, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

327.    The allegations in Paragraph 327 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

328.    Answering the allegations in Paragraph 328, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 328 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 328.

329.    To the extent Paragraph 329 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 329.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT I-7 CONNECTICUT:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

330.    Answering the allegations in Paragraph 330, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

331.    The allegations in Paragraph 331 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

332.    Answering the allegations in Paragraph 332, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 332 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 332.

333.    To the extent Paragraph 333 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 333.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT I-8 DISTRICT OF COLUMBIA:  STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

334.    Answering the allegations in Paragraph 334, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

335.    The allegations in Paragraph 335 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

336.    Answering the allegations in Paragraph 336, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 336 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 336.

337.    To the extent Paragraph 337 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 337.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-9 FLORIDA:    STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

338.    Answering the allegations in Paragraph 338, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

339.    The allegations in Paragraph 339 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

340.    Answering the allegations in Paragraph 340, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 340 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 340.

341.    To the extent Paragraph 341 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 341.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-10 GEORGIA:   STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

342.    Answering the allegations in Paragraph 342, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

343.    The allegations in Paragraph 343 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

344.    Answering the allegations in Paragraph 344, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 344 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 344.

345.    To the extent Paragraph 345 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 345.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-11 HAWAII:   STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

346.    Answering the allegations in Paragraph 346, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

347.    The allegations in Paragraph 347 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

348.     Answering the allegations in Paragraph 348, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 348 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 348.

349.     To the extent Paragraph 349 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 349.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-12 IDAHO:  STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

350.     Answering the allegations in Paragraph 350, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

351.     The allegations in Paragraph 351 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

352.     Answering the allegations in Paragraph 352, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 352 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 352.

353.     To the extent Paragraph 353 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 353.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-13 ILLINOIS:    STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

354.     Answering the allegations in Paragraph 354, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

355.     The allegations in Paragraph 355 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

356.     Answering the allegations in Paragraph 356, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 356 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 356.

357.     To the extent Paragraph 357 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 357.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-14 INDIANA:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

358.    Answering the allegations in Paragraph 358, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

359.    The allegations in Paragraph 359 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

360.    Answering the allegations in Paragraph 360, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 360 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 360.

361.    To the extent Paragraph 361 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 361.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-15 KANSAS:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

362.    Answering the allegations in Paragraph 362, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

363.    The allegations in Paragraph 363 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

364.     Answering the allegations in Paragraph 364, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 364 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 364.

365.     To the extent Paragraph 365 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 365.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-16 KENTUCKY:   STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

366.     Answering the allegations in Paragraph 366, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

367.     The allegations in Paragraph 367 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

368.     Answering the allegations in Paragraph 368, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 368 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 368.

369.    To the extent Paragraph 369 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 369.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-17 LOUISIANA:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

370.    Answering the allegations in Paragraph 370, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

371.    The allegations in Paragraph 371 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

372.    Answering the allegations in Paragraph 372, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 372 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 372.

373.    To the extent Paragraph 373 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 373.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-18 MAINE:  STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

374.    Answering the allegations in Paragraph 374, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

375.    The allegations in Paragraph 375 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

376.    Answering the allegations in Paragraph 376, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 376 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 376.

377.    To the extent Paragraph 377 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 377.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-19 MARYLAND:  STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

378.    Answering the allegations in Paragraph 378, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

379.    The allegations in Paragraph 379 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

380.    Answering the allegations in Paragraph 380, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.   To the extent the remaining allegations in Paragraph 380 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 380.

381.    To the extent Paragraph 381 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 381.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-20 MICHIGAN:   STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

382.    Answering the allegations in Paragraph 382, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

383.    The allegations in Paragraph 383 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

384.    Answering the allegations in Paragraph 384, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.   To the extent the remaining allegations in Paragraph 384 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 384.

385.    To the extent Paragraph 385 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 385.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-21 MINNESOTA:  STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

386.    Answering the allegations in Paragraph 386, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

387.    The allegations in Paragraph 387 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

388.    Answering the allegations in Paragraph 388, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 388 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 388.

389.    To the extent Paragraph 389 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 389.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-22 MISSISSIPPI:   STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

390.     Answering the allegations in Paragraph 390, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

391.     The allegations in Paragraph 391 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

392.     Answering the allegations in Paragraph 392, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 392 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 392.

393.     To the extent Paragraph 393 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 393.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-23 MISSOURI:   STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

394.     Answering the allegations in Paragraph 394, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

395.     The allegations in Paragraph 395 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

396. Answering the allegations in Paragraph 396, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 396 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 396.

397. To the extent Paragraph 397 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 397.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT I-24 MONTANA: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

398. Answering the allegations in Paragraph 398, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

399. The allegations in Paragraph 399 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi denies the same.

400. Answering the allegations in Paragraph 400, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 400 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 400.

401.   To the extent Paragraph 401 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 401.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-25 NEBRASKA:   STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

402.   Answering the allegations in Paragraph 402, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

403.   The allegations in Paragraph 403 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

404.   Answering the allegations in Paragraph 404, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 404 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 404.

405.   To the extent Paragraph 405 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 405.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-26 NEVADA:   STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

406.    Answering the allegations in Paragraph 406, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

407.    The allegations in Paragraph 407 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

408.    Answering the allegations in Paragraph 408, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 408 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 408.

409.    To the extent Paragraph 409 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 409.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-27 NEW HAMPSHIRE:   STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

410.    Answering the allegations in Paragraph 410, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

411.    The allegations in Paragraph 411 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

412.     Answering the allegations in Paragraph 412, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 412 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 412.

413.     To the extent Paragraph 413 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 413.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-28 NEW JERSEY:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

414.     Answering the allegations in Paragraph 414, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

415.     The allegations in Paragraph 415 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

416.     Answering the allegations in Paragraph 416, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 416 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 416.

417.    To the extent Paragraph 417 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 417.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-29 NEW MEXICO:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

418.    Answering the allegations in Paragraph 418, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

419.    The allegations in Paragraph 419 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

420.    Answering the allegations in Paragraph 420, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 420 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 420.

421.    To the extent Paragraph 421 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 421.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-30 NEW YORK:   STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

422.    Answering the allegations in Paragraph 422, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

423.    The allegations in Paragraph 423 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

424.    Answering the allegations in Paragraph 424, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 424 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 424.

425.    To the extent Paragraph 425 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 425.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-31 NORTH DAKOTA: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

426.    Answering the allegations in Paragraph 426, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

427.    The allegations in Paragraph 427 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

428.    Answering the allegations in Paragraph 428, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 428 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 428.

429.    To the extent Paragraph 429 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 429.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT I-32 OHIO:  STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

430.    Answering the allegations in Paragraph 430, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

431.    The allegations in Paragraph 431 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

432.    Answering the allegations in Paragraph 432, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 432 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 432.

433.   To the extent Paragraph 433 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 433.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-33 OKLAHOMA:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

434.   Answering the allegations in Paragraph 434, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

435.   The allegations in Paragraph 435 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

436.   Answering the allegations in Paragraph 436, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 436 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 436.

437.   To the extent Paragraph 437 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 437.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-34 OREGON: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

438. Answering the allegations in Paragraph 438, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

439. The allegations in Paragraph 439 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi denies the same.

440. Answering the allegations in Paragraph 440, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 440 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 440.

441. To the extent Paragraph 441 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 441.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT I-35 PUERTO RICO: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

442. Answering the allegations in Paragraph 442, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

443. The allegations in Paragraph 443 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi denies the same.

444.     Answering the allegations in Paragraph 444, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 444 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 444.

445.     To the extent Paragraph 445 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 445.

### SUB-COUNT I-36 RHODE ISLAND:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

446.     Answering the allegations in Paragraph 446, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

447.     The allegations in Paragraph 447 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

448.     Answering the allegations in Paragraph 448, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 448 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 448.

449.     To the extent Paragraph 449 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 449.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-37 SOUTH CAROLINA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

450.    Answering the allegations in Paragraph 450, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

451.    The allegations in Paragraph 451 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

452.    Answering the allegations in Paragraph 452, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 452 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 452.

453.    To the extent Paragraph 453 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 453.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-38 SOUTH DAKOTA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

454.    Answering the allegations in Paragraph 454, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

455.     The allegations in Paragraph 455 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

456.     Answering the allegations in Paragraph 456, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 456 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 456.

457.     To the extent Paragraph 457 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 457.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-39 TENNESSEE:   STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

458.     Answering the allegations in Paragraph 458, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

459.     The allegations in Paragraph 459 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

460.     Answering the allegations in Paragraph 460, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 460 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 460.

461.     To the extent Paragraph 461 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 461.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-40 TEXAS:  STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

462.     Answering the allegations in Paragraph 462, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

463.     The allegations in Paragraph 463 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

464.     Answering the allegations in Paragraph 464, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 464 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 464.

465.     To the extent Paragraph 465 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 465.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-41 UTAH:  STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

466.    Answering the allegations in Paragraph 466, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

467.    The allegations in Paragraph 467 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

468.    Answering the allegations in Paragraph 468, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 468 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 468.

469.    To the extent Paragraph 469 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 469.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT  I-42  VERMONT:   STRICT PRODUCTS  LIABILITY— FAILURE  TO  WARN  CONSUMERS  THROUGH  WARNINGS  AND PRECAUTIONS

470.    Answering the allegations in Paragraph 470, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

471.    The allegations in Paragraph 471 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

472.     Answering the allegations in Paragraph 472, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 472 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 472.

473.     To the extent Paragraph 473 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 473.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-43 WASHINGTON:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

474.     Answering the allegations in Paragraph 474, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

475.     The allegations in Paragraph 475 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

476.     Answering the allegations in Paragraph 476, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 476 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 476.

477.   To the extent Paragraph 477 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 477.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-44 WEST VIRGINIA:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

478.   Answering the allegations in Paragraph 478, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

479.   The allegations in Paragraph 479 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

480.   Answering the allegations in Paragraph 480, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 480 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 480.

481.   To the extent Paragraph 481 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 481.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-45 WISCONSIN:   STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

482.    Answering the allegations in Paragraph 482, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

483.    The allegations in Paragraph 483 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

484.    Answering the allegations in Paragraph 484, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 484 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 484.

485.    To the extent Paragraph 485 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 485.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT I-46 WYOMING:   STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

486.    Answering the allegations in Paragraph 486, Sanofi incorporates by reference its responses to Paragraphs 264-305 as if fully set forth herein.

487.    The allegations in Paragraph 487 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

488.     Answering the allegations in Paragraph 488, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 488 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 488.

489.     To the extent Paragraph 489 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 489.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## COUNT II:     NEGLIGENCE—FAILURE TO WARN THROUGH WARNINGS AND PRECAUTIONS

490.     Answering the allegations in Paragraph 490, Sanofi incorporates by reference its responses to Paragraphs 18-37, 72, 121-141, 146-183, 184-196, 204-207, and 243-254 as if fully set forth herein.

491.     Answering the allegations in Paragraph 491, Sanofi states that facts relating to the benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi otherwise denies the allegations in Paragraph 491.

492.     Sanofi denies the allegations in Paragraph 492.

493.     Answering the allegations in Paragraph 493, Sanofi states that the FDA-approved Zantac labeling speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 493.

494.    Answering the allegations in Paragraph 494, Sanofi states that the FDA-approved Zantac labeling speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 494.

495.    Answering the allegations in Paragraph 495, Sanofi states that the FDA-approved Zantac labeling speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 495.

496.    To the extent the allegations in Paragraph 496 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 496.

497.    Answering the allegations in Paragraph 497, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 497.

498.    Answering the allegations in Paragraph 498, Sanofi states that any information disseminated by GSK speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 498 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 498.

499.    Answering the allegations in Paragraph 499, Sanofi states that any submission to FDA speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 499.

500.    Answering the allegations in Paragraph 500, Sanofi states that any studies speak for themselves, and any attempt to characterize them is denied.   Sanofi denies the remaining allegations in Paragraph 500.

501.    Answering the allegations in Paragraph 501, Sanofi states that any studies speak for themselves, and any attempt to characterize them is denied.  To the extent the remaining allegations in Paragraph 501 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 501.

502.    Answering the allegations in Paragraph 502, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.   To the extent the remaining allegations in Paragraph 502 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 502.

503.    Answering the allegations in Paragraph 503, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi denies the remaining allegations in Paragraph 503.

504.    Answering the allegations in Paragraph 504, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.   To the extent the remaining allegations in Paragraph 504 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 504.

505.    Answering the allegations in Paragraph 505, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 505.

506.     Answering the allegations in Paragraph 506, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 506.

507.     Answering the allegations in Paragraph 507, Sanofi denies that any conclusions can be drawn from the 2016 "Stanford study" because the study authors retracted the study and admitted their testing method was flawed and "that their NDMA measurements are not reliable." *See* Teng Zeng & William A. Mitch, Retraction, Carcinogenesis (May 4, 2021).  Sanofi denies the allegations in Paragraph 507.

508.     Answering the allegations in Paragraph 508, Sanofi denies that any conclusions can be drawn from the Valisure Citizen Petition because it used a method that is not recommended by FDA as an appropriate method for testing NDMA in ranitidine.  Sanofi denies the allegations in Paragraph 508.

509.     Answering the allegations in Paragraph 509, Sanofi states that it acquired the rights to market and distribute OTC Zantac in the United States through an agreement with Boehringer Ingelheim International GmbH dated June 26, 2016.  Sanofi further states that Sanofi US Services Inc. currently holds NDA 20-520 for OTC Zantac 75 and NDA 21-698 for OTC Zantac 150.  Sanofi denies that Sanofi manufactured Zantac and states that Uquifa manufactured the active pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States.  To the extent the remaining allegations in Paragraph 509 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 509.

510. The allegations in Paragraph 510 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. To the extent the allegations in Paragraph 510 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 510.

511. The allegations in Paragraph 511 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. To the extent the remaining allegations in Paragraph 511 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 511.

512. To the extent the allegations in Paragraph 512 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 512.

513. To the extent the allegations in Paragraph 513 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 513.

514. To the extent the allegations in Paragraph 514 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 514.

515.    To the extent the allegations in Paragraph 515 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 515.

516.    To the extent the allegations in Paragraph 516 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 516.

517.    Answering the allegations in Paragraph 517, Sanofi states that the FDA-approved Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 517 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 517.

518.    To the extent Paragraph 518 alleges what happened to Zantac after it left Sanofi's control and to the extent the allegations in Paragraph 518 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 518.

519.    To the extent Paragraph 519 alleges to what Plaintiffs were exposed or what Plaintiffs knew, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 519.

520.    To the extent Paragraph 520 alleges what Plaintiffs used or to what Plaintiffs were exposed, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 520.

521.     To the extent Paragraph 521 alleges what Plaintiffs could have discovered or upon what Plaintiffs relied, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 521.

522.     To the extent the allegations in Paragraph 522 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 522.

523.     To the extent the allegations in Paragraph 523 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 523.

524.     To the extent the allegations in Paragraph 524 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 524.

525.     To the extent the allegations in Paragraph 525 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 525.

526.     To the extent Paragraph 526 alleges that Plaintiffs suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 526 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 526.

527.     To the extent Paragraph 527 alleges that Plaintiffs suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 527 are directed to other Defendants,

Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 527.

### SUB-COUNT II-1 ALABAMA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

528. Answering the allegations in Paragraph 528, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

529. The allegations in Paragraph 529 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 529.

530. Answering the allegations in Paragraph 530, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 530 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 530.

531. To the extent Paragraph 531 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 531.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT II-2 ALASKA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

532. Answering the allegations in Paragraph 532, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

533.     The allegations in Paragraph 533 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 533.

534.     Answering the allegations in Paragraph 534, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 534 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 534.

535.     To the extent Paragraph 535 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 535.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT II-3 ARIZONA:   NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

536.     Answering the allegations in Paragraph 536, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

537.     The allegations in Paragraph 537 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 537.

538.    Answering the allegations in Paragraph 538, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 538 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 538.

539.    To the extent Paragraph 539 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 539.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT II-4 ARKANSAS: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

540.    Answering the allegations in Paragraph 540, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

541.    The allegations in Paragraph 541 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 541.

542.    Answering the allegations in Paragraph 542, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 542 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 542.

543.     To the extent Paragraph 543 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 543.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT II-5 CALIFORNIA:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

544.     Answering the allegations in Paragraph 544, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

545.     The allegations in Paragraph 545 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 545.

546.     Answering the allegations in Paragraph 546, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 546 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 546.

547.     To the extent Paragraph 547 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 547.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT II-6 COLORADO: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

548. Answering the allegations in Paragraph 548, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

549. The allegations in Paragraph 549 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 549.

550. Answering the allegations in Paragraph 550, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 550 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 550.

551. To the extent Paragraph 551 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 551.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT II-7 CONNECTICUT: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

552. Answering the allegations in Paragraph 552, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

553. The allegations in Paragraph 553 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 553.

554. Answering the allegations in Paragraph 554, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 554 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 554.

555. To the extent Paragraph 555 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 555.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT II-8 DELAWARE: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

556. Answering the allegations in Paragraph 556, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

557. The allegations in Paragraph 557 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 557.

558.     Answering the allegations in Paragraph 558, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 558 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 558.

559.     To the extent Paragraph 559 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 559.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT II-9 DISTRICT OF COLUMBIA: NEGLIGNECE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

560.     Answering the allegations in Paragraph 560, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

561.     The allegations in Paragraph 561 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 561.

562.     Answering the allegations in Paragraph 562, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 562 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 562.

563.    To the extent Paragraph 563 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 563.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT II-10 FLORIDA:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

564.    Answering the allegations in Paragraph 564, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

565.    The allegations in Paragraph 565 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 565.

566.    Answering the allegations in Paragraph 566, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 566 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 566.

567.    To the extent Paragraph 567 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 567.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT II-11 GEORGIA:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

568.    Answering the allegations in Paragraph 568, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

569.    The allegations in Paragraph 569 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 569.

570.    Answering the allegations in Paragraph 570, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 570 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 570.

571.    To the extent Paragraph 571 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 571.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT II-12 HAWAII:   NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

572.    Answering the allegations in Paragraph 572, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

573.    The allegations in Paragraph 573 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 573.

574.    Answering the allegations in Paragraph 574, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 574 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 574.

575.    To the extent Paragraph 575 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 575.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT II-13 IDAHO:   NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

576.    Answering the allegations in Paragraph 576, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

577.    The allegations in Paragraph 577 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph
577.

578.     Answering the allegations in Paragraph 578, Sanofi states that the Zantac labeling
speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining
allegations in Paragraph 578 are directed to other Defendants, Sanofi lacks knowledge or
information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi
otherwise denies the remaining allegations in Paragraph 578.

579.     To the extent Paragraph 579 alleges what Plaintiffs or their doctors would have
done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and
therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 579.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that
Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi
whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT II-14 ILLINOIS:   NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

580.     Answering the allegations in Paragraph 580, Sanofi incorporates by reference its
responses to Paragraphs 490-527 as if fully set forth herein.

581.     The allegations in Paragraph 581 assert legal conclusions to which no response is
required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are
governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph
581.

582.     Answering the allegations in Paragraph 582, Sanofi states that the Zantac labeling
speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining
allegations in Paragraph 582 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 582.

583.    To the extent Paragraph 583 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 583.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT II-15 INDIANA:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

584.    Answering the allegations in Paragraph 584, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

585.    The allegations in Paragraph 585 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 585.

586.    Answering the allegations in Paragraph 586, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 586 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 586.

587.    To the extent Paragraph 587 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 587.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT II-16 IOWA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

588. Answering the allegations in Paragraph 588, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

589. The allegations in Paragraph 589 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 589.

590. Answering the allegations in Paragraph 590, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 590 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 590.

591. To the extent Paragraph 591 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 591.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT II-17 KANSAS: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

592. Answering the allegations in Paragraph 592, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

593. The allegations in Paragraph 593 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 593.

594. Answering the allegations in Paragraph 594, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 594 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 594.

595. To the extent Paragraph 595 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 595.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT II-18 KENTUCKY: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

596. Answering the allegations in Paragraph 596, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

597. The allegations in Paragraph 597 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are

112

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 597.

598.    Answering the allegations in Paragraph 598, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 598 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 598.

599.    To the extent Paragraph 599 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 599.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT II-19 MAINE:     NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

600.    Answering the allegations in Paragraph 600, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

601.    The allegations in Paragraph 601 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 601.

602.    Answering the allegations in Paragraph 602, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 602 are directed to other Defendants, Sanofi lacks knowledge or

113

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 602.

603. To the extent Paragraph 603 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 603.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT II-20 MARYLAND: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

604. Answering the allegations in Paragraph 604, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

605. The allegations in Paragraph 605 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 605.

606. Answering the allegations in Paragraph 606, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 606 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 606.

607. To the extent Paragraph 607 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 607.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT II-21 MASSACHUSETTS: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

608. Answering the allegations in Paragraph 608, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

609. The allegations in Paragraph 609 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 609.

610. Answering the allegations in Paragraph 610, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 610 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 610.

611. To the extent Paragraph 611 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 611.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT II-22 MICHIGAN: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

612. Answering the allegations in Paragraph 612, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

613. The allegations in Paragraph 613 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 613.

614. Answering the allegations in Paragraph 614, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 614 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 614.

615. To the extent Paragraph 615 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 615.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT II-23 MINNESOTA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

616. Answering the allegations in Paragraph 616, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

617. The allegations in Paragraph 617 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 617.

618. Answering the allegations in Paragraph 618, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 618 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 618.

619. To the extent Paragraph 619 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 619.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT II-24 MISSISSIPPI: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

620. Answering the allegations in Paragraph 620, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

621. The allegations in Paragraph 621 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 621.

622. Answering the allegations in Paragraph 622, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 622 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 622.

623.    To the extent Paragraph 623 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 623.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT II-25 MISSOURI:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

624.    Answering the allegations in Paragraph 624, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

625.    The allegations in Paragraph 625 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 625.

626.    Answering the allegations in Paragraph 626, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 626 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 626.

627.    To the extent Paragraph 627 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 627.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT II-26 MONTANA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

628. Answering the allegations in Paragraph 628, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

629. The allegations in Paragraph 629 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 629.

630. Answering the allegations in Paragraph 630, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 630 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 630.

631. To the extent Paragraph 631 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 631.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

**SUB-COUNT II-27 NEBRASKA:   NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS**

632.    Answering the allegations in Paragraph 632, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

633.    The allegations in Paragraph 633 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 633.

634.    Answering the allegations in Paragraph 634, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 634 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 634.

635.    To the extent Paragraph 635 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 635.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

**SUB-COUNT II-28 NEVADA:   NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS**

636.    Answering the allegations in Paragraph 636, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

637.    The allegations in Paragraph 637 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 637.

638.     Answering the allegations in Paragraph 638, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 638 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 638.

639.     To the extent Paragraph 639 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 639.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT II-29 NEW HAMPSHIRE:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

640.     Answering the allegations in Paragraph 640, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

641.     The allegations in Paragraph 641 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 641.

642.     Answering the allegations in Paragraph 642, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 642 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 642.

643. To the extent Paragraph 643 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 643.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT II-30 NEW MEXICO: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

644. Answering the allegations in Paragraph 644, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

645. The allegations in Paragraph 645 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 645.

646. Answering the allegations in Paragraph 646, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 646 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 646.

647. To the extent Paragraph 647 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 647.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT II-31 NEW YORK: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

648. Answering the allegations in Paragraph 648, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

649. The allegations in Paragraph 649 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 649.

650. Answering the allegations in Paragraph 650, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 650 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 650.

651. To the extent Paragraph 651 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 651.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT II-32 NORTH CAROLINA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

652. Answering the allegations in Paragraph 652, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

653. The allegations in Paragraph 653 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 653.

654. Answering the allegations in Paragraph 654, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 654 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 654.

655. To the extent Paragraph 655 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 655.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT II-33 NORTH DAKOTA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

656. Answering the allegations in Paragraph 656, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

657. The allegations in Paragraph 657 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 657.

658.    Answering the allegations in Paragraph 658, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 658 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 658.

659.    To the extent Paragraph 659 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 659.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT II-34 OKLAHOMA:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

660.    Answering the allegations in Paragraph 660, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

661.    The allegations in Paragraph 661 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 661.

662.    Answering the allegations in Paragraph 662, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 662 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 662.

663. To the extent Paragraph 663 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 663.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT II-35 OREGON: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

664. Answering the allegations in Paragraph 664, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

665. The allegations in Paragraph 665 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 665.

666. Answering the allegations in Paragraph 666, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 666 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 666.

667. To the extent Paragraph 667 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 667.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT II-36 PENNSYLVANIA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

668.    Answering the allegations in Paragraph 668, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

669.    The allegations in Paragraph 669 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 669.

670.    Answering the allegations in Paragraph 670, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 670 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 670.

671.    To the extent Paragraph 671 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 671.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT II-37 PUERTO RICO: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

672. Answering the allegations in Paragraph 672, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

673. The allegations in Paragraph 673 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 673.

674. Answering the allegations in Paragraph 674, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 674 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 674.

675. To the extent Paragraph 675 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 675.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT II-38 RHODE ISLAND: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

676. Answering the allegations in Paragraph 676, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

677. The allegations in Paragraph 677 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 677.

678. Answering the allegations in Paragraph 678, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 678 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 678.

679. To the extent Paragraph 679 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 679.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT II-39 SOUTH CAROLINA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

680. Answering the allegations in Paragraph 680, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

681. The allegations in Paragraph 681 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 681.

682. Answering the allegations in Paragraph 682, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 682 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 682.

683. To the extent Paragraph 683 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 683.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT II-40 SOUTH DAKOTA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

684. Answering the allegations in Paragraph 684, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

685. The allegations in Paragraph 685 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 685.

686. Answering the allegations in Paragraph 686, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 686 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 686.

687. To the extent Paragraph 687 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 687.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT II-41 TENNESSEE: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

688. Answering the allegations in Paragraph 688, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

689. The allegations in Paragraph 689 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 689.

690. Answering the allegations in Paragraph 690, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 690 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 690.

691. To the extent Paragraph 691 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 691.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT II-42 TEXAS: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

692. Answering the allegations in Paragraph 692, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

693. The allegations in Paragraph 693 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 693.

694. Answering the allegations in Paragraph 694, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 694 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 694.

695. To the extent Paragraph 695 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 695.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT II-43 UTAH: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

696. Answering the allegations in Paragraph 696, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

697. The allegations in Paragraph 697 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 697.

698.     Answering the allegations in Paragraph 698, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 698 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 698.

699.     To the extent Paragraph 699 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 699.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT II-44 VERMONT:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

700.     Answering the allegations in Paragraph 700, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

701.     The allegations in Paragraph 701 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 701.

702.     Answering the allegations in Paragraph 702, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 702 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 702.

703. To the extent Paragraph 703 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 703.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT II-45 VIRGINIA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

704. Answering the allegations in Paragraph 704, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

705. The allegations in Paragraph 705 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 705.

706. Answering the allegations in Paragraph 706, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 706 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 706.

707. To the extent Paragraph 707 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 707.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT II-46 WEST VIRGINIA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

708. Answering the allegations in Paragraph 708, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

709. The allegations in Paragraph 709 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 709.

710. Answering the allegations in Paragraph 710, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 710 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 710.

711. To the extent Paragraph 711 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 711.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT II-47 WISCONSIN: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

712. Answering the allegations in Paragraph 712, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

713. The allegations in Paragraph 713 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 713.

714. Answering the allegations in Paragraph 714, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 714 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 714.

715. To the extent Paragraph 715 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 715.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT II-48 WYOMING: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH WARNINGS AND PRECAUTIONS

716. Answering the allegations in Paragraph 716, Sanofi incorporates by reference its responses to Paragraphs 490-527 as if fully set forth herein.

717. The allegations in Paragraph 717 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 717.

718.    Answering the allegations in Paragraph 718, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 718 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 718.

719.    To the extent Paragraph 719 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 719.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## COUNT III:  STRICT  PRODUCTS  LIABILITY—FAILURE  TO  WARN THROUGH PROPER EXPIRATION DATES

720.    Answering the allegations in Paragraph 720, Sanofi incorporates by reference its responses to Paragraph 18-37 as if fully set forth herein.

721.    Answering the allegations in Paragraph 721, Sanofi incorporates by reference its response to Paragraph 72 as if fully set forth herein.

722.    Answering the allegations in Paragraph 722, Sanofi incorporates by reference its responses to Paragraphs 121-141, 184-196, 204-207, 208-229, and 243-254 as if fully set forth herein.

723.     Answering the allegations in Paragraph 723, Sanofi states that facts relating to the benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi otherwise denies the allegations in Paragraph 723.

724.     Sanofi denies the allegations in Paragraph 724.

725.     Answering the allegations in Paragraph 725, Sanofi states that the FDA-approved Zantac labeling speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 725.

726.     Answering the allegations in Paragraph 726, Sanofi states that the Zantac labeling sets forth the expiration dating periods for US OTC Zantac and that those expiration dating periods are approved by FDA based on testing required under federal regulations.  Sanofi otherwise denies the allegations in Paragraph 726.

727.     To the extent the allegations in Paragraph 727 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 727.

728.     Answering the allegations in Paragraph 728, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 728.

729.     Answering the allegations in Paragraph 729, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 729.

730.     Answering the allegations in Paragraph 730, Sanofi states that storage conditions are governed by federal regulations that speak for themselves, and any attempt to characterize them is denied.  Sanofi otherwise denies the allegations in Paragraph 730.

731.     Answering the allegations in Paragraph 731, Sanofi states that Sanofi marketed, distributed, and sold OTC Zantac in the United States from January 1, 2017 until it voluntarily withdrew Zantac from the market in October 2019 as a precautionary measure.  Sanofi further states that, for part of the time period in which Sanofi distributed OTC Zantac in the United States, Sanofi packaged the product at its Chattem facilities in Chattanooga, Tennessee.  Sanofi denies that Sanofi designed or manufactured Zantac and states that Uquifa manufactured the active pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States.  To the extent the remaining allegations in Paragraph 731 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 731.

732.     The allegations in Paragraph 732 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.  To the extent the allegations in Paragraph 732 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 732.

733.     To the extent the allegations in Paragraph 733 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 733.

734.     To the extent the allegations in Paragraph 734 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 734.

735.     To the extent the allegations in Paragraph 735 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 735.

736.     To the extent the allegations in Paragraph 736 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 736.

737.     To the extent Paragraph 737 alleges what happened to Zantac after it left Sanofi's control and to the extent the allegations in Paragraph 737 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 737.

738.     To the extent Paragraph 738 alleges to what Plaintiffs were exposed or what he or she knew, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 738.

739.     To the extent Paragraph 739 alleges what Plaintiffs used or to what he or she was exposed, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 739.

740.     To the extent Paragraph 740 alleges what Plaintiffs could have discovered or upon what Plaintiffs relied, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 740.

741.     To the extent the allegations in Paragraph 741 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 741.

742.    To the extent the allegations in Paragraph 742 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 742.

743.    To the extent the allegations in Paragraph 743 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 743.

744.    To the extent the allegations in Paragraph 744 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 744.

745.    To the extent Paragraph 745 alleges that Plaintiffs suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 745 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 745.

746.    To the extent Paragraph 746 alleges that Plaintiffs suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 746 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 746.

### SUB-COUNT III-1 ALABAMA:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

747.    Answering the allegations in Paragraph 747, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

748.    The allegations in Paragraph 748 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 748.

749.    Answering the allegations in Paragraph 749, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 749 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 749.

750.    To the extent Paragraph 750 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 750.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-2 ALASKA:    STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

751.    Answering the allegations in Paragraph 751, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

752.    "The allegations in Paragraph 752 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 752."

753.    Answering the allegations in Paragraph 753, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 753 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 753.

754.    To the extent Paragraph 754 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 754.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-3 ARIZONA:   STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

755.    Answering the allegations in Paragraph 755, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

756.    The allegations in Paragraph 756 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 756.

757.    Answering the allegations in Paragraph 757, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 757 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 757.

758.    To the extent Paragraph 758 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 758.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-4 ARKANSAS:   STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

759.    Answering the allegations in Paragraph 759, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

760.    The allegations in Paragraph 760 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 760.

761.    Answering the allegations in Paragraph 761, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 761 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 761.

762.    To the extent Paragraph 762 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 762.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-5 CALIFORNIA:   STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

763.    Answering the allegations in Paragraph 763, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

764.    The allegations in Paragraph 764 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 764.

765.    Answering the allegations in Paragraph 765, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 765 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 765.

766.    To the extent Paragraph 766 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 766.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-6 COLORADO:   STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

767.    Answering the allegations in Paragraph 767, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

768.     The allegations in Paragraph 768 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 768.

769.     Answering the allegations in Paragraph 769, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 769 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 769.

770.     To the extent Paragraph 770 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 770.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-7 CONNECTICUT:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

771.     Answering the allegations in Paragraph 771, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

772.     The allegations in Paragraph 772 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 772.

773.     Answering the allegations in Paragraph 773, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 773 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 773.

774.     To the extent Paragraph 774 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 774.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-8 DISTRICT OF COLUMBIA:  STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

775.     Answering the allegations in Paragraph 775, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

776.     The allegations in Paragraph 776 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 776.

777.     Answering the allegations in Paragraph 777, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 777 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 777.

778.     To the extent Paragraph 778 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 778.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-9 FLORIDA:   STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

779.     Answering the allegations in Paragraph 779, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

780.     The allegations in Paragraph 780 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 780.

781.     Answering the allegations in Paragraph 781, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 781 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 781.

782.     To the extent Paragraph 782 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 782.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT III-10 GEORGIA: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

783. Answering the allegations in Paragraph 783, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

784. The allegations in Paragraph 784 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 784.

785. Answering the allegations in Paragraph 785, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 785 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 785.

786. To the extent Paragraph 786 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 786.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT III-11 HAWAII: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

787. Answering the allegations in Paragraph 787, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

788. The allegations in Paragraph 788 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 788.

789. Answering the allegations in Paragraph 789, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 789 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 789.

790. To the extent Paragraph 790 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 790.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT III-12 IDAHO: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

791. Answering the allegations in Paragraph 791, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

792.    The allegations in Paragraph 792 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 792.

793.    Answering the allegations in Paragraph 793, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 793 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 793.

794.    To the extent Paragraph 794 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 794.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-13 ILLINOIS:  STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

795.    Answering the allegations in Paragraph 795, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

796.    The allegations in Paragraph 796 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 796.

797.     Answering the allegations in Paragraph 797, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 797 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 797.

798.     To the extent Paragraph 798 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 798.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-14 INDIANA:  STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

799.     Answering the allegations in Paragraph 799, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

800.     The allegations in Paragraph 800 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 800.

801.     Answering the allegations in Paragraph 801, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 801 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 801.

802.    To the extent Paragraph 802 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 802.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-15 KANSAS:  STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

803.    Answering the allegations in Paragraph 803, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

804.    The allegations in Paragraph 804 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 804.

805.    Answering the allegations in Paragraph 805, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 805 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 805.

806.    To the extent Paragraph 806 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 806.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-16 KENTUCKY:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

807.    Answering the allegations in Paragraph 807, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

808.    The allegations in Paragraph 808 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 808.

809.    Answering the allegations in Paragraph 809, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 809 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 809.

810.    To the extent Paragraph 810 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 810.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-17 LOUISIANA:   STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

811.    Answering the allegations in Paragraph 811, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

812.    The allegations in Paragraph 812 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 812.

813.    Answering the allegations in Paragraph 813, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 813 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 813.

814.    To the extent Paragraph 814 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 814.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT   III-18   MAINE:     STRICT   PRODUCTS   LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

815.    Answering the allegations in Paragraph 815, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

816.     The allegations in Paragraph 816 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 816.

817.     Answering the allegations in Paragraph 817, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 817 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 817.

818.     To the extent Paragraph 818 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 818.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-19 MARYLAND:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

819.     Answering the allegations in Paragraph 819, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

820.     The allegations in Paragraph 820 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 820.

821.    Answering the allegations in Paragraph 821, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 821 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 821.

822.    To the extent Paragraph 822 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 822.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-20 MICHIGAN:   STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

823.    Answering the allegations in Paragraph 823, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

824.    The allegations in Paragraph 824 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 824.

825.    Answering the allegations in Paragraph 825, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 825 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 825.

826.   To the extent Paragraph 826 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 826.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-21 MINNESOTA:  STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

827.   Answering the allegations in Paragraph 827, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

828.   The allegations in Paragraph 828 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 828.

829.   Answering the allegations in Paragraph 829, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 829 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 829.

830.   To the extent Paragraph 830 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 830.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-22 MISSISSIPPI:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

831.     Answering the allegations in Paragraph 831, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

832.     The allegations in Paragraph 832 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 832.

833.     Answering the allegations in Paragraph 833, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 833 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 833.

834.     To the extent Paragraph 834 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 834.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-23 MISSOURI: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

835. Answering the allegations in Paragraph 835, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

836. The allegations in Paragraph 836 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 836.

837. Answering the allegations in Paragraph 837, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 837 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 837.

838. To the extent Paragraph 838 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 838.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT III-24 MONTANA: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

839. Answering the allegations in Paragraph 839, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

840.     The allegations in Paragraph 840 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 840.

841.     Answering the allegations in Paragraph 841, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 841 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 841.

842.     To the extent Paragraph 842 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 842.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-25 NEBRASKA:   STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

843.     Answering the allegations in Paragraph 843, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

844.     The allegations in Paragraph 844 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 844.

845.     Answering the allegations in Paragraph 845, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.   To the extent the remaining allegations in Paragraph 845 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 845.

846.     To the extent Paragraph 846 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 846.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-26 NEVADA:   STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

847.     Answering the allegations in Paragraph 847, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

848.     The allegations in Paragraph 848 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 848.

849.     Answering the allegations in Paragraph 849, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.   To the extent the remaining allegations in Paragraph 849 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 849.

850.    To the extent Paragraph 850 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 850.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-27 NEW HAMPSHIRE: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

851.    Answering the allegations in Paragraph 851, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

852.    The allegations in Paragraph 852 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 852.

853.    Answering the allegations in Paragraph 853, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 853 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 853.

854.    To the extent Paragraph 854 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 854.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT III-28 NEW JERSEY: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

855. Answering the allegations in Paragraph 855, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

856. The allegations in Paragraph 856 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 856.

857. Answering the allegations in Paragraph 857, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 857 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 857.

858. To the extent Paragraph 858 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 858.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT III-29 NEW MEXICO: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

859. Answering the allegations in Paragraph 859, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

860. The allegations in Paragraph 860 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 860.

861. Answering the allegations in Paragraph 861, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 861 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 861.

862. To the extent Paragraph 862 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 862.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT III-30 NEW YORK: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

863. Answering the allegations in Paragraph 863, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

864.    The allegations in Paragraph 864 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 864.

865.    Answering the allegations in Paragraph 865, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 865 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 865.

866.    To the extent Paragraph 866 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 866.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-31 NORTH DAKOTA:  STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

867.    Answering the allegations in Paragraph 867, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

868.    The allegations in Paragraph 868 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 868.

869. Answering the allegations in Paragraph 869, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 869 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 869.

870. To the extent Paragraph 870 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 870.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT III-32 OHIO: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

871. Answering the allegations in Paragraph 871, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

872. The allegations in Paragraph 872 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 872.

873. Answering the allegations in Paragraph 873, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 873 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 873.

874.    To the extent Paragraph 874 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 874.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-33 OKLAHOMA:  STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

875.    Answering the allegations in Paragraph 875, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

876.    The allegations in Paragraph 876 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 876.

877.    Answering the allegations in Paragraph 877, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 877 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 877.

878.    To the extent Paragraph 878 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 878.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT III-34 OREGON: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

879. Answering the allegations in Paragraph 879, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

880. The allegations in Paragraph 880 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 880.

881. Answering the allegations in Paragraph 881, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 881 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 881.

882. To the extent Paragraph 882 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 882.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT III-35 PUERTO RICO:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

883.    Answering the allegations in Paragraph 883, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

884.    The allegations in Paragraph 884 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 884.

885.    Answering the allegations in Paragraph 885, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 885 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 885.

886.    To the extent Paragraph 886 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 886.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-36 RHODE ISLAND:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

887.    Answering the allegations in Paragraph 887, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

888. The allegations in Paragraph 888 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 888.

889. Answering the allegations in Paragraph 889, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 889 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 889.

890. To the extent Paragraph 890 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 890.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT III-37 SOUTH CAROLINA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

891. Answering the allegations in Paragraph 891, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

892. The allegations in Paragraph 892 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 892.

893.    Answering the allegations in Paragraph 893, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 893 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 893.

894.    To the extent Paragraph 894 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 894.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-38 SOUTH DAKOTA:   STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

895.    Answering the allegations in Paragraph 895, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

896.    The allegations in Paragraph 896 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 896.

897.    Answering the allegations in Paragraph 897, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 897 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 897.

898.    To the extent Paragraph 898 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 898.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-39 TENNESSEE:  STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

899.    Answering the allegations in Paragraph 899, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

900.    The allegations in Paragraph 900 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 900.

901.    Answering the allegations in Paragraph 901, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 901 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 901.

902.    To the extent Paragraph 902 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 902.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-40 TEXAS:   STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

903.    Answering the allegations in Paragraph 903, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

904.    The allegations in Paragraph 904 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 904.

905.    Answering the allegations in Paragraph 905, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 905 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 905.

906.    To the extent Paragraph 906 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 906.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-41 UTAH:  STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

907.    Answering the allegations in Paragraph 907, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

908.    The allegations in Paragraph 908 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 908.

909.    Answering the allegations in Paragraph 909, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 909 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 909.

910.    To the extent Paragraph 910 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 910.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-42 VERMONT:  STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

911.    Answering the allegations in Paragraph 911, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

912. The allegations in Paragraph 912 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 912.

913. Answering the allegations in Paragraph 913, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 913 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 913.

914. To the extent Paragraph 914 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 914.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT III-43 WASHINGTON: STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

915. Answering the allegations in Paragraph 915, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

916. The allegations in Paragraph 916 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 916.

917.     Answering the allegations in Paragraph 917, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 917 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 917.

918.     To the extent Paragraph 918 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 918.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-44 WEST VIRGINIA: STRICT PRODUCTS LIABILITY—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

919.     Answering the allegations in Paragraph 919, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

920.     The allegations in Paragraph 920 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 920.

921.     Answering the allegations in Paragraph 921, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 921 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 921.

922.    To the extent Paragraph 922 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 922.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-45 WISCONSIN:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

923.    Answering the allegations in Paragraph 923, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

924.    The allegations in Paragraph 924 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 924.

925.    Answering the allegations in Paragraph 925, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 925 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 925.

926.    To the extent Paragraph 926 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 926.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT III-46 WYOMING:  STRICT PRODUCTS LIABILITY— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

927.    Answering the allegations in Paragraph 927, Sanofi incorporates by reference its responses to Paragraphs 720-746 as if fully set forth herein.

928.    The allegations in Paragraph 928 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 928.

929.    Answering the allegations in Paragraph 929, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 929 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 929.

930.    To the extent Paragraph 930 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 930.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

**COUNT IV:  NEGLIGENCE—FAILURE TO WARN THROUGH PROPER EXPIRATION DATES**

931.    Answering the allegations in Paragraph 931, Sanofi incorporates by reference its responses to Paragraphs 18-37 as if fully set forth herein.

932.    Answering the allegations in Paragraph 932, Sanofi incorporates by reference its response to Paragraph 72 as if fully set forth herein.

933.    Answering the allegations in Paragraph 933, Sanofi incorporates by reference its responses to Paragraphs 121-141, 184-196, 204-207, 208-229, and 243-254 as if fully set forth herein.

934.    Answering the allegations in Paragraph 934, Sanofi states that facts relating to the benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi otherwise denies the allegations in Paragraph 934.

935.    Sanofi denies the allegations in Paragraph 935.

936.    Answering the allegations in Paragraph 936, Sanofi states that the FDA-approved Zantac labeling speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 936.

937.    Answering the allegations in Paragraph 937, Sanofi states that the Zantac labeling sets forth the expiration dating periods for US OTC Zantac and that those expiration dating periods are approved by FDA based on testing required under federal regulations.  Sanofi otherwise denies the allegations in Paragraph 937.

938.    To the extent the allegations in Paragraph 938 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 938.

939.     Answering the allegations in Paragraph 939, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 939.

940.     Answering the allegations in Paragraph 940, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 940.

941.     Answering the allegations in Paragraph 941, Sanofi states that storage conditions are governed by federal regulations that speak for themselves, and any attempt to characterize them is denied.  Sanofi otherwise denies the allegations in Paragraph 941.

942.     To the extent the allegations in Paragraph 942 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 942.

943.     Answering the allegations in Paragraph 943, Sanofi states that Sanofi marketed, distributed, and sold OTC Zantac in the United States from January 1, 2017 until it voluntarily withdrew Zantac from the market in October 2019 as a precautionary measure.  Sanofi further states that, for part of the time period in which Sanofi distributed OTC Zantac in the United States, Sanofi packaged the product at its Chattem facilities in Chattanooga, Tennessee.  Sanofi denies that Sanofi designed or manufactured Zantac and states that Uquifa manufactured the active pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States.  To the extent the remaining allegations in Paragraph 943 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 943.

944.    The allegations in Paragraph 944 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.  To the extent the allegations in Paragraph 944 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 944.

945.    To the extent the allegations in Paragraph 945 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 945.

946.    To the extent the allegations in Paragraph 946 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 946.

947.    To the extent the allegations in Paragraph 947 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 947.

948.    To the extent the allegations in Paragraph 948 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 948.

949.    To the extent Paragraph 949 alleges what happened to Zantac after it left Sanofi's control and to the extent the allegations in Paragraph 949 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 949.

950. To the extent Paragraph 950 alleges to what Plaintiffs were exposed or what he or she knew, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 950.

951. To the extent Paragraph 951 alleges what Plaintiffs used or to what he or she was exposed, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 951.

952. To the extent Paragraph 952 alleges what Plaintiffs could have discovered or upon what Plaintiffs relied, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 952.

953. To the extent the allegations in Paragraph 953 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 953.

954. To the extent the allegations in Paragraph 954 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 954.

955. To the extent the allegations in Paragraph 955 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 955.

956. To the extent the allegations in Paragraph 956 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 956.

957.     To the extent Paragraph 957 alleges that Plaintiff suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 957 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 957.

958.     To the extent Paragraph 958 alleges that Plaintiff suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 958 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 958.

### SUB-COUNT IV-1 ALABAMA:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

959.     Answering the allegations in Paragraph 959, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

960.     The allegations in Paragraph 960 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 960.

961.     Answering the allegations in Paragraph 961, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 961 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 961.

962.     To the extent Paragraph 962 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 962.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IV-2 ALASKA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

963. Answering the allegations in Paragraph 963, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

964. The allegations in Paragraph 964 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 967.

965. Answering the allegations in Paragraph 965, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 965 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 965.

966. To the extent Paragraph 966 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 966.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT IV-3 ARIZONA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

967. Answering the allegations in Paragraph 967, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

968. The allegations in Paragraph 968 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 968.

969. Answering the allegations in Paragraph 969, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 969 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 969.

970. To the extent Paragraph 970 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 970.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT IV-4 ARKANSAS: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

971. Answering the allegations in Paragraph 971, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

972. The allegations in Paragraph 972 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 972.

973. Answering the allegations in Paragraph 973, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 973 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 973.

974. To the extent Paragraph 974 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 974.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT IV-5 CALIFORNIA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

975. Answering the allegations in Paragraph 975, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

976. The allegations in Paragraph 976 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 976.

977. Answering the allegations in Paragraph 977, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 977 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 977.

978. To the extent Paragraph 978 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 978.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IV-6 COLORADO: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

979. Answering the allegations in Paragraph 979, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

980. The allegations in Paragraph 980 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 980.

981. Answering the allegations in Paragraph 981, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 981 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 981.

982. To the extent Paragraph 982 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 982.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT IV-7 CONNECTICUT: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

983. Answering the allegations in Paragraph 983, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

984. The allegations in Paragraph 984 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 984.

985. Answering the allegations in Paragraph 985, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 985 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 985.

986. To the extent Paragraph 986 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 986.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT IV-8 DELAWARE: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

987.     Answering the allegations in Paragraph 987, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

988.     The allegations in Paragraph 988 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 988.

989.     Answering the allegations in Paragraph 989, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 989 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 989.

990.     To the extent Paragraph 990 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 990.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT IV-9 DISTRICT OF COLUMBIA: NEGLIGNECE— FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

991.     Answering the allegations in Paragraph 991, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

992. The allegations in Paragraph 992 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 992.

993. Answering the allegations in Paragraph 993, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 993 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 993.

994. To the extent Paragraph 962 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 962.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IV-10 FLORIDA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

995. Answering the allegations in Paragraph 995, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

996. The allegations in Paragraph 996 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 996.

997. Answering the allegations in Paragraph 997, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 997 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 997.

998. To the extent Paragraph 998 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 998.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT IV-11 GEORGIA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

999. Answering the allegations in Paragraph 999, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1000. The allegations in Paragraph 1000 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1000.

1001. Answering the allegations in Paragraph 1001, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1001 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1001.

1002.  To the extent Paragraph 1002 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1002.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IV-12 HAWAII:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1003.  Answering the allegations in Paragraph 1003, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1004.  The allegations in Paragraph 1004 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1004.

1005.  Answering the allegations in Paragraph 1005, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1005 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1005.

1006.  To the extent Paragraph 1006 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1006.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IV-13 IDAHO: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1007. Answering the allegations in Paragraph 1007, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1008. The allegations in Paragraph 1008 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1008.

1009. Answering the allegations in Paragraph 1009, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1009 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1009.

1010. To the extent Paragraph 1010 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1010.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IV-14 ILLINOIS:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1011.   Answering the allegations in Paragraph 1011, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1012.   The allegations in Paragraph 1012 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1012.

1013.   Answering the allegations in Paragraph 1013, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1013 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1013.

1014.   To the extent Paragraph 1014 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1014.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IV-15 INDIANA:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1015.   Answering the allegations in Paragraph 1015, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1016.   The allegations in Paragraph 1016 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1016.

1017.   Answering the allegations in Paragraph 1017, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1017 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1017.

1018.   To the extent Paragraph 1018 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1018.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IV-16 IOWA:   NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1019.   Answering the allegations in Paragraph 1019, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1020.   The allegations in Paragraph 1020 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1020.

1021.   Answering the allegations in Paragraph 1021, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1021 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1021.

1022.  To the extent Paragraph 1022 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1022.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IV-17 KANSAS:   NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1023.  Answering the allegations in Paragraph 1023, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1024.  The allegations in Paragraph 1024 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1024.

1025.  Answering the allegations in Paragraph 1025, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1025 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1025.

1026.  To the extent Paragraph 1026 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1026.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IV-18 KENTUCKY:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1027.   Answering the allegations in Paragraph 1027, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1028.   The allegations in Paragraph 1028 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1028.

1029.   Answering the allegations in Paragraph 1029, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1029 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1029.

1030.   To the extent Paragraph 1030 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1030.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IV-19 MAINE: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1031. Answering the allegations in Paragraph 1031, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1032. The allegations in Paragraph 1032 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1032.

1033. Answering the allegations in Paragraph 1033, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1033 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1033.

1034. To the extent Paragraph 1034 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1034.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IV-20 MARYLAND: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1035. Answering the allegations in Paragraph 1035, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1036. The allegations in Paragraph 1036 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1036.

1037. Answering the allegations in Paragraph 1037, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1037 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1037.

1038. To the extent Paragraph 1038 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1038.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT IV-21 MASSACHUSETTS: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1039. Answering the allegations in Paragraph 1039, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1040. The allegations in Paragraph 1040 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1040.

1041. Answering the allegations in Paragraph 1041, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1041 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1041.

1042. To the extent Paragraph 1042 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1042.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IV-22 MICHIGAN: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1043. Answering the allegations in Paragraph 1043, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1044. The allegations in Paragraph 1044 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1044.

1045. Answering the allegations in Paragraph 1045, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1045 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1045.

1046. To the extent Paragraph 1046 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1046.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IV-23 MINNESOTA:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1047.   Answering the allegations in Paragraph 1047, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1048.   The allegations in Paragraph 1048 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1048.

1049.   Answering the allegations in Paragraph 1049, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1049 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1049.

1050.   To the extent Paragraph 1050 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1050.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IV-24 MISSISSIPPI: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1051.    Answering the allegations in Paragraph 1051, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1052.    The allegations in Paragraph 1052 assert legal conclusions to which no response is required.    To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.    Sanofi otherwise denies the allegations in Paragraph 1052.

1053.    Answering the allegations in Paragraph 1053, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.    To the extent the remaining allegations in Paragraph 1053 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.    Sanofi otherwise denies the remaining allegations in Paragraph 1053.

1054.    To the extent Paragraph 1054 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.    Sanofi otherwise denies the allegations in Paragraph 1054.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.    Sanofi denies the remaining allegations.

### SUB-COUNT IV-25 MISSOURI: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1055.    Answering the allegations in Paragraph 1055, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1056.    The allegations in Paragraph 1056 assert legal conclusions to which no response is required.    To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1056.

1057. Answering the allegations in Paragraph 1057, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1057 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1057.

1058. To the extent Paragraph 1058 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1058.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT IV-26 MONTANA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1059. Answering the allegations in Paragraph 1059, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1060. The allegations in Paragraph 1060 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1060.

1061. Answering the allegations in Paragraph 1061, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1061 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1061.

1062. To the extent Paragraph 1062 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1062.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT IV-27 NEBRASKA:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1063. Answering the allegations in Paragraph 1063, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1064. The allegations in Paragraph 1064 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1064.

1065. Answering the allegations in Paragraph 1065, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1065 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1065.

1066. To the extent Paragraph 1066 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1066.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IV-28 NEVADA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1067. Answering the allegations in Paragraph 1067, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1068. The allegations in Paragraph 1068 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1068.

1069. Answering the allegations in Paragraph 1069, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1069 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1069.

1070. To the extent Paragraph 1070 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1070.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IV-29 NEW HAMPSHIRE:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1071.  Answering the allegations in Paragraph 1071, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1072.  The allegations in Paragraph 1072 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1072.

1073.  Answering the allegations in Paragraph 1073, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1073 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1073.

1074.  To the extent Paragraph 1074 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1074.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT  IV-30  NEW  MEXICO:   NEGLIGENCE—FAILURE  TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1075.  Answering the allegations in Paragraph 1075, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1076.  The allegations in Paragraph 1076 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1076.

1077.   Answering the allegations in Paragraph 1077, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1077 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1077.

1078.   To the extent Paragraph 1078 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1078.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT IV-31 NEW YORK:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1079.   Answering the allegations in Paragraph 1079, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1080.   The allegations in Paragraph 1080 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1080.

1081.   Answering the allegations in Paragraph 1081, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1081 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1081.

1082.  To the extent Paragraph 1082 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1082.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT IV-32 NORTH CAROLINA:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1083.  Answering the allegations in Paragraph 1083, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1084.  The allegations in Paragraph 1084 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1084.

1085.  Answering the allegations in Paragraph 1085, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1085 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1085.

1086.  To the extent Paragraph 1086 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1086.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IV-33 NORTH DAKOTA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1087. Answering the allegations in Paragraph 1087, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1088. The allegations in Paragraph 1088 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1088.

1089. Answering the allegations in Paragraph 1089, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1089 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1089.

1090. To the extent Paragraph 1090 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1090.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IV-34 OKLAHOMA:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1091.   Answering the allegations in Paragraph 1091, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1092.   The allegations in Paragraph 1092 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1092.

1093.   Answering the allegations in Paragraph 1093, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1093 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1093.

1094.   To the extent Paragraph 1094 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1094.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IV-35 OREGON:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1095.   Answering the allegations in Paragraph 1095, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1096.   The allegations in Paragraph 1096 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1096.

1097. Answering the allegations in Paragraph 1097, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1097 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1097.

1098. To the extent Paragraph 1098 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1098.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IV-36 PENNSYLVANIA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1099. Answering the allegations in Paragraph 1099, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1100. The allegations in Paragraph 1100 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1100.

1101. Answering the allegations in Paragraph 1101, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1101 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1101.

1102. To the extent Paragraph 1102 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1102.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IV-37 PUERTO RICO: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1103. Answering the allegations in Paragraph 1103, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1104. The allegations in Paragraph 1104 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1104.

1105. Answering the allegations in Paragraph 1105, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1105 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1105.

1106. To the extent Paragraph 1106 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1106.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IV-38 RHODE ISLAND: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1107. Answering the allegations in Paragraph 1107, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1108. The allegations in Paragraph 1108 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1108.

1109. Answering the allegations in Paragraph 1109, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1109 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1109.

1110. To the extent Paragraph 1110 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1110.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IV-39 SOUTH CAROLINA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1111.   Answering the allegations in Paragraph 1111, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1112.   The allegations in Paragraph 1112 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1112.

1113.   Answering the allegations in Paragraph 1113, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1113 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1113.

1114.   To the extent Paragraph 1114 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1114.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IV-40 SOUTH DAKOTA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1115.   Answering the allegations in Paragraph 1115, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1116.   The allegations in Paragraph 1116 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1116.

1117.   Answering the allegations in Paragraph 1117, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1117 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1117.

1118.   To the extent Paragraph 1118 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1118.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT IV-41 TENNESSEE:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1119.   Answering the allegations in Paragraph 1119, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1120.   The allegations in Paragraph 1120 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1120.

1121.   Answering the allegations in Paragraph 1121, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1121 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1121.

1122.  To the extent Paragraph 1122 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1122.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IV-42 TEXAS:   NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1123.  Answering the allegations in Paragraph 1123, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1124.  The allegations in Paragraph 1124 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1124.

1125.  Answering the allegations in Paragraph 1125, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1125 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1125.

1126.  To the extent Paragraph 1126 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1126.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IV-43 UTAH: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1127. Answering the allegations in Paragraph 1127, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1128. The allegations in Paragraph 1128 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1128.

1129. Answering the allegations in Paragraph 1129, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1129 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1129.

1130. To the extent Paragraph 1130 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1130.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IV-44 VERMONT: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1131.  Answering the allegations in Paragraph 1131, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1132.  The allegations in Paragraph 1132 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1132.

1133.  Answering the allegations in Paragraph 1133, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1133 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1133.

1134.  To the extent Paragraph 1134 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1134.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IV-45 VIRGINIA: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1135.  Answering the allegations in Paragraph 1135, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1136.  The allegations in Paragraph 1136 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1136.

1137.   Answering the allegations in Paragraph 1137, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1137 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1137.

1138.   To the extent Paragraph 1138 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1138.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT IV-46 WEST VIRGINIA:  NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1139.   Answering the allegations in Paragraph 1139, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1140.   The allegations in Paragraph 1140 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1140.

1141.   Answering the allegations in Paragraph 1141, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1141 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1141.

1142. To the extent Paragraph 1142 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1142.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IV-47 WISCONSIN: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1143. Answering the allegations in Paragraph 1143, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1144. The allegations in Paragraph 1144 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1144.

1145. Answering the allegations in Paragraph 1145, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1145 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1145.

1146. To the extent Paragraph 1146 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1146.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IV-48 WYOMING: NEGLIGENCE—FAILURE TO WARN CONSUMERS THROUGH PROPER EXPIRATION DATES

1147. Answering the allegations in Paragraph 1147, Sanofi incorporates by reference its responses to Paragraphs 931-958 as if fully set forth herein.

1148. The allegations in Paragraph 1148 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1148.

1149. Answering the allegations in Paragraph 1149, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1149 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1149.

1150. To the extent Paragraph 1150 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1150.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## COUNT V:   STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1151.   Answering the allegations in Paragraph 1151, Sanofi incorporates by reference its responses to Paragraphs 18-37, 121-141, 146-183, 184-196, 204-207, 208-229, and 243-254 as if fully set forth herein.

1152.   Answering the allegations in Paragraph 1152, Sanofi incorporates by reference its response to Paragraph 72 as if fully set forth herein.

1153.   Answering the allegations in Paragraph 1153, Sanofi states that facts relating to the benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi otherwise denies the allegations in Paragraph 1153.

1154.   Sanofi denies the allegations in Paragraph 1154.

1155.   Answering the allegations in Paragraph 1155, Sanofi states that the FDA-approved Zantac labeling speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 1155.

1156.   Answering the allegations in Paragraph 1156, Sanofi states that the FDA-approved Zantac labeling speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 1156.

1157.   Answering the allegations in Paragraph 1157, Sanofi states that the FDA-approved Zantac labeling speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 1157.

1158.   To the extent the allegations in Paragraph 1158 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1158.

1159.   Answering the allegations in Paragraph 1159, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 1159.

1160.   Answering the allegations in Paragraph 1160, Sanofi states that any information disseminated by GSK speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1160 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1160.

1161.   Answering the allegations in Paragraph 1161, Sanofi states that any submission to FDA speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 1161.

1162.   Answering the allegations in Paragraph 1162, Sanofi states that any studies speak for themselves, and any attempt to characterize them is denied.   Sanofi denies the remaining allegations in Paragraph 1162.

1163.   Answering the allegations in Paragraph 1163, Sanofi states that any studies speak for themselves, and any attempt to characterize them is denied.  To the extent the remaining allegations in Paragraph 1163 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1163.

1164.   Answering the allegations in Paragraph 1164, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.   To the extent the remaining allegations in Paragraph 1164 are directed to other Defendants, Sanofi lacks knowledge or information sufficient

to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1164.

1165.   Answering the allegations in Paragraph 1165, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi denies the remaining allegations in Paragraph 1165.

1166.   Answering the allegations in Paragraph 1166, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1166 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1166.

1167.   Answering the allegations in Paragraph 1167, Sanofi states that any study speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 1167.

1168.   Answering the allegations in Paragraph 1168, Sanofi denies that any conclusions can be drawn from the 2016 "Stanford University study" because the study authors retracted the study and admitted their testing method was flawed and "that their NDMA measurements are not reliable."  *See* Teng Zeng & William A. Mitch, Retraction, Carcinogenesis (May 4, 2021).  Sanofi denies the remaining allegations in Paragraph 1168.

1169.   Answering the allegations in Paragraph 1169, Sanofi denies that any conclusions can be drawn from the Valisure Citizen Petition because it used a method that is not recommended by FDA as an appropriate method for testing NDMA in ranitidine.  Sanofi denies the remaining allegations in Paragraph 1169.

1170.  Answering the allegations in Paragraph 1170, Sanofi states that it acquired the rights to market and distribute OTC Zantac in the United States through an agreement with Boehringer Ingelheim International GmbH dated June 26, 2016.  Sanofi further states that Sanofi US Services Inc. currently holds NDA 20-520 for OTC Zantac 75 and NDA 21-698 for OTC Zantac 150.  Sanofi denies that Sanofi manufactured Zantac and states that Uquifa manufactured the active pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States.  To the extent the remaining allegations in Paragraph 1170 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1170.

1171.  Answering the allegations in Paragraph 1171, Sanofi states that Sanofi marketed, distributed, and sold OTC Zantac in the United States from January 1, 2017 until it voluntarily withdrew Zantac from the market in October 2019 as a precautionary measure.  Sanofi further states that, for part of the time period in which Sanofi distributed OTC Zantac in the United States, Sanofi packaged the product at its Chattem facilities in Chattanooga, Tennessee.  Sanofi denies that Sanofi designed or manufactured Zantac and states that Uquifa manufactured the active pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States.  Responding further, Sanofi states that its legal duties are governed by applicable laws and regulations.  To the extent the remaining allegations in Paragraph 1171 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1171.

1172.   The allegations in Paragraph 1172 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  To the extent the allegations in Paragraph 1172 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1172.

1173.   The allegations in Paragraph 1173 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  To the extent the allegations in Paragraph 1173 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1173.

1174.   To the extent the allegations in Paragraph 1174 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1174.

1175.   To the extent the allegations in Paragraph 1175 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1175.

1176.   To the extent the allegations in Paragraph 1176 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1176.

1177.   To the extent the allegations in Paragraph 1177 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1177.

1178.   To the extent the allegations in Paragraph 1178 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1178.

1179.   Answering the allegations in Paragraph 1179, Sanofi states that the FDA-approved Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1179 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1179.

1180.   To the extent Paragraph 1180 alleges what happened to Zantac after it left Sanofi's control and to the extent the allegations in Paragraph 1180 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1180.

1181.  To the extent Paragraph 1181 alleges to what Plaintiffs were exposed or what Plaintiffs knew, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1181.

1182.   To the extent Paragraph 1182 alleges what Plaintiffs used or to what Plaintiffs were exposed, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1182.

1183.  To the extent Paragraph 1183 alleges what Plaintiffs could have discovered or upon what Plaintiffs relied, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1183.

1184.  To the extent the allegations in Paragraph 1184 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1184.

1185.  To the extent the allegations in Paragraph 1185 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1185.

1186.  To the extent the allegations in Paragraph 1186 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1186.

1187.  To the extent the allegations in Paragraph 1187 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1187.

1188.  To the extent Paragraph 1188 alleges that Plaintiffs suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 1188 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1188.

1189.  To the extent Paragraph 1189 alleges that Plaintiffs suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 1189 are directed to other Defendants,

Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1189.

### SUB-COUNT V-1 ALABAMA:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1190.   Answering the allegations in Paragraph 1190, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1191.   The allegations in Paragraph 1191 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1191.

1192.   Answering the allegations in Paragraph 1192, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1192 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1192.

1193.   To the extent Paragraph 1193 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1193.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT V-2 ALASKA:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1194.   Answering the allegations in Paragraph 1194, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1195.   The allegations in Paragraph 1195 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1195.

1196.   Answering the allegations in Paragraph 1196, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1196 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1196.

1197.   To the extent Paragraph 1197 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1197.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT V-3 ARIZONA:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1198.   Answering the allegations in Paragraph 1198, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1199.   The allegations in Paragraph 1199 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1199.

1200. Answering the allegations in Paragraph 1200, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1200 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1200.

1201. To the extent Paragraph 1201 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1201.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT V-4 ARKANSAS: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1202. Answering the allegations in Paragraph 1202, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1203. The allegations in Paragraph 1203 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1203.

1204. Answering the allegations in Paragraph 1204, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1204 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1204.

1205.  To the extent Paragraph 1205 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1205.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT V-5 CALIFORNIA:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1206.  Answering the allegations in Paragraph 1206, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1207.  The allegations in Paragraph 1207 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1207.

1208.  Answering the allegations in Paragraph 1208, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1208 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1208.

1209.  To the extent Paragraph 1209 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1209.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT V-6 COLORADO: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1210. Answering the allegations in Paragraph 1210, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1211. The allegations in Paragraph 1211 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1211.

1212. Answering the allegations in Paragraph 1212, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1212 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1212.

1213. To the extent Paragraph 1213 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1213.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT V-7 CONNECTICUT:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1214.   Answering the allegations in Paragraph 1214, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1215.   The allegations in Paragraph 1215 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1215.

1216.   Answering the allegations in Paragraph 1216, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1216 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1216.

1217.   To the extent Paragraph 1217 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1217.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT V-8 DISTRICT OF COLUMBIA:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1218.   Answering the allegations in Paragraph 1218, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1219.   The allegations in Paragraph 1219 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 1219.

1220.   Answering the allegations in Paragraph 1220, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.   To the extent the remaining allegations in Paragraph 1220 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the remaining allegations in Paragraph 1220.

1221.   To the extent Paragraph 1221 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 1221.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

## SUB-COUNT V-9 FLORIDA:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1222.   Answering the allegations in Paragraph 1222, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1223.   The allegations in Paragraph 1223 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 1223.

1224. Answering the allegations in Paragraph 1224, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1224 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1224.

1225. To the extent Paragraph 1225 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1225.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT V-10 GEORGIA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1226. Answering the allegations in Paragraph 1226, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1227. The allegations in Paragraph 1227 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1227.

1228. Answering the allegations in Paragraph 1228, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1228 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1228.

1229.   To the extent Paragraph 1229 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1229.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT V-11 HAWAII:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1230.   Answering the allegations in Paragraph 1230, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1231.   The allegations in Paragraph 1231 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1231.

1232.   Answering the allegations in Paragraph 1232, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1232 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1232.

1233.   To the extent Paragraph 1233 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1233.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT V-12 IDAHO: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1234. Answering the allegations in Paragraph 1234, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1235. The allegations in Paragraph 1235 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1235.

1236. Answering the allegations in Paragraph 1236, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1236 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1236.

1237. To the extent Paragraph 1237 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1237.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT V-13 ILLINOIS: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1238.  Answering the allegations in Paragraph 1238, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1239.  The allegations in Paragraph 1239 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1239.

1240.  Answering the allegations in Paragraph 1240, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1240 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1240.

1241.  To the extent Paragraph 1241 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1241.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT V-14 INDIANA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1242.  Answering the allegations in Paragraph 1242, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1243.  The allegations in Paragraph 1243 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1243.

1244. Answering the allegations in Paragraph 1244, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1244 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1244.

1245. To the extent Paragraph 1245 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1245.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT V-15 KANSAS: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1246. Answering the allegations in Paragraph 1246, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1247. The allegations in Paragraph 1247 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1247.

1248. Answering the allegations in Paragraph 1248, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1248 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1248.

1249.  To the extent Paragraph 1249 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1249.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT V-16 KENTUCKY:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1250.  Answering the allegations in Paragraph 1250, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1251.  The allegations in Paragraph 1251 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1251.

1252.  Answering the allegations in Paragraph 1252, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1252 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1252.

1253.  To the extent Paragraph 1253 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1253.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT V-17 LOUISIANA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1254. Answering the allegations in Paragraph 1254, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1255. The allegations in Paragraph 1255 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1255.

1256. Answering the allegations in Paragraph 1256, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1256 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1256.

1257. To the extent Paragraph 1257 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1257.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT V-18 MAINE:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1258.  Answering the allegations in Paragraph 1258, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1259.  The allegations in Paragraph 1259 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1259.

1260.  Answering the allegations in Paragraph 1260, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1260 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1260.

1261.  To the extent Paragraph 1261 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1261.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT V-19 MARYLAND:   STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1262.  Answering the allegations in Paragraph 1262, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1263.  The allegations in Paragraph 1263 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1263.

1264. Answering the allegations in Paragraph 1264, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1264 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1264.

1265. To the extent Paragraph 1265 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1265.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT V-20 MICHIGAN: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1266. Answering the allegations in Paragraph 1266, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1267. The allegations in Paragraph 1267 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1267.

1268. Answering the allegations in Paragraph 1268, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1268 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1268.

1269.  To the extent Paragraph 1269 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1269.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT V-21 MINNESOTA:  STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1270.  Answering the allegations in Paragraph 1270, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1271.  The allegations in Paragraph 1271 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1271.

1272.  Answering the allegations in Paragraph 1272, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1272 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1272.

1273.  To the extent Paragraph 1273 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1273.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT V-22 MISSISSIPPI:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1274.   Answering the allegations in Paragraph 1274, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1275.   The allegations in Paragraph 1275 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1275.

1276.   Answering the allegations in Paragraph 1276, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1276 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1276.

1277.   To the extent Paragraph 1277 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1277.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT V-23 MISSOURI: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1278. Answering the allegations in Paragraph 1278, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1279. The allegations in Paragraph 1279 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1279.

1280. Answering the allegations in Paragraph 1280, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1280 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1280.

1281. To the extent Paragraph 1281 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1281.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT V-24 MONTANA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1282. Answering the allegations in Paragraph 1282, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1283. The allegations in Paragraph 1283 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1283.

1284. Answering the allegations in Paragraph 1284, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1284 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1284.

1285. To the extent Paragraph 1285 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1285.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT V-25 NEBRASKA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1286. Answering the allegations in Paragraph 1286, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1287. The allegations in Paragraph 1287 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1287.

1288. Answering the allegations in Paragraph 1288, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1288 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1288.

1289. To the extent Paragraph 1289 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1289.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT V-26 NEVADA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1290. Answering the allegations in Paragraph 1290, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1291. The allegations in Paragraph 1291 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1291.

1292. Answering the allegations in Paragraph 1292, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1292 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1292.

1293. To the extent Paragraph 1293 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1293.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT   V-27   NEW   HAMPSHIRE:   STRICT   PRODUCTS LIABILITY—DESIGN   DEFECT   DUE   TO   WARNINGS   AND PRECAUTIONS

1294.   Answering the allegations in Paragraph 1294, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1295.   The allegations in Paragraph 1295 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1295.

1296.   Answering the allegations in Paragraph 1296, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1296 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1296.

1297.   To the extent Paragraph 1297 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1297.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT V-28 NEW JERSEY: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1298.  Answering the allegations in Paragraph 1298, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1299.  The allegations in Paragraph 1299 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1299.

1300.  Answering the allegations in Paragraph 1300, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1300 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1300.

1301.  To the extent Paragraph 1301 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1301.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT V-29 NEW MEXICO: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1302.  Answering the allegations in Paragraph 1302, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1303.  The allegations in Paragraph 1303 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1303.

1304. Answering the allegations in Paragraph 1304, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1304 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1304.

1305. To the extent Paragraph 1305 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1305.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT V-30 NEW YORK: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1306. Answering the allegations in Paragraph 1306, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1307. The allegations in Paragraph 1307 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1307.

1308. Answering the allegations in Paragraph 1308, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1308 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1308.

1309.  To the extent Paragraph 1309 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1309.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT V-31 NORTH DAKOTA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1310.  Answering the allegations in Paragraph 1310, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1311.  The allegations in Paragraph 1311 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1311.

1312.  Answering the allegations in Paragraph 1312, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1312 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1312.

1313.  To the extent Paragraph 1313 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1313.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT V-32 OHIO: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1314. Answering the allegations in Paragraph 1314, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1315. The allegations in Paragraph 1315 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1315.

1316. Answering the allegations in Paragraph 1316, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1316 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1316.

1317. To the extent Paragraph 1317 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1317.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT V-33 OKLAHOMA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1318. Answering the allegations in Paragraph 1318, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1319. The allegations in Paragraph 1319 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1319.

1320. Answering the allegations in Paragraph 1320, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1320 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1320.

1321. To the extent Paragraph 1321 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1321.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT V-34 OREGON: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1322. Answering the allegations in Paragraph 1322, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1323. The allegations in Paragraph 1323 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1323.

1324.   Answering the allegations in Paragraph 1324, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1324 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1324.

1325.   To the extent Paragraph 1325 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1325.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT V-35 PUERTO RICO:  STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1326.   Answering the allegations in Paragraph 1326, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1327.   The allegations in Paragraph 1327 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1327.

1328.   Answering the allegations in Paragraph 1328, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1328 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1328.

1329. To the extent Paragraph 1329 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1329.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT V-36 RHODE ISLAND: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1330. Answering the allegations in Paragraph 1330, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1331. The allegations in Paragraph 1331 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1331.

1332. Answering the allegations in Paragraph 1332, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1332 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1332.

1333. To the extent Paragraph 1333 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1333.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT V-37 SOUTH CAROLINA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1334.   Answering the allegations in Paragraph 1334, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1335.   The allegations in Paragraph 1335 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1335.

1336.   Answering the allegations in Paragraph 1336, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1336 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1336.

1337.   To the extent Paragraph 1337 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1337.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT V-38 SOUTH DAKOTA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1338.   Answering the allegations in Paragraph 1338, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1339.   The allegations in Paragraph 1339 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1339.

1340.   Answering the allegations in Paragraph 1340, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1340 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1340.

1341.   To the extent Paragraph 1341 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1341.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT V-39 TENNESSEE:  STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1342.   Answering the allegations in Paragraph 1342, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1343.   The allegations in Paragraph 1343 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1343.

1344.   Answering the allegations in Paragraph 1344, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1344 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1344.

1345.   To the extent Paragraph 1345 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1345.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT V-40 TEXAS:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1346.   Answering the allegations in Paragraph 1346, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1347.   The allegations in Paragraph 1347 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1347.

1348.   Answering the allegations in Paragraph 1348, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1348 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1348.

1349.  To the extent Paragraph 1349 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1349.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT V-41 UTAH:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1350.  Answering the allegations in Paragraph 1350, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1351.  The allegations in Paragraph 1351 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1351.

1352.  Answering the allegations in Paragraph 1352, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1352 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1352.

1353.  To the extent Paragraph 1353 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1353.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT V-42 VERMONT: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1354. Answering the allegations in Paragraph 1354, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1355. The allegations in Paragraph 1355 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1355.

1356. Answering the allegations in Paragraph 1356, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1356 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1356.

1357. To the extent Paragraph 1357 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1357.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT V-43 WASHINGTON:  STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1358.   Answering the allegations in Paragraph 1358, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1359.   The allegations in Paragraph 1359 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1359.

1360.   Answering the allegations in Paragraph 1360, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1360 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1360.

1361.   To the extent Paragraph 1361 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1361.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT V-44 WEST VIRGINIA:  STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1362.   Answering the allegations in Paragraph 1362, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1363.   The allegations in Paragraph 1363 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1363.

1364. Answering the allegations in Paragraph 1364, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1364 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1364.

1365. To the extent Paragraph 1365 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1365.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT V-45 WISCONSIN: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1366. Answering the allegations in Paragraph 1366, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1367. The allegations in Paragraph 1367 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1367.

1368. Answering the allegations in Paragraph 1368, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1368 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1368.

1369. To the extent Paragraph 1369 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1369.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT V-46 WYOMING: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO WARNINGS AND PRECAUTIONS

1370. Answering the allegations in Paragraph 1370, Sanofi incorporates by reference its responses to Paragraphs 1151-1189 as if fully set forth herein.

1371. The allegations in Paragraph 1371 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1371.

1372. Answering the allegations in Paragraph 1372, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1372 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1372.

1373. To the extent Paragraph 1373 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1373.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### COUNT VI:  STRICT PRODUCTS LIABILITY – DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1374.   Answering the allegations in Paragraph 1374, Sanofi incorporates by reference its responses to Paragraphs 18-37 as if fully set forth herein.

1375.   Answering the allegations in Paragraph 1375, Sanofi incorporates by reference its response to Paragraph 72 as if fully set forth herein.

1376.   Answering the allegations in Paragraph 1376, Sanofi incorporates by reference its response to Paragraphs 121-141, 184-196, 204-207, 208-229, and 243-254 as if fully set forth herein.

1377.   Answering the allegations in Paragraph 1377, Sanofi states that facts relating to the benefits and potential risks of ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi otherwise denies the allegations in Paragraph 1377.

1378.   Sanofi denies the allegations in Paragraph 1378.

1379.   Answering the allegations in Paragraph 1379, Sanofi states that the FDA-approved Zantac labeling speaks for itself, and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 1379.

1380.   Answering the allegations in Paragraph 1380, Sanofi states that the Zantac labeling sets forth the expiration dating periods for US OTC Zantac and that those expiration dating periods are approved by FDA based on testing required under federal regulations.  Sanofi otherwise denies the allegations in Paragraph 1380.

1381.   To the extent the allegations in Paragraph 1381 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1381.

1382.   Answering the allegations in Paragraph 1382, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 1382.

1383.   Answering the allegations in Paragraph 1383, Sanofi states that the Code of Federal Regulations speaks for itself and any attempt to characterize it is denied.  Sanofi otherwise denies the allegations in Paragraph 1383.

1384.   Answering the allegations in Paragraph 1384, Sanofi states that storage conditions are governed by federal regulations that speak for themselves, and any attempt to characterize them is denied.  Sanofi otherwise denies the allegations in Paragraph 1384.

1385.   Answering the allegations in Paragraph 1385, Sanofi states that Sanofi marketed, distributed, and sold OTC Zantac in the United States from January 1, 2017 until it voluntarily withdrew Zantac from the market in October 2019 as a precautionary measure.  Sanofi further states that, for part of the time period in which Sanofi distributed OTC Zantac in the United States, Sanofi packaged the product at its Chattem facilities in Chattanooga, Tennessee.  Sanofi denies that Sanofi designed or manufactured Zantac and states that Uquifa manufactured the active pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States.  To the extent the remaining allegations in Paragraph 1385 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1385.

1386.   The allegations in Paragraph 1386 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.  To the extent the allegations in Paragraph 1386 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1386.

1387.   The allegations in Paragraph 1387 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.  To the extent the allegations in Paragraph 1387 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1387.

1388.   To the extent the allegations in Paragraph 1388 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1388.

1389.   To the extent the allegations in Paragraph 1389 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1389.

1390.   To the extent the allegations in Paragraph 1390 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1390.

1391.   To the extent the allegations in Paragraph 1391 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1391.

1392. To the extent Paragraph 1392 alleges what happened to Zantac after it left Sanofi's control and to the extent the allegations in Paragraph 1392 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1392.

1393. To the extent Paragraph 1393 alleges to what Plaintiffs were exposed or what he or she knew, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1393.

1394. To the extent Paragraph 1394 alleges what Plaintiffs used or to what he or she was exposed, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1394.

1395. To the extent Paragraph 1395 alleges what Plaintiffs could have discovered or upon what Plaintiffs relied, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1395.

1396. To the extent the allegations in Paragraph 1396 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1396.

1397. To the extent the allegations in Paragraph 1397 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1397.

1398. To the extent the allegations in Paragraph 1398 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1398.

1399.  To the extent the allegations in Paragraph 1399 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1399.

1400.  To the extent Paragraph 1400 alleges that Plaintiff suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 1400 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1400.

1401.  To the extent Paragraph 1401 alleges that Plaintiff suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 1401 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1401.

## SUB-COUNT VI-1 ALABAMA:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1402.  Answering the allegations in Paragraph 1402, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1403.  The allegations in Paragraph 1403 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1403.

1404.  Answering the allegations in Paragraph 1404, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1404 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1404.

1405. To the extent Paragraph 1405 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1405.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT VI-2 ALASKA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1406. Answering the allegations in Paragraph 1406, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1407. The allegations in Paragraph 1407 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1407.

1408. Answering the allegations in Paragraph 1408, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1408 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1408.

1409. To the extent Paragraph 1409 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1409.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VI-3 ARIZONA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1410. Answering the allegations in Paragraph 1410, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1411. The allegations in Paragraph 1411 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1411.

1412. Answering the allegations in Paragraph 1412, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1412 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1412.

1413. To the extent Paragraph 1413 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1413.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VI-4 ARKANSAS:   STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1414.   Answering the allegations in Paragraph 1414, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1415.   The allegations in Paragraph 1415 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 1415.

1416.   Answering the allegations in Paragraph 1416, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.   To the extent the remaining allegations in Paragraph 1416 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the remaining allegations in Paragraph 1416.

1417.   To the extent Paragraph 1417 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 1417.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT VI-5 CALIFORNIA:   STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1418.   Answering the allegations in Paragraph 1418, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1419.   The allegations in Paragraph 1419 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1419.

1420.   Answering the allegations in Paragraph 1420, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1420 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1420.

1421.   To the extent Paragraph 1421 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1421.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT VI-6 COLORADO:   STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1422.   Answering the allegations in Paragraph 1422, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1423.   The allegations in Paragraph 1423 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1423.

1424.   Answering the allegations in Paragraph 1424, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1424 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1424.

1425. To the extent Paragraph 1425 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1425.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VI-7 CONNECTICUT: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1426. Answering the allegations in Paragraph 1426, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1427. The allegations in Paragraph 1427 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1427.

1428. Answering the allegations in Paragraph 1428, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1428 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1428.

1429. To the extent Paragraph 1429 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1429.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VI-8 DISTRICT OF COLUMBIA:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1430.   Answering the allegations in Paragraph 1430, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1431.   The allegations in Paragraph 1431 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1431.

1432.   Answering the allegations in Paragraph 1432, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1432 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1432.

1433.   To the extent Paragraph 1433 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1433.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VI-9 FLORIDA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1434. Answering the allegations in Paragraph 1434, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1435. The allegations in Paragraph 1435 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1435.

1436. Answering the allegations in Paragraph 1436, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1436 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1436.

1437. To the extent Paragraph 1437 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1437.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VI-10 GEORGIA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1438. Answering the allegations in Paragraph 1438, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1439. The allegations in Paragraph 1439 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1439.

1440. Answering the allegations in Paragraph 1440, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1440 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1440.

1441. To the extent Paragraph 1441 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1441.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VI-11 HAWAII: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1442. Answering the allegations in Paragraph 1442, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1443. The allegations in Paragraph 1443 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1443.

1444. Answering the allegations in Paragraph 1444, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1444 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1444.

1445. To the extent Paragraph 1445 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1445.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT VI-12 IDAHO: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1446. Answering the allegations in Paragraph 1446, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1447. The allegations in Paragraph 1447 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1447.

1448. Answering the allegations in Paragraph 1448, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1448 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1448.

1449. To the extent Paragraph 1449 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1449.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VI-13 ILLINOIS:  STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1450.  Answering the allegations in Paragraph 1450, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1451.  The allegations in Paragraph 1451 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1451.

1452.  Answering the allegations in Paragraph 1452, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1452 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1452.

1453.  To the extent Paragraph 1453 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1453.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VI-14 INDIANA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1454.  Answering the allegations in Paragraph 1454, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1455.  The allegations in Paragraph 1455 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1455.

1456.  Answering the allegations in Paragraph 1456, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1456 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1456.

1457.  To the extent Paragraph 1457 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1457.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VI-15 KANSAS: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1458.  Answering the allegations in Paragraph 1458, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1459.  The allegations in Paragraph 1459 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1459.

1460.  Answering the allegations in Paragraph 1460, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1460 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1460.

1461.  To the extent Paragraph 1461 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1461.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT VI-16 KENTUCKY:  STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1462.  Answering the allegations in Paragraph 1462, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1463.  The allegations in Paragraph 1463 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1463.

1464.  Answering the allegations in Paragraph 1464, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1464 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1464.

1465. To the extent Paragraph 1465 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1465.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VI-17 LOUISIANA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1466. Answering the allegations in Paragraph 1466, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1467. The allegations in Paragraph 1467 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1467.

1468. Answering the allegations in Paragraph 1468, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1468 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1468.

1469. To the extent Paragraph 1469 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1469.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VI-18 MAINE:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1470. Answering the allegations in Paragraph 1470, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1471. The allegations in Paragraph 1471 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1471.

1472. Answering the allegations in Paragraph 1472, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1472 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1472.

1473. To the extent Paragraph 1473 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1473.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VI-19 MARYLAND: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1474. Answering the allegations in Paragraph 1474, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1475. The allegations in Paragraph 1475 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1475.

1476. Answering the allegations in Paragraph 1476, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1476 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1476.

1477. To the extent Paragraph 1477 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1477.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VI-20 MICHIGAN: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1478. Answering the allegations in Paragraph 1478, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1479. The allegations in Paragraph 1479 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1479.

1480.  Answering the allegations in Paragraph 1480, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1480 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1480.

1481.  To the extent Paragraph 1481 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1481.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT VI-21 MINNESOTA:  STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1482.  Answering the allegations in Paragraph 1482, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1483.  The allegations in Paragraph 1483 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1483.

1484.  Answering the allegations in Paragraph 1484, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1484 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1484.

1485. To the extent Paragraph 1485 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1485.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VI-22 MISSISSIPPI: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1486. Answering the allegations in Paragraph 1486, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1487. The allegations in Paragraph 1487 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1487.

1488. Answering the allegations in Paragraph 1488, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1488 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1488.

1489. To the extent Paragraph 1489 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1489.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VI-23 MISSOURI: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1490. Answering the allegations in Paragraph 1490, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1491. The allegations in Paragraph 1491 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1491.

1492. Answering the allegations in Paragraph 1492, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1492 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1492.

1493. To the extent Paragraph 1493 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1493.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VI-24 MONTANA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1494.  Answering the allegations in Paragraph 1494, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1495.  The allegations in Paragraph 1495 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1495.

1496.  Answering the allegations in Paragraph 1496, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1496 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1496.

1497.  To the extent Paragraph 1497 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1497.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VI-25 NEBRASKA: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1498.  Answering the allegations in Paragraph 1498, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1499.  The allegations in Paragraph 1499 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1499.

1500.  Answering the allegations in Paragraph 1500, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1500 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1500.

1501.  To the extent Paragraph 1501 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1501.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT VI-26 NEVADA:   STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1502.  Answering the allegations in Paragraph 1502, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1503.  The allegations in Paragraph 1503 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1503.

1504.  Answering the allegations in Paragraph 1504, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1504 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1504.

1505.  To the extent Paragraph 1505 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1505.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VI-27 NEW HAMPSHIRE: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1506.  Answering the allegations in Paragraph 1506, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1507.  The allegations in Paragraph 1507 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1507.

1508.  Answering the allegations in Paragraph 1508, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1508 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1508.

1509.  To the extent Paragraph 1509 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1509.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VI-28 NEW JERSEY:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1510.   Answering the allegations in Paragraph 1510, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1511.   The allegations in Paragraph 1511 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1511.

1512.   Answering the allegations in Paragraph 1512, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1512 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1512.

1513.  To the extent Paragraph 1513 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1513.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VI-29 NEW MEXICO:  STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1514.  Answering the allegations in Paragraph 1514, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1515.  The allegations in Paragraph 1515 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1515.

1516.  Answering the allegations in Paragraph 1516, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1516 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1516.

1517.  To the extent Paragraph 1517 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1517.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VI-30 NEW YORK:  STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1518.  Answering the allegations in Paragraph 1518, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1519.  The allegations in Paragraph 1519 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1519.

1520.   Answering the allegations in Paragraph 1520, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1520 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1520.

1521.   To the extent Paragraph 1521 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1521.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VI-31 NORTH DAKOTA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1522.   Answering the allegations in Paragraph 1522, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1523.   The allegations in Paragraph 1523 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1523.

1524.   Answering the allegations in Paragraph 1524, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1524 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1524.

1525.  To the extent Paragraph 1525 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1525.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VI-32 OHIO:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1526.  Answering the allegations in Paragraph 1526, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1527.  The allegations in Paragraph 1527 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1527.

1528.  nswering the allegations in Paragraph 1528, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1528 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1528.

1529.  To the extent Paragraph 1529 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1529.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VI-33 OKLAHOMA:  STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1530.   Answering the allegations in Paragraph 1530, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1531.   The allegations in Paragraph 1531 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1531.

1532.   Answering the allegations in Paragraph 1532, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1532 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1532.

1533.  To the extent Paragraph 1533 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1533.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT VI-34 OREGON: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1534.   Answering the allegations in Paragraph 1534, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1535.   The allegations in Paragraph 1535 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1535.

1536.   Answering the allegations in Paragraph 1536, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1536 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1536.

1537.   To the extent Paragraph 1537 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1537.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT VI-35 PUERTO RICO: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1538.   Answering the allegations in Paragraph 1538, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1539.   The allegations in Paragraph 1539 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1539.

1540.  Answering the allegations in Paragraph 1540, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1540 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1540.

1541.  To the extent Paragraph 1541 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1541.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT VI-36 RHODE ISLAND:  STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1542.  Answering the allegations in Paragraph 1542, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1543.  The allegations in Paragraph 1543 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1543.

1544.  Answering the allegations in Paragraph 1544, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1544 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1544.

1545. To the extent Paragraph 1545 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1545.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VI-37 SOUTH CAROLINA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1546. Answering the allegations in Paragraph 1546, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1547. The allegations in Paragraph 1547 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1547.

1548. Answering the allegations in Paragraph 1548, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1548 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1548.

1549. To the extent Paragraph 1549 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1549.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VI-38 SOUTH DAKOTA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1550.   Answering the allegations in Paragraph 1550, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1551.   The allegations in Paragraph 1551 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1551.

1552.   Answering the allegations in Paragraph 1552, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1552 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1552.

1553.   To the extent Paragraph 1553 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1553.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VI-39 TENNESSEE: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1554.    Answering the allegations in Paragraph 1554, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1555.    The allegations in Paragraph 1555 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1555.

1556.    Answering the allegations in Paragraph 1556, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1556 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1556.

1557.    To the extent Paragraph 1557 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1557.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VI-40 TEXAS:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1558.    Answering the allegations in Paragraph 1558, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1559.    The allegations in Paragraph 1559 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1559.

1560. Answering the allegations in Paragraph 1560, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1560 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1560.

1561. To the extent Paragraph 1561 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1561.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VI-41 UTAH: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1562. Answering the allegations in Paragraph 1562, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1563. The allegations in Paragraph 1563 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1563.

1564. Answering the allegations in Paragraph 1564, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1564 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1564.

1565.  To the extent Paragraph 1565 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1565.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT VI-42 VERMONT:  STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1566.  Answering the allegations in Paragraph 1566, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1567.  The allegations in Paragraph 1567 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1567.

1568.  Answering the allegations in Paragraph 1568, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1568 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1568.

1569.  To the extent Paragraph 1569 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1569.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT VI-43 WASHINGTON: STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1570. Answering the allegations in Paragraph 1570, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1571. The allegations in Paragraph 1571 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1571.

1572. Answering the allegations in Paragraph 1572, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1572 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1572.

1573. To the extent Paragraph 1573 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1573.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VI-44 WEST VIRGINIA: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1574.   Answering the allegations in Paragraph 1574, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1575.   The allegations in Paragraph 1575 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 1575.

1576.   Answering the allegations in Paragraph 1576, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.   To the extent the remaining allegations in Paragraph 1576 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the remaining allegations in Paragraph 1576.

1577.   To the extent Paragraph 1577 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 1577.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT VI-45 WISCONSIN: STRICT PRODUCTS LIABILITY—DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1578.   Answering the allegations in Paragraph 1578, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1579.   The allegations in Paragraph 1579 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 1579.

1580.   Answering the allegations in Paragraph 1580, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.   To the extent the remaining allegations in Paragraph 1580 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the remaining allegations in Paragraph 1580.

1581.   To the extent Paragraph 1581 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 1581.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT VI-46 WYOMING:   STRICT PRODUCTS LIABILITY— DESIGN DEFECT DUE TO IMPROPER EXPIRATION DATES

1582.   Answering the allegations in Paragraph 1582, Sanofi incorporates by reference its responses to Paragraphs 1374-1401 as if fully set forth herein.

1583.   The allegations in Paragraph 1583 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 1583.

1584.  Answering the allegations in Paragraph 1584, Sanofi states that the Zantac labeling speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1584 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1584.

1585.  To the extent Paragraph 1585 alleges what Plaintiffs or their doctors would have done, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1585.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### COUNT VII: <u>NEGLIGENT FAILURE TO TEST</u>

1586.  Answering the allegations in Paragraph 1586, Sanofi incorporates by reference its responses to Paragraphs 18-37 and 146-183 as if fully set forth herein.

1587.  Answering the allegations in Paragraph 1587, Sanofi incorporates by reference its response to Paragraph 72 as if fully set forth herein.

1588.  Answering the allegations in Paragraph 1588, Sanofi incorporates by reference its responses to Paragraphs 121-141, 184-196, 204-207, 208-229, and 243-254 as if fully set forth herein.

1589.  Answering the allegations in Paragraph 1589, Sanofi denies that any conclusions can be drawn from the Valisure Citizen Petition because it used a method that is not recommended by FDA as an appropriate method for testing NDMA in ranitidine.  To the extent the remaining allegations in Paragraph 1589 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1589.

1590.  To the extent the allegations in Paragraph 1590 are based upon information and belief, the allegations are improper and therefore require no response.   To the extent a response is deemed necessary, Sanofi states that it relied on the manufacturers of the Zantac active pharmaceutical ingredient and finished drug product to conduct the degradation and purity testing required under federal law and contractual agreements.  Responding further, Sanofi denies that it had any reason to test ranitidine-containing products for NDMA before September 2019 or that it was under any legal obligation to conduct such tests in ranitidine-containing products manufactured by other parties.  To the extent the remaining allegations in Paragraph 1590 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1590.

1591.  Sanofi denies the allegations in Paragraph 1591.

1592.  Sanofi denies the allegations in Paragraph 1592.

1593.  To the extent the allegations in Paragraph 1593 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1593.

1594.  To the extent the allegations in Paragraph 1594 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1594.

1595.  Answering the allegations in Paragraph 1595, Sanofi states that any studies speak for themselves, and any attempt to characterize them is denied.  To the extent the remaining

allegations in Paragraph 1595 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1595.

1596. Answering the allegations in Paragraph 1596, Sanofi states that, on April 1, 2020, FDA announced it was requesting that manufacturers withdraw prescription and OTC ranitidine from the U.S. market. Sanofi otherwise denies the allegations in Paragraph 1596.

1597. Answering the allegations in Paragraph 1597, Sanofi denies that Sanofi manufactured Zantac and states that Uquifa manufactured the active pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States. To the extent the remaining allegations in Paragraph 1597 are directed to other Defendants or alleges Plaintiffs' claimed use of ranitidine-containing products, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1597.

1598. To the extent the allegations in Paragraph 1598 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1598.

1599. Answering the allegations in Paragraph 1599, Sanofi denies that it had any reason to test ranitidine-containing products for NDMA before September 2019, when it did so at the request of FDA, or that it was under any legal obligation to conduct such tests in ranitidine-containing products manufactured by other parties. To the extent the remaining allegations in Paragraph 1599 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1599.

1600.   To the extent the allegations in Paragraph 1600 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1600.

1601.   To the extent the allegations in Paragraph 1601 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1601.

1602.   To the extent the allegations in Paragraph 1602 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1602.

1603.   Answering the allegations in Paragraph 1603, Sanofi states that Sanofi marketed, distributed, and sold OTC Zantac in the United States from January 1, 2017 until it voluntarily withdrew Zantac from the market in October 2019 as a precautionary measure.  Sanofi further states that, for part of the time period in which Sanofi distributed OTC Zantac in the United States, Sanofi packaged the product at its Chattem facilities in Chattanooga, Tennessee.  Sanofi denies that Sanofi designed or manufactured Zantac and states that Uquifa manufactured the active pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States.  To the extent the remaining allegations in Paragraph 1603 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1603.

1604.   To the extent the allegations in Paragraph 1604 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1604.

1605.  To the extent the allegations in Paragraph 1605 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1605.

1606.  To the extent Paragraph 1606 alleges what Plaintiffs knew or did not know or Plaintiffs' claimed use of ranitidine-containing products, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1606.

1607.  To the extent Paragraph 1607 alleges that Plaintiffs suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 1607 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1607.

1608.  To the extent the allegations in Paragraph 1608 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1608.

## SUB-COUNT VII-1 KANSAS:  NEGLIGENT FAILURE TO TEST

1609.  Answering the allegations in Paragraph 1609, Sanofi incorporates by reference its responses to Paragraphs 1586-1608 as if fully set forth herein.

1610.  The allegations in Paragraph 1610 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1610.

1611.  The allegations in Paragraph 1611 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same.

1612.   To the extent the allegations in Paragraph 1612 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1612.

1613.   To the extent the allegations in Paragraph 1613 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1613.

1614.   To the extent Paragraph 1614 alleges that Plaintiff suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 1614 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1614.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT VII-2 TEXAS:  NEGLIGENT FAILURE TO TEST

1615.   Answering the allegations in Paragraph 1615, Sanofi incorporates by reference its responses to Paragraphs 1586-1608 as if fully set forth herein.

1616.   The allegations in Paragraph 1616 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1616.

1617.   The allegations in Paragraph 1617 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi denies the same

1618.   To the extent the allegations in Paragraph 1618 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1618.

1619.   To the extent the allegations in Paragraph 1619 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1619.

1620.   To the extent Paragraph 1620 alleges that Plaintiff suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 1620 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1620.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## COUNT VIII:   NEGLIGENT PRODUCT CONTAINERS

1621.   Answering the allegations in Paragraph 1621, Sanofi incorporates by reference its responses to Paragraphs 18-37 as if fully set forth herein.

1622.   Answering the allegations in Paragraph 1622, Sanofi incorporates by reference its response to Paragraph 72 as if fully set forth herein.

1623.   Answering the allegations in Paragraph 1623, Sanofi incorporates by reference its responses to Paragraphs 121-141, 184-196, 204-207, 208-229, and 243-254 as if fully set forth herein.

1624.   Answering the allegations in Paragraph 1624, Sanofi states that it relied on the manufacturers of the Zantac active pharmaceutical ingredient and finished drug product to conduct the degradation and purity testing required under federal law and contractual agreements.

Responding further, Sanofi denies that it had any reason to test ranitidine-containing products for NDMA before September 2019 or that it was under any legal obligation to conduct such tests in ranitidine-containing products manufactured by other parties.  To the extent the remaining allegations in Paragraph 1624 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1624.

1625.  Answering the allegations in Paragraph 1625, Sanofi states that facts relating to potential formation of NDMA in ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi otherwise denies the allegations in Paragraph 1625.

1626.  To the extent the allegations in Paragraph 1626 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1626.

1627.  To the extent Paragraph 1627 alleges what Plaintiffs consumed, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1627.

1628.  To the extent Paragraph 1628 alleges the periods for which consumers are likely to have stored ranitidine, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 1628 and therefore denies the same.  Responding further, Sanofi states that facts relating to potential formation of NDMA in ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi otherwise denies the allegations in Paragraph 1628.

1629.   Answering the allegations in Paragraph 1629, Sanofi states that facts relating to the potential formation of NDMA in ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi otherwise denies the allegations in Paragraph 1629.

1630.   Answering the allegations in Paragraph 1630, Sanofi states that any FDA guidance speaks for itself, and any attempt to characterize it is denied.  To the extent the remaining allegations in Paragraph 1630 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1630.

1631.   To the extent the allegations in Paragraph 1631 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1631.

1632.   To the extent Paragraph 1632 alleges that Plaintiffs suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 1632 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1632.

1633.   To the extent the allegations in Paragraph 1633 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1633.

1634.   To the extent Paragraph 1634 alleges that Plaintiffs suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 1634 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1634.

316

## SUB-COUNT VIII-1 ALABAMA:  NEGLIGENT PRODUCT CONTAINERS

1635.   Answering the allegations in Paragraph 1635, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1636.   The allegations in Paragraph 1636 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1636.

1637.   To the extent the allegations in Paragraph 1637 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1637.

1638.   To the extent Paragraph 1638 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1638 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1638.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT VIII-2 ALASKA:  NEGLIGENT PRODUCT CONTAINERS

1639.   Answering the allegations in Paragraph 1639, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1640.   The allegations in Paragraph 1640 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1640.

1641.  To the extent the allegations in Paragraph 1641 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1641.

1642.  To the extent Paragraph 1642 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1642 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1642.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT VIII-3 ARIZONA:  NEGLIGENT PRODUCT CONTAINERS

1643.  Answering the allegations in Paragraph 1643, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1644.  The allegations in Paragraph 1644 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1644.

1645.  To the extent the allegations in Paragraph 1645 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1645.

1646.  To the extent Paragraph 1646 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1646 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1646.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VIII-4 ARKANSAS: NEGLIGENT PRODUCT CONTAINERS

1647.   Answering the allegations in Paragraph 1647, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1648.   The allegations in Paragraph 1648 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1648.

1649.   To the extent the allegations in Paragraph 1649 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1649.

1650.   To the extent Paragraph 1650 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1650 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1650.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VIII-5 CALIFORNIA: NEGLIGENT PRODUCT CONTAINERS

1651.   Answering the allegations in Paragraph 1651, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1652.   The allegations in Paragraph 1652 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1652.

1653.   To the extent the allegations in Paragraph 1653 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1653.

1654.   To the extent Paragraph 1654 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1654 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1654.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VIII-6 COLORADO: NEGLIGENT PRODUCT CONTAINERS

1655.   Answering the allegations in Paragraph 1655, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1656.   The allegations in Paragraph 1656 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1656.

1657. To the extent the allegations in Paragraph 1657 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1657.

1658. To the extent Paragraph 1658 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1658 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1658.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VIII-7 CONNECTICUT: NEGLIGENT PRODUCT CONTAINERS

1659. Answering the allegations in Paragraph 1659, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1660. The allegations in Paragraph 1660 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1660.

1661. To the extent the allegations in Paragraph 1661 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1661.

1662. To the extent Paragraph 1662 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1662 are directed to other Defendants, Sanofi lacks knowledge

or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1662.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VIII-8 DELAWARE: NEGLIGENT PRODUCT CONTAINERS

1663.   Answering the allegations in Paragraph 1663, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1664.   The allegations in Paragraph 1664 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1664.

1665.   To the extent the allegations in Paragraph 1665 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1665.

1666.   To the extent Paragraph 1666 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1666 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1666.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VIII-9 DISTRICT OF COLUMBIA: NEGLIGENT PRODUCT CONTAINERS

1667.  Answering the allegations in Paragraph 1667, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1668.  The allegations in Paragraph 1668 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1668.

1669.  To the extent the allegations in Paragraph 1669 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1669.

1670.  To the extent Paragraph 1670 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1670 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1670.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VIII-10 FLORIDA: NEGLIGENT PRODUCT CONTAINERS

1671.  Answering the allegations in Paragraph 1671, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1672.  The allegations in Paragraph 1672 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1672.

1673.  To the extent the allegations in Paragraph 1673 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1673.

1674.  To the extent Paragraph 1674 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1674 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1674.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VIII-11 GEORGIA: NEGLIGENT PRODUCT CONTAINERS

1675.  Answering the allegations in Paragraph 1675, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1676.  The allegations in Paragraph 1676 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1676.

1677.  To the extent the allegations in Paragraph 1677 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1677.

1678.   To the extent Paragraph 1678 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1678 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1678.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VIII-12 HAWAII:  NEGLIGENT PRODUCT CONTAINERS

1679.   Answering the allegations in Paragraph 1679, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1680.   The allegations in Paragraph 1680 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1680.

1681.   To the extent the allegations in Paragraph 1681 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1681.

1682.   To the extent Paragraph 1682 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1682 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1682.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT VIII-13 IDAHO: NEGLIGENT PRODUCT CONTAINERS

1683. Answering the allegations in Paragraph 1683, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1684. The allegations in Paragraph 1684 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1684.

1685. To the extent the allegations in Paragraph 1685 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1685.

1686. To the extent Paragraph 1686 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1686 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1686.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT VIII-14 ILLINOIS: NEGLIGENT PRODUCT CONTAINERS

1687. Answering the allegations in Paragraph 1687, Sanofi incorporates by reference its responses to Paragraphs 162-1634 as if fully set forth herein.

1688. The allegations in Paragraph 1688 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1688.

1689.   To the extent the allegations in Paragraph 1689 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1689.

1690.   To the extent Paragraph 1690 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1690 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1690.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT VIII-15 INDIANA:  NEGLIGENT PRODUCT CONTAINERS

1691.   Answering the allegations in Paragraph 1691, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1692.   The allegations in Paragraph 1692 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1692.

1693.   To the extent the allegations in Paragraph 1693 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1693.

1694.   To the extent Paragraph 1694 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1694 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1694.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT VIII-16 IOWA:  NEGLIGENT PRODUCT CONTAINERS

1695. Answering the allegations in Paragraph 1695, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1696. The allegations in Paragraph 1696 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1696.

1697. To the extent the allegations in Paragraph 1697 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1697.

1698. To the extent Paragraph 1698 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1698 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1698.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT VIII-17 KANSAS:  NEGLIGENT PRODUCT CONTAINERS

1699. Answering the allegations in Paragraph 1699, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1700. The allegations in Paragraph 1700 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1700.

1701. To the extent the allegations in Paragraph 1701 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1701.

1702. To the extent Paragraph 1702 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1702 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1702.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VIII-18 KENTUCKY: NEGLIGENT PRODUCT CONTAINERS

1703. Answering the allegations in Paragraph 1703, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1704. The allegations in Paragraph 1704 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1704.

1705.   To the extent the allegations in Paragraph 1705 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1705.

1706.   To the extent Paragraph 1706 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1706 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1706.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT    VIII-19    LOUISIANA:    NEGLIGENT    PRODUCT CONTAINERS

1707.   Answering the allegations in Paragraph 1707, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1708.   The allegations in Paragraph 1708 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1708.

1709.   To the extent the allegations in Paragraph 1709 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1709.

1710.   To the extent Paragraph 1710 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1710 are directed to other Defendants, Sanofi lacks knowledge

or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1710.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VIII-20 MAINE: NEGLIGENT PRODUCT CONTAINERS

1711. Answering the allegations in Paragraph 1711, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1712. The allegations in Paragraph 1712 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1712.

1713. To the extent the allegations in Paragraph 1713 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1713.

1714. To the extent Paragraph 1714 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1714 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1714.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VIII-21 MARYLAND: NEGLIGENT PRODUCT CONTAINERS

1715. Answering the allegations in Paragraph 1715, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1716. The allegations in Paragraph 1716 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1716.

1717. To the extent the allegations in Paragraph 1717 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1717.

1718. To the extent Paragraph 1718 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1718 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1718.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VIII-22 MASSACHUSETTS: NEGLIGENT PRODUCT CONTAINERS

1719. Answering the allegations in Paragraph 1719, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1720. The allegations in Paragraph 1720 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1720.

1721. To the extent the allegations in Paragraph 1721 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1721.

1722. To the extent Paragraph 1722 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1722 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1722.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VIII-23 MICHIGAN: NEGLIGENT PRODUCT CONTAINERS

1723. Answering the allegations in Paragraph 1723, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1724. The allegations in Paragraph 1724 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1724.

1725. To the extent the allegations in Paragraph 1725 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1725.

1726.   To the extent Paragraph 1726 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1726 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1726.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VIII-24 MINNESOTA: NEGLIGENT PRODUCT CONTAINERS

1727.   Answering the allegations in Paragraph 1727, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1728.   The allegations in Paragraph 1728 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1728.

1729.   To the extent the allegations in Paragraph 1729 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1729.

1730.   To the extent Paragraph 1730 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1730 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1730.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VIII-25 MISSISSIPPI: NEGLIGENT PRODUCT CONTAINERS

1731.  Answering the allegations in Paragraph 1731, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1732.  The allegations in Paragraph 1732 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1732.

1733.  To the extent the allegations in Paragraph 1733 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1733.

1734.  To the extent Paragraph 1734 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1734 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1734.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VIII-26 MISSOURI: NEGLIGENT PRODUCT CONTAINERS

1735.  Answering the allegations in Paragraph 1735, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1736. The allegations in Paragraph 1736 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1736.

1737. To the extent the allegations in Paragraph 1737 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1737.

1738. To the extent Paragraph 1738 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1738 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1738.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VIII-27 MONTANA: NEGLIGENT PRODUCT CONTAINERS

1739. Answering the allegations in Paragraph 1739, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1740. The allegations in Paragraph 1740 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1740.

1741.  To the extent the allegations in Paragraph 1741 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1741.

1742.  To the extent Paragraph 1742 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1742 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1742.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VIII-28 NEBRASKA: NEGLIGENT PRODUCT CONTAINERS

1743.  Answering the allegations in Paragraph 1743, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1744.  The allegations in Paragraph 1744 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1744.

1745.  To the extent the allegations in Paragraph 1745 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1745.

1746.  To the extent Paragraph 1746 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1746 are directed to other Defendants, Sanofi lacks knowledge

or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1746.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT VIII-29 NEVADA: NEGLIGENT PRODUCT CONTAINERS

1747. Answering the allegations in Paragraph 1747, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1748. The allegations in Paragraph 1748 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1748.

1749. To the extent the allegations in Paragraph 1749 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1749.

1750. To the extent Paragraph 1750 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1750 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1750.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VIII-30 NEW HAMPSHIRE: NEGLIGENT PRODUCT CONTAINERS

1751. Answering the allegations in Paragraph 1751, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1752. The allegations in Paragraph 1752 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1752.

1753. To the extent the allegations in Paragraph 1753 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1753.

1754. To the extent Paragraph 1754 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1754 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1754.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VIII-31 NEW JERSEY: NEGLIGENT PRODUCT CONTAINERS

1755. Answering the allegations in Paragraph 1755, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1756. The allegations in Paragraph 1756 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1756.

1757.   To the extent the allegations in Paragraph 1757 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1757.

1758.   To the extent Paragraph 1758 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1758 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1758.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT VIII-32 NEW MEXICO:  NEGLIGENT PRODUCT CONTAINERS

1759.   Answering the allegations in Paragraph 1759, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1760.   The allegations in Paragraph 1760 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1760.

1761.   To the extent the allegations in Paragraph 1761 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1761.

1762. To the extent Paragraph 1762 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1762 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1762.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VIII-33 NEW YORK: NEGLIGENT PRODUCT CONTAINERS

1763. Answering the allegations in Paragraph 1763, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1764. The allegations in Paragraph 1764 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1764.

1765. To the extent the allegations in Paragraph 1765 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1765.

1766. To the extent Paragraph 1766 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1766 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1766.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VIII-34 NORTH CAROLINA: NEGLIGENT PRODUCT CONTAINERS

1767. Answering the allegations in Paragraph 1767, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1768. The allegations in Paragraph 1768 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1768.

1769. To the extent the allegations in Paragraph 1769 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1769.

1770. To the extent Paragraph 1770 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1770 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1770.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VIII-35 NORTH DAKOTA: NEGLIGENT PRODUCT CONTAINERS

1771. Answering the allegations in Paragraph 1771, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1772. The allegations in Paragraph 1772 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1772.

1773. To the extent the allegations in Paragraph 1773 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1773.

1774. To the extent Paragraph 1774 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1774 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1774.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT VIII-36 OHIO: NEGLIGENT PRODUCT CONTAINERS

1775. Answering the allegations in Paragraph 1775, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1776. The allegations in Paragraph 1776 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1776.

1777. To the extent the allegations in Paragraph 1777 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1777.

1778.   To the extent Paragraph 1778 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1778 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1778.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VIII-37 OKLAHOMA: NEGLIGENT PRODUCT CONTAINERS

1779.   Answering the allegations in Paragraph 1779, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1780.   The allegations in Paragraph 1780 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1780.

1781.   To the extent the allegations in Paragraph 1781 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1781.

1782.   To the extent Paragraph 1782 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1782 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1782.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VIII-38 OREGON: NEGLIGENT PRODUCT CONTAINERS

1783. Answering the allegations in Paragraph 1783, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1784. The allegations in Paragraph 1784 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1784.

1785. To the extent the allegations in Paragraph 1785 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1785.

1786. To the extent Paragraph 1786 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1786 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1786.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VIII-39 PENNSYLVANIA: NEGLIGENT PRODUCT CONTAINERS

1787. Answering the allegations in Paragraph 1787, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1788.   The allegations in Paragraph 1788 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 1788.

1789.   To the extent the allegations in Paragraph 1789 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 1789.

1790.   To the extent Paragraph 1790 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1790 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 1790.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT VIII-40 PUERTO RICO:   NEGLIGENT PRODUCT CONTAINERS

1791.   Answering the allegations in Paragraph 1791, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1792.   The allegations in Paragraph 1792 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 1792.

1793.  To the extent the allegations in Paragraph 1793 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1793.

1794.  To the extent Paragraph 1794 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1794 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1794.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VIII-41 RHODE ISLAND:  NEGLIGENT PRODUCT CONTAINERS

1795.  Answering the allegations in Paragraph 1795, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1796.  The allegations in Paragraph 1796 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1796.

1797.  To the extent the allegations in Paragraph 1797 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1797.

1798.  To the extent Paragraph 1798 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1798 are directed to other Defendants, Sanofi lacks knowledge

or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1798.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VIII-42 SOUTH CAROLINA: NEGLIGENT PRODUCT CONTAINERS

1799. Answering the allegations in Paragraph 1799, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1800. The allegations in Paragraph 1800 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1800.

1801. To the extent the allegations in Paragraph 1801 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1801.

1802. To the extent Paragraph 1802 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1802 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1802.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VIII-43 SOUTH DAKOTA: NEGLIGENT PRODUCT CONTAINERS

1803.   Answering the allegations in Paragraph 1803, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1804.   The allegations in Paragraph 1804 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 1804.

1805.   To the extent the allegations in Paragraph 1805 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 1805.

1806.   To the extent Paragraph 1806 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1806 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 1806.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT VIII-44 TENNESSEE: NEGLIGENT PRODUCT CONTAINERS

1807.   Answering the allegations in Paragraph 1807, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1808.   The allegations in Paragraph 1808 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1808.

1809.  To the extent the allegations in Paragraph 1809 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1809.

1810.  To the extent Paragraph 1810 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1810 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1810.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VIII-45 TEXAS:  NEGLIGENT PRODUCT CONTAINERS

1811.  Answering the allegations in Paragraph 1811, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1812.  The allegations in Paragraph 1812 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1812.

1813.  To the extent the allegations in Paragraph 1813 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1813.

1814.  To the extent Paragraph 1814 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1814 are directed to other Defendants, Sanofi lacks knowledge

or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1814.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VIII-46 UTAH: NEGLIGENT PRODUCT CONTAINERS

1815. Answering the allegations in Paragraph 1815, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1816. The allegations in Paragraph 1816 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1816.

1817. To the extent the allegations in Paragraph 1817 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1817.

1818. To the extent Paragraph 1818 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1818 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1818.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VIII-47 VERMONT: NEGLIGENT PRODUCT CONTAINERS

1819.  Answering the allegations in Paragraph 1819, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1820.  The allegations in Paragraph 1820 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1820.

1821.  To the extent the allegations in Paragraph 1821 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1821.

1822.  To the extent Paragraph 1822 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1822 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1822.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VIII-48 VIRGINIA: NEGLIGENT PRODUCT CONTAINERS

1823.  Answering the allegations in Paragraph 1823, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1824.  The allegations in Paragraph 1824 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1824.

1825. To the extent the allegations in Paragraph 1825 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1825.

1826. To the extent Paragraph 1826 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1826 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1826.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT VIII-49 WASHINGTON: NEGLIGENT PRODUCT CONTAINERS

1827. Answering the allegations in Paragraph 1827, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1828. The allegations in Paragraph 1828 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1828.

1829. To the extent the allegations in Paragraph 1829 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1829.

1830.   To the extent Paragraph 1830 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1830 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1830.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT VIII-50 WEST VIRGINIA:   NEGLIGENT PRODUCT CONTAINERS

1831.   Answering the allegations in Paragraph 1831, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1832.   The allegations in Paragraph 1832 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1832.

1833.   To the extent the allegations in Paragraph 1833 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1833.

1834.   To the extent Paragraph 1834 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1834 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1834.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VIII-51 WISCONSIN: NEGLIGENT PRODUCT CONTAINERS

1835.   Answering the allegations in Paragraph 1835, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1836.   The allegations in Paragraph 1836 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1836.

1837.   To the extent the allegations in Paragraph 1837 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1837.

1838.   To the extent Paragraph 1838 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1838 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1838.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT VIII-52 WYOMING: NEGLIGENT PRODUCT CONTAINERS

1839.   Answering the allegations in Paragraph 1839, Sanofi incorporates by reference its responses to Paragraphs 1621-1634 as if fully set forth herein.

1840.   The allegations in Paragraph 1840 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 1840.

1841.   To the extent the allegations in Paragraph 1841 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 1841.

1842.   To the extent Paragraph 1842 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1842 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 1842.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

## COUNT IX:   NEGLIGENT STORAGE AND TRANSPORTATION

1843.   Answering the allegations in Paragraph 1843, Sanofi incorporates by reference its responses to Paragraphs 18-37 as if fully set forth herein.

1844.   Answering the allegations in Paragraph 1844, Sanofi incorporates by reference its response to Paragraph 72 as if fully set forth herein.

1845.   Answering the allegations in Paragraph 1845, Sanofi incorporates by reference its responses to Paragraphs 121-141, 184-196, 204-207, 208-229, and 243-254 as if fully set forth herein.

1846.   Answering the allegations in Paragraph 1846, Sanofi states that facts relating to the potential formation of NDMA in ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  Sanofi otherwise denies the allegations in Paragraph 1846.

1847.   Answering the allegations in Paragraph 1847, Sanofi states that the proper shipping, storage, and temperature control conditions for pharmaceutical products are governed by federal laws, regulations, FDA approvals, product labeling, and applicable contractual agreements, all of which speak for themselves, and any attempt to characterize them is denied.  To the extent the remaining allegations in Paragraph 1847 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1847.

1848.   Answering the allegations in Paragraph 1848, Sanofi states that the Zantac labeling sets forth the temperature and humidity specifications for US OTC Zantac and that those temperature and humidity specifications are approved by FDA based on stability testing required under federal regulations.  Sanofi otherwise denies the allegations in Paragraph 1848.

1849.   Answering the allegations in Paragraph 1849, Sanofi states that facts relating to the potential formation of NDMA in ranitidine will be addressed through appropriate scientific, medical, or expert testimony.  To the extent the remaining allegations in Paragraph 1849 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 1849.

1850. Answering the allegations in Paragraph 1850, Sanofi denies that Sanofi manufactured Zantac and states that Uquifa manufactured the active pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi

sold in the United States. Responding further, the allegations in Paragraph 1850 are not directed at Sanofi and therefore require no response from Sanofi. To the extent a response is deemed necessary, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 1850 and therefore denies the same.

1851. Answering the allegations in Paragraph 1851, Sanofi states that any testing of Zantac speaks for itself, and any attempt to characterize it is denied. Sanofi otherwise denies the allegations in Paragraph 1851.

1852. To the extent Paragraph 1852 alleges what Sanofi has stated in documents or discovery in this litigation, those documents and discovery speak for themselves, and any attempt to characterize them is denied. To the extent the allegations in Paragraph 1852 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1852.

1853. Answering the allegations in Paragraph 1853, Sanofi states that the FDA-approved Zantac labeling speaks for itself and any attempt to characterize it is denied. Sanofi otherwise denies the allegations in Paragraph 1853.

1854. Answering the allegations in Paragraph 1854, Sanofi states that BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States and were responsible for transportation of finished drug product to Sanofi. Responding further, Sanofi states that it packaged some finished drug product at its Chattem facility in Chattanooga, Tennessee. To the extent the remaining allegations in Paragraph 1854 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations

and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1854.

1855. Answering the allegations in Paragraph 1855, Sanofi states that it did not purchase API and did not have agreements with API manufacturers for US OTC Zantac. Sanofi further states that the FDA-approved Zantac labeling speaks for itself, and any attempt to characterize it is denied. To the extent the remaining allegations in Paragraph 1855 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1855.

1856. To the extent the allegations in Paragraph 1856 are based upon information and belief, the allegations are improper and therefore require no response. To the extent a response is deemed necessary, and to the extent the allegations in Paragraph 1856 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1856.

1857. Answering the allegations in Paragraph 1857, Sanofi states that any documents produced in this litigation speak for themselves, and any attempt to characterize them is denied. To the extent the remaining allegations in Paragraph 1857 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1857.

1858. Answering the allegations in Paragraph 1858, Sanofi states that any documents produced in this litigation speak for themselves, and any attempt to characterize them is denied. To the extent the remaining allegations in Paragraph 1858 are directed to other Defendants, Sanofi

lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1858.

1859. To the extent the allegations in Paragraph 1859 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1859.

1860. To the extent the allegations in Paragraph 1860 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1860.

1861. Answering the allegations in Paragraph 1861, Sanofi states that any documents produced in this litigation speak for themselves, and any attempt to characterize them is denied. To the extent the remaining allegations in Paragraph 1861 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the remaining allegations in Paragraph 1861.

1862. To the extent Paragraph 1862 alleges Plaintiffs' claimed use of ranitidine-containing products, and to the extent the allegations in Paragraph 1862 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1862.

1863. The allegations in Paragraph 1863 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1863.

1864.   To the extent the allegations in Paragraph 1864 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1864.

1865.   To the extent the allegations in Paragraph 1865 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1865.

1866.   To the extent the allegations in Paragraph 1866 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1866.

1867.   To the extent Paragraph 1867 alleges what Plaintiffs knew or did not know, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1867.

1868.   To the extent Paragraph 1868 alleges that Plaintiffs suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 1868 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1868.

1869.   To the extent Paragraph 1869 alleges that Plaintiffs suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 1869 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1869.

### SUB-COUNT IX-1 ALABAMA:   NEGLIGENT STORAGE AND TRANSPORTATION

1870.   Answering the allegations in Paragraph 1870, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1871.   The allegations in Paragraph 1871 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 1871.

1872.   To the extent the allegations in Paragraph 1872 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 1872.

1873.   To the extent Paragraph 1873 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1873 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 1873.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT IX-2 ALASKA: NEGLIGENT STORAGE AND TRANSPORTATION

1874.   Answering the allegations in Paragraph 1874, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1875.   The allegations in Paragraph 1875 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 1875.

1876.   To the extent the allegations in Paragraph 1876 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1876.

1877.   To the extent Paragraph 1877 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1877 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1877.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT IX-3 ARIZONA:     NEGLIGENT STORAGE AND TRANSPORTATION

1878.   Answering the allegations in Paragraph 1878, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1879.   The allegations in Paragraph 1879 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1879.

1880.   To the extent the allegations in Paragraph 1880 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1880.

1881.   To the extent Paragraph 1881 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1881 are directed to other Defendants, Sanofi lacks knowledge

or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1881.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-4 ARKANSAS: NEGLIGENT STORAGE AND TRANSPORTATION

1882. Answering the allegations in Paragraph 1882, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1883. The allegations in Paragraph 1883 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1883.

1884. To the extent the allegations in Paragraph 1884 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1884.

1885. To the extent Paragraph 1885 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1885 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1885.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-5 CALIFORNIA: NEGLIGENT STORAGE AND TRANSPORTATION

1886. Answering the allegations in Paragraph 1886, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1887. The allegations in Paragraph 1887 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1887.

1888. To the extent the allegations in Paragraph 1888 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1888.

1889. To the extent Paragraph 1889 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1889 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1889.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-6 COLORADO: NEGLIGENT STORAGE AND TRANSPORTATION

1890. Answering the allegations in Paragraph 1890, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1891. The allegations in Paragraph 1891 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1891.

1892. To the extent the allegations in Paragraph 1892 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1892.

1893. To the extent Paragraph 1893 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1893 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1893.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-7 CONNECTICUT: NEGLIGENT STORAGE AND TRANSPORTATION

1894. Answering the allegations in Paragraph 1894, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1895. The allegations in Paragraph 1895 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1895.

1896. To the extent the allegations in Paragraph 1896 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1896.

1897.  To the extent Paragraph 1897 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1897 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1897.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-8 DELAWARE: NEGLIGENT STORAGE AND TRANSPORTATION

1898.  Answering the allegations in Paragraph 1898, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1899.  The allegations in Paragraph 1899 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1899.

1900.  To the extent the allegations in Paragraph 1900 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1900.

1901.  To the extent Paragraph 1901 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1901 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1901.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-9 DISTRICT OF COLUMBIA:  NEGLIGENT STORAGE AND TRANSPORTATION

1902.   Answering the allegations in Paragraph 1902, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1903.   The allegations in Paragraph 1903 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1903.

1904.   To the extent the allegations in Paragraph 1904 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1904.

1905.   To the extent Paragraph 1905 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1905 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1905.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-10 FLORIDA:  NEGLIGENT STORAGE AND TRANSPORTATION

1906.   Answering the allegations in Paragraph 1906, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1907.   The allegations in Paragraph 1907 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1907.

1908.   To the extent the allegations in Paragraph 1908 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1908.

1909.   To the extent Paragraph 1909 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1909 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1909.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT IX-11 GEORGIA:   NEGLIGENT STORAGE AND TRANSPORTATION

1910.   Answering the allegations in Paragraph 1910, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1911.   The allegations in Paragraph 1911 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1911.

1912.   To the extent the allegations in Paragraph 1912 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1912.

1913.   To the extent Paragraph 1913 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1913 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1913.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-12 HAWAII: NEGLIGENT STORAGE AND TRANSPORTATION

1914.   Answering the allegations in Paragraph 1914, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1915.   The allegations in Paragraph 1915 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1915.

1916.   To the extent the allegations in Paragraph 1916 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1916.

1917.   To the extent Paragraph 1917 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1917 are directed to other Defendants, Sanofi lacks knowledge

or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1917.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-13 IDAHO: NEGLIGENT STORAGE AND TRANSPORTATION

1918. Answering the allegations in Paragraph 1918, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1919. The allegations in Paragraph 1919 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1919.

1920. To the extent the allegations in Paragraph 1920 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1920.

1921. To the extent Paragraph 1921 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1921 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1921.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-14 ILLINOIS: NEGLIGENT STORAGE AND TRANSPORTATION

1922. Answering the allegations in Paragraph 1922, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1923. The allegations in Paragraph 1923 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1923.

1924. To the extent the allegations in Paragraph 1924 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1924.

1925. To the extent Paragraph 1925 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1925 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1925.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-15 INDIANA: NEGLIGENT STORAGE AND TRANSPORTATION

1926. Answering the allegations in Paragraph 1926, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1927. The allegations in Paragraph 1927 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1927.

1928.  To the extent the allegations in Paragraph 1928 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1928.

1929.  To the extent Paragraph 1929 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1929 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1929.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-16 IOWA: NEGLIGENT STORAGE AND TRANSPORTATION

1930.  Answering the allegations in Paragraph 1930, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1931.  The allegations in Paragraph 1931 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1931.

1932.  To the extent the allegations in Paragraph 1932 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1932.

1933.  To the extent Paragraph 1933 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1933 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1933.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-17 KANSAS: NEGLIGENT STORAGE AND TRANSPORTATION

1934.  Answering the allegations in Paragraph 1934, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1935.  The allegations in Paragraph 1935 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1935.

1936.  To the extent the allegations in Paragraph 1936 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1936.

1937.  To the extent Paragraph 1937 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1937 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1937.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-18 KENTUCKY: NEGLIGENT STORAGE AND TRANSPORTATION

1938.  Answering the allegations in Paragraph 1938, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1939.  The allegations in Paragraph 1939 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1939.

1940.  To the extent the allegations in Paragraph 1940 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1940.

1941.  To the extent Paragraph 1941 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1941 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1941.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-19 LOUISIANA: NEGLIGENT STORAGE AND TRANSPORTATION

1942.  Answering the allegations in Paragraph 1942, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1943.   The allegations in Paragraph 1943 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1943.

1944.   To the extent the allegations in Paragraph 1944 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1944.

1945.   To the extent Paragraph 1945 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1945 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1945.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-20 MAINE:  NEGLIGENT STORAGE AND TRANSPORTATION

1946.   Answering the allegations in Paragraph 1946, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1947.   The allegations in Paragraph 1947 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1947.

1948.   To the extent the allegations in Paragraph 1948 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1948.

1949.   To the extent Paragraph 1949 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1949 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1949.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT IX-21 MARYLAND: NEGLIGENT STORAGE AND TRANSPORTATION

1950.   Answering the allegations in Paragraph 1950, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1951.   The allegations in Paragraph 1951 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1951.

1952.   To the extent the allegations in Paragraph 1952 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1952.

1953.   To the extent Paragraph 1953 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1953 are directed to other Defendants, Sanofi lacks knowledge

or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1953.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-22 MASSACHUSETTS: NEGLIGENT STORAGE AND TRANSPORTATION

1954. Answering the allegations in Paragraph 1954, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1955. The allegations in Paragraph 1955 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1955.

1956. To the extent the allegations in Paragraph 1956 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1956.

1957. To the extent Paragraph 1957 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1957 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1957.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT IX-23 MICHIGAN: NEGLIGENT STORAGE AND TRANSPORTATION

1958.  Answering the allegations in Paragraph 1958, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1959.  The allegations in Paragraph 1959 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1959.

1960.  To the extent the allegations in Paragraph 1960 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1960.

1961.  To the extent Paragraph 1961 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1961 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1961.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT IX-24 MINNESOTA: NEGLIGENT STORAGE AND TRANSPORTATION

1962.  Answering the allegations in Paragraph 1962, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1963.  The allegations in Paragraph 1963 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1963.

1964. To the extent the allegations in Paragraph 1964 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1964.

1965. To the extent Paragraph 1965 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1965 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1965.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-25 MISSISSIPPI: NEGLIGENT STORAGE AND TRANSPORTATION

1966. Answering the allegations in Paragraph 1966, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1967. The allegations in Paragraph 1967 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1967.

1968. To the extent the allegations in Paragraph 1968 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1968.

1969.   To the extent Paragraph 1969 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1969 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1969.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-26 MISSOURI:   NEGLIGENT STORAGE AND TRANSPORTATION

1970.   Answering the allegations in Paragraph 1970, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1971.   The allegations in Paragraph 1971 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 1971.

1972.   To the extent the allegations in Paragraph 1972 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1972.

1973.   To the extent Paragraph 1973 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1973 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 1973.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-27 MONTANA: NEGLIGENT STORAGE AND TRANSPORTATION

1974. Answering the allegations in Paragraph 1974, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1975. The allegations in Paragraph 1975 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1975.

1976. To the extent the allegations in Paragraph 1976 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1976.

1977. To the extent Paragraph 1977 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1977 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1977.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-28 NEBRASKA: NEGLIGENT STORAGE AND TRANSPORTATION

1978. Answering the allegations in Paragraph 1978, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1979.   The allegations in Paragraph 1979 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 1979.

1980.   To the extent the allegations in Paragraph 1980 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 1980.

1981.   To the extent Paragraph 1981 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1981 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 1981.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT IX-29 NEVADA: NEGLIGENT STORAGE AND TRANSPORTATION

1982.   Answering the allegations in Paragraph 1982, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1983.   The allegations in Paragraph 1983 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 1983.

1984. To the extent the allegations in Paragraph 1984 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1984.

1985. To the extent Paragraph 1985 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1985 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1985.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-30 NEW HAMPSHIRE: NEGLIGENT STORAGE AND TRANSPORTATION

1986. Answering the allegations in Paragraph 1986, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1987. The allegations in Paragraph 1987 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1987.

1988. To the extent the allegations in Paragraph 1988 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1988.

1989. To the extent Paragraph 1989 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1989 are directed to other Defendants, Sanofi lacks knowledge

or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1989.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-31 NEW JERSEY: NEGLIGENT STORAGE AND TRANSPORTATION

1990. Answering the allegations in Paragraph 1990, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1991. The allegations in Paragraph 1991 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1991.

1992. To the extent the allegations in Paragraph 1992 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1992.

1993. To the extent Paragraph 1993 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1993 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 1993.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-32 NEW MEXICO:   NEGLIGENT STORAGE AND TRANSPORTATION

1994.   Answering the allegations in Paragraph 1994, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1995.   The allegations in Paragraph 1995 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 1995.

1996.   To the extent the allegations in Paragraph 1996 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 1996.

1997.   To the extent Paragraph 1997 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 1997 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 1997.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT IX-33 NEW YORK:   NEGLIGENT STORAGE AND TRANSPORTATION

1998.   Answering the allegations in Paragraph 1998, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

1999.   The allegations in Paragraph 1999 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 1999.

2000. To the extent the allegations in Paragraph 2000 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2000.

2001. To the extent Paragraph 2001 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2001 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2001.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT IX-34 NORTH CAROLINA: NEGLIGENT STORAGE AND TRANSPORTATION

2002. Answering the allegations in Paragraph 2002, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

2003. The allegations in Paragraph 2003 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2003.

2004. To the extent the allegations in Paragraph 2004 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2004.

2005.   To the extent Paragraph 2005 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2005 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2005.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-35 NORTH DAKOTA:  NEGLIGENT STORAGE AND TRANSPORTATION

2006.   Answering the allegations in Paragraph 2006, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

2007.   The allegations in Paragraph 2007 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2007.

2008.   To the extent the allegations in Paragraph 2008 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2008.

2009.   To the extent Paragraph 2009 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2009 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2009.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-36 OHIO: NEGLIGENT STORAGE AND TRANSPORTATION

2010.  Answering the allegations in Paragraph 2010, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

2011.  The allegations in Paragraph 2011 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2011.

2012.  To the extent the allegations in Paragraph 2012 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2012.

2013.  To the extent Paragraph 2013 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2013 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2013.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-37 OKLAHOMA: NEGLIGENT STORAGE AND TRANSPORTATION

2014.  Answering the allegations in Paragraph 2014, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

2015.  The allegations in Paragraph 2015 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2015.

2016.  To the extent the allegations in Paragraph 2016 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2016.

2017.  To the extent Paragraph 2017 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2017 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2017.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-38 OREGON: NEGLIGENT STORAGE AND TRANSPORTATION

2018.  Answering the allegations in Paragraph 2018, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

2019.  The allegations in Paragraph 2019 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2019.

2020. To the extent the allegations in Paragraph 2020 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2020.

2021. To the extent Paragraph 2021 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2021 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2021.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-39 PENNSYLVANIA: NEGLIGENT STORAGE AND TRANSPORTATION

2022. Answering the allegations in Paragraph 2022, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

2023. The allegations in Paragraph 2023 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2023.

2024. To the extent the allegations in Paragraph 2024 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2024.

2025. To the extent Paragraph 2025 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2025 are directed to other Defendants, Sanofi lacks knowledge

or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2025.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-40 PUERTO RICO: NEGLIGENT STORAGE AND TRANSPORTATION

2026. Answering the allegations in Paragraph 2026, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

2027. The allegations in Paragraph 2027 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2027.

2028. To the extent the allegations in Paragraph 2028 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2028.

2029. To the extent Paragraph 2029 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2029 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2029.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-41 RHODE ISLAND:  NEGLIGENT STORAGE AND TRANSPORTATION

2030.   Answering the allegations in Paragraph 2030, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

2031.   The allegations in Paragraph 2031 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2031.

2032.   To the extent the allegations in Paragraph 2032 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2032.

2033.   To the extent Paragraph 2033 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2033 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2033.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-42 SOUTH CAROLINA:  NEGLIGENT STORAGE AND TRANSPORTATION

2034.   Answering the allegations in Paragraph 2034, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

2035.   The allegations in Paragraph 2035 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2035.

2036.   To the extent the allegations in Paragraph 2036 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2036.

2037.   To the extent Paragraph 2037 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2037 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2037.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-43 SOUTH DAKOTA:   NEGLIGENT STORAGE AND TRANSPORTATION

2038.   Answering the allegations in Paragraph 2038, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

2039.   The allegations in Paragraph 2039 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2039.

2040.   To the extent the allegations in Paragraph 2040 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2040.

2041.   To the extent Paragraph 2041 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2041 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2041.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-44 TENNESSEE:   NEGLIGENT STORAGE AND TRANSPORTATION

2042.   Answering the allegations in Paragraph 2042, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

2043.   The allegations in Paragraph 2043 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2043.

2044.   To the extent the allegations in Paragraph 2044 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2044.

2045.   To the extent Paragraph 2045 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2045 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2045.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-45 TEXAS: NEGLIGENT STORAGE AND TRANSPORTATION

2046. Answering the allegations in Paragraph 2046, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

2047. The allegations in Paragraph 2047 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2047.

2048. To the extent the allegations in Paragraph 2048 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2048.

2049. To the extent Paragraph 2049 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2049 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2049.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-46 UTAH: NEGLIGENT STORAGE AND TRANSPORTATION

2050. Answering the allegations in Paragraph 2050, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

2051.   The allegations in Paragraph 2051 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2051.

2052.   To the extent the allegations in Paragraph 2052 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2052.

2053.   To the extent Paragraph 2053 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2053 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2053.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-47 VERMONT:    NEGLIGENT STORAGE AND TRANSPORTATION

2054.   Answering the allegations in Paragraph 2054, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

2055.   The allegations in Paragraph 2055 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2055.

2056. To the extent the allegations in Paragraph 2056 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2056.

2057. To the extent Paragraph 2057 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2057 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2057.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT IX-48 VIRGINIA: NEGLIGENT STORAGE AND TRANSPORTATION

2058. Answering the allegations in Paragraph 2058, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

2059. The allegations in Paragraph 2059 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2059.

2060. To the extent the allegations in Paragraph 2060 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2060.

2061. To the extent Paragraph 2061 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2061 are directed to other Defendants, Sanofi lacks knowledge

or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2061.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-49 WASHINGTON:   NEGLIGENT STORAGE AND TRANSPORTATION

2062.   Answering the allegations in Paragraph 2062, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

2063.   The allegations in Paragraph 2063 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2063.

2064.   To the extent the allegations in Paragraph 2064 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2064.

2065.   To the extent Paragraph 2065 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2065 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2065.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT IX-50 WEST VIRGINIA: NEGLIGENT STORAGE AND TRANSPORTATION

2066. Answering the allegations in Paragraph 2066, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

2067. The allegations in Paragraph 2067 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2067.

2068. To the extent the allegations in Paragraph 2068 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2068.

2069. To the extent Paragraph 2069 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2069 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2069.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT IX-51 WISCONSIN: NEGLIGENT STORAGE AND TRANSPORTATION

2070. Answering the allegations in Paragraph 2070, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

2071. The allegations in Paragraph 2071 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are

governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2071.

2072.   To the extent the allegations in Paragraph 2072 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2072.

2073.   To the extent Paragraph 2073 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2073 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2073.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT IX-52 WYOMING:   NEGLIGENT STORAGE AND TRANSPORTATION

2074.   Answering the allegations in Paragraph 2074, Sanofi incorporates by reference its responses to Paragraphs 1843-1869 as if fully set forth herein.

2075.   The allegations in Paragraph 2075 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2075.

2076.   To the extent the allegations in Paragraph 2076 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2076.

2077.   To the extent Paragraph 2077 alleges that Plaintiffs suffered any injuries, and to the extent the allegations in Paragraph 2077 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2077.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### COUNT X:   UNJUST ENRICHMENT

2078.   Answering the allegations in Paragraph 2078, Sanofi incorporates by reference its responses to Paragraphs 1-263 as if fully set forth herein.

2079.   Answering the allegations in Paragraph 2079, Sanofi states that Sanofi marketed, distributed, and sold OTC Zantac in the United States from January 1, 2017 until it voluntarily withdrew Zantac from the market in October 2019 as a precautionary measure.  Sanofi further states that, for part of the time period in which Sanofi distributed OTC Zantac in the United States, Sanofi packaged the product at its Chattem facilities in Chattanooga, Tennessee.  Sanofi denies that Sanofi designed or manufactured Zantac and states that Uquifa manufactured the active pharmaceutical ingredient and BI Promeco and Patheon manufactured the finished drug product for all Zantac that Sanofi sold in the United States.  Sanofi further states that its legal duties are governed by applicable laws and regulations.  To the extent the remaining allegations in Paragraph 2079 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 2079.

2080.   To the extent the allegations in Paragraph 2080 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2080.

2081.   To the extent the allegations in Paragraph 2081 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2081.

2082.   To the extent the allegations in Paragraph 2082 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2082.

2083.   To the extent the allegations in Paragraph 2083 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2083.

2084.   To the extent the allegations in Paragraph 2084 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2084.

2085.   To the extent Paragraph 2085 alleges on what Plaintiffs relied or what Plaintiffs knew or did not know, and to the extent the allegations in Paragraph 2085 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2085.

2086.   To the extent the allegations in Paragraph 2086 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2086.

## SUB-COUNT X-1 ALABAMA: UNJUST ENRICHMENT

2087. Answering the allegations in Paragraph 2087, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2088. The allegations in Paragraph 2088 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2088.

2089. To the extent Paragraph 2089 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2089 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2089.

2090. To the extent the allegations in Paragraph 2090 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2090.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT X-2 ALASKA: UNJUST ENRICHMENT

2091. Answering the allegations in Paragraph 2091, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2092. The allegations in Paragraph 2092 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2092.

2093.  To the extent Paragraph 2093 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2093 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2093.

2094.  To the extent the allegations in Paragraph 2094 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2094.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT X-3 ARIZONA:  UNJUST ENRICHMENT

2095.  Answering the allegations in Paragraph 2095, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2096.  The allegations in Paragraph 2096 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2096.

2097.  To the extent Paragraph 2097 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2097 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2097.

2098.  To the extent the allegations in Paragraph 2098 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2098.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT X-4 ARKANSAS:  UNJUST ENRICHMENT

2099.   Answering the allegations in Paragraph 2099, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2100.   The allegations in Paragraph 2100 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2100.

2101.   To the extent Paragraph 2101 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2101 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2101.

2102.   To the extent the allegations in Paragraph 2102 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2102.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT X-5 CALIFORNIA:  UNJUST ENRICHMENT

2103.   Answering the allegations in Paragraph 2103, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2104.   The allegations in Paragraph 2104 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2104.

2105.   To the extent Paragraph 2105 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2105 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 2105.

2106.   To the extent the allegations in Paragraph 2106 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 2106.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

## SUB-COUNT X-6 COLORADO:  UNJUST ENRICHMENT

2107.   Answering the allegations in Paragraph 2107, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2108.   The allegations in Paragraph 2108 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2108.

2109.   To the extent Paragraph 2109 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2109 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2109.

2110. To the extent the allegations in Paragraph 2110 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2110.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT X-7 CONNECTICUT:  UNJUST ENRICHMENT

2111. Answering the allegations in Paragraph 2111, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2112. The allegations in Paragraph 2112 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2112.

2113. To the extent Paragraph 2113 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2113 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2113.

2114. To the extent the allegations in Paragraph 2114 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2114.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT X-8 DELAWARE:  UNJUST ENRICHMENT

2115.   Answering the allegations in Paragraph 2115, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2116.   The allegations in Paragraph 2116 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2116.

2117.   To the extent Paragraph 2117 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2117 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2117.

2118.   To the extent the allegations in Paragraph 2118 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2118.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT X-9 DISTRICT OF COLUMBIA:  UNJUST ENRICHMENT

2119.   Answering the allegations in Paragraph 2119, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2120.   The allegations in Paragraph 2120 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2120.

2121.   To the extent Paragraph 2121 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2121 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 2121.

2122.   To the extent the allegations in Paragraph 2122 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 2122.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT X-10 FLORIDA:  UNJUST ENRICHMENT

2123.   Answering the allegations in Paragraph 2123, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2124.   The allegations in Paragraph 2124 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2124.

2125.   To the extent Paragraph 2125 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2125 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2125.

2126.   To the extent the allegations in Paragraph 2126 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2126.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT X-11 GEORGIA:  UNJUST ENRICHMENT

2127.   Answering the allegations in Paragraph 2127, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2128.   The allegations in Paragraph 2128 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2128.

2129.   To the extent Paragraph 2129 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2129 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2129.

2130.   To the extent the allegations in Paragraph 2130 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2130.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT X-12 HAWAII:  UNJUST ENRICHMENT

2131.   Answering the allegations in Paragraph 2131, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2132.   The allegations in Paragraph 2132 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2132.

2133.   To the extent Paragraph 2133 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2133 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2133.

2134.   To the extent the allegations in Paragraph 2134 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2134.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT X-13 IDAHO:  UNJUST ENRICHMENT

2135.   Answering the allegations in Paragraph 2135, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2136.   The allegations in Paragraph 2136 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2136.

2137.   To the extent Paragraph 2137 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2137 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2137.

2138.   To the extent the allegations in Paragraph 2138 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2138.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT X-14 ILLINOIS:  UNJUST ENRICHMENT

2139.   Answering the allegations in Paragraph 2139, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2140.   The allegations in Paragraph 2140 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2140.

2141.   To the extent Paragraph 2141 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2141 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2141.

2142. To the extent the allegations in Paragraph 2142 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2142.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT X-15 INDIANA: UNJUST ENRICHMENT

2143. Answering the allegations in Paragraph 2143, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2144. The allegations in Paragraph 2144 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2144.

2145. To the extent Paragraph 2145 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2145 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2145.

2146. To the extent the allegations in Paragraph 2146 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2146.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT X-16 IOWA:  UNJUST ENRICHMENT

2147.  Answering the allegations in Paragraph 2147, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2148.  The allegations in Paragraph 2148 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2148.

2149.  To the extent Paragraph 2149 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2149 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2149.

2150.  To the extent the allegations in Paragraph 2150 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2150.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT X-17 KANSAS:  UNJUST ENRICHMENT

2151.  Answering the allegations in Paragraph 2151, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2152.   The allegations in Paragraph 2152 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2152.

2153.   To the extent Paragraph 2153 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2153 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 2153.

2154.   To the extent the allegations in Paragraph 2154 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 2154.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

## SUB-COUNT X-18 KENTUCKY:  UNJUST ENRICHMENT

2155.   Answering the allegations in Paragraph 2155, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2156.   The allegations in Paragraph 2156 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2156.

2157.   To the extent Paragraph 2157 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2157 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2157.

2158. To the extent the allegations in Paragraph 2158 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2158.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT X-19 LOUISIANA:  UNJUST ENRICHMENT

2159. Answering the allegations in Paragraph 2159, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2160. The allegations in Paragraph 2160 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2160.

2161. To the extent Paragraph 2161 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2161 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2161.

2162. To the extent the allegations in Paragraph 2162 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2162.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT X-20 MAINE:  UNJUST ENRICHMENT

2163.   Answering the allegations in Paragraph 2163, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2164.   The allegations in Paragraph 2164 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2164.

2165.   To the extent Paragraph 2165 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2165 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2165.

2166.   To the extent the allegations in Paragraph 2166 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2166.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT X-21 MARYLAND:  UNJUST ENRICHMENT

2167.   Answering the allegations in Paragraph 2167, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2168.   The allegations in Paragraph 2168 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2168.

2169.   To the extent Paragraph 2169 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2169 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 2169.

2170.   To the extent the allegations in Paragraph 2170 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 2170.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT X-22 MASSACHUSETTS:  UNJUST ENRICHMENT

2171.   Answering the allegations in Paragraph 2171, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2172.   The allegations in Paragraph 2172 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2172.

2173.   To the extent Paragraph 2173 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2173 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2173.

2174. To the extent the allegations in Paragraph 2174 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2174.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT X-23 MICHIGAN:  UNJUST ENRICHMENT

2175. Answering the allegations in Paragraph 2175, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2176. The allegations in Paragraph 2176 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2176.

2177. To the extent Paragraph 2177 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2177 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2177.

2178. To the extent the allegations in Paragraph 2178 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2178.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT X-24 MINNESOTA:  UNJUST ENRICHMENT

2179.   Answering the allegations in Paragraph 2179, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2180.   The allegations in Paragraph 2180 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2180.

2181.   To the extent Paragraph 2181 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2181 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2181.

2182.   To the extent the allegations in Paragraph 2182 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2182.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT X-25 MISSISSIPPI:  UNJUST ENRICHMENT

2183.   Answering the allegations in Paragraph 2183, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2184.   The allegations in Paragraph 2184 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2184.

2185.   To the extent Paragraph 2185 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2185 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 2185.

2186.   To the extent the allegations in Paragraph 2186 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 2186.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

## SUB-COUNT X-26 MISSOURI:  UNJUST ENRICHMENT

2187.   Answering the allegations in Paragraph 2187, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2188.   The allegations in Paragraph 2188 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2188.

2189.   To the extent Paragraph 2189 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2189 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2189.

2190. To the extent the allegations in Paragraph 2190 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2190.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT X-27 MONTANA: UNJUST ENRICHMENT

2191. Answering the allegations in Paragraph 2191, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2192. The allegations in Paragraph 2192 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2192.

2193. To the extent Paragraph 2193 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2193 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2193.

2194. To the extent the allegations in Paragraph 2194 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2194.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT X-28 NEBRASKA:  UNJUST ENRICHMENT

2195.   Answering the allegations in Paragraph 2195, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2196.   The allegations in Paragraph 2196 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2196.

2197.   To the extent Paragraph 2197 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2197 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2197.

2198.   To the extent the allegations in Paragraph 2198 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2198.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT X-29 NEVADA:  UNJUST ENRICHMENT

2199.   Answering the allegations in Paragraph 2199, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2200.   The allegations in Paragraph 2200 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2200.

2201.   To the extent Paragraph 2201 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2201 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2201.

2202.   To the extent the allegations in Paragraph 2202 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2202.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT X-30 NEW HAMPSHIRE:  UNJUST ENRICHMENT

2203.   Answering the allegations in Paragraph 2203, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2204.   The allegations in Paragraph 2204 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2204.

2205.   To the extent Paragraph 2205 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2205 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2205.

2206.  To the extent the allegations in Paragraph 2206 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2206.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT X-31 NEW JERSEY:  UNJUST ENRICHMENT

2207.  Answering the allegations in Paragraph 2207, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2208.  The allegations in Paragraph 2208 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2208.

2209.  To the extent Paragraph 2209 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2209 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2209.

2210.  To the extent the allegations in Paragraph 2210 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2210.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

**SUB-COUNT X-32 NEW MEXICO:  UNJUST ENRICHMENT**

2211.   Answering the allegations in Paragraph 2211, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2212.   The allegations in Paragraph 2212 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2212.

2213.   To the extent Paragraph 2213 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2213 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2213.

2214.   To the extent the allegations in Paragraph 2214 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2214.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

**SUB-COUNT X-33 NEW YORK:  UNJUST ENRICHMENT**

2215.   Answering the allegations in Paragraph 2215, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

427

2216.   The allegations in Paragraph 2216 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2216.

2217.   To the extent Paragraph 2217 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2217 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 2217.

2218.   To the extent the allegations in Paragraph 2218 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 2218.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

## SUB-COUNT X-34 NORTH CAROLINA:  UNJUST ENRICHMENT

2219.   Answering the allegations in Paragraph 2219, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2220.   The allegations in Paragraph 2220 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2220.

2221.   To the extent Paragraph 2221 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2221 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2221.

2222. To the extent the allegations in Paragraph 2222 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2222.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT X-35 NORTH DAKOTA: UNJUST ENRICHMENT

2223. Answering the allegations in Paragraph 2223, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2224. The allegations in Paragraph 2224 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2224.

2225. To the extent Paragraph 2225 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2225 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2225.

2226. To the extent the allegations in Paragraph 2226 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2226.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT X-36 OHIO:  UNJUST ENRICHMENT

2227.   Answering the allegations in Paragraph 2227, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2228.   The allegations in Paragraph 2228 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2228.

2229.   To the extent Paragraph 2229 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2229 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2229.

2230.   To the extent the allegations in Paragraph 2230 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2230.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT X-37 OKLAHOMA:  UNJUST ENRICHMENT

2231.   Answering the allegations in Paragraph 2231, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2232. The allegations in Paragraph 2232 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2232.

2233. To the extent Paragraph 2233 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2233 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2233.

2234. To the extent the allegations in Paragraph 2234 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2234.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT X-38 OREGON: UNJUST ENRICHMENT

2235. Answering the allegations in Paragraph 2235, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2236. The allegations in Paragraph 2236 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2236.

2237. To the extent Paragraph 2237 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2237 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2237.

2238. To the extent the allegations in Paragraph 2238 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2238.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT X-39 PENNSYLVANIA: UNJUST ENRICHMENT

2239. Answering the allegations in Paragraph 2239, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2240. The allegations in Paragraph 2240 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2240.

2241. To the extent Paragraph 2241 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2241 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2241.

2242. To the extent the allegations in Paragraph 2242 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2242.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT X-40 PUERTO RICO:  UNJUST ENRICHMENT

2243.   Answering the allegations in Paragraph 2243, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2244.   The allegations in Paragraph 2244 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2244.

2245.   To the extent Paragraph 2245 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2245 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2245.

2246.   To the extent the allegations in Paragraph 2246 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2246.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT X-41 RHODE ISLAND:  UNJUST ENRICHMENT

2247.   Answering the allegations in Paragraph 2247, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2248.   The allegations in Paragraph 2248 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2248.

2249.   To the extent Paragraph 2249 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2249 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 2249.

2250.   To the extent the allegations in Paragraph 2250 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 2250.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

## SUB-COUNT X-42 SOUTH CAROLINA:  UNJUST ENRICHMENT

2251.   Answering the allegations in Paragraph 2251, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2252.   The allegations in Paragraph 2252 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2252.

2253.   To the extent Paragraph 2253 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2253 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2253.

2254.  To the extent the allegations in Paragraph 2254 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2254.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT X-43 SOUTH DAKOTA:  UNJUST ENRICHMENT

2255.  Answering the allegations in Paragraph 2255, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2256.  The allegations in Paragraph 2256 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2256.

2257.  To the extent Paragraph 2257 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2257 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2257.

2258.  To the extent the allegations in Paragraph 2258 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2258.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

<strong>SUB-COUNT X-44 TENNESSEE: UNJUST ENRICHMENT</strong>

2259. Answering the allegations in Paragraph 2259, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2260. The allegations in Paragraph 2260 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2260.

2261. To the extent Paragraph 2261 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2261 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2261.

2262. To the extent the allegations in Paragraph 2262 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2262.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

<strong>SUB-COUNT X-45 TEXAS: UNJUST ENRICHMENT</strong>

2263. Answering the allegations in Paragraph 2263, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2264.   The allegations in Paragraph 2264 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2264.

2265.   To the extent Paragraph 2265 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2265 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 2265.

2266.   To the extent the allegations in Paragraph 2266 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.   Sanofi otherwise denies the allegations in Paragraph 2266.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT X-46 UTAH:  UNJUST ENRICHMENT

2267.   Answering the allegations in Paragraph 2267, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2268.   The allegations in Paragraph 2268 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2268.

2269.   To the extent Paragraph 2269 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2269 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2269.

2270. To the extent the allegations in Paragraph 2270 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2270.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT X-47 VERMONT: UNJUST ENRICHMENT

2271. Answering the allegations in Paragraph 2271, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2272. The allegations in Paragraph 2272 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2272.

2273. To the extent Paragraph 2273 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2273 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2273.

2274. To the extent the allegations in Paragraph 2274 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2274.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT X-48 VIRGINIA:  UNJUST ENRICHMENT

2275.   Answering the allegations in Paragraph 2275, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2276.   The allegations in Paragraph 2276 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2276.

2277.   To the extent Paragraph 2277 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2277 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2277.

2278.   To the extent the allegations in Paragraph 2278 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2278.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT X-49 WASHINGTON:  UNJUST ENRICHMENT

2279.   Answering the allegations in Paragraph 2279, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2280. The allegations in Paragraph 2280 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2280.

2281. To the extent Paragraph 2281 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2281 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2281.

2282. To the extent the allegations in Paragraph 2282 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same. Sanofi otherwise denies the allegations in Paragraph 2282.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT X-50 WEST VIRGINIA: UNJUST ENRICHMENT

2283. Answering the allegations in Paragraph 2283, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2284. The allegations in Paragraph 2284 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2284.

2285. To the extent Paragraph 2285 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2285 are directed to other Defendants, Sanofi lacks knowledge or

information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2285.

2286.   To the extent the allegations in Paragraph 2286 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2286.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT X-51 WISCONSIN:  UNJUST ENRICHMENT

2287.   Answering the allegations in Paragraph 2287, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2288.   The allegations in Paragraph 2288 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2288.

2289.   To the extent Paragraph 2289 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2289 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2289.

2290.   To the extent the allegations in Paragraph 2290 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2290.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT X-52 WYOMING:  UNJUST ENRICHMENT

2291.   Answering the allegations in Paragraph 2291, Sanofi incorporates by reference its responses to Paragraphs 2078-2086 of this Answer as if fully set forth herein.

2292.   The allegations in Paragraph 2292 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2292.

2293.   To the extent Paragraph 2293 alleges what Plaintiffs knew, and to the extent the allegations in Paragraph 2293 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2293.

2294.   To the extent the allegations in Paragraph 2294 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2294.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### COUNT XI: LOSS OF CONSORTIUM

2295.   To the extent Paragraph 2295 alleges that Plaintiffs' spouses and/or family members suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 2295 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as

to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2295.

2296.   To the extent Paragraph 2296 alleges that Plaintiffs' spouses and/or family members suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 2296 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2296.

2297.   To the extent the allegations in Paragraph 2297 are intended to summarize allegations set forth in Plaintiff's Complaint, the allegations are improper and require no response. To the extent a response is deemed necessary, Sanofi admits that Plaintiffs' spouses make the asserted allegations but denies that Plaintiffs' spouses are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations in Paragraph 2297.

2298.   To the extent Paragraph 2298 alleges that Plaintiffs' spouses and/or family members suffered any injuries, losses, or damages, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2298.

2299.   To the extent Paragraph 2299 alleges that Plaintiffs' spouses and/or family members suffered any injuries, losses, or damages, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2299.

2300.   To the extent the allegations in Paragraph 2300 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2300.

### SUB-COUNT XI-1 ALABAMA:  LOSS OF CONSORTIUM

2301.   Answering the allegations in Paragraph 2301, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2302.   The allegations in Paragraph 2302 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2302.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-2 ALASKA:  LOSS OF CONSORTIUM

2303.   Answering the allegations in Paragraph 2303, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2304.   The allegations in Paragraph 2304 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2304.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-3 ARIZONA:  LOSS OF CONSORTIUM

2305.   Answering the allegations in Paragraph 2305, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2306.   The allegations in Paragraph 2306 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2306.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-4 ARKANSAS:  LOSS OF CONSORTIUM

2307.   Answering the allegations in Paragraph 2307, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2308.   The allegations in Paragraph 2308 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2308.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-5 CALIFORNIA:  LOSS OF CONSORTIUM

2309.   Answering the allegations in Paragraph 2309, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2310.   The allegations in Paragraph 2310 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2310.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XI-6 COLORADO:  LOSS OF CONSORTIUM

2311.   Answering the allegations in Paragraph 2311, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2312.   The allegations in Paragraph 2312 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2312.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XI-7 CONNECTICUT:  LOSS OF CONSORTIUM

2313.   Answering the allegations in Paragraph 2313, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2314.   The allegations in Paragraph 2314 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2314.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-8 DELAWARE:  LOSS OF CONSORTIUM

2315.   Answering the allegations in Paragraph 2315, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2316.   The allegations in Paragraph 2316 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2316.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-9 DISTRICT OF COLUMBIA:  LOSS OF CONSORTIUM

2317.   Answering the allegations in Paragraph 2317, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2318.   The allegations in Paragraph 2318 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2318.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-10 FLORIDA:  LOSS OF CONSORTIUM

2319.   Answering the allegations in Paragraph 2319, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2320. The allegations in Paragraph 2320 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2320.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT XI-11 GEORGIA: LOSS OF CONSORTIUM

2321. Answering the allegations in Paragraph 2321, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2322. The allegations in Paragraph 2322 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2322.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT XI-12 HAWAII: LOSS OF CONSORTIUM

2323. Answering the allegations in Paragraph 2323, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2324. The allegations in Paragraph 2324 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2324.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-13 IDAHO:  LOSS OF CONSORTIUM

2325.   Answering the allegations in Paragraph 2325, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2326.   The allegations in Paragraph 2326 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2326.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-14 ILLINOIS:  LOSS OF CONSORTIUM

2327.   Answering the allegations in Paragraph 2327, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2328.   The allegations in Paragraph 2328 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2328.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XI-15 INDIANA:  LOSS OF CONSORTIUM

2329.   Answering the allegations in Paragraph 2329, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2330.   The allegations in Paragraph 2330 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2330.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XI-16 IOWA:  LOSS OF CONSORTIUM

2331.   Answering the allegations in Paragraph 2331, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2332.   The allegations in Paragraph 2332 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2332.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XI-17 KANSAS:  LOSS OF CONSORTIUM

2333.   Answering the allegations in Paragraph 2333, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2334.   The allegations in Paragraph 2334 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2334.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-18 KENTUCKY:  LOSS OF CONSORTIUM

2335.   Answering the allegations in Paragraph 2335, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2336.   The allegations in Paragraph 2336 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2336.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-19 LOUISIANA:  LOSS OF CONSORTIUM

2337.   Answering the allegations in Paragraph 2337, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2338.   The allegations in Paragraph 2338 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2338.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-20 MAINE:  LOSS OF CONSORTIUM

2339.   Answering the allegations in Paragraph 2339, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2340.   The allegations in Paragraph 2340 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2340.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-21 MARYLAND:  LOSS OF CONSORTIUM

2341.   Answering the allegations in Paragraph 2341, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2342.   The allegations in Paragraph 2342 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2342.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-22 MASSACHUSETTS:  LOSS OF CONSORTIUM

2343.   Answering the allegations in Paragraph 2343, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2344.   The allegations in Paragraph 2344 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2344.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-23 MICHIGAN:  LOSS OF CONSORTIUM

2345.   Answering the allegations in Paragraph 2345, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2346.   The allegations in Paragraph 2346 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2346.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-24 MINNESOTA:  LOSS OF CONSORTIUM

2347.   Answering the allegations in Paragraph 2347, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2348.   The allegations in Paragraph 2348 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2348.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT XI-25 MISSISSIPPI:  LOSS OF CONSORTIUM

2349.   Answering the allegations in Paragraph 2349, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2350.   The allegations in Paragraph 2350 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2350.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT XI-26 MISSOURI:  LOSS OF CONSORTIUM

2351.   Answering the allegations in Paragraph 2351, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2352.   The allegations in Paragraph 2352 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2352.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT XI-27 MONTANA: LOSS OF CONSORTIUM

2353. Answering the allegations in Paragraph 2353, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2354. The allegations in Paragraph 2354 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2354.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT XI-28 NEBRASKA: LOSS OF CONSORTIUM

2355. Answering the allegations in Paragraph 2355, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2356. The allegations in Paragraph 2356 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2356.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT XI-29 NEVADA: LOSS OF CONSORTIUM

2357.   Answering the allegations in Paragraph 2357, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2358.   The allegations in Paragraph 2358 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2358.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

## SUB-COUNT XI-30 NEW HAMPSHIRE: LOSS OF CONSORTIUM

2359.   Answering the allegations in Paragraph 2359, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2360.   The allegations in Paragraph 2360 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2360.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

## SUB-COUNT XI-31 NEW JERSEY: LOSS OF CONSORTIUM

2361.   Answering the allegations in Paragraph 2361, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2362. The allegations in Paragraph 2362 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2362.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT XI-32 NEW MEXICO: LOSS OF CONSORTIUM

2363. Answering the allegations in Paragraph 2363, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2364. The allegations in Paragraph 2364 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2364.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT XI-33 NEW YORK: LOSS OF CONSORTIUM

2365. Answering the allegations in Paragraph 2365, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2366. The allegations in Paragraph 2366 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2366.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XI-34 NORTH CAROLINA:  LOSS OF CONSORTIUM

2367.   Answering the allegations in Paragraph 2367, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2368.   The allegations in Paragraph 2368 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2368.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XI-35 NORTH DAKOTA:  LOSS OF CONSORTIUM

2369.   Answering the allegations in Paragraph 2369, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2370.   The allegations in Paragraph 2370 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2370.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-36 OHIO:  LOSS OF CONSORTIUM

2371.   Answering the allegations in Paragraph 2371, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2372.   The allegations in Paragraph 2372 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2372.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-37 OKLAHOMA:  LOSS OF CONSORTIUM

2373.   Answering the allegations in Paragraph 2373, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2374.   The allegations in Paragraph 2374 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2374.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-38 OREGON:  LOSS OF CONSORTIUM

2375.   Answering the allegations in Paragraph 2375, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2376.   The allegations in Paragraph 2376 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2376.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT XI-39 PENNSYLVANIA:  LOSS OF CONSORTIUM

2377.   Answering the allegations in Paragraph 2377, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2378.   The allegations in Paragraph 2378 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2378.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT XI-40 PUERTO RICO:  LOSS OF CONSORTIUM

2379.   Answering the allegations in Paragraph 2379, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2380.   The allegations in Paragraph 2380 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2380.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

**SUB-COUNT XI-41 RHODE ISLAND:  LOSS OF CONSORTIUM**

2381.   Answering the allegations in Paragraph 2381, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2382.   The allegations in Paragraph 2382 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2382.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

**SUB-COUNT XI-42 SOUTH CAROLINA:  LOSS OF CONSORTIUM**

2383.   Answering the allegations in Paragraph 2383, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2384.   The allegations in Paragraph 2384 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2384.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XI-43 SOUTH DAKOTA: LOSS OF CONSORTIUM

2385. Answering the allegations in Paragraph 2385, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2386. The allegations in Paragraph 2386 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2386.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT XI-44 TENNESSEE: LOSS OF CONSORTIUM

2387. Answering the allegations in Paragraph 2387, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2388. The allegations in Paragraph 2388 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2388.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT XI-45 TEXAS: LOSS OF CONSORTIUM

2389. Answering the allegations in Paragraph 2389, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2390.   The allegations in Paragraph 2390 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2390.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-46 UTAH:  LOSS OF CONSORTIUM

2391.   Answering the allegations in Paragraph 2391, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2392.   The allegations in Paragraph 2392 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2392.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XI-47 VERMONT:  LOSS OF CONSORTIUM

2393.   Answering the allegations in Paragraph 2393, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2394.   The allegations in Paragraph 2394 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2394.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

**SUB-COUNT XI-48 VIRGINIA:  LOSS OF CONSORTIUM**

2395.   Answering the allegations in Paragraph 2395, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2396.   The allegations in Paragraph 2396 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2396.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

**SUB-COUNT XI-49 WASHINGTON:  LOSS OF CONSORTIUM**

2397.   Answering the allegations in Paragraph 2397, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2398.   The allegations in Paragraph 2398 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2398.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XI-50 WEST VIRGINIA:  LOSS OF CONSORTIUM

2399.   Answering the allegations in Paragraph 2399, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2400.   The allegations in Paragraph 2400 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2400.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XI-51 WISCONSIN:  LOSS OF CONSORTIUM

2401.   Answering the allegations in Paragraph 2401, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2402.   The allegations in Paragraph 2402 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2402.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XI-52 WYOMING:  LOSS OF CONSORTIUM

2403.   Answering the allegations in Paragraph 2403, Sanofi incorporates by reference its responses to Paragraphs 2295-2300 as if fully set forth herein.

2404.   The allegations in Paragraph 2404 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2404.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## COUNT XII: SURVIVAL ACTIONS

2405.   Answering the allegations in Paragraph 2405, Sanofi admits that Plaintiffs' spouses, beneficiaries, and/or lawful representatives of Decedents' Estates brought this claim but denies that they are entitled to any relief against Sanofi whatsoever.  To the extent Paragraph 2405 alleges that Decedents suffered any injuries, losses, or damages, and to the extent the remaining allegations in Paragraph 2405 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 2405.

2406.   To the extent Paragraph 2406 alleges that Decedents or their spouses suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 2406 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2406.

2407.   To the extent Paragraph 2407 alleges that Plaintiffs suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 2407 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2407.

2408.   Answering the allegations in Paragraph 2408, Sanofi admits that Plaintiffs' spouses, beneficiaries, and/or lawful representatives of Decedents' Estates brought this claim but denies that they are entitled to any relief against Sanofi whatsoever.  To the extent Paragraph 2408 alleges that Decedents suffered any injuries, losses, or damages, and to the extent the remaining allegations in Paragraph 2408 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the remaining allegations in Paragraph 2408.

2409.   To the extent the allegations in Paragraph 2409 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2409.

2410.   To the extent Paragraph 2410 alleges that Plaintiffs suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 2410 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2410.

2411.   To the extent the allegations in Paragraph 2411 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2411.

## SUB-COUNT XII-1 ALABAMA:  SURVIVAL ACTION

2412.   Answering the allegations in Paragraph 2412, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2413.   The allegations in Paragraph 2413 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2413.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

<b>SUB-COUNT XII-2 ALASKA:  SURVIVAL ACTION</b>

2414.   Answering the allegations in Paragraph 2414, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2415.   The allegations in Paragraph 2415 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2415.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

<b>SUB-COUNT XII-3 ARIZONA:  SURVIVAL ACTION</b>

2416.   Answering the allegations in Paragraph 2416, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2417.   The allegations in Paragraph 2417 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2417.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-4 ARKANSAS:  SURVIVAL ACTION

2418.   Answering the allegations in Paragraph 2418, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2419.   The allegations in Paragraph 2419 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2419.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-5 CALIFORNIA:  SURVIVAL ACTION

2420.   Answering the allegations in Paragraph 2420, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2421.   The allegations in Paragraph 2421 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2421.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-6 COLORADO:  SURVIVAL ACTION

2422.   Answering the allegations in Paragraph 2422, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2423. The allegations in Paragraph 2423 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2423.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT XII-7 CONNECTICUT: SURVIVAL ACTION

2424. Answering the allegations in Paragraph 2424, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2425. The allegations in Paragraph 2425 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2425.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT XII-8 DELAWARE: SURVIVAL ACTION

2426. Answering the allegations in Paragraph 2426, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2427. The allegations in Paragraph 2427 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2427.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT XII-9 DISTRICT OF COLUMBIA: SURVIVAL ACTION

2428. Answering the allegations in Paragraph 2428, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2429. The allegations in Paragraph 2429 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2429.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT XII-10 FLORIDA: SURVIVAL ACTION

2430. Answering the allegations in Paragraph 2430, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2431. The allegations in Paragraph 2431 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2431.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT XII-11 GEORGIA: SURVIVAL ACTION

2432.   Answering the allegations in Paragraph 2432, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2433.   The allegations in Paragraph 2433 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2433.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

## SUB-COUNT XII-12 HAWAII: SURVIVAL ACTION

2434.   Answering the allegations in Paragraph 2434, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2435.   The allegations in Paragraph 2435 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2435.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

## SUB-COUNT XII-13 IDAHO: SURVIVAL ACTION

2436.   Answering the allegations in Paragraph 2436, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2437.   The allegations in Paragraph 2437 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2437.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XII-14 ILLINOIS:  SURVIVAL ACTION

2438.   Answering the allegations in Paragraph 2438, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2439.   The allegations in Paragraph 2439 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2439.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XII-15 INDIANA:  SURVIVAL ACTION

2440.   Answering the allegations in Paragraph 2440, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2441.   The allegations in Paragraph 2441 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2441.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XII-16 IOWA:  SURVIVAL ACTION

2442.   Answering the allegations in Paragraph 2442, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2443.   The allegations in Paragraph 2443 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2443.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XII-17 KANSAS:  SURVIVAL ACTION

2444.   Answering the allegations in Paragraph 2444, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2445.   The allegations in Paragraph 2445 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2445.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-18 KENTUCKY:  SURVIVAL ACTION

2446.   Answering the allegations in Paragraph 2446, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2447.   The allegations in Paragraph 2447 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2447.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-19 LOUISIANA:  SURVIVAL ACTION

2448.   Answering the allegations in Paragraph 2448, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2449.   The allegations in Paragraph 2449 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2449.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-20 MAINE:  SURVIVAL ACTION

2450.   Answering the allegations in Paragraph 2450, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2451. The allegations in Paragraph 2451 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2451.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT XII-21 MARYLAND: SURVIVAL ACTION

2452. Answering the allegations in Paragraph 2452, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2453. The allegations in Paragraph 2453 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2453.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT XII-22 MASSACHUSETTS: SURVIVAL ACTION

2454. Answering the allegations in Paragraph 2454, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2455. The allegations in Paragraph 2455 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2455.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

**SUB-COUNT XII-23 MICHIGAN:  SURVIVAL ACTION**

2456.   Answering the allegations in Paragraph 2456, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2457.   The allegations in Paragraph 2457 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2457.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

**SUB-COUNT XII-24 MINNESOTA:  SURVIVAL ACTION**

2458.   Answering the allegations in Paragraph 2458, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2459.   The allegations in Paragraph 2459 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2459.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-25 MISSISSIPPI:  SURVIVAL ACTION

2460.   Answering the allegations in Paragraph 2460, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2461.   The allegations in Paragraph 2461 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2461.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-26 MISSOURI:  SURVIVAL ACTION

2462.   Answering the allegations in Paragraph 2462, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2463.   The allegations in Paragraph 2463 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2463.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-27 MONTANA:  SURVIVAL ACTION

2464.   Answering the allegations in Paragraph 2464, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2465.   The allegations in Paragraph 2465 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2465.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT XII-28 NEBRASKA:  SURVIVAL ACTION

2466.   Answering the allegations in Paragraph 2466, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2467.   The allegations in Paragraph 2467 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2467.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT XII-29 NEVADA:  SURVIVAL ACTION

2468.   Answering the allegations in Paragraph 2468, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2469.   The allegations in Paragraph 2469 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2469.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT XII-30 NEW HAMPSHIRE: SURVIVAL ACTION

2470. Answering the allegations in Paragraph 2470, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2471. The allegations in Paragraph 2471 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2471.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT XII-31 NEW JERSEY: SURVIVAL ACTION

2472. Answering the allegations in Paragraph 2472, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2473. The allegations in Paragraph 2473 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2473.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT XII-32 NEW MEXICO:  SURVIVAL ACTION

2474.   Answering the allegations in Paragraph 2474, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2475.   The allegations in Paragraph 2475 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2475.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-33 NEW YORK:  SURVIVAL ACTION

2476.   Answering the allegations in Paragraph 2476, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2477.   The allegations in Paragraph 2477 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2477.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-34 NORTH CAROLINA:  SURVIVAL ACTION

2478.   Answering the allegations in Paragraph 2478, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2479.   The allegations in Paragraph 2479 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2479.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-35 NORTH DAKOTA:  SURVIVAL ACTION

2480.   Answering the allegations in Paragraph 2480, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2481.   The allegations in Paragraph 2481 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2481.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-36 OHIO:  SURVIVAL ACTION

2482.   Answering the allegations in Paragraph 2482, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2483.   The allegations in Paragraph 2483 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2483.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-37 OKLAHOMA:  SURVIVAL ACTION

2484.   Answering the allegations in Paragraph 2484, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2485.   The allegations in Paragraph 2485 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2485.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-38 OREGON:  SURVIVAL ACTION

2486.   Answering the allegations in Paragraph 2486, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2487.   The allegations in Paragraph 2487 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2487.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-39 PENNSYLVANIA:  SURVIVAL ACTION

2488.   Answering the allegations in Paragraph 2488, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2489.   The allegations in Paragraph 2489 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2489.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-40 PUERTO RICO:  SURVIVAL ACTION

2490.   Answering the allegations in Paragraph 2490, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2491.   The allegations in Paragraph 2491 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2491.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-41 RHODE ISLAND:  SURVIVAL ACTION

2492.   Answering the allegations in Paragraph 2492, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2493.   The allegations in Paragraph 2493 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2493.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT XII-42 SOUTH CAROLINA:  SURVIVAL ACTION

2494.   Answering the allegations in Paragraph 2494, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2495.   The allegations in Paragraph 2495 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2495.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT XII-43 SOUTH DAKOTA:  SURVIVAL ACTION

2496.   Answering the allegations in Paragraph 2496, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2497.   The allegations in Paragraph 2497 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2497.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

**SUB-COUNT XII-44 TENNESSEE:  SURVIVAL ACTION**

2498.   Answering the allegations in Paragraph 2498, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2499.   The allegations in Paragraph 2499 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2499.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

**SUB-COUNT XII-45 TEXAS:  SURVIVAL ACTION**

2500.   Answering the allegations in Paragraph 2500, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2501.   The allegations in Paragraph 2501 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2501.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-46 UTAH: SURVIVAL ACTION

2502.   Answering the allegations in Paragraph 2502, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2503.   The allegations in Paragraph 2503 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2503.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT XII-47 VERMONT:  SURVIVAL ACTION

2504.   Answering the allegations in Paragraph 2504, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2505.   The allegations in Paragraph 2505 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2505.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT XII-48 VIRGINIA:  SURVIVAL ACTION

2506.   Answering the allegations in Paragraph 2506, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2507.   The allegations in Paragraph 2507 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2507.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-49 WASHINGTON:  SURVIVAL ACTION

2508.   Answering the allegations in Paragraph 2508, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2509.   The allegations in Paragraph 2509 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2509.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-50 WEST VIRGINIA:  SURVIVAL ACTION

2510.   Answering the allegations in Paragraph 2510, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2511.   The allegations in Paragraph 2511 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2511.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-51 WISCONSIN:  SURVIVAL ACTION

2512.   Answering the allegations in Paragraph 2512, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2513.   The allegations in Paragraph 2513 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2513.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XII-52 WYOMING:  SURVIVAL ACTION

2514.   Answering the allegations in Paragraph 2514, Sanofi incorporates by reference its responses to Paragraphs 2405-2411 as if fully set forth herein.

2515.   The allegations in Paragraph 2515 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2515.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## COUNT XI:     WRONGFUL DEATH

2516.  Answering the allegations in Paragraph 2516, Sanofi admits that Plaintiffs' Decedents' spouses, beneficiaries, and/or lawful representatives of Decedents' Estates brought this claim but denies that they are entitled to any relief against Sanofi whatsoever.  Sanofi otherwise denies the allegations in Paragraph 2516.

2517.  To the extent Paragraph 2517 alleges that Decedents suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 2517 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2517.

2518.  To the extent Paragraph 2518 alleges that Decedents suffered any injuries, losses, or damages, and to the extent the allegations in Paragraph 2518 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2518.

2519.  To the extent the allegations in Paragraph 2519 are directed to other Defendants, Sanofi lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Sanofi otherwise denies the allegations in Paragraph 2519.

## SUB-COUNT XIII-1 ALABAMA:  WRONGFUL DEATH

2520.  Answering the allegations in Paragraph 2520, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2521.  The allegations in Paragraph 2521 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2521.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-2 ALASKA:  WRONGFUL DEATH

2522.   Answering the allegations in Paragraph 2522, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2523.   The allegations in Paragraph 2523 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2523.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-3 ARIZONA:  WRONGFUL DEATH

2524.   Answering the allegations in Paragraph 2524, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2525.   The allegations in Paragraph 2525 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2525.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-4 ARKANSAS:  WRONGFUL DEATH

2526.   Answering the allegations in Paragraph 2526, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2527.   The allegations in Paragraph 2527 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2527.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-5 CALIFORNIA:  WRONGFUL DEATH

2528.   Answering the allegations in Paragraph 2528, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2529.   The allegations in Paragraph 2529 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2529.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-6 COLORADO:  WRONGFUL DEATH

2530.   Answering the allegations in Paragraph 2530, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2531. The allegations in Paragraph 2531 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2531.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT XIII-7 CONNECTICUT: WRONGFUL DEATH

2532. Answering the allegations in Paragraph 2532, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2533. The allegations in Paragraph 2533 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2533.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT XIII-8 DELAWARE: WRONGFUL DEATH

2534. Answering the allegations in Paragraph 2534, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2535. The allegations in Paragraph 2535 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2535.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-9 DISTRICT OF COLUMBIA:  WRONGFUL DEATH

2536.   Answering the allegations in Paragraph 2536, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2537.   The allegations in Paragraph 2537 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2537.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-10 FLORIDA:  WRONGFUL DEATH

2538.   Answering the allegations in Paragraph 2538, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2539.   The allegations in Paragraph 2539 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2539.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XIII-11 GEORGIA:  WRONGFUL DEATH

2540.  Answering the allegations in Paragraph 2540, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2541.  The allegations in Paragraph 2541 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2541.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XIII-12 HAWAII:  WRONGFUL DEATH

2542.  Answering the allegations in Paragraph 2542, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2543.  The allegations in Paragraph 2543 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2543.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XIII-13 IDAHO:  WRONGFUL DEATH

2544.  Answering the allegations in Paragraph 2544, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2545.   The allegations in Paragraph 2545 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2545.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XIII-14 ILLINOIS:  WRONGFUL DEATH

2546.   Answering the allegations in Paragraph 2546, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2547.   The allegations in Paragraph 2547 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2547.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XIII-15 INDIANA:  WRONGFUL DEATH

2548.   Answering the allegations in Paragraph 2548, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2549.   The allegations in Paragraph 2549 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2549.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-16 IOWA:  WRONGFUL DEATH

2550.   Answering the allegations in Paragraph 2550, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2551.   The allegations in Paragraph 2551 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2551.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-17 KANSAS:  WRONGFUL DEATH

2552.   Answering the allegations in Paragraph 2552, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2553.   The allegations in Paragraph 2553 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2553.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-18 KENTUCKY:  WRONGFUL DEATH

2554.   Answering the allegations in Paragraph 2554, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2555.   The allegations in Paragraph 2555 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2555.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-19 LOUISIANA:  WRONGFUL DEATH

2556.   Answering the allegations in Paragraph 2556, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2557.   The allegations in Paragraph 2557 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2557.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-20 MAINE:  WRONGFUL DEATH

2558.   Answering the allegations in Paragraph 2558, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2559.   The allegations in Paragraph 2559 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2559.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XIII-21 MARYLAND:  WRONGFUL DEATH

2560.   Answering the allegations in Paragraph 2560, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2561.   The allegations in Paragraph 2561 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2561.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XIII-22 MASSACHUSETTS:  WRONGFUL DEATH

2562.   Answering the allegations in Paragraph 2562, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2563.   The allegations in Paragraph 2563 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2563.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT XIII-23 MICHIGAN: WRONGFUL DEATH

2564. Answering the allegations in Paragraph 2564, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2565. The allegations in Paragraph 2565 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2565.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT XIII-24 MINNESOTA: WRONGFUL DEATH

2566. Answering the allegations in Paragraph 2566, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2567. The allegations in Paragraph 2567 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2567.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT XIII-25 MISSISSIPPI:  WRONGFUL DEATH

2568.   Answering the allegations in Paragraph 2568, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2569.   The allegations in Paragraph 2569 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2569.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-26 MISSOURI:  WRONGFUL DEATH

2570.   Answering the allegations in Paragraph 2570, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2571.   The allegations in Paragraph 2571 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2571.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-27 MONTANA:  WRONGFUL DEATH

2572.   Answering the allegations in Paragraph 2572, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2573.   The allegations in Paragraph 2573 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2573.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-28 NEBRASKA:  WRONGFUL DEATH

2574.   Answering the allegations in Paragraph 2574, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2575.   The allegations in Paragraph 2575 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2575.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-29 NEVADA:  WRONGFUL DEATH

2576.   Answering the allegations in Paragraph 2576, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2577.   The allegations in Paragraph 2577 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2577.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-30 NEW HAMPSHIRE:  WRONGFUL DEATH

2578.   Answering the allegations in Paragraph 2578, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2579.   The allegations in Paragraph 2579 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2579.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-31 NEW JERSEY:  WRONGFUL DEATH

2580.   Answering the allegations in Paragraph 2580, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2581.   The allegations in Paragraph 2581 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2581.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-32 NEW MEXICO:  WRONGFUL DEATH

2582.   Answering the allegations in Paragraph 2582, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2583.   The allegations in Paragraph 2583 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2583.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-33 NEW YORK:  WRONGFUL DEATH

2584.   Answering the allegations in Paragraph 2584, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2585.   The allegations in Paragraph 2585 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2585.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-34 NORTH CAROLINA:  WRONGFUL DEATH

2586.   Answering the allegations in Paragraph 2586, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2587.   The allegations in Paragraph 2587 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2587.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-35 NORTH DAKOTA:  WRONGFUL DEATH

2588.   Answering the allegations in Paragraph 2588, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2589.   The allegations in Paragraph 2589 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2589.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-36 OHIO:  WRONGFUL DEATH

2590.   Answering the allegations in Paragraph 2590, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2591.   The allegations in Paragraph 2591 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2591.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT XIII-37 OKLAHOMA: WRONGFUL DEATH

2592. Answering the allegations in Paragraph 2592, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2593. The allegations in Paragraph 2593 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2593.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

### SUB-COUNT XIII-38 OREGON: WRONGFUL DEATH

2594. Answering the allegations in Paragraph 2594, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2595. The allegations in Paragraph 2595 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2595.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT XIII-39 PENNSYLVANIA: WRONGFUL DEATH

2596. Answering the allegations in Paragraph 2596, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2597. The allegations in Paragraph 2597 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2597.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT XIII-40 PUERTO RICO: WRONGFUL DEATH

2598. Answering the allegations in Paragraph 2598, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2599. The allegations in Paragraph 2599 assert legal conclusions to which no response is required. To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations. Sanofi otherwise denies the allegations in Paragraph 2599.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever. Sanofi denies the remaining allegations.

## SUB-COUNT XIII-41 RHODE ISLAND: WRONGFUL DEATH

2600. Answering the allegations in Paragraph 2600, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2601.  The allegations in Paragraph 2601 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2601.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XIII-42 SOUTH CAROLINA:  WRONGFUL DEATH

2602.  Answering the allegations in Paragraph 2602, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2603.  The allegations in Paragraph 2603 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2603.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XIII-43 SOUTH DAKOTA:  WRONGFUL DEATH

2604.  Answering the allegations in Paragraph 2604, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2605.  The allegations in Paragraph 2605 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2605.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-44 TENNESSEE:  WRONGFUL DEATH

2606.   Answering the allegations in Paragraph 2606, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2607.   The allegations in Paragraph 2607 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2607.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-45 TEXAS:  WRONGFUL DEATH

2608.   Answering the allegations in Paragraph 2608, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2609.   The allegations in Paragraph 2609 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2609.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-46 UTAH:  WRONGFUL DEATH

2610.  Answering the allegations in Paragraph 2610, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2611.  The allegations in Paragraph 2611 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2611.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-47 VERMONT:  WRONGFUL DEATH

2612.  Answering the allegations in Paragraph 2612, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2613.  The allegations in Paragraph 2613 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2613.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

### SUB-COUNT XIII-48 VIRGINIA:  WRONGFUL DEATH

2614.  Answering the allegations in Paragraph 2614, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2615.   The allegations in Paragraph 2615 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2615.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT XIII-49 WASHINGTON:  WRONGFUL DEATH

2616.   Answering the allegations in Paragraph 2616, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2617.   The allegations in Paragraph 2617 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2617.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.   Sanofi denies the remaining allegations.

### SUB-COUNT XIII-50 WEST VIRGINIA:  WRONGFUL DEATH

2618.   Answering the allegations in Paragraph 2618, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2619.   The allegations in Paragraph 2619 assert legal conclusions to which no response is required.   To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.   Sanofi otherwise denies the allegations in Paragraph 2619.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XIII-51 WISCONSIN:  WRONGFUL DEATH

2620.   Answering the allegations in Paragraph 2620, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2621.   The allegations in Paragraph 2621 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2621.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## SUB-COUNT XIII-52 WYOMING:  WRONGFUL DEATH

2622.   Answering the allegations in Paragraph 2622, Sanofi incorporates by reference its responses to Paragraphs 2516-2519 as if fully set forth herein.

2623.   The allegations in Paragraph 2623 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Sanofi states that its legal duties are governed by applicable laws and regulations.  Sanofi otherwise denies the allegations in Paragraph 2623.

Answering the allegations in the untitled **"WHEREFORE"** paragraph, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## JURY TRIAL DEMAND

2624.   Answering the allegations in Paragraph 2624, Sanofi admits that Plaintiffs demand a jury trial.

Answering the allegations in the **"WHEREFORE"** paragraph under the heading **"Prayer for Relief,"** including all subparts thereof, Sanofi admits that Plaintiffs seek the relief requested but denies that Plaintiffs are entitled to any relief against Sanofi whatsoever.  Sanofi denies the remaining allegations.

## AFFIRMATIVE DEFENSES[2]

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim or cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs cannot proffer any scientifically reliable evidence that the product at issue was defective or unreasonably dangerous.

## THIRD AFFIRMATIVE DEFENSE

Without admitting that the product at issue was manufactured pursuant to an NDA held by Sanofi and/or sold by Sanofi, to the extent Sanofi had any duty with respect to the manufacture and/or sale of the product, such duty was fully discharged by the giving of adequate instructions and warnings concerning its use.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and/or medical expense resulted from pre-existing or unrelated medical, psychiatric, genetic, or environmental conditions, diseases, or illnesses.

---

[2]     Sanofi asserts the following affirmative defenses without admitting or conceding that all of the affirmative defenses listed below are affirmative defenses for which it carries the burden of proof.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of federal preemption.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered injuries and damages by reason of operation of nature or idiosyncratic and/or allergic reaction to the product, used wither alone or in combination with any drug, Sanofi is not liable.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or reduced under the principles of assumption of the risk and/or informed consent.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery, if any, from Sanofi should be reduced, offset, or barred by the contributory or comparative negligence, fault, responsibility, or causation attributable to Plaintiffs to some third party and/or non-party other than Sanofi.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries and damages, if any, were caused in whole or in part by an alteration, change, unintended use, or misuse of the product at issue.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries were caused or contributed to be caused by the intervening acts, superseding negligence, and/or subsequent conduct or fault on the part of a person, entity, third party, or non-party over whom Sanofi neither had control nor right of control and, therefore, Plaintiffs' claims are barred and/or Sanofi is entitled to an apportionment of damages accordingly, pursuant to the applicable law of any jurisdiction. *See, e.g.,* Fla. Stat. § 768.81(3).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were not proximately caused by any act or omission of Sanofi and/or were caused or proximately caused by some person, third party, and or non-party other than Sanofi for whom Sanofi is not legally responsible.

## TWELFTH AFFIRMATIVE DEFENSE

One or more of the claims set forth in Plaintiffs' Complaint are barred in whole or in part by the applicable statutes of limitation and/or statutes of repose.

## THIRTEENTH AFFIRMATIVE DEFENSE

Sanofi specifically pleads collateral estoppel, res judicata, waiver, laches, and failure to mitigate or minimize damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any acts performed by Sanofi in the labeling and marketing of the product at issue were in conformity with the "state of the art" existing at the time of such labeling and marketing, and public policy should hold that liability not be imposed on Sanofi for untold risks not known at the time of labeling and marketing of the product at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject to the limitations set forth in the Restatement (Second) of Torts, section 402A, comment k, and/or the Restatement (Third) of Torts.

## SIXTEENTH AFFIRMATIVE DEFENSE

Sanofi had no duty to warn of the possible dangers of using the product at issue, the existence of which are denied, that were not known at the time of manufacture or sale of the product.

## SEVENTEENTH AFFIRMATIVE DEFENSE

All of Sanofi's activities and conduct conformed to all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The methods, standards, and techniques utilized by Sanofi in labeling and marketing the product at issue and in issuing warnings and instructions with respect to its use were proper and in conformity with the generally recognized, reasonably available, and reliable state of knowledge in the field at the time the product was manufactured.

### NINETEENTH AFFIRMATIVE DEFENSE

The injuries and/or damages claimed by Plaintiffs were the result of unavoidable circumstances that Sanofi could not have prevented.

### TWENTIETH AFFIRMATIVE DEFENSE

The injuries and/or damages claimed by Plaintiffs were the result of a pre-existing condition unrelated to any conduct of, or products placed in the stream of commerce by, Sanofi.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The conduct of Sanofi in all activities with respect to the product at issue has been and is under the supervision of FDA.  Accordingly, this action is barred by the doctrine of primary jurisdiction.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The alleged negligent or culpable conduct of Sanofi, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the sophisticated user defense.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The injuries and/or damages claimed by Plaintiffs can be attributed to several causes and, accordingly, should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the use of the product at issue was generally recognized as safe and effective pursuant to conditions established by FDA and applicable regulations, including packaging and labeling regulations.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The public interest, benefit, and availability of the product at issue outweigh the risks, if any, resulting from such activities, which were unavoidable given the state of knowledge at the time those activities were undertaken.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the principles of the learned intermediary and/or experienced user doctrine.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any verdict or judgment rendered against Sanofi must be reduced by those amounts that have or will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, Social Security, worker's compensation, or employee benefit programs.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

No act or omission of Sanofi was malicious, willful, wanton, reckless, grossly negligent, or intentional, and therefore any award of punitive damages is barred.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are in violation of Sanofi's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and similar provisions in any applicable state constitutions and/or applicable state common law and public polices, and/or applicable statutes and court rules, in the circumstances of the litigation. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are in violation of Sanofi's rights under the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause in the Fifth Amendment of the United States Constitution; the Free Speech Clause of the First Amendment of the United States Constitution; the Commerce Clause of Article I, Section 8 of the United States Constitution; the Contracts Clause of Article I, Section 10 of the

United States Constitution; similar provisions in any applicable state constitutions and/or applicable state common law and public policies; and/or applicable statutes and court rules, in the circumstances of this litigation.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Because of the lack of clear standards, the imposition of punitive damages against Sanofi is unconstitutionally vague and/or overbroad.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

At the time the product left Sanofi's control, there was not a practical and technically feasible alternative design that would have prevented the harm without substantially impairing the reasonably anticipated or intended function of the product.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Sanofi is not liable for any harm caused because the product at issue contained an adequate warning as evidenced by its approval by FDA under the Federal Food, Drug, and Cosmetic Act.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Punitive damages are not available to Plaintiffs because the drug at issue was subject to premarket approval or licensure by FDA under the Federal Food, Drug, and Cosmetic Act and was approved or licensed.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Sanofi relies upon all defenses contained in any applicable state statute or law.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because there was no deceptive act or practice.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

None of Sanofi's acts, conduct, omissions, or statements alleged in the Complaint was likely to mislead.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or his/her prescribing physicians knew, at all times, the characteristics, uses, benefits, standard, and quality of the product at issue and therefore could not have justifiably relied on the alleged misrepresentations or omissions in the Complaint.

### FORTIETH AFFIRMATIVE DEFENSE

The representations and advertising regarding the product at issue are not unlawful because they are not, and were not, in violation of any law or regulation.

### FORTY-FIRST AFFIRMATIVE DEFENSE

The representations and advertising regarding the product at issue are not fraudulent.  No representation or advertisement contains any false or misleading statement or promises intended to deceive the public.  As such, the representations and advertising are not, and were not, fraudulent.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to relief under the statutes and legal theories invoked in their Complaint because Plaintiffs lack standing.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Sanofi has fully performed any and all contractual, statutory, and other duties, and Plaintiffs are therefore estopped from asserting any cause of action against Sanofi.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Any award to Plaintiffs in this action would constitute unjust enrichment.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action therein presented are vague, ambiguous, and uncertain.  Sanofi reserves the right to add additional defenses as the factual bases for each of Plaintiffs' claims and allegations become known.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs purport to seek equitable relief to mandate the specific content of Sanofi's product labels, Plaintiffs' Complaint violates Sanofi's right to freedom of speech under the First Amendment of the United States Constitution and similar provisions in any applicable state constitutions.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Sanofi is not liable for injuries or damages caused by any product that Sanofi did not sell or distribute pursuant to the NDAs that it held for Zantac.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Sanofi denies this court has personal jurisdiction over it and herby alleges lack of personal jurisdiction as a separate affirmative defense.

### FORTY-NINTH AFFIRMATIVE DEFENSE

The Zantac labeling was not false or misleading in any particular, and the product accordingly was not misbranded.

### FIFTIETH AFFIRMATIVE DEFENSE

Sanofi hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in the case and hereby reserves the right to amend this Answer to assert any such defense.  Sanofi also reserves the right to assert other and related defenses as may become available upon a determination of the law applicable to the action or any part thereof or claim therein.

**WHEREFORE**, Sanofi prays for judgment as follows:

1. That Plaintiffs take nothing;

2. That the Court enter judgment in favor of Sanofi on each remaining cause of action alleged against it in the Second Amended Master Personal Injury Complaint;

3. That Sanofi be awarded its costs, expenses, and reasonable attorneys' fees; and

4. That the Court grant Sanofi all further legal and equitable relief that it deems just and proper.

## JURY TRIAL DEMANDED

Sanofi hereby demands a jury trial on all issues so triable.

## DEMAND FOR BIFURCATED TRIAL

If Plaintiffs are permitted to proceed to trial upon any claims for punitive or exemplary damages, such claims, if any, must be bifurcated from the remaining issues.

Dated:  August 23, 2021                    Respectfully submitted,

*/s/ Anand Agneshwar*

**ARNOLD & PORTER
KAYE SCHOLER LLP**
Anand Agneshwar
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
anand.agneshwar@arnoldporter.com

Daniel S. Pariser
Paige H. Sharpe
601 Massachusetts Avenue, NW
Washington, DC  20001
Tel: (202) 942-5000
Fax: (202) 942-5999
daniel.pariser@arnoldporter.com
paige.sharpe@arnoldporter.com

**DLA PIPER LLP**
Loren Brown
Christopher Strongosky
1251 Avenue of the Americas
27th Floor

New York, NY 10020-1104
Tel: (212) 335-4500
Fax: (212) 884-8543
loren.brown@us.dlapiper.com
christopher.strongosky@dlapiper.com

Matthew A. Holian
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Tel: (617) 406-6009
Fax: (617) 406-6109
matt.holian@us.dlapiper.com

Leeanne Sara Mancari
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067-4704
Tel: (310) 595-3088
Fax: (310) 595-3414
leeanne.mancari@us.dlapiper.com

**JONES FOSTER P.A.**
Joanne M. O'Connor
505 S. Flagler Drive, Suite 1100
PO Box 3475
West Palm Beach, FL 33402-3475
Tel: (561) 659-3000
Fax:(561) 650-5300
Joconnor@jonesfoster.com

*Attorneys for Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SANOFI US SERVICES INC., SANOFI-AVENTIS U.S. LLC, AND CHATTEM, INC. TO PLAINTIFFS' SECOND AMENDED MASTER PERSONAL INJURY COMPLAINT was filed electronically through the Court's CM/ECF system on August 23, 2021, which will send notice of filing to all CM/ECF participants.

*/s/ Anand Agneshwar*
Anand Agneshwar