UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 20-md-2924-Rosenberg/Reinhart

In Re: Zantac (Ranitidine)
Products Liability Litigation

### NON-PARTY VALISURE LLC'S RESPONSE IN OPPOSITION TO DEFENDANT SANOFI'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST (LETTERS ROGATORY) AND INCORPORATED MEMORANDUM OF LAW

Non-Party Valisure LLC ("Valisure") respectfully submits this opposition to Defendant Sanofi US Services Inc.'s and Defendant Sanofi Aventis US LLC's (collectively "Sanofi") Motion for Issuance of Letters of Request (Letters Rogatory) and Incorporated Memorandum of Law ("Motion") (Dkt. 4481), pursuant to Federal Rule of Civil Procedure 28(b)(2) and the Local Rules for the United States District Court in the Southern District of Florida, and requests entry of an order denying Sanofi's Motion, or at a minimum, reducing the scope of documents and information requested in the proposed letters rogatory, for the reasons set forth below.

The requested letters rogatory are to be served on Dr. Adam Bretholz in Canada. Dr. Bretholz is not a party to the litigation, and is merely an investor in Valisure which is responding to a separate non-party subpoena. The letters rogatory sought by Sanofi seem to be an effort to impose burdens on anyone even remotely connected with the testing of their product that is the subject of this litigation, and to punish and discourage anyone from challenging the health and safety of their pharmaceutical products.

### BACKGROUND

Valisure has produced thousands of pages of documents and is in the process of completing its supplemental production to Sanofi at great expense, and Valisure notes that the requests to

23054171-v2

Valisure are coextensive with the documents sought by Sanofi from Dr. Adam Bretholz. Valisure also notes that one year after Sanofi and BI subpoenaed Valisure, GSK served attorney Michael Bretholz with a subpoena that is also duplicative of requests previously served upon other non-parties and is repetitive of the document demands from Valisure.

Now the defendants ask this Court to allow them to chase into Canada, Dr. Adam Bretholz, an emergency room pediatrician who was an investor in, and client of, Valisure. Dr. Bretholz affirms in his attached declaration that he has no pertinent information not already in the hands of custodians located in the United States. The motion for letters rogatory is predicated upon the misguided premise that Dr. Bretholz is a "unique" source of the information sought. ECF No. 4481 at 2. But Sanofi's proposed requests explicitly ask for information that is in Valisure's possession (and that Valisure has produced or is in the process of producing). *See, e.g.,* ECF No. 4481-1 at 10 (requesting, *inter alia*, "All Documents and Communications between You and Valisure . . . .").

The Defendants are sending a message that if anyone works with Valisure to challenge the safety of Defendants' products, they will be buried in expensive and time consuming discovery. Discovery is not limitless and the motion seeking letters rogatory for Dr. Bretholz should be denied.

## ANALYSIS

Discretion lies with the Court to deny Sanofi's improper Motion in its entirety, or at a minimum, strike those requests that are cumulative, speculative, overly broad, unduly burdensome, and not necessary to ensure a fair trial. "The decision whether to issue letters rogatory lies within the discretion of the district court and is reviewed for an abuse of that discretion." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1273 (11th Cir. 2015) (citing *United States v. El-Mezain*, 664 F. 3d 467, 517 (5th Cir. 2011)). "[W]hen a request to issue letters rogatory is overly broad or unlikely to lead to the discovery of relevant evidence, district courts retain discretion to refuse to issue them." *Id.* at 1273–74 (citations omitted).

Rule 28(b)(2) limits the issuance of a letters rogatory to "appropriate terms" upon notice. In pertinent part, Rule 28(b)(2) provides,

> (2) Issuing a Letter of Request or a Commission. A letter of request, a commission, or both may be issued:
> (A) on appropriate terms after an application and notice of it; and (B) without a showing that taking the deposition in another manner is impracticable or inconvenient.

In violation of the foregoing standards, Sanofi's proposed letters rogatory set forth requests that are cumulative, speculative, overly broad, unduly burdensome, not necessary to ensure a fair trial, and designed to harass and burden yet another individual with a connection to Valisure. Sanofi's stated position to counsel for Dr. Bretholz with respect to reducing the burden on Dr. Bretholz is that he should have to suffer the consequences of paying for non-party litigation without reimbursement or compensation for his time because he was involved with the company looking into the toxicity of Zantac. *See* Declaration of Attorney Sean Burstyn, counsel for Dr. Bretholz, Exhibit A.

Sanofi represented in its Motion that issuance of the letters rogatory is necessary because:

> On information and belief, Dr. Bretholz has information relevant to understanding Valisure's motivation for testing ranitidine, Valisure's selection of test methods, and Valisure's coordination with other relevant third parties, including analytical laboratories and physicians with whom Valisure has collaborated to publish articles regarding ranitidine's alleged link to cancer and/or degradation into NDMA.
>
> Dr. Bretholz has unique knowledge about his reasons for engaging Valisure, the background of his engagement including any coordination with others currently unknown to Sanofi, as well as the existence of communications and documents that, based on gaps in Valisure's production to date, Valisure either cannot or will not produce or make Sanofi aware of.

*See* Dkt. 4481, at 2.

Sanofi, in conferring with counsel for Dr. Bretholz, has conceded that other sources of information possess the requested information. After conceding that Dr. Bretholz is not the "only"

-3-

source for discovery, Sanofi adopted the synonymous position that Dr. Bretholz has "unique knowledge." *See* Dkt 4481 at 2; *see also* <u>Exhibit A</u> (Attorney Burstyn's correspondence with counsel for Sanofi). Sanofi's replacement of "only" with its synonym reflects its ongoing improper behavior toward non-parties and the Court throughout the discovery process.

The subpoena from Sanofi for Valisure's production is sufficient to address Sanofi's discovery, and Valisure officials anticipate being deposed by the Defendants to the extent there remain any lingering doubts. Valisure already has produced or is in the process of producing voluntarily to the Defendants all such documents and communications with Dr. Bretholz that are or would be expected to be in Dr. Bretholz's possession. Dr. Bretholz separately has confirmed that there are no other such documents. *See* Declaration of Dr. Adam Bretholz, <u>Exhibit B</u>. This alone is sufficient under Rule 28(b)(2)(B) to defeat the motion.

Valisure and other parties in the United States possess (and in Valisure's case have already produced or are producing to the Defendants) all of the "unique knowledge" Sanofi alleges Dr. Bretholz possesses. Sanofi should not be empowered to harass Dr. Bretholz in a foreign country for information that would be duplicative. *See Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1274 (11th Cir. 2015) (affirming District Court's denial of issuance of letters rogatory to Canadian non-party and "finding that any information that [plaintiff] needed could be gathered within the confines of the United States.").

Sanofi's discovery demands further exceed these purported justifications in several ways.

First, Sanofi represents that it wants to discover *Valisure's* "motivation for testing ranitidine, Valisure's selection of test methods, and Valisure's coordination with other relevant third parties[.]" In *United States v. Rosen*, 240 F.R.D. 204, 215 (E.D. Va. 2007), the District Court held that several "factors counsel against the issuance of letters rogatory in this case," including that the proffered evidence "is cumulative of other testimony from witnesses available in the U.S." Here, Sanofi has

not proffered the evidence it anticipates receiving from Dr. Bretholz, and the evidence it seeks regarding Valisure's motivation is available in the US, to the extent it exists. Indeed, Sanofi's Motion acknowledges Valisure's "production to date." For example, request number 7 requests "All Documents and Information *Valisure has provided You*, including all data regarding Ranitidine and Communications with FDA." *See* Dkt. 4481 (emphasis added).

Second, the letters rogatory are speculative and a fishing expedition. For example, Sanofi concedes that the letters rogatory are designed to discover "any coordination with others *currently unknown to Sanofi*" and "gaps in Valisure's production to date" that "Valisure either cannot or will not produce *or make Sanofi aware of*." *See* Dkt. 4481 (emphasis added). In *United States v. El-Mezain*, 664 F.3d 467, 517 (5th Cir. 2011), *as revised* (Dec. 27, 2011), the Fifth Circuit affirmed the denial of the issuance a letter rogatory that sought to "review approximately 2000 boxes of material seized by the Israeli military from the zakat committees" based on the belief "that Avi had cherry-picked pro-Hamas evidence from the seized material to form his opinions about the committees. They therefore wanted to search for exculpatory evidence." The Fifth Circuit held, "During the course of trial, however, the district court indicated that authorizing any further inquiry into the seized materials would be a fishing expedition. We do not think the court's assessment was an abuse of discretion." *Id*. Here, Sanofi has not even proffered the evidence it anticipates receiving, let alone demonstrated why it is relevant. On the contrary, Sanofi expressly admits that it does not know whether any responsive information exists, and therefore, the basis for the issuance is Sanofi's speculation.

Third, the proposed letters rogatory included with the Motion exceed Sanofi's purported justification for seeking the letters rogatory. Sanofi specifically represents to this Court that Dr. Bretholz has "unique" information, yet its discovery requests seek information over which he

cannot possibly be the unique source. The following are non-exhaustive examples of requests that facially exceed the justification set forth in the Motion:

> **REQUEST FOR PRODUCTION NO. 5:**
> All Documents, Information, or Communications You have regarding the Case, including Communications You have made Regarding the Case.
>
> **REQUEST FOR PRODUCTION NO. 17:**
> All documents related to Memorial Sloan Kettering Cancer Center's studies regarding Ranitidine, including all documents related to the submission of such studies to scientific or academic journals.

The above-referenced requests are demonstrably broad and not limited to the subject matters, as Sanofi represented to this Court, that constitute the basis for issuance of the letters rogatory. Rather, Sanofi demands all documents, information, and communications relating to this action. Further, request 17 demands documents from *Memorial Sloan Cancer Center*, which would burden Dr. Bretholz with gathering documents related to yet another non-party, which Valisure understands has similarly produced all responsive documents in its possession.

As yet another example, requests 18-20 improperly seek *Valisure's* business plans and other confidential Valisure materials, and *Valisure's* relationships with its lawyers and law firms:

> **REQUEST FOR PRODUCTION NO. 18:**
> All documents involving Valisure's business plan to the extent they relate to testing for carcinogens, Ranitidine testing, NDMA testing, or the Citizen Petition, including profit projections, organizational charts, and sources of funding and/or revenue.
>
> **REQUEST FOR PRODUCTION NO. 19:**
> Documents sufficient to show any business plan related to increasing the need for impurity testing of pharmaceuticals, including profit projections.
>
> **REQUEST FOR PRODUCTION NO. 20:**
> Documents sufficient to show all relationships with any lawyer or law firm regarding Valisure and the Citizen Petition or any other Valisure citizen petition.

*Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1274 (11th Cir. 2015), is instructive because it provides a factually similar scenario where the Eleventh Circuit affirmed the denial of the issuance of letters rogatory to a non-party in Canada. There, as here, "over a year into discovery," the plaintiff, a creator of stock images for the yellow pages phone book, "asked the district court to issue letters rogatory to the appropriate Canadian authorities to depose" YPG Canada in support of the plaintiff's theory that defendant YPG (Yellow Pages Group) had infringed upon plaintiff's copyright. *Id*.

> [Plaintiff] sought to depose a YPG Canada designee on all of the sources of its photos used in all of its phone directories, on all of the company's salespeople and graphic artists, and on all third parties used by the company for advertisement production. It also sought a corporate designee on the relationship of YPG Canada with three other non-parties: Canpages, Inc., a company that YPG Canada had acquired in 2010 and that was also a licensee of YPPI's, Volt Information Sciences, Inc., also a licensee of YPPI's, and YPG Directories, LLC. The associated document requests sought all agreements between YPG Canada and other third parties such as Canpages, and copies of all Canpages phone directories, regardless of whether they contained YPPI's photos.

The Eleventh Circuit wrote that the plaintiff "sought this nearly unfettered access to YPG Canada because it argued that [defendant] YPG builds ads for not only [co-defendant] Ziplocal but also YPG Canada, and [plaintiff's] photos were showing up in YPG Canada's publications, such as in videos located on YPG Canada's website." *Id*. Since YPG Canada was not one of plaintiff's licensees, plaintiff "believed that YPG was illegally transferring [plaintiff's] photos to YPG Canada for use in its ads." *Id*. The defendants objected to the request on the basis of overbreadth and irrelevance.

The Eleventh Circuit wrote, "The district court refused to issue letters rogatory to the Canadian authorities, *finding that any information that YPPI needed could be gathered within the confines of the United States*." *Id*. (emphasis added). Further, the Eleventh Circuit determined that the District Court had not abused its discretion because the plaintiff "was not prejudiced by its

inability to conduct discovery from YPG Canada" because plaintiff continued to pursue discovery from defendant YPG on the information that plaintiff sought to discover from non-party YPG Canada, which confirmed that YPG had not transferred any copyright protected material to YPG Canada. *Id*. at 1275.

*Yellow Pages Photo* controls this issue because, as shown above, not only are the requests overbroad and unduly burdensome, the requests are also cumulative and speculative. As *Yellow Pages Photo* shows, and as Sanofi acknowledges, it seeks information from entities that already received subpoenas, are located in the United States and have appropriately complied with production.

There is no prejudice to Sanofi as Sanofi can seek (and has already sought) the same information from U.S. sources. There is no justification for harassing Dr. Bretholz in Canada and forcing him to search for and gather documents and communications from entities with whom he may have interacted that are located in the United States – particularly as here where such information has already been appropriately produced or is being produced.

Finally, the handling of the underlying motion is emblematic of the pervasive harassment of persons associated with Valisure and has precipitated Valisure's need to respond to the Motion. Valisure has learned that with only a few hours' notice, Sanofi called counsel for Dr. Bretholz's brother, Michael Bretholz, Esq., insisting that he hold an immediate meet and confer with respect to the Motion notwithstanding that Sanofi had not even provided him with a copy of same. Burstyn Decl. Exh. A. After Sanofi was told that Mr. Burstyn required just *one business day* after the conclusion of Federal and Jewish holidays to determine whether he would be engaged by Dr. Bretholz and have a meet and confer, Sanofi repeatedly questioned the legitimacy of counsel's request and accused him in writing of being "dilatory." These accusations persisted despite the fact that Dr. Bretholz is an emergency room pediatrician in Canada who was unable to respond to the

Motion in the narrow window that Sanofi demanded. After counsel raised with Sanofi that it was facially illogical to claim that Dr. Bretholz was the "only" source of information that was plainly in the hands of other entities, it was Sanofi that took almost all of *three weeks* to revise its draft Motion—replacing the word "only" with the synonym "unique," tinkering at the margins, and without narrowing the requests to their purported justification.

Counsel to the Defendants have stated repeatedly in writing and in conferences their refusal to compensate non-parties who are associated with Valisure due to its role in filing the Citizen's Petition with regard to the Defendants' products. Burstyn Decl. Exh. A. Defendants have further sought to embarrass and burden such non-parties through fishing expeditions. This latest attempt to abuse JPML discovery procedures, now through the letters rogatory process, should be denied. Sanofi has not met the required showing under Rule 28. The Motion far exceeds its purported justification.

## CONCLUSION

Based on the foregoing, Valisure LLC requests entry of an order denying Sanofi's Motion for Issuance of Letters of Request (Letters Rogatory) and Incorporated Memorandum of Law, or in the alternative, an order striking all requests that seek overly broad, burdensome, cumulative, duplicative and speculative requests, and any other relief the Court deems appropriate, including fees and costs.

Dated: October 19, 2021

Respectfully submitted,
**ROBINSON & COLE LLP**
777 Brickell Avenue, Suite 680
Miami, FL 33131
Telephone: (786) 725-4111
Facsimile: (786) 725-4121

By: /s/ Eugene P. Murphy
Eugene P. Murphy
Florida Bar No. 638501
emurphy@rc.com
***Attorney for Non-Party Valisure LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2021, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

/s/ Eugene P. Murphy _____

## SERVICE LIST

| | |
|---|---|
| Christopher M. Strongosky, Esq.<br>**DLA Piper LLP (US)**<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Email: Christopher.strongosky@us.dlapiper.com<br>*Counsel for Sanofi US Services Inc. and Sanofi-Aventis U.S. LLC* | Anand Agneshwar, Esq.<br>Paige Sharpe, Esq.<br>**Arnold & Porter Kaye Scholer LLP**<br>250 West 55th Street<br>New York, NY 10019<br>Email: anand.agneshwar@arnoldporter.com<br>paige.sharpe@arnoldporter.com<br>*Counsel for Sanofi US Services Inc. and Sanofi-Aventis U.S. LLC* |
| Joanne M. O'Connor, Esq.<br>**Jones Foster Johnston & Stubbs**<br>505 S Flagler Drive Suite 1100<br>P.O. Box 3475<br>West Palm Beach, FL 33402-3475<br>Tel: (561)-659-3000<br>Fax:(561)-650-5300<br>Email: Jocormor@jonesfoster.com<br>*Counsel for Sanofi US Services Inc. and Sanofi-Aventis U.S. LLC* | |