**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE:  ZANTAC (RANITIDINE)                                    MDL NO. 2924
PRODUCTS LIABILITY                                              20-MD-2924
LITIGATION

                                                    JUDGE ROBIN L. ROSENBERG
                                      MAGISTRATE JUDGE BRUCE E. REINHART

_____/

## FINAL JUDGMENT

**Entry of Final Judgment in Favor of the Generic Defendants**

By Order dated December 31, 2020, this Court dismissed all claims asserted against the

Generic Manufacturer and Repackager Defendants in Plaintiffs' Master Personal Injury Complaint

("MPIC") as pre-empted by federal law.  [DE 2512].  All claims based on alleged product and

labeling defects brought against Generic Manufacturer Defendants were dismissed with prejudice.

The Court granted Plaintiffs leave to re-plead claims premised on, *inter alia*, a failure to warn

consumers through the FDA, expiration dates, and failures to appropriately package, store, and test

ranitidine.  *Id.*  All claims against Repackager Defendants that relied on absolute liability were

also dismissed with prejudice.  *Id.*  As to the Distributor, Retailer, and Pharmacy Defendants (the

"Retailer Defendants"), the Court rejected the Plaintiffs' absolute liability argument and dismissed

certain claims with prejudice as pre-empted, but granted Plaintiffs leave to replead claims against

them based on alleged negligent storage of ranitidine products.  [DE 2513].  Plaintiffs thereafter

filed an Amended Master Personal Injury Complaint ("AMPIC") [DE 2759].

By Orders dated June 30, 2021 and July 8, 2021, this Court dismissed with prejudice all

claims asserted in the AMPIC against the Generic Manufacturer Defendants as pre-empted by

federal law [DE 3716; 3750].  The Court also dismissed the remaining claim pending against the

Retailer Defendants in the AMPIC as implausibly pled, without leave to amend.  [DE 3716].

Thereafter, the Plaintiffs, Generic Manufacturer Defendants, and Retailer Defendants each

filed motions requesting entry of Final Judgment pursuant to various Federal Rules of Civil

Procedure.  [DE 3863; 3893; 3933; 3934]. The Court has now considered the submissions of the

Parties with respect to Entry of Final Judgment, and for the reasons set forth in this Court's

November 1, 2021 Order [DE 4595] (the "November Order"), **FINAL JUDGMENT** is hereby

entered as follows:

1.      Some Plaintiffs have named *only* one or more Generic Manufacturer Defendants in

their Short Form Complaints (the "Generic-Only Cases").  As reflected in **Appendix A** attached

hereto, a subset of Plaintiffs in Generic-Only Cases have declined to amend their Short Form

Complaints and instead have proceeded directly to appeal.  For the reasons set forth in the

November Order, this Court finds that entry of final judgment pursuant to Rule 58 is appropriate

for all Generic-Only Cases in which a Plaintiff has filed a notice of appeal.  Accordingly, it is now

**ORDERED AND ADJUDGED** that Final Judgment pursuant to Rule 58(a) is entered in favor of

the Generic Manufacturer Defendants in all cases listed in **Appendix A**.

2.      Most Plaintiffs have named Generic Manufacturer Defendants *and* Brand Name

Manufacturer or Retailer Defendants in their Short Form Complaints (the "Mixed-Generic

Cases").  Additionally, Mixed-Generic cases continue to be filed into the MDL and/or transferred

to the MDL.  For the reasons set forth in the November Order, the judgments are properly

considered final with respect to the Generic Manufacturer and Retailer Defendants for purposes of

entry of final judgment pursuant to Rule 54(b).  *See* November Order at 25-26; *Lloyd Noland

Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 779 (11th Cir. 2007) (a judgment that

"disposes entirely of a separable claim or dismisses a party entirely" is properly considered "final" for purposes of Rule 54(b)).

The Court further finds that there is no just reason for delaying the entry of final judgment on all Plaintiffs' claims against the Generic Manufacturer and Retailer Defendants in Mixed Generic Cases.  As set forth in the November Order, "[a]ll of the parties affected by the Court's federal pre-emption rulings – not just a subset of the Generics – should have the opportunity to argue the propriety of the Court's ruling in a single, binding appellate forum, consistent with the purpose of centralized MDL proceedings."  November Order at 30.  After balancing judicial administrative interests and relevant equitable concerns, the Court has therefore determined that Rule 54(b) certification would best serve the interests of the parties and the Court by avoiding piecemeal appeals and the potential for inconsistent rulings.  It would be inequitable and inefficient to delay appellate resolution of the claims brought by those Plaintiffs in Mixed-Generic Cases (including all such cases pending in the MDL as of the date of this Order and those that may be filed after the date of this Order) until the conclusion of all pretrial proceedings.  *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165-66 (11th Cir. 1997).  Accordingly, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, it is now **ORDERED AND ADJUDGED** that Partial Final Judgment is entered in Mixed-Generic Cases as follows:

a.  Final Judgment is entered in favor of the Generic Manufacturer and Repackager Defendants identified in **Appendix B** on the following claims in the MPIC:

Count I: Strict Products Liability – Failure to Warn

Count II: Strict Products Liability – Design Defect

Count III: Strict Products Liability – Manufacturing Defect

Count IV: Negligence – Failure to Warn

Count V: Negligent Product Design

Count VI: Negligent Manufacturing

Count VII: General Negligence

Count VIII: Negligent Misrepresentation

Count IX: Breach of Express Warranties

Count X: Breach of Implied Warranties

Count XI: Violation of Cons. Protection and Deceptive Trade Practices Laws

Count XII: Unjust Enrichment

Count XIII: Loss of Consortium

Count XIV: Survival Actions

Count XV: Wrongful Death.

b.     Final Judgment is entered in favor of the Generic Manufacturer Defendants

identified in **Appendix B** on the following claims in the AMPIC:

Count III: Strict Products Liability – Failure to Warn Through Proper Expiration Dates

Count IV: Negligence – Failure to Warn Through Proper Expiration Dates

Count V: Failure to Warn Through the FDA

Count VII: Strict Products Liability – Design Defect Due to Improper Expiration Dates

Count VIII: Negligent Failure to Test

Count IX: Negligent Product Containers

Count X: Negligent Storage Outside of Labeled Range

Count XI: Negligent Storage and Transportation.

Count XIV: Unjust Enrichment

Count XV: Loss of Consortium

Count XVI: Survival Actions

Count XVII: Wrongful Death

3.      Judgment shall be effective as of the date of this order for all for Mixed-Generic cases currently pending in the MDL which (i) incorporate any of the claims from the MPIC against the Generic Manufacturer and/or Repackager Defendants; or (ii) incorporate any of the claims from the AMPIC against the Generic Manufacturer Defendants.  For Mixed-Generic cases filed after the date of this Order but which incorporate claims from the MPIC (against Generic Manufacturer or Repackager Defendants) or AMPIC (against Generic Manufacturer Defendants), judgment shall be effective as of the date that an individual Plaintiff files such a Short Form Complaint.

4.      The Clerk of the Court shall docket a copy of this judgment on the MDL docket and in each of the cases identified in **Appendix A**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 15th day of November, 2021.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE