## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

IN RE:  ZANTAC (RANITIDINE)                                        MDL NO. 2924
PRODUCTS LIABILITY                                                    20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

### PRETRIAL ORDER # 69
**Bellwether Selection**

This Order sets forth initial procedures to prepare for the selection of the cases that will proceed to personal injury bellwether trials in this multi-district litigation ("MDL").  This Order provides the steps that shall take place prior to the Court issuing rulings on *Daubert* motions on general causation.  Following those rulings the Court expects that it will, with the parties' input, issue a second Order providing additional procedures and deadlines leading to the beginning of the first bellwether trial.

The parties have negotiated bellwether selection procedures and have submitted two versions of an agreed-upon proposal on this subject to the Court.[1]  The Court adopts much of the parties' second bellwether proposal in this Order.  The Court does not adopt the parties' proposal in its entirety, however.  This Order reflects the Court's determination as to the initial bellwether selection procedures that will best serve this MDL.

## I.  BACKGROUND

As of the date of this Order, in excess of 1,800 cases have been consolidated into this MDL in which individuals assert personal injury claims related to the ingestion of ranitidine.  The Court

---

[1] The Court has dismissed from the master complaints all claims against Defendants other than those alleged to have manufactured brand-name ranitidine products. *See* DE 3716; DE 3750.  The word "parties" as used in this Order includes those Defendants named in the Second Amended Master Personal Injury Complaint. DE 3887.

refers to the individuals with filed personal injury cases as "Plaintiffs."  In addition, in Pretrial Order # 15, the Court created a process whereby individuals who have not yet filed lawsuits may register their personal injury claims related to the ingestion of ranitidine. *See* DE 547.  The Court refers to these individuals as "Claimants."  As of the date of this Order, in excess of 150,000 Claimants have registered their claims.  Through the use of Census Plus Forms ("CPF"), both Plaintiffs and Claimants have entered information about themselves and their claims into a database maintained by Litigation Management, Inc. ("LMI").  The Court refers to this database as the "Registry."

On October 5, 2021, the parties submitted to the Court an agreed-upon proposal for the selection of personal injury cases to proceed to bellwether trials. *See* DE 4506 at 2-12.  The Court held a hearing on the proposal in an open proceeding through Zoom teleconference on October 25.  During the hearing, the parties explained each step of their proposal and answered the Court's various questions.  The parties stated that they were continuing to negotiate certain provisions of the proposal and that they would submit a second proposal following those negotiations.  The parties submitted their second bellwether proposal to the Court on November 4.  A copy of that second proposal is attached to this Order.

Under both bellwether proposals, the pool of cases eligible for bellwether selection would be comprised only of Plaintiffs and Claimants residing in the state of Florida.  The parties explain in their proposals that they agree on this provision for two reasons.  First, trying cases venued in Florida avoids the need for *Lexecon* waivers. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34-40 (1998) (holding that a federal district court presiding over an MDL has no authority to invoke the change-of-venue statute to assign a transferred case to itself for trial).

Second, the Court has subpoena power over witnesses with case-specific information about Florida Plaintiffs and Claimants.

The Court has reviewed multiple authorities on the administration of MDLs that stress the desirability of selecting cases for bellwether trials that are representative of the cases in the MDL as a whole. For example, the Federal Judicial Center's Manual for Complex Litigation states: "If individual trials, sometimes referred to as bellwether trials or test cases, are to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases." Manual for Complex Litigation § 22.315 (4th ed. 2004). Other authorities caution courts against assuming that the cases of residents from one state will be representative of a nationwide pool of cases. *E.g.,* Loren H. Brown *et al.*, *Bellwether Trial Selection in Multi-District Litigation: Empirical Evidence in Favor of Random Selection*, 47 Akron L. Rev. 663, 683 (2014). Thus, during the October 25 hearing, the Court inquired about the parties' choice to include only Florida Plaintiffs and Claimants in the bellwether pool and about whether such a pool will be representative of all of the individuals and claims in this MDL.

The parties provided additional reasons, beyond the issues with *Lexecon* waivers and the Court's subpoena power, for selecting Florida for the bellwether pool. The parties explained that both sides independently reviewed reports from LMI about the information in the Registry, and the parties are satisfied that, in terms of demographics and product usage, Florida Plaintiffs and Claimants are representative of Plaintiffs and Claimants nationwide. T. at 11-13.[2] As examples, the distributions of ages, cancer types, durations of product use, and types of products used are substantially similar when comparing Florida Plaintiffs and Claimants to Plaintiffs and Claimants nationwide. *Id.* at 13. The parties believe that the large Florida population will provide an adequate

---

[2] "T." refers to the transcript of the October 25 hearing.

pool of cases for bellwether selection. *Id.* at 9.  The parties also compared Florida state law with the law of other states and believe that Florida "is kind of in the middle from the standpoint of substantive law that would be of assistance from the standpoint of formulating settlement values and the like." *Id.* at 15.

Following the hearing, the Court received and reviewed the same types of LMI reports that the parties relied upon to reach their mutual conclusion that Florida will provide a representative pool of Plaintiffs and Claimants for the selection of bellwether trials.  Based on its own independent review and after considering the parties' justifications, the Court is satisfied that, at this time and with the current composition of Plaintiffs and Claimants who have entered the Registry, Florida Plaintiffs and Claimants are representative of Plaintiffs and Claimants nationwide.  Thus, at this time the Court intends to draw from Florida Plaintiffs and Claimants for the purpose of bellwether selection.  Should the composition of the Registry change, the Court may modify the procedures contained in this Order.

## II.  BELLWETHER POOL

A.  On January 8, 2021, Plaintiffs' Leadership Counsel disclosed the ten (10) types of cancer that, as of that date, they intended to litigate in this MDL.  Those types of cancer were bladder, breast, colorectal/intestinal, esophageal, gastric, kidney, liver, lung, pancreatic, and prostate. DE 2533.

B.  On November 17, 2021, Plaintiffs' Leadership Counsel disclosed that they no longer intend to litigate breast and kidney cancer in this MDL. DE 4676.  Thus, as of the date of this Order, the types of cancer that continue to be litigated in this MDL are bladder, colorectal/intestinal, esophageal, gastric, liver, lung, pancreatic, and prostate.

C.  Under Second Amended Pretrial Order # 65, Plaintiffs' Leadership Counsel will provide expert reports on general causation by January 24, 2022, thereby identifying the types of cancer that they intend to continue to litigate through the *Daubert* stage of this MDL. DE 4660.[3]  Each deadline in this Order applies only with respect to the types of cancer that continue to be litigated in this MDL as of the deadline.

D.  According to reports that the Court has received from LMI, as of early November 2021 there were in excess of 4,000 Florida Plaintiffs and Claimants entered in the Registry (1) who have non-deficient CPFs; (2) who allege at least one of the cancer types that continue to be litigated in this MDL; (3) who make claims based at least in part on ingestion of brand-name ranitidine; and (4) whose Registry data does not reveal a potential Defendant who would destroy federal subject matter jurisdiction based on diversity of citizenship.[4]

E.  By **December 9, 2021**, 75% or more of the Florida Plaintiffs and Claimants who entered into the Registry on or before November 11, 2021 and who meet each of the four criteria in the preceding paragraph shall provide to Plaintiffs' Leadership Counsel the certification, either individually or through counsel, attached hereto as Exhibit A.[5]  The Florida Plaintiffs and Claimants who so certify by December 9, 2021, shall constitute the "Bellwether Pool."

---

[3] Plaintiff's Leadership Counsel has thus far provided prompt notice when they determine that they will no longer be pursuing one of the previously identified cancers.  It is the Court's expectation that this practice will continue through January 24, as the Court is mindful of the costs associated with the discovery set forth in this Order.

[4] "Non-deficient" refers to those CPFs that do not include a deficiency that, under Pretrial Order #'s 38 and 56, could lead to a Plaintiff's or Claimant's removal from the Registry and the dismissal of a Plaintiff's case. *See* DE 1479; DE 2325.  Plaintiffs and Claimants making claims based solely on ingestion of generic ranitidine are excluded because the Court has dismissed from the master complaints all claims against the manufacturers of generic ranitidine products. *See* DE 3750.

[5] Should less than 75% of the eligible Florida Plaintiffs and Claimants provide the certification, the Court may conduct an inquiry as to why this 75% requirement was not reached and may modify the procedures contained in this Order.

### III.   INITIAL DISCOVERY POOL

A.   In their second bellwether proposal, the parties set a date of November 8, 2021, to agree upon the form of signed medical authorizations and other required authorizations.  Special Master Dodge has informed the Court that the parties have reached agreement on the form of all authorizations.

B.   On **December 10, 2021**, the parties shall use the Microsoft Randomizer to randomly select eight percent (8%) of the Bellwether Pool for each cancer type, or a total of twenty-five (25) Plaintiffs and Claimants per cancer type for any cancer type in which eight percent (8%) of the Bellwether Pool does not exceed twenty-five (25).  The selected Plaintiffs and Claimants shall constitute the "Initial Discovery Pool."

C.   If at any time the Initial Discovery Pool for any cancer type drops below twenty-five (25), and there is otherwise no procedure for replacement under the terms of this Order, the parties shall use the Microsoft Randomizer to select replacement Plaintiffs and Claimants from the Bellwether Pool to replenish the Initial Discovery Pool to twenty-five (25) per cancer type.

D.   All Plaintiffs and Claimants selected for the Initial Discovery Pool on December 10 shall by **December 16, 2021**, file a Short Form Complaint using the process in Amended Pretrial Order # 31, if he or she has not already done so. *See* DE 1496.  Any Plaintiff or Claimant added to the Initial Discovery Pool at any time shall within six (6) days of selection file a Short Form Complaint using the process in Amended Pretrial Order # 31, if he or she has not already done so.

E.   The Answers to the Second Amended Master Personal Injury Complaint [DE 4101, 4102, 4103, 4105, and 4205] shall constitute answers that preclude a Plaintiff in the Initial Discovery Pool from unilaterally dismissing his or her case under Federal Rule of Civil Procedure 41(a)(1)(A)(i).  Any Plaintiff in the Initial Discovery Pool who wishes to voluntarily dismiss his

or her case shall comply with Federal Rule of Civil Procedure 41(a)(1)(A)(ii) or (a)(2).  For each Plaintiff in the Initial Discovery Pool who voluntarily dismisses his or her case, the Defendants may at their option, within three (3) days of execution of a stipulation of dismissal or of the Court's order of dismissal, select a substitute Plaintiff or Claimant from the Bellwether Pool alleging the same type of cancer to be included in the Initial Discovery Pool.  For each Plaintiff substituted into the Initial Discovery Pool who voluntarily dismisses his or her case, the Defendants may at their option, within three (3) days of execution of a stipulation of dismissal or of the Court's order of dismissal, cause the Microsoft Randomizer to select a substitute Plaintiff or Claimant from the Bellwether Pool alleging the same type of cancer to be included in the Initial Discovery Pool.

## IV.   INITIAL DISCOVERY POOL AUTHORIZATIONS AND PROVIDERS

As to each Plaintiff in the Initial Discovery Pool:

A.  Starting on **December 15, 2021** and continuing on a rolling basis until **January 14, 2022**, each Plaintiff shall serve electronically via LMI signed authorizations and a complete list of the following medical providers: (1) primary healthcare physician(s); (2) gastroenterologist(s); (3) ranitidine-prescribing physician(s), if applicable; (4) physician(s) diagnosing the alleged cancer; and (5) treating oncologist(s).  Any Plaintiffs or Claimants added to the Initial Discovery Pool at any time shall serve the authorizations and list of medical providers required under this paragraph within two (2) weeks of their selection.

B.  If there are deficiencies in any signed authorization or list of medical providers, the Defendants shall notify Plaintiffs' Leadership Counsel and the Plaintiff's individual retained counsel within five (5) days of receiving the deficient authorization and/or list.  The Plaintiff shall correct the deficiencies within two (2) weeks.[6]

---

[6] Adam Pulaski and Andrew Bayman shall meet and confer with Special Master Dodge in advance of the deadlines in Sections IV and V in this Order to determine what shall be deemed "deficiencies."

C. The Defendants may move to dismiss the case of any Plaintiff who has not timely served non-deficient signed authorizations and a non-deficient list of medical providers and who has not timely corrected deficiencies identified by the Defendants. Any dismissal for failure to comply with the terms of this Order may be with prejudice. For each Plaintiff whose case is dismissed under this paragraph, the Defendants may at their option, within three (3) days of the date of the dismissal, select a substitute Plaintiff or Claimant from the Bellwether Pool alleging the same type of cancer to be included in the Initial Discovery Pool.

D. Any disputes over the completeness or sufficiency of signed authorizations or lists of medical providers shall be presented to and decided by Special Master Dodge.

## V. INITIAL DISCOVERY POOL DISCOVERY AND VETTING

### A. CPF Bellwether Supplements

1. By **December 3, 2021**, the parties shall agree upon the form of a CPF Bellwether Supplement.

2. Starting on **February 1, 2022** and continuing on a rolling basis until **April 30, 2022**, each Plaintiff in the Initial Discovery Pool shall serve electronically via LMI a complete CPF Bellwether Supplement executed under oath by the Plaintiff.

3. If there are deficiencies in any served CPF Bellwether Supplement, the Defendants shall notify Plaintiffs' Leadership Counsel and the Plaintiff's individual retained counsel within five (5) days of receiving the deficient CPF Bellwether Supplement. The Plaintiff shall correct the deficiencies within two (2) weeks.

4. The Defendants may move to dismiss the case of any Plaintiff who has not timely served a non-deficient CPF Bellwether Supplement and who has not timely corrected deficiencies identified by the Defendants. Any dismissal for failure to comply with the terms of this Order may

be with prejudice.  For each Plaintiff whose case is dismissed under this paragraph, the Defendants may at their option, within three (3) days of the date of the dismissal, select a substitute Plaintiff or Claimant from the Bellwether Pool alleging the same type of cancer to be included in the Initial Discovery Pool.  Any Plaintiffs or Claimants added to the Initial Discovery Pool shall serve complete CPF Bellwether Supplements within six (6) weeks of their selection.

5.   Any disputes over the completeness or sufficiency of CPF Bellwether Supplements shall be presented to and decided by Special Master Dodge.

**B.  Vetting for Eligibility Criteria**

1.   The parties shall use medical authorizations and CPF Bellwether Supplements to begin the process of records collection and to vet the Initial Discovery Pool for compliance with eligibility criteria.  The parties shall agree upon the eligibility criteria by **March 1, 2022**.  During the October 25 hearing, the parties explained that they anticipate the eligibility criteria will relate to issues such that the parties agree a case should not proceed in the bellwether selection process, such as when a Plaintiff asserts that he or she took ranitidine but pharmacy records indicate that the Plaintiff took a different drug, or when a Plaintiff asserts that he or she took brand-name ranitidine but pharmacy records indicate that the Plaintiff took only generic ranitidine. T. at 46-47.

2.   By **August 1, 2022**, the parties shall submit to the Court a list of the Plaintiffs in the Initial Discovery Pool whose claims do not satisfy the eligibility criteria.  If the parties cannot agree on a joint list following a meet and conferral, they shall submit competing lists on August 1. If competing lists are submitted, the parties shall highlight the Plaintiffs in dispute for the Court. The Court anticipates that it will then issue a list of any Plaintiffs whose claims do not satisfy the eligibility criteria and thus are removed from the Initial Discovery Pool.

3.   The Plaintiffs in the Initial Discovery Pool whose claims satisfy the eligibility criteria and who have served non-deficient authorizations, lists of medical providers, and CPF Bellwether Supplements by the required deadlines shall constitute the "Final Discovery Pool."

4.   The Defendants and counsel for each Plaintiff in the Initial Discovery Pool shall evenly split the cost of procuring certain agreed upon medical records obtained via the signed authorizations provided by the Plaintiffs.[7]  Each side shall promptly make available to the other side via LMI all medical records obtained.  Any time that Plaintiffs' Leadership Counsel reduces the number of cancer types being litigated in this MDL, Plaintiffs' Leadership Counsel shall immediately inform LMI and terminate the records collection process for Plaintiffs not alleging a cancer type that continues to be litigated in the MDL.  Costs for records collection incurred thereafter for such Plaintiffs shall be borne by Plaintiffs, rather than split among the parties.

5.   Notwithstanding the procedures contained in this Order, the Court retains the ultimate authority over the selection of which cases proceed to bellwether trials.

## VI.   POST-*DAUBERT* PROCEDURES

The parties' two proposals on bellwether selection procedures included procedures and deadlines whereby, following the Court's rulings on *Daubert* motions on general causation, the parties would further reduce the number of Plaintiffs at issue and would undertake case-specific discovery and the briefing of case-specific motions.  The Court declines to adopt a post-*Daubert* process or schedule as this stage of the litigation.  Plaintiffs' Leadership Counsel has not yet finalized the number and types of cancer that they will litigate in this MDL.  The Court has not yet had the benefit of the parties' Science Day presentations and *Daubert* briefing.  The Court recognizes the importance of the bellwether trials for all parties and believes that various factors

---

[7] The parties have agreed to this cost-splitting arrangement.

may help to inform the Court as to the manner in which cases should be prepared for bellwether trials.  The Court anticipates setting a hearing immediately after issuing its last *Daubert* ruling to discuss with the parties the additional procedures and the schedule that will lead to the beginning of the first personal injury bellwether trial in this MDL.  The parties have represented that they will be ready to commence the first bellwether trial in the summer of 2023, if not sooner, and the Court is prepared to preside over this trial at the earliest appropriate date.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 19th day of November, 2021.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

## EXHIBIT A – BELLWETHER ORDER CERTIFICATION

I hereby certify that, if selected to be in the Initial Discovery Pool (as defined in the Court's Pretrial Order No. 69 (Bellwether Selection)), I will not bring claims against non-diverse defendants and thus will file my complaint in the MDL by the deadline set forth in that Order. I understand that as a Plaintiff, I will be bound by the MDL Court's orders.


PLAINTIFF or CLAIMANT NAME:    _____

PLAINTIFF or CLAIMANT LMI ID#:    _____


SIGNED BY (electronic signature permitted):




_____
Plaintiff or Claimant


**OR**




_____
Counsel for Plaintiff or Claimant, on behalf
of                                                            Plaintiff or Claimant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE:  ZANTAC (RANITIDINE)                                     MDL NO. 2924
PRODUCTS LIABILITY                                             20-MD-2924
LITIGATION

                                              JUDGE ROBIN L. ROSENBERG
                                       MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**PRETRIAL ORDER**
**(Bellwether Selection)**

This Order shall govern the process and plan for selecting personal injury bellwether

Plaintiffs from those cases currently filed in or transferred to this MDL 2924 and unfiled Claimants

in the Registry as of September 30, 2021.

**I.      BELLWETHER POOL**

A.  Pursuant to PTO 15, and applicable orders entered thereafter, the Court ordered and the

parties have maintained a database of cases filed in or transferred to this MDL and a

Census Registry of unfiled Claimants, containing information about the Plaintiffs and

Claimants and their claims and documents submitted and/or collected through a Census

Plus Form ("CPF") process.

B.  On January 8, 2021, Plaintiffs' Leadership Counsel ("PLC") disclosed to the Court ten

(10) types of cancers that, as of that date, they intended to pursue in this MDL: Bladder

Cancer;  Breast  Cancer;  Colorectal  Cancer;  Esophageal  Cancer;  Gastric

(Stomach/Intestinal) Cancer; Kidney Cancer; Liver Cancer; Lung Cancer; Pancreatic

Cancer; and Prostate Cancer.

C.  The Court intends to use Plaintiffs and Claimants residing in the state of Florida as

bellwether Plaintiffs in this MDL for two reasons: first, no Lexecon waivers are needed

for any trials of these Plaintiffs' and Claimants' actions; and second, this Court has subpoena power over witnesses with case-specific information regarding these Plaintiffs and Claimants.

D.  As of November 2, 2021, the numbers of non-deficient Florida Plaintiffs and Claimants (excluding generic use only cases and claims, and those where the Census Registry data revealed a potential in-state defendant) alleging the ten (10) cancers disclosed by the PLC, are as follows:

| Type of Cancer Alleged | # of Florida Plaintiffs and Claimants |
| --- | --- |
| Bladder | 737 |
| Breast | 1,299 |
| Colorectal | 915 |
| Esophageal | 331 |
| Gastric (Stomach/Intestinal) | 388 |
| Kidney | 681 |
| Liver | 271 |
| Lung | 311 |
| Pancreatic Cancer | 290 |
| Prostate | 1,443 |

E.  75% or more of the above-referenced Florida Plaintiffs and Claimants will certify – either individually or through their counsel, in the form attached hereto as Exhibit A – before December 9, 2021, that if selected to be in the Initial Discovery Pool, they will not bring claims against non-diverse defendants and thus will file their complaints in the MDL and also be bound by the MDL Court's orders.  The Florida Plaintiffs and Claimants who so certify by December 9, 2021 are deemed the "Bellwether Pool."

F.  On December 20, 2021, pursuant to PTO 65, PLC will provide Plaintiffs' expert reports on general causation which will identify the cancers they intend to continue pursuing in the MDL.

## II.   INITIAL DISCOVERY POOL

A. By November 8, 2021, the parties shall agree upon the form of signed medical authorizations and other required authorizations.

B. On December 10, 2021, the parties will use the Microsoft Randomizer to randomly select a combined eight percent (8%) of the Bellwether Pool in each cancer category, or 25 combined Plaintiffs and Claimants per category in any alleged cancer category in which 8% of the combined Bellwether Pool does not exceed 25.

C. The Plaintiffs and Claimants selected under this paragraph will form the initial discovery pool (hereinafter, "Initial Discovery Pool"). If at any time the Initial Discovery Pool for any of the cancer categories drops below twenty-five (25), the Court will use the Microsoft Randomizer to select replacement cases from the Bellwether Pool to replenish the bellwether discovery pool to twenty-five (25) cases per cancer category. All Plaintiffs and Claimants who are selected for the Initial Discovery Pool will within six days (6) of selection file an individual Complaint, if not already done, using the Short Form Complaint process in Pretrial Order No. 31.

D. By December 17, 2021, any Plaintiff selected for the Initial Discovery Pool who does not intend to proceed with his or her case and be subject to the discovery and deadlines set forth in this Order will voluntarily dismiss his or her case with prejudice, with each party to bear its own costs.[1] For each Plaintiff in the Initial Discovery Pool who voluntarily dismisses his or her case, Defendants may at their option substitute another

---

1. For purposes of the dismissal with prejudice provisions of Sections II.D, III.C, IV.A.3, and V.B.2, if a Plaintiff does not respond after documented diligent efforts to contact him/her, or cannot respond fully because of a reasonable medical or other hardship, the parties can agree to extend the deadline for that Plaintiff. If there is no agreement to extend, or if any extended deadline passes, then Defendants may at their option substitute another Plaintiff or Claimant from the Bellwether Pool asserting the same cancer. The substituted Plaintiff's Short Form Complaint will be dismissed with prejudice ten (10) days thereafter unless that Plaintiff can show good cause for his/her failure to respond.

Plaintiff or Claimant from the Bellwether Pool asserting the same cancer to be included in the Initial Discovery Pool, by December 20, 2021 by 10:00 AM EST.  Any Plaintiffs or Claimants added to the Initial Discovery Pool as replacements will within four (4) days of selection file an individual Complaint, if not already done, using the Short Form Complaint process in Pretrial Order No. 31.[2]  By January 7, 2022, any Plaintiff who does not intend to proceed with his or her case and be subject to the discovery deadlines set forth in this order will voluntarily dismiss his or her case with prejudice, with each party to bear their own costs, and  Defendants may at their option, by January 14, 2022, cause the Microsoft Randomizer to select a substitute another Plaintiff or Claimant from the Bellwether Pool asserting the same cancer category to be included in the Initial Discovery Pool.

III.   **INITIAL DISCOVERY POOL AUTHORIZATIONS AND PROVIDERS**

As to each of the Plaintiffs in the Initial Discovery Pool:

A.  Starting December 15, 2021, 5 days after the first selection of the Initial Discovery Pool described in II(B) and continuing on a rolling basis until January 14, 2022, Plaintiffs will serve electronically via LMI signed authorizations and complete a list of the following medical providers for each Plaintiff (1) Primary Healthcare Physician(s); (2) gastroenterologist(s); (3) Ranitidine-prescribing physician(s), if applicable; (4) physician diagnosing the alleged cancer; and (5) treating oncologist(s).  Plaintiffs who are added to the Initial Discovery Pool as replacements must provide the authorizations and list of medical records providers required by this paragraph by January 20, 2022.

---

2.  The parties agree that any discrepancies between information or allegations contained in Short Form Complaints filed by Plaintiffs or Claimants selected for the Initial Discovery Pool (either initially or as replacements) and the subsequent Census Plus Form Bellwether Supplements required by Section IV or Amended Short Form Complaints filed under Section V(B)(2) will not be discoverable nor admissible.

B.  If there are deficiencies in any signed authorizations or list of medical providers served under this paragraph, Defendants will endeavor to notify PLC and Plaintiffs' counsel (as identified in the signed medical authorizations) within five (5) days of receiving them.  Plaintiffs will correct the deficiencies within two weeks.[3]

C.  Any Plaintiff who has not timely served substantially complete, non-deficient signed authorizations and a complete list of medical providers or who has not timely corrected deficiencies identified by Defendants will be dismissed with prejudice with each party to bear its own costs, and Defendants may at their option substitute another Plaintiff or Claimant from the Bellwether Pool asserting the same alleged cancer to be included in the Initial Discovery Pool.

D.  To the extent there are disputes over the completeness or sufficiency of the signed authorizations or list of medical providers, such disputes will be presented to and decided by the Special Master.

## IV.  **BELLWETHER DISCOVERY POOL**

### A.  **Census Plus Form ("CPF") Bellwether Supplements**

1.  By December 3, 2021, the parties shall agree upon the form of a CPF Bellwether Supplement.

2.  Between February 1, 2022 and April 30, 2022, and on a rolling basis between therein to the extent possible, Plaintiffs in the Initial Discovery Pool will serve electronically via LMI a completed CPF Bellwether Supplement executed under oath by the Plaintiff.  If there are deficiencies in any CPF Bellwether Supplement served under this paragraph, Defendants will notify PLC and Plaintiffs' counsel (as

---

3. Adam Pulaski and Andrew Bayman will meet and confer with the Special Master in advance of the deadlines in Sections III, IV, and V in this Order to determine what shall be deemed deficiencies.

identified in the CPF Bellwether Supplement) and Plaintiffs will correct the deficiencies within 14 days.

3. Any Plaintiff who has not timely served a substantially complete, non-deficient CPF Bellwether Supplement or timely corrected deficiencies identified by Defendants will be dismissed with prejudice with each party to bear its own costs, and Defendants may at their option substitute a replacement Plaintiff or Claimant from the Bellwether Pool asserting the same cancer type to be included in the Initial Discovery Pool by May 16, 2022.[4]  In addition to serving authorizations and a list of providers pursuant to Section III, any such replacement Plaintiff shall serve a CPF Bellwether Supplement by June 3, 2022.

4. To the extent there are disputes over the completeness or sufficiency of a CPF Bellwether Supplement, such disputes will be presented to and decided by the Special Master.

**B.  Vetting for Eligibility Criteria**

1. The parties will use medical records and CPF Bellwether Supplements to begin the process of records collection and to vet the Initial Discovery Pool for compliance with eligibility criteria to be agreed by the parties by March 1, 2022.

2. By August 1, 2022, the parties will provide to the Court a list of Plaintiffs in the Initial Discovery Pool whose claims do not satisfy the eligibility criteria.  The parties shall meet and confer and attempt to submit a joint list, but will submit competing lists on August 1, 2022 if they cannot.  If competing lists are submitted,

---

4. Any unfiled Claimant from the Bellwether Pool not selected for the Initial Discovery Pool (either initially or as a replacement) may remain in the Registry as an unfiled Claimant, subject to compliance with the Court's orders relating to the Registry.

the parties will highlight the disputed Plaintiffs for the Court, and by August 15, 2022 the Court will issue a list of any Plaintiffs whose claims do not satisfy the eligibility criteria and thus are removed from the Initial Discovery Pool.

3. Plaintiffs in the Initial Discovery Pool whose claims satisfy the eligibility criteria and who have served non-deficient authorizations, provider lists, and CPF Bellwether Supplements by the required deadlines, shall constitute the "Final Discovery Pool."

4. The Defendants and Counsel for each Plaintiff in the Initial Discovery Pool shall evenly split the cost of procuring medical records obtained via the signed authorizations provided by Plaintiffs, and such records shall promptly make available to the other side via LMI all such records obtained.  Plaintiffs will inform LMI of the cancers they are pursuing on the day of disclosure and terminate the records collection process in cases involving Plaintiffs not alleging those cancers. Costs for records collection incurred after the day of disclosure in such cases involving Plaintiffs alleging non-disclosed cancers will be borne by Plaintiffs, not split evenly among the parties.

## V.    SELECTION OF BELLWETHER TRIAL POOL

The Court anticipates ruling on the parties' general causation *Daubert* motions in the fall of 2022.

### A. Sequencing

1. On the first Monday following the date of the last of the Court's general causation *Daubert* decisions, the parties will use the Microsoft Randomizer to set the order of the cancers supported by opinions of experts that survive *Daubert*, for purposes of

proceeding into bellwether discovery, subject to the Court's approval.  The first two cancers as selected by the Microsoft Randomizer will be "Phase One Cancers" [Cancers 1 and 2, respectively] and the second two cancers selected by the Microsoft Randomizer will be "Phase Two" cancers" [Cancers 3 and 4, respectively].  On the same day, the parties will use the Microsoft Randomizer to select from the Final Discovery Pool eight (8) bellwether cases per cancer for each of the Phase One Cancers, forming the "Initial Bellwether Trial Pool."

**B. Phase One Cancers**

1.  Two days after the Initial Bellwether Trial Pool is selected, each side may strike one (1) Plaintiff from each of the Phase One Cancers, creating a "Bellwether Trial Pool" that includes six (6) Plaintiffs per cancer for each Phase One Cancer.  Case-specific written discovery for the Plaintiffs in the Bellwether Trial Pool will open on the same date, and all other case-specific discovery will open the following Monday.  For any Plaintiff in the Bellwether Trial Pool who voluntarily dismisses his or her case or claim on or after the date on which case-specific discovery opens, Defendants may strike an additional case in the same cancer category from the Bellwether Trial Pool.

2.  Each of the twelve (12) Plaintiffs selected for the Bellwether Trial Pool will have 14 days from selection to file an amended Short Form Complaint, if necessary, to correct any information or allegations in Short Form Complaints filed under requirement of section II(C).  The allegations in such Bellwether Trial Pool Plaintiffs' individual operative Complaints shall not differ from the information provided in the CPF Bellwether Supplement produced pursuant to IV(A).  Any Plaintiff in the Bellwether Trial Pool who does not timely file the operative individual Complaint required by this

paragraph, or who files a Complaint containing allegations inconsistent with the information in his or her verified CPF Bellwether Supplement, or amendment thereto, will be dismissed with prejudice with each party to bear its own costs.  Any amendment to the CPF Bellwether Supplement must be filed prior to or on the date of filing an amended Short Form Complaint and based upon later-discovered receipts, purchase records, medical records, or other similar documentation.  Defendants may at their option substitute another Plaintiff from the Final Discovery Pool of the same alleged cancer type to be included in the Bellwether Trial Pool.  Defendants will have three weeks to respond to any Complaints filed by the 12 Bellwether Trial Pool Plaintiffs that Defendants have not yet answered.

3. Within 70 days of case-specific discovery opening in the Bellwether Trial Pool, each party may strike one (1) case per cancer for each of the Phase One Cancers, leaving four remaining Plaintiffs per Phase One Cancer, and Defendants may strike any additional cases permitted pursuant to V(B)(1).  The remaining cases in each of the Phase One Cancers will constitute the "Final Bellwether Trial Pool."

4. 95 days after the case-specific discovery opens on the date set by V(B)(1), case-specific discovery will close in the Final Bellwether Trial Pool.  Only for good cause shown may the parties take a deposition after the close of case-specific discovery.

C. **Phase Two Cancers**

1. Five days after case-specific discovery closes for the Phase One Cancers on the date determined in V(B)(4), the parties will submit joint or competing proposals regarding a schedule for selecting and conducting discovery in Phase Two bellwether cases and setting them for trial.

2.   The Parties' proposals will provide for selection of Phase Two cases within 14 days of

the close of Phase One case-specific discovery.

VI.   **PRETRIAL SCHEDULE**

A.  **Pretrial Motions Practice**

As to the cases in the Final Bellwether Trial Pool established in V(B)(3), the Court orders

as follows:

| Deadline | Event |
|---|---|
| 10 days after close of case specific discovery | Plaintiffs' expert disclosures served and two non-consecutive deposition dates per expert provided |
| 30 days after Plaintiffs' expert disclosures served | Defendants' expert disclosures served and two non-consecutive deposition dates per expert provided |
| 30 days after Plaintiffs' expert disclosures served | Omnibus motions for summary judgment, cross-cutting dispositive motions, |
| 25 days after Defendants' expert disclosures served | Completion of depositions of Plaintiffs' experts |
| 25 days after completion of depositions of Plaintiffs' experts | Completion of depositions of Defendants' experts |
| 21 days after the completion of depositions of Defendants' experts | Case-specific dispositive and *Daubert* motions |
| 14 days after case-specific dispositive and *Daubert* motions filed | Oppositions to case-specific dispositive and *Daubert* motions |
| 7 days after oppositions to case-specific dispositive and *Daubert* motions are filed | Replies on case-specific dispositive and *Daubert* motions |

B.  **Selection of Bellwether Trial Cases**

1.   Assuming the Court rules on the parties' case-specific dispositive and *Daubert* motions

by May 19, 2023, on May 21, 2023, the parties will nominate to the Court and rank in

order of preference the four cases in the first Phase One cancer category to be tried as

the first bellwether trial, and the four cases in the second Phase One cancer category to

be tried as the second bellwether trial, with the order of the Phase One cancer categories

set as described in V(A).  If, however, the Court has not ruled on the parties' case-

specific dispositive and *Daubert* motions by May 19, 2023, the parties will meet and confer on proposed modifications to this Order.

2. On May 23, 2023, the Court will decide which Plaintiff(s) in the first Phase One cancer category shall be tried in the first bellwether trial, and which Plaintiff(s) in the second Phase One cancer category shall be tried in the second bellwether trial.5

3. By May 30, 2023, the parties will meet and confer and submit a proposed schedule for pretrial evidentiary motions and procedural filings in the first trial case.

4. The first bellwether trial is hereby set for July 17, 2023, unless subsequently modified by order of this Court.

**C. Pretrial Hearing on Motions in Limine and Other Pretrial Motions**

By May 21, 2023, the Court intends to enter a subsequent order setting a Pretrial Hearing with respect to its first bellwether trial.

**VII.   SUBSEQUENT BELLWETHER TRIAL CASE SETTINGS**

The Court intends to issue subsequent Orders setting a date for the second through fourth bellwether trials, and addressing bellwether selection with respect to any cancers remaining.

**SO ORDERED,** on this _____ day of November, 2021.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

5. The parties have informed the Court that Plaintiffs will ask for multi-plaintiff bellwether trials and that the Defendants will oppose the same.  That issue is hereby deferred for another day after motion practice thereon.

## <u>EXHIBIT A – BELLWETHER ORDER CERTIFICATION</u>

      I hereby certify that, if selected to be in the Initial Discovery Pool (as defined in the Court's Pretrial Order No.__(Bellwether Selection)), I will not bring claims against non-diverse defendants and thus will file my complaint in the MDL by the deadline set forth in that Order.  I understand that as a Plaintiff, I will be bound by the MDL Court's orders.

PLAINTIFF or CLAIMANT NAME:                    _____

PLAINTIFF or CLAIMANT LMI ID#:               _____

SIGNED BY (electronic signature permitted):

                                           _____
                                           Plaintiff or Claimant

                                           **<u>OR</u>**

                                           _____
                                           Counsel for Plaintiff or Claimant, on behalf
of                                               Plaintiff or Claimant