UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO 2924 20-MD-2924 |
| | JUDGE ROBIN L ROSENBERG MAGISTRATE JUDGE BRUCE REINHART |
| _____/ | |

THIS DOCUMENT RELATES TO: ALL CASES

PRETRIAL ORDER # 70
Order Relating to Deceased Claimants in the Initial Discovery Pool

This Order sets forth initial procedures and deadlines for deceased Claimants who were selected by the Microsoft Randomizer as part of the Initial Discovery Pool under Pretrial Order # 69.[1] The Court is aware that additional time is required to file Short Form Complaints for deceased Claimants in the Initial Discovery Pool who require commencement of probate proceedings in order for a personal representative to be appointed to file a Short Form Complaint.

I.   DEADLINES

A.   Short Form Complaints for deceased Claimants in the Initial Discovery Pool must be filed by **March 10, 2022**. The Special Master may grant an extension of this deadline only with good cause shown, and no extensions shall be granted beyond May 10, 2022. Good cause may not be found if the probate process for the deceased Claimant's estate has not yet been initiated with the appropriate court unless the Special Master determines, upon reasonable notice from counsel prior to March 10, 2022, that the representative of a deceased Claimant's estate has a

---

[1] Any defined terms herein, unless otherwise noted, refer to those terms as they are defined in Pretrial Order # 69.

COVID-related reason justifying his or her inability to initiate the probate process between the date of entry of this Order and March 10, 2022.

   B.  If an extension for good cause is granted and, by **May 10, 2022**, the probate Court has not issued the necessary documents to allow a personal representative to file a Short Form Complaint on behalf of a deceased Claimant in the Initial Discovery Pool, that deceased Claimant shall be removed from the Initial Discovery Pool and returned to the Registry, with tolling in accordance with Pretrial Order # 15, and Defendants may replace that deceased Claimant as provided for in this Order.

   C.  Counsel for deceased Claimants are directed to advise Defendants as soon as possible if it is determined that the representative or party acting on behalf of a deceased Claimant in the Initial Discovery Pool does not intend to proceed with the deceased Claimant's claims. Upon such notice, such deceased Claimants shall be immediately exited from the Registry, tolling shall end pursuant to Pretrial Order # 15, and Defendants may replace that deceased Claimant as provided for in this Order.

**II.**  **PROCEDURE FOR REPLACEMENT**

   A.  Defendants shall choose three (3) potential replacement Plaintiffs/Claimants from the Bellwether Pool for each of the designated cancers, for up to a total of twenty-four (24) potential replacement candidates for the Initial Discovery Pool ("Potential Bellwether Replacements"). If the representative or party acting on behalf of a deceased Claimant in the Initial Discovery Pool elects not to proceed with the deceased Claimant's claims or otherwise does not file a Short Form Complaint in accordance with the deadlines and requirements set out in Section I of this Order, Defendants may replace the deceased Claimant with a Potential Bellwether

Replacement asserting the same alleged cancer. The Potential Bellwether Replacements may be, but are not required to be, deceased Claimants.

B. If a deceased Claimant in the Initial Discovery Pool is replaced by a Potential Bellwether Replacement, the deceased Claimant shall immediately be exited from the Registry, and tolling shall end pursuant to Pretrial Order # 15, except as provided for in Section I.B of this Order.

C. The Potential Bellwether Replacements shall be replenished such that there are three Potential Bellwether Replacements per designated cancer type through March 10, 2022.

D. Potential Bellwether Replacements shall be treated as a replacement Plaintiff/Claimant under Pretrial Order # 69 for the purposes of determining the applicable deadlines and obligations regarding the provision relating to medical authorizations and submission of CPF Bellwether Supplements. Record collection for Potential Bellwether Replacements may commence as soon as authorizations are submitted to LMI, and Defendants may have access to these records as they become available.

E. If the Potential Bellwether Replacement selected as a replacement for the Initial Discovery Pool is not a deceased Plaintiff/Claimant, the applicable deadlines and obligations regarding the filing of a Short Form Complaint for a Bellwether Replacement set out in Pretrial Order # 69 shall apply. If the Potential Bellwether Replacement selected as a replacement for the Initial Discovery Pool is a deceased Claimant, the Potential Bellwether Replacement shall have from the later date of March 10, 2022 or sixty (60) days from the date counsel for the deceased Claimant is provided notice of the selection of the Potential Bellwether Replacement to file a Short Form Complaint.

  F. If a Potential Bellwether Replacement is selected as a replacement for the Initial Discovery Pool and fails to file a Short Form Complaint by the deadline provided for in the preceding paragraph of this Order, Defendants shall select another replacement for the Initial Discovery Pool.

  The Court recognizes that it is important for the parties to continue to monitor the progress being made on behalf of each of the deceased Claimants in the Initial Discovery Pool, as well as the Potential Bellwether Replacements discussed in this Order. Counsel for the deceased Claimants in the Initial Discovery Pool and the Potential Bellwether Replacements are ordered to provide updates to the Special Master upon her request, but no less than monthly, and she is in turn directed to provide a report to Adam Pulaski and Andy Bayman. Deceased Claimants whose counsel fail to timely provide such updates without good cause may be ordered to appear before the Court within 72 hours to explain such delinquency if not remedied.

  **DONE and ORDERED** in Chambers, West Palm Beach, Florida this 23rd day of December 2021.

*Robin L. Rosenberg*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE