UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)     MDL NO. 2924
PRODUCTS LIABILITY     20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

### DECLARATION OF EVA CANAAN

I, Eva Canaan, declare as follows:

1. I am a member of the bar of the State of New York, and I am a partner in the law firm of King & Spalding LLP. I am counsel of record for Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") in the above-captioned case. I am also a member of the court-appointed Defense Leadership Steering Committee in the MDL. (MDL Dkt. 747). I make this Declaration in support of the Defendants' Expedited Motion to Compel Deposition Testimony of Emery Pharma and Ron Najafi.

2. I have personal knowledge of the facts outlined in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

3. On April 27, 2021, Defendants served a subpoena duces tecum on Najafi Pharma, Inc. d/b/a Emery Pharma. (*See* **Exhibit 1**). The subpoena sought documents that appeared to be missing from Emery's prior production of documents in response to a separate subpoena served on June 22, 2020. The April 27 subpoena also sought non-privileged testing data generated after Emery filed its January 2, 2020 Citizen Petition with the Food and Drug Administration.

4. In response to the April 27 subpoena, on June 4 and June 10, 2021, after multiple extensions, Emery supplemented its prior production of documents with approximately 39 documents (totaling only 205 pages).

1

5. On November 17, 2021, Defendants served on counsel for Emery a subpoena compelling deposition testimony from Emery related to Emery's non-privileged testing on ranitidine and non-privileged communications about that testing, as well as Emery's attempt to comply with the prior document subpoenas. (*See* **Exhibit 2**). On the same day, Defendants served on counsel for Emery a subpoena directed to Ron Najafi, the signatory of the Emery Citizen Petition as a fact witness. (*See* **Exhibit 3**).

6. On November 22, 2021, I met with counsel for Emery who agreed to accept service of the subpoenas provided that Defendants would not interpose timeliness arguments to Emery's anticipated motion to quash. The parties agreed to put off discussing the briefing on Emery's anticipated motion to quash to after the Thanksgiving holiday, on December 3, 2021.

7. On December 3, counsel for Emery claimed a meet-and-confer was no longer necessary because Plaintiffs had already reached out to meet with Defendants and Special Master Dodge with respect to the Emery subpoenas in an attempt to resolve the dispute without court intervention.

8. Also on December 3, 2021, Counsel for Plaintiffs, Michael McGlamry, wrote to Special Master Dodge: "If on Monday [December 6] it does not look like we can agree to deal with these issues at that time, we would ask that you communicate to Magistrate Judge Reinhart, our need for a PTO 32 conference to address this dispute." (*See* **Exhibit 4**).

9. At the December 6 conference with Special Master Dodge, Plaintiffs agreed that Defendants were entitled to a fact deposition of Emery. However, Plaintiffs expressed the view that the fact-expert issues were too intertwined and that Emery should be deposed after the January 24, 2022, expert report deadline. To address this concern, Special Master Dodge suggested that the fact and 30(b)(6) depositions occur after filing expert witness reports on

January 24, 2022. Defendants agreed with the Special Master's suggestion but noted that: (i) Emery's 30(b)(6) deposition would have to occur early enough to permit defense experts to incorporate the elicited testimony into their expert reports (due on March 7, 2022); and (ii) Ron Najafi's expert deposition could be combined with his fact deposition (all in a single day) after the deadline for rebuttal expert reports. Plaintiffs, however, did not commit to this agreement and said they needed to confer with others on Plaintiffs' Steering Committee.

10. On December 14, 2021, I followed up with counsel for Plaintiffs and reiterated the proposed compromise to alleviate Plaintiffs' concerns regarding the timing of Emery's deposition. Specifically, I wrote: "We are amenable to taking a 30(b)(6) deposition of Emery soon after January 24th (so that our experts have sufficient time to incorporate the information into their expert reports due on March 7th). We will then take a separate expert/fact deposition of Ron Najafi in his personal capacity. Of course, as with all Plaintiffs' experts who may serve a rebuttal report, we will need to take a deposition after any rebuttal report from Emery in order to explore and understand the opinions that may be presented at trial. In lieu of deposing Dr. Najafi before and after a rebuttal report, we propose a single deposition after the expert rebuttal deadline of March 28th." (*See* **Exhibit 5**). Plaintiffs never responded to the proposed compromise.

11. Instead, on December 16, 2021, counsel for Emery re-entered the negotiations and threatened to file a motion to quash in the Northern District of California before Christmas. During a meet-and confer on December 17, 2021, Emery's counsel claimed that he was not coordinating with Plaintiffs and that he was not aware of Defendants' proposed compromise to take the depositions after January 24, 2022 to address any perceived concern that the expert and fact issues were intertwined or that the depositions might interfere with Emery's work on its expert report.

3

12. On December 20, 2021, counsel for Emery filed the motion to quash in the Northern District of California, which included his own declaration and a declaration by Plaintiffs' counsel, Rosemarie Riddell Bogdan. (*See* **Exhibit 6**). The motion and both declarations misrepresented that Defendants were seeking an immediate deposition of Emery (as early as January 5, 2022) for the purpose of interfering with Emery's work as a testifying expert. The declarations submitted to the court never mentioned Defendants' multiple offers to take the depositions only *after* January 24, 2022, when opening expert reports would be served. The Bogdan declaration also reverses course and argues for the first time that Plaintiffs now do not think that a fact deposition of Emery is permissible or warranted – contrary to the position Plaintiffs had taken as recently as December 6, 2021. Emery's motion also claimed that service of the subpoenas was defective for failing to tender witness attendance fees, although Emery's counsel already accepted service after an opportunity to review the subpoenas and the fact that the advancement of the witness attendance fees was not made. Moreover, I am not aware of any third party who has testified in this litigation pursuant to subpoena that has requested or been paid the statutory witness attendance fee.

13. On December 21, the day after the motion to quash was filed, BIPI tagged the action with the Judicial Panel for Multidistrict Litigation ("JPML"). In response to the tag, counsel for Emery informed me that he intended to object to the transfer, which would result in a months-long briefing schedule before the JPML—which, notably, has already rejected nearly identical arguments seeking to prevent the MDL Court from exercising jurisdiction over motions to quash. (*See* **Exhibit 7**). Then, at approximately 8:41 p.m. EST on December 23, without conferring (despite it being required under the local rules), counsel for Emery served their motion to expedite briefing in the Northern District of California, where local rules required BIPI to respond on Monday, December 27. In their motion, Emery represented to the Northern District of California

that the issues related to Emery's testing of ranitidine for NDMA are "wholly distinct" from the issues in the MDL.  On December 28, 2021, the Northern District Court denied Emery's ex parte application, and BIPI's opposition to the motion to quash is due on January 5, 2021.

14. On December 23, 2021, counsel for BIPI continued to seek to resolve this issue without involving the Court, including scheduling a meet and confer.  However, despite earlier claims that Emery is not coordinating with Plaintiffs, the meet and confer was cancelled because Plaintiffs "notified Mr. Sedghani [counsel for Emery] that he does not need to appear."

15. On December 28, 2021, I met with Emery's counsel (Sami Sedghani), Plaintiffs' counsel (Michael McGlamry and Rosemarie Bogdan), and Special Master Dodge.  On the call, the parties were not able to come to any compromise.  Additionally, Plaintiffs' counsel and Emery's counsel articulated the belief that the January 24, 2022 PTO 65 deadline would prohibit Defendants from taking a fact deposition of Emery Pharma or Ron Najafi after that date.  Defendants apprised all parties that a motion to compel would be forthcoming.

16. On December 29 and 30, Plaintiffs requested that Defendants forgo filing a motion to compel with the MDL and instead offered to send a proposal by the following Monday.  On January 2, 2022, Plaintiffs proposed a 2-hour deposition which would require Plaintiffs and Defendants to agree to the topics in advance, where the topics of the deposition would be foreclosed from further exploration during expert discovery, where no additional discovery of Emery Pharma or its personnel would be allowed, and where Defendants (who have already paid the statutory fees for a fact deposition) must also cover Emery's hourly billing rate.  Defendants informed Plaintiffs and the Special Master that this proposal is not acceptable and that Defendants will file the motion they had held back since at least December 29 at Plaintiffs' request.

17. In addition, for the Court's reference, I attach a true and correct copy of the following exhibits:

    a. Letter from William Egan, counsel for Emery Pharma, to Paige Sharpe, counsel for Sanofi-Aventis U.S. LLC, dated November 11, 2020 (**Exhibit 8**);

    b. Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Keeper of the Records, Emery Pharma, dated June 22, 2020 (**Exhibit 9**);

    c. Correspondence between William Egan, counsel for Emery Pharma, and Paige Sharpe, counsel for Sanofi, dated July 2-28, 2020 (**Exhibit 10**);

    d. Letter from Paige Sharpe, counsel for Sanofi, to William Egan, counsel for Emery, dated October 15, 2020 (**Exhibit 11**);

    e. Letter from Eva Canaan to Sami Sedghani, counsel for Emery Pharma, dated July 16, 2021 (**Exhibit 12**);

    f. Correspondence from Sami Sedghani to Eva Canaan, dated August 4, 2021 (**Exhibit 13**); and

    g. Correspondence from Sami Sedghani to Eva Canaan, dated December 22, 2021 (**Exhibit 14**).

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 3rd day of January, 2022.

                                              /s/ Eva Canaan
                                              Eva Canaan