# Exhibit 2

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
## Southern District of Florida

| | |
|---|---|
| In re: Zantac (Ranitidine) Products Liability Litigation <br> *Plaintiff* <br> v. <br> <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 9:20-md-02924-RLR <br> ) <br> ) <br> ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Najafi Pharma, Inc. dba Emery Pharma

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Schedule A.

| Place: King & Spalding LLP, 50 California St Suite 3300, San Francisco, CA 94111 | Date and Time: January 4, 2022 at 9:00 am EST |
|---|---|

The deposition will be recorded by this method: Stenographic Recording and Videotaping

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/17/2021

*CLERK OF COURT*

OR

_____   /s/ Eva Canaan
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Boehringer Ingelheim Pharmaceuticals, Inc., who issues or requests this subpoena, are:
Eva Canaan, 1185 6th Ave, New York, NY 10036, ecanaan@kslaw.com, (212) 790-5351

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 9:20-md-02924-RLR

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### To:  EMERY PHARMA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), Boehringer Ingelheim Pharmaceuticals, Inc. (BIPI) hereby requests, by and through counsel, that YOU produce documents specified in this "Schedule A," by December 23, 2021.  In accordance with Pretrial Order 54, records must be produced no later than ten (10) days prior to the deposition. If an entire and complete production of records cannot be made by the above date, we request that YOU notify BIPI, through its counsel, Eva Canaan, prior to this deadline so that the matter can be addressed by the Court.

### **DEFINITIONS**

1. "You" or "Your" or "Emery Pharma" refers to **Najafi Pharma, Inc. dba EMERY PHARMA** and all agents thereof including but not limited to Ron Najafi, Neelanjan Bose, Alan Ewing, Ali Najafi, Neeku Mahdavian, Hubert Lin, Katie Guggenheim, Ryan Cheu, Janet Lui, Eshani Nandita, and/or Rowena Matias.  The term also includes any prior employees, including but not limited to Eshani Nandita.

2. "Communication(s)" shall mean and refer to any written or oral exchange of information by any means including, but not limited to, verbal expression, gesture, writings, Documents, language (machine, foreign, or otherwise) of any kind, computer electronics, email, netbooks and laptops, sound, radio, or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm or by any other means.  "Communications" also shall include, without limitation, all originals and copies of inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands,

4

complaints, press, publicity or trade releases and the like that are provided by YOU or to YOU by others.

3. "Document(s)" shall be interpreted to have the meaning contemplated by Federal Rule of Civil Procedure 34(a)(1). The term specifically covers all materials produced by YOU in this litigation (EMERY 0001 to EMERY 02552) and all documents withheld for any reason. It also includes additional computer-generated information or data, stored in or on any storage media located on hard drives, USB or thumb drives, databases, computers, disks, CD-ROM, magnetic tape, optical disks, or other devices for digital data storage or transmittal; as well as writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, E-mail, telephone message records, hard drives, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, PowerPoints or other demonstrative media, graphic presentations, drawings, films, charts, digital or chemical process photographs, histopathology, cytopathology, biopsy, tissue specimens or slides, video, phonographic, tape or digital records and any transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material, or other real or virtualized devices or media. Information which serves to identify or locate such material, such as file inventories, file folders, indices, and metadata, are also included in this definition.

4. "Including" is used merely to emphasize that a topic will specifically cover certain subtopics and should not be construed as limiting the request in any way.

5. "Ranitidine" means any substance or sample containing the active pharmaceutical ingredient ranitidine or ranitidine HCl, including but not limited to Zantac®, Zantac® Cool Mint, TopCare®, Signature Care®, Kirkland® Ranitidine, CVS Health® Ranitidine, and USP Ranitidine.

6. "Other drugs" means any drug, other than RANITIDINE, which was tested by YOU for comparison to RANITIDINE.

7. "NDMA" means the compound N-Nitrosodimethylamine.

8. "Equipment" means any tool or physical item used during the course of acquisition, storage, or testing of RANITIDINE and/or OTHER DRUGS.

9. "Citizen Petition" means the Citizen Petition on Ranitidine, submitted to the U.S. Food and Drug Administration on January 2, 2020, and all prior versions of the document.

10. "Material" means any substance used during the course of acquisition, storage, or testing of RANITIDINE and/or OTHER DRUGS.

11. "Related" means alluding to, directly or indirectly mentioning or describing, relating to, referring to, evidencing, setting forth, identifying, memorializing, created in connection with or as a result of, commenting on, embodying, evaluating, analyzing, tracking, reflecting or constituting, in whole or in part, a stated matter.

12. "Testing" or "Test" means any scientific inquiry or experiment involving the collection of empirical evidence, including but not limited to chemical, physical, and/or biological analyses and any associated validation testing. The term includes, but is not limited to, *in vitro* and *in vivo* testing.

13. "Person" or "Persons" means any individual or company, firm, association, organization, joint venture, trust, partnership, corporation, or other collective organization or entity.

14. "Peer-reviewed journals" means journals that utilize a peer-review process to evaluate submissions. The peer-review process involves recognized researchers reading and evaluating articles or papers submitted for publication and recommending whether they should be published, revised, or rejected.

15. "Plaintiffs' Counsel" means any attorney or law firm or representative thereof representing plaintiff in a suit against any of the defendants where the alleged harm arises out of the consumption of ranitidine. This includes, but is not limited to, Daniel A. Nigh, Rosemarie Riddell Bogdan, R. Brent Wisner, Jennifer A. Moore, Tracy A. Finken, Robert C. Gilbert, Michael L. McGlamry, Adam Pulaski, Mark J. Dearman, Elizabeth A. Fegan, Marlene J. Goldenberg, Roopal P. Luhana, Ricardo M. Martinez-Cid, Lauren S. Miller, Melanie H. Muhlstock, Carmen S. Scott, Mikal C. Watts, Sarah N. Westcot, Conlee S. Whiteley, Frank Woodson, Paige Boldt, Je Yon Jung, Adam William Krause, Nicola Larmond-Harvey, and Bradford B. Lear.

16. "Valisure" means Valisure LLC and all agents thereof including but not limited to David Light, Kaury Kucera, Qian Wu, Adam Clark-Joseph, Robert Cunningham, Wolfgang Hinz, and/or Alexandra Jirstrang.

17. The singular should be read to include the plural and vice versa, the present tense should be read to include the past tense and vice versa, the term "and" should be read to include the term "or" and vice versa, and the term "any" should be read to include the term "all" and vice versa.

## DEPOSITION TOPICS

### Emery Pharma's Testing of Ranitidine

1. All of EMERY PHARMA's TESTING of RANITIDINE, INCLUDING but not limited to:

    a. The source of acquisition of RANITIDINE samples tested, all chain of custody information, and the storage conditions for the RANITIDINE samples prior to testing;

    b. All protocols, and all protocol amendments;

    c. All TESTING methods used;

    d. All EQUIPMENT and MATERIALS used;

    e. All data and analyses; and

    f. All DOCUMENTS and COMMUNICATIONS.

2. YOUR TESTING of OTHER DRUGS for comparison with RANITIDINE, INCLUDING but not limited to:

    a. The source of acquisition of all OTHER DRUG samples tested, all chain of custody information, and the storage conditions for the OTHER DRUG samples prior to testing;

    b. All protocols, and all protocol amendments;

    c. All TESTING methods used;

    d. All EQUIPMENT and MATERIALS used;

    e. All data and analyses; and

    f. All DOCUMENTS and COMMUNICATIONS.

3. YOUR attempts to publish data RELATED to RANITIDINE in PEER-REVIEWED JOURNALS.

4. EMERY PHARMA's RANITIDINE CITIZEN PETITION, INCLUDING but not limited to:

    a. EMERY PHARMA's rationale for filing the CITIZEN PETITION with the United States Food & Drug Administration.

    b. How EMERY PHARMA decided to file the CITIZEN PETITION, including the individuals involved in this decision and their roles.

    c. EMERY PHARMA's process for drafting the CITIZEN PETITION and the PERSONS involved in drafting.

    d. EMERY PHARMA's timing in filing the Citizen Petition, including EMERY PHARMA's decision to file the Citizen Petition on January 2, 2020.

    e. The data, scientific literature, and other information EMERY PHARMA relied on in drafting its CITIZEN PETITION.

    f. All PERSONS who reviewed EMERY PHARMA'S CITIZEN PETITION prior to submitting it to the United States Food & Drug Administration.

5. Presentations, slide decks, webinars, and other media created or presented by YOU RELATED to RANITIDINE and/or OTHER DRUGS.

## Emery Pharma's Communications

6. COMMUNICATIONS between YOU and PLAINTIFFS' COUNSEL RELATED to RANITIDINE.

7. COMMUNICATIONS between YOU and VALISURE RELATED to RANITIDINE.

8. COMMUNICATIONS between YOU and William Mitch RELATED to RANITIDINE.

9. COMMUNICATIONS between YOU and the United States Food & Drug Administration RELATED to RANITIDINE.

10. COMMUNICATIONS between YOU and the United States Pharmacopeia RELATED to RANITIDINE.

11. COMMUNICATIONS between YOU and Lior Braunstein.

## Emery Pharma's Document Retention and Production

12. Efforts by EMERY PHARMA to identify and preserve all DOCUMENTS, COMMUNICATIONS, data, videotapes, photographs, or information in EMERY PHARMA's possession or in the possession of any current or former employees that relate to EMERY PHARMA's TESTING of RANITIDINE.

13. Efforts by EMERY PHARMA to produce DOCUMENTS, COMMUNICATIONS, data, videotapes, photographs, or information responsive to the subpoenas RELATED to RANITIDINE served on EMERY PHARMA on June 22, 2020 and April 27, 2021.

## **DOCUMENTS REQUESTED**

1. All non-privileged DOCUMENTS and COMMUNICATIONS that are responsive to the Subpoenas to Produce Documents served on EMERY PHARMA on June 22, 2020 and April 27, 2021, and that were created or obtained after YOUR production in response to those subpoenas.

2. All non-privileged DOCUMENTS and COMMUNICATIONS that are responsive to the Subpoenas to Produce Documents served on EMERY PHARMA on June 22, 2020 and April 27, 2021, and which have not yet been produced.