# Exhibit 5

| | |
|---|---|
| **From:** | Eva Canaan |
| **To:** | Mike McGlamry; DODGE, JAIME LYNNE |
| **Cc:** | Sachse, Will; tfinken@anapolweiss.com; Rosemarie Bogdan; Sharpe, Paige H. |
| **Subject:** | RE: [External] RE: Emery Deposition |
| **Date:** | Tuesday, December 14, 2021 12:25:00 PM |

Dear Jaime, Mike, and Rosemarie,

It was a pleasure speaking to you all last Monday. I am circling back to the issues raised at the meet-and-confer, with respect to BI's Emery 30(b)(6) and Ron Najafi fact deposition subpoenas. We have not heard back from Plaintiffs and time is of the essence.

Plaintiffs have indicated that they have retained Ron Najafi (CEO of Emery) as an expert and that he will be serving a Rule 26 report on January 24th. Plaintiffs expressed the view that the fact-expert issues are intertwined and that Emery should be deposed after the January 24th deadline. To be clear, we do not agree with Plaintiffs' view and think that the factual issues we seek to depose Emery on (*e.g.*, the pre-retention testing and post-retention testing that was publicly shared on Emery's website) are very distinct. However, in the interest of avoiding court intervention on the eve of the holidays, we proposed the following compromise.

We are amenable to taking a 30(b)(6) deposition of Emery soon after January 24th (so that our experts have sufficient time to incorporate the information into their expert reports due on March 7th). We will then take a separate expert/fact deposition of Ron Najafi in his personal capacity. Of course, as with all Plaintiffs' experts who may serve a rebuttal report, we will need to take a deposition *after* any rebuttal report from Emery in order to explore and understand the opinions that may be presented at trial. In lieu of deposing Dr. Najafi before and after a rebuttal report, we propose a single deposition after the expert rebuttal deadline of March 28th.

Please let us know if this proposal is acceptable as soon as possible. If it is not acceptable, we would like to tee this up under PTO 32 in front of Judge Reinhart immediately.

Best,

Eva.

---

**From:** Eva Canaan
**Sent:** Monday, December 6, 2021 10:25 AM
**To:** Mike McGlamry <mmcglamry@pmkm.com>; DODGE, JAIME LYNNE <jdodge@emory.edu>
**Cc:** Sachse, Will <will.sachse@dechert.com>; tfinken@anapolweiss.com; Rosemarie Bogdan <rosemarie.bogdan@1800law1010.com>; Sharpe, Paige H. <Paige.Sharpe@arnoldporter.com>
**Subject:** RE: [External] RE: Emery Deposition

Jaime – hello! It was a pleasure to meet you last week. To frame the discussion, here's our brief response to Plaintiffs:
Presently, we are seeking a fact deposition of Emery, which is materially different from an expert deposition. We served 2 separate deposition subpoenas: one seeking a 30(b)(6) deposition and the other seeking a deposition of Ron Najafi – both on factual issues. If Ron Najafi will be designated as a retained expert on January 24th, we are willing to compromise on a single factual 30(b)(6) deposition at this time and reserve the deposition of Dr. Najafi in his personal capacity to be taken in conjunction with his expert deposition.

To be clear, we are not seeking to depose Emery about work conducted at the direction of and on behalf of MDL plaintiffs' counsel in this 30(b)(6) deposition. Emery reported that it was not retained by Plaintiffs in the Zantac MDL until January 13, 2020. Prior to retention, Emery filed a Citizen Petition related to Zantac with the FDA. Defendants need to question Emery about testing that went into that petition and additional pre-retention testing that Emery produced pursuant to document subpoenas. Indeed, our experts need this information for their expert reports.

We also disagree that all work that Emery did after being retained by MDL plaintiffs is not ripe for discovery at this time. After being retained, Emery engaged in new testing of Zantac. Emery released results of this new Zantac testing on YouTube and its website and publicly presented with David Light about this new Zantac testing. Additionally, Emery shared yet further new stability and simulated gastric fluid testing of Zantac with Dr. Mitch and collaborated with Dr. Mitch on urinary excretion testing. All these testing documents have been produced by Emery and, of course, none of this information is privileged because it has been shared on YouTube, Emery's website, and/or with third parties (like Dr. Mitch).

We also are entitled to question Emery about its response to our subpoenas, in time to obtain any missing documents. Emery omits many details from their already-publicly-disclosed testing that are necessary to understand how that testing was conducted and what conclusions could be derived from it. Our experts need to understand these details for their expert reports.

There is ample support in the case law for allowing separate depositions of the same person/ entity as fact witness and expert witness.

I look forward to speaking with you. Best,

Eva.

---

**From:** Mike McGlamry <mmcglamry@pmkm.com>
**Sent:** Friday, December 3, 2021 9:15 PM
**To:** DODGE, JAIME LYNNE <jdodge@emory.edu>
**Cc:** Eva Canaan <ecanaan@kslaw.com>; Sachse, Will <will.sachse@dechert.com>; tfinken@anapolweiss.com; Rosemarie Bogdan <rosemarie.bogdan@1800law1010.com>
**Subject:** RE: [External] RE: Emery Deposition

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Jaime –

By way of history, Emery Pharma has been previously served with third-party subpoenas in this litigation on June 22, 2020, and April 27, 2021. Both subpoenas were responded to with document productions via Emery's counsel. Recently, BI served a copy of PTO #54 – Deposition Protocol for Defendants' Witnesses and Third Parties, and a third set of subpoenas on Ron Najafi and Emery Pharma. This third set of subpoenas requests Ron Najafi's testimony on January 5, 2022, as well as certain documents to be produced by December 23, 2021.

We object to the subpoenas on multiple grounds. Ron Najafi, President and CEO of Emery Pharma, is a retained expert on behalf of the plaintiffs. This is known to the defendants as we have requested that all product samples be shipped to the Emery Pharma facility for testing. Plaintiffs will

be disclosing Ron Najafi as an expert witness pursuant to Federal Rule 26(a)(2)(B) along with his written report.  Rule 26(b)(4)(A) provides that an expert deposition may be conducted only after the report is provided.  The "documents" that have been subpoenaed are protected as prepared in anticipation of litigation or trial [Rule 26(b)(3)(A) and (B)], protected communications between a party's attorney and expert witnesses [Rule 26(b)(4)(B) and (C)], and otherwise objectionable on relevance grounds.

In large part, the topics and documents referenced in the subpoenas are clearly directed at the retained expert relationship between Emery, Dr. Najafi and the PSC, which we believe are inappropriate and untimely.  Considering this, we propose that BI withdraw the third set of subpoenas served on plaintiff's expert witness, and that Dr. Najafi's deposition be scheduled after expert reports are served. Hopefully in our discussions Monday, we can work out an agreement to address this discovery later and in the context of expert discovery as prescribed in PTO 65. If on Monday it does not look like we can agree to deal with these issues at that time, we would ask that you communicate to Magistrate Judge Reinhart, our need for a PTO 32 conference to address this dispute. Thanks, Mike.

**From:** DODGE, JAIME LYNNE <jdodge@emory.edu>
**Sent:** Friday, December 3, 2021 5:52 PM
**To:** Mike McGlamry <mmcglamry@pmkm.com>
**Cc:** Eva Canaan <ecanaan@kslaw.com>; Sachse, Will <will.sachse@dechert.com>; tfinken@anapolweiss.com; Rosemarie Bogdan <rosemarie.bogdan@1800law1010.com>
**Subject:** Re: [External] RE: Emery Deposition

**EXTERNAL EMAIL**

Sure!  Should we meet in Philly over cheesesteaks, now that we know how much nicer in person is!??

> On Dec 3, 2021, at 5:44 PM, Mike McGlamry <mmcglamry@pmkm.com> wrote:
>
> Thanks Eva. It was nice meeting you in WPB. Let's have our meet and confer Monday at 12:30 Eastern. Jaime, can you make it then too? Mike
>
> **From:** Eva Canaan <ecanaan@kslaw.com>
> **Sent:** Thursday, December 2, 2021 9:13 PM
> **To:** Mike McGlamry <mmcglamry@pmkm.com>; Sachse, Will <will.sachse@dechert.com>
> **Cc:** JAIME DODGE <jdodge@emory.edu>; tfinken@anapolweiss.com; Rosemarie Bogdan <rosemarie.bogdan@1800law1010.com>
> **Subject:** Re: Emery Deposition
>
> **EXTERNAL EMAIL**

Hi Mike and apologies for the delayed response. Monday I am available any time other than 2-3 eastern. Thanks!

Eva.

**From:** Mike McGlamry <mmcglamry@pmkm.com>
**Sent:** Wednesday, December 1, 2021 2:50 PM
**To:** Sachse, Will
**Cc:** Eva Canaan; JAIME DODGE; tfinken@anapolweiss.com; Rosemarie Bogdan
**Subject:** Re: Emery Deposition

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Thanks Will. Eva, welcome to the fray. Let's set up a Zoom call. How about Monday?

Sent from my iPhone

> On Dec 1, 2021, at 2:24 PM, Sachse, Will <will.sachse@dechert.com> wrote:
>
> **EXTERNAL EMAIL**
>
> Mike,
>
> I've copied Eva; she is lead for us on coordinating the Emery deposition.
>
> **Will W. Sachse**
>
> **Dechert LLP**
> +1 (215) 994-2496 direct
> +1 (267) 242-8978 mobile
> +1 (215) 655-2496 fax
> will.sachse@dechert.com
> dechert.com
>
> This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.