# Exhibit 6

SAMI SEDGHANI (#280437)
**SYNERGIST LAW, P.C.**
1299 Fourth Street Suite 301
San Rafael, CA, 94901
Telephone:    (415) 326-3708
sami@synergistlaw.com

*Attorney for Non-Party Ron Najafi and Emery Pharma*

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE RULE 45 SUBPOENAS ISSUED TO DR. RON NAJAFI AND EMERY PHARMA | Case No. 21-80304<br><br>**DECLARATION OF ROSEMARIE RIDDELL BOGDAN IN SUPPORT OF NON-PARTIES DR. RON NAJAFI AND EMERY PHARMA TO QUASH DEPOSITION SUBPOENAS** |

### BOGDAN DECLARATION

**I, Rosemarie Riddell Bogdan**, declare as follows:

1. I am an attorney at law within the State of New York and a partner with the law firm of Martin, Harding & Mazzotti, LLP, and serve as Court-appointed Plaintiffs' Steering Committee Counsel on in the Multi District Litigation ("MDL") No. 2924, 20 MD 2924 overseen by Judge Robin Rosenberg in the United States District Court for the Southern District of Florida ("MDL Litigation"). I make this Declaration in support of the Motion To Quash pursuant to Rules 45 and 26(b) of the Federal Rules Civil Procedure to Quash Defendant, Boehringer Ingelheim Pharmaceuticals, Inc.'s ("BIP") Subpoenas to Produce Documents Served on Najafi Pharma, Inc. d/b/a Emery Pharma and to Produce Dr. Ramin "Ron" Najafi and a corporate representative for depositions at defendant's law firm in San Francisco,

1. California. I have personal knowledge of the facts outlined in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. As a result of a Citizen's Petition filed by Valisure in September of 2019, the FDA learned that ranitidine drug products including prescription brand name, generics and over-the-counter versions, contained NDMA.

3. Emery Pharma is a research laboratory that performed an independent investigation into this matter and, on January 2, 2020, filed a second Citizen's Petition with the FDA regarding their NDMA findings in this drug and recommending that the sale of ranitidine-containing drugs be suspended, that those drugs currently on the market be recalled, and calling for additional testing before the continuation of future sales. As a result, the FDA recommended a voluntary recall of all Zantac/ranitidine products.

4. Many cancer-stricken victims who had consumed ranitidine products thereafter sued drug manufacturers (e.g., Defendants GSK, Pfizer Inc., BIP and Sanofi-Aventis) and retailers that made and sold the dangerous drug that caused their injuries. Many of these cases have been consolidated into the MDL Litigation. The MDL case involves the brand name drug Zantac and its propensity to transform into the Class 1 genotoxic carcinogen N-nitrosodimethylamine (NDMA).

5. Based on Dr. Najafi's expertise and Emery Pharma's testing capabilities, Dr. Ron Najafi and Emery Pharma were retained as consulting experts for plaintiffs on January 13, 2020, in the MDL Litigation.

6. Dr. Najafi has served as a consulting expert and will be designated as a testifying expert on general causation for Plaintiffs upon filing his expert report due on or before January 24, 2022, which is the Court ordered date for disclosure of plaintiffs' experts. Dr. Najafi and Emery Pharma are based in Alameda, California.

7. Defendants including BIP have known that Dr. Najafi through his company Emery Pharma was an expert for plaintiffs since after their first document request subpoena in June 2020. Corporate counsel for Emery Pharma served Objections to the Defendants' first subpoena

which identified Mr. Najafi through his company as consulting witnesses for Plaintiffs in this litigation.

8. Defendant BIP issued a second Subpoena duces tecum to Emery Pharma dated April 26, 2021, seeking additional documents related to Emery's ranitidine testing. Corporate counsel for Emery Pharma served another set of objections and responses to this subpoena on May 25, 2021, including objections for violation of attorney client and work product privilege.

9. Emery Pharma has in total produced over 2300 pages of documents in response to the above two subpoenas' duces tecum including all of the underlying testing and publications related to their Citizen's petition as well as all of the testing protocols and raw data requested by BIP and Sanofi- Aventis. To the extent any of the produced materials are relevant to any defenses or claims, BIP is in possession of the evidence and can easily review and assess the materials with its own consulting experts. There is thus no particular need to require deposition of Emery Pharma or Dr. Najafi as a fact witness with respect to the materials they have produced or the information they provided the FDA in their Citizen's Petition prior to their engagement by Plaintiffs.

10. In the two years since the lawsuits were filed and various meet and confers prior to and since Emery Pharma's production of documents, BIP never indicated that they intended to depose anyone from Emery Pharma or indicate thereafter that the document production was somehow deficient requiring testimony.

11. Notably, the previously requested documents and records provided by Dr. Najafi, and Emery Pharma concern the same NDMA testing issues and information currently being sought by Defendants in their instant subpoenas dated November 17, 2021, which is obviously redundant, burdensome and unnecessary.

12. The present subpoenas are also cumulative, not proportional to the needs of this litigation, particularly as they would violate the Court's existing order on disclosure and deposing experts in PTO 65 (Second Amended). Attached as **Exhibit A** is a true and correct copy of the Pretrial Order No. 65 in the MDL Litigation, entered 11-15-2021. (ECF No. 4660, Case No. 9:20-md-02924-RLR, FLSD).

3 **BOGDAN DECLARATION**

13. Plaintiffs intend to serve an expert report on behalf of Dr. Najafi of Emery Pharma as a testifying witness and to make him available for an expert deposition consistent with MDL PTO 65 (Second Amended). Defendants have been advised of this by declarant. See Ex. A at p. 2.

14. In addition, as part of discovery in this MDL, Plaintiffs requested Zantac/ranitidine product samples from Defendants for NDMA testing. As part of the shipping protocol that was provided to the defendants in June 2021, Plaintiffs requested that the product samples be delivered to Emery Pharma. Extensive meet and confers on the product sample delivery issue occurred between counsel for Plaintiffs and Defendants culminating in a Motion to Magistrate Reinhart in MDL no. 2924 in August 2021 to compel Defendants to deliver the requested samples of ranitidine drug product. The actual product samples were not provided by Defendants to Emery Pharma until September and October 2021, which delayed Plaintiffs' ability to test these products and allow for the preparation of an expert report. Defendants have known for a long time that Dr. Najafi and Emery Pharma are expert witnesses for Plaintiffs in this litigation.

15. Pursuant to In Re: Zantac MDL No. 2924 Pretrial Order No. ("PTO") 65 (Second Amended), Plaintiffs' expert disclosures are not due until January 24, 2022, which is the close of fact discovery, and must provide "three (3) dates on which [the expert] is available for deposition". This same order directs completion of expert depositions by May 31, 2022. See **Ex. A** at p. 2.

16. BIP now claims to need a 30(b)(6) deposition of Emery Pharma **BEFORE** Dr. Najafi's expert disclosure is served on January 24, 2022. Emery Pharma is a small lab, and this request will pose a large burden to this company which does work as a testing lab for a number of other clients. To also force Dr. Najafi to testify in early January during his expert report preparations is also unnecessary, duplicative and burdensome.

17. Plaintiffs' expert Ron Najafi of Emery Pharma is in the process of preparing his expert report for this case at the current time. As specified under FRP 26(b)(4)(A), a designated testifying expert can only be deposed after the report is provided.

4      **BOGDAN DECLARATION**

18. Defendants couch their attempt at multiple depositions of Plaintiffs' expert and his company prior to expert disclosure as simply obtaining corporate information and questions on matters in the public domain. However, their requests are not narrowly tailored and seek subject matter to be addressed in Dr. Najafi's upcoming expert report. All of the non-privileged subject matter of this alleged 30(b)(6) deposition including information such as the Citizen's Petition and any of Dr. Najafi's public comments on the NDMA testing, or any related testing done on the samples has already been produced to the parties in this case.

19. Defendants' current subpoenas are an attempt to depose Dr. Najafi, burden his company and obtain documents on matters entirely intertwined with the subject matter of his upcoming expert report. This would result in deposition inquiries about matters that include privileged material in anticipation of litigation and work product. The sole rationale for issuing these subpoenas at this time, a few weeks prior to his expert disclosure, is to burden this key witness and his company and obtain a second bite at the expert, which is duplicative and contrary to the Federal Rules.

20. Without waiving any applicable objections to privilege or another evidentiary issue, Defendants will be able to depose Dr. Najafi on any material he relies on for his opinions in due course following service of his expert report.

21. Counsel for Defendants BIP and Plaintiffs have conducted an unsuccessful meet and confer to address these subpoenas and the instant dispute. This motion to quash is necessary as the meet and confer discussions with counsel for BIPI show that Defendants continue to insist on multiple depositions of Dr. Najafi and Emery Pharma despite the lack of any compelling reason to do so. Defendants' meet and confer arguments to justify these premature subpoenas go only to the alleged non-privileged nature of their questions and requests, and not to the propriety of attempting to elicit testimony and document discovery from a designated testifying expert and his company BEFORE the release of the expert report as directed by Rule 26(b)(4)(A).

Dated: December 20, 2021

_____

Rosemarie Riddell Bogdan, Esq.

Attorneys for *Plaintiff*

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                        MDL NO. 2924
PRODUCTS LIABILITY                           20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

**PRETRIAL ORDER # 65[1]**
**Second Amended Second Pretrial Order Establishing Case Management Schedule**

The Court previously imposed pretrial deadlines in Pretrial Order # 30. The Plaintiffs subsequently moved to modify the Pretrial Order # 30 deadlines. DE 3412. After full briefing, the Court held a hearing on the motion on June 9, 2021 (the "Hearing"). This Pretrial Order sets new pretrial deadlines in this MDL. The Court does not vacate Pretrial Order # 30; instead, to the extent the deadlines in his Order conflict with Pretrial Order # 30, this Order controls. This Order applies to all cases pending in MDL No. 2924 and to all actions transferred to or directly filed in MDL No. 2924 after the date of this Order.

This Order does not address two topics discussed at the Hearing: the schedule for discovery relating to bellwether trials and any motions for summary judgment. After carefully considering these topics, the Court concludes that the parties must work with the Special Master to determine if an agreement can be reached as to these issues and/or a proposed post-*Daubert* schedule. The Court may issue a Pretrial Order specific to these issues at a later date. The Court also intends to issue an Order at a later date setting forth the bellwether trial schedule. The Court's vision is that bellwether trials will be conducted within 9-12 months following *Daubert* rulings.

---

[1] The Court **VACATES** Amended Pretrial Order # 65 at docket entry 3624 and substitutes this Second Amended Order in its place. The Court enters this Second Amended Order because the Court granted the Plaintiffs' Motion to Amend Pretrial Deadlines at docket entry 4657.

The Court orders the following:

| Deadline | Event |
| --- | --- |
| July 1, 2021 | Parties begin discussions regarding process for selection of potential bellwether personal injury cases. |
| October 1, 2021 | Completion of process and plan for selecting potential bellwether personal injury cases, to be refined and amended for good cause as appropriate until final bellwether selection following the Court's general causation *Daubert* ruling. |
| October 1, 2021 | Plaintiffs' disclosures of disciplines and specializations of general causation experts, and areas of expertise relevant to each expert's general causation expert report. The parties shall meet and confer about the format of these disclosures. |
| November 1, 2021 | Defendants' disclosures of disciplines and specializations of general causation experts, and areas of expertise relevant to each expert's general causation expert report. The parties shall meet and confer about the format of these disclosures. |
| November 15, 2021 | Plaintiffs' supplemental disclosures, if any, of disciplines and specializations of general causation experts, and areas of expertise relevant to each expert's general causation expert report, based on Defendants' disclosures. The parties shall meet and confer about the format of these disclosures. |
| January 24, 2022 | Completion of all fact discovery of Defendants, including on issues related to general causation, and fact discovery related to class certification. |
| January 24, 2022 | Plaintiffs' expert reports on general causation and provision of three (3) dates on which each expert is available for deposition. |
| March 7, 2022 | Defendants' expert reports on general causation and provision of three (3) dates on which each expert is available for deposition. |
| March 28, 2022 | Plaintiffs' rebuttal reports, if any, on general causation. |
| May 31, 2022 | Completion of expert depositions on general causation. |
| June 13, 2022 | *Daubert* motions on general causation. |
| August 1, 2022 | Oppositions to *Daubert* motions on general causation. |

| August 22, 2022 | Replies in support of *Daubert* motions on general causation. |
| --- | --- |
| 14 days after general causation *Daubert* ruling | The Parties will submit final Bellwether Selection Plan to the Court. |
| 45 days after general causation *Daubert* ruling | Plaintiffs' class certification motions and expert reports. |
| 45 days after Plaintiffs' class certification motions | Completion of depositions of Plaintiffs' class certification experts. |
| 45 days after completion of depositions of Plaintiffs' class certification experts | Defendants' oppositions to Plaintiffs' class certification motions and expert reports.<br><br>Defendants' *Daubert* motions directed to Plaintiffs' class certification experts. |
| 45 days after Defendants' oppositions and *Daubert* motions due | Completion of depositions of Defendants' class certification experts. |
| 30 days after completion of depositions of Defendants' class certification experts | Plaintiffs' replies in support of class certification motions and rebuttal expert reports, if any, on class certification.<br><br>Plaintiffs' oppositions to Defendants' *Daubert* motions directed to Plaintiffs' class certification experts.<br><br>Plaintiffs' *Daubert* motions directed to Defendants' class certification experts. |
| 30 days after Plaintiffs' replies, oppositions and *Daubert* motions | Defendants' oppositions to Plaintiffs' *Daubert* motions directed to Defendants' class certification experts.<br><br>Defendants' replies in support of *Daubert* motions directed to Plaintiffs' class certification experts. |
| 20 days after Defendants' oppositions and replies | Plaintiffs' replies in support of *Daubert* motions directed to Defendants' class certification experts. |

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 15th day of November, 2021.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

3