# Exhibit 7

| | |
|---|---|
| **From:** | Sami Sedghani <sami@synergistlaw.com> |
| **Sent:** | Wednesday, December 22, 2021 4:38 PM |
| **To:** | Eva Canaan; Lisa Williams |
| **Cc:** | 'Rosemarie Riddell Bogdan'; Andy Bayman; Michael Shortnacy |
| **Subject:** | RE: In re: Zantac (Ranitidine) Products Liability Litigation |

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Eva,

We will oppose the motion to consolidate based on the fact that it violates rule 45 and thus has no overlap with any of the issues of concern in the MDL litigation and thus has no common question of law or fact. In any case as noted in our motion your subpoena's are also defective and can be resolved without any reference to any complaint in the case. Given your misrepresentation to the MDL court and the fact that you intend on needlessly complicating a simple rule 45 subpoena we intend to seek attorney's fees for your recent filing. Please inform the MDL that your motion is opposed and that we will file our opposition in due course.

**SAMI SEDGHANI, PHARM.D., J.D.**
Attorney at Law
**SYNERGIST LAW, P.C.**
1299 4TH Street, Suite 301
San Rafael, CA 94901
**Tel** +1 415 767 5024  **Mobile** +1 415 326 3708
**Email** sami@synergistlaw.com
**Website:** www.synergistlaw.com

CONFIDENTIALITY NOTICE: This email and its attachments are from Synergist Law P.C. and may contain attorney-client, work product or other privileged, confidential or proprietary information and may be exempt from disclosure under applicable laws. This email and its attachments are for the intended recipient(s). If you are not the intended recipient, any dissemination, disclosure, distribution, or copying of this email or its attachments is strictly prohibited. If you received this email or its attachments in error, please reply indicating so and delete all copies of the email and its attachments.

DISCLAIMER: Nothing contained herein should be construed as creating an attorney-client relationship or the rendering of legal advice. Unless a formal written retainer agreement has been fully executed, no action will be taken to protect your rights. Be advised that each litigation matter has an applicable statute of limitation that prescribes the last day on which a lawsuit or claim may be filed on your behalf. If you miss that date, it will be impossible for you to pursue your rights in court.

**From:** Eva Canaan <ecanaan@kslaw.com>
**Sent:** Wednesday, December 22, 2021 1:31 PM
**To:** Sami Sedghani <sami@synergistlaw.com>; Lisa Williams <lisa.williams@kslaw.com>
**Cc:** Rosemarie Riddell Bogdan <rosemarie.bogdan@180law1010.com>; Andy Bayman <ABayman@KSLAW.com>; Michael Shortnacy <MShortnacy@KSLAW.com>
**Subject:** RE: In re: Zantac (Ranitidine) Products Liability Litigation

Sami,

As we explained during our meet and confer with you on Friday (12/17), the MDL Court is the appropriate court to hear any issues relating to the subpoena for testimony from Emery Pharma. We also told you during our 12/17 call -- when you said you intended to file a motion to quash in N.D. Cal. -- that this path has already been run by another subpoenaed third party; there, on facts nearly identical to those here, the JPML deemed the case related to the MDL (over the

subpoenaed party's objection) and ordered the case transferred to the MDL Court.   The JPML's order is attached for your reference, and some relevant portions are snipped below.

> **Bretholz Transfer**
> Setting aside the parties' dispute over Mr. Bretholz's role vis-à-vis Valisure, the subpoena
> action undoubtedly shares common factual questions with the actions in MDL No. 2924. The
> subpoena was issued by the transferee court, and it seeks discovery relating to the scientific testing from which this litigation arose. . . . The transferee court is well placed to resolve Mr. Bretholz's challenges to the subpoena given its extensive familiarity with the factual and legal issues in MDL No. 2924—something that, contrary to Mr. Bretholz's arguments, cannot easily be shared or coordinated with the court in New York.
>
> * * *
>
> Mr. Bretholz also argues that transferring his motion to quash is contrary to the intent of
> Federal Rule of Civil Procedure 45 because it would result in the motion to quash being heard in
> the issuing court, as opposed to the court where the subpoena was served, and would impose an undue burden upon a non-party. At its root, this is an objection to transfer of any subpoena action under Section 1407. As explained in our order transferring the Spaulding subpoena, transfer of a motion to quash is not inconsistent with Rule 45. *See id.* at 3. And, while it might impose some burden on Mr. Bretholz to litigate his motion to quash outside his home forum, it would be inefficient and a waste of judicial resources to require the transferor court to learn the particulars of the MDL litigation so as to be able to adjudicate the motion to quash. Furthermore, Judge Rosenberg has conducted numerous conferences and hearings in the MDL using videoconferencing technology.

In light of the JPML's 12/3/2021 decision, we do not believe Emery's intended objection to tagging the N.D. Cal. action to the MDL can be made in good faith, and BI reserves all of its rights and remedies, including the possibility of seeking BI's costs and fees for replying to an unfounded objection.

Finally, we are also deeply troubled by your, and Ms. Bogdan's, representations to the N.D. Cal. court in your attorney declarations. These declarations omit all of the meet-and-confer discussions we have had with you and the MDL plaintiffs' counsel setting out compromise positions on the date of Emery's/Ron Najafi's depositions to alleviate any concerns (though we believe that they are not well founded) you have about testimony being obtained prior the expert reports being served.  We specifically told you that we were amenable to taking the Emery/Najafi depositions after the expert reports were served, but you omitted that from your declaration to the Court and instead maintained that BI was seeking an immediate deposition.  This was incorrect and misleading.

We look forward to discussing these issues with you in our meet-and-confer tomorrow.   Best,

Eva.

---

**From:** Sami Sedghani <sami@synergistlaw.com>
**Sent:** Tuesday, December 21, 2021 10:45 PM
**To:** Lisa Williams <lisa.williams@kslaw.com>
**Cc:** Rosemarie Riddell Bogdan <rosemarie.bogdan@180law1010.com>; Andy Bayman <ABayman@KSLAW.com>; Eva Canaan <ecanaan@kslaw.com>
**Subject:** Re: In re: Zantac (Ranitidine) Products Liability Litigation

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Please note that we intend to oppose as this is not in any way a tag along action under the MDL rules and we ask that you voluntarily withdraw your request.

**SAMI SEDGHANI, PHARM.D., J.D.**
Attorney at Law
**SYNERGIST LAW, P.C.**
1299 4TH Street, Suite 301
San Rafael, CA 94901
Tel  +1 415  767 5024  Mobile +1 415 326 3708
Email sami@synergistlaw.com



On Dec 21, 2021, at 6:44 PM, Lisa Williams <lisa.williams@kslaw.com> wrote:

Counsel,

On behalf of Andrew T. Bayman, I've attached service copies of documents filed today in the above referenced matter.

Best,

**Lisa P. Williams**
*Paralegal*

T: +1 404 572 2437  |  E: lisa.williams@kslaw.com  |  www.kslaw.com

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309

**KING & SPALDING**

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.