# Exhibit 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

In re: Zantac (Ranitidine) Products Liability Litigation

*Plaintiff*

v.   Civil Action No. 9:20-md-02924-RLR

*Defendant*

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Keeper of the Records, Emery Pharma
1000 Atlantic Ave, Ste 110, Alameda, CA 94501, 415-747-2087

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Schedule A.

| Place: Arnold & Porter Kaye Scholer LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 10019 | Date and Time:
Please see attached Schedule A. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/22/2020

*CLERK OF COURT*

OR

_____          /s/Anand Agneshwar
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Sanofi-Aventis U.S. LLC , who issues or requests this subpoena, are:
Anand Agneshwar, Arnold & Porter Kaye Scholer LLP, 250 West 55th Street, New York, NY, 10019, anand.agneshwar@arnoldporter.com, 212-836-8011

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 9:20-md-02924-RLR

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### To:  Keeper of the Records, Emery Pharma

Pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), Sanofi-Aventis U.S. LLC hereby requests, by and through undersigned counsel, that You produce documents specified in this "Schedule A," within twenty (20) days, or at such other time as may be mutually agreed, in the manner prescribed by the Federal Rules, and in accordance with the Definitions and Instructions contained herein.

<u>Definitions and Instructions</u>

1. "You" or "Your" refers to **EMERY PHARMA**, including all departments and divisions, owners, officers, agents and employees thereof, and any predecessor, successor, parent, subsidiary, division, d/b/a and affiliated companies or other entities.

2. "Communication(s)" shall mean and refer to any written or oral exchange of information by any means including, but not limited to, verbal expression, gesture, writings, Documents, language (machine, foreign, or otherwise) of any kind, computer electronics, email, netbooks and laptops, sound, radio, or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm or by any other means.  "Communications" also shall include, without limitation, all originals and copies of inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, press, publicity or trade releases and the like that are provided by You or to You by others.

3. "Document(s)" shall be interpreted to have the meaning contemplated by Federal Rule of Civil Procedure 34(a)(1).  It includes computer-generated information or data, stored in or on any storage media located on hard drives, USB or thumb drives, databases, computers, disks, CD-

3

ROM, magnetic tape, optical disks, or other devices for digital data storage or transmittal; as well as writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, E-mail, telephone message records, hard drives, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, PowerPoints or other demonstrative media, graphic presentations, drawings, films, charts, digital or chemical process photographs, histopathology, cytopathology, biopsy, tissue specimens or slides, video, phonographic, tape or digital records and any transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material, or other real or virtualized devices or media. Information which serves to identify or locate such material, such as file inventories, file folders, indices, and metadata, are also included in this definition.

4. "Including" is used merely to emphasize that a request is for certain types of Documents or information, and should not be construed as limiting the request in any way.

5. "Petition" means the Citizen Petition dated January 2, 2020 and titled "Emery Pharma Citizen Petition" that Emery Pharma submitted to FDA.

6. "Zantac" should be construed to include generic ranitidine, and "ranitidine" should be construed to include Zantac.

7. "NDMA" means the compound N-Nitrosodimethylamine.

8. "Peer-reviewed journals" means journals that utilize a peer-review process to evaluate submissions. The peer-review process involves recognized researchers reading and evaluating articles or papers submitted for publication and recommending whether they should be published, revised or rejected.

9. "Plaintiffs' Counsel" means any counsel representing plaintiff in a suit against any of the defendants where the alleged harm arises out of the consumption of ranitidine. This includes R. Brent Wisner, Jennifer A. Moore, Tracy A. Finken, Robert C. Gilbert, Michael L. McGlamry, Adam Pulaski, Rosemarie Riddell Bogdan, Mark J. Dearman, Elizabeth A. Fegan, Marlene J. Goldenberg, Roopal P. Luhana, Ricardo M. Martinez-Cid, Lauren S. Miller, Melanie H. Muhlstock, Daniel A. Nigh, Carmen S. Scott, Mikal C. Watts, Sarah N. Westcot, Conlee S. Whiteley, Frank Woodson, Paige Boldt, Je Yon Jung, Adam William Krause, Nicola Larmond-Harvey, and Bradford B. Lear.

10. "Relating," "reflecting," and "referring" means alluding to, directly or indirectly mentioning or describing, relating to, referring to, evidencing, setting forth, identifying, memorializing, created in connection with or as a result of, commenting on, embodying, evaluating, analyzing, tracking, reflecting or constituting, in whole or in part, a stated matter.

11. The singular should be read to include the plural and vice versa, the present tense should be read to include the past tense and vice versa, the term "and" should be read to include the term "or" and vice versa, and the term "any" should be read to include the term "all" and vice versa.

12. To the extent You assert any privilege to any information requested and refuse to produce such information based on that privilege, please produce an itemized privilege log of all information withheld at the time the response to the request is served. The log should include (1) the privilege(s) asserted, (2) a description of the information withheld on the grounds of the privilege, (3) identification of all authors, (4) identification of all recipients, and (5) identification of the date the information was created.

Documents Requested

Please produce the following communications and documents relating to the Petition:

1. All drafts of the Petition, including, without limitation, all comments and edits from parties outside of Emery Pharma.

2. All communications relating to Your testing of ranitidine.

3. All communications relating to the Petition or drafts thereof.

4. Documents sufficient to show all persons involved in any way in drafting the Petition and in the testing of ranitidine reported in the Petition.

5. Documents sufficient to show all persons and organizations with whom You shared any of Your ranitidine testing results, including but not limited to the results presented in Your Petition.

6. All documents relating to any funding that You received in connection with the Petition.

7. All documents relating to any funding that You received in connection with ranitidine testing.

8. All documents relating to the methodologies that You used to test ranitidine, including the procedures that You followed in conducting such testing.

9. All documents relating to Your decision to test ranitidine and the design of the tests.

10. For each ranitidine product that You tested, documents sufficient to show from where and when You received each product, Your pre-testing storage conditions for each product, and the type of ranitidine (brand or generic name, formulation, and lot number) tested.

11. All of the scientific data and test results collected from Your testing of ranitidine, including data reflecting all levels of sodium nitrate tested with simulated gastric fluid and ranitidine.

12. Documents sufficient to show any labs to which ranitidine samples were submitted to for verification or supplemental testing, and all scientific data and test results from those tests.

13. To the extent not cited in the Petition, all scientific studies and articles You examined in preparing the Petition.

14. All drafts or submissions of data and/or test results on ranitidine for publication that You have authored in whole or in part or otherwise been involved, including, without limitation, to peer-reviewed journals, and all communications related to such submissions.

15. All of Your communications with FDA regarding the Petition, ranitidine, and/or NDMA, and all documents that You received pursuant to any ranitidine- or NDMA-related Freedom of Information Act requests to FDA, whether such requests were submitted by You or by a third party.

16. All documents relating to Your involvement or potential involvement in any litigation related to ranitidine on or before the date of the Petition.

17. Documents sufficient to show Your engagement, if any, with Plaintiffs' Counsel at any time.

18. All documents, including any communications with publishers, including, without limitation, peer-reviewed journals, relating to the assessment and peer-reviewed journal submission referenced on page six of the Petition: "These conclusions derive from a preliminary and ongoing stability assessment. Emery Pharma expects to complete the study over the next few weeks and is preparing the data for a peer-reviewed publication."

19. All of Your Communications regarding ranitidine testing with peer-reviewed study authors, collaborators, or other pharmacies.

20. All documents related to Your investigation into potential causes of NDMA formation in ranitidine.

21. All documents involving Your business plan to the extent they relate to ranitidine testing, NDMA testing, or the Petition, including profit projections, organizational charts, and sources of funding and/or revenue.