# Exhibit 12

# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036-2601
Tel: +1 312 995 6333
Fax: +1 312 995 6330
www.kslaw.com

Eva Canaan
Partner
Direct Dial: +1 212 790 5351
ecanaan@kslaw.com

July 16, 2021

<u>VIA E-MAIL</u>

Sami Sedghani, Esq.
Synergist Law, P.C.
One Sansome St, Suite 3500-11
San Francisco, CA 94104
sami@synergistlaw.com

RE:   *In re Zantac (Ranitidine) Products Liability Litig.*, MDL No. 2924 (S.D. Fla.) –
      **Emery Pharma's Deficiencies in Response to Subpoena**

Dear Sami:

As you know, we represent Boehringer Ingelheim Pharmaceuticals, Inc. (BI) in the above-referenced Zantac (Ranitidine) litigation. We write to address several deficiencies in Emery Pharma's response to the subpoena served on April 26, 2021. Pursuant to your request, we provided an extension until May 25th to produce all objections and responses. On that date, Emery served only objections and asked for another extension until June 25th to comply with the subpoena. Thereafter, Emery made productions on June 4th and June 10th.

We have identifed several deficiencies in Emery's production that are detailed below. Please produce the outstanding documents, as outlined below, by July 30. Lastly, if you believe any request is vague, ambiguous, or otherwise objectionable, please confer with me prior to July 30 so we can timely resolve any outstanding deficiencies. BI appreciates the effort made thus far and hopes to work amicably to resolve the outstanding deficiencies and objections.

***

**Emery Pharma's "General Objections."**

Emery Pharma's Objections note general and expansive objections to "all Instructions, Definitions, and Requests" without any specific articulation of how these objections may have limited or affected Emery Pharma's response to any particular request. Additionally, in articulating objections to each request, Emery Pharma notes that some documents may be withheld

Page 2

"as noted above in the general objections" without further clarifying which specific objection applies to which request.  With broad and unspecified objections, BI has no meaningful way of assessing Emery Pharma's compliance with the subpoena and the Federal Rules.  BI requests that for each request, Emery Pharma articulate the specific objections that apply to each request and expressly state whether documents are being withheld based on the specific objection.

### Nearly Identical Documents.

Emery Pharma's objections note that "Emery Pharma shall not produce multiple copies of *nearly* identical documents." (emphasis added).  BI agrees that Emery does not need to produce exact duplicates, but the word "nearly" suggests that minor edits or differences exist between some withheld documents.  Given the nature of the case, small changes in documents can have significant impacts.  Moreover, there is no indication of how many documents were withheld under this objection, nor is there any statement identifying which version of a document Emery opted to produce and which it withheld because Emery perceives the second document to be a near duplicate. Withholding documents in this manner is not appropriate.  BI requests that Emery Pharma produce all responsive documents to the subpoena unless those documents are *exact* duplicates (as determined by computerized techonolgies such as "MD5 Hash" or "SHA-1" hash value deduplication programs) of documents that have already been produced by Emery.

### Duty to Produce Documents Within Your Control.

The subpoena requested that Emery Pharma produce documents in its control, including documents within the control of your employees and agents.  Please confirm that you have made efforts to collect documents from each of your employees or agents who may have responsive documents.  If Emery Pharma is unwilling to exercise a reasonable effort to collect this information within its control, please advise so we may proceed to separately serve the individuals with subpoenas.

### Privilege/ Work Product.

Emery Pharma's objections make a number of objections on the basis of privilege and/or work product.  For each document that is withheld, a privilege log must be produced with sufficient detail to enable BI to assess the claim.  Fed. R. Civ. P. 45(e)(2); *Coleman v. Lennar Corp.*, No. 18-MC-20182, 2018 WL 3672251, at *7 (S.D. Fla. June 14, 2018) (holding a third-party must prepare a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection).  No such privilege log has been produced as required by the Federal Rules, so BI cannot begin to assess whether Emery Pharma's withholding of  documents was legally proper.  As such, please produce a privilege log for all documents withheld on the basis of privilege or work product protection.

### Confidentiality Agreement with Non-Parties.

Emery Pharma's Objections assert an objection to the disclosure of "confidential information, including information which is subject to a confidentiality agreement with other non-parties."  It is unclear which subpoena responses this objection relates to, but in any event this is a meritless objection.  A private confidentiality agreement cannot protect information from discovery. *Martin v. Natl. Union Fire Ins. Co. of Pittsburg, PA*, 813CV00285T27MAP, 2013 WL 12156516, at *2 (M.D. Fla. July 1, 2013) (finding that a confidentiality agreement was not a bar

Page 3

to discovery); *In re Denture Cream Prod. Liab. Litig.*, No. 09-2051-MD, 2011 WL 1979666 (S.D. Fla. May 20, 2011) (same).

If Emery Pharma wishes to designate documents as confidential, we have provided Emery Pharma with a copy of the Pretrial Order 26 which provides instructions for protecting documents produced in this litigation from disclosure outside of litigation, and Emery Pharma has previously designated documents as confidential in accordance with the terms of the PTO.

**Request No. 1.**
This request asks Emery Pharma to produce protocols, data, reports, quality assurance documents, validation reports, sample acquisition information, storage container information, and other documents related to Emery Pharma's testing of ranitidine. Emery Pharma's production, however, demonstrates that certain documents that should exist have not been produced. For instance, Emery has produced several protocols with no associated report or data (*e.g.*, EMERY 1705); a manuscript with no protocol, internal report, or data (*e.g.*, EMERY 2308); data with no protocol or report (*e.g.*, EMERY 0482); and slide decks with no protocol, data, or a report (*e.g.*, EMERY 0486).

The number of holes in the current production is expansive, and BI asks that you please produce all documents responsive to this request. If any documents responsive to this request are being withheld, please disclose that and articulate the specific legal objection for withholding the document(s). If any documents are being withheld due to privilege or work product protection, please provide a compliant privilege log.

**Request No. 2.**
This Request seeks all draft manuscripts of any testing on ranitidine by Emery Pharma. Please confirm that all responsive documents, including nearly identical documents, have been produced. If any documents responsive to this request are being withheld, please disclose which specific objection Emery Pharma is asserting for this request. If any documents are being withheld due to privilege or work product protection, please provide a compliant privilege log.

**Request No. 3**
This Request seeks communications between Emery Pharma and Plaintiffs' attorneys, as defined in the subpoena, prior to January 13, 2019, the date Emery was retained by Plaintiffs. In response to this narrow request, Emery completely refuses to produce responsive documents and raises of number of meritless objections, namely privilege, relevance, and burden given prior production.

All communications requested predate the date of Emery's retention and are thus discoverable. *In re Abilify (Aripiprazole) Products Liab. Litig.*, 3:16-MD-2734, 2017 WL 2225614, at *2 (N.D. Fla. May 15, 2017). Additionally, the pre-retention communications between Emery Pharma and Plaintiffs are essential to assessing the reliability of Emery's science, including whether Plaintiffs influenced, tried to influence, or caused Emery to be biased. *Id.*

Page 4

Lastly, Emery Pharma makes an objection that this narrow request is "unreasonable in its scope given Emery Pharma's previous production in this case." It is unclear what this objection means because nothing responsive to this request was previously produced. If Emery Pharma believes it has already produced pre-retention communications with Plaintiffs' counsel, please provide the specific Bates numbers for the applicable pages. Additionally, please produce any improperly withheld documents. If any documents responsive to this request continue to be withheld, please disclose which specific objection Emery Pharma is asserting for this request. If any documents are being withheld due to privilege or work product protection, please provide a compliant privilege log.

**Request No. 4.**
This Request seeks all communications and documents exchanged with Dr. William Mitch relating to ranitidine. Based on Emery Pharma's objections and productions, it is unclear whether any documents were withheld which are otherwise responsive to this request. If any documents responsive to this request are being withheld, please disclose which specific objection Emery Pharma is asserting for this request. If any documents are being withheld due to privilege or work product protection—which by definition should be none since this request seeks communications with a third-party—please provide a compliant privilege log.

**Request No. 10.**
This Request seeks all communications and documents exchanged with peer-reviewed journals relating to ranitidine. Based on Emery Pharma's objections and productions, it is unclear whether any documents were withheld which are otherwise responsive to this request. Emery Pharma's Objections state that Emery Pharma agreed to produce documents responsive to this request, but has produced none. Please produce all responsive documents. If any documents responsive to this request are being withheld, please disclose which specific objection Emery Pharma is asserting for this request. If any documents are being withheld due to privilege or work product protection, please provide a compliant privilege log.

**Request No. 11.**
This request seeks all communications and documents exchanged between you and third parties relating to ranitidine. Emery Pharma notes that it is withholding documents "to the extent it may implicate the protected health information of third parties." The fact that a document contains confidential health information is not a justification for failing to comply with a subpoena; rather, the proper procedure is to redact the confidential health information and produce the document. *Martinez v. Provident Life and Acc. Ins. Co.*, 174 F.R.D. 502, 504 (S.D. Fla. 1997) (finding that, in place of quashing a subpoena, subpoenaed documents containing confidential health information should be redacted).

Accordingly, please produce all documents, with redactions as needed, which are responsive to this request but improperly withheld. If any further documents responsive to this request are being withheld, please disclose which specific objection Emery Pharma is asserting for this request. If any documents are being withheld due to privilege or work product protection, please provide a compliant privilege log.

Page 5

**Request No. 12.**

This Request seeks all internal communications and documents relating to testing performed in conjunction with Dr. William Mitch. If any documents responsive to this request are being withheld, please disclose which specific objection Emery Pharma is asserting for this request. If any documents are being withheld due to privilege or work product protection, please provide a compliant privilege log.

**Request No. 14.**

This request asks for Emery's Standard Operating Procedures which would govern Emery Pharma's testing of ranitidine. Emery Pharma responded that all responsive documents were already produced. Please provide the specific Bates numbers of the pages capturing Emery's Standard Operating Procedures. If any other responsive documents have been withheld, please produce them.

***

As stated above, we would like to avoid court intervention regarding issues surrounding this subpoena; however, if you are unwilling to comply with the above deadlines, we will proceed to enforce the subpoena. We look forward to working with you to amicably resolve these matters.

Sincerely,

Eva Canaan