UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924 20-MD-2924 |

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE REINHART

_____/

THIS DOCUMENT RELATES TO: ALL PUTATIVE CLASS ACTION CASES

**PRETRIAL ORDER # 71**
Deposition Protocol for Depositions in Class Action Cases

Pursuant to Federal Rules of Civil Procedure 30 and 45, the Plaintiffs and MDL Defendants (collectively, the "Parties") jointly stipulate to the following protocol for conducting depositions relating to the pending putative class actions addressed in the Consolidated Economic Loss and Consolidated Medical Monitoring Complaints.[1]

1. **Scope**

   This Order applies to fact depositions of any MDL putative class representatives, their health care providers, legal representatives (in the event, for example, of the involvement of estates or incompetent persons), and all other fact witnesses relating to the pending putative class actions. For avoidance of doubt, this Order does not apply to (i) deponents who are currently or were formerly employees of any MDL Defendant, including any depositions pursuant to Rule 30(b)(6); or (ii) depositions of expert witnesses.

2. **Cooperation**

   a. Counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions.

---

[1] This Order applies solely to class action matters.

    b. Counsel are reminded that this Court considers depositions to be official court proceedings, and the conduct of all participants in depositions shall be in accordance with the customs and practices expected of lawyers and witnesses appearing before this Court, as if each was appearing personally before the Court at the time of the depositions. Counsel shall not at any time conduct himself or herself in a manner not becoming of an officer of the court and/or not in full compliance with the Federal Rules of Civil Procedure, applicable Rules of Professional Conduct, applicable local rules, and all Orders of the Court. Neither counsel nor witnesses shall, at any time, engage in conduct that impedes, delays, or frustrates the examination of the witness. All counsel and the deponent must be treated with civility and respect.

3. **Number of Depositions**

    a. The Parties have agreed to a "soft cap" presumptive limit on the number of depositions that defendants as a group may take as to each putative class representative plaintiff.

    b. These "soft cap" numbers are presumptive numbers subject to discussions between counsel for the Parties to allow for additional depositions if there is good cause for such depositions, taking into account the totality of the circumstances, including discovery already obtained, and whether or not additional depositions would be unreasonably cumulative or duplicative. Defendants expect not to reach these caps with a majority of the Plaintiffs. The numbers below are not meant to be an absolute cut off of depositions and are intended to allow for the flexibility for additional depositions as dictated by the discovery process generally, including but not limited to the scope of discovery, document productions, and supplementation thereto.

    c. Defendants as a group will be limited to the following presumptive number of witnesses:

        i. Economic Loss Plaintiffs: Deposition of each Plaintiff and two (2) additional depositions in connection with each Plaintiff. Should Defendants wish to take a third additional deposition, the Parties agree to meet with Special Master Jaime

        Dodge, at Plaintiffs' option, without triggering the provisions of subparagraph 3.d below.

    ii. Medical Monitoring Plaintiffs: Deposition of each Plaintiff and three (3) additional depositions in connection with each Plaintiff. Should Defendants wish to take a fourth additional deposition, the Parties agree to meet with Special Master Jaime Dodge, at Plaintiffs' option, without triggering the provisions of subparagraph 3.d below.

    iii. Nothing in this subparagraph 3.c. limits Plaintiffs' option to seek to limit depositions further as to a particular Plaintiff by proposing a meeting with Special Master Jaime Dodge.

d. In the event Defendants believe that additional depositions related to a particular Plaintiff are necessary, Defendants' counsel will state such reasons and schedule a meet and confer with Plaintiffs' counsel to attempt to come to an agreement as to the expansion of the number of depositions. If the Parties cannot agree in good faith on this issue, the Parties shall follow the procedures for discovery disputes set forth in Pretrial Order # 32, including the involvement of Special Master Jaime Dodge prior to Court intervention.

e. Should the Parties be unable to agree on additional depositions as referenced in Paragraph 3.d., and Court intervention is sought, nothing in this Order modifies any burdens associated with that inquiry or motion practice.

f. Depositions of treating physicians and other fact witnesses (other than Plaintiffs themselves) will presumptively be taken by Zoom or other videoconferencing system, notwithstanding the provisions of Sections 4.e. and 5.b. below.

4. **Scheduling, Service, and Contents of Notice**

a. Each deposition notice or subpoena shall include the name, address, email address, and telephone number of an attorney who will serve as the noticing Party's liaison counsel for the specific deposition (the "Deposition Liaison"). The Deposition Liaison will be

    responsible for all logistical issues related to the noticed deposition, including coordinating the time, place, and manner of the deposition with the deponent and other Parties, as well as tracking expected attendance for the deposition and ensuring there is adequate space for all attendees.  This Order in its entirety shall be attached to any subpoena or deposition notice that pertains to a third-party witness covered by its terms.

b.  If the deposition notice or subpoena asks the deponent to produce, or if the witness may be asked about, documents that may contain confidential information, the witness shall be provided with a copy of Pretrial Order # 26 (Confidentiality Order).

c.  The Deposition Liaison, counsel for the deponent, and where appropriate, Lead Counsel for the Parties, shall use best efforts to coordinate in the scheduling and taking of depositions.  Prior to issuing a deposition notice or subpoena, absent extraordinary circumstances, the Deposition Liaison must consult with counsel for the deponent in an effort to schedule depositions at mutually convenient times and locations.

d.  Unless otherwise agreed by the Parties and, where applicable, counsel for the deponent, or ordered by the Court, depositions may not be taken on Saturdays, Sundays, or federal court holidays.

e.  Each deposition notice or subpoena shall comply with Federal Rule of Civil Procedure 30(b).  In addition to the Deposition Liaison, the notice or subpoena must include the identity of the deponent, as well as the date, time, and location of the deposition.  The notice or subpoena must also include whether the deposition shall be taken in-person or by remote means and the identity of the court reporter service designated by the noticing Party to record the deposition.  The Parties agree that the depositions will be set to accommodate both in-person and remote attendance, unless the Parties agree otherwise.  If the deposition is to be recorded by video, the notice or subpoena shall state the name, firm, and address of the certified legal videographer firm.  All deposition notices or subpoenas shall also request that no later than fifteen (15) days prior to the date noticed for any deposition, the

      deponent or his or her representative notify the Deposition Liaison if an interpreter will be required.

   f.  If the date or time of a deposition is changed following the initial service of the deposition notice, the noticing Party shall serve an amended notice or subpoena reflecting the revised date, location, and/or means of taking the deposition, as applicable.

   g.  Once the Parties have agreed upon the date, time, and location of a deposition, the deposition shall not be postponed or cancelled except for good cause. A Party postponing a deposition shall notify opposing counsel by email with the reason for the need to do so and, within a reasonable time following any such notice, provide alternative dates for rescheduling the deposition.

**5. Attendance and Participation**

   a.  Unless otherwise agreed by the Parties or ordered under Federal Rule of Civil Procedure 26(c), depositions may be attended by counsel of record in MDL-2924, members and employees of their firms, the Parties or the representative of an estate or an institutional party (including in-house counsel), court reporters, videographers, the deponent, and counsel for the deponent. Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the preceding sentence.

   b.  Each of the depositions will be set to accommodate both in-person and remote attendance, unless the Parties agree otherwise. Any participant in the deposition (witness, attorney taking deposition, attorney for witness) and any other deposition attendee may choose to attend in-person or remotely. All persons attending, in-person or remotely, will need to be identified in advance of the deposition, including whether they will be attending in-person or remotely. All such persons shall notify the Deposition Liaison five (5) days in advance of the start of the deposition of their attendance, and whether they will be attending in-person or remotely. When any individual is attending remotely, each individual

5

attending in-person must separately join the remote deposition platform, with the ability to be seen and heard on the platform, and the individual attending remotely must ensure he or she is in a location where the deposition cannot be overheard by non-attendees. To the extent the witness and counsel for the witness are together, any remote attendee must be able to see and hear witness and counsel for the witness at all times while on the record. Deposition exhibits will be shown and marked via the remote deposition platform. If particular circumstances exist relating to a specific witness and the use of electronic or hard copies of exhibits, the Parties shall confer on a reasonable accommodation for the witness.

c. Those attending depositions in person will be required to meet any local and state requirements for indoor gatherings.

d. Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel may elect not to attend.

e. Attendance at any deposition, or part of any deposition, during which Confidential or Highly Confidential information is disclosed shall be controlled by Pretrial Order # 26. Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality.

f. **Notice of Intent to Attend a Deposition.** In order to arrange for adequate deposition space and obtain appropriate security clearances (where necessary), any person who intends to attend a deposition noticed in this MDL proceeding shall advise the court reporter and the Deposition Liaison identified in the deposition notice of their intent to attend the deposition at least five (5) days prior to the deposition. Three (3) days prior to the deposition, the Deposition Liaison shall identify the attendees for Plaintiffs and Defendants to MDL Lead Counsel.

    g. **Remote Participation.** In the event that a Party wishes to participate in a deposition remotely, that Party shall notify the Deposition Liaison five (5) days in advance of the start of the deposition. Any Party seeking to participate remotely must agree to be bound by applicable Protective Orders and shall not re-record the deposition by video or audio means. Depositions with remote participation shall be governed by Pretrial Order # 48 unless inconsistent with this Order.

    h. The noticing Party or Parties shall be limited to one questioner, with subsequent questioners representing other Parties limited to non-duplicative discrete questions.

6. **Location and Coordination of Depositions**

    a. The Court expects counsel to mutually agree upon deposition locations. To the extent reasonably possible, depositions of witnesses located in the United States will take place in the deponent's home district or, if counsel for the deponent agrees, in another district convenient to the deponent, counsel, and the Parties.

    b. All Parties are responsible for advancing and/or paying their own travel expenses in attending depositions.

    c. The Parties will endeavor to schedule depositions regionally in a manner which will allow for several depositions to be taken sequentially in a particular region. The ability to schedule depositions in this manner is dependent on Plaintiff's substantial completion of production of their documents at least three weeks prior to the deposition. This provision does not prevent the Parties from noticing or taking depositions, but instead represents that the Parties will, to the extent practicable and more efficient for the Parties, endeavor to schedule depositions regionally.

7. **Deposition Examinations**

   a. **Duration**

      i. A deposition day shall be seven (7) hours of testimony and shall ordinarily commence at 9:00 a.m. and terminate at 5:30 p.m.,[2] including a one-hour break for lunch, a morning break of no more than fifteen minutes, and an afternoon break of no more than fifteen minutes, plus any necessary restroom breaks. A deposition may continue to 7:30 p.m. only when the long deposition day will make it possible to conclude the deposition in a single day by agreement of the Parties. No breaks shall be taken while a question is pending, except to confer about an issue relating to privilege. If a witness has a documented medical condition that affects his or her ability to testify for seven (7) consecutive hours, the Parties agree to work in good faith to accommodate an alternative schedule for that witness.

      ii. If a deposition involves an interpreter, the deposition shall be extended as reasonably necessary to conduct the examination, and the time periods in this Paragraph shall be modified as appropriate, but the Parties will endeavor not to exceed a total of 10.5 hours on the record.

      iii. Nothing in this Order is intended to limit the ability of the Parties, for good cause shown, to seek modification of these time limits.

   b. **Plaintiffs' Health Care Providers**

      i. Plaintiffs do not anticipate the need to seek the depositions of any healthcare provider in these proceedings. Should circumstances indicate a deposition of a healthcare provider by Plaintiffs is necessary, Plaintiffs' counsel will contact Defendants' counsel to schedule mutually convenient date(s).[3] Defendants reserve their right, should Defendants disagree

---

[2] All times refer to the time zone where the deponent will be located during the deposition.
[3] At that time, the Parties can also discuss any other items related to such deposition including procedures as to direct examination, cross examination and intent to designate the deposition as a trial preservation deposition.

        that the deposition is necessary, to meet and confer and to contact Special Master Jaime Dodge as needed.

   ii.    Defendants may seek depositions of healthcare providers, subject to Section 3 above. Should Plaintiffs seek to conduct a direct examination following Defendants' questioning of a healthcare provider witness, Plaintiffs may do so, designating their questioning as a trial preservation deposition if so desired. In the event Plaintiffs conduct a trial preservation examination of a healthcare provider, notwithstanding any other provisions in this Order, Defendants will have an opportunity to conduct a trial preservation cross-examination of equal length.

   iii.   The duration of any deposition of a healthcare provider is controlled by Paragraph 7.a. above.

**c. Interpreters**

   i.    No later than fifteen (15) days prior to the date noticed for a deposition, the deponent or his or her representative shall notify the Deposition Liaison if the deponent intends to respond to questions in a language other than English and disclose the deponent's primary language. The Deposition Liaison shall notify the court reporter and all counsel who have given notice of intent to attend the deposition pursuant to the terms of this Order of the need for an interpreter within forty-eight (48) hours of receipt of such notice.

   ii.   If a witness indicates his or her intention to respond to questions in a language other than English, a neutral professional interpreter will be employed to interpret and translate between the foreign language and English. If the interpreter is required for a Plaintiff, then the Plaintiff will be responsible for supplying the interpreter and paying the cost for the interpreter. Plaintiff will provide at least seventy-two (72) hours' notice to the Deposition Liaison of the identity of the interpreter. The noticing Party shall pay for the services of an interpreter necessary for the deposition of a third-party witness. When a deposition

9

      involves the use of an interpreter, any other Party shall have the right to bring his or her own interpreter to provide a check on the translation.

   iii. Each interpreter will swear under oath or affirm prior to each deposition to provide honest and truthful translations.  A monitor displaying "real time" transcription will be placed in front of the interpreter to assist in the interpretation.

   iv. Objections as to the accuracy of any interpretation of deposition testimony or translation during the deposition should be raised at the time of the deposition; if necessary, objections may be asserted within forty-five (45) days of the date the court reporter circulates the transcript.

d.  **Objections and Directions Not to Answer**

Section L of Pretrial Order # 54 sets out the Court's directives as to objections and directions not to answer, and that Section is incorporated here.

e.  **Documents Used in Connection with Depositions**

   i. Any document shown to a deponent that was previously produced in the litigation shall be the complete, unaltered, and free-standing document as it was produced.  Likewise, any electronic correspondence shown to the deponent shall contain the most inclusive email thread and all lesser included threads.

   ii. **Copies**.  The examining attorney shall provide sufficient copies of each paper document about which deposing counsel expects to examine a deponent.  The number of copies needed will be determined as part of the scheduling of each deposition.

   iii. **Marking of Deposition Exhibits**.  Each document referred to at a deposition shall be referred to by its alpha-numeric production number except in the case of documents that do not have production numbering at the time of the deposition.  Documents that are produced in native format shall have the slip sheet with the Bates number affixed to the front of the document.  The court reporter for each deposition will include in each deposition transcript a list of the exhibits referenced in the deposition.  The court reporter

      shall assign exhibit number blocks for each deposition and shall make sure that duplicative or overlapping exhibit numbers are not assigned. Counsel shall attempt to use the previously marked exhibit number in subsequent depositions rather than re-marking the same exhibit with different exhibit numbers.

  iv. **Objections to Documents**. Objections to the relevance or admissibility of documents used as deposition exhibits are not waived and are reserved for later ruling by the Court or by the trial judge.

8. **Means of Recording**

    a. **Stenographic Recording**

        i. A certified court reporter shall stenographically record all deposition proceedings and testimony with "real time feed" capabilities. The court reporter shall administer the oath or affirmation to the deponent. A written transcript by the court reporter shall constitute the official record of the deposition for purposes of Federal Rule of Civil Procedure 30(e).

        ii. The noticing Party shall bear the expense of recording the deposition. Each Party shall bear its own costs in securing copies of the deposition transcript, exhibits, and video recording.

        iii. Subject to the terms of Pretrial Order # 26 (Confidentiality Order), any party in these MDL proceedings may at its own expense obtain a copy of the video recording, exhibits, and the stenographic transcript by contacting the court reporter.

    b. **Video Recording**

        i. Any deposition may be videotaped at the request of any Party pursuant to the following terms and conditions:

        ii. **Simultaneous Stenographic Recording.** All videotaped depositions shall be simultaneously stenographically recorded in accordance with Paragraph 8.a.

iii. **Videotape Operator.** The operator(s) of the videotape recording equipment shall be a neutral certified videographer subject to the applicable provisions of Federal Rule of Civil Procedure 28(c).

iv. **Index.** The videotape operator shall use a counter on the recording equipment and, after completion of the deposition, shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which an interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

v. **Operator to Be Sworn.** At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately. The operator shall produce both video and DVD formats of each deposition.

vi. **Appearances.** Each deponent and examining attorney attending the deposition shall be identified on the record at the commencement of the deposition. The videographer will read a statement on the record that all persons attending the deposition will be identified in the final stenographic transcript.

vii. **Standards.** Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent. The witness shall appear in ordinary attire (as opposed to, for instance, a work uniform) and without extraneous objects.

    viii. **Filing.** After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter and file a true copy of the videotape, the transcript, and certificate with Liaison Counsel for whomever noticed the deposition.

    ix. **Recording Objections & Instructions Not to Answer.** Objections and instructions not to answer at videotape depositions are subject to the provisions herein. If the objection involves matters peculiar to the videotaping, a copy of the videotape and equipment for viewing the tape shall also be provided to the Court.

    x. **Technical Data.** Technical data such as recording speeds and other information needed to replay or copy the tape shall be included on copies of the videotaped deposition.

**9. Correcting and Signing Depositions**

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature and shall be corrected and signed within thirty (30) days, or sixty (60) days for any deposition in which an interpreter was used, after receiving the final transcript of the completed deposition. If no corrections are served on the Deposition Liaison during this time, the transcript will be presumed accurate.

**10. Disputes During or Relating to Depositions**

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to **Magistrate Judge Bruce E. Reinhart by email at Reinhart@flsd.uscourts.gov**. If the Magistrate Judge is not available, the deposition shall continue with full reservation of rights of the examiner for a ruling at the earliest possible time. Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to Federal Rule of Civil Procedure 30(d)(3), file an appropriate motion with the Court at the conclusion of the deposition, and appear before

the Court.  Nor shall anything in this Order preclude a Party from seeking relief under Pretrial Order # 32 prior to the deposition commencing.

11. **Federal Rules of Civil Procedure Applicable**

The Federal Rules of Civil Procedure and Federal Rules of Evidence shall apply in all proceedings unless specifically modified herein.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 19th day of January, 2022.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE