UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924 <br> 20-MD-2924 <br><br> **JUDGE ROBIN L. ROSENBERG** <br> **MAGISTRATE JUDGE BRUCE E. REINHART** |
| _____/ | |

**ORDER REJECTING THE EMERY DEPONENTS' OBJECTION TO THE COURT'S AUTHORITY TO RULE ON THE DEFENDANTS' EXPEDITED MOTION TO COMPEL DEPOSITION TESTIMONY OF EMERY PHARMA AND RON NAJAFI**

This cause comes before the Court on a preliminary matter on Defendants' Expedited Motion to Compel Deposition Testimony of Emery Pharma and Ron Najafi (the "Motion to Compel"). DE 5051. The Court previously referred the Motion to Compel to Magistrate Judge Bruce E. Reinhart for an appropriate disposition. DE 5053. During a hearing before Judge Reinhart on January 5, 2022, counsel for Emery Pharma and Dr. Najafi raised an argument that the Court lacks jurisdiction to rule on the Motion to Compel. 1/5/22 Hearing Transcript at 22. Judge Reinhart permitted Emery Pharma and Dr. Najafi to brief that issue. *Id.* at 29. This Court subsequently withdrew the referral to Judge Reinhart for this Court to rule on the jurisdictional issue. DE at 5058. The merits of the Motion to Compel remain referred to Judge Reinhart, should a merits ruling be necessary. *Id.* The Court has received and reviewed the brief of Emery Pharma and Dr. Najafi [DE 5064] and the Defendants' reply [DE 5070], and the matter is therefore ripe for the Court's review.

As background, on November 17, 2021, Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("BI") served subpoenas on third parties "Najafi Pharma, Inc. dba Emery Pharma" and "Ramin ('Ron') Najafi" (collectively, the "Emery deponents") to appear for depositions at a law office in San Francisco, California on January 4 and 5, 2022, respectively.

DE 5051-3 and -4. The subpoenas contained the name and court file number of this MDL. The subpoena directed to Najafi Pharma, Inc. dba Emery Pharma required the deponent to bring various non-privileged documents and communications to the deposition. On December 20, the Emery deponents filed a Motion to Quash the two deposition subpoenas in the Northern District of California. *In re Rule 45 Subpoenas Issued to Dr. Ron Najafi and Emery Pharma*, 3:21-mc-80304-LB (N.D. Cal.), DE 1. BI filed an opposition to the Motion to Quash and moved to transfer the Motion to Quash to this Court. *Id.* at DE 13, 18. A hearing on the motion to transfer is scheduled for February 17 in the Northern District of California. *Id.* at DE 19. Meanwhile, on January 3, the Judicial Panel for Multidistrict Litigation ("JPML") issued a Conditional Transfer Order to transfer the Motion to Quash to this Court. *In Re: Zantac (Ranitidine) Products Liability Litigation*, MDL No. 2924 (J.P.M.L.), DE 968. The Emery deponents have filed a notice opposing that transfer, and the JPML has set a briefing schedule for the matter. *Id.* at DE 974, 976.

Turning to the matter currently before this Court, the Emery deponents raise two arguments why this Court should not rule on the Motion to Compel. First, they argue that the Court lacks jurisdiction to rule because Federal Rules of Civil Procedure 37(a)(2) and 45(d)(3)(A) require the Motion to Compel to be resolved by the court in the district where the depositions will occur, the Northern District of California. The Emery deponents concede that this Court would have jurisdiction to rule on the Motion to Compel if either the Northern District of California or the JPML transferred the Motion to Quash to this Court for coordination and consolidation into the MDL, but they assert that no such transfer has been effectuated at this time. Second, the Emery deponents argue that this Court should decline to rule on the Motion to Compel under the first-filed rule because they filed their Motion to Quash on December 20 in the Northern district of California, before the Defendants filed their Motion to Compel before this Court on January 3.

2

The Defendants respond that this Court has jurisdiction both to conduct depositions in the MDL and to enforce subpoenas for such depositions under 28 U.S.C. § 1407(b). While there is a split of authority on the question of whether § 1407(b) grants an MDL court the authority to enforce documents-only subpoenas requiring compliance in a different district, the Defendants contend that this Court need not reach that question because the two subpoenas at issue here are deposition subpoenas. The Defendants also argue that application of the first-filed rule favors a resolution of the Motion to Compel in this Court because the MDL was initiated before the Emery deponents filed their Motion to Quash in the Northern District of California and because this Court has extensive familiarity with the issues in this litigation. The Court considers its jurisdiction to rule on the Motion to Compel under the Federal Rules of Civil Procedure and 28 U.S.C. § 1407(b) before turning to the first-filed rule.

### A. The Federal Rules of Civil Procedure and 28 U.S.C. § 1407(b)

A motion to compel discovery from a nonparty must be made in the court where the discovery will be taken. Fed. R. Civ. P. 37(a)(2). A motion to quash a subpoena must be made in the court where compliance is required. Fed. R. Civ. P. 45(d)(3)(A). Thus, in a case that is not part of an MDL, the Motion to Compel and the Motion to Quash would be resolved in the Northern District of California. However, 28 U.S.C. § 1407 provides different rules for discovery in multidistrict litigation proceedings. Relevant here, "The judge or judges to whom such actions are assigned . . . may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." *Id.* § 1407(b).

Courts have held that, under § 1407(b), an MDL court has the authority to enforce deposition subpoenas even if the court does not sit in the district where the deposition would be

held. *E.g., HCA, Inc. v. U.S. ex rel. Pogue*, No. 3:02-MC-0047, 2002 WL 31953748, at *3 (M.D. Tenn. Nov. 21, 2002) (surveying caselaw and concluding that "[c]ourts that have addressed whether the transferee court has the authority to consider motions to quash or enforce subpoenas for depositions duces tecum issued by another court in MDL cases have uniformly held that the transferee court has jurisdiction to consider such motions"). This authority extends to the enforcement of a requirement within a deposition subpoena that the deponent produce documents in conjunction with the deposition. *E.g., In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 174 F.R.D. 412, 415 (N.D. Ill. 1997) ("It is obvious that Congress intended to authorize the transferee judge to conduct whatever proceedings are normally associated with 'pretrial depositions,' and certainly the production, identification, and discussion of documents is an integral part of many depositions. . . . It would make no sense for § 1407(b) to confer authority to conduct depositions but not the authority to require production of documents at a deposition."). The United States Court of Appeals for the District of Columbia has explained that § 1407(b) complements, rather than conflicts with, Federal Rules of Civil Procedure 37 and 45. *In re Corrugated Container Antitrust Litig.*, 662 F.2d 875, 882 (D.C. Cir. 1981).

> The deposition proceedings remain anchored in the courts of the district where they are being conducted, but because of the obvious policy reasons for allowing a single judge to preside over the disparate activity in a multidistrict case, the multidistrict judge is granted the same powers as a judge of those courts where the depositions are being taken.

*Id.* at 880-81.

Courts are split on the question of whether § 1407(b) also authorizes an MDL court to enforce a documents-only subpoena requiring compliance in a different district. *Compare U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 469 n.4 (6th Cir. 2006) ("We agree . . . that the rationale underlying the MDL statute of just and efficient resolution of pretrial

4

proceedings requires the conclusion that Section 1407(b)'s grant of authority applies to both deposition subpoenas and documents-only subpoenas." (quotation marks omitted)), *and In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-cv-20000-RDP, 2017 WL 11539533, at *1 (N.D. Ala. Dec. 4, 2017) (stating that an MDL court "has exclusive power to handle all pretrial proceedings, which necessarily includes the power to enforce a deposition subpoena *and* a document subpoena" (emphasis added)), *with In re Monat Hair Care Prods. Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 18-MD-02841-Gayles, 2020 WL 1950463, at *2 (S.D. Fla. Apr. 23, 2020) ("Section 1407(b) does not expressly exempt MDL courts from Rule 45's dictates; rather, it expressly gives MDL courts the discretion to exercise the powers of a district judge in any district only for the purpose of conducting pretrial depositions. Section 1407(b) makes no reference to subpoenas for the production of documents. This is a distinction that makes a difference." (quotation marks omitted)), *and VISX, Inc. v. Nidek Co.*, 208 F.R.D. 615, 616 (N.D. Cal. 2002) ("The flaw in VISX's argument is that § 1407(b) expands a transferee court's discovery powers only to pretrial depositions. Had Congress wanted to expand these powers to document subpoenas, it would have said so."). The majority view among courts is that § 1407(b) does confer on an MDL court the authority to enforce a documents-only subpoena requiring compliance in another district. *See In re Intel Corp. Microprocessor Antitrust Litig.*, No. 05-1717-JJF, 2007 WL 9612142, at *3 (D. Del. May 18, 2007) (surveying caselaw and concluding that the "overwhelming majority of courts that have considered the issue of whether Section 1407(b) authorizes a transferee judge the power to act as any judge of any district for pretrial depositions as well as subpoenas *duces tecum*, have found that it does"), *report and recommendation adopted*, No. 05-1717-JJF, 2007 WL 9612141 (D. Del. June 14, 2007).

5

The Court does not need to decide the question of whether this Court has jurisdiction to enforce a documents-only subpoena seeking compliance in a different district because the subpoenas at issue here are not documents-only subpoenas. Courts uniformly have held that an MDL court has the authority to enforce a deposition subpoena for the litigation, and the plain language of § 1407(b) supports that conclusion. The Emery deponents have not cited any authority to the contrary and have not cited any authority requiring this Court to await a transfer of the Motion to Quash before ruling on the Motion to Compel the depositions. Instead, the Emery deponents rely on cases that have adopted the minority position that an MDL court lacks the authority to enforce a documents-only subpoena requiring compliance in a different district; furthermore, the Emery deponents fail to make—or recognize that under the law there is—a distinction between documents-only subpoenas and deposition subpoenas. The Court concludes that, under 28 U.S.C. § 1407(b), this Court has jurisdiction to rule on the Motion to Compel the Emery deponents' depositions.

B.  **The First-Filed Rule**

The Emery deponents' second argument is that this Court should decline to rule on the Motion to Compel under the first-filed rule. "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). "However, the first-filed rule is not meant to be followed mechanically and a district court has discretion to dispense with the first-filed rule when there are compelling circumstances that indicate that justice would be better served by allowing the second filed case to proceed." *Vital Pharms., Inc. v. Cytosport, Inc.*, No. 08-61753-CIV, 2009 WL 302277, at *2 (S.D. Fla. Feb. 9, 2009) (quotation marks omitted).

The Court declines to defer to the Northern District of California under the first-filed rule. The MDL was initiated in this Court in February of 2020, nearly two years before the Emery deponents filed their Motion to Quash in the Northern District of California. This MDL is therefore the first-filed action. Even if the Court were to consider the filing of the Motion to Quash and the later-filed Motion to Compel for the purpose of applying the first-filed rule, the Court would exercise its discretion to dispense with the first-filed rule. Over the course of the past two years, this Court has presided over multiple case management conferences, status conferences, motion hearings, and discovery hearings. This Court has issued 71 Pretrial Orders and numerous rulings on motions to dismiss and on discovery issues. This Court is very familiar with the issues in this MDL. This circumstance justifies this Court issuing a ruling on the Motion to Compel rather than deferring to the Northern District of California for a ruling on the Motion to Quash.

Accordingly, the Court rejects the Emery deponents' objection to this Court's consideration of the Motion to Compel. The Motion to Compel remains referred to Magistrate Judge Reinhart for a ruling on the merits.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 19th day of January, 2022.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record