# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH BAYER and<br>GWENDOLYN CULVERSON,<br><br>       **Plaintiffs,**<br><br>v.<br><br>BOEHRINGER INGELHEIM<br>PHARMECEUTICALS, INC., et al.,<br><br>       **Defendants.** | Case No. 3:21-cv-01084-SPM |

## <u>MEMORANDUM AND ORDER</u>

**McGLYNN, District Judge:**

Plaintiffs are citizens of Illinois who brought this products liability action in Illinois state court against various manufacturers and retailers of Zantac (ranitidine), an antacid medication (Doc. 1, p. 2). Four of these defendants are likewise citizens of Illinois, as Defendants concede (Doc. 84, p. 2). Defendants removed this action to federal court under diversity jurisdiction, claiming fraudulent joinder of the above non-diverse defendants (Doc. 1). Plaintiffs now seek expedited remand to state court, asserting a lack of diversity (Doc. 8), due to the time-sensitive nature of the plaintiffs' medical conditions (*See* Doc. 8, p.3). Because Defendants cannot meet their burden to establish fraudulent joinder, the parties are not diverse, and remand must be granted.

### LEGAL STANDARD

"To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris v. Nuzzo*, 718 F.3d

660, 666 (7th Cir. 2013). Put differently, the defendant has the "heavy burden" of showing that the plaintiff's claim has "no chance of success" against the non-diverse defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

## ANALYSIS

In support of fraudulent joinder, Defendants assert that the claims brought against the non-diverse Defendants are preempted by federal law and thus have no possibility of success in state court (Doc. 1, p. 26, 27). However, as Defendants point out, such claims include allegations of actions that the non-diverse Defendants could have taken under federal law that could provide a basis for the claims brought against them (*See* Doc. 84, p. 16). Such is all that is required to establish that at least some possibility exists that an Illinois state court would find that the claims against the non-diverse defendants are not preempted. *See In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2021 WL 650608, at *2 (S.D. Fla. Feb. 19, 2021).

## CONCLUSION

Accordingly, Plaintiffs' Motion to Remand (Doc. 21) is **GRANTED**. The Court **REMANDS** this case to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction. All other pending motions are **DENIED** as **MOOT**. The Court **DENIES** Plaintiffs' request to impose fees and costs on Defendants.

**IT IS SO ORDERED.**

**DATED:  September 15, 2021**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**