UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:  ZANTAC (RANITIDINE)  MDL NO. 2924
PRODUCTS LIABILITY  20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

ORDER DENYING PLAINTIFFS' MOTION TO
PROTECT PRIVACY INTERESTS OF BELLWETHER INITIAL DISCOVERY POOL

This Cause comes before the Court upon Plaintiffs' Motion to Protect Privacy Interests of Bellwether Initial Discovery Pool ("the Motion"). DE 5208. The Court has reviewed the Defendants' response [DE 5223], and Plaintiffs' reply [DE 5233], and is otherwise apprised of the premises.

In the Motion, Plaintiffs ask the Court to "protect the privacy interests of all Bellwether Initial Discovery Pool Plaintiffs by adopting a procedure by which Plaintiffs' counsel will have the opportunity to review and redact requested medical records for highly confidential and personal information, to include mental health history and treatment, sexual abuse, and drug abuse and addiction treatment." DE 5208 at 1. Specifically, Plaintiffs ask the Court to allow them five (5) days to review and unilaterally redact discovery materials before turning those materials over to Defendants. *Id.* at 6.

This request comes on the heels of Pretrial Order ("PTO") 69: Bellwether Selection, entered on November 19, 2021. DE 4683. Before PTO 69 was entered, the Court solicited the parties' input on the Bellwether selection process—including Bellwether discovery—over the course of many months. The Court received and reviewed the parties' draft proposals. The Court also held a hearing, giving the parties further opportunity to be heard on the issues regarding

Bellwether discovery and selection. PTO 69 ultimately reflected these months of deliberation and negotiation and was agreed-upon by the parties. There have been many opportunities at various steps where the parties could raise any potential issues—including the issue now raised. The substance of PTO 69, as well as many PTOs submitted to the Court, reflects the parties' representations, negotiations, compromises, and priorities—including the need for adherence to tight deadlines and the need to protect Plaintiffs' non-relevant sensitive information from disclosure.

For the reasons set forth above, if Plaintiffs' Motion is a request for the Court to amend PTO 69 to require procedures for the redaction of certain records relating to Bellwether Initial Discovery Pool Plaintiffs, that request is denied. PTO 69 reflects the parties' mutual agreement, and the Court sees no need to alter or augment that agreement now.

And if the Motion is a request for a protective order, it is likewise denied without prejudice as it has not clearly been filed on that basis. If protection is what they seek, Plaintiffs will need to brief the issues specifically as a motion for protective order. Indeed, if Plaintiffs' concerns in the Motion come to fruition, Plaintiffs may file a motion for protective order, and the Court will resolve any disputes regarding privacy and sensitivity at that appropriate time. Prior to filing such a motion and in the interest of efficiency, Plaintiffs and Defendants should further explore either of Defendants' proposals—(1) both sides can view any medical records uploaded to the collection vendor's site immediately, but bellwether Plaintiffs' counsel "would have a few days to propose redactions that, absent objection, would be implemented before Defendants could download or print the medical records," or (2) "bellwether plaintiffs' counsel . . . identify any plaintiffs whose records might be likely to implicate sexual abuse or mental health concerns so that the parties

could discuss a tailored redaction process for any such plaintiffs"—as appropriate measures to safeguard the privacy of Plaintiffs' sensitive information. DE 5223 at 5-6.

The Court is sensitive to Plaintiffs' privacy concerns. Indeed, PTO 26: Confidentiality Order limits the persons who can view confidential and highly confidential information (including the sensitive information that gives Plaintiffs pause here) in the course of this litigation. The Court can address more particularized concerns relating to specific documents at the appropriate time. But for now, the Bellwether selection process, including the production of documents for the Bellwether Initial Discovery Plaintiffs, should proceed in the manner and time set forth in PTO 69.

It is hereby **ORDERED AND ADJUDGED** that

Plaintiffs' Motion [DE 5208] is **DENIED** without prejudice.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 14th day of February, 2022.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE