UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                           MDL NO. 2924
PRODUCTS LIABILITY                                20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION REGARDING GENERAL CAUSATION EXPERT DISCLOSURES

This Cause comes before the Court upon Defendants' Motion Regarding Scope of General Causation Expert Disclosures ("the Motion"). DE 5202. The Court has reviewed Plaintiffs' response [DE 5227], and Defendants' reply [DE 5256], and is otherwise apprised of the premises.

In the Motion, Defendants ask the Court to clarify the parties' expert disclosure obligations under PTO 30 and the Second Amended PTO 65 [4660]. Namely, the Defendants want to know whether, by the March 7, 2022 deadline, they need to disclose to Plaintiffs every expert that they plan to use in the bellwether trials for general causation before this Court. Plaintiffs ask the Court to answer that query in the affirmative.

For background, the Court issued PTO 30: Stipulated Discovery and Case Management Schedule, which prescribed the initial set of pre-trial deadlines for, among other things, disclosure of expert witnesses. The Court issued an amended Case Management Schedule in Second Amended PTO 65, which required, among other things, that Defendants disclose "expert reports on general causation" by March 7, 2022. These orders reflected the negotiations of the parties.

The Court believes that the party-negotiated language of PTO 65 is clear—all experts with opinions on general causation must be disclosed by Defendants on March 7th. To the extent Defendants raise logistical concerns and financial concerns related with the need to disclose all

general causation experts on that date (and well in advance of the date to disclose case-specific experts on specific causation), the time for Defendants to raise those concerns was prior to the time PTO 65 was entered or, at a minimum, prior to the date Plaintiffs were required to disclose their own general causation experts.

The Court's application of the clear language in PTO 65 is necessarily limited, at this stage, to the bellwether trials in this MDL—PTO 65 does not limit the ability of any Defendant (or Plaintiff for that matter) to request to designate a different expert upon remand that utilizes an opinion that survived *Daubert* to a transferee court. Relatedly, the parties have not given the Court reason to anticipate conducting an unusually large number of bellwether trials such that a finite list, created earlier in the litigation, would pose a case management problem; this Court intends to preside over a reasonable number of bellwether trials, as is appropriate and needed in this MDL. In the event there is a compelling reason for a party to need to change a previously disclosed expert,[1] the Court will consider such a request upon motion.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Defendants' Motion [DE 5202] is **GRANTED** insofar as the Court provides the above clarification on the terms of PTO 65 but **DENIED** insofar as the clarification that the Court gives is in the Plaintiffs' favor, not the Defendants.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 18th day of February, 2022.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[1] By way of example, if a disclosed expert were to pass away before trial, the Court would entertain a motion to replace the expert for bellwether trials.