UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-MD-2924-ROSENBERG/REINHART

IN RE: ZANTAC (RANITIDINE)
PRODUCTS LIABILITY
LITIGATION

_____/

**THIS DOCUMENT RELATES TO:  ALL CASES**

**DEFENDANTS SANOFI US SERVICES INC.,
SANOFI-AVENTIS U.S. LLC, AND CHATTEM INC.'S
MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION
CONTAINED WITHIN THE PARTIES' JANUARY 4, 2022, JANUARY 11, 2022
AND JANUARY 13, 2022 PTO 32 SUBMISSIONS AND EXHIBITS**

Defendants Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc. (collectively, "Sanofi") respectfully request entry of an Order, pursuant to Southern District of Florida Local Rule 5.4(b), authorizing the filing under seal of unredacted versions of the parties' January 4, 2022, January 11, 2022 and January 13, 2022 PTO 32 submissions and exhibits related to Sanofi's email preservation issue. Sanofi further requests that the Order require Sanofi's proposed redacted versions of the submissions and exhibits to be filed on the public CM/ECF docket.

## I. BACKGROUND

The Confidentiality Order entered in this MDL requires that materials containing Confidential or Highly Confidential Information be filed with the Court under seal, in accordance with Local Rules for the Southern District of Florida. *See* Pretrial Order #26 ("PTO 26") at 15 [DE 780]. PTO 26 defines "Confidential Information" to include, among other things, "(1) information that the Producing Party reasonably believes constitutes a trade secret under applicable statutory and case law; or (2) information that the Producing Party reasonably believes constitutes highly sensitive technical or proprietary business information of such Producing Party that its disclosure

1

might result in an unfair competitive, financial or commercial advantage to the Receiving Party or competitors or disadvantage to the Producing Party." *Id.* B.6. "Confidential Information" also includes "sensitive personal data" or "any other sensitive information." *Id.*

Under PTO 26, "'Highly Confidential Information' means Confidential Information that the Producing Party believes in good faith would, if disclosed, cause a substantial risk of a significant competitive or commercial disadvantage to the Producing Party, including but not limited to information that reflects: the Producing Party's competitiveness in the market; sales or marketing strategies; research and development materials; or non-public dealings with or internal deliberations concerning any regulatory body such as the FDA or other authority." *Id.* at B.7.

Sanofi initially designated the materials at issue here as "Highly Confidential" upon providing them to Plaintiffs. As directed by the Court during hearings on the parties' PTO 32 submissions on the email preservation issue, *see, e.g.*, Hr'g Tr. (Jan. 19, 2022) at 85:5-10, Sanofi subsequently proposed limited redactions to these materials to protect Sanofi's proprietary and business interests; and the privacy of the named individuals. Plaintiffs agreed that Sanofi may redact names and titles,[1] but Plaintiffs object to Sanofi's further proposed redactions, necessitating this Motion to Seal. *See id.* at 11-15.

---

[1] Plaintiffs have reserved the right to later request that all redactions be removed. Sanofi accordingly addresses the redaction of names and titles below, despite Plaintiffs' non-objection to these redactions at this time.

## II.     ARGUMENT

### A.     No Public Right of Access Exists for Discovery Materials

A party seeking to seal materials must "set[] forth the factual and legal basis for departing from the policy that Court filings are public" and must describe the proposed sealed material "with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material." S.D. Fla. L.R. 5.4(b).

The Eleventh Circuit has distinguished between discovery materials and those that go to "judicial resolution of the merits" finding that an exception to the public right of access exists for discovery materials, including when those materials are attached to filed discovery motions. *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1312-13 (11th Cir. 2001) ("The better rule is that material filed with discovery motions is not subject to the common-law right of access . . . ."). Public access to discovery materials is not warranted "because discovery is 'essentially a private process . . . the sole purpose [of which] is to assist trial preparation.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir.1986) (edits in original)).

Even where there is a public right of access, the right may be overcome by a showing of good cause, which requires the Court to "balance the [public] interest in obtaining access to the information against the interest in keeping the information confidential." *Citrullo v. Nat'l Beverage Corp.*, No. 17-60225-CIV, 2018 WL 6620110, at *1 (S.D. Fla. Oct. 17, 2018)*, report and recommendation adopted,* No. 1760225, 2018 WL 6620464 (S.D. Fla. Nov. 2, 2018)*.* "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public . . . [and] whether the

information concerns public officials or public concerns . . . ." *Id.*; *NXP B.V. v. Research In Motion, Ltd.*, No. 6:12-cv-498, 2013 WL 4402833, at *2 (M.D. Fla. Aug. 15, 2013); *United States v. Steinger*, 626 F. Supp. 2d 1231, 1234 (S.D. Fla. 2009) (quoting *Romero*, 480 F.3d at 1246).

Here, all of the information Sanofi seeks to seal (or redact) are discovery materials or counsel-drafted discovery materials, none of which relate to the merits of the matter.

### B. Sanofi's Confidential Information at Issue

Sanofi seeks protection for four categories of information:

- Internal legal hold processes and discussion surrounding such;

- Internal information and technology services ("ITS") business processes, including those that support the legal hold process, and discussion surrounding such;

- Internal information governance business processes and discussion surround such; and

- Names and titles of Sanofi employees used in connection with the email preservation issue (*Plaintiffs do not oppose this category of redactions*).

*See* Feb. 18, 2022, Declaration of Paige Sharpe specifically listing the documents Sanofi proposes to redact and seal (with proposed redacted documents attached). Even if this information was not provided to the Court as discovery materials, which it was, the competitive and personal harm that disclosure of each of these categories of information would impose outweighs any potential public interest in access, as further explained below.

### (1) Sanofi Internal Processes Unrelated to the Merits of the Case

Courts regularly recognize that parties have a "legitimate interest in maintaining the confidentiality of . . . commercially and competitively sensitive business information, internal process[es], and legal strategies" because they can be "irreparably harmed by permitting . . . competitors to peek behind the curtain." *Boehringer Ingelheim Vetmedica, Inc. v. Intervet Inc.*, No. 18-

4

9534, 2018 WL 10509660, at *1-2 (D.N.J Oct. 29, 2018) (granting motion to seal confidential business information while filing a redacted version of the documents in the public record); *see also Axis Ins. Co. v. Am. Specialty Ins. & Risk Serv., Inc.*, No. 1:19cv00165, 2021 WL 6012737, at *2 (N.D. Ind. Nov. 30, 2021) (granting motion to seal "proprietary and confidential business information" where "the material it seeks to maintain under seal is not central to any claim currently before the Court," and where "courts have consistently held that similar material as entitled to protection pursuant to Federal Rule 26 [sic]"); *Frayer v. NSF Int'l*, No. 20-cv-10682, 2021 WL 3912756, at *1 (E.D. Mich. Sep. 1, 2021) (granting motion to seal "internal investigative report includ[ing] proprietary and confidential information related to the 'core' of [defendant's] business practices"); *Wolf v. Hewlett Packard Co.*, No. CV 15-01221, 2016 WL 9173452, at *1-2 (C.D. Cal. June 23, 2016) (finding that "good cause exists to redact certain lines and portions of the documents, as such information relates to confidential internal communications and sensitive commercial information, and is encompassed by the Protective Order entered by [the] Magistrate Judge"); *Grayson v. General Elec. Co.*, No. 3:13cv1799, 2017 WL 923907, at *3 (D. Conn. Mar. 7, 2017) (granting motion to seal documents "which reveal defendant's internal investigations, communications, and policies and procedures . . . relevant to problems with the defendant's [product]"); *Williamson v. S.A. Gear, Inc.*, No. 3:15-cv-365, 2017 WL 3971043, at *1-2 (S.D. Ill. Sep. 8, 2017) (granting motion to seal "discrete documents that they assert include confidential, propriety business information regarding [defendant's] unique internal claims procedures, warranty processes, and sales information").

Sanofi seeks protection for information about three separate, but related, business policies and processes: its legal hold processes, ITS processes, and information governance processes. None of these processes pertain in any way to the merits of this case, are implicated here only as a result of Sanofi's investigation into and remediation of the email preservation issue, and are precisely the types

of "commercially and competitively sensitive business information" to which courts afford protection. *See Boehringer Ingelheim Vetmedica,* 2018 WL 10509660 at *1-2; *see also* Feb. 18, 2022 Declaration of Stacy Ann Apgar ("Apgar Decl."). Furthermore, this type of information generally is not subject to discovery on the merits, and was produced here only to provide information on the email preservation issues, further supporting the need for its protection. *See e.g.*, *Freedman v. Weatherford Int'l*, No. 12 Civ. 2121, 2014 WL 4547039 (S.D.N.Y. Sept. 12, 2014) (denying request for "discovery on discovery" without a specific basis to find original production deficient).

          a)   Legal Hold Processes

In its effort to be transparent and forthcoming as possible in disclosure and remediation of the email preservation issue, Sanofi has disclosed extensive details about its internal legal hold processes and procedures, including details about the organizations involved in the process; the legal decision-making process about which individuals would be placed on legal hold, when and in what manner; the implementation and execution of technologies used to implement legal holds; analyses and internal reports and communications related to the process; and internal procedures and related training materials.

In addition, Sanofi produced a detailed Root Cause Report of the email preservation issue in which many of these same processes are discussed along with analyses of the actions and inactions that resulted in the preservation issue, and Remediation Reports that provide extensive detail about Sanofi's efforts to remediate the situation. The Root Cause Report and the Remediation Reports were the product of hundreds of hours of technical and legal analysis unique to both Sanofi and the exigent circumstances.

None of this information has any bearing on the issues at stake in this litigation. On the other hand, Sanofi's internal legal business processes represent some of its most sensitive and confidential

6

information. *See* Apgar Decl. at ¶¶ 4-5, 8. Managing legal holds is an enormous challenge for large companies that are routinely involved in a wide variety of legal matters. *Id.* at ¶¶ 4-5. Sanofi invests significant human and technological capital in its proprietary legal business processes, which it protects in the same manner that it protects its most valuable intellectual property assets. *Id.* at ¶¶ 4-5, 8. Moreover, prospective and current litigants could access information about legal processes not typically subject to discovery and potentially use it in Sanofi legal matters all over the country. *Id.* The harm to Sanofi in either case would be substantial and irreparable. *Id*.

### b) ITS Processes

Information and technology services is at the heart of modern business operations. *Frayer v. NSF Int'l*, No. 20-cv-10682, 2021 WL 3912756, at *1 (E.D. Mich. Sep. 1, 2021) (granting motion to seal internal investigative report that includes confidential information on internal company policies and procedures that go to the "core" of defendant's business practices). In the course of investigating, remediating, and reporting on the email preservation issue, Sanofi has disclosed specific and highly confidential details about its internal ITS processes. The information voluntarily shared with Plaintiffs and the Court in its effort to be as forthcoming as possible includes policies, procedures and training materials; internal communications related to these processes both generally and specifically; applications, technologies and methods employed by Sanofi in administering a variety of ITS functions, including email and access management; implementation of strategic corporate initiatives related to core ITS applications, such as email; and even specific uniform record locator ("URL") information that identifies unique server locations within Sanofi's network. *See* Apgar Decl. at 5-8. Sanofi has spent hundreds, if not thousands, of hours developing these procedures, including hiring (and paying) for vendors and consultants to assist in these processes. *Id.* To publicly release this information would allow competitors to unfairly reap the rewards of work they did not perform. *Id.*

Again, none of this information is "central to any claim currently before the Court" and should be protected under Federal Rule of Civil Procedure 26. *Frayer*, 2021 WL 3912756, at *1.

### c)   Information Governance Policies and Processes

Information is at the core of Sanofi's business practices. Among the proprietary and confidential information Sanofi has disclosed in its discovery responses, communications, and reports about the email preservation issue are details associated with its information governance practices, specifically policies related to the retention and use of certain classes of data. *Id.* These policies reflect business and legal decision-making about the information lifecycle at Sanofi and are entirely tangential to any claims made in this case. *Id.* As with Sanofi's legal hold and ITS processes, release of this information would give competitors and potential Sanofi litigants an unfair advantage. *Id.*

### (2) Personal Names and Titles of Sanofi Employees

This Court has already ruled, and Plaintiffs do not oppose, that the names of Sanofi employees can be redacted to protect their individual privacy.[2] Hr'g Tr. at 37:1-2 (Jan. 5, 2022). This ruling is consistent with those of numerous courts in this circuit and across the country finding that the privacy interest of non-party employees outweighs the public interest in that information. *See, e.g.*, *Fifueiras v. Devereux Found. Inc.*, No. 1:09-cv-00227, 2011 WL 5903605, at *2 (N.D. Fla. Nov. 23, 2011) ("to protect the privacy of current and past employees, the Defendant shall be permitted to redact their names"); *In re: Google Digital Advertising Antitrust Lit.*, No. 21-cv-6841, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) ("[n]on-parties to an action may have 'significant privacy interests' that favor redaction of identifying information") (quoting *Kewazinga Corp. v. Microsoft Corp.*, 1:18-cv-4500, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021); *Mondragon v. Scott Farms, Inc.*, 5:17-cv-00356,

---

[2] Some of the individuals mentioned by name in the materials referenced herein are contractors and not technically Sanofi employees. However, their privacy interests are the same, so Sanofi will refer herein to employees and contractors collectively as "employees".

8

2019 WL 489117, at *13 (E.D.N.C. Feb. 7, 2019) (finding that redaction of employee names "is a reasonable alternative to sealing that adequately balances the public's right to access judicial records and the privacy of employees who are not parties to this action"); *Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 231-233 (D. Conn. 2019) (finding that redaction of non-party employee names from the complaint "'strikes an appropriate balance between the strong presumption of public access' that attaches to the Complaint 'and the countervailing interests identified' by the [defendant]") (quoting *United States v. Cohen*, 366 F. Supp. 3d 612, 623 (S.D.N.Y. 2019); *Carter v. Southwest Airlines Co.*, No. 3:17-cv-02278, 2022 WL 283025, at *2 (N.D. Tex. Jan. 31, 2022) (allowing defendants to redact non-party employee names because "the public's interest in knowing the names of the non-party employees does not outweigh the non-party employees' privacy interest"); *Amgen Inc. v. Amneal Pharm. LLC*, No. CV 16-853, 2021 WL 4133516, at *6 (D. Del. Sep. 10, 2021) ("[e]mployees who are either non-parties or not relevant to the dispute have privacy interests that outweigh the public's right to their name").

The names and titles of Sanofi employees involved or cited to in connection with the email preservation issue have no bearing on the ultimate merits of this action, and the "privacy interests of these . . . employees outweigh the strong presumption of public access." *In re: Google Digital Advertising Lit.*, 2021 WL 4848758, at *5. Disclosure of employees' names could cause not only significant embarrassment to the individuals, but also irreparable harm to their careers and reputations. *See* Hr'g Tr. (Jan. 5, 2022) at 36:24-37:1 ("I take Sanofi's counsel at his word this is causing embarrassment and professional problems potentially for employees of Sanofi."). To protect the privacy of Sanofi's employees, the Court should require that their names be redacted from public filings associated with the email preservation issue.

\* \* \*

9

Sanofi's legal hold processes, ITS processes, and information governance policies are highly sensitive business information proprietary to Sanofi. Their disclosure would create a competitive and business risk to Sanofi. Sanofi's proposed redactions are "narrowly tailored to protect public's right to information while protecting countervailing interests against disclosure." *Kleftogiannis*, 411 F. Supp. 3d at 233 (citing *United States v. Milken*, 780 F. Supp. 123, 127 (S.D.N.Y. 1991)). Sanofi's redactions of the names and titles of Sanofi employees are consistent with this Court's prior directions, and Plaintiffs do not oppose these redactions.

### III.     CONCLUSION

For the reasons stated herein, and pursuant to Southern District of Florida Local Rule 5.4(b)(1), Sanofi respectfully requests entry of an Order requiring the parties to file under seal unredacted versions of their January 4, 2022, January 11, 2022 and January 13, 2022 PTO 32 submissions and exhibits, with the redacted versions proposed by Sanofi filed in the public record. Sanofi further requests that these versions remain sealed until entry of an Order overruling the sealing of materials referenced therein.

### IV.     LOCAL RULE 7.1(a)(3) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1, undersigned counsel certify that they conferred with Plaintiffs' leadership prior to filing this motion in a good faith effort to resolve by agreement the issues that are raised in this motion, and Plaintiffs' leadership oppose the relief sought herein, with the exception of the redaction of names and titles.

Dated: February 18, 2022

                                              Respectfully submitted,

*/s/ Leeanne S. Mancari*
Leeanne S. Mancari
DLA PIPER LLP US
2000 Avenue of the Stars
Los Angeles, CA 90067
Tel: (310) 595-3088
leeanne.mancari@us.dlapiper.com


*/s/ Anand Agneshwar*
Anand Agneshwar
Paige Sharpe
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
anand.agneshwar@arnoldporter.com
paige.sharpe@arnoldporter.com

*/s/ Joanne M. O'Connor*
Joanne M. O'Connor
JONES FOSTER P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
Tel: (561) 659-3000
Fax: (561) 650-5300
JOConnor@jonesfoster.com

*Attorneys for Defendants Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide automatic notification to all counsel of record.

/s/ *Joanne M. O'Connor*
Joanne M. O'Connor
JONES FOSTER P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
Tel: (561) 659-3000
Fax: (561) 650-5300
JOConnor@jonesfoster.com

P:\DOCS\30916\00001\PLD\24Z8781.DOCX

EAST\188280446.4