# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)     MDL NO 2924
PRODUCTS LIABILITY     20-MD-2924
LITIGATION

JUDGE ROBIN L ROSENBERG
MAGISTRATE JUDGE BRUCE REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

## PLAINTIFFS' CO-LEAD COUNSEL'S OBJECTIONS[1] TO FIRST SET OF INTERROGATORIES RELATED TO PLAINTIFFS' POSSESSION AND TESTING OF RANITIDINE PRODUCT

Pursuant to Federal Rules of Civil Procedure 26 and 33, the Local Rules of the United States District Court for the Southern District of Florida, and PTO Nos. 25, 26, 28, 29, 30, 32 and 65, Plaintiffs' Co-Lead Counsel ("Co-Lead Counsel") serve their Objections to Defendants Boehringer Ingelheim Pharmaceuticals, Inc., GlaxoSmithKline LLC, GlaxoSmithKline (America) Inc., Pfizer Inc., Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., and Chattem, Inc. (collectively "Defendants") First Set of Interrogatories Related to Plaintiffs' Possession and Testing of Ranitidine Product.

### GENERAL OBJECTIONS

Defendants' interrogatories and the accompanying request for production seek unauthorized discovery and protected work-product information in violation of this Court's pretrial orders, including PTO Nos. 25, 26, 28, 29, 30, 32 and 65, Fed. R. Civ. P. 26, 33 and 34; and LR 26.1.

To the extent that Defendants' interrogatories and the accompanying request for production seek information that will be the subject of expert reports and expert discovery in this MDL, Plaintiffs' expert disclosures are not due until January 24, 2022. Defendants' interrogatories and

---

[1] In serving these Objections, MDL Plaintiffs' Co-Lead Counsel are not responding for or on behalf of each plaintiff with a filed case in this MDL, and do not waive any rights, obligations, objections or positions for any such individual plaintiff and his/her counsel.

1

the accompanying request for production seek to circumvent this Court-ordered deadline. Such discovery is therefore improper.

To the extent Defendants' interrogatories and the accompanying request for production purport to apply to "all cases" filed in or transferred to MDL 2924, as they state, and request information from each Plaintiff in every case filed in or transferred to MDL 2924, Defendants are not authorized to conduct discovery on individual personal injury Plaintiffs at this time. Other than completing the Census Plus Form, pursuant to PTO No. 15, no additional discovery has been authorized on individual personal injury Plaintiffs. The subject interrogatories and accompanying request for production circumvent the Census Plus Form process by seeking discovery on individual personal injury Plaintiffs that is inconsistent with PTO No. 15. PTO No. 15 contemplated that there would be no discovery directed to individual personal injury Plaintiffs unless ordered by the Court, and it has not been so ordered except as set forth in the recently entered PTO No. 69 related to Bellwether case selection.

To the extent Defendants' interrogatories and the accompanying request for production purport to apply to "all cases" filed in or transferred to MDL 2924, and request information from each Plaintiff in every case filed in or transferred to MDL 2924, Co-lead Counsel do not represent each and every Plaintiff in every case before this Court, and otherwise do not have the authority from the Court, under PTO No. 20, to provide answers to the unauthorized discovery directed to each such Plaintiff. PTO No. 20, directs, in pertinent part, "With respect to the common benefit claims, class claims and coordinated pretrial proceedings, Lead Counsel shall: (b) coordinate the initiation of and conduct discovery on behalf of the Plaintiffs consistent with the requirements of Fed. R. Civ. P. 26, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions, **except that the discovery and motions initiated by the Defendants directed to or regarding named individual Plaintiffs will**

2

**be handled by the attorney(s) for those individuals.**" (Emphasis supplied.) That limitation is applicable here since Defendants' interrogatories are directed at each individual Plaintiff, and Co-Lead Counsel do not have the authority or capability to comply with Fed. R. Civ. P. 26(g); 33 (b)(1((A); (b)(3); or (b)(5); L.R. 26.1; and PTO 32, Section 1(D), notwithstanding Defendants' improper attempt to classify all individual Plaintiffs as one party.  Discovery under the federal rules requires that the discovery be served on a party. Co-Lead Counsel are not parties.  As such, these interrogatories are improper.

Furthermore, to the extent Defendants' interrogatories and the accompanying request for production purport to apply to "all cases" filed in or transferred to MDL 2924, and request information from each Plaintiff in every case filed in or transferred to MDL 2924, the interrogatories and accompanying request for production were improperly served because they were not properly served on counsel for the individual Plaintiffs as required by PTO No. 45.  PTO No. 45, which governs service of discovery, requires in pertinent part, "Defendants shall serve such written discovery by sending electronic copies of such materials to: (1) Michael McGlamry (mmcglamry@pmkm.com) and Tracy Finken (tfinken@anapolweiss.com); (2) **the counsel of record for the individual Plaintiff to whom such discovery is directed, if applicable;** and (3) the following email address: zdiscovery@pulaskilawfirm.com.  (Emphasis supplied).  Defendants' interrogatories and the accompanying request for production violated PTO No. 45 by failing to specifically identify and serve the "counsel of record for the individual Plaintiff" to whom they were directed.

Defendants' interrogatories do not reference, extend to, or apply to Claimants, as defined by PTO No. 15. Claimants' claims are not "cases," and they are neither plaintiffs nor parties, nor subject to formal discovery pursuant to Fed. R. Civ. P. 26, 33 or 34.

Furthermore, PTO No. 29, regarding Electronically Stored Information, states, "[t]he scope

3

of any search and production by Individual Plaintiffs of Documents shall be subject to a meet and confer process and any other production in connection with any Plaintiff Fact Sheet or other Court-ordered process will be the subject of a future Court order including in conjunction with bellwether and/or class representative discovery." No such order has been entered by this Court. As such, Plaintiffs' Co-Lead Counsel contend that the subject interrogatories and request are inappropriate, in violation of Court order and direction, and further that the Defendants' attempt to serve this discovery is unprecedented in the context of an MDL litigation.

Furthermore, Co-Lead Counsel object to the extent the definitions and/or instructions provided in Defendants' Interrogatories alter or exceed the requirements of Rules 26 and 33 and/or the Local Rules.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY each and every RANITIDINE PRODUCT that is or has been in YOUR possession since March 2019 for purposes of investigating or prosecuting YOUR claims in this litigation, including but not limited to either TESTING or potential TESTING by YOU or on YOUR behalf (but excluding any product provided to you by Brand Defendants during the course of this litigation), and including in your response with respect to each and every RANITIDINE PRODUCT:

a. The dates during which each RANITIDINE PRODUCT has been or was in YOUR possession;

b. The commercial or brand name, LOT NUMBER, FORM, DOSAGE, COUNT, and expiration date of each RANITIDINE PRODUCT;

c. The IDENTITY of the manufacturer and distributor listed on the packaging of each RANITIDINE PRODUCT;

d. The IDENTITY of each PERSON who sold, gave, or transferred each RANITIDINE PRODUCT to YOU;

e. Whether each RANITIDINE PRODUCT remains in YOUR possession, or if not, the disposition of each RANITIDINE PRODUCT, including the IDENTITY of all PERSONS known to have had possession of the RANITIDINE PRODUCT since it left YOUR possession;

    f.  All transport and storage locations and conditions (including, without limitation, temperature and humidity) for each RANITIDINE PRODUCT;

    g.  Chain of custody information for each RANITIDINE PRODUCT that was or is in YOUR possession.

**OBJECTION:**

Co-Lead Counsel incorporate by reference the General Objections set forth above.

Although Co-Lead Counsel do not have the authority to respond on behalf of "all cases," and therefore object to the subject interrogatories, to avoid any assertion that Co-Lead Counsel have waived any objections available to any or "all cases," a placeholder objection is hereby asserted on the grounds that the subject interrogatory seeks discovery of information that was prepared for or obtained in anticipation of litigation or preparation for trial by the Plaintiffs and their respective counsel, in any such case, including non-testifying experts/consultants, in violation of the work-product privilege or immunity.  Furthermore, to the extent it seeks discovery of attorney-client communications and related information, such communications and information are privileged and, thus, not subject to discovery.

Although Co-Lead Counsel do not have the authority to respond on behalf of "all cases," and therefore object to the subject interrogatory, to avoid any assertion that Co-Lead Counsel have waived any objections available to any or "all cases," a placeholder objection is hereby asserted on the grounds that the subject interrogatory violates PTO Nos. 30 and 65 regarding expert discovery, as Defendants' interrogatory seeks unwarranted and unauthorized discovery of expert witnesses engaged by Co-Lead Counsel in MDL 2924.

**INTERROGATORY NO. 2:**

Describe with particularity any and all TESTING of any RANITIDINE PRODUCT conducted by YOU or on YOUR behalf, including in your response:

    a.  The commercial or brand name, LOT NUMBER, FORM, COUNT, DOSAGE, and expiration date of each RANITIDINE PRODUCT tested;

  b.  The manufacturer and distributor listed on the packaging of each RANITIDINE PRODUCT tested;

  c.  Chain of custody information for each RANITIDINE PRODUCT tested;

  d.  The date(s) on which each RANITIDINE PRODUCT underwent TESTING;

  e.  The design and testing protocols, methodologies, and specifications for each TESTING, including a description of the equipment, material, and supplies used (for example, without limitation, all chemical supplies, such as solvents, and non-chemical supplies); storage locations; times and storage conditions (including, without limitation, packaging, container closure system, temperature and humidity) for each sample of each RANITIDINE PRODUCT; the method of sample preparation used (including, without limitation, water source, air ventilation, and filtration); the TESTING parameters used; any mathematical or statistical analyses necessary to interpret the results; and all other information necessary to understand the scope and details of the TESTING performed;

  f.  The results of the TESTING (whether oral or written), including interim results, draft results, and final results;

  g.  The accreditation status and credentials of the entity or entities performing the testing.

**OBJECTION:**

Co-Lead Counsel incorporate by reference the General Objections set forth above.

Although Co-Lead Counsel do not have the authority to respond on behalf of "all cases," and therefore object to the subject interrogatories, to avoid any assertion that Co-Lead Counsel have waived any objections available to any or "all cases," a placeholder objection is hereby asserted on the grounds that the subject interrogatory seeks discovery of information that was prepared for or obtained in anticipation of litigation or preparation for trial by the Plaintiffs and their respective counsel, in any such case, including non-testifying experts/consultants, in violation of the work-product privilege or immunity.  Furthermore, to the extent it seeks discovery of attorney-client communications and related information, such communications and information are privileged and, thus, not subject to discovery.

Although  Co-Lead Counsel do not have the authority to respond on behalf of "all cases," and therefore object to the subject interrogatory, to avoid any assertion that Co-Lead Counsel have

waived any objections available to any or "all cases," a placeholder objection is hereby asserted on the grounds that the subject interrogatory violates PTO Nos. 30 and 65 regarding expert discovery, as Defendants' interrogatory seeks unwarranted and unauthorized discovery of expert witnesses engaged by Co-Lead Counsel in MDL 2924.

Dated: November 22, 2021

>*/s/ Michael L. McGlamry*
>Michael L. McGlamry
>POPE McGLAMRY, P.C.
>3391 Peachtree Road NE, Suite 300
>Atlanta, GA 30326
>Ph: (404) 523-7706
>Email: efile@pmkm.com
>
>Robert C. Gilbert
>KOPELOWITZ OSTROW FERGUSON
>WEISELBERG GILBERT
>2800 Ponce de Leon Boulevard, Suite 1100
>Coral Gables, FL 33134
>Ph: (305) 384-7269
>Email: gilbert@kolawyers.com
>
>Tracy A. Finken
>ANAPOL WEISS
>One Logan Square
>130 North 18th Street, Suite 1600
>Philadelphia, PA 19103
>Ph: (215) 735-1130
>Email: tfinken@anapolweiss.com
>
>Adam Pulaski
>PULASKI KHERKHER, PLLC
>2925 Richmond Avenue, Suite 1725
>Houston, TX 77098
>Ph: (713) 664-4555
>Email: adam@pulaskilawfirm.com

## **CERTIFICATE OF SERVICE**

The undersigned herby certifies that a copy of the foregoing was served via electronic mail, on the 22nd day of November, 2021 to the Lead Counsel for the Brand Defendants.

/s/ *Michael McGlamry*
Michael L. McGlamry