# EXHIBIT D

# KING & SPALDING

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Tel: +1 213 443 4355
Fax: +1 213 443 4310
www.kslaw.com

Michael B. Shortnacy
Partner
Direct Dial: +1 213 443 4344
Direct Fax: +1 213 443 4310
mshortnacy@kslaw.com

**VIA E-MAIL**

February 7, 2022

Tracy A. Finken
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Email: tfinken@anapolweiss.com

Robert C. Gilbert
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Email: gilbert@kolawyers.com

Michael L. McGlamry
POPE McGLAMRY, P.C.
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Email: mmcglamry@pmkm.com

Adam Pulaski
PULASKI KHERKHER, PLLC 2925
Richmond Avenue, Suite 1725
Houston, TX 77098
Email: adam@pulaskilawfirm.com

  Re: *In re Zantac (Ranitidine) Products Liability Litig.*, MDL No. 2924 (S.D. Fla.)
     Deficiencies in Plaintiffs' Expert Witness Disclosures

Dear Counsel:

  On behalf of Brand Defendants in the above-referenced litigation ("Zantac MDL"), we write to address certain of the more significant deficiencies affecting Plaintiffs' Fed. R. Civ. P. 26(a)(2) expert disclosures for Ramin Najafi, Ph.D. ("Dr. Najafi") and Charles Davis, Ph.D. ("Dr. Davis"), each of whom submitted an expert report on January 24, 2022.

  Plaintiffs have had over two years to organize and plan for their Fed. R. Civ. P. 26 expert disclosures so that the required production of files and information considered by Plaintiffs' experts would occur by the disclosure deadline. In addition to the requirements of Rule 26 to

disclose all facts or data considered by testifying experts, Defendants called for production of documentation of any and all testing by Dr. Najafi's company Emery Pharma ("Emery") in Defendants' First Set of Requests for Production Related to Plaintiffs' Possession and Testing of Ranitidine Product, dated October 21, 2021. Defendants also discussed the request for testing data during a meet and confer with Plaintiffs and Special Master Dodge on December 23, in which Plaintiffs deflected, arguing in part that the requests were premature. Defendants followed up again on December 24 and January 21, seeking to meet and confer, yet Plaintiffs simply ignored and did not respond to our follow-up inquiries. Notwithstanding ample opportunity to prepare proper disclosures and to meet and confer with Defendants regarding testing data from Dr. Najafi and Emery, Plaintiffs' disclosures are deficient.

As Plaintiffs are aware, Rule 26(a)(2) expressly provides that, unless otherwise stipulated or ordered by the Court, which is not the case here, witnesses retained to provide expert testimony must provide a written report and that written report "must" contain, among other things:

   i.  a complete statement of all opinions the witness will express and the basis and reasons for them;

   ii. the facts or data considered by the witness in forming [those opinions]; and

   iii. any exhibits that will be used to summarize or support [those opinions].

Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii).

Given that Plaintiffs' testifying expert conducted his own analytical testing, Rule 26 requires disclosure and production of all materials and documentation generated relating to that testing, including testing performed but not included in expert reports. The reports submitted by Drs. Najafi and Davis fail *at the very least* to disclose all of the facts and data they each considered in forming their respective opinions, which is clear because, among other reasons, their reports actually refer to facts and/or data that were not concurrently produced with those reports.

The following is a non-exhaustive list of the facts, documents, and/or data that Plaintiffs have failed to produce relating to the reports and expert opinions of Dr. Najafi and Dr. Davis. If any of these materials/data are no longer available, please indicate so and provide an explanation why. Spreadsheets and data compilations should be produced in native format.

## MISSING NAJAFI MATERIALS

1. Numbered references in Dr. Najafi's report;

2. Full protocol for "real world storage" conditions (i.e., car in sun, car in shade, bathroom, climate zones), including sample preparation, rate of heating, exposure to light and or other ambient conditions, rest period between cycles, maintenance of volume/concentration of sample during testing, volume of reaction flask, etc.;

3. Full protocols for SGF/food analysis, including storage and reaction conditions, results for each sample tested, mass of each food "serving," final reaction volume, level of nitrite/nitrate/NDMA in each food and ranitidine sample and ranitidine sample, and mass of food sample;

4. Full validation protocols and validation reports for all experimental procedures and analytical methods used;

5. Complete method descriptions for all sample preparation and analytical methods used, including details regarding HPLC injection sequences, frequencies of blank and standard solution injections, and QC check frequencies;

6. Complete raw data files for each sample at each testing point for all analyses, including any analyses performed but not included in Dr. Najafi's report or appendices;

7. Signed, countersigned, and dated lab notebooks for all analyses, including any analyses performed but not included in Dr. Najafi's report or appendices;

8. Instrument readout and complete report files in .pdf, .png, .jpeg, or other common file format of all HPLC chromatograms, calibration plots, and MS/MS analyte ion intensity measurements for all analyses performed, including any analyses performed but not included in Dr. Najafi's report or appendices;

9. All reports/catalogs of instrument failures, injection failures, SOP deviations, and sample analyses with results that fell below the limits of detection;

10. Complete results of all calibration and validation experiments, including calibration curves, for all protocols, including any analyses performed but not included in Dr. Najafi's report or appendices;

11. All applicable Standard Operating Procedures or policies governing analyses and testing;

12. All records concerning the calibration and performance qualification of the instruments used in all analyses, including any analyses performed but not included in Dr. Najafi's report or appendices;

13. Chain/conditions of custody documentation by Plaintiffs/Emery for all samples from receipt to testing, including date of receipt, type of storage/exposure (i.e., type of container, sealed container, exposure to ambient conditions including light, temperature, humidity, etc.) even if no analyses were performed on the sample;

Page 4

14. Source, composition, and NDMA levels in SGF, water, and other solvents used in all analyses, including any analyses performed but not included in Dr. Najafi's report or appendices;

15. Certificates of Analysis for all solvents, reagents, calibration standards, and other materials used in all analyses, including any analyses performed but not included in Dr. Najafi's report or appendices;

16. Any supporting data generated for the selection of conditions and protocols for all analyses, including any analyses performed but not included in Dr. Najafi's report or appendices; and

17. Any photographs or other images Emery took of any reagents, products, experimental apparatus and/or samples used in any analyses, including any analyses performed but not included in Dr. Najafi's report or appendices.

## MISSING DAVIS MATERIALS

1. The entire SAS (or any other statistical software) codes/input used;

2. The entire SAS (or any other statistical software) outputs/printouts of the final analyses;

3. Any statistical programming code(s) used in any way in connection with his analyses;

4. The data dictionary, variable lists, or any other glossary of terms, or annotations, necessary to interpret the SAS (or any other statistical software) codes or output/printout generated; and

5. All spreadsheets and data provided to Dr. Davis in native format.

Plaintiffs' failure to comply with Fed. R. Civ. P. 26 and provide the required disclosures has already prejudiced Defendants, particularly given the short schedule for Defendants to produce expert disclosures in response. These missing materials affect all expert witness testimony given that Plaintiffs' own experts rely heavily on Emery's test data when forming their general causation opinions. Therefore, by this correspondence, Defendants demand that Plaintiffs produce the missing material immediately and, in any event, by **no later than 5:00 p.m. ET on Wednesday, February 9, 2022**. In so doing, Defendants reserve all rights, including the right to move to strike your proffered experts for having failed to comply with their disclosure obligations (as well as all other proper grounds). Moreover, if any materials are produced after February 9, 2022, including any "ongoing" testing by Dr. Najafi (*see* Najafi Rep. ¶ 254), Defendants will ask the Court to strike any opinions that rely wholly or in part on the late disclosures.

Page 5

We look forward to your prompt attention to this matter, and reserve all rights, including bringing this matter to the Court on an expedited motion as we have told you during prior communications that we may be compelled to do.

                                            Sincerely,

| | |
|---|---|
| Michael B. Shortnacy, Esq.<br>mshortnacy@kslaw.com | Will W. Sachse, Esq.<br>will.sachse@dechert.com |
| Paige H. Sharpe, Esq.<br>paige.sharpe@arnoldporter.com | M. Elaine Horn, Esq.<br>ehorn@wc.com |

cc:     Special Master Jaime L. Dodge
          Andrew T. Bayman
          Anand Agneshwar
          Joseph G. Petrosinelli
          Mark Cheffo