UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

THIS DOCUMENT RELATES TO: ALL CASES

**PRETRIAL ORDER # 72**
**Order Requiring Finalization of Registry Information and Certain Short-Form Complaints**

Near the inception of this MDL, on April 20, 2020, the Court entered Pretrial Order # 15. At that time, the parties were exploring the possibility that potential plaintiffs ("Claimants") could preserve their claims without necessarily filing a case in court. DE 547. Each side stood to benefit from such an arrangement. For the Claimants, such an arrangement meant that they need not immediately pay a filing fee and prosecute their case—they could wait to do so until a later stage of the litigation. *See id.* This benefited the Defendants insofar as the Defendants had fewer filed cases to defend against and, relatedly, fewer jurisdictions in which to do so. *See id.* And one important benefit for all parties—Plaintiffs, Claimants, and Defendants—was that the consolidation and preservation of the Claimants' claims in a central registry would allow for data to be accumulated about the Plaintiffs and the Claimants: the nature of their alleged injuries and a summary of the individual characteristics of the various Plaintiffs and Claimants such as age, location, duration of product use, etc. *See id.* This data was thought to be useful by all parties for the purposes of bellwether trial selection and potential future settlement discussions, and the Court therefore concluded that a registry would "assist in overall effective case management and the orderly and efficient progression of this proceeding." *Id.* at 1.

Now, almost two years after the inception of this MDL, the time has come for the data in the Registry to be finalized; the pleadings have closed, the Plaintiffs' Leadership has designated the specific cancers it will pursue, the parties have begun the process of preparing *Daubert* challenges on the issue of general causation, and the bellwether trial selection process has begun. For this MDL to proceed in an orderly fashion, both the parties and the Court need to know with some degree of certainty who the Claimants are, what claims they intend to file, and where the Claimants will file their claims. The Court intends to obtain this certainty by setting a date whereupon the information in the Registry, as inputted by Claimants, will become final.[1] The Court has the power to require this finality because each Claimant agreed to be bound to the terms of this Court's Pretrial Orders and further agreed and consented to the authority of this Court to issue additional Pretrial Orders that govern them as Claimants. DE 1408 at 32. Consistent with that grant of authority, the Court hereby **ORDERS** as follows:

Finalization of the Claimants' Intended Forum

1. All Brand Defendants shall provide to Litigation Management, Inc. ("LMI") and Plaintiffs' Co-Lead Counsel all applicable state(s) of citizenship for purposes of diversity analysis within ten (10) days of the entry of this Order. Brand Defendants shall also provide the following information: all specific finished dose formulations of Brand name Zantac manufactured, packaged, or sold, and dates of manufacture, package, or sale of each finished dose Zantac formulation. This shall be provided in a form directed by the Special Master in consultation with LMI, with copies to Adam Pulaski and Tracy Finken, no later than thirty (30) days from the entry of this Order.

---

[1] Pretrial Order # 15 is not modified or amended with the exception of the provisions set forth therein at page 15, paragraph 5 [DE 547]. This Order supersedes paragraph 5 on page 15 of Pretrial Order # 15.

2

2.	Within two (2) days of the entry of this Order, LMI will provide to each Generic Defendant the information in the current Census Registry database being used for defense mapping that was provided pursuant to Pretrial Order # 50 and citizenship information that has been provided to LMI.  Any Generic Defendant that consents to provide any necessary update or correction to such information within thirty (30) days will have no further obligations to provide any information to LMI.

3.	LMI shall add a certification box to the Registry interface as soon as reasonably possible and as directed by the Special Master.  The purpose of the checkbox is for a Claimant who has registered or a Plaintiff who has filed in this MDL (collectively, the "Registry Participants") to certify his or her forum of choice.  If a Registry Participant does not intend to file his or her claim in federal court, the Registry Participant shall not check the box.  If the Registry Participant commits to file his or her claim in federal court (although no Registry Participant is ever required to file suit) then the Registry Participant shall check the box and publish said response to Defendants by no later than June 30, 2022.[2]  In checking the certification box, a Registry Participant also certifies that federal court jurisdiction exists over his or her claims.  As a result of the Registry Participant's certification that federal jurisdiction exists over the Registry Participant's claims, the Registry Participant must not name a defendant with the same state of citizenship as the Registry Participant as discussed more fully below in paragraph 5.[3]  The Registry Participants who certify that they will file their lawsuits in federal court will be deemed "Certified Federal Participants."  Within a reasonable time after June 30, 2022, LMI shall provide a report to the Court, Special Master, and all Co-Lead Counsel indicating the total number of Registry

---

[2] The Court recognizes that the phrase "Registry Participants" includes Plaintiffs who already have filed cases in this MDL and therefore already have committed to file a claim in federal court.  Nevertheless, such Plaintiffs shall check the certification box.
[3] Unless the Certified Federal Participant has a basis for federal jurisdiction other than diversity jurisdiction.

3

Participants, the total number of Registry Participants who allege a Designated Cancer (as defined below), and the number of Certified Federal Participants.

4. This Order is not intended to alter any negotiations that the parties have reached regarding tolling or the right of any Defendant to terminate tolling pursuant to Pretrial Order # 15. Such negotiations, and any agreements reached, regarding tolling are between the parties and are not the subject of this Order. Such negotiation and agreements are not subject to enforcement by the Court unless (i) the parties to the agreement consent to the Court's enforcement of the agreement, and (ii) the Court approves of the parties' consent.

### Finalization of the Claimants' and Plaintiffs' Claims in the Registry

5. Every Registry Participant with a Designated Cancer and every Certified Federal Participant with a Non-Designated Cancer must update answers to question 13 of his or her Census Plus Form that he or she previously submitted pursuant to Pretrial Order # 15 ("CPF"), which shall reflect any and all Brand Defendants,[4] Generic Defendants, Retailer Defendants or others against whom the Certified Federal Participant anticipates filing or intends to file a lawsuit regarding Zantac or any generic equivalent ranitidine product (if any lawsuit is ever filed) ("Anticipated Defendant"). Because each Certified Federal Participant has certified that he or she intends to file in federal court (if he or she elects to file a lawsuit), none of the Anticipated Defendants may have the same citizenship as the Certified Federal Participant.[5] No later than June 30, 2022, these answers regarding Anticipated Defendants will be published to the Defendants and become final. Subsequent to June 30, 2022, Certified Federal Participants will be estopped from seeking to alter the Anticipated Defendants and will be estopped from opposing the dismissal of a non-Anticipated Defendant from any proceeding in any tribunal. Notwithstanding anything in this Order to the

---

[4] Brand Defendants refers to GSK, Pfizer, Boehringer Ingelheim, Sanofi, Patheon, and Chattem.
[5] Unless the Certified Federal Participant has a basis for federal jurisdiction other than diversity jurisdiction.

contrary, Certified Federal Participants who entered the Registry on or before February 28, 2022, will be estopped from amending an answer regarding an Anticipated Defendant, unless the Certified Federal Participant can provide: (1) a medical record, pharmacy record, loyalty record, or purchase receipt that supports the change(s), provided that the applicable record supporting such change(s) is ordered on or before May 15, 2022 but not received by June 24, 2022; (2) a record ordered by counsel prior to May 15, 2022 that the party to whom the request was submitted failed to produce to him or her despite reasonable follow up prior to June 24, 2022; (3) a record ordered prior to May 15, 2022 that, upon receipt and review, requires the Certified Federal Participant's counsel to order other records, so long as such additional records are ordered within forty-five (45) days of receipt of the prior record; or (4) any other reason that the Court deems fair and equitable. Additionally, notwithstanding anything in this Order to the contrary, a Certified Federal Participant who enters the Registry on or after March 1, 2022, may amend an answer regarding an Anticipated Defendant if the Certified Federal Participant can provide: (1) a medical record, pharmacy record, loyalty record, or purchase receipt that supports the change(s), provided that the applicable record supporting such change(s) is ordered on or before ninety (90) days after entering the Registry; (2) a record ordered on or before ninety (90) days after entering the Registry that, upon receipt and review, requires the Certified Federal Participant's counsel to order other records, so long as such additional records are ordered within forty-five (45) days of receipt of the prior record; or (3) any other reason that the Court deems fair and equitable.[6]

6. By participating in the certification process described in this Order, a Certified Federal Participant agrees that (i) he or she is estopped from filing a lawsuit concerning Zantac or any generic equivalent ranitidine product in a state court, unless any of the exceptions in

---

[6] This Order shall not preclude the parties from reaching a contrary agreement concerning estoppel.

paragraphs 5 or 10 for changing Anticipated Defendants apply; and (ii) if he or she files a lawsuit concerning Zantac or any generic equivalent ranitidine product in a state court, such Certified Federal Participant will not oppose removal of the action to federal court and subsequent transfer of the action to this MDL, so that this Court will decide any dispute about whether the Certified Federal Participant is obligated to file his or her action only in federal court.

7. Some of the Registry Participants are Plaintiffs in this MDL who have filed Short-Form Complaints that name Defendants. The Defendants named in a Plaintiff's Short-Form Complaint must be identical to the Anticipated Defendants listed on a Plaintiff's CPF. Accordingly, if a Plaintiff alters his or her Anticipated Defendants in the Registry, the Plaintiff shall also amend his or her Short-Form Complaint. Further, each Plaintiff shall also ensure that, as of June 30, 2022, the Defendants named in her or her Short-Form Complaint are identical to the Anticipated Defendants.

8. Any attorney representing a Registry Participant ("Registry Counsel") shall notify LMI within fourteen (14) days of any change in representation status of any Registry Participant.

9. Registry Counsel shall also ensure that question 19 of the CPF accurately reflects the current state of residence of any Registry Participant, or state of residence at the time of death for decedents. Registry Counsel, upon notice of a Registry Participant's death, shall promptly update questions 27 and 28 of the CPF, and ensure that, if notified of such occurrence prior to June 15, 2022, the CPF is updated by that date.

10. In the event any Defendant does not provide accurate information to LMI pursuant to paragraphs 1 or 2 of this Order or an error occurs by LMI in data mapping, and such inaccuracy impacts whether a Registry Participant has diversity of citizenship with all Anticipated Defendants listed in his or her CPF as outlined in paragraph 5, then within fourteen (14) days after the Registry

Participant or his/her counsel becomes aware of the accurate information, the Registry Participant may amend his/her CPF and/or any certification he or she provided pursuant to paragraphs 3 and 5 – such amendment shall be limited to the scope of the new information only.  In the event any Defendant does not provide accurate information to LMI pursuant to paragraphs 1 or 2 of this Order or an error occurs by LMI in data mapping, and such inaccuracy impacts whether a Registry Participant could identify additional Anticipated Defendants, but naming those additional Anticipated Defendants would not impact whether the Registry Participant has diversity of citizenship with all such Anticipated Defendants, then within fourteen (14) days after the Registry Participant or his/her counsel becomes aware of the accurate information, the Registry Participant may amend his/her answer to question 13 of his/her CPF – such amendment shall be limited to the scope of the new information only – but may not amend any certification he/she provided pursuant to paragraphs 3 and 5.

<u>Finalization of Claimants' and Plaintiffs' Alleged Injuries Involving Non-Designated Cancers</u>

11. On January 25, 2022, Plaintiffs' Leadership Counsel filed a disclosure identifying the types of cancer for which they have provided general causation reports in this MDL (the "Designated Cancers").  DE 5147.  Other cancers besides the Designated Cancers and other injuries are alleged in various Plaintiffs' Short-Form Complaints and by Claimants in the Registry (the "Non-Designated Cancers").  Because Plaintiffs' Leadership Counsel has elected not pursue the Non-Designated Cancers, the Court must act to determine (i) how many Certified Federal Participants wish to pursue the Non-Designated Cancers in this MDL; (ii) what, precisely, the Non-Designated Cancers are; and (iii) how, if at all, the Court will adjudicate the Non-Designated Cancers in this MDL.

12. To that end, all Registry Participants with a Designated Cancer shall update their alleged injury in question D(4) of the CPF by June 30, 2022; after this date, changes may only be made for newly diagnosed cancers or injuries or based upon contemporaneous medical records showing a different cancer. In addition, the Court has decided that all Certified Federal Participants who allege a Non-Designated Cancer[7] shall file a Short Form Complaint using the process in Amended Pretrial Order # 31, if he or she has not already done so, by no later than June 30, 2022. *See* DE 1496. In the event a Certified Federal Participant who alleges a Non-Designated Cancer in the Registry does not file a Short Form Complaint consistent with this Order, the Court may remove the Certified Federal Participant from the Registry, consistent with the process set forth in Pretrial Order # 15.

13. Any Plaintiff who previously filed a Short Form Complaint claiming a Non-Designated Cancer or injury, but who no longer wishes to pursue claims for the Non-Designated Cancer or injury, shall so indicate by amending his or her Short-Form Complaint by June 30, 2022. Alternatively, should a Plaintiff seek to dismiss his or her case because he or she is pursuing a Non-Designated Cancer, the Answers to the Second Amended Master Personal Injury Complaint [DE 4101, 4102, 4103, 4105, and 4205] will constitute answers that preclude a Plaintiff from unilaterally dismissing his or her case under Federal Rule of Civil Procedure

---

[7] This filing deadline applies to Plaintiffs and Claimants wishing to pursue claims only for Non-Designated Cancers or injuries, as well as to Plaintiffs and Claimants wishing to pursue claims for both Designated Cancers and Non-Designated Cancers or injuries, within the same complaint. There are a number of Plaintiffs and Claimants who have indicated that they have multiple cancers or injuries; many of these appear to allege that Zantac use caused a particular cancer, which cancer then led to other cancers or injuries resulting from the initial cancer. To the extent that the Plaintiff/Claimant alleges that Zantac caused a Designated Cancer, which then metastasized and he/she was then diagnosed with a Non-Designated Cancer – or developed another injury due to the original Designated Cancer – the Plaintiff/Claimant is pursuing a claim that Zantac caused a Designated Cancer and thus is not subject to paragraph 12 of this Order. In contrast, if the Plaintiff/Claimant alleges that Zantac caused a Non-Designated Cancer, which then metastasized into a Designated Cancer, then the Plaintiff/Claimant is pursuing a Non-Designated Cancer and thus is subject to paragraph 12 of this Order.

41(a)(1)(A)(i). Any Plaintiff who wishes to voluntarily dismiss his or her case shall comply with Federal Rule of Civil Procedure 41(a)(1)(A)(ii) or (a)(2).

14. Subsequent to June 30, 2022, the Court intends to evaluate the number of filed cases pursuing claims for Non-Designated Cancers and injuries, as well as the types of cancers and injuries being alleged, to determine the best course of action for these cases. At a future time, the Court may enter additional orders and establish deadlines and procedures for the Plaintiffs raising personal injury claims for cancers and injuries other than the Designated Cancers, including setting expedited expert discovery and *Daubert* deadlines for these cases.

15. The Special Master will direct LMI to provide by March 15, 2022, and subsequently at the Special Master's discretion, an interim report to Plaintiffs' and Defendants' Co-Lead Counsel listing the Plaintiffs and Claimants alleging Non-Designated Cancers. Such report shall contain the LMI ID number, alleged cancer or other injury, counsel of record, and any other information that the Special Master deems useful to the parties. To facilitate the accuracy of this report, all Registry Counsel are directed to notify LMI within fourteen (14) days of any change in representation of any personal injury Plaintiff or Claimant.

<u>Resolution of Disputes or Lack of Clarity Pertaining to this Pretrial Order</u>

16. By participating in this certification process, a Certified Federal Participant agrees that all disputes about the Certified Federal Participant's compliance with this Court's Pretrial Orders will be decided by this Court.

17. Any Registry Participant, Registry Counsel, or Defendant who seeks any clarification or reconsideration of this Order must file a motion for leave[8] to file a motion seeking such relief within twenty-one (21) days of the date this Order is entered. Any Registry Participant

---

[8] *See* Pretrial Order # 24, section 10.

who does not agree to be bound by the terms of this Order must exit the Registry within twenty-one (21) days of the date this Order is entered, by notifying Registry Coordinating Counsel (Adam Pulaski and Joe Petrosinelli) and the Special Master.  LMI shall maintain the exit date of individuals that exit the Registry pursuant to this paragraph, as well as those that exit due to deficiencies or termination of tolling.  In such circumstances, all data shall be preserved, and Counsel and the Special Master shall continue to have the same access to the CPF, data, and/or analytics, as when the Registry Participant was in the Registry.

18. The Court understands that *pro se* litigants are not provided with access to LMI's database as a matter of course.  To the extent that a *pro se* Claimant or Plaintiff has an obligation to update his/her CPF pursuant to this Order, the *pro se* individual is directed to email LMI at zanclaimants@lmiweb.com with his/her name, the name of the Zantac user (if different) and applicable LMI ID number (or docket number, if the individual is a Filed Plaintiff and does not have an LMI ID number).  The Special Master shall, with consent of Registry Coordinating Counsel, address in her discretion the data needs of *pro se* litigants together with any other data collection or technology issues that may arise in the implementation of this Order.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 28th day of February, 2022.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE