UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                    MDL NO. 2924
PRODUCTS LIABILITY                         20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**ORDER DENYING MOTION FOR JUDGMENT IN CASES ON APPEAL**

Before the Court is an unopposed Motion for Judgment in Cases on Appeal at docket entry 5174. The Motion seeks entry of judgment in fifteen cases to perfect, for appeal, "innovator liability" claims. DE 5174-2. Fourteen of the fifteen cases name either a Retailer or Distributor Defendant and bring claims for ordinary negligence. As the Court has explained in prior orders,[1] the Court has yet to rule on the legal significance of Short Form Complaints in individual cases that "check the box" for ordinary negligence claims against Retailers and Distributors—the Court has merely ruled that such claims cannot be pursued in a master complaint. Until the Court rules on the legal sufficiency of the ordinary negligence claims asserted in the Short Form Complaints, the Court cannot conclude that it has "ruled on all of the relief sought" as is necessary for the entry of a Rule 58 final judgment. The Court has yet to decide when it will address individual claims brought in Short Form Complaints and, as a result, entry of Rule 58 final judgment in the fourteen cases would be premature.

Turning to the one case that does not bring an ordinary negligence claim against a Retailer or Distributor Defendant, case 20-CV-81929, the parties do not agree on the legal basis for the Court's entry of judgment. The Plaintiffs contend that a Rule 58 final judgment should enter, but

---

[1] *E.g.,* DE 4595.

the Defendants contend that a Rule 54(b) judgment should enter. DE 5174 at 1 n.1. The legal standards for entry of judgment under Rule 58 and Rule 54(b) are different. Putting aside for the moment Rule 54(b), the Court requires that the parties brief their Rule 58 dispute with clarity pursuant to Local Rule 7.1. If the Plaintiffs believe that a Rule 58 final judgment should issue in case 20-CV-81929, the Plaintiffs should brief and argue that position. If the Defendants disagree, then the Defendants should brief their opposition to the Plaintiffs' motion. The Court will not permit the parties to disagree on the legal basis for the Court's entry of judgment and then style the request as an "unopposed" motion, particularly when, based upon the Court's own review, the Court cannot discern the basis for entry of Rule 58 judgment. Case 20-CV-81929 brings claims against the Defendants that are still pending in this MDL. The Plaintiffs argue that those claims have been disposed of not by referencing something in the Short Form Complaint itself (such as a box indicating the case brings an innovator liability claim, something present in other Short Form Complaints), but rather based upon counsel's representations to the Court outside of the four corners of the Short Form Complaint. The Court is not familiar with that practice as a basis for entry of Rule 58 final judgment.

Turning to the Defendants' argument that Rule 54(b) is the correct basis for entry of judgment, the Defendants should brief and argue that position as well pursuant to Local Rule 7.1.[2] Briefing on this issue is particularly appropriate when, based upon the Court's own review, the Court cannot discern how the standard for Rule 54(b) is met. The Court previously entered a Rule 54(b) judgment in favor of the Defendants for issues that were already on appeal by virtue of

---

2 The Court envisions that the parties may elect to file cross motions as the parties are requesting different forms of relief.

coterminous Rule 58 final judgments. DE 4595 at 28.  But the Court's prior entry of Rule 58 judgments did not result in innovator liability claims being taken on appeal, as the parties concede. DE 5174 at 1.

For the foregoing reasons, the parties' Motion for Entry of Judgment in Cases on Appeal [DE 5174] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 1st day of March, 2022.

                                                ROBIN L. ROSENBERG
Copies furnished to: Counsel of Record     UNITED STATES DISTRICT JUDGE