UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                                          MDL NO. 2924
PRODUCTS LIABILITY                                                  20-MD-2924
LITIGATION
                                                                    JUDGE ROBIN L. ROSENBERG
                                                    MAGISTRATE JUDGE BRUCE E. REINHART

_____/

## ORDER DENYING THE PLAINTIFFS' PTO 26(G)(3)(b) MOTION TO PROTECT CONFIDENTIALITY

This matter is before the Court on the Plaintiffs' Motion Pursuant to PTO 26(G)(3)(b) to Protect Confidentiality of Plaintiffs' Expert Reports at docket entry 5439. The Defendants filed a response at docket entry 5448. For the reasons set forth below, the Plaintiffs' Motion is denied.

During the course of general causation expert discovery, the Defendants designated certain documents as confidential. The Plaintiffs' general causation experts relied upon some of those documents in formulating their opinions, and the Plaintiffs' expert reports therefore contain references to materials and information that the Defendants marked as confidential. After the Defendants expressed an intent to share the Plaintiffs' experts' conclusions with non-parties, the Plaintiffs designated their expert reports, in their entirety, as confidential. In response, the Defendants invoked the Court's Pretrial Order # 26, which permits the parties to resolve disputes about documents that have been marked as confidential. Pursuant to PTO 26, the Defendants argued that expert reports (in their entirety) do not qualify as confidential and filed the appropriate notice to that effect. Soon thereafter, the Plaintiffs filed the Motion before the Court, contending that either the expert reports should be confidential in their entirety or that the expert reports should be made public in their entirety.

The Court denies the Plaintiffs' Motion and de-designates the global confidentiality designation of the Plaintiffs' expert reports for several reasons. First, in their Motion the Plaintiffs provide no legal authority for the proposition that the expert reports are confidential. This is unsurprising to the Court, as the Court is unaware of any case over which it has presided wherein a party's expert report was confidential in its entirety. Second, PTO 26 does not permit global designations of materials as confidential. DE 780 at 4 ("Nothing contained herein shall be construed to allow global designations of all materials or documents as 'Confidential Information' or 'Highly Confidential Information.'"). Third, the burden of proof to substantiate confidentiality rests with the producing party—the Plaintiffs—yet the Plaintiffs have provided no grounds for the wholesale confidentiality of their expert reports. *Id.* at 14. Fourth and finally, instead of focusing on why their expert reports should remain confidential in their entirety, the Plaintiffs' Motion challenges the confidentiality of the Defendants' own designations.

The Plaintiffs may not circumvent the procedures outlined in PTO 26. If the Plaintiffs believe that certain materials that the Defendants have designated as confidential should not be confidential, the Plaintiffs may utilize the PTO 26 process to challenge the Defendants' designations. The Court expresses no opinion in this Order as to whether the Defendants' own designations are proper. That question is for another day. To the extent the Plaintiffs intend to disclose their expert reports to a non-party and are unclear as to which portions of their expert reports should be redacted (because of reliance upon confidential materials), that is what the conferral process is for. Should the conferral process fail, the Plaintiffs may challenge any redaction sought by the Defendants, pursuant to PTO 26, that the Plaintiffs believe is improper. Conversely, to the extent the Defendants intend to disclose the expert reports to a non-party, the

Defendants' failure to redact may, of course, result in the disclosure of what they have previously marked as confidential information.

For all of the foregoing reasons, the Plaintiffs' Motion [DE 5439] is **DENIED** insofar as the Plaintiffs' expert reports are **DE-DESIGNATED** as confidential in their entirety. The Court issues no ruling as to whether any of the Defendants' materials, marked as confidential and referenced in the expert reports, are confidential; until such time as the Court rules on the confidentiality of the same, the Defendants' own confidential designations remain in effect and the Plaintiffs' duty to redact that information also remains in effect.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 4th day of April, 2022.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record