UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION

MDL NO. 2924
20-MD-2924

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO ALL CASES

PRETRIAL ORDER # 77
Order Setting *Daubert* and Summary Judgment Briefing Schedule

The Court previously imposed pretrial deadlines and a case management schedule in Second Amended Pretrial Order # 65 (DE 4460). This Order addresses with greater specificity the *Daubert* and science-related summary judgment briefing schedule and hearings.

The Court sets the following *Daubert* and science-related summary judgment briefing and hearing schedule:

| Deadline | Event |
| --- | --- |
| June 13, 2022 | Defendants' *Daubert* motions seeking to challenge Plaintiffs' expert testimony pertaining to general causation and a summary judgment motion pertaining to the limited question whether ranitidine can cause one of the five designated cancers |
| July 6, 2022 | Plaintiffs' *Daubert* motions seeking to challenge Defendants' expert testimony pertaining to general causation and a summary judgment motion pertaining to the limited question whether ranitidine can cause one of the five designated cancers |
| August 1, 2022 | Plaintiffs' oppositions to Defendants' *Daubert* motions/summary judgment motion |
| August 22, 2022 | Defendants' replies in support of *Daubert* motions/summary judgment motion |
| August 24, 2022 | Defendants' oppositions to Plaintiffs' *Daubert* motions/summary judgment motion |
| September 14, 2022 | Plaintiffs' replies in support of *Daubert* motions/summary judgment motion |

| September 20, 2022 | Hearing on Defendants' *Daubert* motions/summary judgment motion–time for each argument will be allotted in a future Order; the parties should remain available on September 21 and September 22, should the Court conclude that it requires additional time |
|---|---|
| September 28, 2022 | Hearing on Plaintiffs' *Daubert* motions/summary judgment motion–time for each argument will be allotted in a future Order; the parties should remain available on September 29 and September 30, should the Court conclude that it requires additional time |

For the filing of *Daubert* motions and a summary judgment motion on general causation issues only, either Plaintiffs or Defendants may select either option below for their own *Daubert* motions directed to the other side's experts and their summary judgment motion, if any.

Option 1:

Plaintiffs and/or Defendants may choose to file one *Daubert* motion per expert and one summary judgment motion. In this event, the opposing side (i.e., Plaintiffs and/or Defendants) may file one corresponding opposition, and the moving side may then submit one reply to each *Daubert* motion and one reply to a motion for summary judgment. The motions, responses, and replies are subject to the local rules on page limitations.

Option 2:

Plaintiffs and/or Defendants may choose to file no more than four briefs in support of their *Daubert* motions/summary judgment motion not to exceed 200 pages collectively.  The opposing party will have the same number of pages to submit corresponding oppositions not to exceed 200 pages in total. The moving party may then submit reply briefs not to exceed 85 pages collectively.

Further, the *Daubert* motions/summary judgment hearings will take place in person on the dates set forth herein.  Plaintiffs have proposed—and Defendants do not object—that the hearings will be limited to oral argument by counsel and expert witnesses presumptively will not appear or be called for live testimony.  However, should the Court decide that live testimony from any expert

witness will assist the Court, Defendants defer to the Court's preferences. At this time, the parties may assume that the Court will limit the hearings to oral argument by counsel. As the Court analyzes the motions and better understands the parties' respective arguments, however, the Court may inform the parties that it will utilize the additional hearing days set forth above for remote/live, in-person testimony from specific experts.[1] The parties are directed to inform their respective experts of the dates set forth above and the possibility that the Court will require in-person testimony.

All pretrial deadlines in this case, including the deadlines set forth in Pretrial Order # 65, remain in full force and effect.

**DONE** and **ORDERED** in Chambers, West Palm Beach, Florida, this 12th day of May, 2022.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[1] The Court may require the parties to file the depositions of their respective experts into the court file.