UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION

MDL NO. 2924
20-MD-2924

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO ALL CASES

PRETRIAL ORDER # 78
Order Setting Deadline to Unilaterally Dismiss
Individual Cases and Deadline to Amend Short Form Complaints

In Pretrial Order # 39, the Court permitted individual Plaintiffs to unilaterally dismiss their cases without the need for a court order, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Such a dismissal is only permitted "before the opposing party serves either an answer or a motion for summary judgment." *Id.* Although the Defendants have filed master answers in this MDL, the Court has continued to permit individual Plaintiffs to utilize Rule 41(a)(1)(A)(i) in individual cases because of the flexibility this has afforded Plaintiffs in deciding which cancers he or she will pursue.[1] Because this MDL is in the final stages of bellwether trial selection and *Daubert* challenges to expert testimony on general causation, and because the Court has begun the process of finalizing the claims and parties in this MDL, the Court hereby **ORDERS** the following.

---

[1] By way of example, pursuant to Pretrial Order # 72, a Plaintiff may choose to voluntarily dismiss his or her case if the cancer the Plaintiff has suffered is different from the cancers that Plaintiffs' leadership has elected to pursue in this MDL.

On **July 1, 2022**, this Court will deem any and all master answers in this MDL, together with any and all motions for summary judgment filed by Defendants pursuant to this Order, to be answers and/or motions that, pursuant to Rule 41(a)(1)(A)(i), preclude an individual plaintiff's ability to unilaterally dismiss his or her case. Therefore, as of **July 1, 2022**, an individual plaintiff may only dismiss his or her case pursuant to other provisions of Rule 41, such as Rule 41(a)(1)(A)(ii)—stipulations of dismissal signed by all parties—or Rule 41(a)(2)—dismissals by court order.

Additionally, in Pretrial Order # 31, the Court permitted individual Plaintiffs to unilaterally amend their short form complaints at any time without the need for the Court's approval, provided the amendment did not destroy diversity jurisdiction. Previously, the Court dismissed all claims against the Retailer Defendants from the Plaintiffs' master complaints, but the Court left open the possibility that individual Plaintiffs could still pursue claims against the Retailer Defendants in their individual pleadings—the short form complaints. DE 4595. Due to this ruling, the ability of the Plaintiffs to unilaterally amend their short form complaints at any time has placed the Retailer Defendants in the uncertain position of not knowing whether they still must defend against claims in this MDL and, if they must do so, how many claims are at issue.

The time has therefore come for the pleadings in individual cases to close and, through such closure, the Plaintiffs, the Retailer Defendants, and the Court will know whether any individual claims against the Retailer Defendants remain in this MDL. The deadline for individual Plaintiffs to amend their short form complaints without the need for leave of this Court will be **thirty days** after the Court issues its final ruling on general causation. The Court's intent in setting this deadline is to afford individual Plaintiffs the opportunity to review the Court's general

causation rulings before deciding whether to file any individualized claims pursuant to Pretrial Order # 31, section (II)(b)(4)(n).

**DONE** and **ORDERED** in Chambers, West Palm Beach, Florida, this 12th day of May, 2022.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE