UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-md-2924-RLR

IN RE: ZANTAC (RANITIDINE)
PRODUCTS LIABILITY LITIGATION
_____/

**SEALED ORDER ON VALISURE LLC'S MOTION FOR FEES AND COSTS REGARDING QUASHED SUBPOENA [ECF No. 5374]**

Defendants Sanofi and Boehringer Ingerheim served subpoenas *duces tecum* on third party Valisure LLC in June 2020 and July 2021, respectively. Valisure responded in part, then successfully moved to quash the balance of the subpoenas and to deny the Defendants' motion to compel. ECF No. 5165. Valisure now moves for an award of attorney's fees and costs incurred in challenging the subpoenas. Specifically, Valisure asks for reimbursement of outside legal expenses and for internal costs for its personnel's time spent responding to the subpoena.

Valisure cites three Federal Rules of Civil Procedure as the bases for this remedy: Rule 26(c)(1)(B), Rule 37(a)(5)(B), and Rule 45(d). Rule 26(c)(1)(B) authorizes a party responding to a discovery request to seek a protective order that "specif[ies] terms, including time and place or the allocation of expenses, for . . . the discovery." Fed. R. Civ. P. 26(c)(1)(B).

If a motion to compel is denied, Rule 37(a)(5)(B) requires the Court to order reimbursement of reasonable expenses, including attorney's fees, "incurred in opposing the motion [unless] the motion was substantially justified or other

circumstances make an award of expenses unjust." Fees may be assessed against "the movant, the attorney filing the motion, or both." Fed. R. Civ. P. 37(a)(5)(B).

Finally, Rule 45(d) requires the issuer of a subpoena on a third party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1).

1. Rule 26(c)(1)(B)

Valisure only cites Rule 26(c)(1)(B) once – in the introductory sentence of its Motion. There is no further discussion or analysis of why this Rule justifies an award of attorney's fees. "It is axiomatic that arguments not supported and properly developed are deemed waived." *Beres v. Daily Journal Corp.*, 0:22-CV-60123-WPD, 2022 WL 805733, at *6 n.6 (S.D. Fla. Mar. 8, 2022) (J. Dimitrouleas) (citations omitted).

In any event, by its plain terms, Rule 26(c)(1)(B) is forward looking. It contemplates a protective order allocating expenses associated with producing discovery after the order is entered. Valisure first presented its objections to the Court on or about January 19, 2022, in anticipation of a discovery hearing that day. Its submission was captioned "Motion to Quash and for Protective Order, Opposition to Motion to Compel and Incorporated Memorandum of Law." ECF No. 5263 at 1. The alternative remedies requested were to (1) require no further production in

2

response to the subpoena and assess fees and costs already incurred in responding or (2) limit additional searches to 1000 documents and assess fees and costs already incurred. *Id.* at 24. The Court quashed the subpoena insofar as it required further production. Hence, there was no need to enter a prospective protective order that allocated expenses for additional discovery.

    2. Rule 37(a)(5)(B)

The Brand Defendants do not contest that Valisure prevailed on their Motion to Compel. Their sole argument against Rule 37(a)(5)(B) fee shifting is that their motion was substantially justified. ECF No. 5409 at 23 (unredacted and sealed); 5410 at 23 (redacted).

> The burden of establishing substantial justification (or other exception) is on the losing party. "Whether a party was substantially justified in resisting discovery is determined by 'an objective standard of reasonableness and does not require that the party have acted in good faith.'" Substantial justification is present when "'reasonable people could differ as to the appropriateness of the contested action.'" A court is not required to find that a party or counsel acted in bad faith before awarding Rule 37 attorney's fees.

*Procaps S.A. v. Patheon Inc.,* No. 12-24356-CIV, 2013 WL 6238647, at *5 (S.D. Fla. Dec. 3, 2013) (J. Goodman) (internal citations omitted).

The Brand Defendants argue that the Valisure subpoena was substantially justified because they reasonably believed that Plaintiffs' experts would rely on Valisure's testing to support their general causation opinions. Acting on this belief, the Brand Defendants sought evidence that could be used to impeach the credibility of the Valisure testing. The Brand Defendants argue that they had no reason to

3

question this belief prior to the discovery hearing on January 19, 2022, when Plaintiffs' counsel told the Court that Plaintiffs' experts would not be relying on the Valisure testing. By that point, the Brand Defendants had already filed their motion to compel.

Valisure responds that even if the Brand Defendants had a proper motivation for originally serving the subpoena, they unreasonably insisted on an overbroad response and refused to negotiate in good faith to limit the discovery request. As such, Valisure argues, the motion to compel a full response to the subpoena was not substantially justified.

Although I ultimately found that the Brand Defendants' motion should be denied on relevance and proportionality grounds, I find that they have met their burden of proving that their decision to try to compel a full response to the subpoena was substantially justified. At the time the motion was filed, it was objectively reasonable for them to believe that Valisure's credibility and bias would be highly relevant in this MDL. Although reasonable people might disagree about whether the Brand Defendants should have narrowed their request based on conferrals with Valisure, I cannot conclude that it was objectively unreasonable for them to pursue the remedy they did.

3. Rule 45(d)

Rule 45(d) takes a broader perspective than Rule 37(a)(5)(B). The latter focuses solely on a party's decision to prosecute a motion to compel. The former looks to the entire course of conduct involved in issuing and subsequently seeking to enforce

4

a third-party subpoena.

Several provisions of Rule 45(d) can be the basis for shifting expenses to the party issuing a subpoena. Rule 45(d)(1) authorizes "an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to [take reasonable steps to avoid imposing undue burden or expense.]"

Rule 45(d)(2)(B) addresses the proper procedure after a subpoena recipient serves an objection. The serving party can move for an order compelling compliance. Fed. R. Civ. P. 45(d)(2)(B)(i). If the motion to compel is granted, "the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii).

Rule 45(d)(3)(C)(ii) addresses shifting expenses related to subpoenas calling for confidential commercial information or certain expert witness testimony.

Only Rule 45(d)(1) is implicated here. Although Valisure's Motion cites Rule 45(d)(2)(B), ECF No. 5374 at 5-6, I never entered an order compelling Valisure to comply with either subpoena. *See In re Am. Kidney Fund, Inc.,* 2019 WL 1894248 at *4 (D. Md. Apr. 29, 2019) ("the protections of Rule 45(d(2)(B)(ii) are only applicable if a responding non-party timely enters objections to the subpoena and a court subsequently issues an order compelling a response to the requests."). Valisure does not seek reimbursement under subsection (C)(ii).

"The decision to award sanctions under Rule 45(d)(1) is discretionary with the court and generally made after balancing the need for discovery against the burden imposed on the person from whom discovery was sought." *In re ATIF, Inc.*, 622 B.R.

127, 131 (Bankr. M.D. Fla. 2020). As the party seeking discovery sanctions, Valisure bears the burden of proof. *Accord Cutlass Collieries, LLC v. Jones,* No. 20-80001, 2021 WL 6135152, at *1 (S.D. Fla. Dec. 7, 2021).

The parties agree that the Court should apply a three-part test in deciding whether to shift costs (fully or in part) under Rule 45(d)(1): first, whether the non-party has an interest in the outcome of the case; second, whether the non-party can more readily bear the cost than the requesting party; third, whether the litigation is of public importance. ECF No. 5374 (Valisure Motion) at 9; ECF No. 5410 (Brand Defendants' Response) at 18; *see also In re Hornbeam Corp.*, 14-CV-24887, 2019 WL 5106768, at *3 (S.D. Fla. Sept. 27, 2019) (J. Louis) (Court can apportion partial costs to a subpoena respondent who is not a "classic disinterested" party.).

The first factor incorporates the principle that a burden or expense is not "undue" if the subpoena recipient has a vested interest in the outcome of the litigation. The Brand Defendants argue that Valisure is not a wholly disinterested third party. ECF No. 5410 at 18-22. I agree. Valisure undertook a study to determine whether ranitidine caused cancer. It then published the results of the study and filed a Citizen Petition with the FDA publicly alleging that ranitidine caused cancer. There was evidence at the hearing on the motion to compel that Valisure was coordinating its efforts with attorneys who intended to file suits alleging that ranitidine caused cancer. The record before me demonstrates that Valisure was on actual notice that its testing results were going to be used to support the plaintiffs' claims in ranitidine litigation. Therefore, Valisure reasonably should have

6

anticipated being drawn into this litigation, even as a non-party.

███████████████████████████████████████████████████

██████   ████████████████████████   ████████████████

███████████████████████████████████████████████████

██████████████

The second factor focuses on the financial burden. Here, the Brand Defendants can more readily bear the costs of subpoena compliance than Valisure can. The Brand Defendants note that Valisure raised more than $8 million in investor funds after filing its Citizen Petition in September 2019. That may be so, but the question is not whether Valisure can afford the costs. Even assuming that, after normal business expenses, Valisure could absorb these costs, the question is whether the Brand Defendants can *more readily* bear the costs. Having presided over the discovery proceedings in this MDL for over two years, I can comfortably say that total discovery expenditures by the Brand Defendants to date are orders of magnitude greater than any amount of reasonable expenses incurred by Valisure.[1] I also note that the Brand Defendants together publicly reported 2021 revenue of over $100 billion.

Finally, this MDL, one of the largest consolidated litigations ever, is undoubtedly a matter of public importance. This factor incorporates the principle that it is sometimes appropriate to have a non-party witness incur expenses when

---

[1] As directed, Valisure's motion did not specify the amount of reimbursement it seeks. For purposes of this analysis, I assume the amount is somewhere between $100,000 and $500,000.

7

the information sought will ultimately benefit the public. *See, e.g., United States v. IBM, Corp.,* 62 F.R.D. 526, 529 (S.D.N.Y. 1974).

Having considered the relevant factors, I find that Valisure has not met its burden of proving an entitlement to sanctions under Rule 45(d)(1). The Motion for Fees and Costs Regarding Quashed Subpoena is DENIED.[2]

In addition to the redacted version of this Order which will be filed on the docket, the Court will mail the sealed unredacted version to counsel for Valisure, who shall be responsible for forwarding the unredacted version to the attorneys representing the Brand Defendants.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 19th day of May 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

---

[2] Valisure asks for reimbursement of both internal costs and outside counsel fees. It has not cited any authority for the principle that internal costs are compensable under Rule 45(d); nor have the Brand Defendants cited any authority saying these costs are not compensable. The plain language of Rule 45(d)(1) speaks of "an appropriate sanction – which may include lost earnings and reasonable attorney's fees." Because I conclude that Valisure has not met its burden of showing an entitlement to compensation under Rule 45(d)(1), I need not resolve whether internal costs are recoverable.