UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)          MDL NO. 2924
PRODUCTS LIABILITY                20-MD-2924
LITIGATION

                                        JUDGE ROBIN L. ROSENBERG
                             MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

### DEFENDANTS' OMNIBUS MOTION TO SEAL
### PORTIONS OF DAUBERT BRIEFING PURSUANT TO JUNE 10 ORDER

Pursuant to the Joint Stipulation and Order Establishing Motion to Seal Process for Daubert Briefing entered June 10, 2022 (D.E. 5684) ("June 10 Order"), Local Rule 5.4(b)(1), and Rule 26(c) of the Federal Rules of Civil Procedure, Defendants Boehringer Ingelheim Pharmaceuticals, Inc., GlaxoSmithKline LLC, Pfizer Inc., Sanofi US Services Inc., and Sanofi-Aventis U.S. LLC, and Chattem, Inc. (collectively, "Defendants"), hereby file this Omnibus Motion to Seal Portions of Daubert Briefing.

This Motion addresses any Daubert and science-related summary judgment briefs or exhibits (collectively, "Daubert Briefs") filed to date pursuant to PTO #77 (D.E. 5579). As contemplated by the June 10 Order, Defendants will review the *Daubert*-related briefing filed pursuant to PTO #77 after August 15, 2022 and will follow-up with a supplemental Omnibus Motion to Seal, if necessary, by September 28, 2022.[1]

---

[1] For efficiency, Defendants proposed to Plaintiffs a schedule for the motion to seal briefing that would be filed after all *Daubert* briefing was filed with the Court. Plaintiffs rejected this request, which now potentially requires the Court to consider two separate rounds of administrative motions to seal briefing.

## INTRODUCTION[2]

The Daubert Briefs at issue contain three categories of materials that Defendants seek leave to seal. First, Plaintiffs have attached to their filings a number of deposition transcripts and exhibits that contain personal identifying information ("PII") of expert and fact witnesses that should be redacted.

Second, deposition testimony previously designated by Defendants as Confidential and Highly Confidential in the transcripts attached to Plaintiffs' Opposition to Brand Defendants' Motion for Summary Judgment (D.E. 5684) should be redacted. Plaintiffs cited to or quoted only a few lines of deposition testimony from a handful of Defendants' fact witnesses. These quotes are not central to any argument in Plaintiffs' Opposition, Plaintiffs cite the testimony only in cursory fashion. Plaintiffs nevertheless gratuitously attached the entirety of the 21 transcripts cited. Because the entirety of the transcripts are irrelevant to Plaintiffs' Opposition, Defendants requested during the meet and confer process that Plaintiffs replace these whole transcripts with excerpts reflecting relevant pages and lines. This would have obviated any need for Defendants to seek to seal any portion of these materials, because none of the Defendants seek to seal the actual testimony quotations used by Plaintiffs in their Opposition brief. But Plaintiffs refused. Thus, Plaintiffs have increased the burden to Defendants and the Court by requiring Defendants to now file multiple administrative motions to resolve issues that have *no* bearing on the resolution of the merits of the Daubert Briefs.

Finally, Defendants have identified certain other confidential or privileged business documents that should be redacted. Defendants have been judicious in their proposed redactions,

---

[2] Unless defined herein, capitalized terms have the same meaning as defined in the Confidentiality Order entered as PTO #26 (D.E. 780).

as these materials constitute a small fraction of the materials filed in connection with the Daubert Briefs.

Defendants respectfully request that this Court permit the materials identified in the Declaration of Michael Shortnacy (hereinafter "M. Shortnacy Decl.") to be sealed.[3] Defendants have proposed redacted versions of these sealed documents insofar as the materials contain personally identifying, privileged, and other business confidential information that are not required to be filed publicly, particularly where, as here, the materials at issue have no bearing on the resolution of the Daubert Briefs.

## LEGAL STANDARD

The public common law right to access documents and discovery filed with substantive pretrial motions is not absolute—the party moving to seal can overcome this common law right by a showing of good cause, which requires balancing the public's right to access against the interest in keeping the information confidential. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Courts conduct a "good cause" balancing test by considering, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests; the degree and likelihood of injury if made public; the reliability of the information; whether there will be an opportunity to respond to the information; whether the information involves public officials, public concerns, or whether the press already has substantial access; the availability of a less onerous alternative to sealing the documents; and whether the records would promote public scandal or unfair commercial advantage. *See id.*; *Commissioner, Alabama Department of Corrections v. Advance Local Media, LLC*, 918 F.3d 1161, 1169 (11th Cir. 2019); *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013).

---

[3] Exhibits referenced in this motion lettered A-SS are attached to the M. Shortnacy Decl.

District courts must weigh all relevant factors, including the release of trade secrets or "sources of business information [which] might harm a litigant's competitive standing," in determining whether a party's privacy or proprietary interests overcome the public's interest in accessing the information. *See Romero*, 480 F.3d at 1246; *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Trade secrets may include "any formula, pattern, device or compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569-70 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b). Thus, courts have sealed exhibits containing information about business initiatives, investments, strategic priorities, marketing strategies, sales and retailer data, product development plans, unused prototypes, and "detailed testimony regarding [the] same." *See Rich v. Shrader*, No. CIV. 09CV652 AJB BGS, 2013 WL 6028305, at *2 (S.D. Cal. Nov. 13, 2013); *Bauer Bros. LLC v. Nike, Inc.*, No. 09CV500-WQH-BGS, 2012 WL 1899838, at *4 (S.D. Cal. May 24, 2012).[4]

Moreover, Defendants in this litigation are business competitors of each other and of other companies in the highly competitive pharmaceutical industry. *See Pub. Citizen Health Rsch. Grp. v. Nat'l Institutes of Health*, 209 F. Supp. 2d 37, 47 (D.D.C. 2002) ("The pharmaceutical industry is a highly competitive market where companies routinely attempt to discover a possible advantage

---

[4] *See also Shevlin v. Phoenix Life Ins.*, No. 09-cv-6323, 2015 WL 13647024, at *2 (D.N.J. Dec. 4, 2015) (sealing exhibits containing information that "could allow competitors to gain access to non-public information about defendants' internal operations and strategies" which "could be used to injure defendants' competitive advantage in the marketplace."); *WhereverTV, Inc. v. Comcast Cable Commc'ns, LLC*, 2021 WL 4478026 at *1 (M.D. Fla. Aug. 26, 2021) (granting motion to seal both redacted and unredacted items supporting dispositive and *Daubert* motions where it was necessary to protect defendant's confidential technical and business information against disclosure to competitors).

over their competitors."). In matters concerning pharmaceutical companies, courts have recognized a "legitimate interest in maintaining the confidentiality of…commercially and competitively sensitive business information, internal process[es], and legal strategies" because the companies can be "irreparably harmed by permitting . . . competitors to peek behind the curtain." *Boehringer Ingelheim Vetmedica, Inc. v. Intervet Inc.,* No. 18- 9534, 2018 WL 10509660, at *1-2 (D.N.J. Oct. 29, 2018) (granting motion to seal confidential business information while filing a redacted version of the documents in the public record).[5]

The information at issue here does not concern public officials and has not already been made public; thus, allowing access to Defendants' proprietary information and that of their employees would not impair court functions but rather harm Defendants' privacy interests by exposing their business strategies to the public and competitors. *See Classic Soft Trim, Inc. v. Albert*, No. 618CV1237ORL78GJK, 2020 WL 6734407, at *2 (M.D. Fla. Sept. 22, 2020) (granting defendants' motion to seal their *Daubert* motion due to highly sensitive, confidential, proprietary, and trade secret materials contained within that did not involve public officials or public concern). As their disclosure would create competitive business risks, Defendants' motion to seal is "narrowly tailored to protect [the] public's right to information while protecting countervailing

---

[5] *See also Supernus Pharms., Inc. v. Twi Pharms., Inc.*, No. CV 15-0369 (RMB/JS), 2017 WL 3671522, at *1-2 (D.N.J. Aug. 24, 2017) (finding that defendants possessed a legitimate privacy interest in sealing commercially sensitive communications with the Food and Drug Administration (FDA) concerning defendants' product); *Novartis Pharms. Corp. v. Mylan Pharms., Inc.*, No. 06-2885 (MLC), 2008 WL 11383884, at *1-2 (D.N.J. Oct. 31, 2008) (sealing records because Novartis had a legitimate business interest in preventing the disclosure of confidential and proprietary information, including confidential communications with the FDA, and that disclosure of such information would result in competitors gaining an unfair competitive advantage in the marketplace); *Gortarez, et al. v. White Memorial Center,* No. BC381594, 2009 WL 8710542 (Cal. Super. 2009) (ordering documents related to defendant Medtronic's motion for summary judgment to be sealed).

interests against disclosure." *Kleftogiannis v. Inline Plastics Corp.,* 411 F. Supp. 3d 216, 233 (D. Conn. 2019) (quoting *United States v. Milken*, 780 F. Supp. 123, 127 (S.D.N.Y. 1991)).

**ARGUMENT**

I. **The Court Should Maintain Under Seal Certain Exhibits Containing Personal Identifying Information ("PII")**

Certain pleadings and exhibits filed provisionally under seal contain private, sensitive PII (*e.g.*, home addresses, telephone numbers, email addresses, and photographs) of expert witnesses and fact witnesses. The Defendants respectfully request that limited portions of these Exhibits, which disclose personal information such as dates of birth, places of birth, names and/or ages of family members, home addresses, personal phone numbers, as well as photographs of company witnesses be redacted and maintained under seal.

The Court previously entered a Protective Order ("PTO 26") that permits the redaction of "Confidential Information," including "personal identifying information, personal data, sensitive personal data, or other data a party believes in good faith to be subject to federal, state, or foreign data protection law. . ." PTO 26 Paras. B.6(4) and E.1.iv. The footnote to Paragraph E.1.iv further provides that nothing in this Order shall limit a right to redact, in situations where redaction would be appropriate. . ." *Id.* at FN 3. Paragraph H.3 also mandates that "[a]ny pleading, brief, memorandum, motion, letter, affidavit, exhibit, or other document filed with the Court that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Information or Highly Confidential Information must be filed with the Court under seal, in accordance with Local Rules for the Southern District of Florida, including Rule 5.4."

These provisions of PTO 26 recognize that the common law right to access judicial records and proceedings is not absolute and can be overcome by a showing of good cause. "In balancing the public interest in accessing court documents against a party's interest in keeping the

6

information confidential, courts consider, among other factors, whether allowing access would impair . . . legitimate privacy interests, the degree of and likelihood of injury if made public, . . . whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246 (citations omitted). Good cause exists to redact PII from publicly-filed versions of the following materials, which contain personal identifying information:

- Exhibits 1, 2, 7, 8, 11, 12, 13, 14, 15, 16, 24, 25, 27, 37, 38 to the Brown Decl. (D.E. 5692);
- Exhibits 3, 4, 5, 9, 21, 25, 27, 29 and 75 to the Finken Decl. (D.E. 5840);
- Exhibits 1, 8, 11, 12, 13, 14, 19, 22, and 24 to the Nigh Decl. (D.E. 5912);
- Exhibits 3, 5, 6, and 12 to the Canaan Decl. (D.E. 5698-1); and
- Appendix A to Plaintiffs' Opposition to Brand Defendants' Motion for Summary Judgment (D.E. 5911).[6]

*See* M. Shortnacy Decl. attaching proposed redactions to the above referenced materials.

Photographs and other sensitive personal identifying information related to experts and fact witnesses (and their families) are not matters of public concern. And Defendants propose only to redact that limited personal information from publicly-filed versions of the materials at issue, not to seal the documents in their entirety. Such limited redactions appropriately balance the public right of access against these witnesses' legitimate privacy interests.

---

[6] Defendants request that the pictures of its former and current employees be maintained under seal. During the meet and confer process, Plaintiffs failed to articulate any basis for including the photographs to further the public's interest or right of access to court materials. The pictures included within Appendix A to Plaintiffs' Opposition to Brand Defendants' Motion for Summary Judgment present no context for the substance of the motions and only serve to embarrass and identify the individuals associated with them. Specifically, the Defendants request redaction of the following individuals' photographs: James Harvey, Stephen Hobbiger, Anthony Lynch, Andrew Searle, Andrew Whitehead, and Liangfu Chen (GSK); Gerda Glanzmann, Claude Kugel, Scott Coapman, Matt Lochstampfor, and Alan Main (Sanofi); and Dr. Robert Buchberger (BI).

## II. Uncited and Unquoted Portions of Defendants' Fact Witness Deposition Transcripts Not Relied on By Plaintiffs in their Motions Should Be Maintained Under Seal

The Court should maintain certain Confidential and Highly Confidential portions of Defendants' fact witness deposition transcripts under seal because these materials are not relied on for any motion before the Court and thus are discovery materials, not subject to the common-law right of access standard. Plaintiffs have gratuitously attached entire witness transcripts into the record, and refused to agree to file excerpts containing relevant transcript pages in their place. Notably, the information that Defendants seek to redact includes no portions of the testimony actually cited by Plaintiffs. Defendants have attached the following as proposed redacted transcripts which the clerk can substitute into the appropriate exhibit:

*BI Fact Witness Deposition Transcripts*

Exhibit Z: Deposition Transcript of Dr. Robert Buchberger (June 15, 2021): originally filed as Exhibit 8 to the Declaration of Daniel Nigh in Support of Plaintiffs' Oppositions to Defendants' Motions to Exclude Plaintiffs' Expert' Opinions (D.E. 5912 (August 1, 2022).

*Sanofi Fact Witness Deposition Transcripts*

Exhibit AA: Deposition Transcript of Scott Coapman (Jan. 10, 2022): originally filed as Exhibit 12 to the Declaration of Daniel Nigh in Support of Plaintiffs' Oppositions to Defendants' Motions to Exclude Plaintiffs' Expert' Opinions (D.E. 5912 (August 1, 2022).

Exhibit DD: Deposition Transcript of Gerda Glanzmann (Sept. 24, 2021): originally filed as Exhibit 14 to the Declaration of Daniel Nigh in Support of Plaintiffs' Oppositions to Defendants' Motions to Exclude Plaintiffs' Expert' Opinions (D.E. 5912 (August 1, 2022).

Exhibit EE: Deposition Transcript of Claude Kugel (Sept. 23, 2021): originally filed as Exhibit 38 to the Declaration of Tracy Finken in Support of Plaintiffs' Motions to Exclude Defendants' Experts' Opinions (D.E. 5840 (July 6, 2022)) and Exhibit 19 to the Declaration of Daniel Nigh in Support of Plaintiffs' Oppositions to Defendants' Motions to Exclude Plaintiffs' Expert' Opinions (D.E. 5912 (August 1, 2022)).

Exhibit FF: Deposition Transcript of Matt Lochstampfor (Mar. 31, 2021): originally filed as Exhibit 39 to the Declaration of Tracy Finken in Support of Plaintiffs' Motions to Exclude Defendants' Experts' Opinions (D.E. 5840 (July 6, 2022)) and Exhibit 22 to the Declaration of Daniel Nigh in Support of Plaintiffs' Oppositions to Defendants' Motions to Exclude Plaintiffs' Expert' Opinions (D.E. 5912 (August 1, 2022).

>Exhibit GG: Deposition Transcript of Alan Main (Jan. 20,2022): originally filed as Exhibit 24 to the Declaration of Daniel Nigh in Support of Plaintiffs' Oppositions to Defendants' Motions to Exclude Plaintiffs' Expert' Opinions (D.E. 5912 (August 1, 2022).

The common-law right of access, "includ[ing] the right to inspect" "is not absolute." *Chicago Trib. Co.*, 263 F.3d at 1311 (11th Cir. 2001). Indeed, "there is no common-law right of access" to "discovery material." *Id.* (citing *McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989)). When discovery is designated confidential and "subsequently submitted in connection with a substantive motion" that "does not mean that the confidentiality imposed by Rule 26 is automatically forgone." *Id.* at 1313. Rather, it is appropriate to maintain the confidentiality of discovery materials where, as here, they are irrelevant to the disposition of the motions. *Doe 1 v. United States*, No. 08-CV-80736-KAM, 2015 WL 11254702, at *4 (S.D. Fla. Apr. 15, 2015) (discussing when discovery is filed with pretrial motions and noting that "[s]uch materials—placed in the record to materially advance the judicial resolution of the merits—play a key role in informing the public of the grounds upon which the district court bases its adjudicative decision.").

Even if the common law right of access standard is applied to the deposition transcripts here, such right "may be overcome by a showing of good cause" *OJ Com., LLC v. KidKraft, Inc.*, 34 F.4th 1232, 1240 (11th Cir. 2022) (quoting *Romero*, 480 F.3d at 1246). "That showing ordinarily requires a party to establish that it has a legitimate privacy or proprietary interest in information and that this interest would likely be harmed if made public." *Id.* at 1240-41 (cleaned up); *see also CRubin, LLC v. Escoriaza*, No. 19-CV-22261, 2020 WL 2542629, at *2 (S.D. Fla. May 19, 2020) (granting motion to seal transcripts and exhibits "contain[ing] trade secrets and other confidential information, such as attorney correspondence relating to third parties, technical infrastructure, business strategy, commercially sensitive transactional, marketing, technical, research, development, business strategy, and otherwise non-public and proprietary information").

Here, Defendants respectfully submit that the materials at issue should be considered as discovery material, to which there is "no common-law right of access," because Plaintiffs have cited only a handful of lines from the transcripts. In particular, the parties specifically agreed to, and this Court entered, terms that govern the filing of Confidential Information and Highly Confidential Information. *See* PTO #26 at § H.3. This PTO also addresses the ability for a party to challenge a Confidential or Highly Confidential Designation. *Id.* at § G. Defendants made various Confidential and Highly Confidential designations on these transcripts, largely over a year ago. ***Plaintiffs never challenged these designations***. Yet Plaintiffs now seek to bootstrap the public filing and disclosure of entire fact deposition transcripts, including testimony designated as Confidential and Highly Confidential, onto their citation of a few lines of non-confidential deposition testimony in their summary judgment opposition briefing. This should not be allowed and for this reason, too, the Court should grant this Motion to Seal. *See United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery . . . is essentially a private process . . . . If it were otherwise and discovery . . . were readily available to the public and the press, the consequences to the smooth functioning of the discovery process would be severe.").

Even under the "good cause" standard, the Court should still keep portions of these transcripts redacted on the public docket. Defendants have attached Declarations from Dr. Robert Buchberger and Stacy Apgar in support of this Motion. *See* Exhibits PP and QQ. As these Declarations set forth, the testimony in these transcripts touches on numerous commercially sensitive topics, including internal and confidential company organizational issues (including the names of company employees and business structure), pharmacovigilance ("PV") and safety monitoring processes, regulatory issues, financial issues, product development issues, patent information, contractual terms, and other confidential business operations information. *Id.*

### III. Defendants' Confidential and Privileged Documents Should Also Be Maintained Under Seal

Plaintiffs' Daubert Briefs also contain two attachments that publicize Defendants' privileged and business confidential information. The materials cited are not central to Plaintiffs' filings but, again, are ancillary discovery materials that have been swept into the public by Plaintiffs' exhibit attachments.

First, the entire transcript of the June 18, 2021 deposition of Andrew Searle is attached as Exhibit 27 to the Declaration of Daniel Nigh in Support of Plaintiffs' Opposition to Defendants' Motions to Exclude Plaintiffs' Expert Opinions (D.E. 5912). Portions of that transcript not cited by either party involve discussion of a document reflecting privileged information that was identified as privileged during the deposition and subsequently clawed back pursuant to PTO 25, Section IV(2) (D.E. 779). *See* Exhibit RR, T. Sheehan Decl. at ¶ 3. GSK moves to seal Exhibit 27 in the form of redactions limited to those portions of the transcript related to the privileged information on that document at the following pages and lines: 366:19-368:14, 370:19-371:11, 371:21-372:13, and 379:5-382:9. *Id.*

Second, the Court should maintain under seal the first five pages to Ex. F to Plaintiffs' Opposition to Brands Defendants' Expedited Motion to Strike Plaintiffs' Expert Ramin (Ron) Najafi, Ph.D. and the first sentence of footnote 8 of that brief which cites materials from that document. (D.E. 5750). These five pages consist of a document produced in discovery and Bates-numbered BOE_ZAN_MDL_0000974356-60 and contains confidential business information. This document was designated as Highly Confidential pursuant to PTO #26, which Plaintiffs have never challenged. Proposed redacted versions of these documents are attached as Exhibits MM and NN.

As set forth in the attached Declaration of Mercedes Morell Aloy ("Aloy Declaration"), the information in this document consists of confidential business information pertaining to an affiliate of Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), Boehringer Ingelheim Promeco, S.A. de C.V. ("BI Promeco"). The document sets forth information regarding proprietary laboratory equipment, the location where it is used, and internal company codes. The equipment is currently used by BI Promeco in ongoing manufacturing efforts of other pharmaceutical products. Exhibit QQ, Aloy Decl. ¶ 4. Moreover, the public release of this information would cause BI Promeco competitive harm. BI Promeco carefully protects this information because it has put extensive resources into developing it. Moreover, the document contains names of key BI Promeco employees, and competitors could attempt to recruit these individuals if the information is publicly released. *Id.* ¶ 5.

As like the transcripts for the fact witnesses, Plaintiffs' Daubert Brief cites to a very limited portion of this document. Therefore, BIPI submits that the Court should also evaluate this document under the standard applicable to discovery material. *Supra* § III.B. But even under the general "good cause" balancing test, BIPI respectfully submits that the Court should seal this document because (i) the benefit to public of accessing this document is small compared to the harm faced by BI Promeco, (ii) the document involves no public issues and is unlikely to be determinative in any issue at stake in the Daubert Briefs, and (iii) there is no less onerous alternative to sealing the document. *Romero*, 480 F.3d at 1245-46. Indeed, Defendants have been extremely limited in the materials that they seek to seal, which underscores the sensitivity of this particular document to BI Promeco.

## CONCLUSION

For the reasons stated herein, and pursuant to the June 10 Order, Local Rule 5.4(b)(1), and Rule 26(c) of the Federal Rules of Civil Procedure, Defendants respectfully request entry of an Order granting this Omnibus Motion to Seal and directing the clerk to substitute the redacted versions of the exhibits attached to this Motion in the versions that may be unsealed on the public docket.

## LOCAL RULE 7.1(a)(3) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1, undersigned counsel certify that they conferred with Plaintiffs' leadership group prior to filing this motion in a good faith effort to resolve by agreement the issues raised in this motion. Defendants identified to Plaintiffs the specific documents that Defendants would seek to keep under seal, and requested that fact deposition testimony Plaintiffs put into the record, but did not cite or quote in their brief, should be removed and replaced with excerpts. This request was made because the unquoted testimony is irrelevant to the motion, but is confidential, and contains personal identifying information. Additionally, Defendants requested Plaintiffs' agreement to maintain redactions over certain PII, including photographs. Plaintiffs refused to agree.

Dated: August 15, 2022                     Respectfully submitted,

                                    By:  /s/ Andrew T. Bayman
                                         Andrew T. Bayman
                                         KING & SPALDING LLP
                                         1180 Peachtree Street, NE, Suite 1600
                                         Atlanta, GA 30309-3521
                                         Tel: (404) 572-4600
                                         Fax: (404) 572-5100
                                         abayman@kslaw.com

                                         /s/ Michael B. Shortnacy
                                         Michael B. Shortnacy
                                         KING & SPALDING LLP
                                         633 West Fifth Street, Suite 1600

    Los Angeles, CA 90071
    Telephone: (213) 443-4355
    Facsimile: (213) 443-4310
    mshortnacy@kslaw.com

    *Attorney for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*

By: */s/ Mark Cheffo*
    Mark S. Cheffo
    DECHERT LLP
    1095 Avenue of the Americas
    New York, NY 10036
    Tel: (212) 698-3500
    Fax: (212) 698-3599
    mark.cheffo@dechert.com

    *Attorneys for Defendant GlaxoSmithKline LLC*

By: */s/ Joseph G. Petrosinelli*
    Joseph G. Petrosinelli
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, DC 20005
    Tel: (202) 434-5000
    Fax: (202) 434-5029
    jpetrosinelli@wc.com

    *Counsel for Defendant Pfizer Inc.*

By: */s/ Anand Agneshwar*
    Anand Agneshwar
    ARNOLD & PORTER KAYE SCHOLER LLP
    250 West 55th Street New York, NY 10019
    Tel: (212) 836-8000
    Fax: (212) 836-8689
    anand.agneshwar@arnoldporter.com

    *Attorneys for Defendants Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August, 2022, I electronically filed the foregoing **DEFENDANTS' OMNIBUS MOTION TO SEAL PORTIONS OF DAUBERT BRIEFING PURSUANT TO JUNE 10 ORDER** through the CM/ECF system, which will provide automatic notification to all CM/ECF participants.

*/s/ Andrew T. Bayman*
*Andrew T. Bayman*