UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924 20-MD-2924 <br><br> JUDGE ROBIN L. ROSENBERG <br> MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

**TENTATIVE ORDER ON THE MOVANTS' MOTION
OBJECTING TO PARAGRAPH 7 OF PRETRIAL ORDER # 79 AND TO
CLARIFY PRETRIAL ORDER # 15 AND THE DEFINITION OF "TOLLING"**

This matter is before the Court on the Movants' Motion Objecting to Paragraph 7 of Pretrial Order # 79 and to Clarify Pretrial Order # 15 and the Definition of "Tolling," filed at docket entry 5849. The Motion has been fully briefed. As background, at the parties' joint request, the Court recently included, in Pretrial Order # 79, the definition of "tolling" as that term is used in Pretrial Order # 15. The definition of tolling in Pretrial Order # 79 is the definition that Plaintiffs' Leadership and Defendants agreed to. DE 5881 at 9 ("Plaintiffs' Co-Lead Counsel adopted the 'grace period' interpretation. . ."). The Movants dispute, however, that Plaintiffs' Leadership have bound them to any particular definition, and they also dispute what "tolling" means in Pretrial Order # 15.

Because the Movants dispute the definition of tolling in Pretrial Order # 15, the Movants contend that they lack clarity on how long their claims have been tolled. And without that clarity, the Movants contend that they do not know when they must file their claims. There is, therefore, a certain need for an expeditious ruling from this Court.

The Court wants to provide the Movants with clarification, in a careful and thoughtful ruling as soon as possible, on when they must file their claims. This endeavor could take some

time—perhaps more time than the Movants want to wait to know when to file their claims. Accordingly, the Court has turned to a practice that is employed in California courts, that of a tentative ruling.[1] The Court informs the parties that, as of now and based upon the Court's initial review of the briefing, its tentative ruling is that the deadline for the Movants to file their claims should be computed based upon the definition of tolling found in Pretrial Order # 79. The Court's decision is subject to change once the Court has more thoroughly researched the issue but, for the sake of giving the Movants as much notice as possible, the Movants should assume that the deadline in Pretrial Order # 79 is the correct, applicable deadline to their claims. The Court will issue a final, detailed ruling as soon as it is able to do so. The Court has not yet decided whether it will hold a hearing on the Motion.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 19th day of August, 2022.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

---

[1] *E.g.,* https://www.cacb.uscourts.gov/faq/telephonic-appearancestentative-rulings-what-are-judges%E2%80%99-procedures#:~:text=Tentative%20Rulings%20%2D%20Many%20judges%20post,are%20posted%20on%20Court's%20website.