**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

**ORDER GRANTING IN PART AND DENYING IN PART THE BRAND DEFENDANTS' MOTION TO FINALIZE AND CLOSE THE CENSUS REGISTRY**

This matter is before the Court on the Brand Defendants' Expedited Motion to Finalize and Close the Census Registry and to Enforce Pretrial Orders 72 and 79, filed at docket entry 5981. The Plaintiffs filed a Response at docket entry 5991, and the Defendants filed a Reply at docket entry 5992. For the reasons set forth below, the Motion is granted in part and denied in part.

The Defendants request the following relief: "that the Court grant this Motion and enter an order confirming that under PTOs 72 and 79 the Registry was closed to new claimants as of July 31, 2022, or, alternatively, providing that the Registry will be closed to new claimants as of a date prior to September 21, 2022." DE 5981 at 6. The heart of the dispute before the Court, then, is whether, as of July 31, 2022, the Registry remained open to receive new Claimants. If the Registry was closed to new entrants, every registered claim on or after August 1, 2022 (the "New Claimants") was improper. If the Registry was not closed, then the New Claimants' claims were properly registered. For their part, the Plaintiffs contend that at no point, and in no pretrial order, has the Court contemplated closing the Registry to New Claimants prior to the expiration of the Registry.

The Registry is not due to expire until 30 days after this Court's ruling on general causation. Pretrial Order # 15 at paragraph 8. And the Plaintiffs are correct that the Court has never entered an order closing the Registry to new Claimants. Thus, the Court agrees with the thrust of the Plaintiffs' Response—the New Claimants were permitted to register their claims and their actions were proper.

However, the Court also agrees with the Defendants. In Pretrial Orders # 72 and 79 the Court began the process of finalizing the Registry. "The time has come for the data in the Registry to be finalized . . . . For this MDL to proceed in an orderly fashion, both the parties and the Court need to know with some degree of certainty who the Claimants are, what claims they intend to file, and where the Claimants will file their claims." Pretrial Order # 72 at page 2. Thus, although the New Claimants did nothing wrong to register their claims in the Registry, the Court will exercise its case management authority to finalize the data in the Registry as follows.

First, the Court will close the Registry to new entrants. The Special Master is directed to inform LMI to cease to register new Claimants as of 5:00 p.m., eastern standard time, on September 14, 2022.[1]

Second, the New Claimants shall have until September 20, 2022 (one day before the Court's first *Daubert* hearing), to certify, consistent with Pretrial Order # 72, that the New Claimant will file his or her claim in federal court, should the claim ever be filed. If a New Claimant certifies that his or her claim will be filed in federal court (should it ever be filed), the New Claimant's claim will remain in the Registry. If a New Claimant does not so certify then, on

---

1 The Court's requirement in Pretrial Order # 15 for new MDL Plaintiffs to register their claims (at the time they file their MDL cases) in the Registry is hereby **SUSPENDED**, absent further Order of the Court. Any party may move, however, for this requirement to be reimposed.

2

September 21, 2022, the Special Master shall direct LMI to remove the New Claimant from the Registry.

Third, for the avoidance of all doubt, the Court clarifies that this Order does not extend to any Claimant who registered his or her claim prior to August 1, 2022 (an "Original Claimant"). Regardless of whether an Original Claimant has certified that his or her claim will be filed in federal court, no Original Claimant is affected by this Order.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 12th day of September, 2022.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record