UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)           MDL NO. 2924
PRODUCTS LIABILITY                 20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

### DEFENDANTS' REPLY IN SUPPORT OF THEIR OMNIBUS MOTION TO SEAL PORTIONS OF *DAUBERT* BRIEFING PURSUANT TO JUNE 10 ORDER

Pursuant to the Joint Stipulation and Order Establishing Motion to Seal Process for Daubert Briefing entered June 10, 2022 (D.E. 5684) ("June 10 Order"), Local Rule 5.4(b)(1), and Rule 26(c) of the Federal Rules of Civil Procedure, Defendants Boehringer Ingelheim Pharmaceuticals, Inc., GlaxoSmithKline LLC, Pfizer Inc., Sanofi US Services Inc., and Sanofi-Aventis U.S. LLC, and Chattem, Inc. (collectively, "Defendants"), hereby respectfully submit this Reply in Support of Their Omnibus Motion to Seal Portions of *Daubert* Briefing (D.E. 5946, "Omnibus Motion").[1]

### INTRODUCTION

Defendants' Omnibus Motion addressed three categories of materials that Defendants seek leave to file under seal: (1) personal identifying information ("PII") of expert and fact witnesses; (2) portions of deposition testimony of six fact witnesses previously designated by Defendants as

---

[1] As stated in Defendants' opening brief, the Omnibus Motion addresses any *Daubert* and science-related summary judgment briefs or exhibits (collectively, "Daubert Briefs") filed through August 15, 2022 pursuant to PTO #77 (D.E. 5579). As Defendants proposed in their opening brief, and Plaintiffs do not dispute in their Response, Defendants will review the Daubert-related briefing filed pursuant to PTO #77 *after* August 15, 2022 and will submit a supplemental Omnibus Motion to Seal confidential material, if any, by September 28, 2022. Defendants reserve the right to seek leave of Court for an extension of this date depending on the volume of confidential documents, personal identifying information, and/or testimony Plaintiffs may attach to their *Daubert* Briefs filed on September 14, 2022.

1

Confidential or Highly Confidential (designations which Plaintiffs have never challenged) ("Deposition Transcripts"); and (3) certain other confidential or privileged business documents that should be redacted and/or sealed (which Plaintiffs do not oppose). In their Response (D.E. 5985), Plaintiffs concede that the PII referenced in category (1) and the documents in category (3) should properly remain under seal.[2] As a result, the only issue remaining for the Court to decide is whether to unseal the Deposition Transcripts identified in category (2).[3]

Plaintiffs make two arguments for unsealing these Deposition Transcripts. First, they argue that the entire Deposition Transcripts should be unsealed because they *might* one day support the Court's decision on a dispositive motion. But that argument is speculative and rings hollow. Plaintiffs filed hundreds of Deposition Transcript pages containing Confidential and Highly Confidential information, but do not cite or rely on any of this testimony in their *Daubert* briefing. Moreover, the likelihood that this extraneous testimony would ever be used by the Court to resolve *Daubert* briefing is entirely null because the Deposition Transcripts in question are of *fact* witnesses, not expert witnesses. Plaintiffs have not identified any portion of the Deposition Transcript that could ever support a decision on the merits.

Second, Plaintiffs contend that the affidavits Defendants filed in support of their Omnibus Motion are too "conclusory" to support sealing. Here again, Plaintiffs fail to explain how any portion of Defendants' affidavits are actually conclusory—because they are not. The affidavits provide good cause that the Deposition Transcripts should be filed under seal because the release

---

[2] The exhibits and materials within categories 1 and 3 are identified on pages 7 and 11 of Defendants' opening brief (D.E. 5946). Plaintiffs do not oppose Defendants' proposed sealing of PII, "provided such sealing does *not* include the names, titles and job responsibilities of Defendants' fact witnesses who are reference din and/or attached to the *Daubert* briefs." (D.E. 5985 at 3). Because Defendants did not redact and do not propose sealing that information about their fact witnesses, there is no dispute regarding the materials in category 1.

[3] Defendants take no position with respect to the exhibits designated as confidential by third parties.

2

of confidential information contained in them could allow competitors access to their sensitive information, policies and procedures, know-how, and valuable personnel, and be harmful to the Defendants' businesses. Defendants have narrowly tailored their request to seal only the confidential portions of the Deposition Transcripts not cited in the *Daubert* Briefs; they have demonstrated good cause that the information contained in them should be filed under seal; and Plaintiffs have not rebutted that showing. Accordingly, this Court should grant Defendants' Motion.[4]

## ARGUMENT

The Deposition Transcripts should remain under seal for two reasons. First, the Deposition Transcripts are hundreds of pages of discovery materials, not supportive of any dispositive motion, and Plaintiffs have never challenged any of the confidentiality designations under PTO 26. Therefore, they should be evaluated under the standards applicable to discovery materials rather than "filed" court documents. Second, Defendants have demonstrated good cause to keep these materials under seal.

**I.      The Deposition Transcripts Are Discovery Materials, Not Supportive of a Dispositive Motion, Which Should Be Sealed.**

Significantly, Defendants do not seek to seal materials Plaintiffs actually cite in support of Plaintiffs' dispositive briefing. Still, Plaintiffs claim that these entire Deposition Transcripts, which have been designated as confidential under PTO 26 and for the reasons explained in Defendants' supporting affidavits, should be unsealed merely because the Court *might* one day

---

[4] Plaintiffs also request the "balance of the Daubert Briefing" be "immediately" unsealed. Resp. at 3. Plaintiffs suggest Defendants are "attempting to delay the immediate unsealing of those materials over which no challenge has been asserted." Resp. at 3. That is false. Defendants do not oppose the unsealing information in the Daubert briefing (filed as of August 15, 2022 pursuant to the June Order), for which Defendants do not seek to be filed under seal. Defendants' position is that such a mass unsealing will be more efficiently handled by parties and the Clerk at the conclusion of all of Daubert briefing—at one time rather than piecemeal.

rely on some portion of them for a dispositive motion sometime in the future. But that is not the law in this Circuit.

Discovery materials not supportive of any dispositive motion may be protected from public disclosure. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, is dispositive here. *See* 263 F.3d 1304 (11th Cir. 2001). In that case, the Eleventh Circuit determined that only confidential "discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right [of access]." *See id*. at 1312. Because the right of access "is not absolute," district courts should consider challenges to unseal discovery materials against "the circumstances that led to . . . [the] production [of the particular document in question].'" *Id*. at 1311 (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598, 602–03 (1978)). "An illustrative example is the treatment of discovery material, for which there is no common-law right of access, as these materials are neither public documents nor judicial records." *Id*.

Likewise, here, the Deposition Transcripts Defendants are seeking to seal are discovery material, not necessary for the resolution of the merits of this case. Plaintiffs do not dispute that the Deposition Transcripts are discovery materials or even attempt to claim that the uncited testimony within the transcripts supports any dispositive motion. *See* Resp. at 6. Instead, Plaintiffs attempt to circumvent the protection afforded to these Deposition Transcripts (including the procedures for challenging confidentiality designations under PTO 26) by citing to the generic principle that "[a] Court may very well consider and cho[o]se to rely on uncited portions of a transcript in making its determination." Resp. at 6. Moreover, Plaintiffs fail to indicate any portion of the Deposition Transcripts they allege the Court supposedly could rely on to support a dispositive motion. To allow Plaintiffs to draw upon the cited principle that courts may consider extraneous materials in ruling upon a dispositive motion in this context would create an exception

that would swallow the general rule from *Chicago Tribune* that these discovery materials ought to be kept confidential. This is especially true where Defendants have supported their narrow request for sealing with evidence in the form of affidavits (which Plaintiffs do not rebut), and where Plaintiffs cannot articulate an argument for how whole swaths of uncited deposition testimony could ever support a ruling on the merits.

The *Daubert* briefing involves science issues, not factual disputes. The Deposition Transcripts as a whole are not relevant to the *Daubert* briefing, because they are the testimony of *fact witnesses*, not expert. Even if they were relevant, simply filing confidential documents on the public docket in connection with a dispositive motion does not, by itself, make the documents necessary for the resolution of the merits. If that were true, the distinction between discovery and dispositive materials endorsed by case law would essentially disappear. Such a rule would create an end-run around the protection afforded to discovery materials if a party simply decides, as Plaintiffs did here, to gratuitously attach materials to a motion even where the materials are extraneous and irrelevant to the issues in dispute. Defendants are merely asking this Court to seal a limited set of confidential discovery materials. These materials, which Defendants have shown would likely harm their businesses if unsealed, should remain confidential. Defendants respectfully request that the Deposition Transcripts be filed under seal.[5]

## II. Plaintiffs Do Not Rebut Defendants' Affidavits Which Demonstrate Good Cause to Maintain Under Seal the Deposition Transcripts.

The Deposition Transcripts should also be sealed because Defendants submitted unrebutted evidence showing "good cause" to file them under seal. Again, *Chicago Tribune* offers the relevant standard. There, the Eleventh Circuit explained, in relevant part, that the "good cause"

---

[5] In the unlikely event that the Court does rely on uncited portions of the Deposition Transcripts, the Parties can then assess the confidentiality of those portions in a motion to seal.

standard "requires the district court to balance the party's interest in obtaining access [to the sealed materials] against the other party's interest in keeping the information confidential." *Id*. at 1313. Since *Chicago Tribune*, the Eleventh Circuit has explained that a showing of "good cause" "ordinarily requires a party to establish that it has a legitimate privacy or proprietary interest in information and that this interest would likely be harmed if made public." *OJ Com., LLC v. KidKraft, Inc.*, 34 F.4th 1232, 1240–41 (11th Cir. 2022).[6]

Here, Defendants' multiple affidavits submitted in support of their Omnibus Motion provide good cause that they have a legitimate proprietary interest in the information contained in the Deposition Transcripts and that there is a likelihood of harm if that information is unsealed. In particular, Dr. Robert Buchberger and Ms. Stacy Apgar detail the various commercially sensitive topics contained in these transcripts, including internal and confidential company organizational issues, pharmacovigilance and safety monitoring processes, regulatory issues, product development issues, patent information, contractual terms, and other confidential business operations information. *See* Exhibits OO and PP to Defendants' Motion to Seal (D.E. 5946-46, 5946-47). Dr. Buchberger and Ms. Apgar also describe the severity and likelihood of harm if this material were released to their competitors. They explain that the information included in the materials sought to be kept under seal is carefully protected by the companies because they "go to the heart" of their businesses and that allowing competitors access to their sensitive information, policies and procedures, know-how, and valuable personnel could be harmful to their businesses. *See id*.

In their Response, Plaintiffs complain that the affidavits are merely "conclusory," but (ironically) they fail to explain how they are conclusory. Resp. at 5. They also fail to put forward

---

[6] Whether good cause exists "is a factual matter to be decided by the nature and character of the information in question . . . supported by findings of fact . . . ." *Chicago Tribune*, 263 F.3d at 1315.

any rebuttal evidence demonstrating why any of the testimony should not be kept confidential. Accordingly, because Plaintiffs have not meaningfully rebutted Defendants showing of good cause to keep these materials under seal, Plaintiffs' assertion that Defendants have not met their burden to establish good cause for sealing these documents should be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court enter an Order sealing the identified portions of *Daubert* briefing pursuant to its June 10 Order.

Dated: September 13, 2022                           Respectfully submitted,

                        By:  */s/ Andrew T. Bayman*
                            Andrew T. Bayman
                            KING & SPALDING LLP
                            1180 Peachtree Street, NE, Suite 1600
                            Atlanta, GA 30309-3521
                            Telephone: (404) 572-4600
                            Facsimile: (404) 572-5100
                            abayman@kslaw.com

                            *Attorney for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*

                        By:  */s/ Mark Cheffo*
                            Mark S. Cheffo
                            DECHERT LLP
                            1095 Avenue of the Americas
                            New York, NY 10036
                            Tel: (212) 698-3500
                            Fax: (212) 698-3599
                            mark.cheffo@dechert.com

                            *Attorneys for Defendant GlaxoSmithKline LLC*

                        By:  */s/ Joseph G. Petrosinelli*
                            Joseph G. Petrosinelli
                            WILLIAMS & CONNOLLY LLP
                            725 Twelfth Street, N.W.
                            Washington, DC 20005
                            Tel: (202) 434-5000

        Fax: (202) 434-5029
        jpetrosinelli@wc.com

        *Counsel for Defendant Pfizer Inc.*

By:  */s/ Anand Agneshwar*
        Anand Agneshwar
        ARNOLD & PORTER KAYE SCHOLER LLP
        250 West 55th Street New York, NY 10019
        Tel: (212) 836-8000
        Fax: (212) 836-8689
        anand.agneshwar@arnoldporter.com

        *Attorneys for Defendants Sanofi US Services Inc.,*
        *Sanofi-Aventis U.S. LLC, and Chattem, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2022, I electronically filed the foregoing **DEFENDANTS' REPLY IN SUPPORT OF OMNIBUS MOTION TO SEAL PORTIONS OF *DAUBERT* BRIEFING PURSUANT TO JUNE 10 ORDER** through the CM/ECF system, which will provide automatic notification to all CM/ECF participants.

    */s/ Andrew T. Bayman*
    Andrew T. Bayman