UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 20-md-2924 Rosenberg/Reinhart

_____

In Re: Zantac (Ranitidine)
Products Liability
Litigation

_____

## NON-PARTIES MEMORIAL SLOAN
## KETTERING CANCER CENTER AND LIOR BRAUNSTEIN, M.D.'S
## MOTION TO SEAL AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Fed. R. Civ. P. 26(c), as well as S.D. Fla. L.R. 5.4a and the Court's October 5,

2022 Order granting leave to file the subject motion, non-parties Memorial Sloan Kettering Cancer

Center ("Memorial Sloan Kettering") and its employee, Lior Braunstein, M.D. ("Dr. Braunstein"

and collectively with Memorial Sloan Kettering, "MSK"), hereby move the Court for the entry of

an order:  (1) sealing the entire transcript of Dr. Braunstein's October 25, 2021 deposition (the

"Braunstein Transcript") or, in the alternative, sealing the entire transcript save for portions of

eight pages of testimony cited by the Brand Defendants in their *Daubert* briefings; (2) further

sealing MSK00007347 - MSK00007359, a document produced by MSK in the litigation in

response to subpoenas issued by Boehringer Ingelheim Pharmaceuticals, Inc ("BI," and together

with other brand pharmaceutical defendants, the "Brand Defendants"), which has been filed in

connection with the parties *Daubert* motions (together with the Braunstein Transcript, the "Subject

Documents"); and (3) requiring redaction of any quotations from or substantive references to the

Subject Documents ordered to be sealed in any publicly filed *Daubert* motion papers.

Although Dr. Braunstein's deposition transcript has been designated as "Highly

Confidential – Attorneys' Eyes Only – Subject to Protective Order" pursuant to the applicable

Confidentiality Order, PTO No. 26 (Dkt. No. 780), the Brand Defendants filed the 525-page transcript in its entirety with their *Daubert* briefing, despite only referencing in their motions excerpts of eight pages from it as relevant to their arguments.  The Braunstein Transcript contains confidential pre-publication study related discussions, and the interest in maintaining the confidentiality of such materials outweighs the public's right of access.  MSK therefore requests that the Court order that the Subject Documents be sealed.  MSK further requests that the sealed information remain under seal for the duration of the litigation or until further order from the Court.

## I.      Relevant Background

In response to subpoenas issued in March 2021 by BI to Memorial Sloan Kettering and Dr. Braunstein, MSK produced responsive documents to BI.  On September 18, 2022, the Brand Defendants' counsel informed MSK that the Brand Defendants had previously submitted to the Court, in connection with its *Daubert* motions concerning experts unrelated to MSK, a provisionally sealed copy of Braunstein Transcript in its entirety, despite it having been designated as "Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order" pursuant to PTO No. 26.  The Brand Defendants did so despite the requirement set forth in PTO No. 26 (at § H.2) that "[a] party who seeks to introduce Confidential Information or Highly Confidential Information at a hearing shall advise the Producing Party prior to publishing the information in Court."

Upon MSK's inquiry to identify any other filed MSK materials, counsel for the Brand Defendants further disclosed on September 27, 2022 that additional MSK-produced documents designated as "Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order" pursuant to PTO No. 26 also were filed with the Court in connection with the parties' *Daubert* motions, a subset of which together form the Subject Documents pertinent to this Motion to Seal.[1]

---

[1] With limited exception, MSK cannot access the filings subject to this Motion as they are filed under seal

The Subject Documents at issue, including Dr. Braunstein's testimony, relate to scientific research and analysis by Dr. Braunstein and others at MSK in connection with a study regarding ranitidine use and potential N-Nitrosodimethylamine ("NDMA") carcinogenicity.  The Subject Documents also include a draft of the study and strategy communications with MSK collaborators on the study.

Counsel for the Brand Defendants made MSK aware that the Braunstein Transcript was attached as an exhibit to the Brand Defendants' Opposition to Plaintiffs' Motion to Exclude Defendants' Experts on General Causation Under Rule 702 (the "*Daubert* Opposition") (Dkt. No. 5968, Exhibit 2), and that it was also attached as an exhibit to the Brand Defendants' Motion to Exclude Plaintiffs' General Causation Experts' Opinions (Dkt. No. 5692, Exhibit 101).  The Brand Defendants' counsel also informed MSK that *only* the following selections of the Braunstein Transcript were cited or referenced in the *Daubert* filings:

- Braunstein Transcript page selections 43:6-44:15; 81:14-25; 184:22-185:12, cited on page 16 of the *Daubert* Opposition (Dkt. No. 5968);

- Braunstein Transcript page selection 166:19-167:17, cited on pages 9-10 of the Brand Defendants' Motion to Exclude Remaining Expert Opinions Relating to General Causation and Incorporated Memorandum of Law (Dkt. No. 5696); and

- Braunstein Transcript page selection 68:1-5, cited on page 13 of Plaintiff's Reply in Support of Their Motion to Exclude Defendants' Putative Expert Opinions on General Causation Under Rule 702 (Dkt. No. 6011).

In addition, the Brand Defendants informed MSK that MSK00007347 - MSK00007359, which contains a draft pre-publication study and cover email between Dr. Braunstein and his co-author discussing analysis thereof, were attached by Plaintiffs as Exhibit 51 to the Declaration of D. Nigh in Support of Plaintiffs' Opposition to Defendants' Motions to Exclude Expert Opinions (Dkt. No. 5912).  These documents also were cited at page 5 of Plaintiff's Opposition to Brand

---

or restricted on the case docket.  Thus, MSK has relied on the representations of the Brand Defendants' counsel with respect to disclosure of any MSK Highly Confidential materials filed in connection therewith.  Should MSK learn of any additional MSK production documents filed in the litigation of which they are not aware, MSK reserves the right to request sealing of such materials as well.

Defendants' Motion to Exclude Expert Opinions regarding General Causation, and page 45 of Plaintiffs' Opposition to Brand Defendants' Motion to Exclude Plaintiffs' Experts, Ramin Najafi, PH.D., Charles Davis, PH.D. and other Experts who Rely on Their Opinions (Dkt. No. 5914).

The Brand Defendants notified MSK that they would take no position with respect to sealing MSK's Highly Confidential materials even though they (1) concurred in the initial Highly Confidential designation of the Braunstein Transcript as a condition precedent to MSK waiving its right to seek to quash their deposition subpoena to Dr. Braunstein, and (2) have alleged in their own motion to seal (Dkt No. 5946) that the Plaintiffs acted "gratuitously" when they "attached entire witness transcripts into the record, and refused to agree to file excerpts containing relevant transcript pages in their place." MSK does not know the Plaintiffs' position with regard to MSK's draft study and cover email from Dr. Braunstein (MSK00007347MSK00007359) that were included in their *Daubert* filings.

On September 27, 2022, MSK requested that the Brand Defendants replace the entire 525-page Braunstein Transcript filed with its *Daubert* briefing with those few pages to which it cited, just as the Brand Defendants had requested of Plaintiffs. The Brand Defendants refused. On September 28, 2022, the Brand Defendants filed a motion to seal portions of the *Daubert* briefing (Dkt. No. 6037) and took no position with respect to documents designated as confidential by non-parties pursuant to PTO 26. That same day, MSK filed a Motion Requesting Leave to File Motion to Seal (Dkt. No. 6038), which the Court granted on October 5, 2022.

II.   <u>**Argument**</u>

    A.   **The Braunstein Transcript and Subject Production Documents Qualify for Protection as They Are or Concern Confidential Pre-Publication Materials, and the Interest in Maintaining their Confidentiality Outweighs the Public's Right of Access**

"The common law right of access may be overcome by a showing of good cause, which

requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Donoff v. Delta Air Lines, Inc.*, No. 18 CIV. 81258, 2019 WL 2568020, at *1 (S.D. Fla. Mar. 14, 2019) (*quoting Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)).   When balancing these interests, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.  *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

MSK has a legitimate privacy and proprietary interest in the information contained in the Braunstein Transcript, Dr. Braunstein's draft study, and his relevant communications.   The common law right to access is overcome by MSK's demonstration of good cause.  *See OJ Com., LLC v. KidKraft, Inc.*, 34 F.4th 1232, 1240-41 (11th Cir. 2022) (common law right of access "may be overcome by a showing of good cause" which can be demonstrated by a party establishing that "it has a legitimate privacy or proprietary interest in information and that this interest would likely be harmed if made public") (internal citations omitted).  The Subject Documents contain highly sensitive information regarding confidential communications, pre-publication peer-review, and analysis concerning Dr. Braunstein and his colleagues' scientific research study regarding ranitidine use and potential NDMA carcinogenicity, and a draft of the study and communications and related discussions which warrant sealing.  *See CRubin, LLC v. Escoriaza*, No. 19-CV-22261, 2020 WL 2542629, at *2 (S.D. Fla. May 19, 2020) (granting motion to seal transcripts and exhibits "contain[ing] trade secrets and other confidential information, such as attorney correspondence relating to third parties, technical infrastructure, business strategy, commercially sensitive

transactional, marketing, technical, research, development, business strategy, and otherwise non-public and proprietary information").

Federal Rule of Civil Procedure 26(c)(1)(G) also specifically allows the Court to protect from disclosure "**confidential research**, development, or commercial information not be revealed or be revealed only in a specified way" (emphasis added).  Here, the research and scientists' communications and analysis concerning such research, publication, peer review, strategy, and contributions pertaining to the research warrant this protection.  Moreover, PTO No. 26 defines "Highly Confidential Information" to include "research and development materials" and requires that "Highly Confidential Information" filed in connection with motion papers submitted in this Action be filed under seal.  *See* PTO No. 26 (Dkt. No. 780) §§ B.7, H.3.

Further, this Court should protect Dr. Braunstein's deposition transcript and his draft publication study and communications with his collaborator from disclosure in order to avoid a chilling effect on Memorial Sloan Kettering, Dr. Braunstein, his colleagues, and other researchers and scientists.  If the information in the Braunstein Transcript and his draft publication and communications concerning it are available for public disclosure and dissemination, it would both hamper Dr. Braunstein and other scientific researchers in pursuit of their analysis and deprive the public of scientific discovery stemming from such efforts.

Numerous courts have consistently and repeatedly applied principles of protection from public dissemination for researchers, scientific and otherwise, which is also warranted here.  In *Cusumano v. Microsoft Corp.,* 162 F.3d 708, 714 (1st Cir. 1998), the First Circuit Court of Appeals held that a subpoena for university professors' unpublished notes, correspondence, and tapes of interviews related to a manuscript they prepared could not be enforced because "[a]cademicians engaged in pre-publication research should be accorded protection commensurate to that which

the law provides for journalists," for "scholars too are information gatherers and disseminators." *Id.* In *Cusumano*, the court concluded that permitting discovery of the unpublished notes of these non-party professors would "hamstring not only the [professors'] future research efforts but also those of other similarly situated scholars," and would also "infrigidate the free flow of information to the public, thus denigrating a fundamental First Amendment value." *Id.* at 717.[2]

Similarly, this Court has held that in order to avoid such a chilling effect on journalists, it is imperative that they are entitled to protection "from compelled testimony[,] and disclosure of unpublished journalistic information" and that a court should "bar[] a litigant from compelling production or testimony in all but the most exceptional cases[.]" *United States v. Thompson*, No. 14 CIV. 20522, 2015 WL 1608462, at *1 (S.D. Fla. Apr. 10, 2015). Indeed, there is a heavy burden to overcome the protections which are in place to avoid the chilling effect of, amongst other things, disadvantaging a journalist from appearing to be "a research arm of the government or a private party; the disincentive to compile and preserve non-published material; and the burden on journalists' time in having to respond to subpoenas." *Id.* And specifically in this litigation, the Court previously ruled that Dr. Braunstein's draft studies, and his mental impressions, research

---

[2] *See also, e.g.*, *S. Fla. Blood Serv., Inc. v. Rasmussen*, 467 So. 2d 798, 804 (Fla. 3d DCA 1985), *approved*, 500 So. 2d 533 (Fla. 1987) (denying discovery to protect privacy interests and societal interests in avoiding any detriment to the medical program about which information was sought, noting that "[t]he public interest can be a sufficient reason for prohibiting the discovery of particular information. Numerous courts have found the interest in the free flow of information, ideas and advice sufficient to overcome the interest in the discovery of the reports of investigating committees and researchers"); *Fields v. Eli Lilly & Co.*, No. 13 CIV. 35, 2015 WL 13609685, at *1 (M.D. Ala. Mar. 26, 2015) ("Any benefit to defense counsel of disclosure of the peer-review comments are outweighed by the risk that disclosure would chill scientific research within the academic community. The court further finds that the burden that disclosure of the unpublished manuscript would have on the scientific and academic community likewise outweighs any benefit to defense counsel in obtaining the manuscript for purposes of litigation."); *In re Bextra and Celebrex Marketing Sales Practices and Product Liab. Litig.*, 249 F.R.D. 8, 15 (D. Mass. 2008) (in denying motion to compel non-party production of scientific peer review discussion, holding that the "interest in maintaining the confidentiality of the peer review process is a very significant one, especially in light of its non-party status.").

methods, and scientific conclusions should be protected from unsealing on the public docket. (*See* Order on Motion to Seal, Dkt. No 5400).  In addition to the draft study and Dr. Braunstein's communications regarding analysis of it at issue here, Dr. Braunstein's relevant deposition testimony also reflects his communications, mental impressions, as well as significant details concerning his research methods and scientific conclusions.[3]  Sealing is therefore necessary and warranted.

### B. Uncited and Unquoted Portions of Dr. Braunstein's Deposition Transcript That Were Not Relied on By any Parties to the Litigation in their *Daubert* Motions Should be Maintained Under Seal

If the Court finds that Dr. Braunstein's transcript should not remain sealed in its entirety, MSK respectfully requests in the alternative that the Court issue an Order sealing the Braunstein Transcript with the exception of those portions relied upon in the parties' *Daubert* motions and already ruled upon by the Court, and any quotations or citations to those selections in the *Daubert* motions.  Despite referencing only portions of eight pages of Dr. Braunstein's 525 pages of testimony, the Brand Defendants nevertheless gratuitously attached the entirety of his non-party fact witness transcript designated Highly Confidential in the record.

Confidential or highly confidential materials that are irrelevant to the disposition of motions should remain confidential.  *See Doe 1 v. United States*, No. 08-CV-80736, 2015 WL 11254702, at *4 (S.D. Fla. Apr. 15, 2015) (noting in connection with discovery filed with pretrial motions that it is the materials having been "placed in the record to materially advance the judicial resolution of the merits [that] play a key role in informing the public of the grounds upon which the district court bases its adjudicative decision.").  Accordingly, MSK seeks to seal the deposition

---

[3] Though the same Order found that two specific pages from Dr. Braunstein's deposition transcript did not require sealing because they did not reflect Dr. Braunstein's own study or communications pertaining to them, MSK is not seeking reconsideration of that ruling here.

transcript materials that the Brand Defendants placed in the record through their *Daubert* motions which are *not* cited by them in their respective motions, and thus do not "materially advance the judicial resolution of the merits." *Id.* These materials have no role in aiding the public as to the grounds of the Court's decision on the pending *Daubert* motions.

MSK has a legitimate privacy and proprietary interest in the information contained in the Braunstein Transcript, and the common law right to access is overcome by MSK's demonstration of good cause. Here, MSK respectfully seeks a ruling that the deposition transcript at issue is discovery material to which there is "no common-law right of access," because the Brand Defendants have cited only a handful of lines from the transcript. Further, while PTO No. 26, by which the Brand Defendants and MSK agreed to be bound, provides the ability to challenge a Highly Confidential Designation (*see* § G), the Brand Defendants never challenged MSK's designations. In fact, the Brand Defendants confirmed their agreement that Dr. Braunstein's deposition transcript should be designated Highly Confidential prior to and at the time of his deposition. The disclosure of Dr. Braunstein's entire deposition transcript should not be permitted.

On September 27, 2022, the Brand Defendants denied MSK's request that they replace the complete transcript included in their *Daubert* briefing with pages that they cited. MSK reminded the Brand Defendants that they previously agreed that the transcript was Highly Confidential, and pointed out that their attachment of Dr. Braunstein's entire deposition transcript was no different than the improper deposition-transcript over-disclosure on which they took Plaintiffs to task in their Omnibus Motion to Seal Portions of *Daubert* Briefing Pursuant to June 10 Order (Dkt. No. 5946 at 2-3, 8-10). Specifically, the Brand Defendants argued that:

> Plaintiffs cited to or quoted only a few lines of deposition testimony from a handful of Defendants' fact witnesses . . . . Plaintiffs nevertheless gratuitously attached the entirety of the [cited] transcripts. Because the entirety of the transcripts are irrelevant to Plaintiffs' Opposition, Defendants requested during the meet and

confer process that Plaintiffs replace these whole transcripts with excerpts reflecting relevant pages and lines.  This would have obviated any need for Defendants to seek to seal any portion of these materials, because none of the Defendants seek to seal the actual testimony quotations used by Plaintiffs in their Opposition brief.  But Plaintiffs refused.

*Id.* at 2.

The Brand Defendants refused MSK's request and rejected the obvious parallel, instead, disingenuously suggesting that the distinction is that Dr. Braunstein was operating as an undisclosed, unpaid, and unwilling expert, and that additional uncited portions of his testimony might prove useful to the Court.  To the contrary, Dr. Braunstein indisputably is a non-party fact witness in this litigation.  By refusing to replace the entire transcript with relevant portions, the Brand Defendants have placed MSK in the unnecessary and burdensome position of having to file this motion to ask the Court to resolve issues that have no bearing on the resolution of the merits of the pending *Daubert* briefing.

WHEREFORE, MSK respectfully requests that the entry of an Order:  (1) requiring that the Subject Documents, including the Braunstein Transcript in its entirety, remain redacted under seal for the duration of the case or until further order from this Court; (2) in the alternative, requiring that the Subject Documents, including the Braunstein Transcript with the exception of the eight page selections cited in and relevant to the Brand Defendants' Daubert motions, remain redacted under seal for the duration of the case or until further order from this Court; (3) requiring redaction of any quotations from or substantive references to the Subject Documents ordered to be sealed in any publicly filed *Daubert* motion papers for the duration of the case or until further order from this Court; and (4) granting any and all other relief the Court deems just and proper.

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

Pursuant to Local Rule 7.1(a)(3), non-party counsel for MSK certifies that they have conferred with the Brand Defendants regarding this Motion in a good-faith effort to resolve the issues raised herein.  The Brand Defendants' counsel stated that they could not agree to the relief sought in the motion.

Dated: October 12, 2022

Respectfully submitted,

*/s/Evan D. Appell*
Evan D. Appell
EVAN D. APPELL, P.A.
Florida Bar No. 58146
1001 Yamato Road, Suite 401
Boca Raton, Florida, 33431
561-337-5858
evan@edalegal.com

*/s/Ethan Krasnoo*
Ethan Krasnoo
REAVIS PAGE JUMP LLP
New York Bar No. 4628723
41 Madison Avenue, 41st Floor
New York, New York 10010
(212) 763-4100
ekrasnoo@rpjlaw.com

*Attorneys for Non-Parties Memorial Sloan Kettering Cancer Center and Lior Braunstein, M.D.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF

on October 12, 2022 on all counsel or parties of record.

*/s/Evan D. Appell*_____