UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                                            MDL NO. 2924
PRODUCTS LIABILITY                                                  20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

### ORDER GRANTING IN PART AND DENYING IN PART NON-PARTIES' MOTION TO SEAL

**THIS MATTER** comes before the Court upon the Motion to Seal and Memorandum of Law in Support filed by Non-Parties Memorial Sloan Kettering Cancer Center ("MSK") and Lior Braunstein, M.D. (together, the "Moving Parties"). DE 6065. The Court ordered the parties in this MDL to respond to the Motion. DE 6079. The Court has reviewed the Motion, the MDL Plaintiffs' Response to Non-Parties Memorial Sloan Kettering Cancer Center and Lior Braunstein, M.D.'s Motion to Seal, DE 6089, Defendants' Response to Non-Parties Memorial Sloan Kettering Cancer Center and Lior Braunstein, MD's Motion to Seal, DE 6103, Non-Parties Memorial Sloan Kettering Cancer Center and Lior Braunstein, M.D.'s Reply in Support of Motion to Seal and Memorandum of Law in Support, DE 6105, and the record. For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.

The Moving Parties move the Court to seal MSK00007347 - MSK00007359, a draft study and cover email, and the entire transcript of Dr. Braunstein's deposition. DE 6065 at 1. In the alternative, they seek to seal the entire transcript, apart from the eight pages that the Defendants cite in their *Daubert* filings. *Id.* The Moving Parties also seek to seal references to the draft study, cover email, and transcript in the parties' *Daubert* filings.

The Moving Parties argue that there is good cause to seal the documents because they concern confidential pre-publication materials, which, if publicized, could chill other researchers concerned about unwanted publicity of their pre-publication documents. *Id.* at 5-6. The Plaintiffs do not oppose redacting

personal identifying information from the draft study, cover email, and transcript, but they otherwise oppose the Moving Parties' sealing requests. DE 6089 at 1-2. The Defendants do not oppose the sealing requests. DE 6103 at 2.

Judicial proceedings should be open to the public. The common law right of access realizes this principle by providing the public with access to judicial documents. *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). But this right is not absolute. The common law right of access can be overridden by a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

To determine whether there is good cause to seal judicial documents, a court must weigh the public's interest in access against the moving party's interest in keeping the judicial documents confidential. *Id.* The court considers several factors in doing so, including "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* The court may also consider "whether access is likely to promote public understanding of historically significant events." *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1236 (11th Cir. 2013) (quoting *FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013)).

Here, the Court weighs the interests at stake for each document at issue. For the draft study, the Court finds that there is not good cause to seal. The Moving Parties have privacy interests in their pre-publication materials. The Court weighs any potential chilling effect of unsealing the draft study against the public's interest in access to the draft study. The Court relied upon the study in ruling on the parties' *Daubert* filings. It follows that the draft study is of interest. The public may want to access the study and

the draft study to understand the Court's ruling, and, therefore, the public interest in access to the draft study outweighs the Moving Parties' interest in sealing the study. For the same reason, the Court finds that there is not good cause to seal references to the draft study, cover email, and transcript in the parties' *Daubert* filings.

For the cover email, which is an email between co-authors about how to edit the draft study, the Court finds that there is good cause to seal. The Moving Parties have privacy interests in their communications about how to edit the study. And the email was not relevant to the Court's *Daubert* ruling. Therefore, since the public does not need to access the cover email to understand the Court's ruling, and in consideration of the other factors weighing upon a finding of good cause, the Moving Parties' interest in sealing the cover email outweighs the public's interest in access at this time.

Last, for the transcript, the Court finds that there is not good cause to seal the transcript in its entirety. The Moving Parties claim that the transcript contains "highly sensitive information regarding confidential communications, prepublication peer-review, and analysis concerning Dr. Braunstein and his colleagues' scientific research study regarding ranitidine use and potential NDMA carcinogenicity." DE 6065 at 5. While the Moving Parties have privacy interests in this information, the transcript contains additional non-sensitive information that is relevant to the Court's *Daubert* general causation inquiry. Thus, in weighing the Moving Parties' interest against the public's, the Court finds that there is not good cause to seal the transcript in its entirety.

Although the Moving Parties have requested in the alternative that only the cited portions of the transcript be made available to the public, the Court's review of the transcript shows that the public has an interest in general causation-related, non-sensitive information in the transcript that is not cited by the parties in their *Daubert* briefing. As a result, the Moving Parties' alternative proposal to seal all non-cited portions of the transcript is overbroad and is denied. The Court will permit the Moving Parties a final

3

opportunity to propose redactions to the transcript (in a renewed motion) before the Court orders the entire transcript to be unsealed.

Therefore, the Motion is **GRANTED in part** and **DENIED in part**. In a forthcoming Order of this Court, ruling upon Defendants' Omnibus Motion to Seal Portions of Daubert Briefing Pursuant to June 10 Order, DE 5946, and Defendants' Unopposed Supplemental Omnibus Motion to Seal Portions of Daubert Briefing Pursuant to June 10 Order, DE 6037, the Court orders the parties in this MDL to refile many sealed filings as unsealed filings. To comply with the Court's decision in this Order, when the parties refile the previously sealed filings, the parties must refile the draft study as an unsealed filing. And the parties must not refile the cover email or (until further order of the Court) the transcript as an unsealed filing. In addition, the parties must otherwise comply with prior rulings from this Court when refiling the previously sealed filings.

The Moving Parties may file a proposed redacted transcript and renewed motion on or before December 30, 2022. In the event the Moving Parties do not file a renewed motion by the deadline, the Court will order the transcript to be refiled as an unsealed filing.

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, this 6th day of December, 2022.

Copies furnished to counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE