UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                MDL NO. 2924
PRODUCTS LIABILITY                         20-MD-2924
LITIGATION

                                              JUDGE ROBIN L. ROSENBERG
                               MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

ORDER GRANTING IN PART AND DENYING
IN PART  DEFENDANTS' OMNIBUS MOTION TO SEAL

**THIS MATTER** comes before the Court upon Defendants' Omnibus Motion to Seal Portions of Daubert Briefing Pursuant to June 10 Order, DE 5946, and Defendants' Unopposed Supplemental Omnibus Motion to Seal Portions of Daubert Briefing Pursuant to June 10 Order ("Follow-up Omnibus Motion"), DE 6037.  The Court has reviewed the Defendants' Motions, MDL Plaintiffs' Response to Defendants' Omnibus Motion to Seal Portions of Daubert Briefing Pursuant to June 10, 2022 Order, DE 5985, Defendants' Reply in Support of Their Omnibus Motion to Seal Portions of Daubert Briefing Pursuant to June 10 Order, DE 6006, the record, and it is otherwise fully advised in the premises.  For the reasons set forth below, the Defendants' motions are **GRANTED in part** and **DENIED in part**.

**I. Background**

In preparation for *Daubert*, and pursuant to the parties' joint stipulation, this Court established a process for sealing and unsealing the *Daubert* and science-related summary judgment filings.  First, the parties were to file their *Daubert* filings temporarily under seal. DE 5684 at 1. Then, if a party sought to keep under seal any of the *Daubert* filings filed before August 15, 2022, the party was to move the Court to seal the relevant filings by August 15. *Id.* at 2.  If a party sought

to keep under seal any of the *Daubert* filings filed after August 15, then, according to the Defendants, the party was to move the Court to seal the relevant filings by September 28, 2022.

The parties filed many *Daubert* filings. The Plaintiffs did not file any motions to keep the *Daubert* filings under seal. The Defendants filed two such motions. In their first motion, the Omnibus Motion, the Defendants identify three categories of records that they seek to keep under seal: (1) personal identifying information of expert and fact witnesses ("category one records"); (2) portions of six depositions ("category two records"); and (3) certain privileged and business information ("category three records"). DE 5946 at 2, 11-12. In their Response, the Plaintiffs do not oppose keeping category one and three records under seal, but they do oppose keeping category two records under seal. DE 5985 at 3-7. In their second motion, the Follow-up Omnibus Motion, the Defendants address *Daubert* filings filed from August 15 to September 28. DE 6037 at 1. In the Follow-up Omnibus Motion, the Defendants seek only to keep under seal more category one records, specifically personal identifying information from one document. *Id.* at 2. The Plaintiffs do not oppose the Follow-up Omnibus Motion. *Id.*

In summary, the parties have agreed to unseal all of their *Daubert* filings, apart from category one records: personal identifying information, category two records: disputed portions of six depositions, and category three records: certain privileged and business information. Since the Plaintiffs do not oppose keeping category one and three records under seal, the only remaining dispute raised in the Defendants' Motions is over category two records.[1] The Court issued the

---

[1] The parties agree that category one and three records should be kept under seal. While the parties' agreement is not determinative, *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985), the Court agrees with the parties and finds that there is good cause to keep these records under seal. For category one records, the personal identifying information is not a matter of public concern, would likely injure the identified individuals and their employers with unwanted publicity, and the redactions are limited. For category three records, there is good cause to keep the business and privileged information under seal because the information was not relevant to the resolution of dispositive

2

Omnibus Order on All Pending Daubert Motions and Defendants' Summary Judgment Motion, resolving the *Daubert* issues in this case. DE 6120. Therefore, the *Daubert* proceedings have concluded, and the Court now must resolve the Defendants' Motions.

## II. Legal Standard

Judicial proceedings should be open to the public. The common law right of access realizes this principle by providing the public with access to judicial records. *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). But this right is not complete or absolute. First, the common law right of access does not apply to discovery material. *Id.*; *see Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access.").[2] Second, even when the common law right of access applies, it can be overridden by a showing of good cause. *Romero*, 480 F.3d at 1246.

To determine whether there is good cause to keep judicial records under seal, a court must weigh the public's interest in access against the moving party's interest in keeping the judicial records confidential. *Id.* The court considers several factors in doing so, including "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* In

---

motions, it "might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), and the redactions are limited.

[2] Here, the Defendants argue that the judicial records in dispute are discovery materials, and, consequently, the public right of access does not apply to them. DE 6006 at 3. The Court does not need to resolve this issue at this time and, instead, applies the good cause standard. The Defendants can brief this issue in any renewed motion they may file.

addition, the court may consider whether the records in dispute concern competitively sensitive business information that, if publicized, could harm the party's business, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Classic Soft Trim, Inc. v. Albert*, No. 618CV1237ORL78GJK, 2020 WL 6734407, at *2-3 (M.D. Fla. Sept. 22, 2020), and "whether access is likely to promote public understanding of historically significant events," *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1236 (11th Cir. 2013) (quoting *FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013)).

### III. Arguments

Here, the parties disagree over whether there is good cause to keep under seal the disputed portions of the six depositions. The Defendants argue that there is good cause for two main reasons. First, the Defendants impliedly argue that the Plaintiffs filed the depositions for improper purposes. They note that the Plaintiffs neither cite to the disputed portions of the depositions in their *Daubert* filings, nor could they, because the material is irrelevant to the question of general causation under *Daubert*. *See* DE 6006 at 3-4. Next, the Defendants argue that the material is commercially sensitive and, if released, would harm the Defendants. *Id.* at 6; DE 5946 at 10. In support of this argument, they filed affidavits detailing the commercially sensitive information found in the disputed portions of the depositions.

The Plaintiffs argue that there is not good cause to keep under seal the disputed portions of the six depositions. First, in responding to the Defendants' argument that they improperly filed the depositions, the Plaintiffs do not claim that the disputed portions are related to the question of general causation under *Daubert*. Instead, the Plaintiffs argue that they properly filed the depositions along with their *Daubert* and summary judgment filings, since a court may rely upon

4

uncited materials from the record when determining whether to grant summary judgment. DE 5985 at 6. Next, the Plaintiffs argue that the Defendants' claims that the disputed portions contain commercially sensitive information are inadequate and conclusory. *Id.* at 4-5.

## IV. Analysis

First, the Court determines whether there is good cause to overcome the public's right of access to the disputed portions of the six depositions. Next, the Court resolves the unsealing of the remainder of the *Daubert* filings.

### A. Disputed Portions of Six Depositions

The Court has carefully reviewed the disputed portions of the six depositions. The disputed portions contain commercially sensitive business information. They detail the Defendants' patent applications, inventions, development studies, other ongoing and historical projects, the cost of these projects, organizational structures, business relationships, and the like. Publicizing this information could harm the Defendants, and much of this information is unrelated to the general causation question in this MDL. Both of these factors weigh in favor of a finding of good cause.

But the redactions are not limited to commercially sensitive information unrelated to general causation. For example, in one of the six depositions, the Defendants seek to redact the entire glossary of exhibits and keyword references from the deposition, but there is not good cause to seal all of the keyword references, including the words "acknowledge," "acoustically," "acquired," and "across." The disputed portions also contain information that does not appear to be commercially sensitive, and, sensitive or not, some of the information is related to general causation. Both of these factors weigh against a finding of good cause. For these reasons, having weighed the public's interest in access against the Defendants' interest in confidentiality, at this

5

time, the Court finds that there is not good cause to keep under seal all of the disputed portions of the six depositions.

Therefore, the Court grants in part and denies in part the Defendants' Motions without prejudice. The Defendants may file proposed, limited redactions within the disputed portions and an accompanying motion on or before December 30, 2022. The Defendants should indicate clearly what parts of the disputed portions are no longer designated to be redacted. And the proposed redactions within the disputed portions should narrowly address commercially sensitive information.

### B. Remainder of the *Daubert* Filings

The Defendants do not appear to oppose unsealing the remainder of the *Daubert* filings. The Defendants do not oppose refiling the sealed *Daubert* filings filed as of September 28, 2022, as unsealed filings. *See* DE 5946 at 1 n.1; DE 6037 at 1-2. In their Reply, they reiterate this point and put forward their position that they intend to refile after *Daubert* because refiling "will be more efficiently handled by parties and the Clerk at the conclusion of all of Daubert briefing—at one time rather than piecemeal." DE 6006 at 3 n.4.

The Court has *sua sponte* reviewed the MDL docket. To date, no previously sealed *Daubert* filings have been refiled as unsealed filings. While the parties filed several additional sealed *Daubert* filings after September 28, the Court does not believe that the Defendants' position on sealing has changed. The Court presumes that the Defendants have not refiled the previously sealed filings in line with their position that it will be more efficient to refile at one time after *Daubert*.

Now, *Daubert* is done, and the public has a right to access the *Daubert* filings. Therefore, the parties shall refile all of the previously sealed *Daubert* filings filed as of September 28, as unsealed filings on or before December 30. For *Daubert* filings filed after September 28, the parties shall refile the previously sealed filings as unsealed filings on or before December 30 as well, unless the parties oppose refiling any or all of these sealed filings.

## V. Conclusion

The Court finds at this time that there is not good cause to seal all of the disputed portions of the six depositions. Therefore, the Defendants' motions are **GRANTED in part** and **DENIED in part**.

The parties shall refile their previously sealed *Daubert* filings filed before September 28, as unsealed filings on or before December 30. For the disputed portions of the six depositions, the Defendants may file proposed redactions and an accompanying, renewed motion in light of this Order on or before December 30. Provided that the Defendants file a renewed motion to seal, then, as a result of the motion, the parties must keep the disputed portions ruled on in this Order sealed. If the Defendants do not file a renewed motion to seal by the deadline, the Court will order the Clerk to unseal the filings because they contain *Daubert*-related information.

For the sealed *Daubert* filings filed after September 28, if the parties oppose refiling any or all of them, the parties shall move the Court to seal the relevant filings on or before December 30. If the parties do not oppose refiling, the parties shall refile the previously sealed *Daubert* filings instead. If the parties do not file motions to seal by the deadline, the Court will order the Clerk to unseal the filings because they contain *Daubert*-related information. All new filings must

comply with all prior rulings of this Court. *See, e.g.*, DE 5586. The parties shall coordinate with each other to refile all of the unsealed filings.

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, this 6th day of December, 2022.

Copies furnished to counsel of record

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE