UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                          MDL NO. 2924
PRODUCTS LIABILITY                                      20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO: ALL PUTATIVE CLASS ACTION CASES

CLASS PLAINTIFFS' MOTION TO STAY CLASS PROCEEDINGS PENDING
THE OUTCOME OF APPELLATE PROCEEDINGS ON THIS COURT'S
*DAUBERT* AND SUMMARY JUDGMENT RULINGS

Class Plaintiffs request that the Court stay all class proceedings pending the outcome of the forthcoming appellate proceedings arising from this Court's recent *Daubert* and summary judgment Order. Alternatively, Class Plaintiffs request that the Court revise the schedule for class certification briefing in light of the current January 20, 2023 deadline to file class certification motions and expert reports.

I.    **INTRODUCTION**

Class Plaintiffs and Brand Defendants ***agree*** that briefing on class certification should not proceed at this time pending appeal of this Court's *Daubert* and summary judgment rulings [ECF 6120], but disagree on whether a stay of the class cases pending appeal should be entered (Plaintiffs' request) or judgment should be entered by agreement in the class cases on the individual class Plaintiffs' claims and class certification proceedings revised in the event of reversal (Defendants' request).

As further described below, the only path forward that meets all parties' objections, *i.e.*, the cessation of unnecessary and potentially wasted judicial and litigation efforts in the District Court while the appeals are considered by the Eleventh Circuit ***and*** the preservation of all parties'

rights is a stay.  Staying the class proceedings would alleviate unnecessary and potentially duplicative class certification briefing and decisions pending the outcome of the forthcoming appeal.  It would also preserve the existing *American Pipe* tolling on the putative class members' claims for class certification proceedings following the conclusion of the forthcoming appellate proceedings.  *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).  Conversely, if the pending class proceedings are dismissed prior to class certification, *American Pipe* tolling will cease for all class claims and putative class members would be compelled to file thousands, if not millions, of individual lawsuits to preserve tolling of their statutes of limitations prior to entry of such dismissals or judgments.  Given these alternatives, a stay is the path which preserves all parties' substantive rights (including the existing *American Pipe* tolling on the putative class members' claims) and which facilitates the orderly and efficient use of the parties' and the Court's resources. Accordingly, Plaintiffs respectfully request that this Court enter a stay of all class proceedings pending the Eleventh Circuit's decisions with respect to the forthcoming appeals.

Alternatively, in the event the Court declines to stay the class proceedings, Class Plaintiffs request that all deadlines for class certification proceedings under Pretrial Order #65 [ECF 4660] be extended by 90 days.

## II.    PROCEDURAL BACKGROUND

On November 15, 2021, the Court entered Pretrial Order #65, which amended the case management schedule and set new pretrial deadlines in this MDL.  *See* ECF 4660.  Among those deadlines was the deadline for Class Plaintiffs to file class certification motions and expert reports in support thereof, which Pretrial Order #65 directed be filed 45 days after the Court's *Daubert* ruling on general causation.  *See id.* at 3.

On December 6, 2022, the Court entered its *Daubert* ruling on general causation and, among other things, struck all of Plaintiffs' general causation experts and granted summary

judgment in favor of Defendants.  *See* ECF 6120.  MDL Plaintiffs intend to appeal the Court's rulings.

In the interim however, pursuant to Pretrial Order #65, the deadline for Class Plaintiffs to file their class certification motions is currently January 20, 2023.  However, the parties have conferred and ***agree*** that proceeding with class certification briefing and supporting experts now would be a waste of their and the Court's time and resources until the appeals are resolved.

While Class Plaintiffs are still evaluating their options going forward in light of the Court's lengthy rulings, it is clear that significant changes may need to be made to the class certification motions and to the class expert reports to address those rulings.  This is surely a time consuming and costly endeavor at this stage, and such efforts may be in vain or wasted pending the outcome of forthcoming appeals from the Court's general causation ruling.  Moreover, the Court's summary judgment ruling has also potentially caused several of the Court's other previously issued Orders to become appealable, and those appeals too would likely impact the pending class proceedings in yet to be determined ways.

A stay of these class proceedings pending the outcome of the forthcoming appeals would allow for the parties and the Court to preserve their respective resources and avoid the risk of divergent rulings brought about by piecemeal litigation.  Staying the class proceedings would also preserve the existing *American Pipe* tolling on the putative class members' claims for class certification proceedings following the conclusion of the forthcoming appellate proceedings.

## III.    ARGUMENT

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997).  "Indeed, '[t]he inherent discretionary authority of the district court to stay litigation pending the outcome of [a] related proceeding . . . is not questioned.'"  *Barnes v. CS Mktg. LLC*, 430 F. Supp. 3d 1309, 1311 (S.D.

Fla. 2020) (quoting *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982)). "Furthermore, in the 'interest of judicial economy' courts can 'order a stay of [a] proceeding pending the outcome of [an] appeal.'" *Id.* (quoting *Lozman v. City of Riviera Beach*, No. 08-80134-CIV-HURLEY, 2011 WL 13107422, at *4 (S.D. Fla. May 4, 2011)). The Court should exercise its discretion to stay these class proceedings pending the outcome of the upcoming appeals.

The Court's general causation rulings necessarily impact – but do ***not*** undermine – the path forward for Class Plaintiffs that seek to certify economic loss classes. For example, with general causation of the five designated cancers now called into question, Class Plaintiffs' economic loss claims that Brand Defendants' marketing and advertising of Zantac are deceptive may be narrowed or modified by this Court's recent rulings and the eventual appellate decision. Assuming Class Plaintiffs are able to move forward with a narrowed economic loss class motion premised, *e.g.*, solely upon an adulteration theory, without knowing the outcome of the appeal and, thus, the scope of surviving claims, the parties would be forced to expend time and resources pursuing and opposing certification briefing that could ultimately be rendered moot or may need to be substantially modified depending on the outcome of the forthcoming appeal.

Separately, the Court's general causation rulings with respect to the five designated cancers clearly impact the putative medical monitoring classes, including the standing analysis, class definitions, ascertainability of class members, and the scope of common claims and issues that may be certified. Absent reversal of the general causation *Daubert* ruling, Class Plaintiffs recognize that the Court's rulings likely undermine the availability of medical monitoring claims – and, thus, classes. But if certain of the negligence or other claims are revived post-appeal, the medical monitoring Class Plaintiffs will seek to file, renew, or amend any then-pending class

certification motions or seek to revisit any rulings on class certification of medical monitoring classes.

A critical issue supporting a stay of the pending class proceedings involves the existing *American Pipe* tolling on the putative class members' claims. Under *American Pipe*, the filing of the class complaints on behalf of putative class members tolled the applicable statutes of limitations on their claims pending the determination of class certification. 414 U.S. at 554. Staying the class proceedings would preserve the existing *American Pipe* tolling on the putative class members' claims for class certification proceedings following the conclusion of the forthcoming appellate proceedings. Conversely, dismissal of the pending class proceedings would cease the existing *American Pipe* tolling on the putative class members' claims, and millions of class members would be required to file individual lawsuits to preserve their claims pending the outcome of the appeals. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983) (*American Pipe* tolling protects putative class members who later seek to bring separate, individual lawsuits against a defendant, without having to intervene in the original action). *See also China Agritech, Inc. v. Resh*, __ U.S. __, 138 S. Ct. 1800 (2018) (the filing of a class action under Rule 23 does not toll the statute of limitations for putative class representatives who seek to file successive class actions). An influx of millions of additional cases to this MDL is neither efficient nor warranted. Thus, a decision to stay the class proceedings pending the outcome of the forthcoming appeals preserves the status quo with respect to existing *American Pipe* tolling on the putative class members' claims, and a decision not to stay the class proceedings and to dismiss them would result in the filing of a multiplicity of lawsuits, wasting the parties' and the judicial resources.

When conferring on this topic, Defendants suggested that Class Plaintiffs agree to a judgment on their claims so that all MDL claims would be on appeal. However, Plaintiffs cannot

do so.  First, an agreed judgment would result in the cessation of *American Pipe* tolling, potentially resulting in the elimination of thousands of class members' claims absent individual lawsuits. Second, while Class Plaintiffs agree that the Court's rulings may impact the contours of their classes or factual bases for their claims, the elements of many of their claims (*e.g.*, personal claims for negligence versus class claims for consumer fraud) are not co-extensive with the personal injury Plaintiffs.  Accordingly, Class Plaintiffs cannot stipulate to judgment.

One thing is clear.  Regardless of the outcome of the forthcoming appeals, it would be a substantial waste of the parties' and the Court's resources to move forward with class proceedings now.   Indeed, Class Plaintiffs anticipate significant expenses related to additional class certification expert costs on behalf of Class Plaintiffs – in addition to those already spent – to address and respond to the Court's rulings, along with substantial additional attorneys' fees (on both sides) if class certification motions and expert disclosures, reports, and depositions were to proceed at this time.  This would be particularly wasteful and inefficient because the outcome of the forthcoming appeals on general causation would potentially render moot or significantly alter much of the work to be done on class certification proceedings if they proceed under the current schedule, including the classes and claims to be certified.  This can all be avoided if the Court exercises its discretion to stay these proceedings.

Alternatively, in the event the Court declines to stay the class proceedings, Class Plaintiffs request that all deadlines for class certification proceedings under Pretrial Order #65 [ECF 4660] be extended by 90 days.  This additional time is necessary so that counsel can fully assess the impact of the Court's recent 341-page *Daubert* ruling on the class certification process and proceed with experts and class briefing.

## IV.     CONCLUSION

WHEREFORE, Class Plaintiffs respectfully request entry of an Order staying these class proceedings as they relate to the economic loss and medical monitoring classes pending the outcome of the forthcoming appellate proceedings arising from the *Daubert* and summary judgment Order.  Alternatively, in the event the Court declines to stay the class proceedings, Class Plaintiffs request that all deadlines for class certification proceedings under Pretrial Order #65 [ECF 4660] be extended by 90 days.

### Local Rule 7.1(a)(3) Certification

Pursuant to S.D. Fla. L.R. 7.1(a)(3), prior to filing this motion, undersigned counsel certify that they conferred with counsel for Defendants on December 20, 2022 in a good faith effort to resolve by agreement the issues to be raised in the motion.  Defendants have not yet determined their position and will respond within the time provided under the local rules.

DATED: December 23, 2022.

Respectfully submitted,

| | |
|---|---|
| */s/ Tracy A. Finken* | By: */s/ Robert C. Gilbert* |
| Tracy A. Finken | Robert C. Gilbert, FBN 561861 |
| Email: tfinken@anapolweiss.com | Email: gilbert@kolawyers.com |
| ANAPOL WEISS | KOPELOWITZ OSTROW FERGUSON |
| One Logan Square | WEISELBERG GILBERT |
| 130 North 18th Street, Suite 1600 | 2800 Ponce de Leon Boulevard, Suite 1100 |
| Philadelphia, PA 19103 | Coral Gables, FL 33134 |
| Tel: (215) 735-1130 | Tel: (305) 384-7270 |
| | |
| */s/ Michael L. McGlamry* | */s/ Adam Pulaski* |
| Michael L. McGlamry | Adam Pulaski |
| Email: efile@pmkm.com | Email: adam@pulaskilawfirm.com |
| POPE McGLAMRY, P.C. | PULASKI KHERKHER, PLLC |
| 3391 Peachtree Road NE, Suite 300 | 2925 Richmond Avenue, Suite 1725 |
| Atlanta, GA 30326 | Houston, TX 77098 |
| Tel: (404) 523-7706 | Tel: (713) 664-4555 |

*Plaintiffs' Co-Lead Counsel*

Rosemarie R. Bogdan
Email: Rosemarie.bogdan@1800law1010.com
MARTIN, HARDING & MAZZOTTI
1 Wall Street
Albany, NY 12205
Tel: (518) 862-1200

Elizabeth A. Fegan
Email: beth@feganscott.com
FEGAN SCOTT, LLC
1456 Sycamore Rd.
Yorkville, IL 60560
Tel: (312) 741-1019

Ashley Keller
Email: ack@kellerpostman.com
KELLER | POSTMAN
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (312) 741-5222

Roopal P. Luhana
Email: luhana@chaffinluhana.com
CHAFFIN LUHANA LLP
600 Third Avenue, 12th Floor
New York, NY 10016
Tel: (888) 480-1123

Ricardo M. Martinez-Cid, FBN 383988
Email: RMartinez-Cid@Podhurst.com
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Avenue, Suite 3200
Miami, FL 33130
Tel: (305) 358-2800

Melanie H. Muhlstock
Email: mmuhlstock@yourlawyer.com
PARKER WAICHMAN LLP
6 Harbor Park Drive
Port Washington, NY 11050
Tel: (516) 723-4629

Mark J. Dearman, FBN 0982407
Email: mdearman@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel: (561) 750-3000

Marlene J. Goldenberg
Email: mjgoldenberg@goldenberglaw.com
GOLDENBERG LAW, PLLC
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Tel: (855) 333-4662

Frederick S. Longer
Email: flonger@lfsblaw.com
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500

Francisco R. Maderal, FBN 0041481
Email: frank@maderalbyrne.com
MADERAL BYRNE PLLC
2800 Ponce de Leon Blvd., 11th Floor
Coral Gables, FL 33134
Tel: (305) 520-5690

Lauren S. Miller
Email: laurenm@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1914 4th Avenue North
Suite 320
Birmingham, AL 35203
Tel: (205) 533-4175

Daniel A. Nigh, FBN 30905
Email: dnigh@levinlaw.com
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (888) 435-7001

Carmen S. Scott
Email: cscott@motleyrice.com
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9160

Sarah N. Westcot, FBN 1018272
Email: swestcot@bursor.com
BURSOR & FISHER, P.A.
701 Brickell Ave., Suite 1420
Miami, FL 33131-2800
Tel: (305) 330-5512

Frank Woodson
Email: Frank.Woodson@BeasleyAllen.com
BEASLEY ALLEN LAW FIRM
234 Commerce St
Montgomery, AL 36103
Tel: (334) 269-2343

Paige Boldt
Email: pboldt@wattsguerra.com
WATTS GUERRA LLP
1815 Windsong Circle
Keller, TX 76248
Tel: (210) 447-1534

Adam W. Krause
Email: adam@krauseandkinsman.com
KRAUSE AND KINSMAN, LLC
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel: (816) 760-2700

Bradford B. Lear
Email: Lear@learwerts.com
LEAR WERTS LLP
103 Ripley Street
Columbia, MO 65203
Tel: (573) 875-1992

Mikal C. Watts
Email: mcwatts@wattsguerra.com
WATTS GUERRA LLP
4 Dominion Drive
Building 3, Suite 100
San Antonio, TX  78257
Tel: (800) 294-0055

Conlee S. Whiteley
Email: c.whiteley@kanner-law.com
KANNER & WHITELEY, L.L.C.
701 Camp Street
New Orleans, LA  70130
Tel: (504) 524-5777

Steven B. Rotman
Email: srotman@housfeld.com
HAUSFELD, LLP
One Marina Park Drive, Suite 1410
Boston, MA 02210
Tel: (617) 207-0602

Je Yon Jung
Email: Jeyon@mayjung.com
MAY JUNG, LLP
1100 W. Town & Country Road
Suite 1250
Orange, CA 92868
Tel: (818) 869-6476

Nicola Larmond-Harvey, FBN 0105312
Email: nicola@saunderslawyers.com
SAUNDERS & WALKER, P.A.
3491 Gandy Boulevard North, Suite 200
Pinellas Park, FL 33781
Tel: (727) 579-4500

*Plaintiffs' Steering Committee*

Brooke A. Achua
Email: brooke@feganscott.com
FEGAN SCOTT, LLC
140 Broadway, 46th Floor
New York, NY 10005
Tel: (646) 502-7910

Lea P. Bucciero
Email: lbucciero@podhurst.com
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Avenue, Suite 3200
Miami, FL 33130
Tel: (305) 358-2800

Marlo E. Fisher
Email: marlof@lpm-triallaw.com
Laminack, Pirtle & Martines
5020 Montrose Blvd., 9th Floor
Houston, TX 77006
Tel: (713) 292-2750

Noah Heinz
Email: noah.heinz@kellerpostman.com
KELLER | POSTMAN
1100 Vermont Avenue NW, Floor 12
Washington, DC 20005
Tel: (202) 918-1841

Caroline G. McGlamry
Email: carolinemcglamry@pmkm.com
POPE McGLAMRY, P.C.
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706

Laura K. Stemkowski
Email: lstemkowski@motleyrice.com
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9165

Harrison M. Biggs
Email: hbiggs@yourlawyer.com
PARKER WAICHMAN LLP
6 Harbor Park Drive
Port Washington, NY 11050
Tel: (516) 723-4633

Alexander C. Cohen
Email: acohen@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432
Tel: (561) 750-3000

Kendra Goldhirsch
Email: goldhirsch@chaffinluhana.com
CHAFFIN LUHANA LLP
600 Third Avenue, 12th Floor
New York, NY 10016
Tel: (888) 480-1123

Catelyn McDonough
Email: cmcdonough@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-1130

Madeline Pendley
Email: mpendley@levinlaw.com
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (850) 435-7003

Daniel E. Tropin
Email: tropin@kolawyers.com
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (954) 990-2216

*Plaintiffs' Leadership Development Committee*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 23, 2022, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all

counsel of record or parties registered to receive CM/ECF Electronic Filings.


<u>/s/ *Robert C. Gilbert*         </u>
Robert C. Gilbert

11