**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2924 20-MD-2924**<br><br>**JUDGE ROBIN L. ROSENBERG**<br>**MAGISTRATE JUDGE BRUCE E. REINHART** |

**THIS DOCUMENT RELATES TO: ALL ACTIONS**

**PLAINTIFFS' OPPOSITION TO BRAND**
**DEFENDANTS' MOTION FOR LEAVE TO SUBSTITUTE EXPERT WITNESS[1]**

Dr. Bumpus now works for a governmental agency. All agree she cannot and will not testify in this MDL. Her opinions are therefore inadmissible hearsay that, irrespective of her methodology, cannot be presented to the jury. Adhering to that basic rule of evidence without further delaying these proceedings does not harm Defendants in the slightest. As they tacitly admit, Dr. Bumpus's inadmissible opinions are facsimiles of opinions offered by many other defense experts, all of whom remain available to testify. There is thus no good cause for Defendants to substitute for Dr. Bumpus and leave this MDL saddled with months of further expert discovery. Defendants' motion should be denied.

## INTRODUCTION

Substitution of an expert requires "a compelling reason for a party to need to change a previously disclosed expert." (DE 5266). Although Dr. Bumpus's new position may have been unforeseen, that alone is not "a compelling reason" to authorize an elongated *Daubert* process.

Defendants retained Dr. Bumpus to proffer her opinion regarding the "potential endogenous formation of N-nitrosodimethylamine (NDMA) from ranitidine." Bumpus Report at 3. She confirmed the scope of her engagement during her deposition. Bumpus Deposition at

---

[1] This Motion is filed under seal pursuant to the Order at D.E. 5684.

19:22-20:2; 20:7-8 (offering an opinion "focused on inside the body potential for endogenous formation" and "not offering opinions on anything outside the body.")  And confirmed it yet again in her supplemental report, criticizing Emery Pharma and concluding that "the totality of the evidence demonstrates that NDMA is not formed from ranitidine in vivo under clinically relevant conditions."  Bumpus Second Supp. Report at 1.

While Plaintiffs and their experts debunk Defendants' position, Defendants have a surfeit of available-to-testify experts to support Dr. Bumpus's bottom line.  Six to be precise.   Dr. Porter says that ranitidine does not form NDMA endogenously.  Porter Report at 2-3.  Dr. Chodosh claims that ranitidine is not converted to NDMA in humans.  Chodosh Report at 67.  Dr. Guengerich (like Dr. Bumpus, a PhD chemist) concludes "there is no reliable or consistent evidence that ranitidine can endogenously form NDMA in the human body."  Guengerich Report at 155.  Dr. Lindsley (with the same credentials) opines that "reliable evidence does not support appreciable amounts of the carcinogenic metabolite of NDMA being generated from ranitidine." Lindsley Report at 5, 29, 32, 45, 51-58, 65, 67, 68, 69.  Lindsley Report at 52.  Dr. Terry concludes that "evidence suggests that diets higher in NDMA increase endogenous levels of NDMA, whereas ranitidine exposure does not."  Terry Report at 25-26, 105, 106.  And Dr. Witte opines: "If there exist potential human exposures via ranitidine, these may be at a much lower level or overshadowed by NDMA exposure from dietary or other sources (e.g., natural endogenous NDMA formation).  Witte Report at 28.

Defendants are represented by able counsel, who already planned for the contingency that an expert might prove unavailable to testify.  Six layers of redundancy is more than enough. Defendants have utterly failed to show good cause to prolong expert discovery by insisting on yet another expert to parrot Dr. Bumpus's opinion about endogenous formation.

Lest the Court have any doubts that a substitute expert would offer similar testimony,

Defendants themselves dispel them.  They concede that they "do not anticipate offering a substitute expert who offers opinions materially different than opinions previously offered by other experts . . . ." (Defs.' Mot. at 5.)

Though Defendants will suffer no harm when the Court denies the Motion, Plaintiffs will incur substantial prejudice if the Court grants it.  Reviewing, deposing, and having Plaintiffs' experts address a new report will take substantial time and consume significant resources.  So will any briefing and argument under Rule 702.  The Court's schedule will be thrown into disarray; the first MDL trial will be pushed.  Defendants cannot avoid this by making an end run around the Rules of Evidence.  Because Dr. Bumpus is not and will not be available to testify at trial, her opinions cannot be reduced to an admissible form.  There is no exception to the hearsay rule because a would-be witness accepted an attractive new job offer.  Dr. Bumpus's opinions must be excluded and cannot be used at any phase of this litigation.

## ARGUMENT AND CITATION OF AUTHORITY

### A.    Dr. Bumpus's opinions are inadmissible as to general causation issues.

Defendants repeatedly contend – without any supporting authority – that Dr. Bumpus's opinions should be admissible.  (Defs.' Mot. at 3, n.3, 5).  But inadmissible hearsay cannot be considered on a dispositive motion.  *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999) (quotation and citation omitted); *see also Dowlen v. Sec'y of Veterans Affs.*, 288 F. App'x 572, 578 (11th Cir. 2008).  Expert reports, of course, are inadmissible hearsay, and expert opinions are generally inadmissible unless the expert testifies at trial.  *See Diamond Resorts Int'l, Inc. v. Aaronson*, 378 F. Supp. 3d 1143, 1145 (M.D. Fla. 2019); *United States v. An Easement & Right-of-way Over 1.58 Acres of Land*, 343 F. Supp. 3d 1321, 1349 (N.D. Ga. 2018).  Defendants concede that Dr. Bumpus will not testify in any trial inside or outside of this MDL.  That is the

end of the matter, and her opinions cannot be considered to resolve any pending or future motions.

>    **B.** **Defendants cannot demonstrate good cause or a compelling reason to substitute a new expert to replace an expert whose opinions are cumulative and duplicative of other defense expert opinions.**

"A party seeking the extension of an already-expired scheduling order deadline must show both good cause and excusable neglect." *Leibel v. NCL (Bahamas) Ltd.,* 185 F. Supp. 3d 1354, 1356 (S.D. Fla. 2016) (quoting *Payne v. C.R. Bard, Inc.,* 606 Fed. Appx. 940, 943-44 (11th Cir. 2015).)   While Dr. Bumpus's unavailability to testify may have been unexpected, Defendants cannot demonstrate good cause under the totality of the circumstances because her opinions are duplicative.

 Dr. Bumpus has no unique opinions.  Rather, as noted *supra,* her opinions mirror those of six available defense experts.  Far from showing excusable neglect, Defendants' counsel should be commended for its foresight, creating six layers of redundancy that avoids any reason to further delay these proceedings.  This is decidedly not a situation in which a party's *only* expert as to a key topic has unexpectedly been rendered unavailable.  *Cf. Lincoln Nat. Life Ins. Co. v. Transamerica Fin. Life Ins. Co*., No. 1:04-CV-396, 2010 WL 3892860, at *2 (N.D. Ind. Sept. 30, 2010) (allowing substitution of new expert to replace plaintiff's only damages expert); *Jung v. Neschis*, No. 01 CIV. 6993 RMBTHK, 2007 WL 5256966, at *16-17 (S.D.N.Y. Oct. 23, 2007), *report and recommendation adopted* (Sept. 21, 2007) (permitting substitution of experts as to central issue of undue influence, conditioned on payment of opposing party's costs for prior witness depositions and motions).

>    **C.** **Permitting expert substitution at this late date would needlessly prejudice Plaintiffs and delay bellwether trials.**

In determining whether a party has met the standard to allow untimely substitution of an

expert witness, courts consider all pertinent circumstances, including the danger of prejudice to the nonmovant and the length of the delay and its potential impact on judicial proceedings. *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015).  Here, Defendants' proposed schedule – allowing 60 days from the Court's last ruling on the present Rule 702/ *Daubert* motions to disclose their "replacement" expert (whom, even if permitted, would be precluded from providing new opinions)[2] – would cause a backup that would prejudice Plaintiffs and derail this Court's carefully developed schedule. It would be five months before the Court could address the admissibility of that expert's proffered testimony.  The notion that this will not delay the Court's bellwether schedule, and bellwether Plaintiffs' access to expeditious justice, is a pipe dream.

Defendants' proposal is also transparently unfair.  If past is prologue, this Court will issue detailed, extensive, and well-reasoned orders explaining its *Daubert* decisions.  It is the height of unfairness to permit the Defendants, and Defendants alone, to read and digest those orders before submitting a new expert report that will surely navigate any identified pitfalls (and there are many) with Defendants' flawed methodologies.

The prejudice to Plaintiffs is compounded by the fact that they will be simultaneously directing their efforts on bellwether discovery, motions, and trial preparation for individual bellwether cases, including case specific expert work up and *Daubert* motions on case specific experts as well as class certification.  Turning to that important work while still unsure of the legal and factual landscape for general causation runs counter to the purpose of phasing these proceedings.

---

[2] *See Jones v. Barlow*, No. 2:19-CV-114-JES-NPM, 2021 WL 4819616, at *2 (M.D. Fla. Oct. 15, 2021) (citing *Kaepplinger v. Michelotti*, No. 17 CV 5847, 2021 WL 2633312, at *6-*7 (N.D. Ill. June 25, 2021) (collecting cases) for the rule that, when substitution is allowed, "courts generally restrict the substitute expert's testimony to the same subject matter as the original expert").

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should order that Dr. Bumpus's opinions are inadmissible as to general causation**,** and the Brand Defendants' motion for leave should be denied in its entirety.

DATED: August 3, 2022.

Respectfully submitted,

<table>
<tr>
<td>

*/s/ Tracy A. Finken*
Tracy A. Finken
Email: tfinken@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-1130

</td>
<td>

By: */s/ Robert C. Gilbert*
Robert C. Gilbert, FBN 561861
Email: gilbert@kolawyers.com
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (305) 384-7270

</td>
</tr>
<tr>
<td>

*/s/ Michael L. McGlamry*
Michael L. McGlamry
Email: efile@pmkm.com
POPE McGLAMRY, P.C.
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706

</td>
<td>

*/s/ Adam Pulaski*
Adam Pulaski
Email: adam@pulaskilawfirm.com
PULASKI KHERKHER, PLLC
2925 Richmond Avenue, Suite 1725
Houston, TX 77098
Tel: (713) 664-4555

</td>
</tr>
</table>

*Plaintiffs' Co-Lead Counsel*

<table>
<tr>
<td>

Rosemarie R. Bogdan
Email: Rosemarie.bogdan@1800law1010.com
MARTIN, HARDING & MAZZOTTI
1 Wall Street
Albany, NY 12205
Tel: (518) 862-1200

</td>
<td>

Mark J. Dearman, FBN 0982407
Email: mdearman@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Tel: (561) 750-3000

</td>
</tr>
<tr>
<td>

Elizabeth A. Fegan
Email: beth@feganscott.com
FEGAN SCOTT, LLC
1456 Sycamore Rd.
Yorkville, IL 60560
Tel: (312) 741-1019

</td>
<td>

Marlene J. Goldenberg
Email: mjgoldenberg@goldenberglaw.com
GOLDENBERG LAW, PLLC
800 LaSalle Avenue, Suite 2150
Minneapolis, MN  55402
Tel: (855) 333-4662

</td>
</tr>
</table>

Ashley Keller
Email: ack@kellerpostman.com
KELLER | POSTMAN
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (312) 741-5222

Roopal P. Luhana
Email: luhana@chaffinluhana.com
CHAFFIN LUHANA LLP
600 Third Avenue, 12th Floor
New York, NY 10016
Tel: (888) 480-1123

Ricardo M. Martinez-Cid, FBN 383988
Email: RMartinez-Cid@Podhurst.com
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Avenue, Suite 3200
Miami, FL 33130
Tel: (305) 358-2800

Melanie H. Muhlstock
Email: mmuhlstock@yourlawyer.com
PARKER WAICHMAN LLP
6 Harbor Park Drive
Port Washington, NY 11050
Tel: (516) 723-4629

Carmen S. Scott
Email: cscott@motleyrice.com
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9160

Frederick S. Longer
Email: flonger@lfsblaw.com
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500

Francisco R. Maderal, FBN 0041481
Email: frank@maderalbyrne.com
MADERAL BYRNE PLLC
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Tel: (305) 520-5690

Lauren S. Miller
Email: laurenm@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1914 4th Avenue North
Suite 320
Birmingham, AL 35203
Tel: (205) 533-4175

Daniel A. Nigh, FBN 30905
Email: dnigh@levinlaw.com
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (888) 435-7001

Mikal C. Watts
Email: mcwatts@wattsguerra.com
WATTS GUERRA LLP
4 Dominion Drive
Building 3, Suite 100
San Antonio, TX 78257
Tel: (800) 294-0055

Sarah N. Westcot, FBN 1018272
Email: swestcot@bursor.com
BURSOR & FISHER, P.A.
701 Brickell Ave., Suite 1420
Miami, FL 33131-2800
Tel: (305) 330-5512

Frank Woodson
Email: Frank.Woodson@BeasleyAllen.com
BEASLEY ALLEN LAW FIRM
234 Commerce St
Montgomery, AL 36103
Tel: (334) 269-2343

Paige Boldt
Email: pboldt@wattsguerra.com
WATTS GUERRA LLP
1815 Windsong Circle
Keller, TX 76248
Tel: (210) 447-1534

Adam W. Krause
Email: adam@krauseandkinsman.com
KRAUSE AND KINSMAN, LLC
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel: (816) 760-2700

Bradford B. Lear
Email: Lear@learwerts.com
LEAR WERTS LLP
103 Ripley Street
Columbia, MO 65203
Tel: (573) 875-1992

Conlee S. Whiteley
Email: c.whiteley@kanner-law.com
KANNER & WHITELEY, L.L.C.
701 Camp Street
New Orleans, LA  70130
Tel: (504) 524-5777

Steven B. Rotman
Email: srotman@housfeld.com
HAUSFELD, LLP
One Marina Park Drive, Suite 1410
Boston, MA 02210
Tel: (617) 207-0602

Je Yon Jung
Email: JJung@maylightfootlaw.com
MAY LIGHTFOOT PLLC
3200 Martin Luther King Jr. Avenue SE
Third Floor
Washington, DC 20032
Tel: (202) 506-3591

Nicola Larmond-Harvey, FBN 0105312
Email: nicola@saunderslawyers.com
SAUNDERS & WALKER, P.A.
3491 Gandy Boulevard North, Suite 200
Pinellas Park, FL 33781
Tel: (727) 579-4500

*Plaintiffs' Steering Committee*

Brooke Achua
Email: brooke@feganscott.com
FEGAN SCOTT, LLC
1456 Sycamore Rd., 46th Floor
Yorkville, IL 60560
Tel: (646) 502-7910

Harrison M. Biggs
Email: hbiggs@yourlawayer.com
PARKER WAICHMAN LLP
6 Harbor Park Drive
Port Washington, NY 11050
Tel: (516) 723-4633

Lea P. Bucciero
Email: lbucciero@podhurst.com
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Avenue, Suite 3200
Miami, FL 33130
Tel: (305) 358-2800

Marlo E. Fisher
Email: marlof@lpm-triallaw.com
Laminack, Pirtle & Martines
5020 Montrose Blvd., 9th Floor
Houston, TX 77006
Tel: (713) 292-2750

Noah Heinz
Email: noah.heinz@kellerpostman.com
KELLER | POSTMAN
1100 Vermont Avenue NW, Floor 12
Washington, DC 20005
Tel: (202) 918-1841

Caroline G. McGlamry
Email: carolinemcglamry@pmkm.com
POPE McGLAMRY, P.C.
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706

Laura K. Stemkowski
Email: lstemkowski@motleyrice.com
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9165

Alexander C. Cohen
Email: acohen@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432
Tel: (561) 750-3000

Kendra Goldhirsch
Email: goldhirsch@chaffinluhana.com
CHAFFIN LUHANA LLP
600 Third Avenue, 12th Floor
New York, NY 10016
Tel: (888) 480-1123

Catelyn McDonough
Email: cmcdonough@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-1130

Madeline Pendley
Email: mpendley@levinlaw.com
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (850) 435-7003

Daniel E. Tropin
Email: tropin@kolawyers.com
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (954) 990-2216

*Plaintiffs' Leadership Development Committee*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 3, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

/s/ *Robert C. Gilbert*
Robert C. Gilbert

## Motion to Seal/Sealed and Exparte Filings:

9:20-md-02924-RLR IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION

### U.S. District Court

### Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered by Gilbert, Robert on 8/3/2022 at 4:55 PM EDT and filed on 8/3/2022

**Case Name:**          IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION
**Case Number:**        9:20-md-02924-RLR
**Filer:**              Zantac (Ranitidine) Products Liability Litigation
**Document Number:** 5920

**Docket Text:**
**Plaintiff's SEALED MOTION *Plaintiffs' Opposition to Brand Defendants' Motion for Leave to Substitute Expert Witness* by Zantac (Ranitidine) Products Liability Litigation. (Gilbert, Robert)**

**9:20-md-02924-RLR** No electronic public notice will be sent because the case/entry is sealed.

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1105629215 [Date=8/3/2022] [FileNumber=22436128-0
] [8d67e6704295dbeec986f03a9ab3479933a6bbaaa8ea326e10350d17c210b72cbb7
37b529d671d97c46b8b3ab29544f0cbfa180683f754cb3021078d2042331b]]