UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

THIS DOCUMENT RELATES TO: ALL ACTIONS

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF DR. ROBERT GIBBONS[1]

Defendants' expert, Robert D. Gibbons, Ph.D., should not be permitted to opine on the matters set forth in his improper rebuttal report because he employs an unsound methodology that will be unhelpful to the trier of fact. Dr. Gibbons was hired by the Brand Defendants to critique Dr. Davis' analysis of two data sets based on testing conducted by Dr. Ron Najafi of Emery Pharma – baseline testing and Sun, Shade, Shower (SSS) and Zones test. Najafi's baseline NDMA testing demonstrates the amount of NDMA present in the pills upon initially opening the bottle. The Sun, Shade, Shower (SSS) and Zones NDMA testing demonstrates the amount of NDMA that was found in the pills after they were subjected to heat and humidity conditions, similar to those encountered from a pill bottle in a car in the sun or shade, from a pill bottle in the medicine cabinet of a bathroom, or from a pill bottle in climatic zones across the United States.

At his deposition, Dr. Gibbons testified that he had no idea how or why Emery Pharma's testing was designed, what its purpose was, or what standards ought to be applied to it. Ignorance of the testing he seeks to critique is hardly a sound methodology, which renders his conclusions -- that 1) "the sample sizes were too small for any meaningful statistical analysis" (Opp. at 1) and 2) Dr. Davis failed to make appropriate statistical adjustments -- completely unreliable. Nonetheless, Defendants argue that their own experts' ignorance justifies his opinion – Dr. Gibbons does not understand the experiments because the experiments do not make sense. But this reasoning is circular and unpersuasive. In contrast, Dr. Davis fully understood Dr. Najafi's

---

[1] This Motion is filed under seal pursuant to the Order at D.E. 5684.

experiment design and purpose, even though he had nothing to do with it other than analyzing the data as a neutral third-party. Dr. Gibbons' other criticisms of Dr. Davis impose unrealistically strict standards not recognized for studies of this sort, nor in the FDA's own testing for NDMA, and his own alternative statistical experiment does not support his conclusions, rendering it completely unhelpful to the trier of fact.

Therefore, Plaintiffs hereby move to exclude Dr. Gibbons' entire opinion.

## ARGUMENT

**I.     Dr. Gibbons cannot provide reliable criticisms of an experiment he misunderstands.**

Dr. Gibbons' testimony confirms a fundamental misunderstanding of the Emery Pharma experiments. Speaking from a position of admitted ignorance, his criticisms of the studies are unfounded, speculative, and plainly unreliable. Defendants claim Dr. Gibbons' confusion works in his favor and supports his opinion that the studies were poorly designed and reliable statistical inferences cannot be drawn from the data (*see* Defs. Opp., p. 8), but that argument is unfounded too.

Despite his repeated contention that the sample size was too small for a valid statistical analysis, Dr. Gibbons did not know how many samples were tested by Emery. *See* Ex. 31 Gibbons Dep. 57:08–22, 58:25–59:14, 187:04–25 (objections omitted). Dr. Gibbons did not understand the nature of Gas Chromatography-Mass Spectrometry (GC/MS) testing performed by Emery Pharma, which destroys each individual pill in the course of testing the product, making it is impossible to repeatedly run the same pill through various cycles. While Dr. Gibbons critiques Dr. Davis' statistical analysis as invalid because the sample sizes are "too small," every test result reflects its own unique sample. Dr. Gibbon's mistaken criticism that the sampling was too small (when the contrary is true) reveals his fundamental misunderstanding of the testing.

Beyond exhibiting a clear misunderstanding of the testing conducted in this case, Dr. Gibbons admitted this is his first effort to conduct any statistical analysis of drug testing.[2] His inexperience becomes obvious as his critique of the design of Emery's testing and Dr. Davis' statistical analysis of the resulting data reflects his lack of knowledge. Dr. Gibbons criticizes the data Dr. Davis analyzes despite his ignorance of how it was collected and how Emery's tests, which sourced the data Dr. Davis then analyzed, were designed. Dr. Gibbons characterizes Emery Pharma's testing

---

[2] *See* Ex. 31 Gibbons Dep. 194:25–195:2 ("Q. Have you ever done statistical analyses on pill testing before this case? A. I can't recall.").

as "poorly designed," but that is hardly the foundation of reliable expert opinion. *See* Ex. 31 Gibbons Dep. 37:11–39:04; 39:15–39:23 (emphasis added) (objections omitted).[3] Instead, this is exactly the type of expert opinion *Daubert* is designed to keep from confusing the trier of fact. *See Soldo v. Sandoz Pharmaceuticals Corp.*, 244 F. Supp. 2d 434, 527 (W.D. Pa. 2003). Therefore, the opinions in Dr. Gibbons' expert report should be excluded in their entirety.

Dr. Gibbons clearly misunderstands Dr. Najafi's testing and Dr. Davis' analyses, which is why his criticisms of the resulting data and Dr. Davis' analyses thereof are completely unreliable and should be excluded. Notably, Defendants do not contest Dr. Gibbons' confusion over Dr. Najafi's testing and Dr. Davis' analysis. Instead, Defendants' claim Dr. Gibbons' misunderstanding of the data supports his self-serving opinions, but this is exactly the type of improper rebuttal testimony that *Daubert* and its progeny seek to prevent reaching the jury. Dr. Gibbons' improper opinions should be stricken in their entirety.

## II. Dr. Gibbons imposes standards beyond what is generally accepted in statistics.

Dr. Gibbons also criticizes Dr. Davis' statistical analysis because a power calculation was not performed before testing, and pills were not randomly selected for testing. *See* Ex. 31 Gibbons Rep. ¶ 55, 7. But this again demonstrates Dr. Gibbons' unfamiliarity with pill testing and shows he is not reliably opining on Dr. Davis' methodology. For pill testing experiments, a power calculation is not commonly set up beforehand to establish how many pills need to be tested, nor to extrapolate results to population. *See* Ex. 28 Davis Dep. 295:18–297:04. In fact, when the FDA tested pills and reported the results, the FDA did not perform a power calculation before testing to determine how many pills needed to be tested to extrapolate the results to all ranitidine pills on the market. *See* FDA Statement, Nov. 1, 2019, *supra*. In addition, the FDA did not randomly select pills before testing ranitidine for NDMA. *See id*. There is no support for Dr. Gibbons' contention that these statistical methods—which are not used even by governing regulatory authorities— should have been employed in this case. That opinion should be excluded.

---

[3] By contrast, in his deposition, Dr. Davis understood and was able to articulate the purpose of Emery's testing. *See* Ex. 28 Davis Dep. 80:13–20 ("Q. Okay. All right. What's your understanding of the purpose of measuring the NDMA in the samples of Zantac tablets? A. There were two purposes. And one relates to the baseline data. And that's – the general question was, are there factors associated with the baseline level of NDMA. That was that purpose.").

### III.  Dr. Gibbons' randomized simulation is completely unhelpful to the trier of fact.

Dr. Gibbons' own randomization experiment does not support his opinions that the number of statistically significant findings in Dr. Davis' analyses could have been due to chance. In assessing the Summary Statistics for Baseline Average NDMA Level by Factor, in Appendix 3 of Dr. Davis' report, Dr. Gibbons admitted that eight of the twelve ANOVA p-value tests were found to be statistically significant. *See* Ex. 31 Gibbons Dep. 141:12–21. However, in Gibbons' randomized experiment, Dr. Gibbons ran 1,000 simulations and none of Dr. Gibbons' experiments had five or more statistically significant results. *Id*. at 141:22–142:10. Therefore, the chances that eight factors had statistically significant results would be extremely low.

In addition, Dr. Gibbons' randomized experiment was flawed. Dr. Gibbons made conclusory statements regarding adjustments he believed should be made for "confounding" factors in Dr. Davis' analysis, but instead of repeating the same type of analysis and performing the adjustment he claims should have been made, he randomized the factors and conducted an entirely different simulation. *Id*. at 128:01–130:18. Incredibly, Dr. Gibbons did not adjust for confounding in his own randomized simulation. *Id*. at 128:16–129:11. As a result, the simulation conducted by Dr. Gibbons, designed essentially to find fault with Dr. Davis' methodology, was an entirely different experiment with no bearing on the results Dr. Davis reported. *Id*. at 130:03–131:05. Dr. Gibbons acknowledged that he could have conducted his randomized experiment differently to better analyze whether the various factors resulted in an increased risk of NDMA forming but did not.[4] Dr. Gibbons' methodology is flawed because he ran a simulation that was entirely different from the data Dr. Davis analyzed. Dr. Gibbons designed a randomized experiment that was flawed, and

---

[4]    Q.    In your simulation, you could run a program that, rather than assigning the value per each and breaking up each individual factor, you could have assigned the value randomly of the 254 products that were tested, the NDMA that was given for the average NDMA, and you could've randomized that over the 254 and you could've done 1000 simulations of that to see how many were statistically significant. How is that more difficulty (*sic*)?
       A.    So, as I indicated before, what I wanted to do was to create the most conservative case. I could've done that. My guess is it would have produced even more significant results by chance alone.
       Q.    But that's a guess because you didn't do it, right?
       A.    That's correct...
*Id.* at 132:04–23 (objections omitted) (emphasis added).

the results do not even match his opinions. Therefore, his criticisms regarding Dr. Davis' analyses of Emery Pharma's baseline testing results should be excluded.

## CONCLUSION

Dr. Gibbons' opinions are unreliable pursuant to *Daubert*, because he lacks the practical experience and a basic understanding of the science involved in this case. This resulted in many methodological errors in Dr. Gibbons' report, including requiring standards that do not exist for pill testing and misinterpreting the experiment he criticizes. For these reasons, this Court should exclude his opinions.

Dated: September 14, 2022                                         Respectfully submitted,

/s/ Tracy A. Finken
Tracy A. Finken
Email: tfinken@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-1130

By: /s/ Robert C. Gilbert
Robert C. Gilbert, FBN 561861
Email: gilbert@kolawyers.com
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (305) 384-7270

/s/ Michael L. McGlamry
Michael L. McGlamry
Email: efile@pmkm.com
POPE McGLAMRY, P.C.
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706

/s/ Adam Pulaski
Adam Pulaski
Email: adam@pulaskilawfirm.com
PULASKI KHERKHER, PLLC
2925 Richmond Avenue, Suite 1725
Houston, TX 77098
Tel: (713) 664-4555

*Plaintiffs' Co-Lead Counsel*

Rosemarie R. Bogdan
Email: Rosemarie.bogdan@1800law1010.com
MARTIN, HARDING & MAZZOTTI
1 Wall Street
Albany, NY 12205
Tel: (518) 862-1200

Mark J. Dearman, FBN 0982407
Email: mdearman@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel: (561) 750-3000

Elizabeth A. Fegan
Email: beth@feganscott.com

Marlene J. Goldenberg
Email: mjgoldenberg@goldenberglaw.com

FEGAN SCOTT, LLC
1456 Sycamore Rd.
Yorkville, IL 60560
Tel: (312) 741-1019

Ashley Keller
Email: ack@kellerpostman.com
KELLER | POSTMAN
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (312) 741-5222

Roopal P. Luhana
Email: luhana@chaffinluhana.com
CHAFFIN LUHANA LLP
600 Third Avenue, 12th Floor
New York, NY 10016
Tel: (888) 480-1123

Ricardo M. Martinez-Cid, FBN 383988
Email: RMartinez-Cid@Podhurst.com
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Avenue, Suite 3200
Miami, FL 33130
Tel: (305) 358-2800

Melanie H. Muhlstock
Email: mmuhlstock@yourlawyer.com
PARKER WAICHMAN LLP
6 Harbor Park Drive
Port Washington, NY 11050
Tel: (516) 723-4629

Carmen S. Scott
Email: cscott@motleyrice.com
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

GOLDENBERG LAW, PLLC
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Tel: (855) 333-4662

Frederick S. Longer
Email: flonger@lfsblaw.com
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500

Francisco R. Maderal, FBN 0041481
Email: frank@maderalbyrne.com
MADERAL BYRNE PLLC
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Tel: (305) 520-5690

Lauren S. Miller
Email: laurenm@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1914 4th Avenue North
Suite 320
Birmingham, AL 35203
Tel: (205) 533-4175

Daniel A. Nigh, FBN 30905
Email: dnigh@levinlaw.com
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (888) 435-7001

Mikal C. Watts
Email: mcwatts@wattsguerra.com
WATTS GUERRA LLP
4 Dominion Drive
Building 3, Suite 100

| | |
|---|---|
| Tel: (843) 216-9160 | San Antonio, TX 78257<br>Tel: (800) 294-0055 |
| Sarah N. Westcot, FBN 1018272<br>Email: swestcot@bursor.com<br>BURSOR & FISHER, P.A.<br>701 Brickell Ave., Suite 1420<br>Miami, FL 33131-2800<br>Tel: (305) 330-5512 | Conlee S. Whiteley<br>Email: c.whiteley@kanner-law.com<br>KANNER & WHITELEY, L.L.C.<br>701 Camp Street<br>New Orleans, LA 70130<br>Tel: (504) 524-5777 |
| Frank Woodson<br>Email: Frank.Woodson@BeasleyAllen.com<br>BEASLEY ALLEN LAW FIRM<br>234 Commerce St<br>Montgomery, AL 36103<br>Tel: (334) 269-2343 | Steven B. Rotman<br>Email: srotman@housfeld.com<br>HAUSFELD, LLP<br>One Marina Park Drive, Suite 1410<br>Boston, MA 02210<br>Tel: (617) 207-0602 |
| Paige Boldt<br>Email: pboldt@wattsguerra.com<br>WATTS GUERRA LLP<br>1815 Windsong Circle<br>Keller, TX 76248<br>Tel: (210) 447-1534 | Je Yon Jung<br>Email: JJung@maylightfootlaw.com<br>MAY LIGHTFOOT PLLC<br>3200 Martin Luther King Jr. Avenue SE<br>Third Floor<br>Washington, DC 20032<br>Tel: (202) 506-3591 |
| Adam W. Krause<br>Email: adam@krauseandkinsman.com<br>KRAUSE AND KINSMAN, LLC<br>4717 Grand Avenue, Suite 300<br>Kansas City, MO 64112<br>Tel: (816) 760-2700 | Nicola Larmond-Harvey, FBN 0105312<br>Email: nicola@saunderslawyers.com<br>SAUNDERS & WALKER, P.A.<br>3491 Gandy Boulevard North, Suite 200<br>Pinellas Park, FL 33781<br>Tel: (727) 579-4500 |
| Bradford B. Lear<br>Email: Lear@learwerts.com<br>LEAR WERTS LLP<br>103 Ripley Street<br>Columbia, MO 65203<br>Tel: (573) 875-1992 | |

*Plaintiffs' Steering Committee*

| | |
|---|---|
| Brooke Achua<br>Email: brooke@feganscott.com<br>FEGAN SCOTT, LLC | Harrison M. Biggs<br>Email: hbiggs@yourlawayer.com<br>PARKER WAICHMAN LLP |

1456 Sycamore Rd., 46th Floor
Yorkville, IL 60560
Tel: (646) 502-7910

Lea P. Bucciero
Email: lbucciero@podhurst.com
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Avenue, Suite 3200
Miami, FL 33130
Tel: (305) 358-2800

Marlo E. Fisher
Email: marlo@pulaskilawfirm.com
PULASKI KHERKHER, PLLC
2925 Richmond Avenue, Suite 1725
Houston, TX 77098
Tel: (713) 664-4555

Noah Heinz
Email: noah.heinz@kellerpostman.com
KELLER | POSTMAN
1100 Vermont Avenue NW, Floor 12
Washington, DC 20005
Tel: (202) 918-1841


Caroline G. McGlamry
Email: carolinemcglamry@pmkm.com
POPE McGLAMRY, P.C.
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706


Laura K. Stemkowski
Email: lstemkowski@motleyrice.com
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9165

6 Harbor Park Drive
Port Washington, NY 11050
Tel: (516) 723-4633

Alexander C. Cohen
Email: acohen@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432
Tel: (561) 750-3000

Kendra Goldhirsch
Email: goldhirsch@chaffinluhana.com
CHAFFIN LUHANA LLP
600 Third Avenue, 12th Floor
New York, NY 10016
Tel: (888) 480-1123

Catelyn McDonough
Email: cmcdonough@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-1130

Madeline Pendley
Email: mpendley@levinlaw.com
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (850) 435-7003

Daniel E. Tropin
Email: tropin@kolawyers.com
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (954) 990-2216


*Plaintiffs' Leadership Development Committee*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

*/s/ Robert C. Gilbert*
Robert C. Gilbert

**Motion to Seal/Sealed and Exparte Filings:**

9:20-md-02924-RLR IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION

U.S. District Court

Southern District of Florida

### Notice of Electronic Filing

The following transaction was entered by Gilbert, Robert on 9/14/2022 at 9:12 PM EDT and filed on 9/14/2022

**Case Name:** IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION
**Case Number:** 9:20-md-02924-RLR
**Filer:** Zantac (Ranitidine) Products Liability Litigation
**Document Number:** 6009

**Docket Text:**
**Sealed Document** *Plaintiffs' Reply in Support of Motion to Exclude Testimony of Dr. Robert Gibbons* **by Zantac (Ranitidine) Products Liability Litigation. (Gilbert, Robert)**

**9:20-md-02924-RLR No electronic public notice will be sent because the case/entry is sealed.**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1105629215 [Date=9/14/2022] [FileNumber=22556784-0] [75481c8f90fa8024a65d6eec5931974508a4e5340c498f3747d40d17731962cacb 74e2cd6dcaaad6409d6fb13c3c96a74141b2dff398050cd514512d482f60d9]]