UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

THIS DOCUMENT RELATES TO: ALL CASES

### REPLY IN SUPPORT OF MDL PLAINTIFFS' LEADERSHIP'S MOTION TO PERMIT MULTI-PLAINTIFF COMPLAINTS FOR REGISTRY CLAIMANTS WHO ARE CERTIFIED FEDERAL PARTICIPANTS OR, IN THE ALTERNATIVE, TO EXTEND THE REGISTRY PENDING FINAL RESOLUTION OF APPEAL

In their response, DE 6151, Defendants provide absolutely no reason why requiring the drafting, editing, filing, serving, and docketing of 50,000 single-plaintiff complaints at this phase of the litigation is necessary, would be fair and equitable, would promote efficient resolution of these claims, and would not create truly herculean amounts of unnecessary work for litigants, their attorneys, legions of process servers, and the court system. Similarly, Defendants identify no procedural or substantive problems—not one—that would arise if claimants are permitted to file multi-plaintiff complaints.

Rather, Defendants' opposition makes their strategy crystal clear: to avoid the effects of a possible reversal in the Eleventh Circuit. In light of this Court's *Daubert* rulings, Defendants are hoping that the attorneys "for each Registry Claimant" will not collectively risk tens of millions of dollars in filing fees and incur even more costs in preparing tens of thousands of individual complaints for filing—and then even more in effecting individual service on the various

Defendants. DE 6151 at 4. Defendants ask this Court to impose that cost in hopes of making the practical effects of appellate reversal the same as the effects of affirmance: If claimants are pressured not to individually file in light of the onerous filing fees, their statute of limitations will expire by the time of Eleventh Circuit review, giving Defendants a practical victory even if they are defeated on appeal. There is simply no reason to require this MDL to proceed in this kind of heads-defendants-win, tails-plaintiffs-lose posture.[1] The Court should reject Defendants' arguments and grant MDL Plaintiffs' motion.

## ARGUMENT

Instead of providing any reason why single-plaintiff complaints are truly necessary here—or even marginally beneficial—Defendants dedicate their opposition to attacking strawmen.

*First*, Defendants point out that PTO 15 makes clear that "***[a]s of the date the Registry expires, Claimants shall elect whether to file their claims***." DE 6151 at 3 (quoting DE 547 at 15) (emphasis in original). Despite Defendants' aggressive use of emphasis, however, the quoted language is silent on the issue of whether this Court should permit multi-plaintiff complaints. MDL Plaintiffs agree that PTO 15 requires claimants to "elect whether to file their claims." DE 547 at 15. But a claimant can "elect whether to file a claim" on a complaint with other plaintiffs making the same election—*i.e.*, on a multi-plaintiff complaint. And the bolded-and-italicized language quoted by Defendants does not demonstrate that the PTO was intended to require claimants to file their complaints in a manner that is entirely inefficient and unnecessary at this

---

[1] This Court took an unprecedented initiative to establish this Registry, and the Parties have each spent millions of dollars and thousands of hours trying to make it workable, efficient, and fair. To ensure that future registries are practical—and that future claimants are willing to join them and that their counsel are able to recommend them—relief is needed here to avoid a situation where future claimants are worried that by not filing a lawsuit and joining a registry, they might ultimately prejudice their rights, including the ability to appeal orders from the district court. Plaintiffs' Leadership urges the Court not to let this happen.

stage of the litigation.[2]

*Second*, Defendants highlight MDL Plaintiffs' prior argument that cases in the MDL "are not part of one monolithic action" and are rather "individual actions that retain their separate identities." DE 6151 at 1 (quoting DE 3863 at 2). MDL Plaintiffs stand by that prior argument as well as this Court's decision vindicating it. But again, that says nothing about whether claimants should be required to file on single-plaintiff or multi-plaintiff complaints. If these claims are filed as single-plaintiff complaints, they will remain "individual actions that retain their separate identities." DE 3863 at 2. If these claims are filed as multi-plaintiff complaints, they will *still* remain "individual actions that retain their separate identities" apart from the *other* filed cases in the MDL. *Id.* Each complaint—with two, three, or a hundred parties—is an individual action, and *consolidation* for pretrial purposes does not *merge* these separate actions into "one monolithic action" the size of the entire MDL. *Id.* To the extent the Court later determines that single-plaintiff complaints are again appropriate at some later point in the litigation—*e.g.*, if the Eleventh Circuit reverses on *Daubert*—the Court can sever claims *sua sponte* and require the plaintiffs to proceed in individual actions. *See* Fed. R. Civ. P. 21 ("[O]n its own, the court may . . . sever any claim against a party.").

*Third*, Defendants say that they are "certain" that "no individual [claimant] would be required to make any payments" of filing fees, because "counsel for each Registry Claimant would advance the filing fees." DE 6151 at 4. To begin with, Defendants should not express "certain[ty]"

---

[2] PTO 31 requires the filing of individual complaints. DE 1496 at 5. There are multiple examples in this litigation where PTOs were amended, supplemented, superseded, or countermanded to reflect changes in circumstances, and to address the changing needs of this litigation. That is why MDL Plaintiffs are asking this Court for the relief sought in this motion. But it in no way demonstrates that PTO 15's filing-election provision somehow requires the expenditure of tens of millions in filing fees and the creation of tens of thousands of PACER entries.

over factual questions about which they have no knowledge. *Id*. Moreover, these fees *would* in many cases likely be borne by "individual [claimants]" as a deduction from their recoveries. *Id.* Finally, requiring plaintiffs' lawyers to advance these fees in no way makes that requirement more equitable, efficient, or necessary. Instead, Defendants are hoping that the pressure of fees will lead to some—perhaps many—claimants declining to file at all. In light of the often-lengthy timeline for appeals, and this Court's interpretation of the "tolling" provisions in prior PTOs, that means that such claimants would practically have no prospect of recovery (unless this relief is granted) *even if* MDL Plaintiffs' experts are eventually permitted to testify as to general causation. This situation represents a grave inequity regardless of who Defendants believe would initially front filing fees.

*Fourth*, Defendants entirely dismiss concerns about the "'burdens' faced by the Clerk's office in processing the individual complaints." DE 6151 at 4 (quoting DE 6133 at 3). In their view, "matters of coordination and logistics can separately be discussed with the parties, the Court, and the Court's staff to alleviate those concerns." *Id.* It is unclear what Defendants mean by this statement. If this relief is not granted, the Clerk's office would potentially be faced with tens of thousands of individual complaints, each of which would need to be individually docketed and managed. If Defendants are simply suggesting—by their allusion to "matters of coordination and logistics"—that the Clerk's office could docket on a slightly longer timeline, that is unresponsive to the fact that the onerous, unnecessary docketing and management would still ultimately occur. If Defendants are instead suggesting that "matters of coordination and logistics" would entail allowing the Clerk's office *not* to docket these complaints, then Defendants are in fact admitting there is no reason—aside from a punitive desire to require payment of filing fees—to require single-plaintiff complaints. Defendants would be suggesting that the complaints be treated as

4

single-plaintiff complaints for purposes of filing fees but for no other purpose.

*Fifth*, Defendants point out that this Court's previous statements about avoiding unnecessary filing fees was made in the context of "excessive *appellate* filing fees." DE 6151 at 5 (citing DE 4595 at 37). That is a distinction without a difference. Unnecessary fees are unnecessary fees, regardless of whether they are paid to the Eleventh Circuit or the Southern District of Florida. If these efficiency concerns are valid for the appellate court—a point which Defendants seem to concede—they are equally valid for this court as well. *See* DE 6151 at 5 n. 2 (stating that "Defendants take no issue with" a procedure that would "avoid significant *appellate* filing fees") (emphasis in original). In the end, the same logic controls. In its previous Order, the Court made clear that it "stands ready to issue any order that the Plaintiffs may identify as a valid option to reduce or eliminate filing fees" to facilitate appeals. DE 4595 at 37. The relief requested here remains just such an option despite the fact that the "filing fees" at issue would be paid in the District Court rather than the Eleventh Circuit—the main purpose is still to facilitate a meaningful appeal. The federal judiciary exists to mete out justice for litigants, not to collect filing fees for the "countless hours on these cases since this MDL was created in February 2020." DE 6151 at 4.

*Finally*, to the extent the Court denies the request for multi-plaintiff complaints, the Court should extend the Registry until the Eleventh Circuit has decided MDL Plaintiffs' forthcoming appeal of the Court's *Daubert* order. Designated cancer victims deserve a chance to appeal the Court's *Daubert* order and proceed on their claims if that appeal is successful. If the Court is unwilling to allow multi-plaintiff complaints, it should fashion alternative relief, *e.g.*, extending the Registry, to allow the 50,000-plus claimants to await the outcome of the forthcoming appellate review of this Court's order.

## CONCLUSION

MDL Plaintiffs' Leadership respectfully request that the Court modify Amended PTO #31 to authorize the filing of multi-plaintiff complaints by Registry Claimants who are Certified Federal Participants and have not yet filed cases, or, in the alternative, extend the date for the close of the Registry until the resolution of the forthcoming appeal of the Court's *Daubert* order.

DATED: January 3, 2023

Dated: January 3, 2023                                    Respectfully submitted,

/s/ Tracy A. Finken                                       By: /s/ Robert C. Gilbert
Tracy A. Finken                                           Robert C. Gilbert, FBN 561861
Email: tfinken@anapolweiss.com                            Email: gilbert@kolawyers.com
ANAPOL WEISS                                              KOPELOWITZ OSTROW FERGUSON
One Logan Square                                          WEISELBERG GILBERT
130 North 18th Street, Suite 1600                         2800 Ponce de Leon Boulevard, Suite 1100
Philadelphia, PA 19103                                    Coral Gables, FL 33134
Tel: (215) 735-1130                                       Tel: (305) 384-7270


/s/ Michael L. McGlamry                                   /s/ Adam Pulaski
Michael L. McGlamry                                       Adam Pulaski
Email: efile@pmkm.com                                     Email: adam@pulaskilawfirm.com
POPE McGLAMRY, P.C.                                       PULASKI KHERKHER, PLLC
3391 Peachtree Road NE, Suite 300                         2925 Richmond Avenue, Suite 1725
Atlanta, GA 30326                                         Houston, TX 77098
Tel: (404) 523-7706                                       Tel: (713) 664-4555

*Plaintiffs' Co-Lead Counsel*


Rosemarie R. Bogdan                                       Mark J. Dearman, FBN 0982407
Email: Rosemarie.bogdan@1800law1010.com                   Email: mdearman@rgrdlaw.com
MARTIN, HARDING & MAZZOTTI                                ROBBINS GELLER RUDMAN & DOWD
1 Wall Street                                             120 East Palmetto Park Road, Suite 500
Albany, NY 12205                                          Boca Raton, FL 33432
Tel: (518) 862-1200                                       Tel: (561) 750-3000


Elizabeth A. Fegan                                        Marlene J. Goldenberg
Email: beth@feganscott.com                                Email: mjgoldenberg@goldenberglaw.com
FEGAN SCOTT, LLC                                          GOLDENBERG LAW, PLLC
1456 Sycamore Rd.                                         800 LaSalle Avenue, Suite 2150
Yorkville, IL 60560                                       Minneapolis, MN 55402
Tel: (312) 741-1019                                       Tel: (855) 333-4662

Ashley Keller
Email: ack@kellerpostman.com
KELLER | POSTMAN
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL  33134
Tel: (312) 741-5222

Frederick S. Longer
Email: flonger@lfsblaw.com
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500

Roopal P. Luhana
Email: luhana@chaffinluhana.com
CHAFFIN LUHANA LLP
600 Third Avenue, 12th Floor
New York, NY  10016
Tel: (888) 480-1123

Francisco R. Maderal, FBN 0041481
Email: frank@maderalbyrne.com
MADERAL BYRNE PLLC
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Tel: (305) 520-5690

Ricardo M. Martinez-Cid, FBN 383988
Email: RMartinez-Cid@Podhurst.com
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Avenue, Suite 3200
Miami, FL 33130
Tel: (305) 358-2800

Lauren S. Miller
Email: laurenm@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1914 4th Avenue North
Suite 320
Birmingham, AL 35203
Tel: (205) 533-4175

Melanie H. Muhlstock
Email: mmuhlstock@yourlawyer.com
PARKER WAICHMAN LLP
6 Harbor Park Drive
Port Washington, NY 11050
Tel: (516) 723-4629

Daniel A. Nigh, FBN 30905
Email: dnigh@levinlaw.com
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL  32502
Tel: (888) 435-7001

Carmen S. Scott
Email: cscott@motleyrice.com
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9160

Mikal C. Watts
Email: mcwatts@wattsguerra.com
WATTS GUERRA LLP
4 Dominion Drive
Building 3, Suite 100
San Antonio, TX  78257
Tel: (800) 294-0055

Sarah N. Westcot, FBN 1018272
Email: swestcot@bursor.com
BURSOR & FISHER, P.A.
701 Brickell Ave., Suite 1420
Miami, FL 33131-2800
Tel: (305) 330-5512

Frank Woodson
Email: Frank.Woodson@BeasleyAllen.com
BEASLEY ALLEN LAW FIRM
234 Commerce St
Montgomery, AL 36103
Tel: (334) 269-2343

Paige Boldt
Email: pboldt@wattsguerra.com
WATTS GUERRA LLP
1815 Windsong Circle
Keller, TX 76248
Tel: (210) 447-1534

Adam W. Krause
Email: adam@krauseandkinsman.com
KRAUSE AND KINSMAN, LLC
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel: (816) 760-2700

Bradford B. Lear
Email: Lear@learwerts.com
LEAR WERTS LLP
103 Ripley Street
Columbia, MO 65203
Tel: (573) 875-1992

Conlee S. Whiteley
Email: c.whiteley@kanner-law.com
KANNER & WHITELEY, L.L.C.
701 Camp Street
New Orleans, LA 70130
Tel: (504) 524-5777

Steven B. Rotman
Email: srotman@housfeld.com
HAUSFELD, LLP
One Marina Park Drive, Suite 1410
Boston, MA 02210
Tel: (617) 207-0602

Je Yon Jung
Email: JJung@maylightfootlaw.com
MAY LIGHTFOOT PLLC
3200 Martin Luther King Jr. Avenue SE
Third Floor
Washington, DC 20032
Tel: (202) 506-3591

Nicola Larmond-Harvey, FBN 0105312
Email: nicola@saunderslawyers.com
SAUNDERS & WALKER, P.A.
3491 Gandy Boulevard North, Suite 200
Pinellas Park, FL 33781
Tel: (727) 579-4500

*Plaintiffs' Steering Committee*

Brooke Achua
Email: brooke@feganscott.com
FEGAN SCOTT, LLC
1456 Sycamore Rd., 46th Floor
Yorkville, IL 60560
Tel: (646) 502-7910

Harrison M. Biggs
Email: hbiggs@yourlawyer.com
PARKER WAICHMAN LLP
6 Harbor Park Drive
Port Washington, NY 11050
Tel: (516) 723-4633

9

| | |
|---|---|
| Lea P. Bucciero<br>Email: lbucciero@podhurst.com<br>PODHURST ORSECK, P.A.<br>SunTrust International Center<br>One S.E. 3rd Avenue, Suite 3200<br>Miami, FL 33130<br>Tel: (305) 358-2800 | Alexander C. Cohen<br>Email: acohen@rgrdlaw.com<br>ROBBINS GELLER RUDMAN & DOWD<br>120 East Palmetto Park Road<br>Suite 500<br>Boca Raton, FL  33432<br>Tel: (561) 750-3000 |
| Marlo E. Fisher<br>Email: marlo@pulaskilawfirm.com<br>PULASKI KHERKHER, PLLC<br>2925 Richmond Avenue, Suite 1725<br>Houston, TX 77098<br>Tel: (713) 664-4555 | Kendra Goldhirsch<br>Email: goldhirsch@chaffinluhana.com<br>CHAFFIN LUHANA LLP<br>600 Third Avenue, 12th Floor<br>New York, NY  10016<br>Tel: (888) 480-1123 |
| Noah Heinz<br>Email: noah.heinz@kellerpostman.com<br>KELLER \| POSTMAN<br>1100 Vermont Avenue NW, Floor 12<br>Washington, DC 20005<br>Tel: (202) 918-1841 | Catelyn McDonough<br>Email: cmcdonough@anapolweiss.com<br>ANAPOL WEISS<br>One Logan Square<br>130 North 18th Street, Suite 1600<br>Philadelphia, PA 19103<br>Tel: (215) 735-1130 |
| Caroline G. McGlamry<br>Email: carolinemcglamry@pmkm.com<br>POPE McGLAMRY, P.C.<br>3391 Peachtree Road NE, Suite 300<br>Atlanta, GA 30326<br>Tel: (404) 523-7706 | Madeline Pendley<br>Email: mpendley@levinlaw.com<br>LEVIN PAPANTONIO THOMAS<br>MITCHELL RAFFERTY & PROCTOR, P.A.<br>316 South Baylen Street, Suite 600<br>Pensacola, FL  32502<br>Tel: (850) 435-7003 |
| Laura K. Stemkowski<br>Email: lstemkowski@motleyrice.com<br>MOTLEY RICE LLC<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464<br>Tel: (843) 216-9165 | Daniel E. Tropin<br>Email: tropin@kolawyers.com<br>KOPELOWITZ OSTROW FERGUSON<br>WEISELBERG GILBERT<br>2800 Ponce de Leon Boulevard, Suite 1100<br>Coral Gables, FL 33134<br>Tel: (954) 990-2216 |

*Plaintiffs' Leadership Development Committee*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

                                                           */s/ Robert C. Gilbert*
                                                           Robert C. Gilbert