UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)            MDL NO. 2924
PRODUCTS LIABILITY                 CASE NO. 20-MD-2924
LITIGATION

_____/

THIS DOCUMENT RELATES TO: ALL CASES

**MDL PLAINTIFFS' RESPONSE TO DEFENDANTS' RENEWED MOTION TO SEAL PORTIONS OF *DAUBERT* BRIEFING PURSUANT TO DECEMBER 6 ORDER**

MDL Plaintiffs respond to Defendants' Renewed Motion to Seal Portions of *Daubert* Briefing Pursuant to December 6 Order (the "Renewed Motion"). [DE 6191].

## PROCEDURAL BACKGROUND

On August 15, 2022, Defendants filed their original motion to permanently seal certain documents provisionally filed under seal in connection with the *Daubert* briefing. [DE 5946]. The original motion sought to permanently seal three categories of delineated materials: (i) personal identifying information ("PII") of expert and fact witnesses identified in and/or attached to the *Daubert* briefing ("category one records"); (ii) substantial portions of six (6) deposition transcripts of certain Defendants' employees attached to the *Daubert* briefing ("category two records"); and (iii) a small number of documents containing privileged and business information attached to the *Daubert* briefing ("category three records"). *Id*. at 2, 11-12.

MDL Plaintiffs did not oppose permanent sealing of the category one and category three records but opposed keeping the category two records under seal. [DE 5985 at 3-7]. With respect to the category two records, MDL Plaintiffs argued, *inter alia*, that Defendants failed to (i) put forth any proper basis to seal the category two records and (ii) meet their burden to maintain the sealing of the category two records under controlling precedent and Local Rule 5.4. *Id*. at 4-6.

On December 6, 2022, the Court entered an Order Granting in Part and Denying in Part Defendants' Omnibus Motion to Seal (the "December 6 Order"). [DE 6191]. Relevant here, the Court concluded that Defendants' requested redactions of the six deposition transcripts that constitute the category two records were overbroad and not limited to commercially sensitive information. *Id*. at 5-6. The Court denied the original motion to seal the category two records but granted Defendants leave to file a renewed motion with proposed redactions of category two records that "narrowly" address commercially sensitive information. *Id*. at 6.

Notwithstanding this Court's directive to propose redactions that "narrowly" address commercially sensitive information, the Renewed Motion requests that approximately <u>865 pages</u> of deposition transcripts of six employees of Defendants Boehringer Ingelheim Pharmaceuticals, Inc. ("BI") and Sanofi US Services Inc., Sanofi Aventis-U.S. LLC, and Chattem, Inc. (collectively, "Sanofi") be permanently sealed from public view.[1] [DE 6191]. MDL Plaintiffs submit that Defendants have again failed to carry their burden to seal extensive portions of these six deposition transcripts. As discussed below, Defendants' proposed redactions do not qualify for permanent sealing as "commercially sensitive information" or any other basis. Therefore, the Renewed Motion should be denied.

## ARGUMENT

MDL Plaintiffs incorporate by reference the prevailing legal standards set forth in our opposition to Defendants' original motion [DE 5985] and the December 6 Order [DE 6124].

---

[1] Interestingly, while the Renewed Motion seeks to permanently seal large portions of the depositions of one BI employee and five Sanofi employees, it was filed by all Brand Defendants – BI, GlaxoSmithKline LLC, Pfizer, Inc., and Sanofi. Thus, GlaxoSmithKline LLC and Pfizer, Inc. are seeking to seal their competitors' deposition transcripts, which cuts against any argument that those portions are "commercially sensitive information."

In the Renewed Motion, Defendants identify each of the six witnesses and then assert that the proposed redactions of each employee's testimony qualify for permanent sealing under multiple categories identified in conclusory bullet points, without identifying which specific testimony by each witnesses falls into which category.[2] As a result, MDL Plaintiffs – and this Court – are forced to review approximately <u>865 pages</u> of redactions, and compare them side-by-side with unredacted versions of the same depositions, to determine whether each redaction qualifies for sealing under one or more of the listed categories. The Renewed Motion should be denied on this basis alone, as Defendants have failed to carry <u>their burden</u> to specifically identify which proposed redactions for each witness qualify for permanent sealing under which applicable category.

As a threshold matter, Defendants argue that one of the primary bases for permanently redacting broad portions of these six depositions is because "Defendants in this litigation are business competitors of each other …. in the highly competitive pharmaceutical industry." *See* DE 6191 at 4. However, the deposition transcripts reveal that counsel for many Defendants in this MDL appeared at one or more of these six depositions. *See, e.g.,* Buchberger Dep. at 5-6 (appearances by counsel for Perrigo, Par Pharmaceuticals, Nostrum Labs, among others); Coapman Dep. at 2-3 (appearances by counsel for GSK, BI); Kugel Dep. at 6 (appearance by counsel for GSK); and Lochstampfor Dep. at 5-8 (appearances by counsel for GSK, Perrigo, Par Pharmaceutical, Aurobindo, Nostrum Laboratories, Novitium Pharma, Teva Pharmaceuticals, among others). The appearance of counsel representing multiple drug companies at these depositions, and their presumed ability to obtain these deposition transcripts, undermines BI's and

---

[2] The two declarations submitted in support of the Renewed Motion follow the same format, asserting in conclusory fashion that the proposed redactions fall into one or more of many categories without specifying which testimony qualifies for sealing under which category.

Sanofi's position that broad swaths of these six depositions should be permanently sealed because "Defendants in this litigation are business competitors … in the highly competitive pharmaceutical industry."

MDL Plaintiffs reviewed Defendants' proposed redactions of all six deposition transcripts. MDL Plaintiffs' analysis with respect to Defendants' request to permanently seal substantial portions of the deposition transcripts of these six witnesses is set forth below.

**BI Witness Dr. Robert Buchberger (June 15, 2021)[3]**

BI seeks to permanently seal its redactions on 88 pages of Dr. Buchberger's deposition transcript. Dr. Buchberger is BI's corporate vice president of patient safety and pharmacovigilance. (Buchberger Dep. at 20). Dr. Buchberger interacts with global regulatory agencies including the FDA (*Id*. at 21-22), sits on several standing BI committees (*Id*. at 23-24), works with numerous BI personnel, and reviews meeting minutes and emails generated from internal BI working groups responsible for drug safety issues (*Id*. at 52-53).

BI's redactions of Dr. Buchberger's deposition transcript primarily fall into the following categories: (1) the names of BI employees, including members of BI standing committees and working groups responsible for global pharmacovigilance, risk management and regulatory issues relating BI's manufacture and labeling of Zantac (and other products) (Buchberger Dep. at 4, 6, 10, 14-15, 26-27, 30-31, 44-50, 64-65, 113, 163, 169, 171, 174, 202, 206-207); (2) the areas of responsibility of BI standing committees and working groups responsible for global pharmacovigilance, risk management and regulatory issues relating the manufacture and labeling of Zantac (*Id*. at 23-27, 44-57, 63-77, 80-81, 102-115, 163-168, 171-174, 201-205); (3) BI's continued responsibility for conducting pharmacovigilance in relation to Zantac for a period of

---

[3] The redacted version of Dr. Buchberger's deposition (DE 6191-3) did not include page numbers on the transcript, further complicating the process of comparing the redactions to the unreacted transcript.

time following the 2016 transition of its consumer healthcare product portfolio (including Zantac) to Sanofi (*Id*. at 57-63); and (4) information these BI standing committees and working groups received regarding adverse event reports and studies documenting the presence of excessive levels of NDMA in ranitidine containing drugs (*Id*. at 165-167, 201-206).

MDL Plaintiffs submit that none of the foregoing categories of information qualify for permanent sealing as "commercially sensitive information" or any other basis. The proposed redactions encompass testimony that addressed BI's pharmacovigilance, risk management, and regulatory issues relating to the manufacture and labeling of Zantac, central issues in this MDL litigation.

**Sanofi Witness Scott Coapman (January 10, 2022)**

Sanofi seeks to permanently seal its redactions on <u>106 pages</u> of Mr. Coapman's deposition transcript. Mr. Coapman testified as Sanofi's Rule 30(b)(6) designee on four topics. (Coapman Dep. at 11-14).

Sanofi's redactions of Mr. Coapman's deposition transcript primarily fall into the following categories: (1) the Sanofi project that investigated the cause of the formation of excessive levels of NDMA in Zantac (Coapman Dep. at *passim*); (2) the names of Sanofi personnel involved in that project (*Id*. at 44, 46, 54, 68, 85-87, 97-101, 103-106, 112, 114-116, 118, 122, 128); and (3) Sanofi's interactions with and/or guidance from the U.S. Food & Drug Administration concerning excessive levels of NDMA in Zantac (*Id*. at 8-11, 17-21, 38-39, 123).

MDL Plaintiffs submit that none of the foregoing information qualifies for permanent sealing as "commercially sensitive information" or any other basis. The proposed redactions encompass testimony about the formation of excessive levels of NDMA in Zantac and its potentially adverse effects, central issues in this MDL litigation.

5

**Sanofi Witness Gerda Glanzmann (September 24, 2021)**

Sanofi seeks to permanently seal its redactions on 171 pages of Dr. Glanzmann's deposition transcript. Dr. Glanzmann is the chief quality officer for Sanofi's consumer healthcare segment and previously worked for BI in various capacities. (Glanzmann Dep. at 38, 48-64).

Sanofi's redactions of Dr. Glanzmann's deposition transcript primarily fall into the following categories: (1) the names of Sanofi personnel with whom Dr. Glanzmann worked on matters relating to Zantac and the investigation into the cause of the formation of excessive levels of NDMA in Zantac (Glanzmann Dep. at *passim*);[4] (2) the Sanofi project that investigated cause of the formation of excessive levels of NDMA in Zantac (*Id*. at 69, 122-138, 143-277, 299-301, 321-322); (3) Sanofi's policies and practices to ensure that Zantac and other products are in full compliance with good manufacturing practices, governmental regulations and health-related requirements (*Id*. at 80-85, 108-113); (4) the transition of BI employees to Sanofi as part of the sale of the consumer healthcare division (*Id*. at 101-104, 108-109); and (5) Sanofi's interactions with and/or guidance from the FDA concerning excessive levels of NDMA in Zantac (*Id*. at 230-237).

MDL Plaintiffs submit that none of the foregoing information qualifies for permanent sealing as "commercially sensitive information" or any other basis. The proposed redactions encompass testimony about the formation of excessive levels of NDMA in Zantac and its potentially adverse effects, central issues in this MDL litigation.

---

[4] Sanofi's failure to narrow its redactions is evidenced by its redaction of certain employees' names on pages 154, 221, 228, 236, 238, and 241, whom Sanofi publicly identified in the Renewed Motion (DE 6191 at 2, 7-9).

**Sanofi Witness Claude Kugel (September 23, 2021)**

Sanofi seeks to permanently seal its redactions on 150 pages of Mr. Kugel's deposition transcript. Sanofi's redactions of Mr. Kugel's deposition transcript primarily fall into the following categories: (1) the names of Sanofi personnel with whom Mr. Kugel interacted relating to drug testing of Sanofi products, and testing of Zantac to analyze excessive levels of NDMA (Kugel Dep. at *passim*); (2) methods used by Sanofi to test its drugs and methods used to test Zantac for excessive levels of NDMA (*Id*. at *passim*); (3) the Sanofi project that investigated the cause of the formation of excessive levels of NDMA in Zantac (*Id*. at 64-75, 79-107, 114-171); and (4) Sanofi's interactions with the FDA concerning excessive levels of NDMA in Zantac (*Id*. at 180-191, 194, 211-215).

MDL Plaintiffs submit that none of the foregoing information qualifies for permanent sealing as "commercially sensitive information" or any other basis. The proposed redactions encompass testimony about Sanofi's knowledge of and testing for excessive levels of NDMA in Zantac and its potentially adverse effects, central issues in this MDL litigation.

**Sanofi Witness Matt Lochstampfor (March 31, 2021)**

Sanofi seeks to permanently seal its redactions on 215 pages of Mr. Lochstampfor's deposition transcript. Mr. Lochstampfor testified as Sanofi's Rule 30(b)(6) designee on the topics of distribution and storage of Zantac. (Lochstampfor Dep. at 17-18). Mr. Lochstampfor has worked for Sanofi for approximately 39 years in increasing levels of responsibility. (Lochstampfor Dep. at 19-20).

Sanofi's redactions of Mr. Lochstampfor's deposition transcript primarily fall into the following categories: (1) the names of Sanofi personnel with whom Mr. Lochstampfor worked on matters relating to Zantac and the investigation into the cause of the formation of excessive levels

of NDMA in Zantac (Lochstampfor Dep. at *passim*);[5] and (2) the Sanofi project that investigated the cause of the formation of excessive levels of NDMA in Zantac (*Id*. at *passim*).

MDL Plaintiffs submit that none of the foregoing information qualifies for permanent sealing as "commercially sensitive information" or any other basis. The proposed redactions encompass testimony that addressed the formation of excessive levels of NDMA in Zantac and its potentially adverse effects, central issues in this MDL litigation.

**Sanofi Witness Alan Main (January 20, 2022)**

Sanofi seeks to permanently seal its redactions on 135 pages of Mr. Main's deposition transcript. Mr. Main was the head of Sanofi's consumer healthcare division from 2016 until 2020. (Main Dep. at 16-17).

Sanofi's redactions of Mr. Main's deposition transcript primarily fall into the following categories: (1) the names of Sanofi personnel with whom Mr. Main interacted in connection with reports of and regulatory concerns about excessive levels of NDMA in Zantac and the ensuing withdrawal and recall of Zantac from the market (Main Dep. at *passim*);[6] (2) Mr. Main's personal knowledge and interactions with Sanofi personnel and third parties in response to reports of and regulatory concerns about excessive levels of NDMA in Zantac and the ensuing withdrawal and recall of Zantac from the market (*Id*. at *passim*); and (3) the Sanofi project that investigated the cause of the formation of excessive levels of NDMA in Zantac. (*Id*. at 94-174).

---

[5] Here again, Sanofi's failure to narrow its redactions is evidenced by its redaction of certain employees' names on pages 46, 99, 133-134, and 263-264, whom Sanofi publicly identified in the Renewed Motion (DE 6191 at 2, 7-9).

[6] As with its proposed redactions of previous witnesses' depositions, Sanofi's failure to narrow its redactions is evidenced by its redaction of certain employees' names on pages 126-127 whom Sanofi publicly identified in the Renewed Motion (DE 6191 at 2, 7-9).

8

MDL Plaintiffs submit that none of the foregoing information qualifies for permanent sealing as "commercially sensitive information" or any other basis. The proposed redactions encompass testimony that addressed the formation of excessive levels of NDMA in Zantac and its potentially adverse effects, central issues in this MDL litigation.

## CONCLUSION

Based on the foregoing, the Renewed Motion should be denied, and Defendants should be ordered to file unredacted versions of the six deposition transcripts on the public CM/ECF docket without further delay.

DATED: January 20, 2023.

Respectfully submitted,

/s/ Tracy A. Finken
Tracy A. Finken
Email: tfinken@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-1130

By: /s/ Robert C. Gilbert
Robert C. Gilbert, FBN 561861
Email: gilbert@kolawyers.com
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (305) 384-7270

/s/ Michael L. McGlamry
Michael L. McGlamry
Email: efile@pmkm.com
POPE McGLAMRY, P.C.
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706

/s/ Adam Pulaski
Adam Pulaski
Email: adam@pulaskilawfirm.com
PULASKI KHERKHER, PLLC
2925 Richmond Avenue, Suite 1725
Houston, TX 77098
Tel: (713) 664-4555

*Plaintiffs' Co-Lead Counsel*

Rosemarie R. Bogdan
Email: Rosemarie.bogdan@1800law1010.com
MARTIN, HARDING & MAZZOTTI
1 Wall Street
Albany, NY 12205
Tel: (518) 862-1200

Mark J. Dearman, FBN 0982407
Email: mdearman@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Tel: (561) 750-3000

9

| | |
|---|---|
| Elizabeth A. Fegan<br>Email: beth@feganscott.com<br>FEGAN SCOTT, LLC<br>1456 Sycamore Rd.<br>Yorkville, IL 60560<br>Tel: (312) 741-1019 | Marlene J. Goldenberg<br>Email: mjgoldenberg@goldenberglaw.com<br>GOLDENBERG LAW, PLLC<br>800 LaSalle Avenue, Suite 2150<br>Minneapolis, MN 55402<br>Tel: (855) 333-4662 |
| Ashley Keller<br>Email: ack@kellerpostman.com<br>KELLER \| POSTMAN<br>2800 Ponce de Leon Boulevard, Suite 1100<br>Coral Gables, FL 33134<br>Tel: (312) 741-5222 | Frederick S. Longer<br>Email: flonger@lfsblaw.com<br>LEVIN SEDRAN & BERMAN<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br>Tel: (215) 592-1500 |
| Roopal P. Luhana<br>Email: luhana@chaffinluhana.com<br>CHAFFIN LUHANA LLP<br>600 Third Avenue, 12th Floor<br>New York, NY 10016<br>Tel: (888) 480-1123 | Francisco R. Maderal, FBN 0041481<br>Email: frank@maderalbyrne.com<br>MADERAL BYRNE PLLC<br>2800 Ponce de Leon Blvd., 11th Floor<br>Coral Gables, FL 33134<br>Tel: (305) 520-5690 |
| Ricardo M. Martinez-Cid, FBN 383988<br>Email: RMartinez-Cid@Podhurst.com<br>PODHURST ORSECK, P.A.<br>SunTrust International Center<br>One S.E. 3rd Avenue, Suite 3200<br>Miami, FL 33130<br>Tel: (305) 358-2800 | Lauren S. Miller<br>Email: laurenm@hbsslaw.com<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1914 4th Avenue North<br>Suite 320<br>Birmingham, AL 35203<br>Tel: (205) 533-4175 |
| Melanie H. Muhlstock<br>Email: mmuhlstock@yourlawyer.com<br>PARKER WAICHMAN LLP<br>6 Harbor Park Drive<br>Port Washington, NY 11050<br>Tel: (516) 723-4629 | Daniel A. Nigh, FBN 30905<br>Email: dnigh@levinlaw.com<br>LEVIN PAPANTONIO THOMAS<br>MITCHELL RAFFERTY & PROCTOR, P.A.<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Tel: (888) 435-7001 |
| Carmen S. Scott<br>Email: cscott@motleyrice.com<br>MOTLEY RICE LLC<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464<br>Tel: (843) 216-9160 | Mikal C. Watts<br>Email: mcwatts@wattsguerra.com<br>WATTS GUERRA LLP<br>4 Dominion Drive<br>Building 3, Suite 100<br>San Antonio, TX 78257<br>Tel: (800) 294-0055 |

Sarah N. Westcot, FBN 1018272
Email: swestcot@bursor.com
BURSOR & FISHER, P.A.
701 Brickell Ave., Suite 1420
Miami, FL 33131-2800
Tel: (305) 330-5512

Frank Woodson
Email: Frank.Woodson@BeasleyAllen.com
BEASLEY ALLEN LAW FIRM
234 Commerce St
Montgomery, AL 36103
Tel: (334) 269-2343

Paige Boldt
Email: pboldt@wattsguerra.com
WATTS GUERRA LLP
1815 Windsong Circle
Keller, TX 76248
Tel: (210) 447-1534

Adam W. Krause
Email: adam@krauseandkinsman.com
KRAUSE AND KINSMAN, LLC
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel: (816) 760-2700

Bradford B. Lear
Email: Lear@learwerts.com
LEAR WERTS LLP
103 Ripley Street
Columbia, MO 65203
Tel: (573) 875-1992

Conlee S. Whiteley
Email: c.whiteley@kanner-law.com
KANNER & WHITELEY, L.L.C.
701 Camp Street
New Orleans, LA 70130
Tel: (504) 524-5777

Steven B. Rotman
Email: srotman@housfeld.com
HAUSFELD, LLP
One Marina Park Drive, Suite 1410
Boston, MA 02210
Tel: (617) 207-0602

Je Yon Jung
Email: Jeyon@mayjung.com
MAY JUNG, LLP
1100 W. Town & Country Road
Suite 1250
Orange, CA 92868
Tel: (818) 869-6476

Nicola Larmond-Harvey, FBN 0105312
Email: nicola@saunderslawyers.com
SAUNDERS & WALKER, P.A.
3491 Gandy Boulevard North, Suite 200
Pinellas Park, FL 33781
Tel: (727) 579-4500

*Plaintiffs' Steering Committee*

Brooke A. Achua
Email: brooke@feganscott.com
FEGAN SCOTT, LLC
140 Broadway, 46th Floor
New York, NY 10005
Tel: (646) 502-7910

Harrison M. Biggs
Email: hbiggs@yourlawayer.com
PARKER WAICHMAN LLP
6 Harbor Park Drive
Port Washington, NY 11050
Tel: (516) 723-4633

| | |
|---|---|
| Lea P. Bucciero<br>Email: lbucciero@podhurst.com<br>PODHURST ORSECK, P.A.<br>SunTrust International Center<br>One S.E. 3rd Avenue, Suite 3200<br>Miami, FL 33130<br>Tel: (305) 358-2800 | Alexander C. Cohen<br>Email: acohen@rgrdlaw.com<br>ROBBINS GELLER RUDMAN & DOWD<br>120 East Palmetto Park Road<br>Suite 500<br>Boca Raton, FL 33432<br>Tel: (561) 750-3000 |
| Marlo E. Fisher<br>Email: marlof@lpm-triallaw.com<br>Laminack, Pirtle & Martines<br>5020 Montrose Blvd., 9th Floor<br>Houston, TX 77006<br>Tel: (713) 292-2750 | Kendra Goldhirsch<br>Email: goldhirsch@chaffinluhana.com<br>CHAFFIN LUHANA LLP<br>600 Third Avenue, 12th Floor<br>New York, NY 10016<br>Tel: (888) 480-1123 |
| Noah Heinz<br>Email: noah.heinz@kellerpostman.com<br>KELLER \| POSTMAN<br>1100 Vermont Avenue NW, Floor 12<br>Washington, DC 20005<br>Tel: (202) 918-1841 | Catelyn McDonough<br>Email: cmcdonough@anapolweiss.com<br>ANAPOL WEISS<br>One Logan Square<br>130 North 18th Street, Suite 1600<br>Philadelphia, PA 19103<br>Tel: (215) 735-1130 |
| Caroline G. McGlamry<br>Email: carolinemcglamry@pmkm.com<br>POPE McGLAMRY, P.C.<br>3391 Peachtree Road NE, Suite 300<br>Atlanta, GA 30326<br>Tel: (404) 523-7706 | Madeline Pendley<br>Email: mpendley@levinlaw.com<br>LEVIN PAPANTONIO THOMAS<br>MITCHELL RAFFERTY & PROCTOR, P.A.<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Tel: (850) 435-7003 |
| Laura K. Stemkowski<br>Email: lstemkowski@motleyrice.com<br>MOTLEY RICE LLC<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464<br>Tel: (843) 216-9165 | Daniel E. Tropin<br>Email: tropin@kolawyers.com<br>KOPELOWITZ OSTROW FERGUSON<br>WEISELBERG GILBERT<br>2800 Ponce de Leon Boulevard, Suite 1100<br>Coral Gables, FL 33134<br>Tel: (954) 990-2216 |

*Plaintiffs' Leadership Development Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

/s/ *Robert C. Gilbert*
Robert C. Gilbert