UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)               MDL NO. 2924
PRODUCTS LIABILITY                     20-MD-2924
LITIGATION

                                                      JUDGE ROBIN L. ROSENBERG
                           MAGISTRATE JUDGE BRUCE E. REINHART

_____/

### [PROPOSED] FINAL JUDGMENT

**Entry of Final Judgment in Favor of the Generic Defendants**

1. By Order dated December 31, 2020, this Court dismissed all claims asserted against the Generic Manufacturer and Repackager Defendants (hereinafter, "Generic Defendants") in Plaintiffs' Master Personal Injury Complaint ("MPIC") as preempted by federal law. [DE 2512]. All claims based on alleged product and labeling defects brought against Generic Defendants were dismissed with prejudice. The Court granted Plaintiffs leave to re-plead claims premised on, *inter alia*, a failure to warn consumers through the FDA, expiration dates, and failures to appropriately package, store, and test ranitidine. *Id.* Plaintiffs thereafter filed an Amended Master Personal Injury Complaint ("AMPIC") [DE 2759].

2. By Orders dated June 30, 2021 and July 8, 2021, this Court dismissed with prejudice all claims asserted in the AMPIC against the Generic Defendants as preempted by federal law [DE 3750].

3. For the reasons set forth in this Court's November 1, 2021 Order [DE 4595], **FINAL JUDGMENT** was entered on November 15, 2021 ("November Final Judgment" [D.E. 4664]) in favor of the Generic Defendants as follows:

  a. Some Plaintiffs named *only* one or more Generic Defendants in their Short Form Complaints (the "Generic-Only Cases"). A subset of those Plaintiffs declined to amend their Short Form Complaints and instead proceeded directly to appeal ("Appealed Generic-Only Cases"). This Court entered final judgment pursuant to Rule 58 in favor of Generic Defendants on all claims asserted against them in the MPIC and/or AMPIC in all Appealed Generic-Only Cases. No final judgment has been entered in Generic-Only Cases in which no appeal has yet been filed.

  b. Other Plaintiffs named Generic Defendants *and* Brand Name Manufacturer or Retailer Defendants in their Short Form Complaints (the "Mixed-Generic Cases"). Mixed-Generic cases continued to be filed into the MDL and/or transferred to the MDL after the date of the November Final Judgment. The Court entered final judgment in favor of the Generic Defendants on all pending and later-filed Mixed-Generic Cases incorporating claims from the MPIC or AMPIC pursuant to Rule 54(b).

  4. On December 6, 2022, the Court entered an Omnibus Order [DE 6120] granting the Brand-Name Manufacturer Defendants' *Daubert* motions on general causation relating to all Designated Cancers[1], finding that Plaintiffs failed to provide reliable scientific evidence that ranitidine causes the Designated Cancers. The Court further granted the Brand-Name Manufacturer Defendants' motion for summary judgment, holding that Plaintiffs were unable to proceed on any of their claims because there was no admissible expert evidence to a reasonable degree of scientific or medical probability that ranitidine causes the Designated Cancers.

---

[1] There are five "Designated Cancers" that the Plaintiffs' co-lead counsel agreed to proceed on to general causation expert disclosures, discovery, and motions—bladder, esophageal, gastric, liver, and pancreatic cancer. [D.E. 6120 at 15].

5. The Court has previously noted that general causation is a common issue to all claims pleaded in the MDL, such that if Plaintiffs cannot establish general causation, they will necessarily be unable to prevail on any claim. [D.E. 3913 at 4-5; 4595 at 34-35]. Further, the Court also ordered that "[t]he deadline for individual Plaintiffs to amend their short form complaints without the need for leave of this Court will be **thirty days** after the Court issues its final ruling on general causation." [D.E. 5580 at 2].

6. No individual plaintiff in a Generic-Only Case amended his or her Short Form Complaint before January 5, 2023 to add a new claim (*i.e.,* a claim not pleaded in the MPIC or AMPIC) against any of the Generic Defendants. Moreover, any attempt to amend a Short Form Complaint in a Designated Cancer case would be moot given the Court's general causation ruling at D.E. 6120. Therefore, the Generic Defendants are now entitled to final judgment in any Generic-Only Case that was not included in the November 2021 Final Judgment.

7. Accordingly, **FINAL JUDGMENT** is entered in favor of the Generic Defendants in all Generic-Only Cases in which no appeal has been filed, including the cases identified in Appendix A.

8. Judgment shall be effective as of the date hereof for any such cases currently pending in the MDL. For Generic-Only cases filed after the date of this Order but which incorporate claims from the MPIC or AMPIC, judgment shall be effective as of the date that an individual Plaintiff files such a Short Form Complaint.

9. The Clerk of the Court shall docket a copy of this judgment on the MDL docket, and also on the individual docket of each case listed on Appendix A.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this ___ day of January, 2023.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

## APPENDIX A

*Generic-Only Cases in Which No Notice of Appeal was Filed*

| Plaintiff | Case No. |
|---|---|
| Delisle, Alan | 9-21-cv-80615 |