UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)     MDL NO. 2924
PRODUCTS LIABILITY     20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO:
*ARTHUR CARTEE v. BOEHRINGER INGELHEIM, ET AL.*

**REPLY IN SUPPORT OF MOTION FOR DISMISSAL WITH PREJUDICE AND ENTRY OF JUDGMENT**

DATED: February 8, 2023

The Eleventh Circuit held that it lacked appellate jurisdiction over Mr. Cartee's appeal because there was no order on his individual docket applying the general Rule 12(b)(6) dismissal of all innovator liability claims to his particular case. Without that, they could not be sure that his case was over. But this Court can be sure of that. It is, after all, undisputed. Plaintiff sees no path forward. Defendants agree—they do not think he could pursue discovery from them or litigate anything further. They do not think he could put forward experts to show that Zantac caused his cancer. They do not think he could get a trial. That is, of course, because this Court dismissed his sole cause of action. Defendants have no substantive, legal reason judgment should not be entered, but instead raise irrelevant process concerns about other cases with different facts. Their arguments should be rejected, and judgment entered.[1]

Binding precedent clearly entitles Mr. Cartee to a judgment notwithstanding consolidation. "Forcing an aggrieved party to wait for other cases to conclude would substantially impair his ability to appeal from a final decision fully resolving his own case—a 'matter of right,' to which he was 'entitled.'" *Hall v. Hall*, 138 S. Ct. 1118, 1128 (2018) (quoting *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 407 (2015)). That means that as soon as a litigant's case is over, the court is required to enter judgment to allow an appeal. That it might be more convenient for the court, other litigants, or anyone else is irrelevant. Were it otherwise, *Hall* and *Gelboim* would have come out the other way. There too, the losing side argued that consolidated cases should have an orderly termination with an appeal at a single time—they lost 9-0.

Defendants' response concedes all relevant legal points. They agree that he has no claim

---

[1] Defendants suggest that judgment should not be entered because Mr. Cartee "died" and so "is not a proper plaintiff," but provide no legal authority for that proposition. D.E. 6250 at 1 n.1. Mr. Cartee unquestionably was alive when he filed his complaint and setting up an estate takes time. The Eleventh Circuit has a well-established process for substituting an estate on appeal and has never suggested that the death of a plaintiff during a suit should abridge appellate rights.

left.  But they still say, "The fairest and most efficient procedure for all MDL litigants who allege non-designated cancers is for the Court to enter judgment in all similarly situated cases at the same time." D.E. 6250 at 2.  Legally, this is simply irrelevant—fairness and efficiency do not control.  That is sufficient to grant the motion.

But Defendants also get the facts grievously wrong.  All other non-designated cancer cases in this MDL to which their proposed process would apply *are live cases*.  They have claims that were not dismissed on a Rule 12 motion (for example, direct claims against the Brand Defendants).  They can put forward experts to demonstrate general causation.  Mr. Cartee cannot do that, since this Court held that the Brand Defendants owe him no duty of care.  Instead, his case is much like the non-designated cancer plaintiffs who sued the Generic Defendants.  Their cases are over, and, indeed, they received a final judgment.  Defendants suggest that non-designated cancer "plaintiffs … like Cartee" whose cases are over can file for a Rule 58 judgment at some later point but ignore the obvious: Cartee is a class of one.  There are no other plaintiffs who allege only an innovator liability claim.  All other plaintiffs will have a decision of whether to demonstrate general causation with an expert witness or to voluntarily dismiss their case.  This also explains why the "efficiency" argument is contrived.  No other plaintiffs will have the same appellate issue, since they will either have no appeal (since they voluntarily dismissed) or will have a *Daubert* ruling against them.

Defendants next quibble with what the judgment should say, but they speak out of both sides of their mouths.  They argue that the Court should dismiss "without prejudice for lack of personal jurisdiction," but also "on the merits because, as the Court held, Illinois law does not recognize his theory of innovator liability." D.E. 6250 at 4 (citing D.E. 2516 at 35-38).  A court without jurisdiction cannot rule on the merits.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (before addressing jurisdiction a court may dismiss on a

threshold ground such as forum non conveniens but cannot adjudicate the merits). This Court cannot rule hypothetically—*if there were jurisdiction*, Illinois innovator liability claims would fail. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) ("Hypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning.").

Defendants well knew this. That is why their original motion *first* argued "Plaintiffs From States Other Than California And Massachusetts Cannot Bring Innovator-Liability Claims," D.E. 1585 at i, 4, then argued "The Innovator-Liability Claims Brought Under California and Massachusetts Law Fail For Lack Of Personal Jurisdiction." *Id.* at i, 9. The Court reached the merits *at their urging*, ruling against Mr. Cartee. There is no exception to the requirement that a Court without jurisdiction not reach the merits for "alternative" holdings, as the Defendants now suggest. "Having invited the court's exercise of personal jurisdiction by moving" to dismiss on the merits, Brand-Defendants "cannot now claim the trial court erred by taking the very action [they] urged upon it." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1248-49 (11th Cir. 2006) (quoting *Thunderbird, Ltd. v. First Fed. Sav & Loan Ass'n of Jacksonville*, 908 F.2d 787, 794 (11th Cir. 1990)). Defendants waived any personal jurisdiction argument as to states in which they procured a merits ruling from this Court. And so, the Court should simply enter judgment.

Since the parties will surely brief these issues in the Eleventh Circuit no matter what the judgment says, the Court need not resolve the dispute—it can simply issue an order stating that the Innovator Liability Order at D.E. 2516 applies to Mr. Cartee's case and direct the clerk to enter final judgment on his individual docket.

Dated: February 8, 2023

Respectfully submitted,

By: */s/ Ashley Keller*
Ashley Keller
Email: ack@kellerpostman.com
Nicole Berg
Email: ncb@kellerpostman.com
KELLER POSTMAN LLC
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606
Tel: (312) 741-5222

Tracy A. Finken
Email: tfinken@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-1130

Robert C. Gilbert, FBN 561861
Email: gilbert@kolawyers.com
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (305) 384-7270

Michael L. McGlamry
Email: efile@pmkm.com
POPE McGLAMRY, P.C.
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706

Adam Pulaski
Email: adam@pulaskilawfirm.com
PULASKI KHERKHER, PLLC
2925 Richmond Avenue, Suite 1725
Houston, TX 77098
Tel: (713) 664-4555

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

*/s/ Ashley Keller*
Ashley Keller