UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)  MDL NO. 2924
PRODUCTS LIABILITY  20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' RENEWED MOTION TO SEAL**

**THIS MATTER** comes before the Court upon Defendants' Renewed Motion to Seal Portions of Daubert Briefing Pursuant to December 6 Order. DE 6191.  The Court has reviewed the Defendants' Renewed Motion, MDL Plaintiffs' Response to Defendants' Renewed Motion to Seal Portions of *Daubert* Briefing Pursuant to December 6 Order, DE 6226, Defendants' Reply in Support of Their Renewed Motion to Seal Portions of Daubert Briefing Pursuant to December 6 Order, DE 6238, the record, and it is otherwise fully advised in the premises.  For the reasons set forth below, the Defendants' Motion is **GRANTED in part** and **DENIED in part**.

**I. Background**

In preparation for *Daubert*, the parties filed many *Daubert* and science-related summary judgment filings temporarily under seal. DE 5684 at 1.  The Defendants moved the Court to keep portions of those filings permanently under seal.  When the *Daubert* proceedings concluded, the Court issued its Order Granting in Part and Denying in Part Defendants' Omnibus Motion to Seal ("First Order on Sealing"), DE 6124, granting in part and denying in part the Defendants' sealing requests, *id.* at 6.  In the First Order on Sealing, the Court found that there was good cause to keep under seal several records containing business and privileged information because the records were

commercially sensitive and unrelated to the general causation question in this MDL. *Id.* at 2 n.1. The Court also found that there was not good cause to keep under seal disputed portions of six depositions at that time. *Id.* at 6.

The Court granted the Defendants leave to "file proposed, limited redactions within the disputed portions and an accompanying motion." *Id.* The Court instructed the Defendants to "indicate clearly what parts of the disputed portions are no longer designated to be redacted." Further, the Court explained that the redactions accompanying a renewed motion "should narrowly address commercially sensitive information," *id.*, and that any proposed redactions of general causation testimony weigh against an ultimate finding of good cause, *id.* at 5. The Defendants filed a Renewed Motion to which the Court now turns.

In their Renewed Motion, the Defendants make two requests. First, the Defendants request to substitute a corrected copy of an exhibit to redact inadvertently unredacted personal identifying information. DE 6191 at 1. Second, the Defendants request to keep under seal portions of the six depositions. The Defendants attach to their Renewed Motion the six depositions with their proposed redactions and declarations in support of their proposed redactions.

**II. Legal Standard**

As the Court explained in the First Order on Sealing, judicial proceedings should be open to the public. The common law right of access realizes this principle, *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001), and only a showing of good cause can override the common law right of access, *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

2

To determine whether there is good cause to keep judicial records under seal, a court must weigh the public's interest in access against the moving party's interest in keeping the judicial records confidential. *Id.* The court considers several factors in doing so, including "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.*

In addition, the court may consider whether the records in dispute concern competitively sensitive business information that, if publicized, could harm the party's business, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Classic Soft Trim, Inc. v. Albert*, No. 618CV1237ORL78GJK, 2020 WL 6734407, at *2-3 (M.D. Fla. Sept. 22, 2020), and "whether access is likely to promote public understanding of historically significant events," *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1236 (11th Cir. 2013) (quoting *FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013)). Moreover, when weighing the competing interests of the public and the moving party, the court "is guided by the presumption of public access to judicial documents." *CRubin, LLC v. Escoriaza*, No. 19-CV-22261, 2020 WL 2542629, at *1 (S.D. Fla. May 19, 2020) (second alteration in original) (quoting *Perez-Guerrero*, 717 F.3d at 1235).

**III. Arguments**

Here, the Defendants argue that there is good cause to keep under seal the disputed portions of the six depositions because they contain "numerous commercially sensitive topics, including internal and confidential company organizational issues (including the names of company employees and business structure), pharmacovigilance ("PV") and safety monitoring processes,

3

regulatory issues, financial issues, product development issues, patent information, contractual terms, and other confidential business operations information." DE 6191 at 6.  In response, the Plaintiffs argue that there is not good cause to keep under seal the disputed portions because the Defendants inadequately explain why the redactions qualify for permanent sealing, DE 6226 at 3, and the disputed portions reference "central issues in this MDL" and do not "qualify for permanent sealing as 'commercially sensitive information,'" *id.* at 3-9.

**IV. Analysis**

The Court has carefully reviewed the disputed portions of the six depositions, which as the Plaintiffs note in their Response, is "approximately 865 pages of redactions." *Id.* at 3.  In this second round of proposed redactions, the Defendants fail to follow the Court's directives as outlined in the First Order on Sealing.  In the First Order on Sealing, the Court instructed the Defendants to narrowly redact commercially sensitive testimony that is unrelated to the general causation question in this MDL. DE 6124 at 5-6.  Stated conversely, testimony that is not commercially sensitive or is related to general causation should not be redacted.  In their proposed redactions, the Defendants fail to follow the Court's directive because the Defendants redact both (1) testimony that is not commercially sensitive and, most importantly, (2) testimony that is related to the general causation question in this MDL.

First, the Defendants redact testimony that is not commercially sensitive business information.  In their proposed redactions, the Defendants redact much testimony about historical projects, the cost of these projects, organizational structures, and business relationships that they assert is commercially sensitive.  But, in addition to this testimony, the Defendants also redact testimony that is not commercially sensitive.  For example, the Defendants redact testimony about

the FDA's March 31, 2020 letter requesting the voluntary withdrawal of ranitidine. DE 5912-2 at 764, 771; DE 6191-2 at 12.  The FDA issued a press release on April 1 publicizing the voluntary withdrawal request.  Therefore, since April 1, the FDA's withdrawal request is widely known and not "highly sensitive, confidential, proprietary and trade secret materials." *Classic Soft Trim, Inc. v. Albert*, No. 618CV1237ORL78GJK, 2020 WL 6734407, at *2 (M.D. Fla. Sept. 22, 2020). While overall the Defendants mostly follow the Court's directive to "narrowly address commercially sensitive information" in their proposed redactions, DE 6124 at 6, as this example highlights, the Defendants still, in this second round of proposed redactions, redact testimony that is not commercially sensitive.

Next, the Defendants redact testimony that is related to the general causation question in this MDL.  The general causation question in this MDL is: "Does the scientific evidence reliably demonstrate that ranitidine is capable of causing a Designated Cancer at the highest realistic exposure level any plaintiff may have experienced?" DE 6120 at 34.  In other words, the Court asked if there was reliable evidence with which to prove that one of the top 50 most commonly prescribed drugs in the United States is capable of causing cancer. *See* Chris R. Cardwell et al., *Exposure to Ranitidine and Risk of Bladder Cancer: A Nested Case-Control Study*, Am. J. Gastroenterology, Aug. 2021, at 1, 2 (citation omitted).  Given the ubiquity of ranitidine in the United States market and the seriousness of cancer, the public has an interest in understanding the Court's answer to this general causation question.  To understand the Court's answer comprehensively, the public must be able to access the testimony presented to the Court related to that general causation question.

However, the Defendants redact much testimony related to general causation, including pages of testimony about the amount of NDMA found in ranitidine. The amount of NDMA in ranitidine was an issue central to the general causation question in this MDL, litigated extensively throughout the *Daubert* proceedings. Yet in one deposition, the Defendants redact testimony about how heat, humidity, and type of storage bottle influence the creation of NDMA in ranitidine, DE 5912-2 at 351; DE 6191-2 at 7, and in another deposition, the Defendants redact testimony about their testing of ranitidine for NDMA, DE 5912-2 at 2149; DE 6191-6 at 11. Therefore, while the Defendants analogize this case to *Classic Soft Trim, Inc. v. Albert*, No. 618CV1237ORL78GJK, 2020 WL 6734407 (M.D. Fla. Sept. 22, 2020), the cases differ because the general causation testimony in this case is of public concern and the records sealed in *Classic Soft Trim, Inc.* were not of public concern. *Id.* at *2.

Moreover, while the presence of commercially sensitive information within the disputed portions of the six depositions weighs toward a finding of good cause, it is not dispositive. In consideration of the factors outlined in *Romero v. Drummond Co.*, 480 F.3d 1234 (11th Cir. 2007), and because the disputed portions contain information that is not commercially sensitive and, most importantly, information that is related to general causation, the Court finds that there is not good cause to keep under seal the disputed portions of the six depositions. The Court has given the Defendants two chances to redact testimony from the depositions, and it will not require the Plaintiffs to defend against a third motion to seal.

## V. Conclusion

Therefore, the Defendants' Renewed Motion is **GRANTED in part** and **DENIED in part**. For the reasons stated in the Court's First Order on Sealing, DE 6124 at 2 n.1, there is good cause

to keep under seal personal identifying information.  The Defendants may substitute a corrected copy of the exhibit containing inadvertently unredacted personal identifying information.  By February 22, 2023, the Defendants must refile the six depositions; the Defendants may redact only personal identifying information from the depositions and refile them otherwise unsealed.

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, this 9th day of February, 2023.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record