UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) <br> PRODUCTS LIABILITY <br> LITIGATION | MDL NO. 2924 <br> 20-MD-2924 |
| | JUDGE ROBIN L. ROSENBERG <br> MAGISTRATE JUDGE BRUCE E. REINHART |
| _____/ | |

THIS DOCUMENT RELATES TO: ALL CASES

### RESPONSE IN OPPOSITION TO RETAILERS' AND DISTRIBUTORS' MOTION FOR SUMMARY JUDGMENT AND FOR AN INDICATIVE RULING

Unsatisfied with their complete victory in the motion-to-dismiss briefing, the Retailer and Distributor Defendants now seek an "indicative ruling" that they are entitled to summary judgment. The indicative-ruling device contemplated by Rule 62.1 was never designed for the relief these Defendants seek. This Court does not lack "authority to grant" summary judgment to Retailers and Distributors merely "because of an appeal that has been docketed." Fed. R. Civ. P. 62.1. Such authority is lacking primarily because these Defendants *never moved* for summary judgment (and still have not done so), no doubt because *all* of the claims against them were dismissed on the merits *years ago,* well before the close of discovery. Retailers and Distributors have not timely asked this Court to reconsider prior orders—the driving purpose animating Rule 62.1—but instead seek to *benefit* from orders that they now wish to free ride upon. No court has *ever* accepted this erroneous contortion of Rule 62.1. This Court should not be the first to commit that error of law.

1

# ARGUMENT

**I.     There Are No Claims on Which This Court Could Grant Summary Judgment.**

By far the simplest way to resolve the Motion is to enter judgment based on the Court's Rule 12 orders, and not address summary judgment or an "indicative" ruling. There have not been any claims against any Retailer or Distributor Defendant since this Court granted their Rule 12(b)(6) motion. *See* D.E. 3716. The Court held: "All of the Plaintiffs' claims against the Retailer and the Distributor Defendants are **DISMISSED WITHOUT LEAVE TO AMEND**." *Id.* at 23. The Court later clarified that *individual* Plaintiffs could amend to add case-specific negligence allegations, but "the type of negligence claim that the Plaintiffs might be able to plead would, like a medical malpractice claim, be necessarily case-specific and Plaintiff-specific." D.E. 4595 at 32. At the time, "no Short Form Complaint … contains any individualized allegations of negligence." *Id.* at 34. That remains true. None were ever pleaded, and it is undisputed that the time to amend has long-since expired. *See* D.E. 6233 at 11 (citing PTO #78). No Plaintiff wishes to bring such claims. That means that the Rule 12 dismissal disposed of *every* claim against *every* Distributor and Retailer. Defendants suggest that the Court should enter summary judgment on Count VII, D.E. 6233 at 9, n.5. But summary judgment against whom? No plaintiff—not a single one—has repleaded Count VII against a Retailer or Distributor. Just as the Court could not enter summary judgment on a claim it found preempted—because the claim is already out of the case—the Court cannot use Rule 56 to defeat Count VII a second time for good measure. The Court should simply enter judgment now, as the Retailer and Distributor Defendants requested, but under Rule 12, not Rule 56. *See* D.E. 6233 at 11-12.

**II.    Even If There Were Claims, the Court Should Not Grant Summary Judgment Because the Law of the Case Does Not Apply and Distributors and Retailers Never Moved for Summary Judgment.**

Defendants assume that the law-of-the-case applies, but do not explain which case they are

talking about. The MDL is not a case, but instead a collection of many individual cases. Just days ago, the Third Circuit warned that MDLs address distinct cases and that rulings from one case cannot simply be applied to a different case. "The law of the case doctrine cannot be applied across distinct actions in this multidistrict proceeding." *Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, No. 22-1122, 2023 WL 1458892, at *4 (3d Cir. Feb. 2, 2023). "That means a district court's decision whether to grant a motion ... in an individual case depends on the record in that case and not others." *Id.* (quoting *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020)). The Third Circuit also explained that issue preclusion does not apply because, in part, the parties were not the same—that applies here as well, since the Distributors and Retailers are not the same as the Brand Defendants (and the Plaintiffs may or may not be the same).

Beyond that problem, there are fundamental factual differences that would affect the record. A case-specific negligence claim would involve different, much higher, amounts of NDMA (and likely other impurities as well). A plaintiff who consumed ranitidine that was left in a hot truck for a long time would not be comparable to the patients in epidemiological studies. The NDMA testing such a plaintiff's expert would conduct would be different and would match the particular negligence alleged. There is no basis for saying that Dr. Najafi's testing, for example, would have been the same. In fact, there is no basis for assuming that plaintiffs would have used Dr. Najafi at all, or that the epidemiological experts would have used the same methodology. Discovery from the Retailers and Distributors would be relevant—discovery which never occurred, since claims against them were dismissed on a Rule 12 motion. To put the issue another way, an expert opinion that the brand manufacturers' ranitidine *in general* can cause cancer is not the same thing as an opinion that ranitidine that is *mishandled* in a specific manner can cause

cancer.[1]  The former has been excluded, but the Court has never had occasion to consider the latter.

The Retailer and Distributor Defendants *never even moved* for summary judgment, and so of course Plaintiffs never opposed such a motion.  They claim now to file a motion, but it is only one to "conditionally" grant an underlying motion *that does not exist.*  Even if such a motion were belatedly filed, it would hardly be "timely."  Fed. R. Civ. P. 62.1.  Under the briefing schedule, general causation motions were due in *June* of last year.  That deadline came and went with Retailers and Distributors standing idly by on the sidelines because they were already completely removed from this MDL, and, as a result, Plaintiffs never had an opportunity to build the factual record that determines the propriety of summary judgment.

**III.    An Indicative Ruling Would Be Improper Because Defendants' Motion Is Untimely and of the Wrong Type.**

Rule 62.1 does not apply here for multiple reasons.  The text of that rule is as follows:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Rule 62.1 generally addresses the problem of "a Rule 60(b) motion for relief from judgment" because "the period for filing a Rule 60(b) motion for relief extends far beyond the 30-day time period for filing an appeal."  Wright & Miller, § 2911 Purpose and Scope of Rule, 11 Fed. Prac. & Proc. Civ. § 2911 (3d ed.).

Here, it appears the Distributor and Retailer Defendants contemplate filing a motion to vacate the judgment under "Federal Rule of Civil Procedure 60(b)(6)" so that the Court can "revisit

---

[1] Consider an obvious example: lettuce, in general, does not cause any particular illness, but lettuce that was stored in humid, hot conditions can.  That an expert opinion on lettuce in general causing a certain illness is excluded would not require the exclusion of an opinion on mishandled lettuce.

4

its prior Rule 54(b) final judgment." D.E. 6233 at 10. But they have filed no such motion. That is dispositive. For indicative rulings to be granted, the "party must file a predicate motion for relief." Wright & Miller, § 2911, 11 Fed. Prac. & Proc. Civ. (3d ed.); *see also Medgraph, Inc. v. Medtronic, Inc.*, 310 F.R.D. 208, 210–11 (W.D.N.Y. 2015) ("On its face, then, the rule only applies when a 'timely motion' (typically a Rule 60(b) motion) has been made for relief that the court lacks jurisdiction to grant, because of the pendency of an appeal. **Absent an underlying, predicate motion**, there is no basis for relief under Rule 62.1 … [Defendants] ha[ve] not filed any motion for relief, apart from its motion under Rule 62.1, and the motion is subject to denial on that ground alone.") (emphasis added); *Singleton v. Cannizzaro*, 397 F. Supp. 3d 840, 845–46 (E.D. La. 2019) ("[T]he text of the Rule clearly requires a predicate motion to have been filed…. [A] party must file a predicate motion for relief before a court can indicate how it would rule on such a motion."); *Ramirez v. Crews*, No. 14-23264, 2014 WL 12693226, at *3 (S.D. Fla. Oct. 21, 2014), *report and recommendation adopted,* No. 14-23264, 2015 WL 13333652 (S.D. Fla. Aug. 24, 2015), *aff'd* 684 F. App'x 927 (11th Cir. 2017) ("Federal Rule of Civil Procedure 62.1 is intended to be used in conjunction with a *separate* motion seeking relief, such as a Rule 60(b) motion to vacate judgment.… Petitioner has not filed such motion") (emphasis added).

But even if such a motion were filed (seeking, one must conjecture, summary judgment on claims that were already dismissed), it is plainly not "timely" under the Rule. This Court set an orderly schedule for summary judgment motions based on *Daubert*. For Defendants, all such motions were due on June 13, 2022. *See* PTO 77. If, as the Distributor and Retailer Defendants now argue, they have been in the MDL all along, and the claims against them are live, they should have filed a motion. Failure to do so makes their motion untimely. Courts routinely deny Rule 62.1 motions on timeliness grounds, including when the underlying motion is just one day late.

5

*Howery v. Boeing Co.*, No. C14-01555RSM, 2015 WL 4394760, at *2 (W.D. Wash. July 16, 2015) ("She missed that deadline by one day. Accordingly, Rule 62.1 does not apply, and this Court lacks jurisdiction to consider the motion for reconsideration."); *Holmes v. Harris*, No. CV 18-3739 PSG (EX), 2021 WL 2272395, at *4 (C.D. Cal. May 19, 2021), *aff'd,* No. 21-55330, 2022 WL 1198204 (9th Cir. Apr. 22, 2022) (Rule 62.1 motion denied because the underlying motion was "three weeks after the deadline."); *Nunez v. Silber*, No. 18-CV-892 (CM), 2018 WL 10038776, at *2 (S.D.N.Y. June 13, 2018) ("more than 28 days" was untimely); *Kilpatrick v. Henkin*, No. 17-CV-5111 (CM), 2018 WL 1684410, at *2 (S.D.N.Y. Jan. 5, 2018) (about four months late was untimely). *See also In re Checking Acct. Overdraft Litig.*, 754 F.3d 1290, 1297–98 (11th Cir. 2014) ("KeyBank's Rule 62.1 attempt to revive the delegation clause argument came too late to save Johnson the expense of twice fighting the unconscionability battle in federal court."); *Limpin v. United States*, No. 17-CV-1729 JLS (WVG), 2022 WL 2803117, at *3 (S.D. Cal. July 18, 2022), *dismissed*, No. 22-55738, 2022 WL 16646699 (9th Cir. Oct. 20, 2022) (three-year-late motion was untimely).

Even if there were an underlying motion, and that motion were timely, Rule 62.1 has never been used in the manner Distributor and Retailer Defendants propose here. Defendants have cited no case—and Plaintiffs have not found one—in which a Defendant received an indicative ruling buttressing a Rule 12 dismissal with a separate Rule 56 summary judgment. That plainly is not what Rule 62.1 is for. Parties who win on Rule 12 have no right to insulate that ruling on appeal by receiving judgment on a completely different ground based on litigation of other claims entirely. Granting the motion would be an abuse of the federal rules.

## CONCLUSION

The Court should enter judgment on Count VII solely based on Rule 12, either preemption or on pleading grounds. It should deny the request for an indicative ruling and deny the Rule 56 motion.

6

Dated: February 9, 2023                              Respectfully submitted,

/s/ *Tracy A. Finken*                                By: /s/ *Robert C. Gilbert*
Tracy A. Finken                                      Robert C. Gilbert, FBN 561861
Email: tfinken@anapolweiss.com                       Email: gilbert@kolawyers.com
ANAPOL WEISS                                         KOPELOWITZ OSTROW FERGUSON
One Logan Square                                     WEISELBERG GILBERT
130 North 18th Street, Suite 1600                    2800 Ponce de Leon Boulevard, Suite 1100
Philadelphia, PA 19103                               Coral Gables, FL 33134
Tel: (215) 735-1130                                  Tel: (305) 384-7270


/s/ *Michael L. McGlamry*                            /s/ *Adam Pulaski*
Michael L. McGlamry                                  Adam Pulaski
Email: efile@pmkm.com                                Email: adam@pulaskilawfirm.com
POPE McGLAMRY, P.C.                                  PULASKI KHERKHER, PLLC
3391 Peachtree Road NE, Suite 300                    2925 Richmond Avenue, Suite 1725
Atlanta, GA 30326                                    Houston, TX 77098
Tel: (404) 523-7706                                  Tel: (713) 664-4555


*Plaintiffs' Co-Lead Counsel*


Rosemarie R. Bogdan                                  Mark J. Dearman, FBN 0982407
Email: Rosemarie.bogdan@1800law1010.com              Email: mdearman@rgrdlaw.com
MARTIN, HARDING & MAZZOTTI                           ROBBINS GELLER RUDMAN & DOWD
1 Wall Street                                        120 East Palmetto Park Road, Suite 500
Albany, NY 12205                                     Boca Raton, FL 33432
Tel: (518) 862-1200                                  Tel: (561) 750-3000


Elizabeth A. Fegan                                   Marlene J. Goldenberg
Email: beth@feganscott.com                           Email: mjgoldenberg@goldenberglaw.com
FEGAN SCOTT, LLC                                     GOLDENBERG LAW, PLLC
1456 Sycamore Rd.                                    800 LaSalle Avenue, Suite 2150
Yorkville, IL 60560                                  Minneapolis, MN 55402
Tel: (312) 741-1019                                  Tel: (855) 333-4662

Ashley Keller
Email: ack@kellerpostman.com
KELLER | POSTMAN
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (312) 741-5222

Frederick S. Longer
Email: flonger@lfsblaw.com
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500

Roopal P. Luhana
Email: luhana@chaffinluhana.com
CHAFFIN LUHANA LLP
600 Third Avenue, 12th Floor
New York, NY 10016
Tel: (888) 480-1123

Francisco R. Maderal, FBN 0041481
Email: frank@maderalbyrne.com
MADERAL BYRNE PLLC
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Tel: (305) 520-5690

Ricardo M. Martinez-Cid, FBN 383988
Email: RMartinez-Cid@Podhurst.com
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Avenue, Suite 3200
Miami, FL 33130
Tel: (305) 358-2800

Lauren S. Miller
Email: laurenm@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1914 4th Avenue North
Suite 320
Birmingham, AL 35203
Tel: (205) 533-4175

Melanie H. Muhlstock
Email: mmuhlstock@yourlawyer.com
PARKER WAICHMAN LLP
6 Harbor Park Drive
Port Washington, NY 11050
Tel: (516) 723-4629

Daniel A. Nigh, FBN 30905
Email: dnigh@levinlaw.com
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (888) 435-7001

Carmen S. Scott
Email: cscott@motleyrice.com
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9160

Mikal C. Watts
Email: mcwatts@wattsguerra.com
WATTS GUERRA LLP
4 Dominion Drive
Building 3, Suite 100
San Antonio, TX 78257
Tel: (800) 294-0055

Sarah N. Westcot, FBN 1018272
Email: swestcot@bursor.com
BURSOR & FISHER, P.A.
701 Brickell Ave., Suite 1420
Miami, FL 33131-2800
Tel: (305) 330-5512

Frank Woodson
Email: Frank.Woodson@BeasleyAllen.com
BEASLEY ALLEN LAW FIRM
234 Commerce St
Montgomery, AL 36103
Tel: (334) 269-2343

Paige Boldt
Email: pboldt@wattsguerra.com
WATTS GUERRA LLP
1815 Windsong Circle
Keller, TX 76248
Tel: (210) 447-1534

Adam W. Krause
Email: adam@krauseandkinsman.com
KRAUSE AND KINSMAN, LLC
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel: (816) 760-2700

Bradford B. Lear
Email: Lear@learwerts.com
LEAR WERTS LLP
103 Ripley Street
Columbia, MO 65203
Tel: (573) 875-1992

Conlee S. Whiteley
Email: c.whiteley@kanner-law.com
KANNER & WHITELEY, L.L.C.
701 Camp Street
New Orleans, LA  70130
Tel: (504) 524-5777

Steven B. Rotman
Email: srotman@housfeld.com
HAUSFELD, LLP
One Marina Park Drive, Suite 1410
Boston, MA 02210
Tel: (617) 207-0602

Je Yon Jung
Email: JJung@maylightfootlaw.com
MAY JUNG, LLP
1100 W. Town & Country Road
Suite 1250
Tel: (818) 869-6476

Nicola Larmond-Harvey, FBN 0105312
Email: nicola@saunderslawyers.com
SAUNDERS & WALKER, P.A.
3491 Gandy Boulevard North, Suite 200
Pinellas Park, FL 33781
Tel: (727) 579-4500


*Plaintiffs' Steering Committee*

Brooke Achua
Email: brooke@feganscott.com
FEGAN SCOTT, LLC
1456 Sycamore Rd., 46th Floor
Yorkville, IL 60560
Tel: (646) 502-7910

Harrison M. Biggs
Email: hbiggs@yourlawayer.com
PARKER WAICHMAN LLP
6 Harbor Park Drive
Port Washington, NY 11050
Tel: (516) 723-4633

Lea P. Bucciero
Email: lbucciero@podhurst.com
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Avenue, Suite 3200
Miami, FL 33130
Tel: (305) 358-2800

Marlo E. Fisher
Email: marlo@pulaskilawfirm.com
PULASKI KHERKHER, PLLC
2925 Richmond Avenue, Suite 1725
Houston, TX 77098
Tel: (713) 664-4555

Noah Heinz
Email: noah.heinz@kellerpostman.com
KELLER | POSTMAN
1100 Vermont Avenue NW, Floor 12
Washington, DC 20005
Tel: (202) 918-1841

Caroline G. McGlamry
Email: carolinemcglamry@pmkm.com
POPE McGLAMRY, P.C.
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706

Laura K. Stemkowski
Email: lstemkowski@motleyrice.com
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9165

Alexander C. Cohen
Email: acohen@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432
Tel: (561) 750-3000

Kendra Goldhirsch
Email: goldhirsch@chaffinluhana.com
CHAFFIN LUHANA LLP
600 Third Avenue, 12th Floor
New York, NY 10016
Tel: (888) 480-1123

Catelyn McDonough
Email: cmcdonough@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-1130

Madeline Pendley
Email: mpendley@levinlaw.com
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (850) 435-7003

Daniel E. Tropin
Email: tropin@kolawyers.com
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (954) 990-2216

*Plaintiffs' Leadership Development Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

*/s/ Robert C. Gilbert*
Robert C. Gilbert
