UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924 |
| | JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |
| _____ / | |

THIS DOCUMENT RELATES TO: ALL CASES

### RESPONSE IN OPPOSITION TO GENERIC MANUFACTURER DEFENDANTS' MOTION FOR JUDGMENT

In two separate submissions, Generic Defendants brazenly attempt to benefit from summary judgment and *Daubert* decisions applicable to different plaintiffs *and* defendants.[1] If there is a more blatant violation of the bedrock principle that the cases in this MDL are distinct, one struggles to think of it. The motion should be denied.

*First,* as to all but *a single plaintiff,* this Court lacks jurisdiction to grant the relief Generic Defendants seek. This Court has already entered final judgments under Rules 54 or 58 for *all* claims brought by plaintiff-appellants. Appellants did not appeal almost-final judgments. The dismissed claims they brought are not mostly-dead-but-a-little-alive. Appellants' cases were completely disassociated from this Court, which is why appellants *had* to file notices of appeal or lose their claims forever. It has been settled law since before the Eleventh Circuit was created that a properly filed notice of appeal divests a district court of jurisdiction to adjudicate the merits. *E.g., Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166, 1170 (5th Cir. 1978) ("[I]t is the filing

---

[1] *See* D.E. 6237 (on behalf of all Generic Defendants); D.E. 6236 (on behalf of Apotex and six others).

1

of the appeal, not the entering of a final judgment, that divests the district court of jurisdiction."); *Siglar v. United States*, 208 F.2d 865, 868 (5th Cir. 1954) (After a "notice of appeal … the trial court's jurisdiction with respect of the judgment from which such appeal has been prosecuted is suspended."). The Retailers and Distributors know this well, which is why they improperly seek an "indicative ruling" under Rule 62.1. Though that Rule is inapplicable in this context, *see* D.E. 6263, at least the Retailers' motion has the feature of not being jurisdictionally defective. While the Generic Defendants gesture towards Rule 62.1 in a footnote, they acknowledge they are not asking for such relief "at this time." D.E. 6237 at 16 n.4. They are asking instead for summary judgment without jurisdiction, with nary a word about the impropriety of wielding judicial power in such lawless fashion.

*Second,* while all appellants are not before this Court, the Generic Defendants submit an "appendix listing the Generic-only cases not pending appeal." D.E. 6237 at 5. Resort to a separate "appendix" that supposedly lists "case*s*" can only be seen as a subterfuge to gloss over the simple fact that there is *only one case* that slipped between the cracks of this Court's Rule 54 and Rule 58 judgments. Plaintiff Delisle had not yet filed a notice of appeal when this Court found every one of his claims against generics preempted, so he did not receive a Rule 58 judgment. And he sued only Generic Defendants, not Generics plus others such as retailers, and so was similarly not encompassed by this Court's Rule 54(b) judgment. Though that means this Court is not *jurisdictionally* barred from dismissing his case, it cannot grant the relief Generic Defendants seek. The only lawful path forward is the ministerial task of entering—at long last—a Rule 58 judgment based on the motion-to-dismiss decision.

The Generic Defendants moved for dismissal based on preemption, and prevailed. Delisle has not and will not amend his complaint to add new or alternative claims that could escape that

dispositive ruling. He has, in fact, not litigated his case at all in the 18 months since each and every one of his claims was dismissed. Complete victory on the one ground Generic Defendants requested and that the parties actually had an opportunity to litigate should result in entry of a straight-forward Rule 58 judgment now that any deadline to amend Delisle's pleading has come and gone.

None of the Generic Defendants' efforts to smuggle *other parties' Daubert* and summary judgment orders into Delisle's case are proper. It does not matter that, in the Generic Defendants' self-serving view, the "analysis applied by the Court" on the Brand Defendants' *Daubert* motion could apply to generic ranitidine. D.E. 6237 at 7. Delisle could not and did not obtain discovery from Generic Defendants to prepare experts to testify about their products or to build a summary judgment record. Generic Defendants never moved to exclude experts that Delisle never designated, and never moved for summary judgment that Delisle had a full and fair opportunity to oppose. Quoting this Court's *questions* from a hearing changes nothing. Even if this Court had said years ago (and it did not) that it would like to apply its *Daubert* decision to any and all Plaintiffs past and present, it has no authority to pre-announce that it is stripping parties of their due process rights to individually litigate their cases.

Generic Defendants' invocation of issue preclusion and law of the case borders on the frivolous. *Both* the plaintiffs *and* the defendants subject to this Court's *Daubert* and summary judgment orders are different, which is the beginning and, here, the end, of any effort to apply principles of collateral estoppel. The notion that Delisle is in *privity* with any other plaintiff is wild *ipse dixit*. Generic Defendants do not have a shred of evidence to support that fantastical claim. It is nonsense. As for law-of-the-case doctrine, the law of *Delisle's* case cannot be based on rulings in *some other plaintiffs'* cases. Ignoring the separateness of each Plaintiffs' action might

3

appeal to Generic Defendants' abstract notions of expediency or their perception of the purpose of Section 1407. But gauzy appeals to efficiency or vague incantations of the animating intent of the MDL statute cannot scotch this Court's obligation to heed binding Supreme Court precedent. Delisle has his own case and cannot lose on summary judgment merely because others did so.

## ARGUMENT

### I. The Court Should Enter Judgment Under Rule 58 Because It Held that All Claims Against the Generic Defendants Are Preempted.

It appears the Generic Defendants found one generic-only case in which judgment had not been entered. It should be. To the extent the Generic Defendants' proposed judgment simply states that amendment is not permitted and so judgment is entered, Plaintiffs have no objection (indeed, amendment has not been *sought*). The Court cannot say anything about *Daubert* to enter judgment, since the claims have already been finally resolved on other grounds.

As for later-filed cases, Plaintiffs' previous filing at D.E. 6234 gives Plaintiffs' position: the Court should stay cases that are filed or transferred later, pending the resolution of the appeals.

### II. The *Daubert* Rulings Do Not Apply to the Generic Defendants.

The Generic Defendants never grapple with the core reasons the Court's *Daubert* order cannot apply in their favor. They are simple:

*First,* every plaintiff who has already filed an appeal is no longer in this Court. This Court lacks jurisdiction to adjudicate their claims in any way. *E.g., Shewchun v. United States*, 797 F.2d 941, 943 (11th Cir. 1986); *United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir. 1980) ("Historically, the filing of a notice of appeal has generally given the appellate court sole jurisdiction and divested the trial court of jurisdiction to proceed with the case."). That simple rule disposes of the Generic Defendants' motion as to all *but a single plaintiff*.

*Second*, as to him, the Generic Defendants have never—to this day—moved for summary

4

judgment, and *no* Plaintiff has opposed summary judgment.

*Third*, the Generic Defendants did not take part in discovery, and so there is no record of the sort that would be needed to rule that their ranitidine cannot cause cancer. *Unlike the Brand Defendants*, the Generic Defendants did not turn over their product for testing. Had they done so, their ranitidine may well have had more NDMA, and the testing for it may have passed muster under *Daubert*—we simply cannot know because they won at the motion-to-dismiss stage. *See CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d 1309, 1317 (11th Cir. 2003) (a party "need only point to one material differentiating fact that would alter the legal inquiry here and thereby overcome the preclusive effect").

*Fourth*, quite apart from whether the Generic Defendants ever moved for summary judgment, *no party* in *any case* involving a Generic Defendant has moved for summary judgment. It appears that only the Delisle case was pending at the time *Daubert* was decided, but that case had no Brand Defendants. The general causation experts were not put forward for that Plaintiff, who was not even eligible to be a bellwether. Future cases have not yet been filed, and so the order cannot apply to them since they had no opportunity to be heard. As to the mixed-defendant cases, those were severed by the Rule 54(b) judgment, and the cases on appeal cannot be affected by later *Daubert* orders. *Daubert* was not litigated *at all* in any case involving any Generic Defendant *by them or anyone else*. To apply the *Daubert* rulings from the cases involving the Brand Defendants to *other* cases that were not involved would deny each cases' distinct identity without any doctrinal basis. *See Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 411-12 (2015); D.E. 4595 at 22 ("the merger doctrine … does not apply to this MDL").

Generic Defendants try to sidestep these fundamental points by citing the *Lipitor* case, but that case was different in every relevant respect. *See In re Lipitor (Atorvastatin Calcium) Mktg.,*

5

*Sales Pracs. & Prod. Liab. Litig. (No II) MDL 2502*, 892 F.3d 624 (4th Cir. 2018). There, defendants properly moved for summary judgment with respect to *each case*, participated in discovery fully, and did so in the *same cases* that were actually dismissed. Through an order to show cause process, *every* dismissed plaintiff was given notice and a full opportunity to be heard on summary judgment. The question was whether, after providing *individual* adjudications, the MDL court could enter judgment in each case rather than remanding every case. The analogous question would be if Plaintiffs asked for cases involving *Pfizer* to be remanded at this phase.

Generic Defendants also propose that *Daubert* should apply because general causation is important in mass torts, or because the Court triggered the end of tolling and other matters on general causation. There is no therefore. If the Generic Defendants had not *prevailed on their Rule 12 motions*, they no doubt would have been an important part of the summary judgment process and might, if the result had been the same, prevailed under Rule 56. But they won sooner. They have cited no case in which a litigant that fully prevailed on one ground can re-enter the case a year later to gain the benefit of an entirely distinct ground for victory that they never litigated in any case involving them.

To avoid these obvious problems, Defendants graspingly invoke issue preclusion, stretching the doctrine beyond recognition. Issue preclusion generally applies when *both* parties *are the same*. *CSX Transp., Inc.*, 327 F.3d at 1317 ("Collateral estoppel ... has the dual purpose of protecting litigants from the burden of relitigating an identical issue *with the same party or his privy* and of promoting judicial economy by preventing needless litigation.") (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)) (emphasis added). Here, not even *one* party is the same. Every plaintiff and every defendant who briefed *Daubert* and summary judgment is different. No case has upheld such an extravagant rule of issue preclusion.

6

Expressly relying on *Gelboim*, the Third Circuit recently rejected issue preclusion in an MDL, as well as law-of-the-case: "The law of the case doctrine cannot be applied across distinct actions in this multidistrict proceeding." *Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, No. 22-1122, 2023 WL 1458892, at *4 (3d Cir. Feb. 2, 2023). "That means a district court's decision whether to grant a motion ... in an individual case depends on the record in that case and not others." *Id.* (quoting *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020)). The Third Circuit also explained that issue preclusion does not apply because, in part, the parties were not the same. There are exceptions to the mutuality requirement—sometimes, parties are in privity with another, but those relationships are limited and not present here, just as they were absent in the Third Circuit case: "Nor was Home Depot in privity with any party. *See Taylor v. Sturgell*, 553 U.S. 880, 893–95 (2008) (describing the types of privies, including 'preceding and succeeding owners of property,' members of a certified class, and those who litigate 'through a proxy')." *Id.* at *5. As the Third Circuit recognized, the forms of privity are limited to those recognized historically (as *Taylor* held).

The Generic Defendants' last argument is, amazingly, that "All of the Plaintiffs in this MDL are privies." D.E. 6237 at 14. But (except by coincidence) none of the Plaintiffs in this MDL have any relationship whatsoever. They do not own the same property. They are not legal representatives of each other. Few even know each other. At most, they have *some* of the same attorneys. Having the same attorneys has never been enough for issue preclusion (even in a leadership structure), otherwise the absent class members who were denied certification in *Smith v. Bayer Corp.*, 564 U.S. 299, 302 (2011) would have been in privity with the named plaintiffs through their lawyers and barred from relitigating class certification. And if that were enough, the Supreme Court would have endorsed—rather than rejected—the concept of "virtual

7

representation" in *Taylor v. Sturgell*. 553 U.S. at 885. In *Taylor*, the plaintiffs in the two cases worked at the same small company, had the same attorneys, knew each other well, shared case-related documents, and planned the subsequent suit—none of that sufficed. *See id.* at 889.

Last, the Generics telegraph that they may wish to request an indicative ruling. Suffice it to say that they have not done so, which renders Rule 62.1 irrelevant to the present motion.

**III.    The Court Should Deny the Separate Motion Filed by Apotex and Related Entities.**

Apotex Corp. and several other Generic Defendants also filed a separate motion, which should similarly be denied. D.E. 6236.

Apotex notes that four categories of cases are "alive": Delisle's case, the two class actions, and "claims not yet filed in or transferred to the MDL." D.E. 6236 at 4. Judgment should be entered in the Delisle case, but there is no reason to apply *Daubert*, since no *Daubert* briefing occurred in that case. The class claims have been briefed elsewhere, but the only material point to note is that if the Generic Defendants wished to receive a judgment in those actions, they could by filing for a Rule 54(b) judgment, as their motion acknowledges. Claims not yet filed in or transferred to the MDL have not had their day in court—the Court cannot act upon these as-yet unfiled cases, and once filed, cannot dismiss them without giving an opportunity to be heard. As noted above, the *Lipitor* case Apotex relies upon did not involve applying an earlier ruling to later-filed cases with no opportunity to be heard or even a motion from the relevant Defendant.

## CONCLUSION

Both Motions should be denied.

8

Dated: February 10, 2023          Respectfully submitted,

| | |
|---|---|
| */s/ Tracy A. Finken* | By: */s/ Robert C. Gilbert* |
| Tracy A. Finken | Robert C. Gilbert, FBN 561861 |
| Email: tfinken@anapolweiss.com | Email: gilbert@kolawyers.com |
| ANAPOL WEISS | KOPELOWITZ OSTROW FERGUSON |
| One Logan Square | WEISELBERG GILBERT |
| 130 North 18th Street, Suite 1600 | 2800 Ponce de Leon Boulevard, Suite 1100 |
| Philadelphia, PA 19103 | Coral Gables, FL 33134 |
| Tel: (215) 735-1130 | Tel: (305) 384-7270 |
| | |
| */s/ Michael L. McGlamry* | */s/ Adam Pulaski* |
| Michael L. McGlamry | Adam Pulaski |
| Email: efile@pmkm.com | Email: adam@pulaskilawfirm.com |
| POPE McGLAMRY, P.C. | PULASKI KHERKHER, PLLC |
| 3391 Peachtree Road NE, Suite 300 | 2925 Richmond Avenue, Suite 1725 |
| Atlanta, GA 30326 | Houston, TX 77098 |
| Tel: (404) 523-7706 | Tel: (713) 664-4555 |

*Plaintiffs' Co-Lead Counsel*

| | |
|---|---|
| Rosemarie R. Bogdan | Mark J. Dearman, FBN 0982407 |
| Email: Rosemarie.bogdan@1800law1010.com | Email: mdearman@rgrdlaw.com |
| MARTIN, HARDING & MAZZOTTI | ROBBINS GELLER RUDMAN & DOWD |
| 1 Wall Street | 120 East Palmetto Park Road, Suite 500 |
| Albany, NY 12205 | Boca Raton, FL 33432 |
| Tel: (518) 862-1200 | Tel: (561) 750-3000 |
| | |
| Elizabeth A. Fegan | Marlene J. Goldenberg |
| Email: beth@feganscott.com | Email: mjgoldenberg@goldenberglaw.com |
| FEGAN SCOTT, LLC | GOLDENBERG LAW, PLLC |
| 1456 Sycamore Rd. | 800 LaSalle Avenue, Suite 2150 |
| Yorkville, IL 60560 | Minneapolis, MN 55402 |
| Tel: (312) 741-1019 | Tel: (855) 333-4662 |

Ashley Keller
Email: ack@kellerpostman.com
KELLER | POSTMAN
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL  33134
Tel: (312) 741-5222

Frederick S. Longer
Email: flonger@lfsblaw.com
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500

Roopal P. Luhana
Email: luhana@chaffinluhana.com
CHAFFIN LUHANA LLP
600 Third Avenue, 12th Floor
New York, NY  10016
Tel: (888) 480-1123

Francisco R. Maderal, FBN 0041481
Email: frank@maderalbyrne.com
MADERAL BYRNE PLLC
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Tel: (305) 520-5690

Ricardo M. Martinez-Cid, FBN 383988
Email: RMartinez-Cid@Podhurst.com
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Avenue, Suite 3200
Miami, FL 33130
Tel: (305) 358-2800

Lauren S. Miller
Email: laurenm@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1914 4th Avenue North
Suite 320
Birmingham, AL 35203
Tel: (205) 533-4175

Melanie H. Muhlstock
Email: mmuhlstock@yourlawyer.com
PARKER WAICHMAN LLP
6 Harbor Park Drive
Port Washington, NY 11050
Tel: (516) 723-4629

Daniel A. Nigh, FBN 30905
Email: dnigh@levinlaw.com
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL  32502
Tel: (888) 435-7001

Carmen S. Scott
Email: cscott@motleyrice.com
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9160

Mikal C. Watts
Email: mcwatts@wattsguerra.com
WATTS GUERRA LLP
4 Dominion Drive
Building 3, Suite 100
San Antonio, TX  78257
Tel: (800) 294-0055

Sarah N. Westcot, FBN 1018272
Email: swestcot@bursor.com
BURSOR & FISHER, P.A.
701 Brickell Ave., Suite 1420
Miami, FL 33131-2800
Tel: (305) 330-5512

Frank Woodson
Email: Frank.Woodson@BeasleyAllen.com
BEASLEY ALLEN LAW FIRM
234 Commerce St
Montgomery, AL 36103
Tel: (334) 269-2343

Paige Boldt
Email: pboldt@wattsguerra.com
WATTS GUERRA LLP
1815 Windsong Circle
Keller, TX 76248
Tel: (210) 447-1534

Adam W. Krause
Email: adam@krauseandkinsman.com
KRAUSE AND KINSMAN, LLC
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel: (816) 760-2700

Bradford B. Lear
Email: Lear@learwerts.com
LEAR WERTS LLP
103 Ripley Street
Columbia, MO 65203
Tel: (573) 875-1992

Conlee S. Whiteley
Email: c.whiteley@kanner-law.com
KANNER & WHITELEY, L.L.C.
701 Camp Street
New Orleans, LA 70130
Tel: (504) 524-5777

Steven B. Rotman
Email: srotman@housfeld.com
HAUSFELD, LLP
One Marina Park Drive, Suite 1410
Boston, MA 02210
Tel: (617) 207-0602

Je Yon Jung
Email: JJung@maylightfootlaw.com
MAY JUNG, LLP
1100 W. Town & Country Road
Suite 1250
Tel: (818) 869-6476

Nicola Larmond-Harvey, FBN 0105312
Email: nicola@saunderslawyers.com
SAUNDERS & WALKER, P.A.
3491 Gandy Boulevard North, Suite 200
Pinellas Park, FL 33781
Tel: (727) 579-4500

*Plaintiffs' Steering Committee*

Brooke Achua
Email: brooke@feganscott.com
FEGAN SCOTT, LLC
1456 Sycamore Rd., 46th Floor
Yorkville, IL 60560
Tel: (646) 502-7910

Harrison M. Biggs
Email: hbiggs@yourlawayer.com
PARKER WAICHMAN LLP
6 Harbor Park Drive
Port Washington, NY 11050
Tel: (516) 723-4633

| | |
|---|---|
| Lea P. Bucciero<br>Email: lbucciero@podhurst.com<br>PODHURST ORSECK, P.A.<br>SunTrust International Center<br>One S.E. 3rd Avenue, Suite 3200<br>Miami, FL 33130<br>Tel: (305) 358-2800 | Alexander C. Cohen<br>Email: acohen@rgrdlaw.com<br>ROBBINS GELLER RUDMAN & DOWD<br>120 East Palmetto Park Road<br>Suite 500<br>Boca Raton, FL 33432<br>Tel: (561) 750-3000 |
| Marlo E. Fisher<br>Email: marlo@pulaskilawfirm.com<br>PULASKI KHERKHER, PLLC<br>2925 Richmond Avenue, Suite 1725<br>Houston, TX 77098<br>Tel: (713) 664-4555 | Kendra Goldhirsch<br>Email: goldhirsch@chaffinluhana.com<br>CHAFFIN LUHANA LLP<br>600 Third Avenue, 12th Floor<br>New York, NY 10016<br>Tel: (888) 480-1123 |
| Noah Heinz<br>Email: noah.heinz@kellerpostman.com<br>KELLER \| POSTMAN<br>1100 Vermont Avenue NW, Floor 12<br>Washington, DC 20005<br>Tel: (202) 918-1841 | Catelyn McDonough<br>Email: cmcdonough@anapolweiss.com<br>ANAPOL WEISS<br>One Logan Square<br>130 North 18th Street, Suite 1600<br>Philadelphia, PA 19103<br>Tel: (215) 735-1130 |
| Caroline G. McGlamry<br>Email: carolinemcglamry@pmkm.com<br>POPE McGLAMRY, P.C.<br>3391 Peachtree Road NE, Suite 300<br>Atlanta, GA 30326<br>Tel: (404) 523-7706 | Madeline Pendley<br>Email: mpendley@levinlaw.com<br>LEVIN PAPANTONIO THOMAS<br>MITCHELL RAFFERTY & PROCTOR, P.A.<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Tel: (850) 435-7003 |
| Laura K. Stemkowski<br>Email: lstemkowski@motleyrice.com<br>MOTLEY RICE LLC<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464<br>Tel: (843) 216-9165 | Daniel E. Tropin<br>Email: tropin@kolawyers.com<br>KOPELOWITZ OSTROW FERGUSON<br>WEISELBERG GILBERT<br>2800 Ponce de Leon Boulevard, Suite 1100<br>Coral Gables, FL 33134<br>Tel: (954) 990-2216 |

*Plaintiffs' Leadership Development Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

                  */s/ Robert C. Gilbert*
                  Robert C. Gilbert