UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                               MDL NO 2924
PRODUCTS LIABILITY                                  20-MD-2924
LITIGATION

                                                  JUDGE ROBIN L ROSENBERG
                                       MAGISTRATE JUDGE BRUCE REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

**PRETRIAL ORDER # 81**
**Further Proceedings for Cases Alleging Non-Designated Cancers**

On December 6, 2022, the Court entered an Omnibus Order [DE 6120] granting Brand Defendants' *Daubert* motions on general causation relating to all Designated Cancers[1] in this MDL, along with Brand Defendants' associated motion for summary judgment.[2] Although most of the cases in this MDL allege Designated Cancers as the Plaintiff's primary injury, the Court understands that there are some cases in which Plaintiffs allege that their use of ranitidine products caused injuries other than Designated Cancers ("Non-Designated Cancer Cases").[3] As contemplated by Pretrial Order 72, the Court hereby establishes the following deadlines and procedures for the Non-Designated Cancer Cases involving Plaintiffs who wish to pursue their

---

[1] "Designated Cancers" are the five cancer types—bladder, esophageal, gastric, liver, and pancreatic—for which Plaintiffs' Leadership served general causation expert reports in this MDL.
[2] "Brand Defendants" as used in this Order refers to Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, Boehringer Ingelheim USA Corporation, GlaxoSmithKline LLC, GlaxoSmithKline (America) Inc., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, Chattem, Inc., Pfizer, Inc., and Patheon Manufacturing Services LLC.
[3] Plaintiffs whose Complaints allege both a Designated Cancer and a Non-Designated Cancer ("Hybrid Plaintiffs") are instructed to follow the guidance set forth in footnote 7 of Pretrial Order 72: Plaintiffs who allege that Zantac caused a Designated Cancer, which then metastasized and/or caused a later-diagnosed Non-Designated Cancer or other injury, are pursuing Designated Cancer claims and thus not subject to this Order. In contrast, Plaintiffs who allege that Zantac caused a Non-Designated Cancer, which then metastasized into a Designated Cancer, are pursuing Non-Designated Cancer claims and thus are subject to this Order. Hybrid Plaintiffs who previously applied the Court's definition in compliance with Pretrial Order 72 to determine that they were Designated Cancer claimants, or who elected to drop their Non-Designated Cancer claims in Amended Census Plus Forms submitted to LMI in order to remain in the Registry as Designated Cancer claimants, are Designated Cancer plaintiffs not subject to this Order.

cases. *See* DE 5348 ¶ 14. If any Plaintiff fails to meet the requirements and deadlines established by this Order, his or her action may be subject to dismissal with prejudice under Rule 41(b).

| DEADLINE | EVENT |
|---|---|
| February 27, 2023 | Plaintiffs' Leadership shall file a notice indicating whether they intend to provide general causation experts for Non-Designated Cancers in support of any class claim, together with the reason for Leadership's decision.[4] |
| February 27, 2023 | The parties shall file a joint notice listing the case number of every Non-Designated Cancer case in this MDL that has neither been voluntarily dismissed nor received the entry of Rule 58 final judgment. Non-Designated Cancer Cases that have received entry of Rule 54(b) partial final judgment shall be included on the list if they name a Brand Defendant. Non-Designated Cancer Cases that have received entry of Rule 54(b) partial final judgment shall not be included on the list if they do not name a Brand Defendant. |
| April 12, 2023 | Individual Plaintiffs shall file a Notice of Non-Designated Cancers each Plaintiff intends to pursue, if any, and will certify his or her intent to provide general causation expert reports on the Non-Designated Cancer(s). |
| June 12, 2023 | Each Plaintiff who previously filed a Notice of Intent to provide general causation expert reports on Non-Designated Cancer claims shall deliver his or her expert reports to the Brand Defendants. In addition, the Plaintiff shall file a Notice listing all experts for whom the Plaintiff has provided a general causation expert report to the Brand Defendants. |

The Court clarifies eight points pertaining to the deadlines set forth above. First, each Plaintiff's Notice of Intent to pursue a Non-Designated Cancer claim (and certification of intent to subsequently provide a general causation expert report) shall be filed on the MDL docket, not in any individual case.

Second, the Court clarifies for the benefit of *pro se* Plaintiffs that a Plaintiff may not author his or her own expert report, unless the *pro se* Plaintiff has sufficient scientific credentials to qualify the Plaintiff as competent to testify on general causation.

---

[4] Based upon Plaintiffs' Leadership's prior decision not to pursue Non-Designated Cancer personal injury claims, the Court does not anticipate that Plaintiffs' Leadership will rely upon Non-Designated Cancer evidence in support of any class claim, however, in order to assist the Court with its adjudication of pending motion practice on the class claims, the Court uses this opportunity to clarify Leadership's position on Non-Designated Cancers and the class claims. In the event Leadership elects to produce such evidence, the Court will hold a status conference to discuss whether Leadership must represent non-class Non-Designated Cancer Plaintiffs pursuant to Pretrial Order 20, together with a briefing schedule for Leaderships' motion practice on Non-Designated Cancer evidence. In the event Leadership does not elect to produce Non-Designated Cancer evidence in support of the class claims, the Court sees no efficiency in coordinating Leaderships' representation of the class claims with Non-Designated Cancer Plaintiffs' representation of personal injury claims.

Third, the Court clarifies for the benefit of *pro se* Plaintiffs that the requirement to provide a general causation expert report cannot be satisfied from the Plaintiffs' production of articles or information that, according to the Plaintiff, proves the theoretical capability of ranitidine to cause a Non-Designated Cancer claim; a scientific expert must author an expert report that satisfies the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Fourth, the Court clarifies for the benefit of *pro se* Plaintiffs that the Court will not appoint general causation experts.  The financial burden associated with the retention of scientific experts will be borne by the individual Plaintiffs.

Fifth, nothing in this Order shall preclude individual Plaintiffs from collectively filing a joint notice or collectively providing general causation expert reports, provided the Plaintiffs are pursuing the same Non-Designated Cancers.

Sixth, following the passage of the foregoing deadlines, the Court intends to evaluate the number of Non-Designated Cancers disclosed, and general causation expert reports produced, and confer with the parties prior to entering subsequent orders setting the schedule for expert discovery and *Daubert* general causation motion practice.

Seventh, the requirements and deadlines established by this Order also apply to any future Plaintiff alleging a Non-Designated Cancer who files a complaint in this MDL after the date of this Order or who has his or her action transferred to this MDL after the date of this Order, except that the deadlines applicable to such Plaintiffs will be calculated based on the date of the filing of his or her complaint (e.g., a Plaintiff's deadline to disclose any Non-Designated Cancer that he or she intends to pursue with general causation experts shall be sixty days from the date of that Plaintiff's filing of his or her complaint), or in transferred cases either the date on which (a) the

deadline to file a motion to remand expires, or (b) the Court enters an order on a motion to remand, whichever is applicable.

Eighth and finally, for the avoidance of all doubt, the Court clarifies that the requirements of this Order apply to every Non-Designated Cancer case (not previously dismissed pursuant to Rule 41(a)(1)(A)) in this MDL that brings a claim against a Brand Defendant.[5] The requirements of this Order do not apply to Non-Designated Cancer cases that do *not* bring a claim against a Brand Defendant, *unless* the individual Short Form Complaint asserts a claim against a non-Brand Defendant that not was not adjudicated in the Court's previous rulings.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 14th day of February, 2023.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[5] As will be explained in a forthcoming order, the non-Brand Defendants previously sought for the Court's federal pre-emption rulings on the master complaints to be applied to individual Short Form Complaints when the non-Brand Defendants requested (and received) entry of certain Rule 54(b) partial final judgments. For that reason, there is no reason for Non-Designated Cancer claims against non-Brands to proceed to general causation, unless an individual Plaintiff has independently pled a claim in his or her Short Form Complaint that is distinct from the claims the Court addressed in the master complaints.