UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924 20-MD-2924 JUDGE ROBIN L. ROSENBERG MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

**RETAILERS' AND DISTRIBUTORS' REPLY IN SUPPORT OF
MOTION (1) FOR SUMMARY JUDGMENT ON ALL CLAIMS INVOLVING
DESIGNATED CANCERS; (2) FOR AN INDICATIVE RULING STATING AN
INTENTION TO APPLY THE COURT'S DISPOSITIVE RULINGS TO COUNTS I-VI
AND VIII-XII (NOW ON APPEAL); AND (3) TO ENTER
AN ORDER FINALLY DISMISSING THE NEGLIGENCE CLAIMS**

**INTRODUCTION**

Plaintiffs offer various theories in opposition to Retailer, Pharmacy, and Distributor Defendants' ("Retailers and Distributors")[1] motion for summary judgment, indicative ruling, and final judgment. DE 6233 ("Mot."). Most rest on basic mistakes:

*First*, Plaintiffs mistakenly posit that there are no claims upon which the Court may grant summary judgment. Not so. Because this Court did not render a Rule 54(b) judgment on Count VII, no appeals were taken. Thus, this Court retains jurisdiction to apply its *Daubert*/Causation rulings to Count VII, both under Rule 56 generally, and under the specific authority of Rule 56(f), which allows the Court to grant summary judgment to a non-movant. Moreover, upon remand by the Court of Appeals, the Court will be able to grant summary judgment for Retailers and Distributors on all counts.

---

[1] The Retailers and Distributors are listed in Appendix A to the Motion. DE 6233-2.

*Second*, Plaintiffs contend that summary judgment cannot be granted because Retailers and Distributors have not moved for summary judgment, and an indicative ruling would be improper because there was ostensibly "no predicate motion for relief." *See* Opp'n at 4-5. Also, not so. Retailers and Distributors moved for summary judgment, asked the Court to use its Rule 56(f) power, and also sought relief under Rule 60(b), all of which are "predicate" motions. While Plaintiffs assert that the requests are "untimely," they identify no time limit on the Court's authority under Rule 56(f) or Rule 60(b)(6), and do not explain why Pretrial Order ("PTO") #77 should be held to apply here. On the merits, this Court retains full authority to apply law of the case here—and should do so.

*Third*, Plaintiffs overstate the import of the *Home Depot* case which, applied here, merely suggests that for the rare plaintiff uninvolved in the summary judgment and *Daubert* briefing, there is no basis to apply the law of the case because that plaintiff had no claim against any Brand Defendant. But the law of the case doctrine and *Home Depot* fully support judgment for the Retailers and Distributors as to any plaintiff with a claim against a Brand Defendant.

*Finally*, Plaintiffs erroneously argue that Rule 62.1 is inappropriate here because Retailers and Distributors are seeking an additional ruling in their favor, rather than modification of a ruling against them. But Rule 62.1 applies to *any* type of requested relief otherwise foreclosed by a pending appeal. And, unsurprisingly—though contrary to Plaintiffs' assertion—Rule 62.1 *has* been used to allow a district court to add additional bases to a dispositive ruling. *Acosta v. Denka Performance Elastomer, LLC*, No. CV 20-2323, 2021 WL 6062395 (E.D. La. Dec. 22, 2021) (granting indicative ruling request to add alternative bases in support of prior dismissal).

Plaintiffs' Opposition misses the mark. The Court should grant the Motion.

**REASONS TO GRANT THE MOTION**

I.  **THE COURT RETAINS AUTHORITY TO GRANT SUMMARY JUDGMENT ON COUNT VII.**

Plaintiffs helpfully confirm that no plaintiff has pleaded, or will plead, any individualized negligence claim of the kind that this Court previously saw as an obstacle to judgment on Count VII. Opp'n at 2. Thus, Count VII may now be dismissed with prejudice on preemption grounds.

But as to the *Daubert*/Causation rulings, Plaintiffs ignore the significance of the fact that Count VII was not the subject of any prior judgment, was not the subject of any appeal, and remains before this Court. Because it remains before the Court, the Court may and should grant summary judgment on Count VII based on the *Daubert*/Causation rulings—without need for the remand from the Court of Appeals necessary to restore the Court's jurisdiction over the other counts asserted against Retailers and Distributors.

Plaintiffs urge the Court not to do so. But it is to all parties' benefit—and supportive of the efficient administration of both the MDL and the appellate process—to have all controlling rulings consolidated and presented to the Court of Appeals in an organized, efficient fashion. Plaintiffs apparently believe that they can force the Court of Appeals to dig into the case now, decide the preemption issues, and then, if they reverse this Court's ruling on preemption, the case would be remanded. And under Plaintiffs' process, only then could the Court enter judgment for Retailers and Distributors based on the absence of any proof of general causation, potentially leading to another appeal. That is wasteful; piecemeal appeals serve no proper judicial interest. For the reasons discussed in the Motion (at 6-9), this Court may grant summary judgment on Count VII (and the other counts as well) by exercising its authority under Rules 56 and 60, and the wide latitude afforded judges to manage MDL proceedings.

3

## II. RETAILERS AND DISTRIBUTORS EXPRESSLY SOUGHT RELIEF THAT IS BOTH AVAILABLE AND WARRANTED.

Plaintiffs' assertion that Retailers and Distributors did not seek substantive relief is simply wrong.

*First*, Retailers and Distributors could not have made the bases for the Motion clearer:

> **Pursuant to Federal Rules of Civil Procedure 56, 60(b), 62.1, and 58**, [Retailers and Distributors] respectfully move this Court to enter a series of orders . . . .

Mot. at 1 (emphasis added). Retailers and Distributors (1) asked for the substantive relief they wanted—summary judgment and relief from the prior judgment—citing the appropriate procedural and substantive Rules; (2) explained why the Court may lack jurisdiction at this time to award the relief with respect to all but Count VII; and therefore (3) also asked the Court to indicate that it would award the requested relief—under Rule 60(b) and Rule 56—once any jurisdictional defects are cured. Plaintiffs ignore the plain text of the motion. But to the extent that they claim that no such motion was made merely because it was not written on a separately filed document from the indicative ruling request, *see* Opp'n at 4-5, they elevate form over substance, as further explained below.

As for timeliness, Opp'n at 5-6, Plaintiffs' arguments lack merit, because no time limit applies to this Court's ability to invoke Rule 56(f) in favor of a non-movant, Mot. at 6-7, or to grant relief from judgment under rule Rule 60(b)(6). And Plaintiffs fail to explain why PTO #77 should be deemed a time bar in this unique setting.

*Second*, on the merits, this Court should award Retailers and Distributors summary judgment on the *Daubert*/Causation rulings. Plaintiffs' general assertions about "fundamental factual differences" that would require additional proceedings, Opp'n at 3, falls flat. As Plaintiffs acknowledged, no case-specific negligence claims were filed (or will ever be filed),

4

whether involving a "hot truck" or otherwise. So any hypothetical case alleging higher amounts of NDMA where the science would somehow differ is irrelevant and poses no bar to applying the Court's *Daubert*/Causation rulings to Retailers and Distributors.

In sum, Plaintiffs have identified no substantive reason why the Court's merits rulings should not apply to Retailers and Distributors.

### III. THE PRINCIPLES UNDERLYING *HOME DEPOT USA, INC. V. LAFARGE* HAVE ONLY LIMITED REACH HERE.

The Third Circuit's decision in *Home Depot USA, Inc. v. Lafarge North America, Inc.*, No. 22-1122, 2023 WL 1458892, at *4 (3d Cir. Feb. 2, 2023) does not preclude application of collateral estoppel or law of the case doctrines here, though it may suggest a limit to their scope. *Home Depot* simply, and unsurprisingly, reaffirms that basic rules of issue preclusion and law of the case continue to apply in the MDL context. *Id.* at *7-9; *see also* Mot. at 8-9.

Application of *Home Depot* here would merely mean that for any plaintiff who did not make a claim against any Brand Defendant, there is currently no summary judgment or *Daubert* ruling against such a plaintiff. In the rare instance in which a plaintiff did not assert any claims against a Brand Defendant (and therefore had no claims affected by the *Daubert* and summary judgment motions) then the law of the case doctrine or issue preclusion is inapplicable, and the Court cannot enter summary judgment in favor of the Retailers and Distributors against such a plaintiff on that basis.[2] However, *Home Depot* also leaves no doubt that the converse is also

---

[2] The *Home Depot* court noted, however, that an MDL court could employ show cause orders to make parties who were not explicitly subject to a prior ruling to provide good cause why a prior ruling should not apply to them. *Id.* at *8. Moreover, as the *Home Depot* court explained, the use of consolidated or "master" pleadings in the MDL setting is designed to facilitate the expeditious and comprehensive disposition of the cases before the Court (and there was no such master complaint in *Home Depot*). *Id.* at *8-9. Here, the very premise of the MDL and the consolidated pleadings is that the claims against the Generics and against the Brand Defendants are essentially the same. Therefore, absent some persuasive factual showing to the contrary, the *Daubert* and general causation rulings of this Court made in favor of the Brand Defendants

5

true. For that vast majority of plaintiffs who *did* assert claims against the Brand Defendants, law of the case easily applies as a basis for granting summary judgment to the Retailers and Distributors on such claims. Retailers and Distributors have moved under Rule 56, and asked the Court to invoke Rule 56(f) to grant summary judgment to them on that basis. Plaintiffs offer no "compelling reason" to "relitigate issues on which the judge has already ruled[.]" *Id.* at *9. Indeed, *Home Depot* emphasizes using all available tools to achieve an efficient and comprehensive resolution of the issues in an MDL proceeding. *Id.* at *7-9; see also, e.g.*, *id.* at *8 (providing that "a judge may enter an order with respect to one party and then provide that it will be automatically extended to other parties if they do not come forward and show cause why it should not be applicable"). Here, Rule 56(f) fits the bill. Thus, no procedural hurdles prevent application of law of the case.

IV.  **AN INDICATIVE RULING SUGGESTING THE COURT OF APPEALS REMAND IS APPROPRIATE HERE.**

All of the procedural requirements for an indicative ruling are met here.

*First*, Rule 62.1 is not as procedurally rigid as Plaintiffs contend, purportedly requiring predicate motions for underlying substantive relief, as well as a request for the indicative ruling itself. Opp'n at 4-5. Indeed, some courts require no underlying motion at all. Rather, courts have adopted the practice of "accepting freestanding motions for indicative rulings that contain sufficient arguments on the merits of the intended underlying motion." *Index Newspapers LLC v. City of Portland*, No. 3:20-cv-1035-SI, 2022 WL 72124, at *2 (D. Or. Jan. 7, 2022) (citing district courts in California, Wisconsin, and Georgia holding the same). Indeed, as the Ninth Circuit explained, appellate "courts have been willing to construe district court actions as

---

would logically apply to the Generic Defendants to the extent the Court has jurisdiction over such claims. That said, Retailers and Distributors defer to Generic Defendants to address such issues as they see fit.

indicative rulings even when *no* FRCP 62.1 motion . . . was filed." *Mendia v. Garcia*, 874 F.3d 1118, 1121 (9th Cir. 2017) (emphasis added).³  Such flexibility fits the purposes behind Rule 62.1's codification, which was to formally recognize the solution to a jurisdictional obstacle that impaired the efficient administration of justice. *See* Mot. at 9. And even holding aside all the reasons why a liberal approach to Rule 62.1's requirements is justified, the fact is that Retailers and Distributors here *did* file a "predicate" motion seeking both Rule 56 and Rule 60 relief, *id.* at 6-9, and, in the same document, a request for an indicative ruling, *id.* at 9-11. Rule 62.1 contains no separate piece of paper rule.

*Second*, contrary to Plaintiffs' ipse dixit assertion, nothing in Rule 62.1 suggests that adding an *additional* basis for rendering judgment for an appellee is not a form of relief that is appropriate under that Rule. To the contrary, Rule 62.1 was intended to overcome the jurisdictional problem for district courts when an appeal had been taken, as here, but there was reason for the district court to issue additional rulings that would otherwise be barred. It is most practically used when it will cure or avoid jurisdictional defects that might otherwise complicate appeals, or, in the context of an MDL, allow all relevant issues to be considered and resolved with all interested parties getting an opportunity to be heard on matters affecting their interest.

---

³ Plaintiffs cite one case from this District as ostensible support for their argument. While Plaintiffs' parenthetical accurately quotes Magistrate Judge White's opinion, their citation style seems to misattribute that quote to the Court of Appeals. *See* Opp'n at 5. The district court went on to adopt the Magistrate's recommendation (which involved a Rule 62.1 indicative ruling request with no related substantive motion at all, whether on the same paper or not, *Ramirez v. Crews*, No. 14-23264-Civ, 2014 WL 12693226, at *3 (S.D. Fla. Oct. 21, 2014)), but only after reviewing *de novo* several issues, including the propriety of the Rule 62.1 motion. *Ramirez v. Crews*, No. 14-23264-CIV, 2015 WL 13333652, at *2-3 (S.D. Fla. Aug. 24, 2015). On that issue, instead of reinforcing the Magistrate's reasoning as to procedure, the District Court simply denied the Rule 62.1 motion as an improper successive habeas request. *Id.* at *2-3. As for the Eleventh Circuit, indicative rulings never even came up. *Ramirez v. Fla. Dep't of Corr.*, 684 F. App'x 927 (11th Cir. 2017) (affirming dismissal of second petition for habeas corpus).

Thus, where, as here, another ground for judgment for a defendant-appellee emerges while an appeal is pending, it makes perfect sense that Rule 62.1 be invoked and the appeal be remanded so that *all* the meritorious grounds supporting judgment for that party can be considered in a single appeal.

*Third*, Plaintiffs are wrong to suggest that there is no precedent for an indicative ruling to add to the grounds supporting judgment for appellee. In *Acosta*, the district court dismissed the plaintiff's claims, and the plaintiff appealed to the Fifth Circuit. 2021 WL 6062395, at *1. After the Fifth Circuit issued a ruling in a related case, the defendant moved for an indicative ruling under Federal Rule 62.1 and moved under Rule 60(b) to "have this Court amend its dismissal to include two additional alternate bases for the dismissal." *Id*. The court agreed that the two alternative bases warranted dismissal and "justif[ied] relief under Rule 60(b)(6)", and granted the indicative ruling. *Id*. at *2.[4] Thus, both the principle and the precedent are clear—and Plaintiffs have cited no case precluding the relief Retailers and Distributors seek here. For the reasons already provided, Mot. at 9-11, an indicative ruling comfortably fits these circumstances.

## CONCLUSION

For the reasons set forth in the Motion and above, the Court should grant Retailers and Distributors their requested relief.

---

[4] A subsequent request to the Fifth Circuit to remand for implementation of the indicative ruling was denied as moot, the district court judge having passed away. But the Fifth Circuit expressed no concern with the procedural details of the motion, and nevertheless remanded to the district court for essentially the same reason as that animating the indicative ruling, *i.e.*, "to determine, in the first instance, what effect [the related ruling] has on the present case on the issue of whether Plaintiffs state a claim for relief in light of that decision." *Acosta v. Denka Performance Elastomer, L.L.C.*, No. 21-30136, 2022 WL 1091534, at *4 (5th Cir. Apr. 12, 2022).

Dated: February 16, 2023 | Respectfully submitted,

/s/ *Sarah E. Johnston* | /s/ *Andrew D. Kaplan*
Sarah E. Johnston | Andrew D. Kaplan
BARNES & THORNBURG LLP | CROWELL & MORING LLP
2029 Century Park East, Suite 300 | 1001 Pennsylvania Avenue, N.W.
Los Angeles, CA 90067 | Washington, D.C. 20004
(t) (310) 284-3798 | (t) (202) 624-2500
(f) 310-284-3894 | (f) (202) 628-5116
sarah.johnston@btlaw.com | AKaplan@crowell.com

*Liaison Counsel for Retailer and Pharmacy Defendants*

*Acting Liaison Counsel for Distributor Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of February, 2023, a true and correct copy of the foregoing was filed electronically through the CM/ECF system, which will send notice of filing to all CM/ECF participants.

/s/ *Andrew D. Kaplan*
Andrew D. Kaplan