UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)  MDL NO. 2924
PRODUCTS LIABILITY  20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

### ORDER DENYING NON-PARTIES' RENEWED MOTION TO SEAL

**THIS MATTER** comes before the Court upon the Renewed Motion to Seal and Memorandum of Law in Support filed by Non-Parties Memorial Sloan Kettering Cancer Center ("MSK") and Lior Braunstein, M.D. (together, the "Moving Parties"). DE 6176.

Previously, the Moving Parties moved the Court to keep under seal a draft study, its cover email, and the transcript of Dr. Braunstein's deposition, which were all filed as exhibits to Defendants' *Daubert* motion. DE 6065 at 1, 3. In an Order granting in part and denying in part, the Court unsealed the draft study, sealed the corresponding cover email, and reserved on the deposition transcript. DE 6123 at 2-3. The Court found that there was not good cause to keep under seal the transcript in its entirety or in large part because it contains non-sensitive information and general causation-related information. As a result, the Court granted the Moving Parties leave to file a renewed motion, along with new proposed redactions of the transcript. The Court has reviewed the Moving Parties' Renewed Motion, proposed redactions, and the record. For the following reasons, the Renewed Motion is **DENIED**.

Judicial proceedings should be open to the public. The common law right of access realizes this principle by providing the public with access to judicial documents. *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). But this right is not absolute.

The common law right of access can be overridden by a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

To determine whether there is good cause to seal judicial documents, a court must weigh the public's interest in access against the moving party's interest in keeping the judicial documents confidential. *Id.* The court considers several factors in doing so, including "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* The court may also consider "whether access is likely to promote public understanding of historically significant events." *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1236 (11th Cir. 2013) (quoting *FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013)).

Here, the Court finds that there is not good cause to keep under seal the deposition transcript. The Moving Parties argue that the redacted portions of the transcript should remain under seal because "[t]hey reflect confidential communications, prepublication peer review, Dr. Braunstein's mental impressions, and analysis concerning Dr. Braunstein and his colleagues' scientific research study, including research methods and details concerning their *scientific conclusions regarding ranitidine use and potential NDMA carcinogenicity*." DE 6176 at 2 (emphasis added). While the Moving Parties may have privacy interests in certain of their communications, the Moving Parties acknowledge that the transcript contains information about scientific research on the amount of NDMA found in ranitidine. In addition, the transcript contains information about epidemiological studies that analyzed the association between ranitidine and

different types of cancer.  The amount of NDMA in ranitidine and the ranitidine epidemiological studies were central to the Court's *Daubert* general causation inquiry.

Thus, after weighing the Moving Parties' privacy interests against the public's interest in access to the transcript, the Court finds that there is not good cause to keep under seal the deposition transcript.  The Renewed Motion is **DENIED**; the Defendants shall refile the Dr. Braunstein's deposition transcript as an unsealed filing on or before March 2, 2023.

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, this 22nd day of February, 2023.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record