UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)            MDL NO. 2924
PRODUCTS LIABILITY                 20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

### INDICATIVE RULING ON MOTION FOR RELIEF FROM JUDGMENT

This matter comes before the Court upon the Retailer, Pharmacy, and Distributor Defendants' ("Retailer Defendants") Motion (1) for Summary Judgment on all Claims Involving Designated Cancers; (2) for an Indicative Ruling Stating an Intention to Apply the Court's Dispositive Rulings to Counts I-VI and VIII-XII (Now on Appeal); and (3) to Enter an Order Finally Dismissing the Negligence Claims ("Motion"), pursuant to Federal Rules of Civil Procedure 56, 58, 60(b), and 62.1. DE 6233. Plaintiffs filed a Response in Opposition to the Motion, [DE 6263], and the Retailer Defendants filed a Reply. DE 6277.  The Court also addresses, in part, the Generic Manufacturer and Repackager Defendants' ("Generic Defendants") Motion for Entry of Judgment, [DE 6237], as it relates to the Motion for an Indicative Ruling.

In particular, this Order addresses whether the Court should issue an indicative ruling that it would vacate its certification of final judgment under Federal Rule of Civil Procedure 54(b) in favor of the Retailer Defendants and Generic Defendants, and enter a single final judgment under Federal Rule of Civil Procedure 58 regarding all claims and parties in this MDL.  The Court separately addressed the Retailer Defendants' Motion for Summary Judgment in its Order to Show Cause Why Summary Judgment Should Not Be Entered for Designated Cancers as to All

Defendants ("Show Cause Order"). *See* DE 6303.[1]

The Court concludes that if the Eleventh Circuit were to remand this action, the Court would vacate its Rule 54(b) certification of final judgment,[2] [DE 4664; DE 4665], to allow the Court to resolve any remaining issues, including those discussed in the Show Cause Order. As a preliminary matter and as analyzed in the Show Cause Order, the Court is considering whether to enter summary judgment in favor of the Retailer Defendants and Generic Defendants pursuant to Federal Rule of Civil Procedure 56(f). *See* DE 6303. Whether or not the Court ultimately enters summary judgment for all Defendants, the return of jurisdiction would allow the Court to enter a single final judgment under Federal Rule of Civil Procedure 58 that would bind all parties, serve the interests of judicial efficiency without causing prejudice to any party, and potentially result in a single appeal or consolidated appeal before one panel in the U.S. Court of Appeals for the Eleventh Circuit.

## I. Background and Procedural History

On December 31, 2020, the Court dismissed all claims in the master complaints asserted against the Retailer Defendants as well as the Generic Defendants on the basis that the claims are pre-empted by federal law. DE 2512; DE 2513. Plaintiffs thereafter filed an Amended Master Personal Injury Complaint ("AMPIC"). DE 2759. By Orders dated June 30, 2021, and July 8, 2021, this Court also dismissed with prejudice all claims asserted in the AMPIC against the

---

[1] For ease of review, the Court attaches the Show Cause Order as Exhibit 1 to the instant Order.
[2] The Generic Defendants have not sought relief from judgment and have not joined the Retailer Defendants' Motion, as the Generic Defendants received final judgment on all claims while the Retailer Defendants received final judgment on Counts I-VI and VII-XII of the Master Personal Injury Complaint. DE 887. However, the Court's analysis of its certification of final judgment under Rule 54(b) regarding whether there is no just reason for delay of entry of judgment also applies to the Generic Defendants.

Generic Defendants as pre-empted by federal law and dismissed the remaining negligence claim pending against the Retailer Defendants without leave to amend. DE 3715; DE 3716; DE 3750. Plaintiffs then filed a third round of master complaints, which raised claims only against the Brand Defendants. DE 3883; DE 3884; DE 3887.

Multiple Plaintiffs promptly appealed the Court's pre-emption rulings, and those appeals include cases that named only Generic Defendants ("Generic-Only Cases") and cases that named Generic Defendants and at least one other category of Defendant ("Mixed-Generic Cases"). *See, e.g.*, Case Nos. 9:21-cv-80683; 9:21-cv-81169; 9:20-cv-81204; 9:21-cv-80001 (S.D. Fla.); No. 21-12618 (11th Cir.). On October 21, 2022, the Eleventh Circuit entered an order staying these appeals due to pending bankruptcy proceedings under 11 U.S.C. § 362(a). *See* No. 21-12618, DE 275 (11th Cir. Oct. 21, 2022).

The Plaintiffs, Generic Defendants, and Retailer Defendants each filed motions requesting entry of final judgment pursuant to various Federal Rules of Civil Procedure. [DE 3863; DE 3893; DE 3933; DE 3934]. On November 15, 2021, the Court entered final judgment under Rule 58 in favor of the Generic Defendants for all cases that named only Generic Defendants in the Short Form Complaint in which a Plaintiff had filed a notice of appeal. DE 4664. The Court also entered final judgment under Rule 54(b) in favor of the Generic Defendants in all cases that named Generic Defendants and Brand Name Defendants or Retailer Defendants in their Short Form Complaints. *Id*. On the same date, the Court entered final judgment under Rule 54(b) in favor of the Retailer Defendants against any Plaintiff with claims against those Defendants on Counts I-VI and VIII-XII of the Master Personal Injury Complaint ("MPIC"). DE 4665. Thus, at that time, Plaintiffs' claims against the Brand Defendants remained and there was an avenue for individual Plaintiffs to

3

replead Count VII's negligence claim against the Retailer Defendants. However, now the deadline to amend pleadings has passed and no Plaintiff has brought an individual negligence claim against a Retailer Defendant. Still, final judgment has not yet been entered on Count VII in favor of the Retailer Defendants.

In analyzing entry of final judgment under Rule 54(b) on Plaintiffs' claims against the Retailer Defendants and Generic Defendants, the Court considered the parties' appellate rights and potential repercussions of failing to enter Rule 54(b) final judgment on those claims. DE 4595[3] at 24-37. The Court examined various methods to perfect Plaintiffs' appeals so that all affected parties would be able to take part in any appeals of the pre-emption rulings and so that there would not be piecemeal or inconsistent appeals. *Id.* at 28-35. The court noted that Plaintiffs had already filed an appeal of an important, dispositive legal issue in this MDL—the holding that Plaintiffs claims against the Generic Defendants and Retailer Defendants were pre-empted by federal law. *Id.* at 29. At that stage in the litigation, without entry of final judgment in Mixed-Generic Cases, some Plaintiffs and Defendants would be able to participate in appealing the pre-emption ruling while others would be required to wait until the entire district court case concluded. *Id.* Thus, the Court explained that denying Rule 54(b) certification on those claims could result in the parties eventually receiving inconsistent rulings on federal pre-emption in courts across the country, as those cases could ultimately be remanded to different districts and then appealed in different circuit courts. *Id.* at 29-30.

The Court concluded that the pre-emption rulings were of such great importance that entry

---

[3] The Order Granting in Part and Denying in Part the Defendants' Motions Requesting Entry of Final Judgment is attached to this Order as Exhibit 2.

4

of judgment should not be delayed, even though additional claims and parties remained in the MDL, explaining that "[a]ll of the parties affected by the Court's federal pre-emption rulings—not just a subset of the Generics—should have the opportunity to argue the propriety of that ruling in a single, binding appellate forum, consistent with the purpose of centralized MDL proceedings." *Id.* at 30. Had the Court waited to enter final judgment on the claims that were subject to the pre-emption rulings, and had the appeal moved forward immediately, the Generic Defendants and Retailer Defendants may have been prevented from participating in appeals that directly affected their interests and may have been forced to file a separate appeal on the same issue once the MDL concluded. However, unanticipated by the Court, the pre-emption ruling appeals were stayed and essentially remain in the same procedural posture today as they did in November 2021, as substantive briefs have not yet been filed. *See* No. 21-12618 (11th Cir. appeal docketed Aug. 4, 2021).

On December 6, 2022, the Court entered its *Daubert* ruling on general causation in favor of the Defendants and granted the Brand Defendants' Motion for Summary Judgment. DE 6120. The Court explained that Plaintiffs failed to meet their burden to show that their experts relied upon any forms of primary evidence in support of their general causation opinions, and struck each of Plaintiffs' general causation experts. Because Plaintiffs did not have primary evidence to establish general causation as required in a products liability MDL, the Brand Defendants were entitled to judgment as a matter of law. *Id.* at 321, 336. At the time the Court issued this ruling, the appeal remained stayed.

On January 26, 2023, the Retailer Defendants filed the instant Motion. DE 6233 at 2. Then, on January 27, 2023, the Generic Defendants filed their Motion for Entry of Judgment. DE

5

6237. In that motion, the Generic Defendants state they are not joining the Retailer Defendants' request for an indicative ruling because they believe there is a "difference in the parties' procedural posture" as a result of this Court entering final judgment on all claims against the Generic Defendants while leaving open the possibility of an additional claim being asserted against the Retailer Defendants. DE 6237 at 15 n.4.  However, while final judgment was entered differently for these two categories of Defendants, for practical purposes they are in the same posture – that is, Plaintiffs cannot bring additional claims against any Defendant without the Court's leave at this stage in the litigation.  The Generic Defendants request that, should the Court grant the Retailer Defendants' Motion for an Indicative Ruling, the Court permit the Generic Defendants to submit briefing as to whether such a ruling may extend to them. *Id.* As discussed further below, the Court issues an indicative ruling that extends to both the Generic and Retailer Defendants.

## II.   Discussion

The Retailer Defendants seek an indicative ruling under Rule 62.1 that the Court would apply its general causation and *Daubert* rulings to them, would grant relief from the Court's entry of final judgment under Rule 54(b), and would grant summary judgment in favor of the Retailer Defendants.  DE 6233. Here, the Court focuses on whether it should indicate that it would grant relief from judgment and vacate its Rule 54(b) entry of final judgment.

### A.   Legal Standard for an Indicative Ruling

Federal Rule of Civil Procedure 62.1(a) provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3).  Under

Federal Rule of Appellate Procedure 12.1, "If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings . . . ."). If the district court concludes that the motion should be granted, then it "should enter an order stating that it intends to grant the motion if this court returns jurisdiction to it." 11th Cir. R. 12.1-1(c)(2). Further, if the court "determines that the motion raises a substantial issue that warrants further consideration, the district court should enter an order so stating." 11th Cir. R. 12.1-1(d).

**B.      The Court's Ability to Issue an Indicative Ruling**

Because Counts I-VI and VIII-XII against the Retailer Defendants are currently before the Eleventh Circuit after this Court granted final judgment under Rule 54(b) based on federal pre-emption, the Court does not have jurisdiction to grant summary judgment or final judgment of on those claims. Thus, the Retailer Defendants seek an indicative ruling under Rule 62.1 that, should the Eleventh Circuit remand this action to this Court, the Court would vacate its entry of Rule 54(b) judgment and grant summary judgment on Counts I-VI and VIII-XI in favor of the Retailer Defendants on grounds of both pre-emption and causation. DE 6233. The Generic Defendants' Motion for Final Judgment indicates that they seek the same relief and would echo the Retailer Defendants' arguments. Plaintiffs argue that Rule 62.1 does not apply because the Retailer Defendants did not file a predicate motion on which the Court should rule and the motion is untimely. DE 6263 at 4-6. The Reply argues that the Motion clearly identifies the bases on which the Retailer Defendants seek an indicative ruling and identifies Federal Rules of Civil Procedure 56 and 60(b). DE 6277 at 4. Further, the Retailer Defendants argue that the Motion is timely because no time limit applies to actions taken under Rule 56(f). *Id.*

7

Regarding Plaintiffs' argument that Defendants failed to file a motion under Federal Rule of Civil Procedure 60(b)(6) or another predicate motion to trigger Rule 62.1, it is clear that the Retailer Defendants plainly seek summary judgment under Rule 56(f) and relief from judgment under Rule 60(b). DE 6233. Even if they did not file a predicate motion, courts frequently construe a motion for an indicative ruling as an underlying motion. *See Index Newspapers LLC v. City of Portland*, No. 3:20-cv-1035, 2022 WL 72124, at *1-2 (D. Or. Jan. 7, 2022) (surveying district court rulings across multiple jurisdictions and "accepting freestanding motions for indicative rulings that contain sufficient arguments on the merits of the intended underlying motion"); *Gorrell v. Haynes*, No. 211-cv-213, 2013 WL 174561, at *1 n.1 (S.D. Ga. Jan. 16, 2013) (court considered motion for indicative ruling as motion to vacate the judgment); *Metalcraft of Mayville, inc. v. Toro Co.*, No. 16-cv-544, 2016 WL 8737777, at *2 (E.D. Wis. Nov. 18, 2016) (finding motion for indicative ruling procedurally sufficient because it requested relief the district court could not grant during the pendency of an appeal); *Est. of Najera-Aguirre v. Cnty. of Riverside*, No. 18-cv-762, 2020 WL 5370618, at *1 (C.D. Cal. Aug. 13, 2020) ("Because Defendants' Rule 62.1(a) motion sufficiently sets forth the merits of their arguments to reconsider the Court's denial of summary judgment, the Court declines to deny Defendants' motion for an indicative ruling merely because they failed to file a separate motion."). Accordingly, issuance of an indicative ruling is well within the Court's purview here.

**C.     If jurisdiction is returned, the Court would vacate its entry of final judgment under Rule 54(b) and enter one final judgment binding on all parties.**

Given the procedural posture of this case and the appeals pending in the Eleventh Circuit of this Court's pre-emption rulings, the Court revisits its entry of final judgment under Rule 54(b). As described above, the Rule 54(b) final judgment in favor of the Retailer Defendants and the

Generic Defendants was premised on ensuring the ability of those Defendants to participate in any appeals of the Court's federal pre-emption rulings and to avoid piecemeal appeals regarding the same issue. DE 4595.

This Court "has the discretion to certify a judgment for immediate appeal only when it is 'final' within the meaning of Rule 54(b), which means that the judgment disposes entirely of a separable claim or dismisses a party entirely." *In re Se. Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995). A court certifying final judgment under Rule 54(b) must follow a two-step analysis and determine (1) that the Court's decision is an ultimate disposition of a cognizable and separable claim for relief and (2) that there is no just reason for delay in certifying the judgment for immediate appeal. *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007).

Upon consideration of the Retailer Defendants' Motion and reconsideration of the Court's entry of final judgment pursuant to Rule 54(b), the Court concludes that (1) the claims on which it entered Rule 54(b) final judgment in favor of the Retailer Defendants were not separable under applicable authority; and (2) given the current procedural posture of this case and the pending appeals, the original finding that there was no just reason in delaying entry of judgment in favor of the Retailer Defendants and Generic Defendants is no longer accurate. Accordingly, the Court would, if jurisdiction were returned, vacate the Rule 54(b) judgments and enter a single final judgment under Rule 58 that would result in a single appeal and appellate panel.

> 1. ***The claims are not separable because they seek the same type of relief and there is only one possible recovery.***

"Claims are separable when there is more than one possible recovery or if 'different sorts of relief' are sought." *Se. Banking*, 69 F.3d at 1547 (internal citations omitted); *see also*

*Schexnaydre v. Travelers Ins. Co.,* 527 F.2d 855, 856 (5th Cir. 1976) (holding that, "[t]rue multiplicity is not present where, as here, the plaintiff merely presents alternative theories, drawn from the law of the same sovereign, by which the same set of facts might give rise to a single liability"). Thus, to determine whether an entire "claim" has been adjudicated for Rule 54(b) purposes, the court must consider "whether that claim is 'separately enforceable' without 'mutually exclu[ding]' or 'substantially overlap[ping]' with remedies being sought by the remaining claims pending in the district court." *Lloyd Noland*, 483 F.3d at 780 (quoting *Se. Banking*, 69 F.3d at 1547). Resolution of one theory does not constitute a final judgment when the alternate theory for the same relief remains. *Id.* (citing *Schexnaydre*, 527 F.2d at 856). Even if a plaintiff pleads multiple counts in its complaint, if it can recover its losses only once, then the claims are not separable. *Id.*

In this case, the Court certified Rule 54(b) final judgment for the Retailer Defendants on Counts I-VI and VIII-XII but did not certify final judgment on Count VII, Plaintiffs' negligence claim. DE 4595; DE 4665. The Court also certified Rule 54(b) final judgment for the Generic Defendants on all claims. DE 4595; DE 4664. After this Court certified final judgment, the Eleventh Circuit questioned whether it had jurisdiction over the appeals and requested that the parties respond to several jurisdictional questions, including whether Rule 54(b) certification was proper. DE 6233-3; Case No. 21-12618-J, DE 262 (11th Cir. May 19, 2022). Specifically, the Eleventh Circuit asked the parties to address:

> [W]hether the resolved claims were separable from the unresolved general negligence claims under Count VII of the master complaint, which the district court expressly declined to enter final judgment on, such that the adjudication of the other claims represents a final judgment with respect to the Retailer/Pharmacy and Distributor Defendants or whether any of the resolved claims merely present

10

alternative theories by which the same set of facts might give rise to a single liability.

*Id.* at 3. The Retailer Defendants responded that the Court's certification of all counts except Count VII fails to satisfy the criteria for Rule 54(b) certification because Count VII is an alternate theory for the same relief that remains outstanding in the MDL. DE 6233-3 at 16-17. Plaintiffs responded to the Eleventh Circuit's questions but did not address separability. No. 21-12618, DE 265 at 13-17. Rather, Plaintiffs argued that because the Court dismissed all claims that were pleaded against the Retailer Defendants, and because no Plaintiff amended a complaint to allege negligence, Count VII is essentially final and Rule 54(b) final judgment was proper. *Id.* However, while Plaintiffs argue that this claim is final, the Court has not yet closed the door on Count VII.

Plaintiffs would obtain the same relief if they prevailed on Count VII as they would for their other claims as they seek the same damages for each claim; thus, the negligence claim constitutes an alternate theory for the same relief. *See Lloyd Noland*, 483 F.3d at 780-81 (concluding that because summary judgment on one claim did not adjudicate the claims as a whole, the first requirement for Rule 54(b) certification was not met, and citing additional cases); *see also Barnett v. MacArthur*, 715 F. App'x 894, 901 (11th Cir. 2017) (separability hinges on "whether two counts seek 'different sorts of relief'") (quoting *Se. Banking*, 69 F.3d at 1547). Accordingly, Count VII was not separable from the other counts and the Court would decline to certify final judgment under Rule 54(b) as to the Retailer Defendants on this basis.

> 2. ***There are just reasons for delay of final judgment under Rule 54(b) because all parties would receive final judgment on all claims and could participate in appeals.***

In considering whether there is any just reason to delay final judgment under Rule 54(b), the Court must balance judicial interests such as avoiding piecemeal appeals with equitable

11

interests such as hardship or prejudice to a party. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165-66 (11th Cir. 1997). Rule 54(b) certifications "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Id.* (quoting *Morrison–Knudsen Co. v. Archer,* 655 F.2d 962, 965 (9th Cir. 1981)). Judicial efficiency generally is not furthered by "piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case, instead of having the trial judge, who sits alone and is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part and that portion is overturned following the adjudication of the whole case." *Ebrahimi*, 114 F.3d at 167 (quoting *Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627, 631 (11th Cir. 1991)). Further, "the purpose of considering 'relevant equitable concerns' is 'to *limit* Rule 54(b) certification to instances in which immediate appeal would alleviate some [particular] danger of hardship or injustice associated with delay.'" *Peden v. Stephens*, 50 F.4th 972, 978 (11th Cir. 2022) (quoting *Ebrahimi*, 114 F.3d at 166) (emphasis and alteration in original).

Here, vacating the Rule 54(b) certifications and returning jurisdiction to this Court to enter one final judgment across all claims and parties would further the interests of judicial efficiency and would not cause prejudice or hardship to any party. The appeal of this Court's pre-emption ruling has been stayed and briefs have not yet been filed; thus, the appeal is largely in the same posture as it was when the Court entered final judgment under Rule 54(b). Had the Court known it would issue its rulings on general causation, *Daubert*, and summary judgment for the Brand Defendants before the appeal was ripe, the Court's analysis of the issues would have differed

12

significantly, and it would not have had the same concerns regarding the different parties' abilities to join the appeal. The Court's original concerns of avoiding inefficient piecemeal appeals on the pre-emption ruling and ensuring interested parties were able to join the appeals no longer exist given the current posture of the appeal, where there is ample time for all issues from the MDL to be combined in a single appeal. The Rule 54(b) certifications are actually hindering rather than helping the appellate process because as it currently stands, one appellate panel would handle the pre-emption ruling and another appellate panel would address the *Daubert* and general causation rulings, requiring two different panels to familiarize themselves with the complex factual and procedural history of the MDL.

The Court's recent Show Cause Order also lends support to the return of jurisdiction. In that non-final Order, the Court considered the various parties' motions concerning entry of final judgment and explained that it needed to make certain threshold determinations before entering final judgment. DE 6303 at 1-2. One such determination is whether the Retailer Defendants and Generic Defendants are entitled to summary judgment. In considering issues pertinent to summary judgment and providing Plaintiffs with the opportunity to address why the Court should not enter summary judgment in favor of the Non-Brand Defendants, the Court highlighted the following seven points:

> the case management structure of this MDL always provided for the Court's general causation rulings to apply to all of the Plaintiffs' claims; (2) the Plaintiffs were free to take discovery from Non-Brand Defendants, if the Plaintiffs believed it would assist them to prove general causation; (3) the theoretical capability of ranitidine to cause cancer is the same across all Defendants; (4) the Court's ruling at *Daubert* would have been the same, regardless of discovery from Non-Brand Defendants; (5) the Court's application of its general causation ruling to Non-Brand Defendants should come as no surprise to the Plaintiffs; (6) the Court's ruling applies equally to both the Defendants and to the Plaintiffs; and (7) the Court's ruling results in

efficiency and streamlines case management of the MDL.

DE 6303 at 11. The Show Cause Order requires Plaintiffs to file a response by April 17, 2023, and Defendants to file a Reply by May 1, 2023. *Id.* at 20. Once the question of summary judgment is resolved, the Court can then determine how final judgment will be entered. Regardless of whether final judgment takes the form of summary judgment or some other entry of judgment, if this Court has jurisdiction it will be able to provide the Eleventh Circuit with a clean and streamlined entry of final judgment for the appellate process.

In addition to the inefficiencies of separate, piecemeal appeals, failure to return jurisdiction promptly would result in numerous inefficiencies at the district court level. The Court, working through the clerk's office, currently must enter judgment separately in potentially tens of thousands of cases. If jurisdiction is not returned before entry of judgment in those cases and the cases are later remanded, the clerk's office would have to enter judgment again for many cases. Whereas if this Court regains jurisdiction to enter final judgment on all claims as to all parties at one time, the burden on the clerk's office will be significantly reduced. Accordingly, if the Eleventh Circuit were to return jurisdiction, this Court would resolve any remaining issues, address any outstanding motions, and enter final judgment that would bind all parties and allow for one trial record, one appeal, and one appellate panel.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Retailer Defendants' Request for an Indicative Ruling is **GRANTED** to the following extent: The Court states that if the Eleventh Circuit were to return jurisdiction, this Court would vacate its certification of final judgment under Federal Rule of Civil Procedure 54(b) in favor of the Retailer Defendants, [DE 4665], and Generic Defendants, [DE 4664], to allow the Court to resolve any

14

remaining issues and enter a final judgment under Federal Rule of Civil Procedure 58 binding on all parties in this MDL.

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, this 2nd day of March, 2023.

```
_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE
```