UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)            MDL NO. 2924
PRODUCTS LIABILITY                 20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO: 20-MD-2924, 20-CV-80555**

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S
MOTION FOR DISMISSAL WITH PREJUDICE AND ENTRY OF JUDGMENT**

This matter is before the Court on individual Plaintiff Arthur Cartee's Motion for Dismissal with Prejudice and Entry of Judgment at docket entry 6223. The Motion has been fully briefed. For the reasons set forth below, the Motion is denied without prejudice.

Mr. Cartee requests that his case be dismissed with prejudice because the Court, in its prior rulings, "denied all relief" in his pleading, a Short Form Complaint. DE 6223 at 4. As a threshold matter, the Court has never denied Mr. Cartee any relief, nor has the Court ever ruled on the legal sufficiency of Mr. Cartee's Short Form Complaint. Rather, the Court has issued certain rulings on the *master complaints* filed by lead counsel in this MDL. Mr. Cartee argues that the Court's rulings on the master complaints have denied him all relief in his individual Short Form Complaint. The Court disagrees and denies Mr. Cartee's Motion for several reasons, each of which is delineated in **bold** below.

**First**, no Defendant has moved for Mr. Cartee's Short Form Complaint to be dismissed. Until such time as a Defendant answers or files a motion to dismiss, the Court does not know if the Defendant(s) will seek dismissal or will instead answer and put Mr. Cartee to the test of his burden of proof. Even if Mr. Cartee is correct in hypothesizing that, were the Defendants to move

to dismiss Mr. Cartee's Short Form Complaint, the Court would grant the motion, it is still incumbent on the Defendant(s) to first elect to move to dismiss or to instead waive Rule 12 defenses and file an answer. The Court will not dismiss Mr. Cartee's Short Form Complaint based upon a hypothetical motion. A Defendant must first move to dismiss Mr. Cartee's Short Form Complaint.

**Second**, Mr. Cartee's operative Short Form Complaint, which he requests be dismissed, does not comply with this Court's pretrial order governing Short Form Complaints, Amended Pretrial Order 31. Pursuant to that Order, all master complaints "supersede and replace all claims pleaded in any complaint previously filed." Yet Mr. Cartee's Short Form Complaint incorporates claims from the original master pleading in this MDL, the Master Personal Injury Complaint at docket entry 887. Consistent with Amended Pretrial Order 31, Mr. Cartee should have filed an amended Short Form Complaint that used the master pleading that "supersede[d] and replace[d] all claims pleaded in any complaint previously filed," the Second Amended Master Personal Injury Complaint at docket entry 3887. As explained by the Eleventh Circuit in Mr. Cartee's prior appeal:

> At the time he filed the second amended [Short Form Complaint], it purported to incorporate the allegations of the [Master Personal Injury Complaint], but there was no operative [Master Personal Injury Complaint] to incorporate because the [Master Personal Injury Complaint] had been dismissed.
>
> . . .
>
> [T]he district court had no opportunity to enter any final judgment because [Plaintiff] filed a notice of appeal the very day he filed the second amended [Short Form Complaint] and at a time *when there was no MPIC to incorporate*.

DE 6146 at 12, 13 (emphasis added). In sum, Mr. Cartee's Short Form Complaint is non-compliant with this Court's pretrial orders and must be amended before he seeks any individualized relief pertaining to his Short Form Complaint.

**Third**, to the extent Mr. Cartee argues that this Court has dismissed his "innovator liability claim" in the master pleadings, Mr. Cartee is incorrect. Mr. Cartee relies upon the original Master Personal Injury Complaint in this MDL, but that pleading contained no "innovator liability claim." The solitary claim that Mr. Cartee has actually brought in his Short Form Complaint comes from a count in the original master pleading in this MDL, Count VII, which was entitled "Negligent Misrepresentation" and was brought against the Brand Manufacturer Defendants. That count *survived* the Court's rulings at the motion to dismiss stage and, indeed, negligence claims based upon alleged misrepresentations (by the Brand Manufacturer Defendants) remain active in this MDL to this very day. *E.g.,* DE 3887 at 128 (Count II-14 under Illinois Law: Negligent Failure to Warn Consumers through Warnings and Precautions). In short, Mr. Cartee has not brought an "innovator liability" claim that was previously dismissed; he has brought a negligence claim that ultimately survived motions to dismiss.[1]

What Mr. Cartee's Motion is really about, then, is that certain *legal arguments* pertaining to his negligence claim were rejected by this Court in its rulings on the master complaints. Based upon the Court's rejection of certain legal arguments about "innovator liability," Mr. Cartee has included in his Short Form Complaint his personal legal position on "innovator liability." He contends that the "innovator liability" doctrine is a ground upon which his negligence claim should not be dismissed. But it is hornbook law that "legal arguments . . . have no place in a complaint." *E.g., Davis v. Infinity Ins. Co.*, No. 2:15-CV-01111, 2017 WL 4224588, at *6 (N.D. Ala. Sept. 22, 2017). The time for legal arguments arises "after the defendant moves for dismissal." *Id.* Yet no

---

1 Theoretically, Mr. Cartee could have pled a claim in his Short Form Complaint that was not pled in the master complaints pursuant to Amended Pretrial Order 31. Mr. Cartee did not do so, as his one-sentence reference to innovator liability in his Short Form Complaint does not satisfy Rule 8's requirements to plead a claim.

3

Defendant has moved for Mr. Cartee's Short Form Complaint to be dismissed; the time for Mr. Cartee's legal argument on "innovator liability" has not yet come.

**Fourth**, the Court declines to give Mr. Cartee's individual case special treatment. The case management structure of this MDL focuses on the expeditious adjudication of cross-cutting issues that simultaneously affect large numbers of cases, a necessary strategy given that this MDL contains many thousands of consolidated actions. In Pretrial Order 30,[2] the Court outlined the case management structure for its adjudication of the disputed issues in the MDL: first, the Court was to focus on motions to dismiss; next, the Court was to focus on evidentiary general causation challenges to Designated Cancers;[3] and finally, the Court was to focus on evidentiary general causation challenges for Non-Designated Cancers.[4] Mr. Cartee's Short Form Complaint was not fully adjudicated through the first or second case management structures. However, his Short Form Complaint has the potential to be fully adjudicated through the third and final case management structure, evidentiary challenges on general causation for Non-Designated Cancers, as explained below.

The Court's rulings at the motions to dismiss stage fully adjudicated many individual cases because many Short Form Complaints relied upon counts from the master complaints that were dismissed with prejudice. By way of example, the Court dismissed all counts in the master complaints against Generic Manufacturer Defendants with prejudice. Consistent with that ruling, the Generic Manufacturer Defendants moved for entry of final judgment for all Short Form

---

[2] Pretrial Order 30 and the case management structure of this MDL were created through agreement and the consent of all parties.
[3] Designated Cancers are bladder, esophageal, pancreatic, stomach, and liver cancer.
[4] Although the Court's case manage structure involved the adjudication of other matters, such as class action claims, those matters have no bearing on Mr. Cartee's Motion.

4

Complaints that relied upon counts dismissed with prejudice in the master complaints, and the Court granted the Generic Manufacturer Defendants that relief. But as explained above, Mr. Cartee did not rely upon a *count* dismissed with prejudice, and no Defendant has moved for Mr. Cartee's Short Form Complaint to be dismissed pursuant to the Court's rulings at the motion to dismiss stage.

After the motion to dismiss stage, this MDL entered into the general causation phase. The Brand Defendants moved for summary judgment in all cases involving Designated Cancers, and the Court granted the Brand Defendants that relief. But Mr. Cartee does not allege a Designated Cancer, so the Brand Defendants have not moved for summary judgment in his case.

Having completed the general causation phase for Designated Cancers, this MDL has now shifted into the general causation phase for Non-Designated Cancers, which includes Mr. Cartee. Pursuant to Pretrial Order 81, Mr. Cartee must now decide whether he wishes to pursue his Non-Designated Cancer claim through his production of general causation evidence. True, he must make this decision even though, at this juncture, he does not yet know whether the Defendants will move for his *individual* negligence claim to be dismissed. But no Plaintiff in this MDL has ever known if his or her individual Short Form Complaint would survive an individualized challenge prior to the general causation phase; individual challenges must necessarily await cross-cutting challenges because of the size and scope of this MDL.

The Court sees no unfairness in requiring *all* Non-Designated Cancer Plaintiffs, including Mr. Cartee, to produce evidence of general causation because that is the Court's current focus. All Non-Designated Cancer cases must now provide their evidence of general causation so that their evidence can be adjudicated collectively and efficiently, and that includes Mr. Cartee.

**Sixth** and finally, the briefing on Mr. Cartee's Motion confirms the Court's case management decision to focus in the present on cross-cutting issues that affect many Short Form Complaints in lieu of individualized challenges. By way of example, the Defendants indicate that, at the appropriate time, they intend to file a Rule 12(b)(2) motion challenging personal jurisdiction in Mr. Cartee's case. Such a challenge will not advance the MDL as a whole; it will only advance Mr. Cartee's case. The Court's focus at this juncture is on the case management of the MDL as a whole.

In conclusion, the Court will, if needed, enter a pretrial order that establishes a process for the adjudication of individual issues in individual Short Form Complaints. The time for such a process has not yet come, because the Court remains focused on cross-cutting issues, as an MDL of this size requires. At present, the Court's focus is on general causation for Non-Designated Cancers. The Court declines to entertain case-specific legal challenges at this time. For all of the foregoing reasons, Mr. Cartee's Motion is **DENIED WITHOUT PREJUDICE**. Should the Court decide in the future to entertain case-specific legal challenges, Mr. Cartee may be permitted to renew his Motion.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of March, 2023.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record