UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                    MDL NO. 2924
PRODUCTS LIABILITY                          20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

### MOTION FOR INDICATIVE RULING IN
### GENERIC-ONLY CASES ON APPEAL
### AND INCORPORATED MEMORANDUM OF LAW

The Generic Manufacturer and Repackager Defendants ("Generic Defendants") [1] submit this motion and incorporated memorandum of law for an indicative ruling in Generic-Only cases currently pending on appeal and in support thereof state as follows:

This Court's March 2, 2023 Indicative Ruling Order applied to Retailer Defendants and Generic Defendants in Mixed-Generic cases in which a Rule 54(b) final judgment had been entered. The Court found that entering one final judgment across all claims and parties was preferable to avoid piecemeal appeals before multiple appellate panels. In order to avoid piecemeal appeals and multiple panels, however, this Court's indicative ruling order must be expanded to include Generics-Only cases already on appeal. The reasons given by the Court for issuing an indicative ruling are equally persuasive when applied to these cases and no party will

---

[1] Defendant Par Pharmaceutical, Inc. filed a voluntary petition for relief under title 11 of the United States Code on August 16, 2022 (the "Petition Date") in the United States Bankruptcy Court for the Southern District of New York.  Pursuant to section 362(a) of the Bankruptcy Code, an automatic stay has been in effect since the Petition Date.  *See* Dkt. No. 5948.  This motion is not filed on behalf of Par Pharmaceutical, Inc.

suffer prejudice from the entering of an indicative ruling. Accordingly, Generic Defendants move this Court for an order expanding the March 2, 2023 indicative ruling to include all Generics-Only cases pending appeal.

## FACTS AND PROCEDURAL HISTORY

By orders issued in 2020 and 2021, this Court dismissed all claims against Generic Defendants as preempted by federal law. [D.E. 2512; D.E. 3750]. Multiple Plaintiffs appealed the preemption rulings. The appeals include cases solely against Generic Defendants ("Generic-Only Cases") and cases that name Generic Defendants and at least one other category of Defendant ("Mixed-Generic Cases"). The appeals have been stayed due to pending bankruptcy proceedings involving one of the defendants.

The parties filed multiple motions requesting final judgment. On November 15, 2021, the Court entered Rule 58(a) final judgment in favor of Generic Defendants in Generic-Only Cases pending appeal and Rule 54(b) final judgment in favor of Generic Defendants in Mixed-Generic Cases. [D.E. 4664]. Hundreds of individual plaintiffs with Mixed-Generic Cases appealed from the Court's judgment. In contrast, the Court entered Rule 58(a) judgment as to only 18 total Generic-Only Cases. [D.E. 4664]. The Court also entered Rule 54(b) final judgment in favor of Retailer Defendants on all counts except Count VII. [D.E. 4664].

On December 6, 2022, this Court entered a ruling on general causation in favor of Brand Defendants, finding that Plaintiffs had failed to meet their burden to show that ranitidine has the potential to cause the Designated Cancers.[2] [D.E. 6120]. The Court also granted Brand Defendants summary judgment. [D.E. 6120].

---

[2] Designated Cancers are bladder, esophageal, pancreatic, stomach, and liver cancer.

On January 26, 2023, Distributor and Retailer Defendants filed a motion for an indicative ruling pursuant to FRCP 62.1. [6233]. The next day, Generic Defendants filed a motion for 58(a) final judgment in Generic-Only cases not pending appeal. [D.E. 6237]. While Generic Defendants did not join in Retailer Defendants request for an indicative ruling, they indicated that if the Court were inclined to grant the motion for an indicative ruling, Generic Defendants reserved the right to ask that the indicative ruling extend to Generic Defendants and reserved the right generally to seek a modified judgment applying the general causation ruling to Generic Defendants. [D.E. 6327 at 16 n.4].

On February 28, 2023, this Court issued an order directing Plaintiffs to show cause by April 17, 2023 why the Court's *Daubert* ruling should not apply to the non-Brand Defendants in cases involving Designated Cancers and listed seven reasons why the Court was inclined to rule that the causation ruling applied to all Defendants. [D.E. 6303]. On March 2, 2023, this Court issued its ruling on Retailer Defendants' motion for an indicative ruling. [D.E. 6310]. The Court said that if the Eleventh Circuit were to remand the case to the District Court, the Court would vacate its Rule 54(b) judgment in order to resolve any remaining issues and enter a single final judgment in favor of all Defendants pursuant to Rule 58. [D.E. 6310 at 2].

In its ruling on the motion for an indicative order, the Court set forth the reasons why it believed that a single, final judgment was preferable in this case, including the desire for an efficient appellate process. [D.E. 6310 at 11-14]. In a footnote, this Court acknowledged that Generic Defendants had not expressly sought an indicative ruling but said that its analysis of the

3

wisdom of an indicative ruling applies to Generic Defendants with the same force as the Retailer Defendants. [D.E. 6310 at 2 n.2]. Thus, the Court issued an indicative ruling that extends to the hundreds of pending appeals involving Rule 54(b) final judgments entered in favor of both Generic and Retailer Defendants. [D.E. 6310 at 6, 14-15]. Generic Defendants hereby move to extend the indicative ruling order to the 18 Generic-Only cases pending appeal.

## ARGUMENT

This Court's persuasive reasons for issuing an order for an indicative ruling in the Rule 54(b) final judgment cases pending appeal extend to the Generics-Only Rule 58(a) final judgment cases pending appeal. Accordingly, Generic Defendants move this Court for an order stating that if the Eleventh Circuit returned jurisdiction, the Court would vacate the Rule 58(a) final judgment on preemption, resolve any remaining issues, and enter a new Rule 58(a) final judgment addressing both causation and preemption. Just as it will for the Rule 54(b) cases, this will allow the Court to enter judgment on all outstanding issues and consolidate the judgments for a single appeal.

Where a motion is made that a district court is without authority to grant because of a pending appeal, Federal Rule of Civil Procedure 62.1 allows the court to state that it would grant the motion if the case were remanded or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1. Federal Rule of Appellate Procedure 12.1 allows an appellate court to remand for further proceedings where a district court issues an order declaring that it would grant the motion upon remand or that it raises a substantial issue. Fed. R. App. P. 12.1.

This Court found in its Indicative Ruling Order that, now that there is "ample time" for all issues from the MDL to be combined into a single appeal, there is no reason for multiple appellate panels to familiarize themselves with the complicated facts and procedural history at

issue here. [D.E. 6310 at 13]. This same public policy of judicial efficiency applies equally to the Generics-Only cases on appeal from a Rule 58(a) final judgment. In fact, without an indicative order that covers all the Generics-Only Rule 58(a) final judgments, this Court's intent with respect to the Rule 54(b) judgments will not be satisfied. The appeals will still take place piecemeal, and two panels will still be necessary.

To be clear, Generic Defendants ask that the indicative order cover both Designated and Non-Designated Cancers. Although the Court's *Daubert* ruling applies only to Designated Cancers, the preemption ruling covers both. If the indicative order does not extend to Non-Designated Cancers, the appeal of the preemption ruling will remain alive as to a small handful of cases, which will defeat this Court's intent to combine all appellate issues.

In Pretrial Order 81, this Court set forth the procedure that plaintiffs who wish to pursue claims involving Non-Designation Cancers must follow. This Court should indicate that if the Eleventh Circuit remands the Non-Designated Generics-Only cases on appeal, it would vacate the Rule 58(a) judgments and instruct the plaintiffs to follow the procedure outlined in PTO 81 for plaintiffs who wish to pursue cases involving Non-Designated Cancers.

Remand in the Generic-Only Rule 58(a) cases will not cause prejudice to any party for the same reasons that remand in the Rule 54(b) cases will not cause prejudice—the appeal has been stayed and the briefs not yet filed. To truly effectuate the goal of this Court's Indicative Ruling Order, the order should be extended to all Generics-Only cases currently pending appeal.

Finally, Plaintiffs' claim that an indicative ruling cannot be granted because Defendants failed to file a predicate motion for relief is no more persuasive here than it was in the Rule 54(b) cases. As the Court noted, a motion for an indicative ruling is frequently construed as an

underlying motion for relief. [D.E. 6310 at 8]. In this Motion, Generic-Defendants are seeking relief from judgment pursuant to Rule 60(b)(6) for all of the reasons discussed above.

## CONCLUSION

For the foregoing reasons, the Generic Manufacturer Defendants respectfully request that this Court enter the proposed final judgment order attached to their Motion for Indicative Ruling filed herewith.

Dated: March 13, 2023

**Liaison Counsel for the Generic Manufacturer Defendants**

Respectfully submitted,

/s/ Thomas J. Yoo
Thomas J. Yoo
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: (213) 896-2400
thomas.yoo@hklaw.com

/s/ Richard M. Barnes
Richard M. Barnes
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
Tel: (410) 783-4000
rmb@gdldlaw.com