UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

THIS DOCUMENT RELATES TO: ALL CASES

### RESPONSE IN OPPOSITION TO GENERIC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND FOR AN INDICATIVE RULING

This Court has already granted the Generic Defendants an indicative ruling they expressly did not move for, emboldening them to go a bridge too far. Without providing any plausible explanation at all, without first filing an underlying motion for relief, and without citing literally *any* legal authority at all, they have filed a cursory motion under rule 62.1 seeking an indicative ruling stating that this Court would re-open cases in which Rule 58 judgments have been entered for the sole and express purpose of adding a gratuitous reason for the judgment. Worse still, nine of the plaintiffs the Generic Defendants seek to recall to this Court—literally half—have a non-designated cancer. Unless this Court has already determined that no expert could possibly offer admissible testimony that ranitidine causes a non-designated cancer, this Court cannot "indicate" that it would grant summary judgment for plaintiffs afflicted with those diseases. Generic Defendants' motion certainly does not provide a rationale. This Court has already stretched Rule 62.1 beyond its text and Article III. Invoking it here would go further still. It would require the Court to "indicate" that it would conduct full summary judgment proceedings and *then* grant summary judgment against plaintiffs who currently have *no live claims*. If plaintiffs prevail on

1

summary judgment, they have still lost on the pleadings, and must appeal, exactly as they already have. No case, ever, has allowed such an abuse of parties' appellate rights.

## ARGUMENT

**I.    Evading Appellate Review Is Not a Lawful Grounds for an Indicative Ruling or Modifying a Judgment.**

Generic Defendants give up the game by requesting that any indicative ruling "cover both Designated and Non-Designated Cancers." D.E. 6336 at 5. Their reason for asking for such relief has nothing to do with one of the grounds for vacating a judgment set forth in Rule 60. They do not pretend to be seeking anything under the authority of that rule. Rather, they ask for the ruling to cover both types of cancers, because "the Court's *Daubert* ruling applies only to Designated Cancers, [but] the preemption ruling covers both." *Id.*

Yes, that is a problem for them—if only *designated* cancers come back, the preemption orders will still face appellate review: "the appeal of the preemption ruling will remain alive as to a small handful of cases, which will defeat this Court's intent to combine all appellate issues." *Id.* To "truly effectuate the goal of this Court's Indicative Ruling Order," Generic Defendants argue, no case presenting preemption can be appealed. *Id.* Whatever the Generic Defendants hope is this Court's intent or goal, however, a "district judge ought not try to insulate h[er] decisions from appellate review." *Robert F. Booth Tr. v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012).

**II.   Generic Defendants' One-Sentence 60(b)(6) Motion Fails to Carry Their Burden.**

The Generic Defendants supply this Court no lawful reasons to grant the extraordinary relief they seek. Although they tack on a one sentence request for Rule 60(b)(6) relief "for all the reasons discussed above," D.E. 6336 at 6, none of the "reasons discussed" come anywhere close to showing entitlement to Rule 60 relief. The Supreme Court has "required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final

2

judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citation omitted). Even when the Supreme Court changes course and later "arrive[s] at a different interpretation" of the law, that kind of case-dispositive sea change does not count as "extraordinary" enough to disturb the interest in finality. *Id.* at 536. Here, by contrast, the most ordinary possible thing happened: other cases, with other cancers, in the MDL proceeded to summary judgment. That is not extraordinary. Generic Defendants fail to even pick up their burden to show extraordinary circumstances, much less carry it.

Besides that problem, Generic Defendants are not eligible for relief under Rule 60 because "[t]he equitable purpose of Rule 60(b) cannot be to 'relieve' a party from [a] lawsuit in which she had prevailed." *Cano v. Baker*, 435 F.3d 1337, 1340 (11th Cir. 2006). That is this case. Generic Defendants prevailed. They have no justification for "relief" from their own victory.

## III. Law of the Case Does Not Apply and Generic Defendants Never Moved for Summary Judgment.

Defendants' motion is almost entirely unreasoned, but it appears to assume that the law-of-the-case applies. If so, that assumption is misguided. The MDL is not a case, but instead a collection of many individual cases. This Court's prior indicative ruling did not discuss the key case on this topic. Just a few weeks ago, the Third Circuit warned that MDLs contain *distinct* cases, and thus rulings from one case cannot simply be applied to a different case. "The law of the case doctrine cannot be applied across distinct actions in this multidistrict proceeding." *Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 61 (3d Cir. 2023). "That means a district court's decision whether to grant a motion ... in an individual case depends on the record in that case and not others." *Id.* (quoting *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020)). The Third Circuit also explained that issue preclusion does not apply because, in part, the parties were not the same. *See id*. That reasoning applies here as well. The Generic Defendants

3

are different from the Brand Defendants who moved for summary judgment. And none of the Plaintiffs are the same as those involved in summary judgment, either.

Indeed, the Generic Defendants never *moved* for summary judgment, and so of course Plaintiffs never opposed such a motion. They claim now to file such a motion, but it is only one to indicate a ruling on an underlying motion that does not exist. Even if such a motion were belatedly filed, it would hardly be "timely." Fed. R. Civ. P. 62.1. Under the briefing schedule, general causation motions were due in *June* of last year. That deadline came and went with Generics standing idly by on the sidelines because they were already completely removed from this MDL. As a result, Plaintiffs never had an opportunity to build the factual record that determines the propriety of summary judgment. And this Court has not invoked Rule 56(f) for non-designated cancers—and granted summary judgment *sua sponte*—so that cannot be the underlying "motion" nobody has ever filed either.

**IV.     An Indicative Ruling Would Be Improper Because Defendants' Motion Is Untimely and of the Wrong Type.**

Plaintiffs have already explained why the Retailers and Distributors' motion for an indicative ruling did not comport with the text of the Rule. *See* D.E. 6263 at 1-5. The Generic Defendants' motion fails for the same reasons. There is no underlying motion that the Court is unable to grant, and any such conjectured motion is not timely. *Id.* This Court rejected those arguments, and will presumably do so again, but Plaintiffs maintain that they apply.

Even if there were an underlying motion, and that motion were timely, Rule 62.1 has never been used in the manner Generic Defendants propose here—except by this Court. Defendants have cited no case at all, on any point. There are no opinions (other than by this Court) in which a Defendant received an indicative ruling buttressing a Rule 12 dismissal with a separate Rule 56 summary judgment.

That plainly is not what Rule 62.1 is for. Even as to the designated-cancer appellants, parties who win on Rule 12 have no right to insulate that ruling on appeal by receiving judgment on a completely different ground based on litigation of other claims entirely. As for the non-designated cancer appellants, Generic Defendants' position is even more preposterous. They propose snatching them from the Court of Appeals not so they can lose on summary judgment, but so that they can build a summary judgment record, have summary judgment eventually adjudicated, and then, even if they win, immediately appeal *again* because their claims remain preempted. There is a reason the Generic Defendants cannot muster a single, solitary defense of this abuse of the federal rules. It is indefensible.

**V.      Granting an Indicative Ruling Here Would Be Unconstitutional Under Article III.**

Even if granting an indicative ruling would be lawful under the text of Rule 62.1—and it would not be, as explained above—it would nevertheless constitute an unconstitutional advisory opinion under Article III. In light of this constitutional peril, multiple district courts have rightly avoided the use of Rule 62.1 in circumstances like these. *See Kesterson v. Kent State Univ.*, No. 5:16-cv-298, 2019 WL 1880033, at *2 (N.D. Ohio Apr. 26, 2019) ("Courts should generally reject a [Rule 62.1] request when it would require the court to issue an advisory opinion."); *Callahan v. United States Dep't of Health & Hum. Servs. through Azar*, No. 1:19-cv-1783, 2019 WL 13060746, at *2–5 (N.D. Ga. Aug. 16, 2019) (similar); *Caviness v. Colvin*, No. 13-15288, 2016 WL 4646366, at *1 (E.D. Mich. Sept. 7, 2016) (similar).

This Court should follow suit. In this context, an indicative ruling would raise the exact same concerns raised by the now-discredited doctrine of "hypothetical jurisdiction"—a practice that the Supreme Court had no trouble striking down as unconstitutional under Article III. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). And even if the Court were to merely "indicate" how it would rule on a Rule 56 motion, that too, would violate Article III. As it stands

5

now, the Court has granted Rule 58 judgments with respect to all of these cases, and the plaintiffs have appealed. That means jurisdiction has "cease[d] to exist" in this court. *Steel Co.*, 523 U.S. at 94. And without jurisdiction, the Court has no power to do anything but "announc[e] the fact" that it lacks jurisdiction—nothing more. *Id.*

## CONCLUSION

The motion should be denied.

Dated: March 27, 2023                                    Respectfully submitted,

*/s/ Tracy A. Finken*                                    By: */s/ Robert C. Gilbert*
Tracy A. Finken                                          Robert C. Gilbert, FBN 561861
Email: tfinken@anapolweiss.com                           Email: gilbert@kolawyers.com
ANAPOL WEISS                                             KOPELOWITZ OSTROW FERGUSON
One Logan Square                                         WEISELBERG GILBERT
130 North 18th Street, Suite 1600                        2800 Ponce de Leon Boulevard, Suite 1100
Philadelphia, PA 19103                                   Coral Gables, FL 33134
Tel: (215) 735-1130                                      Tel: (305) 384-7270


*/s/ Michael L. McGlamry*                                */s/ Adam Pulaski*
Michael L. McGlamry                                      Adam Pulaski
Email: efile@pmkm.com                                    Email: adam@pulaskilawfirm.com
POPE McGLAMRY, P.C.                                      PULASKI KHERKHER, PLLC
3391 Peachtree Road NE, Suite 300                        2925 Richmond Avenue, Suite 1725
Atlanta, GA 30326                                        Houston, TX 77098
Tel: (404) 523-7706                                      Tel: (713) 664-4555


*Plaintiffs' Co-Lead Counsel*


Rosemarie R. Bogdan                                      Mark J. Dearman, FBN 0982407
Email: Rosemarie.bogdan@1800law1010.com                  Email: mdearman@rgrdlaw.com
MARTIN, HARDING & MAZZOTTI                               ROBBINS GELLER RUDMAN & DOWD
1 Wall Street                                            120 East Palmetto Park Road, Suite 500
Albany, NY 12205                                         Boca Raton, FL 33432
Tel: (518) 862-1200                                      Tel: (561) 750-3000

Elizabeth A. Fegan
Email: beth@feganscott.com
FEGAN SCOTT, LLC
1456 Sycamore Rd.
Yorkville, IL 60560
Tel: (312) 741-1019

Ashley Keller
Email: ack@kellerpostman.com
KELLER | POSTMAN
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (312) 741-5222

Roopal P. Luhana
Email: luhana@chaffinluhana.com
CHAFFIN LUHANA LLP
600 Third Avenue, 12th Floor
New York, NY 10016
Tel: (888) 480-1123

Ricardo M. Martinez-Cid, FBN 383988
Email: RMartinez-Cid@Podhurst.com
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Avenue, Suite 3200
Miami, FL 33130
Tel: (305) 358-2800

Melanie H. Muhlstock
Email: mmuhlstock@yourlawyer.com
PARKER WAICHMAN LLP
6 Harbor Park Drive
Port Washington, NY 11050
Tel: (516) 723-4629

Marlene J. Goldenberg
Email: mjgoldenberg@goldenberglaw.com
GOLDENBERG LAW, PLLC
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Tel: (855) 333-4662

Frederick S. Longer
Email: flonger@lfsblaw.com
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500

Francisco R. Maderal, FBN 0041481
Email: frank@maderalbyrne.com
MADERAL BYRNE PLLC
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Tel: (305) 520-5690

Lauren S. Miller
Email: laurenm@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1914 4th Avenue North
Suite 320
Birmingham, AL 35203
Tel: (205) 533-4175

Daniel A. Nigh, FBN 30905
Email: dnigh@levinlaw.com
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (888) 435-7001

Carmen S. Scott
Email: cscott@motleyrice.com
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9160

Sarah N. Westcot, FBN 1018272
Email: swestcot@bursor.com
BURSOR & FISHER, P.A.
701 Brickell Ave., Suite 1420
Miami, FL 33131-2800
Tel: (305) 330-5512

Frank Woodson
Email: Frank.Woodson@BeasleyAllen.com
BEASLEY ALLEN LAW FIRM
234 Commerce St
Montgomery, AL 36103
Tel: (334) 269-2343

Paige Boldt
Email: pboldt@wattsguerra.com
WATTS GUERRA LLP
1815 Windsong Circle
Keller, TX 76248
Tel: (210) 447-1534

Adam W. Krause
Email: adam@krauseandkinsman.com
KRAUSE AND KINSMAN, LLC
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel: (816) 760-2700

Bradford B. Lear
Email: Lear@learwerts.com
LEAR WERTS LLP
103 Ripley Street
Columbia, MO 65203
Tel: (573) 875-1992

Mikal C. Watts
Email: mcwatts@wattsguerra.com
WATTS GUERRA LLP
4 Dominion Drive
Building 3, Suite 100
San Antonio, TX 78257
Tel: (800) 294-0055

Conlee S. Whiteley
Email: c.whiteley@kanner-law.com
KANNER & WHITELEY, L.L.C.
701 Camp Street
New Orleans, LA 70130
Tel: (504) 524-5777

Steven B. Rotman
Email: srotman@housfeld.com
HAUSFELD, LLP
One Marina Park Drive, Suite 1410
Boston, MA 02210
Tel: (617) 207-0602

Je Yon Jung
Email: JJung@maylightfootlaw.com
MAY JUNG, LLP
1100 W. Town & Country Road
Suite 1250
Tel: (818) 869-6476

Nicola Larmond-Harvey, FBN 0105312
Email: nicola@saunderslawyers.com
SAUNDERS & WALKER, P.A.
3491 Gandy Boulevard North, Suite 200
Pinellas Park, FL 33781
Tel: (727) 579-4500

*Plaintiffs' Steering Committee*

Case 9:20-md-02924-RLR   Document 6408   Entered on FLSD Docket 03/27/2023   Page 9 of 10

Brooke Achua
Email: brooke@feganscott.com
FEGAN SCOTT, LLC
1456 Sycamore Rd., 46th Floor
Yorkville, IL 60560
Tel: (646) 502-7910

Lea P. Bucciero
Email: lbucciero@podhurst.com
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Avenue, Suite 3200
Miami, FL 33130
Tel: (305) 358-2800

Marlo E. Fisher
Email: marlo@pulaskilawfirm.com
PULASKI KHERKHER, PLLC
2925 Richmond Avenue, Suite 1725
Houston, TX 77098
Tel: (713) 664-4555

Noah Heinz
Email: noah.heinz@kellerpostman.com
KELLER | POSTMAN
1100 Vermont Avenue NW, Floor 12
Washington, DC 20005
Tel: (202) 918-1841

Caroline G. McGlamry
Email: carolinemcglamry@pmkm.com
POPE McGLAMRY, P.C.
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706

Laura K. Stemkowski
Email: lstemkowski@motleyrice.com
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9165

Harrison M. Biggs
Email: hbiggs@yourlawayer.com
PARKER WAICHMAN LLP
6 Harbor Park Drive
Port Washington, NY 11050
Tel: (516) 723-4633

Alexander C. Cohen
Email: acohen@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432
Tel: (561) 750-3000

Kendra Goldhirsch
Email: goldhirsch@chaffinluhana.com
CHAFFIN LUHANA LLP
600 Third Avenue, 12th Floor
New York, NY 10016
Tel: (888) 480-1123

Catelyn McDonough
Email: cmcdonough@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-1130

Madeline Pendley
Email: mpendley@levinlaw.com
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (850) 435-7003

Daniel E. Tropin
Email: tropin@kolawyers.com
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (954) 990-2216

*Plaintiffs' Leadership Development Committee*

9

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

                                                   */s/ Robert C. Gilbert*
                                                    Robert C. Gilbert