UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)     MDL NO. 2924
PRODUCTS LIABILITY     20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**GENERIC DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR INDICATIVE RULING IN
<u>GENERIC-ONLY CASES ON APPEAL</u>**

Plaintiffs' Opposition to the Generic Manufacturer and Repackager Defendants ("Generic Defendants") motion for an indicative ruling in the eighteen (18) Generic-Only cases currently pending on appeal is based on the false premise that granting the motion will prejudice Plaintiffs' appellate rights. It does nothing of the sort. The Generic Defendants simply seek to have the Court extend its existing indicative ruling to these additional 18 cases so that the Court can then follow its stated intent in its original indicative ruling: "enter a single final judgment under Federal Rule of Civil Procedure 58 that would bind all parties, serve the interests of judicial efficiency without causing prejudice to any party, and potentially result in a single appeal or consolidated appeal before one panel in the [Eleventh Circuit]." D.E. 6310 at 2. The Plaintiffs, who have made the filing of piecemeal appeals an art form, oppose that in favor of multiple appeals of multiple issues in front of multiple panels. The Federal Rules of Civil Procedure afford this Court the proper mechanisms to avoid such inefficient duplication of effort and that is why the Generic Defendants' motion should be granted.

PROCEDURAL BACKGROUND

By orders issued in 2020 and 2021, this Court dismissed all claims against Generic Defendants as preempted by federal law. (D.E. 2512; D.E. 3750).  Thereafter, the Plaintiffs filed four separate appeals that addressed those rulings in piecemeal fashion:

- Plumbers & Pipefitters Union Local 630 filed an appeal of the preemption order on behalf of itself as a third-party payor.  *Plumbers & Pipefitters Local v. GlaxoSmithKline LLC, et al*., No. 21-10335. The Eleventh Circuit affirmed this Court's order of dismissal because Plumbers chose not to appeal this Court's shotgun pleading dismissal.  (*Plumbers & Pipefitters Local*,  Dkt.  No. 149) ("By not attacking the shotgun pleading ruling, Plumbers has left us with no choice but to affirm the dismissal ...").

- Hundreds of Plaintiffs filed an appeal that the Eleventh Circuit docketed as *Frank Chandler, et al. v. Glenmark Pharmaceuticals, Inc. USA*, et al., No. 21-12618.

- Hundreds of more Plaintiffs filed an appeal that the Eleventh Circuit docketed as *Steven Abdoo, et al. v. Glenmark Pharmaceuticals, Inc. USA*, et al., No. 21-14325.

- Over 1,000 Plaintiffs and counting —the most recent appeals were docketed on March 27, 2023—have recently filed Notices of Appeal ("NOA") that the Eleventh Circuit is docketing under *Bradley Sanders, et al. v. Ajanta Pharm. USA, Inc., et al.,* No. 23-10640.  Those NOAs all indicate that the Plaintiffs are appealing this Court's Orders at Dkt. No. 4664 (Generic Defendants Final Judgment) and Dkt. No. 4665 (Retailers and Distributor Defendants Final Judgment).

Before substantive briefing occurred in *Chandler* and *Abdoo*, Par Pharmaceuticals, Inc. advised the Eleventh Circuit of its filing of a bankruptcy petition and the Court stayed the proceedings.[1]  That stay remains in effect today.  And as over two dozen of those Plaintiffs have

---

[1] Par Pharmaceuticals, Inc. filed a Motion for Suggestion of Bankruptcy, (*Chandler* Dkt. 274; *Abdoo* Dkt. 130), prompting the Eleventh Circuit to stay proceedings as to *all* Defendant-Appellees, (*Chandler* Dkt. 275; *Abdoo* Dkt. 136).  The stay remained in effect for months without any opposition.  Only when this Court indicated that it intended to proceed with a show-cause process that was intended to help bring finality to the MDL, did Plaintiffs move to lift the stay in *Chandler* only.  (*Chandler* Dkt. 281).

claims against Par Pharmaceuticals in *Sanders*, that appeal may also be subject to the bankruptcy stay.[2]

Faced with piecemeal appeals that were sitting on the Eleventh Circuit docket with no merits briefing having taken place, on March 2, 2023, this Court issued its ruling on Retailer and Distributor Defendants' motion for an indicative ruling. [D.E. 6310]. In its ruling on the motion for an indicative order, the Court set forth the reasons why it believed that a single, final judgment was preferable in this case, including the desire for an efficient appellate process. [D.E. 6310 at 11-14]. Thus, the Court issued an indicative ruling that extends to the pending appeals involving Rule 54(b) final judgments entered in favor of both Generic and Retailer and Distributor Defendants. [D.E. 6310 at 6, 14-15]. Generic Defendants moved to extend the indicative ruling order to the 18 Generic-Only cases pending appeal (and currently subject to the bankruptcy stay).

ARGUMENT

### A. An indicative ruling to remand the 18 generic-only cases would lead to appellate efficiencies while not impairing any plaintiff's appellate rights.

Plaintiffs assert that Generic Defendants seek to evade appellate review without once discussing the actual status of those appeals. Plaintiffs' argument falls flat. Extending the existing indicative ruling to these additional 18 cases will facilitate appellate review in one efficient process as opposed to the piecemeal, duplicative and drawn out approach utilized by Plaintiffs.

---

[2] Par Pharmaceuticals filed a motion for suggestion of bankruptcy on March 28, 2023. (*Sanders* Dkt. 24).

3

This Court's reasons for its indicative ruling apply with equal force to the 18 Generics-Only Rule 58(a) final judgment cases pending appeal. Remand will allow the Court to vacate its prior Rule 58(a) final judgment on preemption, resolve any remaining issues, and enter a new Rule 58(a) final judgment addressing both causation and preemption. All outstanding issues would then be consolidated for a single appeal. That process does not evade appellate review; it promotes it.

This Court previously found just reason for delaying the entry of final judgment under Rule 54(b), namely, the ability to "enter one final judgment across all claims and parties" and avoid piecemeal appellate litigation. [D.E. 6310 12]. The public policy of judicial efficiency applies equally to the Generics-Only cases on appeal from a Rule 58(a) final judgment. *See Mendia v. Garcia*, 874 F.3d 1118, 1122 (9th Cir. 2017) (explaining that Fed. R. App. P. 12.1 has as a "purpose of promoting judicial efficiency").[3] Because all of the appeals currently before the Eleventh Circuit are either stayed or subject to a stay, there remains "ample time" for all issues from the MDL to be combined into a single appeal. Once that occurs, there is no reason for multiple appellate panels to familiarize themselves with the complicated facts and procedural history at issue here. [D.E. 6310 at 13]. Without an indicative order that covers the Generics-

---

[3] *See also United States v. Madrid*, 633 F.3d 1222, 1226–27 (10th Cir. 2011) ("appellate courts have carved out further exceptions to the general rule that allow district courts to address certain matters when judicial efficiency is thereby enhanced."). Similarly, it is well-settled, across multiple jurisdictions, that the purpose of Rule 62.1 "is to promote judicial efficiency and fairness by providing a mechanism for the district court to inform the parties and the court of appeals how it would rule on a motion made after the district court has been divested of jurisdiction." *Amarin Pharms. Ireland Ltd. v. Food & Drug Admin.*, 139 F. Supp. 3d 437, 447 (D.D.C. 2015); *United States v. Maldonado-Rios*, 790 F.3d 62, 65 (1st Cir. 2015) (finding that the Rule 12.1 procedure "makes much practical sense" where a "substantial issue is raised," because this "ensures that the district court and the appellate court are not simultaneously analyzing the same issue.").

Only Rule 58(a) final judgments, over 1,000 of the 54(b) cases will be returned to this Court while those 18 cases remain in the Eleventh Circuit. Non-Generic Defendants affected by this Court's preemption rulings (including Retailer and Distributor Defendants) would not have standing to participate in those appeals. That, of course, would be the antithesis of an efficient and complete appellate review process.

### B. Rules 60(b)(6) and 62.1 permit the Court to vacate its existing judgment for the 18 generic-only cases on appeal.

Plaintiffs' assertion that the Generic Defendants' motion is a misuse of Fed. R. Civ. P. 62.1 is also wrong. Where a motion is made that a district court is without authority to grant because of a pending appeal, Rule 62.1 allows the court to state that it would grant the motion if the case were remanded or that the motion raises a substantial issue. Rule 62.1. As this Court noted, a motion for an indicative ruling is frequently construed as an underlying motion for relief. [D.E. 6310 at 8]. In this Motion, Generic-Defendants seek relief from judgment pursuant to Rule 60(b)(6).[4]

Plaintiffs are also wrong that relief under Rule 60(b)(6) is not available to Generic Defendants. Many courts have recognized that relief under Rule 60(b)(6) is available to prevailing parties. *See Skycam, Ltd. Liab. Co. v. Bennet*, No. 09-CV-294-GFK-FHM, 2014 U.S. Dist. LEXIS 11443, at *20 (N.D. Okla. Jan. 30, 2014) (collecting illustrative cases). That includes the Eleventh Circuit, which recently held that Rule 60(b)(6) permits a prevailing party to seek to bolster a final judgment in its favor. In *AcryliCon USA, Ltd. Liab. Co. v. Silikal GmbH & Co.*, 46 F.4th 1317 (11th Cir. 2022), the Court held that a district court erred in issuing a

---

[4] Plaintiffs' arguments about timeliness of the request under R. 60(b)(6) ignore the fact that this Court has already found that no time limit applies to its ability to grant relief from judgment under Rule 60(b)(6). D.E. 6310 at 8.

5

permanent injunction that was not part of its existing final judgment. *Id*. at 1325-26.  But the Court also held that if, upon remand, a Rule 60(b)(6) motion were filed by the prevailing party, the district court could "amend the judgment to enter a permanent injunction on remand," provided that it "do so in accordance with the requirements found in Rule 60(b)(6)[.]" *Id*. at 1327.

Plaintiffs' statement that there is no case law supporting such a use of Rule 62.1 is also wrong. *See Viera v. United States*, 595 F. Supp. 3d 1, 2 (S.D.N.Y. 2022) (granting motion for indicative ruling based on Rule 60(b)(6)); *Kinzler v. First NBC Bank Holding Co.*, No. 16-4243, 2021 U.S. Dist. LEXIS 133694, at *27 (E.D. La. July 19, 2021) (granting plaintiffs' Rule 62.1 motion based upon a 60(b)(6) motion to vacate); *Zurich Am. Ins. Co. v. S.-Owners Ins. Co.*, No. 3:15-cv-1041-J-34PDB, 2019 U.S. Dist. LEXIS 234003, at *5 (M.D. Fla. Aug. 6, 2019) (granting Rule 62.1 motion premised upon a 60(b)(6) motion to vacate); *Lawson v. Grubhub, Inc.*, No. 15-cv-05128-JSC, 2018 U.S. Dist. LEXIS 201718, at *20 (N.D. Cal. Nov. 28, 2018) (finding that 60(b)(6) motion raises "substantial issue" under Rule 62.1); *Quad Cities Waterkeeper, Inc. v. Ballegeer*, No. 4:12-cv-04075-SLD-JEH, 2018 U.S. Dist. LEXIS 234323, at *5 (C.D. Ill. Oct. 2, 2018) (granting motion for indicative ruling premised upon a 60(b)(6) motion to vacate). [5]

---

[5] *Cano v. Baker*, 435 F.3d 1337 (11th Cir. 2006), cited by Plaintiffs does not address the situation present here: the use of Rule 60(b)(6) to perfect or improve upon a prior Rule 58(a) certification, and thereby facilitate more efficient appellate review.  *Cano* holds that when a party changes its mind some three decades after an initial decision in that party's favor, the court will not disturb the decision. 435 F.3d at 1340-42.  And claims that the rule is unconstitutional ignoring the fact that federal courts have long held that a district court acts properly by identifying circumstances where remand of a pending appeal is appropriate, including but not limited to, circumstances in which an indicative ruling would aid appellate jurisdiction.  *See Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999).

### C. Plaintiffs' arguments regarding the application of its general causation ruling to the Generic-Only cases is premature and irrelevant to the decision before the Court.

The remainder of Plaintiffs' Opposition goes to the merits of whether or not this Court's *Daubert* general causation decision should apply to cases involving the Generic Defendants and/or Non-Designated Cancers. However, this puts the cart before the horse. This Court has set forth a briefing schedule and procedures for dealing with (1) whether the *Daubert* decision should apply to all Defendants and not just the brands and (2) how to address the Non-Designated Cancer Claims. *See* D.E. 6303 at 20 and D.E. 6271 (Pretrial Order #81). The parties have an opportunity to fully brief and argue these matters before this Court. *Home Depot USA, Inc. v. Lafarge North America*, 2023 WL 1458892, at *4 (3d Cir. Feb. 2, 2023), cited by Plaintiffs, reaffirms that an MDL court may use all available tools to achieve an efficient and comprehensive resolution of issues in an MDL proceeding. *Id.*; *see also, e.g., id.* at *8 (explaining that "a judge may enter an order with respect to one party and then provided that it will be automatically extended to other parties if they do not come forward and show cause why it should not be applicable"). Therefore, Plaintiffs' unsupported assertion about needing a different factual record to address Generic Defendant *Daubert* issues is a non-sequitur given the relief sought in this motion.

## CONCLUSION

For the foregoing reasons, the Generic Defendants respectfully request that this Court enter the proposed final judgment order attached to their Motion for Indicative Ruling.

Dated: April 3, 2023

**Liaison Counsel for the Generic Manufacturer Defendants**

Respectfully submitted,

/s/ *Thomas J. Yoo*
Thomas J. Yoo
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: (213) 896-2400
thomas.yoo@hklaw.com

/s/ *Richard M. Barnes*
Richard M. Barnes
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
Tel: (410) 783-4000
rmb@gdldlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April 2023, a true and correct copy of the foregoing Generic Defendants' Reply in Support of Motion for Indicative Ruling in Generic-Only Cases on Appeal was filed electronically through the CM/ECF system, which will send notice of filing to all CM/ECF participants.

/s/ *Thomas Yoo*
Thomas Yoo