UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)     MDL NO. 2924
PRODUCTS LIABILITY     20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO:
*ARTHUR CARTEE v. BOEHRINGER INGELHEIM, ET AL.*, 9:20-cv-80555

**Notice of Objection to Providing General Causation Expert**

DATED: April 12, 2023

This Court set April 12, 2023, as the deadline for Mr. Cartee to declare whether he will submit expert reports by June 12, 2023, providing evidence that ranitidine is capable of causing his non-designated prostate cancer. *See* PTO 81. Mr. Cartee objects to the application of this order to him for three independent reasons.

First, Mr. Cartee is pursuing only one claim for innovator liability. To wit, he consumed exclusively generic ranitidine and is suing the brand manufacturers under Illinois law for negligent misrepresentations that they knew would appear on the generic label. *See* D.E. 19. Mr. Cartee resubmits that this Court has already held as a matter of law that Illinois would not recognize this claim. *See* D.E. 2516 at 24 (dismissing "[a]ll" innovator-liability "claims brought by Plaintiffs against Defendants in courts outside of California and Massachusetts"); *id.* at 35-38 (holding that Brand Defendants owe no duty of care to consumers of generic ranitidine under Illinois law specifically). As a result, Mr. Cartee should not proceed to summary judgment for a claim that has no chance of success. Mr. Cartee is aware that this Court denied his motion for judgment in part on the ground that it never actually had dismissed his innovator-liability claim, but Mr. Cartee notes his objection nevertheless to ensure the issue is preserved for appeal.

Second, even if this Court has not yet technically dismissed his claim, its order denying Mr. Cartee's motion for judgment noted that it could not yet tell whether the Defendants would answer his complaint and put him to his burden of proof. D.E. 6317 at 2, 6. If that is so, the proper sequence of events is to set a deadline for Defendants to either answer on the one hand or move to dismiss Mr. Cartee's one and only claim on the other. It is improper for this Court to put Mr. Cartee to his burden of proof *before* it learns whether Defendants are putting him to his burden on general causation by waiving their innovator-liability arguments.

Finally, this Court indicated that Defendants may move at some future time to dismiss Mr.

Cartee's case for lack of personal jurisdiction. *See* D.E. 6317 at 6. Once again, such a motion must be made and decided *before* this Court addresses general causation. While a federal court has "leeway to choose among *threshold* grounds for denying audience to a case on the merits," *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (emphasis added, internal quotations omitted), it cannot decide an issue that "entail[s] any assumption by the court of substantive law-declaring power" without first determining it has jurisdiction, *id.* at 424. General causation is plainly a merits issue that will require the Court to wield substantive power. It is not a "threshold" ground like jurisdiction or *forum non conveniens*. If the Court determines that Mr. Cartee's evidence of general causation is insufficient as a matter of law, the appropriate disposition would be dismissal with prejudice, not dismissal without prejudice and leave to file in a different tribunal vested with proper adjudicatory authority. Accordingly, the Court must require Defendants to press their jurisdictional arguments, and the Court must resolve them, before it can assume that it has "substantive law declaring power."

      Mr. Cartee anticipates the Court will overrule his objections. If it does, he will not produce an expert on general causation, and asks the Court to dismiss his case with prejudice so he can attempt to vindicate his objections on appeal to the Eleventh Circuit.

Dated: April 12, 2023                        Respectfully submitted,

                                                   By: */s/ Ashley Keller*
                                                   Ashley Keller
                                                   Email: ack@kellerpostman.com
                                                   KELLER POSTMAN LLC
                                                   150 N. Riverside Plaza, Suite 4100
                                                   Chicago, IL 60606
                                                   Tel: (312) 741-5222

                                                   *Counsel for Mr. Cartee*

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

*/s/ Ashley Keller*
Ashley Keller