UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

**THIS DOCUMENT RELATES TO:**

*Heald et al. v. H-E-B, L.P., et al.* 1:23-cv-00018

**PLAINTIFF MARIA HEALD'S MOTION TO REMAND**

DATED: June 6th, 2023

Plaintiffs Maria Heald, individually and as a representative of the estate of Russell W. Heald ("Decedent"), Jeffrey Alexander Heald, Nicholas Matthew Heald, and Sean Louis Heald file this Motion to Remand as permitted by this Court's Order at D.E. 5225. The Special Master and Plaintiff's co-leads have been consulted and do not oppose this Motion. The Court granted leave to file this motion on May 31st, 2023 at D.E. 6646.

**INTRODUCTION**

Russell Heald suffered and died from an aggressive form of bladder cancer due to his daily consumption and exposure to the over-the-counter, non-prescription drug, Zantac, which was purchased at Defendant H-E-B, L.P.'s ("H-E-B") locations in Nueces County, Texas and Jefferson County, Texas. *See* Heald Compl. ¶ 31.

Both Maria Heald, the surviving spouse of Russell Heald, and H-E-B are citizens of Texas. *See* Heald Compl. ¶¶ 2, 6; There is thus no diversity jurisdiction. *See Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). When, as here, the "district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Defendants improperly removed this action against H-E-B to the United States District Court for the Eastern District of Texas (Beaumont Division) on January 13, 2023. *See* Def. NOR. This cause was later transferred by the Judicial Panel on Multidistrict Litigation ("JPML") to the Southern District of Florida for inclusion in MDL No. 2924 on April 10, 2023. *See* Ex. 1.

The crux of Defendants' argument for removal is that H-E-B was improperly joined in this action and "its Texas citizenship should be ignored in assessing the diversity of citizenship of the parties for removal." Def. NOR ¶ 22.  H-E-B was not only properly joined in this action but its status as a Texas citizen demonstrates that there is no diversity jurisdiction in this case, making the 136th Civil District Court of Jefferson County the proper venue.

## JURISDICTION AND VENUE

This cause of action is within the jurisdictional limits of the 136th Civil District Court of Jefferson County as Plaintiffs are seeking damages in excess of the minimum jurisdictional limits of this Court. The 136th Court has subject-matter jurisdiction over the lawsuit under Texas law, including, but not limited to jurisdiction under Texas Civil Practice & Remedies Code § 71.002 and the Texas Government Code § 24.007.

This Court has personal jurisdiction over H-E-B because H-E-B is organized under the state laws of Texas, is headquartered in Texas, and engages in foreseeable, intentional, continuous, and/or systematic contact within Texas, so that there is both general and specific personal jurisdiction. Exercising jurisdiction over H-E-B does not offend the notions of fair play and substantial justice.

Plaintiffs expressly disavow that any claims are being made pursuant to or in reliance on

federal law, federal causes of action, treaties, or the U.S. Constitution. Any reference to federal agencies herein is for informational and background purposes only, not as a means to assert a federal cause of action or rely upon federal law. Although the amount in controversy exceeds $1,000,000.00, exclusive costs and interest, there is a lack of complete diversity because of the presence of Plaintiffs and a Defendant that is a citizen of Texas. As such, this case should not have been removed to federal court and should be remedied by sanctions and a remand with an award of all costs, expenses, and fees including, but not limited to, attorneys' fees under 28 U.S.C § 1447(c).

Venue is proper in Jefferson County, Texas, pursuant to Texas Civil Practice and Remedies Code section 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Jefferson County, Texas.

## LEGAL OVERVIEW

Under Eleventh Circuit precedent, "federal courts are directed to construe removal statutes strictly" and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). Defendants bear a heavy burden: to show by "clear and convincing evidence" that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (internal quotation marks omitted). "The standard for evaluating whether the plaintiff can establish a cause of action against the resident defendant is very lenient." *Ullah v. BAC Home Loans Servicing LP*, 538 F. App'x 844, 846 (11th Cir. 2013). On the facts, Defendants cannot point to a pleading defect to meet their "clear and convincing evidence" burden, since "a pleading issue [] may be remedied via leave to amend, and even conclusory allegations in a complaint are sufficient for a Plaintiff to survive a

fraudulent joinder challenge." D.E. 3156 at 3. And the Court must consider the factual claims from the perspective that is most advantageous to the plaintiff and any "uncertainties" regarding the substantive state law should be resolved in favor of the plaintiff. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). "Supreme Court precedent is clear that a plaintiff's motivation for joining a defendant is not important . . . ." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1291 (11th Cir. 1998).

## ARGUMENT

### H-E-B is a Properly Joined Defendant.

The Manufacturer Defendants contend that this action was properly removed despite the absence of complete diversity of citizenship because Plaintiff has no reasonable possibility of success on her claims against H-E-B in state court. Def NOR ¶ 23. Plaintiff argues that removal to this court was improper because her claims against H-E-B are viable and are not barred from pursuit due to Tex. Civ. Prac. & Rem. Code Ann. § 82.0039(a).

The plaintiff's forum of choice is presumed valid. *See, e.g., Doe* v. *Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum"); *Schmude* v. *Sheahan,* 198 F.Supp.2d 964, 966 (N.D. Ill. 2002) ("Generally, the removal statute is strictly construed, with an eye towards limiting federal jurisdiction"). In deciding a motion to remand, courts must resolve doubts about jurisdiction in favor of state courts. *Sheridan* v. *Flynn,* 2003 WL 22282378, at *3 (N.D. Ill. Sept. 30, 2003).

"To establish fraudulent joinder, a removing defendant 'must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.'" *Morris* v. *Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quoting

4

*Poulos* v. *Naas Foods, Inc.*, 959 F.2d 68, 73 (7th Cir. 1992) (emphasis in original)). If the removing defendants can meet this "heavy burden," *Poulos*, 959 F.2d at 73, the federal district court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Schur* v. *L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 763 (7th Cir. 2009). "At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant? If a state court has come to judgment, is there any reasonable possibility that the judgment will be reversed on appeal?" *Poulos*, 959 F.2d at 73. The parties agree that Texas law governs this case.

The Manufacturer Defendants do not dispute that a seller in the chain of distribution is jointly and severally liable with the manufacturer of a dangerously defective product. *E.g.*, *Cassidy* v. *China Vitamins, LLC*, 2018 IL 122873, at *¶ 28 (2018); *Crowe* v. *Public Building Comm'n of Chi.*, 74 Ill. 2d 10, 13 (1978); *Dunham* v. *Vaughan & Bushnell Mfg. Co.*, 42 Ill. 2d 339, 344 (1969)). As such, it seems obvious that there is a reasonable possibility that a Texas court would, upon proof, rule against H-E-B, and there is little likelihood that a judgment would be reversed on appeal. The Manufacturer Defendants rely on Texas' "innocent seller" statute, Tex. Civ. Prac. & Rem. Code §82.003(a) which protects "a product seller who merely distributes the defective product". See Def. NOR ¶ 24. That very same section, however, lays out no less than seven exceptions to this rule, including the mains ones alleged by the plaintiff, §82.003(a)(2), (5), and (6). *See* Heald Comp. ¶¶ 304-06.

§82.003(a)(2) designates a seller as liable for harm caused to the claimant when that seller alters or modifies the product and the claimant's harm resulted from that alteration or modification. §82.003(a)(5) designates a seller as liable for harm caused to the claimant when

5

that seller makes an express factual representation about an aspect of the product, the representation was incorrect, the claimant relied on the representation in obtaining or using the product, and if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm. Finally, §82.003(a)(6) designated a seller as liable from harm caused to the claimant when that seller actually knew of a defect to the product at the time the seller supplied the product and the claimant's harm resulted from the defect.

In a similar case involving H-E-B, the United States District Court of Arizona granted the plaintiffs' Motion to Remand when the defendants were unable to show that the plaintiff failed to state a claim against H-E-B under Texas law. *In re Zicam Cold Remedy Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 09-md-2096, 2010 U.S. Dist. LEXIS 101128, at *45 (D. Ariz., Aug. 31, 2010). Similar to the current case, plaintiff's pharmaceutical case was improperly removed from the Texas state court under an allegation of fraudulent joinder. The Arizona court in *Zicam* found that when determining jurisdiction its duty was to "analyze only whether plaintiff has stated a cause of action against the in-state defendant, and . . . not conduct an "inquiry as to whether those defendants could propound defenses to an otherwise valid cause of action."" *Id.* at *39 (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). In *Zicam*, despite the plaintiffs' omission of specific factual details demonstrating H-E-B's potential liability under one of the exceptions to the Texas Innocent Seller statute, their motion to remand was still granted because the pleadings were not so inadequate as to be "obviously" without merit. *See Id.* at *40.

Here Plaintiffs sufficiently plead factual allegations against H-E-B such that a Texas court could find it liable under the exceptions to the Innocent Seller statute. *See* Heald Comp.

6

¶¶ 304-06. The Defendants in this case have not presented clear and convincing evidence that H-E-B could not be liable under any of the exceptions laid out above in Texas state court, only that the allegations as pled would not conform to federal pleading standards. Def. NOR ¶¶ 34-42. Plaintiff's allegations, like the ones found in *Zicam*, however, do not need to be pled to federal standards, they must simply not be obviously without merit in accordance with state standards. *See Zicam*, 2010 LEXIS 101128, at *40. Though Defendants may disagree, the pleadings are not so insufficient as to meet the "obviously" without merit prong of fraudulent joinder and they have failed to show that there is no possible claim under Texas law.

## CONCLUSION

For the foregoing reasons, the Motion to Remand should be granted.

Dated: June 6, 2023                                             Respectfully submitted,

                                                                 */s/ Robert C. Hilliard*
                                                                 Robert C. Hilliard
                                                                 State Bar No. 09677700
                                                                 bobh@hmglawfirm.com
                                                                 Rudy Gonzales, Jr.
                                                                 State Bar No. 08121700
                                                                 rudyg@hmglawfirm.com
                                                                 Catherine Tobin Hilliard
                                                                 State Bar No. 24013642
                                                                 catherine@hmglawfirm.com
                                                                 Jessica J. Pritchett
                                                                 State Bar No. 24102377
                                                                 jpritchett@hmglawfirm.com
                                                                 John C. Duff
                                                                 State Bar No. 24086979
                                                                 jduff@hmglawfirm.com
                                                                 Alexander Hilliard
                                                                 State Bar No. 24099145
                                                                 alex@hmglawfirm.com

**Hilliard Martinez Gonzales, LLP**
719 S. Shoreline Boulevard
Corpus Christi, Texas 78401
Telephone No: (361) 882-1612
Facsimile No: (361) 882-3015

**hmgservice@hmglawfirm.com**
***service by e-mail to this address only**

AND

Watts Guerra LLP

Mikal C. Watts
State Bar No. 20981820
mcwatts@wattsguerra.com
Francisco Guerra IV
State Bar No. 00796684
fguerra@wattsguerra.com

4 Dominion Dr.
Bldg. 3, Suite #100
San Antonio, Texas 78257
Telephone No: (210) 447-0500
Facsimile No: (210) 447-0501

AND

Gilbert Adams Law Offices

Gilbert T. Adams III
State Bar No. 00790201
gilbert@gta-law.com
1855 Calder Ave @ Third Street (77701)
Post Office Drawer 3688
Beaumont, Texas 77704
Telephone No: (409) 835-3000
Facsimile No: (409) 832-6162

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 6th, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

*/s/ Robert C. Hilliard*
Robert C. Hilliard