UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION

MDL DOCKET NO. 2924

Civil Action No. 9:20-MD-2924

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

**BRAND DEFENDANTS' OMNIBUS MOTION TO DISMISS
CLAIMS OF ADDITIONAL DELINQUENT PLAINTIFFS
WHO FAILED TO COMPLY WITH PTO 81**

**INTRODUCTION**

Brand Defendants[1] respectfully request that this Court dismiss with prejudice the Non-Designated Cancer cases filed by Plaintiffs who have failed to meet their obligation under Pretrial Order ("PTO") 81 to provide by June 12, 2023 a general causation expert report for the Non-Designated Cancers each Plaintiff intended to pursue (hereinafter "additional Delinquent Plaintiffs").[2]

**PROCEDURAL BACKGROUND**

On June 18, 2020, this Court entered PTO 30, which governed the opening of discovery through *Daubert* motions relating to general causation, as well as Plaintiffs' motions for class certification. DE 875. In part, PTO 30 directed Plaintiffs' Leadership to disclose the types of cancers for which they would provide expert reports. DE 875. From more than a dozen types of cancer originally asserted as injuries, Plaintiffs' Leadership ultimately elected to pursue claims related to only five specific cancers: bladder, esophageal, gastric, liver, and pancreatic (deemed the "Designated Cancers"). DE 887; DE 2533; DE 4676; DE 5147. Plaintiffs sought to demonstrate that the use of ranitidine could cause the Designated Cancers and submitted expert reports to this end. DE 6057-59; DE 6061; DE 6071. After expert discovery, Brand Defendants filed *Daubert* motions to exclude all of the Plaintiffs' general causation experts and moved for summary judgment. DE 5696; DE 5697; DE 5698; DE 5699; DE 5732; DE 5733; DE 5734; DE 5735; DE 5736. On December 6, 2022, this Court granted Brand Defendants' *Daubert* and summary judgment motions in their entirety. DE 6120.

---

[1] Boehringer Ingelheim Pharmaceuticals, Inc., GlaxoSmithKline LLC, Pfizer Inc., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.
[2] Additional Delinquent Plaintiffs are listed in Exhibit A. These are Plaintiffs who, by April 12, 2023, filed a Notice of Intent to pursue a Non-Designated Cancer case, pursuant to the deadlines in PTO 81. DE 6508 (*Summers*); DE 6511 (*Yuinawa*); DE 6530 (*Parris*). A subsequent motion is forthcoming for cases subject to later deadlines, pursuant to PTO 81 at 3.

Brand Defendants' *Daubert* motions and the related rulings did not specifically address injuries outside of the five Designated Cancers ("Non-Designated Cancers"). Individual cases in which Plaintiffs alleged an injury related to a Non-Designated Cancer remained pending.

## **PRESENT PROCEDURAL POSTURE**

On February 14, 2023, this Court entered PTO 81, which instructs each Plaintiff alleging a Non-Designated Cancer to file a Notice and details the procedures for doing so. In the first paragraph of PTO 81, the Court states: "If any Plaintiff fails to meet the requirements and deadlines established by this Order, his or her action may be subject to dismissal with prejudice under Rule 41(b)." A demonstrative table immediately follows this instruction. The table pairs a "DEADLINE" with a coordinating "EVENT" and states that by April 12, 2023, "Individual Plaintiffs shall file a Notice of Non-Designated Cancers each Plaintiff intends to pursue, if any, and will certify his or her intent to provide general causation expert reports on the Non-Designated Cancer(s)."[3] The Order further instructed that by June 12, 2023:

> Each Plaintiff who previously filed a Notice of Intent to provide general causation expert reports on Non-Designated Cancer claims shall deliver his or her expert reports to the Brand Defendants. In addition, the Plaintiff shall file a Notice listing all experts for whom the Plaintiff has provided a general causation expert report to the Brand Defendants.

By April 12, 2023, the additional Delinquent Plaintiffs (identified in Exhibit A) filed a Notice of Intent to pursue a claim related to a Non-Designated Cancer. However, none of the additional Delinquent Plaintiffs subsequently provided a general causation report nor filed a Notice for such expert(s). The filing deadline has expired for all of the additional Delinquent Plaintiffs, and therefore their complaints should be dismissed with prejudice.

---

[3] PTO 81 also required the parties to file a joint Notice, which listed the case number of every Non-Designated Cancer complaint in this MDL that had neither been voluntarily dismissed nor received the entry of Rule 58 final judgment. The parties submitted their joint list on February 27, 2023 (DE 6300), which is supplemented by Exhibit A.

2

## ARGUMENT

Under Rule 41(b), a district court "may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Properties, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Id.* (internal quotation marks omitted). "A district court need not tolerate defiance of reasonable orders." *Id.* at 1241. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Courts presiding over large, coordinated proceedings like this one require "greater discretion to organize, coordinate, and adjudicate [their] proceedings, including the dismissal of cases for failure to comply with [their] orders." *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007); *see also In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d 351, 358 (5th Cir. 2020).

In addition, Federal Rule of Civil Procedure 16(f)(1) states that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Sanctions available under Rule 37(b)(2)(A)(ii)-(vii) include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "The same criteria is used for evaluating dismissals under Rules 41(b) and 16(f)." *Martins v. Royal Caribbean Cruises, Ltd.*,

429 F. Supp. 3d 1315, 1323 (S.D. Fla. 2019) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

The Court should dismiss all claims of the additional Delinquent Plaintiffs with prejudice pursuant to both Rule 41(b) and 16(f) in light of the additional Delinquent Plaintiffs' noncompliance and the needs and duties of the Court in managing this litigation. The Court provided Delinquent Plaintiffs with clear direction and Delinquent Plaintiffs failed to abide by the Court's Order. Dismissal with prejudice is proper where "the district court finds a clear record of delay or willful conduct" and lesser sanctions are inadequate to address the issue at hand. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1339 (11th Cir. 2005). A court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). Here, the Court instructed the additional Delinquent Plaintiffs to provide general causation expert reports regarding their Non-Designated Cancer cases. PTO 81. Acknowledging this Court's deadlines, the additional Delinquent Plaintiffs filed the required Notice of the Non-Designated Cancer they intended to pursue. Despite these Notices, the additional Delinquent Plaintiffs ultimately chose not to serve the general causation expert reports necessary to support their claims.

The Eleventh Circuit has found that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon*, 863 F.2d at 837; *compare McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (holding dismissal with prejudice was not warranted for mere negligence where counsel was not notified of filing deadline). PTO 81 informed all Plaintiffs alleging a Non-Designated Cancer of the necessary next steps to remain in this litigation. PTO 81 further warned Delinquent Plaintiffs that dismissal with prejudice was possible for failure to provide a general causation expert report for their Non-

4

Designated Cancer claim(s).  The additional Delinquent Plaintiffs demonstrated their understanding of these deadlines, by appropriately filing a Notice of Intent to pursue their claims. They were given more than eight weeks to supply expert reports and file a Notice identifying their expert(s).  PTO 81.  They did not, which demonstrates an intent to delay these proceedings and disregard of the Court's pretrial order.  Dismissal is appropriate.  And lesser sanctions will not suffice because Delinquent Plaintiffs were on notice, after the Court's December 6, 2022 *Daubert* and summary judgment decision, that failure to submit expert evidence would be dispositive of their claims.

For these reasons, the Court should dismiss the additional Delinquent Plaintiffs' claims in their entirety, with prejudice, pursuant to Rules 41(b) and 16(f).

## CONCLUSION

The record demonstrates that the additional Delinquent Plaintiffs failed to prosecute their Non-Designated Cancer claims in this action and failed to timely comply with the Court's clear Order.  Brand Defendants respectfully request that the Court dismiss the additional Delinquent Plaintiffs' Non-Designated Cancer claims in their entirety with prejudice, as forewarned in PTO 81 and pursuant to Rule 41(b) and Rule 16(f).

Respectfully submitted,

By:  */s/ Anand Agneshwar*
Anand Agneshwar
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
anand.agneshwar@arnoldporter.com

*Attorney for Defendants Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.*

*/s/ Andrew T. Bayman*
Andrew T. Bayman
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Tel: (404) 572-3583
Fax: (404) 572-5100
abayman@kslaw.com
*Attorney for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*

*/s/ Mark Cheffo*
Mark Cheffo
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10019
Tel: (212) 689-3500
Fax: (212) 689-3590
mark.cheffo@dechert.com
*Attorney for GlaxoSmithKline LLC*

*/s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, SW
Washington, DC 20024
Tel: (202)-434-5000
Fax: (202)-434-5029
jpetrosinelli@wc.com
*Attorney for Defendant Pfizer Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2023, the foregoing Brand Defendants' Omnibus Motion to Dismiss Claims of Additional Delinquent Plaintiffs Who Failed to Comply with PTO 81 was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

/s/ Joanne M. O'Connor
Joanne M. O'Connor