**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) <br> PRODUCTS LIABILITY LITIGATION | MDL NO. 2924 <br> 20-MD-2924 |
| _____ / | JUDGE ROBIN L. ROSENBERG <br> MAGISTRATE JUDGE BRUCE E. REINHART |

**THIS DOCUMENT RELATES TO:**

*Heald, et al. v. H-E-B, L.P., et al.* 1:23-cv-00018

**MANUFACTURER DEFENDANTS' OPPOSITION
TO PLAINTIFF MARIA HEALD'S MOTION TO REMAND**

DATED:  June 20, 2023

## TABLE OF CONTENTS

    **Page**

INTRODUCTION ............................................................................................................. 1
BACKGROUND ............................................................................................................... 2
LEGAL STANDARD ........................................................................................................ 3
ARGUMENT ..................................................................................................................... 4
CONCLUSION ................................................................................................................ 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alonso ex rel. Est. of Cagle v. Maytag Corp.*,
  356 F. Supp. 2d 757 (S.D. Tex. 2005) ...................................................................................... 6

*Burns v. Windsor Ins. Co.*,
  31 F.3d 1092 (11th Cir. 1994) .................................................................................................. 3

*Crowe v. Coleman*,
  113 F.3d 1536 (11th Cir. 1997) ................................................................................................ 3

*Doe v. Boys Clubs of Greater Dallas, Inc.*,
  907 S.W.2d 472 (Tex. 1995) ................................................................................................ 7, 8

*Ford Motor Co. v. Ledesma*,
  242 S.W.3d 32 (Tex. 2007) ....................................................................................................... 7

*Garcia v. Nissan Motor Co.*,
  2006 WL 869944 (S.D. Tex. Mar. 30, 2006) ........................................................................... 1

*Garnett v. Remington Arms Co.*,
  2018 WL 4688813 (W.D. Tex. June 14, 2018) ....................................................................... 9

*Gonzalez v. Estes, Inc.*,
  2010 WL 610778 (W.D. Tex. Feb. 19, 2010) .......................................................................... 6

*GoDaddy.com, LLC v. Toups*,
  429 S.W.3d 752 (Tex. App.—Beaumont 2014) ...................................................................... 6

*Howard v. Lowe's Home Ctrs., LLC*,
  306 F. Supp. 3d 951 (W.D. Tex. 2018) .................................................................................. 10

*In re Conagra Peanut Butter Prods. Liab. Litig.*,
  2008 WL 953023 (N.D. Ga. Apr. 8, 2008) ..................................................................... passim

*In re Zicam Cold Remedy Mktg., Sales Pracs., Prods. Liab. Litig.*,
  2010 WL 3516755 (D. Ariz. Sept. 1, 2010) ........................................................................... 12

*Johnson v. Ford Motor Co.*,
  2022 WL 1471425 (N.D. Tex. May 10, 2022) .................................................................... 1, 4

*Kinder Morgan SACROC, LP v. Scurry Cnty.*,
  622 S.W.3d 835 (Tex. 2021) .................................................................................................... 5

*Legg v. Wyeth*,
    428 F.3d 1317 (11th Cir. 2005) .................................................................................1, 3

*Leitch v. Hornsby*,
    935 S.W.2d 114 (Tex. 1996)..............................................................................................8

*Miller v. Advanced Med. Optics Inc.*,
    2008 WL 11408507 (S.D. Tex. July 23, 2008)................................................................1, 2, 4

*Napper v. Electrolux Home Prods., Inc.*,
    2014 WL 12489982 (W.D. Tex. Feb. 7, 2014)..................................................................9, 10

*Palmquist v. Hain Celestial Grp. Inc.*,
    2021 WL 4137525 (S.D. Tex. June 15, 2021)......................................................................10

*Pizana v. Jerry's Auto Sales*,
    2019 WL 4280016 (S.D. Tex. July 23, 2019).........................................................................9

*Polanco v. Susser Holdings Corp.*,
    2014 WL 12599331 (S.D. Tex. Jan. 31, 2014) .......................................................................6

*Rogers v, Zanetti*,
    518 S.W.3d (Tex. 2017)........................................................................................................7

*Stillwell v. Allstate Ins. Co.*,
    663 F.3d 1329 (11th Cir. 2011) ............................................................................................3

*Watts v. Wal-Mart Stores E., LP*,
    2023 WL 2028384 (S.D. Fla. Feb. 16, 2023) .......................................................................2

**Statutes and Other Authorities**

21 C.F.R. § 1.3..........................................................................................................................10

21 C.F.R. § 201.100(d)(1).........................................................................................................10

21 C.F.R. § 314.71(a)................................................................................................................10

73 Fed. Reg. 2848, 2850 n.3 (2008) .........................................................................................10

21 U.S.C. § 321(m)...................................................................................................................10

Tex. Civ. Prac. & Rem. Code § 82.003(a)(1)-(7) .................................................................. *passim*

Defendants Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, Boehringer Ingelheim USA Corporation (together, "BI"), GlaxoSmithKline LLC, GlaxoSmithKline Holdings (Americas) Inc. (together, "GSK"), Pfizer Inc. ("Pfizer"), Sanofi-Aventis U.S. LLC, Sanofi U.S. Services, Inc., Chattem, Inc. (together, "Sanofi"), and Patheon Manufacturing Services LLC ("Patheon") (collectively, the "Manufacturer Defendants"), by and through their undersigned counsel, respectfully submit this Opposition to Plaintiff Maria Heald's Motion to Remand.  ECF No. 6675 ("Motion").

## INTRODUCTION

The Eleventh Circuit has emphasized that "Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in Federal court." *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005).  As the face of the Petition makes clear, this product liability action is directed at the Manufacturer Defendants who designed, manufactured, and/or marketed the over-the-counter ("OTC") Zantac that Decedent allegedly ingested.  The Manufacturer Defendants are not citizens of Texas.  But in an attempt to destroy diversity jurisdiction, Plaintiffs name H.E.B. L.P. ("H-E-B"), a local Texas grocery chain, where Decedent allegedly purchased OTC Zantac.

Plaintiffs' claims against H-E-B are precluded by the Texas "innocent seller" statute, Tex. Civ. Prac. & Rem. Code § 82.003(a), which forecloses claims against "a product seller" such as H-E-B "who merely distributes the defective product." *Johnson v. Ford Motor Co.*, 2022 WL 1471425, at *4 (N.D. Tex. May 10, 2022).  Texas district courts routinely apply § 82.003 to hold that mere sellers of products are improperly joined in products liability actions. *See Ford Motor Co.*, 2022 WL 1471425, at *6 (finding improper joinder of car dealership); *Miller v. Advanced Med. Optics Inc.*, 2008 WL 11408507, at *3-4 (S.D. Tex. July 23, 2008) (finding improper joinder of H-E-B); *Garcia v. Nissan Motor Co.*, 2006 WL 869944, at *3-5 (S.D. Tex. Mar. 30, 2006)

(dismissing improperly joined non-manufacturing seller and denying remand). Numerous courts, including this Court, faced with similar allegations, have found the same. *See* ECF No. 5166 (finding fraudulent joinder of retailer Schnuck Market, Inc. based on the Missouri innocent seller statute); *In re Conagra Peanut Butter Prods. Liab. Litig.*, 2008 WL 953023, at *2 (N.D. Ga. Apr. 8, 2008) (finding improper joinder of H-E-B); *Watts v. Wal-Mart Stores E., LP*, 2023 WL 2028384, at *4 (S.D. Fla. Feb. 16, 2023) (finding fraudulent joinder where plaintiff's "allegations fail to allege even a *possible* state law cause of action against" the non-diverse defendant) (emphasis in original).

Here too, H-E-B never controlled the design, manufacture, labeling, or marketing of Zantac, and based on the Petition, could not have known about the alleged defect until 2019—when Decedent ceased taking the product. *See* ECF No. 6675-1 ("Petition") ¶ 32 (alleging that Decedent stopped taking the product "on or about 2019"); *id.* ¶ 42 (alleging that the defect was "concealed from the public" until 2019). And Plaintiffs fail to plead "facts sufficient to support any exception" to the statute. *Miller*, 2008 WL 11408507, at *4; *Watts*, 2023 WL 2028384, at *4 (finding fraudulent joinder where plaintiff's "allegations fail to allege even a possible state law cause of action against" the non-diverse defendant). The claims against H-E-B are thus barred by the Texas innocent seller statute, and this Court should find that H-E-B is improperly joined and deny Plaintiffs' Motion to Remand.

## BACKGROUND

Plaintiffs Maria Heald, individually and as representative of the estate of Russell W. Heald ("Decedent"), Jeffrey Alexander Heald, Nicholas Matthew Heald, and Sean Louis Heald originally filed this action on March 18, 2022 in the 136th Civil District Court of Jefferson County, Texas. *See* Notice of Removal ("NOR"), Ex. 1. The thrust of this product liability action is that Decedent

allegedly ingested OTC Zantac and, as a direct and proximate result, developed bladder cancer, ultimately resulting in his death. *Id.*

On December 9, 2022, Plaintiffs filed a Third Amended Petition, asserting 12 sets of claims: as to solely the Manufacturer Defendants, Plaintiffs allege strict liability – failure to warn, strict liability – manufacturing defect, and negligent and defective product design claims; as to solely H-E-B, Plaintiffs allege negligent and defective product distribution and strict liability claims; as to all Defendants, Plaintiffs allege wrongful death, negligence, breach of express warranty, breach of implied warranty, negligent failure to warn, negligent storage and transport, and fraud/fraudulent misrepresentation claims. ECF No. 6675-1 ("Petition") ¶¶ 209-334.

On January 13, 2023, BI timely removed this action to the Eastern District of Texas (Beaumont Division) on the basis of diversity jurisdiction. *See generally* NOR. On April 13, 2023, the case was transferred to this Court. Plaintiffs filed a Motion for Leave to File Remand on May 31, 2023, which the Court granted. ECF No. 6645. On June 6, 2023, Plaintiffs filed the present Motion to Remand. ECF No. 6675.

## LEGAL STANDARD

A defendant is improperly joined and its presence in the lawsuit may be disregarded where "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). To establish fraudulent joinder, "the removing party has the burden of proving by clear and convincing evidence that . . . there is no possibility the plaintiff can establish a cause of action." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011).

Courts make this determination "based on the plaintiff's pleadings at the time of removal." *Crowe*, 113 F.3d at 1538; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994). Courts may also consider evidence submitted by the parties, *Legg*, 428 F.3d at 1322-23, in

3

which case "[t]he proceeding appropriate 'for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment.'" *Id.* While questions of "*disputed*" fact are to be resolved in a plaintiff's favor, "there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." *Id.* at 1323. Plaintiffs here have not submitted any such evidence, however. District courts do not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.*

## ARGUMENT

Plaintiffs' only argument in their Motion to Remand is that their claims against H-E-B are viable as exceptions to the Texas innocent seller statute. Mot. at 4. However, where a plaintiff does not "plead in her complaint . . . facts sufficient to support an exception to [the innocent seller statute]," the defendant need not disprove them. *Miller*, 2008 WL 11408507, at *4. Federal courts therefore routinely apply the innocent seller statute to hold that sellers of products are improperly joined in product liability actions—including when plaintiffs attempt to invoke exceptions to the statute. *See, e.g.*, *Ford Motor Co.*, 2022 WL 1471425, at *4-6 (holding that plaintiff's "efforts" to "invoke the fourth exception to the innocent-retailer statute . . . fall short"); NOR ¶¶ 34-42 (discussing cases). Like in those cases, H-E-B is improperly joined here. Plaintiff cannot avoid federal jurisdiction by claiming exceptions to the Texas innocent seller statute because Plaintiff fails to offer non-conclusory allegations to support the cited exceptions, and the undisputed facts of the case demonstrate that the exceptions cannot be substantiated.

The Texas innocent seller statute, Tex. Civ. Prac. & Rem. Code § 82.003(a), "shields innocent non-manufacturing sellers of defective products from liability unless the plaintiff proves one of seven enumerated exceptions." *In re Conagra*, 2008 WL 953023, at *2; *see also Johnson*, 2022 WL 1471425, at *4. Specifically, the statute provides that "[a] seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves"

4

one of seven exceptions:  (1) "the seller participated in the design of the product;" (2) "the seller altered or modified the product" and the "harm resulted from that alteration or modification;" (3) the seller "installed the product . . . on another product" and the harm resulted from that installation; (4) "the seller exercised substantial control over the content of a warning or instruction that accompanied the product," "the warning or instruction was inadequate," and the "harm resulted from the inadequacy of the warning or instruction;" (5) the seller "made an express factual representation about an aspect of the product," which was incorrect, and "the claimant relied on the representation" where, "if the aspect of the product had been as represented, the claimant would not have been harmed"; (6) "the seller actually knew of a defect to the product at the time the seller supplied" it and the harm resulted from that defect; or (7) the manufacturer of the product is insolvent or not subject the court's jurisdiction.  Tex. Civ. Prac. & Rem. Code § 82.003(a)(1)–(7).

Plaintiffs appear to concede that § 82.003(a) presumptively applies to H-E-B but claim that they have alleged exceptions (2), (5), and (6) to the statute.  *See* Mot. at 5.  In support, they cite just three paragraphs of the Petition.  *See id.* at 6-7 (citing Pet. ¶¶ 304-06).  These paragraphs, however, merely recite the three exceptions to the innocent seller statute.  They do not include any factual allegations explaining how these exceptions apply to H-E-B, and Plaintiffs provide no analysis in their Motion to support them.  Such conclusory allegations are insufficient to defeat removal.

This Court explained in affirming a removal after finding that a local retailer was fraudulently joined under Missouri's innocent seller statute that, "[i]n a fraudulent-joinder analysis, it is the state-pleading standard that controls."  ECF No. 1566 at 6 (citing *Stillwell*, 663 F.3d at 1334).  As the Texas Supreme Court recently stated, "providing only fair notice of claims does not provide fair notice of the essential factual allegations supporting those claims."  *Kinder*

5

*Morgan SACROC, LP v. Scurry Cnty.*, 622 S.W.3d 835, 849 (Tex. 2021) (citation omitted); *id.* at 20 ("The pleading of a legal theory, without more, does not provide notice of the facts that could be pleaded to support that theory."); *see also GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Under Texas law, the exceptions to the Texas innocent seller statute are not affirmative defenses, and thus a plaintiff has "the burden of proof . . . to establish one of the exceptions" to the statute. *Gonzalez v. Estes, Inc.*, 2010 WL 610778, at *5 (W.D. Tex. Feb. 19, 2010). For this reason, "conclusory allegations" that merely "track the[] elements" of the exception without the pleading of "any underlying factual basis to support them" are insufficient to meet plaintiffs' pleading burden. *Polanco v. Susser Holdings Corp.*, 2014 WL 12599331, at *4 (S.D. Tex. Jan. 31, 2014) (finding fraudulent joinder of non-diverse seller and denying remand); *see also Alonso ex rel. Est. of Cagle v. Maytag Corp.*, 356 F. Supp. 2d 757, 761 (S.D. Tex. 2005) (finding that "no reasonable possibility exists for Plaintiffs to establish" negligence and strict liability claims where they "failed to allege any facts establishing Defendants' liability under any of the seven exceptions" to the Texas reseller statute); *Gonzalez*, 2010 WL 610778, at *5 (noting that dismissal on the face of the pleadings is warranted where there "are no factual allegations that would invoke any exception to nonliability" under the Texas reseller statute).[1]

Indeed, as explained in the Manufacturer Defendants' Notice of Removal, Plaintiffs' Petition fails to allege sufficient facts to establish each exception. Texas district courts have

---

[1] The *Gonzalez* and *Alonso* courts ultimately granted remand, but for reasons unrelated to those present here. In *Alonso*, the court granted remand because the defendant failed to demonstrate that there was no possibility of recovery by plaintiffs on their DTPA claim—a claim that Plaintiffs do not allege here. 356 F. Supp. 2d at 762. And in *Gonzalez*, the court granted remand based on the untimeliness of the removal—an argument that Plaintiffs cannot and do not raise here. 2010 WL 610778, at *5-6.

6

repeatedly found that retailers such as H-E-B are improperly joined in product liability actions when plaintiffs plead only conclusory allegations in an attempt to satisfy an exception to the innocent seller statute. Plaintiffs' failure to allege facts in support of each of the exceptions pleaded supports a denial of remand here.

*First*, Plaintiffs argue that H-E-B is liable under § 82.003(a)(2)—*i.e.*, "that the seller alters or modifies the product and the claimant's harm resulted from the alteration or modification." Mot. at 5. As discussed in the Notice of Removal, "courts have denied remand on the basis of the innocent seller statute when the petition fails to include factual allegations—rather than conclusory allegations—that the seller altered or modified the product." NOR ¶ 34 (collecting cases).

Plaintiffs contend in their Motion that they have alleged this exception, s*ee* Mot. at 5, but the allegations of the Petition which Plaintiffs cite do not allege any facts supporting that H-E-B actually shipped or stored the OTC Zantac that Plaintiff took improperly. *See id.* (citing Pet. ¶¶ 304-06). Rather, Plaintiffs simply state, in conclusory fashion, that "Retailer Defendant is liable . . . because they [*sic*] altered or modified the product by virtue of their [*sic*] storage and handling procedures." Pet. ¶ 304. The Petition's other conclusory allegations concerning shipping and storage (which Plaintiffs do not cite in their Motion) imply that the ***manufacturers*** were responsible for shipping and transporting OTC Zantac—not H-E-B. *See, e.g.*, Pet. ¶ 37 (alleging that H-E-B "was aware" that Zantac "was being manufactured in, and shipped ***to it***," *i.e.*, to H-E-B, in "non-refrigerated and non-humidity-controlled trucks" (emphasis added)); *see also id.* ¶ 296.[2]

Plaintiffs also fail to allege facts to support the exception's requirement that the alleged injury "***resulted from***" any alleged shipping or storage failures. § 82.003(a)(2) (emphasis added).

---

[2] Plaintiffs supply only a single example of how "Defendants" (not H-E-B specifically) shipped Zantac in a manner allegedly resulting in exposure to excessive heat—that they were shipped through the mail or other common carriers. *See* Pet. ¶ 315. This is irrelevant, since there is no allegation that the Decedent ingested Zantac shipped to him through such means.

7

A negligence claim fails "as a matter of law" when the alleged conduct was "not the cause in fact" of the alleged injury. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995); *Rogers v, Zanetti*, 518 S.W.3d, 394, 401 (Tex. 2017) ("[A]lthough causation is typically a question of fact, it may be determined as a matter of law when reasonable minds could not arrive at a different conclusion."). In other words, the plaintiff must plead or provide evidence not only that the alleged negligent act is a "substantial factor in bringing about injury," but also that the injury "would not have occurred" but for the alleged negligence. *Doe*, 907 S.W.2d at 477; *see also Rogers*, 518 S.W.3d at 403 ("[O]ur cause-in-fact standard requires not only that the act or omission be a substantial factor but also that it be a but-for cause of the injury or occurrence."); *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 46 (Tex. 2007) (finding that the cause "must be a but-for cause, namely one without which the event would not have occurred").

The Petition alleges that H-E-B's "storage and handling procedures . . . [caused] chemical composition changes of the drug, and the Plaintiffs' harm resulted from that alteration or modification." Pet. ¶ 304. But nowhere in the Petition do Plaintiffs allege that H-E-B's transport or storage of Zantac, including any alleged brief temperature "excursions," was the *but-for* cause of Decedent's cancer. To the contrary, Plaintiffs allege that OTC Zantac "degrades under foreseeable storage conditions to form NDMA" and that it further breaks down "inside the body"—before and irrespective of H-E-B's conduct. *See, e.g.*, Pet. ¶¶ 33-34.

Additionally, Plaintiffs fail to plead, as they must, facts sufficient to show that bladder cancer was foreseeable to H-E-B as a consequence of any alleged negligent storage and transport of OTC Zantac. *Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex. 1996) ("A plaintiff must plead and prove . . . foreseeability."). Foreseeability is pleaded when facts are alleged to establish that "a person of ordinary intelligence should have anticipated the danger created by a negligent act or

8

omission" such that "the danger of injury . . . might reasonably have been anticipated." *Doe*, 907 S.W.2d at 478. "Foreseeability requires more than someone, viewing the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury." *Id.* at 478. Plaintiffs do not plead that H-E-B should reasonably have anticipated that transporting or storing a common over-the-counter antacid in non-refrigerated conditions would cause cancer, as they now claim. In fact, the Petition pleads exactly the opposite: that H-E-B could not have anticipated the formation of NDMA in Zantac prior to when Decedent stopped taking it in 2019 because it was a "secret" that was "concealed from the public" until revealed in 2019. Pet. ¶¶ 32, 41. Yet somehow Plaintiffs claim that H-E-B should have foreseen that OTC Zantac, an over-the-counter antacid, labeled by the Manufacturer Defendants for storage at room temperature, causes cancer when shipped for a matter of hours in non-refrigerated trucks. *See* Pet. ¶¶ 37, 213(f). Because Texas law requires more to establish even a plausible allegation of foreseeability, Plaintiffs fail to allege facts sufficient to establish a possible exception (2) to § 82.003(a).

*Second*, Plaintiffs assert that H-E-B is liable under § 82.003(a)(5) because H-E-B "ma[de] an express factual representation about an aspect of the product, the representation was incorrect, [Decedent] relied on the representation in obtaining and using the product, and if the aspect of the product had been as represented, [Decedent] would not have been harmed." Mot. at 5-6; *see also* Pet. ¶ 305. That argument likewise fails because Plaintiffs do not allege that H-E-B made *any* specific representation guaranteeing against the existence of NDMA in OTC Zantac. Rather, they allege only that H-E-B had a general customer satisfaction "100% Guarantee Promise" and would be "happy to replace" or issue a refund for a product if a customer was not "completely pleased." Pet. ¶¶ 294-95. Texas law is clear that such "[g]eneralized positive statements about a product are

9

not actionable representations." *Pizana v. Jerry's Auto Sales*, 2019 WL 4280016, at *6-7 (S.D. Tex. July 23, 2019), *rep. & rec. adopted*, 2019 WL 4274453 (S.D. Tex. Sept. 10, 2019); *Napper v. Electrolux Home Prods., Inc.*, 2014 WL 12489982, at *3 (W.D. Tex. Feb. 7, 2014) ("Plaintiff is not entitled to remand to state court" based on "formulaic recitations" that the seller's generalized representations that the washer was "good"); *Garnett v. Remington Arms Co.*, 2018 WL 4688813, at *4 (W.D. Tex. June 14, 2018) ("This general allegation [that the product was safe] is not enough for a remand."). Thus, the generalized allegations in the Petition come nowhere close to satisfying the exception. *See Palmquist v. Hain Celestial Grp. Inc.*, 2021 WL 4137525, at *2 (S.D. Tex. June 15, 2021) (finding improper joinder notwithstanding the seller's general representations to provide the "highest quality" products in its mission statement and website).

Plaintiffs' claim that any failure to warn was not limited to OTC Zantac's labeling does not save their claims against H-E-B either. *See, e.g.*, Pet. ¶ 295. The term "labeling" is construed broadly and includes "all labels and other written, printed, or graphic matter." 21 U.S.C. § 321(m); *see also* 21 C.F.R. § 1.3 (same). Accordingly, all materials disseminated about a drug's risks and benefits, including promotional and other materials, must be "consistent with and not contrary to . . . the approved or permitted labeling." 21 C.F.R. § 201.100(d)(1); 73 Fed. Reg. 2848, 2850 n.3 (2008) ("Federal law governs not only what information must appear in labeling, but also what information may not appear."). H-E-B had no control over OTC Zantac's labeling and no ability to alter it. *See* 21 C.F.R. § 314.71(a) (explaining that the NDA holder has exclusive control over a product's labeling,); *see also* Pet. ¶¶ 64-78 (alleging that Manufacturer Defendants GSK, Pfizer, BI, and Sanofi held the NDA for OTC Zantac over the product's lifetime). As such, Plaintiffs have not, and could not, establish exception (5) to § 82.003(a).

10

*Finally*, Plaintiffs fail to establish that H-E-B is possibly liable under § 82.003(a)(6)—*i.e.*, that "the seller actually knew of a defect to the product at the time the seller supplied" it and the harm resulted from this defect. The knowledge requirement imposed by § 82.003(a)(6) "requires ***actual knowledge of the defect*** on the part of the seller." *Napper*, 2014 WL 12489982, at *4 (emphasis added). Federal courts "routinely hold that should-have-known allegations fall short of Section 82.003(a)(6)'s actual-knowledge requirement." *Howard v. Lowe's Home Ctrs., LLC*, 306 F. Supp. 3d 951, 959 (W.D. Tex. 2018) (collecting cases); *In re Conagra*, 2008 WL 953023, at *2 (holding that plaintiff did not show "a reasonable likelihood of liability" under § 82.003(a)(6) because "alleging that a seller should have possessed actual knowledge is short of providing any evidence of actual knowledge").

For example, In *In re Conagra*, the plaintiff—a resident of Texas—alleged that she purchased allegedly contaminated peanut butter from H-E-B. 2008 WL 953023, at *1 (N.D. Ga. Apr. 8, 2008). Upon removal to federal court, the diverse defendant argued that there was "no reasonable basis to predict that the Plaintiff would succeed in a state action against HEB." *Id.* at *2. In denying the plaintiff's motion to remand, the court applied the Eleventh Circuit fraudulent joinder standard and held that "it would be improper to hold HEB as a properly joined party." *Id.* Although the plaintiff argued that exception (6) to the innocent seller statute had been satisfied, the court disagreed, explaining that "alleging that a seller should have possessed actual knowledge is short of providing any evidence of actual knowledge" and that, "[a]t best, [plaintiff] offers speculation that HEB might have learned about the contaminated peanut butter." *Id.*; *cf.* ECF 1566, at 7 n.5 ("Although [state] pleading standards control, the Court notes that it has already ruled that, at least for the master pleadings in this MDL, the allegation that a retailer-Defendant

11

knew of any of the alleged dangers of ranitidine is implausible under the federal pleading standards.").

Similarly, in *Harrell*, the plaintiff argued that the Missouri innocent seller statute did not apply because the grocery store knew about the cancer risk of ranitidine. Because the grocery store employed a chief medical officer, the plaintiff maintained, it would have been aware of "medical studies in the scientific community that examined a potential of ranitidine to form a carcinogen." ECF No. 1566 at 7. This Court disagreed: "the FDA continued to approve ranitidine for sale. Thus, a reasonable inference is that the chief medical officer could rely upon the FDA's approval of ranitidine." *Id.* While the plaintiff could "have elected to *explicitly* allege how the chief medical officer obtained actual knowledge that one of the many FDA-approved drugs it sold—ranitidine—was defective . . . the [p]laintiff has included no such allegation in her Complaint, and such weighty, serious allegations requires a non-conclusory explanation." *Id.* at 8-9.

Like the plaintiffs in *Conagra* and *Harrell*, nowhere do Plaintiffs allege that H-E-B was actually aware that OTC Zantac could degrade into NDMA or cause cancer, as exception (6) to the Texas innocent seller statute requires. Again, quite the opposite, Plaintiffs allege that this "secret" was "concealed from the public" until 2019. Pet. ¶ 41. Plaintiffs further allege that it was the "drug companies"—not retailers like H-E-B—that researched, developed, and manufactured OTC Zantac and therefore "knew or should have known [that] ingesting ranitidine exposes the consumer to unsafe and excessive amounts of NDMA." *Id.* ¶ 43. Indeed, the Petition makes clear that the public—and therefore H-E-B—was *not* aware of these facts until late 2019. *Id.* ¶¶ 109-20. And the Petition alleges that the FDA repeatedly approved ranitidine as safe and effective. *Id.*

12

¶¶ 63, 64, 68. As such, Plaintiffs fail to plead that H-E-B actually knew about the risks of ranitidine, and could not rely on the FDA's repeated approvals of the product.

To avoid the controlling pleadings and facts of this case, Plaintiffs rely on a single, out-of-circuit case, in which the court agreed that plaintiff's failure to state a claim against H-E-B was insufficient under federal pleading standards, but had not "obviously failed to state a claim under Texas law against HEB." *In re Zicam Cold Remedy Mktg., Sales Pracs., Prods. Liab. Litig.*, 2010 WL 3516755, at *2 (D. Ariz. Sept. 1, 2010). But that decision contains no analysis of Texas pleading standards, and it runs counter to more recent cases—including courts in Texas and this Court—finding fraudulent joinder where the pleadings fail to include ***factual allegations*** supporting an exception to the innocent seller statute. Here, Plaintiffs' conclusory allegations cannot avoid the innocent seller statute, and the Court should deny remand just as in *Conagra* and *Harrell*.

Because Plaintiffs fail to plausibly plead any exception to the Texas innocent seller statute, H-E-B is improperly joined, and this Court has diversity jurisdiction over this action.[3]

## CONCLUSION

For these reasons and those stated in the Notice of Removal, the Court should deny Plaintiffs' Motion to Remand.

Dated: June 20, 2023

                                              Respectfully submitted,

---

[3] Additionally, for the reasons previously explained in the Notice of Removal, Plaintiffs fail to satisfy the other exceptions to the innocent seller statute as well. *See* NOR ¶¶ 29-32.

13

By: */s/ Mark Cheffo*
Mark Cheffo
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 698-3500
Fax: (212) 698-3599
mark.cheffo@dechert.com

*Attorney for Defendants GlaxoSmithKline LLC and GlaxoSmithKline Holdings (Americas) Inc.*


*/s/ Andrew T. Bayman*
Andrew T. Bayman
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Tel: (404) 572-4600
Fax: (404) 572-5100
abayman@kslaw.com

*Attorney for Defendants Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, and Boehringer Ingelheim USA Corporation*


*/s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5092
jpetrosinelli@wc.com

*Attorney for Defendant Pfizer Inc.*


*/s/ Anand Agneshwar*
Anand Agneshwar
ARNOLD & PORTER KAYE SCHOLER LLP 250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 212-8689
anand.agneshwar@arnoldporter.com

14

*Attorney for Defendants Sanofi US Services, Inc.,
Sanofi-Aventis U.S. LLC, and Chattem, Inc.*


*/s/ John D. Garrett*
John D. Garrett
BOWMAN AND BROOKE, LLP
2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746
Phone: (512) 874-3832
Fax: (512) 874-3801
Email: john.garrett@bowmanandbrooke.com

*Attorney for Patheon Manufacturing Services LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2022, the foregoing Opposition to Plaintiffs' Motion to Remand was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

*/s/ Mark Cheffo*