UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)      MDL NO 2924
PRODUCTS LIABILITY        20-MD-2924
LITIGATION

             JUDGE ROBIN L ROSENBERG
        MAGISTRATE JUDGE BRUCE REINHART


_____/

  THIS DOCUMENT RELATES TO:

20-md-2924

Cianci et al. v. Boheringer Ingelheim Pharmaceuticals, Inc. et al 9:22-cv-81924-RLR

Mulcahy v. Boehringer Ingelheim Pharmaceuticals, Inc. et al  9:22-cv-81931-RLR

Soo Hyun Lee v. Boehringer Ingelheim Pharmaceuticals Inc, et al 9:22-cv-81927-RLR

<u>PLAINTIFFS' RESPONSE TO BRAND DEFENDANTS' OMNIBUS MOTION TO
DISMISS CLAIMS OF DELINQUENT PLAINTIFFS WHO FAILED TO COMPLY
WITH PTO 81</u>

- 1 -

## INTRODUCTION

Come Now Plaintiffs listed in above caption, by and through Counsel, file this response to Brand Defendants' Motion to Dismiss Claims for Failure to Comply with Pre Trial Order (PTO) 81 regarding the filing of Notice of Intent to Pursue Non-Designated Cancers. Plaintiff respectfully submit, they are requesting the Court enter an Order to voluntarily dismiss their claims without prejudice.

## PROCEDURAL BACKGROUND

Plaintiffs filed individual complaints against Brand Defendants in New Jersey State Court on October 11, 2022. After being removed to NJ Federal Court, they were eventually transferred to the Zantac MDL in Florida Southern District Court on December 15, 2022.

## ARGUMENT

While a district court has broad powers under Rule 37, Fed.R.Civ.P., to impose sanctions for a party's failure to abide by discovery orders, dismissal of a plaintiff's case with prejudice is "a sanction of last resort, applicable only in extreme circumstances." E.E.O.C. v. Troy State University, 693 F.2d 1353 (1982). "A court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable. Id.

A court should only dismiss a complaint as a last resort when there is a willful or bad faith failure to obey a discovery order and "less drastic sanctions would not ensure compliance with the court's orders." Santeiro v. Wacko's Too, Inc. 2019 WL 12524346.

Plaintiffs have not filed notice of intent to pursue under PTO 81, as they wish to voluntarily dismiss their claims without prejudice. The circumstances, of initially filing in State Court, with no intent to pursue a "non-designated" cancer in the Zantac MDL, point against bad faith, or

culpable actions on the part of Plaintiffs. To that effect, Plaintiffs reached out to Defendants in order to stipulate a Notice of Voluntary Dismissal without prejudice, to no avail. Although Plaintiffs agree with wanting to dismiss their case voluntarily, dismissal with prejudice is too harsh a sanction and unwarranted under the circumstances.

## CONCLUSION

Plaintiffs respectfully request that the Court grant Voluntary Dismissal without prejudice and deny Brand Defendants' Motion to Dismiss with prejudice.

Respectfully submitted.

DATED: June 27, 2023

/s/ Christopher LoPalo
Christopher LoPalo
NSPR Law Services LLC
1302 Avenida Ponce de Leon
Santurce, PR 00907
(833) 271-4502 -phone
(646) 843-7603 - fax
clopalo@nsprlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2023, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system, which will notify all CM/ECF participants.


/s/ *Christopher LoPalo*

Christopher LoPalo