UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)  MDL NO. 2924
PRODUCTS LIABILITY  20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO:**

*Heald et al. v. H-E-B, L.P., et al.*, 23-CV-23054

**ORDER GRANTING THE PLAINTIFFS' MOTION TO REMAND**

**THIS CAUSE** is before the Court on the Plaintiffs' Motion to Remand [DE 6675]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

At the center of this MDL is a molecule known as ranitidine. DE 1. Ranitidine, commonly known as Zantac, alleviates heartburn. *Id.* The Plaintiffs allege that ranitidine is defective—it alleges that while ranitidine alleviates heartburn, it also promotes the growth of cancer. *Id.* In this suit, the Plaintiff names as Defendants the manufacturers and retailers who profited from the sale of ranitidine. The Plaintiff brings various claims against the Defendants, but the Motion before the Court ultimately turns upon a single claim—a claim for ordinary negligence against Defendant HEB, which operated as a retailer and sold ranitidine to the public.

This case was filed in Texas state court. The Plaintiffs have Texas citizenship. DE 1. At least one Defendant-retailer also has Texas citizenship. *Id.* Thus, the parties are not diverse and, at least as a facial matter, this case (which is devoid of federal claims) may not be removed to federal court. *E.g.*, *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see also* 28 U.S.C. § 1332(a).

Nonetheless, the Defendants removed this case to federal court, citing the doctrine of

fraudulent joinder. Under that doctrine, a defendant's presence in a suit is ignored for the purpose of determining diversity jurisdiction when there is no "possibility that a state court would find the complaint states a cause of action" against the non-diverse defendant. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th Cir. 2018). Because there is no possibility that the Texas-based Defendants could be found liable for the sale of ranitidine, the Defendants argue, the Texas-based Defendants were fraudulently joined. In the absence of the fraudulently-joined Defendants, there would be complete diversity of citizenship—and therefore federal jurisdiction—in this case. Thus, the dispute before the Court centers on whether the Texas-based Defendants were fraudulently joined.

The burden upon a removing party to establish fraudulent joinder is high. To establish fraudulent joinder, "the removing party has the burden of proving by clear and convincing evidence that … there is no possibility the plaintiff can establish a cause of action." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). Doubts about the Court's jurisdiction over a removed action must be resolved in favor of remand. *Univ. of Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). The Defendants contend that the Texas-based Defendants were fraudulently joined because Plaintiffs' claims against H-E-B are precluded by the Texas "innocent seller" statute, which "forecloses claims against 'a product seller' such as H-E-B 'who merely distributes the defective product.'" DE 6727 at 5, 8; Tex. Civ. Prac. & Rem. Code § 82.003(a).

The Court cannot assume that the Plaintiffs' case is *limited* to the contention that the retailers were negligent because they simply sold ranitidine. Instead, under the doctrine of fraudulent joinder, the Court must decide whether the Defendants have established, through clear and convincing evidence, that the Plaintiffs' recovery is impossible. Construing all inferences in favor of the Plaintiffs as the Court must, the Plaintiffs' Complaint contains allegations that

ranitidine produces a cancer-causing compound, NDMA, when ranitidine is subjected to temperatures higher than room temperature. DE 6675-1 ¶¶ 35-37, 213, 304-06. These allegations are incorporated into the factual predicate for the Plaintiffs' claims, and Plaintiffs allege that sections 82.003(a)(2), (5), and (6), which are exceptions that allow claims to be asserted against retailers. The Court may infer, then, that the retailer-Defendants are alleged to have been negligent in the storage and transportation of ranitidine such that the ranitidine was exposed to improperly high temperatures and produced NDMA.

If a Defendant stored ranitidine at a temperature exceeding standard room temperatures (which its label requires), the Defendants have provided no authority for the proposition that it would be *impossible* for the Plaintiffs to bring a negligence claim. Indeed, the Court has already concluded, in a prior order of dismissal, that it may not be impossible for the Plaintiffs to plead such a claim. DE 2513 at 35 ("With respect to the heating theory—that the Defendants should be held liable for storing ranitidine at an elevated temperature prohibited by *both* federal law and state law—the Plaintiffs have leave in an amended complaint to plead this theory because, at this juncture, the Court is not prepared to conclude it would be futile for the Plaintiffs to so plead."). Further, this Court has already remanded multiple cases to state court because the complaints in those cases contained the allegation that ranitidine had been improperly stored at high temperatures. *E.g.*, DE 2878.

To be sure, the Plaintiffs failed to plead a temperature-based negligence claim with any degree of clarity, but that is a pleading issue that may be remedied via leave to amend, and even conclusory allegations in a complaint are sufficient for a Plaintiffs to survive a fraudulent joinder challenge. *Stillwell*, 663 F.3d at 1334. All that is necessary is that there is "even a possibility" that a state court would sustain a claim. *Id.* If a retailer stored ranitidine at temperatures prohibited by

the drug's label, there is at least a possibility that a state court would sustain the Plaintiffs' negligence claim, a conclusion that this Court has already reached in a prior order granting remand. DE 2878.  Defendants have not satisfied the very heavy burden to show fraudulent joinder, and doubts about jurisdiction must be construed in favor of remand.  For all of these reasons, the Plaintiffs' Motion is granted.[1]

Accordingly, it is **ORDERED AND ADJUDGED** that the Plaintiffs' Motion to Remand [DE 6675] is **GRANTED**.  The Plaintiffs shall provide a proposed order to the Court to accomplish the removal of the above-referenced case to the appropriate state court within three business days of the date of rendition of this Order.  The proposed order shall be in Microsoft Word format and shall be sent to rosenberg@flsd.uscourts.gov.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 29th day of June, 2023.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[1] In light of the lack of clarity in the Plaintiffs' Complaint, the Court declines to award any attorney's fees for the Plaintiffs' filing of the instant Motion.