UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2924 <br><br> Civil Action No. 9:20-MD-2924 <br><br> JUDGE ROBIN L. ROSENBERG <br> MAGISTRATE JUDGE BRUCE REINHART |

_____/

THIS DOCUMENT RELATES TO:

Cianci et al. v. Boheringer Ingelheim Pharmaceuticals, Inc. et al 9:22-cv-81924-RLR

Mulcahy v. Boehringer Ingelheim Pharmaceuticals, Inc. et al 9:22-cv-81931-RLR

Soo Hyun Lee v. Boehringer Ingelheim Pharmaceuticals Inc, et al 9:22-cv-81927-RLR

**BRAND DEFENDANTS' REPLY TO CERTAIN PLAINTIFFS' RESPONSE TO BRAND DEFENDANTS' OMNIBUS MOTION TO DISMISS CLAIMS OF DELINQUENT PLAINTIFFS WHO FAILED TO COMPLY WITH PTO 81**

## INTRODUCTION

Brand Defendants[1] respectfully request that this Court dismiss with prejudice all Non-Designated Cancer cases filed by Plaintiffs who both failed to meet their obligation under Pretrial Order ("PTO") 81 to file by April 12, 2023 a Notice of Non-Designated Cancers each Plaintiff intended to pursue and also failed to meet their obligation to timely respond under S.D. Fla. L.R. 7.1(c)(1) and DE 6686 (the "Delinquent Plaintiffs").[2]  This includes the three Plaintiffs who seek, through their belated Opposition, to be dismissed without prejudice.[3]  DE 6741.

## BACKGROUND

On February 14, 2023, this Court entered PTO 81.  DE 6271.  Significantly, PTO 81 required individual plaintiffs to "file a Notice of Non-Designated Cancers each Plaintiff intends to pursue, if any, and [] certify his or her intent to provide general causation expert reports on the Non-Designated Cancer(s)" by April 12, 2023.  The Delinquent Plaintiffs did not file any such Notice.  On June 7, 2023, Brand Defendants filed their Motion to Dismiss Claims of Delinquent Plaintiffs Who Failed to Comply with PTO 81 (hereinafter "Motion to Dismiss Delinquent Plaintiffs").  Under the local rules, Delinquent Plaintiffs had until June 21, 2023 to file an Opposition.  *See* S.D. Fla. L.R. 7.1(c)(1).  They did not.  As such, on June 23, Brand Defendants filed a Notice of Non-Opposition.  Only after the Notice of Non-Opposition was filed did these three Plaintiffs file a belated Opposition, seeking dismissal without prejudice.  Plaintiffs' request should be denied for the reasons set forth in the Motion and below.

---

[1] Boehringer Ingelheim Pharmaceuticals, Inc., GlaxoSmithKline, LLC, Pfizer, Inc., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.
[2] Delinquent Plaintiffs were listed in Exhibit A of Brand Defendants' Omnibus Motion to Dismiss Claims of Delinquent Plaintiffs Who Failed to Comply with PTO 81.  DE 6686.
[3] An additional belated response in opposition to the Motion to Dismiss Delinquent Plaintiffs was filed this morning by Delinquent Plaintiffs Kevin Base and James F. Cavacini, Sr. ("Base-Cavacini"). DE 6747. Brand Defendants intend to separately reply to the Base-Cavacini Response by July 12, 2023, as permitted by the local rules. L.R. 7.1(c).

1

## ARGUMENT

These three Plaintiffs acknowledge that dismissal is appropriate and warranted, but request dismissal without prejudice, as they claim that their lack of compliance was without bad faith. DE 6741 at 2-3. This request is misdirected, and dismissal with prejudice is warranted.

First, Plaintiffs rely only on cases that evaluate dismissals under a different Rule—Rule 37—and specifically relate to violations of discovery orders. *See E.E.O.C. v. Troy State Univ.*, 693 F.2d 1353, 1354 (11th Cir. 1982); *Santeiro v. Wacko's Too, Inc.*, 2019 WL 12524346, at *3 (M.D. Fla. Aug. 6, 2019). Defendants do not move to dismiss Plaintiffs' claims under Rule 37. Indeed, Defendants did not allege any discovery violations in their Motion to Dismiss Delinquent Plaintiffs. Instead, Defendants rely on PTO 81 itself and the clear warning of "dismissal with prejudice under Rule 41(b)" captured therein. *See* PTO 81 at 2. Defendants also move under Rule 16(f), which authorizes dismissal for failure to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f).

Second, not only are the cases on which these Plaintiffs rely based on a different Rule, but the circumstances of the cases are inapposite. *See E.E.O.C.* at 1354 (failure to comply excused due to "confusion and a misunderstanding of the court's order"); *Santeiro* at *3 (failure to comply excused due to unintentional miscommunications, after an individual plaintiff hired new counsel). Here, PTO 81 clearly informed all Plaintiffs of the necessary next steps, with deadlines outlined in an explanatory table. *See* PTO 81 at 2. Plaintiffs even filed this Opposition nearly a week late, though offer no explanation for their repeated failures.

2

Finally, Plaintiffs allege they failed to comply with this Court's Order because they wish to dismiss their cases. However, Plaintiffs only made such a request *after* missing the Court's PTO 81 deadline and *after* Brand Defendants moved to dismiss their cases with prejudice. As set forth in Defendants' Motion to Dismiss Delinquent Plaintiffs, "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Plaintiffs were put on notice that their failure to comply could result in dismissal *with prejudice*. *See* PTO 81 at 2 (emphasis added). Such dismissal with prejudice is appropriate. Plaintiffs' half-hearted and untimely response is further evidence of their unwillingness to comply with this Court's Orders. Lesser sanctions will not suffice.

## **CONCLUSION**

The record demonstrates that the Delinquent Plaintiffs failed to prosecute their Non-Designated Cancer claims in this action and failed to timely comply with PTO 81 and S.D. Fla. L.R. 7.1(c)(1). Brand Defendants respectfully request that the Court dismiss the Delinquent Plaintiffs' Non-Designated Cancer claims in their entirety with prejudice, as forewarned in PTO 81 and pursuant to Rule 41(b) and Rule 16(f).

Respectfully submitted,

By:     */s/ Anand Agneshwar*
Anand Agneshwar
**ARNOLD & PORTER**
**KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
anand.agneshwar@arnoldporter.com
*Attorney for Defendants Sanofi US Services Inc.,*
*Sanofi-Aventis U.S. LLC, and Chattem, Inc.*

*/s/ Andrew T. Bayman*
Andrew T. Bayman
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Tel: (404) 572-3583
Fax: (404) 572-5100
abayman@kslaw.com

*Attorney for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*

*/s/ Mark Cheffo*
Mark Cheffo
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10019
Tel: (212) 689-3500
Fax: (212) 689-3590
mark.cheffo@dechert.com
*Attorney for GlaxoSmithKline LLC*

*/s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, SW
Washington, DC 20024
Tel: (202)-434-5000
Fax: (202)-434-5029
jpetrosinelli@wc.com
*Attorney for Defendant Pfizer Inc.*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of July, 2023, the foregoing Brand Defendants' Reply to Certain Plaintiffs' Response to Brand Defendants' Omnibus Motion to Dismiss Claims Of Delinquent Plaintiffs Who Failed to Comply with PTO 81 was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

*/s/ Joanne M. O'Connor*
Joanne M. O'Connor

C:\Users\mtm\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\5PY9YM7F\28A0807-brand reply re motion dismiss delinquent plaintiffs.DOCX