**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE: ZANTAC (RANITIDINE)                                 MDL NO 2924
PRODUCTS LIABILITY                                              20-MD-2924
LITIGATION
                                                        JUDGE ROBIN L ROSENBERG
                                          MAGISTRATE JUDGE BRUCE REINHART

_____/

**THIS DOCUMENT RELATES TO:**

**20-md-2924**

**McClymonds v. Sanofi US Services Inc., et al., 9:21-cv-81595**

<u>**PLAINTIFF'S RESPONSE TO BRAND DEFENDANTS' OMNIBUS MOTION TO
DISMISS CLAIMS OF DELINQUENT PLAINTIFFS WHO FAILED TO COMPLY
WITH PTO 81**</u>

## INTRODUCTION

Plaintiff, Arnold J. McClymonds (hereinafter "Plaintiff"), by and through Counsel, files this response to Brand Defendants' Motion to Dismiss Claims for Failure to Comply with Pretrial Order #81 regarding the filing of Notice of Intent to Pursue Non-Designated Cancers. Plaintiff respectfully requests this Court enter an Order denying the Motion as to individual Plaintiff, herein.

## PROCEDURAL BACKGROUND

Plaintiff filed an individual complaint against Brand Defendants, Sanofi US Services Inc. and Sanofi-Aventis U.S. LLC, in California State Court on June 7, 2021.  A true and correct copy of Plaintiff's State Court Complaint is attached hereto as **Exhibit A**.

After Plaintiff's action was removed to United States District Court for the Northern District of California, it was transferred to the Zantac MDL in Florida Southern District Court on September 8, 2021.

On December 6, 2022, this Court excluded MDL Designated Cancer Plaintiffs' general causation experts under *Daubert* and entered an award of summary judgment in favor of the Brand Defendants (Docket Entry No. 6120).

On May 3, 2023, Plaintiff filed his First Amended Complaint to clarify the Designated-Cancer suffered by Plaintiff, specifically, pancreatic cancer. A true and correct copy of Plaintiff's First Amended Complaint is attached hereto as **Exhibit B**.

On May 16, 2023, Plaintiff provided Plaintiff's MDL co-lead counsel with his Notice of Intention to be included on the Joint Notice of Appeal as to the Court's 6120 Order.

On June 2, 2023, Plaintiff's MDL co-lead counsel filed a Joint Notice of Appeal as to the Court's 6120 Order, which Plaintiff was included in (see Docket Entry No. 6657, page 9).

On June 7, 2023, Brand Defendants filed the underlying motion seeking that this Court dismiss with prejudice all Non-Designated Cancer cases filed by plaintiffs who have failed to file a Notice of Non-Designated Cancers each plaintiff intended to pursue. Brand Defendants listed Plaintiff  herein as a "Delinquent Plaintiff" in Exhibit A of their motion.

**PLAINTIFF'S RESPONSE TO BRAND DEFENDANTS' OMNIBUS MOTION TO DISMISS CLAIMS OF DELINQUENT PLAINTIFFS WHO FAILED TO COMPLY WITH PTO 81**

## ARGUMENT

The legal standard to be applied under Rule 41(b) is whether there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980). Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances. *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Dismissal is warranted only on a clear record of delay or willful contempt. *See Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 989): *Goforth*, 766 F.2d at 1535 (11th Cir. 1985); *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 925 (11th Cir. 1986) (trial court abused discretion by ordering dismissal without considering lesser sanctions). A court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable. *See Goforth*, 766 F.2d at 1535; *Rogers v. Kroger Co.*, 669 F.2d 317, 322 (5th Cir.1982); *Owens v. S & S Auto., Inc.*, 6:04CV1887-ORL-22JGG, 2006 WL 4701820, at *5 (M.D. Fla. Apr. 4, 2006). Finally, "a dismissal with prejudice, whether on motion or sua sponte is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice. *Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-8 (11th Cir. 2005); *Ajuluchuku v. Spherion Corp.*, 05-61683-CV, 2006 WL 8432618, at *2 (S.D. Fla. Oct. 12, 2006), *report and recommendation adopted*, 05-61683-CIV, 2006 WL 8432538 (S.D. Fla. Nov. 17, 2006).

First, to address the pivotal argument raised by Brand Defendants in their Motion to Dismiss, Plaintiff is *not* pursuing a Non-Designated Cancer claim that is subject to Brand Defendants' Motion or this Court's Pretrial Order #81, on which it is based.  For this reason alone, Brand Defendants' motion necessarily fails.

Even if this Court does entertain Brand Defendant's Motion as it pertains to Plaintiff herein, Plaintiff further posits that dismissal is not warranted under the present circumstances.

**PLAINTIFF'S RESPONSE TO BRAND DEFENDANTS' OMNIBUS MOTION TO DISMISS CLAIMS OF DELINQUENT PLAINTIFFS WHO FAILED TO COMPLY WITH PTO 81**

In *Dimuccio v. D'Ambra*, 779 S. Supp. 1318 (M.D. Fla. 1991), the court explained the strict standard to be applied in ruling on a motion to dismiss under Rule 41(b):

> The legal standard to be applied under Rule 41 (b) is whether there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). The propriety of a Rule 41(b) dismissal is commended to the trial court's broad discretion. *See, Carter v. United States*, 780 F.2d 925, 927 (11th Cir. 1986). The Court approaches the issue mindful that dismissal with prejudice "is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable. A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *McKelvey v. AT&T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986).

779 F. Supp. at 1321.

Applying this standard, the Court in *Dimuccio* held that dismissal of the plaintiffs' amended complaint was not appropriate, even though plaintiff had allegedly failed to amend the complaint in accordance with the court's instruction. *See also Quality Foods de Centro America, S.A., v. Latin American Agribusiness Development Corporation, S.A.*, 711 F. 2d 989 (11th Cir. 1983) (dismissal with prejudice for failure to comply with court's order granting leave to amend was inappropriate).

In this case, it is clear that dismissal is not warranted. Plaintiff substantially complied with this Court's Orders by filing his First Amended Complaint and collaborating with MDL Plaintiffs' Leadership to ensure that he was included on the Joint Notice of Appeal, which he was (see Docket Entry No. 6657, page 9).

Lastly, as Plaintiff was included on the Joint Notice of Appeal as to the Court's 6120 Order (Docket Entry No. 6657, page 9), Plaintiff contends that this Court should not take any action that would affect the rights of Plaintiff or impact the issues during the pendency of said appeal. *Driessen v. Barclays Bank, PLC*, No. 21-13437, 2022 WL 3042940, at *2 (11th Cir. Aug. 2, 2022) ("Generally, the filing of a notice of appeal divests a district court of jurisdiction."); *In*

**PLAINTIFF'S RESPONSE TO BRAND DEFENDANTS' OMNIBUS MOTION TO DISMISS CLAIMS OF DELINQUENT PLAINTIFFS WHO FAILED TO COMPLY WITH PTO 81**

*re Mosley*, 494 F.3d 1320, 1328 (11th Cir. 2007) (same); *see also Abrahams v. Inc. Vill. of Hempstead*, 390 F. App'x 4 (2d Cir. 2010) ("A notice of appeal divests a district court of jurisdiction.").

For these reasons, the Court should deny the Brand Defendants' Motion in its entirety as to Plaintiff Arnold H. McClymond, pursuant to Rules 41(b) and 16(f).

## <u>CONCLUSION</u>

Brand Defendants' Motion fails by virtue of Plaintiff's designation as a Designated Cancer Plaintiff, to whom neither the Motion, nor this Court's Pretrial Order #81 on which it is based, pertains.

Alternatively, Brand Defendants' Motion should be denied as dismissing Plaintiff's case with prejudice is too drastic a remedy and Plaintiff has not engaged in a clear pattern of delay or willful contempt warranting such harsh a sanction.

Accordingly, Brand Defendants' Motion to Dismiss Plaintiff's Claims for Non-Compliance with Pretrial Order #81 should be denied in all respects.


Dated:          July 5, 2023

        Respectfully submitted,


        By: */s/ Scott R. Montgomery*     
         Scott R. Montgomery
         **ABBEY, WEITZENBERG, WARREN &**
         **EMERY P.C.**
         100 Stony Point Road, Suite 200
         Santa Rosa, CA 95401
         Tel: (707) 542-5050
         Fax: (707) 542-2589
         smontgomery@abbeylaw.com
         *Counsel for Plaintiff Arnold J. McClymonds*

**PLAINTIFF'S RESPONSE TO BRAND DEFENDANTS' OMNIBUS MOTION TO DISMISS CLAIMS OF DELINQUENT PLAINTIFFS WHO FAILED TO COMPLY WITH PTO 81**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 5, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify all CM/ECF participants.

<u>/s/ Scott R. Montgomery</u>
Scott R. Montgomery

**PLAINTIFF'S RESPONSE TO BRAND DEFENDANTS' OMNIBUS MOTION TO DISMISS CLAIMS OF DELINQUENT PLAINTIFFS WHO FAILED TO COMPLY WITH PTO 81**

# EXHIBIT A

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott R. Montgomery 278060 <br> Abbey, Weitzenberg, Warren & Emery P.C. <br> 100 Stony Point Road, Suite 200 <br> Santa Rosa, CA 95401 <br> TELEPHONE NO.: (707) 542-5050   FAX NO.*(Optional):* (707) 542-2589 <br> E-MAIL ADDRESS *(Optional):* smontgomery@abbeylaw.com <br> ATTORNEY FOR *(Name):* Plaintiff | **ELECTRONICALLY FILED** <br> **Superior Court of California** <br> **County of Sonoma** <br> 6/7/2021 8:43 AM <br> **Arlene D. Junior, Clerk of the Court** <br> By Branden Rasmussen, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Sonoma

STREET ADDRESS: 600 Administration Drive, Room 107-J

MAILING ADDRESS:

CITY AND ZIP CODE: Santa Rosa, CA 95403

BRANCH NAME:

PLAINTIFF: Arnold J. McClymonds

DEFENDANT: Sanofi US Services Inc., Sanofi-Aventis U.S. LLC

[X] DOES 1 TO 50

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

☐ **AMENDED** *(Number):*

Type *(check all that apply):*

☐ MOTOR VEHICLE  [X] OTHER *(specify):* Products Liability

☐ Property Damage  ☐ Wrongful Death

[X] Personal Injury  ☐ Other Damages *(specify):*

| | CASE NUMBER: |
|---|---|
| Jurisdiction *(check all that apply):* <br> ☐ **ACTION IS A LIMITED CIVIL CASE** <br>    Amount demanded  ☐ does not exceed $10,000 <br>               ☐ exceeds $10,000, but does not exceed $25,000 <br> [X] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)** <br> ☐ **ACTION IS RECLASSIFIED** by this amended complaint <br>     ☐ from limited to unlimited <br>     ☐ from unlimited to limited | SCV-268531 |

1.  **Plaintiff** *(name or names):* Arnold J. McClymonds

   alleges causes of action against **defendant** *(name or names):* Sanofi US Services Inc., Sanofi-Aventis U.S. LLC and Does 1 to 50

2.  This pleading, including attachments and exhibits, consists of the following number of pages: 5

3.  Each plaintiff named above is a competent adult

  a.  ☐ except plaintiff *(name):*

     (1) ☐  a corporation qualified to do business in California

     (2) ☐  an unincorporated entity *(describe):*

     (3) ☐  a public entity *(describe):*

     (4) ☐  a minor  ☐ an adult

        (a) ☐  for whom a guardian or conservator of the estate or a guardian ad litem has been appointed

        (b) ☐  other *(specify):*

     (5) ☐  other *(specify):*

  b.  ☐ except plaintiff *(name):*

     (1) ☐  a corporation qualified to do business in California

     (2) ☐  an unincorporated entity *(describe):*

     (3) ☐  a public entity *(describe):*

     (4) ☐  a minor  ☐ an adult

        (a) ☐  for whom a guardian or conservator of the estate or a guardian ad litem has been appointed

        (b) ☐  other *(specify):*

     (5) ☐  other *(specify):*

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| McClymonds v. Sanofi | |

4. ☐ Plaintiff (name):

    is doing business under the fictitious name (specify):

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

  a. ☒ except defendant (name):
      **Sanofi US Services. Inc.**
    (1) ☒ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

  c. ☒ except defendant (name):
      **Sanofi-Aventis U.S., LLC**
    (1) ☒ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

  b. ☐ except defendant (name):

    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

  d. ☐ except defendant (name):

    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

  ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. ☒ Doe defendants (specify Doe numbers): 1-50 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
  b. ☒ Doe defendants (specify Doe numbers): 1-50 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, **and**
  a. ☐ has complied with applicable claims statutes, **or**
  b. ☐ is excused from complying because (specify):

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

CEB | Essential Forms
ceb.com

McClymonds, AJ

PLD-PI-001

| SHORT TITLE:<br>McClymonds v. Sanofi | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

- a. ☐ Motor Vehicle
- b. ☒ General Negligence
- c. ☐ Intentional Tort
- d. ☒ Products Liability
- e. ☐ Premises Liability
- f. ☐ Other *(specify)* :

11. Plaintiff has suffered
- a. ☒ wage loss
- b. ☐ loss of use of property
- c. ☒ hospital and medical expenses
- d. ☒ general damage
- e. ☐ property damage
- f. ☒ loss of earning capacity
- g. ☒ other damage *(specify)* :
    Further relief as the Court deems proper.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
- a. ☐ listed in Attachment 12.
- b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
- a. (1) ☒ compensatory damages
   (2) ☐ punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
   (1) ☒ according to proof
   (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: 6/2/2021

Scott R. Montgomery, Esq.
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| McClymonds v. Sanofi | |

___ONE___
(number)

**CAUSE OF ACTION- General Negligence**     Page _4___

ATTACHMENT TO [X] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  Arnold J. McClymonds

alleges that defendant *(name)*: Sanofi US Services, Inc. & Sanofi-Aventis U.S., LLC

[X] Does    1____  to 50_____

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*:  in 2017
at *(place)*:  Sonoma County, California

*(description of reasons for liability)* :
Defendants Sanofi US Services, Inc., Sanofi-Aventis U.S., LLC, and Does 1 to 50, and each of them, negligently designed, manufactured, produced, and sold Zantac as to cause physical injuries and damages to Plaintiff Arnold J. McClymonds.

As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff Arnold J. McClymonds has suffered and/or will suffer serious physical injuries and hospital, medical, rehabilitation, and incidental expenses for said injuries.

As a further proximate result of the negligence of Defendants, and each of them, Plaintiff Arnold J. McClymonds has been injured in his health, strength, and activities, has sustained injury to his body, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause Plaintiff Arnold J. McClymonds great physical, mental, and nervous pain and suffering all to his general damages in a sum according to proof.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]     CEB | Essential Forms     ceb.com     **CAUSE OF ACTION- General Negligence**     Code of Civil Procedure 425.12
www.courtinfo.ca.gov

McClymonds, AJ

PLD-PI-001(5)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| McClymonds v. Sanofi | |

<u>   SECOND   </u>      **CAUSE OF ACTION- Products Liability**      Page <u> 5    </u>

     (number)

ATTACHMENT TO ☒ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*:  Arnold J. McClymonds

**Prod. L-1.** On or about *(date)*: 1/1/2021        plaintiff was injured by the following product:
       Zantac 75 mg tablets

**Prod. L-2.** Each of the defendants knew the product would be purchased and used without inspection for defects.  The product was defective when it left the control of each defendant.  The product at the time of injury was being
  ☒ used in the manner intended by the defendants.
  ☒ used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

**Prod. L-3.** Plaintiff was a
  ☒ purchaser of the product.            ☒ user of the product.
  ☐ bystander to the use of the product.      ☐ other *(specify)*:

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

**Prod. L-4.** ☒ **Count One-Strict liability** of the following defendants who
  a. ☒ manufactured or assembled the product  *(names)*:
      Sanofi US Services, Inc., Sanofi-Aventis U.S., LLC and

         ☒ Does  <u>1    </u>  to <u>50    </u>
  b. ☒ designed and manufactured component parts supplied to the manufacturer  *(names)*:
      Sanofi US Services, Inc., Sanofi-Aventis U.S., LLC and

         ☒ Does  <u>1    </u>  to <u>50    </u>
  c. ☒ sold the product to the public *(names)*:
      Sanofi US Services, Inc., Sanofi-Aventis U.S., LLC and

         ☒ Does  <u>1    </u>  to <u>50    </u>
**Prod. L-5.** ☒ **Count Two-Negligence** of the following defendants who owed a duty to plaintiff  *(names)*:
  Sanofi US Services, Inc., Sanofi-Aventis U.S., LLC and

         ☒ Does  <u>1    </u>  to <u>50    </u>
**Prod. L-6.** ☒ **Count Three-Breach of warranty** by the following defendants  *(names)*:
  Sanofi US Services, Inc., Sanofi-Aventis U.S., LLC and

         ☒ Does  <u>1    </u>  to <u>50    </u>
  a. ☒ who breached an implied warranty
  b. ☐ who breached an express warranty which was
      ☐ written ☐ oral
**Prod. L-7.** ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
  ☐ listed in Attachment-Prod. L-7 ☐ as follows:

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]
**CAUSE OF ACTION - Products Liability**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

CEB® | Essential
ceb.com | Forms™

McClymonds, AJ

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)
PRODUCTS LIABILITY
LITIGATION

MDL NO 2924
20-MD-2924

JUDGE ROBIN L ROSENBERG
MAGISTRATE JUDGE BRUCE REINHART

_____ /

THIS DOCUMENT RELATES TO:

JURY TRIAL DEMANDED

ARNOLD J. MCCLYMONDS
_____
(Plaintiff Name(s))

### FIRST AMENDED[1]
### SHORT-FORM COMPLAINT – VERSION 3

The Plaintiff(s) named below, by counsel, file(s) this Short Form Complaint against Defendants named below. Plaintiff(s) incorporate(s) by reference the allegations contained in the Second Amended Master Personal Injury Complaint ("SAMPIC") in *In re: Zantac (Ranitidine) Products Lability Litigation,* MDL No. 2924 (S.D. Fla). Plaintiff(s) file(s) this Short-Form Complaint – Version 3 as permitted by the Court's Orders regarding motions to dismiss and specifically DE 3751 at 1, as outlined on page 1 of the SAMPIC.

Plaintiff(s) select(s) and indicate(s) by completing where requested, the Parties and Causes of Actions specific to this case. Where certain claims require additional pleading or case specific facts and individual information, Plaintiff(s) shall add and include them herein.

Plaintiff(s), by counsel, allege as follows:

### I.   PARTIES, JURISDICTION, AND VENUE

#### A. PLAINTIFF(S)

1.    Plaintiff(s) ARNOLD J. MCCLYMONDS ("Plaintiff(s)") brings this action (check the applicable designation):

☒    On behalf of [*himself/herself*];

---

1.    This First Amended Short-Form Complaint modifies page 4 of Plaintiff's original Short Form Complaint (attached hereto as Exhibit A) in that it clarifies the Designated-Cancer suffered by Plaintiff as a direct result of Defendants' acts and/or omissions to act.

☐     In representative capacity as the _____, on behalf of the injured party, (Injured Party's Name) _____.

2.     Injured Party is currently a resident and citizen of (City, State) <u>Rohnert Park, California</u> and claims damages as set forth below.

—OR—

Decedent died on (Month, Day, Year) _____. At the time of Decedent's death, Decedent was a resident and citizen of (City, State) _____.

If any party claims loss of consortium,

3.     _____ ("Consortium Plaintiff") alleges damages for loss of consortium.

4.     At the time of the filing of this Short Form Complaint, Consortium Plaintiff is a citizen and resident of (City, State) _____.

5.     At the time the alleged injury occurred, Consortium Plaintiff resided in (City, State) _____.

## B. DEFENDANT(S)

6.     Plaintiff(s) name(s) the following Defendants from the Second Amended Master Personal Injury Complaint in this action:

     **a. Brand-Name Manufacturers:**

        Sanofi US Services Inc., Sanofi-Aventis U.S. LLC

     **b. Others Not Named in the SAMPIC:**

## C. JURISDICTION AND VENUE

7.     Identify the Federal District Court in which Plaintiff(s) would have filed this action in the absence of Pretrial Order No. 11 (direct filing) [or, if applicable, the District Court to which their original action was removed]:

     Northern District of California

8.     Jurisdiction is proper upon diversity of citizenship.

- 2 -

## II.    PRODUCT USE

9.    The Injured Party used Zantac and/or generic ranitidine: [*Check all that apply*]

      ☒    By prescription

      ☐    Over the counter

10.    The Injured Party used Zantac and/or generic ranitidine from approximately (month, year) 12/2017 to 1/2020.

## III.    PHYSICAL INJURY

11.    As a result of the Injured Party's use of the medications specified above, [*he/she*] was diagnosed with the following specific type of cancer (check all that apply):

| Check all that apply | Cancer Type | Approximate Date of Diagnosis |
|---|---|---|
| ☐ | BLADDER CANCER | |
| ☐ | BREAST CANCER | |
| ☐ | COLORECTAL/INTESTINAL CANCER | |
| ☐ | ESOPHAGEAL CANCER | |
| ☐ | GASTRIC CANCER | |
| ☐ | KIDNEY CANCER | |
| ☐ | LIVER CANCER | |
| ☐ | LUNG CANCER | |
| ☒ | PANCREATIC CANCER | March 7, 2020 |
| ☐ | PROSTATE CANCER | |
| ☐ | OTHER CANCER: _____ | |
| ☐ | DEATH (CAUSED BY CANCER) | |

12.    Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

## IV.    CAUSES OF ACTION ASSERTED

13.    The following Causes of Action asserted in the Second Amended Master Personal Injury Complaint are asserted against Defendants, and the allegations with regard thereto are adopted in this Short Form Complaint by reference.

14. By checking the appropriate causes of action below, Plaintiff(s) assert these causes of action based upon the law and applicable Sub-Counts of the following state(s):[2]
California

| Check all that apply | Count | Cause of Action | States for which the cause of action was asserted in the SAMPIC |
|---|---|---|---|
| X | I | Strict Products Liability – Failure to Warn through Warnings and Precautions | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| X | II | Negligence – Failure to Warn through Warnings and Precautions | All States and Territories, **Except** LA, NJ, OH, and WA |
| X | III | Strict Products Liability – Failure to Warn through Proper Expiration Dates | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| X | IV | Negligence – Failure to Warn through Proper Expiration Dates | All States and Territories, **Except** LA, NJ, OH, and WA |
| X | V | Strict Products Liability – Design Defect Due to Warnings and Precautions | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| X | VI | Strict Products Liability – Design Defect Due to Improper Expiration Dates | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| ☐ | VII | Negligent Failure to Test | KS, TX |
| X | VIII | Negligent Product Containers[3] | All States and Territories |
| ☐ | IX | Negligent Storage and Transportation | All States and Territories |
| X | X | Unjust Enrichment (Against All Defendants) | All States and Territories |
| ☐ | XI | Loss of Consortium (Against All Defendants) | All States and Territories |

---

[2] In selecting the relevant states above, Plaintiffs reserve all rights to argue choice of law issues at a later time.

[3] This Count applies only to pills, not ranitidine-containing products in the form of syrups or injections.

- 4 -

| Check all that apply | Count | Cause of Action | States for which the cause of action was asserted in the SAMPIC |
|---|---|---|---|
| ☐ | XII | Survival Actions | All States and Territories |
| ☐ | XIII | Wrongful Death | All States and Territories |

## V. JURY DEMAND

15.     Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff(s) has/have been damaged as a result of Defendants' actions or

inactions and demand(s) judgment against Defendants on each of the above-referenced causes of

action, jointly and severally to the full extent available in law or equity, as requested in the Second

Amended Master Personal Injury Complaint.

*/s/ Scott R. Montgomery*
Scott R. Montgomery, Esq., SBN 278060
smontgomery@abbeylaw.com
ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200
Santa Rosa, CA 95401
Telephone: 707-542-5050
Facsimile: 707-542-2589
Attorneys for Plaintiff

# EXHIBIT A

**PLD-PI-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott R. Montgomery 278060<br>Abbey, Weitzenberg, Warren & Emery P.C.<br>100 Stony Point Road, Suite 200<br>Santa Rosa, CA 95401<br>TELEPHONE NO.: (707) 542-5050    FAX NO.*(Optional):* (707) 542-2589<br>E-MAIL ADDRESS *(Optional):*  smontgomery@abbeylaw.com<br>ATTORNEY FOR *(Name):*  Plaintiff | **ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**6/7/2021 8:43 AM**<br>Arlene D. Junior, Clerk of the Court<br>By  Branden Rasmussen, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sonoma
  STREET ADDRESS: 600 Administration Drive, Room 107-J
  MAILING ADDRESS:
  CITY AND ZIP CODE: Santa Rosa, CA 95403
  BRANCH NAME:

PLAINTIFF: Arnold J. McClymonds

DEFENDANT: Sanofi US Services Inc., Sanofi-Aventis
U.S. LLC
[X] DOES 1 TO 50

| COMPLAINT-Personal Injury, Property Damage, Wrongful Death | CASE NUMBER: |
|---|---|
| [ ] AMENDED *(Number):*<br>Type *(check all that apply):*<br>[ ] MOTOR VEHICLE  [X] OTHER *(specify):*  Products Liability<br>  [ ] Property Damage    [ ] Wrongful Death<br>  [X] Personal Injury    [ ] Other Damages *(specify):*<br><br>Jurisdiction *(check all that apply):*<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>  Amount demanded  [ ] does not exceed $10,000<br>      [ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>  [ ] from limited to unlimited<br>  [ ] from unlimited to limited | SCV-268531 |

1.  Plaintiff *(name or names):* Arnold J. McClymonds

    alleges causes of action against defendant *(name or names):* Sanofi US Services Inc., Sanofi-Aventis
    U.S. LLC and Does 1 to 50
2.  This pleading, including attachments and exhibits, consists of the following number of pages: 5
3.  Each plaintiff named above is a competent adult
    a.  [ ] except plaintiff *(name):*
        (1) [ ] a corporation qualified to do business in California
        (2) [ ] an unincorporated entity *(describe):*
        (3) [ ] a public entity *(describe):*
        (4) [ ] a minor    [ ] an adult
            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) [ ] other *(specify):*
        (5) [ ] other *(specify):*

    b.  [ ] except plaintiff *(name):*
        (1) [ ] a corporation qualified to do business in California
        (2) [ ] an unincorporated entity *(describe):*
        (3) [ ] a public entity *(describe):*
        (4) [ ] a minor    [ ] an adult
            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) [ ] other *(specify):*
        (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]    CEB Essential Forms    ceb.com
**COMPLAINT-Personal Injury, Property**
**Damage, Wrongful Death**
McClymonds, AJ
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

**PLD-PI-001**

| SHORT TITLE: McClymonds v. Sanofi | CASE NUMBER: |
|---|---|

4. ☐ **Plaintiff** (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. **Each defendant named above is a natural person**
   a. ☒ **except defendant** (name):
   **Sanofi US Services. Inc.**
   (1) ☒ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):

   (5) ☐ other (specify):

   b. ☐ **except defendant** (name):
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):

   (5) ☐ other (specify):

   c. ☒ **except defendant** (name):
   **Sanofi-Aventis U.S., LLC**
   (1) ☒ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):

   (5) ☐ other (specify):

   d. ☐ **except defendant** (name):
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):

   (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. **The true names of defendants sued as Does are unknown to plaintiff.**
   a. ☒ Doe defendants (specify Doe numbers): 1-50 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): 1-50 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. **This court is the proper court because**
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ **Plaintiff is required to comply with a claims statute, and**
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

CEB® Essential ceb.com Forms

McClymonds, AJ

**PLD-PI-001**

| SHORT TITLE:<br>McClymonds v. Sanofi | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☒ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other *(specify)* :

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage *(specify)* :
      Further relief as the Court deems proper.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: 6/2/2021

Scott R. Montgomery, Esq.
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| McClymonds v. Sanofi | |

<u>   ONE   </u>      **CAUSE OF ACTION- General Negligence**     Page 4 _____
(number)
ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Arnold J. McClymonds

alleges that defendant *(name)*: Sanofi US Services, Inc. & Sanofi-Aventis U.S., LLC

☒ Does   1 ____ to 50 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*: in 2017
at *(place)*: Sonoma County, California

*(description of reasons for liability)* :
Defendants Sanofi US Services, Inc., Sanofi-Aventis U.S., LLC, and Does 1 to 50, and each of them, negligently designed, manufactured, produced, and sold Zantac as to cause physical injuries and damages to Plaintiff Arnold J. McClymonds.

As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff Arnold J. McClymonds has suffered and/or will suffer serious physical injuries and hospital, medical, rehabilitation, and incidental expenses for said injuries.

As a further proximate result of the negligence of Defendants, and each of them, Plaintiff Arnold J. McClymonds has been injured in his health, strength, and activities, has sustained injury to his body, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause Plaintiff Arnold J. McClymonds great physical, mental, and nervous pain and suffering all to his general damages in a sum according to proof.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

CEB | **Essential**
ceb.com | **Forms**

**CAUSE OF ACTION- General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

McClymonds, AJ

PLD-PI-001(5)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| McClymonds v. Sanofi | |

_____SECOND_____     **CAUSE OF ACTION- Products Liability**     Page 5_____
    (number)
ATTACHMENT TO ☒ Complaint    ☐ Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*: Arnold J. McClymonds

Prod. L-1. On or about *(date)*: 1/1/2021      plaintiff was injured by the following product:
    Zantac 75 mg tablets

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
    ☒ used in the manner intended by the defendants.
    ☒ used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
    ☒ purchaser of the product.      ☒ user of the product.
    ☐ bystander to the use of the product.      ☐ other *(specify)*:

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L-4. ☒ **Count One-Strict liability** of the following defendants who
    a. ☒ manufactured or assembled the product *(names)*:
        Sanofi US Services, Inc., Sanofi-Aventis U.S., LLC and

        ☒ Does   1   to 50_____
    b. ☒ designed and manufactured component parts supplied to the manufacturer *(names)*:
        Sanofi US Services, Inc., Sanofi-Aventis U.S., LLC and

        ☒ Does   1   to 50_____
    c. ☒ sold the product to the public *(names)*:
        Sanofi US Services, Inc., Sanofi-Aventis U.S., LLC and

        ☒ Does   1   to 50_____
Prod. L-5. ☒ **Count Two-Negligence** of the following defendants who owed a duty to plaintiff *(names)*:
    Sanofi US Services, Inc., Sanofi-Aventis U.S., LLC and

        ☒ Does   1   to 50_____
Prod. L-6. ☒ **Count Three-Breach of warranty** by the following defendants *(names)*:
    Sanofi US Services, Inc., Sanofi-Aventis U.S., LLC and

        ☒ Does   1   to 50_____
    a. ☒ who breached an implied warranty
    b. ☐ who breached an express warranty which was
        ☐ written ☐ oral
Prod. L-7. ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
    ☐ listed in Attachment-Prod. L-7 ☐ as follows:

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]
CEB® Essential
ceb.com Forms

**CAUSE OF ACTION - Products Liability**

Code of Civil Procedure, § 425.12
*www.courtinfo.ca.gov*

McClymonds, AJ

**CERTIFICATE OF SERVICE**

I, Scott R. Montgomery, attorney of record for Plaintiff ARNOLD J. McCLYMONDS, electronically filed **FIRST AMENDED SHORT FORM COMPLAINT – VERSION 3** with the Clerk of the Court using the electronic case filing system, which will send notifications of this filing to all parties registered with the Court's electronic case filing system.

Dated: May 3, 2023          ABBEY, WEITZENBERG, WARREN & EMERY

                                        By: _____ */s/ Scott R. Montgomery* _____
                                                     Scott R. Montgomery Esq.
                                                     Attorney for Plaintiff

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 1 -