# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IN RE:  ZANTAC (RANITIDINE)           MDL DOCKET NO. 2924
PRODUCTS LIABILITY
LITIGATION                     Civil Action No. 9:20-MD-2924

                                   JUDGE ROBIN L. ROSENBERG
                   MAGISTRATE JUDGE BRUCE REINHART

_____/

**THIS DOCUMENT RELATES TO:**

**Kevin Base and James F. Cavacini, Sr. v. GlaxoSmithKline LLC, et al.,**
**9:21-cv-80163-RLR**


**BRAND DEFENDANTS' REPLY TO BASE-CAVACINI'S RESPONSE TO BRAND
DEFENDANTS' NOTICE OF NON-OPPOSITION TO OMNIBUS MOTION TO
DISMISS CLAIMS OF DELINQUENT PLAINTIFFS WHO FAILED TO COMPLY
WITH PTO 81**

## INTRODUCTION

Brand Defendants[1] respectfully request that this Court dismiss with prejudice all Non-Designated Cancer cases filed by Plaintiffs who both (1) failed to meet their obligation under Pretrial Order ("PTO") 81 to file by April 12, 2023 a Notice of Non-Designated Cancers each Plaintiff intended to pursue and, also (2) failed to meet their obligation to timely respond under S.D. Fla. L.R. 7.1(c)(1) and DE 6686 (the "Delinquent Plaintiffs").[2]  This includes Plaintiffs Kevin Base and James F. Cavacini, Sr. ("Base-Cavacini"), who seek, through their belated Opposition, to be dismissed without prejudice.  DE 6747.

## BACKGROUND

On February 14, 2023, this Court entered PTO 81.  DE 6271.  Significantly, PTO 81 required individual plaintiffs to "file a Notice of Non-Designated Cancers each Plaintiff intends to pursue, if any, and [] certify his or her intent to provide general causation expert reports on the Non-Designated Cancer(s)" by April 12, 2023.  Base-Cavacini did not file any such Notice. Instead, on March 22, 2023, Base-Cavacini filed a Notice of Intent to Not Pursue a Non-Designated Cancer Claim.  DE 6383.  On June 7, 2023, Brand Defendants filed their Motion to Dismiss Claims of Delinquent Plaintiffs Who Failed to Comply with PTO 81 (hereinafter "Motion to Dismiss Delinquent Plaintiffs"), listing Base-Cavacini as a "Delinquent Plaintiff."  Under the local rules, Delinquent Plaintiffs had until June 21, 2023 to file an Opposition.  *See* S.D. Fla. L.R. 7.1(c)(1). Base-Cavacini did not.  As such, on June 23, Brand Defendants filed a Notice of Non-Opposition. On July 5, only after the Notice of Non.-Opposition was filed did the above-referenced Plaintiffs file a belated Opposition, labeling their Opposition as a Response "Contrary to Brand Defendants'

---

[1] Boehringer Ingelheim Pharmaceuticals, Inc., GlaxoSmithKline, LLC, Pfizer, Inc., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.
[2] Delinquent Plaintiffs were listed in Exhibit A of Brand Defendants' Omnibus Motion to Dismiss Claims of Delinquent Plaintiffs Who Failed to Comply with PTO 81.  DE 6686.

Notice of Non-Opposition." DE 6747. Also on July 5, shortly after filing their belated Opposition, Base-Cavacini filed a related Motion for voluntary dismissal without prejudice.[3] DE 6748. Plaintiffs' request should be denied for the reasons set forth in the Motion and below.

## ARGUMENT

### A. Base-Cavacini qualify as "Delinquent Plaintiffs."

Base-Cavacini's Notice of Intent to *Not* Pursue a Non-Designated Cancer Claim did not satisfy the requirements for PTO 81. DE 6383 (emphasis added); DE 6721. Plaintiffs recognize that PTO 81 required them to "file a Notice of Non-Designated Cancers each Plaintiff intend[ed] to pursue, if any, and [] certify his or her intent to provide general causation expert reports on the Non-Designated Cancer(s)." DE 6747 at 2. PTO 81 further warned that "[i]f any Plaintiff fail[ed] to meet the requirements and deadlines established by this Order, his or her action may be subject to dismissal with prejudice under Rule 41(b)." DE 6271 at 2.

This Court outlined two options for Plaintiffs: (1) meet the requirements to move forward with litigation and pursue their claims, or (2) risk dismissal with prejudice under Rule 41(b). DE 6271 at 2. Base-Cavacini did neither. Instead, they filed a "Notice of Intent to *Not* Pursue," and claim compliance. DE 6383 (emphasis added). The Plaintiffs cannot invent a third path, outside of the Court-directed options and then feign adherence with this Court's Orders. Compliance is determined by following the requirements established by the Court, not by disingenuous deviation.

Plaintiffs additionally mischaracterize Defendants' prior communications. In Plaintiffs' Opposition, Plaintiffs claim that they communicated with defense counsel via email, attach that email as an Exhibit B, and misstate that Defendants' communications did not "include an

---

[3] Voluntary dismissal is inappropriate here. As such, Brand Defendants will timely respond to Plaintiffs' Motion for Rule 41(a)(2) Motion for Approval of Voluntary Dismissal of Claims Without Prejudice. DE 6748. Brand Defendants' position is consistent with Brand Defendants' email on May 14, 2023, DE 6747-2, which confirmed that Defendants would not agree to a voluntary dismissal without prejudice.

allegation that Base-Cavacini's Notice did not comply with PTO #81." DE 6747 at 4; DE 6747-2. Even though Defendants are under no obligation to preview their legal arguments in advance of a formal filing, Defendants *did indeed* signal that Base-Cavacini were among many Plaintiffs "who did not file notices of intent to pursue their non-designated cancer cases pursuant to PTO 81." DE 6747-2 at 2. Base-Cavacini are accordingly "Delinquent Plaintiffs" as defined in Brand Defendants' Motion to Dismiss. DE 6686. Plaintiffs' failure to pursue their claims as required by PTO 81 constitutes non-compliance with the Court's order and warrants dismissal with prejudice, as explicitly forewarned.

**B. Brand Defendants' 41(b) Motion Should be Granted.**

First, Plaintiffs rely on a number of cases that evaluate dismissals under a different Rule—Rule 37—and specifically relate to violations of discovery orders. *See EEOC v. First National Bank,* 614 F.2d 1004, 1007 (5th Cir. 1980); *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 212 (1958); *Emerick v. Fenick Industries, Inc.,* 539 F.2d 1379, 1381 (5th Cir. 1976); *Thomas v. United States,* 531 F.2d 746, 749 (5th Cir. 1976); *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S. Ct. 2778, 2781, 49 L. Ed. 2d 747 (1976). Defendants do not move to dismiss Plaintiffs' claims under Rule 37. Indeed, Defendants did not allege any discovery violations in their Motion to Dismiss Delinquent Plaintiffs. Instead, Defendants rely on PTO 81 itself and the clear warning of "dismissal with prejudice under Rule 41(b)" captured therein. *See* PTO 81 at 2. Defendants also move under Rule 16(f), which authorizes dismissal for failure to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f).

Second, the cases cited by Plaintiffs that *do* make reference to Fed. R. Civ. P. 41(b) or Fed. R. Civ. P. 16(f) reveal instructive guidance *against* Base-Cavacini's assertions. *Martins*

demonstrates that dismissal with prejudice is an appropriate sanction when a Plaintiff fails to adequately pursue their claim, and that the Court has this inherent authority to "enforce its orders and ensure prompt disposition of lawsuits." *Martins v. Royal Caribbean Cruises, Ltd.,* 429 F. Supp. 3d 1315, 1323 (S.D. Fla. 2019). Even *Price*, though referenced only in Plaintiffs' citation of *Martin*, affirmed dismissal after counsel repeatedly failed to comply with pretrial instructions. *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986).

### a.  Base-Cavacini Failed to Prosecute their Claim as Required in PTO 81.

As set forth in Defendants' Motion to Dismiss Delinquent Plaintiffs, Rule 41(b) permits a district court to "dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Properties, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). Here, Base-Cavacini have failed on both. PTO 81 outlined the process by which Non-Designated Cases could proceed with their claims or potentially face dismissal with prejudice. Compliance with the Court's directives was necessary to ensure the fair and efficient progression of the litigation. Instead, Base-Cavacini declined to prosecute their claims and, in fact, signaled their intention to continue abstaining from the procedure outlined in PTO 81. DE 6383.

### b.  Base-Cavacini Failed to Timely Respond Under Local Rules.

Base-Cavacini failed to file any response within the designated timeframe, despite being fully aware of local Rules and their obligation to do so. The failure to file a timely opposition constitutes a clear violation. By neglecting to respond within the specified timeframe, Plaintiffs have once again exhibited their disregard for the rules and procedures of this honorable court. Plaintiffs cannot ignore S.D. Fla. L.R. 7.1(c)(1) and expect this Court to preserve their legal argument for a more convenient time.

Base-Cavacini's assertion that the Defendants' Motion to Dismiss did not apply to their claim and they therefore did not need to respond is additionally irrelevant on two fronts. First, this assertion is in conflict with the facts and legal analysis presented in Defendants' Motion to dismiss. Thus, Base-Cavacini were required to submit this dispute for resolution in a motion which the Court could adjudicate. Any such opposition was due on June 21, 2023. *See* S.D. Fla. L.R. 7.1(c)(1); DE 6686. Instead, Plaintiffs filed this response two weeks late. Second, Base-Cavacini were listed in Brand Defendants' Exhibit A as Delinquent Plaintiffs. DE 6686-1 at 1. It was clear that Brand Defendants were seeking dismissal of their case with prejudice. DE 6686 at 1. If Plaintiffs disagreed with such a request, they were obligated to respond timely.

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Plaintiffs have indeed demonstrated "'willful disobedience,' 'bad faith' and 'numerous' unjustified violations of court orders." DE 6747 at 2. Plaintiffs were put on notice that their failure to comply could result in dismissal *with prejudice*. *See* PTO 81 at 2 (emphasis added). Plaintiffs willfully ignored this Court's Orders, including their obligation to file by the Court mandated deadlines in those Orders, and offer no reasonable justification for doing so. Dismissal with prejudice is appropriate. Plaintiffs' untimely response only further underscores their unwillingness to comply with this Court's Orders. Lesser sanctions will not suffice.

## CONCLUSION

The record demonstrates that the Delinquent Plaintiffs failed to prosecute their Non-Designated Cancer claims in this action and failed to timely comply with PTO 81 and S.D. Fla. L.R. 7.1(c)(1). Brand Defendants respectfully request that the Court dismiss the Base-Cavacini's

Non-Designated Cancer claims in their entirety with prejudice, as forewarned in PTO 81 and pursuant to Rule 41(b) and Rule 16(f).

Respectfully submitted,

By:      */s/ Anand Agneshwar*
Anand Agneshwar
**ARNOLD & PORTER**
**KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
anand.agneshwar@arnoldporter.com
*Attorney for Defendants Sanofi US Services Inc.,*
*Sanofi-Aventis U.S. LLC, and Chattem, Inc.*


*/s/ Andrew T. Bayman*
Andrew T. Bayman
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Tel: (404) 572-3583
Fax: (404) 572-5100
abayman@kslaw.com

*Attorney for Defendant Boehringer Ingelheim*
*Pharmaceuticals, Inc.*

*/s/ Mark Cheffo*
Mark Cheffo
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10019
Tel: (212) 689-3500
Fax: (212) 689-3590
mark.cheffo@dechert.com
*Attorney for GlaxoSmithKline LLC*

*/s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, SW
Washington, DC 20024

Tel: (202)-434-5000
Fax: (202)-434-5029
jpetrosinelli@wc.com
*Attorney for Defendant Pfizer Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of July, 2023, the foregoing Brand Defendants' Reply to Base-Cavacini's Response to Brand Defendants' Notice of Non-Opposition to Omnibus Motion to Dismiss Claims Of Delinquent Plaintiffs Who Failed to Comply with PTO 81 was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

*/s/ Joanne M. O'Connor*
Joanne M. O'Connor
JONES FOSTER, P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
Tel: (561) 659-3000
Fax: (561) 650-5300
JOConnor@jonesfoster.com

P:\DOCS\30916\00001\PLD\28B3375.DOCX