**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE: ZANTAC (RANITIDINE)                            MDL NO. 2924
PRODUCTS LIABILITY                                         20-MD-2924
LITIGATION

                                        DISTRICT JUDGE ROBIN L. ROSENBERG
                                        MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

**TENTATIVE RULING ENTERING RULE 58 FINAL**
**JUDGMENT IN CERTAIN DESIGNATED CANCER CASES AND**
**VACATING THE COURT'S PRIOR ENTRY OF CERTAIN RULE 54(B) JUDGMENTS**

On May 15, 2023, the Court entered summary judgment in all personal injury Designated

Cancer[1] cases in favor of every Defendant, provided the cases were filed prior to May 5, 2023. DE

6622 at 21.  In light of the summary judgment ruling, the Court ruled that every Defendant was

entitled to the entry of a Rule 58 final judgment. *Id.*  To prepare for the entry of a Rule 58 final

judgment in many thousands of cases, the Court ordered the Defendants to prepare lists of all the

cases that, according to them, qualified for the entry of a Rule 58 final judgment.  The Court also

informed the parties that prior to ordering the Clerk of the Court to file final judgment, the Court

would allow the parties to object to the Court's tentative ruling, the form of the Court's proposed

final judgment, and/or to the inclusion (or lack thereof) of any case on the Defendants' lists of

cases eligible for entry of final judgment.  This Order serves as the tentative ruling, to which any

party may object.

This is not the first time that the Court has entered judgment.  On November 15, 2021, the

Court entered judgment under Rule 54(b) in some cases, and judgment under Rule 58 in a small

---

1 Designated Cancers are bladder, esophageal, pancreatic, stomach, and liver cancer.

number of cases.  The Court's entry of 54(b) judgment in the past affects the Court's entry of Rule 58 final judgment in some cases in the present, and it is this issue to which the Court first turns.

### The Court's Previous Entry of Rule 54(b) Judgment in Some Cases

On November 15, 2021, the Court entered Rule 54(b) judgment in favor of the Generic Manufacturer Defendants and in favor of the Distributor and Retailer Defendants. DE 4664.  After the Court entered Rule 54(b) judgment, many Plaintiffs appealed.  As of this time, many Plaintiffs' cases remain on appeal.  Although the Court lacks jurisdiction to modify or alter its Rule 54(b) judgment in those cases on appeal, the Court is free, under Rule 60(b)(6), to revisit its entry of Rule 54(b) judgment in those cases not on appeal.

There are a number of sound reasons for this Court to revisit its entry of Rule 54(b) judgment in those cases not on appeal—cases over which the Court retains full jurisdiction.  The Court explained those reasons at length in its indicative ruling at docket entry 6310, including the Court's conclusion that its entry of Rule 54(b) judgment was error (at least in part) and that the standard for entry of Rule 54(b) judgment is no longer met in this MDL. *Id.* at 9.  In light of the Court's conclusions as to its entry of Rule 54(b) judgment, the Court explained to the Eleventh Circuit in its indicative ruling what actions it would take, should the Eleventh Circuit remand the Rule 54(b) cases on appeal and return jurisdiction to this Court.

The Court set forth in its indicative ruling that it would "resolve any remaining issues, address any outstanding motions, and enter final judgment that would bind all parties and allow for one trial record, one appeal, and one appellate panel." *Id.* at 14.  As of this time, the Eleventh Circuit has not returned jurisdiction to this Court in any pending appeals, but the Court can enter a single final judgment in any case not on appeal, which the Court addresses below.

2

<u>The Court's Vacatur of its Earlier Entry of Rule 54(b) Judgment in Any Case Not on Appeal</u>

Pursuant to Rule 60(b)(6), a party may be relieved from a final judgment[2] for "any . . . reason that justifies relief." This is a flexible standard that "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949).[3] Under Rule 60(b)(6), there must be a "sufficiently extraordinary" reason, which is committed to "the district court's sound discretion." *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996) (quoting *Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987)). In exercising that discretion, district courts should apply Rule 60(b)(6) "in a liberal spirit." *United States v. Cato Bros.*, 273 F.2d 153, 157 (4th Cir. 1959). Ultimately, the touchstone for Rule 60(b)(6) is that there must be an injustice to be corrected. Jean F. Rydstrom, *Construction and Application of Rule 60(b)(6) of Federal Rules of Civil Procedure Authorizing Relief from Final Judgment or Order for "Any Other Reason,"* 15 A.L.R. Fed. 193 (1973).

The Court's indicative ruling explains the injustice that must be corrected. DE 6310. First, it would be unjust to continue to apply Rule 54(b) judgment that was (at least partially) entered in error. Second, it would be unjust to continue to apply Rule 54(b) judgment when that standard is

---

2 The Retailer and Distributor Defendants seek relief from judgment under Rule 60(b). DE 6233 at 1, 10. The Generic Manufacturer Defendants have conditionally joined in certain relief sought by the Retailer and Distributors, including the request for an indicative ruling. DE 6237, 6366, 6590. The Court's indicative ruling encompassed all of the Non-Brand Defendants, including Generic Manufacturer Defendants. DE 6310. A Rule 60(b) request must be made "within a reasonable time," and the Court finds that the Defendants' request, made shortly after the Court's general causation ruling, was made within a reasonable amount of time.

3 The only limitation on Rule 60(b)(6) is that the basis for alteration of judgment cannot be any of the other five grounds set forth in Rule 60(b). *Klapprott*, 335 U.S. at 614-15. Rule 60(b)(1) does not apply because the Court's entry of Rule 54(b) judgment was not a mistake, (b)(2) does not apply because the Court's vacatur is not based upon newly discovered evidence, (b)(3) does not apply because judgment was not entered based upon fraud, and (b)(4) does not apply because the judgment is not void. Rule 60(b)(5) allows for relief from judgment when "applying it prospectively is no longer equitable," and it is possible that (b)(5) applies because the Court no longer believes that the application of Rule 54(b) judgment, prospectively, is equitable for all of the reasons set forth in its indicative ruling. DE 6310. The Court therefore vacates the Rule 54(b) judgments, in the alternative, under Rule 60(b)(5) instead of (b)(6).

no longer met.[4]  Third and finally, it does not serve any purpose to separate the Court's pre-Rule 54(b) dismissals from the Court's post-Rule 54(b) general causation ruling given that this later ruling applies to every non-class Designated Cancer case in this MDL. DE 6622.  For these reasons and for all of the reasons set forth in the Court's indicative ruling, the standard for Rule 60(b)(6) is met and the Court hereby **VACATES** all[5] Rule 54(b) judgments—regardless of the type of cancer—in all pending cases not currently on appeal.

Relatedly, to the extent the Court's prior entry of Rule 54(b) judgment was based upon the Court's dismissal of certain claims, the Court's vacatur of the Rule 54(b) judgment in this Order frees the Court to amend its prior order of dismissal.  The prior order of dismissal is amended to include an additional ground for the dismissal: the Court's entry of Rule 56(f) summary judgment on general causation grounds because the Court's 56(f) ruling applied to every Designated Cancer claim.

<u>Rule 58 Final Judgment in All Cases Filed Prior to November 15, 2021, Not on Appeal</u>

Because the Court has vacated all Rule 54(b) judgments in cases not on appeal, those cases are ripe for the entry of a Rule 58 final judgment.  Accordingly, the Clerk of the Court shall file the Rule 58 final judgment, attached to this Order as **Exhibit 10**, in all cases listed in **Exhibit 1**[6] and **Exhibit 2**.[7]  These lists contain some amount of overlap and the overlapping cases are set forth

---

4 The indicative ruling explained that (i) the claims on which it entered Rule 54(b) final judgment were not separable from the remaining claims and therefore not entitled to Rule 54(b) final judgment, and (ii) there is no longer "no just reason for delay" of entry of Rule 54(b) final judgment given that the appeals of this Court's previous rulings on preemption have been stayed. DE 6310 at 9-13.
5 The Court has entered a separate order, Pretrial Order 81, to address Non-Designated Cancer cases, going forward.
6 This list corresponds to the Court's prior directive for the Defendants to prepare a list of "every active case filed prior to the Court's entry of Rule 54(b) judgment on November 15, 2021, that qualified for the entry of Rule 54(b) judgment in favor of the Distributor and Retailer Defendants that has not been appealed." DE 6622 at 22.
7 This list corresponds to the Court's prior directive for the Defendants to prepare a list of "every active case filed prior to the Court's entry of Rule 54(b) judgment on November 15, 2021, that qualified for the entry of Rule 54(b) judgment in favor of the Generic Defendants that has not been appealed." DE 6622 at 22.

in **Exhibit 3**.[8]  Despite an overlap, absent further order of the Court, the Clerk need not file multiple Rule 58 final judgments in these overlapping cases—one final judgment in each of these cases is sufficient.

<u>Rule 58 Final Judgment in Cases Filed Prior to November 15, 2021, on Appeal</u>

Because the Court lacks jurisdiction to modify or alter its entry of Rule 54(b) judgment in cases on appeal, those cases are not ripe for a Rule 58 final judgment that covers all counts, including the counts on appeal.  Instead, the Court only possesses jurisdiction to enter a Rule 58 final judgment for the counts that remain before this Court.  It is unclear which of the individual Plaintiffs' counts are not on appeal for the reasons expressed in the Court's Rule 56(f) ruling at docket entry 6622, pages 7 through 14.  Suffice it to say that any count that remains and is not on appeal is ripe for the entry of Rule 58 final judgment.[9]

---

8 This list corresponds to the Court's prior directive for the Defendants to prepare a list of "every active case filed prior to the Court's entry of Rule 54(b) judgment on November 15, 2021, that qualified for the entry of Rule 54(b) judgment in favor of Distributor, Retailer, and Generic Defendants that was not appealed." DE 6622 at 22.
9 An example of the confusion surrounding the Plaintiffs' pleading of claims in their Short Form Complaints is found in the Eleventh Circuit's order dismissing a Plaintiff's appeal:

> At the time he filed the second amended [Short Form Complaint], it purported to incorporate the allegations of the [Master Personal Injury Complaint], but there was no operative [Master Personal Injury Complaint] to incorporate because the [Master Personal Injury Complaint] had been dismissed.
>
> . . .
>
> [T]he district court had no opportunity to enter any final judgment because [Plaintiff] filed a notice of appeal the very day he filed the second amended [Short Form Complaint] and at a time *when there was no MPIC to incorporate*.

DE 6146 at 12, 13 (emphasis added).

Accordingly, the Clerk of the Court shall file two judgments in certain cases on appeal. First, the Clerk of the Court shall file the Court's Rule 54(b) judgment[10] at docket entry 4665 in the individual cases listed in: **Exhibit 4**,[11] and shall file the Rule 54(b) judgment at docket entry 4664 in the individual cases listed in: **Exhibit 5**.[12]  Second, as for those counts not on appeal, the Clerk of the Court shall file the Rule 58 final judgment at **Exhibit 10** in the same cases listed in: **Exhibit 4** and **Exhibit 5**.  These lists contain some amount of overlap, and the overlapping cases should be set forth in: **Exhibit 6**.[13]  Despite an overlap, absent further order of the Court, the Clerk need not file multiple Rule 58 final judgments in these overlapping cases—one Rule 58 final judgment in each of these cases is sufficient.

### Final Judgment in Cases Filed After November 15, 2021

The Court concludes that its prior entry of Rule 54(b) judgment on November 15, 2021, had no impact on any case filed in the MDL after that date for three reasons.  First, since November 2021 the Court has never entered additional 54(b) judgments, and no party has ever requested that the Court enter additional 54(b) judgments.[14]  Second, in recent briefing the parties agree that the

---

10 The Court previously only entered a single Rule 54(b) judgment on the MDL docket and did not enter judgment in the individual cases.  Because the Court now is requiring the Clerk of the Court to file a Rule 58 final judgment in each individual case, the Clerk also should now file Rule 54(b) judgment in each individual case so that the record is abundantly clear.

11 This list corresponds to the Court's prior directive for the Defendants to prepare a list of "every active case filed prior to the Court's entry of Rule 54(b) judgment on November 15, 2021, that qualified for the entry of 54(b) judgment in favor of the Distributor and Retailer Defendants that was appealed." DE 6622 at 22.

12 This list corresponds to the Court's prior directive for the Defendants to prepare a list of "every active case filed prior to the Court's entry of Rule 54(b) judgment on November 15, 2021, that qualified for the entry of Rule 54(b) judgment in favor of the Generic Defendants that was appealed." DE 6622 at 23.

13 This list corresponds to the Court's prior directive for the Defendants to prepare a list of "every active case filed prior to the Court's entry of Rule 54(b) judgment on November 15, 2021, that qualified for the entry of Rule 54(b) judgment in favor of the Distributor, Retailer, and Generic Defendants that was appealed." DE 6622 at 22.

14 Although the Generic Manufacturer Defendants requested, through a proposed 54(b) judgment that the Court accepted, that Rule 54(b) judgment would be "effective as of the date that an individual Plaintiff files . . . a Short Form Complaint," the Court is unfamiliar with the idea of a self-executing entry of judgment without Court action, and the Court does not believe, consistent with this Order and cases such as *Home Depot*, that such a procedure is legally permissible. *Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 61 (3d Cir. 2023).

individual identity of cases in the MDL must be recognized and that the Court's earlier dispositive rulings do not, without some additional court action, automatically dispose of later-filed cases. *E.g.,* DE 6540 at 2 ("Most Plaintiffs did not even have a case on file when this Court issued its *Daubert* decision."); *see also Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 61 (3d Cir. 2023). Third, consistent with the need to recognize the identity of individual cases, the parties in recent briefing agreed that prior to the entry of final judgment in later-filed cases in the MDL, the Court had to issue an order to show cause, but the Court has never entered an order to show cause on the subject of Rule 54(b) judgment in any case. *See* DE 6590 at 13 ("[T]he Court's February 28th show cause order demonstrates that it is doing exactly what MDL judges are supposed to do." (statement by the Generic Manufacturer Defendants)).

Thus, consistent with the parties' agreement, the Court's own rulings, and procedural due process, the Court concludes that its entry of Rule 54(b) judgment on November 15, 2021, was limited to cases filed prior to the Court's entry of that judgment. As a result, the Court can enter Rule 58 final judgment in all cases filed after November 15, 2021, and the Clerk of the Court shall file the Rule 58 final judgment at **Exhibit 10** in all cases listed in: **Exhibit 7**[15] and **Exhibit 8**.[16]

<u>Objections to this Order</u>

Given that this Order is a tentative ruling and the Court will entertain objections to this Order, the parties are **ORDERED** to file objections to this Order and to the attached final judgment by **August 4, 2023**. Additionally, should any party dispute the inclusion (or lack thereof) of any

---

[15] This list corresponds to the Court's prior directive for the Defendants to prepare a list of "every active Designated Cancer case filed after the Court's entry of Rule 54(b) judgment on November 15, 2021, and prior to the deadline for the individual Plaintiffs to respond to the Court's orders to show cause of May 5, 2023." DE 6622 at 23.

[16] This list corresponds to the Court's prior directive for the Defendants to prepare a list of "every active Designated Cancer case filed prior to the deadline for the individual Plaintiffs to respond to the Court's orders to show cause of May 5, 2023, not contained on any preceding list, that the Defendants contend qualifies for the entry of final judgment." DE 6622 at 23.

case on a list attached to this Order, the party shall file an objection by **August 4, 2023**.   All objections shall be filed on the main MDL docket, 20-MD-2924, and not in any individual case.

<u>Diversity Jurisdiction and the Court's Entry of Many Final Judgments</u>

The Court addresses one final matter.   The Court has ordered the Clerk of the Court to file a final judgment in thousands of individual cases for three reasons.   First, the Court has endeavored to create a clean record.   Second, the identity of each individual case in this MDL must be recognized, consistent with cases like *Home Depot*.   Third, each individual case has its own operative pleading—a Short Form Complaint—and the Rule 58 final judgment is limited to the Defendants named in each Plaintiff's Short Form Complaint for the reasons set forth below.   *See* Pretrial Order 31.

The individual cases in this MDL rely upon diversity of citizenship for subject matter jurisdiction because the Plaintiffs' operative, pending counts are based upon state law, not federal law.   Therefore, in consideration of the importance of diversity in each individual case in this MDL, the Court previously entered three procedural safeguards to ensure that individual cases named only diverse Defendants.

The first safeguard was that more than ninety percent of all cases in this MDL were previously registered in a database[17] of claims; prior to transferring their claims from the registry to this MDL (by filing a Short Form Complaint), the participants in the registry database certified under penalty of estoppel as follows: "In checking the certification box, a Registry Participant also certifies that federal court jurisdiction exists over his or her claims.   As a result of the Registry Participant's certification that federal jurisdiction exists over the Registry Participant's claims, the

---

17 *See* Pretrial Order 15 (creating the private database registry of claims).

Registry Participant must not name a defendant with the same state of citizenship as the Registry Participant." Pretrial Order 72 at 3.

The second safeguard was that the Court did not permit individual Plaintiffs to amend their Short Form Complaints, when the amendment would eliminate diversity jurisdiction, without the Court's prior approval. Pretrial Order 31 at 5.  Throughout the course of this MDL, no individual Plaintiff moved for the Court's permission to eliminate diversity jurisdiction in his or her case.

The third safeguard was that each individual case borrows and incorporates only select portions of the master pleadings. *Id.* at 3.  In doing so, each individual case does *not* borrow and incorporate *every* component of the master pleadings.  In other words, just because a Defendant is named in the master pleadings does not mean that the Defendant is a named Defendant in *every* individual case in the MDL.  Instead, it is the Short Form Complaint that controls and governs diversity—each Plaintiff chooses the specific Defendants that he or she names as Defendants in the Short Form Complaint.

In summary, the Court has recognized the individual identity of each case not only by directing the Clerk to file many separate judgments, but also by drafting the Rule 58 judgment, attached as **Exhibit 10**, to reflect that it only applies to the specific Defendants each individual Plaintiff has named in his or her Short Form Complaint.

<u>The Court's Focus on Judicial Efficiency</u>

The Court's intent in entering this Order is to foster judicial efficiency such that its ruling will create one clean appellate record for one consolidated appeal before one appellate panel, should an appeal be taken.  The Court hopes to avoid piecemeal appellate records in individual cases resulting in piecemeal appeals.  In other words, the Court hopes to avoid the outcome that

certain Plaintiffs, if successful on appeal, are remanded back to this Court only to return once again to the appellate court because that outcome would be inefficient.  The Court believes that all appeals should be simultaneously brought before the appellate court, to be adjudicated as the appellate court sees fit.[18]

For all of the foregoing reasons, it is **ORDERED AND ADJUDGED** that all of the Defendants' pending motions seeking the entry of final judgment, docket entries 6233, 6236, and 6237, are **GRANTED IN PART** as more fully specified in this Order.  A non-exhaustive list of the Defendants affected by this Order is attached as **Exhibit 9**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 21st day of July, 2023.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

18 The Eleventh Circuit can of course adjudicate all appeals in the manner it deems best; this Court's opinion is merely that the Eleventh Circuit should have the *option*, should it elect, to hear all issues simultaneously before a single appellate panel.

10