# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 25, 2023

FILED BY____JE____D.C.

*Jul 25, 2023*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Judith Cohen
758 WALNUT ST
PARAMUS, NJ 07652

Appeal Number:  22-12528-JJ
Case Style:  In re: Zantac (Ranitidine) Products Liability Lit.
District Court Docket No:  9:20-md-02924-RLR

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Any pending motions are now rendered moot in light of the attached order.

Clerk's Office Phone Numbers
General Information:      404-335-6100    Attorney Admissions:            404-335-6122
Case Administration:     404-335-6135    Capital Cases:                  404-335-6200
CM/ECF Help Desk:        404-335-6125    Cases Set for Oral Argument: 404-335-6141

Enclosure(s)

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12528

_____

IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION.

_____

9:20-md-02924-RLR

JUDY BROOKS,

ROBERT BAKER,

MICHAEL CARROLL,

SANDRA PAYNE,

GREGORY VAVRA, et al.,

Plaintiffs,

JUDITH COHEN,

Interested Party-Appellant,

*versus*

GLENMARK PHARMACEUTICALS, INC. USA

MARLENEGOLDENBERG,

2                    Order of the Court                    22-12528

APOTEX CORP.,
MICHAEL MCCANDLESS,
BRAD ALDRIDGE, et al.,

                                                    Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-md-02924-RLR

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

BY THE COURT:

Appellant's "Motion for Summary Judgment" is construed as a voluntary motion to dismiss Par Pharmaceutical, Inc. from this appeal and is GRANTED.  Par Pharmaceutical, Inc. is DISMISSED from this appeal. Any other relief sought in that motion is DENIED.

Because Par Pharmaceutical, Inc. is not a party to this appeal, the stay imposed by this Court's November 23, 2022 order is LIFTED.

After reviewing the record and Appellant's response to our jurisdictional question, we DISMISS this appeal for lack of jurisdiction.  The district court's orders denying Appellant's motions to

reinstate breast cancer and for reconsideration were not final appealable orders because they did not end the litigation on the merits and acknowledged that there would be further substantive proceedings in the case, and the district court did not certify its orders for immediate review under Fed. R. Civ. P. 54(b). *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) ("To be appealable, an order must either be final or fall into a specific class of interlocutory orders that are made appealable by statute or jurisprudential exception."); *World Fuel Corp. v. Geithner*, 568 F.3d 1345, 1348 (11th Cir. 2009) (stating that a final order ends the litigation on the merits and leaves nothing for the court to do but execute the judgment); *Freyre v. Chronister*, 910 F.3d 1371, 1377 (11th Cir. 2018) (holding that a district court order is not final and appealable if it "contemplates further substantive proceedings in a case"); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (stating that an order disposing of fewer than all claims or fewer than all parties to an action is not final or immediately appealable unless the district court certifies the order for immediate review under Fed. R. Civ. P. 54(b)).

To the extent Appellant seeks to appeal from representations made by Litigation Management, Inc. and the *pro se* liaison for the underlying multidistrict litigation, she may not do so because those representations are not existing judgments or orders. *See* Fed. R. App. P. 3(c)(1) (requiring a notice of appeal to designate a judgment or appealable order); *Bogel v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (stating that a notice of appeal must designate an existing order or judgment, not one that

4                          Order of the Court                    22-12528

is merely contemplated or anticipated); *Smith v. Barry*, 502 U.S. 244, 248 (1992) ("Although courts should construe Rule 3 liberally when determining whether it has been complied with, noncompliance is fatal to an appeal.").

All pending motions are DENIED AS MOOT.