UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

ALLEN A. LOVE                    Case No. 9:20-md-02924-RLR #6752

    PLAINTIFF;

v.                               JUDGE ROBIN L. ROSEENBERG

GLAXOSMITHKLINE PHARMACEUTICAL

PFIZER INC.

    DEFENDANTS.

_____/

FILED BY __PCS__ D.C.

JUL 25 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## SANCTION AGAINST JUDGE JONKER

This court should Sanction Judge Robert J. Jonker from speaking on this case that is no longer in his jurisdiction. This Judge has no Jurisdiction or Authority to subliminally suggest to another Judge how to proceed on any given case. This case was transferred out from his court to this court on 6/30/23. There was an Order given to Plaintiff to clarify who the representative was in this case. That information along with a motion to amend was sent out on 6/27/23, to the Clerk of that Court. See Appendix (A).

This judge then gave an Order on 7/11/23, knowing he did not have the jurisdiction or authority to do so. Judge Jonker now is asking this court to remand this case back to his court so he can "dismiss it stating without prejudice" in favor of the Defendants who are still in Procedural Default.   This Judge still is trying to

1

manipulate the out come of this case.

Improper venue in the Black's Law Dictionary tenth edition states: "A place or court where jurisdiction is not authorized under statute or by agreement of the parties". Plaintiff have never ask Judge Jonker of the Western District of Michigan to comment on any part of his proceedings since it's been removed. He has no authority to do or suggest anything in this case.

Under Federal Evidence Art. III. "Presumptions In Civil Cases". Rule 301 states; "In a civil case unless a federal statute or these rules provide otherwise, the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption. But this rule does not shift the burden of persuasion which remains on the party who had it originally". Both Defendants had the presumption to defend their case, but failed to do so. Now this Judge has become their attorney and tried to dismiss this case without producing evidence of persuasion.

In the case of **Lexecon Inc. vs. Milberg Weiss Bershad Hynes § Lerach**, 523 U.S. 26, the Supreme Court in that case held: It was improper to affirm an order denying a consulting firm's motion requesting the Judicial Panel on Multidistrict Litigation to remand its case against a law firm. Self assessment was beyond a transfer court's authority".

Where jurisdiction is founded on diversity, it is up to this

2

court to treat each case as if it were pending in the transfer district in which that case was originally filled. See <u>In re "Agent Orange"</u> Product liability ligation 580 F. Supp 690, 695 (E.D. N.Y. 1984) writ of mandamus denied, 733 F.2d 10 (2d Cir. 1984). The same basic principle govern the issue of what law govern a federal question in § 1407 Litigation.

Wherefore, Plaintiff in this case ask this Honorable Court to Sanction Judge Jonker from making comments in this case since he does not have jurisdiction in this case.

Respectfully Submitted

DATED July 16th 2023

CC: Judge Jonker

Attorney Michael Barnett

File

APPENDIX [A]

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

ALLEN A. LOVE
    PLAINTIFF,

VS.                                                 HON. ROBERT J. JONKER
                                                             Case. No. 1:23-cv-557

PFIZER INC.
GLAXOSMITHKLINE
PHARMACEUTICAL COMPANY
    DEFENDANT.
_____/

## NOTICE OF APPEARANCE

    Now Comes Allen A. Love, acting in Pro Se representing himself in the above caption case. Plaintiff is the only representative on this case. All Court filings, documents, and responses are done by Plaintiff in Pro Se. This Court as well as Defendants Attorney Michael Barnett counsel for GlaxoSmithKline Pharmaceutical Company and Pfizer Inc. have recognized that I am representing myself in Pro Se. Plaintiff has a brother name James Love who has no interest in this case. He does not represent Plaintiff, he does not file any pleadings on behalf for Plaintiff all he does is make decisions concerning Plaintiff health that's all since Plaintiff developed cancer from Defendants product. If this Court is still un-easy with the wording of Power of Attorney, please allow Plaintiff the option of amending his pleading under Rule of Civil Procedure Rule 15(A). That way Plaintiff can remove all portions of my brother name from these pleadings and any other defects within this complaint.

1

**WHEREFORE,** Plaintiff hope he has address any and all concerns this Honorable Court might have.

Respectfully Submitted

DATED June 27th 2023

CC: Clerk of the Court
    Michael Barnett
    File

2

| MICHIGAN DEPARTMENT OF CORRECTIONS | CSJ-318 |
|---|---|
| DISBURSEMENT AUTHORIZATION **(EXPEDITED LEGAL MAIL – PRISONER)** | REV. 11/15  4835-3318 |

**Please PRINT clearly, illegible and/or incomplete forms will not be processed.**

Lock: BB-62    Institution: Thumb

Prisoner Number: 139564    Prisoner Name (Type or Print Clearly): _____

[✓] Legal Postage    [ ] Filing Fee  $_____    [ ] Certified Mail (Must Be a Court Ordered Requirement)

[ ] New Case    [ ] Case Number _____

Pay To: IBF

Mailing Address: Clerk of the Court
United States District Court, Western District
of Michigan, Kalamazoo, Michigan 49007

**The Following Section Must Be Completed In Authorizing Staff Member's Presence**

Prisoner Signature: _____    Date & Time Submitted: 6/27/2023

Received by / Type or Print Name & Title: _____    Staff Signature: _____

Date & Time Received by Authorizing Staff: _____

**Authorization Denied**

[ ] Does not meet definition of legal mail or court filing fee as identified in OP 05.03.118
[ ] Not hand delivered to authorizing staff member          [ ] New case or case number not on form
[ ] Does not include court order for handling as certified mail.    [ ] Other (explain) _____
[ ] Prisoner refused to sign & date in staff member's presence

Denied by / Type or Print Name & Title: _____    Signature: _____

**Section Below to be Completed by Mail Room Staff**

Placed in Mail by / Type or Print Name & Title: _____    Signature: _____

Postage Amount  $_____    Date Placed in Outgoing Mail: _____

**Only Business Office Staff are to Write in the Section Below**

Postage  $_____    Total Obligation  $_____    [ ] Court Filing Fee Denied Due to NSF

Filing Fee  $_____    Check # _____

Date Copy Sent to Prisoner _____

Processed by / Type or Print Name & Title: _____    Signature: _____

DISTRIBUTION: [ ] Prisoner Accounting  [ ] Prisoner  [ ] Counselor's File  [ ] Prisoner

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

Allen A. Love #139864

    Plaintiff,

VS.

Case. No. 1:23-cv-557

Hon. Robert J. Jonker

PFIZER Inc.
GlaxoSmithKline
Pharmaceutical Companies
    Defendants.
_____/

STATE OF MICHIGAN )
                ) SS.    PROOF OF SERVICE
COUNTY OF LAPEER )

I Allen A. Love being duly sworn deposes and says;

1. That On June 26, 2023 A Motion of Notice for Appearance was sent to the United States District Court, Western District Of Michigan, Southern Division Clerk of the Court, 107 Federal Building, 410 W. Michigan Avenue, Kalamazoo, Michigan 49007. And to Attorney Michael B. Barnett (P866035) for the Defendants GlaxoSmithKline and Pfizer Inc. at 2555 Grand Boulevard Kanas City, Missouri, (816) 474-6550

SWORN TO BEFORE ME
THIS _____ DAY OF 2023

NOTARY PUBLIC

Sincerely
[signature]

CC: GlaxoSmithKline
    Pfizer Inc.
    File

Mr. Allen A. Love #139864
3225 John Conley Drive
Thumb Correction Facility
Lapeer, Michigan 48446

July 19, 2023

CLERK OF THE COURT
Paul G. Roger
Federal Building And US Courthouse
701 Clematis Street Rm. 202
West Palm Beach, FL. 33401

RE: Case No. 9:20-md-02924-RLR #6752

Dear Clerk of the Court;

Enclosed is two copies, one for filing and one to be given to Judge Robin L. Rosenberg. This document is entitled "Sanction Against Judge Jonker, with Appendix's in support of said Motion, with Certification of Service. I'm new at this so bear with me if you will I learn quick. Thank you for your time in this matter.

Sincerely

*[signature]*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN A. LOVE,

        Plaintiff,

                                          CASE NO. 1:23-CV-557

v.

                                          HON. ROBERT J. JONKER

GLAXOSMITHKLINE PHARMACEUTICAL
COMPANY, et al.,

        Defendants.
_____/

## NOTICE OF INTENT TO ENTER A NO PROGRESS ORDER
## ON REMAND FROM THE MDL

This is a diversity action electronically transferred on June 22, 2023, to MDL No. 2924, *In Re: Zantac (Ranitidine) Products Liability Litigation.* Before the Conditional Transfer Order and transfer, on June 16, 2023, this Court entered an Order (ECF No. 10) directing plaintiff to clarify not later than July 7, 2023, whether pro se plaintiff Allen A. Love (currently an inmate in the Michigan Department of Corrections) is really proceeding on his own and asserting claims in his individual capacity; or whether someone identified as James Love in paragraph 4 of the Complaint is attempting to act on behalf of Allen Love in some kind of representative capacity. That would be improper unless the individual is admitted to the bar of this Court, which James Love does not appear to be.

The deadline set for response has come and gone, and there is no filing by or on behalf of plaintiff clarifying this issue.[1] The Court does not have ready access to the MDL docket and does

---

[1] Plaintiff did file a Motion for Entry of Default on June 20, 2023. (ECF No. 11). But the filing in no way addresses, let alone clarifies, the issue the Court raised. And on the merits, the Motion

not know whether plaintiff has attempted to file something there. And since the case is now pending in the MDL, rather than here, this Court has no ability to enter any dispositive Order in the case. If this Court still had responsibility for the case, the Court would enter an Order dismissing the matter without prejudice based on plaintiff's failure to file a timely response to the Court's inquiry.

Under the circumstances, the Court files this Notice of Intent to Enter a No Progress dismissal if the MDL decides to transfer the case back to this Court for that purpose. The Court directs the Clerk of Court to transfer a copy of this Notice to the MDL electronically.

Dated: July 11, 2023

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

---

for Entry of Default fails to account for this Court's Order extending defendants' response deadline to August 4, 2023. (ECF No. 10).

2

Mr. Allen A. Love 751864
3225 John Conley Drive
Thumb Correction Facility
Lapeer, Michigan 48446

Clerk of the Court
Honorable Judge
Robin L. Rosenberg
U.S. District Court
Southern District of Florida
Paul G. Rogers Federal Building
And U.S. Courthouse
701 Clematis Street
Room 202
West Palm Beach, FL 33401