UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924 20-MD-2924 <br><br> JUDGE ROBIN L. ROSENBERG <br> MAGISTRATE JUDGE BRUCE E. REINHART |
| _____ / | |

**THIS DOCUMENT RELATES TO: 20-MD-2924, 21-CV-81673**

### ORDER OVERRULING OBJECTION AT DOCKET ENTRY 6837

This matter is before the Court on Plaintiff Amanda Casalina's objection at docket entry 6837. In that objection, the Plaintiff contends that she should be on Exhibit 8 of the Court's list of Designated Cancer[1] cases eligible for entry of final judgment. *See* DE 6787-8. The Plaintiff further contends that the Court's final order of dismissal of Non-Designated Cancer claims, which previously was entered in her individual case, was error because (1) the Court lacked jurisdiction to enter the final order of dismissal and (2) she has not brought a Non-Designated Cancer claim.

The Court first addresses the Plaintiff's contention that she has not brought a Non-Designated Cancer claim. The Plaintiff's Short Form Complaint alleges a Non-Designated Cancer—colorectral/intestinal cancer. The Plaintiff filed her Non-Designated Cancer claim on September 10, 2021, and she never amended her pleading.[2] Although the Plaintiff represents in her objection that she intended to bring a claim for stomach cancer, a Designated Cancer claim, she did not do so. Because the Plaintiff alleged a Non-Designated Cancer claim, the Court's final order of dismissal for Non-Designated Cancer claims was correctly applied to the Plaintiff's

---

1 Designated Cancers are bladder, esophageal, pancreatic, stomach, and liver cancer.
2 Pursuant to Pretrial Orders 31 and 78, the Plaintiff was free to unilaterally amend her Short Form Complaint, without leave of Court, until thirty days after the Court's *Daubert* ruling. The Court entered its *Daubert* ruling on December 6, 2022.

individual case and the Plaintiff's case should not appear on the Court's list of Designated Cancer cases eligible for final judgment.[3]

The Court next addresses the Plaintiff's contention that the Court lacked jurisdiction to enter the final order of dismissal on her Non-Designated Cancer claim. The Plaintiff argues that the Court lacks jurisdiction because she previously filed a notice of appeal of the Court's *Daubert* order on Designated Cancers, but this act did not divest this Court of jurisdiction for two reasons. First, the Plaintiff's notice of appeal of an order on a Designated Cancer would simply have no bearing on the Plaintiff's Non-Designated Cancer claim. Second, as the Court has explained in prior orders,[4] the Court's MDL rulings must be applied to each individual case—the identity of individual cases must be recognized. At the time of the Plaintiff's notice of appeal, the Court had entered no ruling on the Plaintiff's individual case—her case remained active and pending without a final order to appeal. Thus, the Plaintiff's appeal was an unauthorized interlocutory appeal of an order that had yet to be applied to her individual case, and without a final order to appeal her notice of appeal did not divest this Court of jurisdiction. *E.g., United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979), *superseded by statute on different grounds*.

In the final paragraph of the Plaintiff's objection, the Plaintiff requests that the Court vacate its prior order of dismissal and permit the Plaintiff to amend her Short Form Complaint to allege a Designated Cancer. An objection to a tentative order on final judgment is not the procedural vehicle for the Plaintiff to request affirmative relief from this Court. If the Plaintiff seeks

---

3 The Plaintiff also had the opportunity to object, once she saw the list of Non-Designated Cancer cases eligible for the final order of dismissal (the list previously was filed and made available on the MDL docket), but the Plaintiff filed no objection.

4 For example, the Court explained that its rulings must be applied to individual cases in this MDL, consistent with Plaintiffs' leadership's own arguments, at docket entries 6317, 6622, and 6787.

affirmative relief in the form of vacatur of the final order of dismissal and permission to amend her Short Form Complaint to bring a new claim, the Plaintiff must file a motion that complies with the Local Rules of this District (which require conferral) and the Pretrial Orders of this Court (which require a motion for leave to file a motion). Local Rule 7.1(a)(3); Pretrial Order 24.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 4th day of August, 2023.

                                                  ROBIN L. ROSENBERG

Copies furnished to Counsel of Record        UNITED STATES DISTRICT JUDGE