**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

*IN RE: ZANTAC (RANITIDINE)*          MDL NO. 2924
*PRODUCTS LIABILITY*               20-MD-2924
*LITIGATION*

                    **JUDGE ROBIN L. ROSENBERG**
        **MAGISTRATE JUDGE BRUCE E. REINHART**

_____/

**THIS DOCUMENT RELATES TO: ANTHONY GALLAGHER**

**PLAINTIFF ANTHONY GALLAGHER'S MEMORANDUM OF LAW**
**IN SUPPORT OF NOTICE OF MOTION TO STAY**

**Dated AUGUST 4, 2023**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES……………………………………………………………………..ii

PRELIMINARY STATEMENT……………………………………………………………………1

BACKGROUND………………………………………………………………………………….1

ARGUMENT……………………………………………………………………...............3

     I.      BRIEF STAY PENDING JPML'S RENAND AND TRANSFER ORDR WILL NOT PREJUDICE DEFENDANTS……………………………………….…….…....5

     II.     PLAINTIFF     WILL     BE     PREJUDICED     IF     STAY     IS     NOT GRANTED…………………………………………………...………5

     III.    BRIEF         STAY         WILL         SAVE         JUICIAL RESOURCES…………………………………………...……….6

CONCLUSION…………………………………………………………………………7

## **TABLE OF AUTHORITIES**

## **CASES**

*200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp*., No. 10-61984-Civ, 2011 WL 2470344)……4,6

*Ali v. 7-Eleven, Inc*, No. 22-20328-CIV, 2022 WL 713665 (S.D. Fla. Mar. 10, 2022) )…………5

*Bonenfant v. R.J. Reynolds Tobacco Co*., No. 07-60301-CIV, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007) )……………………………………………………………………………5.6

*Cirulli v. Bausch & Lomb*, No. 08-4579, 2009 WL 545572 (E.D. PA Mar. 4, 2009)……………6

*Gray v. Target Corp*., No. 13-62769-Civ, 2014 WL 12600138 (S.D. Fla. Jan. 27, 2014) ……..4,6

*Giles v. POM Wonderful LLC*, 2010 WL 4630325 (S.D. Fla. Nov. 8, 2010)……………………..6

*Jozwiak v. Stryker Corp.*, 2010 WL 147143 (M.D. Fla. Jan. 11, 2010). )…………………………5

*In re Zantac (Ranitidine) Prods. Liab. Litig*., 510 F. Supp. 3d 1234 (S.D. Fla. 2020) …………5,6

*Kline v. Earl Stewart Holdings, LLC*, No. 10-80912-Civ, 2010 WL 3432824, at *2 (S.D. Fla. Aug. 30, 2010) )…………………………………………………………………………...…4,5,6

*Landis v. Am. Water Works & Elec. Co.*, 299 U.S. 249, 254 (1936) )…….……….……………4

*Pulley v. JPMorgan Chase Bank, N.A.,* No. 12-60936-CIV, 2012 WL 2838677 (S.D. Fla. July 10, 2012) )……………………………………………………………………...………6

*Republic of Venez v. Philip Morris Co., Inc*., 1999 WL 33911677 (S.D.Fla.1999) )……..………4

*St. Onge v. Wes Indus. Inc.*, 2022 WL 4125068 (M.D. Fla. Aug. 4, 2022)………………..………3

## **SECONDARY RESOURCES**

*Manual for Complex Litigation* § 22.35 (4th ed.2004) )……………………………………4,6

## PRELIMINARY STATEMENT

Plaintiff Anthony Gallagher ("Plaintiff"), by and trough his undersigned counsel, respectfully submits this Memorandum of Law in support of his Motion for an Order Staying this matter pending a ruling by the Judicia Panel on Multidistrict Litigation ("JPML") concerning the remand and transfer of this matter out of the MDL and back to the Southern District of New York ("Transferor Court") and in support thereof states as follows.

## BACKGROUND

On August 11, 2022, Plaintiff filed a five count Complaint in Supreme Court, New York County seeking redress from Defendants, BOEHRINGER INGELHEIM PHARMACEUTICALS, INC ("BIP") SANOFI -AVENTIS US LLC[1] (SANOFI LLC) , SANOFI US SERVICES INC (SANOFI US), PFIZER, INC (PFIZER), GLAXOSMITHKLINE, LLC (GSK), CHATTEM, INC. (CHATTEM), (collectively referred herein as "Manufacturer Defendants") BJ'S WHOLESALE CLUB, INC, BJ'S WHOLESALE CLUB, INC. d/b/a CLUB 204 (collectively referred herein as "BJ"), CVS HEALTH CORPORATION , CVS STORE #2906 (collectively referred herein as "CVS") for Strict Products Liability (Count I), Failure to Warn (Count II), Negligence (Count III), Breach of Express Warranties (Count IV) and Breach of Implied Warranties (Count V) for personal injuries and economic damages relating to exposure to NDMA from his purchase and ingestion of Zantac and subsequent development of kidney cancer. As detailed in Plaintiff's Complaint, Plaintiff regularly purchased, used and was injured by prescription and over-the-counter brand name Zantac while a citizen and resident of the City of Brooklyn, New York, and, as a result, developed kidney cancer. *See* Ex. 1 ¶4. 9-13. As per the Complaint, Plaintiff was a citizen of

---

[1] I/S/H/I/A Sanofi-Us, LLC in the State Court Complaint.

New York and purchased Zantac from the CVS and BJ stores located in Brooklyn, New York. All events given rise to the Complaint occurred in Brooklyn, New York. All witnesses with knowledge of the occurrence reside in New York.  All discovery relating to the events giving rise to the occurrence in the complaint, including medical records, receipts, agreements, ect… is maintained in New York. *Id.*

Defendants removed this action to the United States District Court for the Southern District of New York on December 1, 2022, citing diversity jurisdiction.  (*See* Exhibit 2, Notice of Removal). This Panel issued CTO—109 on December 13, 2022 (*see* Exhibit 3, CTO—109).  On December 19, 2022, Plaintiff filed his Notice of Opposition to CTO—109 (Exhibit 4).  Plaintiff opposed being transferred to the MDL because Plaintiff's Non-Designated kidney cancer was the only such time of cancer being litigated in MDL, Plaintiff's had asserted different causes of action then the claims pending in the MDL and sued different parties. On April 13, 2023, this Panel transferred this case and *Heald et al. v. H-E-B, L.P., et al*., 23-CV-23054 (hereinafter "Heald Case") to the MDL proceedings in the Southern District of Florida and assigned those cases to the Honorable Robin L. Rosenberg.  *See* Exhibit "5".

At the time Plaintiff's case was transferred to the MDL in Southern District of Florida, it joined litigation which had been proceeding since 2020 with significant pre-trial proceedings including discovery and depositions already concluded.  Plaintiffs' case was joined ***after*** the motions for summary judgment seeking to dismiss the designated cancer cases in the MDL were filed by Defendants.  Plaintiff's case was also joined after the *Daubert* motions on the designated cancers were filed and decided.  Plaintiff did not have the benefit of the centralized discovery and deposition process and joined litigation that appeared to have concluded or on its way to winding down.

On May 15, 2023, Judge Rosenberg entered summary judgment on all personal injury Designated Cancer cases in favor of every Defendant, provided that the cases were filed prior to May 5, 2023. *See* Docket Entry 6622.   On July 5, 2023, Judge Rosenberg granted Plaintiff's Motion to Remand and remanded the *Heald* case back to the 136th Civil District Court in Jefferson County, Texas. *See* Exhibit "6").   On July 14, 2023, Judge Rosenberg entered a final order of dismissal of all remaining Non-Designated Cancer cases for failure to prosecute or comply with Court Orders. *See* Exhibit "7".   On July 21, 2023, Judge Rosenberg entered Final Judgment on Certain Designated Cases relating to the Motion which Granted summary judgment. *See* Exhibit "8".

Plaintiff's case is the lone Non-Designated Cancer case, indeed, the only non-Designated cancer case remaining in the MDL.   There is no dispute that Plaintiff's case is in its infancy, has not been procedurally advanced and There is no other case in MDL for Plaintiff to coordinate any discovery, motion activity, ect..   The only remaining issues are specific to Plaintiff's case.

On August 2, 2023, undersigned Moved pursuant to Rule 10.1(b) and Rule 10.3 (a) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation Plaintiff's action *Gallagher v. Boehringer Ingelheim Pharmaceuticals, Inc. et a.,* Case No.: 22-cv-10216(LJL), back to the southern District of New York.   *See* Docket#1311 in JPML.   *See* Notice of Filing Docket# 6819.

## ARGUMENT

The Court should exercise its discretion to stay this action, including any pending deadlines, while the JPML determines the likely remand of this action back to the Southern District of New York.   The authority of a federal court to stay proceedings is well-established.   It is well-settled that the "Court has the authority to stay proceedings pending before it and that this authority

3

"is incidental to the power inherent in every court to control the disposition of the causes on its docket, with economy of time and effort for itself, for counsel, and for litigants." *See St. Onge v. Wes Indus. Inc.*, 2022 WL 4125068 (M.D. Fla. Aug. 4, 2022) *quoting Landis v. Am. Water Works & Elec. Co.*, 299 U.S. 249, 254 (1936). "So long as a stay does not prove 'immoderate'—that is to say, too long, too indefinite, or without proper justification—the decision to stay is bounded only by the district court's discretion." *See Gray v. Target Corp.*, No. 13-62769-Civ, 2014 WL 12600138, at *1 (S.D. Fla. Jan. 27, 2014) (Scola, J.); *see also Landis*, 299 U.S. at 254 (holding that whether and how a stay should issue "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance"). "Federal courts may exercise their discretion to stay proceedings when a stay would promote judicial economy and efficiency." *200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61984-Civ, 2011 WL 2470344, at *14 (S.D. Fla. June 21, 2011) (Rosenbaum, J). It is common practice for courts to stay an action pending a transfer decision by the JPML. *See, e.g., Republic of Venez v. Philip Morris Co., Inc.*, 1999 WL 33911677 (S.D.Fla.1999). Courts commonly stay such actions because "[a] stay pending the [JPML]'s decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely." *Manual for Complex Litigation* § 22.35 (4th ed.2004) *see also Kline v. Earl Stewart Holdings, LLC*, No. 10-80912-Civ, 2010 WL 3432824, at *2 (S.D. Fla. Aug. 30, 2010) (Cohn, J.) "A stay pending an MDL transfer motion … can increase efficiency and consistency" *Pulley v. JPMorgan Chase Bank, N.A.,* No. 12-60936-CIV, 2012 WL 2838677 (S.D. Fla. July 10, 2012).

   When determining whether to stay a case pending a motion in the JPML to transfer courts consider three factors: (1) potential prejudice to the non-moving party; (2) potential prejudice to

4

the moving party if the stay is not granted; and (3) conservation of judicial resources. *See Jozwiak v. Stryker Corp.*, 2010 WL 147143, at *2 (M.D. Fla. Jan. 11, 2010).

### I. *A Brief Stay Pending The JPML's Remand Will Not Prejudice Defendants*

Defendants would not be prejudiced by a brief stay of proceedings pending the JMPL's decision to transfer/remand action back to the Southern District of New York. Courts routinely issue stays pending resolution of motions relating to transfer/remand before the JPML, particularly when the stay is brief and the case has not been procedurally advanced. *See Gray*, 2014 WL 12600138, at *2*; Bonenfant v. R.J. Reynolds Tobacco Co*., No. 07-60301-CIV, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007). Plaintiff's case is in its infancy and is not procedurally advanced. Indeed, there are no pending deadlines that Defendants have to meet. *See Kline, 2010 WL 3432824*, at *1 (granting a stay where the action was "not procedurally advanced"). Moreover, this stay is likely to be brief as the JPML will likely decide the remand/transfer motion promptly. *See generally Gray*, 2014 WL 12600138, at *2 (noting that "the JPML is typically prompt is determining whether a transfer is appropriate") (citing David F. Herr, Multidistrict Litigation Manual § 4:27 (2012 ed.).

### II. *Plaintiff will be prejudice if brief stay is not granted*

By contrast, a brief stay would mitigate potential hardship or inequity to Plaintiff as well as eliminate any possibility of inconsistent rulings and duplicative litigation. Plaintiff may be forced to litigate the same issues in multiple forums, including potentially duplicative discovery and duplicative motion practice, risking inconsistent rulings.

The JPLM's reasoning for transferring our case to the Southern District of Florida was to provide efficiency to hear all the claims against Defendants. However, this reasoning is no longer applicable, as the MDL appears to be winding down and Plaintiff's case is now the only remaining

active non-designated cancer case in the MDL "A denial of a stay would inexplicably subject [the plaintiff] to different discovery schedules and court orders" inside and outside the MDL "when the bases of each litigation are not remarkably distinguishable" *Cirulli v. Bausch & Lomb*, No. 08-4579, 2009 WL 545572, at *3 (E.D. PA Mar. 4, 2009). This would frustrate the MDL's goals to "eliminate duplicative discovery [and] prevent inconsistent pretrial rulings." *In re Zantac*, 437 F. Supp. 3d at 1369.

A brief stay is warranted to prevent substantial prejudice and expense to Plaintiff.

**III.  *A Brief Stay Out Promote Judicial Economy***

"Federal courts may exercise their discretion to stay proceedings when a stay would promote judicial economy and efficiency." *See 200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61984-Civ, 2011 WL 2470344, at *14 (S.D. Fla. June 21, 2011) (Rosenbaum, J) Staying this case pending the JPMLS decision to remand and transfer matter out of the MDL will eliminate any possibility of inconsistent rulings and duplicative litigation, thereby lessening any prejudice to the parties  *Ali v. 7-Eleven, Inc*, No. 22-20328-CIV, 2022 WL 713665 (S.D. Fla. Mar. 10, 2022). As courts in this district have held, "it is a waste of judicial resources to proceed with the instant action when the JPML is considering ... remand..." *See Gray v. Target Corp.*, No. 13-62769-Civ, 2014 WL 12600138, at *2 (S.D. Fla. Jan. 27, 2014); *Ali*, 2022 WL 713665, at *2–3 (collecting cases).

Significant, persuasive authority stands for the proposition that a stay is appropriate in this situation even if a request for remand is pending. *See Giles v. POM Wonderful LLC*, 2010 WL 4630325, at *2 (S.D. Fla. Nov. 8, 2010) (citing Manual for Complex Litigation § 22.35 (4th ed.2004). Accordingly, all factors weigh strongly in favor of staying this action pending the JPML's decision on remand this case to its original court in the Southern District of New York.

## CONCLUSION

For all the foregoing reasons, it is respectfully submitted that this Honorable Court enter an Order, staying the present action until the JPMP decides the Motion to remand case back to the Southern District of New York and grant such other and further relief as this Honorable Court deems just and proper.

Dated:   New York, New York
         August 4, 2023

*Yours, etc.,*

**LINTON ROBINSON & HIGGINS, LLP.**

_____

ANNA A. HIGGINS, ESQ.
*Attorneys for Plaintiff Anthony Gallagher*
39 Broadway, Suite 1701
New York, New York 10006
Tel: (212) 601-2771
Facsimile: (646) 933-4254
ahiggins@litigationattys.com
Our File No. PLN-109

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 4, 2023, a true and correct copy of the foregoing was served on the counsel of record for Defendants through the Court's CM/ECF system, and that a true and correct copy was served to Defendants that have not issued a notice of appearance by United States Mail.

_____

ANNA A. HIGGINS