# Exhibit 5

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION



IN RE: ZANTAC (RANITIDINE)
PRODUCTS LIABILITY LITIGATION          MDL No. 2924

### TRANSFER ORDER

**Before the Panel**: Plaintiffs in the *Gallagher* and *Heald* actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred plaintiffs' actions to the Southern District of Florida for inclusion in MDL No. 2924. Defendants Boehringer Ingelheim Pharmaceuticals, Inc.; Chattem, Inc.; GlaxoSmithKline, LLC; Sanofi-Aventis U.S. LLC; and Sanofi US Services Inc. oppose both motions. Defendants BJ's Wholesale Club Holdings, Inc.; BJ's Wholesale Club, Inc.; CVS Health Corporation; and CVS Albany LLC oppose the motion in *Gallagher*. Defendants Boehringer Ingelheim Corporation; Boehringer Ingelheim USA Corporation; GlaxoSmithKline Holdings (Americas) Inc.; Patheon Manufacturing Services LLC; and Pfizer Inc. oppose the motion in *Heald*.

In support of their motions to vacate, plaintiffs in both actions argue that federal subject matter jurisdiction over their respective actions is lacking and that the transferor courts should decide their pending remand motions before any transfer. With respect to *Gallagher*, we note that the transferor court denied plaintiff's remand motion on January 25, 2023. In any event, the Panel has held that jurisdictional objections such as those asserted by plaintiffs here generally do not present an impediment to transfer.[1] *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge."). "This is so even where, as here, plaintiffs assert that the removals were patently improper." *In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018).

Plaintiff in *Gallagher* additionally argues that his action does not share common questions of fact with the actions in the MDL. But like most plaintiffs in the MDL, plaintiff in *Gallagher* alleges that his cancer was caused by ingestion of ranitidine. *See In re Zantac (Ranitidine) Prods. Liab. Litig.*, 437 F. Supp. 3d 1368, 1369 (J.P.M.L. 2020) ("[T]he centralized proceedings should include . . . personal injury actions, in which plaintiffs allege that they developed cancer as a result

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

- 2 -

of NDMA formed from Zantac.").[2]  Furthermore, that plaintiff's kidney cancer is not one of the five cancers designated as bellwether cancers in the MDL does not weigh against centralization. Many other actions in the MDL involve such "non-designated cancers." Indeed, the transferee court recently issued an order establishing procedures to advance the litigation of non-designated cancer claims, including deadlines for expert reports. *See* Pretrial Order No. 81, *In re Zantac (Ranitidine) Prods. Liab. Litig.*, C.A. No. 9:20-md-02924 (S.D. Fla. Feb. 14, 2023), ECF No. 6271.

That plaintiff names some unique retailer defendants in his complaint is of no moment. "Section 1407 does not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of additional facts is not significant where the actions arise from a common factual core." *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 410 F. Supp. 3d 1350, 1353–54 (J.P.M.L. 2019). Likewise, plaintiff's arguments that transfer will cause him inconvenience are not persuasive. Transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("While we are aware that centralization may pose some inconvenience to some parties, in deciding issues of transfer under Section 1407, we look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Therefore, after considering the parties' arguments, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2924, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. In our order centralizing this litigation, we held that the Southern District of Florida was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that ranitidine, the active molecule in Zantac and similar heartburn medications, can form the carcinogen N-Nitrosodimethylamine (NDMA), either during storage or when metabolized in the human body. *See In re Zantac*, 437 F. Supp. 3d at 1369. Like the actions in the MDL, plaintiffs in *Gallagher* and *Heald* allege that they or their decedents developed cancer caused by ingestion of Zantac or other ranitidine-containing medication.

---

[2] Plaintiff strangely characterizes the causation question in this MDL as a legal question of the sort that, standing alone, does not justify centralization. *See, e.g.*, *In re Hotel Industry Sex Trafficking Litig.*, 433 F. Supp. 3d 1353, 1356 (J.P.M.L. 2020) (denying centralization where actions primarily involved only common legal questions). To the contrary, whether Zantac (and its active ingredient, ranitidine) causes cancer is one of the critical *factual* questions common to every action in the MDL.

- 3 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Robin L. Rosenberg for coordinated or consolidated pretrial proceedings.

                                      PANEL ON MULTIDISTRICT LITIGATION

                                      */s/ Karen K. Caldwell*
                                      Karen K. Caldwell
                                              Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

IN RE: ZANTAC (RANITIDINE)
PRODUCTS LIABILITY LITIGATION                              MDL No. 2924

## SCHEDULE A

<u>Southern District of New York</u>

GALLAGHER v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL.,
   C.A. No. 1:22−10216

<u>Eastern District of Texas</u>

HEALD, ET AL. v. H−E−B, LP, ET AL., C.A. No. 1:23−00018