UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924 20-MD-2924 |
| | JUDGE ROBIN L. ROSENBERG MAGISTRATE JUDGE BRUCE E. REINHART |
| _____/ | |

THIS DOCUMENT RELATES TO: ALL CASES

### MDL PLAINTIFFS' LEADERSHIP'S OBJECTION TO TENTATIVE RULING

"The past was alterable. The past never had been altered. Oceania was at war with Eastasia. Oceania had always been at war with Eastasia." George Orwell, *1984* 181 (1949). *Cf. United Steel Workers of Am., AFL-CIO-CLC v. Weber*, 443 U.S. 193, 219-20 (1979) (Rehnquist, J., dissenting).

In Orwell's dystopian superpower of Oceania, citizens have been conditioned to reject objective accounts of the past. In one scene, the assembled masses are growing increasingly angry at the nation of Eurasia as a government apparatchik denounces Oceania's longtime enemy. Yet some twenty minutes into the diatribe, the official reads a note hurriedly handed to him by a party messenger. Without missing a beat, the speaker changes the name of the enemy: Oceania is at war with *East*asia. And the crowd of citizens understands and believes that Oceania had always been at war with Eastasia. Any notion of prior hostilities with *Eur*asia are instantly lost to the memory hole.

This Court's tentative ruling that its November 15, 2021 Rule 54(b) Order had "no impact" on cases filed after that date, Dkt. 6787, "represents an equally dramatic and equally unremarked switch in this Court's" account of the past. *Weber*, 443 U.S. at 220. Plaintiff Appellants

1

("Appellants") listed on Exhibit 1 object to this Court's attempt to alter the past while acting as if it had never been altered.

Two years ago, the Generic Defendants asked this Court to certify the motion-to-dismiss decisions as final judgments pursuant to Rule 54(b). D.E. 3933. Over Plaintiffs' opposition, D.E. 4092, this Court granted that relief. D.E. 4595; 4664. Exactly as the Generic manufacturers requested in 2021, the Order's plain and unambiguous terms applied to all mixed-generic cases filed after November 15, 2021:

> For Mixed-Generic cases filed after the date of this Order but which incorporate claims from the MPIC (against Generic Manufacturer or Repackager Defendants) or AMPIC (against Generic Manufacturer Defendants), judgment *shall be effective as of the date that an individual Plaintiff files such a Short Form Complaint*.

D.E. 4664 (emphasis added).

This sentence is subject to one—and only one—interpretation: the Order most certainly had an "impact" on "Mixed-Generic cases filed after the date of [the] Order." Appellants identified on Exhibit 1—as well as others not named in this objection—are precisely the sort of Plaintiffs swept up by this plain language. Appellants (and others not named in this objection) filed their mixed-generic cases after November 15, 2021, and received final 54(b) judgments "as of the date" that their individual short-form complaints were filed. They have accordingly filed notices of appeal.

This Court nonetheless claims authority to reach back in time, denying Appellants the final judgments that they received by clear operation of the November 15, 2021, Order. The Court tentatively declares that the November 15, 2021 Order had "no impact" on Appellants' cases, so it is appropriate to grant final judgment—ostensibly for the first time—against Appellants at this juncture. For two reasons, the Court lacks the power to enter that relief.

First, Appellants (and others not named in this objection) properly filed notices of appeal over their Rule 54(b) claims. *See, e.g.*, D.E. 6367 (appealing D.E. 4664). This Court therefore lacks jurisdiction to enter judgment anew. Even the tentative order seems to acknowledge this point, agreeing that "the Court lacks jurisdiction to modify or alter its Rule 54(b) judgment in those cases on appeal." D.E. 6787 at 2. Yet through Exhibit 7, the Court purports to enter Rule 58 judgments—with a new, never-before-litigated-by-Appellants ground for dismissal—for hundreds of mixed-use plaintiffs who have already perfected their appeals. Appellants can only conclude that the Court somehow believes those cases are not really on appeal because the Court is now announcing that its November 15, 2021, Order had "no impact" on cases filed after that date. That position conflicts with the law.

This Court has no jurisdiction to reinterpret its Order as to Appellants. *E.g.*, *Shewchun v. United States*, 797 F.2d 941, 943 (11th Cir. 1986); *United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir. 1980) ("Historically, the filing of a notice of appeal has generally given the appellate court sole jurisdiction and divested the trial court of jurisdiction to proceed with the case."); *Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166, 1170 (5th Cir. 1978) ("[I]t is the filing of the appeal, not the entering of a final judgment, that divests the district court of jurisdiction."); *Siglar v. United States*, 208 F.2d 865, 868 (5th Cir. 1954) (After a "notice of appeal … the trial court's jurisdiction with respect of the judgment from which such appeal has been prosecuted is suspended."). Only the Eleventh Circuit can determine if the appeals were properly lodged pursuant to the plain terms of the Rule 54(b) judgments.

Second, the Court's attempt to reimagine the November 15, 2021 Order it actually entered is improper. This Court's November 15, 2021 Order is unambiguous, and the unambiguous terms of judicial orders must be given their plain effect. *United States v. Spallone*, 399 F.3d 415, 424

(2d Cir. 2005).  Court orders "are construed like other written instruments," and absent ambiguity, they must be construed based solely on "the 'four corners' of the document."  *Id.*  (citation omitted).  The Order is clear as crystal: it created final judgments for Appellants the moment they filed their short form complaints.  Nothing that happened after the November 15, 2021 Order was entered *and plaintiffs appealed* can change what that Order means.  *Cf.* D.E. 6787 (relegating the text of the Order to a footnote and relying on arguments different parties made in response to different motions to explain why the Order never meant what it says).

None of the Court's reasons for rewriting the November 15, 2021 Order withstand scrutiny. To start, it is unsurprising and legally irrelevant that "no party has ever requested that the Court enter additional 54(b) judgments."  D.E. 6787 at 6.  Such requests never came because the November 15, 2021 Order unambiguously already created 54(b) judgments.  Parties are not required to file needless motions that essentially ask: "did you really mean it?"  That the Court has now come to the belated realization that the procedure it chose to implement—over Plaintiffs' (now Appellants') objection—is not "legally permissible," D.E. 6787, n.14, is a confession of error, not a ground for retroactively pretending as if the error was not put into effect.  If Appellants succeed in overturning this Court's preemption orders, which are already on appeal as a result of the Rule 54(b) certification, that will mean that the Court misconstrued the Supremacy Clause.  It will emphatically not mean that the Court can rewrite its motion-to-dismiss decisions as if they correctly construed Article VI, Cl. 2 all along.

Nothing the parties have said in "recent briefing" about what the Court should do in the future can alter what the Court has already done in the past. D.E. 6787 at 6.  Plaintiffs stand by the black-letter proposition that it offends their individual, procedural due process rights to be automatically subject to orders entered against different parties in different cases.  Each individual

plaintiff must be given notice and an opportunity to be heard before her rights are adjudicated. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *cf. Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 61 (3d Cir. 2023) ("[A] district court's decision whether to grant a motion ... in an individual case depends on the record in that case and not others." (quoting *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020)). It is true enough, as the Court now acknowledges, that the November 15, 2021 Order violated these fundamental principles. By automatically entering judgment "as of the date" a mixed-use short-form complaint was filed, a litigant had final judgment entered against him without any opportunity to oppose that adjudication.

It is commendable that the Court is now making some effort to respect individual plaintiffs' due process rights. But the Court's failure to respect those rights in the past has already occurred. And contrary to Oceania's motto, the past is not alterable. The Court cannot erase what it clearly wrote then by claiming that the parties now agree that it should not have written it. Orwellian Newspeak is not a recognized canon of construction.

## CONCLUSION

The tentative order should be modified to remove any suggestion that the November 15, 2021 Order had "no impact" on Appellants' cases, all of which were filed after November 15, 2021. Exhibit 1 is likely not exhaustive, and any other plaintiff who has already filed a notice of appeal should receive the same relief.

Dated: August 4, 2023                              Respectfully submitted,

*/s/ Tracy A. Finken*                              By: */s/ Robert C. Gilbert*

5

Tracy A. Finken
Email: tfinken@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-1130

Robert C. Gilbert, FBN 561861
Email: gilbert@kolawyers.com
KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (305) 384-7270

/s/ Michael L. McGlamry
Michael L. McGlamry
Email: efile@pmkm.com
POPE McGLAMRY, P.C.
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel: (404) 523-7706

/s/ Adam Pulaski
Adam Pulaski
Email: adam@pulaskilawfirm.com
PULASKI KHERKHER, PLLC
2925 Richmond Avenue, Suite 1725
Houston, TX 77098
Tel: (713) 664-4555

*Plaintiffs' Co-Lead Counsel*

Rosemarie R. Bogdan
Email: Rosemarie.bogdan@1800law1010.com
MARTIN, HARDING & MAZZOTTI
1 Wall Street
Albany, NY 12205
Tel: (518) 862-1200

Mark J. Dearman, FBN 0982407
Email: mdearman@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel: (561) 750-3000

Elizabeth A. Fegan
Email: beth@feganscott.com
FEGAN SCOTT, LLC
1456 Sycamore Rd.
Yorkville, IL 60560
Tel: (312) 741-1019

Marlene J. Goldenberg
Email: mjgoldenberg@goldenberglaw.com
GOLDENBERG LAW, PLLC
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Tel: (855) 333-4662

Ashley Keller
Email: ack@kellerpostman.com
KELLER | POSTMAN
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Tel: (312) 741-5222

Frederick S. Longer
Email: flonger@lfsblaw.com
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500

Roopal P. Luhana

Francisco R. Maderal, FBN 0041481

6

Email: luhana@chaffinluhana.com
CHAFFIN LUHANA LLP
600 Third Avenue, 12th Floor
New York, NY 10016
Tel: (888) 480-1123

Ricardo M. Martinez-Cid, FBN 383988
Email: RMartinez-Cid@Podhurst.com
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Avenue, Suite 3200
Miami, FL 33130
Tel: (305) 358-2800

Melanie H. Muhlstock
Email: mmuhlstock@yourlawyer.com
PARKER WAICHMAN LLP
6 Harbor Park Drive
Port Washington, NY 11050
Tel: (516) 723-4629

Carmen S. Scott
Email: cscott@motleyrice.com
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9160

Sarah N. Westcot, FBN 1018272
Email: swestcot@bursor.com
BURSOR & FISHER, P.A.
701 Brickell Ave., Suite 1420
Miami, FL 33131-2800
Tel: (305) 330-5512

Frank Woodson
Email: Frank.Woodson@BeasleyAllen.com

Email: frank@maderalbyrne.com
MADERAL BYRNE PLLC
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Tel: (305) 520-5690

Lauren S. Miller
Email: laurenm@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1914 4th Avenue North
Suite 320
Birmingham, AL 35203
Tel: (205) 533-4175

Daniel A. Nigh, FBN 30905
Email: dnigh@levinlaw.com
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (888) 435-7001

Mikal C. Watts
Email: mcwatts@wattsguerra.com
WATTS GUERRA LLP
4 Dominion Drive
Building 3, Suite 100
San Antonio, TX 78257
Tel: (800) 294-0055

Conlee S. Whiteley
Email: c.whiteley@kanner-law.com
KANNER & WHITELEY, L.L.C.
701 Camp Street
New Orleans, LA 70130
Tel: (504) 524-5777

Steven B. Rotman
Email: srotman@housfeld.com

BEASLEY ALLEN LAW FIRM
234 Commerce St
Montgomery, AL 36103
Tel: (334) 269-2343

Paige Boldt
Email: pboldt@wattsguerra.com
WATTS GUERRA LLP
1815 Windsong Circle
Keller, TX 76248
Tel: (210) 447-1534

Adam W. Krause
Email: adam@krauseandkinsman.com
KRAUSE AND KINSMAN, LLC
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel: (816) 760-2700

Bradford B. Lear
Email: Lear@learwerts.com
LEAR WERTS LLP
103 Ripley Street
Columbia, MO 65203
Tel: (573) 875-1992

HAUSFELD, LLP
One Marina Park Drive, Suite 1410
Boston, MA 02210
Tel: (617) 207-0602

Je Yon Jung
Email: JJung@maylightfootlaw.com
MAY JUNG, LLP
1100 W. Town & Country Road
Suite 1250
Tel: (818) 869-6476

Nicola Larmond-Harvey, FBN 0105312
Email: nicola@saunderslawyers.com
SAUNDERS & WALKER, P.A.
3491 Gandy Boulevard North, Suite 200
Pinellas Park, FL 33781
Tel: (727) 579-4500

*Plaintiffs' Steering Committee*

Brooke Achua
Email: brooke@feganscott.com
FEGAN SCOTT, LLC
1456 Sycamore Rd., 46th Floor
Yorkville, IL 60560
Tel: (646) 502-7910

Lea P. Bucciero
Email: lbucciero@podhurst.com
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Avenue, Suite 3200
Miami, FL 33130
Tel: (305) 358-2800

Marlo E. Fisher
Email: marlo@pulaskilawfirm.com

Harrison M. Biggs
Email: hbiggs@yourlawayer.com
PARKER WAICHMAN LLP
6 Harbor Park Drive
Port Washington, NY 11050
Tel: (516) 723-4633

Alexander C. Cohen
Email: acohen@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD
120 East Palmetto Park Road
Suite 500
Boca Raton, FL  33432
Tel: (561) 750-3000

Kendra Goldhirsch
Email: goldhirsch@chaffinluhana.com

8

| | |
|---|---|
| PULASKI KHERKHER, PLLC<br>2925 Richmond Avenue, Suite 1725<br>Houston, TX 77098<br>Tel: (713) 664-4555 | CHAFFIN LUHANA LLP<br>600 Third Avenue, 12th Floor<br>New York, NY 10016<br>Tel: (888) 480-1123 |
| Noah Heinz<br>Email: noah.heinz@kellerpostman.com<br>KELLER \| POSTMAN<br>1100 Vermont Avenue NW, Floor 12<br>Washington, DC 20005<br>Tel: (202) 918-1841 | Catelyn McDonough<br>Email: cmcdonough@anapolweiss.com<br>ANAPOL WEISS<br>One Logan Square<br>130 North 18th Street, Suite 1600<br>Philadelphia, PA 19103<br>Tel: (215) 735-1130 |
| Caroline G. McGlamry<br>Email: carolinemcglamry@pmkm.com<br>POPE McGLAMRY, P.C.<br>3391 Peachtree Road NE, Suite 300<br>Atlanta, GA 30326<br>Tel: (404) 523-7706 | Madeline Pendley<br>Email: mpendley@levinlaw.com<br>LEVIN PAPANTONIO THOMAS<br>MITCHELL RAFFERTY & PROCTOR, P.A.<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Tel: (850) 435-7003 |
| Laura K. Stemkowski<br>Email: lstemkowski@motleyrice.com<br>MOTLEY RICE LLC<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464<br>Tel: (843) 216-9165 | Daniel E. Tropin<br>Email: tropin@kolawyers.com<br>KOPELOWITZ OSTROW FERGUSON<br>WEISELBERG GILBERT<br>2800 Ponce de Leon Boulevard, Suite 1100<br>Coral Gables, FL 33134<br>Tel: (954) 990-2216 |

*Plaintiffs' Leadership Development Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

*/s/ Robert C. Gilbert*
Robert C. Gilbert
