# Exhibit 2

GlaxoSmithKline LLC's Petition for Rehearing in *Elabbassy*

# IN THE SUPREME COURT OF THE STATE OF NEVADA

**Supreme Court Case No. 85501**

**GLAXOSMITHKLINE LLC**,

*Petitioner*,

Electronically Filed
Jul 14 2023 01:25 PM
Elizabeth A. Brown
Clerk of Supreme Court

v.

**THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA**, in and for the County of Clark, and **THE HONORABLE JOE HARDY JR.**

*Respondents*

**SARA ELABBASSY**, as Special Administrator of the **ESTATE OF DECEDENT HUSROM**, deceased; **JAMIL HUSROM**, individually and as a legal guardian for **KHULOD HUSROM**, a minor, **SALIH HUSROM**, a minor, **FATIMA HUSROM**, a minor, and **MOHAMMED HUSROM**, a minor

*Real Parties in Interest*

District Court Case No. A-21-835385-C

# PETITION FOR REHEARING

Kelly A. Evans, Esq.
Chad R. Fears, Esq.
Hayley E. LaMorte, Esq.
EVANS FEARS & SCHUTTERT LLP
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
(702) 805-0290
kevans@efstriallaw.com
cfears@efstriallaw.com
hlamorte@efstriallaw.com

*Counsel for Petitioner*
*GlaxoSmithKline LLC*

Jay Lefkowitz, Esq.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4970
lefkowitz@kirkland.com

*Counsel for Petitioner*
*GlaxoSmithKline LLC*

Pursuant to Rule 40 of the Nevada Rules of Appellate Procedure, GlaxoSmithKline LLC ("GSK") seeks rehearing of its petition for a writ of prohibition challenging the district court's order denying GSK's motion to dismiss for lack of personal jurisdiction. This Court issued an order denying the petition on June 28, 2023 on the ground that GSK had "introduced no evidence to dispute the [plaintiffs'] allegations that the decedent ingested brand-name Zantac." Order at 4. GSK had argued it was "undisputed" that the decedent "only ingested generic equivalents of Zantac or over-the-counter (OTC) Zantac produced by different companies," but the Court found otherwise based on an allegation from the complaint and a statement by Plaintiffs' counsel before the district court. *Id.*

GSK respectfully submits that the Court's understanding of Plaintiffs' allegations is mistaken. It is, in fact, "undisputed" that the decedent never used brand-name Zantac made by GSK. Indeed, Plaintiffs have twice *conceded*—both in the district court and before this Court—that the decedent never consumed a GSK product.

Plaintiffs' complaint alleges the decedent consumed "Zantac and its generic equivalents," as this Court noted, but the complaint does not

2

specify whether the "Zantac" in question was prescription Zantac made by GSK, or OTC Zantac made by other companies. Because the complaint did not clearly allege use of a GSK product, GSK moved to dismiss on the ground that "Plaintiffs do not allege that Decedent ever took a drug manufactured or sold by GSK." Petitioner's Appendix (PA) 071.

In opposing GSK's motion to dismiss, ***Plaintiffs conceded the decedent never used a GSK product***. Plaintiffs argued that the district court could assert personal jurisdiction over GSK "***even though [the decedent] never ingested a drug GSK manufactured***," PA 090, and made clear they were pursuing "innovator liability claims," not traditional product-liability claims. PA 085. Plaintiffs' counsel statement during the hearing on the motion to dismiss that "the allegation has always been that … [the decedent] took over-the-counter prescription, brand and generic Zantac" is fully consistent with Plaintiffs' concessions that the decedent never used a GSK product. The decedent alleges only that she ingested Zantac "[f]rom November 2016 through September 2019." PA 014, ¶69. During this time, GSK did not manufacture or sell over-the-counter brand-name Zantac, and generic

3

prescription ranitidine (manufactured and sold by companies other than GSK) was widely available.[1]

In keeping with the parties' allegations and arguments, the district court did not deny the motion to dismiss because it believed the decedent had used Zantac made by GSK. The district court's order focused entirely on the theory of "innovator liability," under which, as the district court explained, "*the sole basis* for Plaintiffs' cause of action is GSK's alleged failure to update and maintain the warning label for brand-name Zantac," which generic and other brand-name manufacturers subsequently copied. Order at 4 (emphasis added). The district court also noted that Plaintiffs relied on a federal district court decision that had found personal jurisdiction in an innovator liability case "[a]lthough [the plaintiff] did not ingest Defendant's drug." *Quinn-White v. Novartis Pharm. Corp.*, 2016 WL 11519285, at *2 (C.D. Cal. Oct. 7, 2016).

In its petition to this Court for a writ of prohibition, GSK again made clear that its argument was premised on the fact that "the Decedent *never used a product made or sold by GSK*." Pet. at 1 (emphasis

---

[1] Indeed, Nevada law generally *requires* pharmacists to dispense lower-cost generic drugs when available. See NRS 639.2853.

4

in original).  And again, **Plaintiffs conceded that fact in their response**.  Plaintiffs explained that Pfizer, "which purchased the right to sell over-the-counter Zantac from GSK in 1998, paid GSK for the right to manufacture and sell Zantac to Ms. Husrom, the decedent in this case."  Answer at 2.  Thus, Plaintiffs argued, "GSK profited from Ms. Husrom's purchase of the drug in Nevada—*if not as the company that put the pills in the bottle*, as the company that sold the right to manufacture the drug and sell it to her."  *Id.* at 14.  Plaintiffs again acknowledged the decedent never purchased Zantac made by GSK when they analogized the facts of this case to those in *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021).  "There *(as here)*," Plaintiffs wrote, "Ford **had not sold [the product] to that plaintiff in the forum**."  Answer at 15.

Plaintiffs have not alleged that the decedent ever used Zantac made by GSK; on the contrary, they have repeatedly conceded that she did not.  GSK thus respectfully requests that the Court rescind its order and decide the legal issue raised by the parties' briefs and the district court's opinion:  whether a Nevada court can assert specific jurisdiction over innovator-liability claims against an out-of-state defendant.

5

## CONCLUSION

For these reasons, the Court should grant rehearing of GSK's petition for a writ of prohibition.

Dated: July 14, 2023.

        Respectfully submitted,

*Chad R. Fears*
Kelly A. Evans, Esq.
Chad R. Fears, Esq.
Hayley E. LaMorte, Esq.
EVANS FEARS & SCHUTTERT LLP
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
*Counsel for Petitioner*
*GlaxoSmithKline LLC*

Jay Lefkowitz, Esq.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022

*Counsel for Petitioner GlaxoSmithKline LLC*

6

## CERTIFICATE OF COMPLIANCE

I, Chad R. Fears, hereby certify:

1. I have read the foregoing petition and to the best of my knowledge, information, and belief, the foregoing document is not frivolous or interposed for any improper purpose, and it complies with all applicable rules of appellate procedure, including NRAP 28(e)(1).

2. The foregoing brief complies with type-volume limitations of NRAP 40(b)(3) because it contains 1311 words.

3. This brief complies with the typeface, formatting, and type style requirements of NRAP 32(a)(4)-(6) because it was prepared in a double-spaced typeface in Century Schoolbook, 14-point, type style with one-inch margins on all sides.

Dated: July 14, 2023.

*/s/ Chad R. Fears*
Kelly A. Evans
Chad R. Fears
Jay J. Schuttert
**EVANS FEARS & SCHUTTERT LLP**
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Telephone: (702) 805-0290

7

# CERTIFICATE OF SERVICE

I certify that on July 14, 2023, I submitted the foregoing Reply in Support of Petition for Writ of Prohibition for filing via the Court's eFlex electronic filing system. Electronic notifications will be sent to the following:

Erika Pike Turner
Garman Turner Gordon LLP
eturner@gtg.legal
Daniel S. Pariser
Arnold & Porter Kaye Scholer LLP
Daniel.pariser@arnoldporter.com
*Attorneys for Defendants Sanofi US Services, Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.*

Michael C. Kane
Bradley J. Myers
Brandon A. Born
service@the702firm.com
The702Firm
*Attorneys for Plaintiffs*

David R. Koch
dkoch@kskdlaw.com
King Scow Koch Durham LLC
Anneke J. Shepard
Andrew T. Bayman
Robert B. Friedman
Julia Zousmer
ashepard@kslaw.com
abayman@kslaw.com
rfriedman@kslaw.com
jzousmer@kslaw.com
King & Spalding LLP
*Attorneys for Defendants Boehringer Ingelheim Pharmaceuticals, Inc. and Boehringer Ingelheim USA Corporation*

Robert C. McBride
Sean M. Kelly
rcmcbride@mcbridehall.com
smkelly@mcbridehall.com
McBride Hall
*Attorneys for Defendants Nauman Jahangir, M.D. and Las Vegas Medical Group LLC*

                                          */s/ Faith Radford*
                                          an Employee of Evans Fears & Schuttert LLP