UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:  ZANTAC (RANITIDINE)
PRODUCTS LIABILITY
LITIGATION

MDL DOCKET NO. 2924

Civil Action No. 9:20-MD-2924

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE REINHART

_____/

THIS DOCUMENT RELATES TO:
Anthony Gallagher v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.
3:23-CV-23705 (RLR)

BRAND DEFENDANTS' OPPOSITION TO
PLAINTIFF GALLAGHER'S MOTION TO STAY

**INTRODUCTION**

Brand Defendants respectfully request that this Court deny Plaintiff Anthony Gallagher's Motion to Stay.  DE 6857.

**BACKGROUND**

On August 11, 2022, Plaintiff Gallagher filed a Complaint in the Supreme Court of New York for the County of New York, alleging he developed kidney cancer as result of his use of Zantac.  DE 6857-3.  Following service of the complaint, on December 1, 2022, Defendants filed a Notice of Removal and tagged the case for transfer to this MDL.  DE 6857-4 (Notice of Removal).  On December 13, 2022, the JPML issued CTO-109 to transfer Plaintiff's case to this MDL.  DE 6857-5 (CTO-109).

Plaintiff opposed transfer of his case to this Court, and briefing on that opposition to transfer was undertaken by the parties in the JPML, primarily arguing that transfer of his case to the MDL was not appropriate because his cancer was "not one of the five cancers" litigated in the MDL.  JPML DE 1162-1 at 5–6.  The JPML disagreed and on April 10, 2023, issued its Transfer Order, finding that Plaintiff "like most plaintiffs in the MDL . . . alleges that his cancers was caused by the ingestion of ranitidine."  JPML DE 1253 at 1–2.  More specifically, the JPML found that the fact that his cancer "is not one of the five cancers designated . . . in the MDL does not weigh against centralization" because the MDL "recently issued an order establishing procedures to advance the litigation of non-designated cancer claims, including deadlines for expert reports."  *Id*. at 2.

On December 30, 2022, while transfer of this case was pending in the JPML, Plaintiff moved in the transferor court (the Southern District of New York) for remand of his case to state

court.  S.D.N.Y. DE 16.  On January 25, 2023, the transferor court denied Plaintiff's Remand motion.  S.D.N.Y. DE 29; 6857-7 at 2.

Following denial of his remand motion and before the JPML issued its final transfer order, Plaintiff indicated to this Court that he intended to pursue his claims in this Court if his case was transferred.  Specifically, pursuant to Pretrial Order #81 governing Non-Designated Cancer claims, on March 23, 2023, Plaintiff filed with this Court a Notice of Intent to Pursue his Non-Designated Cancer claim, stating that "Plaintiff intends to pursue a claim based on kidney cancer and will provide a general causation expert report if Plaintiff's action is transferred to the Zantac MDL before this Honorable Court."  DE 6389.

Upon transfer of his case to this Court by the JPML, on June 5, 2023, Plaintiff filed his Short-Form Complaint with this Court and incorporated the allegations contained in the Second Amended Master Personal Injury Complaint. DE 6656.  Thereafter, on June 9, 2023, Plaintiff filed a Motion for a 90-day extension to provide a general causation expert report, thereby extending the deadline set forth by Pretrial Order #81.  DE 6690; DE 6271.  That same day, this Court granted Plaintiff's Motion and extended his deadline to serve an expert report as requested, through September 12, 2023.  DE 6691.

On August 2, 2023, Plaintiff filed a motion before the JPML to remand his case to New York state court on the grounds that this MDL has "run its course" and "all common pre-trial proceedings have been concluded[.]" JPML DE 1311-1 at 5.  Plaintiff now seeks to stay these proceedings pending the remand decision.  DE 6857-1; JPML DE 1311.  Brand Defendants respectfully request that this Court deny Plaintiff's Motion to Stay.

**ARGUMENT**

Plaintiff is not entitled to a stay of these proceedings.  He is appropriately before this court. *See* DE 6857-7 (JPML Transfer Order); S.D.N.Y. DE 29 (Denying Motion to Remand).  Plaintiff has not provided justification to warrant a brief stay of these proceedings, much less an indeterminate stay, pending the JPML's unlikely departure from its prior transfer order which considered and rejected the same arguments advanced by Plaintiff in his remand motion—namely, that because he alleges a Non-Designated Cancer, his claims should not be litigated in the MDL. *See id.*  Indeed, as the JPML noted in its Order rejecting Plaintiff's "strange[] characteriz[ation] [of] the causation question in this MDL as a legal question that . . . does not justify centralization," just the opposite is true: "whether Zantac . . . causes cancer is one of the critical *factual* questions common to every action in the MDL."  JPML DE 1253 at 2 n.2.

But even standing alone, Plaintiff's Motion to Stay still fails.  As an initial matter, the standard on which Plaintiff relies does not apply to his Motion made **in this MDL Court**, but instead applies when a motion to stay is filed in a transferee court ***prior to a case's transfer to an MDL*** such as this one.  And even if Plaintiff's wrongly-cited standard did apply, Plaintiff fails to demonstrate that any of those factors weigh in favor of granting a stay here.  Plaintiff's Motion to Stay should be denied.

I.      **Plaintiff Applies the Wrong Standard to His Motion to Stay.**

In support of his Motion to Stay, Plaintiff claims that "[w]hen determining whether to stay a case pending a motion in the JPML," the Court should apply the *Rivers* factors set out in *Jozwiak v. Stryker Corp.*, 2010 WL 147143 (M.D. Fla. Jan. 11, 2010):  "(1) potential prejudice to the non-moving party; (2) potential prejudice to the moving party if the stay is not granted; and (3)

conservation of judicial resources."[1]   DE 6857-1 at 7–8.  But as *Jozwiak* makes clear, the *Rivers*

factors apply to the consideration of a motion to stay in a ***transferee*** court when there is a pending

"motion to the JPML to transfer and consolidate."  *Id*. at *2 (citing *Rivers v. Walt Disney Co.,* 980

F. Supp. 1358, 1360 (C.D. Cal. 1997) (emphasis added)).  It does not apply to a motion to stay in

the ***transferor*** Court after the JPML has already transferred the case and the JPML is considering

an ancillary motion, such as Plaintiff's motion to remand.

     This is made plain by the cases cited by Plaintiff in support of his argument, almost all of

which dealt with a stay of proceedings in the ***transferee*** court while a case was pending transfer in

the JPML.  *See Ali v. 7-Eleven, Inc,* 2022 WL 713665 (S.D. Fla. 2022); *Bonenfant v. R.J. Reynolds*

*Tobacco Co.*, 2007 WL 2409980 (S.D. Fla. 2007); *Cirulli v. Bausch & Lomb*, 2009 WL 545572

(E.D. Pa. 2009); *Giles v. POM Wonderful LLC,* 2010 WL 4630325 (S.D. Fla. 2010); *Gray v. Target*

*Corp.*, 2014 WL 12600138 (S.D. Fla. 2014); *Kline v. Earl Stewart Holdings, LLC,* 2010 WL

3432824 (S.D. Fla. 2010); *Pulley v. JPMorgan Chase Bank, N.A.*, 2012 WL 2838677 (S.D.  Fla.

2012); *Republic of Venez. v. Philip Morris Co., Inc.,* 1999 WL 33911677 (S.D. Fla.1999).

     As Plaintiff's other cited case law makes clear, the appropriate standard for the instant

motion to stay is whether Plaintiff alleges "a clear case of hardship or inequity in being required

to go forward, if there is even a fair possibility that the stay for which he prays will work damage

---

[1] Plaintiff misquotes the second and third *Rivers* factors in his Memorandum.  *Jozwiak* states that
"the district court should consider three factors: (1) potential prejudice to the non-moving party;
(2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial
resources that would be saved by avoiding duplicative litigation if the cases are in fact
consolidated." *Jozwiak* at *2.

to some one else." *St. Onge v. Wes Indus. Inc.*, 2022 WL 41250682, at *1 (M.D. Fla. Aug. 4, 2022) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

The only claimed hardship or inequity that Plaintiff identifies is that he would be "forced to litigate the same issues in multiple forums, including potentially duplicative discovery and duplicative motion practice, risking inconsistent rulings." DE 6857-1 at 8. This makes no sense. Plaintiff's case is pending in this Court and is not presently subject to discovery in any other court. The only motion pending in another court is Plaintiff's motion to remand pending in the JPML—which he has not asked this Court to resolve and therefore presents no prospect of inconsistent rulings. Even in the unlikely event that the JPML reverses itself and remands this case to the Southern District of New York, Plaintiff has identified no duplicative discovery or motion that that court would be asked to resolve.

## II.     Even If The *Rivers* Factors Applied, A Motion To Stay Is Not Warranted.

Even assuming, *arguendo*, that the *Rivers* factors do apply to Plaintiff's Motion, the Motion would still fail because those factors are not met here.

### a.   A Stay Would Prejudice Defendants.

Plaintiff claims that a stay of these proceedings would not prejudice Defendants because his case is not "procedurally advanced." DE 6857-1 at 8. Not so. Plaintiff's case is one of thousands that this Court has sought to coordinate over numerous pre-trial orders, including PTO #81, which sets out a comprehensive schedule for the consideration of the issue of general causation in Plaintiff's case. MDL Leadership for the parties spent significant time negotiating the deadlines in PTO #81, including plaintiffs' expert report deadlines, in order for the parties and the Court to efficiently proceed with Non-Designated Cancer claims. Plaintiff not only signaled

his intention to serve an expert report but was granted an extension to provide this information, after explicitly requesting more time.  DE 6690.  For nearly two months, Plaintiff has been aware that his expert report(s) would be due on September 12, 2023.  *See* DE 6691.  Based on Plaintiff's prior representations to the parties and the Court, Defendants have invested time and resources in anticipation of Plaintiff's expert report and would be substantially prejudiced by further delay in these proceedings.

> **b. Plaintiff Will Not Experience Hardship And Inequity If The Action Is Not Stayed.**

Plaintiff argues that, should a stay be denied, he may be forced to litigate the same issues in multiple forums.  As previously discussed, this argument is without merit because Plaintiff's claims are pending in only a single forum—this Court.

Further, Plaintiff ignores the JPML's reasoning for transferring his case to this MDL and misrepresents the status of Non-Designated cancer claims in this Court.  As the JPML recognized at the time of transfer, that Plaintiff alleged a Non-Designated Cancer "[did] not weigh against centralization" specifically because this Court had already "issued an order establishing procedures to advance the litigation of non-designated cancer claims, including deadlines for expert reports." JPML DE 1253 at 2.  Moreover, contrary to Plaintiff's assertions, he is not the sole "Non-Designated Cancer" case remaining in this MDL.  At least two other non-designated cases are pending in this MDL (Plaintiff Brian Stoltz, 3:23-cv-23079; and Plaintiff Tammy Pierce, 3:23-cv-23080), among other cases awaiting entry of final judgment.  In any event, that other plaintiffs alleging Non-Designated Cancer claims abandoned their claims has no bearing on whether Plaintiff's claims are appropriately before this Court.

6

At bottom, Plaintiff provides no basis to conclude that he would suffer inequity or hardship if forced to litigate his claims ***now*** as opposed to ***two months ago***, when he advised the parties and this Court that he had every intention of pursuing his Non-Designated Cancer claim in this Court. *See* DE 6690.

### c. Judicial Resources Are Saved By Coordination.

Plaintiff recognizes that this MDL's goal is to "eliminate duplicative discovery [and] prevent inconsistent pretrial rulings."  DE 6857 at 9.  Here, Plaintiff urges a scenario that would result in another court needlessly expending energy to familiarize itself with the intricacies of a case already known to this Court.  Indeed, Plaintiff Gallagher in particular was transferred to the MDL because this case shares in the common factual foundation as other cases in this MDL: "Plaintiff strangely characterizes the causation question in this MDL as a legal question of the sort that, standing alone, does not justify centralization.  To the contrary, whether Zantac (and its active ingredient, ranitidine) causes cancer is one of the critical *factual* questions common to every action in the MDL."  DE 6857-7 at 3 n.2 (JMPL Transfer Order) (citations omitted).  This MDL is the appropriate forum for his claims, as made clear by the Court's intention to resolve Non-Designated Cancer claims according to the procedures set forth in PTO #81.

### CONCLUSION

For the foregoing reasons, Brand Defendants respectfully request that the Court deny Plaintiff Gallagher's Motion to Stay.

Respectfully submitted,

By:    */s/ Anand Agneshwar*
        Anand Agneshwar
        **ARNOLD & PORTER**
        **KAYE SCHOLER LLP**
        250 West 55th Street
        New York, NY 10019
        Tel: (212) 836-8000
        Fax: (212) 836-8689
        anand.agneshwar@arnoldporter.com
        *Attorney for Defendants Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.*

        */s/ Andrew T. Bayman*
        Andrew T. Bayman
        **KING & SPALDING LLP**
        1180 Peachtree Street, NE, Suite 1600
        Atlanta, Georgia 30309
        Tel: (404) 572-3583
        Fax: (404) 572-5100
        abayman@kslaw.com
        *Attorney for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*

        */s/ Mark Cheffo*
        Mark Cheffo
        **DECHERT LLP**
        Three Bryant Park
        1095 Avenue of the Americas
        New York, NY 10019
        Tel: (212) 689-3500
        Fax: (212) 689-3590
        mark.cheffo@dechert.com
        *Attorney for GlaxoSmithKline LLC*

*/s/  Joseph G. Petrosinelli*
Joseph G. Petrosinelli
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, SW
Washington, DC 20024
Tel: (202)-434-5000
Fax: (202)-434-5029
jpetrosinelli@wc.com
*Attorney for Defendant Pfizer Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August 2023, the foregoing Brand Defendants'

Opposition to Plaintiff Gallagher's Motion to Stay was filed electronically through the Court's

CM/ECF system, which will send notice of filing to all CM/ECF participants.

*/s/ Joanne M. O'Connor*
Joanne M. O'Connor
JONES FOSTER, P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
Tel: (561) 659-3000
Fax: (561) 650-5300
JOConnor@jonesfoster.com

P:\DOCS\30916\00001\PLD\28G6847.DOCX

10