UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



IN RE: ZANTAC (RANITIDINE) PRODUCTS
LIABILITY LITIGATION

Martin vs. Boehringer Ingelheim Pharmaceuticals, Inc., et al,. )
MDL No. 2924
S. D. Indiana, C. A. No. 1:20-00449

## Motion for Remand

Comes now, James Martin, Plaintiff as Pro-se and would respectfully move this Honorable Court to remand his Personal Pro-se complaint back to the Indiana Southern District of Indiana for litigation. The Plaintiff will show the Court the following:

1. This case started with thousands of cause of action alleging that the product (Zantac®) caused certain cancers.

2. Those cancers were designated to five specific cancers; which the Court ruled (denied) and dismissed those thousands of cases specifically naming those five designated cancers.

3. This plaintiff never alleged that his Multiple Myeloma Cancer was a part of those five designated cancers, and at which his specific case should not have been included in the (MDL), as his cancer didn't relate to the five designated cancers that this Court found to not have been caused by (Zantac®).

4. By studies not yet substantiated by medical experiments, examines, and testing this plaintiff has not yet proven that (Zantac®) did in fact cause his Multiple Myeoma Cancer, but research hints towards the

1

possibilities and further litigation on a more personal level is required to substantiate his claims, or refute those claims.

5. This plaintiff's complaint alleging Zantac caused his multiple myeloma cancer is a separate issue that doesn't fall under the five designated claims and should be a separate cause of action not relevant to the (MDL).

6. With respect to what actions are appropriate for a motion to consolidate in an MDL, Section 1407(a) provides in the relevant part: When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated.

It is well established that the filing of a consolidation motion with the JPML does not immediately deprive a district court of its jurisdiction to consider motions before it. JPML Rule 2.1 specifically provides:

(d) Pendency of Motion or Conditional Order. The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court. An order to transfer or remand pursuant to 28

2

U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court. (emphasis added).

Section 1407(a) provides in relevant part that actions transferred to an MDL shall be remanded to the district from which it was transferred at or before the conclusion of pretrial proceedings thereby handing the case back to the original district court for trial.21 There is no discretion to keep the case for trial in the transferee court even if to do so would make sense since the transferee court would have intimate knowledge of the case, its issues, and the court's rulings while the transferor court would have had limited exposure to the case and would have to be brought up to speed. To address this problem the JPML promulgated Rule 14(b) which provided "[e]ach transferred action that has not been terminated in the transferee district court shall be remanded by the Panel to the transferor district for trial unless ordered transferred by the transferee judge to the transferee or other district under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. As a consequence, a party could request that the MDL court keep a case for trial rather than remanding to the original district and the court would do so on the authority of Rule 14(c) and 28 U.S.C. 1404(a).22 The matter reached the United States Supreme Court in Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach 1998.23 In setting aside a lower district court opinion and the affirming opinion of the Ninth Circuit, the Supreme emphasized the mandatory remand language of §1407(a), stating:


In sum, none of the arguments raised can unsettle the straightforward language imposing the Panel's responsibility to remand, which bars recognizing any self-assignment power in a transferee court and consequently entails the invalidity of the Panel's Rule 14(b). Milberg may or may not be correct that permitting transferee courts to make self-assignments would be more desirable than preserving a plaintiff's choice of venue (to the degree that § 1407(a) does so), but the proper venue for resolving that issue remains the floor of Congress

3

MDL is the special federal creature of 28 U.S.C. 1407, which was enacted by Congress in April 1968. The impetus for §1407 was the emergence in the early 1960s of antitrust litigation in the electrical equipment industry. The litigation involved 1912 civil actions representing in excess of 25,000 claims pending in 36 federal districts. Recognizing the need to come up with new procedures to handle this unwieldy litigation, Chief Justice Earl Warren appointed a committee of jurists to develop procedures that we now consider commonplace—such as national depositions and document depositories. The aggressive procedures developed by the Warren committee proved to be very effective in bringing the antitrust litigation to a speedy and economic conclusion and resulted in the passage of §1407 to handle similar litigation in the federal courts. Consolidation motions are heard by the Judicial Panel on Multidistrict Litigation (JPML). The panel consists of seven circuit and district judges named by the Chief Justice of the Supreme Court. All panel judges must be from different circuits. At least four members must concur on any action taken by the panel. The panel is based in Washington D.C. but holds its hearings around the country in various districts.

Conclusion: the relevant issue for this (MDL) is the allegations that five cancers were caused by the product (Zantac®). This plaintiff's complaint is not similar or relevant to those five designated cancers. The Court has not ruled to date that any other cancers may remain in this jurisdiction filed under the (MDL) or be remanded back to the Plaintiff's original USDC. This plaintiff is required to jump through hoops, and bounds, requiring permission from other law firms, and Special Master, and obtain permission from the defendant's counsel before litigating his case, yet his case and the issues therein are not relevant to the thousands of cancers filed in this MDL.

Any case not naming those five designated cancers which were dismissed should legally be separated from the (MDL) and permitted to be litigated separately.

Wherefore, the plaintiff prays this Court will remand, separate, or designate his cause of action alleging Zantac caused his Multiple Myeloma Cancer to be filed separately, litigated separately, and/or remanded back to his jurisdiction in Indiana, the Southern District of Indiana.

Dated: August 7th, 2023                                    Respectfully Submitted

James Martin

735 ½ Center Street

Shelbyville, IN 46176

Phone: (317) 512-6229

Jamesamartin3@gmail.com

5

## Certificate of Services:

I hereby certified that I have served a true copy of this motion to the defendant's counsel on the date below by email.

jdodge@emory.edu

jzousmer@kslaw.com

Petrosinejpetrosinelli@wc.com

abayman@kslaw.com

anand.agneshwar@arnoldporter.com

mark.cheffo@dechert.com

mmcglamry@pmkm.com

Alex.Beroukhim@arnoldporter.com

rmb@gdldlaw.com

jcohen@wickersmith.com

Ruth.dapper@dlapiper.com

Christopher.strongosky@dlapiper.com

Mark.cheffo@dechert.com

uhenninger@kslaw.com

pschmidt@cov.com

abayman@kslaw.com

egladbach@kslaw.com

jjoachim@cov.com

aoneill@kslaw.com

csabnis@kslaw.com

lbarnhart@cov.com

jpetrosinelli@wc.com

anand.agneshwar@arnoldporter.com

oluoma.kas-osoka@arnoldporter.com

mahnu.davar@arnoldporter.com

Dated: August 7th, 2023

Respectfully Submitted,

*James Martin*

James Martin

735 ½ Center Street

Shelbyville, IN 46176

Phone: (317) 512-6229

Jamesamartin3@gmail.com

James Martin
735 1/2 Center Street
Shelbyville, IN 46176

INDIANAPOLIS IN

5 AUG 2023 PM

MDL

Wilkie D. Ferguson, Jr.
U.S. Courthouse
400 North Miami Avenue
Miami, FL 33128

33128-180199

REC'D BY _____ D.C.

AUG 10 2023

ANG .E. NOBLE
CLERK U. DIST. CT.
S.D. OF FLA. MIAMI