UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)               MDL NO. 2924
PRODUCTS LIABILITY                    20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO: 20-MD-2924, 23-CV-23705**

## ORDER DENYING PLAINTIFF'S MOTION TO STAY

This matter is before the Court on Plaintiff Anthony Gallagher's Motion to Stay at docket entry 6857. The Defendants filed a Response at docket entry 6880. The Plaintiff elected not to file a Reply. For the reasons set forth below, the Motion is denied.

The Plaintiff suffers from kidney cancer, and his case is based upon that injury; he contends that the Defendants are responsible for his kidney cancer. DE 6857 at 4. Such a claim is governed by the Court's Pretrial Order 81. Pursuant to that Order, the Plaintiff must file his evidence of general causation—evidence on the theoretical capability of the drug at issue in this case, ranitidine, to cause kidney cancer in humans. On March 23, the Plaintiff filed a notice of his intent to provide general causation evidence, as Pretrial Order 81 required. DE 6389. On June 9, however, the Plaintiff requested additional time to produce his evidence. DE 6690. The Court granted the Plaintiff's request and set a September 12 deadline for the Plaintiff to produce his evidence. DE 6691.

After this Court granted the Plaintiff additional time, the Plaintiff filed a motion before the Judicial Panel on Multidistrict Litigation (the "Panel"), wherein he requested that his case be transferred to his original district, New York. The Plaintiff requested the transfer because:

> Plaintiff's case is the lone Non-Designated Cancer case, indeed, the only case remaining in the MDL. There is no dispute that pre-trial proceedings in the MDL have completed and run their course.

*Gallagher v. Boehringer Ingelheim Pharms Inc.*, No. NYS/1:22-CV-10216, DE 20-1 at 3. The Plaintiff soon thereafter filed the Motion to Stay before this Court, requesting that his case be stayed until such time as the Panel rules on his motion to transfer. The Court denies the Plaintiff's Motion to Stay for three reasons.

First, the Plaintiff previously made a very similar argument to the Panel, and the Panel rejected it. The Plaintiff opposed his initial transfer to this MDL, and he argued to the Panel that transfer was inappropriate because his kidney cancer was not one of the five cancers that this Court had selected for bellwether trials and initial *Daubert* motion practice. *Id.* at DE 12-1, page 6. The Plaintiff further argued: "The MDL narrowed the cancers to exclude those with kidney cancer for a reason. **Forcing Plaintiff to join an MDL where no Plaintiff is suffering from the same type of cancer**, would deprive the Plaintiff of a fair trial." *Id.* at page 8 (emphasis added). Overruling the Plaintiff's objection to transfer to the MDL, the Panel observed that the operative question for transfer was not whether the Plaintiff had alleged a *specific* cancer was caused by ranitidine, but whether he had alleged *any* cancer had been caused by ranitidine. 20-MD-2924, DE 6857 at 1. The Panel further observed that this Court had entered Pretrial Order 81 specifically to address cancer allegations such as the Plaintiff's kidney cancer. *Id.* Based upon the Panel's previous reasoning, the Court can see no reason why the Panel would grant the Plaintiff's motion to transfer.

Second, the factual premise of the Plaintiff's motion to transfer and Motion to Stay is incorrect. The Plaintiff's case is not "the only case remaining in the MDL," as other cases that fall within the scope of cancers addressed in Pretrial Order 81 remain pending. *E.g.,* 23-CV-23076,

23-CV-23080. And contrary to the Plaintiff's statement that the proceedings in this MDL "have run their course," cases continue to be filed and transferred to this MDL. Indeed, the Panel transferred a case to this MDL as recently as three days ago. DE 6879.

Third, the Court is not persuaded that its denial of a stay will cause any prejudice to the Plaintiff. *See St. Onge v. Wes Indus. Inc.*, No. 8:22-CV-832, 2022 WL 4125068, at *1 (M.D. Fla. Aug. 4, 2022) (considering whether the denial of a motion to stay would cause "a clear case of hardship or inequity"). The Plaintiff argues that he will incur prejudice by being "forced to litigate the same issues in multiple forums," but (i) the Plaintiff's case is not pending any other forum and (ii) the Plaintiff will need evidence of general causation regardless of where he litigates his case. The Court's September deadline for the Plaintiff's production of evidence is consistent with the Plaintiff's prior notice to this Court of his intent to produce the evidence, and his prior motion for extension of time, wherein the Plaintiff represented he would use the extension of time to obtain the evidence.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 10th day of August, 2023.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record