UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION <br><br> <u>THIS DOCUMENT RELATES TO:</u> <br><br> AMANDA CASALINA <br> Case No.: 9:21-cv-81673 | MDL NO 2924 20-MD-2924 <br><br> JUDGE ROBIN L. ROSENBERG <br> MAGISTRATE JUDGE BRUCE REINHART |

**PLAINTIFF'S RULE 60(b) MOTION TO VACATE THE DISMISSAL ORDER (MDL ECF 6766/ECF 7) OR, IN THE ALTERNATIVE, FOR LEAVE TO AMEND THE COMPLAINT**

Plaintiff, Amanda Casalina, Personal Representative of the Estate of Daniel Casalina, Deceased, by and through her attorneys, CORBOY & DEMETRIO, P.C., respectfully files this motion to vacate the Court's order dismissing this action (MDL Doc. 6766/ Doc. 7), as a non-designated cancer case, or in the alternative, motion to vacate the dismissal order and grant leave to amend the complaint, and in support thereof states:

**Brief Summary**

Plaintiff's decedent was diagnosed with colorectal cancer, which was originally checked on her Short Form Complaint. At the time, colorectal cancer was a designated cancer. In addition to colorectal cancer, now a non-designated cancer, Plaintiff's decedent was also diagnosed with stomach cancer, which is a designated cancer.

On June 2, 2023, the instant Plaintiff appealed the Court's Order on summary judgment (Doc. 6120). (ECF 6657). Then, on July 13, 2023, the Court entered an order of dismissal of Plaintiff's Complaint in its entirety. (MDL Doc. 6766/ Doc. 7).

Plaintiff's individual case listed on the Brand Defendants' motion to dismiss with prejudice for failure to comply with CMO 81 appears to be an error. (ECF 6686). Thus, on

1

August 3, 2023, Plaintiff filed an objection to her case being omitted from the Court's Tentative Order Granting Final Judgment in Certain Designated Cancer Cases [ECF 6787]. (Doc. 6837).

## Relevant Background and Requested Relief

On September 10, 2021, Plaintiff filed suit as Personal Representative of the Estate of Daniel Casalina, deceased. (*See* Casalina Complaint attached hereto as Exhibit A.) In her short-form complaint, filed on September 10, 2021, Plaintiff noted Daniel Casalina had been diagnosed with colorectal/intestinal cancer; at the time of filing, colorectal/intestinal cancer was a designated cancer, and it was Daniel Casalina's initial cancer diagnosis. (Exhibit A.) Daniel Casalina was also diagnosed with omental metastasis and peritoneal carcinomatosis, which are cancers of the stomach, which is now a designated cancer.

Given the Court's ruling on *Daubert* and summary judgment motions regarding non-designated cancers (Doc. 6120), Plaintiff, along with many other plaintiffs similarly situated, appealed the Order on June 2, 2023. (ECF 6657). Plaintiff's individual case is listed on page 9 of the Joint Notice of Appeal. (ECF 6657 at 9, attached hereto as Exhibit B.) As such, the inclusion of Plaintiff's individual case on the Brand Defendants' motion to dismiss with prejudice for failure to comply with CMO 81 appears to be an error. (Doc 6686). Prior to dismissal, the undersigned filed a notice of appeal on the summary judgment order, so her case was not ripe for dismissal.

If the Court's dismissal was based on the fact Plaintiff did not amend her short-form complaint to list stomach cancer in addition to colorectal/intestinal cancer, Plaintiff respectfully moves the Court to vacate the dismissal and allow Plaintiff to amend her complaint *nunc pro tunc* to mark all diagnosed cancers she claims were caused by branded Zantac, including stomach cancer. The Court's Order of July 13, 2023, states "for the avoidance of all doubt the

2

Court clarifies that in multi-cancer cases, this dismissal applies only to Non-Designated Cancer claims . . ."[ECF 6766]. However, the Court is not clear how this will be parsed out for each multi-cancer plaintiff affected by this notice. Plaintiff attaches her proposed amended short form complaint as Exhibit C.

## Argument

### A. The Court Lacked Jurisdiction to Dismiss Plaintiff's Case

The Court entered an omnibus order granting Defendants' *Daubert* Motions on general causation and Motion for Summary Judgment on December 6, 2022. [ECF 6120]. On June 2, 2023, the instant Plaintiff appealed this Order to the Eleventh Circuit Court of Appeals. (ECF 6657). Currently, the Eleventh Circuit has not returned jurisdiction to this Court in the pending appeal. The Court lacks jurisdiction to modify or alter its Rule 54(b) judgment in those cases on appeal, as the Court acknowledges in its Order for Rule 58 Final Judgment. The Court held the Rule 58 Final Judgment Order [ECF 6787] only applies to cases not on appeal. Plaintiff's case is currently on appeal in the Eleventh Circuit. Therefore, the Dismissal Order cannot apply to Plaintiff's case and the Court should vacate the Oder.

### B. The Order [ECF 6766/ ECF 7] Should Be Vacated

Plaintiff moves to vacate the Court's Order pursuant to Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b) provides the grounds for relief from a final judgment, order or proceeding. Relevant here, 60(b) provides such grounds include "mistake, inadvertence, surprise, or excusable neglect," Rule 60(b)(1) or "any other reason that justifies relief." Rule 60(b)(6).

Here, Plaintiff appealed the Court's summary judgment order because her father had a designated cancer. This appeal preserved all of her claims. The original filing of a Short Form Complaint checking the primary diagnosis of colorectal/intestinal cancer of Plaintiff's decedent, should not control, or if it does, leave should now be granted to amend the same.

In the interest of justice, the Court should vacate its Dismissal Order because it would be unduly harsh to dismiss this action, where Plaintiff's decedent had a designated cancer and Plaintiff has appealed the Court's Order on summary judgment.

### C. Leave Should be Granted to Amend Plaintiff's Short Form Complaint

If dismissal was based on the fact Plaintiff checked colorectal/intestinal cancer on her Short Form Complaint, then Plaintiff respectfully moves the Court to vacate the dismissal and permit Plaintiff to amend her complaint *nunc pro tunc* to mark all cancers she claims, including stomach cancer. (Exhibit C). Rule 15(a)(2) provides that leave should be freely given when justice requires. Here, justice requires leave to amend to include reference to the fact Plaintiff's decedent had stomach cancers.

Finally, granting this requested relief would not prejudice Defendants because this case is subject to the Court's order granting summary judgment and, in essence, is already dismissed for want of admissible expert testimony on causation, based on the Court's prior Order.

WHEREFORE, based on the reasons stated above, Plaintiff respectfully requests an order granting the relief requested in this motion, and granting such other and further relief the Court deems just and proper.

### Certification Pursuant to Local Rule 7.1

I hereby certify, prior to filing this motion, on July 27, 2023, I reached out to counsel for Brand Defendants by email about the relief requested herein. On July 30, 2023, counsel for Brand Defendants responded they could not agree to the relief requested.

CORBOY & DEMETRIO

_/s/ William T. Gibbs_
William T. Gibbs

William T. Gibbs
Corboy & Demetrio, P.C.
Attorneys for Plaintiff
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
Primary E-Mail: ccfiling@corboydemetrio.com