# EXHIBIT A

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| GLAXOSMITHKLINE LLC,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE JOSEPH HARDY, JR., DISTRICT JUDGE,<br>Respondents,<br>and<br>SARA ELABBASSY, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF DECEDENT HUSROM, DECEASED; JAMIL HUSROM, INDIVIDUALLY; KHULOD HUSROM, A MINOR; SALIH HUSROM, A MINOR; FATIMA HUSROM, A MINOR; AND MOHAMMED HUSROM, A MINOR,<br>Real Parties in Interest. | No. 85501<br><br>FILED<br>JUN 28 2023<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

## ORDER DENYING PETITION

This original petition for a writ of prohibition challenges a district court order denying a motion to dismiss for lack of personal jurisdiction and failure to state a claim in a tort action.

Real Parties in Interest are the estate and surviving family (the family) of Yasmin Husrom, who died from esophageal cancer after consuming ranitidine-containing drugs, including "Zantac and its various generic forms," from 2016 to 2019. The family brought product liability claims against petitioner GlaxoSmithKline (GSK), which developed the

compound ranitidine before bringing it to market as prescription brand-name Zantac in the 1980's. GSK has held the New Drug Application (NDA) for prescription brand-name Zantac since 1983 and distributed the product for sale in Nevada until recalling it globally in October 2019 following an investigation by the Food and Drug Administration (FDA) into the cancerous effects of ranitidine. After concluding its investigation, the FDA ordered the removal of all ranitidine products from the U.S. market in April 2020.

The matter came before the district court on GSK's motion to dismiss the family's complaint for lack of personal jurisdiction and failure to state a claim. In its motion, GSK argued that the family failed to allege the decedent ever ingested GSK's products but instead sought to hold GSK liable for the products of different manufacturers. The district court denied GSK's motion to dismiss without prejudice, finding that GSK's marketing of brand-name Zantac in Nevada during the period that the decedent ingested Zantac established the court's specific personal jurisdiction over GSK. GSK now seeks a writ of prohibition challenging the district court's exercise of personal jurisdiction.

"A writ of prohibition is available to arrest or remedy district court actions taken without or in excess of jurisdiction." *Viega GmbH v. Eighth Judicial Dist. Court*, 130 Nev. 368, 373, 328 P.3d 1152, 1156 (2014). Traditional writ relief is an extraordinary remedy that we will consider only "when there is no plain, speedy and adequate remedy in the ordinary course of law." *Id.* at 373-74, 328 P.3d at 1156. Although we generally consider an appeal from final judgment to be an adequate remedy, "the right to appeal is inadequate to correct an invalid exercise of personal jurisdiction over a defendant" such that interlocutory writ review may be appropriate. *See*

*Fulbright & Jaworski v. Eighth Judicial Dist. Court*, 131 Nev. 30, 35, 342 P.3d 997, 1001 (2015). We review the district court's determination of personal jurisdiction de novo, *Viega*, 130 Nev. at 374, 328 P.3d at 1156, but where a district court denies a pre-trial motion to dismiss for lack of personal jurisdiction without prejudice following a non-evidentiary hearing, we will decline to issue a writ of prohibition if the plaintiffs have made a prima facie showing of personal jurisdiction over the defendant. *See, e.g., Hosp. Corp. of Am. v. Second Judicial Dist. Court*, 112 Nev. 1159, 1160-61, 924 P.2d 725, 726 (1996).

        Here, GSK argues that it is "undisputed" that the decedent only took generic equivalents of Zantac, which GSK never produced, rather than brand-name prescription Zantac, which GSK sold in Nevada until October 2019. GSK offered no evidence, only argument, in support of its motion to dismiss. When a defendant challenges personal jurisdiction, "the plaintiff has the burden of introducing competent evidence of essential facts which establish a prima facie showing that personal jurisdiction exists." *Abbott-Interfast v. Eighth Judicial Dist. Court*, 107 Nev. 871, 873, 821 P.2d 1043, 1044 (1991). In making this prima facie showing, the plaintiff "may not simply rely on the allegations of the complaint" and must introduce some evidence supporting the essential jurisdictional facts. *Trump v. Eighth Judicial Dist. Court*, 109 Nev. 687, 693, 857 P.2d 740, 744 (1993). But where, as here, the defendant challenging personal jurisdiction provides no evidence to dispute the well-pleaded factual allegations in the plaintiff's complaint, "the court must accept the facts the complaint alleges relating to the jurisdiction[al] issue as true, at least to the extent they are uncontroverted by whatever material the defendant submits in support of its motion to dismiss." Charles Alan Wright & Arthur R. Miller, 4 Fed. Prac.

& Proc. Civ. § 1067.6 (4th ed.) (collecting cases); see also, e.g., Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd., 304 F.Supp.2d 1018, 1021 (N.D. Ill. 2004) ("In deciding a motion to dismiss for lack of personal jurisdiction, all well-pleaded jurisdictional allegations in the complaint are accepted as true unless controverted by affidavit.").

Although GSK claims that it is "undisputed" that the decedent only ingested generic equivalents of Zantac or over-the-counter (OTC) Zantac produced by different companies, the complaint alleges that the decedent ingested "Zantac *and* its generic equivalents" during the period that GSK marketed and sold brand-name Zantac in Nevada. GSK provided no materials challenging the allegations in the complaint and did not request discovery or an evidentiary hearing to determine jurisdictional facts. At a non-evidentiary hearing on GSK's motion to dismiss, the decedent's family clarified that "the allegation has always been that . . . [the decedent] took over-the-counter prescription, brand and generic Zantac here in Clark County over the course of three years," and the district court denied GSK's motion to dismiss without prejudice. In so doing, the district court emphasized that GSK provided "no evidence, whether a declaration, affidavit[,] or otherwise . . . that would potentially shift the burden to the Plaintiff" to prove the central facts favoring jurisdiction.

GSK introduced no evidence to dispute the family's allegations that the decedent ingested brand-name Zantac and we agree that the lower court properly accepted the family's uncontroverted factual allegations as true and denied GSK's motion to dismiss without prejudice accordingly. Since this factual determination materially affects the analysis of the parties' remaining jurisdictional arguments, we find it appropriate to leave

these arguments for further factual and legal development in the district court. We therefore

ORDER the petition DENIED.

_____, C.J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

_____, J.
Lee

_____, J.
Parraguirre

_____, J.
Bell

cc: Hon. Joseph Hardy, Jr., District Judge
Evans Fears & Schuttert LLP
The702Firm
Eighth District Court Clerk