UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)           MDL NO. 2924
PRODUCTS LIABILITY           20-MD-2924
LITIGATION

          JUDGE ROBIN L. ROSENBERG
          MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

**DEFENDANTS' COMBINED, CONSOLIDATED RESPONSE TO PLAINTIFFS' OBJECTIONS TO DESIGNATED CANCER CASE LISTS**

Pursuant to this Court's Order Requiring a Response to Objections to the Court's Tentative Order Entering Final Judgment (DE 6875), Defendants hereby file their combined, consolidated response to all pending objections to this Court's Tentative Ruling Entering Rule 58 Final Judgment In Certain Designated Cancer Cases And Vacating The Court's Prior Entry Of Certain Rule 54(B) Judgments ("Tentative Ruling") (DE 6787), advising the Court as follows:

**LEGAL OBJECTIONS**

**I. Plaintiffs' Objections at DE 6873 Should Be Overruled.**

In DE 6873, Plaintiffs accuse the Court of "reimagin[ing]" or "rewriting" the November 15, 2021 Rule 54(b) final judgment in favor of the Generic Defendants (the "November Order"). DE 6873 at 1-4. Plaintiffs even accuse the Court of making these supposed alterations to the November Order "while acting as if it had never been altered." Plaintiffs' rhetoric is unsupported.

There is nothing Orwellian about the order. Rather, the Court acknowledged in its tentative ruling that it had previously approved a procedure that sought to make the November Order effective in certain cases filed after November 15, 2021. DE 6787 at 6 n.14. The Court then explained why that provision "had no impact on any case filed in the MDL after" the November

1

Order, and provided reasons for that conclusion.[1]  *Id.* at 6-7.  The Court also structured its ruling as "tentative" and invited all parties to submit objections before it entered a binding final order. *Id.* at 1, 7-8.  In short, the Court forthrightly *acknowledged* the self-executing language in its prior November Order, *explained* its conclusion that, irrespective of that language, judgment had not been properly entered in any cases filed after November 15, 2021, and *solicited* input on its tentative order and its reasoning from the parties.[2]

The substantive issue Plaintiffs' objection raises is whether the Court correctly concluded "that its prior entry of Rule 54(b) judgment on November 15, 2021, had no impact on any case filed in the MDL after that date."  DE 6787 at 6.  For the reasons set forth in the Court's tentative ruling, and in light of multiple events and decisions that post-date November 15, 2021—including the Eleventh Circuit's decisions relating to this MDL, other Circuit Court rulings, and Plaintiffs' own actions—the Defendants agree that the Court's conclusion in the tentative ruling is correct. This Court may enter Final Judgment as reflected in DE 6787-10.

*First*, **after** the Court entered the November Order, the Eleventh Circuit addressed the requirements for invoking appellate jurisdiction in cases arising out of this MDL.  *In re Zantac*, 2022 WL 16729151 (11th Cir. Nov. 7, 2022).  The Eleventh Circuit noted that, per the pretrial

---

[1] The Rule 54(b) judgment entered in favor of the Retailers and Distributors, DE 4665, contains no language suggesting that it applies to subsequently-filed cases.  Nonetheless, the notices of appeal filed by the post-November 15, 2021 plaintiffs purport to appeal that Rule 54(b) judgment. *See, e.g.*, DE 6487, DE 6562, DE 6605.  The plain fact (as this Court has noted) is that no Rule 54(b) judgment has been entered vis a vis these plaintiffs and they do not even tender an argument why their purported appeals of an order entered before they even filed their cases should bar the Court from entering Rule 58 judgments in favor of the Retailers and Distributors.

[2] Plaintiffs also falsely assert that the "procedure [the Court] chose to implement"—i.e., the form of the November 2021 Order, including its self-executing provision—was done "over Plaintiffs' (now Appellants') objection."  DE 6873 at 4.  In fact, Plaintiffs' Leadership agreed to the form of judgment, which was jointly submitted to the Court on behalf of both Generic Defendants and Plaintiffs in a draft Rule 54(b) order emailed to the Court by Plaintiffs' counsel.  *See* **Exhibit A**.

2

orders agreed to in this MDL, the "operative" complaint for "each action" in this MDL consists of the pertinent "master" complaint "together with" or "supplemented by individual short-form complaints that adopt the master complaint in whole or in part." *Id.* at *1 & n.1. Therefore, to have effective and appealable judgments in particular cases, it is not enough for individual plaintiffs to show that "their actions are more or less dead given the district court's rulings dismissing certain claims" from a master complaint. *Id.* at *7. Rather, there must be a "final ruling putting their operative complaints—the combination of their MPIC and their individual SFCs—to rest." *Id.* And while the Eleventh Circuit held that a proper Rule 54(b) judgment could serve as that "last nail in the coffin," *id.* at *4, it also indicated that would only be true if an *individual plaintiff* had received a 54(b) judgment in *his or her individual case. See id.* at * 4-7.

*Second*, on February 2, 2023, the Third Circuit issued *Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55 (3d Cir. 2023), which discussed the need to balance the importance of judicial economy as well as fairness to litigants in an MDL by, for example, allowing litigants who join an MDL after initial dispositive orders were entered the opportunity to challenge those orders through a show cause process. *Id.* at 65-67. In light of *Home Depot* and Plaintiffs' own demands for a show-cause process, this Court determined that "the individual identity of cases in the MDL must be recognized and . . . the Court's earlier dispositive rulings do not, without some additional court action, automatically dispose of later-filed cases." DE 6787 at 6-7; *see, e.g.*, DE 6873 at 4 (arguing that later-filed cases should not be "automatically subject to orders entered against different parties in different cases"). In other words, in light of *Home Depot,* the parties and the Court (and not least, the Plaintiffs) concluded that the provision of the November Order purporting to apply judgment to plaintiffs who filed cases after November 15, 2021, without a show cause

3

process, was ineffective. *See* DE 6873 at 5 (stating that the self-executing provision of the November order "violated . . . fundamental principles" of due process).

*Third*, Plaintiffs are wrong that the appeals that they filed after November 15, 2021 divest this Court of jurisdiction. Plaintiffs cite boilerplate language for the unobjectionable proposition that "the filing of a notice of appeal has *generally* given the appellate court sole jurisdiction and divested the trial court of jurisdiction to proceed with the case." DE 6873 at 3 (quoting *United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir. 1980) (emphasis added)). But even those unrelated cases acknowledge that "the notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal." *Dunbar*, 611 F.2d at 987 (quoting *United States v. Hitchmon*, 602 F.2d 689, 691 (5th Cir. 1979) (en banc)).[3] More broadly, courts have held that the "filing [of] a notice of appeal from a nonappealable order should not divest the court of jurisdiction[.]" *Hitchmon*, 602 F.2d at 690; *Brown v. Global Emp't Sols., Inc.*, 236 F. Supp. 3d 1299, 1300 n.1 (N.D. Ga. 2017). For this reason, "the district courts within this Circuit routinely continue to exercise jurisdiction after the filing of premature or otherwise defective appeals," and "[t]he Eleventh Circuit, in turn, routinely notes that the prematurity of a notice of appeal can be cured by the subsequent entry of final judgment, implicitly acknowledging that a district court is not divested of jurisdiction by the filing of a premature appeal." *Lamb v. Clayton Cty. Sch. Dist.*, No. 1:19-CV-0695-JSA, 2021 WL 4816614, at *4 (N.D. Ga. Aug. 10, 2021) (collecting cases). Thus,

---

[3] *Accord United States v. Kapelushnik*, 306 F.3d 1090 (11th Cir. 2002); *Est. of Jennings v. Gulfshore Priv. Home Care, LLC*, No. 20-14415, 2021 WL 4817710 (11th Cir. Oct. 15, 2021); *Pinkston v. Univ. of S. Fla. Bd. Of Tr.*, 715 F. App'x 877 (11th Cir. 2017); *United States v. Riolo*, 398 F. App'x 568 (11th Cir. 2010).

it is entirely proper and well in accord with precedent in this Circuit for this Court to enter Final Judgment in the post-November 15, 2021 cases.

*Fourth*, as a practical matter, Plaintiffs have not demonstrated any prejudice. Merits briefing in the Eleventh Circuit has not occurred and many of the appeals filed after November 15, 2021 are defective for additional reasons (including as discussed in Section II and at pages 10-13, below). As the Court itself has noted on multiple occasions, the parties will benefit from the entry of Final Judgment in the post-November 15, 2021 cases, and it is proper for the Court to work to remove impediments to the Eleventh Circuit's jurisdiction. Accordingly, for the reasons this Court has noted, as well as those listed above, this Court may enter Final Judgment as reflected in DE 6787-10.

## II. Plaintiff McClymond's Objections at 6870 Should Be Overruled.

In DE 6870, Plaintiff Arnold J. McClymonds objected to the entry of Final Judgment, claiming that this Court lacks jurisdiction because he filed a notice of appeal on June 2, 2023. DE 6870 at 2-3. However, that notice of appeal purported to appeal from the Court's Omnibus Order On All Pending *Daubert* Motions and Defendants' Summary Judgment Motion, DE 6120. For all of the reasons discussed above, this order is not yet final and therefore is non-appealable and this Court retained jurisdiction. *See Dunbar*, 611 F.2d at 987; *see also supra* at 9 n.3.

## III. Plaintiff Casalina's Objection to the Tentative Ruling at DE 6837 and her Rule 60(b) Motion to Vacate the Dismissal Order at DE 6891 should be overruled for the reasons provided in the Court's Order at DE 6853.

Plaintiff Amanda Casalina, as personal representative of the Estate of Daniel Casalina, objected to the Tentative Ruling on the grounds that (1) the decedent "had a designated cancer and should not have been included on the list of non-designated cancer cases," and (2) this Court "lacked jurisdiction over this case at the time it issued its Final Order of Dismissal in Non-

5

Designated Cancer Cases." DE 6837 ¶¶ 6–7. Both arguments should be rejected for the reasons provided in this Court's order overruling that objection. *See* DE 6853.

      **A**.       **Plaintiff Casalina pleaded that the decedent only had a non-designated cancer.**

In her Short Form Complaint ("SFC"), Plaintiff Casalina alleged that the decedent was diagnosed only with colorectal/intestinal cancer, a non-designated cancer ("NDC"). *See Casalina v. BI Corp., et al.*, 9:21-cv-81673, DE 1, at 3 (Sept. 10, 2021). Almost two years later, Plaintiff Casalina represents for the first time in her objection that the decedent was also diagnosed with stomach cancer, a designated cancer ("DC"). DE 6837 ¶ 3. But her belated allegations do not change the claims Plaintiff Casalina brought in this action, which were solely for a NDC.

Plaintiff Casalina never amended her SFC, despite being able to do so unilaterally up to thirty days after this Court's Daubert ruling on December 6, 2022. *See* Pretrial Orders ("PTOs") 31, 78. Nor did she object when Brand Defendants moved on June 7, 2023 to dismiss with prejudice all NDC cases filed by plaintiffs who failed to meet their obligations under PTO 81, including Plaintiff Casalina's case, which was listed in an exhibit to the motion. *See* DE 6686-1 (exhibit to the motion to dismiss); DE 6734 (providing notice that the plaintiffs listed in DE 6686-1 did not file an opposition to the motion to dismiss). This Court thus appropriately categorized her matter as a NDC case, and dismissed it with prejudice on July 14, 2023. *See* DE 6766.

      **B**.       **Plaintiff Casalina's request for vacatur and leave to amend should be denied.**

Acknowledging that her pleadings contain only claims for a NDC, Plaintiff Casalina asked that this Court vacate the dismissal under Federal Rule of Civil Procedure 60(b) and give her leave to amend under Rule 15(a) to add her DC allegations. DE 6837 ¶¶ 6, 8. This Court pointed out that "[a]n objection to a tentative order on final judgment [wa]s not the procedural vehicle" to seek such relief, and that Plaintiff Casalina should instead "file a motion that complies with . . . the

6

Pretrial Orders of this Court (which require a motion for leave to file a motion)." DE 6853 at 3 (citing PTO 24). Plaintiff Casalina did not move for leave to file a motion, as this Court instructed. In violation of PTO 24, she jumped to filing a motion to vacate the dismissal order under Rule 60(b) or, in the alternative, for leave to amend her complaint. *See* DE 6891.

Even if Plaintiff Casalina's motion were procedurally proper, she could not obtain relief under Rules 15 or 60. "Rule 15(a), by its plain language, governs amendment of pleadings before judgment is entered; it has no application after judgment is entered." *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1345 (11th Cir. 2010). Rule 60(b) provides limited bases for a party to seek relief from a final judgment. Of those, Plaintiff Casalina argues that she has grounds for relief under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect" or under Rule 60(b)(6) for "any other reason that justifies relief." DE 6891 at 3. Neither support vacatur here.

Plaintiff Casalina does not identify the "mistake, inadvertence, surprise, or excusable neglect" that purportedly underlies her motion. This Court made no mistake of law or fact when it dismissed a NDC claim that was so pleaded. To the extent Plaintiff Casalina's motion is based on her own failure to timely amend her pleading or oppose dismissal, the equities weigh against relief. "[W]hether a party's neglect of a deadline may be excused is an equitable decision turning on all relevant circumstances surrounding the party's omission," such as "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (quoting *Pioneer Investment Svcs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993).

All of the relevant alleged facts were available to Plaintiff Casalina before she filed her SFC on September 10, 2021. Yet, she did not mention the decedent's DC in the SFC, did not amend that pleading during the almost fifteen months she could do so unilaterally (or at any time thereafter until now), and did not timely oppose the motion to dismiss her case in the month before this Court ruled on it. Moreover, Plaintiff Casalina has not even attempted to explain her lengthy delay. Her neglect is thus not excusable under Rule 60(b)(1). *See U.S. v. Davenport*, 668 F.3d 1316, 1325 (11th Cir. 2012) (affirming denial of relief under Rule 60(b)(1) because the movant neglected to meet deadlines of which he had sufficient notice); *see also Shaffer v. Lashbrook*, 962 F.3d 313, 317 (7th Cir. 2020) ("That a litigant did not receive notice because he failed—for more than half a year—to track an active case is not 'excusable neglect' under Rule 60(b)(1), nor does it warrant relief under any other provision of Rule 60(b).").

Relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *See Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984); *see also id*. at 679–80 ("The desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments."). "The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Id.* (quoting *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)). "Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000).

Plaintiff Casalina does not identify any exceptional circumstances in her case. She offers a single sentence on why she believes vacatur is appropriate: "In the interest of justice, the Court should vacate its Dismissal Order because it would be unduly harsh to dismiss this action, where Plaintiff's decedent had a designated cancer and Plaintiff has appealed the Court's Order on

summary judgment." DE 6891 at 4. But Plaintiff Casalina had plenty of time to amend her pleadings before dismissal, the results of not doing so were entirely predictable, and her appeal of a summary judgment order resolving DC claims is unrelated to the dismissal of NDC claims she now seeks to vacate. *See Griffin*, 722 F.2d at 681 (affirming denial of relief under Rule 60(b)(6) in a case "replete with inexcusable delay" by the movant); *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1357–58 (11th Cir. 2014) ("Under Rule 60(b)(6), '[a] party remains under a duty to take legal steps to protect his own interests.'" (citation omitted)). Thus, neither Rule 60(b)(1) nor 60(b)(6) justify vacatur of the dismissal of Plaintiff Casalina's matter.

### C. This Court maintained jurisdiction over Plaintiff Casalina's case.

Plaintiff Casalina's notice of appeal on DC claims that she never properly pleaded did not deprive this Court of jurisdiction. Per the discussion in Section I, "filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction." *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979), *superseded by statute on other grounds*. This Court's award of summary judgment in favor of Brand Defendants with respect to DC was not appealable by Plaintiff Casalina because she pleaded claims only for a NDC. NDCs were "not the subject" of this Court's summary judgment ruling, and "individual cases in which Plaintiffs allege their ranitidine use caused their Non-Designated Cancers remain[ed] pending." DE 6120 at 15. Plaintiff Casalina's notice of appeal based on that summary judgment ruling therefore did not deprive this Court of jurisdiction.

Nor did this Court enter any other appealable orders in Plaintiff Casalina's case before dismissing her NDC claim. As explained in Section I, there must be a final judgment putting Plaintiff Casalina's individual case "to rest" before it becomes appealable. *In re Zantac*, 2022 WL 16729151 at *7 (11th Cir. Nov. 7, 2022); *see also Gelboim v. Bank of America Corp.*, 574 U.S.

9

405, 406 (2015) ("[C]ases consolidated for MDL pretrial proceedings ordinarily retain their separate identities."); *id.* ("[28 U.S.C. §] 1407 refers to individual 'actions' transferrable to a single district court, not to a monolithic multidistrict 'action' created by transfer" and contemplates that "final decisions might be rendered in one or more of the actions consolidated."). "[C]onsistent with Plaintiffs' leadership's own arguments," this Court has repeatedly recognized the same principle—i.e., "that its rulings must be applied to individual cases." *See* DE 6853 at 2 n.4 (citing DE 6317, 6622, and 6787). This Court thus maintained jurisdiction over Plaintiff Casalina's matter when it dismissed her case.

Even if Plaintiff Casalina could properly appeal a DC claim that she had not in fact pleaded (she could not), that appeal could not deprive this Court of jurisdiction over her NDC claim. An appeal of one claim does not impact this Court's jurisdiction over another. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal*." (emphasis added)). Thus, for the reasons set forth in DE 6853, Plaintiff Casalina's objection to the Tentative Ruling was appropriately overruled.

**ALTERATIONS/AMENDMENTS TO DESIGNATED CANCER CASE LISTS**

Defendants have reviewed Plaintiffs' objections to their previously filed lists of cases that are eligible for final judgment, and altered or amended these lists accordingly as requested by Plaintiffs (*see* attached Consolidated Lists 1-2 & Amended Exhibits 7-9), subject to the following exceptions/disagreements:

I. The following cases allege operative NDCs, including pursuant to PTO 72 n.7 (DE 5348) & PTO 81 n.3 (DE 6397), and therefore do not belong on any of the Designated Cancer lists:

10

1. *Arreaga v. Pfizer Inc. et al*, 9:21-cv-80279 (DE 6867)

2. *Clerveau et al v. Pfizer Inc. et al*, 9:20-cv-82051(DE 6867)

3. *Dimond v. Boehringer Ingelheim Pharmaceuticals, Inc. et al*, 9:21-cv-80360 (DE 6867)

4. *Keeler et al v. Pfizer Inc. et al*, 9:21-cv-80479 (DE 6867)

5. *Bieber v. Sanofi US Services, Inc. et al*, 9:20-cv-81737 (DE 6867)

6. *Bode et al v. Boehringer Ingelheim Pharmaceuticals, Inc. et al*, 9:20-cv-81788 (DE 6867)

7. *True v. Sanofi US Services, Inc. et al*, 9:20-cv-81720 (DE 6867)

8. *Yelton v. Pfizer, Inc. et al*, 9:20-cv-81650 (DE 6867)

9. *Kretchmar v. Sandoz Inc. et al*, 21-cv-80767 (DE 6867)

10. *Foster v. Sanofi U.S. Services, Inc. et al*, 9:20-cv-81642 (DE 6867)

11. *Lam v. Glenmark Pharmaceuticals, Inc., USA et al*, 9:21-cv-80843 (DE 6867)

12. *Casalina v. Boehringer Ingelheim Corporation et al.*, 9:21-cv-81673 (DE 6837)

13. *Speranza v. Boehringer Ingelheim USA Corporation et al.*, 9:21-cv-81474-RLR (DE 6820)

14. *Martin v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, 9:20-cv-80480-RLR (DE 6884)

15. *Anderocci v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, 9:21-cv-80318 (DE 6852)

16. *Belcher v. Boehringer Ingelheim Corporation et al.*, 3:23-cv-20617 (DE 6799)

17. *Majszak v. Boehringer Ingelheim Pharmaceuticals, Inc et al.*, 3:23-cv-17982 (DE 6849)

II. The following cases do not belong on Exhibits 7 or 8 because they were filed after the Court's orders to show cause of May 5, 2023:

18. *Bauer v. Boehringer Ingelheim Corp. et al*, 3:23-cv-23068 (DE 6858)

19. *Boyette v. Boehringer Ingelheim Corp., et al*, 3:23-cv-23070 (DE 6858)

        20.       *Alexander v. Boehringer Ingelheim Corp. et al*, 3:23-cv-23071 (DE 6858)

III.    The following case does not belong on any lists because it named Generic Defendants only and is not subject to the Court's entry of Rule 54(b) judgment on November 15, 2021:

        21.       *Wilson v. Amneal Pharmaceuticals of New York, LLC, et al*., 1:19-cv-24887 (DE 6865)

IV.    The following cases do not belong on Exhibit 7 because they are duplicates of earlier filed cases, which are already included on Exhibit 7:

        22.       *Marks v. Boehringer Ingelheim Corporation et al*., 3:23-cv-21709 (DE 6855) (duplicate of 3:23-cv-19229)

        23.       *Peppers v. Boehringer Ingelheim Corporation et al*., 3:23-cv-21714 (DE 6855) (duplicate of 3:23-cv-19236)

V.    The following case does not belong on any lists because no complaint/initiating document was ever filed on the docket:

        24.       *Agramonte v. Boehringer Ingelheim et al*., 9:23-cv-80607 (DE 6864)

VI.    The following cases listed in DE 6849 belong on Exhibit 7 because they were filed after the Court's entry of Rule 54(b) judgment on November 15, 2021, and prior to the deadline for the individual Plaintiffs to Respond to the Court's orders to show cause of May 5, 2023:

        25.       *Ricky v. Boehringer Ingelheim Pharmaceuticals, Inc et al*., 3:23-cv-18003

        26.       *Ramirez v. Boehringer Ingelheim Pharmaceuticals, Inc. et al*., 3:23-cv-18246

        27.       *Wiggins v. Boehringer Ingelheim Pharmaceuticals, Inc. et al*., 3:23-cv-22096

        28.       *Agnellino v. Boehringer Ingelheim Corporation et al*., 3:23-cv-17979

        29.       *Escanaverino v. Boehringer Ingelheim Pharmaceuticals, Inc et al*., 3:23-cv-17993

        30.       *Stanley v. Boehringer Ingelheim Pharmaceuticals, Inc et al*., 3:23-cv-18009

        31.      *Levy v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, 3:23-cv-18026

        32.      *Konick v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, 3:23-cv-17995

        33.      *O'Callaghan v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, 3:23-cv-18166

        34.      *Rodriguez v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, 3:23-cv-17998

        35.      *St. Pierre v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, 3:23-cv-22110

        36.      *Arrigo v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, 3:23-cv-17991

        37.      *Loperfido v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, 3:23-cv-18240

VII.    The following cases do not belong on any lists because Plaintiffs voluntarily dismissed their complaints in April 2020:

        38.      *Gertz v. Sanofi S.A. et al.*, 9:20-cv-80101 (DE 6868)

        39.      *Richmond v. Sanofi S.A. et al.*, 9:20-cv-80111 (DE 6868)

VIII.   The following cases do not belong on Exhibits 4, 5, or 6 (now Consolidated List 2) because each case was initiated in 2023, after the Court's November 15, 2021 judgment:

        40.      *Stephen Beavers et al v. Boehringer Ingelheim et al*, 3:23-cv-19789 (DE 6812)

        41.      *Jon Scott Chaussee v. Amneal Pharmaceuticals Inc. et al*, 3:23-cv-19792 (DE 6812)

        42.      *Galen Grant et al v. Boehringer Ingelheim et al*, 3:23-cv-19803 (DE 6812)

        43.      *Debra Hatley v. Boehringer Ingelheim et al*, 3:23-cv-21244 (DE 6812)

        44.      *Walter Jackson, Jr. v. Boehringer Ingelheim et al*, 3:23-cv-19807 (DE 6812)

        45.      *John Kilna et al v. Boehringer Ingelheim et al*, 3:23-cv-19810 (DE 6812)

        46.      *Edward McConnaughey v. Boehringer Ingelheim et al*, 3:23-cv-19818 (DE 6812)

        47.      *Jimmie Payne v. Boehringer Ingelheim et al*, 3:23-cv-19822 (DE 6812)

      48.    *Robert L. Peaster v. Boehringer Ingelheim Pharmaceuticals, Inc. et al*, 3:23-cv-20959 (DE 6812)

      49.    *Shonda Tubbs v. Boehringer Ingelheim et al*, 3:23-cv-22688 (DE 6812)

IX.    The following case belongs on Exhibits 4, 5, and 6 (now Consolidated List 2) because the action was filed before November 15, 2021, plaintiff filed a notice of appeal on December 14, 2021, and although the plaintiff purported to file a stipulation of dismissal without prejudice in the district court on April 20, 2022, she did not dismiss the appeal:

      50.    *Debbie Kallhoff v. Sanofi Services Inc. et al*, 9:20-cv-81864 (DE 6812)

X.    The following case belongs on Exhibits 4, 5, and 6 (now Consolidated List 2) because the plaintiff alleged a designated cancer:

      51.    *Albert Elliot v. Boehringer Ingelheim et al*, 9:21-cv-81233 (DE 6856)

XI.    This case belongs on Exhibit 4, and also belongs on Exhibits 5 and 6 (now Consolidated List 2), because the plaintiff was subject to the Court's 54(b) judgments and the plaintiff filed a notice of appeal:

      52.    *Sohail Mehr v. Sanofi, et al*, 1:20-cv-23551 (DE 6867)

XII.    This case does not belong on Exhibit 3 (now Consolidated List 1), and instead belongs on Exhibit 5 (now Consolidated List 2), because the plaintiff filed a notice of appeal:

      53.    *Patricia O'Driscoll v. Apotex Corporation et al*, 9:21-cv-80167 (DE 6868)

XIII.    This case does not belong on Exhibit 6 (now Consolidated List 2), and instead belongs on Exhibit 2 (now Consolidated List 1), because the plaintiff does not appear to have filed a notice of appeal:

      54.    *Tammy Matney v. GlaxoSmithKline*, LLC et al, 9:20-cv-82333 (DE 6868)

XIV. The following case does not belong on Exhibit 8, but instead belongs on Exhibit 2 (now Consolidated List 1), because the plaintiff does not appear to have filed a notice of appeal:

55. *Neal et al. v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, 9:21-cv-81545 (DE 6823)

Dated: August 15, 2023

Respectfully submitted,

By: */s/ Thomas J. Yoo*
Thomas J. Yoo
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: (213) 896-2400
thomas.yoo@hklaw.com

*Liaison Counsel for the Generic Manufacturer Defendants*

By: */s/ Andrew T. Bayman*
Andrew T. Bayman
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Tel: (404) 572-4600
Fax: (404) 572-5100
abayman@kslaw.com

*Attorney for Defendant Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, and Boehringer Ingelheim USA Corporation*

By: */s/ Richard M. Barnes*
Richard M. Barnes
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
Tel: (410) 783-4000
rmb@gdldlaw.com

*Liaison Counsel for the Generic Manufacturer Defendants*

By: */s/ Mark Cheffo*
Mark S. Cheffo
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 698-3500
Fax: (212) 698-3599
mark.cheffo@dechert.com

*Attorneys for Defendants GlaxoSmithKline LLC and GlaxoSmithKline Holdings (Americas) Inc.*

By: */s/ Sarah E. Johnston*
Sarah E. Johnston
BARNES & THORNBURG, LLP
2029 Century Park East, Suite 300
Los Angeles, CA 90067
Tel: (310) 284-3798
sarah.johnston@btlaw.com

*Liaison Counsel for All Retailer and Pharmacy Defendants and Counsel for Defendants Albertsons Companies, Inc., Amazon.com, Inc., BJ's Wholesale Club Holdings, Inc.,*

By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
WILLIAMS & CONNOLLY LLP
680 Maine Ave, S.W.
Washington, DC 20024
Tel: (202) 434-5000
Fax: (202) 434-5029
jpetrosinelli@wc.com

*Counsel for Defendant Pfizer Inc.*

15

*Costco Wholesale Corporation, CVS Pharmacy, Inc., Duane Reade, Inc., Giant Eagle, Inc., H-E-B Grocery Company, LP, Publix Super Markets, Inc., Rite Aid Hdqtrs. Corp., Safeway Inc., ShopRite Supermarkets, Inc., Southeastern Grocers, Inc., Target Corporation, Walgreen Co., Walgreens Boots Alliance, Inc., Wakefern Food Corporation, Winn-Dixie Stores, Inc., and The Vons Companies, Inc.*

By:  */s/ Andrew D. Kaplan*
    Andrew D. Kaplan
    CROWELL & MORING LLP
    1001 Pennsylvania Avenue, N.W.
    Washington, D.C. 20004
    (t) (202) 624-2500
    (f) (202) 628-5116
    AKaplan@crowell.com

    *Acting Liaison Counsel for Distributor Defendants*

By:  */s/ Anand Agneshwar*
    Anand Agneshwar
    ARNOLD & PORTER KAYE SCHOLER LLP
    250 West 55th Street New York, NY 10019
    Tel: (212) 836-8000
    Fax: (212) 836-8689
    anand.agneshwar@arnoldporter.com

    *Attorneys for Defendants Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of August 2023, I electronically filed the foregoing **DEFENDANTS' COMBINED, CONSOLIDATED RESPONSE TO PLAINTIFFS' OBJECTIONS TO DESIGNATED CANCER CASE LISTS** through the CM/ECF system, which will provide automatic notification to all CM/ECF participants.

*/s/ Andrew T. Bayman*
Andrew T. Bayman