**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

THIS DOCUMENT RELATES TO: LORI HARRELSON, CASE NO. 9:22-cv-81886

**PLAINTIFF HARRELSON'S REPLY BRIEF IN SUPPORT OF HER AMENDED OBJECTION TO FINAL ENTRY OF JUDGMENT AND MOTION FOR REMAND TO NEVADA STATE COURT**

Under Nevada's current pleading standards, Plaintiff stated a joint venture theory of liability against BIC—and even if she didn't, "that is a pleading issue that may be remedied via leave to amend," because "even conclusory allegations in a complaint are sufficient for a Plaintiffs to survive a fraudulent joinder challenge." (Doc. 6745, Page 3 of 4) (citing *Stillwell v. Allstate Ins.*, 663 F.3d 1329, 1334 (11th Cir. 2011)).

Defendants object to the broad sweep of ¶ 34 of the Complaint, which asserts that they participated in a joint venture. (Doc. 6899 at Page 8 of 13.) But recent Nevada trial Court practice has allowed a plaintiff to plead a joint venture using the same language Plaintiff Harrelson used here—and whether this is sufficient is now before the Supreme Court of Nevada in *AirBNB, Inc. v. Eighth Jud. Dist. Ct.*, Case No. 87079. *Compare* (AirBNB, Inc.'s Writ Pet., "Ex. 1," p. 17) *with* (App'x to Writ Pet., "Ex. 2," PA–002, ¶ 8). Even if Nevada's highest Court holds that plaintiffs must allege more facts related to the joint venture than Harrelson did, she could simply amend in state court to meet any new pleading standard. *Stillwell*, 663 F.3d at 1334.

Defendants' Opposition points only to a conclusory declaration they put in the record (the Pomer declaration) that asserts BIC is a separate *entity* from BIPI. (Doc. 6899 at Pages 8–9 of 10.) The Opposition then tacitly concedes in a footnote that Defendants have put nothing in the record against Plaintiff's joint venture theory. (*Id.* at Page 9 of 13, n.5.) Nothing in the Opposition disavows the existence of an understanding between BIC and BIPI about sharing profits and revenues. BIC is not fraudulently joined.

As for the *Elabbassy* decision, Defendants focus on BIC having never manufactured Zantac, while GSK had been prior manufacturer of the drug. This is a subtle shift from the legal grounds emphasized in Defendants' removal petition, which focused on Nevada federal Courts' rejections of innovator and predecessor liability in *Baymiller v. Ranbaxy Pharms., Inc.*, 894 F. Supp. 2d 1302, 1310 (D. Nev. 2012) and *Moretti v. Wyeth, Inc.*, No. 2:08-CV-00396-JCMGWF, 2009 U.S. Dist. LEXIS 29550, 2009 WL 749532, at *3 (D. Nev. Mar. 20, 2009). *See* (Doc. 6874 at 3–4.) But this shift cannot save Defendants from remand: The Pomer declaration has too little detail to disprove, by clear and convincing evidence, Plaintiff's joint venture theory.

I.     ARGUMENT.

Traditional notice pleading standards—like those used in Nevada—require the Court to accept as true anything that isn't "sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel." *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (Souter, J., dissenting). Specificity is unnecessary, and Complaints need not "match facts to every element of a legal theory." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (Easterbrook, J.)

Under these standards, joint venture theories aren't meticulously pleaded. Rather, Complaints often use generic language, and then the theories are developed during discovery and narrowed at pretrial conferences. *MAR Oil Co. v. Korpan*, No. 3:11CV1261, 2014 U.S. Dist. LEXIS 89747, at *32 (N.D. Ohio Apr. 18, 2014) (holding that pleading was adequate back when it was filed because, under liberal notice pleading standards, it alleged defendants acted "individually and through their entities," and plaintiff then disclosed its joint venture theory in discovery); *see also Bennett*, 153 F.3d at 518–19 (reasoning that "Defendants received notice that Bennett believed that their refusal to hire her was racial discrimination; that is all the notice a complaint has to convey").

Recently, a Nevada trial Court refused to dismiss a Complaint seeking to hold the online platform AirBNB, Inc. ("AirBNB") liable for a drive-by shooting at a rental house. The Complaint alleged:

> 8. Upon information and belief, Defendants AIRBNB, INC., SHENANDOAH SOUTHWEST, INC., FENEX CONSULTING and ZHENG TRUST, or some of them were joint ventures.

(Ex. 2, PA–002.)

AirBNB argued that this was insufficient under Nevada's notice pleading standards to state a joint venture theory. (*Id.* at PA–034.) According to AirBNB, the joint venture allegations were "generic and boilerplate" and contained no "factual allegations," and were thus insufficient. (*Id.* at PA-066–67.)

The trial Court disagreed, noting that joint venture liability is an "evolving" concept under Nevada law. (*Id.* at PA–117–18, ¶ 4.) AirBNB has now asked the Supreme Court of Nevada to set the pleading standard for joint ventures. (Ex. 1 at 17.)

[ 3 ]

This case is no different.  Just as in the *AirBNB* case, Plaintiff Harrelson relied on Nevada's liberal notice pleading standards to state a joint venture among Defendants.  That the allegation was "boilerplate" or "generic" makes no difference.  Nevada state Courts allow for such "vague and conclusory" allegations about what all "Defendants" did, and Harrelson's Complaint only needed to be "adequate under traditional state-law notice pleading requirements." *Hampton v. Ga.-Pac. LLC*, No. 11-0363-KD-N, 2011 U.S. Dist. LEXIS 123025, at *14, 19–20 (S.D. Ala. Oct. 21, 2011).

It also doesn't matter that the Complaint asserts legal conclusions.  In a notice pleading state, it is generally "immaterial whether a pleading states conclusions or facts as long as fair notice is given, and the statement of claim is short and plain." *Stillwell*, 663 F.3d at 1334.  The Complaint even goes slightly further than what notice pleading requires, alleging that Defendants spread risks among themselves.  (Compl. at ¶ 34.)

Even if the Supreme Court of Nevada were to overturn the trial Court's decision in the *AirBNB* case, this wouldn't help Defendants.  As this Court has reasoned, "even conclusory allegations in a complaint are sufficient for a Plaintiffs to survive a fraudulent joinder challenge," because the plaintiff could simply amend her claims in state court.  (Doc. 6745, Page 3 of 4) (citing *Stillwell*, 663 F.3d 1329, 1334 (11th Cir. 2011)).  Defendants have offered no affidavits (and certainly no detailed evidence) to prove, by clear and convincing evidence, that Plaintiff has no chance of succeeding on a joint venture theory.  This is especially true in Nevada, where joint venture liability is an "evolving" concept.  (Ex. 2 at PA–117–18, ¶ 4.)

[ 4 ]

## II.     CONCLUSION.

Defendants essentially concede they put no evidence in the record to defeat Plaintiff Harrelson's joint venture theory.  (Doc. 6899 at Page 9 of 13, n.5.)   While they blame this on the lack of detail in the Complaint, Plaintiff did everything Nevada's liberal notice pleading standards required her to do.

Even if the Supreme Court of Nevada heightens the pleading standards, it would be simple enough for Plaintiff to amend the Complaint to allege that BIC and BIPI not only shared in the risk of loss from Zantac (a fact Plaintiff did plead), but also had some control over one another with respect to its research and development.  *See ICT Pharm., Inc. v. Boehringer Ingelheim Pharm., Inc.*, 147 F. Supp. 2d 268, 270 (D. Del. 2001) (noting that the worldwide activities of the Boehringer Ingelheim corporate family are coordinated, and that a single committee "determines what research and development projects should be pursued and by whom").  The case must be remanded.

Dated:  August 16, 2023

                                                           **THE702FIRM INJURY ATTORNEYS**

                                                           */s/ Michael Kane, Esq.*

                                                           MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
BRANDON A. BORN, ESQ.
Nevada Bar No.: 15181 8335
West Flamingo Road
Las Vegas, Nevada 89147
*Attorneys for Plaintiff*