Judith Cohen
758 Walnut St
Paramus, NJ 07652
201-447-1340
August 12, 2023

FILED BY __NC__ D.C.

AUG 1 5 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Judge Robin L. Rosenberg
Clerk of the Court
701 Clematis Street
West Palm Beach, Florida 33401

20-Md-2924

Dear Judge Rosenberg:

Document #6875 states "This document relates to all cases,. It is an order requiring a response to the Court Order. I am not sure if my response is permitted; however, I am submitting it.

I was exited from the Registry by Defendants. The 11th Circuit attempted to block my appeal by stating that no final judgment or order was issued.. I responded with Gelboim v. Bank of America Corp 574 U.S. 405 (2015). Currently, with no opposing party, I am waiting for the 11th Circuit to decide and am in the process of filing an Emergency Appeal with the Supreme Court due to lack of due process.

Thank you.

Respectfully submitted,

*Judith Cohen*

Judith Cohen

# TABLE OF AUTHORITIES

**Cases**

*Gelboim v. Bank of America Corp.*
    *574 U.S. 405 (2015)* ......................................................................................... 4

Holder v. Scott,
    396 S.W.2d 906, (Tex.Civ.App., Texarkana, 1965, writ ref., n.r.e.) .................... 9

In re: *Ethicon, Inc., Pelvic Repair System Products Liability Litigation*,
    No. 2:12-md-2327) ............................................................................................. 9

*Old Wayne Mut. L. Assoc. v. McDonough,*
    204 U. S. 8, 27 S. Ct. 236 (1907) ........................................................................ 9

*Ortiz Fibreboard Corp.,*
    527 U.S. 815 (1999) ........................................................................................... 9

*Valley V. Northern Fire & Marine Ins. Co.,*
    254 U.S. 348, 41 S. Ct. 116 (1920) .................................................................... 9

*Williamson V. Berry,*
    8 How. 945, 540 12 L. Ed. 1170, 1189 (1850) ................................................. 9

Yist v. Nunnemaker,
    501 U.S. 797 (1991) ........................................................................................... 8

**Statutes**

U.S. Const. Amend 5 ................................................................................................ 1

**Other Authorities**

ABA 1.7 Conflict of Interest ..................................................................................... 7

**Rules**

28 U.S. Code 2101 .................................................................................................... 3

Fed. Rules Civ. Proc., Rule 60(b)(4) ........................................................................ 5

## QUESTION PRESENTED

The Fifth Amendment (U.S. Const. Amend 5) says to the federal government that no one shall be "deprived of life, liberty or property without due process of law.

1. Why shouldn't bellwether trial be used as they are in class actions when they eliminate a lack of due process?

2. Does ejecting Plaintiff from the litigation (MDL) by Defendant a violation of due process?

3. Does Leadership's determination of which cancers to pursue in the MDL without a transcript or record violate the law and make their decision arbitrary, capricious and an abuse of discretion?

4. Does Leadership's decision to pursue some cancers and not others created a conflict of interest for those attorneys involved in the decision since "the representation of one client will be directly adverse to another client, and representing the current class in the MDL material limited the lawyer's responsibilities to another client (CFR 776.26 Conflict of interest)?

5. Does Leadership's continuous failure to answer the complaint on procedural due process failures show that there is "no genuine dispute as to material facts and that the movant is entitled to judgment as a

matter of law pursuant" to Rule 56, Summary Judgment under Federal Rules of Civil Procedure?

6. Does the Eleventh Circuit "Bankruptcy Freeze" issued on November 23, 2022 on my complaint only (Judge Rosenberg issued her decision on December 6, 2022) due to the bankruptcy of Par Pharmaceutical constitute a lack of due process since only Leadership of the Zantac MDL was sued and neither the Debtor (Par Pharmaceutical, Inc) nor the Debtor's assets were involved? Recently, on July 25, 2023 the freeze was removed and the complaint denied on procedural grounds.

7. A motion for reconsideration was filed on July 27, 2023. Is the 11th Circuit incorrectly denying the appeal to them because no final judgment or order existed when it ignored Gelboim v. Bank of America Corp., 574 U.S. 405 (2015) ruling that "…that dismissal of an action in its entirety as part of multidistrict litigation (MDL) triggers a parties' right to appeal under 28 U.S.C. § 1291?

8. When I submitted a motion to the 11th Circuit to unfreeze the Bankruptcy Freeze, the 11th Circuit had the Clerk of the Court, Mr. Smith, issue a one word decision, "Denied." Was Mr. Smith, Clerk of the Court, wrong for entering "Denied" without explaining his decision

because it makes his decision unreviewable and a denial of due process, and thus void according to *Yist v. Nunnemaker*, 501 U.S. 7?

## PARTIES AND RULE 29.6 STATEMENT

The applicant is Judith Cohen pro se. Applicant is the Plaintiff in district court and the appellant in the Court of Appeals for the Eleventh Circuit. The Respondent is the Leadership in the Zantac MDL Litigation.

## INTRODUCTION

This case is currently under appeal in the 11th Circuit. Pursuant to 28 U.S, Code 2101, "an appeal (to the Supreme Court) may be made at any time before judgment." This appeal was erroneously returned as "out of time" previously. The content has been updated.

Elizabeth Burch in her book, Mast Tort Deals quotes a Judge about the MDL: "There is no due process." In addition, in an article in Law360 on June 9, 2019, she states "Its leaders announced that they were creating a template for all future deals and they did. Every subsequent settlement I examined replicated and refined its cramdown mechanisms (including reducing the number of litigants). Repeat players who are appointed by the judge use their deal making authority to increase their fees."

3

Re: <u>**Zantac Litigation MDL #2924 LMI#797386**</u>
<u>***Pro Se Submission of Judith Cohen***</u>

On August 1, 2022 a complaint was filed with the 11th Circuit Court of Appeals. On November 1, 2022 "Non Party Par Pharmaceutical Inc" requested an Automatic Bankruptcy freeze which was granted on November 23, 2022. Until July 25, 2023 this case was erroneously dismissed (A Motion for Reconsideration is pending) under the guise that no judgment occurred because Defendants exited me. *Gelboim v. Bank of America Corp.*, contradicts this "...that dismissal of an action in its entirety as part of multidistrict llitigation (MDL) triggers a parties' right to appeal under 28 U.S.C.1291

An Emergency Appeal is necessary due to the Procedural Constitutional issues that affect and will affect thousands in the various MDL and create irreparable harm due to attorney resignations and termination of their cases. Many will not have the knowledge on how to proceed if contacted especially if the family member who died from cancer had that knowledge. Others just would not bother.

While only I am filing this appeal, this case impacts all who are not only in the Registry but all other MDL's both currently and in the future because of a lack of due process.

According to the Zantac Pro Se Liaison, "For dismissed cases, the approximate number is 15,288. I do not have the number of non-filed cases that were in the Registry, but that was in the 10s of thousands."

According to www.millerandzois.com, "approximately 50,000 additional Zantac claimants have been permitted to file claims under the MDL Census Registry program."

The Fifth Amendment (U.S. Const. Amend 5) says to the federal government that no one shall be "deprived of life, liberty or property without due process of law." The words "due process" suggests a concern with procedure rather than substance, and that is how many-such as Justice Clarence Thomas, who wrote "the Fourteenth Amendment's (and Fifth Amendment's) Due Process Clause is not a secret repository of substantive guarantees against unfairness" interprets this.

Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4),

F.R.C.P Rule 60(b) provides that the court may relieve a party from a final judgment and sets forth the following six categories of reasons for which such relief may be granted: …

(3)  fraud, misrepresentation, or misconduct by an adverse party ….

(6)  any other reason justifying relief from the operation of the judgment. F.R.C.P. Rule 60(b)(1)-(b)(6). To be entitled to relief, the moving party must establish facts within one of the reasons enumerated in Rule 60(b).

The main procedural violations for lack of due process in the Zantac MDL are below (no discussion of the facts of this case are involved--only procedures):

1  Leadership does not have a record or transcript on how it decided which cancers to purse resulting in arbitrary and capricious decisions which are therefore void. Their decision could very well have been based on reducing the number of litigants in order to facilitate a settlement (an idea that Elizabeth Burch in her book "Mass Tort Deals" espouses). This potential problem is given additional weight by the fact that breast cancer is the 4th most prevalent cancer according to the National Cancer Institute.

2.  On July 11, 2022, almost 7 months before Judge Rosenberg's 341-page decision dismissing the case, Litigation Management Inc. sent an email stating "you are removed and exited from the Registry as of the date of this email." On July 14, 2002, the Zantac Pro Se Liaison wrote "The drug manufacturer DEFENDANTS have elected to exit you from the Registry." Presumably, this includes the "10s of thousands" or 50,000 litigants mentioned above. Previously, Judge Rosenberg stated when she dismissed my motion to have breast cancer included, she stated that "The Court will address Non-Designated Cancers after it has ruled on all pending Daubert motions as to the Designated Cancers." Clearly, this removal before a ruling contradicts the ruling and resulted in a denial of due process and thus makes any

6

decision by the District Court void. Having DEFENDANTS remove Plaintiffs results in a denial of due process as well.

3. The meetings that eliminated the breast cancer created a conflict of interest for those attorneys involved in the decision since according to the ABA's Rule 1.7(6) Loyalty to a current client prohibits undertaking representation directly adverse to that client without that client's informed consent. Thus, absent consent, a lawyer may not act as an advocate in one matter against a person the lawyer represents in some other matter. Here choosing which cancers to pursue and not pursue results in the representation of one client which is directly adverse to another client, and representing the current class in the MDL material limited the lawyer's responsibilities to another client (ABA 1.7 Conflict of Interest). Since no consent was given, any decision is void.

4. The Leadership never answered the complaint-not one word. Summary judgment should have been issued by the Eleventh Circuit because the complaint was unopposed since "no genuine dispute as to material facts and that the movant is entitled to judgment as a matter of law pursuant" to Rule 56, Summary Judgment under Federal Rules of Civil Procedure?

5. Instead, the Eleventh Circuit did a "Bankruptcy Freeze" only on my complaint about the lack of due process when the complaint was against the Leadership and MDL process only, and "Not Party (Description "Not Party Par

7

Pharmaceutical Inc" added by Court) Par Pharmaceutical" and its assets which is required for an automatic freeze. The request for an Automatic Freeze was submitted by an attorney from Reid Smith who is not the attorney of record for the bankruptcy of Par Pharmaceutical. Skadden Arps are the attorney handling the bankruptcy of Par Pharmaceutical and its parent Endo, not Reid Smith. Par Pharmaceutical assets were not impacted in any manner by Judith Cohen's complaint, and the action was not against the debtor or its property. Therefore, the Automatic Freeze with its limited application to Judith Cohen was a fraud, a lack of due process and thus void. The only explanation given for the Automatic Freeze was one word to the appeal "Denied."

Mr. Smith was wrong for entering "Denied" without explaining his decision because it makes his decision unreviewable, a denial of due process, and thus void. In Yist v. Nunnemaker, 501 U.S. 797, the Supreme Court held that where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same grounds. No grounds were ever stated when the original rejection was communicated nor by Mr. Smith and thus makes his decision void.

On December 6, 2022, several months after Defendants ejected approximately 50,000 Plaintiffs from the Registry, Judge Rosenberg issued a 341page opinion dismissing the lawsuit and started winding down the case which should terminate

8

the illegal Automatic Freeze issued by the 11th Circuit. The Automatic Freeze was in force until July 25, 2023 when the Eleventh Circuit attempted to dismiss my case based on no final order or judgment. Gelboim v. Bank of America Corp 574 U.S. (2015) contradicts this "…that dismissal of an action in its entirety as part of multidistrict litigation (MDL) triggers a parties' right to appeal under 28 U.S.C. 1291. A Motion for Reconsideration was filed on July 27, 2023 .

The law is well-settled that a void order or judgement is void even before reversal, *Valley V. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 41 S. Ct. 116 (1920) "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgements and orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal." *Williamson V. Berry*, 8 How. 945, 540 12 L. Ed. 1170, 1189 (1850). It has also been held that "It is not necessary to take any steps to have a void judgment reversed, vacated, or set aside, It may be impeached in any action direct or collateral." Holder v. Scott, 396 S.W.2d 906, (Tex.Civ.App., Texarkana, 1965, writ ref., n.r.e.). "A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and a well-established law that a void order can be challenged in any court." *Old Wayne Mut. L. Assoc. v. McDonough*, 204 U. S. 8, 27 S. Ct. 236 (1907).

Based upon the above, the MDL is void. In order to avoid future issues, it is requested that the Court order that all future MDL's be treated like class actions:

"All attorneys representing parties to this litigation, regardless of their role in the management structure of the litigation and regardless of this court's designation of Lead and Liaison Counsel, a Plaintiff's Executive committee and a Plaintiff's Steering Committee, continue to bear the responsibility to represent their individual client or clients." (77 Pretrial Order #4, In re: *Ethicon, Inc., Pelvic Repair System Products Liability Litigation*, No. 2:12-md-2327). *Ortiz Fibreboard Corp.*, 527 U.S. 815, 856 (1999) states that "It is obvious after Amchem that a class divided ... requires division into homogeneous subclasses under Rule 23(c)(4)(B), with separate representation to eliminate conflicting interests of counsel." Rule 23, even though it is for class actions, makes much more sense and defends the rights of the litigants as opposed to having them trampled by Leadership.

Dated:       August 11, 2023

                 *Respectfully Submitted*

                 *s/s Judith Cohen*

**UNITED STATES POSTAL SERVICE**

Retail

**P**

US POSTAGE PAID
$9.65
Origin: 11803
08/12/23
3537770803-11

**PRIORITY MAIL®**

0 Lb 3.40 Oz
RDC 01

EXPECTED DELIVERY DAY: 08/15/23

C028

SHIP TO:
701 CLEMATIS ST
WEST PALM BEACH FL 33401-5101



USPS TRACKING® #

9505 5138 9084 3224 7245 00



Package Pickup,
QR code.



0001000014

EP14F July 2022
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP

FROM:

J Cohen
758 Walnut St
Paramus NJ 07652

TO:

Judge Rosenberg
Clerk of the Court
701 Clematis St
West Palm Beach FL
33401