UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION

MDL DOCKET NO. 2924

Civil Action No. 9:20-MD-2924

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

**BRAND DEFENDANTS' SECOND OMNIBUS MOTION TO DISMISS CLAIMS OF POST-PTO 81 DELINQUENT PLAINTIFFS**

## INTRODUCTION

Brand Defendants[1] respectfully request that this Court dismiss with prejudice four additional Non-Designated Cancer cases filed or transferred to this Court after the date of Pretrial Order 81 ("PTO 81"), two of whom failed to meet their obligation under PTO 81 to file a Notice of Intent to Pursue a Non-Designated Cancer claim within 60 days of the date they filed in or were transferred to this Court, and two of whom failed to provide a general causation report within 60 days of the date such Notice of Intent was filed ("Post PTO-81 Delinquent Plaintiffs").[2]

## PROCEDURAL BACKGROUND

On February 14, 2023, this Court entered PTO 81 to address Non-Designated Cancer general causation procedures. PTO 81 instructed each Plaintiff alleging a Non-Designated Cancer to file a notice of intent to produce expert reports on general causation by April 12, 2023. Additionally, the deadline for Non-Designated Cancer Plaintiffs to serve general causation expert reports was June 12, 2023.

Anticipating that Non-Designated Cancer claims might be filed in or transferred to the MDL even after the entry of PTO 81, the Court clarified:

> [T]he requirements and deadlines established by this Order also apply to any future Plaintiff alleging a Non-Designated Cancer who files a complaint in this MDL after the date of this Order or who has his or her action transferred to this MDL after the date of this Order, except that the deadlines applicable to such Plaintiffs will be calculated based on the date of the filing of his or her complaint (e.g., a Plaintiff's deadline to disclose any Non-Designated Cancer that he or she intends to pursue with general causation experts shall be sixty days from the date of that Plaintiff's filing of his or her complaint), or in transferred cases either the date on which (a) the deadline to file a motion to remand expires, or (b) the Court enters an order on a motion to remand, whichever is applicable.

---

[1] Boehringer Ingelheim Pharmaceuticals, Inc., GlaxoSmithKline LLC, Pfizer Inc., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.
[2] Post PTO-81 Delinquent Plaintiffs subject to this motion are listed in Exhibit A.

1

PTO 81 at 3.

The Court further cautioned all Non-Designated Cancer Plaintiffs that the failure to file a notice or serve an expert report could result in the dismissal, with prejudice, of the Plaintiff's individual case. PTO 81 at 2. After the initial deadlines passed (i.e., the April 12 and June 12 deadlines applicable to Plaintiffs in the MDL as of February 14, 2023), Defendants filed Motions to Dismiss those Delinquent Plaintiffs who failed to meet the assigned deadlines. DE 6686; DE 6720; DE 6746. On July 14, 2023, the Court granted Defendants' motions and dismissed those Delinquent Plaintiffs with prejudice. DE 6766. On July 28, 2023, Defendants filed a motion to dismiss sixteen additional plaintiffs, who also failed to pursue their Non-Designated Cancer claims as directed by PTO 81.[3] DE 6800.

These four additional Post-PTO 81 Delinquent Plaintiffs (identified in Exhibit A) also failed to either file a Notice of Intent to pursue their claim or serve a general causation report related to a Non-Designated Cancer. The rolling 60-day filing deadlines have expired for these Post-PTO 81 Delinquent Plaintiffs, and therefore their complaints should also be dismissed with prejudice.

## **ARGUMENT**

Under Rule 41(b), a district court "may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Properties, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "The power to

---

[3] Please see Defendants' Notice of Non-Opposition regarding their first Motion To Dismiss Claims Of Post-PTO 81 Delinquent Plaintiffs, filed on August 17, 2023.

invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Id.* (internal quotation marks omitted). "A district court need not tolerate defiance of reasonable orders." *Id.* at 1241. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Courts presiding over large, coordinated proceedings like this one require "greater discretion to organize, coordinate, and adjudicate [their] proceedings, including the dismissal of cases for failure to comply with [their] orders." *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007); *see also In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d 351, 358 (5th Cir. 2020). In addition, Federal Rule of Civil Procedure 16(f)(1) states that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Sanctions available under Rule 37(b)(2)(A)(ii)-(vii) include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "The same criteria is used for evaluating dismissals under Rules 41(b) and 16(f)." *Martins v. Royal Caribbean Cruises, Ltd.*, 429 F. Supp. 3d 1315, 1323 (S.D. Fla. 2019) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Just as the Court found dismissal with prejudice appropriate for the Delinquent Plaintiffs in DE 6766, so too should these Post-PTO 81 Delinquent Plaintiffs be dismissed for many of the same reasons. First, these Post-PTO 81 Delinquent Plaintiffs have elected not to prosecute their

cases through their failure to either (i) file a notice of intent or (ii) serve a general causation expert report. *See* DE 6766 at 6. Second, the individual Plaintiffs' refusal to produce their evidence of general causation by a date certain amounts to a violation of the Court's Order. *See id.* Third, the Court's requirement to produce general causation evidence is necessary to avoid the congestion of its docket. *See id.* Fourth, the individual Plaintiffs' refusal to produce evidence amounts to "defiance of reasonable orders." *See id.* (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009)). The Court has made it abundantly clear that non-compliance with PTO 81 would have dire consequences. The Post-PTO 81 Delinquent Plaintiffs are identically situated as those previously dismissed with prejudice and should be subject to a similar outcome.

For these reasons, the Court should dismiss these Post-PTO 81 Delinquent Plaintiffs' claims in their entirety, with prejudice, pursuant to Rules 41(b) and 16(f).

## **CONCLUSION**

The record demonstrates that these Post-PTO 81 Delinquent Plaintiffs failed to prosecute their Non-Designated Cancer claims in this action and failed to timely comply with the Court's clear Orders. Brand Defendants respectfully request that the Court dismiss these Post-PTO 81 Delinquent Plaintiffs' Non-Designated Cancer claims in their entirety with prejudice, as forewarned in PTO 81 and DE 6271, and pursuant to Rule 41(b) and Rule 16(f).

Respectfully submitted,

By:     */s/ Anand Agneshwar*
Anand Agneshwar
**ARNOLD & PORTER**
**KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
anand.agneshwar@arnoldporter.com
*Attorney for Defendants Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.*

*/s/ Andrew T. Bayman*
Andrew T. Bayman
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Tel: (404) 572-3583
Fax: (404) 572-5100
abayman@kslaw.com
*Attorney for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*

*/s/ Mark Cheffo*
Mark Cheffo
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10019
Tel: (212) 689-3500
Fax: (212) 689-3590
mark.cheffo@dechert.com
*Attorney for GlaxoSmithKline LLC*

*/s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, SW
Washington, DC 20024
Tel: (202)-434-5000
Fax: (202)-434-5029
jpetrosinelli@wc.com
*Attorney for Defendant Pfizer Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2023, the foregoing Brand Defendants' Second Omnibus Motion to Dismiss Claims of Post-PTO 81 Delinquent Plaintiffs was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

*/s/ Joanne M. O'Connor*
Joanne M. O'Connor
JONES FOSTER, P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
Tel: (561) 659-3000
Fax: (561) 650-5300
JOConnor@jonesfoster.com

6