**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE: ZANTAC (RANITIDINE)                                        MDL NO. 2924
PRODUCTS LIABILITY                                                 20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO:**

*Harrelson v. Boehringer Ingelheim Pharmaceuticals, Inc, et al.*, **22-CV-81886**

**ORDER GRANTING THE PLAINTIFF'S MOTION TO REMAND**

**THIS CAUSE** is before the Court on the Plaintiff's Motion to Remand [DE 6874].  The

Motion has been fully briefed.[1]  For the reasons set forth below, the Motion is granted.

At the center of this MDL is a molecule known as ranitidine. 22-81886, DE 1-3.  Ranitidine,

commonly known as Zantac, alleviates heartburn. *Id.*  The Plaintiff alleges that ranitidine is

defective—he alleges that while ranitidine alleviates heartburn, it also promotes the growth of

cancer. *Id.*  In this suit, the Plaintiff names as Defendants the manufacturers who profited from the

sale of ranitidine. *Id.*  The Plaintiff brings various strict product liability claims against the

Defendants, but the Motion before the Court ultimately turns upon whether the Plaintiff has stated

a claim against a single Defendant, Boehringer Ingelheim Corporation ("BIC").  BIC is a parent

company to Boehringer Ingelheim Pharmaceuticals, Inc., a company that manufactured ranitidine.

DE 1-4 at 3.

This case was filed in Nevada state court.  The Plaintiff is a Nevada citizen. DE 1-1 at 2.

BIC is also a Nevada citizen. *Id.* at 5.  Thus, the parties are citizens of the same state and, at least

as a facial matter, this case (which is devoid of federal claims) may not be removed to federal

---

[1] The Court granted the Plaintiff permission to file a motion to remand at docket entry 18.

court. *E.g.*, *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see also* 28 U.S.C. § 1332(a).

Nonetheless, the Defendants removed this case to federal court, citing the doctrine of fraudulent joinder. Under that doctrine, a defendant's presence in a suit is ignored for the purpose of determining diversity jurisdiction when there is no "possibility that a state court would find the complaint states a cause of action" against the non-diverse defendant. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th Cir. 2018). The Defendants argue that because there is no possibility that BIC, as a parental holding company, could be found liable for the sale of ranitidine, BIC was fraudulently joined.[2] In the absence of BIC, the parties would be citizens of different states and, as a result, there would be federal jurisdiction in this case. Thus, the dispute before the Court centers on whether BIC was fraudulently joined.

The burden upon a removing party to establish fraudulent joinder is high. Indeed, the legal standard to establish fraudulent joinder is one of the highest in the law: "the removing party has the burden of proving by clear and convincing evidence that … there is **no possibility** the plaintiff can establish a cause of action." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (emphasis added). Doubts about the Court's jurisdiction over a removed action must be resolved in favor of remand. *Univ. of Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). The Defendants contend that BIC was fraudulently joined because the Plaintiff cannot state a claim against a parent holding company of a manufacturer. And there is certainly, at least as a general matter, case law in support of the Defendants' proposition. *E.g., United States v. Bestfoods*, 524

---

[2] It is unclear from the Plaintiff's Complaint, the Notice of Removal, and the parties' briefing whether the Plaintiff seeks to hold BIC (a brand-name Defendant) liable for the sale of generic ranitidine manufactured by a company unrelated to BIC. Lacking that clarity, the Court does not address the issue, however, for all of the reasons set forth in the Plaintiff's Motion to Remand the Court is persuaded that an "innovator liability" claim (which holds brand-name manufacturers liable for generic ranitidine) would be ripe for remand in light of recent Nevada case law on the issue. *See* DE 6874-1, 6874-2, 6874-3.

U.S. 51, 60 (1998) ("[A] parent corporation . . . is not liable for the acts of its subsidiaries.").

As the Plaintiff points out in her Motion and Reply, however, she has pled that BIC is liable

not just because it is a parent corporation of a manufacturer, but because it formed a joint venture

with, and was an alter ego for, the manufacturing company.  To plead these contentions, however,

the Plaintiff relies solely upon the following paragraph in her Complaint:

> Plaintiffs are informed and believe and allege that at all times mentioned herein,
> Zantac Manufacturer Defendants and Zantac Retail Defendants, DOES I through
> X and ROE BUSINESS ENTITIES XI through XX, inclusive, and each of them,
> were also known as, formerly known as and/or were the successors and/or
> predecessors in interest/business/product line/or a portion thereof, assigns, a parent,
> a subsidiary (wholly or partially owned by, or the whole or partial owner), affiliate,
> partner, co-venturer, merged company, alter egos, agents, equitable trustees and/or
> fiduciaries of and/or were members in an entity or entities engaged in the funding,
> researching, studying, manufacturing, fabricating, designing, developing, labeling,
> assembling, distributing, supplying, leasing, buying, offering for sale, selling,
> inspecting, servicing, contracting others for marketing, warranting, rebranding,
> manufacturing for others, packaging and advertising of Ranitidine Containing
> Drugs. Zantac Manufacturer Defendants and Zantac Retail Defendants, DOES I
> through X and ROE BUSINESS ENTITIES, inclusive, and each of them, are liable
> for the acts, omissions and tortious conduct of its successors and/or predecessors in
> interest/business/product line/or a portion thereof, assigns, parent, subsidiary,
> affiliate, partner, co-venturer, merged company, alter ego, agent, equitable trustee,
> fiduciary and/or its alternate entities in that Zantac Manufacturer Defendants and
> Zantac Retail Defendants, DOES I through X and ROE BUSINESS ENTITIES XI
> through XX, inclusive, and each of them, enjoy the goodwill originally attached to
> each such alternate entity, acquired the assets or product line (or portion thereof),
> and in that there has been a virtual destruction of Plaintiffs' remedy against each
> such alternate entity, and that each such Defendants has the ability to assume the
> risk spreading role of each such alternate entity.

DE 1-3 at 8-9.

Although the above-quoted allegation is conclusory,[3] the Plaintiff argues a conclusory

allegation is sufficient to survive a fraudulent joinder analysis. DE 6902 at 4.  Eleventh Circuit

---

[3] To establish alter ego liability or joint venture liability under Nevada law, the Plaintiff must show far more than she has alleged. *E.g., Bonanza Hotel Gift Shop, Inc. v. Bonanza No. 2*, 95 Nev. 463, 467 (Nev. 1979); *Bruttomesso v. Las Vegas Metro. Police Dep't*, 95 Nev. 151, 154 (1979).

3

case law supports her proposition.    Pursuant to cases such as *Stillwell v. Allstate Insurance Company*, 663 F.3d 1329, 1334 (11th Cir. 2011), conclusory allegations can defeat a fraudulent joinder removal when state pleading standards permit conclusory allegations.    Relying upon *Stillwell*, this Court has previously remanded cases in this MDL back to state court that contained conclusory allegations. *E.g.*, DE 6745.  In her Reply, the Plaintiff cites to a recent Nevada trial court decision that permitted the conclusory allegation of a joint venture. DE 6902 at 3; *AirBNB, Inc. v. Eighth Jud. Dist. Ct.*, No. 87079 (Nev. 2023).

In the Plaintiff's cited case, a plaintiff was shot by an unknown assailant while walking to a party. DE 6902 at 2-3.  The party was hosted by the plaintiff's friend, who was renting a home. *Id.*  The home was rented through AirBNB. *Id.*  The plaintiff sued AirBNB for the injuries resulting from the criminal shooting. *Id.*   The Plaintiff alleged a joint venture between AirBNB and the owner of the home with a single sentence in his complaint. *Id.*  The trial court accepted the joint venture allegation and denied AirBNB's motion to dismiss.

In light of the fact that a Nevada trial court accepted joint venture allegations as terse as the one in the AirBNB case, and in light of the low standard for notice pleading in Nevada,[4] this Court, at a minimum, has doubt over whether Nevada law would permit the Plaintiff's conclusory pleading of joint venture and alter ego liability.  Since doubts must be construed in favor of remand, and since the standard for fraudulent joinder is one of the highest in the law, the Court grants the Plaintiff's motion to remand.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Plaintiff's Motion

---

[4] Claims are only subject to dismissal under Nevada's pleading standard if "beyond a doubt," a plaintiff could prove "no set of facts" at trial that would entitle them to relief." *Buzz Stew, Ltd. Liab. Co. v. City of N. Las Vegas*, 124 Nev. 224, 228 (2008).

to Remand [DE 6902] is **GRANTED**.  The Defendants shall remove the Plaintiff's case from the lists of cases eligible for the entry of final judgment.  The Plaintiff shall e-mail a proposed order within two business days in Microsoft Word format to the Court that directs the Clerk to remand this case.

      **DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 17th day of August, 2023.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE