UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

**THIS DOCUMENT RELATES TO:**

| | |
|---|---|
| *Pierce v. Zantac Corporation et al.* | 9:23-cv-81121 |
| *Jeske et al. v. GlaxoSmithKline et al.* | 9:23-cv-81122 |

**JOHNSON & JOHNSON'S MOTION FOR LEAVE TO FILE MOTIONS TO DISMISS**

14513861

# INTRODUCTION

Johnson & Johnson has never sold, or manufactured for sale, Zantac or any ranitidine-containing product in the United States. Nonetheless it was named as a defendant in two cases recently transferred to this Court from the United States District Courts for the Eastern District of Michigan and the Northern District of Indiana. Because it never sold or manufactured for sale any ranitidine-containing products in the United States, Johnson & Johnson moved to dismiss both cases prior to their transfer under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The motions to dismiss in both cases were fully briefed prior to transfer but were still pending at that time. Johnson & Johnson maintains that there is no basis for its inclusion in these cases—the only ones pending against it—and, accordingly, no basis for its inclusion in this multidistrict litigation. Johnson & Johnson therefore seeks leave to file the attached motions to dismiss in both of these cases (*see* **Exhibits A & B**) or, in the alternative, respectfully requests that this Court issue a decision based on the briefing of the already-pending motions. *See* Dkt. Nos. 7, 8, 12, & 13, *Pierce v. Zantac Corporation et al.*, No. 9:23-cv-81121 (S.D. Fla.) ("*Pierce*"); Dkt. No. 8, *Jeske et al. v. GlaxoSmithKline et al.*, No. 9:23-cv-81122 (S.D. Fla.) ("*Jeske*"). Pursuant to the Court's Amended Pretrial Order #24 (9:20-MD-2924 Dkt. No. 767), on August 11, 2023, counsel for Johnson & Johnson contacted Co-Lead Defense Counsel and Special Master Dodge regarding the relief sought in this motion. Neither Co-Lead Defense Counsel nor Special Master Dodge provided a position on the motion.

# BACKGROUND

A.  **Johnson & Johnson Has Never Sold or Manufactured for Sale Any Ranitidine-Containing Products in the United States.**

Johnson & Johnson is a healthcare products company incorporated in the State of New Jersey with a principal place of business in New Brunswick, New Jersey. Ex. C at 1 (Johnson &

14513861

Johnson, Annual Report (Form 10-K).  Johnson & Johnson has never marketed, sold, distributed or manufactured for sale in the United States any products containing ranitidine, including Zantac.

Zantac and its generic counterparts are widely sold heartburn and gastric treatment medications.  9:20-MD-2924 Dkt. No. 2512, Mot. to Dismiss Order at 2.  Ranitidine is the active ingredient in these drugs.  Since the 1980s, Zantac has been sold in the United States.  *Id.*  The U.S. Food and Drug Administration ("FDA") approved Zantac for prescription sale by GlaxoSmithKline ("GSK") in 1983.  *Id.*  Ten years later, in 1993, GSK entered into a joint venture with Warner-Lambert to develop an over-the-counter ("OTC") version of Zantac.  *Id.*  GSK and Warner-Lambert received FDA approval in 1995 for the sale of OTC Zantac.  *Id.*  When the joint venture ended in 1998, Warner-Lambert retained the right to sell OTC Zantac in the United States and GSK retained the right to sell prescription Zantac in the United States.  *Id.*  Pfizer acquired Warner-Lambert in 2000.  *Id.*  In 2006, Johnson & Johnson acquired "Pfizer's Consumer Healthcare Division" pursuant to "the 'Stock and Asset Purchase Agreement' dated June 25, 2006, between Johnson & Johnson and Pfizer Inc."  U.S. Federal Trade Commission ("FTC"), January 16, 2007 Decision and Order ("FTC Decision and Order"), Ex. D at 3.[1]  Pfizer's Consumer Healthcare Division included all of Pfizer's "Zantac Products." *Id.* at 22.  But to receive approval from the FTC for the acquisition, Pfizer and Johnson & Johnson agreed to contemporaneously "divest the Zantac Assets, absolutely and in good faith, to [Boehringer Ingelheim Pharmaceuticals, Inc.] pursuant to and in accordance with the Zantac Divestiture Agreement," which referred to the "Asset Purchase Agreement among Johnson & Johnson, Pfizer Inc. and Boehringer Ingelheim

---

[1] The FTC Decision and Order is available at https://www.ftc.gov/sites/default/files/documents/cases/2007/01/0610220c4180decisionorder_publicversion.pdf (last visited Aug. 18, 2023).

2

14513861

Pharmaceuticals, Inc., dated as of October 12, 2006." *Id.* at 6, 22. Accordingly, Johnson & Johnson never sold the Zantac Products in the United States. Sometime afterward, Boehringer Ingelheim transferred its right to sell OTC Zantac to Sanofi. Dkt. No. 2512 at 2.

### B. Johnson & Johnson Is Erroneously Named in Two *Pro Se* Complaints

On March 28, 2023, Cynthia Pierce filed a complaint in the United States District Court for the Northern District of Indiana related to the death of her husband against several companies, including Johnson & Johnson, which she alleges "sold ranitidine based heartburn medicine." *Pierce* Compl. ¶ 1. On March 31, 2023, Plaintiff Jan M. Jeske, filed a complaint against several companies, including Johnson & Johnson, on behalf of her deceased father, Joseph A. Jeske, and in her own capacity in the United States District Court for the Eastern District of Michigan. *See Jeske* Compl. ¶ 1. On April 20, 2023, Johnson & Johnson sought dismissal from both actions on the grounds that the courts in Indiana and Michigan did not have personal jurisdiction over Johnson & Johnson—a New Jersey incorporated and headquartered company—and that Plaintiffs had failed to state a claim because Johnson & Johnson never sold or manufactured for sale any ranitidine-containing products in the United States. *Pierce* Dkt. Nos. 7 & 8; *Jeske* Dkt. No. 8. Plaintiff Cynthia Pierce filed a response to Johnson & Johnson's motion to dismiss on May 15, 2023, and Johnson & Johnson filed a reply on May 22, 2023. *Pierce* Dkt. Nos. 12 & 13. Under the Local Rule 7.1(e)(2) of the United States District Court for the Eastern District of Michigan, Plaintiffs in *Jeske* had 21 days to file a response to Johnson & Johnson's motion to dismiss but failed to do so. With the motions to dismiss still pending, on August 7, 2023, both *Pierce* and *Jeske* were transferred to this Court.

## ARGUMENT

### I. WITHOUT PERSONAL JURISDICTION, THIS COURT IS POWERLESS TO TAKE FURTHER ACTION OVER JOHNSON & JOHNSON

3

"A court without personal jurisdiction is powerless to take further action." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). The Court should therefore grant Johnson & Johnson's motion to "consider this threshold jurisdictional issue." *Meyer v. Carnival Corp.*, 938 F. Supp. 2d 1251, 1254 (S.D. Fla. 2013). Personal jurisdiction comes in two varieties. *First*, there is "general jurisdiction," which allows a court "to hear any and all claims against" a defendant "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (cleaned up). *Second*, there is "specific jurisdiction" in which "the commission of some single or occasional acts of the corporate agent in a state may sometimes be enough to subject the corporation to jurisdiction in that State's tribunals with respect to suits relating to that in-state activity." *Daimler*, 571 U.S. at 127.

Neither species of personal jurisdiction is present here. Johnson & Johnson is headquartered and has its principal place of business in New Jersey, and because it did not sell or manufacture for sale any ranitidine-containing products in the United States it had no suit-related contact with Indiana, Michigan, or any other state for that matter.

## II. PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST JOHNSON & JOHNSON BECAUSE IT NEVER SOLD THE PRODUCTS AT ISSUE IN THE UNITED STATES

Neither the Plaintiff in *Pierce* nor the Plaintiffs in *Jeske* have plausibly alleged that Johnson & Johnson ever sold or otherwise controlled any ranitidine-containing products that were placed in commerce in the United States. For the Plaintiffs in *Jeske* to state a claim against Johnson & Johnson for "products liability under Michigan law, [they] must demonstrate both that Defendant supplied a product that was defective and that the defect caused the injury." *Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 922 (E.D. Mich. 2022) (citation omitted). For the Plaintiff in *Pierce* to state a claim against Johnson & Johnson for product liability she "must prove that: (1) the product

4

was defective and unreasonably dangerous; (2) the defective condition existed at the time the product left [Johnson & Johnson's] control; and (3) the defective condition was the proximate cause of [Ms. Pierce's] injuries." *Campbell v. Supervalu, Inc.*, 565 F. Supp. 2d 969, 977 (N.D. Ind. 2008). The Plaintiffs cannot plausibly allege that Johnson & Johnson controlled or supplied the products at issue because it never sold any ranitidine-containing products in the United States.

### III. CONSIDERING JOHNSON & JOHNSON'S MOTION TO DISMISS WILL NOT AFFECT THE MDL

Johnson & Johnson's motions to be dismiss *Pierce* and *Jeske* have no implications on the broader MDL. Johnson & Johnson previously has not been a named party in the MDL. *Pierce* and *Jeske* are the only cases in the MDL that mistakenly join Johnson & Johnson as a defendant. Given that, rendering a decision on these motions would not have any effect on any prior rulings of this Court nor would it in any way affect the future proceedings related to the other defendants.

### IV. THE MOTIONS TO DISMISS IN THESE ACTIONS REMAIN PENDING

The transfer of *Pierce* and *Jeske* to this Court neither resolved nor mooted Johnson & Johnson's fully briefed motions to dismiss. Absent a decision by the transferor court, pending motions ordinarily "carry with the case." *Prison Legal News v. The Geo Grp., Inc.*, No. 3:12CV152/RV/EMT, 2012 WL 12919348, at *2 (N.D. Fla. May 9, 2012). "The procedural impact of the transfer upon these [pending] motions . . . may be determined by the transferee court." *Botha v. Sony Music Entm't*, No. 8:18-cv-01145-T-33JSS, 2018 WL 7252938, at *1 n.1 (M.D. Fla. July 30, 2018). Here, this Court can and should exercise its authority to determine that these motions are ripe for resolution and decide them.

### CONCLUSION

Johnson & Johnson respectfully requests leave to file the attached motions to dismiss or, in the alternative, for the Court to decide the already pending motions to dismiss.

5

14513861

**CERTIFICATE OF CONFERENCE**

Pursuant to this Court's Amended Pretrial Order No. 24, I certify that on August 11, 2023, I contacted Co-Lead Defense Counsel and Special Master Dodge, regarding the relief sought in this motion, neither Co-Lead Defense Counsel nor Special Master Dodge provided a position on the motion.  In addition, efforts to confer with the *pro se* plaintiffs relative to the underlying relief requested were not successful.

Dated:  August 18, 2023

By: */s/ Rachel Sherman*

Rachel Sherman
Lachlan Campbell-Verduyn
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 336-2000
Facsimile:   (212) 336-2222
rsherman@pbwt.com
lcampbellverduyn@pbwt.com

*Attorneys for Johnson & Johnson*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 18, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve an electronic copy to all registered users. **I ALSO CERTIFY** that on this same date, a true and correct copy of this filing was served via overnight U.S. Mail upon:

Jan M. Jeske

207 West Midland Street

Bay City, MI 48706

989-280-1498

*Pro Se Plaintiff, Jeske et al. v. GlaxoSmithKline et al.*, No. 9:23-cv-81122


Cynthia Pierce

4868 Grant Street, #30

Gary, IN 46408

*Pro Se Plaintiff, Pierce v. Zantac Corp. et al.,* No. 9:23-cv-81121

                                                /s/ *Rachel Sherman*
                                                      Rachel Sherman