FILED BY _____ D.C.

AUG 21 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PERRY PATTERSON §
pro se plaintiff,

v. § Civil Action No: 9:21cv82140-RLR
( 20-MD-2924 )

TEVA USA ET AL
( Brand Defendants) §

PRO SE PLAINTIFF'S OBJECTION TO THE COURT'S TENTATIVE ORDER ON FINAL JUDGMENT

The plaintiff, pro se, Perry Patterson, timely objects to this Court's intent to issue Final Judgment and in support of his objection submits the following facts, law and arguments;

1. This Court has repeatedly deprived this/other pro se litigants ( especialy those incarcerated ) of any, literally, proceedings or prosecution what-so-ever. The Court has repeatedly referenced non-compliance to P.T.O.s that were not only never sent to incarcerated pro se plaintiffs, but were repeatedly refused to be sent uopn numerous requests to obtain said documents necessary for said prosecution. F.R.C.P. secures the rights to such documents and any local rules, which were also denied to pro se plaintiffs. Court liasons, Frank Maderal, and all appointed counsels to free world so-called-tag along plaintiffs, deliberately ignored all communication and refused to respond. fundamentally depriving pro se litigants of a constitutional fourteenth amendment right to due process. The Court refused to even consider any pro se motions or evidence ( or allow the obtaining of same) even though the U.S. Supreme Court determined that prisoners must be given "liberal Construction" in their pleadings, as in **Sause v. Bauer**, 138 S.Ct. 2651 ( 2018).

The Court should've been aware that pro se plaintiffs intended to present very much different evidence than the inexperienced attorneys this Court actively invited to " partcipate " in representing free world plaintiffs

and whom presented NDMA research from rubber tires instead of competent medical evidence of 150mg. tablet effect on a humane digestive system, especialy after being comprimised by extreme heat exposure or the actual document # 5271 page 2 of 3 produced by the defendants themselves that stated "...the product is heat sensitive...the product need to be shipped in contrlled temperature trucks ( U.S. Mail trucks are not a?c'd), the product need to be clearly labeled as- toxic byproduct can be generated if the room temperature is not maintained,...in the interest of public safety...dispensed by prescription only". The plaintiffs pro se never received consideration to obtain nor present their evidence through denail of all motions due to failure to comply with P.T.O.s withheld from them deliberately, claim of deliberate supported by numerous pleadings to the Clerk of the Court and the Court itself to provide said rules so as to comply and be heard being deliberately denied time and time again.

    This plaintiff's claim was in fact filed as # 4:21cv531 in the southern district of Houston on Febuary 11th, 2021 as a "prisoner civil rights complaint" and then transferred to Texarkana before an Amended Complaint was ruled uppn and then forced into this MDL without any pleadings ever considered. This claim was also taken into Washington D.C. by the panel and then sent to Arizona for a hearing session by the U.S. Judicial Panel on March 30, 2023.

    In every instance, the plaintiff was allowed to prosecute his claim except for this Court in Florida for the same reason of non-compliance of undisclosed P.T.O.s or local rules never provided to prosse plaintiff. ( The Court is not supposed to decide disputed facts or access credibility on a summary judgment motion) per F.R.C.P. rule 56(c)(1) and a " genuine issue exists if evidence is such that a reasonable jury could return a verdict for the non-moving party" as in **Anderson v. Liberty Lobby Inc.**, 477 U.S. 242,248 , 106 S.Ct. 2505 (1986). This pro se plaintiff is competently able to fully comply with any

of this Court's local rules or P.T.O.s if disclosed as he has done in two successful prosecuions. see **Patterson v. oakes,** WL2712477 (2023) and **Patterson v. Stanley,** 547 fed. appx. 510 (2015)

This Court should not grant final judgment before allowing pro se plaintiff's to obtain their own evidence and to submit such for consideration as free world claimants were allowed to do with out descrimination simply because we are not able to use the web or have internet access and are therefore ignored in our proceedings - for not following rules expressly withheld from us even when requested repeatedly. Pro se Plaintiffs intend to submit evidence that may meet or beat this Court's threshhold of it's determined exposure amounts to carcinogens higher or " different than the E.P.A.'s" The other allegations in this Plaintiff's claims ( such as the exceeded prescribed amount effect of 600mg. over 3 years ) as in **Applehunt v. Walgreens Co.,** 2023 U.S. Dist. Lexis 96720, # 22cv138-KHR need also to be addressed and ruled upon by the Court.

Based on the evidence by the defendants and the plaintiffs, ranitidine does in fact become more toxic when exposed to heat and the determination of how toxic it becomes when taken in 600mg quanities need be determined also.

CONCLUSION

For the above-mentioned reasons, the pro se plaintiff's claim should not dismissed nor the defendants summary judgment granted.

WHEREFORE the plaintiff prays this Court grant a motion for the first time of all filed motions that were never considered, and deny defendant's final judgment, proceed to trial and remand partto Texas state to address specific relevant temperature negligences by state officials.

Respectfully submitted,

Perry Patterson # 1673121
Pack 1
2400 Wallace Pack rd.
Navasota,TX.77868

*Perry Patterson*

dated  August 8th, 2023

Perry Patterson # 1673121
Pack 1
2400 Wallace Pack rd.
Navasota, TX. 77868

NORTH HOUSTON TX 773
14 AUG 2023 PM 3 L

U.S. District Court - S.D.
400 N. Miami Ave. rm# 8N09
Miami, FL. 33128-7716

33128-771699

legal mail