UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)          MDL NO. 2924
PRODUCTS LIABILITY               20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

ORDER OVERRULING OBJECTIONS
TO TENTATIVE ORDER ON FINAL JUDGMENT

This matter is before the Court on the Plaintiffs' objections to the Court's tentative order on final judgment at docket entry 6787. The Court first addresses the objections filed by Plaintiffs' Leadership before turning to all remaining objections. The Court presumes the parties are familiar with the issues and the procedural history of this MDL and, in the interest of speed and efficiency, the Court does not set forth here a discussion of the background underpinning this Order.[1]

Objections by Plaintiffs' Leadership

Plaintiffs' Leadership objects to the Court's entry of Rule 58 final judgment in cases filed after November 15, 2021, the date the Court entered Rule 54(b) judgment in certain cases. Plaintiffs' Leadership's objection is on behalf of Plaintiffs who filed suit after the November 15 date and also filed a notice of appeal. Plaintiffs' Leadership's objection is premised on the fact that the Court's Rule 54(b) judgment contained a sentence that stated that the judgment would be "effective as of the date that an individual Plaintiff files . . . a Short Form Complaint." Thus, Plaintiffs' Leadership argues that Rule 54(b) judgments were entered after November 15, 2021

---

[1] A detailed summary of the issues, the factual background, and the procedural background underpinning this Order may be found at docket entries 6787 and 6622.

(upon the filing of a Plaintiff's Short Form Complaint), in various cases, and that the entry of those judgments deprives this Court of the jurisdiction to enter Rule 58 final judgment on those claims in the present. The Court overrules the Plaintiffs' objection for three reasons, each delineated in **bold** below.

**First**, Plaintiffs' Leadership is estopped from arguing that Rule 54(b) judgments were entered on a rolling basis after November 15, 2021, in each individual case in this MDL, without Court action of any kind. The language at issue (that the judgment was effective on the date a Plaintiff filed a Short Form Complaint) was *agreed to* by Plaintiffs' Leadership. DE 6900-1 at 3.[2] The Court entered Rule 54(b) judgment, as drafted by the Defendants, based upon Plaintiffs' Leadership's *consent* to the wording of the judgment. In agreeing to the wording of the Defendants' Rule 54(b) judgment, Plaintiffs' Leadership agreed that: (i) individual cases in the future would have no right to dispute the entry of judgment, prior to the entry of that judgment, (ii) individual cases in the future would have final judgment entered without an order to show cause process from the Court, (iii) individual cases in the future would be subject to the Court's prior rulings automatically, and (iv) individual cases' respective identities need not be recognized—one entry of judgment on the main MDL docket, without any judgment or docket entry appearing in the individual case—was sufficient.

Over a year after the Court entered Rule 54(b) judgment, Plaintiffs' Leadership took the opposite legal position. Instead of arguing that individual cases have no right to dispute the entry of judgment, Plaintiffs' Leadership argued that individual cases had every right, and that the Court

---

2 The Plaintiffs incorrectly represent that the language was inserted in the judgment "over objection." DE 6873 at 4. Instead, the draft final judgment was e-mailed to the Court on November 5, 2021, from the Plaintiffs, not from the Defendants, and the e-mail informed the Court that the judgment was the parties' proposed final judgment.

2

had to utilize an order to show cause process before entry of judgment. *E.g.,* DE 6540 at 2. Relatedly, instead of arguing that all later-filed cases in the MDL were subject to the Court's prior rulings, Plaintiffs' Leadership argued that it was a legal impossibility that later-filed cases were automatically subject to the Court's earlier-entered rulings. *Id.* Finally, instead of arguing that individual cases' respective identifies need not be recognized, Plaintiffs' Leadership took the position that the identity of each individual case had to be treated as fully distinct. *Id.*

The Court accepted Plaintiffs' Leadership's new position and granted the Plaintiffs an order to show cause process precisely as Plaintiffs' Leadership requested. In its tentative order on final judgment, the Court reaffirmed its acceptance of Plaintiffs' Leadership's legal position and, consistent with that position, the Court outlined its tentative conclusion that: (i) cases filed after its entry of Rule 54(b) judgment had to have their respective identities recognized, (ii) the Court's earlier rulings could not automatically apply to later-filed cases without Court action or without an order to show cause process, and (iii) because the Court never entered Rule 54(b) judgment after November 15, 2021, no case filed after that date ever received the entry of a Rule 54(b) judgment.

Now, in its objection to the Court's tentative order, Plaintiffs' Leadership changes its legal position again, arguing: "Nothing the parties have said in 'recent briefing' about what the Court should do in the future can alter what the Court has already done in the past." DE 6873 at 4. But the Court did not enter Rule 54(b) judgment in individual cases after November 15, 2021; the Court took no action of any kind. What the Court endeavored to understand, in its tentative order on final judgment, was the *legal meaning* of words that Plaintiffs' Leadership previously agreed to, together with the *legal ramifications* of (i) the Court never actually entering Rule 54(b)

3

judgments after November 15, 2021, and (ii) no party moving for the Court to enter Rule 54(b) judgments. Plaintiffs' Leadership previously took one legal position on these questions, and then it took another. Now, Plaintiffs' Leadership has returned to its original position.

Judicial estoppel is an equitable concept that is intended to protect "the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001). For judicial estoppel to apply, courts consider three factors: (i) whether a party has taken a position that is "clearly inconsistent" with an earlier position, (ii) whether a party succeeded in persuading the tribunal to accept the earlier position, so that judicial acceptance of the inconsistent position creates the perception that the court was misled, and (iii) whether acceptance of the inconsistent position would derive an unfair advantage to the opposing party. *Id.*

Here, the first factor weighs in favor of judicial estoppel. Plaintiffs' Leadership originally consented to the idea that individual cases could be subject to the Court's rulings without further Court action and then, when the exigencies of the moment changed, Plaintiffs' Leadership altered its position to argue the opposite—that it was a legal impossibility for earlier rulings to apply to later-filed cases. Now, Plaintiffs' Leadership has returned to the idea that the Court's earlier-entered rulings automatically apply to later-filed cases, in the absence of any Court action. These positions are clearly inconsistent.

The second factor weighs in favor of judicial estoppel. When Plaintiffs' Leadership previously altered its legal position, the Court could have posed questions, such as: "If the identity of individual cases must be recognized, why did Plaintiffs' Leadership previously consent to a process that does not recognize the identity of individual cases?" The Court did not pose such a

4

question. Instead, the Court accepted Plaintiffs' Leadership's legal position in full. Now, Plaintiffs' Leadership has returned to its original position—which it previously accepted via consent—that it had abandoned. Having permitted Plaintiffs' Leadership to alter its legal position in the past, Plaintiffs' Leadership should not be permitted to alter its position once again.

The third factor weighs in favor of judicial estoppel. Returning to Plaintiffs' Leadership's original position would result in further delay and costs to the Defendants; instead of a final Rule 58 judgment on all claims, Plaintiffs' Leadership's position would result in the need (should they prevail on appeal) for the pertinent cases on appeal to be remanded back to this Court, to be followed by additional, repetitive litigation and costs.

In conclusion, the Court demonstrates the basis for judicial estoppel with a hypothetical. Applying Plaintiffs' Leadership's current legal position, upon the filing a notice of appeal in a hypothetical case, such as *Smith v. Pfizer*, the logical question for an appellate court is: "Where is the order being appealed?" Plaintiffs' Leadership would have to respond with a citation not to the docket in *Smith v. Pfizer*, but to the main MDL docket. They would have to respond with a citation to an order that predated the initiation of *Smith v. Pfizer*. And when asked how the individual, case-specific pleading in *Smith v. Pfizer* was formally disposed of by this Court, they would be unable to point to any ruling at all. And all these answers to the appellate court, by Plaintiffs' Leadership, would conflict with the legal positions it has taken in this MDL which the Court has previously accepted.

For all of the foregoing reasons, Plaintiffs' Leadership's objections on this point are overruled because Plaintiffs' Leadership is judicially estopped from arguing that the Court's earlier

entry of Rule 54(b) judgment had an automatic effect on later-filed cases without any further Court action.

**Second**, Plaintiffs' Leadership's objections are overruled because they have provided no authority for their legal position. In its tentative order, the Court observed that it was "unfamiliar with the idea of a self-executing entry of judgment without Court action." DE at 6787 at n.14. In other words, although the Rule 54(b) judgment facially contained language for the proposition that somehow Rule 54(b) judgments would continue to be effective in the future, the Court simply does not understand how that language could carry any legal significance.[3] The Court does not understand how a Rule 54(b) judgment could be entered in a *new* case without court action, without an underlying motion, and without the involvement of the Clerk of the Court. Thus, while the language in the Rule 54(b) judgment would appear to have facially entitled certain Defendants to judgment in future cases, the Court fails to see how that entitlement ever materialized into an actual, appealable judgment. Stated another way, while the Rule 54(b) judgment may have had the potential to generate legal error—entry of Rule 54(b) judgment in later-filed cases—the Court fails to see how that potential for legal error ever manifested. The Court gave the Plaintiffs the opportunity to provide authority for the proposition that a "self-executing" judgment was a legal possibility, but they have provided none. The Court is unaware of any authority for the proposition that a judgment may enter itself, without court action, on a rolling basis in future cases. Thus, the

---

3 The parties did not brief the legal support (or lack thereof) for the Defendants' inclusion of the relevant language, and the Court did not independently research the issue because of the Plaintiffs' consent to the inclusion. As a result, the Court did not fully appreciate the procedural ramifications associated with a "self-executing" judgment when it entered the judgment. In perfect hindsight, however, the parties' lack of briefing and focus on this issue may have been because, in November of 2021, the Court (and the parties) lacked appellate guidance on the proper perfection of appeals from individual cases in an MDL. *See Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55 (3d Cir. 2023).

Court fails to see how the language in the Rule 54(b) judgment had any impact in later-filed cases. Instead, the Court's Rule 54(b) judgment laid dormant, and was not entered in any future case.

**Third**, Plaintiffs' Leadership's objections are overruled because the objections are contrary to legal precedent. The Court's conclusion that the Rule 54(b) judgment had no impact on any later-filed case is consistent with Eleventh Circuit precedent *in this MDL* and with analogous appellate case law, as explained in the Court's tentative order on final judgment and in the Court's Rule 56(f) summary judgment order. *See* DE 6787, 6622. For all of the reasons set forth in the Court's tentative order on final judgment, the Court's Rule 56(f) summary judgment order, and in the Defendants' Response to Plaintiffs' Leadership's objections, the identity of later-filed cases in this MDL must be recognized and were not, because of their filing date, automatically subject to this Court's earlier entry of Rule 54(b) judgment.

<u>Objections by Individual Plaintiffs</u>

Several Plaintiffs argue that this Court lacks jurisdiction to enter Rule 58 final judgment because they previously filed notices of appeal. Because those Plaintiffs filed notices of appeal relatively recently,[4] however, the Court does not lack jurisdiction for all of the reasons set forth in its prior ruling at docket entry 6853 and in the Defendants' Response to the Plaintiffs' objections at docket entry 6900. Stated succinctly, the "filing of a notice of appeal from a nonappealable order should not divest the district court of jurisdiction." *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979).

A number of Plaintiffs dispute how final judgment should be entered in their respective cases. *See* DE 6900 at 10-15. To the extent the Defendants agree with any filed objection, the

---

4 The Plaintiffs did not file notices of appeal in 2021, after the Court's entry of Rule 54(b) judgment.

Defendants shall amend the lists of cases eligible for final judgment accordingly. Relatedly, to the extent the Defendants' response is silent as to an individual Plaintiff's objection, the Defendants should also amend the lists of cases eligible for final judgment accordingly.

The individual Plaintiffs' objections to which the Defendants do not agree appear on pages 10 through 15 of the Defendants' Response to objections. The Court has reviewed the Defendants' bases for opposing the Plaintiffs' objections and agrees with the Defendants; the Plaintiffs' objections that appear on pages 10 through 15 of the Defendants' Response are overruled for all of the reasons set forth in the Defendants' Response. The Defendants shall, if necessary, amend the lists of cases eligible for final judgment, consistent with the Court's rulings in this Order.

The Defendants shall file amended lists of cases eligible for final judgment, consistent with this Order, on or before August 25, 2023. The Defendants shall also e-mail Microsoft Word copies of the lists, together with Microsoft Excel spreadsheets containing the data on the lists, to rosenberg@flsd.uscourts.gov on or before August 25, 2023.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 23rd day of August, 2023.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record