## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC  (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO 2924 20-MD-2924 |

**JUDGE ROBIN L. ROSENBERG**
**MAGISTRATE JUDGE BRUCE REINHART**

_____

**THIS DOCUMENT RELATES TO:**

**20-MD-2924**

*Plaintiff Brian Herbert Stoltz*
*Civil Action Number 3:23-cv-23079-RLR*

*Plaintiff Tammy Rene Seal Pierce*
*Civil Action Number 3:23-cv-23080-RLR*

<u>**PLAINTIFFS' STOLTZ AND PIERCE RESPONSE IN OPPOSITION**</u>
<u>**TO BRAND DEFENDANTS' SECOND OMNIBUS MOTION TO DISMISS**</u>
<u>**CLAIMS OF POST-PTO 81 DELINQUENT PLAINTIFFS**</u>

## I.      <u>INTRODUCTION</u>

Non-Designated Cancer Plaintiffs, BRIAN HERBERT STOLTZ and TAMMY RENE SEAL PIERCE, (collectively "Stoltz-Pierce"), by undersigned counsel, files this Response and Memorandum of Law to *Brand Defendants' Second Omnibus Motion to Dismiss Claims of Post-PTO 81 Delinquent Plaintiffs* (Rec. Doc. 6705).  Mr. Stoltz has suffered from prostate cancer and Ms. Pierce has suffered from colorectal cancer, both "Non-Designated" Cancers.

## II.      <u>PROCEDURAL BACKGROUND</u>

**A.    <u>Plaintiffs, Brian Herbert Stoltz and Debra Simon Stoltz</u>**

1.      Plaintiffs, Brian Herbert Stoltz and Debra Simon Stoltz's consortium claim, filed a Short Form Complaint - Version 3 into this MDL on June 13, 2023, naming both Brand, Generic Manufacturing Defendants, as well as Retail Sellers (Rec. Doc. 6701).

2.      Plaintiffs, Brian Herbert Stoltz and Debra Simon Stoltz, timely filed an original Notice, pursuant to Pretrial Orders #80 and #81, of their filing the Non-Designated Cancer Case, Short Form Complaint, and Response to this Honorable Court's Pretrial Orders under Case Number 9:20-md-02924 on June 13, 2023 (Rec. Doc. 6703).

3.      Plaintiffs, Brian Herbert Stoltz and Debra Simon Stoltz, further timely responded to Pretrial Order #81 that they intended to pursue this action and to provide general causation expert reports within sixty (60) days from the date of filing the Complaint (Rec. Doc. 6717), or by August 12, 2023.

4.      Plaintiffs, Brian Herbert Stoltz and Debra Simon Stoltz, were unable to fulfill their good faith intentions to tender general causation reports within sixty (60) days from the date of filing the Complaint due to the extremely short delay between filing of the original complaint into the MDL and the requirement under the Order to provide expert reports.

5.      Plaintiffs, Brian Herbert Stoltz and Debra Simon Stoltz, concur that dismissal is proper under Pretrial Order #81, however, pray that the dismissal be ordered, without prejudice.

**B.      Plaintiffs, Tammy Rene Seal Pierce and Terry Wendell Pierce, Jr.**

6.      Plaintiffs, Tammy Rene Seal Pierce and Terry Wendell Pierce, Jr.'s consortium claim, filed a Short Form Complaint - Version 3 into this MDL on June 13, 2023, naming both Brand, Generic Manufacturing Defendants, as well as Retail Sellers (Rec. Doc. 6702).

7.      Plaintiffs, Tammy Rene Seal Pierce and Terry Wendell Pierce, Jr., timely filed an original Notice, pursuant to Pretrial Orders #80 and #81, of their filing the Non-Designated Cancer Case, Short Form Complaint, and Response to this Honorable Court's Pretrial Orders under Case Number 9:20-md-02924 on June 13, 2023 (Rec. Doc. 6704).

8.      Plaintiffs, Tammy Rene Seal Pierce and Terry Wendell Pierce, Jr., further timely responded to Pretrial Order #81 that they intended to pursue this action with general causation experts within sixty (60) days from the date of filing the Complaint (Rec. Doc. 6718), or by August 12, 2023.

9.      Plaintiffs, Tammy Rene Seal Pierce and Terry Wendell Pierce, Jr., were unable to fulfill their good faith intentions to tender general causation reports within sixty (60) days from the date of filing the Complaint due to the extremely short delay between filing of the original complaint into the MDL and the requirement under the Order to provide expert reports.

10.      Plaintiffs, Tammy Rene Seal Pierce and Terry Wendell Pierce, Jr., concur that dismissal is proper under Pretrial Order #81, however, pray that the dismissal be ordered, without prejudice.

**C.      Plaintiffs' Court-Appointed Leadership**

11.     On January 25, 2022, Plaintiffs' Court-Appointed Leadership notified the Court that, pursuant to Pretrial Order 30, they were amending its initial disclosure to effectively exclude submission of general causation expert reports to all but cancers including bladder, esophageal, gastric, liver, and pancreatic.  That they no longer intended to provide general causation expert reports for, among others, prostate and colorectal/intestinal cancers, which had been claimed by Stoltz-Pierce in their Census Registration (Rec. Doc. 5147).

**D.**     **The Court's Pretrial Order #81 -** ***Further Proceedings for Cases Alleging Non-Designated Cancers***

12.     On February 14, 2023, this Court entered Pretrial Order #81 to establish deadlines and procedures for the Non-Designated Cancer cases involving Plaintiffs who wished to pursue their cases (Rec. Doc. 5348, Paragraph 14), which provided in pertinent part:

> "If any Plaintiff fails to meet the requirements and deadlines established by this Order, his or her action **may** be subject to dismissal with prejudice under Rule 41(b)" (emphasis added).

13.     The Court further noted that for complaints filed in this MDL after the date of Pretrial Order #81, that the deadlines will be calculated based upon the date of filing his or her complaint. The Court additionally stated that:

> "The requirements of this Order do not apply to Non-Designated Cancer cases that do *not* bring a claim against a Brand Defendant, *unless* the individual Short Form Complaint asserts a claim against a non-Brand Defendant that was not adjudicated in the Court's previous rulings."

14.     In Footnote 5, the Court noted that:

> "As will be explained in a forthcoming order, the non-Brand Defendants previously sought for the Court's federal pre-emption rulings on the master complaints to be applied to individual Short Form Complaints when the non-Brand Defendants requested (and received) entry of certain Rule 54(b) partial final judgments.  For that reason, there is no reason for Non-Designated Cancer claims against non-Brands to proceed to general causation, unless an individual Plaintiff has independently pled

a claim in his or her Short Form Complaint that is distinct from the claims the Court addressed in the master complaints."

**E.      Brand Defendants**

15.      Brand Defendants did not include "Non-Designated" cancers, including prostate and colorectal/intestinal, in their *Daubert* motion.

16.      On December 6, 2022, this Court excluded MDL Designated Cancer Plaintiffs' general causation experts under *Daubert* and entered an award of summary judgment in favor of the Brand Defendants (Rec. Doc. 6120).

17.      On August 17, 2023, Brand Defendants filed FRCP 41(b) *Second Omnibus Motion to Dismiss Claims of Post-PTO 81 "Delinquent Plaintiffs"* who failed to respond to Pretrial Order #81 by August 12, 2023 (Rec. Doc. 6905).

### III.      ARGUMENT

**A.      Plaintiffs Timely Responded to Pretrial Order #81, But in Good Faith, Could Not Secure General Causation Expert Reports for its Non-Designated Cancer Cases Within the Court's Delay**

18.      On June 13, 2023, Plaintiffs, Stolz and Pierce, timely filed their *Short Form Complaint - Version 3* directly into the MDL (Rec. Docs. 6701 and 6702).

19.      On June 13, 2023, Plaintiffs, Stoltz and Pierce, timely filed their *Notice Pursuant to Pretrial Order #80 of Plaintiff's Filing of Short Form Complaint for Non-Designated Cancer Case* (Rec. Docs. 6703 and 6704).

20.      On June 14, 2023, Plaintiffs, Stoltz and Pierce, timely filed their *Amended and Clarifying Notice, Pursuant to Pretrial Orders #80 and #81, of Plaintiff's Filing of Short Form Complaint for Non-Designated Cancer Case* (Rec. Doc. 6717 and 6718), stating that they intended,

"to pursue this action with general causation experts within sixty (60) days from the date of filing of [his/her] complaint."

21.     However, on August 12, 2023, Plaintiffs did not provide any general causation expert reports, despite good faith efforts to secure these opinions within the sixty (60) day window of time, since the Short Form Complaints were originally filed in the MDL on June 13, 2023.

**B.**     **Brand Defendants Have Not Met The Burden of Proof for a Rule 4(c) Motion, Nor That a Dismissal Should be an Adjudication on the Merits and, Thus, With Prejudice**

22.     The legal standard to be applied under Rule 41(b) is whether there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Hildebrand v. Honeywell, Inc.*, 662 F.2d 179, 181 (5th Cir. 1980). Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances. *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Dismissal is warranted only on a clear record of delay or willful contempt. See *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 980); *Goforth*, 766 F.2d at 1535 (11th Cir. 1985); *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 925 (11th Cir. 1986) (trial court abused discretion by ordering dismissal without considering lesser sanctions). A court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable. See *Goforth*, 766 F.2d at 1535; *Rogers v. Kroger Co.*, 669 F.2d 317, 322 (5th Cir. 1982); *Owens v. S & S Auto, Inc.*, 6:04CV1887-ORL-22JGG, 2006 WL 4701820, at *5 (M.D. Fla. Apr. 4, 2006). Finally, "a dismissal with prejudice, whether on motion or sua sponte is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice. *Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005);

*Ajuluchuku v. Spherion Corp.*, 05-61683-CV, 2006 WL 8432618, at *2 (S.D. Fla. Oct. 12, 2006),

*report and recommendation adopted*, 05-61683-CIV, 2006 WL 8432538 (S.D. Fla. Nov. 17, 2006).

23.     Even if this Court does entertain Brand Defendants' Motion as it pertains to

Plaintiffs herein, Plaintiffs further posits that dismissal is not warranted under the present

circumstances.

24.     In *Dimuccio v. D'Ambra*, 779 S. Supp. 1318 (M.D. Fla. 1991), the court explained

the strict standard to be applied in ruling on a motion to dismiss under Rule 41(b):

> "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record
> of delay or willful contempt and a finding that lesser sanctions would not suffice.'
> *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). The propriety of a
> Rule 41(b) dismissal is commended to the trial court's broad discretion. *See Carter
> v. United States*, 780 F.2d 925, 927 (11th Cir. 1986). The Court approaches the
> issue mindful that dismissal with prejudice 'is sanction of last resort, applicable only
> in extreme circumstances, and generally proper only where less drastic sanctions are
> unavailable. A finding of such extreme circumstances necessary to support the
> sanction of dismissal must, at a minimum, be based on evidence of willful delay;
> simple negligence does not warrant dismissal.' *McKelvey v. AT&T Technologies,
> Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)." 779 F. Supp. at 1321.

25.     The Eleventh Circuit states the standard for the extraordinary remedy:

> "As we said there, while the district court has broad powers under the Federal Rules
> of Civil Procedure to impose sanctions for a party's failure to abide by court orders,
> dismissal of an action with prejudice is a **'sanction of last resort, applicable only in
> extreme circumstances.'** *EEOC v. First National Bank,* 614 F.2d 1004, 1007 (5th
> Cir. 1980); *Emerick v. Fenick Industries, Inc.,* 539 F.2d 1379, 1381 (5th Cir.
> 1976); *Thomas v. United States*, 531 F.2d 746, 749 (5th Cir. 1976). Dismissal is
> generally reserved for cases of **willful disobedience to court orders.** *Compare Societe
> Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357
> U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed. 2d 1255 (1958) (dismissal reversed
> in part because of **absence of bad faith**) *with National Hocky League v. Metropolitan
> Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2781, 2781, 49 L.Ed. 2d 747
> (1976) (dismissal affirmed because of presence of bad faith). Unlike *Troy State*,
> however, this case is replete with **numerous unjustified violations of court orders**
> despite judicial warnings of the consequences." *State Exchange Bank v. Hartline*, 693
> F.2d 1350, 1352 (11th Cir. 1982) (emphasis added).

26.     For the sake of argument, even if the Motion was against Stoltz-Pierce, Brand Defendants have not met the difficult standard of proving entitlement to a "sanction of last resort, applicable only in extreme circumstances."   Brand Defendants have not proven "willful disobedience," "bad faith," or "numerous violations of Court orders.

27.     Even if Brand Defendants met the Rule 41(b) standards, Brand Defendants did not prove the dismissal should be with prejudice.  To the contrary, based on the facts here, this case requires an order that there is *not adjudication* on the merits of the Stoltz-Pierce's claims.

28.     Rule 41(b) provides, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) …operates as an adjudication on the merits."

29.     As the Rule indicates, the Court has the discretion to state that the order is not an adjudication on the merits.  That applies here.  There has been no decision or pending motion on whether Zantac or any generic Ranitidine-based product causes prostate or colorectal/intestinal cancer.  Expert reports on prostate or colorectal/intestinal cancer have not been served.  Brand Defendants have not had to review or respond to prostate or colorectal/intestinal cancer expert reports.

30.     After lead counsel for Plaintiffs elected to have Designated and Non-Designated cancer claims, the litigation focused on the designated cancers.  Summary judgment was entered against Plaintiffs with Designated cancers.  The Court Order on *Daubert* and Summary Judgment against Plaintiffs with Designated Cancer specifically states that the Order does **not** apply to Non-Designated Plaintiffs.  (Rec. Doc. 6120, Page 5).

31.     On the Non-Designated Cancers, the parties have not yet litigated those claims.  As the Court found, Brand Defendants did not address Non-Designated Cancers in their *Daubert* Motions (Rec. Doc. 6120, Page 15).

32.     Brand Defendants' argument for a 41(b) Order does not discuss the Court's option to treat a dismissal as not on the merits.  Therefore, any Order should provide that the dismissal is not an adjudication on the merits and thus the dismissal is without prejudice.

33.     The request for dismissal under Rule 16(f) also has to be denied.  As Brand Defendants recognize in their 41(b) motion, at Page 3, "[t]he same criteria is used for evaluating dismissals under Rules 41(b) and 16(f)."  *Martin v. Royal Caribbean Cruises, Ltd.*, 429 F.Supp. 3d 1315, 1323 (S.D. Fla. 2019) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

**C.     A Dismissal of Claims Without Prejudice Should be Ordered Unless the Brand Defendants Would Suffer "Clear Legal Prejudice" As a Result (*Holcomb v. Fed.. Home Loan Mortg. Corp.*, 2012 U.S. Dist. LEXIS 192181, \*2-3 (S.D.Fla. 2012)**

34.     A dismissal of Stoltz-Pierce's claims without prejudice will not cause "clear legal prejudice to Brand Defendants.

35.     There has been no adjudication on the merits of Stoltz-Pierce claims.

36.     The Non-Designated Cancers' claimed have not been subjected to active litigation.

37.     There is no decision or pending motion on whether Zantac or its Ranitidine generic products caused Prostate or Colorectal/Intestinal Cancer.

38.     The litigation from which the defense *Daubert* decision arose was from Designated Cancer cases.

39.     Brand Defendants have not had to review or respond to Prostate or Colorectal/Intestinal Cancer general causation expert reports and testimony.

40.     Stoltz-Pierce were not represented by Lead Counsel and had no involvement in the decision to make the claims Non-Designated.

41.     The Omnibus Order on all pending *Daubert* motions and Defendants' summary judgment motions does not apply to Non-Designated Plaintiffs, Stoltz-Pierce.

42.     The Court, in its Designated Cancer *Daubert* decision, did not address Non-Designated Cancers in their *Daubert* motions.

43.     The management structure in this type of case should allow dismissals without prejudice under 41(a)(2).

44.     The Brand Defendants have not demonstrated, nor proven, "Clear Legal Prejudice," as defined by the United States District Courts of the Southern District of Florida, nor the Eleventh Circuit.

## IV.     <u>CONCLUSION</u>

Brand Defendants' Motion should be denied as dismissing Plaintiffs' cases with prejudice as too drastic a remedy and Plaintiffs have not engaged in a clear pattern of delay or willful contempt warranting such harsh a sanction.

Accordingly, Brand Defendants' *Second Omnibus Motion to Dismiss Claims of Post-PTO 81 Delinquent Plaintiffs*, should be denied in all respects.

Dated:  August 30, 2023
Bogalusa, Louisiana

THE PENTON LAW FIRM

/s/ Ronnie G. Penton
209 Hoppen Place
Bogalusa, Louisiana  70427
Phone: 985-241-4945
Email: fedcourtmail@thepentonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Opposition to Brand Defendants' Second Omnibus Motion to Dismiss Claims of Post-PTO 81 Deliquent Plaintiffs,* was electronically filed on this date using the CM/ECF system which will send notification of such filing to all parties that are CM/ECF participants in this action.

August 30, 2023.

/s/ Ronnie G. Penton
Ronnie G. Penton