UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2924<br><br>Civil Action No. 9:20-MD-2924<br><br>**JUDGE ROBIN L. ROSENBERG**<br>**MAGISTRATE JUDGE BRUCE REINHART** |

_____/

**THIS DOCUMENT RELATES TO:**
*Cassidy et al., v. Boehringer Ingelheim Corp. et al.*, 3:23-cv-23061
*Silverio v. Boehringer Ingelheim Corp. et al.*, 3:23-cv-23062
*Bortzer v. Boehringer Ingelheim Corporation et al.*, 3:23-cv-23063
*Blankman v. Sandoz Inc. et al.*, 3:23-cv-23064
*Haase v. Boehringer Ingelheim Corp.et al.*, 3:23-cv-23065
*Neely v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, 3:23-cv-23066
*Gallozzi et al v. Boehringer Ingelheim Corp.et al.*, 3:23-cv-23067
*Bauer v. Boehringer Ingelheim Corp.et al.*, 3:23-cv-23068
*Wilson v. Boehringer Ingelheim Corp.et al.*, 3:23-cv-23069
*Boyette v. Boehringer Ingelheim Corp. et al.*, 3:23-cv-23070
*Alexander v. Boehringer Ingelheim Corp. et al.*, 3:23-cv-23071
*Hughley v. University of Louisville-Medical Center et al.*, 3:23-cv-23076
*Buchanan v. Boehringer Ingelheim Corp. et al.*, 3:23-cv-23077
*Feiler v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, 9:23-cv-80956
*Tranter v. GlaxoSmithKline et al.*, 3:23-cv-23089
*Spohr v. GlaxoSmithKline et al.*, 3:23-cv-23084
*Thurstin v. GlaxoSmithKline et al.*, 3:23-cv-23085
*Trail v. GlaxoSmithKline et al.*, 3:23-cv-23088
*Scott v. GlaxoSmithKline et al.*, 3:23-cv-23090
*Smith v. GlaxoSmithKline et al.*, 3:23-cv-23091
*Pierce v. Zantac Corporation et al.*, 9:23-cv-81121
*Richartz et al v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, 3:23-cv-81118
*Jeske et al v. GlaxoSmithKline et al.*, 9:23-cv-81122
*Indelicato v. GSK et al.*, 3:23-cv-23056
*Hughley v. University of Louisville-Medical Center et al.*, 3:23-cv-23076

# BRAND DEFENDANTS' CONSOLIDATED MOTION IN RESPONSE TO PTO 84

## INTRODUCTION

Brand Defendants[1] respectfully request that this Court dismiss with prejudice Designated Cancer cases filed or transferred to this Court after May 5, 2023 pursuant to Pretrial Order 83 ("PTO 83"). The Plaintiffs referenced herein ("Post PTO-83 Delinquent Designated Cancer Plaintiffs")[2] have failed to meet their obligation under PTO 83 to show cause why summary judgment should not be entered in their individual cases within two weeks of the date their cases were filed or transferred to this Court. Brand Defendants also respectfully give notice of non-opposition of certain Post-PTO 81 Delinquent Non-Designated Cancer Plaintiffs.

## PROCEDURAL BACKGROUND

On February 14, 2023, the Court entered PTO 81, which instructed each Plaintiff alleging a Non-Designated Cancer to file a notice of intent to produce expert reports on general causation within "sixty days from the date of that Plaintiff's filing of his or her complaint[], or in transferred cases either the date on which (a) the deadline to file a motion to remand expires, or (b) the Court enters an order on a motion to remand, whichever is applicable." *See* PTO 81, DE 6271.

---

[1] Boehringer Ingelheim Pharmaceuticals, Inc., GlaxoSmithKline LLC, Pfizer Inc., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.

[2] Post PTO-83 Delinquent Plaintiffs subject to this motion are listed in Exhibit A.

On May 15, 2023, the Court entered summary judgment in favor of Defendants named in every personal injury Designated Cancer case that was filed in this MDL before May 5, 2023. *See* DE 6622. On May 30, 2023, this Court entered PTO 83 requiring all Plaintiffs who file personal injury Designated Cancer cases on or after May 5, 2023 to show cause why summary judgment should not be entered in their individual cases within "two weeks from the day their case is consolidated into this MDL, two weeks from the day Plaintiffs on appeal are remanded back to this Court, or two weeks from the date of this Order, whichever is later." *See* PTO 83 at 1-2, DE 6642.

On August 21, 2023, the Court entered Pretrial Order 84 ("PTO 84"), which ordered Defendants to file a consolidated motion on the first business day of each month requesting relief based on Plaintiffs' non-compliance with their show cause obligations under PTO 83. *See* PTO 84, DE 6923. As of September 1, 2023, Defendants have identified 23 Designated Cancer cases that have not shown cause by their respective deadline.

**I.   DISMISSAL OF CLAIMS WITH PREJUDICE IS WARRANTED FOR POST-PTO 83 DELINQUENT DESIGNATED CANCER PLAINTIFFS**

Under Rule 41(b), a district court "may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Properties, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Id.* (internal quotation marks omitted). "A district court need not tolerate defiance of reasonable orders." *Id.* at 1241. "While

dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Courts presiding over large, coordinated proceedings like this one require "greater discretion to organize, coordinate, and adjudicate [their] proceedings, including the dismissal of cases for failure to comply with [their] orders." *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007); *see also In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d 351, 358 (5th Cir. 2020). In addition, Federal Rule of Civil Procedure 16(f)(1) states that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Sanctions available under Rule 37(b)(2)(A)(ii)-(vii) include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "The same criteria is used for evaluating dismissals under Rules 41(b) and 16(f)." *Martins v. Royal Caribbean Cruises, Ltd.*, 429 F. Supp. 3d 1315, 1323 (S.D. Fla. 2019) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Just as the Court found dismissal with prejudice appropriate for the Non-Designated Cancer cases where Plaintiffs did not comply with their filing obligations as set forth in PTO 81, this Court should also dismiss with prejudice these Post-PTO 83 Delinquent Designated Cancer Plaintiffs for their failure to comply with their show cause obligations and deadlines as set forth in

3

PTO 83.  *See* DE 6766.  In accordance with PTO 84, Defendants' Exhibit A provides this Court with a list of Designated Cancer cases due to be dismissed with prejudice.

The record demonstrates that these Post-PTO 83 Delinquent Designated Cancer Plaintiffs failed to prosecute their claims in this action and failed to timely comply with the Court's clear Order.  Therefore, Brand Defendants respectfully request that the Court dismiss these Post-PTO 83 Delinquent Designated Cancer Plaintiffs' claims in their entirety with prejudice.

**II.     NOTICE OF NON-OPPOSITION OF POST-PTO 81 DELIQUENT NON-DESIGNATED CANCER PLAINTIFFS**

Brand Defendants respectfully give notice that Plaintiffs Mark Indelicato[3] and Maurice Hughley[4] listed in Exhibit A of Brand Defendants' Second Omnibus Motion to Dismiss Claims of Post-PTO 81 Delinquent Plaintiffs did not file an Opposition to the motion.  *See* DE 6905-1.  Plaintiffs' Opposition (if any) was due on Thursday, August 31, 2023.  *See* S.D. Fla. L.R. 7.1(c)(1); DE 6905.  Accordingly, Brand Defendants respectfully request that these Plaintiffs be dismissed with prejudice pursuant to PTO 81, Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 16(f).

---

[3] *Indelicato v. GSK et al.,* 3:23-cv-23056.

[4] *Hughley v. University Of Louisville-Medical Center et al.*, 3:23-cv-23076.

4

Respectfully submitted,

By: */s/ Anand Agneshwar*
Anand Agneshwar
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
anand.agneshwar@arnoldporter.com
*Attorney for Defendants Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.*

*/s/ Andrew T. Bayman*
Andrew T. Bayman
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Tel: (404) 572-3583
Fax: (404) 572-5100
abayman@kslaw.com
*Attorney for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*

*/s/ Mark Cheffo*
Mark Cheffo
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10019
Tel: (212) 689-3500
Fax: (212) 689-3590
mark.cheffo@dechert.com
*Attorney for Defendant GlaxoSmithKline LLC*

*/s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
**WILLIAMS & CONNOLLY LLP**

5

          680 Maine Avenue SW
          Washington, DC 20024
          Tel: (202)-434-5000
          Fax: (202)-434-5029
          jpetrosinelli@wc.com
          *Attorney for Defendant Pfizer Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of September, 2023, the foregoing Brand Defendants' Consolidated Motion in Response to PTO 84 was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

*/s/ Joanne M. O'Connor*
Joanne M. O'Connor
JONES FOSTER, P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
Tel: (561) 659-3000
Fax: (561) 650-5300
JOConnor@jonesfoster.com