UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION

MDL DOCKET NO. 2924

Civil Action No. 9:20-MD-2924

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE REINHART

_____/

**THIS DOCUMENT RELATES TO:**

*Stoltz et al. v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, 3:23-cv-23079
*Pierce- v. Pfizer, Inc. et al.*, 3:23-cv-23080

**BRAND DEFENDANTS' REPLY TO STOLTZ AND PIERCE'S RESPONSE TO BRAND DEFENDANTS' SECOND OMNIBUS MOTION TO DISMISS CLAIMS OF POST-PTO-81 DELINQUENT PLAINTIFFS**

## INTRODUCTION

Brand Defendants[1] respectfully request that this Court dismiss with prejudice the Non-Designated Cancer claims of Plaintiffs Brian Stoltz and Tammy Pierce.[2] Plaintiffs Stoltz and Pierce filed their cases in this Court after the date of Pretrial Order 81 ("PTO 81") and failed to meet their obligation under PTO 81 to provide a general causation report within 60 days of the date their Notice of Intent was filed.

## ARGUMENT

Plaintiffs' claims should be denied with prejudice, as forewarned by PTO 81 and in alignment with this Court's previous Orders. *See*, *e.g.*, DE 6766. Plaintiffs Stoltz and Pierce acknowledge dismissal is appropriate. DE 6942 at 3 ("Plaintiffs, Brian Herbert Stoltz and Debra Simon Stoltz, concur that dismissal is proper under Pretrial Order #81…") However, they request dismissal without prejudice, claiming that (1) they were unable to secure an expert report in the provided timeframe; (2) Defendants have not met their burden for a 41(b) motion or to dismiss as an adjudication on the merits; and (3) there is no clear prejudice to Defendants. None of these points warrant a departure from this Court's previous Orders.

### I. Plaintiffs Stoltz and Pierce Provide No Legal or Factual Justification to Avoid Dismissal with Prejudice.

Plaintiffs provide no justification for dismissal without prejudice. Plaintiffs Stoltz and Pierce agree that dismissal is warranted, yet request such dismissal be ordered without prejudice

---

[1] Boehringer Ingelheim Pharmaceuticals, Inc., GlaxoSmithKline, LLC, Pfizer Inc., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.
[2] Two additional NDC plaintiffs, Mark Indelicato and Maurice Hughley, were also subject to Brand Defendants' Second Omnibus Motion to Dismiss Claims of Post-PTO 81 Delinquent Plaintiffs. DE 6905. Plaintiffs Indelicato and Hughley did not file an Opposition and accordingly, they are not considered in the present reply. A separate Notice of Non-Opposition was filed regarding Plaintiffs Indelicato and Hughley on September 1, 2023, pursuant to PTO 84. DE 6945.

due to "good faith efforts" to secure expert reports in a timely manner. Yet by its plain terms, PTO 81 does not provide any such exception.

Nor do Plaintiffs present any extraordinary circumstances for why the Court should find such an exception to PTO 81. Plaintiffs do not provide *any* information regarding their actions beyond a bare assertion that they employed "good faith efforts to secure [expert] opinions within the sixty (60) day window of time." DE 6942 at 5. Without explanation, Plaintiffs make vague reference to a "delay" of this Court and claim they are "not actually culpable." *Id.* at 5-6. Yet Plaintiffs filed their short-form complaint directly into this MDL on June 13, 2023. *Id.* PTO 81 was issued four months prior, on February 14, 2023. DE 6271. Upon filing their complaints, Plaintiffs were aware of the need to prove their allegations under the relevant law and timely pursue their claims pursuant to this Court's motion deadlines. And at no time prior to Defendants motion to dismiss did Plaintiffs raise this issue with the Court or seek additional time to file the expert reports mandated by PTO 81. Dismissal with prejudice is appropriate given the status of this MDL and the Court's warning to Plaintiffs of the consequences of failing to provide evidence of general causation as required by PTO 81.

## II.     41(b) Dismissal with Prejudice is Warranted.

Plaintiffs' attempt to avoid Rule 41(b) dismissal with prejudice fails for several reasons. *First*, Plaintiffs cite an inapposite series of cases to claim that dismissal with prejudice is too "harsh" a sanction and should only be ordered "in extreme cases." *See* Opp. at 6–7. But in none of the cases cited by Plaintiffs was there a pre-existing Court order (as here) that placed the plaintiffs on notice that dismissal with prejudice was the applicable sanction for failure to comply with that order. Contrary to Plaintiffs' assertion, it is not Defendants' burden to "prove the dismissal should be with prejudice," (Opp. at 8), but instead, it was Plaintiffs' burden to comply

with this Court's orders to avoid dismissal with prejudice as explicitly stated in those orders would be the consequence for failure to comply.

*Second*, Plaintiffs fail to recognize that this Court has *already* ruled that dismissal with prejudice is appropriate where plaintiffs bringing NDC claims in this MDL fail to comply with PTO 81's requirements (as Plaintiffs Stoltz and Pierce did here), and that dismissal with prejudice is appropriate in such circumstances. DE 6766 at 6. As discussed in the Defendants' opening Motion, the rationale for the Court's dismissal of prior NDC cases applies with equal force to the circumstances here: (1) Plaintiffs Stoltz and Pierce elected not to prosecute their cases through their failure to serve a general causation expert report; (2) their refusal to produce evidence amounts to a violation of PTO 81; (3) the Court's requirement to produce general causation evidence is necessary to avoid congestion of its docket; and (4) the refusal to produce evidence amounts to "defiance of reasonable orders." *See* DE 6905 at 3-4; *see also* DE 6766 at 6. As this Court previously ruled, "[e]ach individual Plaintiff has access to a large amount of MDL discovery, and each individual Plaintiff has had adequate time to gather evidence to prosecute his or her case." DE 6766 at 6. If more time was necessary to secure the evidence required to pursue their claims, Plaintiffs Stoltz and Pierce could have sought an extension of time through negotiations with defense counsel or by motion to their court.[3] Plaintiffs Stoltz and Pierce elected not to do so and offer no explanation why such an approach was impossible or even impractical.

*Third*, Stoltz and Pierce are wrong to suggest that the Court must find "clear legal prejudice" in order to dismiss Plaintiff's claims with prejudice. Opp. at 9. Plaintiffs cite to *Holcomb v. Fed. Home Loan Mortg. Corp.*, 2012 WL 12868404 (S.D. Fla. Feb. 9, 2012), for this proposition, but *Holcomb* has no bearing on the issues presented here. In *Holcomb*, it was the

---

[3] In fact, this Court has previously received and granted such a motion for another NDC plaintiff. DE 6691.

3

*plaintiffs* that sought to voluntarily dismiss their claims without prejudice and the defendants opposed and sought dismissal with prejudice. *Id*. at *1. Here, by contrast, Plaintiffs have not sought to voluntarily dismiss their claims, but instead are subject to a motion to dismiss for failure to comply with PTO 81, which expressly provides for dismissal with prejudice for failure to comply. And, even if *Holcomb* were somehow relevant (and it is not), it would counsel dismissal with prejudice here. In *Holcomb*, the court held that dismissal with prejudice was warranted when, as here, (1) the action had been pending for a considerable length of time (there, 18 months); (2) the defendant had "invested considerable resources in [the litigation's] resolution," (3) "the Court [had] already drawn legal conclusions in Defendant's favor that resolved a significant number of issues. *Id*.

At bottom, Plaintiffs employ circular logic to argue that dismissal without prejudice is appropriate. DE 6942 at 9. They claim that "Brand Defendants have not had to review or respond to Prostate or Colorectal/Intestinal Cancer general causation expert reports and testimony." *Id*. Yet this is precisely *why* Plaintiffs were required to come forward with expert reports in support of their claims under PTO 81: so that Brand Defendants could respond to such reports and testimony and the Court could determine whether sufficient evidence exists to sustain Plaintiffs' claims in this MDL. Plaintiffs failed to do so and, therefore, dismissal with prejudice is warranted under PTO 81.

## CONCLUSION

For the foregoing reasons, Brand Defendants respectfully request that the Court dismiss with prejudice the claims of Plaintiffs Stoltz and Pierce.

Respectfully submitted,

By:   */s/ Anand Agneshwar*
Anand Agneshwar
**ARNOLD & PORTER**

4

**KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
anand.agneshwar@arnoldporter.com
*Attorney for Defendants Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.*


*/s/ Andrew T. Bayman*
Andrew T. Bayman
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Tel: (404) 572-3583
Fax: (404) 572-5100
abayman@kslaw.com

*Attorney for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*


*/s/ Mark Cheffo*
Mark Cheffo
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10019
Tel: (212) 689-3500
Fax: (212) 689-3590
mark.cheffo@dechert.com
*Attorney for GlaxoSmithKline LLC*

*/s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
Tel: (202)-434-5000
Fax: (202)-434-5029
jpetrosinelli@wc.com
*Attorney for Defendant Pfizer Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2023, the foregoing Brand Defendants' Reply to Stoltz-Pierce's Response to Brand Defendants' Second Omnibus Motion To Dismiss Claims Of Post-PTO-81 Delinquent Plaintiffs was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

*/s/ Joanne M. O'Connor*
Joanne M. O'Connor
JONES FOSTER, P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
Tel: (561) 659-3000
Fax: (561) 650-5300
JOConnor@jonesfoster.com

P:\DOCS\30916\00001\PLD\28M3014.DOCX