UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)           MDL NO. 2924
PRODUCTS LIABILITY                 20-MD-2924
LITIGATION

                                              JUDGE ROBIN L. ROSENBERG
            MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

**DEFENDANTS' JOINT RESPONSE TO SECOND ORDER ON PREPARATION FOR THE ENTRY OF FINAL JUDGMENT**

On August 29, 2023, this Court issued an Order directing the parties to file statements explaining their position on how Par Pharmaceutical, Inc.'s ("Par") automatic stay impacts this Court's ability to enter a Rule 58 final judgment. (D.E. No. 6937). The Defendants (Brands, Generics, Retailers and Distributors jointly) hereby file their response.[1] The Order set forth five (5) questions. Each question is answered in the order presented.

**1.     Does a bankruptcy stay prevent this Court from entering a Rule 58 final judgment for all Defendants in any case in which one of the Defendants is in bankruptcy?**

Par is a party to several hundred actions filed in this MDL.[2] Because Par is a party and subject to an automatic stay in accordance with 11 U.S.C. § 362(a)(1), a Rule 58 final judgment cannot be entered as to *all* parties in such cases. However, for the reasons outlined in responses

---

[1] This submission is not filed on behalf of Par, the only defendant currently subject to a bankruptcy stay. Par will be filing its own response given its position as the bankruptcy debtor subject to the automatic stay in accordance with 11 U.S.C. § 362(a)(1).

[2] As exhibits to its response to the Court's Order at D.E. 6937, Par will submit a lists of every individual case in which it has been named as a defendant.

to questions 2 through 4, this Court can sever Par from the cases in which it is named and then enter Rule 58 final judgments for all other defendants.

**2.     If the bankruptcy stay does prevent the Court from entering a Rule 58 final judgment in any case in which a Defendant is involved in bankruptcy, do the parties have any suggestions for how, procedurally, the Court should move forward with the entry of final judgment?**

Pursuant to 11 U.S.C. § 362(a)(1), the automatic stay applies to "the commencement or continuation . . . of a judicial . . . action or proceeding ***against the debtor***." (Emphasis added). Thus, the automatic stay provisions of § 362(a) apply only to Par itself, and do not operate to stay claims against non-debtor Defendants.  See, e.g., *Am. Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 789 (8th Cir. 2009) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." (internal citation omitted)); *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 509 (3d Cir. 1997) ("[T]he clear language of section 362(a) stays actions only against a 'debtor.'"); *Chi. Title Ins. Co. v. Lerner,* 435 B.R. 732, 737 (S.D. Fla. 2010) ("Absent an order from the bankruptcy court extending the stay [to non-debtors], this action shall proceed.").

This Court may use Rule 21 to sever claims against a bankrupt defendant to allow the case to proceed against the remaining non-bankrupt defendants.  Rule 21 severance is most commonly associated with the resolution of joinder problems, but it also allows for subtraction of parties where such an adjustment would "serve the ends of justice and further the prompt and efficient disposition of the litigation." *Totaltape v. National Assoc. of State Bds. of Accountancy et al.,* 85 Civ. 4241, 1987 WL 7736, at *9 (S.D.N.Y. Mar. 4, 1987).  And it well established that "questions of severance are addressed to the broad discretion of the district court." *New York v.*

*Hendrickson Bros., Inc.*, 840 F.2d 1065 (2d Cir.), *cert. denied*, 488 U.S. 848 (1988); 7 Charles A. Wright, et. al. Federal Practice and Procedure: Civil 2d § 1689 (1986).

*In Kasey v. Johnson & Johnson*, No. 21-CV-15199, 2022 WL 17730930, at *3–4 (D.N.J. Aug. 12, 2022), the Talc MDL court exercised its "great discretion in deciding whether to sever" parties under Rule 21 "to prevent prejudice or promote judicial efficiency." There, the court severed claims against the bankrupt Johnson & Johnson defendants from those against other non-bankrupt defendants to allow the claims against the latter to proceed. *Id*. at *5 (observing that "[i]t would certainly prejudice" the non-bankrupt defendants "if they were unable to defend themselves until a final resolution" of the bankruptcy). *See also Freedom Int'l Trucks, Inc. of NJ v. Eagle Enters., Inc.*, 1998 WL 695397, at *4 (E.D. Pa. Oct. 5, 1998) (severing bankrupt parties where "the alternative would be denying [the non-bankrupt defendant] any trial until [the bankrupt defendant's] bankruptcy proceedings are resolved"); *accord Wyndham Vacation Ownership v. Square One Dev. Grp.*, No. 6:19-cv-1872-Orl-37EJK, 2020 U.S. Dist. LEXIS 149942, at *7 (M.D. Fla. Apr. 13, 2020) (principles of "fairness and judicial economy dictate severance" where case cannot go forward with bankrupt party).

**3.    As an example of a potential procedure to continue with the entry of final judgment, may Defendants in bankruptcy proceedings be severed from individual cases without violation of the automatic bankruptcy stay?**

Yes. "[I]t is well-established 'that the protections of § 362 neither apply to co-defendants nor preclude severance.'" *Hamel-Schwulst v. Country Place Mortg. Ltd.,* 406 F. App'x 906, 911 (5th Cir. 2010) (quoting *Wedgeworth v. Fireboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983)).

The law makes clear (and no party disputes) that, while litigation cannot proceed against a Defendant in bankruptcy, a Defendant ***not*** in bankruptcy generally is not entitled to the

3

automatic stay provisions of section 362(a). Consistent with this, courts have taken the approach proposed here—severing the Defendant in bankruptcy proceedings from individual cases to permit litigation to continue with respect to other Defendants. *See, e.g.*, *Louisiana Marine Operators, LLC v. JRC Marine*, LLC, No. CV 19-9302, 2021 WL 4050924, at *2 (E.D. La. Aug. 3, 2021) (given its "jurisdiction … to enter orders not inconsistent with the terms of the [bankruptcy] stay," the Court severed claims against the non-bankrupt defendant to allow "the remaining parties … to proceed with the litigation") (quotation marks and citation omitted); *Fid. & Deposit Co. of Maryland v. Collazo Inv. Grp., LLC*, No. 6:18-CV-1229-ORL-GJK, 2019 WL 13063432, at *1 (M.D. Fla. Sept. 17, 2019) (invoking Rule 21 to "drop" bankrupt defendants to allow claims against non-bankrupt defendants to proceed); *Rettig v. Bruno*, No. CV 14-996, 2016 WL 2992512, at *2 (E.D. La. May 24, 2016) (holding that "Rule 21 allows severing" bankrupt defendants, citing "cases in which courts have severed out bankrupt defendants subject to the automatic bankruptcy stay in order to allow plaintiffs to pursue claims against non-bankrupt co-defendants").[3]

---

[3] *See also Anonymous #1 v. Kelsey*, No. 20-CV-1542, 2021 WL 4940997, at *4 (S.D.N.Y. July 19, 2021) (severing the claims against the non-bankrupt defendant, collecting cases and observing that "'[c]ourts in similar circumstances have found that failure to sever claims against a bankrupt party would be unjust, unless it is an indispensable party to the action'") (quoting *LG 37 Doe v. Nail*, No. 1:20-CV-00217-FPG, 2021 WL 164285, at *4 (W.D.N.Y. Jan. 19, 2021)); *Bradford Techs., Inc. v. Biggers*, No. C 11-04621 EDL, 2014 WL 12641953, at *5–6 (N.D. Cal. May 27, 2014) (holding that "Rule 21 allows the Court to sever the claims against [the bankrupt defendant] even though it was properly joined as a defendant" and held that [a]llowing Plaintiff to proceed against [the non-bankrupt defendant] would not violate the bankruptcy stay"); *Erausquin v. Notz, Stucki Mgmt. (Berm.)*, 806 F. Supp. 2d 712, 722 (S.D.N.Y. 2011) (recognizing broad discretion to sever for various reasons, including avoiding delay because of bankruptcy stay). [4]Par took no position on whether its stay affected the remand requests. (Appeal No. 21-12618, Doc. 330; Appeal No. 21-14325, Doc. 166; Appeal No. 23-10640, Doc. 343).

**4.      If the Court severs Defendants in bankruptcy proceedings, what procedural steps should the Court take with the severed cases?**

Upon severance, there are two separate "cases," meaning that the cases against Par would remain stayed and the other cases could proceed to final judgment.

"Severance under Rule 21 creates two separate actions or suits where previously there was but one." *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983).  Here, upon severance, there will be actions against Par, which should remain stayed, and actions against other Defendants, which should proceed to final judgment. As explained in *United States v. O'Neil*, "[w]here a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *Id*. at 368.

**5.      In the event the Eleventh Circuit remands cases on appeal in part—remanding only Appellees who are not in bankruptcy—may the Court sever Defendants in bankruptcy proceedings (that remain on appeal) from the remanded Defendants?**

This question relates to three sets of appeals pending in the Eleventh Circuit, docketed under *Chandler v. Glenmark Pharmaceuticals, Inc. USA*, No. 21-12618; *Abdoo v. Glenmark Pharmaceuticals, Inc. USA*, No. 21-14325; and *Sanders v. Ajanta Pharma USA, Inc.*, No. 23-10640.

In May 2023, on plaintiffs-appellants' motions, the Eleventh Circuit lifted initial bankruptcy-related stays in *Chandler* and *Abdoo* as to "all parties other than Appellee Par," and dismissed par from the *Sanders* appeal. (Appeal No. 21-12618, Doc. 316; Appeal No. 21-14325, Doc. 156); Appeal No. 23-10640, Doc. 262).  On August 10, 2023, the Eleventh Circuit directed the parties to explain "how the automatic stay as it applies to Par . . . impacts the request for a limited remand" by the non-brand defendants, which is sought in light of this Court's indicative

5

ruling. (Appeal No. 21-12617, Doc. 436; Appeal No. 21-14325, Doc. 163; Appeal No. 23-10640, Doc. 343). The responses from plaintiffs-appellants and defendants-appellees[4] agreed that the automatic stay has no effect on the request for a limited remand. (Appeal No. 21-12618, Docs. 328, 329, 331; Appeal No. 21-14325, Docs. 164; 165, 167; Appeal No. 23-10640, Docs. 341, 342, 344).

Consistent with these responses, before remanding, the Eleventh Circuit may sever the claims itself. *See Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 836 (1989) (holding that appellate courts possess "the authority to grant motions to dismiss dispensable nondiverse parties" analogous to district courts' authority under Rule 21). If, however, it is still necessary to sever Par (and claims against it that remain on appeal) from the remanded Defendants, this Court may do so for the reasons set forth in response to questions 3 and 4.

## CERTIFICATE OF CONFERENCE

Counsel for Defendants met and conferred with MDL Plaintiffs' Leadership on August 30 and 31, 2023. Counsel for Defendants broadly advised that the Non-Debtor Defendants' position is that the Court may sever the debtor from the relevant proceedings and enter final judgment for the remaining, non-debtor Defendants. MDL Plaintiffs' Leadership agreed to this proposal, subject to Defendant Par's consent to severance and an agreement that Defendant Par would not seek fees from MDL Plaintiffs with respect to such severance. Because Par is "taking no position" and "does not intend to oppose" severance, as opposed to consenting to that procedure, Plaintiffs take no position on whether dropping Par pursuant to Rule 21 violates the automatic prohibition on the "continuation of…a judicial…proceeding against the debtor." MDL Plaintiffs' Leadership further stated that they agree to the severance of Par as a bankrupt entity

---

[4] Par took no position on whether its stay affected the remand requests. (Appeal No. 21-12618, Doc. 330; Appeal No. 21-14325, Doc. 166; Appeal No. 23-10640, Doc. 343).

without waiver as to any other argument regarding the propriety of the final order of judgment. Finally, MDL Plaintiffs' Leadership's agreement to Defendants' proposal is without prejudice to their ability to present alternative options in a separate submission to the Court in response to the questions raised by the Court's August 29, 2023 Order.

Non-Debtor Defendants submit that Par's consent to severance is not required and that its non-opposition to any severance is sufficient for the Court to exercise its discretion and authority to sever Defendant Par pursuant to Rule 21. *In re Sunbeam Sec. Litig.,* 261 B.R. 534, 537 (SD Fla. 2001) (court declined to apply the automatic stay in a suit against non-debtor defendants where, inter alia, the debtor took no position on the issue, did not seek a stay for the non-debtor defendants, and had not sought injunctive relief in Bankruptcy Court).

Dated: September 7, 2023

Respectfully submitted,

By: */s/ Thomas J. Yoo*
Thomas J. Yoo
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: (213) 896-2400
thomas.yoo@hklaw.com

*Liaison Counsel for the Generic Manufacturer Defendants*

By: */s/ Richard M. Barnes*
Richard M. Barnes
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
Tel: (410) 783-4000
rmb@gdldlaw.com

*Liaison Counsel for the Generic Manufacturer Defendants*

By: */s/ Andrew T. Bayman*
Andrew T. Bayman
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Tel: (404) 572-4600
Fax: (404) 572-5100
abayman@kslaw.com

*Attorney for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*

By: */s/ Mark Cheffo*
Mark S. Cheffo
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 698-3500
Fax: (212) 698-3599
mark.cheffo@dechert.com

*Attorneys for Defendants GlaxoSmithKline LLC*

By: */s/ Sarah E. Johnston*
   Sarah E. Johnston
   BARNES & THORNBURG, LLP
   2029 Century Park East, Suite 300
   Los Angeles, CA 90067
   Tel: (310) 284-3798
   sarah.johnston@btlaw.com

*Liaison Counsel for All Retailer and Pharmacy Defendants and Counsel for Defendants Albertsons Companies, Inc., Amazon.com, Inc., BJ's Wholesale Club Holdings, Inc., Costco Wholesale Corporation, CVS Pharmacy, Inc., Duane Reade, Inc., Giant Eagle, Inc., H-E-B Grocery Company, LP, Publix Super Markets, Inc., Rite Aid Hdqtrs. Corp., Safeway Inc., ShopRite Supermarkets, Inc., Southeastern Grocers, Inc., Target Corporation, Walgreen Co., Walgreens Boots Alliance, Inc., Wakefern Food Corporation, Winn-Dixie Stores, Inc., and The Vons Companies, Inc.*

By: */s/ Joseph G. Petrosinelli*
   Joseph G. Petrosinelli
   WILLIAMS & CONNOLLY LLP
   680 Maine Ave, S.W.
   Washington, DC 20024
   Tel: (202) 434-5000
   Fax: (202) 434-5029
   jpetrosinelli@wc.com

*Counsel for Defendant Pfizer Inc.*

By: */s/ Andrew D. Kaplan*
   Andrew D. Kaplan
   CROWELL & MORING LLP
   1001 Pennsylvania Avenue, N.W.
   Washington, D.C. 20004
   (t) (202) 624-2500
   (f) (202) 628-5116
   AKaplan@crowell.com

*Acting Liaison Counsel for the Retailer and Distributor Defendants and Counsel for Cardinal Health, Inc.*

By: */s/ Anand Agneshwar*
   Anand Agneshwar
   ARNOLD & PORTER KAYE SCHOLER LLP
   250 West 55th Street New York, NY 10019
   Tel: (212) 836-8000
   Fax: (212) 836-8689
   anand.agneshwar@arnoldporter.com

*Attorneys for Defendants Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September 2023, I electronically filed the foregoing **DEFENDANTS' JOINT RESPONSE TO SECOND ORDER ON PREPARATION FOR THE ENTRY OF FINAL JUDGMENT** through the CM/ECF system, which will provide automatic notification to all CM/ECF participants.

*/s/ Thomas J. Yoo*
Thomas J. Yoo