UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE)<br>PRODUCTS LIABILITY<br>LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |
| _____/ | |

THIS DOCUMENT RELATES TO: ALL CASES

### DEBTOR PAR PHARMACEUTICAL INC.'S RESPONSE TO THE COURT'S SECOND ORDER ON PREPARATION FOR THE ENTRY OF FINAL JUDGMENT

On August 28, 2023, the Court directed all parties in this MDL to address five questions relating to the Court's ability to enter a Rule 58 final judgment. (ECF No. 6937.)[1] Par Pharmaceutical Inc. ("Par"), which has been a debtor in jointly-administered chapter 11 cases since August 16, 2022, under the caption *In re Endo International plc*, Case No. 22-22549 (S.D.N.Y.) (*see* ECF No. 5948), answers as follows:

1. **Does a bankruptcy stay prevent this Court from entering a Rule 58 final judgment for all Defendants in any case in which one of the Defendants is in bankruptcy?**

Yes, the automatic stay, 11 U.S.C. § 362, prevents the Court from entering a Rule 58 final judgment for all Defendants in any case in which Par is a Defendant. By its terms, subsection (a)(1) prevents the "commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case." *See* 11 U.S.C. § 362(a)(1). Courts and commentaries have interpreted the stay as applying broadly to "any formal or informal action or legal proceeding that might dissipate estate assets." *In re Fogarty*, 39 F. 4th 62, 71 (2d Cir. 2022) (citation omitted); 3

---

[1] References to "ECF" are to this Court's MDL docket.

*Collier on Bankruptcy* ¶ 362.03 (16th ed. 2022) (describing the automatic stay as "extremely broad in scope" and "apply[ing] to almost any type of formal or informal action taken against the debtor or the property of the [debtor's] estate"). Furthermore, it is well-settled that a court's entry of judgment is a "continuation of a judicial proceeding" within the meaning of section 362(a)(1). *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527-28 (2d Cir. 1994) (holding that a trial court directing entry of judgment is a judicial proceeding, while the "clerk's subsequent entry of the judgment" is a "ministerial act" not barred by the automatic stay); *In re Soares*, 107 F.3d 969, 975 (1st Cir. 1997) ("[T]he state court's actions in ordering a default and directing the entry of a judgment possess a distinctly judicial, rather than ministerial, character. . . . Because the decision which animated the entry of the order and judgment occurred after the stay was in force, those actions continued the state judicial proceeding within the meaning of section 362(a)(1)."). This is true even if the entry of judgment would favor the debtor defendant. *See In re Best Payphones, Inc.*, 279 B.R. 92, 98 (Bankr. S.D.N.Y. 2002) ("The operation of the stay does not depend on the outcome of the proceeding, and acts that favor the debtor are still void if they violate the automatic stay.").

Accordingly, the automatic stay prevents the Court from entering a final judgment for all Defendants in any case in which Par is a Defendant.

2. **If the bankruptcy stay does prevent the Court from entering a Rule 58 final judgment in any case in which a Defendant is involved in bankruptcy, do the parties have any suggestions for how, procedurally, the Court should move forward with the entry of final judgment?**

3. **As an example of a potential procedure to continue with the entry of final judgment, may Defendants in bankruptcy proceedings be severed from individual cases without violation of the automatic stay?**

Par will address these two questions in one response as follows: Under Rule 21, federal courts have "broad discretion . . . to sever parties or claims from the action." *LG 37 Doe v. Nail*,

2

No. 1:20-CV-00217-FPG, 2021 WL 164285, at *3-6 (W.D.N.Y. Jan. 19, 2021) (citation omitted). Courts may (and often do) sever bankrupt defendants from multi-defendant cases to allow actions to continue against the non-debtor defendants. *See*, *e.g.*, *Anonymous #1 v. Kelsey*, No. 20-CV-1542 (KMK), 2021 WL 4940997, at *4 (S.D.N.Y. July 19, 2021) ("Courts in similar circumstances have found that failure to sever claims against a bankrupt party would be unjust, unless it is an indispensable party to the action." (citation omitted)) (collecting cases); *JSO Assocs., Inc. v. Awrey Bakeries, LLC*, No. 13-CV-6035 (JFB)(ARL), 2014 WL 2882896, at *2 (E.D.N.Y. June 25, 2014) ("[t]here is no reason to stay this action as to [non-debtor] Awrey, and severance is appropriate" under the severance factors).

Par takes no position as to whether severance would be appropriate in these circumstances or under the Rule 21 severance factors.

   **4. If the Court severs Defendants in bankruptcy proceedings, what procedural steps should the Court take with the severed cases?**

"Rule 21 severance creates two discrete, independent actions, which then proceed as separate lawsuits, with each resulting in its own final judgment from which an appeal may be taken." *Essex Ins. Co. v. Kart Const., Inc.*, No. 8:14-CV-356, 2015 WL 628782, at *4 (M.D. Fla. Feb. 12, 2015), *report and recommendation adopted*, 2015 WL 628782, at *1; *see also Hofmann v. De Marchena Kaluche & Asociados*, 642 F.3d 995, 998 (11th Cir. 2011) ("A severed claim under Rule 21 proceeds as a discrete suit . . . ."). The severed action is not dismissed; "instead, the clerk of court creates multiple docket numbers for the action already on file, and the [un]severed claims proceed as if the suits had been filed separately." 35A C.J.S. Federal Civil Procedure § 48. In *McGee v. Cook*, No. 8:09-CV-2543, 2011 WL 13143441 (M.D. Fla Mar. 30, 2011), for example, the court severed the plaintiffs' claims into seven cases "representing the seven

3

categories of Defendants," and ordered that the plaintiffs file new complaints in each separate action. *Id.* at *6.

Therefore, if the Court decides to sever Par in its discretion under Rule 21, then for each case in which Par is a Defendant, the Court should sever Par, open a new action with the plaintiff (or plaintiffs) and Par, and assign the new action a new case number (each a "Severed Action"). The Court may then enter a Rule 58 judgment in the actions from which Par was severed, and hold the Severed Actions in abeyance on its docket until the automatic stay is lifted.

5. **In the event the Eleventh Circuit remands cases on appeal in part—remanding only Appellees who are not in bankruptcy—may the Court sever Defendants in bankruptcy proceedings (that remain on appeal) from the remanded Defendants?**

As set forth in the response to Questions 2 and 3 above, courts may (and often do) sever bankrupt defendants from multi-defendant cases pursuant to Rule 21 in order to allow actions to continue against the non-debtor defendants, using the same procedure outlined above. As above, Par takes no position as to whether severance would be appropriate in these circumstances or under the Rule 21 severance factors.

*   *   *

For the Court's convenience, attached as <u>Exhibit A</u> is a list of all MDL member cases involving Designated Cancers in which Par was named as a defendant; and attached as <u>Exhibit B</u> is a list of all MDL member cases involving Non-Designated Cancers in which Par was named as a defendant. These lists are based on Par's records from this MDL and Par believes them to be accurate, but will advise the Court if any revisions are required.

Dated: September 7, 2023

Respectfully submitted,

<u>/s/ *Lisa M. Baird*</u>
Lisa M. Baird
**REED SMITH LLP**
200 S. Biscayne Boulevard, Suite 2600
Southeast Financial Center
Miami, FL 33131
Tel: (786) 747-0200
lbaird@reedsmith.com

*Counsel for Defendant Par Pharmaceutical, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record on September 7, 2023.

/s/ Lisa M. Baird
**Lisa M. Baird**