UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)            MDL NO. 2924
PRODUCTS LIABILITY                 20-MD-2924
LITIGATION

DISTRICT JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO: ALL CASES

### ORDER SEVERING BANKRUPTCY DEFENDANT, VACATING PRIOR ENTRY OF RULE 54(B) JUDGMENTS, ENTERING RULE 58 FINAL JUDGMENT IN CERTAIN DESIGNATED CANCER CASES, AND REQUIRING ADDITIONAL BRIEFING

This matter is before the Court on the appellate court's Order of Limited Remand at docket entry 6594.[1] In the Order of Limited Remand, the appellate court granted certain Defendants' motion to remand. That motion to remand was premised upon this Court's entry of an indicative ruling at docket entry 6310. In that indicative ruling, this Court informed the appellate court of what actions it would take, should the appellate court remand appeals taken from this MDL. More specifically, the Court clarified that it would, upon remand, vacate its entry of Rule 54(b) judgment in all cases and "resolve any remaining issues and enter final judgment under Federal Rule of Civil Procedure 58 binding on all parties in this MDL." DE 6310 at 14-15. Before the Court implements its indicative ruling, however, one issue warrants discussion—the pending bankruptcy of one Defendant in this MDL, Par Pharmaceutical.

---

[1] Given the seven thousand docket entries in this MDL, the Court presumes the parties are familiar with the issues and the procedural history of this MDL, and, in the interest of speed and efficiency, the Court does not set forth here a discussion of the background underpinning this Order. A detailed summary of the issues, the factual background, and the procedural background is found at docket entries 6787 and 6622.

Defendant Par's Pending Bankruptcy Stay

Approximately three hundred Designated Cancer[2] cases in this MDL have named Par as a Defendant, and approximately two hundred non-Designated Cancer cases have done so as well. DE 6953-1, 6953-2.  Many of those cases are currently on appeal because the appellate court limited its order of remand insofar as it retained jurisdiction over appeals involving Par—Par remains on appeal.  Given the appellate court has not remanded Par, the parties agree that the Court cannot enter Rule 58 final judgment in any case in which Par is a Defendant. *E.g.,* DE 6952.  The parties are also in agreement that the Court can sever Par from its existing cases and, after the severance, the Court can enter Rule 58 final judgment as to the non-Par Defendants. *Id.*  Consistent with the parties' agreement, the Court **SEVERS** Par from every active[3] case in this MDL, thereby clearing the way for the Court's entry of Rule 58 final judgment.

The Court's severance of Par, however, results in a very substantial problem of judicial administration.  Normally, consistent with Par's briefing on the matter (DE 6953), the Court would order the Clerk to create a new case for each severed case naming Par as a Defendant.  But pursuant to this Order, excluding the severed cases naming Par, the Court directs the Clerk to enter approximately 14,000 Rule 58 final judgments.  The magnitude of the Court's directive to the Clerk cannot be understated.  At present, it could take many, many months for the Clerk to enter the 14,000 final judgments consistent with this Order, and even that estimation assumes the Clerk will be able to assign or hire additional staff to accomplish the directive.  For this Court to also

---

2 The Designated Cancers are bladder, esophageal, gastric, liver, and pancreatic cancers.
3 Nothing in this Order affects cases that were previously dismissed by stipulation or cases that received a Rule 58 final judgment.

2

direct the Clerk to create hundreds of new cases naming Par as the sole Defendant would, at this time, simply not be possible.

The Court resolves this problem of judicial administration as follows. For now, the Court will **HOLD IN ABEYANCE** an order directing the Clerk to create a new case for each severance of Par. Eventually, at such time as the bankruptcy stay for Par is lifted, the Court could then reconsolidate Par back into its original cases, thereby removing the need for new cases to be formally created and removing from consideration the possibility of additional case filing fees. Should Par or any affected Plaintiff object to the Court's holding in abeyance the creation of new cases, at such time as the Clerk completes its entry of final judgments pursuant to this Order, Par or any affected Plaintiff may file a motion for a case (or cases) to be created. Finally, for the avoidance of all doubt, the Court clarifies that, other than its severance of Par, this Order has no effect on Par—the Court is taking no action in violation of the automatic bankruptcy stay.

<u>The Court's Vacatur of Rule 54(b) Judgment in Every Case in this MDL</u>

On November 15, 2021, the Court entered Rule 54(b) judgment in favor of the Generic Manufacturer Defendants and in favor of the Distributor and Retailer Defendants. DE 4664. With the sole exception of any severed case with Defendant Par, the Court is free under the Order of Limited Remand, under Rule 60(b)(6), to revisit its entry of Rule 54(b) judgment in every case in the MDL.

There are a number of sound reasons for this Court to revisit its entry of Rule 54(b) judgment. The Court explained those reasons at length in its indicative ruling at docket entry 6310, including the Court's conclusion that its entry of Rule 54(b) judgment was error (at least in part) and that the standard for entry of Rule 54(b) judgment is no longer met in this MDL. DE 6310 at

3

9. In light of the Court's conclusions as to its entry of Rule 54(b) judgment, the Court explained to the Eleventh Circuit in its indicative ruling what actions it would take, should the Eleventh Circuit remand the Rule 54(b) cases on appeal and return jurisdiction to this Court. *Id.* at 14-15.

Pursuant to Rule 60(b)(6), a party may be relieved from a final judgment[4] for "any . . . reason that justifies relief." This is a flexible standard that "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949).[5] Under Rule 60(b)(6), there must be a "sufficiently extraordinary" reason, which is committed to "the district court's sound discretion." *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996) (quoting *Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987)). In exercising that discretion, district courts should apply Rule 60(b)(6) "in a liberal spirit." *United States v. Cato Bros.*, 273 F.2d 153, 157 (4th Cir. 1959). Ultimately, the touchstone for Rule 60(b)(6) is that there must be an injustice to be corrected. Jean F. Rydstrom, *Construction and Application of Rule 60(b)(6) of Federal Rules of Civil Procedure Authorizing Relief from Final Judgment or Order for "Any Other Reason,"* 15 A.L.R. Fed. 193 (1973).

The Court's indicative ruling explains the injustice that must be corrected. *See* DE 6310. First, it would be unjust to continue to apply a Rule 54(b) judgment that was (at least partially)

---

[4] The Retailer and Distributor Defendants seek relief from judgment under Rule 60(b). DE 6233 at 1, 10. The Generic Manufacturer Defendants have conditionally joined in certain relief sought by the Retailers and Distributors, including the request for an indicative ruling. DE 6237, 6366, 6590. The Court's indicative ruling encompassed all the Non-Brand Defendants, including Generic Manufacturer Defendants. DE 6310. A Rule 60(b) request must be made "within a reasonable time," and the Court finds that the Defendants' request, made shortly after the Court's general causation ruling, was made within a reasonable amount of time.

[5] The only limitation on Rule 60(b)(6) is that the basis for alteration of judgment cannot be any of the other five grounds set forth in Rule 60(b). *Klapprott*, 335 U.S. at 614-15. Rule 60(b)(1) does not apply because the Court's entry of Rule 54(b) judgment was not a mistake, (b)(2) does not apply because the Court's vacatur is not based upon newly discovered evidence, (b)(3) does not apply because judgment was not entered based upon fraud, and (b)(4) does not apply because the judgment is not void. Rule 60(b)(5) allows for relief from judgment when "applying it prospectively is no longer equitable," and it is possible that (b)(5) applies because the Court no longer believes that the application of Rule 54(b) judgment, prospectively, is equitable for all of the reasons set forth in its indicative ruling. DE 6310. The Court therefore vacates the Rule 54(b) judgments, in the alternative, under Rule 60(b)(5) instead of (b)(6).

entered in error. Second, it would be unjust to continue to apply Rule 54(b) judgment when that standard is no longer met.[6] Third and finally, it does not serve any purpose to separate the Court's pre-Rule 54(b) dismissals from the Court's post-Rule 54(b) general causation ruling given that this later ruling applies to every non-class Designated Cancer case in this MDL. DE 6622. For these reasons and for all of the reasons set forth in the Court's indicative ruling, the standard for Rule 60(b)(6) is met and the Court hereby **VACATES** all Rule 54(b) judgments—regardless of the type of cancer—in all pending cases.

Relatedly, to the extent the Court's prior entry of Rule 54(b) judgment was based upon the Court's dismissal of certain claims, the Court's vacatur of the Rule 54(b) judgment in this Order frees the Court to amend its prior order of dismissal. The prior order of dismissal is amended to include an additional ground for the dismissal: the Court's entry of Rule 56(f) summary judgment on general causation grounds because the Court's 56(f) ruling applied to every Designated Cancer claim.

Rule 58 Final Judgment in All Designated Cancer Cases Filed Prior to November 15, 2021

Because the Court has vacated all Rule 54(b) judgments, those cases are ripe for the entry of a Rule 58 final judgment.[7] Accordingly, the Clerk of the Court shall file the Rule 58 final judgment, attached to this Order as **Exhibit 6**, in all cases listed in **Exhibit 1**, which contains a list of all Designated Cancer cases filed prior to November 15, 2021, where a Plaintiff did not file a

---

[6] The indicative ruling explained that (i) the claims on which it entered Rule 54(b) final judgment were not separable from the remaining claims and therefore not entitled to Rule 54(b) final judgment, and (ii) there is no longer "no just reason for delay" of entry of Rule 54(b) final judgment given that the appeals of this Court's previous rulings on pre-emption have been stayed. DE 6310 at 9-13.

[7] Pursuant to Pretrial Order 83, Plaintiffs had two weeks from the date of remand from an appellate court to show cause why the Court's earlier entry of summary judgment on general causation grounds should not apply to his or her individual case. No Plaintiff, upon remand, filed a response or objection. Accordingly, the Court enters final judgment in all remanded Designated Cancer cases for the same reason it enters judgment in all other Designated Cancer cases.

5

notice of appeal. Relatedly, because of the appellate court's Order of Limited Remand, the Clerk of the Court shall also file the Rule 58 final judgment, attached to this Order as **Exhibit 6**, in all cases listed on **Exhibit 2**, which contains a list of all Designated Cancer cases filed prior to November 15, 2021, where a Plaintiff did file a notice of appeal.

Final Judgment in Cases Filed After November 15, 2021

The Court concludes that its prior entry of Rule 54(b) judgment on November 15, 2021, had no impact on any case filed in the MDL after that date for five reasons. First, since November 2021 the Court has not entered additional 54(b) judgments, and no party has ever requested that the Court enter additional 54(b) judgments.[8] Second, in recent briefing the parties agree that the individual identity of cases in the MDL must be recognized and that the Court's earlier dispositive rulings do not, without some additional court action, automatically dispose of later-filed cases. *E.g.,* DE 6540 at 2 ("Most Plaintiffs did not even have a case on file when this Court issued its *Daubert* decision."); *see also Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 61 (3d Cir. 2023). Third, consistent with the need to recognize the identity of individual cases, the parties in recent briefing agreed that prior to the entry of final judgment in later-filed cases in the MDL, the Court had to issue an order to show cause, but the Court has never entered an order to show cause on the subject of Rule 54(b) judgment in any case. *See* DE 6590 at 13 ("[T]he Court's February 28th show cause order demonstrates that it is doing exactly what MDL judges are supposed to do." (statement by the Generic Manufacturer Defendants)). Fourth, the Court recently

---

[8] Although the Generic Manufacturer Defendants requested, through a proposed 54(b) judgment that the Court accepted, that Rule 54(b) judgment would be "effective as of the date that an individual Plaintiff files . . . a Short Form Complaint," the Court is unfamiliar with the idea of a self-executing entry of judgment without Court action, and the Court does not believe, consistent with this Order and cases such as *Home Depot*, that such a procedure is legally permissible. *See Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 61 (3d Cir. 2023).

entered a detailed order on this issue that explained why the Court was free to enter Rule 58 judgments, at docket entry 6930, and the Court incorporates its prior reasoning into this Order as a basis for the entry of final judgment. Fifth and finally, the Court has herein vacated all Rule 54(b) judgments in the MDL.

Thus, consistent with the parties' agreement, the Court's own rulings, and procedural due process, the Court concludes that its entry of Rule 54(b) judgment on November 15, 2021, was limited to cases filed prior to the Court's entry of that judgment. As a result and also consistent with its vacatur of Rule 54(b) judgments in this Order, the Court can enter Rule 58 final judgment in all cases filed after November 15, 2021, and the Clerk of the Court shall file the Rule 58 final judgment at **Exhibit 6** in all cases listed in: **Exhibit 3** and **Exhibit 4**.

Additional Briefing on Non-Designated Cancer Cases on Remand

The parties shall file briefing on what steps the Court should take with remanded Non-Designated Cancer cases. By way of example, the parties should address whether the Court should divide the remanded cases into those which name Brand Defendants and those which name only non-Brand Defendants. The parties should also address whether the Court should set a date certain for remanded Non-Designated Cancer cases that name a Brand Defendant to file a notice of intent to provide a general causation expert report. *See* Pretrial Order 81. Finally, the non-Brand Defendants should clarify (i) whether they need or intend to file a motion to dismiss on pre-emption grounds, consistent with the Court's rulings at the motion to dismiss stage, (ii) if the Defendants will move on any additional grounds for dismissal, such as general causation grounds, (iii) if no additional motion practice is necessary, or (iv) if the Defendants will, instead, file an answer in the individual remanded Non-Designated Cancer cases and put the remanded Plaintiffs to the test on

the evidentiary burden to have proof of general causation. The parties' briefing is due on October 6, 2023 and shall be limited to twenty pages. The Defendants should, if possible, file one collective brief. In the event the Defendants do not file a single, collective brief, the Court may grant Plaintiffs additional pages. The Court's requirement for additional briefing is limited to Plaintiffs' Leadership; individual Plaintiffs may raise their objections and/or concerns through Plaintiffs' Leadership, but in the event any individual Plaintiff is unable to raise his or her objection or concern through Leadership, the individual Plaintiff may file a motion for leave to file an individual objection.

<u>Diversity Jurisdiction and the Court's Entry of Many Final Judgments</u>

The Court addresses one final matter. The Court has ordered the Clerk of the Court to file a final judgment in thousands of individual cases for three reasons. First, the Court has endeavored to create a clean record. Second, the identity of each individual case in this MDL must be recognized, consistent with cases like *Home Depot*. Third, each individual case has its own operative pleading—a Short Form Complaint—and the Rule 58 final judgment is limited to the Defendants named in each Plaintiff's Short Form Complaint for the reasons set forth below. *See* Pretrial Order 31.

The individual cases in this MDL rely upon diversity of citizenship for subject matter jurisdiction because the Plaintiffs' operative, pending counts are based upon state law, not federal law. Therefore, in consideration of the importance of diversity in each individual case in this MDL, the Court previously entered three procedural safeguards to ensure that individual cases named only diverse Defendants.

The first safeguard was that more than ninety percent of all cases in this MDL were previously registered in a database[9] of claims; prior to transferring their claims from the registry to this MDL (by filing a Short Form Complaint), the participants in the registry database certified under penalty of estoppel as follows: "In checking the certification box, a Registry Participant also certifies that federal court jurisdiction exists over his or her claims.  As a result of the Registry Participant's certification that federal jurisdiction exists over the Registry Participant's claims, the Registry Participant must not name a defendant with the same state of citizenship as the Registry Participant." Pretrial Order 72 at 3.

The second safeguard was that the Court did not permit individual Plaintiffs to amend their Short Form Complaints, when the amendment would eliminate diversity jurisdiction, without the Court's prior approval. Pretrial Order 31 at 5.  Throughout the course of this MDL, no individual Plaintiff moved for the Court's permission to eliminate diversity jurisdiction in his or her case.

The third safeguard was that each individual case borrows and incorporates only select portions of the master pleadings. *Id.* at 3.  In doing so, each individual case does *not* borrow and incorporate *every* component of the master pleadings.  In other words, just because a Defendant is named in the master pleadings does not mean that the Defendant is a named Defendant in *every* individual case in the MDL.  Instead, it is the Short Form Complaint that controls and governs diversity—each Plaintiff chooses the specific Defendants that he or she names as Defendants in the Short Form Complaint.

In summary, the Court has recognized the individual identity of each case not only by directing the Clerk to file many separate judgments, but also by drafting the Rule 58 judgment,

---

[9] *See* Pretrial Order 15 (creating the private database registry of claims).

attached as **Exhibit 6**, to reflect that it only applies to the specific Defendants each individual Plaintiff has named in his or her Short Form Complaint.

<u>The Court's Focus on Judicial Efficiency</u>

The Court's intent in entering this Order is to foster judicial efficiency such that its ruling will create one clean appellate record for one consolidated appeal before one appellate panel, should an appeal be taken. The Court hopes to avoid piecemeal appellate records in individual cases resulting in piecemeal appeals. In other words, the Court hopes to avoid the outcome that certain Plaintiffs, if successful on appeal, are remanded back to this Court only to return once again to the appellate court because that outcome would be inefficient. The Court believes that all appeals should be simultaneously brought before the appellate court, to be adjudicated as the appellate court sees fit.[10]

For all of the foregoing reasons, it is **ORDERED AND ADJUDGED** that all of the Defendants' pending motions seeking the entry of final judgment, docket entries 6233, 6236, and 6237, are **GRANTED IN PART** as more fully specified in this Order. A non-exhaustive list of the Defendants affected by this Order is attached as **Exhibit 5**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 26th day of September, 2023.

Copies furnished to Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[10] The Eleventh Circuit can of course adjudicate all appeals in the manner it deems best; this Court's opinion is merely that the Eleventh Circuit should have the *option*, should it elect, to hear all issues simultaneously before a single appellate panel.