UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION _____/ | MDL DOCKET NO. 2924<br><br>Civil Action No. 9:20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE REINHART |

THIS DOCUMENT RELATES TO:

Anthony Gallagher v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.
3:23-CV-23705 (RLR)


**BRAND DEFENDANTS' RESPONSE TO PLAINTIFF GALLAGHER'S MOTION FOR VOLUNTARY DISMISSAL**

## INTRODUCTION

Brand Defendants[1] respectfully request that this Court deny Plaintiff Anthony Gallagher's Motion for Voluntary Dismissal without prejudice. Plaintiff Gallagher's unjustified request substantially prejudices Brand Defendants and conflicts with multiple Court Orders. As such, Brand Defendants request the Court deny Plaintiff's Motion for Voluntary Dismissal and instead await Brand Defendants' forthcoming motion to dismiss Plaintiff's case *with* prejudice pursuant to Pretrial Order 81.

## BACKGROUND

On August 11, 2022, Plaintiff Gallagher filed a Complaint in the Supreme Court of New York for the County of New York, alleging he developed kidney cancer as result of his use of Zantac. DE 6857-3. Following service of the complaint, on December 1, 2022, Brand Defendants filed a Notice of Removal and tagged the case for transfer to this MDL. DE 6857-4 (Notice of Removal). On December 13, 2022, the JPML issued CTO-109 to transfer Plaintiff's case to this MDL. DE 6857-5 (CTO-109).

Plaintiff opposed transfer, and his opposition was briefed in the JPML. Plaintiff primarily argued that transfer was not appropriate because his cancer was "not one of the five cancers" initially litigated in the MDL. JPML DE 1162-1 at 5–6. The JPML disagreed, and on April 10, 2023, issued a Transfer Order, finding that Plaintiff "like most plaintiffs in the MDL . . . alleges that his cancers was caused by the ingestion of ranitidine." JPML DE 1253 at 1–2. More specifically, the JPML found that the fact that his cancer "is not one of the five cancers designated . . . in the MDL does not weigh against centralization" because the MDL "recently issued an order

---

[1] Boehringer Ingelheim Pharmaceuticals, Inc., GlaxoSmithKline, LLC, Pfizer Inc., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.

1

establishing procedures to advance the litigation of non-designated cancer claims, including deadlines for expert reports." *Id*. at 2.

On December 30, 2022, while the parties were still litigating the transfer issue in the JPML, Plaintiff moved in the transferor court (the Southern District of New York) for remand of his case to state court. S.D.N.Y. DE 16. On January 25, 2023, the transferor court denied Plaintiff's Remand motion. S.D.N.Y. DE 29; 6857-7 at 2.

Following denial of his first remand motion and before the JPML issued its final transfer order, Plaintiff indicated to this Court that he intended to pursue his claims the MDL if his case was transferred. This would naturally include adherence to this Court's Orders, which include Pretrial Orders 78 and 81. On May 12, 2022, this Court entered PTO 78, which set a July 1, 2022 deadline for Plaintiffs to unilaterally dismiss their individual cases as July 1, 2022. DE 5580. On February 14, 2023, this Court entered PTO 81. DE 6271. Significantly, PTO 81 required *all* individual plaintiffs in Non-Designated Cancer cases to "file a Notice of Non-Designated Cancers each Plaintiff intends to pursue, if any, and [] certify his or her intent to provide general causation expert reports on the Non-Designated Cancer(s)" by April 12, 2023. DE 6271 at 2.

On March 23, 2023, Plaintiff filed a Notice of Intent to Pursue his Non-Designated Cancer claim in this Court, stating that "Plaintiff intends to pursue a claim based on kidney cancer and will provide a general causation expert report if Plaintiff's action is transferred to the Zantac MDL before this Honorable Court." DE 6389.

Upon transfer of his case to this Court by the JPML, on June 5, 2023, Plaintiff filed his Short-Form Complaint, incorporating the allegations contained in the Second Amended Master Personal Injury Complaint. DE 6656. Thereafter, on June 9, 2023, Plaintiff filed a Motion for a 90-day extension to the deadline set forth in PTO 81 to provide a general causation expert report.

2

DE 6690; DE 6271. That same day, this Court granted Plaintiff's Motion and extended his deadline to serve an expert report as requested, through September 12, 2023. DE 6691.

On August 2, 2023, Plaintiff filed a motion before the JPML, again seeking to remand his case to New York state court on the grounds that this MDL has "run its course" and "all common pre-trial proceedings have been concluded[.]" JPML DE 1311-1 at 5. Plaintiff also sought a stay of the proceedings in this Court. DE 6857-1. Both requests were denied. DE 6890; JPML DE 1344.

On September 11, 2023, one day before his extended deadline, Plaintiff again moved for an extension of time to provide a general causation expert report. DE 6955. The Court requested further details as to the basis for the request, and on September 14, 2023, Plaintiff responded. DE 6959.[2] The Court granted Plaintiff a second extension to October 12, 2023. DE 6960.

Yet on October 12, 2023, Plaintiff missed his third chance to produce a general causation expert report, stating that he had been unable to locate an expert willing to provide a general causation opinion. He has thus failed to comply with the clear requirements of PTO 81, and his case should be dismissed *with* prejudice like the 468 Non-Designated Cancer cases this Court has previously dismissed with prejudice for the same reason, as contemplated by PTO 81. *See* PTO 81 at 2 ("If any Plaintiff fails to meet the requirements and deadlines established by this Order, his or her action may be subject to dismissal with prejudice under Rule 41(b)."); *see also* DE 6766; DE 6932; DE 6965 (dismissing Non-Designated Cancer cases with prejudice for failure to comply with requirements of PTO 81).[3]

---

[2] While styled as an "Affidavit," Plaintiff's purported justification for needing the further extension consisted solely of unsworn assertions of counsel (e.g., that they had "contact[ed] and interview[ed] hundreds of potential experts"). *Id.* at 2. Plaintiff's current request repeats those unsupported assertions.
[3] Brand Defendants intend to move for dismissal of this case with prejudice on November 1, 2023 based on PTO 81 and in accordance with the PTO 84 process.

3

## ARGUMENT

"Voluntary dismissal without prejudice is not a matter of right." *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502 (11th Cir. 1991) (citations omitted). In fact, after a responsive pleading has been filed, a claimant may dismiss an action voluntarily "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The court "enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citation omitted). However, when exercising such discretion, the court "should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants." *Fisher* at 1503. In fact, the movant's interest in dismissal "is of little concern." *Farmaceutisk Laboratorium Ferring A/S v. Reid Rowell, Inc.*, 142 F.R.D. 179, 181 (N.D. Ga. 1991) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976)). Instead, Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir.1986) (citation omitted).

### I.    Voluntary Dismissal Would Prejudice Brand Defendants.

Plaintiff's request for voluntary dismissal should be denied because it would violate this Court's orders and prejudice Brand Defendants. As courts in this district have recognized, voluntary dismissal under Rule 41(a)(2) is inappropriate where a case has been actively litigated. *See West v. Town of Jupiter Island*, 146 F. Supp. 2d 1293, 1301 (S.D. Fla. 2000). Further, courts recognize the prejudicial nature of voluntary dismissal after defendants have expended considerable time and expenses. *See Holcomb v. Fed. Home Loan Mortg. Corp.*, 2012 U.S. Dist. LEXIS 192182, *2 (S.D. Fla. 2012).

4

Citing unpersuasive authority, Plaintiff makes the incorrect assertion that a voluntary dismissal would have no prejudicial effect on Brand Defendants as no "substantive filings in Plaintiff's case have commenced." DE 6697-1 at 8. Yet Plaintiff ignores that he has *twice* requested additional time to provide his general causation expert reports. DE 6690; DE 6955. Additionally, Plaintiff has engaged in extensive motions practice in an attempt to stay his case in the MDL, to seek remand to state court, to avoid prosecuting his claims in this MDL, and, now, to avoid application of this Court's clear pretrial orders. DE 6857-1; JPML DE 1311-1; DE 6997-1. In fact, in its denial of Plaintiff's motion for remand, the JPML explicitly recognized that "*Gallagher* itself is being actively litigated." JPML DE 1344 at 2.

Plaintiff has no basis to request voluntary dismissal without prejudice. He provides no case law or authority to suggest that good faith or due diligence has any bearing on the standard courts apply when considering requests for voluntary dismissal. In *Holcomb*, the court held that dismissal with prejudice was warranted when, as here, (1) the action had been pending for a considerable length of time (there, 18 months); (2) the defendant had "invested considerable resources in [the litigation's] resolution," (3) "the Court [had] already drawn legal conclusions in Defendant's favor that resolved a significant number of issues. *Holcomb* at *1. Here, in the 14 months since Plaintiff first filed his case, Brand Defendants have invested significant time and resources (including tens of thousands of dollars in legal fees) to litigating it in multiple courts (the Southern District of New York, the JPML, and before this Court), in large part due to Plaintiff's active efforts to put off the day when he would have to show that he had an expert to support his claims of causation. Granting voluntary dismissal without prejudice under these circumstances—and leaving Plaintiff the option to file his action again at some future time with Plaintiff offering no justifiable basis for doing so—

5

would be highly prejudicial to Brand Defendants. As such, Plaintiff's request should be denied, consistent with this Court's Orders.

## II. **Plaintiff Should Not Be Permitted to Circumvent Additional Orders.**

Plaintiff's Motion is yet another attempt to avoid this Court's Orders. PTO 78 ordered that no plaintiff may unilaterally dismiss his or her case under Rule 41(a)(1)(A)(i) after July 1, 2022. DE 5580 at 2; *see also* DE 6761. Yet this is exactly what Plaintiff now seeks to effectuate—15 months after the operative deadline and seven months after filing his notice of intent to pursue his claims in the MDL. DE 5580; *see also Perry v. Schumacher Group of La.*, 891 F.3d 954 (11th Cir. 2018). The Court gave Plaintiff every opportunity to locate an expert to support his claims and serve a report from such expert. Plaintiff has been unable to do so. As a result, and in accordance with PTO 81, the Court should instead await Brand Defendants' forthcoming motion to dismiss Plaintiff's action with prejudice and grant that motion after full briefing.

## CONCLUSION

Brand Defendants respectfully request that the Court deny Plaintiff's Motion for Voluntary Dismissal.

Respectfully submitted,

By: */s/ Anand Agneshwar*
Anand Agneshwar
**ARNOLD & PORTER**
**KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
anand.agneshwar@arnoldporter.com
*Attorney for Defendants Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.*

*/s/ Andrew T. Bayman*
Andrew T. Bayman

6

**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Tel: (404) 572-3583
Fax: (404) 572-5100
abayman@kslaw.com

*Attorney for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*

*/s/  Mark Cheffo*
Mark Cheffo
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10019
Tel: (212) 689-3500
Fax: (212) 689-3590
mark.cheffo@dechert.com
*Attorney for GlaxoSmithKline LLC*

*/s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, SW
Washington, DC 20024
Tel: (202)-434-5000
Fax: (202)-434-5029
jpetrosinelli@wc.com
*Attorney for Defendant Pfizer Inc.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of October, 2023, the foregoing Brand Defendants' Response to Plaintiff Gallagher's Motion for Voluntary Dismissal was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

>  */s/ Joanne M. O'Connor*
> Joanne M. O'Connor
> JONES FOSTER, P.A.
> 505 South Flagler Drive, Suite 1100
> West Palm Beach, FL 33401
> Tel: (561) 659-3000
> Fax: (561) 650-5300
> JOConnor@jonesfoster.com

P:\DOCS\30916\00001\PLD\28U6276.DOCX