**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE: ZANTAC (RANITIDINE)          MDL DOCKET NO. 2924
PRODUCTS LIABILITY
LITIGATION          Civil Action No. 9:20-MD-2924

         **JUDGE ROBIN L. ROSENBERG**
         **MAGISTRATE JUDGE BRUCE REINHART**

_____/

**THIS DOCUMENT RELATES TO:**

Anthony Gallagher, 3:23-cv-23705
Sean Whitaker, 9:23-cv-80105
Robert Buttery, 9:23-cv-80492
Todd Anderson, 9:22-cv-81999
Mary Louise Lewis, Elisa Gathright, 9:20-cv-81644

**BRAND DEFENDANTS' THIRD CONSOLIDATED MOTION**
**IN RESPONSE TO PTO 84**

## INTRODUCTION

Brand Defendants[1] respectfully request that this Court dismiss with prejudice the cases of additional plaintiffs alleging a Non-Designated Cancer who failed to meet their obligation under PTO 81 to provide a Notice of Intent to Pursue a Non-Designated Cancer claim or a general causation report within the Court's designated timeframe ("Post-PTO 81 Delinquent Plaintiffs").[2]

## PROCEDURAL BACKGROUND

On February 14, 2023, this Court entered PTO 81 to address Non-Designated Cancer general causation procedures in this MDL. PTO 81 instructed each Plaintiff alleging a Non-Designated Cancer to file a notice of intent to produce expert reports on general causation by April 12, 2023. Additionally, the deadline for Non-Designated Cancer Plaintiffs to serve general causation expert reports was June 12, 2023.

Anticipating that Non-Designated Cancer claims might be filed in or transferred to the MDL after the entry of PTO 81, the Court clarified:

> [T]he requirements and deadlines established by this Order also apply to any future Plaintiff alleging a Non-Designated Cancer who files a complaint in this MDL after the date of this Order or who has his or her action transferred to this MDL after the date of this Order, except that the deadlines applicable to such Plaintiffs will be calculated based on the date of the filing of his or her complaint (e.g., a Plaintiff's deadline to disclose any Non-Designated Cancer that he or she intends to pursue with general causation experts shall be sixty days from the date of that Plaintiff's filing of his or her complaint), or in transferred cases either the date on which (a) the deadline to file a motion to remand expires, or (b) the Court enters an order on a motion to remand, whichever is applicable.

---

[1] Boehringer Ingelheim Pharmaceuticals, Inc., GlaxoSmithKline LLC, Pfizer Inc., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc. Please note that the Brand Defendants are filing the present motion on behalf of all defendants, including any Retailer and Generic Manufacturer Defendants named in the cases addressed in this motion.

[2] The Post-PTO 81 Delinquent Plaintiffs subject to this motion are listed in Exhibit A.

PTO 81 at 3.  The Court further cautioned all Non-Designated Cancer Plaintiffs that failure to file a notice or serve an expert report by the applicable deadlines could result in the dismissal, with prejudice, of the Plaintiff's individual case.  PTO 81 at 2.

After the initial deadlines (i.e., the April 12 and June 12 deadlines applicable to Plaintiffs in the MDL as of February 14, 2023) passed, Defendants filed Motions to Dismiss those Delinquent Plaintiffs who failed to meet the deadlines.  DE 6686; DE 6720; DE 6746.  On July 14, 2023, the Court granted Defendants' motions and dismissed those Delinquent Plaintiffs with prejudice.  DE 6766.  On July 28, August 17, and October 2, 2023, as Delinquent Plaintiffs continued to miss applicable deadlines, Defendants filed motions to dismiss additional plaintiffs.  DE 6800; DE 6905; DE 6981.  On August 23, September 19, and October 20, 2023, the Court again granted Defendants' motions and dismissed the subject Delinquent Plaintiffs' claims with prejudice.  DE 6932; DE 6965; DE 7012.  The additional Post-PTO 81 Delinquent Plaintiffs subject to this motion likewise failed to file a Notice of Intent and/or provide a general causation expert report by the applicable deadlines, and their complaints should be dismissed with prejudice.

Additional procedural background is warranted for Plaintiff Anthony Gallagher.  On August 11, 2022, Plaintiff Gallagher filed a Complaint in the Supreme Court of New York for the County of New York, alleging he developed kidney cancer as result of his use of Zantac.  DE 6857-3.  Following service of the complaint, on December 1, 2022, Brand Defendants filed a Notice of Removal and tagged the case for transfer to this MDL.  DE 6857-4 (Notice of Removal).  On December 13, 2022, the Judicial Panel on Multidistrict Litigation ("JPML") issued CTO-109 to transfer Plaintiff Gallagher's case to this MDL.  DE 6857-5 (CTO-109).  Plaintiff Gallagher opposed transfer, and his opposition was briefed in the JPML.

On December 30, 2022, while the parties were still litigating the transfer issue in the JPML, Plaintiff Gallagher moved in the transferor court (the Southern District of New York) for remand of his case to state court. S.D.N.Y. DE 16. On January 25, 2023, the transferor court denied Plaintiff Gallagher's remand motion. S.D.N.Y. DE 29; 6857-7 at 2.

Following denial of his first remand motion and before the JPML issued its final transfer order, Plaintiff Gallagher indicated to this Court that he intended to pursue his claims the MDL if his case was transferred. On March 23, 2023, Plaintiff Gallagher filed a Notice of Intent to Pursue his Non-Designated Cancer claim in this Court, stating that "Plaintiff intends to pursue a claim based on kidney cancer and will provide a general causation expert report if Plaintiff's action is transferred to the Zantac MDL before this Honorable Court." DE 6389.

Following the filing of his Notice of Intent, Plaintiff Gallagher twice requested extensions to provide his required expert report. On June 9, 2023, Plaintiff Gallagher filed a Motion for a 90-day extension to the deadline set forth in PTO 81 to provide a general causation expert report. DE 6690; DE 6271. That same day, this Court granted Plaintiff Gallagher's Motion and extended his deadline to serve an expert report as requested, through September 12, 2023. DE 6691.

However, on August 2, 2023, Plaintiff Gallagher instead filed a motion before the JPML, again seeking to remand his case to New York state court on the grounds that this MDL has "run its course" and "all common pre-trial proceedings have been concluded[.]" JPML DE 1311-1 at 5. Plaintiff Gallagher also sought a stay of his proceedings in this Court. DE 6857-1. Both requests were denied. DE 6890; JPML DE 1344.

Then, on September 11, 2023, one day before his extended deadline to provide a general causation expert report, Plaintiff Gallagher again moved for an extension of time. DE 6955. The

3

Court requested further details as to the basis for the request, and on September 14, 2023, Plaintiff Gallagher responded. DE 6959.[3] The Court granted Plaintiff Gallagher a second extension to October 12, 2023. DE 6960.

Yet on October 12, 2023, Plaintiff Gallagher missed his third chance to produce a general causation expert report, stating that he had been unable to locate an expert willing to provide a general causation opinion. He then moved for voluntary dismissal without prejudice. DE 6997-1. His request was subsequently denied. DE 7011.

Plaintiff Gallagher has thus failed to comply with the clear requirements of PTO 81, and his case should be dismissed with prejudice like the 468 Non-Designated Cancer cases this Court has previously dismissed with prejudice for the same reason, as contemplated by PTO 81. Similarly, all Delinquent Plaintiffs identified in Exhibit A failed to comply with PTO 81 and should be dismissed with prejudice. *See* PTO 81 at 2 ("If any Plaintiff fails to meet the requirements and deadlines established by this Order, his or her action may be subject to dismissal with prejudice under Rule 41(b)."); *see also* DE 6766; DE 6932; DE 6965.

## ARGUMENT

Under Rule 41(b), a district court "may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Properties, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Id.* (internal quotation marks

---

[3] While styled as an "Affidavit," Plaintiff's purported justification for needing the further extension consisted solely of unsworn assertions of counsel (e.g., that they had "contact[ed] and interview[ed] hundreds of potential experts"). *Id.* at 2.

4

omitted). "A district court need not tolerate defiance of reasonable orders." *Id.* at 1241. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Courts presiding over large, coordinated proceedings like this one require "greater discretion to organize, coordinate, and adjudicate [their] proceedings, including the dismissal of cases for failure to comply with [their] orders." *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007); *see also In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d 351, 358 (5th Cir. 2020). In addition, Federal Rule of Civil Procedure 16(f)(1) states that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Sanctions available under Rule 37(b)(2)(A)(ii)-(vii) include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "The same criteria is used for evaluating dismissals under Rules 41(b) and 16(f)." *Martins v. Royal Caribbean Cruises, Ltd.*, 429 F. Supp. 3d 1315, 1323 (S.D. Fla. 2019) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Just as the Court found dismissal with prejudice appropriate for the Delinquent Plaintiffs in DE 6766, DE 6932 and DE 6965, so too should these Post-PTO 81 Delinquent Plaintiffs be dismissed for many of the same reasons. First, the Post-PTO 81 Delinquent Plaintiffs elected not to prosecute their case through their failure to file a notice of intent or provide an expert report in support of their claims. *See* DE 6766 at 6. Second, the Plaintiffs' refusal to provide the evidence

5

of general causation by a date certain amounts to a violation of the Court's Order. *See id.* Third, the Court's requirement to produce general causation evidence is necessary to avoid the congestion of its docket. *See id.* Fourth, the Plaintiff's refusal to produce evidence amounts to "defiance of reasonable orders." *See id.* (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009)). The Court has made it abundantly clear that non-compliance with PTO 81 would have dire consequences. The Post-PTO 81 Delinquent Plaintiffs are identically situated as those previously dismissed with prejudice and should be subject to a similar outcome.

For these reasons, the Court should dismiss the Post-PTO 81 Delinquent Plaintiffs' claims in their entirety, with prejudice, pursuant to Rules 41(b) and 16(f).[4]

## CONCLUSION

The record demonstrates that the Post-PTO 81 Delinquent Plaintiffs failed to prosecute their Non-Designated Cancer claims in this action and failed to timely comply with the Court's clear Orders. Brand Defendants respectfully request that the Court dismiss the Post-PTO 81 Delinquent Plaintiffs' Non-Designated Cancer claims in their entirety with prejudice, as forewarned in PTO 81 and DE 6271, and pursuant to Rule 41(b) and Rule 16(f).

Respectfully submitted,

---

[4] For cases that name Generic Manufacturer Defendants, in addition to the grounds for dismissal given in DE 6945, dismissal is appropriate based on the Court's preemption rulings at preemption dismissal orders at DE 2512, 3750, 3751.

By:   */s/ Anand Agneshwar*
Anand Agneshwar
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
anand.agneshwar@arnoldporter.com
*Attorney for Defendants Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.*

*/s/ Andrew T. Bayman*
Andrew T. Bayman
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Tel: (404) 572-3583
Fax: (404) 572-5100
abayman@kslaw.com
*Attorney for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*

*/s/ Mark Cheffo*
Mark Cheffo
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10019
Tel: (212) 689-3500
Fax: (212) 689-3590
mark.cheffo@dechert.com
*Attorney for GlaxoSmithKline LLC*

*/s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, SW
Washington, DC 20024
Tel: (202)-434-5000
Fax: (202)-434-5029
jpetrosinelli@wc.com
*Attorney for Defendant Pfizer Inc.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of November, 2023, the foregoing Brand Defendants' Third Consolidated Motion in Response to PTO 84 was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

*/s/ Joanne M. O'Connor*
Joanne M. O'Connor
JONES FOSTER, P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
Tel: (561) 659-3000
Fax: (561) 650-5300
JOConnor@jonesfoster.com
