UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)          MDL NO. 2924
PRODUCTS LIABILITY          20-MD-2924
LITIGATION

         JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO:**

23-CV-81560
24-CV-80045

## ORDER GRANTING THE PLAINTIFFS' MOTIONS TO REMAND

**THIS CAUSE** is before the Court on the Plaintiffs' Motions to Remand in cases 23-CV-81560 and 24-CV-80045. The Motions have been fully briefed. For the reasons set forth below, the Motions are granted.

In both of the above-referenced cases, the Plaintiffs initially filed suit in state court. The Defendants removed the suits[1] to federal court, arguing that the non-diverse Defendants (retailers who sold the drug at issue in this MDL) had been fraudulently joined for the sole purpose of eliminating federal diversity jurisdiction. After the Court ruled on similar motions to remand in other cases, finding that similar retailer defendants had not been fraudulently joined, the Defendants withdrew their notices of removal and the Court remanded the cases back to state court.

Now, the Defendants have removed the suits again, and they again argue that a retailer has been fraudulently joined as a Defendant. This time, the Defendants' fraudulent joinder argument is not based upon the legal sufficiency of the Plaintiffs' pleadings, but rather on the legal sufficiency of the Plaintiffs' evidence.

It is true that fraudulent joinder may be proven by a removing defendant based upon a lack of

---

[1] Case 23-CV-81560 was previously removed to this Court and brought before the Undersigned. Case 24-CV-80045 was not. The Court's occasional, plural refences to a prior remand and removal are for ease of discussion.

evidence. *See Legg v. Wyeth*, 428 F.3d 1317, 1322-24 (11th Cir. 2005). And it is undisputed that the Plaintiffs in the removed cases did not retain experts that will testify that the sole remaining non-diverse retailer Defendant, Publix, caused the Plaintiffs' alleged injuries. The Defendants argue that because the Plaintiff lacks an expert that can testify that Publix caused the Plaintiffs' alleged injuries, Publix was fraudulently joined.

In response, the Plaintiffs do point to evidence they have against Publix. First, the Plaintiffs point out that they have experts who will testify that the drug in this case (ranitidine) can create a carcinogen, and therefore cause cancer, under certain conditions. DE 7224 at 2, 6; DE 7225 at 2, 6. One of those carcinogen-creating conditions is a warm environment. *Id.* Next, the Plaintiffs point out that they have evidence from Publix representatives (in the form of depositions) on the storage conditions that Publix uses. *Id.* Combining these two types of evidence, the Plaintiffs argue that they can prove that Publix's too-warm storage of ranitidine caused their alleged injuries.

The standard for fraudulent joinder is one of the highest in the law. For fraudulent joinder to be proven, there must be **no possibility** that a plaintiff can prove a cause of action. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). When determining whether there is any possibility that the Plaintiffs could prevail, this Court must view the evidence in the light most favorable to the Plaintiffs. *Id.* at 1333. Any doubts this Court has about removal must be resolved in favor of remand. *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012). Mindful of this standard, the Court concludes that because the Plaintiffs have evidence that they can rely upon to prove their claims against Publix, the Court is unpersuaded that there is "no possibility" that the Plaintiffs can prevail. The Plaintiffs' Motions to Remand are therefore granted.

The Plaintiffs also request attorney's fees. This Court may award attorney's fees in connection with a motion to remand when the Defendants' decision to remove an action was not objectively

reasonable. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the circumstances surrounding the Defendants' removal are extraordinary. This is not the first time—it is the second—that that the Defendants have removed one of the Plaintiffs' cases to federal court. This time, however, both cases were at the stage of final trial preparations—fact discovery had closed. Indeed, but for the Defendants' removal at least one of the cases might have been tried already. Additionally, the Defendants' argument that the Plaintiffs lack any evidence against Publix is simply incorrect. The Plaintiffs do have evidence, and that evidence must be viewed in the light most favorable to the Plaintiffs. When the Court considers the totality of circumstances, the Court is persuaded that the Defendants' removal was objectively unreasonable. The Plaintiffs are therefore entitled to attorney's fees in connection with their removal to federal court and the litigation of the Motions to Remand. The Court will reserve jurisdiction for the Plaintiffs to file motions for attorney's fees to determine the amount of the fees.

Accordingly, for all of the foregoing reasons it is **ORDERED AND ADJUDGED** that the Plaintiffs' Motions to Remand are both **GRANTED**. The Clerk of the Court shall **REMAND** case 24-CV-80045 to the Thirteenth Judicial Circuit, in and for Hillsborough County, in the State of Florida. The Clerk of the Court shall **REMAND** case 23-CV-81560 to the Eleventh Judicial Circuit, in and for Miami Dade County, in the State of Florida. The Court retains jurisdiction to entertain motions for attorney's fees.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 28th day of February, 2024.

*Robin L. Rosenberg*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record