UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)            MDL No. 2924
PRODUCTS LIABILITY                 20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO:**

*Kwit v. Walgreen Co., et al.,* No. 9:24-cv-80121
*Santiago v. Walgreen Co., et al.,* No. 9:24-cv-80123
*Tutwiler v. Walgreen Co., et al.,* No. 9:24-cv-80124
*Vogel v. Walgreen Co., et al.,* No. 9:24-cv-80125

**PLAINTIFFS' OPPOSED MOTION AND MEMORANDUM OF LAW
TO REMAND PURSUANT TO 28 U.S.C. § 1447**

COMES NOW, Plaintiffs PETER KWIT, CLAUDE VOGEL, ANDREA SANTIAGO, and CHIQUITA TUTWILER (hereinafter "Plaintiffs") by and through their counsel of record and moves this Court for an Order to Remand this action to the Circuit Court of Cook County, State of Illinois, pursuant to 28 U.S.C. §1447, for the reasons set forth below.

**INTRODUCTION**

Plaintiff PETER KWIT is a resident of Ottawa, Illinois, which is located in LaSalle County. On August 8, 2023, he filed his state law-based personal injury complaint in Cook County, Illinois, against the Defendants captioned above, including Walgreen Co., and Walgreens Boots Alliance, Inc. (collectively, "Walgreens"); *see* Complaint as attached as Exhibit A. Plaintiff Kwit alleged that Walgreen Co. is an Illinois corporation with its principal place of business in Deerfield, Illinois, and Walgreens Boots Alliance, Inc. is a Delaware

corporation with its principal place of business also in Deerfield, Illinois, thereby making both Walgreens Defendants citizens of Illinois of diversity purposes, Exhibit A, ¶¶ 24-28.

Plaintiff CLAUDE VOGEL is a resident of Ottawa, Illinois, which is located in LaSalle County. On August 8, 2023, he filed his state law-based personal injury complaint in Cook County, Illinois, against the Defendants captioned above, including Walgreen Co., and Walgreens Boots Alliance, Inc. (collectively, "Walgreens"); *see* Complaint as attached as Exhibit B. Plaintiff Vogel alleged that Walgreen Co. is an Illinois corporation with its principal place of business in Deerfield, Illinois, and Walgreens Boots Alliance, Inc. is a Delaware corporation with its principal place of business also in Deerfield, Illinois, thereby making both Walgreens Defendants citizens of Illinois of diversity purposes, Exhibit B, ¶¶ 25-29.

Plaintiff ANDREA SANTIAGO is a resident of Chicago, Illinois, which is located in Cook County. On August 8, 2023, she filed her state law-based personal injury complaint in Cook County, Illinois, against the Defendants captioned above, including Walgreen Co., and Walgreens Boots Alliance, Inc. (collectively, "Walgreens"); *see* Complaint as attached as Exhibit C. Plaintiff Santiago alleged that Walgreen Co. is an Illinois corporation with its principal place of business in Deerfield, Illinois, and Walgreens Boots Alliance, Inc. is a Delaware corporation with its principal place of business also in Deerfield, Illinois, thereby making both Walgreens Defendants citizens of Illinois of diversity purposes, Exhibit C, ¶¶ 25-29.

Plaintiff CHIQUITA TUTWILER is a resident of Chicago, Illinois, which is located in Cook County. On August 8, 2023, she filed her state law-based personal injury complaint in Cook County, Illinois, against the Defendants captioned above, including Walgreen Co., and Walgreens Boots Alliance, Inc. (collectively, "Walgreens"); *see* Complaint as attached as

Exhibit D. Plaintiff Tutwiler alleged that Walgreen Co. is an Illinois corporation with its principal place of business in Deerfield, Illinois, and Walgreens Boots Alliance, Inc. is a Delaware corporation with its principal place of business also in Deerfield, Illinois, thereby making both Walgreens Defendants citizens of Illinois of diversity purposes, Exhibit D, ¶¶ 24-28.

Retailer Defendants (including Walgreens) collectively filed a Motion to Dismiss pursuant to 735 ILCS 5/2-615 in the consolidated Cook County Zantac litigation under lead case *Banna v. Walgreen Co., et al.*, case no. 2020-L-4916 (Cook County, Illinois) on April 13, 2023 ("Motion to Dismiss"), *see* Exhibit E attached hereto. At the time of the filing of Plaintiffs' four complaints on August 8, 2023, the Motion to Dismiss had not been resolved. On August 17, 2023, Judge Daniel A. Trevino of the Circuit Court of Cook County heard argument on the Motion and made preliminary rulings. On August 23, 2023, Chief Judge James P. Flannery transferred Plaintiffs' cases to Judge Trevino for pretrial handling with the consolidated *Banna* case, *see* Order dated 8/23/23, attached as Exhibit F. On August 25, 2023, Judge Trevino issued his ruling on the Motion to Dismiss, including a ruling dismissing claims against the Walgreens Defendants with prejudice on the grounds of federal claim preemption. However, the *Banna* litigation remained intact with respect to several other defendants, including every other defendant named by Plaintiffs in their suits. *See* Order dated 8/25/23, attached hereto as Exhibit G..

At the time that Judge Trevino dismissed claims against Walgreens, Plaintiffs' cases were part of the master *Banna* case in which the dismissal was entered. Therefore, the dismissal of the non-diverse Walgreens defendants was involuntary, and the case was not removable under *Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir. 1992).

**STANDARD**

It is well settled that the party asserting jurisdiction bears the burden of proving that the case is properly in federal court. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773 (7th Cir. 2003). Removal statutes are to be construed narrowly and the presumption is against removal. *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir. 1982). Doubts about the existence of federal jurisdiction, based on removal, are to be resolved in favor of remand. *Jones v. General Tire and Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).

Generally, when a non-diverse party is involuntarily dismissed by the state court, the case is not removable. *Poulos,* 959 F.2d at 72. However, the case may still be removable if the party seeking removal can demonstrate that the joinder of that jurisdiction-defeating defendant was fraudulent. *Id.* at 73. When removal is premised on the argument that a plaintiff fraudulently joined a particular defendant for the purpose of defeating federal jurisdiction, the "defendant must show that a plaintiff's claim cannot succeed, 'even after resolving all issues of fact *and law* in favor of the plaintiff.'" *Id.*, quoting *Antonio v. Wal-Mart*, case no. 1:07-cv-0006-JDT-TAB, 2007 U.S. Dist. LEXIS 61166, *5 (S.D. Ind. August 20, 2017) (emphasis in original).

**ARGUMENT**

**A. The state court's dismissal of the non-diverse Walgreens defendants was involuntary, so dismissal did not make the case removable.**

The sole basis asserted by Defendants for federal jurisdiction is the complete diversity of the parties and the absence of a forum defendant. *See* Notice of Removal, attached as Exhibit H, ¶ 11. Walgreens, like Plaintiffs, is a citizen of Illinois. Defendants removed this case to federal court after the state court dismissed all claims against Walgreens. Notably, Judge Trevino did not find that the claims against retailers, including Walgreens, were frivolous or filed for an improper purpose, but rather ruled that they were preempted by federal law. See Exhibit G. As

stated above, Plaintiffs' cases were all filed on August 8, 2023, against multiple defendants, including the non-diverse forum defendants Walgreens, and was consolidated with similar cases for pre-trial management by Judge Trevino on August 23, 2023. Removing Defendants argue that Plaintiffs' cases became removable when Judge Trevino issued his August 25, 2023 order in the master *Banna* case dismissing the plaintiffs' claims against Walgreens because Removing Defendants state: "the decision of the judge dismissing the non-diverse defendant with prejudice is 'not a decision by a state court judge in a different matter involving different defendants' but rather was entered in the 'exact same case' and based on the same master complaint." Exhibit H, Notice of Removal, ¶ 30.

Plaintiffs could not agree more that their claims against Walgreens were *involuntarily* dismissed through the *Banna* master case after their cases were filed and consolidated with *Banna*. Plaintiffs' claims were on file and transferred to the consolidated docket *before* Judge Trevino issued his August 25, 2023 Order dismissing claims against Walgreens. The claims asserted by these Plaintiffs and all other plaintiffs against Walgreens/other retailers in the consolidated case were *involuntarily dismissed with prejudice over the plaintiffs' objections*. Exhibit H, Notice of Removal, ¶ 31. Because Plaintiffs' claims against Walgreens were involuntarily dismissed as part of the *Banna* master case, Plaintiffs' cases are not removable under the well-established Seventh Circuit doctrine of *Poulos*. Per that Seventh Circuit opinion, every court of appeals that has addressed the voluntary/involuntary rule has held that it survived the enactment of 28 U.S.C. 1446(b). *Poulos*, 959 F.2d at 72 (collecting cases).

In *Poulos*, the court explained the rationale for the distinction between diversity-destroying defendants being voluntarily or involuntarily dismissed – "federal courts fear that an involuntary dismissal may be only temporary: the plaintiff may appeal the dismissal in state

court, and success on appeal would lead to reinstatement of the non-diverse party, destroying federal jurisdiction and compelling remand to the state court." *Id*. at 72. In addition to avoiding the "yo-yo effect" of remanding a case to federal court after the re-appearance of a non-diverse defendant, the voluntary-involuntary distinction also is consistent with the general deference given to a plaintiff's choice of forum. *Id.* The Seventh Circuit noted that there is some tension between forum-choice deference and the apparent purpose of removal, namely, to allow a defendant "to escape the plaintiff's hometown forum," but the deference was consistent with the "general desire to limit federal jurisdiction." *Id*.

Furthermore, the dismissal of Walgreens, only one of many named defendants in ongoing litigation, is not yet ripe for appeal, so therefore the present case should not have been removed. Appeal after removal could result in the type of "yo-yo" jurisdiction that is to be avoided. Should Walgreens be reinstated as a party after a successful appeal by plaintiffs, the federal court would no longer have diversity jurisdiction. Because Judge Trevino dismissed some parties while denying the request to dismiss other parties, the dismissal as to Walgreens operates as a "judgment as to fewer than all parties or claims" under Rule 304(a), Ill. Sup. Ct. R. This rule allows immediate appeal of such a judgment "only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Rule 304(a), Ill. Sup. Ct. R. Judge Trevino has made no such finding, either in his dismissal order (see Exhibit G) or at any time thereafter. Furthermore, this case does not fall into one of the exceptions to this rule allowed in Rule 304(b). Therefore, Plaintiffs and the other *Banna* plaintiffs have not yet appealed the dismissal order but intend to do so in the time allowed under the Illinois Supreme Court Rules.[1]

---

[1] The *Banna* plaintiffs intend to appeal the dismissal of the retailer Defendants (including Walgreens) when the issue is ripe for appeal. To preserve their rights to sue the Walgreens Defendants, along with other *Banna* plaintiffs,

B.  **Defendants cannot meet the high burden required to demonstrate that Walgreens was fraudulently joined, and therefore, removal was improper.**

Removing Defendants acknowledged that Plaintiffs' cases were bound by Judge Trevino's dismissal order, and thus their claims against Walgreens were dismissed *involuntarily*, rendering the case non-removable unless an exception applied. "[T]he complete diversity rule and the voluntary/involuntary rule make it difficult for an out-of-state (diverse) defendant to remove a case to federal court if an in-state (non-diverse) defendant *has ever been party* to the lawsuit. But there is one more route to removal. If [removing defendant] can show that the joinder of [non-diverse defendant] was fraudulent, then removal will be allowed." *Poulos,* 959 F.2d at 72-73 (emphasis added), citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 66 L. Ed. 144, 42 S. Ct. 35 (1921).

Fraudulent joinder refers to a claim against a non-diverse defendant "that simply has no chance of success" and is brought for the sole purpose of destroying diversity jurisdiction. *Poulos*, 959 F.2d at 73. If the removing defendant meets its "heavy burden" of proving that the plaintiff's complaint provides no reasonable basis for recovery against an in-state defendant, the court can disregard the citizenship of that defendant for jurisdictional purposes. *Garretson v. Dr. Reddy's Labs, Inc.,* case no. 3:21-CV-01366-NJR, 2021 U.S. Dist. LEXIS 220728, * 5-6 (S.D. Ill. Nov. 16, 2021). But fraudulent joinder is difficult to establish. Removing defendants must demonstrate that, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 764 (7th Cir. 2009), *quoting Poulos*, 959 F.2d at 73; see also,

---

Plaintiffs Kwit, Santiago, Vogel, and Tutwiler served the Walgreens Defendants, along with the other Defendants named on their complaints, notwithstanding the order granting retailers/ Walgreens' motion to dismiss. This was not done for any nefarious purposes (as Defendant implies), but only to preserve their rights to proceed against Walgreens, along with other *Banna* plaintiffs, if Judge Trevino's ruling is reversed on appeal.

*Garretson* 2021 U.S. Dist. LEXIS 220728, at * 5. Framed a different way, the district court must ask whether there is "any reasonable possibility" that the plaintiff could prevail against the non-diverse defendant. *Schur,* 577 F.3d at 764; *Poulos*, 959 F.2d at 73. Joinder of the claim is not fraudulent for purposes of jurisdiction so long as the legal issue *is subject to reasonable argument on both sides*. *Garretson*, 2021 U.S. Dist. LEXIS 220728, *5-6. In a case like this one, where the state court has issued a ruling with regard to the viability of Plaintiffs' claims, the question for the Court is whether there is any reasonable possibility that the case will be reversed on appeal. *Poulos,* 959 F.2d at 73. That is, despite the state court's ruling, the question remains whether the legal issue (of preemption in this case) is subject to reasonable argument on both sides.

A defendant faces a "heavy burden" to demonstrate that the joinder is fraudulent, and some courts, including some Illinois federal district courts, have suggested that the burden is even onerous, and more favorable to the plaintiff, than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999); *Hartley v. CSX Transp., Inc*., 187 F.3d 422, 424 (4th Cir. 1999); *Batoff v. State Farm Ins. Co*., 977 F.2d 848, 852 (3d Cir. 1992) (noting that a Rule 12(b)(6) inquiry "is more searching than that permissible when a party makes a claim of fraudulent joinder"); *Rutherford v. Merck & Co*., 428 F. Supp. 2d 842, 847 (S.D. Ill. 2006).

In evaluating fraudulent joinder, the court is to resolve all issues of fact *and law* in favor of the plaintiff. *Poulos*, 959 F.2d at 72, 73; *Antonio,* 2007 U.S. Dist. LEXIS 61166, *5. In addition, the court must be cautious not to evaluate the merits of plaintiff's claims. *Peters v. Amr Corp.*, case no. 95-C-588, 1995 U.S. Dist. LEXIS 8086, *3 (N.D. Ill. June 12, 1995), *quoting Boyer v. Snap-on Tools Corp*., 913 F.2d 108, 113 (3d Cir. 1990)) (stating that, in determining

fraudulent joinder, the court is limited to evaluating whether colorable claims exist against the non-diverse defendant, leaving the determination of the merits of those claims to the state court). The court looks only to determine whether the claims against the nondiverse defendant are "wholly insubstantial and frivolous." *Robles v. Nexstar Media Group, Inc.*, case no. 17-C-08551, 2018 U.S. Dist. LEXIS 24846, at *6 (N.D. Ill. Feb. 15, 2018). Defendants must show that Plaintiffs have no chance of success on a claim against the nondiverse defendants. *Schumacher v. Sterigenics U.S., LLC*, 394 F. Supp.3d 837, 847 (N.D. Ill. 2019). The price of improperly finding fraudulent joinder is a lack of jurisdiction to determine the merits of the case, which would lead on appeal to the vacation of any dispositive order/judgment and remand to the state court to start the case over from scratch. *See, Alvarez v. Techalloy Co.*, No. 21 C 50300, 2022 U.S. Dist. LEXIS 59150, at *5-6 (N.D. Ill. Mar. 31, 2022), *citing Schur*, 577 F.3d at 768.

The "no reasonable possibility" standard is a high burden for Removing Defendants to meet. This Court has stated in *McVey v. Anaplan, Inc.* that even when a state court has ruled that the plaintiff has failed to state a claim against the defendant (twice, in *McVey*), *this is not conclusive* because an appellate court may decide the issue differently:

> But to be fair, nowhere in either of the dismissal orders did the state court suggest that McVey's harassment claims were somehow frivolous or had no reasonable possibility of success. This is not to mention that the state appellate court might come out differently on this same issue. And in any event, the standard applied by the state court at the Rule 12(b)(6) dismissal stage is not the standard that is now before this Court. That is, McVey is not required to show that she has plausibly stated a harassment claim. Rather, Anaplan is required to show that McVey has no reasonable possibility of succeeding on a harassment claim. Anaplan has not met that high bar.

*McVey v. Anaplan, Inc.*, case no. 19-cv-07770, 2020 U.S. Dist. LEXIS 161385, at *14-15 (N.D. Ill. Sep. 3, 2020).

Plaintiffs intended in good faith to prosecute their claims against Walgreens when their cases were filed, and Walgreens was still a party to the *Banna* case at that time.

Defendants then argue *ex post facto* that because claims against Walgreens were dismissed with prejudice as preempted on the consolidated docket, albeit *after Plaintiffs' complaints were filed,* its initial joinder as a Defendant must have been fraudulent. Notice, ¶¶ 31-32. However, the *Banna* plaintiffs opposed the dismissal of their claims against retailers including Walgreens (opposition briefs were filed before Plaintiffs filed their lawsuits), and Plaintiffs still believe the preemption issue was incorrectly decided and intend to appeal. Plaintiffs Twit, Santigo, Vogel, and Tutwiler believe that Walgreens is a proper party to this litigation, bearing liability for his injuries, and they did not join Walgreens as a party for the improper purpose of defeating jurisdiction.

In dismissing the retailer defendants, Judge Trevino did not find that the *Banna* plaintiffs' claims against retailers (including Walgreens) were frivolous, but that they were preempted. The issue of preemption *is subject to reasonable argument on both sides*. *Garretson,* 2021 U.S. Dist. LEXIS 220728, *5-6. In fact, the *Banna* plaintiffs argued against preemption, asserting non-frivolous arguments in response to the retailers' motion to dismiss. Because there was a reasonable argument that the claims were not preempted, Plaintiffs' joinder of Walgreens was not fraudulent.

Additionally, numerous Illinois federal courts have held that a fraudulent joinder argument is inappropriate as to a claim of preemption, because "removal cannot be based on an affirmative defense" and "arising-under jurisdiction depends on the claim for relief rather than potential defenses." *Hawkins v. Boehringer Ingelheim Pharmaceuticals*, case no. 20-C-6509, 2021 U.S. Dist. LEXIS 194448, at *9 (N.D. Ill. Jan. 19, 2021), *quoting Bennett v. Southwest*

*Airlines Co.*, 493 F.3d 762, 763 (7th Cir. 2007). Defendants have made this exact fraudulent joinder argument on removal in two Illinois federal courts and lost both times. *Hawkins,* 2021 U.S. Dist. LEXIS 194448, at *9; see also *Garretson*, 2021 U.S. Dist. LEXIS 220728, *9 (ordering a post-removal remand because preemption against Walgreens is an affirmative defense which plaintiffs are not required to plead around, the issue should not have been decided at the complaint stage, and thus a preemption finding was not a basis for fraudulent joinder). In *Garretson*, another ranitidine case in which Walgreens argued fraudulent joinder, the court noted that it is improper to decide impossibility preemption at the complaint stage (*Id.* at *7*) which is exactly what occurred in this case. This is but one of Plaintiffs' "reasonable arguments" to raise on appeal.

Courts have also held that fraudulent joinder cannot be established on the basis of a defense, such as the defense of preemption, that could be asserted by diverse and non-diverse defendants alike. *Smallwood v. Ill. Cent. R.R. Co*., 385 F.3d 568, 574-575 (5th Cir. 2004). "When the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made." *Smallwood*, 385 F.3d at 575. *See also, Klohr v. Martin & Bayley, Inc*., 05-cv-456, 2006 U.S. Dist. LEXIS 26242 (S.D. Ill. May 3, 2006). That is precisely what occurred in the present case— on separate motions, both diverse defendants and the non-diverse defendants (Walgreens) argued that Plaintiffs' claims were preempted by federal law. And, Judge Trevino did find some claims against diverse defendants were preempted, as well as finding all claims against retailers, including Illinois-resident Walgreens, were preempted. See Exhibit G. This further cuts against the argument that Walgreens was sued for the sole purpose of defeating diversity.

Because the present case was filed before the state court issued its ruling dismissing the *Banna* plaintiffs' claims against retailers (including Walgreens) as preempted by federal law, and the *Banna* plaintiffs had opposed that motion to dismiss, asserting meritorious arguments in opposition to both diverse and non-diverse defendants' preemption defenses, Walgreen's dismissal was not a foregone conclusion at the time of the complaint's filing. In addition, as will be discussed in greater detail below, Plaintiffs believe there is a probability of reversal on appeal. Joinder of Walgreens was not fraudulent in this case.

**C.   Plaintiffs' Complaints stated reasonable claims against Walgreens that were subject to argument on both sides, so therefore Walgreens was not fraudulently joined.**

As noted above, the *Banna* plaintiffs' claims against retailers, including Walgreens, were dismissed based upon the state court's ruling that the claims were preempted by federal law, not for failure to allege sufficient facts to establish liability. The *Banna* plaintiffs did not and do not believe that federal preemption doctrine bars their claims against retailers in this case.

Congress did not intend federal law would "occupy the field" when it created the FDA.

> "[T]he purpose of Congress is the ultimate touchstone in every pre-emption case." *Wyeth*, 555 U.S. at 574. When Congress enlarged the FDA's powers to protect the public and ensure the safety and effectiveness of drugs, Congress included a statement of its intent with respect to state law: "No provision of this Act nor any amendment made by it shall be construed as indicating any intent on the part of the Congress to occupy the field in which such provision or amendment operates to the exclusion of any State law on the same subject matter, *unless there is a direct and positive conflict* between such provision or amendment and such State law *so that the two cannot be reconciled or consistently stand together*." (Emphasis added.) Pub. L. 89-74, § 10, 79 Stat. 235 (1965); *Wyeth*, 555 U.S. at 567 (discussing Congress's intent and purpose in the 1962 amendment). Thus, to satisfy its burden, a defendant . . .must show a direct and positive conflict that cannot be reconciled.

*People v. Johnson & Johnson*, 19 CH 10481, 2021 Ill. Cir. LEXIS 387, *28-29 (Cir. Ct. Cook Cty., Jan. 8, 2021), quoting *Guvenoz v. Target Corp.*, No. 1-13-3940, 2015 Ill. App. LEXIS 207, ¶¶ 45-48 (IL App (1st), Mar. 27, 2015). In fact, "Congress did not provide a federal remedy for

consumers harmed by unsafe or ineffective drugs in the 1938 statute or in any subsequent amendment. Evidently, it determined that widely available state rights of action provided appropriate relief for injured consumers." *People v. Johnson & Johnson*, 2021 Ill. Cir. LEXIS 387, *29, quoting *Wyeth*, 555 U.S. 555, 574 n.7 (2009) (observing that witnesses testified before the Senate that a federal "right of action was unnecessary because common-law claims were already available under state law.").

In another ranitidine case, state court Judge Smith ruled on the record that the court recognized a "presumption against preemption" and examined whether the defendant had shown a direct and positive conflict between state and federal law that could not be reconciled. Citing *Guvenoz,* the Court found that there was no such conflict in a case such as this, where it was alleged that the product as designed was unsafe for anyone that consumed it, and ruled that "the plaintiffs [had] properly alleged that defendant had the ability to comply with both federal and state law by removing the product from the market, and therefore there is no conflict between state and federal law." *See* Transcript of Hearing before Circuit Judge Sarah Smith, March 24, 2022, at pp. 9-10, attached hereto as Exhibit I.

In another ranitidine case in Illinois, a federal court rejected the defense argument that the non-diverse retailers had been fraudulently joined by the plaintiff, finding that some possibility existed that an Illinois state court would find that the claims against the non-diverse retailers were not preempted, and remanded the removed case to state court. *Bayer v. Boehringer Ingelheim Pharmaceuticals, Inc.,* case no. 3:21-cv-01084-SPM, 2021 U.S. Dist. LEXIS 175150, *4, 2021 WL 4192142, *citing In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2021 U.S. Dist. LEXIS 31450, 2021 WL 650608 (S.D. Fla. Feb. 19, 2021).

Plaintiffs purchased the Zantac they ingested from Walgreens. Both federal law and state law allow for the imposition of liability on retailers like Walgreens for sales of unreasonably dangerous medications. Illinois law imposes strict liability on retailers who sell unreasonably dangerous products and allows negligence claims against them. Parallel and not inconsistent with Illinois law, the federal misbranding statutes forbid retailers from selling unreasonably dangerous drugs. See, 21 U.S.C. § 352(j) (defining misbranded drugs); 21 U.S.C. § 331 (prohibiting introduction and receipt of misbranded drugs through interstate commerce); *United States v. Dotterweich,* 320 U.S. 277, 284-85 (1943) (applying provisions to a retailer even if retailer is not aware the product is dangerous). As Judge Smith held, where a drug is so dangerous that federal law ultimately requires it to be recalled and removed from the market, as with Zantac and generic ranitidine products, it is not impossible for a retailer to comply with both state and federal law by not selling the dangerous products. Because there is no inconsistency, and because Congress did not intend federal law to occupy the field, Plaintiffs did not and do not believe their allegations against Walgreens are preempted by federal law.

In addition, Plaintiffs have alleged that Walgreens was negligent in shipping and storing Zantac under conditions that increased its danger. Complying with the duty of care with regard to shipping and storage does not involve any conflict with or cause Walgreens to run afoul of any federal law. Walgreens has not made any argument that federal law requires them to expose Zantac/ ranitidine products to high heat and humidity. Therefore, it is Plaintiffs' good faith position that these negligence claims are also not preempted.

Walgreens was not fraudulently joined for the purpose of defeating federal jurisdiction but was sued in good faith because Plaintiffs believe they have meritorious claims against it.

**WHEREFORE,** Plaintiffs move that this Court remand this case back to Illinois state court and grant such other and further relief as the Court deems just and proper.

Dated: April 3, 2024                               Respectfully submitted,

                                                              By: */s/ Justin Parafinczuk*
JUSTIN PARAFINCZUK
Fla. Bar No. 39898
Board Certified Civil Trial Attorney
JOHN A. BRUEGGER
Ill. Bar No. 6278821
**PARAFINCZUK WOLF, P.A.**
5550 Glades Road, Suite 500
Boca Raton, FL 33431
T: (954) 462-6700
F: (954) 462-6567
JParafinczuk@Parawolf.com
JBruegger@ParaWolf.com

*ATTORNEYS FOR PLAINTIFFS,*
*Peter Kwit, Andrea Santiago,*
*Chiquita Tutwiler, and Claude Vogel*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2024, the foregoing was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

                                                          */s/ Justin Parafinczuk*
JUSTIN PARAFINCZUK