**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE: ZANTAC (RANITIDINE)          **MDL No. 2924**
PRODUCTS LIABILITY                   **20-MD-2924**
LITIGATION

                                     **JUDGE ROBIN L. ROSENBERG**
_____/    **MAGISTRATE JUDGE BRUCE E. REINHART**

**THIS DOCUMENT RELATES TO:**

Campion v. GlaxoSmithKline LLC, et al.,          No. 24-cv-80265 (S.D. Fla.).
Cusick v. GlaxoSmithKline LLC, et al.,           No. 24-cv-80271 (S.D. Fla.).
Rascento v. GlaxoSmithKline LLC, et al.,         No. 24-cv-80264 (S.D. Fla.).
Rounds v. GlaxoSmithKline LLC, et al.,           No. 24-cv-80266 (S.D. Fla.).

---

**MOTION TO REMAND**

The above-captioned Plaintiffs ("Plaintiffs"), by and through undersigned counsel, move

this court to remand these four cases, illegally removed from Delaware state court pursuant to 28

U.S.C. § 1447(c).  This motion is filed with leave of Court pursuant to Amended Pretrial Order #

24.

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION ........................................................................................................................ 1

BACKGROUND .......................................................................................................................... 3

LEGAL STANDARD .................................................................................................................. 8

ARGUMENT ............................................................................................................................... 9

    I.    Plaintiffs Campion and Rounds Did Not Consent to or Authorize Certification under PTO 72 and, thus, this Court Cannot Conclude that a Claim Against Diversity-Destroying Defendant Patheon Is Fraudulently Joined or Estopped .............................. 9

    II.    Plaintiff Cusick's Personal Representative Did Not Consent to or Authorize Certification under PTO 72, So There Was No Consent to Defendants' Illegal Removal Under the Forum Defendant Bar ..................................................................... 14

    III.    Plaintiff Rascento Certified his Stomach Cancer Case, But Deliberately Chose to Pursue his Prostate Cancer Case in Delaware State Court; Thus Plaintiff Rascento's Prostate Cancer Claim Against Diversity-Destroying Patheon Is Not Fraudulently Joined ................................................................................................ 17

CONCLUSION ........................................................................................................................... 19

REQUEST FOR HEARING ...................................................................................................... 19

CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(3) ................................................ 19

CERTIFICATE OF SERVICE .................................................................................................. 20

# TABLE OF AUTHORITIES

Page(s)

## <u>Cases</u>

*Am. Fire & Cas. Co. v. Finn*,
   341 U.S. 6 (1951) ........................................................................................ 15

*Barton v. Snellson*,
   735 S.W.2d 160 (Mo. Ct. App. 1987) ...................................................... 16

*Burns v. Windsor Ins. Co.*,
   31 F.3d 1092 (11th Cir. 1994) .................................................................... 9

*Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A.*,
   882 F. Supp. 1056 (S.D. Fla. 1994) .......................................................... 17

*Crowe v. Coleman*,
   113 F.3d 1536 (11th Cir. 1997) ........................................................... 11, 13

*Dixie Operating Co. v. Exxon Co., U.S.A.*,
   493 So. 2d 61 (Fla. Dist. Ct. App. 1986) ................................................. 12

*Fransas v. Brenntag N. Am. Inc.*,
   No. 9:17-CV-80058, 2017 WL 9292098 (S.D. Fla. Mar. 10, 2017) .......... 11

*Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*,
   378 F.3d 1269 (11th Cir. 2004) .................................................................. 9

*Goodwin v. Reynolds*,
   757 F.3d 1216 (11th Cir. 2014) ................................................................ 15

*Hawkins v. Cottrell, Inc.*,
   785 F. Supp. 2d 1361 (N.D. Ga. 2011) .................................................... 15

*Hayes v. Nat'l Serv. Indus.*,
   196 F.3d 1252 (11th Cir. 1999) ................................................................ 12

*Jackson v. Seaboard Coast Line R. Co.*,
   678 F.2d 992 (11th Cir. 1982) .................................................................. 15

*Jirau v. Wathen*,
   No. 8:14-CV-1205-T-33, 2014 WL 3695388 (M.D. Fla. July 24, 2014) .... 14

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) .................................................................................... 9

*Martin v. Mentor*,

142 F. Supp. 2d 1346 (M.D. Fla. 2001) .................................................................................. 17

*Nagyiski v. Smick*,
No. U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, 2009 WL 5511159 (Del. Com. Pl. Dec. 9, 2009) .................................... 12

*Pacheco de Perez v. AT&T Co.*,
139 F.3d 1368 (11th Cir. 1998) ......................................................................................... 12, 15

*Rest. Grp., LLC v. Burger King Corp.*,
No. 19-22131-CIV, 2019 WL 5102162 (S.D. Fla. Oct. 11, 2019) ......................................... 15

*Reutzel v. Douglas*,
870 A.2d 787 (Pa 2005) ......................................................................................................... 12

*Shamrock Oil & Gas Corp. v. Sheets*,
313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941) ................................................................. 9

*Sibilia v. Makita Corp.*,
674 F. Supp. 2d 1290 (M.D. Fla. 2009) .................................................................................... 9

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) ................................................................................................................. 11

*Stillwell v. Allstate Ins. Co.*,
663 F.3d 1329 (11th Cir. 2011) ........................................................................... 9, 11, 12, 17

*Strawberidge v. Curtiss*,
7 U.S. 267 (1806) ................................................................................................................... 10

*Taklani v. Target Corp.*,
No. 9:19-CV-80859, 2019 WL 13235646 (S.D. Fla. Nov. 5, 2019) ...................................... 14

*Univ. of S. Alabama v. Am. Tobacco Co.*,
168 F.3d 405 (11th Cir. 1999) ................................................................................... 10, 11, 13

**Statutes**

28 U.S.C. § 1441 .............................................................................................................. 9, 14, 15

28 U.S.C. § 1446 ...................................................................................................................... 5, 9

28 U.S.C. § 1447 ................................................................................................................. 1, 5, 10

**Other Authorities**

14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and
Procedure § 3721, pp. 285–86 (3d ed.1998) ............................................................................. 9

## INTRODUCTION

In February 2024, the Defendants,[1] in violation of federal statutes, removed the above-captioned cases from Delaware state court, claiming federal subject matter jurisdiction when none existed.  Pursuant to 28 U.S.C. § 1447(c), Plaintiffs request that these cases be remanded back to Delaware state court.

The Plaintiffs are among many others who allege that they developed cancer from the use of the Defendants' ranitidine-containing drugs.  These cases were originally filed in the Delaware Superior Court of New Castle County, among 70,000 similar claims, in the Fall of 2022.  However, Defendants later identified a few hundred Plaintiffs in that action who, they claim, had been certified to participate in the Zantac Multidistrict Litigation ("MDL") pursuant to the Pretrial Order No. 72 ("PTO 72").  Thus, they maintain, those cases should have been filed in the MDL, and then promptly dismissed based on the Court's general causation ruling.

In *Campion* and *Rounds*, the Plaintiffs and one of the named Defendants, Patheon, are citizens of Pennsylvania.  Thus, this Court does not have diversity jurisdiction over the lawsuit. Indeed, Defendants do not dispute this.  However, they argue that Patheon is fraudulently joined, i.e., that a claim against Patheon is impossible.  Defendants claim that Plaintiffs Campion and Rounds were certified participants in this MDL pursuant to PTO 72 and, thus, agreed to be estopped from suing any diversity-destroying Defendants, including Patheon.  However, Plaintiffs Campion and Rounds dispute this—they never consented or authorized any certification in this MDL under PTO 72.  If this is true, then PTO 72's estoppel provisions cannot, as a matter of law, bind them; and, thus, their claims against Patheon are not impossible.

---

[1] Defendants are GlaxoSmithKline, LLC, Pfizer, Inc., Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim USA Corporation, Sanofi-Aventis U.S. LLC, Sanofi U.S. Services, Inc., and Patheon Manufacturing Services LLC.

1

Factual disputes must be weighed in favor of the party seeking removal—and, on this record, this Court simply cannot find that Patheon was fraudulently joined.  Remand must issue.

In *Cusick*, although there is complete diversity among the parties, the Defendants' removal was illegal under the forum defendant bar.  Each of the removing defendants is a citizen in Delaware, and thus by statute, are forbidden from seeking removal once served (which they were).  Defendants gloss over this disregard of federal law by arguing that Plaintiff Cusick waived any right to challenge removal by certifying participation in the MDL pursuant to PTO 72.  But, like Campion and Rounds, Plaintiff Cusick (specifically, her personal representative) never authorized or consented to certification in the MDL.  So, on these facts—which must be viewed in a light most favorable to Plaintiff—there was consent to removal.  The removal was simply illegal.  And, on that basis, this Court must remand pursuant to the forum defendant bar.

The terms of certification explicitly required the consent of the Plaintiffs, but Plaintiffs Campion, Cusick, and Rounds did not consent to or authorize certification.  These Plaintiffs explicitly authorized their cases to be filed in state court in Delaware, not the MDL.  Indeed, they were unaware their cases had ever been certified or filed in federal court, or that the terms of certification might bar them from filing elsewhere.  Under these circumstances, sorting out whether these Plaintiffs are now barred from pursuing their Delaware state action will require discovery and a hearing of the legal and factual issues involved—likely subject to a trier of fact.  Absent jurisdiction or a valid removal, this Court is simply not the correct venue to adjudicate these issues.

Plaintiff Rascento presents a different circumstance.  In his Delaware state action, Mr. Rascento, a citizen of Massachusetts, also named Defendant Patheon, also a citizen of Massachusetts, thereby destroying diversity.  However, Plaintiff Rascento certified his stomach

cancer case for participation in the MDL—which the MDL leadership had included as a "designated" cancer—but deliberately chose to pursue his prostate cancer claim in the Delaware state court—where the leadership is actively pursuing the cancer type. Thus, while his claim related to stomach cancer may be estopped by his acceding to PTO 72, his claim involving prostate cancer is *not*. Therefore, his claim against Patheon, alleging a prostate cancer injury, is not fraudulently joined. This Court must remand it for lack of subject matter jurisdiction.

Plaintiffs respectfully request that the Court enter an order remanding all four cases back to Delaware state court so that they may continue to proceed where they were, originally, filed almost two years ago.

## BACKGROUND

These four cases were originally filed in the Superior Court of New Castle County in the Fall of 2022. In the Delaware proceeding, which involves over 70,000 filed cases, Defendants identified a few hundred plaintiffs that had, according to Defendants' records, were "Certified Federal Participants" ("CFPs") pursuant the federal Multidistrict Litigation ("MDL") Pretrial Order 72. In essence, Defendants argued that because these plaintiffs, in a separate proceeding, agreed to the provisions in this MDL's PTO 72, they should not have been filed in Delaware state court. Defendants believe that the issue, i.e., whether PTO 72 prohibits certain plaintiffs from proceeding with otherwise valid state court claims in Delaware state court, should be addressed by the MDL Court. Plaintiffs, however, do not believe the MDL Court is the appropriate forum to address this issue because there is no legal way for cases filed against forum Defendants (and with several of them also lacking complete diversity) to be brought before the MDL on removal absent violating federal law. Defendants disagreed and threatened to engage in wholesale removal of claims, which would have thrown a massive wrench in the

Delaware proceedings—which are now awaiting a *Daubert* ruling on general causation.  So, Delaware Co-Lead counsel brokered an agreement with Defendants.

Each side selected two alleged CFP plaintiffs (total of four) with cases proceeding in Delaware.  Those four plaintiffs would then file individual complaints in Delaware and serve each on the forum Defendants.  Then, Defendants would attempt removal of the cases to federal court and the Parties agreed to address remand before the MDL.  Plaintiffs maintain that this Court's ruling will make it clear that any concerns regarding the propriety of CFPs filing cases in Delaware state court—which implicates complicated individual facts concerning notice, agency, consent, and estoppel—should be litigated in the court that has jurisdiction to address those factual issues and legal issues, not a Court that lacks jurisdiction.  Defendants believe that this Court will assert jurisdiction over these cases and ultimately rule to dismiss them entirely, outside of their home state forum of Delaware.  Either way, the Court's ruling on this motion to remand might help inform the Parties of whether future removals are warranted and/or whether the nuanced factual issues attendant to the alleged certifications made in the MDL should be addressed in the Delaware proceeding.

The four plaintiffs at issue originally filed their cases in bundled complaints in Delaware state court.  Plaintiff Cusick was originally filed on September 13, 2022, in *Durmach v. GlaxoSmithKline LLC, et al.,* No. N22C-09-225 VLM. Plaintiff Campion was originally filed on September 13, 2022, in *Ruchin v. GlaxoSmithKline LLC, et al*. No. N22C-09-237 VLM.  Plaintiff Rascento was originally filed on November 15, 2022, in *Lescord v. GlaxoSmithKline LLC, et al.,* No. N22C-11-114 ZAN.  And, Plaintiff Rounds was originally filed on September 13, 2022, in *Haskell v. GlaxoSmithKline LLC, et al.,* No. N22C-09-304 VLM.  Pursuant to an MDL agreement, Plaintiffs Cusick, Campion, Rascento, and Rounds filed individual Delaware complaints in

January 2024.[2] Defendants then, on February 16, 2024, removed the cases to federal court. Notice of Removal.[3] By agreement, the cases were then noticed for tag-along to the MDL and the cases were ordered transferred to this MDL on March 6, 2024.

In compliance, leave to file a motion to remand, consistent with this MDL's filing procedures, was filed on April 9, 2024, along with this motion to remand. The Parties have previously agreed that Plaintiffs will not object to removal under the one-year rule because each Plaintiffs' case proceeded in state court for over 1 year. *See* 28 U.S. Code § 1446(c)(1). That said, by agreeing to sever these four cases as individual complaints, knowing they would be improperly removed, Plaintiffs preserved all objections to removal. Additionally, the Parties have agreed that by delaying a motion to remand so that this case could be coordinated before the MDL, there was no waiver of a challenge to removal under 28 U.S.C. § 1447(c).

The lawsuits in federal court name GlaxoSmithKline, LLC; GlaxoSmithKline Holdings (Americas), Inc.; GlaxoSmithKline, PLC; and 18 generic manufacturers, not named in the Delaware Complaint, while the Delaware lawsuit names Defendants GlaxoSmithKline, LLC; Pfizer, Inc.; Boehringer Ingelheim Pharmaceuticals, Inc.; Boehringer Ingelheim USA Corporation; Sanofi-Aventis U.S. LLC; Sanofi U.S. Services, Inc.; and Patheon Manufacturing Services LLC.

*Campion* is a death case, with the plaintiff's husband, William H. Campion, acting as her personal representative. *Campion,* Declaration at ¶ 1. The decedent allegedly developed

---

[2] *Cusick v. GlaxoSmithKiline LLC, et al.* No. N24C-01-112 ZAN, filed Jan 16, 2024.
*Campion v. GlaxoSmithKline LLC, et al*., No. N24C-01-111 ZAN, filed Jan. 15, 2024.
*Rascento v. GlaxoSmithKline LLC, et al.,* No. N24C-01-106 ZAN, filed Jan 16, 2024.
*Rounds v. GlaxoSmithKline LLC, et al.,* No. N24C-01-194 ZAN, filed Jan 24, 2024.
[3] Not. of Removal, *Campion v. GlaxoSmithKline LLC, et al.,* No. 24-cv-80265 (S.D. Fla.), Dkt.
Not. of Removal, *Cusick v. GlaxoSmithKline LLC, et al.,* No. 24-cv-80271 (S.D. Fla.).
Not. of Removal, *Rascento v. GlaxoSmithKline LLC, et al.,* No. 24-cv-80264 (S.D. Fla.).
Not. of Removal, *Rounds v. GlaxoSmithKline LLC, et al.,* No. 24-cv-80266 (S.D. Fla.).

pancreatic cancer caused by ranitidine products she consumed.  *Campion* January 15th, 2024 Complaint.  The decedent's representative alleges consumption of over-the-counter ranitidine products between 2007 and 2015. *Campion*, Declaration at ¶ 2.  The original lawsuit was filed on September 13, 2022 in a bundled complaint, *Ruchin v. GlaxoSmithKline LLC, et al*. No. N22C-09-237 VLM.  Then, pursuant to the agreement discussed above, was filed individually on January 15, 2024 in *Campion v. GlaxoSmithKline LLC, et al*., No. N24C-01-111 ZAN.  Mr. Campion retained Wisner Baum, LLP ("Wisner-Baum") on May 29, 2022 to represent her in this litigation. *Campion*, Declaration at ¶ 3.  Wisner-Baum never registered the case to participate in the federal MDL. Renee Campion was a citizen of Pennsylvania.  *Campion,* Notice of Removal at ¶ 2. Mr. Campion has no recollection of interacting with any firm other than Wisner-Baum regarding representation of his claim.  *Campion*, Declaration at ¶ 5.  Romanucci & Blandin, LLC ("Romanucci & Blandin") certified his case pursuant to PTO 72 on June 30, 2022. *Campion,* Notice of Removal at ¶ 8.  Mr. Campion never provided authority or consented to such a certification.  *Campion,* Declaration at ¶ 6-7.  Mr. Campion did, however, give authority to Wisner Baum to file his case in Delaware. *Campion*, Declaration at ¶ 4.  Then, on April 3, 2023, unbeknownst to Mr. Campion, Romanucci & Blandin, LLC filed a second case in this MDL. *Campion*, Notice of Removal at ¶ 12.

*Cusick* is a death case, with the decedent's daughter, Cathy Williams as the personal representative.  *Cusick*, Declaration at ¶ 1. The decedent allegedly developed stomach cancer caused by exposure to NDMA from ranitidine products he consumed.  *Cusick*, January 16, 2024 Complaint.  The decedent's representative alleges consumption of prescription and over-the-counter ranitidine products between 2000 and 2005.  *Cusick*, Declaration at ¶ 2.  The original lawsuit was filed on September 13, 2022 in a bundled complaint, *Durmach v. GlaxoSmithKline*

*LLC, et al.,* No. N22C-09-225 VLM.  Then, pursuant to the agreement discussed above, was filed individually on January 16, 2024 in *Cusick v. GlaxoSmithKiline LLC, et al.* No. N24C-01-112 ZAN.  Ms. Williams retained Wisner Baum, LLP on July 9, 2020 to represent her in this litigation.  *Cusick,* Declaration at ¶ 4.  Wisner-Baum never registered the case to participate in the federal MDL.  Ms. Williams is a citizen of Missouri.  *Cusick,* Notice of Removal at ¶ 2.  Ms. Williams recalls interacting with a local Missouri law firm, Carey, Danis & Lowe, but was under the impression that the firm worked with Wisner-Baum, LLP.  *Cusick,* Declaration at ¶ 6.  Carey Danis & Lowe LLC ("Carey Danis & Lowe") certified her case pursuant to PTO 72 on June 30, 2022.  *Cusick,* Notice of Removal at ¶ 8.  Ms. Wiliams never provided authority or consented to such a certification.  *Cusick,* Declaration at ¶ 5, 7, 8.  Ms. Williams did, however, give authority to Wisner Baum, LLP to file her case in Delaware. *Cusick,* Declaration at ¶ 4.  Then, on February 13, 2023, unbeknownst to Ms. Williams, Carey Danis & Lowe filed a second case in this MDL.  *Cusick,* Notice of Removal at ¶ 12.

*Rounds* is similar to *Cusick*.  It involves a case in which different firms filed in each venue, the plaintiff was unaware of that they had dual representation, the plaintiff was also unaware of the dual filings, and the firms were unaware of the other's representation.  *Rounds,* Declaration at ¶ 3-7.  The case is primarily distinguished from *Cusick* in that Mr. Rounds is still living.  Mr. Rounds allegedly developed bladder cancer caused by exposure to NDMA from ranitidine products he consumed.  *Rounds*, January 24, 2024 Complaint.  Mr. Rounds alleges consumption of over-the-counter ranitidine products between 1998 and 2010.  *Rounds,* Declaration at 2. The original lawsuit was filed on September 13, 2022 in a bundled complaint, *Haskell v. GlaxoSmithKline LLC, et al.,* No. N22C-09-304 VLM.  Then, pursuant to the agreement discussed above, was filed individually on January 24, 2024 in *Rounds v. GlaxoSmithKline LLC,*

*et al.,* No. N24C-01-194 ZAN.  Mr. Rounds retained Moore Law Group, PLLC ("MLG") on

October 30, 2020 to represent him in this litigation.  *Rounds*, Declaration at ¶ 4. MLG never

registered the case to participate in the federal MDL. Mr. Rounds is a citizen of Massachusetts.

*Rounds,* Motion for Remand at ¶ 2.  Mr. Rounds has no recollection of interacting with any firm

other than MLG regarding representation of his claim.  *Rounds,* Declaration at ¶ 5-7.  Keller-

Postman LLC ("Keller-Postman") certified his case pursuant to PTO 72 on June 30, 2022.

*Rounds,* Notice of Removal at ¶ 8.  Mr. Rounds never provided authority or consented to such a

certification.  *Rounds*, Declaration at ¶ 7-8.  Mr. Rounds did, however, give authority to MLG to

file his case in Delaware.  *Rounds*, Declaration at ¶ 4.  Then, on February 24, 2023, unbeknownst

to Mr. Campion, Keller-Postman filed a second case in this MDL.  *Rounds,* Notice of Removal at

¶ 12.

 *Rascento* represents cases in which the same firm filed in both venues.  Mr. Rascento is a

citizen of Pennsylvania.  *Rascento,* Notice of Removal at ¶ 2.  Trammell PC ("Trammell") certified

the case for the MDL on June 30, 2022.  Trammel originally filed the case in Delaware on

November 11, 2022 in *Lescord v. GlaxoSmithKline LLC, et al.,* No. N22C-11-114 ZAN.  Trammell

later filed the case individually in Delaware on January 16, 2024 in *Rascento v. GlaxoSmithKline

LLC, et al.,* No. N24C-01-106 ZAN.  Trammel later filed an individual complaint in the MDL on

January 16, 2024.  *Rascento,* Notice of Removal at ¶ 11.  Mr. Rascento had multiple cancer

diagnoses.  When Trammell certified the case for participation in the MDL, they only certified his

claim with a designated cancer diagnosis. They then filed out of caution in Delaware with the hope

of pursuing a claim on Mr. Rascento's non-designated cancer diagnoses.

## LEGAL STANDARD

A removing defendant has the burden of establishing both federal jurisdiction and

compliance with the procedures for removal set forth in 28 U.S.C. § 1446, as a matter of fact and law." *Sibilia v. Makita Corp.,* 674 F. Supp. 2d 1290, 1291 (M.D. Fla. 2009).  The statutory nature of removal requires that it be construed strictly in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

**ARGUMENT**

**I.    Plaintiffs Campion and Rounds Did Not Consent to or Authorize Certification under PTO 72 and, thus, this Court Cannot Conclude that a Claim Against Diversity-Destroying Defendant Patheon Is Fraudulently Joined or Estopped**

Federal courts are courts of limited jurisdiction; they may only hear cases that the Constitution and Congress have authorized them to hear.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  An action originally brought in state court can only be removed by a defendant to federal court pursuant to federal law.  28 U.S.C. § 1441.  "A defendant's right to remove an action against it from state to federal court 'is purely statutory and therefore its scope and the terms of its availability are entirely dependent on the will of Congress.'" *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004) (quoting 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3721, pp. 285–86 (3d ed.1998)).  Indeed, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

"When a case is removed based on diversity jurisdiction," like here, "the case must be remanded to state court if there is not complete diversity between the parties[.]"  *Stillwell v. Allstate Ins. Co.,* 663 F.3d 1329, 1332 (11th Cir. 2011) (emphasis added) (citing *Strawberidge v. Curtiss,* 7 U.S. 267, 267 (1806)).  This is because, without complete diversity, the Court lacks

subject matter jurisdiction over the lawsuit.

It is error to rule on a merits-based motion prior to ruling on subject-matter jurisdiction. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("[T]he district court should have resolved the issue of subject matter jurisdiction before reaching the merits of any other issue."). "[A] federal court ***must*** remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court" and such a motion must be addressed "at the earliest possible stage in the proceedings[.]" *Id.* at 410 (emphasis added). This mandate is rooted in "significant federalism concerns … because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." *Id.* This constitutional *mandate*, enshrined in federal law provides "[i]f ***at any time*** … it appears that the district court lacks subject matter jurisdiction, ***the case shall be remanded***[.]" 28 U.S.C. § 1447(c) (emphasis added). And, the Eleventh Circuit holds "[t]his provision is mandatory and ***may not be disregarded***[.]" *Univ. of S. Alabama*, 168 F.3d at 410 (emphasis added).

Here, Plaintiffs Campion and Rounds filed claims against Patheon. *Campion*, Jan. 16, 2024 Complaint at ¶ 8; *Rounds*, Jan. 16, 2024 Complaint at ¶ 8. Patheon is a limited liability company that has members that are citizens of Delaware, New York, California, Massachusetts, Wisconsin, and Pennsylvania. *Campion*, Jan. 16, 2024 Complaint at ¶ 8; *Rounds*, Jan. 24, 2024 Complaint at ¶ 8. Plaintiffs Campion and Rascento are citizens of Pennsylvania (Plaintiff Campion actually resided in Delaware, but for purposes of diversity, the citizenship of where the decedent passed is used). *Campion*, Notice of Removal at ¶ 2; *Rounds*, Jan. 24, 2024 Complaint at ¶ 11. Thus, there is not complete diversity of citizenship. With Patheon as a named

defendant, this Court does not have subject matter jurisdiction over Plaintiffs' Campion and Rounds.

Defendants argue that this Court should disregard Patheon as defendant because it is, according to them, fraudulently joined. *See, e.g., Campion*, Notice of Removal at ¶ 18.  To establish fraudulent joinder, "the removing party has the burden of proving by *clear and convincing evidence* that … there is *no possibility the plaintiff can establish a cause of action* against the resident defendant[.]"  *Stillwell*, 663 F.3d at 1332 (emphasis added) (quoting *Crowe*, 113 F.3d at 1538).[4]  The Court must "construe removal statutes strictly" and resolve "*all doubts about jurisdiction* … in favor of remand to state court."  *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (emphasis added, citations omitted).  This burden is, intentionally, "a heavy one."  *Fransas v. Brenntag N. Am. Inc.*, No. 9:17-CV-80058, 2017 WL 9292098, at *2 (S.D. Fla. Mar. 10, 2017) (J. Rosenberg).  "A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts" and "'offends fundamental principles of separation of powers[.]'"  *Univ. of S. Alabama*, 168 F.3d at 411 (quoting *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998)).

In assessing whether a claim is "possible," the Court cannot use federal pleading standards.  *Stillwell*, 663 F.3d at 1334.  Unlike the plausibility standard in federal court,"[n]othing in [Eleventh Circuit] precedents concerning fraudulent joinder requires anything more than conclusory allegations[.]"  *Id.*  "Where a plaintiff states even a colorable claim against

---

[4] Fraudulent joinder can also be established if the removing party can prove that the plaintiff "has fraudulently pled jurisdictional facts to bring the resident defendant into state court."  *Stillwell*, 663 F.3d at 1332.  However, there is no claim of actual fraud raised in any Notice of Removal and, thus, it does not form the basis for any removal.

11

the resident defendant, joinder is proper and the case should be remanded" for lack of subject matter jurisdiction. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

Here, Defendants argue that Plaintiff Campion's and Rounds's claims against Patheon are impossible because, according to them, they agreed to be estopped from suing Patheon when they became a CFPs under PTO 72. *See, e.g., Campion*, Notice of Removal at ¶ 18. Thus, Defendants ask that Patheon be dismissed, and subject matter jurisdiction found.

This would be error. For Plaintiffs Campion and Rounds, there is a dispute about whether consent was given to be bound by PTO 72. Indeed, it is not clear what law even governs in this context. *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1999) ("We also refer to state law principles when reviewing the scope of an attorney's authority to enter into a settlement agreement."). Assuming the law of Pennsylvania governs, "[t]he law … is clear and well-settled that an attorney must have express authority in order to bind a client to a settlement agreement." *Reutzel v. Douglas*, 870 A.2d 787, 789–90 (Pa 2005); *accord Dixie Operating Co. v. Exxon Co., U.S.A.*, 493 So. 2d 61, 63 (Fla. Dist. Ct. App. 1986) ("It is well-settled in Florida that a settlement agreement entered into by an attorney is enforceable only when it has been determined that the attorney was given 'clear and unequivocal' authority by the client to compromise the claim."); *Nagyiski v. Smick*, No. U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, 2009 WL 5511159, at *2 (Del. Com. Pl. Dec. 9, 2009) ("When participating in settlement negotiations, an attorney must have actual authority from his client to reach a settlement agreement on the client's behalf."). Here, both Plaintiffs never consented to the provisions of PTO 72. *Campion*, Declaration at ¶ 6-7; *Rounds,* Declaration at ¶ 6-7. Thus, resolving whether that is, factually, true, is a question that will determine whether Plaintiffs Campion and Rounds claims against Patheon are estopped— fundamentally, an adjudication that hinges on merits determinations.

In the context of a fraudulent joinder inquiry, this Court must construe "all contested issues of fact in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997). The Court cannot wade into a factual dispute, or make factual findings, before subject matter jurisdiction exists. *See Univ. of S. Alabama*, 168 F.3d at 411.

*Univ. of S. Alabama* is instructive. In *Alabama*, the University of Alabama brought a claim against various tobacco companies, which was removed to federal court. *Id.* at 408. Shortly after removal, the State of Alabama filed a request for dismissal, claiming that it was the true plaintiff "because the University is an agency and instrumentality of the state." *Id.* Then, the University of Alabama filed a motion to remand. *Id.* The district court ultimately dismissed the case, agreeing with the State of Alabama, and never ruled on the motion to remand. *Id.* The Eleventh Circuit reversed, holding that the district court was required to adjudicate subject matter jurisdiction before delving into the complex legal question about the ability of the State of Alabama to dismiss the case. *Id.* at 410–11. And, determining the "scope of the Attorney General's authority" without "first confirming its own jurisdiction" was error. *Id.* at 411.

The same logic applies here. Determining the scope of these Plaintiffs' consent to certification under PTO 72 is an important and potentially complicated legal and factual inquiry. Once a choice of law is applied, the will then need to interpret that state law, oversee discovery (potentially involving hostile third parties), and then, assuming such questions are amendable to summary judgment, rule. But, before this Court can reach those complicated questions, it must have jurisdiction. And, here, without complete diversity, this Court does not have jurisdiction over the *Campion* and *Rounds* matters. And, for the purposes of this motion to remand, in face of sworn statements from Plaintiffs Campion and Rounds that they never gave any consent to become a CFP, Defendants cannot establish, with clear and convincing evidence, that Plaintiff

13

Campion's and Rounds's claims against Patheon are fraudulently joined, i.e., impossible.

It does not matter that PTO 72 specifically states that "this Court will decide any dispute about whether the Certified Federal Participant is obligated to file his or her action only in federal court."  PTO 72 at ¶ 6.  Before applying PTO 72 to any plaintiff, there is a threshold question of whether a plaintiff consented to being a CFP.  And, unless and until, the record proves that plaintiff did actually consent to being a CFP—this Court must construe the record in Plaintiff's favor and order remand.

## II.    Plaintiff Cusick's Personal Representative Did Not Consent to or Authorize Certification under PTO 72, So There Was No Consent to Defendants' Illegal Removal Under the Forum Defendant Bar

A defendant's ability to remove an action from state court to federal court based on diversity of citizenship, is limited by the "Forum Defendant Rule."  28 U.S.C. 1441(b).  Under this rule, a "civil action otherwise removable solely on the basis of" diversity of citizenship, "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  This is a statutory *bar* to removal—"by its own language" the statute expressly states that a served forum defendant "may not remove."  *Taklani v. Target Corp.*, No. 9:19-CV-80859, 2019 WL 13235646, at *2 (S.D. Fla. Nov. 5, 2019) (J. Rosenberg) (quoting 28 U.S.C. § 1441(b)(2)).  And, this rule makes sense.  "Congress intentionally created a scheme whereby a plaintiff could select its own forum, except when that forum was presumptively prejudicial to the defendant."  *Jirau v. Wathen*, No. 8:14-CV-1205-T-33, 2014 WL 3695388, at *4 (M.D. Fla. July 24, 2014) (quoting *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361, 1372 (N.D. Ga. 2011)).

Here, it is undisputed that each of the Brand Defendants is incorporated under the laws of Delaware and, as such, each they are citizens of Delaware.  Thus, because each Defendants was

served with the underlying actions pursuant to the electronic service agreement in operation in the Delaware proceedings, under the clear language of 28 U.S.C. § 1441(b)(2), federal law *prohibited* removal.  *See Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014).

Defendants must concede as much. *See, e.g., Campion*, Motion to Remand at ¶ 22-31. However, they argue that if a plaintiff agreed to the provisions of PTO 72, then that plaintiff waived any right to challenge removal.  *See* PTO 72 ¶ 6 ("Certified Federal Participant will not oppose removal of the action to federal court and subsequent transfer of the action to this MDL.").  Conceivably, this could be construed as enforcement of a forum selection clause in a contract, where at least one court has held that such a provision can override the forum defendant bar. *See Cap. Rest. Grp., LLC v. Burger King Corp.*, No. 19-22131-CIV, 2019 WL 5102162, at *3 (S.D. Fla. Oct. 11, 2019); Pacheco, 139 F.3d at 1372 (11th Cir. 1998) ("procedural defect does not render that defect meaningless; rather, the defect is waivable[.]").  Such a holding, however, is difficult to square with Supreme Court's acknowledgement that private agreements cannot "work a wrongful extension of federal jurisdiction and give district courts power the Congress has denied them." *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951).  Indeed, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982).  Parties cannot contract to allow violations of federal law, i.e., the forum defendant bar, to expand jurisdiction beyond the limits imposed by Congress and, ultimately, the Constitution.

That said, this Court does not need to determine whether Plaintiff Cusick can, by agreement, allow Defendants to perform an illegal removal.  Before reaching that question, there is a threshold factual dispute about whether Plaintiff Cusick's personal representative gave

15

consent to certifying the case pursuant to PTO 72.  Her testimony is clear—she did not.  *Cusick,* Declaration at ¶ 5, 7, 8.  She never authorized any attorney to certify her case.  In fact, she did not understand that the two law firms she was corresponding with were, in fact, different entities.  *Cusick,* Declaration at ¶ 6.  She understood that Wisner Baum, LLP represented her for her lawsuit and understood that her case was proceeding Delaware.  *Cusick,* Declaration at ¶ 3, 4.  Under Missouri law, which presumably governs the relationship between Plaintiff Cusick's personal representative and the law firm in Missouri that certified her claim without her consent, an attorney's authority "is limited to procedural matters.  It does not extend to the surrender of any of the client's substantive rights" absent express authority.  *Barton v. Snellson*, 735 S.W.2d 160, 162 (Mo. Ct. App. 1987).  "Thus, an attorney must have express authority to bind his client to a settlement agreement; and, conversely, no implied authority … arises from the mere fact of an attorney's employment."  *Id.*  Without that consent or express authority, no CFP certification can or should bind the Cusick matter to the MDL—a point particularly important considering this Court's wholesale dismissal of Zantac cases.  That said, the Cusick matter was filed in Delaware before this Court's Daubert ruling, indicating that plaintiff intended to have this case proceed in Delaware before knowing where this Court would land on general causation.

Here, the burden to prove jurisdiction rests with the removing parties seeking this Court's jurisdiction despite getting litigate this case in their home forum of Delaware.  And, for the purposes of this motion, absent *clear and convincing evidence* of consent—which is likely unobtainable considering the Plaintiff's personal representative's testimony to contrary— Defendants cannot meet this "heavy" burden.  On this record, the Court cannot hold that Ms. Cusick's personal representative clearly and convincingly consented to certification under PTO 72 and, thus, cannot conclude that she waived her right to challenge an illegal removal in

16

violation of the forum defendant bar.  Indeed, if "there is any doubt concerning jurisdiction of federal court on removal, the case should be remanded."  *Martin v. Mentor,* 142 F. Supp. 2d 1346, 1347 (M.D. Fla. 2001) (quoting *Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A.,* 882 F. Supp. 1056, 1057 (S.D. Fla. 1994)).  Like in *Campion* and *Rounds*, "the removing party" has not proven "by clear and convincing evidence that … there is no possibility the plaintiff" can establish that the provisions of PTO 72 do not bind her.  *Stillwell*, 663 F.3d at 1332.  Remand should issue.

### III.   Plaintiff Rascento Certified his Stomach Cancer Case, But Deliberately Chose to Pursue his Prostate Cancer Case in Delaware State Court; Thus Plaintiff Rascento's Prostate Cancer Claim Against Diversity-Destroying Patheon Is Not Fraudulently Joined

Plaintiff Rascento, like Plaintiffs Campion and Rounds, also named Patheon as a defendant.  And because Plaintiff Rascento and Defenant Patheon are both citizens of Massachusetts, this court does not possess subject matter jurisdiction over his Delaware complaint.  Recognizing this, Defendants also claim that Patheon is fraudulently joined, arguing that like with Plaintiffs Campion and Rounds, that Plaintiff Rascento is estopped from suing Patheon pursuant to PTO 72.

For Plaintiff Rascento, there is no dispute that the Plaintiff consented to pursuing his stomach cancer claim as a CFP.  However, Plaintiff Rascento also developed prostate cancer as a result of ingesting ranitidine and chose not pursue that claim in the MDL as it was no longer being pursued by the leadership.  *See* PTO 72 ¶ 11.  Importantly, PTO 72 provided for circumstances wherein a claimant pursued multiple cancers, or where one cancer metastasized into another, *see id.* ¶ 12 n.7, but never specified how a plaintiff would be able to pursue alternative claims, i.e., that the ranitidine caused one designated cancer and, separately, an undesignated cancer.  So, consistent with PTO 72, Plaintiff Rascento certified his stomach cancer

17

case and chose, separately, to not certify his prostate cancer claim, pursuing it, instead, in Delaware.  Nothing under PTO 72 prohibited this.  For now, Plaintiff Rascento complied with PTO 72 and filed his stomach cancer lawsuit in this MDL – which is now on appeal following the Court's *Daubert* ruling and entry of judgment.  Separately, Plaintiff Rascento has a case pending in Delaware which seeks recovery for a different injury against the Brand Defendants and Patheon.  And, while Defendants may want to argue, before the Delaware court, that Plaintiff Rascento's prostate lawsuit constitutes improper claim splitting – a difficult argument considering Rascento filed his prostate claim in Delaware *before* he filed his stomach cancer case in the MDL – they should raise that argument before the Delaware court, not here.[5]  Indeed, this Court simply does not have sufficient subject matter jurisdiction to resolve this nuanced state law issue which, in all likelihood, will require discovery regarding the merits of the claim.

PTO 72 is clear that any disputes surrounding PTO 72's application should be resolved in this Court.  Indeed, it insists that anyone agreeing to PTO 72 consent to this Court's jurisdiction regarding any dispute about PTO 72.  However, no party and no Court has the authority to displace federal law and create subject matter jurisdiction, whether in an MDL or not.  A party's consent cannot create subject matter jurisdiction.  And, as it stands, Plaintiff Rascento has an otherwise valid claim involving an injury that was never certified with this Court.  There is no evidence that his claim against Patheon is otherwise impossible—the issue is simply whether his agreement to certify his stomach cancer claim estops a claim he expressly chose not to certify and pursue in a different court.  Like all issues in the context of remand, the close issues fall in favor of remand.

---

[5] Defendants did not raise this as a basis for fraudulent joinder in their notice of removal and, thus, cannot try to backdoor that argument now.

**CONCLUSION**

For the forgoing reasons, Plaintiffs respectfully request that this Court grant this motion and enter an order remanding each case back to Delaware state court.

**REQUEST FOR HEARING**

Pursuant to Local Rule 7.1(b)(2), Plaintiffs respectfully request oral argument on this motion to respond to any questions or concerns the Court may regarding the legal and factual issues underpinning this Motion. A hearing would also give any the Court an opportunity to organize and discuss this Motion's effect on the overall MDL, if any, and provide a platform for the Parties to address any issues that may arise between now and the Court's ruling.

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(3)**

Pursuant to Local Rule 7.1(a)(3), the undersigned, on behalf of Plaintiffs, conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: April 9, 2024                      Respectfully submitted,

*/s/ R. Brent Wisner*                      */s/ Jennifer A. Moore*
R. Brent Wisner, Esq.                      Jennifer A. Moore, Esq.
rbwisner@wisnerbaum.com                    jennifer@moorelawgroup.com
**WISNER BAUM, LLP**                       **MOORE LAW GROUP, PLLC**
11111 Santa Monica Blvd Ste. 1750          1473 South 4th Street
Los Angeles, CA 90025                      Louisville, KY 40208
Telephone: (310) 207-3233                  Telephone: (502) 717-4080
Facsimile: (310) 909-8212                  Facsimile: (502) 717-4086


*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of April, 2024, the foregoing was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

*/s/ R. Brent Wisner*
R. Brent Wisner, Esq.