**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE:  ZANTAC (RANITIDINE)                        MDL NO. 2924
PRODUCTS LIABILITY                                 20-MD-2924
LITIGATION

**JUDGE ROBIN L. ROSENBERG**
**MAGISTRATE JUDGE BRUCE E. REINHART**

_____/

**THIS DOCUMENT RELATES TO:**

*Kwit v. Walgreen Co., et al.,* No. 9:24-cv-80121
*Santiago v. Walgreen Co., et al.,* No. 9:24-cv-80123
*Tutwiler v. Walgreen Co., et al.,* No. 9:24-cv-80124
*Vogel v. Walgreen Co., et al.,* No. 9:24-cv-80125


**REMOVING DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 2

LEGAL STANDARD ......................................................................................................... 4

ARGUMENT ...................................................................................................................... 4

    I.    **The Walgreens Defendants Were Fraudulently Joined at the Time the Cases Were Removed** ................................................................................................................. 5

    II.    **Plaintiffs' Stated Intention To Appeal Some Day Does Not Defeat Removing Defendants' Fraudulent Joinder Showing.** ........................................................... 6

    III.    **The Walgreens Defendants' Successful Preemption Defense Anchors Fraudulent Joinder.** ................................................................................................................. 10

CONCLUSION ................................................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Accutane Prods. Liab.*,
No. 8:04–md–2523, 2014 WL 12617750 (M.D. Fla. Sept. 23, 2014) ......................................6

*Arizona v. California*,
460 U.S. 605 (1983) .............................................................................................................6

*Burns v. Windsor Ins. Co.*,
31 F.3d 1092 (11th Cir. 1994) .............................................................................................5

*Caterpillar Inc. v. Lewis*,
519 U.S. 61 (1996) ...............................................................................................................5

*De La Flor v. Ritz-Carlton Hotel Co., L.L.C*,
No. 12-cv-23689, 2013 WL 148401 (S.D. Fla. Jan. 14, 2013) ...........................................4

*Florence v. Crescent Res., LLC*,
484 F.3d 1293 (11th Cir. 2007) .........................................................................................10

*Frontier Airlines, Inc. v. United Air Lines, Inc.*,
758 F. Supp. 1399 (D. Colo. 1989) ...................................................................................10

*Garretson v. Dr. Reddy's Labs., Inc.*,
No. 3:21-cv-01366, 2021 WL 5321548 (N.D. Ill. Nov. 16, 2021) .....................................10

*Hawkins v. Boehringer Ingelheim Pharms.*,
No. 20-cv-6509, 2021 WL 4498652 (N.D. Ill. Jan. 19, 2021) ...........................................10

*Herbst v. Am. Orthodontics Corp.*,
No. 23-cv-61262, 2023 WL 7108825 (S.D. Fla. Oct. 10, 2023) .........................................11

*Insinga v. LaBella*,
845 F.2d 249 (11th Cir. 1988) .........................................................................................4, 6

*Johnson v. Am. Towers, LLC*,
781 F.3d 693 (4th Cir. 2015) .............................................................................................10

*Legg v. Wyeth*,
428 F.3d 1317 (11th Cir. 2005) ...........................................................................................4

*Markham v. Ethicon, Inc.*,
434 F. Supp. 3d 261 (E.D. Pa. 2020) .............................................................................8, 10

*McVey v. Anaplan, Inc.*,
  No. 19-cv-7770, 2020 WL 5253853 (N.D. Ill. Sept. 3, 2020) ..................................................7

*Monroe v. Ethicon, Inc.*,
  No. 19-cv-5384, 2019 WL 7050130 (E.D. Pa. Dec. 23, 2019) .......................................8, 9, 10

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999) ...........................................................................................................5, 6, 8

*Mutual Pharmaceutical Co. v. Bartlett*,
  570 U.S. 472 (2013) ........................................................................................................... 11

*PLIVA, Inc. v. Mensing*,
  564 U.S. 604 (2011) ........................................................................................................... 11

*Poulos v. Naas Foods, Inc.*,
  959 F.2d 69 (7th Cir. 1992) ...............................................................................................4, 8

*Quinn v. Ethicon, Inc.*,
  No. 19-cv-5462, 2020 WL 977326 (E.D. Pa. Feb. 27, 2020) ............................................8, 10

*Shannon v. Albertelli Firm P.C.*,
  610 F. App'x. 866 (11th Cir. 2015) .......................................................................................10

*Smallwood v. Ill. Cent. R.R. Co.*,
  385 F.3d 568 (5th Cir. 2004) ..............................................................................................11

*Stewart v. Ethicon, Inc.*,
  No. 19-cv-4776, 2020 WL 1330713 (E.D. Pa. Mar. 19, 2020) ..........................................8, 9

*Stillwell v. Allstate Ins. Co.*,
  663 F.3d 1329 (11th Cir. 2011) .............................................................................................4

*Varicose Solutions, LLC v. Vascular Solutions, Inc.*,
  No. 13-cv-7590, 2014 WL 1154058 (N.D. Ill. Mar. 12, 2014) ...............................................8

*Wecker v. Nat'l. Enameling & Stamping Co.*,
  204 U.S. 176 (1907) ...............................................................................................................4

*White v. Minnesota Life Ins. Co.*,
  No. 610-cv-1661, 2010 WL 11627321 (M.D. Fla. Dec. 8, 2010) ...........................................4

*Wiacek v. Equitable Life Assur. Soc. of United States*,
  795 F. Supp. 223 (E.D. Mich. 1992) .......................................................................................8

**Statutes**

735 ILCS 5/2-615 ........................................................................................................................11

735 ILCS 5/2-619 ............................................................................................................11

28 U.S.C. § 1446(b)(1) ...................................................................................................5

**Other Authorities**

ILL. SUP. CT. R. 304(1) ...................................................................................................7

ILL. SUP. CT. R. 304(a) ...................................................................................................6

ILL. SUP. CT. R. 308(a) ...................................................................................................7

ILL. SUP. CT. R. 383 .......................................................................................................7

ILL. SUP. CT. R. 384 .......................................................................................................2

Defendants Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, Boehringer Ingelheim USA Corporation, Pfizer Inc., GlaxoSmithKline LLC, GlaxoSmithKline Holdings (Americas), Inc., Sanofi-Aventis U.S. LLC, and Sanofi US Services Inc. (collectively, "Removing Defendants"), by and through their undersigned counsel, submit this Opposition to the Consolidated Motion to Remand of Plaintiffs Peter Kwit, Andrea Santiago, Chiquita Tutwiler, and Claude Vogel (collectively, "Plaintiffs"), ECF No. 7259.[1]

## **INTRODUCTION**

The subject cases originated as four among more than 400 Zantac cases filed in Illinois and consolidated in the Circuit Court of Cook County before a single judge for pre-trial purposes. Like substantially all of the earlier-filed cases that remain venued in the Illinois state court system, the four Plaintiffs here brought claims against Illinois-based Walgreen Co. and its Illinois-based corporate parent Walgreens Boots Alliance Inc. (collectively, the "Walgreens Defendants").

But unlike those other 400-plus cases, these four Plaintiffs first attempted to join the Walgreens Defendants only after the consolidation judge dismissed all claims against the Walgreens Defendants with prejudice. In the more than eight months since that dismissal order, no party to any of the Illinois cases has appealed that decision and no appeal is pending. Accordingly, no Illinois state-court Zantac plaintiff has any chance of holding the Walgreens Defendants liable on any of the dismissed claims. The posture of these cases—in which the claims against the retailers have been dismissed with prejudice—makes them fundamentally different from other cases in which this Court has granted remand based on the possibility that plaintiffs in those cases could state an adequate claim against the retailer defendants. *Cf.* Order Granting the Pl.'s Mot. to Remand, ECF No. 6745, at 3 (inferring an adequately stated claim based on the allegations of complaint). Because there is no reasonable prospect of success on the claims against the Walgreens Defendants that the Illinois court has ***already dismissed***, Plaintiffs' joinder of the Walgreens Defendants is fraudulent as a matter of law. The Walgreens Defendants' Illinois citizenship must be disregarded for jurisdictional purposes, and there is complete diversity—and thus federal jurisdiction—in this action. Plaintiffs' Motion to Remand should be denied.

---

[1] Sanofi-Aventis U.S. LLC and Sanofi US Services Inc. are not named in the *Santiago* action and thus are not Removing Defendants in that case.

## BACKGROUND

Since August 2021, more than 400 plaintiffs have filed Zantac-related personal injury lawsuits in Illinois state court. Substantially all these plaintiffs brought claims against the Illinois-based Walgreens Defendants. On October 25, 2022, the Illinois Supreme Court, at the parties' request, consolidated all of the Illinois cases in the Circuit Court of Cook County under Illinois Supreme Court Rule 384. *See* Illinois Rule 384 Consolidation Order, attached as **Exhibit A**. Pursuant to Cook County case assignment procedures, Judge Daniel A. Trevino was designated to preside over the consolidated proceeding. *See* July 20, 2022 Sweep Order, attached as **Exhibit B**.

Similar to the procedures of this MDL, Judge Trevino required all plaintiffs to file a single Master Complaint alleging the causes of action from which each plaintiff could choose when filing his or her individual complaint. *See generally* March 9, 2023 Master Complaint ("Master Compl."), attached as **Exhibit C**. Plaintiffs' Master Complaint alleged the corporate citizenship of each Defendant and set forth 17 claims against various combinations of Defendants (including Brand Manufacturer Defendants, Generic Manufacturer Defendants, and Retailer Defendants). *See id.* ¶¶ 382–626.

Soon after the Illinois plaintiffs filed the Master Complaint, in April 2023, each group of Defendants filed a first round of motions to dismiss the Master Complaint. As the principal Retailer Defendants, the Walgreens Defendants filed a motion to dismiss all the claims against them in the Master Complaint as preempted by federal law. Plaintiffs opposed, and the Walgreens Defendants' motion was fully briefed as of June 20, 2023. Judge Trevino initially set July 20 as the hearing date for Defendants' motions to dismiss, *see* May 18, 2023 Case Management Order, attached as **Exhibit D**, but later continued the hearing until August 17, *see* July 19, 2023 Order, attached as **Exhibit E**.

On August 8, 2023, Plaintiffs Peter Kwit, Andrea Santiago, Chiquita Tutwiler, and Claude Vogel filed their individual Complaints in the Circuit Court of Cook County against Removing Defendants and the Walgreens Defendants. *See generally* ECF Nos. 7259-1, 7259-2, 7259-3, 7259-4 ("Compls."). In their Complaints, Plaintiffs allege that they ingested over-the-counter "Zantac/ranitidine products" and, as a result, developed various cancers. *Id.* ¶¶ 14, 19–23. Plaintiffs' Complaints allege that they are "individual[s] and resident[s] of the State of Illinois," that Removing Defendants are all citizens of states other than Illinois, but that the Walgreens Defendants are Illinois entities. *See id.* ¶¶ 18, 25–35; *see also* Notices of Removal, attached as

**Exhibit F**, ¶¶ 18–24.  Other than a few plaintiff-specific paragraphs, the allegations and claims in Plaintiff's Complaint mirror those of the Master Complaint.  *Compare, e.g.,* Compls. ¶¶ 194–203, *with* Master Compl. ¶¶ 306–313.  Plaintiffs' Complaints assert verbatim 11 of the 17 claims in the Master Complaint and bring no additional claims.  *See* Compls. ¶¶ 261–441.  Pursuant to default Cook County procedures, Plaintiffs' cases were initially assigned to randomly chosen judges and were not immediately consolidated with all other Zantac cases before Judge Trevino.

On August 17, 2023, on the record and after oral argument, Judge Trevino dismissed with prejudice all claims against the Walgreens Defendants in the Master Complaint as preempted by federal law.  The order documenting this ruling was entered on August 25, and reflects that the dismissal and the reasons for it were rendered in open court on August 17.  *See* ECF No. 1-3 ("Dismissal Order").[2]

Shortly after the August 17 hearing and dismissal, Plaintiffs asked the Cook County Circuit Court to transfer their cases from the initially assigned judge to the consolidated proceedings before Judge Trevino.  The re-assignment order was entered on August 23, 2023.  *See* ECF No. 7259-6.  Only after Judge Trevino's on-the-record dismissal of the Walgreens Defendants, and only after Plaintiffs' cases were transferred to the consolidated proceedings, did Plaintiffs attempt to serve Defendants.  *See* Proofs of Service on Removing Defendants, attached as **Exhibit I**. Despite Judge Trevino's dismissal with prejudice of all claims against the Walgreens Defendants three weeks earlier, Plaintiffs served the Walgreens Defendants on September 6.  Proofs of Service on Walgreens, attached as **Exhibit J**.

On September 20, 2023, Removing Defendants timely removed these actions from the Circuit Court of Cook County to this Court, invoking diversity jurisdiction based on Plaintiffs' fraudulent joinder of the Walgreens Defendants.  *See generally* Notices of Removal.  Removing Defendants then initiated proceedings in the JPML to transfer these cases to this MDL, and the cases were transferred to this Court on February 1, 2024.  Pursuant to a stipulation and agreed briefing schedule entered by the Court, Plaintiffs filed their Consolidated Motion to Remand on

---

[2] On September 7, 2023, Plaintiffs in the Consolidated Action filed an Amended Master Complaint, renaming the Walgreens Defendants. *See* Am. Master Compl., attached as **Exhibit G**. Judge Trevino recognized that Plaintiffs "repleaded these causes of action solely to preserve their right to appeal the August 17, 2023 preemption ruling, pursuant to *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150 (1983)." Order Following Sept. 21, 2023 Case Management Conference, attached as **Exhibit H**. But no appeal has been filed.

April 3, and Removing Defendants timely filed this Opposition to Plaintiffs' Motion.  ECF Nos. 7254, 7259.

## LEGAL STANDARD

To establish fraudulent joinder, "the removing party has the burden of proving by clear and convincing evidence that . . . there is no possibility the plaintiff can establish a cause of action" against the non-diverse defendant.  *Stillwell v. Allstate Ins. Co.,* 663 F.3d 1329, 1332 (11th Cir. 2011).  "The potential for legal liability [against the non-diverse defendant] must be reasonable, not merely theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005).  The fraudulent joinder doctrine "bars remand to state court and is an exception to the requirement of complete diversity." *De La Flor v. Ritz-Carlton Hotel Co., L.L.C*, No. 12-cv-23689, 2013 WL 148401, at *2 (S.D. Fla. Jan. 14, 2013) (quotations and citation omitted).  It operates regardless of a plaintiff's subjective intent. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *see also White v. Minnesota Life Ins. Co.*, No. 610-cv-1661, 2010 WL 11627321, at *2 (M.D. Fla. Dec. 8, 2010) ("'[F]raudulent joinder' does not imply malintent.").  Although the involuntary dismissal of a non-diverse defendant, without more, does not make a case removable, courts need not consider whether dismissal of a non-diverse defendant was voluntary if that defendant was fraudulently joined to the lawsuit. *Insinga v. LaBella*, 845 F.2d 249, 252, 254 (11th Cir. 1988).

## ARGUMENT

The Eleventh Circuit has emphasized that "[f]ederal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in Federal court." *Legg*, 428 F.3d at 1325 (quoting *Wecker v. Nat'l. Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)).  Plaintiffs have attempted to employ just such a device by joining the Walgreens Defendants on dismissed claims with no reasonable possibility of success, and this Court should not sanction it.

Plaintiffs' fraudulent joinder of the non-diverse Walgreens Defendants is clear from the fact that they attempted to serve the Walgreens Defendants ***only after*** Judge Trevino dismissed with prejudice all claims against the Walgreens Defendants in the Consolidated Illinois proceedings.  The only Illinois state court able to hear those claims dismissed them with prejudice, making abundantly clear that there is no "possibility that a state court would find that the complaint states a cause of action against" the Walgreens Defendants. *Stillwell*, 663 F.3d at 1333.  Moreover,

there is no reasonable prospect of an Illinois appellate court reversing Judge Trevino's Dismissal Order because no consolidated plaintiff has appealed the dismissal of the Walgreens Defendants or even requested that Judge Trevino certify the decision for appeal.  Nor does the fact that the Walgreens Defendants' dismissal was based on the affirmative defense of preemption change the jurisdictional calculus.  Plaintiffs' Motion to Remand should be denied.

I.      **The Walgreens Defendants Were Fraudulently Joined at the Time the Cases Were Removed.**

Plaintiffs first seek to avoid the conclusion that they fraudulently joined the Walgreens Defendants by ignoring everything that occurred after the time of filing of their individual Complaints.  *See* Pls.' Mot. at 10.  According to Plaintiffs, the Walgreens Defendants are not fraudulently joined because at the time they filed their Complaints—*i.e.*, a few days before the docket-wide Dismissal Order—there was still a possibility that Judge Trevino would rule against the Walgreens Defendants.  *Id.* at 10, 12.  But Plaintiffs ignore that they did not move to transfer their cases into the consolidated proceedings, nor even attempt to serve the Walgreens Defendants with process, until days ***after*** Judge Trevino's ruling.  And their argument disregards well-settled law that supports analyzing fraudulent joinder based on procedural developments up to the time of removal.

Federal jurisdiction is assessed at the time of removal, not when the complaint is filed.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996) (removal statute requires that "the case be fit for federal adjudication *at the time the removal petition was filed*" (emphasis added)).  Put differently, "[j]urisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal.*" *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) (emphasis in original). Accordingly, a court's evaluation of a plaintiff's possibility of success against the non-diverse defendant is not straightjacketed by the state of the case at the moment a complaint is filed.  Moreover, in the removal context, as in others, "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, *through service or otherwise*, or a copy of the initial pleading." (emphasis added)).

Here, at the time of removal, Judge Trevino had dismissed with prejudice all claims against the Walgreens Defendants. Only after that dismissal, and thus with the knowledge that no viable claims remained as to the Walgreens Defendants, did Plaintiffs attempt service on the Walgreens Defendants. The Court should, accordingly, reject Plaintiffs' suggestion that merely filing their complaints before dismissal precludes a finding that the Walgreens Defendants were fraudulently joined because Plaintiffs could have served the Walgreens Defendants before they were dismissed, which would change the calculus here, but they chose not to. *Cf. Murphy Bros., Inc.*, 526 U.S. at 350 ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").

Nor does the voluntary-involuntary rule still does not bar removal, as Plaintiffs claim, *see* Pls.' Mot. at 4–6. That rule generally provides that if the dismissal of a case "was the result of either the defendant's or the court's action against the wish of the plaintiff, the case could not be removed." *Insinga*, 845 F.2d at 252 (quotations and citation omitted). But these cases were not removed based on the dismissal of the Walgreens Defendants from these actions. Indeed, these cases were not even before Judge Trevino when he decided the Walgreens Defendants' motion to dismiss. Instead, these cases were removed on fraudulent joinder grounds because the Instead, these cases were removed on fraudulent joinder grounds are barred by the law of the case. *Cf.* Order to Show Cause Why Summ. J. Should Not Be Entered Against all Pls. for Designated Cancers, ECF No. 6444, at 15 (the law of the case "'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case'" (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)); *In re Accutane Prods. Liab.*, No. 8:04–md–2523, 2014 WL 12617750, at *2 (M.D. Fla. Sept. 23, 2014) (applying law of the case to removed case in which state trial court had found claims preempted). The voluntary-involuntary rule is thus inapplicable here.

## II.     Plaintiffs' Stated Intention To Appeal Some Day Does Not Defeat Removing Defendants' Fraudulent Joinder Showing.

Plaintiffs next contend that Judge Trevino's dismissal with prejudice of all claims against the Walgreens Defendants is not conclusive for purposes of fraudulent joinder because they (or some other unspecified plaintiff in the Illinois litigation) "intend to appeal" and "believe there is a probability of reversal on appeal." Pls.' Mot. at 12; *see also id.* at 5 n.2 ("The *Banna* plaintiffs intend to appeal the dismissal of the retailer Defendants (including Walgreens) when the issue is

ripe for appeal."). The problem with this argument, of course, is that the months-old Dismissal Order is not on appeal, nor is there any indication—outside of Plaintiffs' self-serving statement here—that it will be appealed.

Undeterred, Plaintiffs claim that they (or another consolidated Illinois plaintiff) could not have appealed the Dismissal Order because Judge Trevino did not make "an express finding that there is no just reason for delaying either enforcement or appeal or both." *Id.* at 5 (citing ILL. SUP. CT. R. 304(a)). But even if Judge Trevino did not believe that dismissal of the Walgreens Defendants was a close question warranting such a finding *sua sponte*, any plaintiff could have filed a motion requesting that Judge Trevino make such a finding. ILL. SUP. CT. R. 304(1); *see also* ILL. SUP. CT. R. 308(a) (allowing trial court, on its own or on motion, to certify issue for appeal if it "involves a question of law" on "which there is substantial ground for difference of opinion," and immediate appeal would "materially advance the ultimate termination of the litigation"). None did.

Plaintiffs here and the other consolidated Illinois plaintiffs had additional appellate options at their disposal but similarly declined to exercise them. For example, they could have filed a motion for a supervisory writ in the Illinois Supreme Court. *See* ILL. SUP. CT. R. 383. They did not. In other words, neither Judge Trevino nor any consolidated plaintiff has taken any action to suggest that an appeal of the order dismissing the Walgreens Defendants will be docketed.

The lack of a pending appeal of the Dismissal Order, among other things, distinguishes this case from *McVey v. Anaplan, Inc.*, No. 19-cv-7770, 2020 WL 5253853 (N.D. Ill. Sept. 3, 2020). *See* Pls.' Mot. at 9. The plaintiff in *McVey* **immediately** appealed the state court's order dismissing the non-diverse defendant, and that appeal was pending when the case was removed to federal court. *See McVey*, 2020 WL 5253853, at *2, *4 ("[Plaintiff], for her part, argues that she **did** state a harassment claim against [the non-diverse defendant] and reminds the Court that she is actively appealing the state court's order dismissing the claim.") (emphasis in original). The *McVey* court thus reasoned "that the state appellate court might come out differently" on the issue of whether the plaintiff stated a harassment claim against the non-diverse defendant, which was "too fact-intensive for the Court" to decide "based on the pleadings alone" anyway. *Id.* at *5. By contrast, the lack of any appeal of the pure legal question of preemption situates this case at the other end of the jurisdictional spectrum.

The posture here is instead more like that in *Varicose Solutions, LLC v. Vascular Solutions, Inc.*, No. 13-cv-7590, 2014 WL 1154058 (N.D. Ill. Mar. 12, 2014).  In that case, the Circuit Court of Cook County dismissed the plaintiff's sole claim against the non-diverse defendant.  The remaining defendant removed the case, arguing that the non-diverse defendant was fraudulently joined based on the state court's dismissal and the fact that the plaintiff "did not seek leave to re-plead its claim and also did not appeal the dismissal." *Id.* at *2.  Because the plaintiff "did not attempt to re-plead its claim or appeal" the dismissal of the non-diverse defendant, the dismissal was "final" for federal jurisdiction purposes such that fraudulent joinder authorized the removal. *Id.* at *3 (citing *Poulos*, 959 F.2d at 72 n.3, for proposition that for jurisdictional purposes plaintiff "accedes to the dismissal by failing to appeal"); *see also Wiacek v. Equitable Life Assur. Soc. of United States*, 795 F. Supp. 223, 227 (E.D. Mich. 1992) ("Plaintiffs' failure to appeal the state court's order of partial dismissal further supports the Court's finding of fraudulent joinder.").  In fact, Plaintiffs' joinder here is even more plainly fraudulent because, setting aside the lack of any appeal, Plaintiff attempted to "officially" join the Walgreens Defendants through service only ***after*** they were dismissed with prejudice.  *Murphy Bros.*, 526 U.S. at 350.

Plaintiffs' argument regarding their supposed intent to appeal also ignores the decisions cited in the Notice of Removal that address the scenario Plaintiffs have created here.  *See* Notice of Removal ¶ 28 (citing *Monroe v. Ethicon, Inc.*, No. 19-cv-5384, 2019 WL 7050130 (E.D. Pa. Dec. 23, 2019); *Quinn v. Ethicon, Inc.*, No. 19-cv-5462, 2020 WL 977326 (E.D. Pa. Feb. 27, 2020); *Stewart v. Ethicon, Inc.*, No. 19-cv-4776, 2020 WL 1330713 (E.D. Pa. Mar. 19, 2020); *Markham v. Ethicon, Inc.*, 434 F. Supp. 3d 261 (E.D. Pa. 2020)).  The removals in the cited cases, like this one, arose out of a consolidated state-court mass tort proceeding.  As in this case, the state-court judge presiding over the consolidated litigation dismissed with prejudice all the master complaint's claims against non-diverse defendants based on a federal affirmative defense.  And despite not appealing the dismissal order, plaintiffs there sought to bring the same claims in their individual complaints against the same non-diverse defendant that the same court previously dismissed with prejudice, without alleging new material facts or theories of liability.

The federal courts in each of those cases concluded that joinder of the dismissed non-diverse defendant was fraudulent because there was no chance that the same state court would rule against the non-diverse defendant, and rejected the argument that a potential future appeal altered the "prospects of success" for jurisdictional purposes.  *See, e.g.*, *Monroe*, 2019 WL 7050130, at

\*10–11 (rejecting argument that consolidated judge's orders "do not bind [plaintiffs] as 'law of the case' because no appellate court ever ruled on the merits of his Orders," since plaintiffs "chose not to [appeal], just like every other plaintiff"); *Stewart*, 2020 WL 1330713, at \*6 ("I acknowledge that a decision from a trial judge . . . does not definitively decide any legal issue. But a search of relevant public databases reveals that none of the multiple litigants before [the consolidated judge] in 2014 appealed his order, . . . . [making it] virtually a foregone conclusion that [the non-diverse defendant] would be dismissed yet again."). This Court should likewise conclude that Plaintiffs have no reasonable prospects of success against the Walgreens Defendants in the consolidated Zantac litigation before Judge Trevino, and that they are thus fraudulently joined.[3]

Fundamentally, it makes no sense to exempt claims against dismissed entities from fraudulent joinder based on nothing more than a plaintiff's stated "intent" to someday appeal the dismissal. Such a rule would essentially treat the dismissal as a nullity: "How would an Order dismissing a party with prejudice have any effect if a party could simply ignore both the Order and appellate rights and sue the same dismissed party in the same case with no new facts or theories?" *Monroe*, 2019 WL 7050130, at \*10. Such an exception is especially nonsensical in consolidated mass tort proceedings like those at issue here. If an exception to fraudulent joinder were available any time a plaintiff merely suggests a future "intent" to appeal the dismissal of non-diverse defendants, without actually taking concrete steps to do so, then the exception would, in practice, swallow the rule and preclude removal on the basis of fraudulent joinder entirely. Pls.' Mot. at 5 & n.2.

---

[3] Plaintiffs argue in passing that their joinder of the Walgreens Defendants was not fraudulent because prior to consolidation of all Zantac cases in Cook County, a Madison County trial court refused to dismiss all claims against the Walgreens Defendants in a single Zantac case. Pls.' Mot. at 12 (citing Transcript of Hearing before Circuit Judge Sarah Smith, March 24, 2022). But that Madison County court is not the state court to which Plaintiffs are seeking to remand their cases; they are seeking remand to the Circuit Court of Cook County and Judge Trevino. *See, e.g.*, *Monroe*, 2019 WL 7050130, at \*11. By Illinois Supreme Court order, Judge Trevino presides over all consolidated Zantac litigation in Illinois, and his order dismissing the Walgreens Defendants now controls docket-wide, including in the same (now-consolidated) Madison County case Plaintiffs cite. *See, e.g.*, *id.* at \*3, \*12 (different judge's denial of federal-law immunity defense pre-consolidation did not "introduce[] ambiguity" sufficient to avoid fraudulent joinder finding premised on consolidation judge's immunity-based dismissal of all claims against non-diverse defendant).

At bottom, a plaintiff cannot merely declare her or some other plaintiff's intent to appeal a dismissal at some undefined point and, in so doing, continue to sue an in-state defendant on the same claims the same state court dismissed with prejudice.

### III. The Walgreens Defendants' Successful Preemption Defense Anchors Fraudulent Joinder.

Plaintiffs' last set of arguments for remand revolves around the fact that Judge Trevino based his dismissal of all claims against the Walgreens Defendants on federal preemption. First, Plaintiffs contend that preemption is an inappropriate basis for fraudulent joinder because it is an affirmative defense. Second, Plaintiffs argue that Removing Defendants' own preemption arguments in their first-round motion to dismiss preclude a fraudulent joinder finding because only defenses unique to the non-diverse defendant can form the basis for fraudulent joinder. Pl.'s Mot. at 10–12. Plaintiffs are wrong on both counts.

As Removing Defendants acknowledged in their Notices of Removal, some courts have concluded that preemption is an affirmative defense that a plaintiff need not *plead* around in order to avoid removal based on fraudulent joinder. *See Garretson v. Dr. Reddy's Labs., Inc.*, No. 3:21-cv-01366, 2021 WL 5321548, *3 (N.D. Ill. Nov. 16, 2021); *Hawkins v. Boehringer Ingelheim Pharms.*, No. 20-cv-6509, 2021 WL 4498652 (N.D. Ill. Jan. 19, 2021); *see also* Notice of Removal at 8 n.2. But that line of cases is inapposite here because Removing Defendants did not remove this action based on an untested preemption argument or an affirmative defense merely pled in an answer. Judge Trevino held after full briefing that federal preemption constituted a bar to all claims against the Walgreens Defendants based on the face of the Master Complaint. Such a dismissal grounded in a federal-law affirmative defense can properly anchor a fraudulent joinder argument, as federal courts repeatedly concluded in the *Ethicon* litigation when faced with the state court's dismissal of a non-diverse defendant on grounds of federal immunity. *See, e.g.*, *Monroe*, 2019 WL 7050130, at *1, 3, 10–11; *Quinn*, 2020 WL 977326, at *3; *Markham*, 434 F. Supp. 3d at 267. Indeed, federal courts frequently find fraudulent joinder on the basis of affirmative defenses, including preemption. *See, e.g.*, *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1298 n.3 (11th Cir. 2007) ("[A]pplication of an affirmative defense can support a finding of fraudulent joinder."); *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 700 (4th Cir. 2015) (finding fraudulent joinder based on preemption by the FCC); *Frontier Airlines, Inc. v. United Air Lines,*

*Inc.*, 758 F. Supp. 1399, 1407 (D. Colo. 1989) (finding fraudulent joinder based on FAA preemption).

Second, the Eleventh Circuit has not adopted the approach Plaintiffs cite regarding the inability of "common defenses" to support fraudulent joinder and, in any event, that authority does not apply on its own terms. *See* Pls.' Mot. at 11 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004)). Under the so-called common defense rule, if the plaintiff's alleged inability to recover against the in-state defendant "is equally dispositive of all defendants," fraudulent joinder has not adequately been shown. Pls.' Mot. at 11 (citing *Smallwood*, 385 F.3d at 575). But the Eleventh Circuit "has not applied the 'common defense' rule." *Shannon v. Albertelli Firm P.C.*, 610 F. App'x. 866, 872 n.4 (11th. Cir. 2015). In any event, Plaintiffs' inability to recover against the Walgreens Defendants was not equally dispositive of their claims against the other defendants. The Walgreens Defendants' successful preemption defense was based on unique arguments unavailable to Removing Defendants, who are former manufacturers of brand-name Zantac that controlled the drug's New Drug Applications ("NDAs") and thus its labeling at various times.

For example, the Walgreens Defendants moved to dismiss all claims against them as preempted under *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011), and *Mutual Pharmaceutical Co. v. Bartlett*, 570 U.S. 472 (2013), because they had no legal authority to change the labels of the product at issue. *See* Retailer Defs.' Mot. to Dismiss Pls.' Master Compl. ["Retailers' MTD"], ECF No. 7259-5, at 5.

By contrast, Removing Defendants raised a distinct preemption argument applicable to a single claim in their first-round motion to dismiss; they did not make preemption arguments as to the rest of the 15 claims against them—all of which are still live.[4] This reflects the fundamentally different nature of the allegations and claims against the diverse Removing Defendants, who had the legal ability to change the Zantac label at the time each held the NDA, and those against the non-diverse Walgreens Defendants, who did not. *See, e.g., Herbst v. Am. Orthodontics Corp.*, No.

---

[4] Removing Defendants' Motion to Dismiss Plaintiffs' Master Complaint under 735 ILCS 5/2-615 is attached as **Exhibit K**. Removing Defendants, or a subset of them, later unsuccessfully moved to dismiss two additional counts as preempted for reasons different from those advanced by both the Removing Defendants and the Walgreens Defendants in the first round of motions to dismiss. Removing Defendants' Motion for Partial Dismissal of Plaintiffs' First Amended Master Complaint under 735 ILCS 5/2-619 is attached as **Exhibit L**.

23-cv-61262, 2023 WL 7108825, at *10 (S.D. Fla. Oct. 10, 2023) (common-defense exception does not apply "where the causes of action and corresponding defenses are different as to the diverse and non-diverse defendants" and noting moreover that "the Eleventh Circuit has not applied the 'common defense' rule"); *compare* Order Granting Retailer and Pharmacy Defs.' Rule 12 Mot. to Dismiss on the Ground of Preemption, ECF No. 2513, at 26 (dismissing labeling and design claims against retailers as preempted because they "have no ability to alter a label or alter a drug's design") *with* Order Granting Branded Defs.' Rule 12 Partial Mot. to Dismiss Pls.' Three Compls. as Preempted by Federal Law, ECF No. 2532, at 25 (granting Plaintiffs leave to replead design defect claims against the Brand Defendants because "the CBE process enables brand-name manufacturers to strengthen warnings on labeling without waiting for FDA approval, [so] a labeling claim against a brand-name drug manufacturer is not necessarily pre-empted."

## **CONCLUSION**

For the reasons set forth above and in the Removing Defendants' Notices of Removal, the Court should deny Plaintiffs' Consolidated Motion to Remand.

Dated: April 26, 2024                    Respectfully submitted,

By: */s/ Andrew T. Bayman*
Andrew T. Bayman
**KING & SPALDING LLP**
1180 Peachtree St NE
Suite 1600
Atlanta, GA 30309
Tel.: (404) 572-4600
Fax: (404) 572-5100
Email: abayman@kslaw.com

*Counsel for Defendants Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, and Boehringer Ingelheim USA Corporation*

*/s/ Anand Agneshwar*
Anand Agneshwar
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689

anand.agneshwar@arnoldporter.com

*Counsel for Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.*

*/s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
**WILLIAMS & CONNOLLY LLP**
725 12th Street, NW
Washington, DC 20005
Tel.: (202) 434-5000
Fax: (202) 434-5029
jpetrosinelli@wc.com

*Counsel for Defendant Pfizer Inc.*

*/s/ Mark Cheffo*
Mark Cheffo
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10019
Tel.: (212) 689-3500
Fax: (212) 689-3590
mark.cheffo@dechert.com

*Counsel for Defendants GlaxoSmithKline, LLC and GlaxoSmithKline Holdings (Americas), Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 26, 2024, the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

*/s/ Andrew T. Bayman*
Andrew T. Bayman
