**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE: ZANTAC (RANITIDINE)                            MDL NO 2924
PRODUCTS LIABILITY                                     20-MD-2924
LITIGATION
                                        JUDGE ROBIN L. ROSENBERG
                              MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO:**

*Jorge Contreras v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*, 3:24-cv-00019

**PLAINTIFF JORGE CONTRERAS'S MOTION**
**FOR LEAVE TO FILE A MOTION TO REMAND**

DATED: April 29, 2024

Amended PTO 24, paragraph 10, requires a plaintiff to first seek the Court's leave before moving for remand. D.E. 1194 at 5-6. Plaintiff Jorge Contreras seeks this leave here. Counsel for Mr. Contreras have conferred with Plaintiffs' co-lead counsel, who do not oppose the filing of this Motion.

**ARGUMENT**

Plaintiff Jorge Contreras resides in California, and he originally filed this suit in the Superior Court of California in Alameda County. From 1995-2017, Mr. Contreras purchased (and consumed) brand name Zantac from Kaiser Permanente International, a California citizen. In 2009, a doctor diagnosed Mr. Contreras with prostate cancer. His cancer was caused by the NDMA in the branded ranitidine that he consumed.

Mr. Contreras named Kaiser—a citizen of California—as a Defendant. Because Mr. Contreras and Kaiser are both citizens of California, this court cannot exercise diversity jurisdiction over Plaintiffs' claims. Defendants thus wrongly removed Mr. Contreras's case. Defendants say that the Court may exercise jurisdiction because Mr. Contreras fraudulently joined Kaiser. But Mr. Contreras's original complaint alleges negligence claims against Kaiser for failing to properly store and transport ranitidine, subjecting it to unreasonably high temperatures that produced additional NDMA. *See Contreras* Complaint ¶¶ 403–11, 430–34.

Defendants' only argument in their notice of removal is that Mr. Contreras fraudulently joined Kaiser. But their theory rests on an early and amendable discovery document. Plaintiffs, including Mr. Contreras, have been asked to fill out various informal discovery documents to provide to the Defendants over the past several years. These documents ask, in different ways, plaintiffs to identify where they bought Zantac. They can be amended. Not only can they be amended, but plaintiffs produced them before depositions or any other form of formal discovery. In a recent version of this document, Kaiser was omitted as a place where Mr. Contreras purchased

Zantac. This omission led to Defendants' removal and allegation of fraudulent joinder. But Mr. Contreras had already provided to the Defendants another, similar discovery document *years* earlier that *did* include Kaiser. So not only does the Complaint allege Kaiser was negligent, but Defendants possess a document showing evidence that Mr. Contreras bought Zantac from Kaiser. They nonetheless removed this case.

## CONCLUSION

For the foregoing reasons, Plaintiff Contreras should be permitted to file a Motion to Remand.

Dated: April 29, 2024                          Respectfully submitted,


                                               ____*/s/ Ashley Keller*
                                               Ashley Keller
                                               ack@kellerpostman.com
                                               Noah Heinz
                                               noah.heinz@kellerpostman.com
                                               Benjamin Charlton
                                               ben.charlton@kellerpostman.com
                                               **KELLER POSTMAN LLC**
                                               1101 Connecticut Avenue, N.W.,
                                               Suite 1100
                                               Washington, DC 20036
                                               (202) 918-1123

                                               *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 29, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

<u>*/s/ Ashley Keller*</u>
Ashley Keller