UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                     MDL No. 2924
PRODUCTS LIABILITY                           20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO:**

*Kwit v. Walgreen Co., et al.,* No. 9:24-cv-80121
*Santiago v. Walgreen Co., et al.,* No. 9:24-cv-80123
*Tutwiler v. Walgreen Co., et al.,* No. 9:24-cv-80124
*Vogel v. Walgreen Co., et al.,* No. 9:24-cv-80125

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION
TO REMAND PURSUANT TO 28 U.S.C. § 1447**

COMES NOW, Plaintiffs PETER KWIT, CLAUDE VOGEL, ANDREA SANTIAGO, and CHIQUITA TUTWILER (hereinafter "Plaintiffs") by and through their counsel of record and reply to their motion for an Order to Remand these actions to the Circuit Court of Cook County, State of Illinois, pursuant to 28 U.S.C. §1447, for the reasons set forth below.

1. **The Walgreens Defendants Were Not Fraudulently Joined**

Plaintiffs will not reiterate the argument presented in their opening memorandum in support of their Motion to Remand, but note Removing Defendants' admission that, when Plaintiffs filed their Complaints, including claims against the Walgreens defendants, the state court had not yet ruled on the contested Motion to Dismiss the claims against Walgreens in the consolidated *Banna* litigation. See Response to Motion to Remand, Doc. 7278 at pp. 2-3 (Plaintiffs Kwit, Santiago, Tutwiler, and Vogel filed on August 8, 2023; the *Banna* court informally ruled orally from the bench on Motions to Dismiss filed in other consolidated Zantac cases on August

17, 2023; the Kwit, Santiago, Tutwiler, and Vogel cases were consolidated with the other *Banna* cases on August 23, 2023; and a written ruling dismissing claims against Walgreens was filed on August 25, 2023). When Plaintiffs filed their Complaints, the opposition to the dismissal of the claims against Walgreens had been filed but not ruled upon, and Plaintiffs' counsel had a good faith belief that the *Banna* plaintiffs would prevail. Plaintiffs' claims against Walgreens were subsequently involuntarily dismissed with prejudice, as federally preempted, when the Court issued its order after Plaintiffs' cases were consolidated into the *Banna* docket. Because the claims were involuntarily dismissed with prejudice, remand is required unless oval Defendants meet the high burden of establishing that Walgreens was joined fraudulently, i.e., joined without any chance of success on the merits. *Poulos,* 959 F.2d 69, 72-73 (7th Cir. 1992).

      Defendants argue that fraudulent joinder must be assessed at the time of removal, not at the time of filing. But that does not change the analysis. To succeed, Defendants must establish that Walgreens was joined for the sole purpose of defeating state court jurisdiction, with no intention of seeking liability against Walgreens and no chance of success on the merits. *Id.* Defendants have put forth no evidence that this is the case.

      Defendants assert but do not explain how the timing of service on the Walgreens defendants (after the Illinois court ruled on preemption) "change[s] the calculus." A very short delay in effectuating service is not evidence that Plaintiffs did not intend to hold Walgreens liable or that their claims had no chance of success. In fact, Plaintiffs' service of the complaints on Walgreens to preserve their appellate rights, *after* the Illinois court's finding that claims against Walgreens were preempted by federal law, is evidence that the Plaintiffs *did (and still do)* intend to pursue claims against Walgreens, including by filing an appeal when the cases are ripe for appeal.

Plaintiffs have taken a good faith position that they have un-preempted claims against the retailer Walgreens, from which they all purchased Zantac (ranitidine), notwithstanding the Illinois court's ruling. Because joinder of the claim is not fraudulent for purposes of jurisdiction so long as the legal issue is subject to reasonable argument on both sides (*Garretson v. Dr. Reddy's Labs., Inc.*, No. 21-cv-01366, 2021 U.S. Dist. LEXIS 220728, *5-6 (S.D. Ill. Nov. 16, 2021), and because Defendants did not and cannot establish that the preemption argument was not subject to reasonable argument on both sides, the Defendants cannot meet their heavy burden to demonstrate that the joinder of retailer Walgreens was fraudulent in these cases.

**2.      The Ruling Dismissing Walgreens from the *Banna* Consolidated Cases Are Not Ripe for Appeal**

Because each Plaintiffs' case was filed against multiple defendants, and the cases are proceeding against other defendants, the dismissal of claims against Walgreens is not ripe for appeal under Illinois' procedural rules. While there are mechanisms by which appellate review of trial court rulings could be sought prior to final judgment on all claims as to all parties, immediate appeal of discrete rulings that operate as judgments "as to fewer than all parties and claims" is not required, and in fact is *not preferred* under Ill. Sup. Ct. R. 304(a). The decision to proceed along the normal and preferred course, rather than to seek permission to file an immediate appeal of a ruling dismissing claims against one defendant, does not indicate that joinder of Walgreens was fraudulent. This is not an instance in which Plaintiffs have missed the opportunity to appeal the involuntary dismissal. *Cf. Poulos,* 959 F.2d at n. 3 (suggesting that "failure to appeal" occurs when "the plaintiff can no longer appeal the dismissal," in interpreting the voluntary/involuntary dismissal rule). Again, Defendants have failed to meet their burden of demonstrating that joinder of Walgreens was fraudulent.

In a case cited by Defendants, *Varicose Solutions, LLC v. Vascular Solutions, Inc.,* 2014 U.S. Dist. LEXIS 32336 (N.D. Ill. March 12, 2014), the single claim against defendant Medline was dismissed when the trial court ruled that plaintiff had failed to allege all the elements of its claim against Medline, and failed to replead when the claim against Medline was dismissed with leave to amend (and also failed to appeal). In *Varicose Solutions,* the plaintiff also failed to argue that it *could* state a claim against Medline in the motion to remand. Thus, under those factual circumstances, the court found Medline had been fraudulently joined to defeat diversity jurisdiction. Here, the circumstances are different, as Plaintiffs did adequately plead state law claims against Walgreens, but the court found such claims were preempted by federal law, despite good faith, meritorious arguments to the contrary made by the *Banna* plaintiffs. Unlike the plaintiff in *Varicose Solutions,* Plaintiffs here believe that, applying the removal standard of "resolving all issues of law and fact in favor of the plaintiff," there was a possibility that Plaintiffs could state a non-preempted cause of action against non-diverse retailer defendant Walgreens in state court, for the reasons set forth in their opening memorandum. In addition, there was no fraud in the pleading of jurisdictional facts, nor in the timing of service on Walgreens. Thus, remand is warranted.

The facts here are also different from the facts in the cases cited in Defendants' Notice of Removal ¶ 28 (discussed in Response to Motion to Remand, Doc. No. 7278 at p. 8), in that here, the Plaintiffs each filed their Complaint, including claims against non-diverse defendant Walgreens, *prior to the Court's ruling dismissing claims against Walgreens*. Thus, they did not know how the state court would rule at the time of filing, and therefore they did not need the *Banna* plaintiffs to first file an appeal in order to have any possibility of success on the claims against Walgreens. Joinder of Walgreens was not fraudulent.

4

### 3. The Common Defense Rule

Finally, Defendants argue that "the Eleventh Circuit has not adopted the approach Plaintiffs cite regarding the inability of 'common defenses' to support fraudulent joinder." Even if Eleventh Circuit law and not Seventh Circuit law applies, Defendants overstate the Eleventh Circuit's position on the common defense rule. The language they cite appears in a footnote to an *unpublished* opinion, *Shannon v. Albertelli Firm, P.C.,* 610 Fed. App'x 866, n. 4 (11th Cir. 2015). And that footnote says the court declines to address the common defense doctrine "because [plaintiff] did not raise this argument until his motion for reconsideration." As an aside, the court noted that "this Circuit has not applied the 'common defense' rule"—but this cannot be interpreted to mean that the Eleventh Circuit *would not* apply common defense rule in appropriate circumstances. Because the court declined to even address the belatedly raised common defense argument, how the circuit would rule is unknown.

### 4. Conclusion

For the reasons set forth in their Motion and Memorandum of Law to Remand, and herein, Plaintiffs ask the Court to find that Defendants have failed to meet the heavy burden of establishing fraudulent joinder of the non-diverse defendant Walgreens, and to remand these cases to the Illinois state court for all further proceedings.

Dated: May 2, 2024                     Respectfully submitted,

    By: */s/ Justin Parafinczuk*
JUSTIN PARAFINCZUK
Fla. Bar No. 39898
Board Certified Civil Trial Attorney
JOHN A. BRUEGGER
Ill. Bar No. 6278821
**PARAFINCZUK WOLF, P.A.**
5550 Glades Road, Suite 500

Boca Raton, FL 33431
T: (954) 462-6700
F: (954) 462-6567
JParafinczuk@Parawolf.com
JBruegger@ParaWolf.com

***ATTORNEYS FOR PLAINTIFFS,***
***Peter Kwit, Andrea Santiago,***
***Chiquita Tutwiler, and Claude Vogel***

### CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of May, 2024, the foregoing was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

*/s/ Justin Parafinczuk*
JUSTIN PARAFINCZUK

6