UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)  MDL NO 2924
PRODUCTS LIABILITY  20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

THIS DOCUMENT RELATES TO:

*Jorge Contreras v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*, 3:24-cv-00019

**PLAINTIFF JORGE CONTRERAS'S
MOTION TO REMAND**

DATED: May 9, 2024

Plaintiff Jorge Contreras files this Motion to Remand as permitted by this Court's Order at D.E. 7281.

## STATEMENT OF THE ISSUES

In light of Defendants' heavy burden to prove by clear and convincing evidence that Plaintiff fraudulently joined Kaiser Permanente International as a Defendant and factual inferences decided in the Plaintiff's favor, have Brand Defendants met their burden when (1) all parties agree that the Complaint states a claim against Kaiser Permanente International under California law, (2) no formal discovery has taken place, and (3) the preliminary discovery reveals at most a conflict in the evidence?

## INTRODUCTION

Mr. Contreras is a citizen of California. So is Defendant Kaiser Permanente International ("Kaiser"). There is thus no diversity jurisdiction and removal was improper. *See Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). When the "district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

But the same Defendants have removed scores of Zantac cases, running up a lopsided tally of losses. All of the dozens of cases previously removed from California, Illinois, Florida, Delaware, Texas, and Pennsylvania state courts have been remanded. The argument this time is based on a strained reading of interim discovery responses rather than even a colorable case of *fraudulent* joinder. As with Defendants' previous bids for delay, this Court should not countenance Defendants' cynical tactic of removing cases to shuttle them to the MDL and back to buy time.

## BACKGROUND

Jorge Contreras suffers from prostate cancer. *See Contreras v. GlaxoSmithKline LLC*, 3:24-cv-00019 (N.D. Cal.) (hereinafter "N.D. Cal. Dkt."), Dkt. 1-1 at ¶ 13. He alleges that Defendant Kaiser Permanente International caused his cancer. *Id.* ¶¶ 8-16. Mr. Contreras and Kaiser are both citizens of

2

California. *Id.* at ¶ 1; N.D. Cal. Dkt. 1 at ¶ 17. Plaintiff Contreras alleges claims of negligence and strict liability against Kaiser. Defendants do not dispute that the pleading states a claim against Kaiser. Instead, their argument is based on preliminary discovery documents.

Early in the litigation, Plaintiffs, including Mr. Contreras, provided Defendants with a document called a Census Plus Form (CPF). This document provided basic details about each Plaintiff's claims, and each Plaintiff signed "under penalty of perjury" that certain aspects of the CPF were "true and correct to the best of my recollection." CPF, attached as Exhibit 1 with accompanying declaration, at 7. Mr. Contreras identified a specific California Kaiser pharmacy as a location where he purchased ranitidine. *Id.* at 3. He signed this document years ago, much closer in time to his purchase and use of the cancer-causing drug. **Defendants have had this document since 2021.**

More recently, in California state court, Plaintiffs filled out Plaintiff Profile Forms (PPF) after a negotiation between the parties. *See* Order of 7 July 2021, attached as Exhibit 2. The PPF asks each plaintiff to answer many questions about their Zantac and ranitidine use history, employment, relatives, and medical history. This negotiated process allows Defendants to identify questions that they believe were not fully answered, and for plaintiffs to amend their answers. A plaintiff is to "supplement your responses if you learn that they are incomplete or incorrect in any material aspect." PPF, attached as Exhibit 3, at 1. This process is ongoing, with plaintiffs commonly revising or supplementing their initial PPFs.

When Mr. Contreras filled out his PPF, he did not include the Kaiser pharmacy location that he had previously noted on his CPF. Normally, when Defendants notice what appears to be an error, they go through a process of identifying deficiencies. Defendants identified *other* deficient items within Mr. Contreras' PPF. *See* Letter of 8 Dec. 2023 from T. Huynh to A. Keller, p. 5, attached as Exhibit 4. The normal course is for Plaintiff's counsel to examine the purported deficiencies, and then discuss with the Plaintiff until the information is complete. Mr. Contreras can—and is required to—updated

3

his PPF. He has not yet been deposed. He has not yet responded to interrogatories. He is still at a preliminary stage. Defendants short-circuited that process by removing the case.

## LEGAL OVERVIEW

A "case *must* be remanded to state court if there is not complete diversity between the parties, . . . or one of the defendants is a citizen of the state in which the suit is filed." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (emphasis added) (citations omitted). "[F]ederal courts are directed to construe removal statutes strictly." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "Any doubts this Court has about removal must be resolved in favor of remand." D.E.7229 at 2 (citing *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

Defendants' sole theory to thwart their jurisdictional hurdle is fraudulent joinder. To prove fraudulent joinder, they bear a heavy burden: they must show by "clear and convincing evidence" that "there is no possibility the plaintiff can establish a cause of action against the resident defendant" or that "the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court."[1] *Stillwell*, 663 F.3d at 1332 (internal quotation marks omitted). And although the word *fraudulent* bears nefarious connotations, "Supreme Court precedent is clear that a plaintiff's motivation for joining a defendant is not important . . . ." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1291 (11th Cir. 1998).

"The standard for fraudulent joinder is one of the highest in the law." D.E. 7229 at 2. A court "must evaluate the factual allegations in the light most favorable to the plaintiff" and is "not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Stillwell*, 663 F.3d at 1333 (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). "[E]ven

---

[1] Defendants have not contested that both Mr. Contreras and Kaiser are California citizens, so this second potential basis for fraudulent joinder is not at issue.

conclusory allegations in a complaint are sufficient for a Plaintiff to survive a fraudulent joinder challenge." D.E. 3156 at 3 (citing *Stillwell*, 663 F.3d at 1334).

## ARGUMENT

Defendants have failed to prove by clear and convincing evidence that there is no possibility Plaintiff will prevail against Kaiser. And because Brand Defendants yet again have attempted to invoke diversity jurisdiction where there is none, this Court should require them to pay just costs.

### I. Brand Defendants have not carried their heavy burden to prove by clear and convincing evidence that Plaintiffs' claim against Kaiser is impossible.

The Complaint *and* CPF state that Mr. Contreras purchased ranitidine from Kaiser. Since ranitidine is defective and causes cancer, recovery from Kaiser is surely *possible*. Defendants' sole argument for why the claim against Kaiser is impossible is that Kaiser "did not prescribe, recommend, manufacture, package, distribute, or sell the Zantac or ranitidine that Plaintiff alleges he took." N.D. Cal. Dkt. 1 at 7. First, Mr. Contreras *did* allege that Kaiser caused his cancer. N.D. Cal. Dkt. 1-1 at ¶¶ 8-16. And Defendants do not dispute that the Complaint states a claim under California law. But still, the argument seems to be that the PPF is binding, unchangeable, and states that Mr. Contreras *did not* purchase from Kaiser. But none of those are true. The PPF is *not* binding—it is a discovery tool, not a judicial admission like a pleading or response to a Request for Admission. The PPF is *not* unchangeable. In fact, there is a process for identifying deficiencies and curing them, which is still ongoing. And the PPF nowhere states that Mr. Contreras did not purchase from Kaiser; rather, it simply omitted Kaiser.

From those facts it is obvious that Mr. Contreras can still prove his claim. He can amend his PPF to add Kaiser. Even if he could not, he could adduce other evidence (for example, in his deposition) that he purchased from Kaiser. The most Defendants could do is attempt to impeach his memory by pointing to the *omission* in the PPF. To say there is no genuine dispute is to say the

5

evidence includes only the PPF (not the CPF) and has now closed—which is palpably wrong for a case in which discovery is at a preliminary stage.

This Court recently rejected a similar argument from the same Defendants. In D.E. 7229, this Court dispensed with Defendants' argument that because plaintiffs had no expert to testify specifically that the non-diverse defendant caused plaintiff's cancer, that defendant was fraudulently joined. D.E. 7229 at 2. By the time of removal in that case, "fact discovery had closed." *Id.* at 3. But because it was possible for plaintiffs to prevail at trial and Defendants' removal was objectively unreasonable, this Court remanded and retained jurisdiction to consider attorney's fees. *Id.* (citing *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)).

Here, Defendants have not proven that it was impossible for Mr. Contreras to have purchased ranitidine from Kaiser. Kaiser *is* a seller of ranitidine, and it *did* sell ranitidine when Mr. Conteras used it. The Complaint alleges it, and facts revealed in discovery support it. Yet Defendants still argue that it is impossible to prove that Mr. Contreras purchased ranitidine from Kaiser. That type of argument is inappropriate for fraudulent joinder cases, and doubly so when discovery is still open.

Defendants' argument is unprecedented and frivolous.

## II. Brand Defendant's continued baseless removal of cases in the Zantac litigation warrants an assessment of just costs and attorney fees.

Congress specifically authorized "requir[ing] payment of just costs . . . including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). It does not require a showing that Defendants' removal "was frivolous . . . or without foundation." *Id.* at 138-39. This standard falls well below the standard for Rule 11 sanctions, which requires an improper purpose, frivolous claims, or factual contentions or denials without evidentiary support. Fed. R. Civ. P. §§ 11(b), (c)(1). Rather, "the standard for awarding fees should

6

turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141.

There was no objectively reasonable basis for seeking removal in this case. Defendants knew that the PPF can be amended, and they knew that Mr. Contreras stated on his pleading and CPF that he purchased ranitidine from Kaiser. From these facts it is plain beyond question that he could *possibly* show that he bought ranitidine at Kaiser, even though the current version of his PPF is silent on that question.

This is not the first time that Defendants have tried this gambit to delay justice. They have repeatedly lost removal-after-removal throughout this litigation but continue to do it.[2] That is highly wasteful of the parties' and courts' resources. Fees are warranted.

## CONCLUSION

For the foregoing reasons, the Motion to Remand should be granted.

Dated: May 9, 2024                                              Respectfully submitted,


       */s/ Ashley Keller*
Ashley Keller
ack@kellerpostman.com
Noah Heinz
noah.heinz@kellerpostman.com
Benjamin Charlton
ben.charlton@kellerpostman.com
**KELLER POSTMAN LLC**
1101 Connecticut Avenue, N.W.,
Suite 1100
Washington, DC 20036
(202) 918-1123

*Attorneys for Plaintiff*

---

[2] *See* D.E. 3156, 2824 (42 cases), 2870, 6745, 6911, 7229 (2 cases).

7

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

                                               */s/ Ashley Keller*
                                               Ashley Keller