UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924 |
| _____/ | JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

**THIS DOCUMENT RELATES TO:**

*Jorge Contreras v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*, 9:24-cv-80462

**REMOVING DEFENDANTS' OPPOSITION TO PLAINTIFF JORGE CONTRERAS'S MOTION TO REMAND**

DATED: May 23, 2024

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................. 1

FACTUAL BACKGROUND ........................................................................................................... 1

LEGAL STANDARD ....................................................................................................................... 3

ARGUMENT .................................................................................................................................... 3

    I.    THE COURT SHOULD DISREGARD KAISER'S CITIZENSHIP BECAUSE IT IS FRAUDULENTLY JOINED ....................................................................... 3

    II.    NO FEES AND COSTS ARE WARRANTED ...................................................... 7

CONCLUSION ................................................................................................................................. 8

# TABLE OF AUTHORITIES
Page(s)

**Cases**
*Brown v. Allstate Ins. Co.*,
  17 F. Supp. 2d 1134 (S.D. Cal. 1998) .......................................................................................... 5

*De La Flor v. Ritz-Carlton Hotel Co., L.L.C*,
  No. 12-cv-23689, 2013 WL 148401 (S.D. Fla. Jan. 14, 2013) ................................................... 3

*DiCola v. White Bros. Performance Prods., Inc.*,
  69 Cal. Rptr. 3d 888 (Ct. App. 2008) .......................................................................................... 3

*Gallagher v. Boehringer Ingelheim Pharms., Inc.*,
  No. 22-CV-10216 (LJL), 2023 WL 402191 (S.D.N.Y. Jan. 25, 2023) ...................................... 4

*Garcia v. Joseph Vince Co.*,
  148 Cal. Rptr. 843 (Ct. App. 1978) ............................................................................................. 3

*Illoominate Media, Inc. v. CAIR Fla., Inc.*,
  841 F. App'x 132 (11th Cir. 2020) .............................................................................................. 3

*Jackson v. Bank of Am.*,
  NA, 578 F. App'x 856 (11th Cir. 2014) ...................................................................................... 3

*Marshall v. Cargill, Inc.*,
  No. C 08-02422 WHA, 2008 WL 2543210 (N.D. Cal. June 20, 2008) ...................................... 5

*Martin v. Franklin Capital Corp.*,
  546 U.S. 132 (2005) ..................................................................................................................... 7

*Ostrowski v. Am. Tire Distributors, Inc.*,
  No. 617CV598ORL31KRS, 2017 WL 2115984 (M.D. Fla. May 16, 2017) .............................. 4

*Poulos v. Naas Foods, Inc.*,
  959 F.2d 69 (7th Cir. 1992) ......................................................................................................... 3

*Reith v. Teva Pharms. USA, Inc.*,
  No. CV 18-3987, 2019 WL 1382624 (E.D. Pa. Mar. 27, 2019) .................................................. 4

*Sanchez v. Stryker Corp.*,
  No. 2:10-CV-08832 ODW, 2012 WL 1570569 (C.D. Cal. May 2, 2012) .................................. 4

*Shannon v. Albertelli Firm*,
  P.C., 610 F. App'x 866 (11th Cir. 2015) ................................................................................. 3, 5

*Soule v. Gen. Motors Corp.*,
    882 P.2d 298 (Cal. 1994) ...................................................................................................3

*Timmons v. Linvatec Corp.*,
    263 F.R.D. 582 (C.D. Cal. 2010) ......................................................................................4

*Vieira v. Citigroup, Inc.*,
    No. 1:12-CV-1636-TWT, 2012 WL 6194350 (N.D. Ga. Dec. 12, 2012)..................................5

*Vieira v. Mentor Worldwide, LLC*,
    392 F. Supp. 3d 1117 (C.D. Cal. 2019......................................................................................4

*White v. Minnesota Life Ins. Co.*,
    No. 610-cv-1661, 2010 WL 11627321 (M.D. Fla. Dec. 8, 2010) ............................................3

**Statutes**

28 U.S.C. § 1447(c) ........................................................................................................................7

Defendants Boehringer Ingelheim Pharmaceuticals, Inc.; GlaxoSmithKline LLC; and Pfizer Inc. (collectively, the "Removing Defendants"), by and through undersigned counsel, submit this Opposition to Plaintiff's Motion to Remand.

## INTRODUCTION

Plaintiff's Motion fails to overcome his sworn statements in this case establishing that Kaiser Permanente International ("Kaiser"), the only non-diverse defendant, is fraudulently joined. As part of the discovery process, Plaintiff was required to submit a Plaintiff Profile Form ("PPF") listing each retailer from whom he purchased Zantac or ranitidine. Plaintiff did not include Kaiser in his PPF but did list retailers other than Kaiser. Even today, *four months after removal*, Plaintiff has not amended, or offered to amend, his PPF to state that he purchased Zantac or ranitidine from Kaiser. Nor has he produced any medical or purchase records, or affidavits stating this fact. Nor has Plaintiff provided an authorization for Kaiser records. Because Plaintiff's own discovery submissions do not support his claim against Kaiser, he cannot possibly recover against Kaiser. As such, Kaiser is fraudulently joined and its citizenship should be ignored. Plaintiff's Motion to Remand should be denied.

## FACTUAL BACKGROUND

On August 4, 2023, this case was added to the *In re Ranitidine* Judicial Council Coordination Proceedings ("JCCP") 5150 in California. All plaintiffs in the JCCP are required to complete and file the court-approved Short Form Complaint ("SFC") and a verified PPF. *See* Ex. 1, Pre-Trial Order No. 12, *In re Ranitidine*, JCCP 5150 (Sept. 21, 2023) at ¶ 4(a)-(b). In his SFC, Plaintiff alleges that his use of over-the-counter Zantac (ranitidine) caused him to develop prostate cancer. *See* Ex. 2, SFC at 4. He named as defendants (1) the Removing Defendants that manufactured and/or marketed Zantac, and (2) Kaiser, a healthcare company that among other things, operates pharmacies. *Id.* at 3. Kaiser is the only non-diverse defendant. Although Plaintiff included Kaiser as a defendant, the SFC does not assert any factual allegation against Kaiser. *Id.*

The PPF requires each plaintiff to provide basic information about their claims, including by listing each retail location from which the plaintiff purchased Zantac or ranitidine and every

pharmacy where he filled a Zantac or ranitidine prescription. *See* ECF No. 7294-3, PPF at 6-7. By signing the PPF "under penalty of perjury," as required, plaintiffs certify that they "have carefully reviewed the final copy of this Plaintiff Profile Form dated below, and verif[y] that all of the information provided is true and correct to the best of [their] knowledge, information and belief." *Id.* at 23.

Pursuant to these JCCP orders, Plaintiff completed and signed "under penalty of perjury" a verified PPF. When asked to provide the "[n]ame and address of each retailer or other place of purchase (e.g., pharmacy(ies)/stores/online sellers) of over-the-counter Zantac/ranitidine," Plaintiff listed a "CVS" store in Colton, California but did ***not*** list any Kaiser location. *See id.* at 6-7.

On January 2, 2024, the Removing Defendants timely removed this action. *See* Notice of Removal, *Jorge Contreras v. Boehringer Ingelheim International GMBH*, No. 3:24-cv-00019-TLT (N.D. Cal.) ("*Contreras* N.D. Cal."), ECF No. 1. On January 4, 2024, the Removing Defendants tagged this case for transfer to the Zantac MDL, *see* Notice of Potential Tag-Along, *In re Zantac (Ranitidine) Prods. Liab. Litig.,* MDL No. 2924 (J.P.M.L. Jan. 4, 2024) ("JPML No. 2924") ECF No. 1372, and moved to stay the proceedings pending a decision on transfer by the Judicial Panel on Multidistrict Litigation ("JPML"). *See* Mot. to Stay, *Contreras* N.D. Cal. ECF No. 9. On January 10, 2024, Plaintiff filed a Motion to Remand. *See* Mot. to Remand, *Contreras* N.D. Cal. ECF No. 24.

On February 1, 2024, the JPML entered a conditional transfer order for this case. *Contreras* N.D. Cal. ECF No. 45. On February 15, 2024, Judge Thompson for the Northern District of California entered an order staying all proceedings pending transfer to the Zantac MDL. *Contreras* N.D. Cal. ECF No. 48. On April 11, 2024, the JPML issued a final order finding that this case properly belongs in the Zantac MDL, JPML No. 2924 ECF No. 1439, and on April 12, 2024, this case was transferred to the MDL. *Contreras* N.D. Cal. ECF No. 49. On May 9, 2024, Plaintiff filed this Motion to Remand.

2

**LEGAL STANDARD**

To establish fraudulent joinder, the removing party must prove "that there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant." *Illoominate Media, Inc. v. CAIR Fla., Inc.*, 841 F. App'x 132, 134 (11th Cir. 2020) (internal quotations omitted). "[T]he potential for legal liability [against the non-diverse defendant] must be reasonable, not merely theoretical." *Jackson v. Bank of Am.*, NA, 578 F. App'x 856, 859 (11th Cir. 2014) (internal quotations omitted). The fraudulent joinder doctrine "bars remand to state court and is an exception to the requirement of complete diversity." *De La Flor v. Ritz-Carlton Hotel Co., L.L.C*, No. 12-cv-23689, 2013 WL 148401, at *2 (S.D. Fla. Jan. 14, 2013) (quotations and citation omitted). It operates regardless of a plaintiff's subjective intent. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *see also White v. Minnesota Life Ins. Co.*, No. 610-cv-1661, 2010 WL 11627321, at *2 (M.D. Fla. Dec. 8, 2010) ("'[F]raudulent joinder' does not imply malintent.").

**ARGUMENT**

**I. THE COURT SHOULD DISREGARD KAISER'S CITIZENSHIP BECAUSE IT IS FRAUDULENTLY JOINED**

If a plaintiff fails to state a cause of action with reasonable potential for legal liability, "the court must ignore the presence of the non-diverse party and deny the motion to remand." *Shannon v. Albertelli Firm*, P.C., 610 F. App'x 866, 870 (11th Cir. 2015).

In California, it is well-established that a plaintiff asserting a personal injury product liability claim must demonstrate that "the defendant's product, or some instrumentality under the defendant's control, caused his or her injury." *DiCola v. White Bros. Performance Prods., Inc.*, 69 Cal. Rptr. 3d 888, 897 (Ct. App. 2008) (collecting cases); *see also Garcia v. Joseph Vince Co.*, 148 Cal. Rptr. 843, 846 (Ct. App. 1978) ("[W]hether negligence, . . . strict liability in tort, or other grounds, it is obvious that to hold a producer, manufacturer, or seller liable for injury caused by a particular product, there must first be proof that the defendant produced, manufactured, sold, or was in some way responsible for the product." (quoting 51 A.L.R.3d 1334, 1349)); *Soule v. Gen.*

*Motors Corp.*, 882 P.2d 298, 312 (Cal. 1994) ("A manufacturer is liable only when a defect in its product was a legal cause of injury." (citation omitted)); *Sanchez v. Stryker Corp.*, No. 2:10-CV-08832 ODW, 2012 WL 1570569, at *6 & n.9 (C.D. Cal. May 2, 2012) ("These five causes of action [including negligence, strict liability, and negligent misrepresentation] have one central question—whether the specific Stryker device . . . caused Plaintiff's injury." (collecting cases)); *Timmons v. Linvatec Corp.*, 263 F.R.D. 582, 585 (C.D. Cal. 2010) (dismissing negligence, strict liability, negligent misrepresentation, and consortium claims against pharmaceutical manufacturer with prejudice, in part because it was undisputed that the defendant had not manufactured or sold the drug at issue).

Applying these principles, courts routinely find that a non-diverse defendant in a product liability action is fraudulently joined where the defendant did not actually manufacture or sell the product that allegedly caused the plaintiff's injury. *See e.g.*, *Gallagher v. Boehringer Ingelheim Pharms., Inc.*, No. 22-CV-10216 (LJL), 2023 WL 402191, at *5-6, 10 (S.D.N.Y. Jan. 25, 2023); *Ostrowski v. Am. Tire Distributors, Inc.*, No. 617CV598ORL31KRS, 2017 WL 2115984, at *2 (M.D. Fla. May 16, 2017); *Vieira v. Mentor Worldwide, LLC*, 392 F. Supp. 3d 1117, 1127-28 (C.D. Cal. 2019), *aff'd,* 845 F. App'x 503 (9th Cir. 2021); *Reith v. Teva Pharms. USA, Inc.*, No. CV 18-3987, 2019 WL 1382624, at *3-5 (E.D. Pa. Mar. 27, 2019)).

Here, there is no possibility of recovery against Kaiser. Plaintiff has served a PPF—signed under penalty of perjury and verified as true and correct—listing "*each* retailer or other place of purchase" from whom he purchased OTC Zantac or ranitidine. *See* ECF No. 7294-3, PPF at 6 (emphasis added). Plaintiff listed a different retailer, but not Kaiser. *Id.* at 6-7. Because Plaintiff did not purchase Zantac or ranitidine from Kaiser, he cannot prevail on any of his claims against Kaiser.

Plaintiff nevertheless argues that recovery against Kaiser is "surely *possible*," because at some *hypothetical* point in the future, he *might* amend his PPF or testify that he purchased Zantac or ranitidine from Kaiser. Mot. to Remand at 4 (emphasis in original). Notably, Plaintiff is ***not*** claiming that he made an error in completing the PPF and that he, in fact, purchased ranitidine

4

from Kaiser. He has ***not*** offered to amend his PPF, nor has he submitted other evidence to rebut the arguments in the Notice of Removal.

In any event, hypothetical facts and claims that Plaintiff might assert in the future cannot divest this Court's subject matter jurisdiction. The Eleventh Circuit has held that "the determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Shannon* 610 F. App'x at 870–71. Courts around the county hold that even where plaintiffs name fraudulently joined defendants "in the caption and in the headings of some causes of action" and argue that the lack of material allegations was merely a "typographical error" that could be cured in an amended complaint, remand is inappropriate where the "complaint as it existed at the time of removal does not allege any wrongdoing by the" fraudulently joined defendants. *Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998); *see also Marshall v. Cargill, Inc.*, No. C 08-02422 WHA, 2008 WL 2543210, at *3 (N.D. Cal. June 20, 2008) (declining to consider plaintiff's proposed new causes of action because "such hypothetical claims cannot defeat a showing of fraudulent joinder" in denying motion to remand).

Plaintiff points to his 2021 "Census Plus Form" ("CPF"), submitted in relation to the Zantac MDL before he re-filed his case in California two years later. In his 2021 CPF, Plaintiff listed Kaiser as a pharmacy where he purchased Zantac or ranitidine. However, a "single statement is insufficient to establish a colorable claim against [Defendant]." *Vieira v. Citigroup, Inc.*, No. 1:12-CV-1636-TWT, 2012 WL 6194350, at *2 (N.D. Ga. Dec. 12, 2012). Indeed, in the *Vieira* case, the complaint was "almost completely devoid of substantive allegations against [the fraudulently joined Defendant]." *Id.* Other than listing the defendant on the case caption and as a party in the complaint, the complaint in *Vieira* contained only one factual allegation as to the fraudulently joined defendant. *Id.*

5

Here, Plaintiff's SFC merely lists Kaiser in the case caption but contains *no* substantive allegations related to Kaiser.[1] Ex. 2, SFC at 1, 3 ¶ 8. Likewise, while the PPF Plaintiff served in this case after he moved it from the MDL to California required Plaintiff to identify the "[n]ame and address of *each retailer* … of over-the-counter Zantac/ranitidine," Plaintiff *never* listed Kaiser in his PPF. ECF No. 7294-3, PPF at 6-7. In his Motion to Remand, Plaintiff does not contend that he got it right in the CPF and wrong in his PPF. Quite the opposite: the later-served document, the 2023 PPF, amends and replaces the 2021 CPF.[2] While Plaintiff contends that the process of supplementing the PPF is "ongoing," Plaintiff has made no attempt to amend or supplement his PPF, despite having had four months and ample opportunity to do so. Plaintiff has also not produced any medical records or purchase records from Kaiser, nor has he provided an authorization for Defendants to obtain records from Kaiser.

The Court, moreover, should reject Plaintiff's argument that the Removing Defendants "short-circuited [the] process" and should have reached out to see if his failure to include Kaiser in the PPF was a mistake. Mot. to Remand at 3. Not only is there no precedent for Defendants having such a burden, Plaintiff has shown that even had Defendants reached out before removing the case, he would be unable to assert any allegations against Kaiser anyway. *See* Ex. 3, Email from N. Heinz on January 16, 2024 at 1. In similar cases removed around the same time, following removal, plaintiffs represented by the same counsel as Mr. Contreras produced amended PPFs, alleging purchase of Zantac and/or ranitidine from the alleged fraudulently joined defendant. *See id.*, Email to N. Heinz on January 14, 2024 at 3. The parties met and conferred about those cases and this case. In each of the other cases, after receiving the amended PPFs, Defendants voluntarily

---

[1] The SFC incorporates the Master Complaint in the JCCP, but the Master Complaint does not name Kaiser or include any allegations involving Kaiser.

[2] By signing the CPF, Plaintiff "declare[d] under penalty of perjury that the following is true and correct to the best of my recollection: I Jorge Contreras ingested Zantac and, to the best of my knowledge, information and belief, I was diagnosed with cancer after I first began using Zantac." *See* ECF No. 7924-1, CPF at 7. Plaintiff did not otherwise swear to the truth or correctness of any other facts asserted in the CPF. By contrast, by signing the PPF, Plaintiff "declare[d] under penalty of perjury under the laws of California, that I have carefully reviewed the final copy of this Plaintiff Profile Form dated below, and verified that all of the information provided is true and correct to the best of my knowledge, information, and belief." ECF No. 7924-3, PPF at 23.

agreed to remand. *See e.g., Patricia Edgerton v. GlaxoSmithKline Holdings (Americas) Inc. et al.,* No. 3:24-cv-00038-TLT, (N.D. Cal.), ECF No. 37 ("Plaintiffs moved to remand, and the removing Defendants have now consented to remand. Accordingly, the Court REMANDS the case to state court."). In contrast, here, Plaintiff has not amended his PPF, even after Defendants counsel asked explicitly whether Plaintiff would do so. *See* Ex. 3, Email from N. Heinz on January 16, 2024 at 1. Plaintiff's counsel responded only that they would "not be able to send one" on that date for Plaintiff, and it was "not clear at this time when we will be able to serve an updated PPF" in this case. *Id*. Since that time more than four months ago, they never sought an extension of time to do so or indicated that an amended PPF would be forthcoming.

Plaintiff improperly analogizes this case to this Court's recent Order, ECF No. 7229, granting a Motion to Remand in the *Wilson* case.[3] In *Wilson*, Plaintiff included allegations about the retailer defendant, Publix Super Markets, Inc., in his complaint and claimed purchase at Publix in his interrogatory responses. Here, neither Plaintiff's SFC, nor his PPF, contains allegations of purchase from Kaiser. Plaintiff has made no attempt to amend his sworn statement. *See* Ex. 3, Email from N. Heinz on January 16, 2024 at 1. He refers only to a reference to Kaiser in his CPF, which is neither sworn nor controlling here. The CPF was submitted years in advance of the controlling PPF and in an entirely separate litigation. In fact, the CPF was never produced in Plaintiff's California case. For all of these reasons and the reasons stated in the Notice of Removal, Kaiser is fraudulently joined and its citizenship should be ignored.

## II. NO FEES AND COSTS ARE WARRANTED

The Court should deny Plaintiff's request for fees and costs. Absent unusual circumstances, courts may award attorney's fees under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As explained above, the Removing Defendants' jurisdictional arguments are meritorious and certainly "objectively reasonable." *Id.* Indeed, it was

---

[3] Contrary to Plaintiff's assertion, Defendants are not making an argument regarding the sufficiency of Plaintiff's expert testimony.

Plaintiff's own sworn statements that he did not purchase Zantac or ranitidine from Kaiser that provided the basis for this removal. And even after removal, Plaintiff never attempted to correct that statement or provide any evidence that he actually purchased Zantac or ranitidine from Kaiser, confirming that this removal was objectively reasonable. The request for fees and costs should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion to remand and accompanying request for fees and costs.

Dated: May 23, 2024

By: */s/ Mark Cheffo*
Mark Cheffo
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10019
Tel: (212) 689-3500
Fax: (212) 689-3590
mark.cheffo@dechert.com

*Attorney for Defendant GlaxoSmithKline LLC*

*/s/ Andrew T. Bayman*
Andrew T. Bayman
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Tel: (404) 572-3583
Fax: (404) 572-5100
abayman@kslaw.com

*Attorney for Defendants Boehringer Ingelheim Pharmaceuticals, Inc.*

*/s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, SW
Washington, DC 20024
Tel: (202) 434-5000
Fax: (202) 434-5029
jpetrosinelli@wc.com

*Attorney for Defendant Pfizer Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 23, 2024, the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

*/s/ Mark Cheffo*
Mark Cheffo