UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO 2924<br>20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |

_____/

**THIS DOCUMENT RELATES TO:**

*Jorge Contreras v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*, 3:24-cv-00019

**PLAINTIFF JORGE CONTRERAS'S REPLY IN SUPPORT OF HIS MOTION TO REMAND**

DATED: May 30, 2024

## INTRODUCTION

For the first time, Defendants have made clear the basis for their removal: that Mr. Contreras's short-form complaint alleged "*no* substantive allegations related to Kaiser." Brand Defs.' Opp. at 6 (emphasis in original). This is critical, because it was the service of the short-form complaint that supposedly makes their removal timely. Apparently, Defendants did *not* remove within 30 days of the submission of the Plaintiff Profile Form (PPF) on November 8, 2023—which is the discovery response they rely upon—because Mr. Contreras's long-form complaint still included allegations about Kaiser. Only when the short-form complaint was served on December 4, 2023, did they remove, 29 days later. This argument is factually erroneous and reveals yet another reason for the Court to remand and assess fees: Defendants' removal is not only legally baseless, but also untimely, and based on a misunderstanding of the pleadings that could have been resolved months ago.

Defendants concede that Mr. Contreras and Defendant Kaiser Permanente International ("Kaiser") are citizens of California. Complete diversity therefore does not exist. *See Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Where that is so, the "district court lacks subject matter jurisdiction" and "the case[s] shall be remanded." 28 U.S.C. § 1447(c). Defendants argue that Kaiser was fraudulently joined because (1) he never pleaded any facts against Kaiser and (2) affirmatively represented in a binding discovery response that he had not purchased ranitidine from Kaiser. Both premises are demonstrably false. Mr. Contreras pleaded ample facts against Kaiser in his long-form complaint, which—far from being superseded by his short-form—was *incorporated by reference* into his short-form complaint, which Defendants apparently overlooked. The preliminary discovery response did *not* affirmatively state that he never purchased from Kaiser—rather, in one response he named Kaiser, and in another he omitted Kaiser (but never stated that he did *not* purchase from Kaiser). Neither discovery response is definitive, and the one Defendants rely upon can be amended or could be superseded by formal discovery (such as a deposition or interrogatory responses).

1

Given those facts, accepting Defendants' arguments would require this Court to judge the merits of Mr. Contreras's claim now based on a selective review of the record. That has never been the test for fraudulent joinder. When considering an allegation of fraudulent joinder and whether to remand a case, courts "are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Because Mr. Contreras could possibly establish a cause of action against Kaiser—especially in view of the full record, and the future record that could be developed—the Court must remand this matter. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). Defendants' contrary arguments are based on misstatements of fact and extravagant inferences from out-of-circuit precedents. Those arguments are so implausible that the Court should require the payment of fees.

## ARGUMENT

Brand Defendants have failed to carry their heavy burden to prove by clear and convincing evidence that there is no possibility Mr. Contreras will prevail against Kaiser. At the same time, they ignore key facts about this litigation, including the facts alleged in the Complaint. Because Brand Defendants' removal and continued opposition persists, this Court should insist they pay just costs.

### I. The Short-Form Complaint provided no basis for removal.

Defendants rely on the proposition that fraudulent joinder "determinations [are] based on the plaintiff's pleadings at the time of removal." *Crowe*, 113 F.3d at 1538 (citation omitted). They insist that Mr. Contreras has alleged "*no* substantive allegations related to Kaiser." Brand Defs.' Opp. at 6 (emphasis in original). The filing of the SFC is, apparently, why Defendants believe their removal was timely. But Defendants are wrong that Mr. Contreras has alleged "*no* substantive allegations related to Kaiser." Brand Defs.' Mot. at 6 (emphasis in original). Mr. Contreras's Short Form Complaint incorporates not only the Master Complaint in the JCCP, but also his individual long-form complaint. Defs.' Ex. 2, at 2 ("Plaintiff(s) further incorporate(s) by reference the allegations contained

2

in Plaintiff's Complaint for Damages, filed on 2/1/2023 styled CONTRERAS vs BOEHRINGER INGELHEIM INTERNATIONAL GMBH, et al., 23CV026931"). The February 1, 2023, Complaint is attached as Plaintiff's Exhibit 5. That complaint alleges:

1. "The table in Exhibit A identifies . . . the retailer from whom each Plaintiff purchased their Ranitidine, the type of cancer the Plaintiff was diagnosed with, the defendants against whom each Plaintiff is asserting causes of action." *Id.* ¶ 133 (naming Kaiser).
2. "Plaintiff's cancer was caused by ingesting Zantac and/or generic Ranitidine." *Id.* ¶ 137.
3. "Kaiser Permanente International is a California corporation with its principal place of business located at One Kaiser Place, Oakland, California 94612. Kaiser Permanente International is a citizen of California." *Id.* ¶ 129.
4. "This Court has personal jurisdiction over . . . Kaiser Permanente International . . . for each of these claims because" it is a California citizen. *Id.* ¶ 143.
5. Kaiser "was engaged in the business of marketing, promoting, packaging, labeling, distributing, and/or selling ranitidine-containing products." *Id.* ¶ 330.
6. "At all pertinent times, Kaiser Permanente sold Zantac and generic ranitidine at Kaiser Permanente-owned pharmacies in California." *Id.* ¶ 331.
7. "Plaintiff purchased and ingested Zantac and/or generic ranitidine from Kaiser Permanente." *Id.* ¶ 332.
8. "By selling drugs in the stream of commerce, each Retailer Defendant [Kaiser] warranted to consumers that the ranitidine-containing products they sold were safe and effective." *Id.* ¶ 350.

Counts II (strict liability – design defect) and III (negligence) allege that Kaiser's (and other Defendants' conduct injured him. *Id.* ¶ 387–434. Any suggestion that Mr. Contreras's allegations fail to plead specific facts against Kaiser is not only erroneous, but an error that could have been resolved *months ago* if Defendants had ever suggested the pleadings as a basis for removal. Defendants complete lack of care in identifying the relevant allegations in the pleadings only reinforces the need for this Court to require the payment of fees.

More importantly, a correct view of the short-form complaint makes clear that it is completely irrelevant to Defendants' removal arguments. Since the short-form complaint incorporated the long-form by reference, it changed nothing. Certainly the short-form complaint did not abandon the claim against Kaiser. Since it did not, Defendants cannot rely on the short-form complaint to start the 30-day clock under 28 U.S.C. § 1446(b)(3).

3

## II.   The Plaintiff Profile Form provided no basis for removal.

The PPF is no more helpful to Defendants. First, and independent of any other reason, the PPF was submitted electronically more than 30 days before the notice of removal—which, by Defendants' own admission, was keyed off of the short-form complaint. A notice of removal must be filed within 30 days of a "paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Plaintiff vigorously disputes that the PPF shows that the case is removable, but that is the only conceivable paper Defendants can rely upon. The online system both Plaintiffs and Defendants in the Zantac litigation use shows that the PPF was submitted on *November 8*, 2023, which is more than 30 days before January 2, 2024. *See* Ex. 6. Thus, Defendants' removal is untimely, and apparently based on a basic lack of care in reading the short-form complaint.

Independent of the timeliness problem, Defendants' arguments that the PPF is an "affidavit" that may be considered to find fraudulent joinder makes no headway, either. The PPF is a preliminary discovery tool. It is not formal written discovery, a discovery deposition, or a trial deposition. It does not definitively establish any fact, it could be revised at any point, and it contemplates further discovery. Even on Defendants' assumption that the PPF is definitive, it simply does not constitute an affirmative representation that Mr. Contreras never purchased Zantac or ranitidine from Kaiser. Kaiser was omitted from the list of places where he purchased Zantac or ranitidine. Such omissions happen all the time in discovery responses and are never considered definitive. In any event, the PPF conflicts with another sworn statement, the CPF. So, at most, there is a conflict in the evidence, both of which are *before* formal discovery and a deposition, which will occur later.

Since the PPF presents at most an *omission* in one of multiple preliminary discovery responses, Defendants cannot possibly meet the legal standard. Under that standard, only "after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all

4

contested issues of fact in favor of the plaintiff," may a court consider whether there is "a reasonable basis for predicting that the state law *might* impose liability on the facts involved." *Crowe*, 113 F.3d at 1541–42 (emphasis in original) (citation omitted). If, under that standard, state law *might* impose liability, remand is required. Here, removal would require drawing an inference from an omission in *Defendants'* favor, then resolving contested issues of fact, in *Defendants*' favor, and *also* assuming the results of future discovery that has not yet occurred. Mr. Contreras could still possibly prevail at trial not only because he could amend his PPF answers or testify about Kaiser at his deposition, but also because the evidence at trial could show that he bought Zantac and ranitidine from Kaiser.

Defendants cite no in-circuit authority for their legal position. Even their out-of-circuit, unpublished cases do not support their arguments. No party disputes that Kaiser sold Zantac and ranitidine during the time that Mr. Contreras bought it, so all the cases Defendants cite turning on whether a manufacturer made or sold a defective product are inapposite. *E.g., Gallagher v. Boehringer Ingelheim Pharms., Inc.*, No. 22-CV-10216 (LJL), 2023 WL 402191 (S.D.N.Y. Jan. 25, 2023) (pleadings alleged [the in-state Defendant] did not market the drug when the plaintiff consumed it); *Ostrowski v. Am. Tire Distribs., Inc.*, No. 6:17-CV-598-ORL-31KRS, 2017 WL 2115984 (M.D. Fla. May 16, 2017) (defendants provided an affidavit that they never manufactured the allegedly defective tire) (not reported); *Vieira v. Mentor Worldwide, LLC*, 392 F. Supp. 3d 1117, 1128 (C.D. Cal. 2019), *aff'd,* 845 F. App'x 503 (9th Cir. 2021) (defendant "conclusively" proved that it did not manufacture anything); and *Reith v. Teva Pharms. USA, Inc.*, No. CV 18-3987, 2019 WL 1382624 (E.D. Pa. Mar. 27, 2019) (uncontroverted evidence showed the two non-diverse defendants never made or sold the defective product). Here, Kaiser *did* sell Zantac and ranitidine, and Mr. Contreras could elicit evidence at trial showing Kaiser sold it to him. No evidence adduced at this early stage of discovery has conclusively proven the contrary.

5

Brand Defendants' invocation of the unreported case of *Vieira v. Citigroup, Inc.*, fares no better. No. 1:12-CV-1636-TWT, 2012 WL 6194350 (N.D. Ga. Dec. 12, 2012) (unreported). There, an unlawful foreclosure case, the plaintiffs never even filed a motion for remand and did not address defendants' fraudulent joinder argument. *Id.* at *2. The only facts alleged against the non-diverse defendant there were that it had placed a sign "in furtherance of the 'debt collection' process upon the subject property." *Id.* (quoting the complaint). Here, Mr. Contreras has alleged in his long-form complaint (which was incorporated into the short-form complaint) and in his CPF that he bought Zantac and ranitidine from Kaiser, and that it gave him cancer. Considering all reasonable inferences and resolving all contested facts in his favor, Mr. Contreras might prevail at trial.

### III. Brand Defendant's should be sanctioned for frivolously removing Mr. Contreras's case.

Congress specifically authorized "requir[ing] payment of just costs . . . including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). It does not require a showing that Defendants' removal "was frivolous . . . or without foundation." *Id.* at 138-39. Indeed, Brand Defendants "lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. Apparently, Defendants filed a notice of removal based entirely on a misreading of Mr. Contreras's short-form complaint. Without that misreading, they have no argument for why removal is timely. And even leaving timeliness aside, their arguments based on the PPF are extremely thin and have no legal support. Again, there are no cases—anywhere—that allow removal where discovery is at a preliminary stage and early discovery reveals a factual dispute about an issue that all concede could have occurred as stated in the complaint.

Defendants' purported distinction between this case and *Wilson* underscores the point. In *Wilson*, "Plaintiff included allegations about the retailer defendant, Publix Super Markets, Inc., in his

6

complaint and claimed purchase at Publix in his interrogatory responses." Def. Opp. at 7. But here, the pleading similarly alleges claims against Kaiser, and the CPF names Kaiser. There have not even *been* interrogatory responses yet. For this all and the other reasons previously argued, fees are warranted.

## CONCLUSION

For the foregoing reasons, the Motion to Remand should be granted.

Dated: May 30, 2024                                             Respectfully submitted,


    */s/ Ashley Keller*
Ashley Keller
ack@kellerpostman.com
Noah Heinz
noah.heinz@kellerpostman.com
Benjamin Charlton
ben.charlton@kellerpostman.com
**KELLER POSTMAN LLC**
1101 Connecticut Avenue, N.W., Suite 1100
Washington, DC 20036
(202) 918-1123

*Attorneys for Plaintiff*

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 30, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

                                               */s/ Ashley Keller*
                                               Ashley Keller