UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)            MDL NO. 2924
PRODUCTS LIABILITY                20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO:**
*Campion v. GlaxoSmithKline LLC, et al.*, No. 9:24-cv-80265-RLR
*Cusick v. GlaxoSmithKline LLC, et al.*, No. 9:24-cv-80271-RLR
*Rascento v. GlaxoSmithKline LLC, et al.*, No. 9:24-cv-80264-RLR
*Rounds v. GlaxoSmithKline LLC, et al.*, No. 9:24-cv-80266-RLR

**RESPONSE TO MOTION TO REMAND CERTIFIED FEDERAL CASES**

DATED: June 6, 2024

Undersigned counsel files this response based on the Court's order at D.E. 7300. Individuals seeking to bring a claim occasionally retain more than one attorney to pursue the same claim. This is often called a "dual representation." Often, the client does not realize this has happened, or believes that the law firms are coordinating. That occurred here.

Undersigned counsel represent Plaintiffs in the actions listed above. Undersigned counsel—having authority to act as attorney for the clients—made the decision to certify the clients as a Certified Federal Participant under PTO 72. Another law firm—also believing it was acting for the client—made the decision to file in state court. Both were allowable options. To be clear, there is no allegation here that the client—or either law firm—engaged in strategic behavior. No one realized that the plaintiff was committing to contradictory paths, and no one sought to gain any unfair advantage.

Movants' counsel has suggested that "some other attorneys claimed to represent these Plaintiffs and falsely represented to this Court that these Plaintiffs consented to be certified federal participants." D.E. 7282 at 2. Undersigned counsel are those "other attorneys," and do not agree that anything remotely resembling a false representation was made to the Court. Counsel did not merely "claim" to represent "these Plaintiffs," counsel *did* represent these plaintiffs through a duly executed retainer.

As an example, Mr. David Rounds signed a retainer with Keller Lenkner LLC (now Keller Postman LLC) in July of 2021. The firm has no record of any request from Mr. Rounds to terminate this representation. Rather, after certifying Mr. Rounds as a federal participant, the firm filed a complaint and later filed a timely notice of appeal. *See* D.E. 7028 at 225.

Decedent Gaylon Cusick died on October 12, 2019. Plaintiff Cathy Williams, daughter of Decedent Gaylon Cusick, retained Wisner Baum in July 2020. Plaintiff Cathy Williams

1

subsequently retained Carey Danis & Lowe in September 2020.  Neither Wisner Baum nor Carey Danis & Lowe was aware that Plaintiff Cathy Williams had retained both law firms.  Carey Danis & Lowe submitted a CPF on November 30, 2020, and certified the case on June 30, 2022.  Wisner Baum filed an action on behalf of the family of Gaylon Cusick in Delaware state court on September 13, 2022.

Undersigned counsel never "falsely represented" that the affected client "consented" to certification, as nothing about the process of certification requires a representation of express client consent.  PTO 72 requires counsel, not the client, to tick a box on LMI.  PTO 72 itself makes clear that LMI is available to counsel "as a matter of course," but not individual clients.  PTO 72 at 10.  Ticking the box on LMI was a strategic litigation decision counsel had authority to make.  Counsel did so, believing (at the time) that it was in the best interests of the client.

The decision to certify pertained to where a suit would be filed (if it were filed), and which defendants would be named (if any).  Undersigned counsel agrees with Defendants that it was not a settlement decision or the dismissal of a filed claim.  This reasoning is reinforced by the many exceptions that would allow the claim to be renewed against the non-diverse defendants, including identifying new medical records, or "any other reason that the Court deems fair and equitable." PTO 72 at 5.  There was no final dismissal of any claim.  Counsel did not and does not believe that affirmative consent was required from clients before certifying them, as attorneys are ethically empowered to make strategic decisions about venue—in their professional judgment—on their clients' behalf.  The affected clients never affirmatively told undersigned counsel not to certify.

DATED: June 6, 2024                               Respectfully submitted,

| | |
|---|---|
| /s/ Andrew Cross | /s/ Ashley Keller |
| Andrew J. Cross | Ashley Keller |
| CAREY DANIS & LOWE | ack@kellerpostman.com |
| 8235 Forsyth Boulevard | Noah Heinz |
| Suite 1100 | noah.heinz@kellerpostman.com |
| St. Louis, MO 63105 | KELLER POSTMAN LLC |
| (314) 678-1067 (office) | 1101 Connecticut Avenue, N.W., |
| Email: across@careydanis.com | Suite 1100 |
| | Washington, DC 20036 |
| | Telephone: (202) 918-1123 |
| *Attorneys for Plaintiff Cathy Williams, as personal representative for the Estate of Gaylon Cusick, Deceased* | *Attorneys for Plaintiff David Rounds* |
| /s/ Fletch Trammell | /s/ David A. Neiman |
| Fletch Trammell | David A. Neiman |
| TRAMMELL PC | ROMANUCCI & BLANDIN, LLC |
| Texas State Bar No. 24042053 | 321 N. Clark Street |
| 3262 Westheimer, #423 | Suite 900 |
| Houston, TX 77098 | Chicago, IL 60654 |
| Telephone: (800) 405-1740 | Office: 312-253-8810 |
| Fax: (800) 532-0992 | Fax: 312-253-8811 |
| Email: fletch@trammellpc.com | Cell: 312-608-1000 |
| | Email: dneiman@rblaw.net |
| *Attorney for Plaintiff Frank Rascento* | *Attorney for Plaintiff Renee Campion, as personal representative for the Estate of William Campion, Deceased* |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

*/s/ Ashley C. Keller*
Ashley C. Keller