UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924 20-MD-2924 |

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO:**
*Rounds v. GlaxoSmithKline LLC, et al.*, No. 9:24-cv-80266-RLR

**NOTICE REGARDING REPRESENTATION AND MOTION FOR RELIEF**

DATED: July 5, 2024

The Court ordered undersigned counsel to file a substantive, ten-page response regarding relief from PTO 72. D.E. 7304. Undersigned counsel respectfully moves for relief from that order for two related reasons. First, undersigned counsel no longer represents Plaintiff David Rounds. Second, undersigned counsel's ethical obligations to Mr. Rounds precludes submission of a meaningful response.

In July of 2021, Mr. Rounds signed a retainer with Keller Lenkner LLC (now Keller Postman LLC). D.E. 7282 at 2. During the first round of briefing related to his motion to remand, Mr. Rounds had not terminated that engagement. However, on July 3, 2024, Mr. Rounds disengaged Keller Postman, stating: "This letter is to confirm that Moore Law Group, PLLC represents David Rounds in his claim against the manufacturers of Zantac and has since October 2020. Mr. Rounds has instructed Moore Law Group, PLLC to notify your firm that you do not represent Mr. Rounds and if any attorney-client relationship did exist it should be considered terminated." Ex. 1.

Like all clients, Mr. Rounds has an unfettered right to disengage counsel. He has exercised that right, making clear his intention to be represented exclusively by Moore Law. In view of Mr. Rounds' unambiguous intent, undersigned counsel should be excused from filing a response. First, counsel typically submit filings on behalf of party-clients to a proceeding. Undersigned counsel no longer represents any party seeking relief from PTO 72. Because no relevant attorney-client relationship exists, counsel should be excused from having to file a response, since counsel does not seek any relief on its own behalf and his been instructed to step aside by the only party with an interest in the motion to remand.

What's more, undersigned counsel has ethical concerns about filing any response that does anything more than repeat unaltered the competently made points that Moore Law has already

1

made on behalf of Mr. Rounds.  In Florida as in almost every jurisdiction, a lawyer's duties to his former client precludes using any information gleaned from the representation "to the disadvantage of the former client."  R. Regul. FL. Bar 4-1.9.  Mr. Rounds—undersigned counsel's former client—has made quite clear that he seeks relief from PTO 72. Anything undersigned counsel might write that departs from the arguments his current counsel has made could be seen as operating "to the disadvantage of" Mr. Rounds.  The Court should not put Keller Postman in that position, not least because Ms. Moore and defendants have competently and ethically defended their respective clients' positions.  The Court can thus be assured that it will be able to issue a decision with the benefit of full briefing and vigorous, zealous advocacy.   If the Court denies this motion, undersigned counsel respectfully requests any guidance the Court is willing to provide about the issues of fact or law that it wishes undersigned counsel to brief on behalf of no current client and consistent with its ethical obligations to a former client.

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

                                                       */s/ Ashley Keller*
                                                      Ashley Keller