# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) NO. 2924 PRODUCTS LIABILITY LITIGATION | MDL 20-MD-2924 |

**JUDGE ROBIN L. ROSENBERG**
**MAGISTRATE JUDGE BRUCE E. REINHART**

_____/

**THIS DOCUMENT RELATES TO:**

| | |
|---|---|
| Campion v. GlaxoSmithKline LLC, et al., | No. 9:24-cv-80265-RLR (S.D. Fla.) |
| Cusick v. GlaxoSmithKline LLC, et al., | No. 9:24-cv-80271-RLR (S.D. Fla.) |
| Rounds v. GlaxoSmithKline LLC, et al., | No. 9:24-cv-80266-RLR (S.D. Fla.) |

## MEMORANDUM REGARDING MOTION TO VACATE OR DECLINE TO ENFORCE PRETRIAL ORDER NO. 72 AND REMAND

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

I. Certifying Counsel Acted Appropriately ........................................................................ 3

II. The Court Should Grant the Motion ............................................................................... 5

    A. Plaintiffs' Certification Was Based on a Miscommunication, Which Would be Unjust to Rigidly Enforce .......................................................................................... 6

    B. Defendants Would Suffer No Prejudice from Granting the Motion ........................ 7

    C. Defendants' Arguments Allow Them an Unjust Advantage .................................... 9

# **TABLE OF AUTHORITIES**

**Cases** Page(s)

*Bajwa v. Prime Healthcare Servs.*,
   No. 2:21-cv-692-SPCK-CD, 2023 U.S. Dist. LEXIS 71179 (M.D. Fla.
   Apr. 24 2023) ........................................................................................................ 4

*Baker v. City of McKinney*,
   624 F. Supp. 3d 668 (E.D. Tex. 2022) ................................................................. 7

*Bennett v. Emerson Elec. Co.*,
   64 F. App'x 708 (10th Cir. 2003) ........................................................................ 6

*Coastal States Mktg., Inc. v. Hunt*,
   694 F.2d 1358 (5th Cir. 1983) ............................................................................. 5

*Comput. Assocs. Int'l, Inc. v. Am. Fundware, Inc.*,
   831 F. Supp. 1516 (D. Colo. 1993) ..................................................................... 8

*United States ex rel. Concilio De Salud Integral De Loíza, Inc. v. J.C.
   Remodeling, Inc.*,
   962 F.3d 34 (1st Cir. 2020) .............................................................................. 6, 8

*Davey v. Lockheed Martin Corp.*,
   301 F.3d 1204 (10th Cir. 2002) ........................................................................... 8

*Garvey v. Vaughn*,
   993 F.2d 776 (11th Cir. 1993) ............................................................................. 6

*Jacobs v. Agency Rent-A-Car, Inc.*,
   145 F.3d 1430 (11th Cir. 1998) ........................................................................... 8

*Manbeck v. Ostrowski*,
   384 F.2d 970 (D.C. Cir. 1967), *cert. denied*, *Ostrowski v. Manbeck*, 390
   U.S. 966 (1968) ................................................................................................... 6

*Maxum Indem. Co. v. Fun Zone Ent.*, LLC,
   No. 3:18-CV-477-J-34PDB, 2020 WL 3052092 (M.D. Fla. Feb. 5,
   2020) .................................................................................................................... 4

*Meaux Surface Prot., Inc. v. Fogleman*,
   607 F.3d 161 (5th Cir. 2010) ............................................................................... 6

*State ex rel. Pers. Fin. Co. v. Lewis*,
    140 Fla. 86 (1939) ............................................................................................................. 4

*Scott v. Spanjer Bros., Inc.*,
    298 F.2d 928 (2d Cir. 1962) .............................................................................................. 5

*Tesini v. Zawistowski*,
    479 So. 2d 775 (Fla. Dist. Ct. App. 1985) ........................................................................ 4

*Washington Hosp. Ctr. v. Cheeks*,
    394 F.2d 964 (D.C. Cir. 1968) .......................................................................................... 7

**Other Authorities**

6A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure
    § 1527.1 (3d ed.) ............................................................................................................... 6

Fed. R. Civ. P. 16 ................................................................................................................ 2, 5

3 Moore's Federal Practice § 16.78 (2024) ............................................................................. 7

# INTRODUCTION

The Court required specific law firms to file a response of at least ten pages addressing Plaintiffs' motion to vacate. *See* D.E. 7308. Undersigned counsel requested relief from that order, explaining that no attorney-client relationship now exists and that requiring briefing could implicate ethical concerns. D.E. 7314. The Court has not yet acted on that request. To avoid violating the Court's order requiring briefing counsel files this memorandum, which, as previewed in its request for relief, largely repeats arguments made by Rounds' chosen counsel to avoid undermining the interests of a former client.

In short, the motion to vacate should be granted for the reasons supplied by the motion. The above-captioned Plaintiffs used Zantac and developed cancer. Unfortunately, in bringing their claims, these Plaintiffs retained multiple law firms, none of which knew the other had been retained. Those different counsel unknowingly chose incompatible venues in which to file the case. Both venues—this Court, and the Delaware Superior Court—were allowable, and no one has suggested that either the Plaintiffs *or* any attorney acted intentionally to gain an unfair advantage by filing in both. Now, Defendants seek to gain an advantage, reasoning that since the choice of this venue was valid, therefore this Court's rulings apply. That argument ignores that the choice of Delaware was valid as well, and so they could equally well have argued for *that* court's rulings to apply had they wished to. The remedy for an inadvertent miscommunication cannot be that Defendants unilaterally choose which venue's rulings applies. That heads-I-win-tails-you-lose result is unjust and wholly out of proportion to what is, at most, a violation of a pre-trial order.

Courts have significant discretion to grant exemptions to, or vacate the terms of,

1

pretrial orders, especially where manifest injustice would result through their enforcement. Fed. R. Civ. P. 16. To do so here would be both consonant with the interests of claimants and current counsel, and appropriate under Rule 16(e)'s explicit allowing of the modification of pretrial orders to prevent "manifest injustice." *Id*. Because Mr. Rounds' chosen counsel opted to file in Delaware state court prior to any *Daubert* rulings, the now-disengaged counsel's certification under PTO 72 should be vacated. Doing so comports with notions of justice and ensures Mr. Rounds does not lose the chance to have his day in court.

## **BACKGROUND**

Movants, including Mr. Rounds, retained multiple law firms. One set—the "Moving Counsel"—filed their claims in Delaware. The other set—the "Certifying Counsel"—filed in this Court. It appears undisputed that Plaintiffs signed a retainer agreement with both moving and certifying counsel, and that each counsel was unaware of the other. Recently, the Plaintiffs have made clear that they wish to proceed in state court with the Moving Counsel. Nonetheless, this Court has required Certifying Counsel to provide briefing.

Before learning of the dual representation, Certifying Counsel certified the Plaintiffs as federal participants—that is, they ticked a box in an online system that indicated a commitment to file suit in federal court. But Moving Counsel made the opposite determination, filing in Delaware state court. Neither knew which forum would be more favorable. This difference in decisions was largely driven by litigation strategy, and the choice was made for many plaintiffs at once—that is, essentially all clients of the Moving

2

Counsel filed in Delaware, and essentially all clients of the Certifying Counsel filed in federal court (except residents of certain states and those with non-designated cancers). Neither firm had any tactical advantage in mind for these specific Plaintiffs, and neither firm was attempting to manipulate the outcome—indeed, it is undisputed that, had the dual representation come to light earlier, the firms would not have acted inconsistently in this way.

This Court denied motions to remand, and the Plaintiffs have now filed a motion to vacate pretrial order 72 for good cause. Certifying Counsel support the motion.

## ARGUMENT

I.  **Certifying Counsel Acted Appropriately.**

Though the motion at times refers to "unauthorized" action, this is a legal characterization rather than a factual claim. Each plaintiff signed a retainer agreement with Certifying Counsel, and for that reason any act within the attorney-client relationship is authorized. Attorneys are empowered to make litigation strategy and case management decisions on behalf of clients, and the affected clients never advised the firm not to certify. As the Rules Regulating the Florida Bar dictate, the allocation of authority between client and lawyer lacks a clear distinction, but "the lawyer should assume responsibility for technical and legal tactical issues." R. Regul. FL. Bar 4-1.2. On the other hand, lawyers may not, of course, unilaterally agree to settle or dismiss claims. *See generally* Restatement (Third) of the Law Governing Lawyers § 27 cmt. a (Am. L. Inst. 2000) (outlining limits on the apparent authority granted to attorneys). Florida allows counsel the "implied authority to try a case as his/her best judgment dictates." *Bajwa v. Prime Healthcare Servs.*, No.

3

2:21-cv-692-SPCK-CD, 2023 U.S. Dist. LEXIS 71179, at *3 (M.D. Fla. Apr. 24 2023) (collecting cases).[1]

Here, Certifying Counsel have already noted that the federal certification selection is an ordinary litigation decision pertaining to venue.  The Motion cites *Maxum Indemnity Company*, but that case did not involve a venue decision.  *Maxum Indem. Co. v. Fun Zone Ent.*, LLC, No. 3:18-CV-477-J-34PDB, 2020 WL 3052092, at *25 (M.D. Fla. Feb. 5, 2020), *report and recommendation adopted sub nom. Maxum Indem. Co. v. Shaw*, No. 3:18-CV-477-J-34PDB, 2020 WL 1547453 (M.D. Fla. Mar. 25, 2020).  There, counsel lacked the "clear and unequivocal authority" necessary to act on their client's behalf in signing a de facto settlement agreement.  *Id.*  The three joint stipulations in *Maxum Indemnity Company* emerged from confusion over ownership and indemnification in legal proceedings between a small number of plaintiffs and defendants.  *Id.* at *11-19.  The parties in *Maxum Indemnity Company* disputed each other's knowledge of the joint stipulations and whether parties explicitly rejected their approval.  *Id.* at *16.  Both parties contesting the settlement agreements, in fact, signed affidavits averring that they had *explicitly* cautioned their counsel against consenting to terms akin to those specified in the joint stipulations. *Id.* at *14-17.  Here, no Plaintiff told Certifying Counsel *not* to certify, and certifying the Plaintiffs as federal participants did not settle their claims.  It was therefore within Certifying Counsel's apparent authority.

---

[1] *See also*, *e.g.*, *Tesini v. Zawistowski*, 479 So. 2d 775, 776 (Fla. Dist. Ct. App. 1985) ("An attorney acting for his client within the scope of his authority binds his client."); *State ex rel. Pers. Fin. Co. v. Lewis*, 140 Fla. 86, 88 (1939) ("[I]n matters of procedure or practice which affect solely the conduct of a cause, an attorney may bind his client.").

## II. The Court Should Grant the Motion.

This court clearly has discretion to grant the motion. Even a final pretrial order held immediately before trial may be modified:

> (e) Final Pretrial Conference and Orders. The court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence. The conference must be held as close to the start of trial as is reasonable, and must be attended by at least one attorney who will conduct the trial for each party and by any unrepresented party. The court may modify the order issued after a final pretrial conference only to prevent manifest injustice.

Fed. R. Civ. P. 16(e). Courts have a *duty* to set aside such orders and stipulations when doing so is necessary to prevent injustice. *Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358 (5th Cir. 1983). Failing to do so would "make a strait-jacket out of a procedural reform" intended to aid the court's efforts. *Scott v. Spanjer Bros., Inc.*, 298 F.2d 928, 931 (2d Cir. 1962).

Here, there never was a "final pretrial conference" and PTO 72 was issued *years* before the first contemplated trial—much less Plaintiffs' trials in this case—and so the interests in finality protected by the "manifest injustice" standard of Rule 16(e) do not apply. Rather, the "good cause" standard from Rule 16(b)(4) applies, which provides that "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Modifying a pretrial order is commonly warranted where, as here, an issue arises that was not contemplated by the parties or the Court when the pretrial order was fashioned. *See* 6A Charles Alan Wright & Arthur R. Miller, Federal Practice &

5

Procedure § 1527.1 (3d ed.) (collecting instances where modification is appropriate).

### A. Plaintiffs' Certification Was Based on a Miscommunication, Which Would be Unjust to Rigidly Enforce.

Whether under the manifest injustice or good cause standard, there are ample grounds for granting the motion. Binding Plaintiffs to a pretrial order due to an inadvertent filing error would be unjust. Failure to consider Plaintiff's cases on the merits because of "mere technicalities" in the rules of procedure would result in a manifest injustice. *Garvey v. Vaughn*, 993 F.2d 776, 782 (11th Cir. 1993) (citing *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316 (1988). Specifically, pretrial orders may be freely modified when "warranted to prevent substantial injustice." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010); *United States ex rel. Concilio De Salud Integral De Loíza, Inc. v. J.C. Remodeling, Inc.*, 962 F.3d 34, 40 (1st Cir. 2020) (collecting cases). While a pretrial order "may be the beginning, it is never the end of a matter," and courts maintain discretion to modify those orders at trial where "the ends of justice implore" action. *Manbeck v. Ostrowski*, 384 F.2d 970, 975 (D.C. Cir. 1967), *cert. denied*, *Ostrowski v. Manbeck*, 390 U.S. 966 (1968).

As the Motion notes, MDL census registries are novel procedural devices, and no case law speaks directly to their enforcement. D.E. 7311 at 10. However, courts permit changes to pretrial orders where they are "supported by the evidence already in the record." *United States ex rel. Concilio De Salud Integral De Loíza, Inc.*, 962 F.3d at 41; *Bennett v. Emerson Elec. Co.*, 64 F. App'x 708, 718-19 (10th Cir. 2003) (affirming the amendment of a pretrial order based on evidence in discovery). In *Carroll v. Pfeffer*, for example, the

6

Eighth Circuit affirmed the modification of a final pretrial order to allow the defendant's substantive case to proceed, finding that doing so was "in the interests of fair play." 262 F.3d 847, 850 (8th Cir. 2001); 3 Moore's Federal Practice § 16.78 (2024) (noting validity of modifying pretrial orders to "avoid wasted litigation effort," citing to *Carroll*) (citations omitted).  The Court allowed this modification, despite the defendant's failure to file an answer or any affirmative defenses, to ensure parties had fair opportunity to present their cases if the case went to trial.  *Id.*; *see also Washington Hosp. Ctr. v. Cheeks*, 394 F.2d 964, 965-66 (D.C. Cir. 1968) (finding modification of pretrial order appropriate to allow another witness to be deposed, even after trial had concluded, in the interests of justice).  Courts are particularly willing to require "less than strict adherence" to pretrial orders where some omission was "based upon a misunderstanding." *Baker v. City of McKinney*, 624 F. Supp. 3d 668, 678 (E.D. Tex. 2022).  Because the issue here was also "based on a misunderstanding," this Court should exercise its discretion and determine which filing to credit.  *Id*. Here, the result of that miscommunication would be especially harsh.  Motion provides reason to believe that the Plaintiffs preferred to file in state court, and it would be unjust to block that option—and doom the Plaintiffs' cases—based on a miscommunication.

  **B.  Defendants Would Suffer No Prejudice from Granting the Motion.**

  Defendants are hardly prejudiced by Plaintiffs' error, since their actions would be not one iota different if four additional plaintiffs had not certified.  The same litigation of general causation would have occurred either way.  Here, vacatur would merely "preserve

7

the integrity and purpose" of the pretrial order, and remanding back to Delaware state court would provide for "sound judicial administration." *Jacobs v. Agency Rent-A-Car, Inc.*, 145 F.3d 1430, 1432 (11th Cir. 1998); *see also Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (finding the lower court had erred in denying amendment of pretrial order because no substantial prejudice would have come as a result); *Carroll*, 262 F.3d at 850 (affirming modification of pretrial order did not prejudice non-moving party, even where modification stopped the case from being dismissed). Modification is particularly appropriate "when the danger of surprise is small." *Comput. Assocs. Int'l, Inc. v. Am. Fundware, Inc.*, 831 F. Supp. 1516, 1526 (D. Colo. 1993). Substantial prejudice may arise where parties had knowledge of the reasons underlying the requested modification prior to the pretrial conference. *United States ex rel Concilio De Salud Integral De Loiza, Inc*., 926 F.3d at 40. Here, because of the inadvertent nature of the dual filings, no such knowledge was present.

There is no danger of prejudice nor of surprise in vacatur. Indeed, Plaintiff's Delaware state court claims have been pending for years. No substantial prejudice would arise from asking Defendants to defend cases filed long ago by Moving Counsel, as Defendants have long been given adequate notice of their existence. In *Hull v. Chevron U.S.A., Inc.*, for example, the Tenth Circuit found surprise in-fact lacking when a third-party Defendant introduced new arguments outside of the bounds of a pretrial order. 812 F.2d 584, 588 (10th Cir. 1987). The court rejected Defendants' arguments that surprise in-fact was met because, in the court's words, "while the pretrial order defines a lawsuit's boundaries," it does not provide for "total inflexibility." *Id*. at 587-88. Because the

8

Defendant was prepared to address the third-party Defendant's theory, no surprise or prejudice had arisen. *Id*. At 588. Here, Defendants have been provided adequate notice and have been given ample time to prepare for these cases. No "unfair surprise and consequent prejudice" would arise because Defendants had long been made aware of the Delaware state court cases. *Id*.

C. **Defendants' Arguments Allow Them an Unjust Advantage.**

The Court has discretion to prevent strategic behavior, and that points toward granting the motion. Here, there is no evidence that Plaintiffs were attempting to have it both ways—filing in two venues and hoping to remain in whichever venue allowed the claim. Rather, the filings were highly complex, and no one noticed.

Though Plaintiffs are unfortunate, but guileless, here the *Defendants* are seeking to have it both ways. They are not trying to argue that, as between the federal and state venue, the federal venue trumps. Rather, the argument appears to be merely that Certifying Counsel—in addition to Moving Counsel—had authority, and so could bind the Plaintiffs. And so, the argument goes, Plaintiffs are bound to file in federal court. This argument fails because it would allow Defendants to win *any time* a dual representation miscommunication occurred. Had this Court ruled favorably and the Delaware Court ruled unfavorably, Defendants could likewise have argued that the filing in Delaware was authorized, and so the Plaintiffs are bound to their loss in Delaware. Heads they win, tails Plaintiffs lose. The flaw in the argument is that merely stating that Certifying Counsel was authorized does not answer the question of which venue choice is controlling—after all, the Moving Counsel *also* was authorized, but the case should not be in both venues.

9

Because both venue options are valid and authorized, there must be a principled way to decide which controls.

In the absence of any attempt at manipulation, the just outcome is to defer to the Plaintiffs' choice of counsel, and choice of venue. Here, Plaintiffs have submitted sworn affidavits that Defendants have not controverted. Plaintiffs have chosen Moving Counsel over Certifying Counsel. And the affidavits suggest that this decision was always Plaintiffs' intention. Given that showing, there is good cause to relax the strictures of PTO 72, and doing so is the only way to avoid manifest injustice.

## **CONCLUSION**

The motion to vacate should be granted.

DATED: July 15, 2024                                    Respectfully submitted,

*/s/ Andrew Cross*                                      */s/ Ashley Keller*
Andrew J. Cross                                         Ashley Keller
CAREY DANIS & LOWE                                      ack@kellerpostman.com
8235 Forsyth Boulevard                                  Noah Heinz
Suite 1100                                              noah.heinz@kellerpostman.com
St. Louis, MO  63105                                    KELLER POSTMAN LLC
(314) 678-1067 (office)                                 1101 Connecticut Avenue, N.W.,
Email: across@careydanis.com                            Suite 1100
                                                        Washington, DC 20036
                                                        Telephone: (202) 918-1123

*Attorney for Plaintiff Cathy Williams, as*             *Former Attorneys for Mr. David Rounds*
*personal representative for the Estate of*
*Gaylon Cusick, Deceased*

10

*/s/ David A. Neiman*
David A. Neiman
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street
Suite 900
Chicago, IL 60654
Office: 312-253-8810
Fax: 312-253-8811
Cell: 312-608-1000
Email: dneiman@rblaw.net
*Attorney for Plaintiff Renee Campion, as personal representative for the Estate of William Campion, Deceased*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

> */s/ Ashley C. Keller*
> Ashley C. Keller