**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION**

**MDL DOCKET NO. 2924**

**Civil Action No. 9:20-MD-2924**

**JUDGE ROBIN L. ROSENBERG**
**MAGISTRATE JUDGE BRUCE REINHART**

_________________________________/

**THIS DOCUMENT RELATES TO:**
***Oldham v. Sanofi-Aventis US LLC et al.*, 9:24-cv-80433**

**BRAND DEFENDANTS' FOURTH CONSOLIDATED MOTION IN RESPONSE TO PTO 84**

## INTRODUCTION

Brand Defendants[1] respectfully request that this Court dismiss with prejudice the case of one additional plaintiff alleging a Non-Designated Cancer, *Oldham v. Sanofi-Aventis US LLC et al.*, 9:24-cv-80433, which was transferred to this Court on April 15, 2024. Plaintiff Ronnell Oldham (the "Post-PTO 81 Delinquent Plaintiff") failed to meet his obligation under Pretrial Order 81 ("PTO 81") to provide a Notice of Intent to Pursue a Non-Designated Cancer claim or a general causation report within the Court's designated timeframe.

## PROCEDURAL BACKGROUND

On February 14, 2023, this Court entered PTO 81 to address Non-Designated Cancer general causation procedures in this MDL. PTO 81 instructed each Plaintiff alleging a Non-Designated Cancer to file a notice of intent to produce expert reports on general causation by April 12, 2023. Additionally, the deadline for Non-Designated Cancer Plaintiffs to serve general causation expert reports was June 12, 2023.

Anticipating that Non-Designated Cancer claims might be filed in or transferred to the MDL after the entry of PTO 81, the Court clarified:

> [T]he requirements and deadlines established by this Order also apply to any future Plaintiff alleging a Non-Designated Cancer who files a complaint in this MDL after the date of this Order or who has his or her action transferred to this MDL after the date of this Order, except that the deadlines applicable to such Plaintiffs will be calculated based on the date of the filing of his or her complaint (e.g., a Plaintiff's deadline to disclose any Non-Designated Cancer that he or she intends to pursue with general causation experts shall be sixty days from the date of that Plaintiff's filing of his or her complaint), or in transferred cases either the date on which (a) the deadline to file a motion to remand expires, or (b) the Court enters an order on a motion to remand, whichever is applicable.

---

[1] Boehringer Ingelheim Pharmaceuticals, Inc., GlaxoSmithKline LLC, Pfizer Inc., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.

PTO 81 at 3. The Court further cautioned all Non-Designated Cancer Plaintiffs that failure to file a notice or serve an expert report by the applicable deadlines could result in the dismissal, with prejudice, of the Plaintiff's individual case. PTO 81 at 2. In addition, on August 21, 2023, the Court entered Pretrial Order 84 ("PTO 84"), which ordered Defendants to file a consolidated motion on the first business day of each month requesting relief based on Plaintiffs' non-compliance with their show cause obligations under PTO 81. *See* PTO 84, DE 6923

After the initial deadlines (i.e., the April 12 and June 12 deadlines applicable to Plaintiffs in the MDL as of February 14, 2023) passed, Defendants filed Motions to Dismiss those Delinquent Plaintiffs who failed to meet the deadlines. DE 6686; DE 6720; DE 6746. On July 14, 2023, the Court granted Defendants' motions and dismissed those Delinquent Plaintiffs with prejudice. DE 6766. On July 28, August 17, and October 2, 2023, as Delinquent Plaintiffs continued to miss applicable deadlines, Defendants filed motions to dismiss additional plaintiffs. DE 6800; DE 6905; DE 6981. On August 23, September 19, and October 20, 2023, the Court again granted Defendants' motions and dismissed the subject Delinquent Plaintiffs' claims with prejudice. DE 6932; DE 6965; DE 7012. The additional Post-PTO 81 Delinquent Plaintiff subject to this motion likewise failed to file a Notice of Intent and/or provide a general causation expert report by the applicable deadlines, and his complaint should be dismissed with prejudice.

## ARGUMENT

### DISMISSAL OF CLAIMS WITH PREJUDICE IS WARRANTED FOR A POST-PTO 81 DELINQUENT NON-DESIGNATED CANCER PLAINTIFF

Under Rule 41(b), a district court "may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Properties, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "The power to

invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Id.* (internal quotation marks omitted). "A district court need not tolerate defiance of reasonable orders." *Id.* at 1241. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Courts presiding over large, coordinated proceedings like this one require "greater discretion to organize, coordinate, and adjudicate [their] proceedings, including the dismissal of cases for failure to comply with [their] orders." *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007); *see also In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d 351, 358 (5th Cir. 2020). In addition, Federal Rule of Civil Procedure 16(f)(1) states that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Sanctions available under Rule 37(b)(2)(A)(ii)-(vii) include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "The same criteria is used for evaluating dismissals under Rules 41(b) and 16(f)." *Martins v. Royal Caribbean Cruises, Ltd.*, 429 F. Supp. 3d 1315, 1323 (S.D. Fla. 2019) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Just as the Court found dismissal with prejudice appropriate for the Delinquent Plaintiffs in DE 6766, DE 6932 and DE 6965, so too should this Post-PTO 81 Delinquent Plaintiff be dismissed for many of the same reasons. First, the Post-PTO 81 Delinquent Plaintiff elected not

to prosecute his case through his failure to file a notice of intent or provide an expert report in support of his claims. *See* DE 6766 at 6. Second, the Plaintiff's refusal to provide the evidence of general causation by a date certain amounts to a violation of the Court's Order. *See id.* Third, the Court's requirement to produce general causation evidence is necessary to avoid the congestion of its docket. *See id.* Fourth, the Plaintiff's refusal to produce evidence amounts to "defiance of reasonable orders." *See id.* (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009)). The Court has made it abundantly clear that non-compliance with PTO 81 would have dire consequences. The Post-PTO 81 Delinquent Plaintiff is identically situated as those previously dismissed with prejudice and should be subject to a similar outcome.

For these reasons, the Court should dismiss the Post-PTO 81 Delinquent Plaintiff's claims in their entirety, with prejudice, pursuant to Rules 41(b) and 16(f).

Respectfully submitted,

By: */s/ Anand Agneshwar*
Anand Agneshwar
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
anand.agneshwar@arnoldporter.com
*Attorney for Defendants Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.*

*/s/ Andrew T. Bayman*
Andrew T. Bayman
**KING & SPALDING LLP**

1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Tel: (404) 572-3583
Fax: (404) 572-5100
abayman@kslaw.com
*Attorney for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*

*/s/ Mark Cheffo*
Mark Cheffo
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10019
Tel: (212) 689-3500
Fax: (212) 689-3590
mark.cheffo@dechert.com
*Attorney for Defendant GlaxoSmithKline LLC*

*/s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
Tel: (202)-434-5000
Fax: (202)-434-5029
jpetrosinelli@wc.com
*Attorney for Defendant Pfizer Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of August, 2024, the foregoing Brand Defendants' Fourth Consolidated Motion in Response to PTO 84 was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

*/s/ Anand Agneshwar*
Anand Agneshwar