**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE:  ZANTAC (RANITIDINE)          MDL NO. 2924
PRODUCTS LIABILITY                        20-MD-2924
LITIGATION

                                                     **JUDGE ROBIN L. ROSENBERG**


_____/

**THIS DOCUMENT RELATES TO:**

*Frank Sardina v. GlaxoSmithKline, et al.*          9:24-cv-80985-RLR

---

**MOTION FOR LEAVE TO FILE A MOTION TO REMAND TO CALIFORNIA STATE COURT**

Plaintiff, Frank Sardina, by counsel, moves this Court for leave to file a Motion to Remand his case to California state court pursuant to Amended Pretrial Order #24.

## INTRODUCTION

Federal subject matter jurisdiction does not exist in this case.  As such, pursuant to Amended PTO 24, Plaintiff requests leave of this Court to file a Motion to Remand his case to the California state court coordinated proceeding in the County of Alameda ("JCCP No.5150").

Plaintiff, Frank Sardina, a California citizen and cancer victim, has asserted claims against Patheon Manufacturing Services, LLC, ("Patheon") a California citizen, in his Amended Short Form Complaint filed on May 28, 2024, in the Northern District of California as well as claims against GlaxoSmithKline, LLC ("GSK").  With the lack of diversity between Plaintiff and Patheon, this Court lacks jurisdiction over Plaintiff's case and therefore Plaintiff respectfully requests leave to file his Motion to Remand.

## FACTUAL BACKGROUND

Plaintiff alleges that his multi-year use of the drug Zantac and its generic form ranitidine caused him to develop prostate cancer.  Plaintiff filed his original Short Form Complaint ("SFC") in JCCP No. 5150 on April 11, 2024.  Unfortunately, his SFC contained inadvertent clerical errors that misstated his duration of usage and omitted his usage of over-the-counter ("OTC") Zantac. Because of the omission of OTC Zantac, the check box for the manufacturer of such drugs, Patheon, was inadvertently not checked.  GlaxoSmithKline, LLC ("GSK") seized upon these clerical errors as an opportunity to file a notice of removal.  Plaintiff's counsel immediately contacted GSK to explain the clerical errors and that an amended SFC would be filed.  GSK refused to stipulate to remand, despite doing so in other cases after clerical errors were discovered for other law firms.

On May 28, 2024, Plaintiff filed an amended SFC and corrected the clerical errors.  The

Amended SFC includes allegations of all the Plaintiff's Zantac/ranitidine use and names Patheon as a necessary party to the action, thus eliminating complete diversity among the parties. Patheon is a California citizen and Plaintiff is a California citizen, both facts GSK does not dispute.

Here, Plaintiff used ranitidine containing products from 2017 to 2020, obtaining the products initially over-the-counter and then by prescription during that period. GSK invented Zantac and brought it to market in 1983 and Patheon was involved in the manufacture of the over-the-counter product during the relevant 2017 to 2020 period. Both GSK and Patheon are proper parties, and GSK does not dispute this.

By exercising his right under Federal Rule of Civil Procedure 15 to amend his Complaint as a matter of course and correct the clerical errors, the Amended SFC obviates complete diversity among the parties and eliminates the alleged justification for removal pursuant to 28 U.S.C. § 1447(c). The provisions of 28 U.S.C. § 1447(e) allowing for rejection of the joinder of Patheon are not applicable given the facts at hand and precedent.

After GSK's removal, the Judicial Panel on Multi-District Litigation ("JPML") issued a Conditional Transfer Order ("CTO") for this case on May 23, 2024. The next week and before transfer, Plaintiff filed in the Northern District of California a Motion to Remand his case to the JCCP. Plaintiff then filed a Motion to Vacate the CTO in the JPML on June 17, 2024. While the transfer decision of the JPML was pending, the Northern District of California entered a two page order on July 17, 2024, that denied the motion to remand without analysis other than saying the Court denied joinder of Patheon. However, there was no motion pending to join Patheon; instead, Plaintiff had added Patheon as a necessary party by amending his SFC as a matter of course as permitted under the Civil Rules. The JPML addressed Plaintiff's Motion to Vacate the CTO and entered an order transferring this case to this Court on August 1, 2024. The case was subsequently

transferred into this Court from the Northern District of California on August 14, 2024.

On July 22, 2020, this Court entered Amended Pretrial Order # 24, amending the procedure for non-leadership counsel to file motions in the MDL. Consistent with that order, Plaintiff's counsel reached out to Plaintiffs' Co-Lead counsel and the Special Master before filing this motion.

## THE PROPOSED MOTION TO REMAND

Plaintiff seeks leave to remand his case as precedent in the Eleventh Circuit makes clear that the Court is obligated to resolve jurisdictional issues at, "the earliest possible stage in the proceedings" in light of the "fundamental constitutional precept of limited federal power." *American Civ. Liberties Union of Fla., Inc. v. City of Sarasota*, 893 F. 3d 1337, 1340 (11th Cir. 2017) (quoting *Univ. of S. Alabama v. Am. Tobacco Co.,* 168 F. 3d 405, 409-10 (11th Cir. 1999). In fact, the Eleventh Circuit went on to state that a district court's, "first task" is to determine whether it has original jurisdiction over the plaintiff's claims." *Id.*  Here, as this Court lacks jurisdiction, it should grant leave and resolve this jurisdictional dispute promptly.

Plaintiff is entitled to have this Court consider and evaluate his arguments on remand and the jurisdictional issues involved.  His motion to remand in the Northern District of California was denied without explanation of the analysis while the transfer of his case to this Court was pending before the JPML.  Allowing these issues to be fully addressed by this Court gives Plaintiff his opportunity to be fully heard especially given the Court lacks federal subject matter jurisdiction.

## CONCLUSION

For these reasons, Plaintiff respectfully requests leave to file a motion to remand his case to California state court.

Respectfully submitted,

/s/ Jennifer A. Moore
Jennifer A. Moore, Esq.
jennifer@moorelawgroup.com
**MOORE LAW GROUP, PLLC**
1473 South 4th Street
Louisville, KY  40208
Telephone: (502) 717-4080
Facsimile:  (502) 717-4086

*Counsel for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(3)

Pursuant to Local Rule 7.1(a)(3), undersigned Counsel on behalf of Plaintiff, conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

DATED:  August 29, 2024

/s/ Jennifer A. Moore
Jennifer A. Moore, Esq.
jennifer@moorelawgroup.com
**MOORE LAW GROUP, PLLC**
1473 South 4th Street
Louisville, KY  40208
Telephone: (502) 717-4080
Facsimile:  (502) 717-4086

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICEE

I hereby certify that on this 29th day of August, 2024, I filed the foregoing **MOTION FOR LEAVE TO FILE A MOTION TO REMAND TO CALIFORNIA STATE COURT** electronically through the CM/ECF system, which will send notice of filing to all CM/ECF participants.

Dated:  August 29, 2024

/s/ Jennifer A. Moore
Jennifer A. Moore, Esq.
jennifer@moorelawgroup.com
**MOORE LAW GROUP, PLLC**
1473 South 4th Street
Louisville, KY  40208
Telephone: (502) 717-4080
Facsimile:  (502) 717-4086

*Counsel for Plaintiff*

6