UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2924<br><br>Civil Action No. 9:20-MD-2924<br><br>JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE REINHART |

_____/

**THIS DOCUMENT RELATES TO:**
*Garretson v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, 9:24-cv-80909-RLR

**BRAND DEFENDANTS' FIFTH CONSOLIDATED MOTION
IN RESPONSE TO PTO 84**

**INTRODUCTION**

Brand Defendants[1] respectfully request that this Court dismiss with prejudice the case of one additional plaintiff alleging a Designated Cancer, *Garretson v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, 9:24-cv-80909-RLR, which was transferred to this Court after May 5, 2023. Plaintiff Richard Garretson (the "Post-PTO 83 Delinquent Designated Cancer Plaintiff" or "Plaintiff") failed to meet his obligation under Pretrial Order 83 ("PTO 83") to show cause why summary judgment should not be entered in his individual case within two weeks of the date his case was filed or transferred to this Court.

**PROCEDURAL BACKGROUND**

On May 15, 2023, the Court entered summary judgment in favor of Defendants named in every personal injury Designated Cancer case that was filed in this MDL before May 5, 2023. *See* DE 6622. On May 30, 2023, this Court entered PTO 83 requiring all Plaintiffs who file personal injury Designated Cancer cases on or after May 5, 2023 to show cause why summary judgment should not be entered in their individual cases within "two weeks from the day their case is consolidated into this MDL, two weeks from the day Plaintiffs on appeal are remanded back to this Court, or two weeks from the date of this Order, whichever is later." *See* PTO 83 at 1-2, DE 6642.

On August 21, 2023, the Court entered Pretrial Order 84 ("PTO 84"), which ordered Defendants to file a consolidated motion on the first business day of each month requesting relief based on Plaintiffs' non-compliance with their show cause obligations under PTO 83. *See* PTO 84, DE 6923. Defendants have identified one additional Designated Cancer case that has not

---

[1] Boehringer Ingelheim Pharmaceuticals, Inc., GlaxoSmithKline LLC, Pfizer Inc., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.

1

shown cause by the respective deadline.  Plaintiff's case was initially filed in the Circuit Court for Cook County, Illinois.  The case was removed to the Northern District of Illinois on June 6, 2024, and then transferred to this Court by the Judicial Panel on Multidistrict Litigation on June 24, 2024.  *See* Conditional Transfer Order 127 at 1, DE 7309.  The case was docketed in this MDL on July 26, 2024.  *See Garretson v. Boehringer Ingelheim Pharmaceuticals, Inc. et al*, 9:24-cv-80909-RLR, DE 22.  Pursuant to PTO 83, Plaintiff had until August 9, 2024 to show cause why summary judgment should not be entered in his individual case.  *See* PTO 83 at 1-2, DE 6642.  Plaintiff failed to show cause by this deadline and thus failed to comply with PTO 83.

## ARGUMENT

**I.   DISMISSAL OF CLAIMS WITH PREJUDICE IS WARRANTED FOR A POST-PTO 83 DELINQUENT DESIGNATED CANCER PLAINTIFF**

Under Rule 41(b), a district court "may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."  *Equity Lifestyle Properties, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court."  *Id.* (internal quotation marks omitted).  "A district court need not tolerate defiance of reasonable orders."  *Id.* at 1241.  "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Courts presiding over large, coordinated proceedings like this one require "greater discretion to organize, coordinate, and adjudicate [their] proceedings, including the dismissal of cases for failure to comply with [their] orders."  *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007); *see also In re Phenylpropanolamine (PPA)*

2

*Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d 351, 358 (5th Cir. 2020). In addition, Federal Rule of Civil Procedure 16(f)(1) states that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Sanctions available under Rule 37(b)(2)(A)(ii)-(vii) include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "The same criteria is used for evaluating dismissals under Rules 41(b) and 16(f)." *Martins v. Royal Caribbean Cruises, Ltd.*, 429 F. Supp. 3d 1315, 1323 (S.D. Fla. 2019) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Just as the Court found dismissal with prejudice appropriate for the Designated Cancer cases where Plaintiffs did not comply with their filing obligations as set forth in PTO 83, this Court should also dismiss with prejudice this Post-PTO 83 Delinquent Designated Cancer Plaintiff for his failure to comply with the show cause obligation and deadline as set forth in PTO 83. *See* DE 6970.

The record demonstrates that this Post-PTO 83 Delinquent Designated Cancer Plaintiff failed to prosecute his claims in this action and failed to timely comply with the Court's clear Order. Therefore, Brand Defendants respectfully request that the Court dismiss this Post-PTO 83 Delinquent Designated Cancer Plaintiff's claims in their entirety with prejudice.

Respectfully submitted,

By:   */s/ Anand Agneshwar*
     Anand Agneshwar
     **ARNOLD & PORTER**
     **KAYE SCHOLER LLP**
     250 West 55th Street
     New York, NY 10019
     Tel: (212) 836-8000
     Fax: (212) 836-8689
     anand.agneshwar@arnoldporter.com
     *Attorney for Defendants Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.*

     */s/ Andrew T. Bayman*
     Andrew T. Bayman
     **KING & SPALDING LLP**
     1180 Peachtree Street, NE, Suite 1600
     Atlanta, Georgia 30309
     Tel: (404) 572-3583
     Fax: (404) 572-5100
     abayman@kslaw.com
     *Attorney for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*

     */s/ Mark Cheffo*
     Mark Cheffo
     **DECHERT LLP**
     Three Bryant Park
     1095 Avenue of the Americas
     New York, NY 10019
     Tel: (212) 689-3500
     Fax: (212) 689-3590
     mark.cheffo@dechert.com
     *Attorney for Defendant GlaxoSmithKline LLC*

     */s/ Joseph G. Petrosinelli*
     Joseph G. Petrosinelli
     **WILLIAMS & CONNOLLY LLP**
     680 Maine Avenue SW
     Washington, DC 20024
     Tel: (202)-434-5000
     Fax: (202)-434-5029
     jpetrosinelli@wc.com

*Attorney for Defendant Pfizer Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September, 2024, the foregoing Brand Defendants' Fifth Consolidated Motion in Response to PTO 84 was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

/s/ *Anand Agneshwar*
Anand Agneshwar