LONNIE LEE POSLOF JR.
CDCR# BE-0659
P.O. BOX 1050
SOLEDAD, CA. 93960
(PRO-SE)

FILED BY_____ AP_____ D.C.

**Oct 8, 2024**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## THE UNITED STATES DISTRICT COURT
## THE SOUTHERN DISTRICT OF FLORIDA

LONNIE LEE POSLOF JR., CDCR# BE-0659, )
**PLAINTIFF,** )
                            )
            **vs.** )
IN RE ZANTAC PRODUCTS LIABILITY )
LITIGATION, )
**DEFENDANT(S).** )
———————————————————— )
                            )

CASE NO. 9:20-md-02924-RLR
  "JUDICIAL NOTICE, FED.R.EVID. 301"
PLAINTIFF LONNIE LEE POSLOF JR.'S
MOTION FOR RECONSIDERATION OF DECISION AND
MOTION FOR CERTIFICATION OF APPEALABILITY
[28 U.S.C. §1291][FRCP RULES 60(b), 60(d)]
DATE:_____
TIME:_____
JUDGE:_____

TO: THE ABOVE-ENTITLED HONORABLE COURT AND ALL PARTIES THERETO:

       **PLEASE TAKE JUDICIAL NOTICE,** that as soon as this motion may be heard in the above-entitled Court, the Plaintiff, Lonnie Lee Poslof Jr., CDCR# BE-0659, proceeding as Propria Persona, Sui Juris, and respectfully moves this Honorable Court on his instant Notice and Motion For Judicial Notice, Reconsideration of Decision, and Certification of Appealability, pursuant to 28 U.S.C. §1291, and Federal Rules of Evidence Code 301.

       1. Final judgment and/or decision rule, "In general, appeal may be taken only from a final judgment or order disposing of all claims against all parties, and briefing for leaving nothing for the District Court to do byut execute the judgment."

       2. The Supreme Court, or any other court of appellate jurisdiciton may affirm, modify, vacate, set aside or reverse any judgment decree or court order lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, order, or require such further proceedings to be had as may be just under the circumstances.

       3. The Southern Districty of Florida Court in case for IN RE ZANTAC (RANOITIDINE) PRODUCTS LIABILITY LITIGATION, No. 9:20-md- 02924-RLR, is wrought with mis-applications of

and abuse of discretion and "Clear Error", and inviolate of the 14th Amendment Due Process and has resulted in Manifest Injustices prejudicial to Mr. Poslof with viuolation of the Doctrine of Stare Decisis.  See, **Auto Equity Sales Inc., v. Superior Court(1962)** 57 Cal.2d 450; **People v. Knoller** (2017) 41 Cal.4th 139, 156; also see, **People v. Downy,** (2000) 82 Cal. App.4th 899, 912, "An abuse of discretion arises if the trial Court based it's decision on impermissible factors or on an erroneous legal standard..."

4. Mr. Poslof herein states that the Judgment Appealed are procured  in error or mis-application his complaint before the coprt, resulting in a "Miscarriage of Justice." Cal.Const. Art. VI, 13 48, Code Civ.Proc. 475, **Pool v. City of Oakland(1986)** 42 Cal.3d 1051, 1069.

## JURISDICTIONAL STATEMENTS

This Court has jurisdicion to heqar this case pursuant to 28 U.S.C. §1651. "The Supreme Court and all Courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdicitons and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Venue is proper in the U.S. Court of Appeals for The Ninth Circuit as the subject District Court (Southern District of Florida) or that Mr. Poslof is a residnet of California proceeding as Pro-Se, sui juris, is within the Ninth Circuit of the federal judicial system.

## STATEMENT OF FACTS

1. Honorable Magistrate or Judge Robin L. Rosenberg, of the Southern District of Florida had ordered the compl;aint to be dismissed due to being misconstrued as a MOTION TO INTERVENE when in fact it was an actual complaint, which is why that there was tyo formums useed so that the Court would file his complaint, as either an interpleader or as independent complaint. for some reason the judge dismissed his complaint without allowing him to be heard or have his opportunity to seek relief for the caused damages made by the defendant's products. Also, the clerk has also failed to follow the instructions that were included within the filings, due to the ongoing issues with the staff here at Salinas Valley State Prison are making it almost impossibl;e to litigate any action, by the constant denials of materials and photocopies. So, the clerk was asked to file and return his complaint for it was the only copy he had.

Judge Robin L. Rosenberg clearly erroneously denied Mr. Poslof's complaint (Pro Se Application) under 28 U.S.C. §§ 2202 and 2201, Mr. Poslof is a styate prisoner of the State of California Department of Corrections and Rehabilitations, and has no way to research the status of any case to date, only if it has been appealed, through LEXISNEXIS. And, due to the nature of his claims and proceeding as propria persona, sui juris, or pro hac vice, he must be given the opportunity to correct any defincies and/or errors in his pleadings, under Rule 15 of the Federal Rules of Civil Procedure. Importantly, the Honorable Judge Robin L. Rosenberg clearly and unequivocally found that Mr. Poslof had fulfilled or failed to meet the requirements of Pretrial Orders made in the MDL of this action, howeverm, the fact is that Mr. Poslof was not aware of the PTO 84, and he is now so, but there must be some latitude given the fact he is without remedy, by the denial of his complaint, when the Court has the authority to allow any party to amend or supplement their pleadings;

2.After submitting the complaint by Mr. Poslof, the court immediately dismissed his complaint without even a hearing, or even given instructions to coreect the errors if any. It makes no sense to not allow a plaintiff an opportunity to amend his complaint prior to making a ruling that adversew or agianst the applying party. However, the United States Supreme Court developed the "Constitutional Fact Doctrine" ("CFD") during the first centry and it represents a significant depature from the usual practice. Under that doctrine, appellate courts may exercise de novo review of 'factual issues' when they are vital to the disposition of cases involving constitutional rights. **Bose Corp. v. Consumers Union of the U.S. inc,** 466 U.S. 485, 505 (1984)(holding that the Court must apply independent review in determining whether the evidence in a deframation caSE satisfies the "actual malice" standard..); **Chamber v. Florida,** 309 U.S. 227, 2280- 229(1940). The doctrine is of particular interest because it implicates both the protection of constitutional rights and the allocation for power among different judicial decision makers.

3. In itslef, there is nothing exceptional about the Court showing greater solicitude for some classes of rights than others. Indeed, contemporary constitutional jurisprudence ie deeply hiearchical, in the sense that a number of vital doctrines treat rights differently

based on the relative importance assigned to various categories of rights claims.  To
underscore the problemactic nature of the Court's failure to justify the CFD, let us now
engage in a brief counterfactual thought. Suppose that in early opinions developing the striict
scrutiny test, the Court indicated that it would apply strict scrutiny review in all
constitutional rights cases. However, in this imagined scenario the Court begaqns applying the
strict scrutiny test selectively only in a subset of constitutional casaes, while offering
virtually no explaination of this differential treatment. Presumably, such a situation would
have generated a great deal of controversy and many observers--quite rightly--would have
deemed it intolerable. See, **The Wandering Doctrin of Constitutoinal Law Fact**, 59 Ariz. L. Rev.
289 (2017)....As here, the Court rules in the faqor of the defendant wihtout procuring the
defendant to respond to the complaint filed against them by Mr. Poslof. No knowing the original
class-actions bewing dismissed or summary of judgment in their favor, doe s not apply here, due
to the fact the complaint was also filed afterwards, and if it were incorrectly pleaded then
~~then~~ the Court shall instruct the PRO SE litigate to amend, correct, or supplement those
pleadings so that he may present his case for review in the proper jurisdicion, if Mr. poslof
would have known that the class was dismissed he would have fil.ed in the Northern District
of California, and not in the Southern District of Florida. Ansd the Court had the discretion
and/or duty to protect all parties best interestds by transferring Mr. Poslof's complaint to
the appropriate jurisdiciton. Not just outright deny him of his due process to a hearing
and to present his evidence to support his claims.

4. The practice of Courts subjecting certain issues of fact to a heightened form of
review dates at least to the seventeenth century in English Common Law. **Hampton, Supra,**
note 15, at 378; **William C./ Whitford, The Role of the Jury (and the Fact/law distinction)**
2001 Wisc. L. Rev. 931, 932-33(2002) Reoted concerns about containing the reach of royal
authority, judges reviewed executive actions, to ~~assets~~ assess whether they rtested on a
proper jurisdictional basis., Id.

5. As here, the defendant's violating Mr. Poslof's constitutional rights in so many
ways, buyt for starters, for their failures to warn their consumers of the risks of their
P

poroducts containing the carcinogeniss and the related problems when taken. Again, the issue is not whether the defendant's violating Mr. Poslof's constitutional rights, the also broke the law, such as California Safe Drinking Water Enforcement Act of 1996, under California Health & Safety Code §§ 25249.5, 25249.6, and owes Mr. Poslof for civil penalties under the section 25249.7(b), along with punitive damages and other injuries caused by their products. Mr. Poslof was under the impression that he was required to fime first in the original jurisdiciotn of this Court, and therefore he submitted an actual complaint not a motion. The Honorable Judge Robin L. Rosenberg of the Southern District of Florida Federal Court, had misconstrued his complaint as a motion, and without procuring his defendant's response to his complaint. And ultimately denial of Mr. Poslof's constitutional rights to Due Process of Law and his right to hear and be heard in this matter. Regardless, of the original prcoeedings being dismissed or "summary of Judgment" they were not produced to Mr. Poslf and his submitted complaint, the defendant's must answer to his complaint filed and given a hearing for all evidence and testimony to be presented to this Court.

6. Mr. Poslof asks that hts the Court please reconsider it's decision and/or permit him to appeal to the Court of Appeals in the Ninth Circuit for determinations of his violated constitutional rights and ultimately remand this action back to this court for hearing. The U.S. Supreme Court stated that due process mandates that he or she is entitled to adequate Notice, a Hearing and a neutral judge. Mr. Poslof has been denioed and deprived these most fundamental rights that are subject to review, the rights that are "implicit in the concept of ordered liberty." **Palko v. Connectcuit**, 302 U.S. 319(1937); **Mathews v. Eldridge**, 424 U.S. 319, 335(1976), an individual's rights to some kind of hearing (The Right To Support His Allegations By Arguments However Brief and If Need be By Proof However Informal...) See, **Baldwin v. Missouri**, 281 U.S. 586, 595(1930)

> "persons holding interests protected by the due process clause are entitled to, 'some kind of hearing'...that assessment is to be made both concretely, and in a holistic manner. It is not a matter of approving this or that particular element of procedural matrix in isolation, but of assessing the suitibility of the ensemble in context.."

7. Also the Supreme Court has ruled and has affirmed the principle that "justice must satisfy the appearance of justice...See, **Levine v. United States**, 362 U.S. 610(1960); **Taylor**

**v. O'Grady,** 888 F.2d 1189(7th Cir. 1989)

8. Judge Robin L. Rosenberg does not have the discretion not to disqualify herself. By law, she is bound to follow the law. Should a judge not disqualify herself as required by law, then the judge has given another example of her "appearnance of partiality" which possibly further disqualifies this judge. Judge Robin L. Rosenberg shall disqualify herself freom Mr. Poslof's case for she has non-partiality to the merits of his complaint, and has violated his constitutonal due process rights. Yes, the complaint was defective on its face, but not in the body ~~wthat~~ of the complaint. Due Process Clause of The U.S. Constitution, **United States v. Scuto,** 521 F.2d 842, 845(7th Cir. 1996)("the right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause") Judge Robin L. Rosenberg ordered the dismissal of Mr. Poslof's complaint as "Request For Intervention in The Class Action" See, Document Number 7345 dated 9/20/2024.

9. The Supreme Court sugtgested In **Stump** that a clear lack of subject matter jurisdiciton will subject a judge to liability. Judge Rosenberg has taken actions that prevent appeal, and doing such has impaired Mr. Poslof's due process of law. when he not afforded the ability to amend the pleadings to correct the cover page to reflect as "COMPLAINT FOR DECLARATORY RELIEF AND JURY TRIAL" pursuant to 28 U.S.C. §§ 2202, and 2201, is denying him his right to appeal and to receive remedy for his damahges caused byu the defendant's. If the fact remains if Mr.Poslof is unable to join the class then he wants to proceed with his individual claims and arguments. Judge Rosenberg is subject to the same due process requirements and is prohibited from breaking the law, and cause unjust injury to people under her jurisdiciton. **Harlow v. Fitzgerald,** 457 U.S. 800(1982) The dismissal's of Mr. Poslof's and others like **Garrehson v. Boehringer Ingelheim, 9:24-CV-80909,** without adjudicating on the merits of the caase, "would have potentially have far-reaching consequences" such as denial of the right to a fair jury trial and due process of law.

10, THEREFORE, this Court must void Judge Rosenberg's Orders and Judgments of 9/20/2024 Pursuant to FRCP Rule 60(b), 60(d) where compelling circumstances exist, as well as Judge Rosenberg's Orders and Judgments made in IN RE ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION, 9:20-MD-02924-RLR made in error.

## VERIFICATION

I, Lonnie Lee Poslof Jr., CDCR# BE-0659, declare the I have read each and every statement above and herein, and they are to my accepted and approved thereof, I declare under the penalty of perjury under the Laws of Both States of California and Florida, that the aforementioned above is true and accurate to the best of my knowledge.

Executed on this 1st day of October, 2024, in the County of Monteerey, California.

Respectfully Submitted,

DATED: 10/1/2024

_____
LONNIE LEE POSLOF JR.--PLAINTIFF/DECLARANT

///
/////

## PROOF OF SERVICE BY PRISONER

I DECLARE THAT I AM OVER THE AGE OF (18) YEARS, AND I AM A COMPETENT PERSON AND HEREBY DECLARE THAT I ENCLOSED THE FOLLOWING DOCUMENTS:

1. NOTICE OF APPEAL AND 2. JUDICIAL NOTICE AND MOTION FOR RECONSIDERATION

I ENCLOSED THEM INTO A FULLY PREPAID ENVELOPE ADDRESSED TO THE SOUTHERN DISTRICT OF FLORIDA COURT:  400 NORTH MIAMI AVENUE, MIAMI, FLORIDA, 33128-7716, INTO THE PRISON'S INSTITUTOINAL MAIL BOX ON THIS 1ST DAY OF OCTOBER, 2024.

I DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE STATES OF CALIFORNIA AND FLORIDA, THAT THE FOREGOING IS TRUE AND CORRECT.

Respectfully Submitted,

_____
LONNIE LEE POSLOF JR.,--DECLARANT

//
///



L. Poslof Jr. #BE0659
SVSP  D9 129
P.O. Box 1050
Soledad, CA 93960

Legal
Mail

MDL

United States District Court
Southern District of Florida
400 North Miami Ave
Miami, Florida 33128

US POSTAGE FROM PITNEY BOWES
ZIP 93960
02 1W
0001393392 OCT 02 2024
$ 000.97⁰

33129$1801 C075

